HON. JOHN C. COUGHENOUR

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

Wolfire Games, LLC, Sean Colvin, Susann Davis, Daniel Escobar, William Herbert, Ryan Lally, Hope Marchionda, Everett Stephens, individually and on behalf of all others similarly situated,

                Plaintiffs,

      v.

Valve Corporation,

                Defendant.

Case No. 2:21-cv-00563-JCC

**DECLARATION OF KENNETH J. RUBIN**

NOTED FOR MOTION CALENDAR: August 13, 2021

I, Kenneth J. Rubin, declare:

1.     I am a partner at Vorys, Sater, Seymour and Pease LLP ("Vorys") and serve as lead counsel for Plaintiffs Sean Colvin, Susann Davis, Ryan Lally, Hope Marchionda, and Everett Stephens ("Consumer Plaintiffs") in the case captioned *Wolfire Games, LLC, et al. v. Valve Corp.*, Case No. 2:21-cv-00563-JCC.  Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") and Constantine Cannon LLP ("Constantine Cannon") serve as lead counsel for Plaintiffs Daniel Escobar, William Herbert, and Wolfire Games, LLC ("Wolfire").  Wolfire, together with the Consumer Plaintiffs, are referred to herein as the "*Wolfire* Plaintiffs" or "Plaintiffs."

2.      I respectfully submit this declaration in support of the *Wolfire* Plaintiffs' Application to appoint Vorys, Quinn Emanuel, and Constantine Cannon as interim co-lead class counsel ("Proposed Co-Lead Class Counsel").  I have been actively involved in this action, am familiar with the proceedings, and have personal knowledge of the matters stated herein.

## VORYS' QUALIFICATIONS AND EXPERIENCE

3.      Vorys, Sater, Seymour and Pease LLP provides business and legal counsel to clients throughout the United States and around the world.  Since its founding in 1909, Vorys has grown into one of the largest law firms in the country, with nearly 375 attorneys who are located in eight offices in Ohio, Washington, D.C., Texas, Pennsylvania and California.  Vorys represents thousands of clients, who range from start-up businesses to Fortune 500 corporations, from non-profit organizations to governmental entities and industry trade groups, and from individuals needing estate planning advice to defendants embroiled in sprawling, multi-state class action litigation.  Vorys offers each of those clients - large and small - an unflagging commitment to excellent legal representation and outstanding client service.

4.      Diversity is a core value at Vorys.  Vorys' commitment to diversity has created an atmosphere in which people thrive and are encouraged to use their different talents, perspectives, backgrounds, and experiences to serve our clients.  Likewise, Vorys believes that through its commitment to diversity, we better serve the communities in which we live and work.  Since 2008, Vorys has been recognized as one of the top gay-friendly workplaces in central Ohio on the Human Rights Campaign's Corporate Equality Index.  Vorys earned the WILEF Gold Standard Certification for the first time in 2019 and since in both 2020 and 2021.  Vorys is one of only 48 law firms across the United States to have earned the WILEF Gold Standard Certification designation.

5.      Particularly relevant to this case, Vorys is a leader in litigation, including both antitrust and class-action cases like this one.  In connection with its litigation work, Vorys has obtained hundreds of millions of dollars in settlements and trial verdicts for thousands of plaintiffs over the years.

## THE VORYS TEAM IN THIS CASE

6.      I lead the *Wolfire* Plaintiffs' case along with my partners Timothy B. McGranor and Thomas N. McCormick, and our co-counsel at Quinn Emanuel and Constantine Cannon.  Below, I provide biographies summarizing some of our relevant experience.

7.      **Kenneth J. Rubin**:  I am a partner with the Vorys' Columbus, Ohio office.  I am a member of the Litigation Group and am the Chair of the Antitrust Subgroup.  I have tried numerous cases, including as first chair at trial in federal district court in a case regarding commercial litigation and competition issues.  I was co-lead counsel for plaintiffs in a multi-plaintiff commercial fraud case against a national insurance company in which the jury returned a verdict in our clients' favor. I have represented litigants in several class-action cases, and I have also achieved substantial class-action settlements on behalf of class members in two cases.  I was named an Ohio Super Lawyers Rising Stars, Antitrust Litigation, in 2016.  I have been a member of the American Bar Association ("ABA"), and previously served as a vice chair on the ABA's Antitrust Law Section's Book and Treatises committee. I also served as the assistant to the chair of the section, who is also a Vorys partner. Additionally, I was a member of the Ohio State Bar Association's Antitrust Section Council. I am a *summa cum laude* graduate of The Ohio State University, Michael E. Moritz College of Law where I was also a member of the Order of the Coif.  I previously served as a law clerk to the Honorable James G. Carr, then Chief Judge of the United States District Court for the Northern District of Ohio and to the Honorable R. Guy Cole, Jr. of the United States Court of Appeals for the Sixth Circuit.  I am admitted to practice in the United States Supreme Court, U.S. Court of Appeals

for the Second Circuit, U.S. Court of Appeals for the Sixth Circuit, U.S. District Court for the Northern District of Indiana, U.S. District Court for the Northern District of Ohio, U.S. District Court for the Southern District of Ohio, and the State of Ohio.  Attached hereto as **Exhibit A** is a true and correct copy of my attorney profile, as the webpage appears on the Vorys website.  My representative experience includes:

a. ***Henry's Bullfrog Bees, et al. v. Sunland Trading, Inc. et al.*, Case No. 2:21-CV-00582-TLN-CKD, E.D. Cal.** (I currently serve as antitrust counsel to Dutch Gold Honey, Inc. defending a putative class action alleging federal and California antitrust violations, in addition to fraud and RICO claims.);

b. ***Thompson v. 1-800 Contacts, Inc., et al.,* Case No. 2:16-cv-01183, D. Utah (**I previously served as co-lead counsel for Luxottica defending a class action alleging federal antitrust violations related to allegations of keyword bidding on online advertisement and search platforms.  That case was settled without any acknowledgement of liability by Luxottica.);

c. ***Certified Windshield, LLC, individual and as assignee of Bryan Eckley v. Geico Indemnity Company*, Case No. 17-CA-008686, Thirteenth Judicial Circuit, Hillsborough County, Florida** (I am currently serving as antitrust counsel to a national auto glass repair and replacement provider responsible for oral arguments and motions practices opposing price fixing and monopolization claims brought under Florida state antitrust law.);

d. ***Certified Windshield, LLC, individual and as assignee of Teri Stanton v. Geico Indemnity Company and Safelite Solutions, LLC*, Case No. 18-CA-008249, Thirteenth Judicial Circuit, Hillsborough County, Florida** (I am currently serving as antitrust counsel to a national auto glass repair and replacement

provider responsible for oral arguments and motions practices opposing price fixing and monopolization claims brought under Florida state antitrust law.);

e. ***Certified Windshield, LLC, individual and as assignee of Lourdes Gonzalez v. Geico Indemnity Company and Safelite Solutions, LLC*, Case No. 18-CA-008410, Thirteenth Judicial Circuit, Hillsborough County, Florida** (I am currently serving as antitrust counsel to a national auto glass repair and replacement provider responsible for oral arguments and motions practices opposing price fixing and monopolization claims brought under Florida state antitrust law.);

f. ***In re Fresh & Process Potatoes Antitrust Litig.*, Case No. Case No. 4:10–MD–2186–BLW, D. Idaho** (I previously served as counsel to Idahoan Potatoes defending a class action alleging federal antitrust violations related to allegations of price fixing and output restrictions.  That case was settled without any acknowledgement of liability by Idahoan.);

g. ***FTC v. Promedica,* Case No. 3:11-cv-00047-DAK, N.D. Ohio  (**I previously served as lead counsel to the University of Toledo Medical Center as a third party intervenor in an action brought by the Federal Trade Commission seeking to enjoin a hospital merger.);

h. ***United States v. Bazaarvoice, Inc.*, Case No. 13-cv-00133-WHO, N.D. Cal.** (I previously served as lead counsel to Abercrombie and Fitch in its capacity as a third-party witness to an antitrust case in which the government sought to unwind a closed merger.);

i. ***In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.,* 1:05-md-01720-JG-JO, E.D. New York** (I am part of the leadership

team of attorneys prosecuting antitrust claims against Visa and Mastercard on behalf of two groups of plaintiffs (25 major merchants), *Target et al. v. Visa et al.,* Case No. 1:13-cv-03477, S.D.N.Y. and *Grubhub et al. v. Visa et al.*, Case No. 1:19-cv-07273, N.D. Ill. Those cases involve issues regarding two-sided platforms.   As part of my representation of the *Target* and *Grubhub* groups, Vorys and I have worked closely and collaboratively with Quinn Emanuel and Constantine Cannon for several years.);

j.   ***Ohio v. American Express Co.*, Case No. 16-1454, Supreme Court of the United States** (I represented the Merchant Advisory Group in the filing of an *amicus curiae* brief supporting petitioners in a case involving issues regarding two-sided platforms.);

k.   ***myTriggers v. Google*, Case No. 09CV-14836, Franklin County, Ohio** (I previously defended Google against claims it violated Ohio's antitrust laws.);

l.   ***Verizon Advanced Data Inc. v. Frognet, Inc.*, Case No. 05-cv-955, S.D. Ohio** (I was lead trial counsel for counterclaim plaintiff in claims against Verizon involving competition issues.);

m.   ***Williamson v. American Mastiff Breeders Council, et al.,* No. 2:09-cv-00172, S.D. Ohio** (I was lead counsel for plaintiffs/counterclaim-defendants alleging violations of the Lanham Act and defending federal antitrust claims.);

n.   ***Superior Production Partnership, dba PBSI v. Gordon Auto Body Parts Co., Ltd.,* Case No. 13–4466, U.S. Sixth Circuit Court of Appeals** (I was counsel to plaintiff in case alleging violations of federal antitrust law and the Lanham Act.);

o.   ***Bartell, et al. v. LTF Club Operations Company, Inc.*, Case No. 2:14-CV-00401, S.D. Ohio** (I was appointed co-lead class counsel with my partner, Tom

McCormick. That case settled with a significant cash recovery for class members. There were no objections to the settlement.);

p. ***Gascho v. Global Fitness Holding, LLC,*** **Case No. 2:11-CV-00436, S.D. Ohio, (**I was appointed as co-lead class counsel with my partner Tom McCormick as well as with attorneys from the Isaac Wiles law firm on September 30, 2013.  The class-wide settlement in that case received final approval on July 16, 2014.  Two objectors to the settlement appealed the final approval to the United States Court of Appeals for the Sixth Circuit. I successfully argued the appeal for the class, 822 F.3d 269 (2016), and represented the class in defeating a petition for certiorari filed by the appellants in the United States Supreme Court.);

q. ***Tartaglia v. Global Fitness Holdings, LLC,*** **Case No. 11 CI 1121, Boone County Circuit Court, Commonwealth of Kentucky** (combined with *Gascho* for settlement purposes);

8. **Timothy B. McGranor:**  Mr. McGranor is a partner in Vorys' Columbus, Ohio office.  He is a member of the Litigation Group, and has significant experience in complex litigation matters.  In addition to his trial work in the state and federal courts, Mr. McGranor has appeared before the courts of appeals in Ohio and the Sixth Circuit, and regularly participates in actions before the Ohio Supreme Court. He has been recognized as an Ohio Super Lawyers Rising Star for business litigation in 2007, 2010–2015, and a Columbus CEO Top Lawyer, in 2015–2016.   He is admitted to practice in U.S. Court of Appeals for the Sixth Circuit, U.S. District Courts for the Northern and Southern Districts of Ohio and Eastern District of Michigan, and the State of Ohio. Attached hereto as **Exhibit B** is a true and correct copy of Mr. McGranor's attorney profile, as the webpage appears on the Vorys website.  His representative experience includes:

a. *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, **1:05-md-01720-JG-JO, E.D. New York** (Tim is part of the team of attorneys prosecuting antitrust claims against Visa and Mastercard on behalf of two groups of plaintiffs (23 major merchants), *Target et al. v. Visa et al.*, Case No. 1:13-cv-03477, S.D.N.Y. and *Grubhub et al. v. Visa et al.*, Case No. 1:19-cv-07273, N.D. Ill. Those cases involve issues regarding two-sided platforms.  As part of his representation of the *Target* and *Grubhub* groups, Vorys and he have worked closely and collaboratively with Quinn Emanuel and Constantine Cannon for several years.);

b. ***Gateway Royalty LLC, et al. v. EAP Ohio LLC et al***, **Docket No. 5:20-cv-02813, N.D. Ohio** (representing defendant in pending putative class action involving thousands of potential class members over claimed underpayment of oil and gas royalties);

c. ***Grissom, et al. v. Antero Resources Corporation***, **Docket No. 2:20-cv-02028, S.D. Ohio** (representing defendant in pending putative class action involving hundreds of potential class members over claimed underpayment of oil and gas royalties);

d. ***Henceroth, et al. v Chesapeake Exploration, LLC***, **Docket No. 4:15-cv-02591, N.D. Ohio** (represented defendant in certified class action involving hundreds of class members of claimed underpayment of oil and gas royalties; resulted in defense judgment on summary judgment)**;**

e. ***Zehentbauer Family Land LP, et al. v. Chesapeake Exploration, L.L.C., et al.***, **Docket No. 4:15-cv-02449, N.D. Ohio** (represented defendant in certified class action involving hundreds of class members of claimed underpayment of oil and gas royalties; resulted in defense judgment on summary judgment);

f. ***Hope Christian Fellowship, et al. v. Chesapeake Energy Corporation, et al.***, **Docket No. 4:15-cv-02275, N.D. Ohio,** (represented defendant in putative class action over claimed underpayment of oil and gas royalties);

g. ***Riggs v. Patriot Energy Partners, LLC, et al.*, Court of Appeals of Ohio, Seventh Appellate District, Carroll County, 2014-Ohio-558** (represented defendant in putative class action claiming fraud and seeking rescission of oil and gas leases);

h. ***Wilson, et al. v. Columbia Gas Transmission, LLC*, Docket No. 2:12-cv-01203, S.D. Ohio** (represented a putative class of landowners claiming trespass and inverse condemnation by defendant; following counterclaims by defendant to exercise eminent domain against hundreds of individual plaintiffs, represented more than 400 individuals; case was ultimately settled on confidential terms);

i. ***Salyer et al v. Honda of America Mfg., Inc., et al.*, Docket No. 2:08-cv-01060, S.D. Ohio** and ***Shanks v. Honda of America Mfg., Inc., et al.*, Docket No. 2:08-cv-01059, S.D. Ohio** (represented defendant manufacturer in putative class actions asserting claims under ERISA);

j. ***Acheson v. Express, LLC*, Case No. 10-CV-135335, Superior Court, County of Santa Clara, California** (represented defendant in class action asserting breach of California wage and hour laws; case was settled on a class-wide basis); and

k. ***Owner Operator Independent Drivers Association Inc. et al v. Comerica Bank*, Docket No. 2:05-cv-00056, S.D. Ohio** (represented defendant bank against claims by certified class alleging breach of constructive trust and related claims).

9.      **Thomas N. McCormick:**  Mr. McCormick is a partner in Vorys' Litigation Group and the managing partner of the firm's Orange County, California office. He has a broad range of litigation and client counseling experiences with a specific focus on complex commercial disputes

and class action litigation.  Mr. McCormick litigates complex commercial cases involving contract disputes, tort, and consumer sales practices act claims, and has served as lead counsel in multiple consumer class actions. His notable experience includes serving as seconded in-house counsel for an international retail company with over 3,000 locations and assisting with litigation management, client counseling, and numerous strategic initiatives, serving as lead counsel in two consumer class actions resulting in settlements valued at more than $14 million, and representing a design/manufacture in a multi-million dollar contract dispute before the International Centre for Dispute Resolution.  Mr. McCormick is a member of the Federal Bar Association, the Orange County Bar Association, and the Columbus Bar Association.  He previously served as a law clark for the Honorable James L. Graham of the United States District Court for the Southern District of Ohio.  Mr. McCormick is admitted to practice in United States District Court for the Northern District of California, United States District Court for the Central District of California, United States District Court for the Eastern District of California, United States District Court for the Southern District of Ohio, and the States of Ohio and California.  Attached hereto as **Exhibit C** is a true and correct copy of Mr. McCormick's attorney profile, as the webpage appears on the Vorys website.  His representative experience includes:

   a. ***Bartell, et al. v. LTF Club Operations Company, Inc.*, Case No. 2:14-CV-00401, S.D. Ohio** (Appointed Class Counsel with Mr. Rubin in a consumer protection class action involving more than 60,000 class members and resulting in a settlement award in excess of $14 million which provided compensation to class members in an amount multiple times actual damages);

   b. ***Shawntasha Rhoden v Zale Delaware, Inc.*, Case No. 20STCVI 1 561 Los Angeles County** (Lead defense counsel in a wage and hour class action and PAGA claim);

c. ***Carolina Leos v. Zale Delaware, Inc.*, Case No. 2:19-CV-00829, E.D. Ca.** (Lead defense counsel in a wage and hour class action matter that was later settled as a Class and PAGA action in state court as Carolina Leos v. Zale Delaware, Inc., Los Angeles County, Case No. 21STCV00447);

d. ***Gascho v. Global Fitness Holding, LLC*, Case No. 2:11-CV-00436, S.D. Ohio** (Appointed Co-Lead Class Counsel in a multi-state consumer protection matter involving more than 50,000 class members and resulting in a settlement valued in excess of $14 million.);

e. ***Tartaglia v. Global Fitness Holdings, LLC*, Case No. 11 CI 1121, Boone County Circuit Court, Commonwealth of Kentucky** (Consumer protection class action that was combined with Gascho for settlement purposes);

f. ***Rudwasky v. Borror*, Case No. 2:06-CV-0144, S.D. Ohio** (Defense counsel in purported consumer protection class action in which the court denied class certification after the certification evidentiary hearing);

g. ***In re: Lawnmower Engine Horsepower Marketing and Sales Practices Litigation*, Case No. 2:08-md-1999, E.D. Wisconsin** (Defense counsel in multi-district class litigation alleging violations of various state consumer protection laws);

h. ***Prokos v. M/I Homes of Central Ohio, LLC*, Case No 17-CV-007708, Franklin County Court of Common Pleas, Ohio** (Defense counsel in purported consumer protection class action that was resolved with an individual settlement);

i. ***Guttentag v. Abercrombie & Fitch Stores, Inc.*, 9:09-cv-80160-JIC, S.D. Florida** (Defense counsel in purported FLSA class action);

j.   *De La Cruz v. Abercrombie & Fitch Stores, et al.*, **Case No. 30-2000700036240, Superior Court of Orange County, California** (Defense counsel in wage and hour class action);

10.   My partners and I are supported by a team of associates and other legal professionals in this case who regularly handle complex and high-stakes litigation disputes.  For example, Vorys senior associate **Kara M. Mundy** regularly represents litigants in complex disputes involving antitrust and class-action allegations, among other cases.  She was named a 2021 Ohio Super Lawyer, Rising Star for antitrust litigation.  She is a member of the American Bar Association's Antitrust Section, and was chosen to be a Young Lawyer Representative to the Pricing Conduct Committee for the 2021-2022 program year. Ms. Mundy has significant experience counseling clients on antitrust issues related to price fixing, no-poach, no-hire and non-solicitation arrangements, compliance, competitive bidding, and mergers and acquisitions.  As part of her antitrust practice, Ms. Mundy works with manufacturers and retailers on issues relating to Minimum Advertised Pricing policies and Resale Price Maintenance.  She advises clients regarding vertical pricing issues and how business clients can structure their relationships with distributors and retailers to avoid violations of the Sherman, Clayton, and Robinson-Patman Acts.  She regularly trains executives and sales teams on competition issues and how companies can structure their business operations and communications to lower their antitrust risk.  As part of her work on behalf of clients who are navigating competition and marketplace issues, Ms. Mundy represents a Fortune 500 company bringing price gouging and Lanham Act, and state law corollary claims against unauthorized sellers of counterfeit products.  She has experience obtaining preliminary and permanent injunctive relief, seizure orders, and judgments against bad actors in the marketplace, particularly those markets that have seen increased activity as a result of the global pandemic.  Her notable antitrust litigation experience includes representing a contact lens seller in defending a class

action alleging antitrust claims related to keyword bidding, and representing a government contractor in defending a class action alleging antitrust claims related to purported no-poach and no-hire agreements.  Ms. Mundy is admitted to practice in U.S. Court of Appeals for the Sixth Circuit, U.S. District Court for the Southern District of Ohio, and the State of Ohio. Attached hereto as **Exhibit D** is a true and correct copy of Ms. Mundy's attorney profile, as the webpage appears on the Vorys website.

**VORYS' SUCCESS ON BEHALF OF ANTITRUST AND CLASS ACTION LITIGANTS**

11.     Unlike many plaintiffs' firms who only litigate on one side of the "v," Vorys regularly represents both plaintiffs and defendants in antitrust and class action litigation, which provides Vorys with unique experience and expertise. Attached as **Exhibit E** is a summary of Vorys' class action capabilities.

12.     Vorys regularly defends clients in class action lawsuits brought in federal and state courts across the country.  Because the class action mechanism may allow thousands of individual claims to be pursued jointly, such cases can present high-stakes challenges.  Such cases also involve unique standards and procedures that govern the proper definition of putative classes, certification of classes, notice, settlement, and trial.  Vorys is experienced with the requirements of the federal and state versions of Rule 23, the standing and constitutional issues that may arise in the class action context, and the case law addressing class certification issues in cases involving a wide variety of different claims, from insurance to antitrust to data security to consumer protection statutes and related common law claims.  Vorys' class action litigators are proficient at creatively developing and persuasively presenting arguments related to class certification, and marshalling the lay and expert evidence that support those arguments.  Vorys also has opposed certification of classes that include Vorys clients, when those clients do not wish to be part of the proposed class and are at risk

of being bound by the results obtained by class counsel.  These cases include complex antitrust actions.

13.     Vorys has significant experience in counseling clients on the appropriate forum for the defense of particular class actions and have employed the Class Action Fairness Act (CAFA) and other mechanisms to remove state court class actions to federal court.  When Vorys clients are involved in class actions pending in multiple federal courts, Vorys has used the Judicial Panel on Multidistrict Litigation process to coordinate the cases, avoid duplication, and reduce defense costs.  Voyrs has successfully advocated sequenced discovery, so that class issues may be decided before onerous, and potentially unnecessary, class-wide discovery on the merits of claims occurs.  In cases where classes are certified, Vorys has worked successfully with in-house counsel to manage both liability risks and defense costs – whether the client ultimately decides to litigate the claims on the merits or to proceed with a class-wide settlement.

14.     On the defense side, Vorys has achieved victories for companies across industries.  These include negotiating a cost-effective settlement on favorable terms of class claims against national bank arising out of allegedly defective notices of repossession and sale of automobiles securing auto loans, litigating and ultimately negotiating a favorable settlement of class claims against consumer lender alleging defective disclosure of vendor single interest insurance and defective notices of repossession and sale of automobiles, and quickly and cost-effectively resolving class claims on behalf of a lender on claims for fraud, breach of contract, unjust enrichment, and conversion.  Vorys has also served as class counsel in two consumer class actions resulting in multi-million dollar settlements.

15.     Despite working across industries and for both plaintiffs and defendants, Vorys also is uniquely positioned because it has a depth of experience in antitrust and have practiced in the

antitrust area with great success. Vorys' antitrust experience spans both class actions and individual claims, and includes:

a. Defeating class certification on appeal to the U.S. Court of Appeals for the Second Circuit on behalf of retailers who opposed being included in a mandatory class challenging Visa and Mastercard practices related to the charging of interchange fees.

b. Representing a contact lens seller in connection with an antitrust class action arising out of internet advertising practices in *Thompson et al. v. 1-800 Contacts Inc.* (in the District Court for Utah).

c. Representing a food processor in connection with an antitrust class action arising out of alleged supply restrictions and price fixing in both direct and indirect purchaser claims (in the District Court for Idaho).

d. Defending a paving company in litigation accusing it and other West Virginia asphalt paving companies of price fixing and other anticompetitive behavior.

e. Defending antitrust and other claims brought against a major U.S. university on behalf of a putative class of former athletes. Vorys was lead counsel for the university.

f. Representing 18 major retailers, in a lawsuit filed in the Southern District of New York alleging violations of U.S. antitrust laws by Visa and MasterCard. The lawsuit alleges that Visa's and MasterCard's setting of "default" interchange, and their honor-all-cards, anti-steering, and other rules violate Section One of the Sherman Act by preventing competition among issuing banks for merchant acceptance and charging a monopoly price to merchants who accept Visa and MasterCard. The lawsuit alleges that, but for these anti-competitive rules, banks

that issue credit and debit cards would compete with each other for merchant acceptance and that such competition would lower merchants' acceptance costs. Some of the clients include: Target Corporation, Macy's, Inc., The TJX Companies, Inc., Staples, Inc., Office Depot, Inc./OfficeMax, Inc., L Brands, Inc., Victoria's Secret Stores, LLC, Big Lots Stores, Inc., Abercrombie & Fitch Co., Ascena Retail Group, Inc., Saks Inc., The Bon-Ton Stores, Inc., Chicos FAS, Inc., Luxottica, Kohl's, J.C. Penney, and American Signature.

g.   Representing seven major retailers, in a lawsuit filed in the Northern District of Illinois alleging violations of U.S. antitrust laws by Visa and MasterCard.  The lawsuit alleges that Visa's and MasterCard's setting of "default" interchange, and their honor-all-cards, anti-steering, and other rules violate Section One of the Sherman Act by preventing competition among issuing banks for merchant acceptance and charging a monopoly price to merchants who accept Visa and MasterCard.  The lawsuit alleges that, but for these anti-competitive rules, banks that issue credit and debit cards would compete with each other for merchant acceptance and that such competition would lower merchants' acceptance costs. Vorys' clients include: GrubHub, Bob Evans Restaurants, Belk, Pandora, Leslie's Pool Supplies, Uline Inc., and BJ's Wholesale Club.

h.   Representing an automobile manufacturer in an industry-wide antitrust investigation by the FTC of procurement practices.

i.   Representing a major health care insurer in arbitration with a hospital relating to a "most favored nations" clause.

j.   Representing at trial and on appeal of a major health insurance company challenging territorial restrictions imposed on it by a national trade association.

k.  Representing medical groups with forming alliances with other groups and the degree of integration needed to survive antitrust scrutiny.

l.  Challenging the attempts of a major seller of credit report information to impose anticompetitive restraints in the mortgage credit reporting industry.

m.  Defending a case alleging that rules governing men's Division I college basketball violated antitrust laws.

n.  Representing major national retailer in settlement of antitrust litigation.

o.  Representing a defendant drug manufacturer in an action involving multiple Sherman Act and Robinson-Patman Act claims.

p.  Representing the president of an oil field service company as an individual defendant in a criminal price-fixing case trial and securing an acquittal.

q.  Representing an individual in the grand jury investigation that led to the Archer-Daniels-Midland antitrust prosecution.

r.  Representing a defendant drug manufacturer in an action involving multiple Sherman Act and Robinson-Patman Act claims.

s.  Representing an international fast food chain restaurant in an action involving Sherman Act and contract claims.

t.  Obtaining dismissal in the pleadings of monopolization and conspiracy claims on behalf of Internet search engine client.

u.  Defending multiple counterclaims and defenses, including claims under the Robinson-Patman Act, arising out of distributor relationship for automotive lighting products.

v.  Defending the world's largest provider of computer network services to libraries against monopolization claims.

w. Obtaining dismissal on the pleadings of all antitrust allegations in a case involving claims of horizontal price fixing, group boycott, and conspiracy to monopolize on behalf of a breeder council.

16.     Vorys' mix of plaintiff-side and defense-side work provides what I believe to be unique and valuable insights into both bars, and benefits our clients no matter which side of the dispute our clients end up on.

## VORYS' EXHAUSTIVE PRE-FILING
## INVESTIGATION AND FIRST-FILED COMPLAINT

17.     The *Wolfire* Plaintiffs propose a leadership structure for this putative class action (voluntarily consolidated from two previously filed class actions – Consolidated Amended Class Action Complaint, ECF No. 34, *Wolfire Games, LLC, et al. v. Valve Corp.*, Case No. 2:21-cv-00563-JCC (W.D. Wash.) (filed Jun. 11, 2021)), as well as for the subsequently-filed *Dark Catt* action – *Dark Catt Studios Holdings, Inc. v. Valve Corp.*, Case No. 2:21-cv-00872-JCC (W.D. Wash.) (filed Jun. 28, 2021) – and any other subsequently-filed class actions seeking to represent classes containing the same members.  The proposed structure consists of Quinn Emanuel, Constantine Cannon, and Vorys as "Proposed Co-Lead Class Counsel."

18.     Proposed Co-Lead Class Counsel are collectively responsible for developing the *Wolfire* case against Valve Corporation ("Valve"), the dominant platform for personal-computer ("PC") video games, and have been litigating this matter collaboratively for months.  Unlike many other antitrust class actions, this action is not a follow-on action from investigations pursued by the Federal Trade Commission, Department of Justice, or other governmental authority.  Instead, drawing upon their experience in litigating antitrust claims regarding two-sided platforms in the *Interchange Fee* and *ATM Fee* litigations, as well as against multiple two-sided platform providers (such as Ticketmaster and Apple), Proposed Co-Lead Class Counsel built this case independently from scratch, investing hundreds of hours of attorney time into vetting potential claims, interviewing class members and industry sources, and consulting with experts.  No antitrust complaint would likely have ever been filed in any court but for the efforts of Proposed Co-Lead Class Counsel.  As

1   a matter of public policy, to appoint counsel other than Proposed Co-Lead Class Counsel would
2   allow lawyers filing copycat complaints to free-ride on the considerable investments of Proposed
3   Co-Lead Class Counsel.

4         19.    Vorys filed the first antitrust action against Valve on behalf of consumers on January
5   28, 2021, in the Central District of California – *Colvin et al. v. Valve Corp.*, Case No. 2:21-cv-00801
6   (C.D. Cal. filed Jan. 28, 2021) (the "*Colvin* action") – after eighteen months of factual investigation
7   into Valve's business practices on its dominant Steam platform and their effects.

8         20.    Vorys pre-litigation efforts included intense research into Valve's business,
9   publically available documents, chat rooms, blogs, Reddit threads, and consumer complaints. At
10  significant time and expense, Vorys spoke with several economists and retained a well-credentialed
11  economist specializing in these issues to vet the economic theories at play.

12        21.    The *Colvin* action challenged Valve's imposition of its most-favored-nations clause
13  ("MFN") that prohibited game publishers from selling their games at lower prices on the few
14  platforms that compete with Valve's dominant Steam platform, and thereby artificially inflated
15  game prices to supra-competitive levels.  *Colvin* Compl. ¶¶ 3-4.  *Colvin* sought certification of: (i)
16  a class of purchasers seeking damages for supra-competitive prices of PC games; (ii) a class of
17  purchasers seeking injunctive relief; (iii) a sub-class of parents seeking damages for their purchases
18  of PC games for their minor children; and (iv) a sub-class of parents seeking injunctive relief.  *Id.*
19  ¶¶ 98-100.  Vorys filed an amended complaint on April 8.

20        22.    Quinn Emanuel and Constantine Cannon filed the second action on behalf of
21  consumers and game developers/publishers, and the first in this Court, on April 27, 2021.  *Wolfire*
22  *Games, LLC, et al. v. Valve Corp.*, Case No. 2:21-cv-00563-JCC (W.D. Wash. filed Apr. 27, 2021)
23  (ECF No. 1).

24
25
26
27
28

## VORYS HAS WORKED COOPERATIVELY WITH
## OTHER COUNSEL AND WILL CONTINUE TO DO SO

23.     Aware of Vorys' *Colvin* action, Quinn Emanuel and Constantine Cannon reached out to Vorys and discussed how to consolidate the cases.  After conferring with Quinn Emanuel and Constantine Cannon, Vorys agreed the Western District of Washington would be a suitable venue and executed a stipulation with Valve to move the *Colvin* action to the Western District of Washington.   To address the common interests of both consumers and publishers, Quinn Emanuel, Constantine Cannon, and Vorys agreed to jointly file the Consolidated Amended Class Action Complaint ("CAC"), ECF No. 34, which they did on June 11, 2021.  Prior to filing the CAC, the three firms coordinated with Valve's counsel to enter into a stipulation, so-ordered by the Court, that consolidated the Colvin and Wolfire actions and set a schedule for filing the CAC, Valve's response, and any briefing.  Consolidation Order, May 20, 2021 (ECF No. 29).  Valve filed its motion to compel arbitration on June 26, 2021, with a noting date of September 17, 2021.  Counsel for Plaintiffs are in the midst of briefing their opposition.  Valve filed its motion to dismiss on July 26, 2021, with a noting date of September 17, 2021.   Counsel for Plaintiffs has also begun responding to that motion.

24.     Two weeks after Plaintiffs filed their CAC—and six months after Vorys filed the Colvin action—Dark Catt Studios Holdings ("DCS Holdings") filed its complaint.  The *Dark Catt* complaint makes essentially identical allegations as Plaintiffs' CAC, and largely relies on the same theory of competitive harm and facts.

25.     In light of the competing *Dark Catt* complaint, Quinn Emanuel, Constantine Cannon, and Vorys conferred, and agreed to the leadership structure proposed herein, which fairly recognizes all three firms' contributions in investigating Valve's conduct and its effects, filing their individual complaints and the CAC, and responding to Valve's motion to compel arbitration.  Plaintiffs also

agree this leadership structure will facilitate the efficient and successful litigation of all proposed class actions.  In fact, the three firms also serve as counsel for several individual plaintiffs in *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, Case No 05-MD-01720 (MKB) (VMS).  In that case, the three firms have collaborated on extraordinarily complex civil litigation against Visa, Mastercard, and the major issuers of credit and debit cards on behalf of their joint clients, which include most of the major merchants across the United States.  A central topic in the *Interchange Fee* litigation is how to address the principles set forth in *Ohio v. Am. Express Co.*, 138 S. Ct. 2274 (2018), concerning two-sided platforms.  The expertise developed by the core team at Vorys and the other Proposed Co-Lead Counsel firms on these issues will be invaluable to the class proposed in this case.

## COMMITMENT TO FEE, TIME, AND COST CONTROLS

26.     I and the other attorneys at Vorys, Quinn Emanuel and Constantine Cannon are committed to litigating the *Wolfire* Plaintiffs' claims as efficiently and effectively as possible.

27.     All three law firms have sophisticated technological capabilities that will be utilized to reduce costs.

28.     I am familiar with the Court's expectations regarding attorneys' fees in class actions, as reflected in orders appointing interim class counsel in other cases.

29.     Should the Court appoint Vorys as interim co-lead class counsel, I will

   a.  perform a monthly review of all billing records generated by Vorys for work performed on behalf of the class to ensure that there are no duplicative or inefficient entries.

   b.  require that billing be done on a monthly basis and that billing be descriptive in nature such that determinations can be made regarding duplication and efficiency.

c.   ensure that only those law firms that the Court has previously authorized will perform work on behalf of the class.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 27th day of July, 2021 in Columbus, Ohio.

By: _____

Kenneth J. Rubin

1

## CERTIFICATE OF SERVICE

2          I hereby certify that on July 27, 2021, I caused a true and correct copy of the foregoing to be

3   filed in this Court's CM/ECF system, which will send notification of such filing to counsel of record.

4   I also caused a true and correct copy of the foregoing to be served on counsel for Dark Catt via email

5   and first class mail to the addresses below:

6          Service List:

7   Stephanie L. Jensen
    WILSON SONSINI GOODRICH & ROSATI,
8   P.C.
    701 Fifth Avenue, Suite 5100
9   Seattle, WA 98104-7036
    Telephone: (206) 883-2500
10  Facsimile: (206) 883-2699
    Email: sjensen@wsgr.com

11
    Kenneth R. O'Rourke
12  Scott A. Sher
    Allison B. Smith
13  WILSON SONSINI GOODRICH & ROSATI,
    1700 K Street, NW, Suite 500
14  Washington, DC 20006
    Telephone: (202) 973-8800
15  Facsimile: (202) 973-8899
    Emails: korourke@wsgr.com; ssher@wsgr.com; allison.smith@wsgr.com

16
    W. Joseph Bruckner
17  Joseph C. Bourne
    Leona B. Ajavon
18  LOCKRIDGE FRINDAL NAUEN P.L.L.P.
    100 Washington Avenue S, Suite 2200
19  Minneapolis, MN 55401
    Telephone: (612) 339-6900
20  Facsimile: (612) 339-0981
    Emails: wjbruckner@locklaw.com; jcboume@locklaw.com; lbajavon@locklaw.com

21
    Attorneys for,
22  Dark Catt Studios Holdings, Inc. and Dark Catt Studios Interactive LLC

23         I declare under penalty of perjury under the laws of the State of Washington that the

24  foregoing is true and correct.

25         EXECUTED on this 27th day of July, 2021.

26
                                        */s/ Alicia Cobb*
27                                      Alicia Cobb, WSBA # 48685

28

Rubin DECL.
21-cv-00563-JCC

CONSTANTINE CANNON LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
Phone (212) 350-2700