1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HON. JOHN C. COUGHENOUR

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

Wolfire Games, LLC, Sean Colvin, Susann
Davis, Daniel Escobar, William Herbert, Ryan
Lally, Hope Marchionda, Everett Stephens,
individually and on behalf of all others similarly
situated,

        Plaintiffs,

    v.

Valve Corporation,

        Defendant.

Case No. 2:21-cv-00563-JCC

**DECLARATION OF**
**JEFFREY I. SHINDER**

I, Jeffrey I. Shinder, submit this declaration on behalf of Constantine Cannon LLP and
hereby state under penalty of perjury as follows:

1.     I am a partner with the law firm Constantine Cannon LLP ("Constantine Cannon"),
counsel for Plaintiffs in the above-captioned action.   I have been the Managing Partner of
Constantine Cannon's New York office since 2007.  I joined the firm in the year of its inception,
1994.

2.     I respectfully submit this declaration in support of the motion to appoint Quinn
Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), Constantine Cannon LLP ("Constantine
Cannon"), and Vorys, Sater, Seymour and Pease LLP ("Vorys Sater") as Interim Co-Lead Class
Counsel.

SHINDER DECL.
21-cv-00563-JCC

CONSTANTINE CANNON LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
Phone (212) 350-2700

3.      Constantine Cannon was formed in 1994, and then known as Constantine & Associates, by Lloyd Constantine who had been Chief of the Antitrust Bureau in the New York State Office of the Attorney General for over 10 years.  Mr. Constantine formed the firm to focus specifically on antitrust cases—a focus it has maintained for 27 years.

4.      Although the firm has represented both antitrust plaintiffs and defendants over the past three decades, its renown has been for bringing large antitrust cases against dominant technology platforms.  In particular, the firm was lead counsel for a certified litigation class of over 5,000,000 merchants in *In re Visa Check/MasterMoney Antitrust Litigation* ("*Visa Check*"). I was among the lead lawyers in the case.  *Visa Check* settled, literally on the eve of trial, for a $3 billion cash payment (the third largest cash component among antitrust settlements) and Visa's and Mastercard's complete rescission of the rules challenged under the antitrust laws. 297 F. Supp. 2d 503, 506-07 (E.D.N.Y. 2003).  The cessation of Visa's and Mastercard's conduct was estimated to have saved merchants, and the American economy, more than *$25 billion*.  *Id.* at 512. Accounting for the injunctive relief, it is the highest-valued antitrust settlement in history.

5.      Constantine Cannon also represented Discover Financial Services, owner of the Discover Network and issuer of the popular Discover Card, in its antitrust case against the Visa and Mastercard payment networks for excluding competition from the Discover Network and other competing payment networks.  I was again among the lead lawyers in the case.  Visa and Mastercard settled with Discover, again close to trial, for $2.75 billion (the fourth largest antitrust cash settlement).  MasterCard, Visa settle Discover suit for $2.75 billion | Reuters.

6.      Constantine Cannon also has prior antitrust experience in gaming markets.  In *Kesmai v. America Online*, the firm prosecuted an action against then-dominant AOL in the market for hosting games played on the internet simultaneously by multiple players.  AOL capitulated the day before trial, agreeing to all demands for injunctive relief and to an undisclosed monetary settlement.

7.      My own expertise in tech antitrust matters was sought by the Federal Trade Commission, which appointed me as special counsel in the FTC's litigation against Rambus.  I

1  have also been named a "Super Lawyer" as well as "Best Lawyer" in antitrust in New York and

2  in the United States since 2012.

3      8.      In *Sidibe v. Sutter Health*, Case No. 3:12-cv-04854 (N.D. Cal.), Constantine

4  Cannon is lead counsel for a certified class of millions of California individuals and employers

5  who have paid overcharges in premiums for health insurance due to the Sutter Health system's

6  anticompetitive contracting practices.  Trial is scheduled to commence on October 4, 2021.

7      9.      I am also the lead attorney for over 60 merchants—including the likes of 7-Eleven,

8  Amazon, Costco, Nike, Recreational Equipment, Inc. (REI), and Starbucks—in their antitrust

9  claims against Visa and Mastercard in *In re Payment Card Interchange Fee and Merchant*

10  *Discount Antitrust Litigation*, Case No 05-MD-01720 (MKB) (VMS) (E.D.N.Y.).  In that case,

11  "the 7-Eleven Plaintiffs" (as they are known) challenge certain Visa and Mastercard rules on the

12  grounds that they cause anticompetitive effects in the two-sided markets in which Visa and

13  Mastercard operate.  I was also the lead attorney, representing the same merchants (and Walmart)

14  that *opposed* the original class-action settlement, approval of which was ultimately vacated by the

15  Second Circuit.  *See In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*,

16  986 F. Supp. 2d 207 (E.D.N.Y. 2013), *rev'd and vacated*, 827 F.3d 223 (2d Cir. 2016).

17      10.     The 7-Eleven Plaintiffs are the largest group of plaintiffs pursuing individual

18  actions in the *Interchange Fee* litigation.  But they are not the only ones.  Many of the other

19  merchants are represented by the other Proposed Co-Lead Counsel, Vorys Sater and Quinn

20  Emanuel.  Vorys, for example, represents Target, Macy's, Staples, and OfficeMax.  And Quinn

21  Emanuel represents The Home Depot.  To litigate our joint clients' claims effectively, Proposed

22  Co-Lead Counsel—who here propose to include many of the same attorneys from the *Interchange*

23  *Fee* case—have had to work closely and collaboratively over a number of years including through

24  complex document and expert discovery.

25      11.     A central topic in the *Interchange Fee* litigation is how to address the principles set

26  forth in *Ohio v. American Express Co.*, 138 S. Ct. 2274 (2018), concerning two-sided platforms.

27  The expertise developed by all three Proposed Co-Lead Counsel firms on these issues will be

28

invaluable to the class proposed in this case.

12.     The other Constantine Cannon attorneys who will be responsible for litigating this matter are also well-credentialed and experienced.  I briefly describe these team members below.

13.     **Ankur Kapoor** is a partner at Constantine Cannon, and has been with the firm since 2004.  He is one of the principal attorneys at Constantine Cannon in the *Interchange Fee* Litigation.  He was also lead counsel for the defense of All Nippon Airways Co., Ltd. against an antitrust class action involving passenger airfares, *In re Transpacific Passenger Air Transportation Antitrust Litigation* (N.D. Cal.), which settled shortly before trial was scheduled to commence. Mr. Kapoor is also an active member of the American Bar Association's Antitrust Law Section. He was an Editor of *Antitrust Law Developments* (7th ed., 2012) and has served as Co-Chair of the Media and Technology Committee since 2015.  In 2017, he was named to Global Competition Review's *Who's Who Legal: Competition – Future Leaders*.

14.     **David Golden** is a partner at Constantine Cannon, and has been with the firm since 2007.  He is also one of the principal attorneys at Constantine Cannon in the *Interchange Fee* Litigation.  He was also one of the principal attorneys representing the plaintiff in *TruePosition, Inc. v. LM Ericsson* (E.D. Pa.), an antitrust suit alleging conspiracy and monopolization claims against telecommunication suppliers and standards-setting organizations.  Mr. Golden is an active member of the American Bar Association's Antitrust Law Section.  He served as a Vice Chair of the Section's Big Data Task Force and was a contributing author to the Section's *Handbook on Antitrust in Technology Industries* (2017) and *Antitrust Law Developments* (7th ed., 2012).  Mr. Golden also serves as Vice Chair of the Science & Technology Law Section's Technical Standardization Committee.

15.     **Owen Glist** is a partner at Constantine Cannon, and has been with the firm since 2006.  He is also one of the principal attorneys at Constantine Cannon in the *Interchange Fee* Litigation.  Mr. Glist was also a principal attorney representing 10 class representatives (of 16 total) who dissented from a proposed $7.4 billion class-action settlement in the same MDL, because of the proposed settlement's inadequacy and the overbreadth of its release of claims.

Those dissenting class representatives and other objectors opposing that settlement prevailed when the settlement's approval was vacated by the Second Circuit.  *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 986 F. Supp. 2d 207 (E.D.N.Y. 2013), *rev'd and vacated*, 827 F.3d 223 (2d Cir. 2016).   Mr. Glist clerked for the Honorable Denny Chin, then of the Southern District of New York.

16.     Attached to this declaration as Exhibit 1 is a true and correct copy of my attorney profile, as those webpages appear on the Constantine Cannon website.

17.     Attached to this declaration as Exhibit 2 is a true and correct copy of the attorney profile of Mr. Kapoor, as those webpages appear on the Constantine Cannon website.

18.     Attached to this declaration as Exhibit 3 is a true and correct copy of the attorney profile of Mr. Golden, as those webpages appear on the Constantine Cannon website.

19.     Attached to this declaration as Exhibit 4 is a true and correct copy of the attorney profile of Mr. Glist, as those webpages appear on the Constantine Cannon website.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this July 27, 2021 at New York, New York.

*/s/ Jeffrey I. Shinder*
Jeffrey I. Shinder

CONSTANTINE CANNON LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
Phone (212) 350-2700

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2021, I caused a true and correct copy of the foregoing to be filed in this Court's CM/ECF system, which will send notification of such filing to counsel of record. I also caused a true and correct copy of the foregoing to be served on counsel for Dark Catt via email and first class mail to the addresses below:

Service List:

Stephanie L. Jensen
WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
Facsimile: (206) 883-2699
Email: sjensen@wsgr.com

Kenneth R. O'Rourke
Scott A. Sher
Allison B. Smith
WILSON SONSINI GOODRICH & ROSATI,
1700 K Street, NW, Suite 500
Washington, DC 20006
Telephone: (202) 973-8800
Facsimile: (202) 973-8899
Emails: korourke@wsgr.com; ssher@wsgr.com; allison.smith@wsgr.com

W. Joseph Bruckner
Joseph C. Bourne
Leona B. Ajavon
LOCKRIDGE FRINDAL NAUEN P.L.L.P.
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
Emails: wjbruckner@locklaw.com; jcboume@locklaw.com; lbajavon@locklaw.com

Attorneys for,
Dark Catt Studios Holdings, Inc. and Dark Catt Studios Interactive LLC

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED on this 27th day of July, 2021.

*/s/ Alicia Cobb*
Alicia Cobb, WSBA # 48685