Hon. John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WOLFIRE GAMES, LLC, SEAN COLVIN, SUSANN DAVIS, DANIEL ESCOBAR, WILLIAM HERBERT, RYAN LALLY, HOPE MARCHIONDA, EVERETT STEPHENS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VALVE CORPORATION,<br><br>Defendant. | Case No. 2:21-cv-00563-JCC<br><br>**PLAINTIFFS' LOCAL CIVIL RULE 7(g)(1) SURREPLY MOTION TO STRIKE**<br><br>**NOTED ON MOTION CALENDAR:**<br>September 17, 2021 |

SURREPLY Mot. to Strike
Case No. 2:21-cv-563

Quinn Emanuel Urquhart & Sullivan
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel: (206) 905-7000

## I. THIS COURT SHOULD STRIKE DEFENDANT'S NEW ARGUMENT

Valve has violated the cardinal rule that "[n]ew material does not belong in a reply brief," because the "use of new material in a reply brief transgresses against the canons of fair forensics." *Ellingson v. Burlington N., Inc.*, 653 F.2d 1327, 1332 (9th Cir. 1981). To enforce this rule, courts in this district strike new arguments made for the first time on reply, which deprive the opposing party of the ability to respond. *Wild Fish Conservancy v. U.S. Envtl. Prot. Agency*, 331 F. Supp. 3d 1210, 1219 n.3 (W.D. Wash. 2018) ("Conservancy objects to Cooke raising this argument for the first time on reply, which is appropriate grounds for this Court to strike it."); *Friends of the E. Lake Sammamish Trail v. City of Sammamish*, 361 F. Supp. 2d 1260, 1272 n.8 (W.D. Wash. 2005) (granting surreply motion to strike where movant raised new argument for first time in reply).

In its opening brief in connection with this motion to compel arbitration, Valve argued in no uncertain terms that *this Court* should hold that the SSA's arbitration agreement is valid and enforceable. Dkt. 35, Motion to Compel Arbitration ("Mot.") at 8 ("The SSA's Arbitration Agreement Is Valid and Enforceable…"). Valve noted that *this Court* had previously ruled (based on different arguments presented in that case) that the SSA's arbitration agreement was not procedurally or substantively unconscionable, and asked *this Court* to rule the same in this case. Mot. at 9, *citing G.G. v. Valve Corp.*, 2017 WL 1210220, at *2–3 (W.D. Wash. Apr. 3, 2017) (resolving unconscionability challenges), *vacated*, 799 F. App'x 557 (9th Cir. 2020).

Valve did *not* argue in its opening motion that the SSA delegates questions of validity to the arbitrator. In the Motion's only reference to delegation, Valve argued that the *separate* question of whether "the dispute falls within the scope of the SSA's arbitration clause"—that is the question of "arbitrability"—is "delegated to the arbitrator." Mot. at 11 ("The Ninth Circuit's holding in *G.G.* that a valid arbitration agreement exists between Valve and Steam users satisfies the first requirement for enforcement [whether 'a valid agreement to arbitrate exists.']. Whether this dispute falls within the scope of the SSA's arbitration agreement (the second requirement) is a question of arbitrability delegated to the arbitrator . . ."). That question of arbitrability is a different one from validity, as Valve acknowledges. *See id.*; *see also G.G.*, 2017 WL 1210220, at *2 ("The FAA requires courts to compel arbitration if (1) a valid agreement to arbitrate exists, *and* (2) the dispute

SURREPLY MOT. TO STRIKE
CASE NO. CASE NO. 2:21-CV-563

1

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

falls within the scope of that agreement.") (emphasis added); *Loc. Joint Exec. Bd. v. Mirage Casino-Hotel, Inc.*, 911 F.3d 588, 597 (9th Cir. 2018) (arbitrability "concerns only whether the dispute falls within the scope of the parties' arbitration agreement."). Valve did not argue that the separate question of validity had been delegated. As noted, instead it asked *this Court* to rule on validity.

In opposing Valve's motion, Plaintiffs established that the SSA is invalid and unenforceable because it would deny consumers the ability to seek and obtain the statutory relief available to them for Valve's monopolization and unfair business practices. Dkt. 51, Pls. Opp. to Mot. to Compel Arb. ("Opp."), at 5-17. Plaintiffs did not address the argument that the SSA delegates questions of validity and enforceability to the arbitrator, because Valve had not made that argument.

But on reply, Valve abandoned its original position that this Court should resolve validity and enforceability, and instead argued for the first time that "the parties' arbitration agreement delegates questions of validity . . . *to the arbitrator*." Reply at 1 (emphasis added), 2-4. Valve's abrupt reversal is unfair because it denies Plaintiffs the opportunity to respond to this (meritless) delegation argument. Accordingly, this Court should strike Valve's new delegation argument. *Wild Fish*, 331 F. Supp. 3d at 1219 n.3; *E. Lake Sammamish Trail*, 361 F. Supp. 2d at 1272 n.8.

In the alternative, Plaintiffs request leave to file a short submission showing that the parties did not clearly and unmistakably agree that challenges to validity and enforceability of the arbitration agreement were delegated to the arbitrator. *See*, *e.g.*, SSA § 11.D ("*A court has exclusive authority to rule*" that plaintiffs are able to pursue representative injunctive relief and/or representative antitrust claims) (emphasis added); *id.* § 12 ("in the event that any provision of this Agreement *shall be held by an* arbitrator, *court,* or other tribunal of competent jurisdiction *to be illegal or unenforceable . . .*") (emphasis added); *see also Fleming v. Parnell*, 2013 WL 4511494, at *2 (W.D. Wash. Aug. 23, 2013) (granting motion for leave to file substantive surreply to address new arguments made in reply).

## II. CONCLUSION

The Court should grant Plaintiffs' motion to strike Defendant's new argument raised for the first time on reply. In the alternative, Plaintiffs respectfully request leave to respond to the new delegation argument with a short submission on the merits.

SURREPLY Mot. to Strike
Case No. Case No. 2:21-CV-563

2

Quinn Emanuel Urquhart & Sullivan
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel: (206) 905-7000

1  DATED: September 22, 2021

                                          By    /s/ Alicia Cobb
                                             Alicia Cobb, WSBA # 48685
                                             QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP
                                             1109 First Avenue, Suite 210
                                             Seattle, WA 98101
                                             Telephone: (206) 905-7000
                                             Fax: (206) 905-7100
                                             Email: aliciacobb@quinnemanuel.com

                                             Steig D. Olson (*pro hac vice*)
                                             David D. LeRay (*pro hac vice*)
                                             Shane Seppinni (*pro hac vice*)
                                             QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP
                                             51 Madison Avenue, 22nd Floor
                                             New York, NY 10010
                                             Telephone: (212) 849-7000
                                             Fax: (212) 849-2100
                                             Email: steigolson@quinnemanuel.com

                                             Adam B. Wolfson (*pro hac vice*)
                                             QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP
                                             865 South Figueroa Street, 10th Floor
                                             Los Angeles, CA 90017-2543
                                             Telephone: (213) 443-3000
                                             Fax: (213) 443-3100
                                             Email: adamwolfson@quinnemanuel.com

                                             Charles B. Stevens (*pro hac vice*)
                                             QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP
                                             50 California Street, 22nd Floor
                                             San Francisco, CA 94111
                                             Telephone: (415) 875-6600
                                             Fax: (415) 875-6700
                                             Email: charliestevens@quinnemanuel.com

                                             *Attorneys for Daniel Escobar, William Herbert, and the class.*

SURREPLY MOT. TO STRIKE
CASE NO. CASE NO. 2:21-CV-563                    3
QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

| | |
|---|---|
| David D. Golden (*pro hac vice*)<br>CONSTANTINE CANNON LLP<br>1001 Pennsylvania Avenue, NW, Suite 1300N<br>Washington, DC 20004<br>Telephone: (202) 204-3500<br>Fax: (202) 204-3501<br>Email: dgolden@constantinecannon.com<br><br>A. Owen Glist (*pro hac vice*)<br>Ankur Kapoor (*pro hac vice*)<br>Jeffrey I. Shinder (*pro hac vice*)<br>CONSTANTINE CANNON LLP<br>335 Madison Avenue, 9th Floor<br>New York, NY 10017<br>Telephone: (212) 350-2700<br>Fax: (212) 350-2701<br>Email: akapoor@constantinecannon.com<br><br>*Attorneys for Wolfire Games, LLC and the class.* | Thomas N. McCormick (*pro hac vice*)<br>VORYS, SATER, SEYMOUR AND PEASE LLP<br>4675 MacArthur Court<br>Suite 700<br>Newport Beach, CA 92660<br>Telephone: (949) 526-7903<br>Fax: (949) 526-7901<br>Email: tnmccormick@vorys.com<br><br>Kenneth J. Rubin (*pro hac vice*)<br>Timothy B. McGranor (*pro hac vice*)<br>Kara M. Mundy (*pro hac vice*)<br>VORYS, SATER, SEYMOUR AND PEASE LLP<br>52 East Gay Street<br>Columbus, OH 43216-1008<br>Telephone: (614) 464-6350<br>Fax: (614) 719-6350<br>Email: kjrubin@vorys.com<br>tbmcgranor@vorys.com<br>kmmundy@vorys.com<br><br>*Attorneys for Sean Colvin, Susann Davis, Daniel Ryan Lally, Hope Marchionda, Everett Stephens, and the class.* |

SURREPLY MOT. TO STRIKE
CASE NO. CASE NO. 2:21-CV-563

4

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

# **CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2021, I caused a true and correct copy of the foregoing to be filed in this Court's CM/ECF system, which sent notification of such filing to counsel of record.

DATED September 22, 2021

                                     */s/ Alicia Cobb*
                                     Alicia Cobb, WSBA #48685

SURREPLY MOT. TO STRIKE
CASE NO. CASE NO. 2:21-CV-563

5

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000