The Honorable John C. Coughenour

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

13

14

15

16

17

18

Wolfire Games, LLC, Sean Colvin, Susann Davis, Daniel Escobar, William Herbert, Ryan Lally, Hope Marchionda, Everett Stephens, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

VALVE CORPORATION, a Washington corporation,

Defendant.

No. 2:21-CV-563

**DEFENDANT VALVE CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

19       On December 16, 2020, the Court dismissed all of Plaintiffs' claims predicated on

20   separate markets and illegal tying. (Dkt. #80 at 8 (dismissing Counts I-IV and part of Count

21   VII)). Accordingly, Valve responds substantively herein only to Plaintiffs' remaining claims and

22   allegations that reasonably relate to the remaining claims. With respect to such allegations, each

23   allegation not specifically admitted herein is denied. To the extent any headings, tables, figures,

24   or any unnumbered paragraphs in the Complaint contain any allegations, Valve denies those

25   allegations. Valve reserves the right to amend this answer as this case proceeds.

26

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 1

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

## OVERVIEW OF THE ACTION

1. Valve admits that millions of Americans play video games. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1, and therefore denies them. Valve specifically denies that 75% of $30 billion in annual revenue flows through Valve.

2. Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 2 and footnote 1.

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 3.

4. Valve admits that it began operating Steam at a time when most game sellers were brick-and-mortar distributors. Valve lacks knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 4, and therefore denies them.

5. Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore denies them.

6. Valve denies all allegations in paragraph 6.

7. No response to the allegations in paragraph 7 or footnote 2 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. Paragraph 7 and footnote 2 also contain legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 7 and footnote 2.

8. No response to the allegations in paragraph 8 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraph 8.

9. No response to the allegations in paragraph 9 or footnote 3 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 2

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

prejudice. To the extent a response is required, Valve denies the allegations in paragraph 9 and footnote 3.

10.     No response to the allegations in paragraph 10 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraph 10.

11.     Valve denies all allegations in paragraph 11.

12.     No response to the allegations in paragraph 12 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraph 12.

13.     Valve denies all allegations in paragraph 13.

14.     Valve admits that the quoted words appear in the cited Tweet, and respectfully refers the Court to the Tweet for a complete statement of its contents. Valve denies the facts asserted in the quotation. Valve denies any remaining allegations in paragraph 14 and footnote 4.

15.     Valve admits that the quoted words appear in the cited version of the Steamworks Documentation and respectfully refers the Court to that version of the Steamworks Documentation for a complete statement of its contents. Valve admits that the quoted words are contained in the Steamworks Documentation. Valve denies the remaining allegations in paragraph 15 and footnote 5.

16.     Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 16.

17.     No response to the allegations in paragraph 17 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraph 17.

18.     Valve denies all allegations in paragraph 18 and footnote 6.

19.     Valve admits that the quoted words appear in one version of the Steamworks Documentation and respectfully refers the Court to the Steamworks Documentation for a

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 3

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

1   complete statement of its contents. Valve admits that consumers who make in-game purchases

2   on Steam may in some instances do so using their Steam Wallets, but denies the remaining

3   allegations in paragraph 19.

4        20.    Paragraph 20 contains legal conclusions to which no response is required. To the

5   extent a response is required, Valve denies the allegations in paragraph 20. Valve specifically

6   denies the existence of an "anticompetitive scheme" and the consequences of it that Plaintiffs

7   allege.

8        21.    Valve admits that it has roughly 350 employees. Valve lacks knowledge or

9   information sufficient to form a belief as to the remaining allegations in the first sentence of

10  paragraph 21, and therefore denies them. Valve denies the remaining allegations in paragraph 2.

11       22.    Valve denies all allegations in paragraph 22.

12       23.    Valve denies all allegations in paragraph 23.

13       24.    No response to the allegations in paragraph 24 is required because the Court

14  dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To

15  the extent a response is required, Valve denies the allegations in paragraph 24.

16       25.    No response to the allegations in paragraph 25 is required because the Court

17  dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To

18  the extent a response is required, Valve denies the allegations in paragraph 25.

19  **PARTIES**

20       26.    Valve admits that it is a Washington corporation headquartered in Bellevue,

21  Washington, and that it develops, publishes, and distributes video games on its online gaming

22  platform, Steam. Valve admits that it collects a percentage ("Revenue Share") of the sales price

23  on Steam, which sometimes equals 30% of the price. Valve specifically denies that its

24  commissions are anticompetitive, and Valve denies any remaining allegations in paragraph 26.

25

26

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 4

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

27.     Valve lacks knowledge or information sufficient to form a belief as to the location of Wolfire's headquarters. Valve admits that Wolfire has entered into certain agreements with Valve. Valve denies the remaining allegations in paragraph 27.

28.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore denies them.

29.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and therefore denies them.

30.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore denies them.

31.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, and therefore denies them.

32.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore denies them.

33.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, and therefore denies them.

34.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and therefore denies them.

### JURISDICTION AND VENUE

35.     Valve admits that Plaintiffs bring this action under Sections 4 and 16 of the Clayton Act, Section 2 of the Sherman Act, and Washington's Consumer Protection Act. Valve denies the remaining allegations in paragraph 35.

36.     Paragraph 36 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 36.

37.     Paragraph 37 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that its headquarters are located in Bellevue, Washington. Valve denies the remaining allegations in paragraph 37.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 5

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

38.     Paragraph 38 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that it transacts business in the Western District of Washington   Valve denies the remaining allegations in paragraph 38.

39.     Paragraph 39 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that Valve's principal place of business is in the State of Washington. Valve denies any remaining allegations in paragraph 39.

40.     Paragraph 40 contains a legal conclusion to which no response is required. To the extent a response is required, Valve denies the allegations in Paragraph 40.

41.     Paragraph 41 contains a legal conclusion to which no response is required. To the extent a response is required, Valve admits that it transacts business in the Western District of Washington  Valve denies the remaining allegations in paragraph 41.

## **FACTUAL ALLEGATIONS**

### I.     **BACKGROUND**

42.     Valve admits that a video game is an electronic game that can be played on a computing device such as a PC, gaming console, smartphone, or tablet. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42, and therefore denies them.

43.     Valve admits only that video games can be played on different types of devices. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43, and therefore denies them.

44.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, and therefore denies them.

45.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, and therefore denies them.

46.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and therefore denies them.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 6

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

47.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 or footnote 8, and therefore denies them.

48.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, and therefore denies them.

49.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, and therefore denies them.

50.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, and therefore denies them.

51.     The allegations that Valve quickly obtained and then anticompetitively maintained market power, gained market power, stifled competition, and engaged in anticompetitive conduct are legal conclusions to which no response is required. To the extent a response is required, Valve denies these allegations. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51, and therefore denies them.

52.     Valve admits that when games are purchased digitally, consumers can sometimes download the game directly to their PC. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52, and therefore denies them.

**A.      Valve—A PC Desktop Game Publisher Turned Gaming Platform Monopolist**

53.     Valve lacks knowledge or information sufficient to form a belief as to whether Half-Life was "comparable" to the other games mentioned, and therefore denies these allegations. Valve admits the remaining allegations in paragraph 53.

54.     Valve admits that Sierra originally published Half-Life and other PC games. Valve denies the allegation that in 2001 it acquired WON. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54, and therefore denies them.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 7

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

55.     No response to the allegations in paragraph 55 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve admits only that it launched Steam in 2003 and that Steam helped users keep their games up to date. Valve denies the remaining allegations in paragraph 55.

56.     No response to the allegations in paragraph 56 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve admits that consumers purchased games from other distributors rather than on Steam when Steam launched but denies the remaining allegations in paragraph 56.

57.     No response to the allegations in paragraph 57 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve admits that it released Half-Life 2 in 2004 and that upon release consumers could purchase it on Steam and from resellers. Valve denies the remaining allegations in paragraph 57.

58.     No response to the allegations in paragraph 58 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve admits that that upon release consumers could purchase Half-Life 2 on Steam and from resellers, and could play it on Steam. Valve denies the remaining allegations in paragraph 58.

59.     No response to the allegations in paragraph 59 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraph 59.

60.     No response to the allegations in paragraph 60 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To

1  the extent a response is required, Valve denies the allegations in paragraph 60. Valve denies that

2  it collects "personal information."

3      61.    No response to the allegations in paragraph 61 is required because the Court

4  dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To

5  the extent a response is required, Valve denies the allegations in paragraph 61

6      62.    Paragraph 62 contains legal conclusions to which no response is required. To the

7  extent a response is required, Valve denies the allegations in paragraph 62.

8      63.    Valve admits that the quoted words in footnote 9 appear in the cited publication,

9  and respectfully refers the Court to the publication for a complete statement of its contents.

10  Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations

11  about brick-and-mortar retailers' costs or commissions in paragraph 63, and therefore denies

12  them. Valve denies the remaining allegations in paragraph 63 and footnote 9.

13      64.    Valve denies all allegations in paragraph 64.

14      65.    Valve lacks knowledge or information sufficient to form a belief as to the truth of

15  the allegations in paragraph 65 or footnotes 10 and 11, and therefore denies them.

16      66.    Valve admits that the quoted words appear in the cited publications and

17  respectfully refers the Court to the publications for a complete statement of their contents. Valve

18  denies the facts asserted in the quotation. Valve denies the remaining allegations in paragraph 66.

19      67.    Valve denies all allegations in paragraph 67.

20      68.    Valve denies all allegations in paragraph 68.

21      69.    Valve denies all allegations in paragraph 69.

22      70.    Valve admits that it added social networking features, communities of game

23  moderators, and an achievement system to Steam. Valve denies the remaining allegations in

24  paragraph 70.

25      71.    Valve admits all allegations in paragraph 71 and footnotes 15, 16, and 17.

26      72.    Valve denies all allegations in paragraph 72.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 9

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

## II.   RELEVANT MARKETS

73.   No response to the allegations in paragraph 73 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraph 73.

74.   No response to the allegations in paragraph 74 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraph 74.

75.   No response to the allegations in paragraph 75 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraph 75.

### A.   The Distinctiveness of PC Desktop Games

76.   No response to the allegations in paragraph 76 and footnote 18 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraph 76 and footnote 18.

77.   Valve admits that some games do not work on more than one specific hardware system. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 77, and therefore denies them.

78.   Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78, and therefore denies them.

79.   Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79, and therefore denies them.

80.   Valve admits that the quoted words appear in the cited article and respectfully refers the Court to the article for a complete statement of its contents. Valve admits the facts alleged in the quotations. Valve denies any remaining allegations in paragraph 80 or footnote 19.

81.   Valve admits that the quoted words appear in the cited article and respectfully

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 10

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

refers the Court to the article for a complete statement of its contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the second quotation in paragraph 81, and therefore denies it. Valve denies any remaining allegations in paragraph 81 or footnote 20.

82.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82, and therefore denies them.

83.     Valve admits that there are multiple PC gaming platforms. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 83, and therefore denies them.

84.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84, and therefore denies them.

85.     Valve admits that games that allow online multiplayer gaming do not always allow the players on each platform to game together across different hardware systems. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 85, and therefore denies them.

86.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86, and therefore denies them.

87.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 or footnote 21, and therefore denies them.

88.     Valve admits that the website "NewZoo" breaks the "Global Games market" into three categories in the referenced market summary, and respectfully refers the Court to the website for a complete statement of its contents. Valve lacks knowledge or information to form a belief as to the truth of NewZoo's analysis, and therefore denies these allegations. Valve denies any remaining allegations in paragraph 88 and footnote 22.

89.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89, and therefore denies them.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 11

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

90.     Valve admits that it included the quoted words in the cited document, and respectfully refers the Court to the document for a complete statement of its contents. Valve denies that the quoted words are applicable to the analysis of market definition and other issues in this case. Valve denies any remaining allegations in paragraph 90 and footnote 23.

91.     Valve admits that, in the Epic case, it took the position that Valve did not compete in the mobile application market. Valve denies the remaining allegations in paragraph 91.

**B.     The Market for PC Desktop Platforms**

92.     Valve admits that the quoted words appear in the cited publication, and respectfully refers the Court to the publication for a complete statement of its contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the facts asserted in the quotation, and therefore denies them. Valve denies any remaining allegations in paragraph 24 and footnotes 24 and 25.

93.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the role technology platforms play in the nation's economy, and therefore denies them. Valve admits that the quoted words appear in the cited Report, and respectfully refers the Court to the Report for a complete statement of its contents. Valve denies the facts asserted in the quotation. Valve denies any remaining allegations in paragraph 93 and footnotes 26, 27, and 28.

94.     No response to the allegations in paragraph 94 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraph 94.

95.     Valve admits that some games do not work on more than one system. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 95, and therefore denies them.

96.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96, and therefore denies them.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 12

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

97.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97, and therefore denies them.

98.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98, and therefore denies them.

99.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99, and therefore denies them.

100.    Valve admits that the quoted words appear in the cited article and website post, and respectfully refers the Court to the article and website post for complete statements of their contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the facts asserted in the quotations, and therefore denies them. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 100 and footnotes 29 and 30, and therefore denies them.

101.    Valve admits that the quoted words appear in the cited document, and respectfully refers the Court to the document for a complete statement of its contents. Valve denies that the quoted words are applicable to the analysis of market definition and other issues in this case. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 101 and footnote 31, and therefore denies them.

102.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102, and therefore denies them.

103.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103, and therefore denies them.

104.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104, and therefore denies them.

105.    Valve denies all allegations in paragraph 105.

106.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106, and therefore denies them.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 13

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

### C.     The Market for PC Desktop Game Distribution

107.     No response to the allegations in paragraph 107 or footnotes 32 and 33 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraph 107 and footnotes 32 and 33. Valve specifically denies that Valve extracts an anticompetitive 30% commission from PC Desktop Game microtransactions.

108.     No response to the allegations in paragraph 108 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraph 108.

109.     No response to the allegations in paragraph 109 or footnote 34 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraph 109 and footnote 34.

110.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110, and therefore denies them.

111.     Valve denies that the Steam Store became dominant by 2013 after seven straight years of more than doubling its annual sales volume. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 111 or footnote 35, and therefore denies them. To the extent a response is required, Valve denies the remaining allegations in paragraph 111 and footnote 35.

112.     Valve admits that Steam had 20 million concurrent users at times in March 2020. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 112 or footnotes 36 and 37, and therefore denies them.

113.     Valve admits that the quoted words appear in the cited website post, and respectfully refers the Court to the post for a complete statement of its contents. Valve admits the facts asserted in the quotation.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 14

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

114.     Valve admits that the reproduced diagram appears on the cited website, and respectfully refers the Court to the website for a complete statement of its contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the contents of the diagram, and therefore denies these allegations. Valve denies any remaining allegations in paragraph 114 and footnote 39.

115.     No response to the allegations in paragraph 115 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraph 115.

116.     No response to the allegations in paragraph 116 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve admits that Steam Keys are alphanumeric codes that provide access to a digital copy of a Steam-enabled game. Valve denies the remaining allegations in paragraph 116.

117.     Valve admits the allegations in paragraph 117.

118.     No response to the allegations in paragraph 118 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraph 118.

119.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119, and therefore denies them.

120.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120, and therefore denies them.

## III.     VALVE POSSESSES MONOPOLY POWER IN THE RELEVANT MARKETS

121.     No response to the allegations in paragraph 121 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraph 121.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 15

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

**A.      The Steam Gaming Platform Is Dominant in the PC Desktop Gaming Platform Market**

122.     Valve admits that the quoted words appear in the cited article, and respectfully refers the Court to the article for a complete statement of its contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the facts asserted in the quotation, and therefore denies them. Valve denies the remaining allegations in paragraph 122 and footnote 40.

123.     Valve admits that the quoted words are spoken in the cited video, and respectfully refers the Court to the video for a complete statement of its contents. Valve lacks knowledge or information sufficient to form a belief regarding the facts asserted in the quotation, and therefore denies them. Valve denies the remaining allegations in paragraph 123 and footnote 41.

124.     Valve admits that the quoted words appear in the cited publication, and respectfully refers the Court to the publication for a complete statement of its contents. Valve lacks knowledge or information sufficient to form a belief regarding the facts asserted in the quotation, and therefore denies them. Valve admits that at times during the COVID-19 pandemic, there were more than 22 million users on Steam in a single day. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 124 and footnotes 42 and 43, and therefore denies them.

125.     Valve admits that the quoted words appear in the cited publications, and respectfully refers the Court to the publications for complete statements of their contents. Valve denies the facts asserted in the quotation. Valve denies the remaining allegations in paragraph 125 and footnotes 44-48.

126.     Valve admits that Steam connects gamers to games, other gamers, and publishers. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 126, and therefore denies them.

127.     Valve denies that the quoted words appear in the cited publication, and respectfully refers the Court to the publication for an accurate statement of its contents. Valve admits that the quoted words appear in the publication cited in footnote 44, and respectfully

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 16

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

1  refers the Court to the publication for a complete statement of its contents. Valve lacks

2  knowledge or information sufficient to form a belief regarding the facts asserted in the quotation,

3  and therefore denies them. Valve denies the remaining allegations in paragraph 127.

4          128.    Valve denies that the quoted words appear in the publication cited in footnote 50,

5  and respectfully refers the Court to the publication for an accurate statement of its contents.

6  Valve admits that the quoted words appear in the publication cited in footnote 51, and

7  respectfully refers the Court to the publication for a complete statement of its contents. Valve

8  lacks knowledge or information sufficient to form a belief regarding the facts asserted in the

9  quotations, and therefore denies them. Valve admits that it collects certain data., *e.g.*, as

10 described in the Steam Privacy Policy Agreement, https://store.steampowered.com/privacy_

11 agreement/. Valve denies the remaining allegations in paragraph 128.

12         129.    Valve admits only that it has the ability to refuse to feature games or otherwise

13 reduce a game's visibility on Steam. Valve denies the remaining allegations in paragraph 129.

14         130.    Valve admits only that it promotes its own games on Steam. Valve denies the

15 remaining allegations in paragraph 130.

16         131.    Valve admits only that it has the ability to remove games from Steam after they

17 have launched. Valve denies the remaining allegations in paragraph 131.

18         132.    Valve lacks knowledge or information sufficient to form a belief as to the truth of

19 the allegations in paragraph 132 or footnote 52 and 53, and therefore denies them.

20         133.    Valves lacks knowledge or information sufficient to form a belief as to the truth

21 of the allegations in paragraph 133, and therefore denies them.

22         134.    Valve lacks knowledge or information sufficient to form a belief as to the truth of

23 the allegations in paragraph 134, and therefore denies them.

24         135.    Valve admits that Steam currently has more than 45,000 games available. Valve

25 denies the remaining allegations in paragraph 135 and footnote 54.

26

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 17

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

1      136.   Paragraph 136 contains a legal conclusion to which no response is required. To
the extent a response is required, Valve admits that it maintains a "Steam Workshop." Valve
denies any remaining allegations in paragraph 136 and footnote 55.

      137.   No response to the allegations in paragraph 137 or footnote 56 is required because
the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with
prejudice. To the extent a response is required, Valve admits that Steam Workshop users can
create digital goods and modifications that can be sold to other gamers. Valve denies the
remaining allegations in paragraph 137 and footnote 56.

      138.   Valve admits that it made some payments to Steam Workshop participants and
discussed them. Valve denies the remaining allegations in paragraph 138 and footnotes 57 and
58.

      139.   Valve denies all allegations in paragraph 139.

**B.**      **The Steam Store Is Dominant in the PC Desktop Game Distribution Market**

      140.   No response to the allegations in paragraph 140 is required because the Court
dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To
the extent a response is required, Valve denies the allegations in paragraph 140.

      141.   Valve admits the allegations in paragraph 141, except that Valve denies that
Plaintiffs' alleged "PC Desktop Game Distribution Market" is legally cognizable.

      142.   Valve lacks knowledge or information sufficient to form a belief as to the truth of
the allegations in paragraph 142, and therefore denies them.

      143.   Valve denies all allegations in paragraph 143.

      144.   No response to the allegations in paragraph 144 is required because the Court
dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To
the extent a response is required, Valve denies the allegations in paragraph 144.

      145.   Valve denies all allegations in paragraph 145.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 18

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

**C.    The Combined Steam Product Is Dominant in the Alternative PC Desktop Game Transaction Platform Market**

146.    Valve denies all allegations in paragraph 146.

147.    Valve denies all allegations in paragraph 147.

148.    Valve denies all allegations in paragraph 148.

## IV.    STEAM HAS UNLAWFULLY MONOPOLIZED THE RELEVANT MARKETS

**A.    Valve Has Tied the PC Desktop Gaming Platform to the PC Desktop Game Distribution Market**

149.    No response to the allegations in paragraph 149 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraph 149.

150.    No response to the allegations in paragraph 150 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraph 150.

### 1.    *The Steam Gaming Platform and the Steam Store Constitute Two Separate Products*

151.    No response to the allegations in paragraph 151 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraph 151.

152.    No response to the allegations in paragraph 152 or footnotes 59 and 60 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve admits that the quoted words are spoken in the cited video, and respectfully refers the Court to the video for a complete statement of its contents. Valve denies the facts asserted in the quotations. Valve denies the remaining allegations in paragraph 152 and footnotes 59 and 60.

(a)    *Historical and Current Industry Practices Show the Products Are Distinct*

153.    No response to the allegations in paragraph 153 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 19

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

the extent a response is required, Valve denies the allegations in paragraph 153.

154.    No response to the allegations in paragraph 154 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraph 154.

155.    No response to the allegations in paragraph 155 or footnote 61 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 or footnote 61, and therefore denies them.

156.    No response to the allegations in paragraph 156 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156, and therefore denies them.

157.    No response to the allegations in paragraph 157 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157, and therefore denies them.

158.    No response to the allegations in paragraph 158 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158, and therefore denies them.

(b)    *Valve Allowed, and Then Blocked, Competition from Rival Distributors*

159.    No response to the allegations in paragraph 159 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve admits that some sales of Steam-enabled games are sales of Steam Keys. Valve denies the remaining allegations in paragraph 159.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 20

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

160.     Valve admits the allegations in paragraph 160.

161.     No response to the allegations in paragraph 161 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraph 161.

162.     No response to the allegations in paragraph 162 or footnote 62 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraph 162 and footnote 62.

163.     No response to the allegations in paragraph 163 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraph 163.

164.     Valve denies all allegations in paragraph 164.

165.     Valve admits that a Steam Key consists of a string of 15 letters and numbers, which grants the user access to a corresponding Steam-enabled game. Valve admits that a granted Steam Key request results in a text file that contains Steam Keys. Valve admits that a publisher can then send this file to a store that in turn offers those Steam Keys to customers, so customers can enable their purchased games on Steam. Valve denies the remaining allegations in paragraph 165.

166.     Valve admits that the Steam Keys program is not entirely invulnerable to bad actors. Valve denies the remaining allegations in paragraph 166.

167.     Valve admits that a "grey market" for Steam Keys exists. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 167, and therefore denies them.

168.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168, and therefore denies them.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 21

169.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169, and therefore denies them.

170.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the existence of a "problem" and that Humble Bundle "solved" it in paragraph 170, and therefore denies them. Valve admits the remaining allegations in paragraph 170.

171.     Valve denies all allegations in paragraph 171.

172.     No response to the allegations in paragraph 172 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraph 172.

173.     Valve admits that it eventually terminated the integration with Humble Bundle alleged in paragraph 170. Valve denies the remaining allegations in paragraph 173.

174.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174, and therefore denies them.

175.     Valve denies all allegations in paragraph 175.

176.     Valve denies all allegations in paragraph 176.

177.     No response to the allegations in paragraph 177 and footnote 63 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177 and footnote 63, and therefore denies them.

**2.     *Valve Coerces Publishers into Using the Steam Store***

178.     Valve admits the allegations in paragraph 178.

179.     Valve denies the allegations in the first sentence of paragraph 179. Valve admits that, after a game publisher clicks "Release App," a number of actions occur, including "publishing the store package," which means that Valve makes the game available for purchase on Steam. Valve denies the remaining allegations in paragraph 179.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 22

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

180.     No response to the allegations in paragraph 180 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraph 180.

181.     No response to the allegations in paragraph 181 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve admits that Steam Keys provide a mechanism for publishers of Steam-enabled games to market those games on non-Steam storefronts. Valve denies the remaining allegations in paragraph 181.

182.     Valve admits that the quoted words appear in the cited website post, and respectfully refers the Court to the website post for a complete statement of its contents. Valve admits that the quoted words are contained in Valve's written policies. Valve denies the remaining allegations in paragraph 182 and footnotes 65 and 66.

183.     Valve denies all allegations in paragraph 183.

184.     Valve admits that the quoted words appear in the cited message, and respectfully refers the Court to the message for a complete statement of its contents. Valve denies all allegations of fact in paragraph 184, and further denies that Plaintiffs' have accurately characterized the quoted words in the cited message.

185.     Valve denies all allegations in paragraph 185.

186.     Valve denies all allegations in paragraph 186.

187.     Valve admits that the quoted words appear in the cited article, and respectfully refers the Court to the article for a complete statement of its contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the facts asserted in the quotation, and therefore denies them. Valve admits that Valve does not sell on Steam versions of games enabled for other platforms. Valve denies the remaining allegations in paragraph 187 and footnote 67.

### 3.     *Valve Tie Causes Anticompetitive Harm*

188.     No response to the allegations in paragraph 188 or footnote 68 is required because

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 23

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve admits that the quoted words appear in the cited article. Valve denies the facts asserted in the quotation. Valve denies the remaining allegations in paragraph 188 and footnote 68.

189.    No response to the allegations in paragraph 189 or footnotes 69 and 70 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve admits that the quoted words appear in the cited article. Valve denies the facts asserted in the quotation. Valve denies the remaining allegations in paragraph 189 and footnotes 69 and 70.

190.    No response to the allegations in paragraph 190 or footnotes 69 and 70 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. Paragraph 190 also contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 189 and footnotes 71-73.

191.    No response to the allegations in paragraph 191 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. Paragraph 191 also contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 191.

192.    No response to the allegations in paragraph 192 or footnote 74 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraph 192 and footnote 74.

193.    No response to the allegations in paragraph 193 or footnote 75 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraph 193 and footnote 75.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 24

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

194.     No response to the allegations in paragraph 194 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 194, and therefore denies them.

195.     No response to the allegations in paragraph 195 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 195, and therefore denies them.

196.     No response to the allegations in paragraph 196 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 196, and therefore denies them.

197.     No response to the allegations in paragraph 197 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 197, and therefore denies them.

198.     No response to the allegations in paragraph 198 or footnote 76 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 198, and therefore denies them.

199.     No response to the allegations in paragraph 199 or footnote 77 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 199, and therefore denies them.

200.     No response to the allegations in paragraph 200 or footnote 78 and 79 is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT (CASE NO. 2:21-CV-563 - 25

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

with prejudice. To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 200, and therefore denies them.

**B.      Valve Imposes the Valve PMFN on Publishers**

201.    Valve denies all allegations in Paragraph 201.

**1.      *Valve Imposes the PMFN Through Written and Unwritten Rules***

202.    Valve denies all allegations in Paragraph 202.

203.    Valve admits that the quoted words appear in the cited website post, and respectfully refers the Court to the post for a complete statement of its contents. Valve admits that the quoted words are contained in Valve's Steamworks Documentation. Valve denies the remaining allegations in Paragraph 203 and footnote 80.

204.    Valve admits that the quoted words appear in the cited Tweets, and respectfully refers the Court to the Tweets for a complete statement of their contents. Valve denies the facts asserted in the quotations. Valve denies the remaining allegations in Paragraph 204 and footnotes 81 and 82.

205.    Valve denies all allegations in Paragraph 205.

206.    Valve denies all allegations in Paragraph 206.

207.    Valve lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 207, and therefore denies them.

208.    Valve denies all allegations in paragraph 208.

209.    Valve denies all allegations in paragraph 209.

210.    Valve denies all allegations in paragraph 210.

211.    Valve denies all allegations in paragraph 211.

212.    Valve denies all allegations in paragraph 212.

213.    Valve admits that the quoted words appear in the cited website post, and respectfully refers the Court to the post for a complete statement of its contents. Valve admits

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 26

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

that the quoted words are contained in Valve's Steamworks Documentation. Valve denies the remaining allegations in paragraph 213 and footnote 83, and further denies that Plaintiffs have accurately characterized the quoted words in the cited message.

214.   Valve admits that the quoted words appear in the cited website post, and respectfully refers the Court to the post for a complete statement of its contents. Valve admits that the quoted words were contained in an earlier version of Valve's Steamworks Documentation. Valve denies the remaining allegations in paragraph 214 and footnote 84.

215.   Valve admits only that the copy of the screen reproduced in paragraph 215 appears to be an accurate reproduction of a screen asking for confirmation of a request for Steam keys and setting out certain terms. Valve denies any remaining allegations in paragraph 215.

216.   Valve admits that the quoted words appear on the website reproduced in paragraph 215, and respectfully refers the Court to the image in paragraph 215 for a complete statement of its contents. Valve denies the remaining allegations in paragraph 216.

217.   Valve admits that the quoted words appear on the cited website page, and respectfully refers the Court to the website for a complete statement of its contents. Valve admits that the quoted words were contained in Valve's Steamworks Documentation. Valve denies the remaining allegations in paragraph 217 and footnote 85.

218.   Valve admits that Steamworks includes discussion forums where game publishers can interact with Valve employees. Valve further admits that the quoted words appeared in forum postings.  Valve denies the remaining allegations in paragraph 218.

219.   Valve denies all allegations in paragraph 219.

220.   Valve admits that the quoted words appear in forum postings. Valve denies the remaining allegations in paragraph 220.

221.   Valve denies that it maintains or enforces a PMFN. Valve admits that a call between Wolfire's owner and Tom Giardino took place on December 3, 2018, but denies Plaintiffs' allegations of the content of the call or what transpired during it. Valve lacks

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 27

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 221, and therefore denies them.

222.   Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 222, and therefore denies them.

223.   Valve denies all allegations in Paragraph 223.

224.   Valve denies all allegations in Paragraph 224.

**2.     *The Valve PMFN Suppresses Price Competition Across the Industry***

225.   Valve denies all allegations in paragraph 225.

226.   Valve denies that it maintains or enforces a PMFN. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 226, and therefore denies them.

227.   Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 227, and therefore denies them.

228.   Valve denies all allegations in paragraph 228.

229.   Valve denies all allegations in paragraph 229.

230.   Valve denies all allegations in paragraph 230.

231.   Valve denes that it imposes a PMFN. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 231, and therefore denies them.

232.   Valve denies all allegations in paragraph 232.

**3.     *The Valve PMFN Imposes Anticompetitive Harm***

233.   Valve denies all allegations in paragraph 233 and footnote 86.

234.   Valve admits that the quoted words appear in the cited article, and respectfully refers the Court to the article for a complete statement of its contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the facts asserted in the quotation, and therefore denies them. Valve lacks knowledge or information sufficient to form a belief as to the

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 28

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

truth of the remaining allegations in paragraph 234 and footnotes 87 and 88, and therefore denies them.

235.     Valve denies all allegations in paragraph 235.

236.     Valve denies all allegations in paragraph 236 and footnote 89.

237.     Valve admits that the quoted words appear in the cited article, and respectfully refers the Court to the article for a complete statement of its contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the quoted words in paragraph 237, and therefore denies them. Valve denies the remaining allegations in paragraph 237 and footnote 90.

238.     Valve admits that the quoted words appear in the cited article, and respectfully refers the Court to the article for a complete statement of its contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the quoted words in paragraph 238, and therefore denies them. Valve denies the remaining allegations in paragraph 238 and footnote 91.

239.     Valve admits that the quoted words appear in the cited article, and respectfully refers the Court to the article for a complete statement of its contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the quoted words in paragraph 239, and therefore denies them. Valve denies the remaining allegations in paragraph 239 and footnote 92.

240.     Valve admits that the quoted words appear in the cited article, and respectfully refers the Court to the article for a complete statement of its contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the quoted words in paragraph 240, and therefore denies them. Valve denies the remaining allegations in paragraph 240 and footnotes 93 and 94.

241.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 241 and footnote 95, and therefore denies them.

242.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 242 and footnote 96, and therefore denies them.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:1-CV-563 - 29

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

1    243.    Valve admits that the quoted words appear in the cited article, and respectfully

2  refers the Court to the article for a complete statement of its contents. Valve lacks knowledge or

3  information sufficient to form a belief as to the truth of the quoted words in paragraph 243, and

4  therefore denies them. Valve denies the remaining allegations in paragraph 243 and footnote 97.

5    244.    Valve admits that the quoted words appear in the cited article, and respectfully

6  refers the Court to the article for a complete statement of its contents. Valve lacks knowledge or

7  information sufficient to form a belief as to the truth of the quoted words in paragraph 244, and

8  therefore denies them. Valve denies the remaining allegations in paragraph 244 and footnote 98

9  and 99.

10    245.    Valve lacks knowledge or information sufficient to form a belief as to the truth of

11  the allegations in paragraph 245 and footnotes 100 and 101, and therefore denies them.

12    246.    Valve denies all allegations in paragraph 246.

13  **V.    ATTEMPTS AT ENTRY INTO THE RELEVANT MARKETS HAVE FAILED BECAUSE OF VALVE'S ANTICOMPETITIVE RESTRAINTS**

14

15    247.    Valve denies all allegations in paragraph 247.

    248.    Valve denies all allegations in paragraph 248.

16

    249.    Valve denies all allegations in paragraph 249.

17

    250.    Valve denies all allegations in paragraph 250.

18

19    251.    Valve admits that it is subject to substantial competition from companies

20  including EA, Microsoft, and Amazon. Valve denies the remaining allegations in paragraph 251.

    252.    Valve denies all allegations in paragraph 252.

21

    253.    Valve denies all allegations in paragraph 253.

22

23    254.    No response to the allegations in paragraph 254 is required because the Court

24  dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To

  the extent a response is required, Valve denies the allegations in paragraph 254.

25

26    255.    Valve admits only that there are no significant barriers to entry in distributing PC

  games and denies the remaining allegations in paragraph 255.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 30

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

1    256.    Valve denies all allegations in paragraph 256.

2    **A.    Electronic Arts**

3    257.    Valve lacks knowledge or information sufficient to form a belief as to the truth of

4    the allegations in paragraph 257 or footnote 102, and therefore denies them.

5    258.    Valve lacks knowledge or information sufficient to form a belief as to the truth of

6    the allegations in paragraph 258 or footnotes 103 and 104, and therefore denies them.

7    259.    Valve admits that the quoted words appear in the cited article, and respectfully

8    refers the Court to the article for a complete statement of its contents. Valve lacks knowledge or

9    information sufficient to form a belief as to the truth of the remaining allegations in paragraph

10   259 or footnotes 105 and 106, and therefore denies them.

11   260.    Valve admits that the quoted words appear in the cited article, and respectfully

12   refers the Court to the article for a complete statement of its contents. Valve lacks knowledge or

13   information sufficient to form a belief as to the truth of the allegations in the quoted words and in

14   the remainder of paragraph 250 and footnote 107, and therefore denies them.

15   261.    Valve admits that the quoted words appear in the cited article, and respectfully

16   refers the Court to the article for a complete statement of its contents. Valve lacks knowledge or

17   information sufficient to form a belief as to the truth of the remaining allegations in paragraph

18   261 or footnotes 108 and 109, and therefore denies them.

19   262.    Valve denies all allegations in paragraph 262.

20   **B.    Discord**

21   263.    Valve lacks knowledge or information sufficient to form a belief as to the truth of

22   the allegations in paragraph 263 or footnotes 110 and 111, and therefore denies them.

23   264.    Valve admits that the quoted words appear in the cited article, and respectfully

24   refers the Court to the article for a complete statement of its contents. Valve lacks knowledge or

25   information sufficient to form a belief as to the truth of the remaining allegations in paragraph

26   264 or footnote 112, and therefore denies them.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 31

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

265.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 265 or footnote 113, and therefore denies them.

266.    Valve admits that the quoted words appear in the cited blog post, and respectfully refers the Court to the post for a complete statement of its contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 266 or footnotes 114-117, and therefore denies them.

267.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 267 or footnotes 118 and 119, and therefore denies them.

268.    Valve denies all allegations in paragraph 268.

269.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 269, and therefore denies them.

270.    Valve admits that the quoted words appear in the cited article, and respectfully refers the Court to the article for a complete statement of its contents. Valve denies the facts asserted in the quotation in paragraph 270. Valve denies the remaining allegations in paragraph 270 and footnote 120.

271.    Valve admits that the quoted words appear in the cited article, and respectfully refers the Court to the article for a complete statement of its contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the quoted words in paragraph 271, and therefore denies them. Valve denies the remaining allegations in paragraph 271 and footnote 121.

**C.    Microsoft, Amazon, Google**

272.    Valve admits that Microsoft offers games and other offerings competitive with those on Steam. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 272 or footnote 122, and therefore denies them.

273.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 273, and therefore denies them.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 32

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

274.    Valve admits that the quoted words appear in the cited article, and respectfully refers the Court to the article for a complete statement of its contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 274 or footnote 123, and therefore denies them.

275.    Valve admits that the quoted words appear in the cited article, and respectfully refers the Court to the article for a complete statement of its contents. Valve admits that Amazon offers games and other offerings competitive with those on Steam. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 275 or footnotes 124 and 125, and therefore denies them.

276.    Valve admits that Google Stadia offers games and other offerings competitive with those on Steam. Valve admits that the quoted words appear in the cited article, and respectfully refers the Court to the article for a complete statement of its contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 276 or footnotes 126 and 127, and therefore denies them.

**D.    Epic Game Store**

277.    Valve admits that Epic offers games and other offerings competitive with those on Steam. Valve lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 277, and therefore denies them.

278.    Valve admits that the quoted words appear in the cited article, and respectfully refers the Court to the article for a complete statement of its contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 278 or footnotes 128 and 129, and therefore denies them.

279.    Valve admits that the quoted words appear in the cited document, and respectfully refers the Court to the document for a complete statement of its contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 279 or footnote 130, and therefore denies them.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 33

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

280.     Valve lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 280 or footnote 131, and therefore denies them.

281.     Valve admits that the quoted words appear in the cited articles, and respectfully refers the Court to the articles for complete statements of their contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 281 or footnote 132 and 133, and therefore denies them.

282.     Valve lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 282 or footnotes 134 and 135, and therefore denies them.

283.     Valve admits that the quoted words appear in the cited article, and respectfully refers the Court to the article for a complete statement of its contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 283 or footnote 136, and therefore denies them.

284.     Valve admits that the quoted words appear in the cited website post, and respectfully refers the Court to the post for a complete statement of its contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 284 or footnote 137, and therefore denies them.

285.     Valve lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 285 or footnotes 138 and 139, and therefore denies them.

286.     Valve lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 286, and therefore denies them.

287.     Valve admits that the quoted words appear in the cited article, and respectfully refers the Court to the article for a complete statement of its contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 287 or footnote 140, and therefore denies them.

288.     Valve denies all allegations in paragraph 288.

289.     Valve denies all allegations in paragraph 289.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 34

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

## VI. VALVE'S ANTICOMPETITIVE PRACTICES DIRECTLY HARM BOTH GAME PUBLISHERS AND GAME PURCHASERS

290. Valve admits that the quoted words appear in the cited case and publications, and respectfully refers the Court to the case and publications for complete statements of their contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 290, and therefore denies them.

291. Valve denies all allegations in paragraph 291.

292. Valve denies all allegations in paragraph 292.

293. Valve admits that the quoted words appear in the cited article, and respectfully refers the Court to the article for a complete statement of its contents. Valve denies the remaining allegations in paragraph 293 and footnotes 142-144.

294. Valve denies all allegations in paragraph 294.

295. Valve denies all allegations in paragraph 295.

296. Valve admits that the quoted words appear in the cited articles, and respectfully refers the Court to the articles for complete statements of their contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the quoted words in paragraph 296, and therefore denies them. Valve denies the remaining allegations in paragraph 296 and footnotes 145-147.

297. Valve denies all allegations in paragraph 297.

298. Valve denies the allegations in paragraph 298 that consumers or publishers are harmed by its conduct. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 298 and footnotes 148 and 149, and therefore denies them.

299. Valve denies the allegations in paragraph 299 that its conduct is anticompetitive and that consumers or publishers are harmed by its conduct. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 299 or footnotes 150-152, and therefore denies them.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 35

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

300.     Valve denies the allegations of the last sentence of paragraph 300. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 300 or footnotes 153 and 154, and therefore denies them.

301.     Valve denies that its commissions are supracompetitive, admits that the quoted words appear in the cited articles, and respectfully refers the Court to the articles for complete statements of their contents. Valve denies the remaining allegations in paragraph 301 and footnotes 155-157.

302.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 302, and therefore denies them.

303.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 303 or footnotes 158 and 159, and therefore denies them.

304.     Valve admits that the quoted words appear in the cited articles, and respectfully refers the Court to the articles for a complete statement of their contents. Valve lacks knowledge or information sufficient to form a belief as to the motives of regulators, and therefore denies the allegations of the first sentence of paragraph 304. Valve denies the remaining allegations in paragraph 304 and footnotes 160 and 161.

305.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 305, and therefore denies them.

306.     Valve admits that the quoted words appear in the cited Report, and respectfully refers the Court to the Report for a complete statement of its contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the quoted words in paragraph 306, and therefore denies them. Valve denies the remaining allegations in paragraph 306 and footnotes 162 and 163.

307.     Valve denies all allegations in paragraph 307.

308.     Valve denies all allegations in paragraph 308.

309.     Valve denies all allegations in paragraph 309.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 36

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

310.     Valve denies all allegations in paragraph 310.

311.     Valve denies all allegations in paragraph 311.

312.     Valve denies all allegations in paragraph 312.

313.     Valve denies all allegations in paragraph 313.

314.     Valve admits that the quoted words appear in the cited website posts, and respectfully refers the Court to the posts for complete statements of their contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the quoted words in paragraph 314 not attributed to Valve, and therefore denies them. Valve denies the remaining allegations in paragraph 314 and footnotes 164-168.

315.     Valve admits that Steam contains a Family Friendly section. Valve admits that the referenced guide exists.  Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 315 or footnotes 169 and 170, and therefore denies them.

316.     Valve admits that the quoted words appear in the cited website post and article, and respectfully refers the Court to the post and article for complete statements of their contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the quoted words in paragraph 316, and therefore denies them. Valve denies the remaining allegations in paragraph 316 and footnotes 171 and 172.

317.     Valve admits that the quoted words appear in the cited website post and article, and respectfully refers the Court to the post and article for complete statements of their contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the quoted words in paragraph 317 not attributed to Valve, and therefore denies them. Valve denies the remaining allegations in paragraph 317 and footnotes 173-175.

318.     Valve admits that the quoted words appear in the cited Tweet, and respectfully refers the Court to the Tweet for a complete statement of its contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the quoted words in paragraph 318, and

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 37

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

therefore denies them. Valve denies the remaining allegations in paragraph 318 and footnote 176.

319.    Valve admits that it made changes to its Revenue Share terms. Valve denies the remaining allegations in paragraph 319.

320.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 320 or footnote 177, and therefore denies them.

321.    Valve admits that the quoted words appear in the cited article, and respectfully refers the Court to the article for a complete statement of its contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the quoted words in paragraph 321, and therefore denies them. Valve denies the remaining allegations in paragraph 321 and footnotes 178-180.

322.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 322, and therefore denies them. Valve specifically denies the existence of a PMFN.

323.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 323, and therefore denies them. Valve specifically denies the existence of a PMFN.

324.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 324, and therefore denies them.

325.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 325, and therefore denies them.

326.    Valve denies all allegations in paragraph 326.

327.    Valve denies all allegations in paragraph 327.

## CLASS ACTION ALLEGATIONS

328.    Valve admits that Plaintiffs bring this action under Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3) but denies that it satisfies those rules.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 38

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

329.   Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 329, and therefore denies them.

330.   The allegation that both buyers and sellers are direct purchasers from Valve is a legal conclusion to which no response is required. To the extent a response is required, Valve denies the allegation on the grounds that buyers are not direct purchasers in all instances. Valve denies the remaining allegations in paragraph 330.

331.   No response to this claim or these allegations is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent that a response is required, Valve denies the allegations in paragraph 331.

332.   Paragraph 332 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 332.

333.   Paragraph 333 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 333.

334.   Paragraph 334 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 334.

335.   Paragraph 335 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 335.

336.   Paragraph 336 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 336.

337.   Paragraph 337 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 337.

338.   Paragraph 338 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 338.

339.   Paragraph 339 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 339.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 39

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

340.     Paragraph 340 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 340.

### INTERSTATE TRADE AND COMMERCE

341.     Valve admits that it participates in interstate commerce but denies the remaining allegations in paragraph 341.

342.     Valve denies all allegations in paragraph 342.

### CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Sherman Act Section 2—Monopolization of the PC Desktop Game Distribution Market (15 U.S.C. § 2)

343.     Valve incorporates its answers to the preceding paragraphs as if fully set forth in this paragraph.

344-355.     No response to this claim or these allegations is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in Paragraphs 344 through 355.

### SECOND CAUSE OF ACTION

### Sherman Act Section 2—Attempted Monopolization of the PC Desktop Game Distribution Market (15 U.S.C. § 2)

356.     Valve incorporates its answers to the preceding paragraphs as if fully set forth in this paragraph.

357-364.     No response to this claim or these allegations is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraphs 357-364.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 40

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

### THIRD CAUSE OF ACTION

### Sherman Act Section 2—Monopolization of the PC Desktop Game Platform Market (15 U.S.C. § 2)

365.     Valve incorporates its answers to the preceding paragraphs as if fully set forth in this paragraph.

366-374.      No response to this claim or these allegations is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraphs 366-374.

### FOURTH CAUSE OF ACTION

### Sherman Act Section 2—Attempted Monopolization of the PC Desktop Gaming Platform Market (15 U.S.C. § 2)

375.     Valve incorporates its answers to the preceding paragraphs as if fully set forth in this paragraph.

376-383.      No response to this claim or these allegations is required because the Court dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To the extent a response is required, Valve denies the allegations in paragraphs 376-383.

### FIFTH CAUSE OF ACTION

### Sherman Act Section 2—Monopolization of the Alternative PC Desktop Game Transaction Platforms Market (15 U.S.C. § 2)

384.     Valve incorporates its answers to the preceding paragraphs as if fully set forth in this paragraph.

385.     Valve denies all allegations in paragraph 385.

386.     Valve denies all allegations in paragraph 386.

387.     Valve denies all allegations in paragraph 387.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT (CASE NO. 2:21-CV-563 - 41

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

388. Valve denies all allegations in paragraph 388.

389. Valve denies all allegations in paragraph 389.

390. Valve denies all allegations in paragraph 390.

391. Valve denies all allegations in paragraph 391.

392. Valve denies all allegations in paragraph 392.

## SIXTH CAUSE OF ACTION

### Sherman Act Section 2—Attempted Monopolization of the Alternative PC Desktop Game Transaction Platforms Market (15 U.S.C. § 2)

393. Valve incorporates its answers to the preceding paragraphs as if fully set forth in this paragraph.

394. Valve denies all allegations in paragraph 394.

395. Valve denies all allegations in paragraph 395.

396. Valve denies all allegations in paragraph 396.

397. Valve denies all allegations in paragraph 397.

398. Valve denies all allegations in paragraph 398.

399. Valve denies all allegations in paragraph 399.

400. Valve denies all allegations in paragraph 400.

401. Valve denies all allegations in paragraph 401.

402. Valve denies all allegations in paragraph 402.

## SEVENTH CAUSE OF ACTION

### Sherman Act Section 1—Unreasonable Restraints of Trade (15 U.S.C. § 1)

403. Valve incorporates its answers to the preceding paragraphs as if fully set forth in this paragraph.

404. Valve denies the allegations in paragraph 404.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 42

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

1    405.    No response to this claim or these allegations is required because the Court

2  dismissed Plaintiffs' claims predicated on separate markets and illegal tying with prejudice. To

3  the extent a response is required, Valve denies the allegations in paragraph 405.

4    406.    Valve denies all allegations in paragraph 406.

5    407.    Valve denies all allegations in paragraph 407.

6    408.    Valve denies all allegations in paragraph 408.

7    409.    Valve denies all allegations in paragraph 409.

8    410.    Valve denies all allegations in paragraph 410.

9    411.    Valve denies all allegations in paragraph 411.

<strong><u>EIGHTH CAUSE OF ACTION</u></strong>

<strong><u>Washington State Consumer Protection Act RCW 19.86</u></strong>

12    412.    Valve incorporates its answers to the preceding paragraphs as if fully set forth in

13  this paragraph.

14    413.    Valve denies all allegations in paragraph 413.

15    414.    Valve denies all allegations in paragraph 414.

16    415.    Valve denies all allegations in paragraph 415.

17    416.    Valve denies all allegations in paragraph 416.

18    417.    Valve denies all allegations in paragraph 417.

19    418.    Valve denies all allegations in paragraph 418.

<strong><u>PRAYER FOR RELIEF</u></strong>

21    Valve denies that Plaintiffs are entitled to any relief whatsoever from Valve and further

22  denies all allegations contained in the section of Plaintiffs' Second Amended Consolidated Class

23  Action Complaint titled "Prayer for Relief."

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 43

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

**<u>AFFIRMATIVE DEFENSES</u>**

For its affirmative defenses to Plaintiffs' Second Amended Consolidated Class Action Complaint, Valve alleges as follows:

<u>FIRST AFFIRMATIVE DEFENSE</u>

The Complaint fails to state a claim upon which relief can be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

The Complaint and the relief sought therein are barred because the alleged conduct had no anticompetitive effect.

<u>THIRD AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims are barred because Plaintiffs have not suffered any antitrust injury.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate and/or, through their own conduct, caused damages, if any, allegedly suffered as a result of the alleged conduct.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims for damages are barred, in whole or in part, because their alleged damages, if any, are too remote and/or speculative to allow recovery and because determining whether, or to what extent, Plaintiffs were damaged is not possible.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

Any injuries sustained by Plaintiffs or putative class members were not caused by Valve.

<u>NINTH AFFIRMATIVE DEFENSE</u>

Plaintiffs are not entitled to injunctive relief as they have an adequate remedy at law.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 44

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

1

<u>TENTH AFFIRMATIVE DEFENSE</u>

2

The claims alleged in the Complaint may not be properly maintained or certified as a

3

class action.

4

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

5

Plaintiffs' claims are barred, in whole or in part, insofar as Plaintiffs make claims or seek

6

remedies that conflict with, are barred by, or are waived by the terms of Plaintiff's agreements

7

with Valve.

8

<u>ADDITIONAL DEFENSES</u>

9

Valve reserves the right to amend this Answer to add, supplement, or modify defenses

10

based upon legal theories that come to light through further clarification of the Complaint,

11

through discovery, or through further legal analysis of Plaintiffs' allegations, contentions, and

12

positions in this litigation.

13

**<u>JURY DEMAND</u>**

14

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Valve demands a trial by

15

jury of all claims and issues so triable.

16

**<u>PRAYER FOR RELIEF</u>**

17

WHEREFORE, having fully answered Plaintiffs' Second Amended Consolidated Class

18

Action Complaint, Valve prays for the following relief:

19

A.      An order dismissing Plaintiffs' Second Amended Consolidated Class Action

20

Complaint against Valve with prejudice;

21

B.      An award of all its attorneys' fees and costs to the extent permitted by law; and

22

C.      For such other and further relief as this Court deems just and equitable.

23

24

25

26

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 45

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

DATED this 10th day of June, 2022.

**FOX ROTHSCHILD, LLP**


By  *s/ Gavin W. Skok*
　　　Gavin W. Skok, WSBA #29766
　　　1001 Fourth Avenue, Suite 4400
　　　Seattle, WA 98154
　　　Telephone:　　206.624.3600
　　　Facsimile:　　206.389.1708
　　　Email:　　gskok@foxrothschild.com

And
**MONTGOMERY MCCRACKEN**
**WALKER & RHOADS, LLP**


By  *s/ Charles B. Casper*
　　　Charles B. Casper (admitted *pro hac vice*)
　　　1735 Market Street
　　　Philadelphia, PA  19103
　　　Telephone:　　215.772.1500
　　　Facsimile:　　215.772.7620
　　　Email:　　ccasper@mmwr.com

　　　Attorneys for Defendant Valve Corporation

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 46

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

**CERTIFICATE OF SERVICE**

I certify that I am a secretary at the law firm of Fox Rothschild LLP in Seattle, Washington. I am a U.S. citizen over the age of eighteen years and not a party to the within cause. On the date shown below, I caused to be served a true and correct copy of the foregoing on counsel of record for all other parties to this action as indicated below:

**Service List**

Stephanie L. Jensen
WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
Facsimile: (206) 883-2699
Email: sjensen@wsgr.com

Kenneth R. O'Rourke
Scott A. Sher
Allison B. Smith
WILSON SONSINI GOODRICH & ROSATI, P.C.
1700 K Street, NW, Suite 500
Washington, DC 20006
Telephone: (202) 973-8800
Facsimile: (202) 973-8899
Email: korourke@wsgr.com
ssher@wsgr.com; allison.smith@wsgr.com

W. Joseph Bruckner
Joseph C. Bourne
Leona B. Ajavon
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
Email: wjbruckner@locklaw.com;
jcbourne@locklaw.com;
lbajavon@locklaw.com

*Attorneys for Plaintiffs*

☐ Via US Mail
☐ Via Messenger
☒ Via CM/ECF / Email
☐ Via over-night delivery

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 47

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

1    I declare under penalty of perjury that the foregoing is true and correct.

2    EXECUTED this 10th day of June, 2022, in Puyallup, Washington.

3

4                                                    Courtney R. Brooks

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
(CASE NO. 2:21-CV-563 - 48

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600