Hon. John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| In re VALVE ANTITRUST LITIGATION | Lead Case No. 2:21-cv-00563-JCC<br><br>**MOTION FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL**<br><br>NOTE ON MOTION CALENDAR:<br>August 12, 2022 |
|---|---|

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1

II. LEGAL STANDARD ..................................................................................................... 2

III. ARGUMENT ................................................................................................................... 2

    A. Counsel Have Done Substantial Work to Investigate and Challenge Valve's Conduct ................................................................................................................ 3

    B. Counsel Have Significant Experience with Complex Class Actions and Deep Knowledge of Antitrust Law as Applied to Large Technology Firms ............ 3

    C. Counsel Will Bring Extensive Human and Financial Resources to Litigate This Proposed Class Action ................................................................................. 4

    D. Plaintiffs Propose a Well-Accepted Form of Leadership for Cases Like This ......... 5

IV. CONCLUSION ................................................................................................................ 6

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Beasley v. TTEC Services. Corp.*, Case Nos. 22-cv-00097-PAB-NYW,
    2022 WL 1719654 (D. Colo. May 27, 2022) ................................................................... 5

*Ehler v. IPEX, Inc.*,
    Case No. 08-cv-02220-CMA-BNB, 2009 WL 1392075 (D. Colo. May 15, 2009) ................... 5

*Four In One Co., Inc. v. SK Foods, L.P.*,
    Case No. 2:08-cv-03017-MCE-EFB, 2009 WL 747160 (E.D. Cal. Mar. 20, 2009) ................. 5

*Granata v. Pratt & Whitney*,
    Case No. 3:21-CV-01657(SVN), 2022 WL 732271 (D. Conn. Mar. 11, 2022) ....................... 5

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
    288 F.R.D. 26 (S.D.N.Y. 2012) .................................................................................. 3

*In re Mun. Derivatives Antitrust Litig.*,
    252 F.R.D. 184 (S.D.N.Y. 2008) ............................................................................. 3, 5

*McFadden v. Microsoft Corp.*,
    Case No. C20-0640-RSM-MAT, 2020 WL 5642822 (W.D. Wash. Sept. 22, 2020) ............... 2

*Michelle v. Artic Zero, Inc.*,
    Case No. 12cv2062-GPC, 2013 WL 791145 (S.D. Cal. Mar. 1, 2013) ................................. 3

**Rules**

Fed. R. Civ. P. 23(g)(1)(A) .............................................................................................. 2

Fed. R. Civ. P. 23(g)(1)(B) .............................................................................................. 2

Fed. R. Civ. P. 23(g)(3) .................................................................................................. 1

## I.     INTRODUCTION

Plaintiffs Wolfire Games, LLC ("Wolfire"), Dark Catt Studios Holdings, Inc. and Dark Catt Studios Interactive LLC (collectively with Dark Catt Studios Holdings, Inc., "Dark Catt," and collectively with Wolfire, "Plaintiffs"), jointly propose a leadership structure for this class action, as well as for any other subsequently-filed class actions that are consolidated into these actions. The proposed structure consists of Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), Constantine Cannon LLP ("Constantine Cannon"), Lockridge Grindal Nauen P.L.L.P. ("Lockridge"), and Wilson Sonsini Goodrich & Rosati, P.C. ("WSGR") (collectively, "Proposed Co-Lead Class Counsel") as Interim Co-Lead Class Counsel, with Vorys, Sater, Seymour and Pease LLP ("Vorys") serving as an Executive Committee.

Proposed Co-Lead Class Counsel are collectively responsible for developing this antitrust case against Valve Corporation ("Valve"), the dominant platform for personal-computer ("PC") video games, and originally litigated their respective matters in parallel for months—with counsel in each case separately defeating Valve's motions to dismiss. In light of the Court's previous Order denying their motions for appointment as interim class counsel without prejudice, all counsel met and conferred after the Court's rulings on the motions to dismiss, and agreed to the self-ordered leadership structure they now propose. Ever since, they have collaboratively pursued claims on behalf of the game publisher plaintiffs together.[1]

Given this demonstrated ability to work together in an efficient and productive manner, Proposed Co-Lead Class Counsel believe that their appointment is warranted under Federal Rule of Civil Procedure 23(g)(3). As discussed below, they have invested substantial time and resources to investigate, file, consolidate, and litigate the claims at issue in the proposed class action. They collectively have deep experience prosecuting complex class actions and antitrust cases— particularly in antitrust cases involving online and other platforms such as Valve's Steam

---

[1] The consumer plaintiffs' claims remain stayed pursuant to the Court's order compelling them to arbitration. *See Wolfire Games LLC et al. v. Valve Corp.* 2:21-cv-00563-JCC, Dkt. No. 66 (W.D. Wash.) ("*Wolfire*"). The proposed leadership structure here applies only to the game publisher plaintiffs. If the consumers are ever able to proceed in court following an arbitration, counsel will propose a revised leadership structure at that time.

10650-00001/13489834.10 MOT. TO APPOINT LEADERSHIP- 1
Case No. 2:21-cv-00563-JCC

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101

platform—and will continue to bring that experience, and their firms' collective resources, to these cases. Counsel will coordinate closely with one another to prosecute the class action efficiently and effectively, without duplication of effort. Plaintiffs Wolfire and Dark Catt therefore respectfully request that the Court adopt the leadership structure proposed herein.

## II.     LEGAL STANDARD

Rule 23(g)(3) allows the Court to designate interim class counsel "to act on behalf of a putative class before determining whether to certify a matter as a class action." *McFadden v. Microsoft Corp.*, 2020 WL 5642822, at *1 (W.D. Wash. Sept. 22, 2020). "Factors relevant to the appointment of counsel include: '(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.'" *Id.* (quoting Fed. R. Civ. P. 23(g)(1)(A)). In addition, "[t]he Court may also 'consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.'" *Id*. (quoting Fed. R. Civ. P. 23(g)(1)(B)).

## III.     ARGUMENT

Proposed Co-Lead Counsel initially filed separate class actions on behalf of video-game publishers who have been harmed and who continue to be harmed by Valve's anticompetitive conduct. As they each allege, Valve dominates the market for PC game distribution and thwarts effective competition by engaging in a variety of anticompetitive acts, and by doing so, Valve has been able to maintain monopoly power and the supracompetitive prices it charges game publishers. In its Orders denying Valve's motions to dismiss in each case, the Court held that both Wolfire and Dark Catt alleged plausible antitrust claims, which will now proceed to discovery.

Given the similarities in the allegations, counsel's demonstrated ability to work together, and the efficiencies to be gained by bringing their groups together, Proposed Co-Lead Counsel have self-ordered, and Plaintiffs Wolfire and Dark Catt now propose a leadership structure in which they will jointly pursue Valve for its antitrust violations. For the following reasons, Plaintiffs believe this proposal satisfies every element of Rule 23(g)(3).

### A. Counsel Have Done Substantial Work to Investigate and Challenge Valve's Conduct

As the case dockets each show, Proposed Co-Lead Class Counsel have collectively identified the anticompetitive concerns with Valve's behavior and each defeated its respective motions to dismiss. They have now begun the discovery process, jointly working to conduct the Rule 26(f) conference with Valve and do the work necessary to establish the protocols and other preliminary requirements for discovery to proceed.

Rule 23(g)(1)(A)(i)—"the work counsel has done in identifying or investigating potential claims in the action"—thus strongly favors their leadership appointments. In evaluating this factor, courts consider whether firms have "already devoted substantial time and resources" in vetting potential claims. *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 44 (S.D.N.Y. 2012) (appointing firm that "already devoted substantial time and resources . . . in identifying and investigating the claims set forth in the complaint").[2] This is a particularly important factor here, as the Proposed Co-Lead Class Counsel developed the case in the absence of a governmental investigation (and are already well into motion practice).

### B. Counsel Have Significant Experience with Complex Class Actions and Deep Knowledge of Antitrust Law as Applied to Large Technology Firms

As noted in their previous submissions, *see Wolfire*[3] Dkt. No. 38 at 7-11, *Wolfire* Dkt. Nos. 39-42, *Dark Catt* Dkt. No. 27 at 10-12, *Dark Catt* Dkt. Nos. 28-30, Proposed Co-Lead Class Counsel have vast experience with and knowledge of antitrust cases generally, antitrust cases involving technology platforms, and antitrust class actions.[4] Rule 23(g)(1)(A)(ii)-(iii)—"counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action" and "counsel's knowledge of the applicable law"—thus also strongly favors the

---

[2] *See also Michelle v. Artic Zero, Inc.*, 2013 WL 791145, at *3 (S.D. Cal. Mar. 1, 2013) (selecting counsel who "<u>demonstrated</u> they have conducted more research and investigation in developing the case"); *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (appointing firms that "actively obtained information related to the alleged antitrust scheme"); MOORE'S FEDERAL PRACTICE § 23.120(3)(a) (3d. Ed. 2007).

[3] *Wolfire Games LLC et al. v. Valve Corp.* 2:21-cv-00563-JCC (W.D. Wash.) ("*Wolfire*"); *Dark Catt v. Valve Corp.*, 2:21-cv-00872-JCC (W.D. Wash.) ("*Dark Catt*").

[4] For the Court's convenience, Counsel do not resubmit that information here. If the Court wishes them to resubmit, however, they are of course happy to do so.

proposed leadership structure.

**C.     Counsel Will Bring Extensive Human and Financial Resources to Litigate This Proposed Class Action**

Proposed Co-Lead Class Counsel together have more than sufficient human and financial resources to litigate a complex matter like this.

- Quinn Emanuel has more than 800 lawyers across 25 offices on four continents, and an office in Seattle headed up by Ms. Cobb.
- Constantine Cannon has 76 lawyers across four offices, and has maintained a focus on antitrust litigation and class-action practice since the firm's inception. Constantine Cannon also has an in-house e-discovery team, that can efficiently reduce or obviate the need for third-party discovery vendors.
- Lockridge has 58 attorneys, has specialized in complex federal civil litigation for over 40 years, and counts among its partners nationally recognized leaders representing plaintiffs in antitrust class actions and other complex litigation nationwide.
- WSGR has approximately 1,000 attorneys in 18 offices worldwide, and for more than six decades, the firm has represented technology pioneers. WSGR's antitrust team is consistently recognized among the leading antitrust practices worldwide, especially in high-tech matters. WSGR provides a full range of services to electronic gaming clients via its multi-disciplinary electronic gaming practice.
- Vorys has nearly 375 attorneys who are located in eight offices, and has a litigation technology department that can provide support across firms and e-discovery vendors.

Together, Proposed Co-Lead Class Counsel will provide unparalleled resources to prosecute this case against Valve. Rule 23(g)(1)(A)(iv)—"the resources that counsel will commit to representing the class"—also strongly favors the proposed leadership appointments.

**D.      Plaintiffs Propose a Well-Accepted Form of Leadership for Cases Like This**

In complex antitrust class actions such as this, it is common for courts to structure case leadership with multiple co-lead firms. *See*, *e.g.*, *Granata v. Pratt & Whitney*, 2022 WL 732271, at *1 (D. Conn. Mar. 11, 2022) (granting motion to appoint counsel of four co-lead law firms); *Ehler v. IPEX, Inc.*, 2009 WL 1392075, at *2 (D. Colo. May 15, 2009) (granting motion to appoint five co-lead law firms); *Mun. Derivatives Antitrust Litig.*, 252 F.R.D. at 187 (appointing the three law firms as co-lead interim counsel that had performed investigation in the preliminary stages of the lawsuit, filed the first complaints in the case, and had the most resources available to devote to the cause).

This is particularly so when the firms proposing such a structure have a demonstrated ability to work collaboratively and efficiently together, including by self-ordering. *See Beasley v. TTEC Servs. Corp.* 2022 WL 1719654, at *3 (D. Colo. May 27, 2022) (the court favorably considering "the proposed leadership structure" of multiple law firms "has the support of all Plaintiffs and firms involved in the cases filed in this litigation."); *Four In One Co., Inc. v. SK Foods, L.P.*, 2009 WL 747160, at *2 (E.D. Cal. Mar. 20, 2009) (noting that "[e]fforts of plaintiffs' counsel to coordinate activities between themselves should be encouraged" and "[t]he most common means of selecting class counsel is the so-called 'private ordering' approach, whereby involved counsel jointly come to a representational consensus and submit their recommendation in that regard to the court for approval").  It is similarly common to appoint one or more Executive Committee members who have been integral in pushing the case forward, and who will be able to assist lead counsel in the effective prosecution of the case. *See*, *e.g.*, *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 2008 WL 1883447, at *3 (D.D.C. Apr. 28, 2008).

Here, Plaintiffs believe the four-Lead Class Counsel, one-Executive Committee structure makes the most sense because each firm has been critical to the case prosecution thus far. Vorys brought the first case against Valve—the *Colvin* matter, which it voluntarily transferred to this Court. Constantine and Quinn Emanuel then consolidated their own clients' cases with Vorys' consumer clients and filed the consolidated *Wolfire* action. WSGR and Lockridge then filed on behalf of Dark Catt and each group responded in parallel to Valve's motions to dismiss. Once the

10650-00001/13489834.10  MOT. TO APPOINT LEADERSHIP- 5
Case No. 2:21-cv-00563-JCC

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101

Court denied those motions, the two sets of counsel then worked collaboratively to begin discovery and have since worked productively as a single group. And they have done so efficiently by reducing unnecessary duplication and by dividing the work.

For these reasons, Plaintiffs believe that, like other courts presented with similarly-talented groups of counsel, the Court should structure leadership as proposed herein.

### IV.   CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that the Court appoint Quinn Emanuel, Constantine Cannon, WSGR, and Lockridge as Interim Co-Lead Class Counsel, with Vorys as the Executive Committee.

DATED July 22, 2022.

| | |
|---|---|
| /s/ Alicia Cobb | /s/ Stephanie L. Jensen |
| Alicia Cobb, WSBA #48685<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>1109 First Avenue, Suite 210<br>Seattle, Washington 98101<br>Phone (206) 905-7000<br>Fax (206) 905-7100<br>aliciacobb@quinnemanuel.com | Stephanie L. Jensen, WSBA #42042<br>WILSON SONSINI GOODRICH & ROSATI P.C.<br>701 Fifth Avenue, Suite 5100<br>Seattle, WA 98104-7036<br>Phone (206) 883-2500<br>Fax (206) 883-2699<br>sjensen@wsgr.com |
| Steig D. Olson (*pro hac vice*)<br>David LeRay (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>51 Madison Avenue<br>New York, New York 10010<br>Phone (212) 849-7231<br>Fax (212) 849-7100<br>steigolson@quinnemanuel.com | Kenneth R. O'Rourke (*pro hac vice*)<br>Scott A. Sher (*pro hac vice*)<br>Allison B. Smith (*pro hac vice*)<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>1700 K Street, NW, Suite 500<br>Washington, DC 20006<br>Phone (202) 973-8800<br>Fax (202) 973-8899<br>korourke@wsgr.com<br>ssher@wsgr.com<br>allison.smith@wsgr.com |
| Adam Wolfson (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>Phone (213) 443-3285<br>Fax (213) 443-3100<br>adamwolfson@quinnemanuel.com | W. Joseph Bruckner (*pro hac vice*)<br>Joseph C. Bourne (*pro hac vice*)<br>LOCKRIDGE GRINDAL NAUEN P.L.L.P.<br>100 Washington Avenue S, Suite 2200<br>Minneapolis, MN 55401<br>Phone: (612) 339-6900<br>Fax: (612) 339-0981<br>wjbruckner@locklaw.com<br>jcbourne@locklaw.com |
| Charles Stevens (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California St., 22nd Floor<br>San Francisco, CA 94111<br>Phone (415) 875-6600<br>Fax (415) 875-6700 | *Proposed Interim Co-Lead Counsel* |

1  charliestevens@quinnemanuel.com

2  David Golden (*pro hac vic*e)
   CONSTANTINE CANNON LLP
3  1001 Pennsylvania Ave., 22nd Floor
   Washington, D.C. 20004
4  Phone (202) 204-4527
   Fax (202) 204-3501
5  dgolden@constantinecannon.com

6  A. Owen Glist (*pro hac vice*)
   Ankur Kapoor (*pro hac vice*)
7  Jeffrey I. Shinder (*pro hac vice*)
   CONSTANTINE CANNON LLP
8  335 Madison Avenue, 9th Floor
   New York, NY 10017
9  Phone (212) 350-2700
   Fax (212) 350-2701
10 oglist@constantinecannon.com

11 *Proposed Interim Co-Lead Counsel*

12
   Kenneth J. Rubin (*pro hac vice*)
13 Timothy B. McGranor (*pro hac vice*)
   Kara M. Mundy (*pro hac vice*)
14 VORYS, SATER, SEYMOUR AND
      PEASE LLP
15 52 East Gay Street
   Columbus, Ohio 43215
16 Phone (614) 464-6400
   Fax (614) 719-4796
17 kjrubin@vorys.com
   tbmcgranor@vorys.com
18 kmmundy@vorys.com

19 Thomas N. McCormick (*pro hac vice*)
   VORYS, SATER, SEYMOUR AND
20    PEASE LLP
   4675 MacArthur Court, Suite 700
21 Newport Beach, California 92660
   Phone (949) 526-7903 | Fax (949) 383-2384
22 tnmccormick@vorys.com

23 *Proposed Interim Executive Committee Member*

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2022, I caused a true and correct copy of the foregoing to be filed in this Court's CM/ECF system, which will send notification of such filing to counsel of record.

EXECUTED on this 22nd day of July, 2022.

/s/ *Alicia Cobb*
Alicia Cobb

10650-00001/13489834.10 MOT. TO APPOINT LEADERSHIP- 8
Case No. 2:21-cv-00563-JCC

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101