THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re VALVE ANTITRUST LITIGATION | LEAD CASE NO. C21-0563-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs Wolfire Games, LLC, Dark Catt Studios Holdings, Inc., and Dark Catt Studios Interactive LLC's (collectively "Plaintiffs") unopposed motion to appoint interim lead class counsel (Dkt. No. 91). Having thoroughly considered the briefing and relevant record, the Court GRANTS the motion for the reasons explained herein.

The Court has already described the underlying facts of this consolidated putative class action in prior orders. *See Wolfire Games LLC v. Valve Corporation*, Case No. C21-0563-JCC, Dkt. Nos. 63, 66, 67, 80 (W.D. Wash. 2021); *Dark Catt Studios Holdings, Inc. v. Valve Corporation*, Case No. C21-0872-JCC, Dkt. Nos. 52, 56, 70, 77 (W.D. Wash. 2021). The Court will not repeat those facts here. Following the Court's most recent order consolidating actions (Dkt. No. 90), Plaintiffs jointly move for the appointment of interim co-lead class counsel.

According to their motion, Plaintiffs seek to designate Vorys, Sater, Seymour and Pease LLP ("Vorys") to serve as an Executive Committee, with Quinn Emanuel Urquhart & Sullivan,

LLP ("Quinn Emanuel"), Constantine Cannon LLP ("Constantine Cannon"), Lockridge Grindal Nauen P.L.L.P. ("Lockridge"), and Wilson Sonsini Goodrich & Rosati, P.C. ("WSGR") to serve as Co-Lead Class Counsel. Plaintiffs assert this structure provides an efficient and productive way to move the consolidated matter forward.

"The court may designate interim counsel to act on behalf of a putative class before [certification]." Fed. R. Civ. P. 23(g)(2)(A). Before doing so, the Court considers various factors, including: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Plaintiffs assert that Vorsys, Quinn Emanuel, Constantine Cannon, Lockridge, and WSGR, collectively and individually, have (a) spent significant time investigating and challenging Defendant's alleged anticompetitive conduct and (b) possess the requisite experience, legal knowledge, and resources to reach a favorable resolution of this matter for the named Plaintiffs and the putative class. (*See* Dkt. No. 91 at 6–7.) They also contend that a co-leadership structure, such as the one proposed here, is common for complicated putative class actions. (Dkt. No. 91 at 8.) Moreover, they contend that the proposed structure adequately and fairly represents all class interests. (*Id.*) In support, the provide evidence of the firms' experience and credentials, along with legal citation to similar structures in comparable actions. (Dkt. Nos. 39–42, 47–49; *see* Dkt. No. 91 at 8 (citing *inter alia Granata v. Pratt & Whitney*, 2022 WL 732271, slip op. at 1 (D. Conn. 2022); *Four In One Co., Inc. v. SK Foods, L.P.*, 2009 WL 747160, slip op. at 2 (E.D. Cal. 2009).) Absent opposition from Defendant, and there is none, the Court sees no reason to doubt these contentions.

For the foregoing reasons, the motion for appointment of interim co-lead class counsel

(Dkt. No. 91) is GRANTED. The leadership structure for this class action, and for any other subsequently-filed class action consolidated into this action, shall consist of the following: Vorys will serve as an Executive Committee, while Quinn Emanuel, Constantine Cannon, Lockridge, and WSGR will serve as Interim Co-Lead Class Counsel.

DATED this 12th day of August 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE