HON. JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

In re VALVE ANTITRUST LITIGATION

Lead Case No. 2:21-cv-00563-JCC

**LCR 37(a)(2)(I) SUBMISSION RE CASE SCHEDULE AND VALVE'S RESPONSE TO CONSOLIDATED CLASS ACTION COMPLAINT**

NOTE ON MOTION CALENDAR:
August 12, 2022

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ........................................................................................................1

   A.  PLAINTIFFS' INTRODUCTORY STATEMENT ...................................................1

   B.  RESPONDING PARTY VALVE'S STATEMENT...................................................2

   C.  PLAINTIFFS' REPLY INTRODUCTORY STATEMENT ...................................3

II.  ARGUMENT ...............................................................................................................3

   A.  CASE SCHEDULE .................................................................................................3

      1.  Plaintiffs' Argument Regarding Case Schedule...........................................3

         (a)  Class certification ...............................................................................3

         (b)  Multiple motions for summary judgment without leave ...................4

      2.  Valve's Response Regarding Case Schedule ...............................................6

      3.  Plaintiffs' Reply Argument Regarding Case Schedule ..............................10

         (a)  Class Certification .............................................................................10

         (b)  Multiple Summary Judgment Motions..............................................12

   B.  RESPONDING TO CONSOLIDATED CLASS ACTION COMPLAINT ............13

      1.  Plaintiffs' Argument Regarding Valve's Response to Consolidated Class Action Complaint ...................................................................................13

      2.  Valve's Response to Plaintiffs' Argument Regarding Response to Consolidated Class Action Complaint ...........................................................14

      3.  Plaintiffs' Reply Argument Regarding Valve's Response to Consolidated Class Action Complaint ...........................................................15

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

**Cases**

4

*Allstate Fin. Corp. v. Zimmerman*,
    296 F.2d 797 (5th Cir. 1961) ............................................................................................ 13

5

*Bach v. Forever Living Products US, Inc.*,
    473 F. Supp. 2d 1110 (W.D. Wash. 2007) ........................................................................ 8

6

*Cole v. Convergys Customer Mgmt. Grp., Inc.*,
    2013 WL 1446556 (D. Kan. Apr. 9, 2013) ...................................................................... 5

7

8

*Delashaw v. Roberts*,
    2020 WL 2405405 (W.D. Wash. May 12, 2020) ...................................................... 4, 5, 9

9

*Delashaw v. Seattle Times Co.*,
    No. C18-0537JLR, 2021 WL 63158 (W.D. Wash. Jan. 7, 2021) ...................................... 9

10

*Dietz v. Bouldin*,
    579 U.S. 40 (2016) .......................................................................................................... 12

11

12

*Essex Ins. Co. v. Foley*,
    827 F. Supp. 2d 1326 (S.D. Ala. 2011) ............................................................................ 5

13

*Fairhaven Health, LLC v. BioOrigyn, LLC*,
    2021 WL 5987023 (W.D. Wash. Dec. 17, 2021) ..................................................... 14, 15

14

*HDT Bio Corp. v. Emcure Pharma., Ltd.*,
    2022 WL 3018239 (W.D. Wash. July 29, 2022) ............................................................ 11

15

16

*Healy v. Milliman*,
    No. C20-1473-JCC, 2022 WL 1061921 (W.D. Wash. Apr. 8, 2022) ................................ 9

17

*Hoffman v. Tonnemache*,
    593 F.3d 908 (9th Cir. 2010) .......................................................................................... 12

18

*Hoffman v. Tonnemacher*,
    593 F.3d 908 (9th Cir. 2010) ............................................................................................ 8

19

*Huynh v. Harasz*,
    2016 WL 2757219 (N.D. Cal. May 12, 2016) ............................................................... 14

20

21

*In re Broiler Chicken Antitrust Litigation*,
    No. 1:16-cv-08637, Dkt. 3420 (N.D. Ill. Jan. 29, 2020) .................................................. 4

22

*In re Cedar Shake & Shingle Antitrust Litig.*,
    Case No. 2:19-cv-00288-MJP, Dkt. 96 (W.D. Wash. Sept. 27, 2019) ........................... 10

23

*Insight Psych. & Addiction, Inc. v. City of Costa Mesa*,
    2021 WL 1218253 (C.D. Cal. Mar. 4, 2021) ................................................................. 14

24

*Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*,

25

    153 F. Supp. 3d 1291 (W.D. Wash. 2015) .................................................................... 5, 8

26

*Iowa Pub. Employees' Ret. Sys. v. Bank of Am. Corp.*,
    No. 17-CIV-6221-KPF, Dkt. 298 (S.D.N.Y. May 26, 2020) ........................................... 3

27

*Jaimes v. Hyatt Corp.*,
    2020 WL 5757334 (C.D. Cal. Sept. 23, 2020) ................................................................. 5

28

*Klein v. Demopulos*,
 No. C09-1342-JCC, 2010 WL 4365840 (W.D. Wash. Oct. 27, 2010) ...................................... 8

*Lentini v. Cal. Ctr.*,
 370 F.3d 837 (9th Cir. 2004)................................................................................................... 8

*Novartis Consumer Health, Inc. v. Elan Transdermal Techs. Inc.*,
 209 F.R.D. 507 (S.D. Fla. 2002) ............................................................................................ 5

*O'Donnell/Salvatori Inc. v. Microsoft Corp.*,
 2022 WL 220543 (W.D. Wash. Jan. 25, 2022)................................................................. 4, 12

*O'Donnell/Salvatori Inc. v. Microsoft Corp.*,
 No. C20-882-MLP, 2022 WL 220543 (W.D. Wash. Jan. 25, 2022) ....................................... 8

*Ogilvie v. Thrifty Payless, Inc.*,
 2021 WL 131054 (W.D. Wash. Jan. 14, 2021) ...................................................................... 11

*Olberg v. Allstate Ins. Co.*,
 Case No. C18-0573-JCC, Dk. 40 (W.D. Wash. Mar. 14, 2019) ............................................ 10

*Puget Sound Elec. Workers Healthcare Tr. v. S. Sound Elec., Inc.*,
 2014 WL 2938473 (W.D. Wash. June 30, 2014)................................................................... 4, 9

*United States v. Copar Pumice Co., Inc.*,
 2013 WL 12159365 (D.N.M. Sept. 12, 2013) ........................................................................ 5

*Wright v. Schock*,
 742 F.2d 541 (9th Cir. 1984)................................................................................................. 10

**Rules and Regulations**

Fed. R. Civ. P. 12(g)........................................................................................................... 13, 15

Fed. R. Civ. P. 12(g)(2) ........................................................................................................... 13

Fed. R. Civ. P. 23 .................................................................................................................... 10

Fed. R. Civ. P. 23(C)(1)(A)..................................................................................................... 10

Fed. R. Civ. P. 56 ...................................................................................................................... 8

Local Rule 7(e) .......................................................................................................................... 8

Local Rule 7(e)(3) ..................................................................................................................... 9

1    I.      **<u>INTRODUCTION</u>**

2         Pursuant to Local Civil Rule 37(a)(2)(I), the parties hereby make this submission related to

3    Plaintiffs' request for the Court's input on two discrete issues.

4         A.      **<u>PLAINTIFFS' INTRODUCTORY STATEMENT</u>**

5         *First*, the parties have reached agreement on the majority of a proposed case schedule for

6    this consolidated class action, including a schedule through the end of fact discovery, and a

7    schedule for any merits expert discovery and dispositive motion practice if the Court ultimately

8    grants class certification to Plaintiffs. Where they differ is on the schedule for class certification

9    briefing and expert discovery, as well as whether Valve may file multiple motions for summary

10   judgment without first seeking leave of the Court. Plaintiffs' suggested schedule is attached hereto

11   as **Exhibit A**. Plaintiffs' proposal includes a standard three-step (opening, opposition, reply)

12   framework for the class certification motion and corresponding expert reports. Plaintiffs further

13   offer a reasonable amount of time between the close of fact discovery and the opening expert

14   report. Valve's suggestion of 7 days is simply insufficient to allow Plaintiffs' expert to draft a

15   comprehensive report reflecting the factual record. Plaintiffs also propose, in accordance with the

16   local rules and established procedure, only a single round of summary judgment briefing absent

17   leave of the Court. This will discourage gamesmanship and avoid unnecessarily burdening the

18   Court and Plaintiffs from superfluous dispositive motion practice.

19        *Second*, the parties disagree regarding the procedure following the upcoming consolidated

20   amended complaint ("CAC"), due August 26, 2022 pursuant to the Court's recent consolidation

21   order (*Dkt.* 77). Plaintiffs have informed Valve that they do not intend to include in their

22   upcoming CAC any new substantive allegations. Plaintiffs therefore believe that, given the prior

23   two rounds of motion to dismiss briefing, the Court should exercise its discretion to prohibit Valve

24   from filing yet another motion to dismiss absent a showing of good cause based on new

25   substantive allegations not previously made in either the original or amended complaints in the

26   *Wolfire* and *Dark Catt* cases.

27        Plaintiffs believe that resolving these issues now will lead to more efficient case

28   management moving forward, as the CAC is due in a few short weeks and the parties have

1  conducted their Rule 26(f) conference, meaning that discovery has now begun.

2       **B.**     <u>**RESPONDING PARTY VALVE'S STATEMENT**</u>

3       Plaintiffs' motion is unnecessary and creates disputes over issues that are unripe and may

4  never become ripe.  Any scheduling issues that cannot be resolved through further discussions can

5  be worked through at the initial status conference once it is reset; this Motion should be denied on

6  that basis alone.  Plaintiffs' requests that the Court restrict Valve's ability to move for summary

7  judgment or to limit how it responds to Plaintiffs' forthcoming CAC are hypothetical disputes that

8  should be taken up in context, if they ever arise.  Valve has no interest in promoting needless

9  litigation and encouraged Plaintiffs to take up these issues at the proper time, if and when

10  necessary.  Unfortunately, Plaintiffs declined to do so, so Valve's position is set forth below.  In

11  short:

12       1.     Plaintiffs' proposed schedule is unreasonable because it compresses the time for

13  Valve to do a significant amount of work into a period that is far too short to fully develop and

14  present all issues, while giving Plaintiffs significantly more time for the same tasks.  Staging

15  expert discovery first and class certification briefing second, instead of combining the two, much

16  more equitably shares the burden and ensures both sides have time to fully develop their

17  arguments and present them to the Court.

18       2.     Plaintiffs should not serve new rebuttal expert reports with their class certification

19  reply brief.  If these rebuttal reports contain new opinions, they should not be presented for the

20  first time with a reply brief when Valve has no opportunity to respond.  If instead they reargue

21  their original opinions, they are unnecessary.  One disclosure from each expert is enough.

22       3.     Plaintiffs' attempts to limit Valve's ability to challenge the CAC (which neither

23  Valve nor the Court have seen) and to seek summary judgment at the appropriate time, if

24  warranted, are wasteful maneuvering—essentially, briefing about whether Valve must file a brief

25  to request leave to file another brief.  These issues are unripe, the rulings sought are unnecessary,

26  and Plaintiffs' arguments are unsupported.

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

C.     **PLAINTIFFS' REPLY STATEMENT**

Plaintiffs seek via their proposal to prevent future disputes, not to create them.  Valve has indicated its intent to file multiple motions that could bog down the case in serial motion practice, including potentially a third motion to dismiss and multiple summary judgment motions, making the dispute ripe at this stage.  Plaintiffs propose only that Valve be required to seek leave of the Court, with good cause, before doing so.  Plaintiffs' proposal creates procedural checks to ensure that the Court maintains control of the docket and the case proceeds efficiently.

As for the case schedule, Plaintiffs' proposal comports with standard practice in complex antitrust class actions like this one, with an opening, opposing, and reply class certification brief, each accompanied by simultaneous expert reports in support of those briefs.  Valve's proposal meanwhile—as modified in the course of this LCR 37 motion practice—unnecessarily extends the class certification schedule by requiring all class certification expert discovery be completed before briefing begins, and precludes Plaintiffs (who bear the burden of proof on class certification) from submitting a rebuttal expert report with their reply brief.  The Court should order Plaintiffs' proposed schedule.

II.    **ARGUMENT**

A.    **CASE SCHEDULE**

1.    **Plaintiffs' Argument Regarding Case Schedule**

(a)    Class certification

Standard practice in complex antitrust class actions such as this is for the plaintiffs to file an opening brief with their opening class certification expert report(s), for the defendant(s) to file an opposition brief accompanied by their response report(s), for the plaintiffs to file a reply brief with any rebuttal report(s), and for the parties to complete class certification expert discovery (*i.e.*, any final depositions) shortly thereafter.[1] That is exactly the sort of schedule Plaintiffs propose

---

[1]  *See*, *e.g.*, *In re: Cattle and Beef Antitrust Litigation*, No. 20-cv-1319-JRT-HB, *Dkt.* 571 (D. Minn. Jun. 22, 2022) (motion for class certification due seven months after substantial completion of document production, with expert reports (including Plaintiffs' rebuttal report) filed in parallel to class certification briefing); *Iowa Pub. Employees' Ret. Sys. v. Bank of Am. Corp.*, No. 17-CIV-6221-KPF, *Dkt.* 298 (S.D.N.Y. May 26, 2020) (motion for class certification due two months

1   here, *see* **Exhibit A**, and its main benefit is to move along the class certification briefing process

2   while affording each side an adequate opportunity to submit a fulsome set of expert opinions to

3   the Court for its decision.

4         Valve seeks to upend this standard practice for no apparent reason beyond disadvantaging

5   Plaintiffs and delaying the ultimate resolution of their motion for class certification. Specifically,

6   Valve's proposed class certification schedule (a) unreasonably shortens the time between the close

7   of fact discovery and Plaintiffs' opening report (*i.e.*, requires Plaintiffs to serve opening reports

8   just seven days after fact discovery closes), (b) lengthens the overall class certification briefing

9   process by requiring the parties to first complete expert discovery and then brief the actual class

10   certification motion, (c) eliminates Plaintiffs' ability to submit rebuttal reports on a motion for

11   which Plaintiffs bear the burden, and (d) shortens the time for Plaintiffs to file a reply brief. Given

12   the abnormal nature of Valve's proposed schedule in light of standard practice for similar cases,

13   *see* note 1 *supra*, Plaintiffs respectfully believe that the Court should so order their proposed

14   schedule.

15            (b)      <u>Multiple motions for summary judgment without leave</u>

16         In this District, parties are prohibited by LCR 7(e)(3) from filing multiple dispositive

17   motions aimed at different issues, because doing so would circumvent this Court's page limits for

18   such motions. *O'Donnell/Salvatori Inc. v. Microsoft Corp.*, 2022 WL 220543, at *1 (W.D. Wash.

19   Jan. 25, 2022). Although the rule refers to "contemporaneous" motions, that term has been

20   interpreted to mean motions pending at the same time. *Id.* Thus, "[t]he rule prohibits multiple

21   pending motions for summary judgment, regardless of the filing date of each motion. *Delashaw v.*

22   *Roberts*, 2020 WL 2405405, at *1 (W.D. Wash. May 12, 2020) (citing *Puget Sound Elec. Workers*

23

24   after depositions end, with expert reports (including Plaintiffs' rebuttal report) filed in parallel to
     class certification briefing); *In re Broiler Chicken Antitrust Litigation*, No. 1:16-cv-08637, *Dkt.*

25   3420 (N.D. Ill. Jan. 29, 2020) (same); *Mackmin et. al v. Visa Inc, et. al.*, No. 1:11-cv-01831-RJL,
     *Dkt.* 135 (D.D.C. Feb. 01, 2018) (Expert reports (including Plaintiffs' rebuttal report) filed in

26   parallel to class certification briefing, with the parties "free to take any written or deposition
     discovery reasonably necessary in connection with the class motions"); *In re: EpiPen Marketing,*

27   *Sales Practices and Antitrust Litigation*, No. 17-md-2785-DDC-TJJ, *Dkt.* 61 (D. Kan. Oct. 19,
     2017) (motion for class certification two weeks after fact discovery closes, with expert reports

28   (including Plaintiffs' rebuttal report) filed in parallel to class certification briefing).

1    *Healthcare Tr. v. S. Sound Elec., Inc.*, 2014 WL 2938473, at *1 (W.D. Wash. June 30, 2014)).

2    "The purpose of Local Rule LCR 7(e)(3) is 'to avoid the inefficiencies caused by duplicative

3    dispositive motions and circumvention of the court's page limits.'" *Delashaw*, 2020 WL 2405405,

4    at *2 (quoting *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 153 F. Supp. 3d

5    1291, 1321 (W.D. Wash. 2015)). "If, as [Valve] proposes, parties could file as many dispositive

6    motions as they pleased so long as each motion was filed on a different date, the court's page

7    limits would become meaningless and dispositive motions practice would become woefully

8    inefficient. One need not strain to imagine chaotic hypotheticals." *Delashaw*, 2020 WL 2405405,

9    at *2. Numerous other courts hold similarly.[2]

10          Valve has been explicit in the parties' discussions that it wishes to have the option to file

11   multiple motions for summary judgment, just as it has indicated (as discussed below) that it would

12   like the option to file yet another motion to dismiss after two previous rounds of briefing on

13   identical issues. This unfortunately suggests Valve intends to bog down this Court and Plaintiffs

14   with unending motion practice. In order to avoid that "chaotic hypothetical," Plaintiffs therefore

15   believe it is appropriate to limit both sides to one motion each for summary judgment, absent

16   permission from the Court based on a showing of good cause for a second motion. Under

17   Plaintiffs' proposal, there is no restriction on when the parties can file; they must simply file a

18   dispositive motion before the final deadline. But a requirement that the parties seek leave to file

19   additional dispositive motions will force each side to be circumspect in the issue(s) they choose to

20   highlight; selecting only those issues they believe actually have a chance of meeting the summary

21

22   _____

23   [2]   *See, e.g.*, *Jaimes v. Hyatt Corp.*, 2020 WL 5757334, at *4 (C.D. Cal. Sept. 23, 2020) (standing order prohibiting more than one summary judgment motion); *Cole v. Convergys Customer Mgmt. Grp., Inc.*, 2013 WL 1446556, at *1 (D. Kan. Apr. 9, 2013) ("A party should ordinarily submit

24   only one motion for summary judgment which contains all arguments and evidence in support of a judgment in favor of the moving party, so as to avoid a piece-meal approach to a multiple claim

25   suit."); *United States v. Copar Pumice Co., Inc.*, 2013 WL 12159365, at *3 (D.N.M. Sept. 12, 2013) ("The Court concludes that a decision to limit successive summary judgment motions and

26   briefing falls within its sound discretion to manage its docket and secure the efficient resolution of this proceeding."); *Essex Ins. Co. v. Foley*, 827 F. Supp. 2d 1326, 1329 n.2 (S.D. Ala. 2011)

27   ("[N]o federal litigant has an absolute right to bring multiple, piecemeal motions for summary judgment."); *Novartis Consumer Health, Inc. v. Elan Transdermal Techs. Inc.*, 209 F.R.D. 507,

28   508 (S.D. Fla. 2002) (striking multiple piecemeal motions for summary judgment).

judgment standard, rather than simply filing motion after motion in the hopes that one will eventually stick.

### 2. Valve's Response Regarding Case Schedule

#### a. Class Certification Schedule

This case will likely involve multiple class certification expert witnesses, *Daubert* challenges, and class certification briefing.  The best way to accomplish these tasks is in a logical and efficient two-stage sequence, first making class certification expert disclosures and completing class certification expert discovery, then presenting class certification and *Daubert* motion briefing that knits expert opinions (to the extent admissible), facts, and the law together to enable the Court to decide class certification.  That is what Valve's proposed two-stage schedule does.  **Exhibit B**.

Plaintiffs attempt to weaponize the case schedule by unequally compressing all of these tasks into a single stage over a short time during the "Class Certification" phase.  Plaintiffs inexplicably take the exact opposite position in the "Summary Judgment & Merits Expert Discovery" phase of their proposed schedule, where they adopt a two-stage structure that first completes merits expert disclosures and discovery then engages in motion practice.  **Exhibit A.**

During the "Class Certification" phase, Plaintiffs' proposal gives Valve only 60 days to accomplish a substantial amount of work: (i) analyze Plaintiffs' class certification expert reports, (ii) work with Valve's experts as they prepare their reports; (iii) draft *Daubert* motions, if necessary; (iv) analyze Plaintiffs' class certification motion and supporting evidence, and (v) draft Valve's opposition class certification brief, and compile the supporting evidence.  Plaintiffs give Valve 60 days to accomplish all of this, but give themselves 77 days after the close of fact discovery to complete fewer than half of those tasks—preparing expert disclosures and their class certification motion with supporting evidence—much of which Plaintiffs can complete before fact discovery closes.  That is not an equal burden and is not reasonably calculated to enable both sides to present their positions fairly and equally for the Court's consideration.  Valve's proposed two-stage structure more evenly splits the burden and puts the Court in the best position to decide class certification with timely expert reports and briefing.

1    Plaintiffs argue their single-stage schedule is proper because it is "standard practice," and

2    cite some cases from other districts in which the same Plaintiffs' counsel appeared.  *See* fn. 1,

3    *supra*.  But judges in the Western District use a two-stage structure like Valve proposes when

4    appropriate, as here.  *See, e.g., G.G. v. Valve Corp.*, Case No. C16-1941-JLR (*Dkt.* #81) (Mar. 2,

5    2021 scheduling order; all class certification expert disclosures and discovery to be completed

6    before class certification briefing begins); *Bund v. Safeguard Properties LLC*, Case No. C16-920-

7    MJP (*Dkt.* #365) (Nov. 4, 2020 scheduling order; same); *Dennis v. Amerigroup Washington, Inc.*,

8    Case No. 3:19-cv-05165-RBL (*Dkt.* #69) (Mar. 2, 2020 scheduling order; same).  Each case is

9    different, and the amount of work to be done in this one makes Valve's proposed two-stage

10   structure more rational and equitable than Plaintiffs' compressed single-stage plan.

11   Plaintiffs also object that Valve's proposed schedule requires them to serve their opening

12   expert reports too soon after the close of fact discovery (7 days) and gives them too little time for

13   their class certification reply (30 days).  Valve told Plaintiffs it did not object to longer deadlines if

14   needed, but Plaintiffs responded by serving this Motion instead of discussing extensions.  To

15   accommodate Plaintiffs, Valve adjusted its attached proposed schedule for the class certification

16   phase to allow 77 days after the close of fact discovery for their opening expert reports (matching

17   Plaintiffs' proposed time) and 45 days for their class certification reply brief (shorter than the 60

18   days Plaintiffs proposed, but without the need to conduct expert discovery and draft rebuttal expert

19   reports at the same time).  *See* **Exhibit B**.

20   Should the Court decide instead to adopt Plaintiffs' proposed single-stage structure, Valve

21   respectfully requests that the Court provide 120 days for Valve to file its class certification

22   opposition, make class certification expert disclosures, and file *Daubert* motions, by extending

23   Plaintiffs' proposed March 18, 2024 deadline for these tasks to May 15, 2024, and adjusting

24   subsequent dates accordingly.

25         b.    Rebuttal Class Certification Expert Disclosures

26   Granting Plaintiffs an extra round of class certification expert disclosures in advance

27   through rebuttal expert reports is prejudicial and unfair, particularly if such disclosures are made

28   in parallel to class certification and *Daubert* motion briefing as Plaintiffs propose.  If Plaintiffs'

1  rebuttal expert disclosures include new opinions, there will be no opportunity for Valve's experts

2  to respond, or for Valve to address them in class certification briefing or challenge them through

3  *Daubert* motions.  *See also Bach v. Forever Living Products US, Inc.*, 473 F. Supp. 2d 1110, 1122

4  n.6 (W.D. Wash. 2007) ("It is well established in this circuit that courts will not consider new

5  arguments raised for the first time in a reply brief.") (*citing Lentini v. Cal. Ctr. for the Arts,*

6  *Escondido*, 370 F.3d 837, 843 n. 6 (9th Cir. 2004)).  If Plaintiffs' rebuttal expert disclosures do not

7  include new opinions, there is no need to have them.  Plaintiffs have shown no need for experts to

8  make more than one disclosure.

9        c.   <u>Summary Judgment Motion Restrictions</u>

10       Plaintiffs' request to restrict Valve's right to seek summary judgment is confusing,

11  wasteful, and meritless.  Valve is unlikely to move for summary judgment for at least one year

12  under Plaintiffs' proposed schedule.  This is truly "make work" about a dispute that may never

13  arise.  The issue is unripe.

14       Plaintiffs' position is as baseless as it is wasteful.  "Federal Rule of Civil Procedure 56

15  does not limit the number of motions that may be filed."  *Hoffman v. Tonnemacher*, 593 F.3d 908,

16  911 (9th Cir. 2010).  Nor do the Western District's Local Rules.  Local Rule 7(e) is about page

17  limits, and LR 7(e)(3) stops parties from avoiding them by breaking a single summary judgment

18  motion into multiple contemporaneous motions "each one directed toward a discrete issue or

19  claim."  As Plaintiffs acknowledge above, LR 7(e)(3)'s purpose is "to avoid the inefficiencies

20  caused by duplicative dispositive motions and circumvention of the court's page limits."  *Inst. of*

21  *Cetacean Research v. Sea Shepherd Conservation Soc'y*, 153 F. Supp. 3d 1291, 1321 (W.D.

22  Wash. 2015)).  Consistent with that purpose, LR 7(e)(3) applies only to "contemporaneous"

23  motions pending at the same time, which taken together would exceed the LR 7(e) page limits.

24  *O'Donnell/Salvatori Inc. v. Microsoft Corp.*, No. C20-882-MLP, 2022 WL 220543, at *1 (W.D.

25  Wash. Jan. 25, 2022).  *See also Klein v. Demopulos*, No. C09-1342-JCC, 2010 WL 4365840, at *3

26  (W.D. Wash. Oct. 27, 2010) (applying then-current version of LR 7(e)(3) in exercising discretion

27  to require three summary judgment motions filed at same time to be combined into one).

28

1    Local Rule 7(e)(3) is inapplicable outside that narrow circumstance, and does not bar

2  parties from bringing more than one non-contemporaneous summary judgment motion or require

3  leave to do so.  *See, e.g., Delashaw v. Seattle Times Co.*, No. C18-0537JLR, 2021 WL 63158

4  (W.D. Wash. Jan. 7, 2021) (granting a second motion for summary judgment filed by same

5  defendant, without requiring leave, in case brought by same plaintiff as in *Delashaw v. Roberts*, on

6  which Plaintiffs rely).  To the contrary, as the Ninth Circuit explained, "allowing a party to file a

7  second motion for summary judgment is logical, and it fosters the 'just, speedy, and inexpensive'

8  resolution of suits."  *Hoffman*, 593 F.3d at 911.

9    Courts in the Western District—including this Court—regularly allow subsequent

10 summary judgment motions filed at later stages of the case without first requiring leave.  *See, e.g.,*

11 *Flowers v. Fred Hutchinson Cancer Research Ctr.*, No. C17-0989-JCC (*Dkt.* #52) (second motion

12 for summary judgment, filed without requesting or receiving leave four months after first one was

13 decided; not stricken and ruled on in *Dkt.* #75); *Healy v. Milliman, Inc.*, No. C20-1473-JCC (*Dkt.*

14 #91) (second motion for summary judgment, filed without leave ten months after first motion; not

15 stricken and ruled on in *Dkt.* #122); *Juarez, et al., v. City of Bellingham*, No. C16-0620-JCC (*Dkt.*

16 #88) (second motion for summary judgment, filed without leave at conclusion of discovery; not

17 stricken and ruled on in *Dkt.* #98); *Puget Soundkeeper Alliance v. Cruise Terminals of America,*

18 *LLC*, No. C14-0476-JCC (*Dkt.* #81, 86) (second motions for summary judgment, filed without

19 leave; not stricken and ruled on in *Dkt.* #110); *Rainier Beach Development Company, LLC et al v.*

20 *King County*, No. C16-0822-JCC (*Dkt.* #44) (second motion for summary judgment, filed without

21 leave three months after ruling on first summary judgment motion; not stricken and ruled on in

22 *Dkt.* #62); *see also Treehouse v. Valve Corp.*, No. 2:17-cv-01860-RAJ (*Dkt.* #206) (second motion

23 for summary judgment; not stricken and granted in *Dkt.* #241).

24    Plaintiffs' proposed restriction would also be highly inefficient.  Early summary judgment

25 motions can significantly streamline class actions when discovery reveals fatal flaws in a

26 plaintiff's individual claims.  *See, e.g., Healy v. Milliman*, No. C20-1473-JCC, 2022 WL 1061921,

27 at *1 (W.D. Wash. Apr. 8, 2022) (granting partial summary judgment on plaintiff's individual

28 claim based on lack of standing and explaining that such challenges to a plaintiff's individual

claims prior to class certification "are permissible in a Rule 56 motion, even in light of a briefing schedule supporting a later-filed Rule 23 motion" because "'[n]either Fed. R. Civ. P. 23 nor due process necessarily requires that the district court rule on class certification before granting or denying a motion for summary judgment.'") (quoting *Wright v. Schock*, 742 F.2d 541, 545 (9th Cir. 1984)).  Plaintiffs seek to stop Valve from raising such dispositive issues until at least late 2024 after class certification has been decided—a highly inefficient outcome that would require the parties and Court to go through the wasted work of analyzing whether a plaintiff can represent a proposed class before addressing any fatal problems with that plaintiff's individual claims.

Plaintiffs suggest that Valve must "intend[] to bog down this Court and Plaintiffs with unending motion practice" because Valve declined to waive its rights to seek summary judgment when appropriate.  This is a non-sequitur.  Valve has no interest in filing duplicative summary judgment motions, or trying to circumvent the LR 7 page limits by breaking one motion into several.  If Valve were to file duplicative summary judgment motions or violate LR 7(e)(3), Valve is certain Plaintiffs would raise it.  But that is an argument for a later date, if ever.

### 3.   Plaintiffs' Reply Argument Regarding Case Schedule

#### (a)   Class Certification

The Federal Rules of Civil Procedure require class certification at "an *early* practicable time."  Fed. R. Civ. P. 23(C)(1)(A) (emphasis added).  In line with this requirement, the standard practice in antitrust cases is the efficient three-step framework proposed by Plaintiffs, with expert reports filed concurrently with class certification briefs, including rebuttal expert reports twith reply briefs.  *See* note 1 *supra*.  Contrary to Valve's suggestion, this is also standard practice in this district.  *See*, *e.g.*, *In re Cedar Shake & Shingle Antitrust Litig.*, Case No. 2:19-cv-00288-MJP, Dkt. 96 (W.D. Wash. Sept. 27, 2019) (setting concurrent deadlines for class certification briefs and expert reports, including rebuttal reports simultaneous with reply briefs); *see also Olberg v. Allstate Ins. Co.*, Case No. C18-0573-JCC, Dk. 40 (W.D. Wash. Mar. 14, 2019) (Coughenour, J.) (class certification concurrent with expert reports).

None of Valve's cited cases involve complex antitrust issues, where expert discovery may stretch out indefinitely if left unchecked.  *See G.G. v. Valve Corp.*, Case No. C16-1941-JLR (Mar.

2, 2021) (illegal gambling); *Bund v. Safeguard Properties LLC*, Case No. C16-920-MJP (Nov. 4, 2020) (trespass); *Dennis v. Amerigroup Wash., Inc.*, Case No. 3:19-cv-05165-RBL (Mar. 2, 2020) (telecalls).  And all involved instances where the parties had jointly proposed completing expert discovery in advance of beginning class certification briefing.  *G.G. v. Valve Corp.*, Case No. C16-1941-JLR, Dkt. No. 79 (parties jointly proposing schedule); *Bund v. Safeguard Properties LLC*, Case No. C16-920-MJP, Dkt. No. 363 (same); *Dennis v. Amerigroup Wash., Inc.*, Case No. 3:19-cv-05165-RBL Dkt. No. 65 (same).

In a change since its prior proposed schedule, Valve in conjunction with its opposition now seeks to extend the class certification schedule by several months, purportedly to address the concerns Plaintiffs' raised about Valve's prior proposal (which involved Plaintiffs serving opening expert reports only seven days after the close of fact discovery), while still providing for separate expert discovery and class certification briefing schedules.  But there is no reason to deviate from standard practice to delay the resolution of the class certification issues.  Valve's sole argument against the standard schedule—that it compresses expert reports and places unequal burdens on the parties—misses the mark; Valve may (and almost certainly will) begin working on their expert report before Plaintiffs serve their moving papers.  And Plaintiffs' proposal gives the parties equal time from the close of fact discovery for each set of expert reports.

As to rebuttal expert reports, Plaintiffs have no intention of introducing "new opinions." Rather, given their burden on class certification, and that Valve (as many class action defendants do) may inject into their opposition arguments about the opening reports that necessitate some form of response, Plaintiffs intend to use such rebuttal reports in "direct response to evidence or arguments raised in the opposition," as is permitted in this district on reply.  *See HDT Bio Corp. v. Emcure Pharma., Ltd.*, 2022 WL 3018239, at *3 & n.3 (W.D. Wash. July 29, 2022) (listing cases that evidence is not "new" where it addresses the same facts supplied in the opposition); *see also Ogilvie v. Thrifty Payless, Inc.*, 2021 WL 131054, at *2 (W.D. Wash. Jan. 14, 2021) (the local rules "expressly contemplate submitting additional evidence with a reply brief").  Valve argues that if an expert's rebuttal opinions are not new, "there is no need to have them."  But under that reasoning, there is never a reason to have any reply brief or evidence at all (such as Valve's reply

brief in support of its motion to dismiss, or on any future motion for summary judgment).  Yet courts routinely allow replies and reply evidence to address the arguments made in opposition. Valve's *non sequitur* is not the law, not the regular practice in this district, nor the regular practice in antitrust class actions.

(b)     Multiple Summary Judgment Motions

Valve admits that LCR 7(e)(3) prohibits it from advancing multiple summary judgment motions pending at the same time.  *See O'Donnell/Salvatori Inc. v. Microsoft Corp.*, 2022 WL 220543, at *1 (W.D. Wash. Jan. 25, 2022).  Thus, the remaining dispute concerns the scenario where Valve files serial motions for summary judgment—raising one for Plaintiffs to knock down, only to serve a new one the day after the Court rules on the original—and whether leave should be required for Valve to do so.  Valve has expressly indicated its desire to have this option, which makes the issue ripe for determination.

Valve spills much ink arguing that subsequent motions for summary judgment may be allowed in some cases.  To be clear, Plaintiffs do not dispute that this may be permissible on occasion.  But district courts "possess[] inherent powers . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016).  Thus, while "district courts *have discretion* to entertain successive motions for summary judgment," they may also impose requirements to "weed out frivolous or simply repetitive motions."  *Hoffman v. Tonnemache*, 593 F.3d 908, 911 (9th Cir. 2010) (emphasis added) (citation and quotation marks omitted).  The only dispute here is whether the burden of making the threshold showing—that the additional motion actually advances the orderly and expeditious disposition of the case rather than simply clogging the docket—rests with the party wishing to file multiple dispositive motions, or with the opposing party.  Under Plaintiff's proposal, Valve has the burden of showing, through a motion for leave on good cause, that its additional motion(s) will aid the resolution of the case.  Whereas under Valve's proposal, Valve may file as many motions for summary judgment as it likes, and it is up to the Plaintiffs and the Court to respond by explaining why they do not do so.  Placing the burden on the moving party is by far the more efficient option and will ensure that only the strongest arguments are

brought, thereby saving court resources and encouraging efficient and targeted litigation practices. *See Allstate Fin. Corp. v. Zimmerman*, 296 F.2d 797, 799 (5th Cir. 1961) (federal courts "do not approve in general the piecemeal consideration of successive motions for summary judgment" because the parties ought to be "held to the requirement that they present their strongest case for summary judgment when the matter is first raised").

Here, as further reflected in its position on responding to the Plaintiffs' upcoming Consolidated Amended Complaint, addressed below, Valve has demonstrated a willingness to engage in extensive motion practice. These are precisely the circumstances where additional guardrails are necessary to ensure an efficient resolution of the case and appropriate use of scarce court resources.

## B.   RESPONDING TO CONSOLIDATED CLASS ACTION COMPLAINT

### 1.   Plaintiffs' Argument Regarding Valve's Response to Consolidated Class Action Complaint

The upcoming CAC will make no new substantive allegations; it will simply consolidate allegations that this Court held in the two, previously-separate cases plausibly and sufficiently state actionable claims against Valve—holdings the Court made after two separate rounds of motion to dismiss briefing. In meeting and conferring before this joint submission, Plaintiffs told Valve that, given the history, they believed another motion to dismiss the CAC would waste the Court's resources unnecessarily, but offered to stipulate that, if they made new substantive allegations, Valve could then point that out to the Court and seek leave to move to dismiss. Valve refused, prompting the current motion.

At bottom, the relief Plaintiffs seek is not remarkable; courts are empowered to prevent a defendant from making successive motions to dismiss on issues that they could have, but chose not to raise with an initial Rule 12 motion. Rule 12(g) of the Federal Rules of Civil Procedure provides that "a party that makes a [Rule 12] motion must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). "Thus, 'a defendant who fails to assert a failure-to-state-a-claim defense in a pre-answer Rule 12 motion cannot assert that defense in a later pre-answer motion under Rule

12(b)(6).'" *Fairhaven Health, LLC v. BioOrigyn, LLC*, 2021 WL 5987023, at *6 (W.D. Wash. Dec. 17, 2021); *see also Insight Psych. & Addiction, Inc. v. City of Costa Mesa*, 2021 WL 1218253, at *6 (C.D. Cal. Mar. 4, 2021) (party's new arguments on a successive motion to dismiss violated both Rule 12(g) and the local rule limiting reconsideration in the absence of clear error, new facts, or new law).

Here, Valve had not one, but two different opportunities to move to dismiss Plaintiffs' allegations. To the extent the CAC makes the same allegations the Court found plausible and actionable, Rule 12(g) therefore squarely applies. Furthermore, given the Court's rulings on the previous motions to dismiss, Valve cannot raise the same arguments against the CAC's allegations once again because they are the law of the case. *See Huynh v. Harasz*, 2016 WL 2757219, at *21 (N.D. Cal. May 12, 2016) (since law of the case "addresses *legal issues* decided by a court," "[i]f no factual issues have changed between the initial decision and the instant motion, the law of the case is still applicable") (emphasis in original) (internal quotation and citation omitted).

If Plaintiffs make new substantive arguments—which they do not intend to do at this time—they fully concede Valve would have good cause to request the right to file a motion to dismiss on those allegations, and they have said as much to Valve. However, Plaintiffs believe that it is Valve's burden given the procedural history of these consolidated actions to make such a showing, and that giving Valve *carte blanche* to file yet another motion to dismiss without justification creates an improper vehicle for unnecessary and wasteful delay.

## 2. Valve's Response to Plaintiffs' Argument Regarding Response to Consolidated Class Action Complaint

Plaintiffs again create an issue to argue over. Neither Valve nor the Court has seen the consolidated amended complaint (CAC) that Plaintiffs plan to file on August 26, 2022. Yet Plaintiffs ask Valve to agree in advance about how it will (or will not) respond to the CAC, and when Valve cannot blindly agree, bring this needless motion. Valve hopes Plaintiffs follow through on their representation that "[t]he upcoming CAC will make no new substantive allegations." If the CAC merely combines portions of the prior complaints that survived the Court's orders on Valve's motions to dismiss, there will be no issue. But if Plaintiffs inject new

1   material that causes the CAC to fail to state a claim upon which relief can be granted or raises

2   other Rule 12(b) defenses not previously available, Valve may need to move for appropriate relief.

3   That is unknown, and unknowable, until Plaintiffs file their CAC.

4        There is no need to require Valve to seek leave—*i.e.*, to file a motion to ask permission to

5   file another motion—and doing so would be highly inefficient.  If Valve moves to dismiss the

6   CAC and Plaintiffs believe its motion is redundant or improper, they can say so in their opposition

7   and raise the law of the case, Fed. R. Civ. P. 12(g), or any other bar.  Valve respects the Court's

8   rulings on its motions to dismiss the previous complaints and has no intention of asking the Court

9   to reconsider.  There is no need, or authority, to decide yet another issue that may never arise.

10  Rule 12(g)(2) is enough.  Valve's ability to respond appropriately under the Federal Rules to a

11  CAC no one has seen should not be constrained in the abstract now.

### 3.    Plaintiffs' Reply Argument Regarding Valve's Response to Consolidated Class Action Complaint

14       Similar to its response on successive motions for summary judgment, Valve seeks to

15  muddy the waters by conflating a substantive issue (whether Valve can move to dismiss new

16  allegations) with a burden issue (which party has the burden to show the allegations are

17  substantively new).  Plaintiffs and Valve appear to agree on the substance:  Plaintiffs expressly

18  agree that Valve may appropriately move to dismiss substantively new allegations, and Valve

19  attests that it will respect the Court's previous rulings.  Yet, Valve refuses to stipulate that it will

20  not file a motion to dismiss unless the CAC makes new substantive allegations.  This raises the

21  possibility that Valve will file yet another motion to dismiss, simply because it can.

22       Having now made two motions to dismiss, Valve should have the burden to show that any

23  additional motion to dismiss is warranted by substantively new allegations.  Otherwise, as Valve

24  correctly states, Plaintiffs will have to raise this issue in an opposition brief—while

25  simultaneously addressing the merits to ensure that no arguments are waived.  This continued

26  burden on the Court and the Plaintiffs would be extraordinarily wasteful; Rule 12(g) prohibits

27  raising arguments that Valve could have raised before, and Valve (not Plaintiffs) should have the

28  burden to show that it does not apply.  *See Fairhaven Health, LLC v. BioOrigyn, LLC*, 2021 WL

LCR 37 JOINT SUBMISSION
CASE NO. 2:21-CV-00563-JCC

15

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101

1   5987023, at *6 (W.D. Wash. Dec. 17, 2021).  This is an eminently practical process designed once

2   again to encourage efficient litigation.

3

4          DATED August 12th, 2022.

5   _/s/ Alicia Cobb_____          _/s/ Stephanie L. Jensen_____

6

7   Alicia Cobb, WSBA #48685                          Stephanie L. Jensen, WSBA #42042
    QUINN EMANUEL URQUHART &                          WILSON SONSINI GOODRICH &
    SULLIVAN, LLP                                     ROSATI P.C.
8   1109 First Avenue, Suite 210                      701 Fifth Avenue, Suite 5100
    Seattle, Washington 98101                         Seattle, WA 98104-7036
9   Phone (206) 905-7000                              Phone (206) 883-2500
    Fax (206) 905-7100                                Fax (206) 883-2699
10  aliciacobb@quinnemanuel.com                       sjensen@wsgr.com

11  Steig D. Olson (*pro hac vice*)                   Kenneth R. O'Rourke (*pro hac vice*)
    David LeRay (*pro hac vice*)                      Scott A. Sher (*pro hac vice*)
12  QUINN EMANUEL URQUHART &                          Allison B. Smith (*pro hac vice*)
    SULLIVAN, LLP                                     WILSON SONSINI GOODRICH &
13  51 Madison Avenue                                 ROSATI, P.C.
    New York, New York 10010                          1700 K Street, NW, Suite 500
14  Phone (212) 849-7231                              Washington, DC 20006
    Fax (212) 849-7100                                Phone (202) 973-8800
15  steigolson@quinnemanuel.com                       Fax (202) 973-8899
                                                      korourke@wsgr.com
16  Adam Wolfson (*pro hac vice*)                     ssher@wsgr.com
    QUINN EMANUEL URQUHART &                          allison.smith@wsgr.com
17  SULLIVAN, LLP
    865 S. Figueroa St., 10th Floor                   W. Joseph Bruckner (*pro hac vice*)
18  Los Angeles, California 90017                     Joseph C. Bourne (*pro hac vice*)
    Phone (213) 443-3285                              LOCKRIDGE GRINDAL NAUEN P.L.L.P.
19  Fax (213) 443-3100                                100 Washington Avenue S, Suite 2200
    adamwolfson@quinnemanuel.com                      Minneapolis, MN 55401
20                                                    Phone: (612) 339-6900
    Charles Stevens (*pro hac vice*)                  Fax: (612) 339-0981
21  QUINN EMANUEL URQUHART &                          wjbruckner@locklaw.com
    SULLIVAN, LLP                                     jcbourne@locklaw.com
22  50 California St., 22nd Floor
    San Francisco, CA 94111                           *Proposed Interim Co-Lead Counsel*
23  Phone (415) 875-6600
    Fax (415) 875-6700
24  charliestevens@quinnemanuel.com

25

26

27

28

David Golden (*pro hac vice*)
CONSTANTINE CANNON LLP
1001 Pennsylvania Ave., 22nd Floor
Washington, D.C. 20004
Phone (202) 204-4527
Fax (202) 204-3501
dgolden@constantinecannon.com

A. Owen Glist (*pro hac vice*)
Ankur Kapoor (*pro hac vice*)
Jeffrey I. Shinder (*pro hac vice*)
CONSTANTINE CANNON LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
Phone (212) 350-2700
Fax (212) 350-2701
oglist@constantinecannon.com

*Proposed Interim Co-Lead Counsel*

Kenneth J. Rubin (*pro hac vice*)
Timothy B. McGranor (*pro hac vice*)
Kara M. Mundy (*pro hac vice*)
VORYS, SATER, SEYMOUR AND
    PEASE LLP
52 East Gay Street
Columbus, Ohio 43215
Phone (614) 464-6400
Fax (614) 719-4796
kjrubin@vorys.com
tbmcgranor@vorys.com
kmmundy@vorys.com

Thomas N. McCormick (*pro hac vice*)
VORYS, SATER, SEYMOUR AND
    PEASE LLP
4675 MacArthur Court, Suite 700
Newport Beach, California 92660
Phone (949) 526-7903 | Fax (949) 383-2384
tnmccormick@vorys.com

*Proposed Interim Executive Committee
Member*

## **CERTIFICATION**

I certify that the full response by the responding party has been included in this submission, and that prior to making this submission the parties conferred to attempt to resolve this dispute in accordance with LCR 37.

EXECUTED on this 12th day of August, 2022.


*/s/ Alicia Cobb*
Alicia Cobb, WSBA #48685

1

## **CERTIFICATE OF SERVICE**

2          I hereby certify that on August 12, 2022, I caused a true and correct copy of the foregoing

3    to be filed in this Court's CM/ECF system, which will send notification of such filing to counsel

4    of record.

5          EXECUTED on this 12th day of August, 2022.

6

7

8                                               */s/ Alicia Cobb*
                                                Alicia Cobb, WSBA #48685

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28