The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

IN RE VALVE ANTITRUST LITIGATION

Case No. 2:21-cv-00563-JCC

**STIPULATED PROTECTIVE ORDER**

**NOTE ON MOTION CALENDAR:**
**AUGUST 12, 2022**

PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

STIPULATED PROTECTIVE ORDER
(2:21-CV-00563-JCC) - 1

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

2.    "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY"
MATERIAL

a.    "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following information, documents, and tangible things produced or otherwise exchanged:

i.    Non-public product, product use, or business plan or strategy information, including research and development and product use data; market information; proprietary product development or use information; non-public financial, sales, profitability, costs, or other business data, metrics or projections.

ii.    Proprietary, commercial, or client information, which is defined as:

A.    Research, development, or commercial information that is of a competitively sensitive nature and that a reasonably prudent business person in the applicable field would not release to or share with the public in the ordinary course of business, and the release of which would likely cause proprietary, competitive, or economic harm; or

B.    "Trade secret," as set forth in the Washington Trade Secrets Act, RCW 19.108.010, meaning information, including a formula, pattern, compilation, program, device, method, technique, or process that:

(1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

(2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

iii.    Non-public information received from, belonging to, or regarding third parties that is designated as confidential or protected under another agreement (such as a

STIPULATED PROTECTIVE ORDER
(2:21-CV-00563-JCC) - 2

Fox Rothschild LLP
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

non-disclosure agreement or a contract with a confidentiality provision) and which the producing party is contractually obligated to keep confidential.

b.   "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" MATERIAL

"Highly Confidential – Attorney's Eyes Only" material shall include the following information, documents, and tangible things produced or otherwise exchanged:

i.   Financial, proprietary, commercial, business, research and development, or customer/user/client information, that is of a highly competitively sensitive nature and that a reasonably prudent business person in the applicable field would not release to or share with the public in the ordinary course of business, and the release of which is likely to cause proprietary, competitive, or economic harm;

ii.   Information related to product users, including but not limited to Steam users and Steam account information, or employees, which is not in the ordinary course of business made publicly available, is not of legitimate concern to the public, and which a reasonable product user or employee might consider personal or private; or

iii.   Information produced, obtained, or used in any other litigation, court proceeding, or government action that was designated in that proceeding as "Highly Confidential," "Attorneys' Eyes Only," or similar designation indicating an intent to provide a high degree of protection of the confidentiality of such information.

3.   SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above) and Highly Confidential – Attorney's Eyes Only material (as defined above), but also (1) any information copied or extracted from confidential material or Highly Confidential – Attorney's Eyes Only material; (2) all copies, excerpts, summaries, or compilations of confidential material or Highly Confidential – Attorney's Eyes Only material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material or Highly Confidential – Attorney's Eyes Only material.

STIPULATED PROTECTIVE ORDER
(2:21-CV-00563-JCC) - 3

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS   TO   AND   USE   OF   CONFIDENTIAL   MATERIAL   AND   HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY MATERIAL

    4.1    <u>Basic Principles</u>. A receiving party may use confidential material and Highly Confidential – Attorney's Eyes Only material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material and Highly Confidential – Attorney's Eyes Only material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material and Highly Confidential – Attorney's Eyes Only material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

    4.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

        (a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

        (b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

        (c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (d)    the court, court personnel, and court reporters and their staff;

        (e)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h)     a party's witnesses designated as 30(b)(6) representatives with respect to documents produced by the party.

4.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Material</u>. Unless otherwise ordered by the court or permitted in writing by the party or non-party designating such material, all information or items designated as <u>"HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" material shall not be disclosed to any person except those listed in subparagraphs (a), (c), (d), (e), (g) and (h) of paragraph 4.2 above.</u>

4.4     <u>Filing Confidential Material</u> and Highly Confidential – Attorney's Eyes Only Material. Before filing confidential material or Highly Confidential – Attorney's Eyes Only material, or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential or Highly Confidential – Attorney's Eyes Only designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential or Highly Confidential – Attorney's Eyes Only information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks

STIPULATED PROTECTIVE ORDER
(2:21-CV-00563-JCC) - 5

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

permission from the court to file material under seal.  A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.  Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

STIPULATED PROTECTIVE ORDER
(2:21-CV-00563-JCC) - 6

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

the designating party must affix the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" to each page that contains confidential material or Highly Confidential – Attorney's Eyes Only material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     <u>Testimony given in deposition or in other pretrial proceedings</u>: Deposition testimony and the transcripts and video recordings thereof of depositions conducted during pretrial discovery in this litigation shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY for a period of 40 days, or for as many days as the parties shall agree, after receipt of such deposition transcript and/or video recordings to allow time for the deponent or counsel for that deponent, or any party or non-party or its counsel, to notify all parties of any HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY or CONFIDENTIAL Information contained therein. If a party or non-party desires to protect CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY information at trial, the issue should be addressed during the pre-trial conference.

(c)     <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

STIPULATED PROTECTIVE ORDER
(2:21-CV-00563-JCC) - 7

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

6.       CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1      Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2      Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential or Highly Confidential – Attorney's Eyes Only designations without court involvement. Any motion regarding confidential or Highly Confidential – Attorney's Eyes Only designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3      Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential or Highly Confidential – Attorney's Eyes Only until the court rules on the challenge.

STIPULATED PROTECTIVE ORDER
(2:21-CV-00563-JCC) - 8

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material or Highly Confidential – Attorney's Eyes Only material may be affected.

8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material or Highly Confidential – Attorney's Eyes Only material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the

STIPULATED PROTECTIVE ORDER
(2:21-CV-00563-JCC) - 9

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

1   receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

2   is not intended to modify whatever procedure may be established in an e-discovery order or

3   agreement that provides for production without prior privilege review. The parties agree to the

4   entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

5   10.     <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

6           Within 60 days after the termination of this action, including all appeals, each receiving

7   party must return all confidential material and Highly Confidential – Attorney's Eyes Only

8   material to the producing party, including all copies, extracts and summaries thereof. Alternatively,

9   the parties may agree upon appropriate methods of destruction.

10          Notwithstanding this provision, counsel are entitled to retain one archival copy of all

11  documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

12  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

13  product, even if such materials contain confidential material or Highly Confidential – Attorney's

14  Eyes Only material.

15          The confidentiality obligations imposed by this agreement shall remain in effect until a

16  designating party agrees otherwise in writing or a court orders otherwise.

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
(2:21-CV-00563-JCC) - 10

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

1

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

DATED this 12th day of August, 2022.

3

s/ Alicia Cobb

4

Alicia Cobb, WSBA #48685
QUINN EMANUEL URQUHART &

5

SULLIVAN, LLP
1109 First Avenue, Suite 210

6

Seattle, Washington 98101
Telephone (206) 905-7000

7

Fax (206) 905-7100
aliciacobb@quinnemanuel.com

8

9

Steig D. Olson (pro hac vice)
David LeRay (pro hac vice)

10

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue

11

New York, New York 10010
Telephone (212) 849-7231

12

Fax (212) 849-7100
steigolson@quinnemanuel.com

13

14

Adam Wolfson (pro hac vice)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP

15

865 S. Figueroa St., 10th Floor
Los Angeles, California 90017

16

Telephone (213) 443-3285
Fax (213) 443-3100

17

adamwolfson@quinnemanuel.com

18

Charles Stevens (pro hac vice)
QUINN EMANUEL URQUHART &

19

SULLIVAN, LLP
50 California St., 22nd Floor

20

San Francisco, CA 94111
Telephone (415) 875-6600

21

Fax (415) 875-6700
charliestevens@quinnemanuel.com

22

23

Proposed Interim Co-Lead Counsel

24

s/ Stephanie L. Jensen

Stephanie L. Jensen, WSBA #42042
WILSON SONSINI GOODRICH &
ROSATI P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone (206) 883-2500
Fax (206) 883-2699
sjensen@wsgr.com

Kenneth R. O'Rourke (pro hac vice)
Scott A. Sher (pro hac vice)
Allison B. Smith (pro hac vice)
WILSON SONSINI GOODRICH &
ROSATI, P.C.
1700 K Street, NW, Suite 500
Washington, DC 20006
Telephone (202) 973-8800
Fax (202) 973-8899
korourke@wsgr.com
ssher@wsgr.com
allison.smith@wsgr.com

W. Joseph Bruckner (pro hac vice)
Joseph C. Bourne (pro hac vice)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Fax: (612) 339-0981
wjbruckner@locklaw.com
jcbourne@locklaw.com

Proposed Interim Co-Lead Counsel

25

26

David Golden (*pro hac vice*)
CONSTANTINE CANNON LLP
1001 Pennsylvania Ave., 22nd Floor
Washington, D.C. 20004
Telephone (202) 204-4527
Fax (202) 204-3501
dgolden@constantinecannon.com

A. Owen Glist (*pro hac vice*)
Ankur Kapoor (*pro hac vice*)
Jeffrey I. Shinder (*pro hac vice*)
CONSTANTINE CANNON LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
Telephone (212) 350-2700
Fax (212) 350-2701
oglist@constantinecannon.com

*Proposed Interim Co-Lead Counsel*

Kenneth J. Rubin (*pro hac vice*)
Timothy B. McGranor (*pro hac vice*)
Kara M. Mundy (*pro hac vice*)
VORYS, SATER, SEYMOUR AND
    PEASE LLP
52 East Gay Street
Columbus, Ohio 43215
Telephone (614) 464-6400
Fax (614) 719-4796
kjrubin@vorys.com
tbmcgranor@vorys.com
kmmundy@vorys.com

Thomas N. McCormick (*pro hac vice*)
VORYS, SATER, SEYMOUR AND
    PEASE LLP
4675 MacArthur Court, Suite 700
Newport Beach, California 92660
Phone (949) 526-7903 | Fax (949) 383-2384
tnmccormick@vorys.com

*Proposed Interim Executive Committee
Member*

s/ Gavin W. Skok

Gavin W. Skok, WSBA #29766
FOX ROTHSCHILD LLP
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
Telephone: (206) 624-3600
Fax: (206) 389-1708
gskok@foxrothschild.com

Kristen Ward Broz
FOX ROTHSCHILD LLP
2020 K. St. NW, Ste. 500
Washington, DC  20006
Telephone (202) 794-1220
Fax (202) 461-3102
kbroz@foxrothschild.com

Charles B. Casper (*pro hac vice*)
MONTGOMERY McCRACKEN WALKER
& RHOADS LLP
1735 Market Street, 21st Floor
Philadelphia, PA 19103
Telephone (215) 772-1500
ccasper@mmwr.com

*Attorneys for Defendant Valve Corporation*

STIPULATED PROTECTIVE ORDER
(2:21-CV-00563-JCC) - 12

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

1    PURSUANT TO STIPULATION, IT IS SO ORDERED

2    IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

3  documents in this proceeding shall not, for the purposes of this proceeding or any other federal or

4  state proceeding, constitute a waiver by the producing party of any privilege applicable to those

5  documents, including the attorney-client privilege, attorney work-product protection, or any other

6  privilege or protection recognized by law.

7

8    DATED this 16th day of August 2022.

9

10

11    _____

12    John C. Coughenour
     UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
(2:21-CV-00563-JCC) - 13

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of
_____ [print or type full address], declare under penalty of
perjury that I have read in its entirety and understand the Stipulated Protective Order that was
issued by the United States District Court for the Western District of Washington on _____
[date] in the case of *In re Valve Antitrust Litigation*, Case No. 2:21-cv-00563-JCC . I agree to
comply with and to be bound by all the terms of this Stipulated Protective Order and I understand
and acknowledge that failure to so comply could expose me to sanctions and punishment in the
nature of contempt. I solemnly promise that I will not disclose in any manner any information or
item that is subject to this Stipulated Protective Order to any person or entity except in strict
compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the
Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective
Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER
(2:21-CV-00563-JCC) - 14

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600