THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: VALVE ANTITRUST LITIGATION | Case No. 2:21-cv-00563-JCC<br><br>**STIPULATED MOTION AND [PROPOSED] ORDER CONCERNING EXPERT DISCOVERY**<br><br>NOTE ON MOTION CALENDAR:<br>September 19, 2022 |

STIPULATED MOTION AND [PROPOSED] ORDER
CONCERNING EXPERT DISCOVERY
CASE NO. 2:21-CV-00563-JCC

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

1  The parties[1] in the above-captioned action, through their respective counsel of record, stipulate to the following regarding the scope of expert reports and discovery in the above-captioned action and all other matters subsequently consolidated with them (collectively, the "Actions"), subject to approval by the Court.

  1. This Stipulation Concerning Expert Discovery ("Stipulation") does not set or alter the time for any disclosure required by Federal Rule of Civil Procedure 26(a)(2)(B) or the timing of any deadlines set forth in any operative scheduling orders entered in this case.

  2. To the extent that this Stipulation imposes limitations on discovery that would otherwise be available under the Federal Rules of Civil Procedure or this Court's standing orders, the parties have agreed to those limitations to increase the efficiency of their dealings with testifying experts and to minimize discovery disputes regarding testifying experts. Neither the terms of this Stipulation nor the parties' agreement to them shall be considered an admission by any party that any of the information restricted from discovery by this Stipulation would otherwise be discoverable or admissible.

  3. The parties agree to modify their Rule 26(a)(2)(B)(ii) disclosure obligations to require disclosure of "the facts, data, or other information relied on by the witness in forming them." For the purpose of defining their discovery obligations in this litigation, the parties agree that Rule 26(b)(4)(C)(ii) shall be treated as if it reads: "identify facts or data that the party's attorney provided and that the expert relied on in forming the opinions to be expressed." The parties also agree that Rule 26(a)(2)(B)(vi) shall be treated as if it reads: "a statement of the compensation to be paid for the study and testimony in the case, including the hourly rate to be paid for the testifying expert's time in the case."

  4. Subject to the limitations of Rule 26(b)(4)(C), as modified by Paragraph 3 above or the provisions of this paragraph below, the following types of information shall not be the

---

[1] This Stipulation and Order Concerning Expert Discovery shall govern the parties in the above-captioned action, whether they currently are involved or become so in the future, and in any related actions that may later be consolidated with this case.

STIPULATED MOTION AND [PROPOSED] ORDER CONCERNING EXPERT DISCOVERY
CASE NO. 2:21-CV-00563-JCC
-1-
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

subject of any form of discovery and the parties shall not be obligated to preserve such information in any form or include such information on any privilege log:

    a.    all written or oral communications in connection with this matter among and between the testifying expert and consultants, counsel, other experts, and/or staff or among any of these actors in connection with this matter, including, but not limited to:

        i.    counsel and counsel's staff and the testifying expert and/or the expert's staff and/or supporting firms;

        ii.    counsel and counsel's staff and any non-testifying expert consultant and/or the consultant's staff;

        iii.    the expert and other experts and/or other non-testifying expert consultants;

        iv.    experts and their staff and/or supporting firms;

        v.    non-testifying expert consultants and their staffs; and/or

        vi.    the respective staffs and/or supporting firms of testifying experts or non-testifying expert consultants and the staffs and/or supporting firms of other experts or non-testifying expert consultants;

    b.    all written or oral communications relating to the deposition of the testifying expert;

    c.    all work performed by non-testifying consultants;

    d.    all written or oral communications or other materials relating to interviews of or the potential retention of experts or consultants;

    e.    drafts of (i) final reports, (ii) written testimony, (iii) affidavits, (iv) declarations, or (v) other written materials prepared in connection with this matter;

    f.    preliminary or intermediate calculations, computations, or other data runs, or other types of preliminary work created by, for, or at the direction of a

STIPULATED MOTION AND [PROPOSED] ORDER CONCERNING EXPERT DISCOVERY
CASE NO. 2:21-CV-00563-JCC

-2-

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

testifying expert by consultants, counsel, other experts, and/or staff, unless they are relied upon by the expert to formulate his or her opinions;

    g.    any notes, analyses, comments, or other writings taken or prepared by or for a testifying expert in connection with this matter unless they are relied upon by the expert to formulate his or her opinions; and

    h.    budgets, invoices, bills, receipts, or time records concerning testifying or non-testifying expert witnesses or consultants, their staff, assistants, colleagues, or associates, or their companies or organizations, except an expert may be asked reasonable questions regarding the compensation of the expert and his or her staff, the amount of time an expert or that expert's staff has spent on the expert's report and associated work, and the amount of money billed for the report and associated work.

    5.    The limitations contained in Paragraph 4 shall not apply to any communications, documents, data sets, data runs, calculations, computations, or other forms of information or work upon which a testifying expert relies as a basis for any of his or her opinions whether expressed in reports, affidavits, declarations, or testimony. Rules 26(a)(2)(B) and 26(b)(4), as modified by paragraphs 3 above and 6 and 7 below, govern disclosure of those materials.

    6.    Except as set forth in Paragraph 4, in addition to what is required by Federal Rule of Civil Procedure 26, for each testifying expert designated by the parties, the designating party will, within two (2) business days of serving an expert report, affidavit, or declaration pursuant to Rule 26(a)(2)(B) or otherwise, produce:

    a.    copies of the data, materials, and/or other information relied upon by the testifying expert in forming the expert witness's opinions, including all raw and final electronic data sets and electronic data compilations in the form or format used for the expert's calculations; provided, however, that materials produced previously in this action (except for the raw data sets) need not be re-produced, but may be identified by Bates number, and that materials

STIPULATED MOTION AND [PROPOSED] ORDER CONCERNING EXPERT DISCOVERY
CASE NO. 2:21-CV-00563-JCC
-3-
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

publicly available without charge online need not be produced, but may be identified by website, title, and date or a working URL;

b. the input, programs, and output underlying all calculations relied upon in forming the testifying expert's opinions and/or needed to replicate or reproduce the expert's disclosed tables, figures, calculations, and reported results, including underlying raw and final data, spreadsheets, computerized regression analysis, and/or other underlying reports and schedules sufficient to reconstruct the work, calculations, and/or analyses upon which the expert witness is relying for his or her opinions; and

c. any information (including, but not limited to, analyses, spreadsheets, graphs, and charts) relied upon by the testifying expert that is based on the output from any computer programs that are produced.

7. The information required by Paragraph 6 above to be produced shall be produced electronically (via email, disc or FTP site) where reasonably feasible. Data, statistical analyses, or other information (including any calculation or exhibit) upon which an expert relies for any of his or her opinion(s) in this matter shall be provided in widely available machine readable format, including any data that has been cleaned, reformatted, or modified in any way from the form in which it may have been provided to the expert. All other documents, data, and other information relied upon shall be provided in a format as agreed to by the parties, along with any software and instructions required to read them, but no party need produce computer software or instructions that are reasonably and commercially available (e.g., Microsoft Word, Excel, STATA, SAS). Documents that are publicly available without charge shall be identified by internet addresses where the materials can be accessed or obtained. Documents that have previously been produced during discovery need not be produced if they are identified by Bates number.

8. This stipulation is not intended to limit the ability of any party to prepare and use demonstrative exhibits, including demonstrative exhibits that may relate to an expert's testimony, during the course of any hearing or trial. The admissibility of any such demonstrative exhibits shall

STIPULATED MOTION AND [PROPOSED] ORDER
CONCERNING EXPERT DISCOVERY
CASE NO. 2:21-CV-00563-JCC
-4-
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

1 | be subject to the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and this Court's Local Rules, unless otherwise provided by order of the Court.

9. No subpoenas (for depositions or documents) need be served on any testifying expert from whom a report, affidavit, or declaration is provided. Instead, the party proffering such expert will (a) be responsible for producing all materials and information relied on by the expert as outlined above, and (b) make the expert available for deposition at a time mutually agreed to by the parties and consistent with the Court's scheduling orders.

10. Nothing in this Stipulation shall permit a party or a testifying expert to withhold any proposition, fact, belief, or other data, information, or material on which the expert relies in support of her or his opinion(s) in this matter, or to prevent substantive deposition questions with respect to any data or other non-privileged information that may be relevant to the substance of the testifying expert's opinions, including, but not limited to: (i) theories, methodologies, yardsticks, benchmarks, variables, data, facts, or assumptions that the expert relied on in forming his or her opinions; (ii) the assumptions or facts, if any, that the party's attorney provided and that the expert relied on in forming the opinions expressed; or (iii) any other assumptions that the expert may have relied upon in preparing his or her report.  However, such questions may not specifically concern the wording or contents of any drafts of the expert's reports, affidavits, declarations, written testimony, or other written materials on which the expert did not rely in forming his or her expressed opinions.

11. The parties agree to comply with this Stipulation pending the Court's approval.

Dated: September 19, 2022

| | |
|---|---|
| /s/ Alicia Cobb | /s/ Stephanie L. Jensen |
| Alicia Cobb, WSBA #48685<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>1109 First Avenue, Suite 210<br>Seattle, Washington 98101<br>Phone (206) 905-7000<br>Fax (206) 905-7100<br>aliciacobb@quinnemanuel.com | Stephanie L. Jensen, WSBA #42042<br>WILSON SONSINI GOODRICH &<br>ROSATI P.C.<br>701 Fifth Avenue, Suite 5100<br>Seattle, WA 98104-7036<br>Phone (206) 883-2500<br>Fax (206) 883-2699<br>sjensen@wsgr.com |
| Steig D. Olson (*pro hac vice*)<br>David LeRay (*pro hac vice*)<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>51 Madison Avenue<br>New York, New York 10010<br>Phone (212) 849-7231<br>Fax (212) 849-7100<br>steigolson@quinnemanuel.com | Kenneth R. O'Rourke (*pro hac vice*)<br>Scott A. Sher (*pro hac vice*)<br>Allison B. Smith (*pro hac vice*)<br>WILSON SONSINI GOODRICH &<br>ROSATI, P.C.<br>1700 K Street, NW, Suite 500<br>Washington, DC 20006<br>Phone (202) 973-8800<br>Fax (202) 973-8899<br>korourke@wsgr.com<br>ssher@wsgr.com<br>allison.smith@wsgr.com |
| Adam Wolfson (*pro hac vice*)<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>Phone (213) 443-3285<br>Fax (213) 443-3100<br>adamwolfson@quinnemanuel.com | W. Joseph Bruckner (*pro hac vice*)<br>Joseph C. Bourne (*pro hac vice*)<br>LOCKRIDGE GRINDAL NAUEN P.L.L.P.<br>100 Washington Avenue S, Suite 2200<br>Minneapolis, MN 55401<br>Phone: (612) 339-6900<br>Fax: (612) 339-0981<br>wjbruckner@locklaw.com<br>jcbourne@locklaw.com |
| Charles Stevens (*pro hac vice*)<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>50 California St., 22nd Floor<br>San Francisco, CA 94111<br>Phone (415) 875-6600<br>Fax (415) 875-6700<br>charliestevens@quinnemanuel.com | *Interim Co-Lead Counsel* |

| | |
|---|---|
| David Golden (*pro hac vice*)<br>CONSTANTINE CANNON LLP<br>1001 Pennsylvania Ave., 22nd Floor<br>Washington, D.C. 20004<br>Phone (202) 204-4527<br>Fax (202) 204-3501<br>dgolden@constantinecannon.com<br><br>A. Owen Glist (*pro hac vice*)<br>Ankur Kapoor (*pro hac vice*)<br>Jeffrey I. Shinder (*pro hac vice*)<br>CONSTANTINE CANNON LLP<br>335 Madison Avenue, 9th Floor<br>New York, NY 10017<br>Phone (212) 350-2700<br>Fax (212) 350-2701<br>oglist@constantinecannon.com<br><br>*Interim Co-Lead Counsel*<br><br>Kenneth J. Rubin (pro hac vice)<br>Timothy B. McGranor (pro hac vice)<br>Kara M. Mundy (pro hac vice)<br>VORYS, SATER, SEYMOUR AND PEASE LLP<br>52 East Gay Street<br>Columbus, Ohio 43215<br>Phone (614) 464-6400<br>Fax (614) 719-4796<br>kjrubin@vorys.com<br>tbmcgranor@vorys.com<br>kmmundy@vorys.com<br><br>Thomas N. McCormick (pro hac vice)<br>VORYS, SATER, SEYMOUR AND PEASE LLP<br>4675 MacArthur Court, Suite 700<br>Newport Beach, California 92660<br>Phone (949) 526-7903 ǀ Fax (949) 383-2384<br>tnmccormick@vorys.com<br><br><br>*Interim Executive Committee Member* | *s/ Gavin W. Skok*<br>Gavin W. Skok, WSBA #29766<br>FOX ROTHSCHILD LLP<br>1001 Fourth Avenue, Suite 4400<br>Seattle, Washington 98154<br>Phone (206) 624-3600<br>Fax (206) 389-1708<br>gskok@foxrothschild.com<br><br>Kristen Ward Broz<br>FOX ROTHSCHILD LLP<br>2020 K. St. NW, Ste. 500<br>Washington, DC  20006<br>Telephone (202) 794-1220<br>Fax (202) 461-3102<br>kbroz@foxrothschild.com<br><br>Charles B. Casper (*pro hac vice*)<br>MONTGOMERY McCRACKEN WALKER & RHOADS LLP<br>1735 Market Street, 21st Floor<br>Philadelphia, PA 19103<br>Phone (215) 772-7223<br>Facsimile (215) 731-3750<br>ccasper@mmwr.com<br><br><br>*Attorneys for Defendant Valve Corporation* |

STIPULATED MOTION AND [PROPOSED] ORDER CONCERNING EXPERT DISCOVERY
CASE NO. 2:21-CV-00563-JCC

-7-

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

1  IT IS SO ORDERED.

2  Dated this _____ day of _____, 2022.

_____
THE HONORABLE JOHN C. COUGHENOUR
UNITED STATES DISTRICT JUDGE

STIPULATED MOTION AND [PROPOSED] ORDER
CONCERNING EXPERT DISCOVERY
CASE NO. 2:21-CV-00563-JCC

-8-

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500