THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | Case No. 2:21-cv-00563-JCC<br><br>**MOTION FOR LEAVE TO FILE CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>NOTE ON MOTION CALENDAR:<br>MARCH 17, 2023 |

MOTION FOR LEAVE TO AMEND PLEADING
CASE NO. 2:21-cv-00563-JCC

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ................................................................................................................ 1

II. PROCEDURAL BACKGROUND.................................................................................... 1

III. LEGAL STANDARD......................................................................................................... 3

IV. ARGUMENT...................................................................................................................... 4

    A.    Plaintiffs' Proposed Amendment Will Not Prejudice Valve. ................................. 4

    B.    The Amendment Is Not Sought in Bad Faith or for a Dilatory Motive. ................ 6

    C.    Plaintiffs Have Not Unduly Delayed the Motion for Leave. ................................. 7

    D.    Plaintiffs' Amendment Is Not Futile....................................................................... 7

V.  CONCLUSION................................................................................................................... 8

MOTION FOR LEAVE TO AMEND PLEADING  
CASE NO. 2:21-CV-00563-JCC

-i-

WILSON SONSINI GOODRICH & ROSATI  
701 Fifth Avenue, Suite 5100  
Seattle, WA 98104-7036  
Tel: (206) 883-2500

# TABLE OF AUTHORITIES

Page(s)

### CASES

*Bechtel v. Robinson*,
    886 F.2d 644 (3d Cir. 1989)...................................................................................................4

*Bowles v. Reade*,
    198 F.3d 752 (9th Cir. 1999).................................................................................................7

*Colvin v. Valve Corp.*,
    No. 2:21-cv-00801 (C.D. Cal.). ............................................................................................2

*DCD Programs, Ltd. v. Leighton*,
    833 F.2d 183 (9th Cir. 1987) ............................................................................................3, 7

*Dep't of Fair Emp't & Hous. v. Law Sch. Admission Council, Inc.*,
    No. C-12-1830 EMC, 2013 U.S. Dist. LEXIS 16942
    (N.D. Cal. Feb. 6, 2013)....................................................................................................5, 6

*Douglas v. Bank of America, N.A.*,
    No. C20-0193JLR, 2020 U.S. Dist. LEXIS 217209
    (W.D. Wash. Nov. 19, 2020) ................................................................................................5

*Eminence Capital, LLC v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003) ..........................................................................................3, 4

*Foman v. Davis*,
    371 U.S. 178 (1962)..............................................................................................................3

*Fosmire v. Progressive Max Ins. Co.*,
    No. C10-5291JLR, 2011 U.S. Dist. LEXIS 110077
    (W.D. Wash. Sep. 26, 2011) .................................................................................................4

*Griggs v. Pace Am. Grp., Inc.*,
    170 F.3d 877 (9th Cir. 1999) ............................................................................................3, 6

*Lockheed Martin Corp. v. Network Solutions, Inc.*,
    194 F.3d 980 (9th Cir. 1999) ................................................................................................4

*McCartin v. Norton*,
    674 F.2d 1317 (9th Cir. 1982) ..............................................................................................3

*Moore v. Kayport Package Exp., Inc.*,
    885 F.2d 531 (9th Cir. 1989) ................................................................................................8

*Oppenheimer v. eXp Realty LLC*,
    No. 2:21-cv-01304-RAJ-BAT, 2023 U.S. Dist. LEXIS 8015
    (W.D. Wash. Jan. 17, 2023)...............................................................................................4, 5

*Owens v. Kaiser Found. Health Plan, Inc.*,
    244 F.3d 708 (9th Cir. 2001) ................................................................................................3

1 | *Paz v. City of Aberdeen*,
        No. C13-5104 RJB, 2013 U.S. Dist. LEXIS 169037
2       (W.D. Wash. Nov. 25, 2013) ................................................................................................6

3 | *Peoples v. United Servs. Auto. Ass'n*,
        No. C18-1173RSL, 2019 U.S. Dist. LEXIS 77295
4       (W.D. Wash. May 7, 2019) ..................................................................................................5

5 | *Roberts v. Arizona Bd. of Regents*,
        661 F.2d 796 (9th Cir. 1981) ...............................................................................................7

*United States v. Webb*,
        655 F.2d 977 (9th Cir. 1981) ...............................................................................................7

*Wizards of the Coast LLC v. Cryptozoic Entm't LLC*,
        309 F.R.D. 645 (W.D. Wash. 2015) ................................................................................4, 6

*Wright v. Corr. Corp. of Am.*,
        No. 1:00-CV-00293(GK), 2016 U.S. Dist. LEXIS 6855
        (D.D.C. Jan. 21, 2016) .........................................................................................................6

**RULES**

Fed. R. Civ. P. 15 ......................................................................................................................1, 3, 4

Local Civil Rule 15 ...........................................................................................................................1

Local Civil Rule 42 ...........................................................................................................................2

MOTION FOR LEAVE TO AMEND PLEADING            -iii-            WILSON SONSINI GOODRICH & ROSATI
CASE NO. 2:21-CV-00563-JCC                                     701 Fifth Avenue, Suite 5100
                                                               Seattle, WA  98104-7036
                                                               Tel: (206) 883-2500

## I. INTRODUCTION

Plaintiffs Wolfire Games, LLC ("Wolfire"), Dark Catt Studios Holdings, Inc., and Dark Catt Studios Interactive LLC (collectively with Dark Catt Studios Holdings, Inc., "Dark Catt," and with Wolfire, "Plaintiffs") respectfully move the Court for leave to file a Consolidated Second Amended Class Action Complaint ("CSAC"), pursuant to Local Civil Rule 15 and Federal Rule of Civil Procedure 15(a)(2). The CSAC amends the Consolidated Amended Class Action Complaint ("CAC") filed on August 26, 2022. ECF No. 99.[1] Plaintiffs' proposed amendment clarifies and corrects a few factual allegations and revises the class definition. Plaintiffs bring this motion in compliance with the parties' stipulated March 1, 2023 deadline to amend the complaint. ECF No. 97 (Order granting stipulated motion). Prior to filing, Plaintiffs provided the proposed amendment to Valve for review; Valve suggested Plaintiffs file the instant motion while Valve continues to review the proposed amendment.

Leave to amend should be freely granted when justice so requires, and it does here. Plaintiffs' proposed amendment to revise the class definition and make minor changes to factual allegations—for example, standardizing terminology used throughout—will not prejudice Defendant Valve Corporation ("Valve"). With plenty of time left in fact discovery and Valve's agreement to the March 1, 2023 cut-off for amendment, Valve will not be "unfairly disadvantaged" or deprived of the "opportunity to present facts or evidence" by the amendment. Nor will there be a substantial delay to these proceedings as the case is mid-discovery, and the amendment does not add new claims, legal theories, or parties. Plaintiffs bring this motion in good faith and in a timely manner.

## II. PROCEDURAL BACKGROUND

Wolfire filed its original complaint on April 27, 2021. ECF No. 1.[2] On May 4, 2021,

---

[1] A redline comparing the Consolidated Amended Class Action Complaint and the proposed CSAC is attached as Exhibit 1.

[2] All docket references are to *Wolfire Games, LLC v. Valve Corp.*, now captioned *In re Valve Antitrust Litigation*, No. 2:21-cv-00563-JCC, unless otherwise noted.

Wolfire notified the Court of the related matter pending in another jurisdiction captioned *Colvin v. Valve Corp.*, No. 2:21-cv-00801 (C.D. Cal.). ECF No. 24. The *Colvin* action was transferred to this District and on May 19, 2021, Wolfire, the *Colvin* plaintiffs, and Valve filed a stipulated motion to consolidate the *Wolfire* action and *Colvin* action, which the Court granted. ECF Nos. 28, 29. Wolfire filed a consolidated amended complaint, ECF No. 34, and Valve moved to compel arbitration of the consumer claims and stay the *Wolfire* claims. ECF No. 35. Valve subsequently moved to dismiss Wolfire's claims. ECF No. 37.

On November 25, 2021, the Court granted Valve's motion to compel arbitration as to the consumer claims and stayed those claims, but did not stay Wolfire's claim. ECF No. 66. On November 19, 2021, the Court granted in part and denied in part Valve's motion to dismiss Wolfire's consolidated amended complaint, and granted leave for Wolfire to amend. ECF No. 67. Pursuant to that Order, on December 20, 2021, Wolfire filed its Second Amended Consolidated Class Action Complaint. ECF No. 68. Valve filed another motion to dismiss, which the Court granted in part and denied in part. ECF No. 80. The Court denied Valve's motion as to certain counts, while dismissing the others. *Id.* at 8. Valve answered the Second Amended Consolidated Class Action Complaint on June 10, 2022. ECF No. 85.

Dark Catt filed its original complaint on June 28, 2021. ECF No. 1, *Dark Catt Studios Holdings, Inc. v. Valve Corp.*, No. 2:21-cv-00872-JCC (W.D. Wash.) ("Dark Catt Action"). On August 30, 2021, Valve filed a motion to dismiss, which the Court granted in part and denied in part, with leave to amend, on November 19, 2021. Dark Catt Action ECF No. 56. Dark Catt filed its Amended Class Action Complaint on December 20, 2021. Dark Catt Action ECF No. 57. Valve filed a motion to dismiss the amended complaint on January 28, 2022, Dark Catt Action ECF No. 64, and the Court denied that motion on May 6, 2022. Dark Catt Action ECF No. 70. Valve answered the amended complaint on June 10, 2022. Dark Catt Action ECF No. 75.

On July 22, 2022, Plaintiffs and Valve filed a stipulated motion to consolidate the *Wolfire* and *Dark Catt* actions as related cases under Local Civil Rule 42, ECF No. 88, which the Court granted on July 22, 2022. ECF No. 90. Plaintiffs accordingly filed the CAC on behalf of game

CASE NO. 2:21-CV-00563-JCC
-2-
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

1  publishers in the consolidated case *In re Valve Antitrust Litigation*. ECF No. 99. As stated in the
2  motion to consolidate, the CAC did not add any substantively new allegations to what was
3  previously included in the *Wolfire* and *Dark Catt* complaints, nor did it include the claims from
4  the *Wolfire* complaint that were dismissed with prejudice. ECF No. 88. Valve answered the CAC
5  on September 23, 2022. ECF No. 104.

6  On August 22, 2022, the Court granted the parties' stipulated motion for the entry of a case
7  schedule through summary judgment briefing. ECF No. 98. That case schedule set March 1, 2023
8  as the deadline to amend the complaint; October 31, 2023 as the close of fact discovery; and
9  December 21, 2023 as the deadline for a motion for class certification. *Id*. at 1.

### III.   LEGAL STANDARD

Because Plaintiffs bring this motion within the timeframe set out in the Court's scheduling order (ECF No. 98), the motion is subject to the liberal standard for amendment set out in Federal Rule of Civil Procedure 15, which states that courts should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The "mandate" in Rule 15(a) "is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). That is, the Rule is "to be applied with extreme liberality," *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir. 2001) (citation omitted), with "all inferences in favor of granting the motion," *Griggs v. Pace Am. Grp., Inc*., 170 F.3d 877, 880 (9th Cir. 1999). Amendment should be "liberally granted where from the underlying facts or circumstances, the plaintiff may be able to state a claim." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir. 1982)).

In determining whether leave should be granted, courts generally consider four factors: "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs, Ltd*., 833 F.2d at 186. The factors are not weighed equally, as prejudice to the opposing party is the "touchstone of the inquiry." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003). Further, the "party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd*., 833 F.2d at 187. Without prejudice or a strong showing of the

MOTION FOR LEAVE TO AMEND PLEADING
CASE NO. 2:21-CV-00563-JCC
-3-
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

other factors, "there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052.

## IV.  ARGUMENT

Plaintiffs' proposed amendment will not prejudice Valve, is not brought in bad faith, has not been unduly delayed, and is not futile. Valve cannot meet its burden of showing prejudice from the proposed amendment. Accordingly, Plaintiffs' motion should be granted.

### A.  Plaintiffs' Proposed Amendment Will Not Prejudice Valve.

Undue prejudice to the party opposing amendment "carries the greatest weight" in the analysis of whether to grant leave to amend, and the party opposing amendment bears the burden of showing prejudice. *Eminence Capital, LLC*, 316 F.3d at 1052. Prejudice to the nonmoving party "must be substantial" to support denying leave to amend. *Oppenheimer v. eXp Realty LLC*, No. 2:21-cv-01304-RAJ-BAT, 2023 U.S. Dist. LEXIS 8015, at *6 (W.D. Wash. Jan. 17, 2023). The non-moving party "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015) (quoting *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)); *see also Oppenheimer*, 2023 U.S. Dist. LEXIS 8015, at *6.

The undue prejudice factor usually focuses on whether the amendment will substantially delay proceedings, such as by necessitating reopening discovery. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (finding prejudice where the amendment would require reopening discovery). The mere need for additional discovery because of an amendment, however, is not sufficient to deny leave to amend. *See Wizards of the Coast LLC*, 309 F.R.D. at 652 ("[D]elay alone is not sufficient to establish prejudice, nor is a need for additional discovery."); *Fosmire v. Progressive Max Ins. Co.*, No. C10-5291JLR, 2011 U.S. Dist. LEXIS 110077, at *8-10 (W.D. Wash. Sep. 26, 2011) (granting motion to amend to add three new defendants, finding that "the additional discovery . . . is not exceptionally onerous and will not result in undue prejudice").

MOTION FOR LEAVE TO AMEND PLEADING
CASE NO. 2:21-cv-00563-JCC
-4-
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500

Courts in this District have allowed amendment, including to class definitions, significantly later than the current status of this case. In *Douglas v. Bank of America, N.A.*, the Court found no undue prejudice and granted a motion to amend that would "make meaningful changes to the class definition and class allegations" even though it was filed on the same day as plaintiffs' class certification motion, after class discovery had closed. No. C20-0193JLR, 2020 U.S. Dist. LEXIS 217209, at *18 (W.D. Wash. Nov. 19, 2020). Similarly, in *Peoples v. United Servs. Auto. Ass'n*, the Court granted a motion to amend to add an entirely new class claim after the plaintiff had filed a class certification motion. No. C18-1173RSL, 2019 U.S. Dist. LEXIS 77295 (W.D. Wash. May 7, 2019).

Here, Valve cannot show prejudice from the timing or substance of the proposed amendment. As to timing, Plaintiffs bring this motion within the time agreed to by Valve for amendment, while the action is in the middle of fact discovery. The substantial completion deadline for document productions is two months away and the fact discovery deadline is seven months away. Moreover, the parties recently stipulated to a one-month extension of an upcoming discovery deadline, for completion of transactional data productions. ECF No. 121. Depositions have not yet begun. The class certification motion is not due until December 21, 2023. This posture is in "stark contrast" to cases in which courts denied leave to amend because the "amendment was sought either after or on the eve of the close of discovery." *Dep't of Fair Emp't & Hous. v. Law Sch. Admission Council, Inc.*, No. C-12-1830 EMC, 2013 U.S. Dist. LEXIS 16942, at *18 (N.D. Cal. Feb. 6, 2013).

Nor do the proposed amendments materially affect the claims brought or legal theories underlying them, and are unlikely to significantly alter any party's discovery strategy or the overall progression of the case. *See Oppenheimer*, 2023 U.S. Dist. LEXIS 8015, at *8-9 (denying reconsideration of order granting motion to amend allowing plaintiff to add claims, reasoning the new claims are "complementary" to the existing claims and "any additional discovery will be complementary").

MOTION FOR LEAVE TO AMEND PLEADING
CASE NO. 2:21-CV-00563-JCC
-5-
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

Courts have rejected claims of undue prejudice arising from expansions in class definitions, new class claims, and new allegations requiring significant new discovery. Plaintiffs' proposed amendment is less drastic. It increases the precision of the class definition now that Plaintiffs have a better understanding of, for example, Valve's contracting practices and policies related to Steam and processing of sales made through the Steam store, including the deduction of Valve's 30% commission. Plaintiffs seek to include all persons in the class definition who have suffered a common antitrust injury because of Valve's anticompetitive conduct and seek to adapt the class definition accordingly. This information was obtained through the discovery process and was unavailable at the time of the CAC.

When amendment affects the class definition but does not change the overall claims asserted, factual bases for those claims, or theories in the case, the amendment does not constitute "*undue* prejudice" to a defendant even though the new definition could "entail some additional discovery." *Dep't of Fair Emp't & Hous.*, 2013 U.S. Dist. LEXIS 16942, at *18; *see also Wright v. Corr. Corp. of Am.*, No. 1:00-CV-00293(GK), 2016 U.S. Dist. LEXIS 6855, at *7-8 (D.D.C. Jan. 21, 2016) ("a mere increase in class size is neither complex nor inherently prejudicial").

Plaintiffs' proposed amendment should be allowed under the liberal standard of Rule 15.

### B.     The Amendment Is Not Sought in Bad Faith or for a Dilatory Motive.

Plaintiffs bring this motion in good faith to correct inconsistencies in the CAC and refine the class definition. The proposed amendment will not substantially impact the scope or length of this litigation, and Plaintiffs do not seek to add claims or theories of liability.

"In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt." *Wizards of the Coast LLC*, 309 F.R.D. at 651. In other words, bad faith "exists when the addition of new legal theories are baseless and presented for the purpose of prolonging the litigation." *Paz v. City of Aberdeen*, No. C13-5104 RJB, 2013 U.S. Dist. LEXIS 169037, at *12 (W.D. Wash. Nov. 25, 2013) (citing *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999)). Plaintiffs' amendment presents no new legal theories, much less "baseless" ones to prolong this case or "deceive" or "harass" Valve. Plaintiffs

have no dilatory motive or intent to "disrupt" the pace of proceedings, either. Instead, Plaintiffs have the incentive and intent to progress through class certification and summary judgment swiftly, in the best interests of members of the proposed class.

Leave to amend is warranted under this factor.

### C. Plaintiffs Have Not Unduly Delayed the Motion for Leave.

Plaintiffs' motion for leave to amend is timely and will not unduly postpone the proceedings. The motion is brought within the timeframe for amendments agreed on by the parties and approved by the Court, with plenty of time remaining in the fact discovery period.

While Plaintiffs' motion is timely, even if it was not, it is well-settled that "delay alone is not sufficient to justify the denial of a motion requesting leave to amend." *DCD Programs, Ltd.*, 833 F.2d at 187; *see also United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) ("[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend."); *Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) ("Ordinarily, leave to amend pleadings should be granted regardless of the length of time of delay by the moving party absent a showing of bad faith by the moving party or prejudice to the opposing party."). Another factor must be present: there must also be prejudice to the opposing party, bad faith by the moving party, or a finding of futility as to the amendment. *See Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999); *Webb*, 655 F.2d at 980. Plaintiffs have not, however, delayed filing this motion since they determined in good faith that amendment is needed, nor is there support for the other factors.

Accordingly, this factor also weighs in favor of granting leave to amend.

### D. Plaintiffs' Amendment Is Not Futile.

The Wolfire and Dark Catt claims that survived motions to dismiss are included in the CAC, and Valve did not challenge the sufficiency of the pleading as to the CAC. Plaintiffs' proposed amendments to the CAC do nothing to change the validity and sufficiency of the claims, but rather make minor changes to a few factual allegations and revise the class definition. In short, the proposed CSAC contains the same core claims and theories as the CAC. It would not be

subject to dismissal and therefore amendment is not futile. *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

Courts may also consider prior opportunities to amend when determining whether to grant leave to amend. Wolfire and Dark Catt both previously amended their complaints, prior to consolidation of the two actions, to respond to deficiencies found by the Court, but the amended versions survived motions to dismiss. With the exception of the consolidation of the two complaints, which included no substantive changes, Plaintiffs have not sought leave to amend since.

## V.   CONCLUSION

For the reasons stated above, Plaintiffs respectfully request the Court enter an order allowing them to file the proposed Consolidated Second Amended Class Action Complaint.

Dated: March 1, 2023

I certify that this memorandum contains 2,730 words, in compliance with the Local Civil Rules.

*/s/ Alicia Cobb*

Alicia Cobb, WSBA #48685
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Phone (206) 905-7000
Fax (206) 905-7100
aliciacobb@quinnemanuel.com

Steig D. Olson (*pro hac vice*)
David LeRay (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue
New York, New York 10010
Phone (212) 849-7231
Fax (212) 849-7100
steigolson@quinnemanuel.com

Adam Wolfson (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Phone (213) 443-3285| Fax (213) 443-3100
adamwolfson@quinnemanuel.com

*/s/ Stephanie L. Jensen*

Stephanie L. Jensen, WSBA #42042
Tyre L. Tindall, WSBA #56357
WILSON SONSINI GOODRICH &
ROSATI P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Phone (206) 883-2500
Fax (866) 974-7329
sjensen@wsgr.com
ttindall@wsgr.com

Kenneth R. O'Rourke (*pro hac vice*)
Scott A. Sher (*pro hac vice*)
Allison B. Smith (*pro hac vice*)
WILSON SONSINI GOODRICH &
ROSATI, P.C.
1700 K Street, NW, Suite 500
Washington, DC 20006
Phone (202) 973-8800
Fax (866) 974-7329
korourke@wsgr.com
ssher@wsgr.com
allison.smith@wsgr.com

W. Joseph Bruckner (*pro hac vice*)
Joseph C. Bourne (*pro hac vice*)

MOTION FOR LEAVE TO AMEND PLEADING
CASE NO. 2:21-cv-00563-JCC
-8-
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

Charles Stevens (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California St., 22nd Floor
San Francisco, CA 94111
Phone (415) 875-6600
Fax (415) 875-6700
charliestevens@quinnemanuel.com

David Golden (*pro hac vice*)
CONSTANTINE CANNON LLP
1001 Pennsylvania Ave., 22nd Floor
Washington, D.C. 20004
Phone (202) 204-4527
Fax (202) 204-3501
dgolden@constantinecannon.com

A. Owen Glist (*pro hac vice*)
Ankur Kapoor (*pro hac vice*)
Jeffrey I. Shinder (*pro hac vice*)
CONSTANTINE CANNON LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
Phone (212) 350-2700
Fax (212) 350-2701
oglist@constantinecannon.com

*Interim Co-Lead Counsel*

Kenneth J. Rubin (*pro hac vice*)
Timothy B. McGranor (*pro hac vice*)
Kara M. Mundy (*pro hac vice*)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, Ohio 43215
Phone (614) 464-6400
Fax (614) 719-4796
kjrubin@vorys.com
tbmcgranor@vorys.com
kmmundy@vorys.com

Thomas N. McCormick (*pro hac vice*)
VORYS, SATER, SEYMOUR AND PEASE LLP
4675 MacArthur Court, Suite 700
Newport Beach, California 92660
Phone (949) 526-7903 | Fax (949) 383-2384
tnmccormick@vorys.com

*Interim Executive Committee Member*

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Phone: (612) 339-6900
Fax: (612) 339-0981
wjbruckner@locklaw.com
jcbourne@locklaw.com

*Interim Co-Lead Counsel*

MOTION FOR LEAVE TO AMEND PLEADING
CASE NO. 2:21-CV-00563-JCC

-9-

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500