The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | Case No. 2:21-cv-00563-JCC<br><br>**STIPULATED MOTION CONCERNING DEPOSITIONS**<br><br>**NOTE ON MOTION CALENDAR: AUGUST 2, 2023** |

Plaintiffs Wolfire Games LLC, Dark Catt Studios Holdings Inc., and Dark Catt Studios Interactive LLC (collectively "Plaintiffs"), and Defendant Valve Corporation ("Valve" or "Defendant," and together with Plaintiffs, "Parties"), by and through their undersigned counsel of record, hereby stipulate and agree to the following Stipulated Motion Concerning Depositions ("Deposition Protocol Order"). The Deposition Protocol Order may be modified at any time by agreement of the parties or by order of the Court. All parties reserve all rights to seek relief from the Court from any provision for good cause.

### I. DEPOSITION PROCEDURES AND LIMITS

1. A witness may be deposed only once in his or her individual capacity in these proceedings unless the Parties otherwise agree or the Court otherwise orders. This limitation will not affect the rights of a Party to seek to depose as a fact witness an individual who has been identified as a corporate representative of a party designated under Rule 30(b)(6), or of other

STIPULATED MOT. CONCERNING DEPOSITIONS – 1
(2:21-CV-00563-JCC)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

parties to object to such depositions. As set forth below a witness who is being deposed as a fact witness and as a corporate representative in a Rule 30(b)(6) deposition will be deposed in a single block on one day (or over consecutive days if (i) the witness so requests, or (ii) if the time on the record would exceed eight (8) hours—see paragraph 6).

2. Where a deponent is represented by counsel (individual or firm) who does not already represent a Party to the above-referenced litigation (e.g., a third party or an employee of a Defendant with separate counsel), the noticing party shall provide a copy of this Deposition Protocol Order and the Stipulated Protective Order (Dkt. # 95) to the deponent's counsel along with the deposition subpoena or notice.

3. Plaintiffs and Defendant may each notice up to **twenty-five (25) depositions** per side[1] under Fed. R. Civ. P. 30(b)(1), up to twenty (20) of which may be Party depositions. The remaining depositions may be third-party depositions, whether of third-party fact witnesses or Rule 30(b)(6) depositions of third parties. For purposes of this stipulation, the deposition of a former employee of a Party counts as a Party deposition, even if the former employee must be served via subpoena. As discussed below, Parties may cross-notice third-party depositions, but doing so counts against their deposition limits. The following are not subject to the deposition limits in this paragraph: (1) depositions of third parties solely to authenticate or qualify documents for admission into evidence, and (2) depositions to perpetuate the testimony of a witness expected to be unavailable at the time of trial within the meaning of Fed. R. Civ. P. 32(a)(4), if that unavailability arises after the close of fact discovery.

4. Plaintiffs and Defendant may also serve 30(b)(6) deposition notices on the Parties.

---

[1] For the avoidance of doubt, Plaintiffs are collectively one "side" of the case and Defendant is the other "side." Accordingly, Plaintiffs may collectively take up to 25 depositions, including up to 20 depositions of Defendant; Defendant may take 25 depositions, including up to 20 depositions of Plaintiffs, collectively.

STIPULATED MOT. CONCERNING DEPOSITIONS – 2
(2:21-CV-00563-JCC)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

1  Such notices may include no more than eighteen (18) discrete topics per side[2], which must be
2  sufficiently specific to provide reasonable notice of the scope and subject matter of the topic and
3  may not be overly broad to circumvent these limits.  Time for 30(b)(6) depositions of the Parties,
4  however, is limited to eighteen (18) hours on the record per side.

5        5.       A Party may designate a party witness (current or former employee) who has been
6  noticed for a 30(b)(1) fact deposition to be a witness as to served 30(b)(6) topics.  Any time spent
7  on 30(b)(6) topics with that witness will not count as part of the seven (7) hour on-the-record time
8  for the witness's 30(b)(1) fact deposition, but will count against the noticing Party's upper limit of
9  eighteen (18) hours on the record for 30(b)(6) deposition time.  The noticing party shall take fact
10 testimony under 30(b)(1) and corporate representative testimony under 30(b)(6) in separate
11 consecutive sessions to clarify the capacity in which testimony is given, with a separate transcript
12 prepared for each session indicating the capacity in which the testimony is given.

13       6.       A Party seeking a Rule 30(b)(6) deposition must serve a Rule 30(b)(6) notice at
14 least twenty (20) business days before the 30(b)(6) deposition is scheduled.  The Party receiving a
15 Rule 30(b)(6) deposition notice from another Party shall identify the name(s) of the witness(es)
16 designated to testify on each listed topic no later than ten (10) business days before the deposition.
17 If a Party designates a given witness for 30(b)(6) topics, the noticing or requesting party will
18 respond with an estimate of how much on-the-record time will be needed to pursue those 30(b)(6)
19 topics and whether the noticing party also intends to take a 30(b)(1) deposition of the designated
20 witness.  If the sum of the forecasted 30(b)(1) and 30(b)(6) deposition time (in separate sessions,
21 as described above) exceeds eight (8) hours, unless otherwise agreed between the Parties, the
22 Parties will cooperate on scheduling multiple consecutive days of deposition for the witness.

23       7.       As to 30(b)(6) topics not designated for any 30(b)(1) witnesses, the parties will

---

[2] For the avoidance of doubt, Plaintiffs may collectively serve no more than eighteen (18) discrete 30(b)(6) topics on Defendant; Defendant may serve no more than eighteen (18) discrete 30(b)(6) topics on Plaintiffs, collectively.

STIPULATED MOT. CONCERNING DEPOSITIONS – 3
(2:21-CV-00563-JCC)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

confer in good faith regarding a logical grouping of topics and scheduling of deposition days so that 30(b)(6) depositions proceed in a logical and efficient manner.

## II.  ALLOCATION OF DEPOSITION TIME

8.  Depositions of 30(b)(1) witnesses noticed by any Party will generally be limited to seven (7) hours of direct examination consistent with Fed. R. Civ. P. 30(d)(1) (except as set forth herein).  This stipulation does not inhibit a party's ability to request additional direct examination time for good cause, or move for court relief in the event of a dispute regarding the proprietary of additional direct examination time.

9.  For a Rule 30(b)(6) designee, the time spent in deposition as such shall not be counted toward the time limit for a separate deposition of that witness as a 30(b)(1) witness.

10.  If the witness does not speak English as a native language, the Party representing the witness will provide notice of that fact to the noticing Party within five (5) business days of the noticing party requesting a date for the deposition or noticing the deposition.  In such a situation, the Parties shall promptly meet and confer in good faith to determine whether a translator is necessary and, if so, to identify a suitable translator.  All costs for a certified translator to appear at and translate the deposition (professional fees, travel expenses, lodging, etc.) shall be borne entirely by the Party who noticed the depositions.  If such a translator is required, the time limit for the deposition shall be extended to twice the amount of testimonial time otherwise provided by applicable court rules and this order (e.g., a seven (7) hour deposition may take up to fourteen (14) hours).  However, no more than seven (7) hours of deposition time shall occur in a single day for such a witness and any deposition time over seven (7) hours must occur on the next business day, unless otherwise agreed.

11.  If any technical issues are encountered during depositions, the parties will go off the record, and such time will not count against the time limit on depositions.

12.  Noticing counsel will have a reasonable amount of time, not to exceed the shorter of the amount of time spent by defending counsel questioning the witness or thirty (30) minutes (one (1) hour if the deposition is translated), to conduct any redirect examination of the witness

STIPULATED MOT. CONCERNING DEPOSITIONS – 4
(2:21-CV-00563-JCC)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

limited to the scope of defending counsel's examination, which shall not count towards the seven (7) hour limit for the noticing party's direct examination.

13. In the event a Party cross-notices the deposition of a current or former employee of that Party, the time permitted by the Federal Rules of Civil Procedure shall be extended to eleven (11) hours (or from fourteen (14) to eighteen (18) hours for a translated deposition), with the noticing Party entitled to examine the witness for seven (7) hours and the cross-noticing Party entitled to examine the witness for at least four (4) hours, with the potential for additional time, provided advanced notice is given. To the extent that a Party reasonably believes that more than one (1) of the permitted four (4) hours (or any additional hours beyond four (4)) will be required to examine the witness, the parties shall meet and confer in good faith sufficiently in advance of the deposition to allow any dispute to be brought to the Court for resolution. Such cross-notices will count against the twenty-five (25) deposition limit for the side of the Party serving the cross-notice.

14. To the extent Plaintiffs or Defendant cross-notice a third party for deposition, the Parties shall each have 3.5 hours of on-the-record time at the third-party deposition (seven (7) hours for a translated deposition). If no cross-notice occurs, the non-noticing side (Plaintiffs or Defendant) will have up to two (2) hours of on-the-record time, leaving at least five (5) hours of on-the-record time to the noticing Party (again, the time periods are doubled if the deposition is translated).

**III. SCHEDULING AND LOCATION OF DEPOSITIONS**

15. Counsel will consult with one another to coordinate, to the extent practicable, all scheduling, noticing, and taking of depositions. Counsel shall not unilaterally take steps to schedule and notice a Party deposition without consulting in advance with counsel for the witness or the Party that is the current or former employer of the witness.

16. A Party may serve a deposition subpoena on a third party without consulting any opposing party; however, the serving party will contemporaneously provide the opposing parties with the as-served copy of the subpoena and will coordinate with the other Parties (as well as the

STIPULATED MOT. CONCERNING DEPOSITIONS – 5
(2:21-CV-00563-JCC)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

witness or witness' counsel) in selecting and finalizing the date for the deposition. Service will occur at least fourteen (14) business days before the third party deposition takes place absent agreement of the Parties.

17. For third-party depositions, an opposing Party will inform the noticing party within seven (7) business days of service on the opposing party whether the opposing party intends to cross-notice the third party's deposition. Regardless of whether an opposing Party cross-notices the deposition, the Parties shall coordinate with each other and with the witness (or counsel for the witness), to the extent possible, on scheduling the deposition.

18. Plaintiffs or Defendants seeking to schedule the deposition of a third party shall schedule such a deposition only on a date the Plaintiffs or Defendants, respectively, have not already scheduled a deposition. The noticing Party shall serve a copy of this order along with the subpoena to any third party.

19. Party depositions shall be noticed pursuant to the Federal Rules of Civil Procedure and this order, and all notices shall be served on all Parties electronically. Any subpoenas for deposition testimony shall be served on witnesses as required by law and this order, but copies may be served electronically on all Parties.

## IV.  DEPOSITION PROCEDURES

20. **Noticing Depositions:** A Party can notice a deposition to be taken via remote means or in person, at its election. At the time of the issuance of the notice of deposition or subpoena, the noticing Party will indicate whether they intend for the deposition to proceed in person or via remote means. Depositions conducted in whole or part via a remote means consistent with this order shall be as admissible and useable in this litigation to the same extent that would otherwise be permissible under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and other applicable rules or procedures. If a witness has health or safety concerns with an in-person deposition, the parties shall meet and confer in good faith regarding whether the deposition may proceed remotely and the safety protocols to be used if it proceeds in person.

21. Defending counsel may appear in person with their witness, at the witness's

STIPULATED MOT. CONCERNING DEPOSITIONS – 6
(2:21-CV-00563-JCC)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

election, regardless of whether the deposition is conducted in person or remotely, and regardless of whether questioning counsel appears in person or remotely.  If Defending counsel will appear in person for a deposition to be conducted remotely, she will provide notice of that at least seven (7) days in advance of the deposition.  The noticing party can then switch the deposition to in person within three (3) days at the noticing party's option.

22. If a deposition was previously agreed to be an in-person deposition, the party noticing the deposition, witness, or opposing counsel may request the deposition be changed to a remote deposition.  Such a request to change the format for the deposition should be provided as soon as reasonably practicable, but no later than seven (7) days in advance of the deposition.  The Parties will work cooperatively and timely to arrange for the necessary logistics required for the change in format of the deposition.

23. **Objections to Rule 30(b)(6) Topics.**  The recipient of a Rule 30(b)(6) deposition notice who objects to one or more of the listed topics shall serve written objections within fourteen (14) calendar days of service of the 30(b)(6) deposition notice containing the topic(s) objected to.  The noticing party and the objecting party shall meet and confer regarding the objections within ten (10) calendar days of service of written objections.  If they are unable to resolve the objections, the Parties shall use the expedited joint motion procedure in LR 37 to submit the objections to the Court for resolution, with the objecting party as the moving party on that motion.  The 30(b)(6) deposition shall be scheduled on objected-to topics only after those objections are resolved by agreement of the parties or Court order.

24. **Real Time Text and Video Feeds.**  For depositions proceeding remotely, counsel for the witness will ensure that the witness has access to a computer with a camera and microphone capable of utilizing the videoconference platform.  If the witness already has the necessary technology, they shall utilize those resources.  If the witness does not have the necessary technology, the cost of providing access to the technology shall be borne by the noticing party if the deposition takes place at the witness' home or at the office of a court reporting service (or other such location), but the cost shall be borne by the witness's counsel if the witness is deposed in

STIPULATED MOT. CONCERNING DEPOSITIONS – 7
(2:21-CV-00563-JCC)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

their counsel's office.  The court reporting service will make available a real-time text feed to participants upon request. Any party requesting the additional real time text feed or equivalent electronic reporting shall be responsible for the cost.

25. **Exhibits for Remote Depositions**: For depositions proceeding remotely, any party intending to question the witness will deliver printed hard copies of exhibits that may be used to the deponent, opposing counsel, and the court reporter in advance of the deposition.  Such hard copies shall be delivered by 3:00 p.m. local time the day before the deposition.  The party sending hard copies shall inform the witness's counsel that hard copies are being sent, request the delivery address to be used, and provide tracking information for the package.  All recipients of a package containing hard copies shall keep the package sealed until the deposition begins and shall unseal the package on the record, on video, and during the deposition when directed to do so by the counsel taking the deposition who sent the hard copies.

26. If logistical problems inhibit the delivery of hard copies, or if the questioning attorney in good faith did not know a potential exhibit would be used until shortly before or during the deposition, a party may utilize an electronic exhibit in connection with that deposition so long as the technology used for the remote deposition permits presentment of the electronic exhibit at the deposition to the witness and counsel (whether in the room or participating online) in a manner that enables them to independently and fully access and review each page of the exhibits during the course of the deposition at their discretion and on their own devices (for instance, the witness and counsel each need to be able to independently scroll through all pages of their electronic copy of a PDF or other type of document that constitutes the exhibit).  In other words, counsel conducting an examination, when presenting an exhibit to a witness in the circumstances set forth in this paragraph, shall have the exhibit simultaneously made available electronically (*i.e.*, uploaded) for independent access by all others participating in the deposition.

27. **Hard Copy Exhibits for In-Person Depositions**: With respect to any hard copy exhibit used in an in-person deposition, deposing counsel shall at their own expense provide three (3) hard copies to attending counsel (in addition to any copies provided to the witness and/or court

STIPULATED MOT. CONCERNING DEPOSITIONS – 8
(2:21-CV-00563-JCC)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

reporter), unless deposing counsel knows in advance of the deposition that fewer (or more) copies will be needed for those attending.  In all events, examining counsel, defending counsel, and all other counsel attending the deposition shall cooperate in good faith so that counsel for each party attending the deposition will have adequate access during the deposition to an exhibit used by examining counsel during the deposition, such as stating the Bates number for each exhibit on the record so counsel may view such documents electronically in their document review software.

28. **Remote Administration of the Oath:** The Parties agree that a court reporter may administer the oath to a deponent remotely, even if the court reporter is not in the physical presence of the witness.  Further, if a court reporter is not authorized to take oaths in the place of examination pursuant to Fed. R. Civ. P. 28, the parties agree to the administration of such oaths remotely and that the transcripts may be used by or against all parties in this litigation to the same extent that would otherwise be permissible under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and other applicable rules or procedures.

29. **Videoconferencing:** For remote depositions, the videoconferencing platform must allow for the deponent, attending counsel, deposing counsel, defending counsel, court reporter, and videographer (and translator, if applicable) to participate in a deposition without attending the deposition in person.  The noticing Party is responsible for ensuring that the remote means utilized for a deposition allow for the court reporter to accurately record the deponent's testimony.  Should technical issues prevent the court reporter from reliably hearing or transcribing the testimony at any deposition taken remotely pursuant to this order and such technical issue cannot be remedied in a timely manner, deposing counsel, defending counsel, and attending counsel shall meet, confer, and cooperate with one another to address the problem, including but not limited to rescheduling the deposition if unable through reasonable efforts to secure a substitute court reporter.  Either the noticing Party or defending counsel may elect to have a technical specialist attend a deposition taken by remote means to ensure that technical issues are dealt with in a timely manner, the costs of which will be borne solely by the party electing to do so.

30. The video conferencing for remote depositions shall be set up in such a way that

STIPULATED MOT. CONCERNING DEPOSITIONS – 9
(2:21-CV-00563-JCC)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

counsel attending the deposition remotely can see the witness and the witness's face clearly. There should be separate cameras for the witness and defending counsel in the event that defending counsel is defending the witness in person. Details regarding the video conferencing service will be made available to all parties at least five (5) business days before the deposition. The noticing Party and defending counsel shall, if necessary, meet, confer, and cooperate to ensure that the deponent has technology sufficient to attend a deposition via remote means.

31. In addition to recording deposition testimony by stenographic means, the noticing party may arrange for the deposition to be recorded via video by a videographer. The examining attorney, at their election, may make a video recording of their own examination of the witness in addition to a certified video recording of the witness alone made by a certified videographer.

## V. LEGAL STANDARDS AND CONDUCT OF DEPOSITIONS

32. Regardless of location or whether the deposition is taken in-person or remotely, all depositions shall be conducted in accordance with applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, the Local Rules of the United States District Court for the Western District of Washington, the Court's Order Regarding Depositions and Discovery (Dkt. #20), applicable standing orders regarding attorney conduct, ethical rules governing conduct of attorneys, rulings of courts in the United States District Court for the Western District of Washington, and this order. Counsel shall act in good faith to ensure compliance with these rules and all applicable ethical obligations and may seek appropriate relief for violations.

33. The parties agree that one objection by a Plaintiff or Defendant can be relied upon by all Plaintiffs or Defendants respectively.

34. The court-reporter service shall maintain a total running time for actual time on the record during each deposition to measure compliance with the time limitations and the time allocation provisions above.

## VI. DEPARTING DOCUMENT CUSTODIANS AND FORMER EMPLOYEES

35. In response to a request for deposition, if the witness is a former employee of any Party and is not currently represented by counsel for that Party, counsel for that Party shall within

STIPULATED MOT. CONCERNING DEPOSITIONS – 10
(2:21-CV-00563-JCC)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

seven (7) business days of the deposition notice provide the date of departure and last known contact information of the former employee, whether counsel can accept service of the notice, and whether counsel will be representing that Party for the deposition.

36. In response to a request for deposition, if the witness is a departing designated document custodian who intends to leave his or her employment before the deposition would occur, counsel for the Party shall within five (5) business days of the deposition notice request that the deponent appear for deposition at a date, place, and time convenient for the Parties and the deponent, consistent with the local rules and this Deposition Protocol Order, without the need for service of a third-party subpoena or other formal judicial process on the deponent, and inform the noticing party of the deponent's response to such request. If a departing deponent agrees to appear without the need for service of a subpoena or other formal judicial process on the deponent, the procedures for scheduling the deposition of a current employee of a party shall apply and the deposition will be counted as a Party deposition.

## VII. DEPOSITION TRANSCRIPTS

37. The following paragraphs will apply to all depositions taken in this action (and any subsequent cases filed that are deemed by the Court to be consolidated with or related to this matter) and shall be included in each transcript by the court reporter.

38. Transcripts of depositions will be delivered from court reporters to counsel for the witness and all parties who have ordered a transcript. Counsel shall promptly forward it to the witness for review, correction, and signature under penalty of perjury. Within sixty (60) days of receiving the final transcript from the court reporter, the witness's counsel shall then forward the original transcript plus corrections to the court reporter, who will promptly notify all counsel of its receipt and any errata.

39. If the witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter. After review, correction, and signature under penalty of perjury within thirty (30) days from the date of receipt of the final transcript, the witness shall return the original transcript to the court reporter, who will notify all counsel of its receipt and any errata

STIPULATED MOT. CONCERNING DEPOSITIONS – 11
(2:21-CV-00563-JCC)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

submitted by the witness.  If the transcript is not returned, a certified copy may be used in lieu of the original for all purposes.

40. Any witness who submits errata must do so in accordance with Fed. R. Civ. P. 30(e)(1).

41. The court reporter will provide the original transcript to the first examining attorney.  If, for any reason, the original is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes.

## VIII. USE OF DEPOSITIONS

42. The depositions taken by any Party pursuant to this Deposition Protocol Order may be made available and used in any subsequent cases filed that are deemed by the Court to be consolidated with this matter to the extent authorized under the Stipulated Protective Order (Dkt. # 95).  Nothing in this paragraph prevents a party from objecting to the use of, or moving to exclude the use of, a deposition from any subsequently-related matter in that party's case.

43. The Parties agree that the transcript and/or recording of any deposition taken by any party pursuant to this Deposition Protocol Order by remote means shall be admissible in any proceeding in this matter (or any consolidated matter) to the same extent and as if the deposition were taken in-person.

STIPULATED MOT. CONCERNING DEPOSITIONS – 12
(2:21-CV-00563-JCC)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

1     IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2     DATED this August 2, 2023.

3

| /s/ Alicia Cobb | /s/ Stephanie L. Jensen |
|---|---|
| Alicia Cobb, WSBA #48685<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>1109 First Avenue, Suite 210<br>Seattle, Washington 98101<br>Telephone (206) 905-7000<br>Fax (206) 905-7100<br>aliciacobb@quinnemanuel.com | Stephanie L. Jensen, WSBA #42042<br>WILSON SONSINI GOODRICH & ROSATI P.C.<br>701 Fifth Avenue, Suite 5100<br>Seattle, WA 98104-7036<br>Telephone (206) 883-2500<br>Fax (206) 883-2699<br>sjensen@wsgr.com |
| Steig D. Olson (*pro hac vice*)<br>David LeRay (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>51 Madison Avenue<br>New York, New York 10010<br>Telephone (212) 849-7231<br>Fax (212) 849-7100<br>steigolson@quinnemanuel.com | Kenneth R. O'Rourke (*pro hac vice*)<br>Scott A. Sher (*pro hac vice*)<br>Allison B. Smith (*pro hac vice*)<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>1700 K Street, NW, Suite 500<br>Washington, DC 20006<br>Telephone (202) 973-8800<br>Fax (202) 973-8899<br>korourke@wsgr.com<br>ssher@wsgr.com<br>allison.smith@wsgr.com |
| Adam Wolfson (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>Telephone (213) 443-3285<br>Fax (213) 443-3100<br>adamwolfson@quinnemanuel.com | W. Joseph Bruckner (*pro hac vice*)<br>Joseph C. Bourne (*pro hac vice*)<br>LOCKRIDGE GRINDAL NAUEN P.L.L.P.<br>100 Washington Avenue S, Suite 2200<br>Minneapolis, MN 55401<br>Telephone: (612) 339-6900<br>Fax: (612) 339-0981<br>wjbruckner@locklaw.com<br>jcbourne@locklaw.com |
| Charles Stevens (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California St., 22nd Floor<br>San Francisco, CA 94111<br>Telephone (415) 875-6600<br>Fax (415) 875-6700<br>charliestevens@quinnemanuel.com | *Interim Co-Lead Counsel* |
| *Interim Co-Lead Counsel* | |

STIPULATED MOT. CONCERNING DEPOSITIONS – 13
(2:21-cv-00563-JCC)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

David Golden (*pro hac vice*)
CONSTANTINE CANNON LLP
1001 Pennsylvania Ave., 22nd Floor
Washington, D.C. 20004
Telephone (202) 204-4527
Fax (202) 204-3501
dgolden@constantinecannon.com

A. Owen Glist (*pro hac vice*)
Ankur Kapoor (*pro hac vice*)
Jeffrey I. Shinder (*pro hac vice*)
CONSTANTINE CANNON LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
Telephone (212) 350-2700
Fax (212) 350-2701
oglist@constantinecannon.com

*Interim Co-Lead Counsel*

Kenneth J. Rubin (*pro hac vice*)
Timothy B. McGranor (*pro hac vice*)
Kara M. Mundy (*pro hac vice*)
VORYS, SATER, SEYMOUR AND
   PEASE LLP
52 East Gay Street
Columbus, Ohio 43215
Telephone (614) 464-6400
Fax (614) 719-4796
kjrubin@vorys.com
tbmcgranor@vorys.com
kmmundy@vorys.com

Thomas N. McCormick (*pro hac vice*)
VORYS, SATER, SEYMOUR AND
   PEASE LLP
4675 MacArthur Court, Suite 700
Newport Beach, California 92660
Phone (949) 526-7903 | Fax (949) 383-2384
tnmccormick@vorys.com

*Interim Executive Committee Member*

*/s/ Gavin W. Skok*

Gavin W. Skok, WSBA #29766
FOX ROTHSCHILD LLP
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
Telephone: (206) 624-3600
gskok@foxrothschild.com

Kristen Ward Broz
FOX ROTHSCHILD LLP
2020 K. St. NW, Ste. 500
Washington, DC 20006
Telephone (202) 794-1220
kbroz@foxrothschild.com

Nathan M. Buchter
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Telephone (215) 299-3010
nbuchter@foxrothschild.com

Charles B. Casper (*pro hac vice*)
Peter Breslauer (*pro hac vice*)
Robert E. Day (*pro hac vice*)
Jessica Rizzo (*pro hac vice*)
MONTGOMERY McCRACKEN WALKER
& RHOADS LLP
1735 Market Street, 21st Floor
Philadelphia, PA 19103
Telephone (215) 772-1500
ccasper@mmwr.com
pbreslauer@mmwr.com
rday@mmwr.com
jrizzo@mmwr.com

*Attorneys for Defendant Valve Corporation*

STIPULATED MOT. CONCERNING DEPOSITIONS – 14
(2:21-cv-00563-JCC)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

1     IT IS SO ORDERED.

2 DATED:_____

3

4 _____
                  John C. Coughenour
5                   United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED MOT. CONCERNING DEPOSITIONS – 15
(2:21-CV-00563-JCC)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2023, I caused a true and correct copy of the foregoing to be filed in this Court's CM/ECF system, which sent notification of such filing to counsel of record.

DATED August 2, 2023.

                                     */s/ Alicia Cobb*
                                     Alicia Cobb, WSBA #48685

STIPULATED MOT. CONCERNING DEPOSITIONS – 16
(2:21-CV-00563-JCC)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000