THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | No. 2:21-cv-00563-JCC<br><br>**STIPULATED SUPPLEMENTAL PROTECTIVE ORDER**<br><br>NOTE ON MOTION CALENDAR: SEPTEMBER 25, 2023 |

WHEREAS, the protections set forth in the Stipulated Protective Order ("Protective Order") in the above-captioned case ("Litigation"), *see* Dkt. No. 95, apply and are available to non-parties as well as parties; and

WHEREAS, Plaintiffs and Defendants have served subpoenas on non-parties Electronic Arts, Inc., Nintendo of America Inc., and Ubisoft, Inc. ("Requesting Companies") that seek certain documents and information relating to Plaintiffs' claims and Defendant's defenses; and

WHEREAS, prior to the disclosure in this matter of their confidential information, Requesting Companies have requested protections in addition to those set forth in the Protective Order;

WHEREFORE, IT IS HEREBY ORDERED that "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" documents or information disclosed or produced by Requesting Companies, or disclosed or produced by parties to the extent such documents or information

contain "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" material of Requesting Companies, shall be subject to the following provisions:

    1.1    The definitions, terms and provisions contained in the Protective Order shall be incorporated herein by reference as though fully set forth herein; provided, however, that in the event of a conflict between any definition, term, or provision of this Supplemental Protective Order and any definition, term, or provision of the Protective Order, this Supplemental Protective Order shall control with respect to such conflict.

    1.2    For purposes of production or use of information or items designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" by Requesting Companies, the term "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who: (1) has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action; (2) is not a past or current employee of a party, a party's competitor, or a competitor of the designating Requesting Company; (3) at the time of retention, is not anticipated to become an employee of a party, a party's competitor, or a competitor of the designating Requesting Companies; and (4) has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

    1.3    Unless otherwise ordered by the Court or permitted in writing by the party or Requesting Company designating such material, all information or items designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" by Requesting Companies shall not be disclosed to any person except: (1) Experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation; and (2) those listed in subparagraphs (a), (d), (e), (g) and (h) of paragraph 4.2 of the Protective Order.

    1.4    Notwithstanding the foregoing paragraph, information or items designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" by Requesting Companies may also be disclosed to a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a

consultant in this action and who is a past or current employee of a competitor of a party, a party's competitor, or a competitor of the designating Requesting Company or anticipated to become one, provided that before such disclosure, the person shall be identified to the designating Requesting Company (the "Notice") along with the name of the company in which the person has been or currently is an employee or anticipates becoming an employee, and shall also sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(a) A party that provides the Notice to the designating Requesting Company pursuant to Paragraph 1.4 may disclose the subject of the protected material to the identified expert or consultant unless, within seven (7) calendar days of delivering the Notice, the party receives a written objection from the designating Requesting Company. Any such objection must set forth in detail the grounds on which it is based.

(b) A party that receives a timely written objection must meet and confer with the designating Requesting Company to try to resolve the matter by agreement within seven (7) calendar days of the written objection. If no agreement is reached, the Requesting Company seeking to prevent the disclosure to the expert or consultant may, if necessary, file a motion in accordance with the Local Civil Rules to prevent disclosure. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the expert or consultant should be prohibited, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. The burden to demonstrate why disclosure should be prohibited shall rest with the designating Requesting Company.

2. Unless otherwise ordered by the Court or expressly permitted by the designating Requesting Company, no party may file with the Court, or introduce any information or item of Requesting Company that has been designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" at trial in a manner that will result in disclosure to persons other than: (1) Experts (as defined in this Order); (2) persons described in paragraph 1.4 above; and (3) those listed in subparagraphs (a), (d), (e), (g) and (h) of paragraph 4.2 of the Protective Order.  In the event a

Party seeks to file with the Court, or introduce any information or item of Requesting Companies designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at trial in a manner that will result in disclosure to persons other than (1) Experts (as defined in this Order), (2) persons described in paragraph 1.4 above, and (3) those listed in subparagraphs (a), (d), (e), (g) and (h) of paragraph 4.2 of the Protective Order, the Party shall promptly notify in writing the designating Requesting Company so that the provisions of paragraphs 4.4 and 5.2(b) of the Protective Order may be carried out.  The Parties recognize that the purpose of this provision is to provide a reasonable opportunity to object to the disclosure of information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at trial to persons other than Experts (as defined in this Order) and those specified in Paragraph 4.3 of the Protective Order (Dkt. 95), and agree to provide the notice described in this paragraph with reasonable advance notice such that the Requesting Company may raise any objection.

      3. Any time a document produced by a Requesting Company that it has designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL is disclosed in a deposition, whether marked as an exhibit or not, the Requesting Company will be notified and have the 40 days in paragraph 5.2(b) of the Protective Order to designate that portion of the transcript containing the non-party's CONFIDENTIAL or HIGHLY CONFIDENTIAL information as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

      4. For avoidance of doubt, the rights and obligations in paragraph 4.4 of the Protective Order apply equally to the filing of Requesting Companies' designated confidential material or information and items designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

      DATED this 25th day of September, 2023.

| | |
|---|---|
| Alicia Cobb, WSBA #48685<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>1109 First Avenue, Suite 210<br>Seattle, Washington 98101<br>Telephone (206) 905-7000<br>Fax (206) 905-7100<br>aliciacobb@quinnemanuel.com | /s/ Stephanie L. Jensen<br>Stephanie L. Jensen, WSBA #42042<br>WILSON SONSINI GOODRICH & ROSATI P.C.<br>701 Fifth Avenue, Suite 5100<br>Seattle, WA 98104-7036<br>Telephone (206) 883-2500<br>Fax (206) 883-2699<br>sjensen@wsgr.com |
| Steig D. Olson (*pro hac vice*)<br>David LeRay (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>51 Madison Avenue<br>New York, New York 10010<br>Telephone (212) 849-7231<br>Fax (212) 849-7100<br>steigolson@quinnemanuel.com | Kenneth R. O'Rourke (*pro hac vice*)<br>Allison B. Smith (*pro hac vice*)<br>WILSON SONSINI GOODRICH & ROSATI P.C.<br>1700 K Street, NW, Suite 500<br>Washington, DC 20006<br>Telephone (202) 973-8800<br>Fax (202) 973-8899<br>korourke@wsgr.com<br>allison.smith@wsgr.com |
| Adam Wolfson (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>Telephone (213) 443-3285<br>Fax (213) 443-3100<br>adamwolfson@quinnemanuel.com | W. Joseph Bruckner (*pro hac vice*)<br>Joseph C. Bourne (*pro hac vice*)<br>LOCKRIDGE GRINDAL NAUEN P.L.L.P.<br>100 Washington Avenue S, Suite 2200<br>Minneapolis, MN 55401<br>Telephone: (612) 339-6900<br>Fax: (612) 339-0981<br>wjbruckner@locklaw.com<br>jcbourne@locklaw.com |
| Charles Stevens (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California St., 22nd Floor<br>San Francisco, CA 94111<br>Telephone (415) 875-6600<br>Fax (415) 875-6700<br>charliestevens@quinnemanuel.com<br><br>*Interim Co-Lead Counsel* | *Interim Co-Lead Counsel* |
| David Golden (*pro hac vice*)<br>CONSTANTINE CANNON LLP<br>1001 Pennsylvania Ave., 22nd Floor<br>Washington, D.C. 20004<br>Telephone (202) 204-4527<br>Fax (202) 204-3501<br>dgolden@constantinecannon.com | /s/ Gavin W. Skok<br>Gavin W. Skok, WSBA #29766<br>FOX ROTHSCHILD LLP<br>1001 Fourth Avenue, Suite 4400<br>Seattle, WA 98154<br>Telephone: (206) 624-3600<br>Fax: (206) 389-1708<br>gskok@foxrothschild.com |

STIPULATED SUPPLEMENTAL PROTECTIVE ORDER – 5
(NO. 2:21-CV-00563-JCC)

| | | |
|---|---|---|
| 1 | A. Owen Glist (*pro hac vice*) | Kristen Ward Broz |
| | Ankur Kapoor (*pro hac vice*) | FOX ROTHSCHILD LLP |
| 2 | Jeffrey I. Shinder (*pro hac vice*) | 2020 K. St. NW, Ste. 500 |
| 3 | CONSTANTINE CANNON LLP | Washington, DC 20006 |
| | 335 Madison Avenue, 9th Floor | Telephone (202) 794-1220 |
| 4 | New York, NY 10017 | Fax (202) 461-3102 |
| | Telephone (212) 350-2700 | kbroz@foxrothschild.com |
| 5 | Fax (212) 350-2701 | |
| 6 | oglist@constantinecannon.com | Charles B. Casper (*pro hac vice*) |
| | | MONTGOMERY MCCRACKEN WALKER |
| 7 | *Interim Co-Lead Counsel* | & RHOADS LLP |
| | | 1735 Market Street, 21st Floor |
| 8 | Kenneth J. Rubin (*pro hac vice*) | Philadelphia, PA 19103 |
| | Timothy B. McGranor (*pro hac vice*) | Telephone (215) 772-1500 |
| 9 | Kara M. Mundy (*pro hac vice*) | ccasper@mmwr.com |
| 10 | VORYS, SATER, SEYMOUR AND PEASE LLP | |
| | 52 East Gay Street | *Attorneys for Defendant Valve Corporation* |
| 11 | Columbus, Ohio 43215 | |
| | Telephone (614) 464-6400 | |
| 12 | Fax (614) 719-4796 | |
| | kjrubin@vorys.com | |
| 13 | tbmcgranor@vorys.com | |
| 14 | kmmundy@vorys.com | |
| 15 | Thomas N. McCormick (*pro hac vice*) | |
| | VORYS, SATER, SEYMOUR AND PEASE LLP | |
| 16 | 4675 MacArthur Court, Suite 700 | |
| | Newport Beach, California 92660 | |
| 17 | Phone (949) 526-7903 | Fax (949) 383-2384 | |
| 18 | tnmccormick@vorys.com | |
| 19 | *Executive Committee Members* | |

STIPULATED SUPPLEMENTAL PROTECTIVE ORDER – 6
(NO. 2:21-CV-00563-JCC)

1
2
3

4  | Grant Kinsel
5  | Tiffany L. Lee
   | PERKINS COIE, LLP
6  | 1201 Third Avenue, Suite 4900
   | Seattle, Washington 98101
7  | Telephone (206) 359-3304
   | Fax (206) 359-4404
8  | gkinsel@perkinscoie.com
   | tiffanylee@perkinscoie.com
9
   | *Attorneys for Electronic Arts Inc.*
10
11
12

13 | Tiffany L. Lee
   | PERKINS COIE, LLP
14 | 1201 Third Avenue, Suite 4900
   | Seattle, Washington 98101
15 | Telephone (206) 359-3304
   | Fax (206) 359-4404
16 | tiffanylee@perkinscoie.com

17 | *Attorney for Nintendo of America Inc.*

STIPULATED SUPPLEMENTAL PROTECTIVE ORDER – 7
(NO. 2:21-CV-00563-JCC)

|1| |
|---|---|
|2| Stephen S. Smith |
| | STEPHEN SMITH LAW OFFICES |
|3| 1901 Avenue of the Stars, Suite 200 |
| | Los Angeles, CA 90067 |
|4| Telephone (310) 955-5824 |
| | Fax (310) 955-5824 |
|5| ssmith@stephensmithlaw.com |
|6| *Attorney for Ubisoft Inc.* |

STIPULATED SUPPLEMENTAL PROTECTIVE ORDER – 8
(NO. 2:21-CV-00563-JCC)

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party or non-party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 26th day of September 2023.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE