1

2

3

4

5

6

7

The Honorable John C. Coughenour

8

9

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

IN RE VALVE ANTITRUST LITIGATION

Case No. 2:21-cv-00563-JCC

**DEFENDANT VALVE CORPORATION'S
UNOPPOSED MOTION TO SEAL**

**NOTE ON MOTION CALENDAR:
OCTOBER 30, 2023**

16

17

18

19

20

21

22

23

24

25

26

VALVE'S MOTION TO SEAL
(CASE NO. 2:21-CV-00563-JCC)

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

1

## I.    <u>RELIEF REQUESTED</u>

2

Pursuant to Local Civil Rule 5(g), Defendant Valve Corporation ("Valve") brings this

3

motion to file under seal:

4

(1) Exhibits 4-10, 12-14, and 16 to the Declaration of Stephanie L. Jensen in Support of

5

Dark Catt Plaintiffs' LCR 37 Submission Regarding Request for Production No. 79

6

("Jensen Decl.") in their entirety;

7

(2) Exhibits A and B to the Declaration of Gavin W. Skok in Support of Valve's

8

Opposition to the LCR Submission Regarding Plaintiffs' Motion to Compel Request

9

for Production 79 ("Skok Decl.") in their entirety;

10

(3) The unredacted version of the Skok Decl.;

11

(4) Declaration of Scott Lynch in Support of Valve's Opposition to the LCR Submission

12

Regarding Plaintiffs' Motion to Compel Request for Production No. 79 ("Lynch

13

Decl.") in its entirety; and

14

(5) The unredacted version of the parties' LCR 37 Submission Regarding Plaintiffs'

15

Motion to Compel Request for Production No. 79: Valve Corp's 2012–22 Tax Returns.

16

The documents and information Valve seeks to file under seal contain highly confidential, trade

17

secret, and proprietary information, the disclosure of which Valve contends would result in

18

significant harm to Valve and its competitive standing in the market.  Plaintiffs take no position

19

on whether it would cause competitive harm.

20

## II.    <u>STATEMENT OF FACTS</u>

21

Valve files this Motion to Seal in connection with the parties' LCR 37 Submission

22

Regarding Plaintiffs' Motion to Compel Request for Production No. 79: Valve Corp's 2012–22

23

Tax Returns ("Plaintiffs' Motion to Compel").  Valve must provide the Court with highly

24

confidential financial and business information to respond to Plaintiffs' request to compel

25

production of Valve's federal income tax records.  Similarly, Plaintiffs submitted Valve's

26

highly confidential financial and business information to support their request to compel

1    production.  The parties included Valve's highly confidential information in the following

2    materials, which Valve requests be sealed (collectively, the "Sealed Materials"):

3        • The parties' joint LR 37 briefing (Plaintiffs' Motion to Compel);

4        • Exhibit 4-10, 12-14, and 16 to the Jensen Declaration;

5        • Paragraphs 4 and 5 of the Skok Declaration and Exhibits A and B to that

6            declaration; and

7        • The Lynch Declaration.

8            As established in the accompanying Declaration of Chris Schenck ("Schenck Sealing

9    Decl.") ¶ 3, the Sealed Materials contain the following highly confidential, trade secret, and

10   proprietary information from Valve:

11       1.    Internal Valve communications discussing Valve's business and financial

12             performance and communications strategy (Jensen Dec., Ex. 4), which Valve

13             designated "Highly Confidential – Attorney's Eyes Only" under the Protective

14             Order when produced in discovery.  Schenck Sealing Decl. ¶ 3.a.

15       2.    Letters and emails between counsel containing highly confidential Valve

16             financial information, including details about the transactional data Valve

17             collects and produced to Plaintiffs, its collection and reporting of financial data,

18             historical financial records, Valve's tax returns, and the terms of Valve's

19             contracts with third parties (Jensen Decl., Exs. 5, 7, 8, 9).  Schenck Sealing

20             Decl. ¶ 3.b.

21       3.    A letter from Plaintiffs' counsel with numerous detailed questions regarding

22             Valve's financial information production, which discloses details about Valve's

23             highly confidential financial information production (Jensen Decl., Ex. 10) and a

24             highly-detailed response from Valve's counsel providing extensive information

25             about Valve's finances, operations, and record-keeping (Jensen Decl., Ex. 12),

26

MOTION TO SEAL (CASE NO. 2:21-CV-00563-JCC) - 2

1    which Valve designated "Highly Confidential – Attorney's Eyes Only" under

2    the Protective Order when produced in discovery.  Schenck Sealing Decl. ¶ 3.c.

3    4.    A presentation to Valve's board of directors that reveals Valve's highly

4    confidential financial and sales information and sensitive business strategy

5    information (Jensen Decl., Ex. 16), which Valve designated "Highly

6    Confidential – Attorney's Eyes Only" under the Protective Order when

7    produced in discovery.  Schenck Sealing Decl. ¶ 3.d.

8    5.    Excerpts from the transcript of the October 13, 2023 Fed. R. Civ. P. 30(b)(6)

9    deposition of Scott Lynch (Valve's Chief Operating Officer) that contain

10    testimony revealing Valve's highly confidential financial information,

11    accounting practices, and business strategy, and which Valve designated

12    "Highly Confidential – Attorney's Eyes Only" under the Protective Order at the

13    time of the deposition (Jensen Decl. Ex. 14; Skok Decl., Ex. A).  Schenck

14    Sealing Decl. ¶ 3.e.

15    6.    Excerpts from the transcript of the October 5, 2023 deposition of Kassidy

16    Gerber, a Valve employee, which contain testimony revealing highly

17    confidential information regarding Valve's finances, accounting practices, and

18    record-keeping, and which Valve designated "Highly Confidential – Attorney's

19    Eyes Only" under the Protective Order at the time of the deposition (Jensen

20    Decl. Ex. 13).  Schenck Sealing Decl. ¶ 3.f.

21    7.    Internal Valve notes regarding job interview notes, including personal

22    information regarding interviewees (Jensen Decl., Ex. 6), which Valve

23    designated "Highly Confidential – Attorney's Eyes Only" under the Protective

24    Order when produced in discovery.  Schenck Sealing Decl. ¶ 3.g.

25    8.    An exemplar of the P&L statement produced by Valve to Plaintiffs in discovery,

26    which is the P&L statement described in Plaintiffs' Motion to Compel, (Skok

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

Decl., Ex. B) and description of the information it contains (Skok Decl., ¶¶ 4–5), which discloses the types and categories of financial information collected by Valve. Valve designated the P&L statements it produced in discovery as "Highly Confidential – Attorney's Eyes Only" under the Protective Order, as shown on the footer of Skok Decl., Ex. B. Schenck Sealing Decl. ¶ 3.h.

9.   The Lynch Declaration (i) provides details regarding Valve's accounting system and source code repository that could be misused by bad actors to hack or cause damage to Valve, (ii) describes Valve's financial reporting and accounting practices, and (iii) discloses the types of information included on Valve's federal income tax returns and describes how such information is presented. All of this information is highly confidential and proprietary to Valve. Schenck Sealing Decl. ¶ 3.i.

10.  Excerpts from, and summaries of, this highly confidential Valve information were also included by both parties in Plaintiffs' Motion to Compel. Schenck Sealing Decl. ¶ 3.j.

Valve is a privately held company with no outside shareholders or lenders that is not subject to public regulatory reporting and auditing requirements. Schenck Sealing Decl. at ¶ 4. Valve does not publicly disclose its financial, accounting or sales and revenue information or publicly disclose its business strategies, including, but not limited to, the information in the Sealed Materials. *Id.* Indeed, Valve has chosen to stay private in part to avoid the intrusiveness and competitive harm that would come from publicly disclosing and reporting this type of operational and financial information.

Moreover, Valve derives a significant value from the confidentiality of this information and zealously protects its confidentiality. Schenck Sealing Decl. ¶ 5. Valve has expended significant resources and implemented strict measures to prevent disclosure of the information disclosed in the Sealed Materials and similar highly confidential information, including by storing

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

1   such information under password protection on internal Valve servers, limiting access to certain of

2   the information described above to certain Valve employees with a specific need to know, and not

3   making such information publicly available (including to any outside investors or lenders, which

4   Valve does not have).  *Id.*  The highly confidential Valve information in the Sealed Materials

5   would not be available in the ordinary course of business to Valve's competitors or the public.  *Id.*

6        Valve contends that public disclosure of the information in the Sealed Materials would

7   significantly harm Valve's competitive standing by providing substantial and unfair insight into

8   Valve's finances, accounting practices, operations, business strategies, and business relationships.

9   Further, publicly disclosing sensitive business information relating to third parties and business

10  partners would potentially violate confidentiality obligations owed to those third parties and

11  risk harm to their operations and interests.  Schenck Sealing Decl. ¶ 6.

12       As explained in the accompanying Declaration of Gavin Skok in Support of Valve's

13  Motion to Seal ("Skok Sealing Decl."), because of these confidentiality issues, Valve:

14       (1) Redacted the highly confidential financial, sales and business information from the

15       publicly-filed versions of (i) Plaintiffs' Motion to Compel, and (ii) Skok Decl. ¶¶ 4–5;

16       and

17       (2) Filed under seal in their entirety (i) Exhibits 4-10, 12-14, and 16 to the Jensen

18       Declaration, (ii) Exhibits A and B to the Skok Declaration, and (iii) the Lynch

19       Declaration, where the large volume of highly confidential information made redaction

20       impractical or impossible.  *Id.* ¶ 8.

21  Skok Sealing Decl. ¶¶ 7–8.  The Sealed Materials were also designated as "Highly Confidential

22  – Attorney's Eyes Only" under the Protective Order (Dkt. # 95) as described above or contain

23  information from documents designated "Highly Confidential – Attorney's Eyes Only."  *Id.*

24  ¶ 3.

25       Pursuant to Local Rule 5(g)(3)(A), Valve's counsel conferred with Plaintiffs' counsel in

26  good faith by telephone on October 27, 2023 regarding the need to file the Sealed Materials

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

1  under seal and provided a copy of this Motion to Plaintiffs in advance of filing for their review.

2  Skok Sealing Decl. ¶ 4.  Plaintiffs do not oppose Valve's request to seal this information.  *Id.*

3  ¶ 5.

4  ### III.   ARGUMENT

5  Although there is a strong presumption in favor of public access to the court's files,

6  documents associated with discovery motions may be filed under seal upon a showing of "good

7  cause." Fed. R. Civ. P. 26(c) (authorizing issuance of protective orders for "good cause" to

8  protect "trade secret or other confidential research, development, or commercial information").

9  The Court may permit sealing and redacting of documents to protect confidential information,

10 including "a trade secret or other confidential research, development, or commercial

11 information." Fed. R. Civ. P. 26(c)(G); *see also* Fed. R. Civ. P. 5.2(d) (relating to sealing of

12 filings).

13 Courts have held compelling reasons exist to seal documents that may be used as

14 "sources of business information that might harm a litigant's competitive standing." *Ctr. for*

15 *Auto Safety*, 809 F.3d at 1097 (citation omitted); *see also Apple Inc. v. Samsung Elecs. Co., Ltd.*,

16 727 F.3d 1214, 1219, 1226 (Fed. Cir. 2013) (concluding, under Ninth Circuit law, that district

17 court abused its discretion by not sealing documents containing financial information, including

18 "profits, profit margins, unit sales, revenues, and costs"); *Int'l News Inc. v. 10 Deep Clothing Inc.*,

19 No. C18-0302-JCC, 2020 WL 5981643, at *5 (W.D. Wash. Oct. 8, 2020) (sealing "confidential

20 financial information, the disclosure of which would harm the parties' competitive standing in

21 their industry"); *Edifecs, Inc. v. Welltok, Inc.*, No. C18-1086-JLR, 2019 WL 5618822, at *2 (W.D.

22 Wash. Oct. 31, 2019) (sealing "confidential business information that could put [party] at a

23 competitive disadvantage" if disclosed); *Algarin v. Maybelline, LLC*, No. 12-CV-3000-AJB-DHB,

24 2014 WL 690410, at *3–4 (S.D. Cal. Feb. 21, 2014) (holding that compelling reasons existed to

25 seal non-public sales data submitted in connection with class certification briefing).

26

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

1    Accordingly, courts regularly grant leave to file confidential and proprietary financial,

2    sales and business strategy information under seal.  *See, e.g*; *J.R. Simplot Co. v. Washington*

3    *Potato Co.*, No. C16-1851RSM, 2016 WL 11066581, at *1 (W.D. Wash. Dec. 29, 2016)

4    (granting motion to seal financial, pricing, and strategic planning information); *Nat'l Products,*

5    *Inc. v. Aqua Box Products, LLC*, No. C12-605 RSM, 2013 WL 12106901, at *1 (W.D. Wash.

6    Mar. 25, 2013) (granting motion to seal sales information).

7    Good cause exists to file the Sealed Materials under seal.  The Sealed Materials contain

8    highly confidential and proprietary financial, accounting and business strategy information that

9    Valve does not publicly disclose.  Schenck Sealing Decl. ¶¶ 3–5.  Instead, Valve derives

10   significant value from the confidentiality of such information and zealously protects it,

11   including through storage on secure servers that are password protected and accessible only to a

12   limited group of Valve employees and officers that have a specific need to access this

13   information.  Schenck Sealing Decl. ¶ 5.  Good cause further exists because, as described

14   above, public disclosure of the information in the Sealed Materials would significantly harm

15   Valve's competitive standing and publicly disclosing sensitive business information relating to

16   third parties and business partners would potentially violate confidentiality obligations owed to

17   those third parties and risk harm to their operations and interests.  *Id*. ¶¶ 6–7.

18   In preparing the Sealed Materials for public filing, and where practicable, Valve was

19   careful to redact only the portions of Plaintiffs' Motion to Compel and the Skok Declaration

20   that contain highly confidential and proprietary financial, accounting and business strategy

21   information.  Skok Sealing Decl. ¶ 7. However, the remainder of the Sealed Materials were

22   filed under seal in their entirety because they contain an overwhelming amount of highly

23   confidential financial, accounting and business strategy information, which made redacting

24   impractical.  *Id.* ¶ 8.  Less restrictive alternatives would not sufficiently protect Valve's

25   confidential information.  *Id*. ¶ 9.

26

MOTION TO SEAL (CASE NO. 2:21-CV-00563-JCC) - 7

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

Good cause exists to seal the Sealed Materials and there is no relief short of sealing this carefully selected and designated information that would sufficiently protect Valve from the significant threat of harm from its public disclosure.  Plaintiffs take no position on whether publicly disclosing this type of operational and financial information would cause competitive harm.

## IV.    <u>CONCLUSION</u>

For the reasons stated above, Valve respectfully requests that the Court grant Valve's motion to seal and order that the following Sealed Materials remain under seal:

(1)  Exhibits 4-10, 12-14, and 16 to the Declaration of Stephanie L. Jensen in Support of Dark Catt Plaintiffs' LCR 37 Submission Regarding Request for Production No. 79 in their entirety;

(2)  Exhibits A and B to the Declaration of Gavin W. Skok in Support of Valve's Opposition to the LCR Submission Regarding Plaintiffs' Motion to Compel Request for Production 79 in their entirety and the unredacted version of the Skok Decl.;

(3)  Declaration of Scott Lynch in Support of Valve's Opposition to the LCR Submission Regarding Plaintiffs' Motion to Compel Request for Production No. 79 in its entirety; and

(4)  The unredacted version of the parties' LCR 37 Submission Regarding Plaintiffs' Motion to Compel Request for Production No. 79: Valve Corp's 2012–22 Tax Returns. A Proposed Order is submitted herewith.

//

//

//

//

//

//

MOTION TO SEAL (CASE NO. 2:21-CV-00563-JCC) - 8

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

DATED this 30th day of October, 2023.

FOX ROTHSCHILD LLP

*s/ Gavin W. Skok*
Gavin W. Skok, WSBA #29766
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
Telephone: (206) 624.3600
Facsimile: (206) 389-1708
Email: gskok@foxrothschild.com

Kristen Ward Broz
FOX ROTHSCHILD LLP
2020 K. St. NW, Ste. 500
Washington, DC  20006
Telephone: (202) 794-1220
Fax: (202) 461-3102
Email:  kbroz@foxrothschild.com

Nathan M. Buchter
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA  19103
Telephone: (215) 299-3010
Email: nbuchter@foxrothschild.com

MONTGOMERY McCRACKEN WALKER &
RHOADS LLP

*s/ Charles B. Casper*
Charles B. Casper, *admitted pro hac vice*
Robert E. Day, *admitted pro hac vice*
Peter Breslauer, *admitted pro hac vice*
Jessica Rizzo, *admitted pro hac vice*
1735 Market Street, 21st Floor
Philadelphia, PA  19103
Telephone: (215) 772-1500
Facsimile: (215) 772-7620
Email: ccasper@mmwr.com
rday@mmwr.com
pbreslaue@mmwr.com
jrizzo@mmwr.com

*Attorneys for Defendant*

## CERTIFICATION

I certify that the foregoing memorandum contains
2,241 words in compliance with the Local Civil
Rules.

1

## <u>CERTIFICATE OF SERVICE</u>

2       I certify that I am a secretary at the law firm of Fox Rothschild LLP in Seattle,

3  Washington.  I am a U.S. citizen over the age of eighteen years and not a party to the within

4  cause.  On the date shown below, I caused to be served a true and correct copy of the foregoing

5  on counsel of record for all other parties to this action as indicated below:

6

| <u>Service List</u> | |
|---|---|
| Alicia Cobb, WSBA #48685<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>1109 First Avenue, Suite 210<br>Seattle, Washington 98101<br>Telephone (206) 905-7000<br>Fax (206) 905-7100<br>aliciacobb@quinnemanuel.com | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via CM/ECF / Email<br>☐ Via over-night delivery |
| Steig D. Olson (*pro hac vice*)<br>David LeRay (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>51 Madison Avenue<br>New York, New York 10010<br>Telephone (212) 849-7231<br>Fax (212) 849-7100<br>steigolson@quinnemanuel.com<br>davidleray@quinnemanuel.com | |
| Adam Wolfson (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>Telephone (213) 443-3285<br>Fax (213) 443-3100<br>adamwolfson@quinnemanuel.com | |
| Charles Stevens (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California St., 22nd Floor<br>San Francisco, CA 94111<br>Telephone (415) 875-6600<br>Fax (415) 875-6700<br>charliestevens@quinnemanuel.com | |
| *Interim Co-Lead Counsel* | |

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**FOX ROTHSCHILD LLP**<br>1001 FOURTH AVENUE, SUITE 4400<br>SEATTLE, WA 98154<br>206.624.3600

David Golden (*pro hac vice*)
CONSTANTINE CANNON LLP
1001 Pennsylvania Ave., 22nd Floor
Washington, D.C. 20004
Telephone (202) 204-4527
Fax (202) 204-3501
dgolden@constantinecannon.com

A. Owen Glist (*pro hac vice*)
Ankur Kapoor (*pro hac vice*)
Jeffrey I. Shinder (*pro hac vice*)
Matthew Koenig
CONSTANTINE CANNON LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
Telephone (212) 350-2700
Fax (212) 350-2701
oglist@constantinecannon.com

Stephanie L. Jensen, WSBA #42042
WILSON SONSINI GOODRICH & ROSATI P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone (206) 883-2500
Fax (206) 883-2699
sjensen@wsgr.com

Tyre L. Tindall, WSBA #56357
WILSON SONSINI GOODRICH 7 ROSATI P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone (206) 883-2500
Fax (206) 883-2699
ttindall@wsgr.com

Kenneth R. O'Rourke (*pro hac vice*)
Scott A. Sher (*pro hac vice*)
Allison B. Smith (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
1700 K Street, NW, Suite 500
Washington, DC 20006
Telephone (202) 973-8800
Fax (202) 973-8899
korourke@wsgr.com
ssher@wsgr.com
allison.smith@wsgr.com

MOTION TO SEAL (CASE NO. 2:21-CV-00563-JCC) - 11

W. Joseph Bruckner (*pro hac vice*)
Joseph C. Bourne (*pro hac vice*)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Fax: (612) 339-0981
wjbruckner@locklaw.com
jcbourne@locklaw.com

*Interim Co-Lead Counsel*

Kenneth J. Rubin (*pro hac vice*)
Timothy B. McGranor (*pro hac vice*)
Kara M. Mundy (*pro hac vice*)
VORYS, SATER, SEYMOUR AND
 PEASE LLP
52 East Gay Street
Columbus, Ohio 43215
Telephone (614) 464-6400
Fax (614) 719-4796
kjrubin@vorys.com
tbmcgranor@vorys.com
kmmundy@vorys.com

Thomas N. McCormick (*pro hac vice*)
VORYS, SATER, SEYMOUR AND
 PEASE LLP
4675 MacArthur Court, Suite 700
Newport Beach, California 92660
Phone (949) 526-7903 | Fax (949) 383-2384
tnmccormick@vorys.com

*Executive Committee*

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED this 30th day of October, 2023, in Seattle, Washington.

Courtney R. Brooks

MOTION TO SEAL (CASE NO. 2:21-CV-00563-JCC) - 12