The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | Case No. 2:21-cv-00563-JCC<br><br>**DECLARATION OF CHRISTOPHER SCHENCK IN SUPPORT OF DEFENDANT VALVE CORPORATION'S MOTION TO SEAL** |

I, Christopher Schenck, declare and state as follows in support of Defendant Valve Corporation's ("Valve") Motion to Seal:

1. I am in-house counsel at Valve. I am competent to testify and have personal knowledge of the facts stated below.

2. Valve seeks to seal the following documents and information, which are collectively referred to in this Declaration and in Valve's Motion to Seal as the "Sealed Materials":

- Exhibits 4-10, 12-14, and 16 to the Declaration of Stephanie L. Jensen in Support of Dark Catt Plaintiffs' LCR 37 Submission Regarding Request for Production No. 79 ("Jensen Decl.") in their entirety;

SCHENCK DECLARATION ISO MOTION TO SEAL
(CASE NO. 2:21-CV-00563-JCC) - 1

Fox Rothschild LLP
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

- Exhibits A and B to the Declaration of Gavin W. Skok in Support of Valve's Opposition to the LCR Submission Regarding Plaintiffs' Motion to Compel Request for Production 79 ("Skok Decl.") <u>in their entirety</u>;

- The <u>unredacted version</u> of the Skok Decl.;

- Declaration of Scott Lynch in Support of Valve's Opposition to the LCR Submission Regarding Plaintiffs' Motion to Compel Request for Production No. 79 ("Lynch Decl.") <u>in its entirety</u>; and

- The <u>unredacted version</u> of the parties' LCR 37 Submission Regarding Plaintiffs' Motion to Compel Request for Production No. 79: Valve Corp's 2012–22 Tax Returns.

3. The Sealed Materials contain the following highly confidential, trade secret, and proprietary information from Valve:

    a. Internal Valve communications discussing Valve's business and financial performance and communications strategy (Jensen Dec., Ex. 4), which Valve designated "Highly Confidential – Attorney's Eyes Only" under the Protective Order when produced in discovery;

    b. Letters and emails between counsel containing highly confidential Valve financial information, including details about the transactional data Valve collects and produced to Plaintiffs, its collection and reporting of financial data, historical financial records, Valve's tax returns, and the terms of Valve's contracts with third parties (Jensen Decl., Ex. 5, 7, 8, 9);

    c. A letter from Plaintiffs' counsel with numerous detailed questions regarding Valve's financial information production, which discloses details about Valve's highly confidential financial information production (Jensen Decl., Ex. 10) and a highly-detailed response from Valve's counsel providing extensive information about Valve's finances, operations, and record-keeping (Jensen

SCHENCK DECLARATION ISO MOTION TO SEAL
(CASE NO. 2:21-CV-00563-JCC) - 2

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

Decl., Ex. 12), which Valve designated "Highly Confidential – Attorney's Eyes Only" under the Protective Order when produced in discovery;

d. A presentation to Valve's board of directors that reveals Valve's highly confidential financial and sales information and sensitive business strategy information (Jensen Decl., Ex. 16), which Valve designated "Highly Confidential – Attorney's Eyes Only" under the Protective Order when produced in discovery;

e. Excerpts from the transcript of the October 13, 2023 Fed. R. Civ. P. 30(b)(6) deposition of Scott Lynch (Valve's Chief Operating Officer) that contain testimony revealing Valve's highly confidential financial information, accounting practices, and business strategy, and which Valve designated "Highly Confidential – Attorney's Eyes Only" under the Protective Order at the time of the deposition (Jensen Decl. Ex. 14; Skok Decl., Ex. A);

f. Excerpts from the transcript of the October 5, 2023 deposition of Kassidy Gerber, a Valve employee, which contain testimony revealing highly confidential information regarding Valve's finances, accounting practices, and record-keeping, and which Valve designated "Highly Confidential – Attorney's Eyes Only" under the Protective Order at the time of the deposition (Jensen Decl. Ex. 13);

g. Internal Valve notes regarding job interview notes, including personal information regarding interviewees (Jensen Decl., Ex. 6), which Valve designated "Highly Confidential – Attorney's Eyes Only" under the Protective Order when produced in discovery;

h. An exemplar of the P&L statement produced by Valve to Plaintiffs in discovery (Skok Decl., Ex. B) and description of the information it contains (Skok Decl., ¶¶ 4–5), which discloses the types and categories of financial information

SCHENCK DECLARATION ISO MOTION TO SEAL
(CASE NO. 2:21-CV-00563-JCC) - 3

Fox Rothschild LLP
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

        collected by Valve. Valve designated the P&L statements it produced in discovery as "Highly Confidential – Attorney's Eyes Only" under the Protective Order, as shown on the footer of Skok Decl., Ex. B;

    i.    The Lynch Declaration (i) provides details regarding Valve's accounting system and source code repository that could be misused by bad actors to hack or cause damage to Valve, (ii) describes Valve's financial reporting and accounting practices, and (iii) discloses the types of information included on Valve's federal income tax returns and describes how such information is presented. All of this information is highly confidential and proprietary to Valve; and

    j.    Excerpts from, and summaries of, this highly confidential Valve information were also included by both parties in Plaintiffs' Motion to Compel.

4. Valve is a video game company headquartered in Bellevue, Washington. It is a privately held company with no outside shareholders or lenders. It is not subject to public regulatory reporting and auditing requirements. Valve does not publicly disclose its financial, accounting or sales and revenue information or publicly disclose its business strategies, including, but not limited to, the information in the Sealed Materials. Indeed, Valve has chosen to stay private in part to avoid the intrusiveness and competitive harm that would come from publicly disclosing and reporting this type of operational and financial information.

5. Valve derives a significant value from the confidentiality of this information (including the information contained in the Sealed Materials) and zealously protects its confidentiality. Valve has expended significant resources and implemented strict measures to prevent disclosure of the information in the Sealed Materials and similar highly confidential information, including by storing such information under password protection on internal Valve servers, limiting access to certain of the information described above to certain Valve employees with a specific need to know, and not making such information publicly available (including to any outside investors or lenders, which Valve does not have). The highly confidential Valve

SCHENCK DECLARATION ISO MOTION TO SEAL
(CASE NO. 2:21-CV-00563-JCC) - 4

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

1  information in the Sealed Materials would not be available in the ordinary course of business to
2  Valve's competitors or the public.

3        6.     Public disclosure of the information in the Sealed Materials would significantly
4  harm Valve's competitive standing by providing substantial and unfair insight into Valve's
5  finances, accounting practices, operations, business strategies, and business relationships.

6        7.     Further, Plaintiffs' Request for Production No. 79 is specifically targeted at
7  Valve's federal income tax returns.  Valve and other companies rely on the confidentiality of
8  tax returns in disclosing their highly sensitive financial information.  The confidentiality and
9  sensitivity of tax returns is universally recognized within the industry, which is also reflected in
10 the public policy public against unnecessary disclosure of tax returns in discovery.

11       8.     Valve also maintains confidential third-party sales and revenue information.
12 Valve's agreements with these third parties require Valve to keep this information confidential.
13 Valve has various agreements with its business partners, including those that contain
14 confidentiality provisions.  Valve protects and specifically does not publicly disclose any
15 confidential information of its business partners in accordance with these agreements and to
16 protect the third parties' confidentiality.

18      I declare under penalty of perjury that the foregoing is true and correct.  Executed on
19 October 30, 2023 at Bellevue, Washington.



Christopher Schenck

SCHENCK DECLARATION ISO MOTION TO SEAL
(CASE NO. 2:21-CV-00563-JCC) - 5

Fox Rothschild LLP
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600