# EXHIBIT 1

HON. JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re VALVE ANTITRUST LITIGATION

Lead Case No. 2:21-cv-00563-JCC

**PLAINTIFFS' THIRD SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS ON DEFENDANT VALVE CORPORATION**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs Wolfire Games, LLC

("Wolfire"), Dark Catt Studios Holdings, Inc., and Dark Catt Studios Interactive LLC

(collectively with Dark Catt Studios Holdings, Inc., "Dark Catt," and collectively with Wolfire,

"Plaintiffs"), by and through their undersigned attorneys, request that Valve Corporation produce

the documents described below, subject to the Definitions and Instructions set forth herein,

within thirty (30) days of their service.

1

PLFFS' THIRD SET OF RFPS TO VALVE
CASE NO. 2:21-CV-00563-JCC
Decl. ISO LCR 37 Submission re RFP No. 79 - 05

**DEFINITIONS**

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.  The definitions, instructions, and rules of construction set forth in FRCP Rules 26 and 34 hereby incorporated by reference into, and expressly made part of, each and every Request for Production contained herein.  The following additional terms shall have the following meanings and rules of construction, unless the context requires otherwise.  Nothing set forth below is intended to narrow the scope of discovery permitted by the FRCP, and the Definitions, Instructions, and Requests for Production should be read as broadly as permitted by those rules.

1.      "All," "any," and "each" shall be construed as encompassing any and all.

2.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

3.      "Communication" shall be construed to the fullest extent under the Federal Rules of Civil Procedure and shall mean, without limitation, the transmittal, disclosure, transfer, or exchange of information (in the form of facts, ideas, inquiries, or otherwise), by any means whatsoever, including orally or in writing, and in any medium.

4.      "Developer" means any individual or entity that produces video games.

5.      "Document" shall be construed to the fullest extent under the Federal Rules of Civil Procedure and shall mean, without limitation, the original and all Drafts, copies, and translations of any Information in any written, recorded, electronic, or graphic form including all memoranda, notes, interoffice and intraoffice Communications, telegrams, telecopies, letters, reports, stenographic notes, bulletins, notices, emails, text messages or other messaging

2

applications messages, blog or social media posts, instant messages or other electronic chat

messages, telephonic or personal Communications, computer models, spreadsheets, data,

accounts, records, calendars, diaries, minutes, contracts or other legal papers, resolutions, written

policies or procedures, insurance policies, audio records, photographs, microform, film, and any

electronically stored Information stored in any medium including computer backup devices in

Your possession, custody, or control or the possession, custody, or control of Your attorneys,

agents, or other Persons under Your control.  Without limiting the foregoing, "Document"

includes any copy that differs in any respect from the original or other versions of the Document,

such as Drafts, copies containing notations, insertions, corrections, margin notes, or any other

variations.  The term "Document" includes Communications.

6.      "Draft" shall mean any earlier, preliminary, preparatory, or tentative version of all

or part of a Document, whether or not such Draft was superseded by a later Draft and whether or

not the terms of the Draft are the same as or different from the terms of the final Document.

7.      "Including" and "includes" mean "without limitation."

8.      "Information" shall mean facts, opinions, data, or matter learned or known about

any topic or Person.

9.      "PC Desktop Game" means a video game designed for gameplay on a personal

computer.

10.      "Publisher" means any individual(s) or entities that license or publish video

games.

11.      "Relating to," "referring to," "reflecting," and "regarding" are used in their

broadest sense, and mean anything that, directly or indirectly, generally or specifically, regards,

relates to, refers to, concerns, contains, constitutes, contradicts, evidences, embodies, comprises,

3

1    reflects, mentions, identifies, states, deals with, comments on, responds to, describes, analyzes,

2    or is in any way, directly or indirectly, relevant to the subject matter.

3          12.      "Steam Gaming Platform" means the gaming platform operated by Defendant

4    Valve Corporation through which users buy and/or play PC Desktop Games.

5          13.      "Steam Keys" means alpha-numeric codes that can be input into the Steam

6    Gaming Platform to access a digital copy of the associated game, acquired by free download or

7

8    purchase through the Steam Store or by resale in third-party transactions and marketplaces.

9          14.      "Steam Key Guidelines" refers to any guidance, rules, policies, or practices

10   related to developers', publishers', or Steam users' or customers' use of or questions about

11   Steam Keys, including but not limited to the guidance and rules provided at

12   https://partner.steamgames.com/doc/features/keys.

13

14         15.      "Steam Store" means the online marketplace through which users can acquire or

15   otherwise obtain access to games.

16         16.      "Steamworks Documentation" refers to the set of information, rules, and

17   guidelines available to Steamworks partners and intended "to provide [the partner] with the

18   information and resources you'll need to release your products on Steam."  For clarity, this

19   documentation is currently located at https://partner.steamgames.com/doc/home and this

20   definition includes all predecessor versions or locations of these information, rules, and

21

22   guidelines.

23         17.      "Technical" means the same here as it does in the parties' agreement to exclude

24   technical documents in prior RFP responses. *See, e.g.*, May 5, 2023 Letter from N. Buchter

25   ("The parties have already agreed to exclude technical documents themselves . . . .").

26

27

28                                                4

PLFFS' THIRD SET OF RFPS TO VALVE
CASE NO. 2:21-CV-00563-JCC
Decl. ISO LCR 37 Submission re RFP No. 79 - 08

18.     "Third Coast Review" means the online magazine specializing in Chicago-area arts and culture coverage, available at https://thirdcoastreview.com/.

19.     "User" or "Users" means any individual who interacts with services provided by the Steam Store or plays games through the Steam Gaming Platform.

20.     "Valve" means Defendant Valve Corporation and its subsidiaries, affiliates, divisions, business units, affiliates, contractors, volunteers, predecessors, successors-in-interest, and companies under its direct or indirect management or control, as well as any of its present and former agents, directors, officers, managers, analysts, accountants, attorneys, representatives, servants, employees, or other persons acting under its direction or control.

21.     The terms "You" or "Your" as used herein shall refer to Valve and any of its parent, predecessors, other affiliates, successors, or subsidiaries, including officers, directors, employees, partners, agents, consultants, financial services firms, or any other person acting or purporting to act on behalf of such entities.

PLFFS' THIRD SET OF RFPS TO VALVE
CASE NO. 2:21-CV-00563-JCC
Decl. ISO LCR 37 Submission re RFP No. 79 - 09

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 79:

Your federal income tax returns from 2012 to the present including all forms, schedules, exhibits, and statements.

### REQUEST FOR PRODUCTION NO. 80:

All financial statements from 2003 to the present submitted for review by a third party, such as an auditor or certified public accountant, and any Communications in connection therewith.

### REQUEST FOR PRODUCTION NO. 81:

All Documents and Communications between You and any third party for the purpose of obtaining or renewing lines of credit, loans, debt or debt-like securities, or other forms of capital, including but not limited to any term sheets, approvals or denials in whole or in part, and all related agreements.

### REQUEST FOR PRODUCTION NO. 82:

Documents sufficient to identify all individuals or entities from 2003 to the present who are or were included as recipients for emails sent to the address lists

███████████████████████████████████████████

████████████████████████████████ and the time period for which the individuals or entities were associated with the address list.

### REQUEST FOR PRODUCTION NO. 83:

Documents sufficient to identify all email addresses or aliases used by all custodians for whom You have agreed to produce documents in this matter and the time period of such usage.

8

PLFFS' THIRD SET OF RFPS TO VALVE
CASE NO. 2:21-CV-00563-JCC
Decl. ISO LCR 37 Submission re RFP No. 79 - 10

1    DATED:        June 9, 2023

2
     /s/ Alicia Cobb                                      /s/ Stephanie L. Jensen
3    Alicia Cobb, WSBA #48685                             Stephanie L. Jensen, WSBA #42042
     QUINN EMANUEL URQUHART &                             WILSON SONSINI GOODRICH & ROSATI P.C.
4     SULLIVAN, LLP                                       701 Fifth Avenue, Suite 5100
     1109 First Avenue, Suite 210                         Seattle, WA 98104-7036
5    Seattle, Washington 98101                            Phone (206) 883-2500
     Phone (206) 905-7000                                 Fax (206) 883-2699
6    Fax (206) 905-7100                                   sjensen@wsgr.com
     aliciacobb@quinnemanuel.com
7                                                         Kenneth R. O'Rourke (*pro hac vice*)
     Steig D. Olson (*pro hac vice*)                      Scott A. Sher (*pro hac vice*)
8    David LeRay (*pro hac vice*)                         Allison B. Smith (*pro hac vice*)
     QUINN EMANUEL URQUHART                               WILSON SONSINI GOODRICH & ROSATI, P.C.
9     & SULLIVAN, LLP                                     1700 K Street, NW, Suite 500
     51 Madison Avenue                                    Washington, DC 20006
10   New York, New York 10010                             Phone (202) 973-8800
     Phone (212) 849-7231                                 Fax (202) 973-8899
11   Fax (212) 849-7100                                   korourke@wsgr.com
     steigolson@quinnemanuel.com                          ssher@wsgr.com
12                                                        allison.smith@wsgr.com

     Adam Wolfson (*pro hac vice*)
13   QUINN EMANUEL URQUHART &                             W. Joseph Bruckner (*pro hac vice*)
      SULLIVAN, LLP                                       Joseph C. Bourne (*pro hac vice*)
14   865 S. Figueroa St., 10th Floor                      LOCKRIDGE GRINDAL NAUEN P.L.L.P.
     Los Angeles, California 90017                        100 Washington Avenue S, Suite 2200
15   Phone (213) 443-3285                                 Minneapolis, MN 55401
     Fax (213) 443-3100                                   Phone: (612) 339-6900
16   adamwolfson@quinnemanuel.com                         Fax: (612) 339-0981
                                                          wjbruckner@locklaw.com
17   Charles Stevens (*pro hac vice*)                     jcbourne@locklaw.com
     QUINN EMANUEL URQUHART &
18    SULLIVAN, LLP                                       *Proposed Interim Co-Lead Counsel*
     50 California St., 22nd Floor
19   San Francisco, CA 94111
     Phone (415) 875-6600
20   Fax (415) 875-6700
     charliestevens@quinnemanuel.com
21
     *Proposed Interim Co-Lead Counsel*
22
     David Golden (*pro hac vice*)
23   J. Wyatt Fore (*pro hac vice*)
     CONSTANTINE CANNON LLP
24   1001 Pennsylvania Ave., 22nd Floor
     Washington, D.C. 20004
25   Phone (202) 204-4527
     Fax (202) 204-3501
26   dgolden@constantinecannon.com

27

28                                            12

PLFFS' THIRD SET OF RFPS TO VALVE
CASE NO. 2:21-CV-00563-JCC
Decl. ISO LCR 37 Submission re RFP No. 79 - 11

1    A. Owen Glist (*pro hac vice*)
     Ankur Kapoor (*pro hac vice*)
2    Jeffrey I. Shinder (*pro hac vice*)
     CONSTANTINE CANNON LLP
3    335 Madison Avenue, 9th Floor
     New York, NY 10017
4    Phone (212) 350-2700
     Fax (212) 350-2701
5    oglist@constantinecannon.com

6    *Proposed Interim Co-Lead Counsel*

7    Kenneth J. Rubin (*pro hac vice*)
     Timothy B. McGranor (*pro hac vice*)
8    Kara M. Mundy (*pro hac vice*)
     VORYS, SATER, SEYMOUR AND
9        PEASE LLP
     52 East Gay Street
10   Columbus, Ohio 43215
     Phone (614) 464-6400
11   Fax (614) 719-4796
     kjrubin@vorys.com
12   tbmcgranor@vorys.com
     kmmundy@vorys.com
13
     Thomas N. McCormick (*pro hac vice*)
14   VORYS, SATER, SEYMOUR AND
         PEASE LLP
15   4675 MacArthur Court, Suite 700
     Newport Beach, California 92660
16   Phone (949) 526-7903 | Fax (949) 383-2384
     tnmccormick@vorys.com
17
     *Proposed Interim Executive Committee Member*
18

19

20

21

22

23

24

25

26

27

28
                                    13
PLFFS' THIRD SET OF RFPS TO VALVE
CASE NO. 2:21-CV-00563-JCC
Decl. ISO LCR 37 Submission re RFP No. 79 - 12

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on June 9, 2023, I caused a true and correct copy of the foregoing

3   was served via email on counsel for Defendant:

4        Gavin W. Skok, gskok@foxrothschild.com
         Kristen Ward Broz, kbroz@foxrothschild.com
5        Nathan Buchter, nbuchter@foxrothschild.com
         Charles B. Casper, ccasper@mmwr.com
6        Peter Breslauer, pbreslauer@mmwr.com
         Robert Day, rday@mmwr.com
7        Jessica Rizzo, jrizzo@mmwr.com

8

9

10
                                              /s/ J. Wyatt Fore
11                                            J. Wyatt Fore (*pro hac vice*)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          14

PLFFS' THIRD SET OF RFPS TO VALVE
CASE NO. 2:21-CV-00563-JCC
Decl. ISO LCR 37 Submission re RFP No. 79 - 13