**EXHIBIT 2**

Hon. John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re VALVE ANTITRUST LITIGATION,

Lead Case No. 2:21-cv-00563-JCC

**VALVE CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Valve Corporation ("Valve"), by and through its undersigned counsel, responds to Plaintiffs' Third Set of Requests for the Production of Documents ("Third Requests") as follows:

**GENERAL OBJECTIONS**

Valve makes the following General Objections to Plaintiffs' Third Requests. These General Objections apply and are incorporated into each of Valve's responses below, whether or not also expressly incorporated into a particular response. Valve's responses and objections as set forth herein are made without prejudice to Valve's right to assert further responses or objections should Valve discover additional grounds for such responses or objections. The assertion of the same, similar, or additional objections, or the provision of any responses to any of the discovery propounded, shall not waive any of Valve's General Objections as set forth below.

VALVE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' THIRD REQUESTS FOR PRODUCTION (2:21-CV-00563-JCC) - 1

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

Decl. ISO LCR 37 Submission re RFP No. 79 - 15

1.     Valve objects to the Instructions and Definitions to the extent they seek to impose additional or different obligations from the Federal Rules of Civil Procedure, the Local Rules of the Western District of Washington, any case schedule or other Order entered in this case, or any agreement between the parties in connection with Valve's responses and objections to Plaintiffs' First and Second Sets of Requests for Production of Documents.

2.     Valve objects to the Third Requests as overbroad and unduly burdensome to the extent they seek to require Valve to provide any information beyond what is available to Valve at the present time from a reasonable search of its own records and a reasonable inquiry of its present employees, including information that is (i) in the possession, custody, or control of parties or persons other than Valve, and (ii) publicly available or equally accessible to Plaintiffs elsewhere, e.g., through the Steam website or Steamworks.

3.     Valve objects to the Third Requests to the extent they seek to impose a duty on Valve to create summaries, reports or analyses, or compile information that Valve does not create, compile, or keep in the requested format in the ordinary course of its business.

4.     Valve objects to the Third Requests to the extent they call for the production of documents that contain Valve's trade secrets or other highly confidential and proprietary research, development, or commercial or financial information. If any such documents are produced, production shall only be made pursuant to the Protective Order (Dkt. # 95) and Agreement Regarding Discovery of Electronically Stored Information and Order ("ESI Order") (Dkt. # 110).

5.     Valve objects to the Third Requests to the extent they call for the production of documents containing or disclosing the confidential, proprietary, financial or business information of third parties (including but not limited to publishers or developers distributing games on Steam), or documents and information subject to confidentiality agreements or obligations between Valve and others, including but not limited to any confidentiality obligations under any Steam Distribution Agreement ("SDA"). Valve will not produce such

VALVE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' THIRD
REQUESTS FOR PRODUCTION (2:21-CV-00563-JCC) - 2

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

Decl. ISO LCR 37 Submission re RFP No. 79 - 16

information until any required notice of possible disclosure has been given to potentially affected third parties and an opportunity provided for such third parties to seek protection against disclosure.

6.      Valve objects to the Third Requests to the extent they seek documents containing or concerning the PII or other private and personal information of Steam users and Steam account holders, insofar as they infringe upon any rights to, or reasonable expectations of, privacy and insofar as they seek information subject to or protected by PCI DSS compliance requirements or other requirements governing the handling of personal information.

7.      Valve objects to the Third Requests to the extent they are cumulative or duplicative of any of Plaintiffs' prior Requests for Production and to the extent the documents sought in the Third Requests have already been produced in this litigation in prior document productions.

8.      Valve objects to Instruction No. 1 insofar as it seeks production of documents that are not available to Valve at the present time from a reasonable search of its own records and a reasonable inquiry of its present employees, including but not limited to third parties.

9.      Valve objects to Instruction No. 2 insofar as the time period for which it seeks documents (January 1, 2012 through the present) is far longer than the purported class period and to the time period that Plaintiffs imposed on their own responses to Valve's Requests for Production (e.g., Plaintiffs' General Objection 16 to Valve's Second Requests for Production states that Plaintiffs will only produce documents covering January 1, 2016 to the present) and is overbroad, unduly burdensome, and is not proportional to the needs of the case.

10.     Valve objects to Instruction No. 5 insofar as it seeks to impose any logging obligations in excess of those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Western District of Washington, the Protective Order, the ESI Order, or any other order or agreement regarding privilege, ESI or document production.

VALVE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' THIRD
REQUESTS FOR PRODUCTION (2:21-CV-00563-JCC) - 3

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

Decl. ISO LCR 37 Submission re RFP No. 79 - 17

11.      Valve objects to Instruction No. 6 insofar as it seeks to impose any obligation to supplement different from or greater than that imposed by the Federal Rules of Civil Procedure or the Local Rules of the Western District of Washington. Insofar as supplementation is needed, Valve shall supplement in accordance with Fed. R. Civ. P. 26(e).

12.      Valve objects to all definitions in the Third Requests that differ from the agreed upon definition or scope of the same defined term in Plaintiffs' First or Second Sets of Requests for the Production of Documents.

13.      Valve objects to Plaintiffs' definition of "Developers" and "Publishers" as overbroad, unduly burdensome, and confusing insofar as (i) the Third Requests define these terms differently than they are defined in Consolidated Second Amended Class Action Complaint ¶ 3 n.1, (ii) these terms as defined herein would include persons or entities not within the proposed class definition, *id.* ¶ 375, specifically persons or entities that produce, license, or publish video games generally but have not contracted with Valve for distribution through Steam and/or have not had any game sales over Steam on or after January 28, 2017, and (iii) there is any difference between the definitions of these terms herein and the understanding and use of those terms by Valve in the ordinary course of its business, including but not limited to in Steam Distribution Agreements.

14.      Valve objects to Plaintiffs' definition of "Document" insofar as it seeks "personal Communications," which is an undefined term and may infringe on rights to privacy or confidentiality, or seek individual PII. It is also overbroad, unduly burdensome and beyond the scope of discovery insofar as it would seek to impose an obligation on Valve to search or produce documents or communications created or received by employees outside the scope of their work or on their personal devices or accounts; Valve declines to do so based on its objections. Valve further objects to "Document" insofar as it purports to seek material "stored in any medium" including that is in the possession, custody or control of Valve's "attorneys, agents, or other Persons under Your control."  That definition is beyond the scope of allowable

VALVE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' THIRD
REQUESTS FOR PRODUCTION (2:21-CV-00563-JCC) - 4

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

Decl. ISO LCR 37 Submission re RFP No. 79 - 18

discovery, overbroad, unduly burdensome and potentially infringes upon attorney-client privilege and work product immunity. Based on its objections, Valve is producing only non-privileged documents in its own possession, custody or control.

15.     Valve objects to Plaintiffs' definitions of "you," "your," and "Valve": (1) to the extent these definitions include "attorneys" and purport to require information from Valve's attorneys, which would infringe upon the attorney-client privilege and work product immunity; (2) to the extent these definitions purport to require Valve to obtain or provide information from third parties through their inclusion of the phrases "other affiliates," "partners," "agents," "consultants," "financial services firms," "contractors," "volunteers," "managers," "analysts," "accountants," "representatives," "servants" and "any other person acting or purporting to act on behalf of such entities" or "under its direction or control," which phrases are also vague and ambiguous as to scope and extent of who is included; (3) to the extent they include any entity other than Valve, including any "parent, predecessors, other affiliates, successors, or subsidiaries," particularly insofar as none of these are parties to the litigation; and (4) to the extent they purport to require Valve to obtain or produce documents or information from former officers, directors or employees, or from current directors, officers, and employees in their personal capacities, particularly insofar as none of these are parties to the litigation. In accordance with its objections, for purposes of these responses and its document production Valve understands and uses the terms "you," "your," and "Valve" in Plaintiffs' Third Requests to mean solely Valve Corporation and its current directors, officers, and employees acting in the course and furtherance of their work.

16.     Valve objects to the definitions of "Steam Gaming Platform" and "Steam Store" as overbroad, unduly burdensome, and confusing or misleading insofar as they artificially split Steam into separate pieces in a manner that is contrary to its design and function, are contrary to or different from how these phrases are understood or used in the video game industry or by

VALVE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' THIRD
REQUESTS FOR PRODUCTION (2:21-CV-00563-JCC) - 5

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

Decl. ISO LCR 37 Submission re RFP No. 79 - 19

1   Valve in the ordinary course of business, or are contrary to or different from how these phrases

2   are used in the Consolidated Second Amended Class Action Complaint.

3       17.   Valve objects to the definition of "Steam Keys" as overbroad and unduly

4   burdensome insofar as this phrase is defined differently than used or understood by Valve in

5   the ordinary course of business, including but not limited to in SDAs or Steamworks

6   Documentation (e.g., the Steamworks document cited in Plaintiffs' definition of "Steam Key

7   Guidelines"), and insofar as it is defined contrary to or different from how it is used in the

8   Consolidated Second Amended Class Action Complaint. Valve further objects to this definition

9   as vague and ambiguous insofar as it does not distinguish between the three types of available

10  Steam Keys described in the Steamworks Documentation.

11      18.   Valve objects to the definition of "Steam Key Guidelines" as overbroad, unduly

12  burdensome, vague and confusing (i) to the extent the definition purports to include anything

13  other than Valve's own written guidance, rules, policies or statements, (ii) to the extent it

14  defines or uses the phrase "Steam Key Guidelines" differently than the phrase "Steam Key

15  Rules" is used in the Consolidated Second Amended Class Action Complaint, and (iii) insofar

16  as this phrase is defined differently than used or understood by Valve in the ordinary course of

17  business, including but not limited to on https://partner.steamgames.com/doc/features/keys.

18      19.   Valve objects to Plaintiffs' Third Requests as overbroad as to scope and unduly

19  burdensome insofar as they seek information or materials regarding any operations or activities

20  outside the United States, particularly in light of Plaintiffs' geographic market definition in

21  Consolidated Second Amended Class Action Complaint ¶ 122.

22      20.   Valve objects to Plaintiffs' Third Requests as overbroad as to scope, unduly

23  burdensome and not proportional to the needs of the case insofar as they seek to impose an

24  obligation on Valve to search for or produce documents and communications written in any

25  language other English, including but not limited to communications and documents in foreign

26  languages (whether or not converted by machine to English).

VALVE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' THIRD
REQUESTS FOR PRODUCTION (2:21-CV-00563-JCC) - 6

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

Decl. ISO LCR 37 Submission re RFP No. 79 - 20

21.     In responding to Plaintiffs' Third Requests, Valve does not concede that any request to which it responds is relevant to the subject matter of this litigation or proportional to the needs of the case, as that standard is articulated in Federal Rule of Civil Procedure 26(b)(1). Valve expressly reserves both the right to object to further discovery into the subject matter of these requests and the right to object to the introduction into evidence of the responses to these requests or documents produced in response to them. Valve also reserves the right to dispute the authenticity, relevancy, materiality, privilege, and admissibility of evidence for any purpose of the information provided, which may arise in any subsequent proceeding in, or the trial of, this or any other action.

22.     Valve objects to each request and to each instruction to the extent that it seeks materials prepared for litigation, or information and documents protected by the attorney-client privilege, work product doctrine, or any other privilege, or purport to require Valve to provide information from its attorneys. To the extent each request seeks the disclosure of information or documents subject to the above claims of privilege or immunity from discovery, Valve will not produce such privileged or immune documents or information. Valve reserves the right to object at any time before or at trial to the introduction into evidence or the use of any privileged documents that have been revealed or produced inadvertently.

23.     When Valve says in responding to these Third Requests that it will search for responsive documents, all such searches shall be conducted pursuant to the provisions of the Protective Order, the ESI Order, and any other agreement or order regarding ESI or document production.

24.     Valve objects to these Requests insofar as they purport to require Valve to describe or define a market through its response, or to adopt Plaintiffs' proposed market definition, neither of which Valve does through its responses to these Requests.

VALVE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' THIRD
REQUESTS FOR PRODUCTION (2:21-CV-00563-JCC) - 7

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

Decl. ISO LCR 37 Submission re RFP No. 79 - 21

25.     Valve reserves all other objections. Neither Valve's agreement to produce documents nor its agreement to search for documents responsive to the Third Requests shall imply that responsive documents exist within its possession, custody or control.

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 79:

Your federal income tax returns from 2012 to the present including all forms, schedules, exhibits, and statements.

### RESPONSE:

In addition to its General Objections, Valve objects to this Request as unduly burdensome, overbroad in scope and subject matter, seeking information not relevant to any issue in this litigation, and not proportional to the needs of this case. Valve's U.S. federal income tax returns relate to other lines of business (e.g., games, hardware, etc.) and are not limited to Steam. Moreover, Valve has not put its tax returns at issue and its tax returns are not relevant to any issue put in dispute by the Consolidated Second Amended Class Action Complaint. Additionally, there is no compelling need for Valve's U.S. federal tax returns and their production would be cumulative and duplicative because Valve has already produced extensive detailed financial information on the issues in dispute. Among other things, Valve produced:

- Daily transactional data from 2003 through 2022 of all game sales on Steam, for each individual saleable unit and in each local currency and market in which sales occurred;
- Daily data showing all in-game transactions in games on Steam from their inception through 2022;
- Pricing data showing every price and discount for every saleable unit of every game sold on Steam, in each local currency and market in which these sales occurred; and
- Data showing all revenue share payments to Steam Partners for game sales on Steam, from inception through 2022.

VALVE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' THIRD
REQUESTS FOR PRODUCTION (2:21-CV-00563-JCC) - 8

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

Decl. ISO LCR 37 Submission re RFP No. 79 - 22

1  Furthermore, the parties are currently negotiating production of additional financial

2  information related to Steam costs and revenues. Valve's federal tax returns would be

3  cumulative in light of Valve's extensive prior disclosure, as well as irrelevant and unnecessary

4  because the information they contain is at a higher level of aggregation than data produced and

5  includes other lines of business that are not at issue. The Ninth Circuit has long recognized a

6  public policy against unnecessary disclosure of tax returns in discovery. *Premium Serv. Corp.*

7  *v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *see also Kappesser v.*

8  *Northwest Treatment Servs. Inc.*, No. C21-5590-TLF, 2022 WL 4483124, *1 (W.D. Wash.

9  Sept. 27, 2022) (recognizing public policy, denying motion to compel production of tax

10  returns). Valve further objects to the temporal scope of this request as unreasonably broad,

11  unduly burdensome, and inequitable insofar as it exceeds the time period that Plaintiffs

12  imposed on their own responses to Valve's Requests for Production, including in Plaintiffs'

13  General Objection 16 to Valve's Second Requests for Production, which states that Plaintiffs

14  will only produce documents covering January 1, 2016 to the present.

15  Based on its objections, Valve is not searching for or producing documents in response

16  to this Request.

17

18  **REQUEST FOR PRODUCTION NO. 80:**

19  All financial statements from 2003 to the present submitted for review by a third party,

20  such as an auditor or certified public accountant, and any Communications in connection

21  therewith.

22  **RESPONSE:**

23  In addition to its General Objections, Valve objects to this Request as unduly

24  burdensome, overbroad in scope and subject matter, seeking information not relevant to any

25  issue in this litigation, and not proportional to the needs of this case insofar as (1) it seeks "all

26  financial statements from 2003 to the present," a 20-year time period, without any reasonable

VALVE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' THIRD
REQUESTS FOR PRODUCTION (2:21-CV-00563-JCC) - 9

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

1    DATED this 10th day of July, 2023.

2                                          FOX ROTHSCHILD LLP

3

4                                          _s/ Gavin W. Skok_____
                                           Gavin W. Skok, WSBA #29766
5                                          1001 Fourth Avenue, Suite 4400
                                           Seattle, WA 98154
6                                          Telephone: (206) 624-3600
                                           Facsimile: (206) 389-1708
7                                          Email:  gskok@foxrothschild.com

8                                          Kristen Ward Broz
9                                          FOX ROTHSCHILD LLP
                                           2020 K St. NW, Ste. 500
10                                         Washington, DC  20006
                                           Telephone: (202) 794-1220
11                                         Fax: (202) 461-3102
                                           Email: kbroz@foxrothschild.com
12

13                                         Nathan M. Buchter
                                           FOX ROTHSCHILD LLP
14                                         2000 Market St. Ste. 20th Fl
                                           Philadelphia, PA 19103
15                                         Email: nbuchter@foxrothschild.com

16                                         MONTGOMERY McCRACKEN WALKER &
                                           RHOADS LLP
17

18                                         _s/ Charles B. Casper_____
                                           Charles B. Casper, _admitted pro hac vice_
19                                         Peter Breslauer, _admitted pro hac vice_
                                           Robert E. Day, _admitted pro hac vice_
20                                         Jessica Rizzo, _admitted pro hac vice_
                                           1735 Market Street, 21st Floor
21                                         Philadelphia, PA  19103
                                           Telephone: (215) 772-1500
22                                         Facsimile: (215) 772-7620
                                           Email: ccasper@mmwr.com
23                                         pbreslauer@mmwr.com
                                           rday@mmwr.com
24                                         jrizzo@mmwr.com

25                                         _Attorneys for Defendant_
26

VALVE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' THIRD
REQUESTS FOR PRODUCTION (2:21-CV-00563-JCC) - 33

Decl. ISO LCR 37 Submission re RFP No. 79 - 24

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

1

## CERTIFICATE OF SERVICE

2        I certify that I am a secretary at Fox Rothschild LLP in Seattle, Washington. I am a U.S.

3    citizen over the age of eighteen years and not a party to the within cause. On the date shown

4    below, I caused to be served a true and correct copy of the foregoing on counsel of record for

5    all other parties to this action as indicated below:

6

| **Service List** | |
| --- | --- |
| Alicia Cobb, WSBA #48685<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>1109 First Avenue, Suite 210<br>Seattle, Washington 98101<br>Telephone (206) 905-7000<br>Fax (206) 905-7100<br>aliciacobb@quinnemanuel.com<br><br>Steig D. Olson (*pro hac vice*)<br>David LeRay (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>51 Madison Avenue<br>New York, New York 10010<br>Telephone (212) 849-7231<br>Fax (212) 849-7100<br>steigolson@quinnemanuel.com<br><br>Adam Wolfson (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>Telephone (213) 443-3285<br>Fax (213) 443-3100<br>adamwolfson@quinnemanuel.com<br><br>Charles Stevens (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California St., 22nd Floor<br>San Francisco, CA 94111<br>Telephone (415) 875-6600<br>Fax (415) 875-6700<br>charliestevens@quinnemanuel.com<br><br>*Interim Co-Lead Counsel* | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via CM/ECF / Email<br>☐ Via over-night delivery |

VALVE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' THIRD
REQUESTS FOR PRODUCTION (2:21-CV-00563-JCC) - 34

Decl. ISO LCR 37 Submission re RFP No. 79 - 25

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

David Golden (*pro hac vice*)
CONSTANTINE CANNON LLP
1001 Pennsylvania Ave., 22nd Floor
Washington, D.C. 20004
Telephone (202) 204-4527
Fax (202) 204-3501
dgolden@constantinecannon.com

A. Owen Glist (*pro hac vice*)
Ankur Kapoor (*pro hac vice*)
Jeffrey I. Shinder (*pro hac vice*)
CONSTANTINE CANNON LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
Telephone (212) 350-2700
Fax (212) 350-2701
oglist@constantinecannon.com

Stephanie L. Jensen, WSBA #42042
WILSON SONSINI GOODRICH & ROSATI P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone (206) 883-2500
Fax (206) 883-2699
sjensen@wsgr.com

Kenneth R. O'Rourke (*pro hac vice*)
Scott A. Sher (*pro hac vice*)
Allison B. Smith (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
1700 K Street, NW, Suite 500
Washington, DC 20006
Telephone (202) 973-8800
Fax (202) 973-8899
korourke@wsgr.com
ssher@wsgr.com
allison.smith@wsgr.com

W. Joseph Bruckner (*pro hac vice*)
Joseph C. Bourne (*pro hac vice*)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Fax: (612) 339-0981
wjbruckner@locklaw.com
jcbourne@locklaw.com

*Interim Co-Lead Counsel*

VALVE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' THIRD
REQUESTS FOR PRODUCTION (2:21-CV-00563-JCC) - 35

Decl. ISO LCR 37 Submission re RFP No. 79 - 26
126

Kenneth J. Rubin (*pro hac vice*)
Timothy B. McGranor (*pro hac vice*)
Kara M. Mundy (*pro hac vice*)
VORYS, SATER, SEYMOUR AND
   PEASE LLP
52 East Gay Street
Columbus, Ohio 43215
Telephone (614) 464-6400
Fax (614) 719-4796
kjrubin@vorys.com
tbmcgranor@vorys.com
kmmundy@vorys.com

Thomas N. McCormick (*pro hac vice*)
VORYS, SATER, SEYMOUR AND
   PEASE LLP
4675 MacArthur Court, Suite 700
Newport Beach, California 92660
Phone (949) 526-7903 | Fax (949) 383-2384
tnmccormick@vorys.com

*Executive Committee*

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED this 10th day of July, 2023, in Seattle, Washington.

Courtney R. Brooks

VALVE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' THIRD
REQUESTS FOR PRODUCTION (2:21-CV-00563-JCC) - 36

Decl. ISO LCR 37 Submission re RFP No. 79 - 27

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600