**EXHIBIT 11**

Hon. John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re VALVE ANTITRUST LITIGATION,

Lead Case No. 2:21-cv-00563-JCC

**VALVE CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Valve Corporation ("Valve"), by and through its undersigned counsel, responds to Plaintiffs' First Set of Requests for the Production of Documents ("First Requests") as follows:

## GENERAL OBJECTIONS

Valve makes the following General Objections to Plaintiffs' First Requests. These General Objections apply and are incorporated into each of Valve's responses below, whether or not also expressly incorporated into a particular response. Valve's responses and objections as set forth herein are made without prejudice to Valve's right to assert further responses or objections should Valve discover additional grounds for such responses or objections. The assertion of the same, similar, or additional objections, or the provision of any responses to any of the discovery propounded, shall not waive any of Valve's General Objections as set forth below.

VALVE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' FIRST
REQUESTS FOR PRODUCTION (2:21-CV-00563-JCC) - 1

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

Decl. ISO LCR 37 Submission re RFP No. 79 - 39

1.      Valve objects to the Instructions and Definitions to the extent they seek to impose additional or different obligations from the Federal Rules of Civil Procedure, the Local Rules of the Western District of Washington, or any case schedule or other Order entered in this case.

2.      Valve objects to the First Requests as overbroad and unduly burdensome to the extent they seek to require Valve to provide any information beyond what is available to Valve at the present time from a reasonable search of its own records and a reasonable inquiry of its present employees, including information that is (i) in the possession, custody, or control of parties or persons other than Valve, (ii) publicly available or equally accessible to Plaintiffs elsewhere, e.g., through the Steam website or Steamworks.

3.      Valve objects to the First Requests to the extent they seek to impose a duty on Valve to create summaries, reports or analyses, or compile information that Valve does not create, compile, or keep in the requested format in the ordinary course of its business.

4.      Valve objects to the First Requests to the extent they call for the production of documents that contain Valve's trade secrets or other highly confidential and proprietary research, development, or commercial or financial information.  If any such documents are produced, production shall only be made pursuant to the Protective Order (Dkt. # 95).

5.      Valve objects to the First Requests to the extent they call for the production of documents containing or disclosing the confidential, proprietary, financial or business information of third parties (including but not limited to publishers or developers distributing games on Steam), or documents and information subject to confidentiality agreements or obligations between Valve and others, including but not limited to any confidentiality obligations under any Steam Distribution Agreement ("SDA").  Valve will not produce such information until any required notice of possible disclosure has been given to potentially-affected third parties and an opportunity provided for such third parties to seek protection against disclosure.

VALVE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' FIRST
REQUESTS FOR PRODUCTION (2:21-CV-00563-JCC) - 2

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

Decl. ISO LCR 37 Submission re RFP No. 79 - 40

6. Valve objects to the First Requests to the extent they seek documents containing or concerning the PII or other private and personal information of Steam users and Steam account holders, insofar as they infringe upon any rights to, or reasonable expectations of, privacy and insofar as they seek information subject to or protected by PCI DSS compliance requirements or other requirements governing the handling of personal information.

7. Valve objects to Instruction No. 1 insofar as it seeks production of documents that are not available to Valve at the present time from a reasonable search of its own records and a reasonable inquiry of its present employees, including but not limited to third parties.

8. Valve objects to Instruction No. 2 insofar as the time period for which it seeks documents (January 1, 2003 through the present) is far longer than the purported class period and is overbroad, unduly burdensome, and is not proportional to the needs of the case.

9. Valve objects to Instruction No. 5 insofar as it seeks to impose any logging obligations in excess of those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Western District of Washington, the Protective Order, or any agreement regarding electronically stored information ("ESI") between the parties or ESI order(s) entered by the Court.

10. Valve objects to Instruction No. 6 insofar as it seeks to impose any obligation to supplement different from or greater than that imposed by the Federal Rules of Civil Procedure or the Local Rules of the Western District of Washington.  Insofar as supplementation is needed, Valve shall supplement in accordance with Fed. R. Civ. P. 26(e).

11. Valve objects to Plaintiffs' definition of "Developers" and "Publishers" as overbroad, unduly burdensome, and confusing insofar as (i) the First Requests define these terms differently than they are defined in Consolidated Amended Class Action Complaint ¶ 3 n.1, (ii) these terms as defined herein would include persons or entities not within the proposed class definition, *id.* ¶ 375, specifically persons or entities that produce, license, or publish video games generally but have not contracted with Valve for distribution through Steam and/or have

VALVE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' FIRST
REQUESTS FOR PRODUCTION (2:21-CV-00563-JCC) - 3

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

1    not had any game sales over Steam on or after January 28, 2017, and (iii) there is any

2    difference between the definitions of these terms herein and the understanding and use of those

3    terms by Valve in the ordinary course of its business, including but not limited to in Steam

4    Distribution Agreements.

5         12.    Valve objects to Plaintiffs' definition of "Document" insofar as it seeks

6    "personal Communications," which is an undefined term and may infringe on rights to privacy

7    or confidentiality, or seek individual PII.  It is also overbroad, unduly burdensome and beyond

8    the scope of discovery insofar as it would seek to impose an obligation on Valve to search or

9    produce documents or communications created or received by employees outside the scope of

10   their work or on their personal devices or accounts; Valve declines to do so based on its

11   objections.  Valve further objects to "Document" insofar as it purports to seek material "stored

12   in any medium" including that in the possession, custody or control of Valve's "attorneys,

13   agents, or other Persons under Your control."  That definition is beyond the scope of allowable

14   discovery, overbroad, unduly burdensome and potentially infringes upon attorney-client

15   privilege and work product immunity.  Based on its objections, Valve is producing only non-

16   privileged documents in its own possession, custody or control.

17        13.    Valve objects to Plaintiffs' definitions of "you," "your," "Defendants" and

18   "Valve": (a) to the extent these definitions include "attorneys" and purport to require

19   information from Valve's attorneys, which would infringe upon the attorney-client privilege

20   and work product immunity; (b) to the extent these definitions purport to require Valve to

21   obtain or provide information from third parties through their inclusion of the phrases "other

22   affiliates," "partners," "agents," "consultants," "financial services firms," "contractors,"

23   "volunteers," "managers," "analysts," "accountants," "representatives," "servants" and "any

24   other person acting or purporting to act on behalf of such entities" or "under its direction or

25   control," which phrases are also vague and ambiguous as to scope and extent of who is

26   included; and (c) to the extent they purport to require Valve to obtain or produce documents or

VALVE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' FIRST
REQUESTS FOR PRODUCTION (2:21-CV-00563-JCC) - 4

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

Decl. ISO LCR 37 Submission re RFP No. 79 - 42

1  information from former officers, directors or employees, or from current directors, officers,

2  and employees in their personal capacities, particularly insofar as none of these are parties to

3  the litigation.  In accordance with its objections, for purposes of these responses and its

4  document production Valve understands the terms "you," "your," "Defendants" and "Valve" in

5  Plaintiffs' First Requests to mean Valve and its current directors, officers, and employees

6  acting in the course and furtherance of their work.

7          14.     Valve objects to the definitions of "Gaming Platform" and "Steam Gaming

8  Platform" as overbroad, unduly burdensome and confusing or misleading insofar as these

9  phrases are defined differently than (i) as used in the Consolidated Amended Class Action

10  Complaint, (ii) as commonly understood in the video game industry, or (iii) as understood or

11  used by Valve in the ordinary course of business.

12          15.     Valve objects to the definitions of "Steam Community," "Steam Gaming

13  Platform," and "Steam Store" as overbroad, unduly burdensome and confusing or misleading

14  insofar as they artificially split Steam into separate pieces in a manner that is contrary to its

15  design and function, to how it is understood or used in the video game industry, and to how it is

16  understood or used by Valve in the ordinary course of business.

17          16.     Valve objects to the definition of "micro-transaction" as overbroad, unduly

18  burdensome and confusing or misleading insofar as it is defined differently than (i) as used in

19  the Consolidated Amended Class Action Complaint, (ii) as commonly understood in the video

20  game industry, or (iii) as understood or used by Valve in the ordinary course of business.

21  Valve further objects to this definition insofar as it mischaracterizes all purchases on Steam as

22  "micro-transactions" that occur "within video games," which is incorrect.  For purposes of

23  these responses and its document production, Valve understands the phrase "micro-transaction"

24  as including only those transactions that occur within a game itself and not on any other part of

25  Steam, such as the Steam Store or the Steam Community Market.

26

VALVE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' FIRST
REQUESTS FOR PRODUCTION (2:21-CV-00563-JCC) - 5

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

Decl. ISO LCR 37 Submission re RFP No. 79 - 43

17.     Valve objects to the definition of "Non-PC gaming device or platform" insofar as devices that allow play of PC games or in PC gaming format can be mobile or handheld, e.g., a PC laptop or Steam Deck.  For purposes of these responses and its document production, Valve understands "Non-PC gaming device or platform" to refer only to those devices that do not allow play of PC games or in PC gaming format.

18.     Valve objects to the definition of "Steam Community" as overbroad, unduly burdensome and well beyond the scope of reasonable or proportional discovery insofar as it includes any "online discussion boards, fora, user reviews, community groups…" without limitation to those on Steam.  Valve further objects to this definition as overbroad, unduly burdensome, and well beyond the scope of reasonable or proportional discovery insofar as it purports to include data that is not reasonably accessible to Valve because of undue burden or cost, and insofar as the information sought is publicly available or equally accessible to Plaintiffs. Valve further objects insofar as this phrase is defined differently than used or understood by Valve in the ordinary course of business, including but not limited to as on www.steamcommunity.com.

19.     Valve objects to the definition of "Steam Keys" as overbroad and unduly burdensome insofar as this phrase is defined differently than used or understood by Valve in the ordinary course of business, including but not limited to in Steamworks Documentation (e.g., the Steamworks document cited in Plaintiffs' definition of "Steam Key Guidelines") or SDAs.  Valve further objects to this definition as vague and ambiguous insofar as it does not distinguish between the three types of available Steam Keys described in the Steamworks Documentation.

20.     Valve objects to the definition of "Steam Key Guidelines" as overbroad, unduly burdensome, vague and confusing (i) to the extent the definition purports to include anything other than Valve's own written guidance, rules, policies or statements, (ii) to the extent it defines or uses the phrase "Steam Key Guidelines" differently than the phrase "Steam Key

VALVE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' FIRST
REQUESTS FOR PRODUCTION (2:21-CV-00563-JCC) - 6

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

Decl. ISO LCR 37 Submission re RFP No. 79 - 44

1  Rules" is used in the Consolidated Amended Class Action Complaint, and (iii) insofar as this

2  phrase is defined differently than used or understood by Valve in the ordinary course of

3  business, including but not limited to on https://partner.steamgames.com/doc/features/keys.

4        21.     Valve objects to the definition of "Valve Pricing Policies" as overbroad, unduly

5  burdensome, not proportional to the needs of the case, vague and confusing (i) to the extent the

6  definition purports to include anything other than written rules, guidelines, policies or

7  statements, particularly insofar as it purports to include "unwritten rules" and to "capture[] any

8  practices whatsoever Valve engages in to influence, govern, or control pricing," (ii) to the

9  extent it defines or uses the phrase differently than similar phrases are used in the Consolidated

10  Amended Class Action Complaint, and (iii) insofar as this phrase is defined differently than

11  used or understood by Valve in the ordinary course of business, including but not limited to on

12  https://partner.steamgames.com/doc/store/pricing.  Based on its objections, for purposes of

13  these requests and its document production Valve interprets "Valve Pricing Policies" to mean

14  only written rules, guidelines, policies or statements related to pricing on Steam or any

15  competing platform or store.

16        22.     Valve objects to Plaintiffs' First Requests as overbroad as to scope and unduly

17  burdensome insofar as they seek information or materials regarding any operations or activities

18  outside the United States, particularly in light of Plaintiffs' geographic market definition in

19  Consolidated Amended Class Action Complaint ¶ 122.

20        23.     Valve objects to Plaintiffs' First Requests as overbroad as to scope, unduly

21  burdensome and not proportional to the needs of the case insofar as they seek to impose an

22  obligation on Valve to search for or produce documents and communications written in any

23  language other English, including but not limited to communications and documents in foreign

24  languages (whether or not converted by machine to English).

25        24.     In responding to Plaintiffs' First Requests, Valve does not concede that any

26  request to which it responds is relevant to the subject matter of this litigation or proportional to

VALVE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' FIRST
REQUESTS FOR PRODUCTION (2:21-CV-00563-JCC) - 7

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

the needs of the case, as that standard is articulated in Federal Rule of Civil Procedure 26(b)(1). Valve expressly reserves both the right to object to further discovery into the subject matter of these requests and the right to object to the introduction into evidence of the responses to these requests or documents produced in response to them. Valve also reserves the right to dispute the authenticity, relevancy, materiality, privilege, and admissibility of evidence for any purpose of the information provided, which may arise in any subsequent proceeding in, or the trial of, this or any other action.

25.     Valve objects to each request and to each instruction to the extent that it seeks materials prepared for litigation, or information and documents protected by the attorney-client privilege, work product doctrine, or any other privilege, or purport to require Valve to provide information from its attorneys. To the extent each request seeks the disclosure of information or documents subject to the above claims of privilege or immunity from discovery, Valve will not produce such privileged or immune documents or information. Valve reserves the right to object at any time before or at trial to the introduction into evidence or the use of any privileged documents that have been revealed or produced inadvertently.

26.     When Valve says in responding to these First Requests that it will search for responsive documents, all such searches shall be conducted pursuant to the provisions of the Protective Order and any agreement regarding electronically stored information ("ESI") between the parties or ESI order(s) entered by the Court.

27.     Valve objects to these Requests insofar as they purport to require Valve to describe or define a market through its response, or to adopt Plaintiffs' proposed market definition, neither of which Valve does through its responses to these Requests.

28.     Valve reserves all other objections.  Neither Valve's agreement to produce documents nor its agreement to search for documents responsive to the First Requests shall imply that responsive documents exist within its possession, custody or control.

VALVE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' FIRST
REQUESTS FOR PRODUCTION (2:21-CV-00563-JCC) - 8

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

Decl. ISO LCR 37 Submission re RFP No. 79 - 46

1  in SDAs.  Valve also objects to this Request as vague and ambiguous insofar as Valve does not

2  sell any third-party games outside of Steam.  Valve further objects to this Request as unduly

3  burdensome, overbroad in scope and subject matter, and not proportional to the needs of this

4  case insofar as (1) it seeks information regarding the sale of Valve's own video games through

5  methods or channels other than Steam, which is not in dispute or relevant to the claims and

6  defenses, and which Valve does not charge a commission or revenue share on; and (2) it

7  requests revenue share rates specified in anything other than the SDAs entered by Plaintiffs or

8  the "form SDA" that Plaintiffs allege putative class members are required to enter with Valve

9  (*see* Consolidated Amended Class Action Complaint ¶ 85), including but not limited to revenue

10 share rates in individually negotiated SDAs with third parties.

11      Subject to and without waiving its objections, Valve responds that it has not sold third

12 party video games outside of Steam, and does not charge a commission or revenue share on

13 sales of its own games, and therefore has no documents to produce in response to this Request.

14

15 ### ***REQUEST FOR PRODUCTION NO. 18:***

16      Documents sufficient to show Publisher and Developer net revenue from the Steam

17 Store and Steam Gaming Platform over time.

18 ### ***RESPONSE:***

19      In addition to its General Objections, Valve objects to this Request as vague and

20 ambiguous as to how "net revenue" is defined (whether it includes or excludes Valve's revenue

21 share, etc.), and fails to specify the time periods or intervals for which this information is

22 sought.  Valve understands this Request to call for the total aggregated amount of payments

23 made to publishers and developers for Steam net sales from inception of Steam to the present.

24 Valve also objects to this Request as vague, ambiguous and misleading insofar as it

25 mischaracterizes the "Steam Store" and "Steam Gaming Platform" as separate from Steam,

26 which they are not.  *See, e.g.,* https://store.steampowered.com/.  Valve further objects to this

VALVE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' FIRST
REQUESTS FOR PRODUCTION (2:21-CV-00563-JCC) - 25

**FOX ROTHSCHILD LLP**
**1001 FOURTH AVENUE, SUITE 4400**
**SEATTLE, WA 98154**
**206.624.3600**

Request to the extent it seeks Valve's own highly confidential information, or highly confidential commercial information regarding third party sales or products that is subject to confidentiality agreements or obligations between Valve and third parties, and which is not publicly disclosed in the ordinary course of business.  Valve will not produce such information until any required notice has been given and appropriate time provided for a third party response, as further described in General Objection 5.  Valve further objects to this Request as overbroad and unduly burdensome insofar as it purports to require Valve to create summaries, reports or analysis, or compile information that Valve does not create, compile or keep in immediately accessible format in the ordinary course of its business.

Based on its objections, Valve is not presently producing any documents in response to this Request but invites Plaintiffs to meet and confer.

### *REQUEST FOR PRODUCTION NO. 19:*

Documents concerning: (1) how You set commission rates for sales on the Steam Store and Steam Community Market, (2) alternative commission rates You have considered, and (3) any analysis You, or a third-party acting on Your behalf, has conducted relating to Your profitability at different actual or potential commission rates.

### *RESPONSE:*

In addition to its General Objections, Valve objects to this Request as vague and ambiguous as to the meaning of "commission rates," which is undefined and which is not a term generally used in Valve's SDAs.  For purposes of these responses and its document production, Valve understands "commission rates" to refer to the revenue share rates specified in SDAs.  Valve also objects to this Request as overbroad in scope and subject matter, unduly burdensome, and not proportional to the needs of this case insofar as (1) it requests revenue share rates specified in anything other than the SDAs entered by Plaintiffs or the "form SDA" that Plaintiffs allege putative class members are required to enter with Valve (*see* Consolidated

VALVE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' FIRST
REQUESTS FOR PRODUCTION (2:21-CV-00563-JCC) - 26

**Fox Rothschild LLP**
**1001 Fourth Avenue, Suite 4400**
**Seattle, WA 98154**
**206.624.3600**

Decl. ISO LCR 37 Submission re RFP No. 79 - 48

Subject to and without waiving its objections, Valve will produce responsive, non-privileged documents within the scope of its objections, to the extent they exist within Valve's possession, custody or control and can be located through a reasonable search conducted as described in General Objection 26.  Based on its objections, Valve is not searching for or producing documents related to any Valve product or service other than Steam, including but not limited to Valve's own games or hardware.

### REQUEST FOR PRODUCTION NO. 40:

Documents and data identifying, at the lowest level of aggregation available (*e.g.*, daily, weekly, monthly) Your profits, losses, marginal costs, fixed costs, and variable costs in producing, running, developing, maintaining, or otherwise operating:

(1)     The Steam Gaming Platform;

(2)     The Steam Store;

(3)     The Steam Community Market;

(4)     The Steam Workshop;

(5)     Steam Keys; and

(6)     Any other service You provide, including but not limited to social networking functionality and Steam Community.

### RESPONSE:

In addition to its General Objections, Valve objects to this Request as unduly burdensome, overbroad in scope and subject matter, not proportional to the needs of this case, and beyond the scope of allowable discovery insofar as (1) it seeks to impose duties on Valve to (a) create reports, analyses, or compile information that Valve does not create, compile or keep in immediately accessible format in the ordinary course of its business, (b) separate out Valve products or services, or information about such products or services, in ways that Valve does not do in the ordinary course of business, or (c) make allocations or assumptions not made in

VALVE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' FIRST
REQUESTS FOR PRODUCTION (2:21-CV-00563-JCC) - 48

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

Decl. ISO LCR 37 Submission re RFP No. 79 - 49

the ordinary course of business, (2) it seeks information regarding Valve's own games or any products or services other than Steam, which are not at issue in this litigation, and (3) it calls for data at the "lowest level of aggregation *available*," without limitation to data that is reasonably accessible, as required by Fed. R. Civ. P. 26(b)(2)(B).  Valve also objects to the phrase "Any other service You provide" as vague and ambiguous as to provide to whom (users, publishers, etc.), and as overbroad and unduly burdensome insofar as it purports to include any type of feature or offering available to anyone, including but not limited to outside of Steam. Valve further objects to this Request as vague, ambiguous and misleading insofar as it mischaracterizes the "Steam Store," "Steam Gaming Platform," "Steam Community Market" and "Steam Workshop" as separate from Steam, which they are not.  *See, e.g.,* https://store.steampowered.com/.  In addition, Valve objects to the extent this Request seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  Valve also objects to this Request to the extent it seeks confidential commercial information related to or belonging to third parties that is not publicly disclosed in the ordinary course of business, and which Valve is contractually obligated to keep confidential.  Valve will not produce such information until any required notice has been given and appropriate time provided for a third party response, as further described in General Objection 5.

Based on its objections, Valve is not presently searching for or producing documents in response to this Request, but invites Plaintiffs to meet and confer regarding the scope of this Request.

### *REQUEST FOR PRODUCTION NO. 41:*

Documents sufficient to show Your data use practices, how data is collected through the Steam Store or Steam Gaming Platform, what data is used for, who has access to that data, and how that data is monetized.

VALVE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' FIRST
REQUESTS FOR PRODUCTION (2:21-CV-00563-JCC) - 49

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

Decl. ISO LCR 37 Submission re RFP No. 79 - 50

1    DATED this 20th day of September, 2022.

2                         FOX ROTHSCHILD LLP

3

4                         *s/ Gavin W. Skok*

5                         Gavin W. Skok
                           1001 Fourth Avenue, Suite 4400

6                         Seattle, WA 98154
                           Telephone: (206) 624-3600

7                         Fax: (206) 389-1708
                           Email: gskok@foxrothschild.com

8

9                         Kristen Ward Broz
                         FOX ROTHSCHILD LLP

10                       2020 K. St. NW, Ste. 500
                         Washington, DC  20006
                         Telephone: (202) 794-1220

11                       Fax: (202) 461-3102
                         Email: kbroz@foxrothschild.com

12

13                       Charles B. Casper (*pro hac vice*)
                       MONTGOMERY McCRACKEN
                       WALKER & RHOADS LLP

14                       1735 Market Street, 21st Floor
                       Philadelphia, PA 19103

15                       Telephone: (215) 772-7223
                       Fax: (215) 731-3750

16                       Email: ccasper@mmwr.com

17                       *Attorneys for Defendant Valve*

18                       *Corporation*

19

20

21

22

23

24

25

26

VALVE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' FIRST
REQUESTS FOR PRODUCTION (2:21-CV-00563-JCC) - 76

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

## CERTIFICATE OF SERVICE

I certify that I am a secretary at the law firm of Fox Rothschild LLP in Seattle,

Washington.  I am a U.S. citizen over the age of eighteen years and not a party to the within

cause.  On the date shown below, I caused to be served a true and correct copy of the foregoing

on counsel of record for all other parties to this action as indicated below:

| Service List | |
|---|---|
| Alicia Cobb, WSBA #48685<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>1109 First Avenue, Suite 210<br>Seattle, Washington 98101<br>Telephone (206) 905-7000<br>Fax (206) 905-7100<br>aliciacobb@quinnemanuel.com<br><br>Steig D. Olson (*pro hac vice*)<br>David LeRay (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>51 Madison Avenue<br>New York, New York 10010<br>Telephone (212) 849-7231<br>Fax (212) 849-7100<br>steigolson@quinnemanuel.com<br><br>Adam Wolfson (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>Telephone (213) 443-3285<br>Fax (213) 443-3100<br>adamwolfson@quinnemanuel.com<br><br>Charles Stevens (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California St., 22nd Floor<br>San Francisco, CA 94111<br>Telephone (415) 875-6600<br>Fax (415) 875-6700<br>charliestevens@quinnemanuel.com<br><br>*Interim Co-Lead Counsel* | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via CM/ECF / Email<br>☐ Via over-night delivery |

VALVE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' FIRST
REQUESTS FOR PRODUCTION (2:21-CV-00563-JCC) - 77

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

Decl. ISO LCR 37 Submission re RFP No. 79 - 52

David Golden (*pro hac vice*)
CONSTANTINE CANNON LLP
1001 Pennsylvania Ave., 22nd Floor
Washington, D.C. 20004
Telephone (202) 204-4527
Fax (202) 204-3501
dgolden@constantinecannon.com

A. Owen Glist (*pro hac vice*)
Ankur Kapoor (*pro hac vice*)
Jeffrey I. Shinder (*pro hac vice*)
CONSTANTINE CANNON LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
Telephone (212) 350-2700
Fax (212) 350-2701
oglist@constantinecannon.com

Stephanie L. Jensen, WSBA #42042
WILSON SONSINI GOODRICH & ROSATI P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone (206) 883-2500
Fax (206) 883-2699
sjensen@wsgr.com

Kenneth R. O'Rourke (*pro hac vice*)
Scott A. Sher (*pro hac vice*)
Allison B. Smith (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
1700 K Street, NW, Suite 500
Washington, DC 20006
Telephone (202) 973-8800
Fax (202) 973-8899
korourke@wsgr.com
ssher@wsgr.com
allison.smith@wsgr.com

W. Joseph Bruckner (*pro hac vice*)
Joseph C. Bourne (*pro hac vice*)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Fax: (612) 339-0981
wjbruckner@locklaw.com
jcbourne@locklaw.com

*Interim Co-Lead Counsel*

VALVE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' FIRST
REQUESTS FOR PRODUCTION (2:21-CV-00563-JCC) - 78

Decl. ISO LCR 37 Submission re RFP No. 79 - 53

1

2   Kenneth J. Rubin (*pro hac vice*)
    Timothy B. McGranor (*pro hac vice*)
3   Kara M. Mundy (*pro hac vice*)
    VORYS, SATER, SEYMOUR AND
4       PEASE LLP
    52 East Gay Street
5   Columbus, Ohio 43215
    Telephone (614) 464-6400
6   Fax (614) 719-4796
    kjrubin@vorys.com
7   tbmcgranor@vorys.com
    kmmundy@vorys.com
8
    Thomas N. McCormick (*pro hac vice*)
9   VORYS, SATER, SEYMOUR AND
        PEASE LLP
10  4675 MacArthur Court, Suite 700
    Newport Beach, California 92660
11  Phone (949) 526-7903 | Fax (949) 383-2384
    tnmccormick@vorys.com
12
    *Executive Committee*
13

14          I declare under penalty of perjury under the laws of the State of Washington that the

15  foregoing is true and correct.

16          EXECUTED this 20th day of September, 2022, in Seattle, Washington.

17

18                                                  _Courtney Brooks_
19                                                  Courtney R. Brooks
20

21

22

23

24

25

26

VALVE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' FIRST
REQUESTS FOR PRODUCTION (2:21-CV-00563-JCC) - 79

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

Decl. ISO LCR 37 Submission re RFP No. 79 - 54