# EXHIBIT 17

Hon. John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re VALVE ANTITRUST LITIGATION | Lead Case No. 2:21-cv-00563-JCC |

**PLAINTIFFS' SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS ON DEFENDANT VALVE CORPORATION**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs Wolfire Games, LLC ("Wolfire"), Dark Catt Studios Holdings, Inc., and Dark Catt Studios Interactive LLC (collectively with Dark Catt Studios Holdings, Inc., "Dark Catt," and collectively with Wolfire, "Plaintiffs"), by and through their undersigned attorneys, request that Valve Corporation ("Valve") produce the documents described below, subject to the Definitions and Instructions set forth herein, within thirty (30) days of their service.

Plffs' Second Set of RFPs to Valve
Case No. 2:21-cv-00563-JCC

Decl. ISO LCR 37 Submission re RFP No. 79 - 98

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

# DEFINITIONS

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. The definitions, instructions, and rules of construction set forth in FRCP Rules 26 and 34 are hereby incorporated by reference into, and expressly made part of, each and every Request for Production contained herein. The following additional terms shall have the following meanings and rules of construction, unless the context requires otherwise. Nothing set forth below is intended to narrow the scope of discovery permitted by the FRCP, and the Definitions, Instructions, and Requests for Production should be read as broadly as permitted by those rules.

1. "All," "any," and "each" shall be construed as encompassing any and all.

2. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

3. "Communication" shall be construed to the fullest extent under the Federal Rules of Civil Procedure and shall mean, without limitation, the transmittal, disclosure, transfer, or exchange of information (in the form of facts, ideas, inquiries, or otherwise), by any means whatsoever, including orally or in writing, and in any medium.

4. "Dark Catt" means Plaintiff Dark Catt Studios Holdings, Inc. and/or Dark Catt Studios Interactive LLC, and its subsidiaries, affiliates, divisions, business units, subsidiaries, affiliates, predecessors, successors-in-interest, and companies under its direct or indirect management or control, as well as any of its present and former agents, directors, officers, managers, analysts, accountants, attorneys, representatives, servants, employees, or other persons acting under its direction or control.

5. "Developers" means any individuals or entities that produce video games.

6. "Document" shall be construed to the fullest extent under the Federal Rules of Civil Procedure and shall mean, without limitation, the original and all Drafts, copies, and translations of any Information in any written, recorded, electronic, or graphic form including all memoranda, notes, interoffice and intraoffice Communications, telegrams, telecopies, letters, reports,

Decl. ISO ECF 39 Submission re RFP No. 79 - 99
Plffs' Second Set of RFPs to Valve
Case No. 2:21-cv-00563-JCC                                        2

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

1  stenographic notes, bulletins, notices, emails, text messages or other messaging-application
2  messages, blog or social-media posts, instant messages or other electronic-chat messages,
3  telephonic or personal Communications, computer models, spreadsheets, data, accounts, records,
4  calendars, diaries, minutes, contracts or other legal papers, resolutions, written policies or
5  procedures, insurance policies, audio records, photographs, microform, film, and any
6  electronically stored Information stored in any medium including computer backup devices in
7  Your possession, custody, or control or the possession, custody, or control of Your attorneys,
8  agents, or other Persons under Your control.  Without limiting the foregoing, "Document"
9  includes any copy that differs in any respect from the original or other versions of the Document,
10 such as Drafts, copies containing notations, insertions, corrections, margin notes, or any other
11 variations.  The term "Document" includes Communications.

12         7.      "Draft" shall mean any earlier, preliminary, preparatory, or tentative version of all
13 or part of a Document, whether or not such Draft was superseded by a later Draft and whether or
14 not the terms of the Draft are the same as or different from the terms of the final Document.

15         8.      A "Gaming Platform" is a software environment in which video game Developers
16 and/or Publishers distribute games, and video game users maintain their library of games, launch
17 games, purchase games, connect with other video game users for social networking and
18 multiplayer gaming, and access other ancillary services like the tracking of gaming achievements.

19         9.      "Half-Life 2" means the 2004 PC Desktop Game developed by Valve.

20         10.     "Humble Bundle" means Humble Bundle, Inc., a digital store that sells bundles of
21 multiple video games at pay-what-you-wish-prices and splits profits between itself, publishers,
22 and charities.

23         11.     "Including" and "includes" mean "without limitation."

24         12.     "Information" shall mean facts, opinions, data, or matter learned or known about
25 any topic or Person.

26         13.     "Micro-transaction" means any digital transaction that video game users make
27 within video games, including purchasing in-game currency in exchange for legal tender, Steam
28 Wallet funds, virtual items, and subscriptions.

Plffs' Second Set of RFPs to Valve
Case No. 2:21-cv-00563-JCC    3

Decl. ISO ECF 39 submission re RFP No. 79 - 100

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

14. "Non-PC gaming device or platform" means any console, handheld, and mobile gaming devices including but not limited to those games available for play on cellphones or tablets.

15. "Non-Valve game" means any game that was not developed or produced by Valve Corporation.

16. "PC Desktop Game" means a video game designed for gameplay on a personal computer.

17. "Publishers" means any individual(s) or entities that license or publish video games.

18. "Relating to," "referring to," "reflecting," and "regarding" are used in their broadest sense, and mean anything that, directly or indirectly, generally or specifically, regards, relates to, refers to, concerns, contains, constitutes, contradicts, evidences, embodies, comprises, reflects, mentions, identifies, states, deals with, comments on, responds to, describes, analyzes, or is in any way, directly or indirectly, relevant to the subject matter.

19. "Steam Community" refers to the online discussion boards, fora, user reviews, community groups, Steam chat, and curators where Steam Store and Steam Gaming Platform users, Valve employees, game developers, and game publishers make discussion posts and post comments.

20. "Steam Gaming Platform" means the gaming platform operated by Defendant Valve Corporation through which users play PC Desktop Games.

21. "Steam Keys" means alpha-numeric codes that can be input into the Steam Gaming Platform to access a digital copy of the associated game, acquired by free download or purchase through the Steam Store or by resale in third-party transactions and marketplaces.

22. "Steam Key Guidelines" refers to any guidance, rules, policies, or practices related to developers', publishers', or Steam users' or customers' use of or questions about Steam Keys, including but not limited to the guidance and rules provided at

https://partner.steamgames.com/doc/features/keys.

Decl. ISO CR 37 submission re RFP No. 79 - 101
Plffs' Second Set of RFPs to Valve
Case No. 2:21-cv-00563-JCC            4

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

23. "Steam Store" means the online marketplace through which users can acquire or otherwise obtain access to games.

24. Third-Party Sales means any sale taking place through means other than the Steam Store, including but not limited to sales taking place on rival storefronts such as the Epic Games Store.

25. "User" or "Users" means any individual who interacts with services provided by the Steam Store or plays games through the Steam Gaming Platform.

26. "Valve" means Defendant Valve Corporation and its subsidiaries, affiliates, divisions, business units, subsidiaries, affiliates, contractors, volunteers, predecessors, successors-in-interest, and companies under its direct or indirect management or control, as well as any of its present and former agents, directors, officers, managers, analysts, accountants, attorneys, representatives, servants, employees, or other persons acting under its direction or control.

27. "Valve Pricing Policies" means any rules, regulations, policies, practices, discussions, guidelines, standards or requirements relating in any manner to pricing in the Steam Store or any competing store. This definition encompasses both written and unwritten rules, and captures any practices whatsoever Valve engages in to influence, govern, or control pricing within its Steam Store or any other competing store, including but not limited to internal discussions, discussion boards posts, and support tickets.

28. "Virtual item" or "virtual good" means any intangible product or service purchased or traded in a virtual economy, such as for use in online communities or online games.

29. "Wolfire" refers to Plaintiff Wolfire Games, LLC Corporation and its subsidiaries, affiliates, divisions, business units, subsidiaries, affiliates, predecessors, successors-in-interest, and companies under its direct or indirect management or control, as well as any of its present and former agents, directors, officers, managers, analysts, accountants, attorneys, representatives, servants, employees, or other persons acting under its direction or control.

30. The "World Opponent Network" or "WON" means the online gaming platform, created by Sierra Games as the Sierra Internet Gaming System (SIGS).

Plffs' Second Set of RFPs to Valve
Case No. 2:21-cv-00563-JCC                                5

Decl. ISO CR 37 Submission Re RFP No. 79 - 102

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

31. The terms "You" and "Your" as used herein shall refer to the Defendant responding to the request and any of its parents, predecessors, other affiliates, successors, or subsidiaries, including officers, directors, employees, partners, agents, consultants, financial services firms, or any other person acting or purporting to act on behalf of such entities.

Decl. ISO ECF 39 Submission re RFP No. 79 - 103
Plffs' Second Set of RFPs to Valve
Case No. 2:21-cv-00563-JCC       6

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

**INSTRUCTIONS**

1. You are requested to produce all documents described below that can be located by a reasonable search of materials within Your possession, custody or control, or in the possession, custody or control of Your officers, directors, agents, employees, representatives, affiliated or associated companies or any other person or entity acting or purporting to act on Your behalf.

2. Unless otherwise stated in a specific request, these Requests seek responsive information and documents authored, generated, disseminated, drafted, produced, reproduced, received, obtained, or otherwise created, distributed, or possessed, concerning, or in effect during the period January 1, 2003 to the present.

3. Documents in electronic form should be produced in a native format, with all metadata, absent a separate agreement among the parties. Documents in hard-copy form should be produced as scanned, color TIFF image files.

4. If You object to part of a request, You must state the basis of Your objections in accordance with Rule 34 of the Federal Rules of Civil Procedure, and produce all documents called for by the portion of the request to which You do not object.

5. If You withhold any Document or thing from discovery on the basis of the attorney-client privilege, work-product protection, or other ground of privilege or immunity, You shall describe in accordance with Federal Rule of Civil Procedure 26(b)(5) the nature of the privilege claimed, provide the information required by the aforementioned Rule, and describe the nature of the information in a manner that will enable Defendant to assess the applicability of the claimed privilege or immunity by providing the following information:

   (a) the date of the Document or thing;

   (b) the name and title or position of the author(s) of the Document or thing;

   (c) the name and title or position of all persons designated as addressees or otherwise receiving or having seen copies of the Document or thing;

   (d) the general subject matter of the Document or thing;

   (e) the type of Document or thing (memorandum, letter, report, handwritten notes, etc.);

Pltfs' Second Set of RFPs to Valve
Case No. 2:21-cv-00563-JCC — 7

Decl. ISO ECF 39 Submission re RFP Nos. 79 - 104

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

1         (f) the specific grounds for withholding the Document or thing, including the specific facts upon which You will rely to establish the asserted attorney-client privilege, work product immunity, or other ground of privilege or immunity; and

        (g) if You assert privilege or immunity with respect to only part of a Document or thing, the Bates range for the portion of the Document or thing that You have produced.

6. These Requests shall be deemed continuing requests so as to require supplemental responses if You obtain or discover additional documents between the time of initial production and the time of the trial. Such supplemental documents must be produced promptly upon discovery. Plaintiffs specifically reserve the right to seek supplementary responses and the additional supplementary production of documents before trial.

7. Any term stated in the singular includes the plural and vice versa.

8. Whenever the conjunctive is used, it shall also be taken in the disjunctive, and vice versa, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

Plffs' Second Set of RFPs to Valve  
Case No. 2:21-cv-00563-JCC    8

Decl. ISO ECF 39 Submission re RFP No. 79 - 105

QUINN EMANUEL URQUHART & SULLIVAN  
1109 FIRST AVENUE, SUITE 210  
SEATTLE, WASHINGTON 98101  
TEL: (206) 905-7000

## REQUESTS FOR PRODUCTION

**<u>REQUEST FOR PRODUCTION NO. 68:</u>**

Documents and data identifying, separately for each service below and in aggregate at the lowest level of temporal aggregation available (*e.g.*, daily, weekly, monthly) Your gross and net revenues, profits or losses at all levels of measurement, costs of goods sold, marginal costs, fixed selling, general, and administrative costs, and variable selling, general, and administrative costs, and employees involved (and what portion of time) in producing, running, developing, maintaining, or otherwise operating:

    (1)    The Steam Gaming Platform;

    (2)    The Steam Store;

    (3)    The Steam Community Market;

    (4)    The Steam Workshop;

    (5)    Steam Keys; and

    (6)    Any other service You provide, including but not limited to social networking functionality and Steam Community.

**<u>REQUEST FOR PRODUCTION NO. 69:</u>**

Documents and transactional-level data sufficient to identify all sales on the Steam Store and Community Market, sales that originated on the Steam Store, all micro-transactions, and/or all Steam Key activations on the Steam Gaming Platform, including: (1) product or game title, (2) price at sale, (3) discount or promotion price history for a given product or game title, (4) any commission paid to Valve on the sale, (5) Developer and/or Publisher of the game title or product sold; (6) date of sale, (7) user account number associated with sale, (8) the corresponding Steam Key activation date on the Steam Gaming Platform where applicable, (9) the type of Steam Key used where applicable, (10) whether any sale or download is part of a bundle, and if so, what bundle, (11) the geographic location of the purchaser or downloader, (12) currency of denomination, whether USD or foreign, (13) if the sale is denominated in foreign currency, the foreign currency exchange rate with USD at the time of the transaction, or the USD equivalent itself, (14) value-added, sales or any other taxes associated with the transaction, including whether

Pltfs' Second Set of RFPs to Valve
Case No. 2:21-cv-00563-JCC — 9

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

Doc. ISO ECF 39 submission re RFP No. 79 - 106

the tax was included in the price of the transaction (inclusive) or not (additive), (15) returned product or game title purchases, and (16) the item purchased in each micro-transaction where applicable.

**REQUEST FOR PRODUCTION NO. 70:**

Documents and data sufficient to identify all games or products for which Developers and Publishers requested Steam Keys, and the number of Steam Keys requested for each such game or product, including the (1) game or product title, (2) Developer and/or Publisher of the game or product, (3) date that Steam Keys were requested, (4) number of Steam Keys requested, (5) any consideration given by the Developer and/or Publisher to Valve for those Steam Keys, (6) the type of Steam Key requested, (7) the results of such requests, (8) the date the request was approved or denied, (9) the number of Steam Keys redeemed, and (10) the number of Steam Keys reclaimed or withdrawn by Valve.

**REQUEST FOR PRODUCTION NO. 71:**

All documents pertaining to Valve's decision-making process in evaluating whether or not to accept, reject, or modify Steam Key requests including all internal discussions or emails pertaining to such requests.

**REQUEST FOR PRODUCTION NO. 72:**

Documents and data sufficient to show pricing by product or game title over time by geographic region (to the extent that pricing or promotions vary by region), including list price, any discounts offered, reasons for such discounts, and any price changes.

**REQUEST FOR PRODUCTION NO. 73:**

Documents sufficient to identify Steam's ordinary practices with respect to monitoring product or game title pricing on other platforms.

**REQUEST FOR PRODUCTION NO. 74:**

Documents and data sufficient to show what pricing information Valve collects or has access to, from any source for products or game titles sold through Steam and on other platforms, as well as any data collected or to which Valve has access.

Plffs' Second Set of RFPs to Valve
Case No. 2:21-cv-00563-JCC                                  10

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

**REQUEST FOR PRODUCTION NO. 75:**

Documents and data sufficient to identify any geographic limitations on sales, downloads, or distribution, and the type of each limitation imposed for each product or game title, both currently and historically.

**REQUEST FOR PRODUCTION NO. 76:**

Documents and data about the universe of products or game titles available for purchase or download on the Steam Store, over time, including, for each product or game title: (1) the availability of the product or game title across different websites (*e.g.*, GOG, Humble), (2) the availability of the product or game title as a non-PC game (*e.g.*, on Xbox, on PlayStation, or on mobile), and (3) information regarding the product or game title's characteristics, including (i) publisher, (ii) developer, (iii) genre, (iv) review scores, (v) release date, (vi) user-defined tags, (vii) single player vs. multi-player, (viii) online access, (ix) content or age ratings, (x) monetization model, (xi) the presence of social networking functionality in-game, and (xii) other characteristics.

**REQUEST FOR PRODUCTION NO. 77:**

Documents sufficient to identify whether, to what degree, and how Valve monitors, encourages, or discourages "review bombing."

**REQUEST FOR PRODUCTION NO. 78:**

All documents pertaining to analyses or evaluations completed by or on behalf of Valve that quantify or otherwise describe the value Valve claims the Steam platform provides to Publishers or Developers.

Plffs' Second Set of RFPs to Valve
Case No. 2:21-cv-00563-JCC — 11

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

DATED: November 29, 2022

| | |
|---|---|
| /s/ Alicia Cobb | /s/ Stephanie L. Jensen |
| Alicia Cobb, WSBA #48685<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>1109 First Avenue, Suite 210<br>Seattle, Washington 98101<br>Phone (206) 905-7000<br>Fax (206) 905-7100<br>aliciacobb@quinnemanuel.com | Stephanie L. Jensen, WSBA #42042<br>WILSON SONSINI GOODRICH &<br>ROSATI P.C.<br>701 Fifth Avenue, Suite 5100<br>Seattle, WA 98104-7036<br>Phone (206) 883-2500<br>Fax (206) 883-2699<br>sjensen@wsgr.com |
| Steig D. Olson (*pro hac vice*)<br>David LeRay (*pro hac vice*)<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>51 Madison Avenue<br>New York, New York 10010<br>Phone (212) 849-7231<br>Fax (212) 849-7100<br>steigolson@quinnemanuel.com | Kenneth R. O'Rourke (*pro hac vice*)<br>Scott A. Sher (*pro hac vice*)<br>Allison B. Smith (*pro hac vice*)<br>WILSON SONSINI GOODRICH &<br>ROSATI, P.C.<br>1700 K Street, NW, Suite 500<br>Washington, DC 20006<br>Phone (202) 973-8800<br>Fax (202) 973-8899<br>korourke@wsgr.com<br>ssher@wsgr.com<br>allison.smith@wsgr.com |
| Adam Wolfson (*pro hac vice*)<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>Phone (213) 443-3285<br>Fax (213) 443-3100<br>adamwolfson@quinnemanuel.com | W. Joseph Bruckner (*pro hac vice*)<br>Joseph C. Bourne (*pro hac vice*)<br>LOCKRIDGE GRINDAL NAUEN P.L.L.P.<br>100 Washington Avenue S, Suite 2200<br>Minneapolis, MN 55401<br>Phone: (612) 339-6900<br>Fax: (612) 339-0981<br>wjbruckner@locklaw.com<br>jcbourne@locklaw.com |
| Charles Stevens (*pro hac vice*)<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>50 California St., 22nd Floor<br>San Francisco, CA 94111<br>Phone (415) 875-6600<br>Fax (415) 875-6700<br>charliestevens@quinnemanuel.com | *Proposed Interim Co-Lead Counsel* |
| *Proposed Interim Co-Lead Counsel* | |
| David Golden (*pro hac vice*)<br>J. Wyatt Fore (*pro hac vice*)<br>CONSTANTINE CANNON LLP<br>1001 Pennsylvania Ave., Suite 1300N<br>Washington, D.C. 20004<br>Phone (202) 204-4527<br>Fax (202) 204-3501<br>dgolden@constantinecannon.com | |

Decl. ISO ECF Submission re RFP No. 79 - 109
Case No. 2:21-cv-00563-JCC                    12

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

| | |
|---|---|
| 1 | A. Owen Glist (*pro hac vice*) |
| 2 | Ankur Kapoor (*pro hac vice*) |
| | Jeffrey I. Shinder (*pro hac vice*) |
| 3 | CONSTANTINE CANNON LLP |
| | 335 Madison Avenue, 9th Floor |
| 4 | New York, NY 10017 |
| | Phone (212) 350-2700 |
| 5 | Fax (212) 350-2701 |
| | oglist@constantinecannon.com |
| 6 | *Proposed Interim Co-Lead Counsel* |
| 7 | |
| 8 | Kenneth J. Rubin (*pro hac vice*) |
| | Timothy B. McGranor (*pro hac vice*) |
| 9 | Kara M. Mundy (*pro hac vice*) |
| | VORYS, SATER, SEYMOUR AND PEASE LLP |
| 10 | 52 East Gay Street |
| 11 | Columbus, Ohio 43215 |
| | Phone (614) 464-6400 |
| 12 | Fax (614) 719-4796 |
| | kjrubin@vorys.com |
| 13 | tbmcgranor@vorys.com |
| | kmmundy@vorys.com |
| 14 | Thomas N. McCormick (*pro hac vice*) |
| 15 | VORYS, SATER, SEYMOUR AND PEASE LLP |
| 16 | 4675 MacArthur Court, Suite 700 |
| | Newport Beach, California 92660 |
| 17 | Phone (949) 526-7903 | Fax (949) 383-2384 |
| | tnmccormick@vorys.com |
| 18 | *Proposed Interim Executive Committee Member* |

Decl. ISO ECR 39 Submission re RFP No.
Plffs' Second Set of RFPs to Valve
Case No. 2:21-cv-00563-JCC          13

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

# CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2022, I caused a true and correct copy of the foregoing was served via email on counsel for Defendant:

Gavin W. Skok,
FOX ROTHSCHILD LLP
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
gskok@foxrothschild.com

Charles B. Casper
MONTGOMERY McCRACKEN WALKER
1735 Market Street, 21st Floor
Philadelphia, PA 19103
ccasper@mmwr.com

DATED November 29, 2022.

*/s/ Charles Blake Stevens*
Charles Blake Stevens, (*pro hac vice*)

Pltfs' Second Set of RFPs to Valve
Case No. 2:21-cv-00563-JCC                    14

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000