THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re VALVE ANTITRUST LITIGATION | CASE NO. C21-0563-JCC<br><br>ORDER |

This matter comes before the Court on the parties' LCR 37(a)(2) submission (Dkt. No. 143) and Defendant's unopposed motion to seal (Dkt. No. 140). In their submission, the parties put forth competing arguments as to whether the Court should compel Defendant to produce certain tax returns. (*See generally* Dkt. No. 143.) For the reasons described below, the Court finds that the returns should be produced. It therefore GRANTs Plaintiff's request. (*Id.* at 2.) The Court separately GRANTS Defendant's motion to seal (Dkt. No. 140).

In this antitrust suit, Plaintiffs assert that Defendant leverages its market power to charge supra-competitive fees for the games Defendant hosts through its Steam Platform and sells through its Steam Store. (*See generally* Dkt. No. 127.) To support their resulting antitrust claim, Plaintiffs contend that they need accurate financial information to establish Defendant's profit margins. (*See* Dkt. No. 143 at 9.) This is because an unusually high profit margin could support an assertion that Defendant wields significant market power and uses it in a manner in violation

of the Sherman Act. (*Id.*)

Plaintiffs propounded various Requests for Production ("RFP"). (*See* Dkt. No. 144-1 at 7.) This includes RFP No. 79, which sought Defendant's "federal income tax returns from 2012 to the present including all forms, schedules, exhibits, and statements." (Dkt. No. 144-1 at 7.) Defendant refused to produce the returns; instead, it counters that the financial information it already produced, which does not include its tax return(s), establishes its profit margins on the activities at issue in this case. (*See generally* Dkt. No. 143.) In fact, according to Defendant, this information is more reflective of relevant profit margins because the tax return(s) were prepared on a combined/consolidated basis, and include all of its business activities, *i.e.*, not just those at issue in this case. (*Id.*; *see* Dkt. No. 149 at 3.)

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). As it relates to the production of a tax return, this Court has previously ordered such production, but only upon an additional finding of a party's compelling need for the information contained therein which is unavailable through less intrusive means. *Intl. News, Inc. v. 10 Deep Clothing, Inc.*, 2020 WL 1890611, slip op. at 2 (W.D. Wash. 2020) (citing *St. Regis Paper Co. v. U.S.*, 368 U.S. 208, 218–19 (1961); *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975)). This is based on the Ninth Circuit's directive to apply a heightened standard to motions to compel the production of such information. *See id.*

Plaintiffs, in arguing for an order compelling the production of Defendant's tax return(s), assert that, because Defendant did not produce audited financial statements, Plaintiffs require assurance as to the accuracy of the financial information which Defendant did produce. (*See generally* Dkt. No. 143.) This is particularly true here, where Defendant compiled the financial information solely in response to Plaintiffs' suit. (*Id.*) It did not provide Plaintiffs with reports prepared in the ordinary course of Defendant's business. (*Id.*)

Given the nature of the claims here, which are based in some part on Defendant's profit

margins, and the need for accurate financial information, the Court agrees that Defendant's tax returns should be produced. They provide Plaintiffs with the most objective financial information available. (*Id.*)[1] Accordingly, Defendant is ORDERED to comply with RFP No. 79. Moreover, Given the aggregated nature of the information contained in Defendant's tax return(s), Defendant is further ORDERED to reconcile the amounts reported on its returns for years 2012 to present with the profit and loss statements that it already produced. (*See* Dkt. No. 148-2 at 2) (template profit and loss statement designated as VALVE_ANT_2755012). This production must take place within 30 days of this Order.

Separately, Defendant moves to maintain under seal unredacted versions of the parties' LCR 37(a)(2) submission and certain supporting exhibits. (Dkt. No. 140.) There is a strong presumption of public access to the Court's files. *See* LCR 5(g)(3). To overcome this presumption, a party must show "good cause" for sealing a document attached to a non-dispositive motion. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–81 (9th Cir. 2006). The redactions at issue here contain proprietary information which falls within the scope of the protective orders entered in this case. Thus, there exists good cause to seal these items and overcome the presumption of public access. Accordingly, the Clerk is DIRECTED to maintain Docket Numbers 146–149 under seal.

DATED this 1st day of November 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] This is based on the Court's finding that, at least in this instance, (a) Plaintiffs establish a compelling need for accurate financial information, (b) that need is not fully satisfied through Defendant's production to date, and (c) Defendant's tax return(s) represent the most accurate financial information available.