THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE VALVE ANTITRUST LITIGATION

No. 2:21-cv-00563-JCC

**STIPULATED SUPPLEMENTAL PROTECTIVE ORDER**

NOTE ON MOTION CALENDAR:
NOVEMBER 14, 2023

WHEREAS, the protections set forth in the Stipulated Protective Order ("Protective Order") in the above-captioned case ("Litigation"), *see* Dkt. No. 95, apply and are available to non-parties as well as parties; and

WHEREAS, prior to the disclosure in this matter of their confidential information, non-parties Microsoft Corporation ("Microsoft") and ZeniMax Media Inc. ("ZeniMax") seek protections in addition to those set forth in the Protective Order;

WHEREFORE, IT IS HEREBY ORDERED that "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" documents or information disclosed or produced by non-parties Microsoft or ZeniMax, or disclosed or produced by parties to the extent such documents or information contain "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" material of non-parties Microsoft or ZeniMax, shall be subject to the following provisions:

STIPULATED SUPPLEMENTAL PROTECTIVE ORDER – 1
(No. 2:21-cv-00563-JCC)

1.1    The definitions, terms and provisions contained in the Protective Order shall be incorporated herein by reference as though fully set forth herein; provided, however, that in the event of a conflict between any definition, term, or provision of this Supplemental Protective Order and any definition, term, or provision of the Protective Order, this Supplemental Protective Order shall control with respect to such conflict.

1.2    For purposes of production or use of information or items designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" by non-parties Microsoft or ZeniMax, the term "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who: (1) has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action; (2) is not a past or current employee of a party, a party's competitor, or a competitor of the designating non-party; (3) at the time of retention, is not anticipated to become an employee of a party, a party's competitor, or a competitor of the designating non-party; and (4) has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

1.3    Unless otherwise ordered by the Court or permitted in writing by the party or non-party designating such material, all information or items designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" by non-parties Microsoft or ZeniMax shall not be disclosed to any person except: (1) Experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation; and (2) those listed in subparagraphs (a), (d), (e), (g) and (h) of paragraph 4.2 of the Protective Order.

1.4    Notwithstanding the foregoing paragraph, information or items designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" by non-parties Microsoft or ZeniMax may also be disclosed to a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action and who is a past or current employee of a competitor of a party, a party's competitor, or a competitor of the designating non-party or anticipated to become

one, provided that before such disclosure, the person shall be identified to the designating non-party (the "Notice") along with the name of the company in which the person has been or currently is an employee or anticipates becoming an employee, and shall also sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(a)    A party that provides the Notice to the designating non-party pursuant to Paragraph 1.4 may disclose the subject of the protected material to the identified expert or consultant unless, within seven (7) calendar days of delivering the Notice, the party receives a written objection from the designating non-party. Any such objection must set forth in detail the grounds on which it is based.

(b)    A party that receives a timely written objection must meet and confer with the designating non-party to try to resolve the matter by agreement within seven (7) calendar days of the written objection. If no agreement is reached, the party seeking to prevent the disclosure to the expert or consultant may, if necessary, file a motion in accordance with the Local Civil Rules to prevent disclosure. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the expert or consultant should be prohibited, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. The burden to demonstrate why disclosure should be prohibited shall rest with the designating non-party.

2.    Unless otherwise ordered by the Court or expressly permitted by the designating non-party, no party may file with the Court, or introduce any information or item of non-parties Microsoft or ZeniMax that has been designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" at trial in a manner that will result in disclosure to persons other than: (1) Experts (as defined in this Order); (2) persons described in paragraph 1.4 above; and (3) those listed in subparagraphs (a), (d), (e), (g) and (h) of paragraph 4.2 of the Protective Order.  In the event a Party seeks to file with the Court, or introduce any information or item of Non-Parties Microsoft or ZemiMax designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at trial in

1  a manner that will result in disclosure to persons other than (1) Experts (as defined in this Order), (2) persons described in paragraph 1.4 above, and (3) those listed in subparagraphs (a), (d), (e), (g) and (h) of paragraph 4.2 of the Protective Order, the Party shall promptly notify in writing the designating non-party so that the provisions of paragraphs 4.4 and 5.2(b) of the Protective Order may be carried out. The Parties recognize that the purpose of this provision is to provide a reasonable opportunity to object to the disclosure of information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at trial to persons other than Experts (as defined in this Order) and those specified in Paragraph 4.3 of the Protective Order (Dkt. 95), and agree to provide the notice described in this paragraph with reasonable notice such that the non-party may raise any objection.

3. Any time a non-party produced document is disclosed in a deposition, whether marked as an exhibit or not, the non-party will be notified and then will have the 40 days in 5.2(b) of the original order to designate that portion of the transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

4. For avoidance of doubt, the rights and obligations in paragraph 4.4 of the Protective Order apply equally to the filing of non-parties Microsoft's and ZeniMax's designated confidential material or information and items designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 14th day of November, 2023.

*s/ David Golden*
Alicia Cobb, WSBA #48685
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Telephone (206) 905-7000
Fax (206) 905-7100
aliciacobb@quinnemanuel.com

Stephanie L. Jensen, WSBA #42042
WILSON SONSINI GOODRICH & ROSATI P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone (206) 883-2500
Fax (206) 883-2699
sjensen@wsgr.com

STIPULATED SUPPLEMENTAL PROTECTIVE ORDER
(No. 2:21-cv-00563-JCC) –4
164126907

| | |
|---|---|
| Steig D. Olson (*pro hac vice*) | Kenneth R. O'Rourke (*pro hac vice*) |
| David LeRay (*pro hac vice*) | Allison B. Smith (*pro hac vice*) |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | WILSON SONSINI GOODRICH & ROSATI, P.C. |
| 51 Madison Avenue | 1700 K Street, NW, Suite 500 |
| New York, New York 10010 | Washington, DC 20006 |
| Telephone (212) 849-7231 | Telephone (202) 973-8800 |
| Fax (212) 849-7100 | Fax (202) 973-8899 |
| steigolson@quinnemanuel.com | korourke@wsgr.com |
| | allison.smith@wsgr.com |
| Adam Wolfson (*pro hac vice*) | |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | W. Joseph Bruckner (*pro hac vice*) |
| | Joseph C. Bourne (*pro hac vice*) |
| 865 S. Figueroa St., 10th Floor | LOCKRIDGE GRINDAL NAUEN P.L.L.P. |
| Los Angeles, California 90017 | 100 Washington Avenue S, Suite 2200 |
| Telephone (213) 443-3285 | Minneapolis, MN 55401 |
| Fax (213) 443-3100 | Telephone: (612) 339-6900 |
| adamwolfson@quinnemanuel.com | Fax: (612) 339-0981 |
| | wjbruckner@locklaw.com |
| Charles Stevens (*pro hac vice*) | jcbourne@locklaw.com |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | |
| | *Interim Co-Lead Counsel* |
| 50 California St., 22nd Floor | |
| San Francisco, CA 94111 | |
| Telephone (415) 875-6600 | |
| Fax (415) 875-6700 | |
| charliestevens@quinnemanuel.com | |
| | |
| *Interim Co-Lead Counsel* | |
| | |
| David Golden (*pro hac vice*) | *s/ Eric A. Lindberg* |
| CONSTANTINE CANNON LLP | Gavin W. Skok, WSBA #29766 |
| 1001 Pennsylvania Ave., 22nd Floor | FOX ROTHSCHILD LLP |
| Washington, D.C. 20004 | 1001 Fourth Avenue, Suite 4400 |
| Telephone (202) 204-4527 | Seattle, WA 98154 |
| Fax (202) 204-3501 | Telephone: (206) 624-3600 |
| dgolden@constantinecannon.com | Fax: (206) 389-1708 |
| | gskok@foxrothschild.com |
| A. Owen Glist (*pro hac vice*) | |
| Ankur Kapoor (*pro hac vice*) | Kristen Ward Broz |
| Jeffrey I. Shinder (*pro hac vice*) | FOX ROTHSCHILD LLP |
| CONSTANTINE CANNON LLP | 2020 K. St. NW, Ste. 500 |
| 335 Madison Avenue, 9th Floor | Washington, DC 20006 |
| New York, NY 10017 | Telephone (202) 794-1220 |

STIPULATED SUPPLEMENTAL PROTECTIVE ORDER
(No. 2:21-cv-00563-JCC) –5
164126907

Telephone (212) 350-2700
Fax (212) 350-2701
oglist@constantinecannon.com

*Interim Co-Lead Counsel*

Kenneth J. Rubin (*pro hac vice*)
Timothy B. McGranor (*pro hac vice*)
Kara M. Mundy (*pro hac vice*)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, Ohio 43215
Telephone (614) 464-6400
Fax (614) 719-4796
kjrubin@vorys.com
tbmcgranor@vorys.com
kmmundy@vorys.com

Thomas N. McCormick (*pro hac vice*)
VORYS, SATER, SEYMOUR AND PEASE LLP
4675 MacArthur Court, Suite 700
Newport Beach, California 92660
Phone (949) 526-7903 | Fax (949) 383-2384
tnmccormick@vorys.com

*Executive Committee Members*

s/ *Cara Wallace*
Cara Wallace, WSBA No. 50111
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone (206) 359-8000
cwallace@perkinscoie.com

*Attorneys for Microsoft Corporation*

Fax (202) 461-3102
kbroz@foxrothschild.com

Charles B. Casper (*pro hac vice*)
MONTGOMERY McCRACKEN WALKER & RHOADS LLP
1735 Market Street, 21st Floor
Philadelphia, PA 19103
Telephone (215) 772-1500
ccasper@mmwr.com

Blake Marks-Dias, WSBA No. 28169
Eric A. Lindberg, WSBA No. 43593
CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, WA  98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com
elindberg@corrcronin.com

*Attorneys for Defendant Valve Corporation*

s/ *Cara Wallace*
Cara Wallace, WSBA No. 50111
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone (206) 359-8000
cwallace@perkinscoie.com

*Attorneys for ZeniMax Media, Inc.*

STIPULATED SUPPLEMENTAL PROTECTIVE ORDER
(No. 2:21-cv-00563-JCC) –6
164126907

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this _____ day of November 2023.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

STIPULATED SUPPLEMENTAL PROTECTIVE ORDER
(No. 2:21-cv-00563-JCC) –7
164126907