THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE VALVE ANTITRUST LITIGATION

No. 2:21-cv-00563-JCC

**STIPULATED SUPPLEMENTAL PROTECTIVE ORDER**

**NOTE ON MOTION CALENDAR: NOVEMBER 14, 2023**

WHEREAS, the protections set forth in the Stipulated Protective Order ("Protective Order") in the above-captioned case ("Litigation"), *see* Dkt. No. 95, apply and are available to non-parties as well as parties; and

WHEREAS, prior to the disclosure in this matter of their confidential information, non-parties Microsoft Corporation ("Microsoft") and ZeniMax Media Inc. ("ZeniMax") seek protections in addition to those set forth in the Protective Order;

WHEREFORE, IT IS HEREBY ORDERED that "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" documents or information disclosed or produced by non-parties Microsoft or ZeniMax, or disclosed or produced by parties to the extent such documents or information contain "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" material of non-parties Microsoft or ZeniMax, shall be subject to the following provisions:

1.1    The definitions, terms and provisions contained in the Protective Order shall be incorporated herein by reference as though fully set forth herein; provided, however, that in the event of a conflict between any definition, term, or provision of this Supplemental Protective Order and any definition, term, or provision of the Protective Order, this Supplemental Protective Order shall control with respect to such conflict.

1.2    For purposes of production or use of information or items designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" by non-parties Microsoft or ZeniMax, the term "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who: (1) has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action; (2) is not a past or current employee of a party, a party's competitor, or a competitor of the designating non-party; (3) at the time of retention, is not anticipated to become an employee of a party, a party's competitor, or a competitor of the designating non-party; and (4) has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

1.3    Unless otherwise ordered by the Court or permitted in writing by the party or non-party designating such material, all information or items designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" by non-parties Microsoft or ZeniMax shall not be disclosed to any person except: (1) Experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation; and (2) those listed in subparagraphs (a), (d), (e), (g) and (h) of paragraph 4.2 of the Protective Order.

1.4    Notwithstanding the foregoing paragraph, information or items designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" by non-parties Microsoft or ZeniMax may also be disclosed to a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action and who is a past or current employee of a competitor of a party, a party's competitor, or a competitor of the designating non-party or anticipated to become

one, provided that before such disclosure, the person shall be identified to the designating non-party (the "Notice") along with the name of the company in which the person has been or currently is an employee or anticipates becoming an employee, and shall also sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(a) A party that provides the Notice to the designating non-party pursuant to Paragraph 1.4 may disclose the subject of the protected material to the identified expert or consultant unless, within seven (7) calendar days of delivering the Notice, the party receives a written objection from the designating non-party. Any such objection must set forth in detail the grounds on which it is based.

(b) A party that receives a timely written objection must meet and confer with the designating non-party to try to resolve the matter by agreement within seven (7) calendar days of the written objection. If no agreement is reached, the party seeking to prevent the disclosure to the expert or consultant may, if necessary, file a motion in accordance with the Local Civil Rules to prevent disclosure. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the expert or consultant should be prohibited, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. The burden to demonstrate why disclosure should be prohibited shall rest with the designating non-party.

2. Unless otherwise ordered by the Court or expressly permitted by the designating non-party, no party may file with the Court, or introduce any information or item of non-parties Microsoft or ZeniMax that has been designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" at trial in a manner that will result in disclosure to persons other than: (1) Experts (as defined in this Order); (2) persons described in paragraph 1.4 above; and (3) those listed in subparagraphs (a), (d), (e), (g) and (h) of paragraph 4.2 of the Protective Order.  In the event a Party seeks to file with the Court, or introduce any information or item of Non-Parties Microsoft or ZemiMax designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at trial in

a manner that will result in disclosure to persons other than (1) Experts (as defined in this Order), (2) persons described in paragraph 1.4 above, and (3) those listed in subparagraphs (a), (d), (e), (g) and (h) of paragraph 4.2 of the Protective Order, the Party shall promptly notify in writing the designating non-party so that the provisions of paragraphs 4.4 and 5.2(b) of the Protective Order may be carried out. The Parties recognize that the purpose of this provision is to provide a reasonable opportunity to object to the disclosure of information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at trial to persons other than Experts (as defined in this Order) and those specified in Paragraph 4.3 of the Protective Order (Dkt. 95), and agree to provide the notice described in this paragraph with reasonable notice such that the non-party may raise any objection.

3. Any time a non-party produced document is disclosed in a deposition, whether marked as an exhibit or not, the non-party will be notified and then will have the 40 days in 5.2(b) of the original order to designate that portion of the transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

4. For avoidance of doubt, the rights and obligations in paragraph 4.4 of the Protective Order apply equally to the filing of non-parties Microsoft's and ZeniMax's designated confidential material or information and items designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 14th day of November, 2023.

s/ David Golden
Alicia Cobb, WSBA #48685
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Telephone (206) 905-7000
Fax (206) 905-7100
aliciacobb@quinnemanuel.com

Stephanie L. Jensen, WSBA #42042
WILSON SONSINI GOODRICH & ROSATI P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone (206) 883-2500
Fax (206) 883-2699
sjensen@wsgr.com

STIPULATED SUPPLEMENTAL PROTECTIVE ORDER
(No. 2:21-cv-00563-JCC) –4
164126907

Steig D. Olson (*pro hac vice*)
David LeRay (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue
New York, New York 10010
Telephone (212) 849-7231
Fax (212) 849-7100
steigolson@quinnemanuel.com

Adam Wolfson (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone (213) 443-3285
Fax (213) 443-3100
adamwolfson@quinnemanuel.com

Charles Stevens (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone (415) 875-6600
Fax (415) 875-6700
charliestevens@quinnemanuel.com

*Interim Co-Lead Counsel*

David Golden (*pro hac vice*)
CONSTANTINE CANNON LLP
1001 Pennsylvania Ave., 22nd Floor
Washington, D.C. 20004
Telephone (202) 204-4527
Fax (202) 204-3501
dgolden@constantinecannon.com

A. Owen Glist (*pro hac vice*)
Ankur Kapoor (*pro hac vice*)
Jeffrey I. Shinder (*pro hac vice*)
CONSTANTINE CANNON LLP
335 Madison Avenue, 9th Floor
New York, NY 10017

Kenneth R. O'Rourke (*pro hac vice*)
Allison B. Smith (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
1700 K Street, NW, Suite 500
Washington, DC 20006
Telephone (202) 973-8800
Fax (202) 973-8899
korourke@wsgr.com
allison.smith@wsgr.com

W. Joseph Bruckner (*pro hac vice*)
Joseph C. Bourne (*pro hac vice*)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Fax: (612) 339-0981
wjbruckner@locklaw.com
jcbourne@locklaw.com

*Interim Co-Lead Counsel*

*s/ Eric A. Lindberg*
Gavin W. Skok, WSBA #29766
FOX ROTHSCHILD LLP
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
Telephone: (206) 624-3600
Fax: (206) 389-1708
gskok@foxrothschild.com

Kristen Ward Broz
FOX ROTHSCHILD LLP
2020 K. St. NW, Ste. 500
Washington, DC 20006
Telephone (202) 794-1220

STIPULATED SUPPLEMENTAL PROTECTIVE ORDER
(No. 2:21-cv-00563-JCC) –5
164126907

| | |
|---|---|
| Telephone (212) 350-2700<br>Fax (212) 350-2701<br>oglist@constantinecannon.com | Fax (202) 461-3102<br>kbroz@foxrothschild.com |
| *Interim Co-Lead Counsel* | Charles B. Casper (*pro hac vice*)<br>MONTGOMERY McCRACKEN WALKER & RHOADS LLP |
| Kenneth J. Rubin (*pro hac vice*)<br>Timothy B. McGranor (*pro hac vice*)<br>Kara M. Mundy (*pro hac vice*)<br>VORYS, SATER, SEYMOUR AND PEASE LLP<br>52 East Gay Street<br>Columbus, Ohio 43215<br>Telephone (614) 464-6400<br>Fax (614) 719-4796<br>kjrubin@vorys.com<br>tbmcgranor@vorys.com<br>kmmundy@vorys.com | 1735 Market Street, 21st Floor<br>Philadelphia, PA 19103<br>Telephone (215) 772-1500<br>ccasper@mmwr.com<br><br>Blake Marks-Dias, WSBA No. 28169<br>Eric A. Lindberg, WSBA No. 43593<br>CORR CRONIN LLP<br>1015 Second Avenue, Floor 10<br>Seattle, WA 98104<br>(206) 625-8600 Phone<br>(206) 625-0900 Fax<br>bmarksdias@corrcronin.com<br>elindberg@corrcronin.com |
| Thomas N. McCormick (*pro hac vice*)<br>VORYS, SATER, SEYMOUR AND PEASE LLP<br>4675 MacArthur Court, Suite 700<br>Newport Beach, California 92660<br>Phone (949) 526-7903 ǀ Fax (949) 383-2384<br>tnmccormick@vorys.com | *Attorneys for Defendant Valve Corporation* |
| *Executive Committee Members* | |
| *s/ Cara Wallace*<br>Cara Wallace, WSBA No. 50111<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101<br>Telephone (206) 359-8000<br>cwallace@perkinscoie.com | *s/ Cara Wallace*<br>Cara Wallace, WSBA No. 50111<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101<br>Telephone (206) 359-8000<br>cwallace@perkinscoie.com |
| *Attorneys for Microsoft Corporation* | *Attorneys for ZeniMax Media, Inc.* |

STIPULATED SUPPLEMENTAL PROTECTIVE ORDER
(No. 2:21-cv-00563-JCC) –6
164126907

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 15th day of November 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE