The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | Case No. 2:21-cv-00563-JCC<br><br>**VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL**<br><br>**NOTE ON MOTION CALENDAR:**<br>**NOVEMBER 15, 2023** |

VALVE'S UNOPPOSED MOTION TO SEAL
(CASE NO. 2:21-CV-00563-JCC)

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

I.  **RELIEF REQUESTED**

The documents and information sought to be sealed by this Motion contain ███████████████████████████████████████████████████████████████████████████. Valve is cognizant that Local Rule 5(g) recognizes a strong presumption of public access to the court's files and encourages redaction whenever possible as an alternative to filing materials entirely under seal. However, Plaintiffs' Motion to Compel the In-Person Deposition of Gabe Newell presents the "rare circumstance" referred to in LCR 5(g)(5) in which briefs and supporting materials should be filed entirely under seal. Even if the portions of the briefing and supporting materials containing ████████████████████████████████████████████████████████████████████████████████████████████████████████████████ More simply, no effective redaction is available ████████████████████████████████████████. Similarly, the Declaration of Charles Casper contains █████████████████████████████████ which should also be sealed to protect their privacy.

Accordingly, pursuant to Local Civil Rule 5(g), Defendant Valve Corporation ("Valve") brings this motion to file the following materials under seal (hereafter the "**Sealed Materials**"):

(1) The unredacted version of this Motion;

(2) The parties' LCR 37 Submission Regarding Plaintiffs' Motion to Compel the In-Person Deposition of Defendant Valve Corporation's Chief Executive Officer Gabe Newell ("Plaintiffs' Motion to Compel");

(3) Declaration of Gabe Newell ("Newell Decl.");

(4) Declaration of Charles B. Casper ("Casper Decl.");

VALVE'S UNOPPOSED MOTION TO SEAL
(CASE NO. 2:21-CV-00563-JCC) - 1

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

  (5) The unredacted version of the Declaration of Kenneth R. O'Rourke in Support of Plaintiffs' LCR 37 Submission Regarding Plaintiffs' Motion to Compel the In-Person Deposition of Defendant Valve Corp.'s Chief Executive Officer Gabe Newell ("O'Rourke Decl.");

  (6) Exhibits 3-7, 9, 10, 12, and 13 to O'Rourke Decl.; and

  (7) The unredacted versions of Exhibits 1, 2, and 11 to the O'Rourke Decl.

The documents and information Valve seeks to file under seal contain ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and Valve's confidential business information.

In the alternative, if the Court declines to fully seal Plaintiffs' Motion to Compel or the other Sealed Materials that are requested to be sealed in their entirety, Valve requests leave to prepare substantially redacted versions for public filing.

## II.   STATEMENT OF FACTS

Valve files this Motion to Seal in connection with Plaintiffs' Motion to Compel. Valve must provide the Court with ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, as well as certain Valve highly confidential and proprietary business and employee information, to demonstrate why Plaintiffs' request to compel Mr. Newell's in-person deposition should be denied. Similarly, Plaintiffs submitted information relating to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ as well as Valve's highly confidential business strategy, ownership structure, and partner relationships, to support their request to compel production. The parties included Mr. Newell's, and other third parties', highly sensitive and confidential information in the Sealed Materials, which Valve requests be sealed.

The basis for sealing is established in the accompanying materials: (1) the Newell Declaration; (2) the Declaration of Gavin Skok in Support of Valve's Motion to Seal ("Skok

VALVE'S UNOPPOSED MOTION TO SEAL
(CASE NO. 2:21-CV-00563-JCC) - 2

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

Sealing Decl."); and (3) the Declaration of Chris Schenck in Support of Valve's Motion to Seal ("Schenck Sealing Decl."). As explained in these supporting declarations, the following Sealed Materials contain █████████████████████████████████████████, as well as information relating to Valve's highly confidential business strategy, ownership structure, and partner relationships:[1]

1. **Plaintiffs' Motion to Compel** contains (i) extensive disclosure and discussion of █████████████████████████████████████████, and (ii) Valve's highly confidential information relating to its business strategies, ownership structure, and partner relationships. Newell Decl. ¶ 37; Schenck Sealing Decl. ¶ 4.a.

2. **O'Rourke Decl. Ex. 1** is an email thread between the parties' counsel dated between September 8, 2023, and November 2, 2023, related to the deposition of Gabe Newell and others with a subject of "RE: Valve AT Plaintiff Counsel – Re: Valve Employee Depositions," which contains █████████████████████████████████████████, as well as information regarding other Valve employees, as is apparent from the face of the email thread.

3. **O'Rourke Decl. Ex. 2** is Plaintiffs' Notice of Fed. R. Civ. P. 30(b)(1) Deposition of Gabe Newell dated November 1, 2023. Portions of the notice disclose █████████████████████████████████████████, as is apparent from the face of the document.

4. **O'Rourke Decl. Ex. 3** is excerpts from the transcript of the October 12, 2023 Fed. R. Civ. P. 30(b)(1) deposition of Scott Lynch (Valve's Chief Operating

---

[1] The showing of good cause in these materials is based on both the information specifically cited and relied upon by Plaintiffs and other information that is contained in the submitted excerpts, even if not necessarily cited or relied upon by Plaintiffs.

VALVE'S UNOPPOSED MOTION TO SEAL
(CASE NO. 2:21-CV-00563-JCC) - 3

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

1   Officer) that contain testimony revealing (i) ████████████
2   ████████████████████████████████████████████████████,
3   and (ii) Valve's highly confidential information relating to its business strategies
4   and products. Valve designated all such testimony "Highly Confidential –
5   Attorney's Eyes Only" under the Protective Order at the time of the deposition.
6   Schenck Sealing Decl. ¶ 4.b.

7   5.  **O'Rourke Decl. Ex. 4** is excerpts from the transcript of the October 24, 2023
8   deposition of Ricky Uy, a Valve employee, which contain testimony revealing
9   Valve's highly confidential information regarding decision-making processes,
10  corporate internal structure, and contract negotiations and which Valve
11  designated "Highly Confidential – Attorney's Eyes Only" under the Protective
12  Order at the time of the deposition. Schenck Sealing Decl. ¶ 4.c.

13  6.  **O'Rourke Decl. Ex. 5** is excerpts from the transcript of the October 5, 2023
14  deposition of Kassidy Gerber, a Valve employee, which contain testimony
15  revealing Valve's highly confidential information regarding decision-making
16  processes and corporate internal structure and which Valve designated "Highly
17  Confidential – Attorney's Eyes Only" under the Protective Order at the time of
18  the deposition. Schenck Sealing Decl. ¶ 4.d.

19  7.  **O'Rourke Decl. Ex. 6** is excerpts from the transcript of the October 4, 2023
20  deposition of Nathaniel Blue, a Valve employee, which contain testimony
21  revealing Valve's highly confidential information regarding Valve' corporate
22  internal and decision-making structure, as well as Mr. Blue's personal
23  compensation, and which Valve designated "Highly Confidential – Attorney's
24  Eyes Only" under the Protective Order at the time of the deposition. Schenck
25  Sealing Decl. ¶ 4.e.

VALVE'S UNOPPOSED MOTION TO SEAL
(CASE NO. 2:21-CV-00563-JCC) - 4

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

8. **O'Rourke Decl. Ex. 7** is excerpts from the transcript of the September 26, 2023 deposition of Erik Johnson, a Valve employee, which contain testimony revealing Valve's highly confidential information regarding Valve's products, confidential dealings and interactions with other companies, its internal business strategies, and its decision-making process and corporate structure, and which Valve designated "Highly Confidential – Attorney's Eyes Only" under the Protective Order at the time of the deposition. Schenck Sealing Decl. ¶ 4.f.

9. **O'Rourke Decl. Ex. 9** is excerpts from the transcript of the October 13, 2023 Fed. R. Civ. P. 30(b)(6) deposition of Scott Lynch (Valve's Chief Operating Officer) that contain testimony revealing Valve's highly confidential Board discussions, decision-making process and structure, as well as its ownership, valuation, and personal stock ownership by several employees, and which Valve designated "Highly Confidential – Attorney's Eyes Only" under the Protective Order at the time of the deposition. Schenck Sealing Decl. ¶ 4.g.

10. **O'Rourke Decl. Ex. 10** is excerpts from the transcript of the October 3, 2023 deposition of Kristian Miller, a Valve employee, which contain testimony revealing information relating to Valve's corporate internal structure, business decisions and decision-making, as well as Valve's confidential dealings with other companies, which Valve designated "Highly Confidential – Attorney's Eyes Only" under the Protective Order at the time of the deposition. Schenck Sealing Decl. ¶ 4.h.

11. **O'Rourke Decl. Exs. 11-13** are excerpts from Valve's responses to Plaintiffs' Interrogatories, which reveal Valve's highly confidential information regarding decision-making and corporate structure, confidential operational and business strategy information, product development information, and information

VALVE'S UNOPPOSED MOTION TO SEAL
(CASE NO. 2:21-CV-00563-JCC) - 5

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

1  regarding individual employees who are not parties, and which Valve designated
2  as "Confidential" under the Protective Order.  Schenck Sealing Decl. ¶ 4.i.
3  12.  **O'Rourke Declaration ¶¶ 4–6** disclose ▮▮▮▮▮▮▮▮▮▮
4  ▮▮▮▮▮▮▮▮▮▮. Newell Decl. ¶ 37.
5  13.  The **Newell Declaration** provides extensive information and detail regarding
6–10  ▮▮▮▮▮▮▮▮▮▮
11  Newell Decl. ¶ 37.
12  14.  The **Casper Declaration** discloses ▮▮▮▮▮▮▮▮▮▮
13  ▮▮▮▮▮▮▮▮▮▮, as is apparent from the face of the
14  document.
15  15.  This **Motion to Seal** includes discussion of ▮▮▮▮▮▮▮▮▮▮
16–20  ▮▮▮▮▮▮▮▮▮▮. Accordingly,
21  Valve seeks to keep under seal the unredacted portion of this Motion to Seal.
22  Public disclosure of the information in the Sealed Materials would significantly harm
23–25  ▮▮▮▮▮▮▮▮▮▮
26

VALVE'S UNOPPOSED MOTION TO SEAL
(CASE NO. 2:21-CV-00563-JCC) - 6

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

1
2
3
4
5
6

7   Further, Valve is a privately held company with no outside shareholders or lenders that
8 is not subject to public regulatory reporting and auditing requirements. Schenck Sealing Decl.
9 at ¶ 4. Valve does not publicly disclose its corporate structure and decision-making
10 information or publicly disclose its business strategies, including, but not limited to, the
11 information in the Sealed Materials. *Id.* Indeed, Valve has chosen to stay private in part to
12 avoid the intrusiveness and competitive harm that would come from publicly disclosing and
13 reporting this type of operational and strategic information.
14   Moreover, Valve derives a significant value from the confidentiality of this information
15 and zealously protects its confidentiality. Schenck Sealing Decl. ¶ 5. Valve has expended
16 significant resources and implemented strict measures to prevent disclosure of the information
17 disclosed in the Sealed Materials and similar highly confidential information, including by storing
18 such information under password protection on internal Valve servers, limiting access to certain of
19 the information described above to certain Valve employees with a specific need to know, and not
20 making such information publicly available (including to any outside investors or lenders, which
21 Valve does not have). *Id.* The highly confidential Valve information in the Sealed Materials
22 would not be available in the ordinary course of business to Valve's competitors or the public. *Id.*
23   Public disclosure of the information in the Sealed Materials would significantly harm
24 Valve's competitive standing by providing substantial and unfair insight into Valve's operations,
25 business strategies, and business relationships. Schenck Sealing Decl. ¶ 6.
26

VALVE'S UNOPPOSED MOTION TO SEAL
(CASE NO. 2:21-CV-00563-JCC) - 7

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

Because of these confidentiality issues:

(1) Where possible, Valve (a) redacted from publicly-filed materials ███████ ███████████████████████████████████████ █████████ as well as Valve's highly confidential business strategy, corporate structure and decision-making, and partner related information, then (b) filed unredacted versions under seal. This applies to the O'Rourke Declaration, Exhibits 1-2, and 11 to the O'Rourke Declaration, and this Motion to Seal (Skok Sealing Decl. ¶ 5); and

(2) Where redaction would not sufficiently protect ████████████████ ██████████████ or Valve's highly confidential business information due to the large volume of such information or because the nature of the issues discussed would in effect reveal such information, Valve filed such materials entirely under seal. This applies to:

    a) Plaintiffs' Motion to Compel;

    b) The Newell Declaration;

    c) The Casper Declaration; and

    d) Exhibits 3-7, 9, 10, 12, and 13 to the O'Rourke Declaration.

Skok Sealing Decl. ¶¶ 5–6. The majority of the Sealed Materials were also designated as "Highly Confidential – Attorney's Eyes Only" under the Protective Order (Dkt. # 95) as described above or contain information from documents designated "Highly Confidential – Attorney's Eyes Only."

Pursuant to Local Rule 5(g)(3)(A), Valve's counsel conferred with Plaintiffs' counsel in good faith by videoconference on November 14, 2023 regarding the need to file the Sealed Materials under seal and provided a copy of this Motion to Plaintiffs in advance of filing. Skok Sealing Decl. ¶ 3. Plaintiffs told Valve they do not oppose Valve's Motion to Seal. *Id.* ¶ 4.

VALVE'S UNOPPOSED MOTION TO SEAL
(CASE NO. 2:21-CV-00563-JCC) - 8

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

### III. ARGUMENT

Although there is a strong presumption of public access to the court's files, the Ninth Circuit has "carved out an exception for sealed materials attached to a discovery motion unrelated to the merits of a case," requiring only a showing of "good cause" to overcome this presumption. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (internal citations and quotations omitted). Such "good cause" may include protecting "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The Court may permit sealing and redacting of documents to protect confidential information, including "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(G); *see also* Fed. R. Civ. P. 5.2(d) (relating to sealing of filings).

Parties may use protective orders to prevent disclosure of



VALVE'S UNOPPOSED MOTION TO SEAL
(CASE NO. 2:21-CV-00563-JCC) - 9

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

1  [redacted]
2
3
4

5  Further, courts have held compelling reasons exist to seal documents that may be used
6  as "sources of business information that might harm a litigant's competitive standing." *Ctr. for*
7  *Auto Safety*, 809 F.3d at 1097 (citation omitted); *Int'l News Inc. v. 10 Deep Clothing Inc.*, No.
8  C18-0302-JCC, 2020 WL 5981643, at *5 (W.D. Wash. Oct. 8, 2020) (sealing "confidential
9  financial information, the disclosure of which would harm the parties' competitive standing in
10 their industry"); *Edifecs, Inc. v. Welltok, Inc.*, No. C18-1086-JLR, 2019 WL 5618822, at *2 (W.D.
11 Wash. Oct. 31, 2019) (sealing "confidential business information that could put [party] at a
12 competitive disadvantage" if disclosed).  Accordingly, courts regularly grant leave to file
13 confidential and proprietary business strategy information under seal.  *See, e.g*; *J.R. Simplot*
14 *Co. v. Washington Potato Co.*, No. C16-1851RSM, 2016 WL 11066581, at *1 (W.D. Wash.
15 Dec. 29, 2016) (granting motion to seal financial, pricing, and strategic planning information).
16 Good cause exists to file the Sealed Materials under seal.  The Sealed Materials contain
17 [redacted]
18
19
20
21
22
23 establishes good cause to maintain the Sealed Materials under seal to protect them from
24 annoyance, embarrassment, oppression, or undue burden.  Fed. R. Civ. P. 26(c).
25 The Sealed Materials also contain highly confidential and proprietary information
26 relating to Valve's business strategy, ownership structure, and partner relationships that Valve

VALVE'S UNOPPOSED MOTION TO SEAL
(CASE NO. 2:21-CV-00563-JCC) - 10

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

does not publicly disclose.  Schenck Sealing Decl. ¶¶ 3–5.  Valve derives significant value from the confidentiality of such information and zealously protects it, including through storage on secure servers that are password protected and accessible only to a limited group of Valve employees and officers that have a specific need to access this information.  Schenck Sealing Decl. ¶ 5.  Good cause further exists because, as described above, public disclosure of the information in the Sealed Materials would significantly harm Valve's competitive standing.  *Id*. ¶¶ 7-8.

In preparing the Sealed Materials for public filing, and where practicable, Valve was careful to redact only the portions of the O'Rourke Declaration, Exhibits 1-2, and 11 thereto, and this Motion to Seal that contain Mr. Newell's, or other third parties', ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, as well as Valve's confidential business strategy, corporate structure, and partner relationship related information.  Skok Sealing Decl. ¶ 5.  However, the remainder of the Sealed Materials were filed under seal in their entirety because they contain an overwhelming amount of Mr. Newell's (or other third parties') highly private and sensitive confidential information and/or information relating to Valve's confidential business strategy, corporate structure, and partner relationships, which made redacting impractical.  *Id*. ¶ 6.  Less restrictive alternatives would not sufficiently protect Mr. Newell's, the identified third parties, or Valve's highly private and sensitive confidential information.  *Id*. ¶ 7.

Good cause exists to seal the Sealed Materials and there is no relief short of sealing this carefully selected and designated information that would sufficiently protect Mr. Newell, the other third parties, or Valve from the significant threat of harm (i.e., unwarranted annoyance, embarrassment, oppression, and undue burden) from their public disclosure.

VALVE'S UNOPPOSED MOTION TO SEAL
(CASE NO. 2:21-CV-00563-JCC) - 11

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

### IV. CONCLUSION

For the reasons stated above, Valve respectfully requests that the Court grant Valve's motion to seal and order that the following Sealed Materials remain under seal:

(1) Plaintiffs' Motion to Compel;

(2) The Newell Declaration;

(3) The Casper Declaration;

(4) The unredacted version of the O'Rourke Declaration;

(5) The unredacted versions of Exhibits 1, 2, and 11 to the O'Rourke Decl;

(6) Exhibits 3-7, 9, 10, 12, and 13 to the O'Rourke Declaration; and

(7) The unredacted version of this Motion to Seal.

In the alternative, if the Court declines to fully seal Plaintiffs' Motion to Compel or the other Sealed Materials that are requested to be sealed in their entirety, Valve requests leave to prepare substantially redacted versions for public filing.

A Proposed Order is submitted herewith.

DATED this 15th day of November, 2023.

FOX ROTHSCHILD LLP

*s/ Gavin W. Skok*
Gavin W. Skok, WSBA #29766
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
Telephone: (206) 624.3600
Facsimile: (206) 389-1708
Email: gskok@foxrothschild.com

Kristen Ward Broz
FOX ROTHSCHILD LLP
2020 K. St. NW, Ste. 500
Washington, DC  20006
Telephone: (202) 794-1220
Fax: (202) 461-3102
Email:  kbroz@foxrothschild.com

VALVE'S UNOPPOSED MOTION TO SEAL
(CASE NO. 2:21-CV-00563-JCC) - 12

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

Nathan M. Buchter
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA  19103
Telephone: (215) 299-3010
Email: nbuchter@foxrothschild.com

MONTGOMERY McCRACKEN WALKER & RHOADS LLP


*s/ Charles B. Casper*
Charles B. Casper, *admitted pro hac vice*
Robert E. Day, *admitted pro hac vice*
Peter Breslauer, *admitted pro hac vice*
Jessica Rizzo, *admitted pro hac vice*
1735 Market Street, 21st Floor
Philadelphia, PA  19103
Telephone: (215) 772-1500
Facsimile: (215) 772-7620
Email: ccasper@mmwr.com
rday@mmwr.com
pbreslauer@mmwr.com
jrizzo@mmwr.com

*Attorneys for Defendant*

## CERTIFICATION

I certify that the foregoing memorandum contains 3,414 words in compliance with the Local Civil Rules.

VALVE'S UNOPPOSED MOTION TO SEAL
(CASE NO. 2:21-CV-00563-JCC) - 2

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

# CERTIFICATE OF SERVICE

I certify that I am a secretary at the law firm of Fox Rothschild LLP in Seattle, Washington. I am a U.S. citizen over the age of eighteen years and not a party to the within cause. On the date shown below, I caused to be served a true and correct copy of the foregoing on counsel of record for all other parties to this action as indicated below:

| **Service List** | |
|---|---|
| Alicia Cobb, WSBA #48685<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>1109 First Avenue, Suite 210<br>Seattle, Washington 98101<br>Telephone (206) 905-7000<br>Fax (206) 905-7100<br>aliciacobb@quinnemanuel.com<br><br>Steig D. Olson (*pro hac vice*)<br>David LeRay (*pro hac vice*)<br>Andrew Faisman (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>51 Madison Avenue<br>New York, New York 10010<br>Telephone (212) 849-7231<br>Fax (212) 849-7100<br>steigolson@quinnemanuel.com<br>davidleray@quinnemanuel.com<br>afaisman@quinnemanuel.com<br><br>Adam Wolfson (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>Telephone (213) 443-3285<br>Fax (213) 443-3100<br>adamwolfson@quinnemanuel.com<br><br>Charles Stevens (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California St., 22nd Floor<br>San Francisco, CA 94111<br>Telephone (415) 875-6600<br>Fax (415) 875-6700<br>charliestevens@quinnemanuel.com<br><br>*Interim Co-Lead Counsel* | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via CM/ECF / Email<br>☐ Via over-night delivery |

VALVE'S UNOPPOSED MOTION TO SEAL
(CASE NO. 2:21-CV-00563-JCC) - 3

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

| | |
|---|---|
| 1 | |
| 2 | David Golden (*pro hac vice*)<br>CONSTANTINE CANNON LLP |
| 3 | 1001 Pennsylvania Ave., 22nd Floor<br>Washington, D.C. 20004 |
| 4 | Telephone (202) 204-4527<br>Fax (202) 204-3501 |
| 5 | dgolden@constantinecannon.com |
| 6 | A. Owen Glist (*pro hac vice*)<br>Ankur Kapoor (*pro hac vice*) |
| 7 | Jeffrey I. Shinder (*pro hac vice*)<br>Matthew Koenig |
| 8 | CONSTANTINE CANNON LLP<br>335 Madison Avenue, 9th Floor |
| 9 | New York, NY 10017<br>Telephone (212) 350-2700 |
| 10 | Fax (212) 350-2701<br>oglist@constantinecannon.com |
| 11 | Stephanie L. Jensen, WSBA #42042 |
| 12 | WILSON SONSINI GOODRICH & ROSATI P.C.<br>701 Fifth Avenue, Suite 5100 |
| 13 | Seattle, WA 98104-7036<br>Telephone (206) 883-2500 |
| 14 | Fax (206) 883-2699<br>sjensen@wsgr.com |
| 15 | Tyre L. Tindall, WSBA #56357 |
| 16 | WILSON SONSINI GOODRICH 7 ROSATI P.C.<br>701 Fifth Avenue, Suite 5100 |
| 17 | Seattle, WA 98104-7036<br>Telephone (206) 883-2500 |
| 18 | Fax (206) 883-2699<br>ttindall@wsgr.com |
| 19 | Kenneth R. O'Rourke (*pro hac vice*) |
| 20 | Scott A. Sher (*pro hac vice*)<br>Allison B. Smith (*pro hac vice*) |
| 21 | WILSON SONSINI GOODRICH & ROSATI, P.C.<br>1700 K Street, NW, Suite 500 |
| 22 | Washington, DC 20006<br>Telephone (202) 973-8800 |
| 23 | Fax (202) 973-8899<br>korourke@wsgr.com |
| 24 | ssher@wsgr.com<br>allison.smith@wsgr.com |
| 25 | |
| 26 | |

VALVE'S UNOPPOSED MOTION TO SEAL
(CASE NO. 2:21-CV-00563-JCC) - 4

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

| | |
|---|---|
| W. Joseph Bruckner (*pro hac vice*)<br>Joseph C. Bourne (*pro hac vice*)<br>LOCKRIDGE GRINDAL NAUEN P.L.L.P.<br>100 Washington Avenue S, Suite 2200<br>Minneapolis, MN 55401<br>Telephone: (612) 339-6900<br>Fax: (612) 339-0981<br>wjbruckner@locklaw.com<br>jcbourne@locklaw.com<br><br>*Interim Co-Lead Counsel*<br><br>Kenneth J. Rubin (*pro hac vice*)<br>Timothy B. McGranor (*pro hac vice*)<br>Kara M. Mundy (*pro hac vice*)<br>VORYS, SATER, SEYMOUR AND<br>   PEASE LLP<br>52 East Gay Street<br>Columbus, Ohio 43215<br>Telephone (614) 464-6400<br>Fax (614) 719-4796<br>kjrubin@vorys.com<br>tbmcgranor@vorys.com<br>kmmundy@vorys.com<br><br>Thomas N. McCormick (*pro hac vice*)<br>VORYS, SATER, SEYMOUR AND<br>   PEASE LLP<br>4675 MacArthur Court, Suite 700<br>Newport Beach, California 92660<br>Phone (949) 526-7903 \| Fax (949) 383-2384<br>tnmccormick@vorys.com<br><br>*Executive Committee* | |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED this 15th day of November, 2023, in Seattle, Washington.

*[signature]*
Courtney R. Brooks

VALVE'S UNOPPOSED MOTION TO SEAL
(CASE NO. 2:21-CV-00563-JCC) - 5

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600