The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | Case No. 2:21-cv-00563-JCC<br><br>**DECLARATION OF CHRISTOPHER SCHENCK IN SUPPORT OF VALVE CORPORATION'S MOTION TO SEAL** |

I, Christopher Schenck, declare and state as follows in support of Defendant Valve Corporation's ("Valve") Motion to Seal:

1. I am in-house counsel at Valve. I am competent to testify and have personal knowledge of the facts stated below.

2. Valve seeks to seal the following documents and information, which are collectively referred to in this Declaration and in Valve's Motion to Seal as the "**Sealed Materials**":

- The parties' LCR 37 Submission Regarding Plaintiffs' Motion to Compel the In-Person Deposition of Defendant Valve Corporation's Chief Executive Officer Gabe Newell ("Plaintiffs' Motion to Compel")

SCHENCK DECLARATION ISO MOTION TO SEAL
(CASE NO. 2:21-CV-00563-JCC) - 1

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

- Declaration of Gabe Newell ("Newell Decl.");
- Declaration of Charles B. Casper ("Casper Decl.");
- The unredacted version of the Declaration of Kenneth R. O'Rourke in Support of Dark Catt's Motion to Compel the In-Person Deposition of Defendant Valve Corp.'s Chief Executive Officer Gabe Newell ("O'Rourke Decl.");
- Exhibits 3-10, 12, and 13 to the O'Rourke Decl.;
- The unredacted versions of Exhibits 1, 2, and 11 to the O'Rourke Decl.; and
- Valve's Motion to Seal.

3. The Sealed Materials contain extensive highly personal and confidential information related to Mr. Newell and third parties. The basis for sealing such information is discussed in the Sealed Materials, particularly in Newell Declaration ¶ 37 and Valve's Motion to Seal and is apparent from the nature of the discussion and arguments in Plaintiffs' Motion to Compel, so I do not discuss that information here again.

4. The Sealed Materials also contain the following highly confidential, trade secret, and proprietary information from Valve:

   a. **<u>Plaintiffs' Motion to Compel</u>** contains Valve's highly confidential information relating to its business strategies, ownership structure, and partner relationships, particularly insofar as it quotes, paraphrases or discusses the other Sealed Materials discussed below.

   b. **<u>O'Rourke Decl. Ex. 3</u>** is excerpts from the transcript of the October 12, 2023 Fed. R. Civ. P. 30(b)(1) deposition of Scott Lynch (Valve's Chief Operating Officer) that contain testimony revealing Valve's highly confidential information relating to its business strategies and products, as well as testimony revealing personal information about Mr. Newell and Mr. Lynch. Valve designated all

SCHENCK DECLARATION ISO MOTION TO SEAL
(CASE NO. 2:21-CV-00563-JCC) - 2

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

1 such testimony "Highly Confidential – Attorney's Eyes Only" under the
2 Protective Order at the time of the deposition.

3     c.    **O'Rourke Decl. Ex. 4** is excerpts from the transcript of the October 24, 2023
4 deposition of Ricky Uy, a Valve employee, which contain testimony revealing
5 Valve's highly confidential information regarding decision-making processes,
6 corporate internal structure, and contract negotiations and which Valve
7 designated "Highly Confidential – Attorney's Eyes Only" under the Protective
8 Order at the time of the deposition.

9     d.    **O'Rourke Decl. Ex. 5** is excerpts from the transcript of the October 5, 2023
10 deposition of Kassidy Gerber, a Valve employee, which contain testimony
11 revealing Valve's highly confidential information regarding decision-making
12 processes and corporate internal structure and which Valve designated "Highly
13 Confidential – Attorney's Eyes Only" under the Protective Order at the time of
14 the deposition.

15     e.    **O'Rourke Decl. Ex. 6** is excerpts from the transcript of the October 4, 2023
16 deposition of Nathaniel Blue, a Valve employee, which contain testimony
17 revealing information revealing Valve's highly confidential information
18 regarding Valve' corporate internal and decision-making structure, as well as
19 Mr. Blue's personal compensation, and which Valve designated "Highly
20 Confidential – Attorney's Eyes Only" under the Protective Order at the time of
21 the deposition.

22     f.    **O'Rourke Decl. Ex. 7** is excerpts from the transcript of the September 26, 2023
23 deposition of Erik Johnson, a Valve employee, which contain testimony
24 revealing Valve's highly confidential information regarding Valve's products,
25 confidential dealings and interactions with other companies, its internal business
26 strategies, and its decision-making process and corporate structure, and which

SCHENCK DECLARATION ISO MOTION TO SEAL
(CASE NO. 2:21-CV-00563-JCC) - 3

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

1   Valve designated "Highly Confidential – Attorney's Eyes Only" under the
2   Protective Order at the time of the deposition.

3   g.  **O'Rourke Decl. Ex. 9** is excerpts from the transcript of the October 13, 2023
4       Fed. R. Civ. P. 30(b)(6) deposition of Scott Lynch (Valve's Chief Operating
5       Officer) that contain testimony revealing Valve's highly confidential Bord
6       discussions, decision-making process and structure, as well as its ownership,
7       valuation, and personal stock ownership by several employees, and which Valve
8       designated "Highly Confidential – Attorney's Eyes Only" under the Protective
9       Order at the time of the deposition.

10  h.  **O'Rourke Decl. Ex. 10** is excerpts from the transcript of the October 3, 2023
11      deposition of Kristian Miller, a Valve employee, which contain testimony
12      revealing Valve's highly confidential information regarding Valve's corporate
13      internal structure, business decisions and decision-making, as well as Valve's
14      confidential dealings with other companies, which Valve designated "Highly
15      Confidential – Attorney's Eyes Only" under the Protective Order at the time of
16      the deposition.

17  i.  **O'Rourke Decl. Exs. 11-13** are excerpts from Valve's responses to Plaintiffs'
18      Interrogatories, which reveal Valve's highly confidential information regarding
19      decision-making and corporate structure, confidential operational and business
20      strategy information, product development information, and information
21      regarding individual employees who are not parties, and which Valve designated
22      as "Confidential" under the Protective Order.

23  5.  Valve is a video game company headquartered in Bellevue, Washington. It is a
24  privately held company with no outside shareholders or lenders. It is not subject to public
25  regulatory reporting and auditing requirements. Valve does not publicly disclose its business
26  strategies, including, but not limited to, the information in the Sealed Materials. Indeed, Valve

SCHENCK DECLARATION ISO MOTION TO SEAL
(CASE NO. 2:21-CV-00563-JCC) - 4

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

has chosen to stay private in part to avoid the intrusiveness and competitive harm that would come from publicly disclosing and reporting this type of operational and strategic information.

6. Valve derives a significant value from the confidentiality of this information (including the information contained in the Sealed Materials) and zealously protects its confidentiality.  Valve has expended significant resources and implemented strict measures to prevent disclosure of the information in the Sealed Materials and similar highly confidential information, including by storing such information under password protection on internal Valve servers, limiting access to certain of the information described above to certain Valve employees with a specific need to know, and not making such information publicly available (including to any outside investors or lenders, which Valve does not have).  The highly confidential Valve information in the Sealed Materials would not be available in the ordinary course of business to Valve's competitors or the public.

7. Public disclosure of the information in the Sealed Materials would significantly harm Valve's competitive standing by providing substantial and unfair insight into Valve's operations, business strategies, and business relationships.

8. Valve also maintains confidential third-party sales and revenue information. Valve's agreements with these third parties require Valve to keep this information confidential. Valve has various agreements with its business partners, including those that contain confidentiality provisions.  Valve protects and specifically does not publicly disclose any confidential information of its business partners in accordance with these agreements and to protect the third parties' confidentiality.

9. The names of Valve employees not the subject of Plaintiffs' Motion to Compel were also reacted from Exhibit 1 to the O'Rourke Declaration to preserve the individuals' privacy and reduce risk of any kind of harassment or unwanted contact.

SCHENCK DECLARATION ISO MOTION TO SEAL
(CASE NO. 2:21-CV-00563-JCC) - 5

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

1   I declare under penalty of perjury that the foregoing is true and correct. Executed on
2   November 14, 2023 at Bellevue, Washington.

DocuSigned by:

*Chris Schenck*

9071C6D6666D418...

Christopher Schenck

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

SCHENCK DECLARATION ISO MOTION TO SEAL
(CASE NO. 2:21-CV-00563-JCC) - 6

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600