THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re VALVE ANTITRUST LITIGATION | CASE NO. C21-0563-JCC<br><br>ORDER |

This matter comes before the Court on the parties' LCR 37(a)(2) submission (Dkt. No. 164). At issue is whether Gabe Newell should be compelled to appear in person for a Rule 30(b)(1) deposition. (*See generally id.*) For the reasons described below, the Court finds that Mr. Newell should so appear.

This is an antitrust suit where Plaintiffs assert Defendant leverages its market power to charge supra-competitive fees. (*See generally* Dkt. No. 127.) Discovery is ongoing and Plaintiffs now seek to depose Mr. Newell, the company's co-founder, president, and largest shareholder. (*See* Dkt. No. 165-2 at 2–4) (notice of deposition). They contend Mr. Newell is uniquely positioned to testify on all aspects of Defendant's business strategy. (*See* Dkt. No. 164 at 21–22.) For this reason, Plaintiffs assert only an in-person deposition would allow them to adequately assess Mr. Newell's credibility. (*See generally id.*)

Mr. Newell contends that he is at risk of developing a serious illness were he to contract

COVID-19 and, for this reason, has structured his life to minimize exposure to possible COVID-19 transmission. (*See generally* Dkt. No. 168.) According to Mr. Newell, an in-person deposition, even with the health measures which Plaintiffs propose,[1] is not consistent with those safeguards. (*Id.*) As a result, he seeks a remote deposition. (*See* Dkt. No. 164 at 3–5.)

This Court may order that a deposition be taken by remote means. *See* Fed. R. Civ. P. 30(b)(4). In general, it will do so when (a) the party seeking a remote deposition has advanced a legitimate reason and (b) the opposing party fails to establish that a remote deposition would be unduly prejudicial. *See, e.g.*, *Vargas v. Evergreen Prof. Recoveries Inc.*, 2022 WL 856991, slip op. at 1 (W.D. Wash. 2022).

The Court appreciates COVID-19's continued public health risks. (*See* Dkt. No. 168-1.) But Mr. Newell presents insubstantial evidence to suggest that he is at a particularized risk of serious illness (over that of the general public). (*See generally* Dkt. No. 168.) The measures he normally takes to minimize COVID-19 exposure, (*id.*), do not impact this determination. For this reason, the Court finds Mr. Newell has not advanced a legitimate reason for a remote deposition. Even if he had, the Court finds Plaintiffs would be unduly prejudiced by a remote deposition given Mr. Newell's unique knowledge as to Defendant's business strategies.[2]

Accordingly, Mr. Newell is ORDERED to attend the deposition in person as noticed. (*See* Dkt. No. 165-2.) In hopes of alleviating Mr. Newell's health concerns, the Court mandates the following additional health measures: all participants (including questioning counsel) must wear a tightly fitting certified N95, KF94, or KN95 face mask throughout the deposition. At his discretion, Mr. Newell may provide those certified masks to participants. But Mr. Newell shall

---

[1] This includes use of a well-ventilated large conference room, attendance by only essential people, mask usage by all non-speakers, and rapid at-home COVID testing for all participants both the day before and again the morning of the deposition. (Dkt. No. 165-2 at 2–4.)

[2] While other courts conclude that a deponent's credibility can be comparably assessed through remote means, *see, e.g.*, *Henry v. Tacoma Police Dept.*, 2023 WL 5530201, slip op. at 3 (W.D. Wash. 2023), this Court is not of that opinion.

remove his mask when responding to questions from Plaintiffs' counsel.

DATED this 16th day of November 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE