THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | No. 2:21-cv-00563-JCC<br><br>**VALVE CORPORATION'S MOTION TO SEAL**<br><br>NOTE ON MOTION CALENDAR: APRIL 5, 2024 |

## I.  RELIEF REQUESTED

The documents and information sought to be sealed by this Motion contain extensive highly confidential, proprietary, and personally identifiable information ("PII") of and about Valve and numerous third parties who distribute their games through Valve's video game platform, Steam. Pursuant to the Protective Order (Dkt. No. 95), the Court's Orders RE: Class Certification Briefing (Dkt. Nos. 178 & 184), and LCR 5(g), Valve brings this motion to keep the following material under seal (hereinafter the "**Sealed Documents**"):

VALVE CORPORATION'S MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 1

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

(1) The unredacted version of Plaintiffs' Motion for Class Certification and Appointment of Co-Lead Class Counsel ("Motion for Class Certification" or "Motion"), Dkt. No. 181;

(2) The unredacted versions of Exhibits 2, 4, 5, 15-17, 19-20, 23, 25, 33, 36, 42-43, 45, 50-51, 53, 55, 57-59, 61, 75, 77, and 79 to the Declaration of Alicia Cobb ("Cobb Decl."), Dkt. No. 182; and

(3) Exhibits 3, 7-11, 18, 21-22, 24, 26–32, 34-35, 37-41, 44, 46-49, 52, 54, 56, 60, 62-66, 69-70, and 76 to the Cobb Decl. (requested to be sealed in their entirety).

The Sealed Documents contain highly confidential and sensitive business and strategy information, pricing and proprietary financial information, confidential communications with third parties, and third party confidential business, financial and strategy information. The Court previously sealed similar information when submitted in support of prior motions (*see* Dkt. Nos. 150 & 169), and should similarly seal the Sealed Documents here.

In the alternative, if the Court declines to fully seal Sealed Documents that are requested to be sealed in their entirety (category 3 above), Valve respectfully requests leave to prepare substantially redacted versions for public filing, including by redacting PII.

## II.   BACKGROUND

Valve brings this Motion in connection with Plaintiffs' Motion for Class Certification, in support of which Plaintiffs submitted highly confidential and proprietary business, strategy, pricing and financial information from Valve and third parties.

The basis for sealing is established in the accompanying: (1) Declaration of Blake Marks-Dias in Support of Valve's Motion to Seal ("Marks-Dias Decl."); and (2) Declaration of Chris Schenck in Support of Valve's Motion to Seal ("Schenck Decl."). These declarations

VALVE CORPORATION'S MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 2

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

establish that the release of the information in the Sealed Documents would cause substantial competitive, financial, and other harm to Valve and third parties.[1]

Valve is a privately held company with no outside shareholders or lenders that is not subject to public regulatory reporting and auditing requirements. Schenck Decl. ¶3. Valve does not publicly disclose the information in the Sealed Documents, and instead zealously protects its confidentiality. *Id.* ¶7. Valve has expended significant resources and implemented strict measures to prevent disclosure of this (and similar) information, including by (i) storing it under password protection on internal Valve servers, which are protected by various technological measures such as encryption and firewalls, (ii) limiting access to certain of the information described to Valve employees with a specific need to know, and (iii) not making such information publicly available (including to any outside investors or lenders, which Valve does not have). *Id.* ¶6. Indeed, Valve derives significant value from the confidentiality of such information and has chosen to stay private in part to avoid the intrusiveness and competitive harm that would come from publicly disclosing and reporting this type of information. *Id.*

In addition, because third-party games are available on Steam, Valve has a large amount of confidential third-party sales, revenue and business information and communications. *Id.* ¶ 3. Valve has confidentiality agreements with these third parties that call for Valve to keep this information confidential, resist disclosure of it, and produce it only under the highest level of protection afforded by the Protective Order. *Id.* ¶¶ 4(b), 4(e).

As detailed in the Schenck Declaration and Section IV.B below, the Sealed Documents contain six categories of highly confidential and proprietary information:

---

[1] In keeping with the Court's presumption in favor of public access, the description of the information that Valve seeks to keep under seal and the harm to Valve and third parties if it is revealed is not being presented under seal. If the Court requires additional information to rule on this Motion, Valve respectfully requests an opportunity to submit it under seal.

VALVE CORPORATION'S MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 3

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1. <u>Confidential Valve financial information</u>. This includes detailed highly confidential information regarding Steam sales, revenues, and revenue share, as well as internal Valve accounting, financial, cost and profit information. None of this information is publicly disclosed by Valve in the ordinary course of business.

2. <u>Valve's business, decision-making, and/or operations</u>. This includes internal Valve documents and communications regarding Valve's highly confidential and proprietary business, planning, decision-making, strategy, operations, and pricing related to Steam, including but not limited to plans and strategies for game distribution, Steam features and development, and Steam Keys, none of which is publicly disclosed in the ordinary course of business.

3. <u>Contracts with third parties regarding Steam distribution and related communications</u>. Third parties distribute their apps through Steam under contracts called Steam Distribution Agreements ("SDA"). The SDAs in the Sealed Documents disclose the specific business terms that Valve and several third parties negotiated and agreed on regarding distribution of the third parties' apps on Steam including, *inter alia*, financial terms for distribution and revenue sharing, the type and scope of licenses granted with respect to software, the parties' rights and obligations regarding delivery, compatibility and product quality, provisions regarding marketing and sales data, customer support, warranties and indemnity obligations, and other important provisions governing the parties' business relationships. These SDAs also include confidentiality provisions that require the parties to keep the SDAs and their terms confidential.

VALVE CORPORATION'S MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 4

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

      4.    <u>Confidential third-party financial information</u>. This includes information regarding unit and dollar sales of third-party games on Steam and revenue share with third parties related to those sales. This information is also subject to the confidentiality provisions of third parties' SDAs with Valve.

      5.    <u>Third-party business information and communications</u>. Internal Valve documents and communications with third parties submitted by Plaintiffs in support of the Motion contain confidential information related to the thousands of third parties who distribute their apps through Steam, including but not limited to business strategy, marketing and pricing information, confidential game release and update information, and other information related to Steam Partners' distribution of apps. This third-party information is also subject to the confidentiality provisions in third parties' SDAs.

      6.    <u>Personally Identifiable Information</u>. Valve also seeks to seal personally identifiable information, such as names, phone numbers, email addresses, and mailing addresses.

As further demonstrated below and in the Schenck Declaration, Valve and third parties derive significant strategic and economic value from the confidentiality of such information and its public disclosure would cause significant harm to Valve's and third parties' competitive standing, including by providing substantial and unfair insight into their operations, business strategies and relationships, sales, and finances. Schenck Decl. ¶¶7–8. Publicly disclosing sensitive business information related to third parties (the vast majority of which are, like Valve, privately held companies) would also violate confidentiality obligations, risk harm to their operations and interests, and harm Valve's relationships with them. *Id.* ¶¶8–9. Accordingly,

VALVE CORPORATION'S MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 5

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Valve designated all such information "Highly Confidential – Attorney's Eyes Only" or "Confidential" in discovery and now seeks its sealing.

### III. CERTIFICATION

Pursuant to LCR 5(g)(3)(A), Valve's counsel certify they conferred with Plaintiffs' counsel in good faith by videoconference on February 15, March 7, and March 8, 2024 regarding the need to file the Sealed Documents under seal. Marks-Dias Sealing Decl. ¶5. Plaintiffs indicated they agreed to sealing of PII and portions of certain Exhibits, but generally opposed sealing or took no position on the other categories of information above. *Id.* ¶¶6–9.

### IV. ARGUMENT

Parties moving to seal documents must comply with the procedures established by LCR 5(g), which provides that a motion to seal a document must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." LCR 5(g)(3)(B).

**A.     Legal Standard**

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted); *see also Cousineau v. Microsoft Corp.*, 2014 WL 11961979, at *1 (W.D. Wash. Mar. 20, 2014) (quoting *Kamakana*). Accordingly, when a court considers a sealing request, "a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (internal quotation marks omitted). The presumption, however, is not absolute and can be overcome. *Id.* at 1178–79. In the context of a motion for class certification, the presumption can be overcome with good cause—i.e., a particularized showing of harm from disclosure. *Olberg v. Allstate Ins. Co.*, 2021 WL 1208588, at *1 (W.D. Wash. Mar. 31, 2021). As this Court explained:

VALVE CORPORATION'S MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 6

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

> The motion at issue is a class certification motion. While courts may consider the merits of a party's underlying claim in ruling on such motions, the primary consideration for the Court is whether the class device is appropriate. This Court considers the class certification motion here to be nondispositive. On this basis, it applies the "good cause" standard articulated in Federal Rule of Civil Procedure 26(c). Therefore, only a "particularized showing" of harm from disclosure is required.

*Id.* (citations omitted).

When granting another of Valve's motions to seal earlier in this case, the Court explained:

> The redactions at issue here contain proprietary information which falls within the scope of the protective orders entered in this case. Thus, there exists good cause to seal these items and overcome the presumption of public access.

Dkt. No. 150 at 3 (citations omitted).

Plaintiffs indicated they intend to oppose the majority of this Motion, and may argue that the higher, "compelling reason" standard (typically reserved for dispositive motions) should apply. While Valve believes "good cause" is the applicable standard here, the showing herein and in the accompanying declarations also meets the "compelling reason" standard. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("compelling reasons" for sealing exist where the documents to be sealed are "sources of business information that might harm a litigant's competitive standing."); *Int'l News Inc. v. 10 Deep Clothing Inc.*, 2020 WL 5981643, at *5 (W.D. Wash. Oct. 8, 2020) (sealing "confidential financial information, the disclosure of which would harm the parties' competitive standing in their industry"); *Edifecs, Inc. v. Welltok, Inc.*, 2019 WL 5618822, at *2 (W.D. Wash. Oct. 31, 2019) (sealing "confidential business information that could put [party] at a competitive disadvantage" if disclosed); *J.R. Simplot Co. v. Washington Potato Co.*, 2016 WL 11066581, at *1 (W.D. Wash. Dec. 29, 2016) (sealing financial, pricing, and strategic planning information).

VALVE CORPORATION'S MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 7

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**B.    Disclosure of the Sealed Documents Will Cause Competitive Harm to Valve and Third Parties**

The Sealed Documents contain information relating to six categories of information:

1. Confidential Valve financial information;
2. Valve's business, decision-making, and/or operations;
3. Contracts with third parties regarding Steam distribution and related communications;
4. Confidential third-party financial information;
5. Third-party business information and communications; and
6. Personally Identifiable Information.

There is good cause to seal all of this information. Indeed, the Court previously granted Valve's Motions to Seal similar confidential information, sealing:

- Deposition testimony from Valve employees regarding finances, accounting practices, decision-making, contract negotiations, and confidential interactions with other companies;
- Valve's discovery answers related to finances, record-keeping, accounting practices, decision-making and corporate structure, confidential operational and business strategy information, and product development;
- Internal Valve communications discussing performance and communications strategy;
- Communications between counsel containing financial data and historical records, tax returns, and terms of Valve's contracts with third parties;
- Materials containing PII.

Dkt. Nos. 150 & 169; *see also* Dkt. No. 140 & 160 (underlying motions to seal).

The Court's earlier findings of good cause were well-founded, as the disclosure of each category of information listed above would harm Valve and third parties.

VALVE CORPORATION'S MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 8

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1. **Confidential Valve Financial Information.**

Valve seeks to seal its own financial information, including detailed Steam sales, revenues, and revenue share information, and internal accounting, financial, cost and profit information. Schenck Decl. ¶4(a). As a private company, Valve zealously protects its confidentiality and derives significant value from keeping its information confidential. *Id.* ¶¶6-7.

Valve seeks sealing because disclosure of this information would hurt Valve's competitive standing and cause other harms. Disclosure would:

- Give Valve's competitors unfair insight into Valve's business models, pricing, marketing, and other strategies, which could give them unfair advantage in developing rival products;
- Give Valve's competitors insight into its current and future decision-making, which is often guided by past financial performance;
- Given the nature of Valve's business relationship with third parties who sell their games on Steam, disclose the financial information of those third parties (discussed in Section B.4 below).

*Id.* ¶7.

Proprietary sales, revenue and financial information like that sought to be sealed here readily satisfies the higher compelling reasons standard applied to dispositive motions. In *Clean Crawl, Inc. v. Crawl Space Cleaning Pros, Inc.*, the court repeatedly sealed proprietary financial information. First, the court found that proprietary financial information in an opposition to a dispositive motion met the compelling reasons standard because it contained specific historical, present, and projected financial data, which would harm plaintiff's business interests if made public. 2019 WL 6829886, at *1 (W.D. Wash. Dec. 13, 2019). The court subsequently sealed

VALVE CORPORATION'S MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 9

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

exhibits offered in support of motions in limine that discussed the defendant's corporate finances. 2020 WL 978267, at *1 (W.D. Wash. Feb. 28, 2020); *see also FTC v. Amazon.com, Inc.*, 2016 WL 4447049, at *2 (W.D. Wash. Aug. 24, 2016) (sealing "financial and business data that could cause competitive harm to [defendant] if disclosed, including specifics regarding the company's refund rate, specifics regarding app use, and the company's forecasted revenue.").

Similarly, here, the Court should seal Valve's confidential financial information.

### 2. Valve's business, decision-making, and/or operations.

Valve seeks to seal internal documents and communications regarding Valve's highly confidential and proprietary business planning, decision-making, strategy, operations, and pricing, including but not limited to plans and strategies for game distribution, Steam features and development, and Steam Keys.

Valve seeks sealing because disclosure of this information would hurt Valve's competitive standing and cause other harms. Disclosure would:

- Give Valve's competitors unfair insight into its business models, current and future decision-making and reasoning, policies, pricing, marketing, and other strategies;
- Reveal how Valve negotiates and structures its business relationships, which would impair Valve's ability to negotiate future contracts;
- Eradicate Valve's significant economic and employee time investment in developing its business models and strategies;
- Give Valve's competitors unfair advantage in developing and marketing rival products;
- Provide bad actors information that could be used to mount attacks against Valve's network, its business operations, or employees (through social engineering, etc.).

*Id.* ¶7.

VALVE CORPORATION'S MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 10

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Courts regularly find that proprietary business information in internal documentation and communications meets the compelling reasons standard for sealing. For example, in *Edifecs, Inc. v. Welltok, Inc.*, 2019 WL 5618822 (W.D. Wash. Oct. 31, 2019), the court found compelling reasons to seal information regarding the defendant's financial performance and company strategy because the public release of those documents could give non-party competitors an unfair advantage in developing or marketing rival products. *Id.*; *see also In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (sealing warranted to prevent competitors from "gaining insight into the parties' business model and strategy"); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (mem. disp.).

The Court should likewise seal Valve's confidential internal business documents and communications.

### 3. Contracts with third parties regarding Steam distribution and related communications.

Valve seeks to seal contracts (SDAs) between Valve and third parties governing distribution on Steam and communications related to those agreements (including contract negotiations). Schenck Decl. ¶4(d). These SDAs disclose the material terms of the parties' business relationship, as described above. Because of the confidential and proprietary nature of information they contain, these SDAs also include confidentiality provisions that require the parties to keep the SDAs and their terms confidential. *Id.* Valve accordingly produced all of these SDAs and communications about them with "Attorneys' Eyes Only" ("AEO") designations under the Protective Order. *Id.*

Valve seeks to seal this information because its disclosure would hurt Valve's and third parties' competitive standing and cause other harms. Disclosure would:

VALVE CORPORATION'S MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 11

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

- Give Valve's and the other party's competitors insight into their business models, strategies, and business relationships—information those competitors could use to take unfair competitive advantage;
- Negatively impact Valve's and the other party's ability to negotiate contracts with third parties that have contracted with, or could contract with Valve, or with similarly situated opposing parties.

*Id.* ¶¶7-8. Moreover, the public release of third-party information that Valve was required under contract to keep confidential would also cause competitive harm to Valve, and particularly to its business relationships, as third parties unhappy with its release or afraid of future releases would reduce or end their business relationships with Valve. *Id.* ¶9.

Recognizing these valid reasons for keeping contractual terms confidential, "[c]ourts regularly find that litigants may file under seal contracts with third parties that contain proprietary and confidential business information." *Finisar Corp. v. Nistica, Inc.*, 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015) (citing cases); *see also FTC v. Qualcomm Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (information divulging the terms of confidential contracts, thus harming a contracting party's competitive standing, satisfies the compelling reasons standard); *Nicolosi Distrib., Inc. v. Finishmaster, Inc.*, 2018 WL 10758114, at *2-3 (N.D. Cal. Aug. 28, 2018) (finding compelling reasons to seal contracts containing proprietary and confidential business information that could harm a party or its customers if made publicly available to competitors). Other courts also hold that contract negotiations present compelling reasons to seal because confidential information disclosed in the negotiation may erode a party's competitive advantage in the market or provide a leg up to competitors. *ImprimisRx, LLC v. OSRX, Inc.*, 2023 WL 7029210, at *3 (S.D. Cal. Oct. 24, 2023).

CASE NO. 2:21-cv-00563-JCC – 12

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

- Give Valve's and the other party's competitors insight into their business models, strategies, and business relationships—information those competitors could use to take unfair competitive advantage;
- Negatively impact Valve's and the other party's ability to negotiate contracts with third parties that have contracted with, or could contract with Valve, or with similarly situated opposing parties.

*Id.* ¶¶7-8. Moreover, the public release of third-party information that Valve was required under contract to keep confidential would also cause competitive harm to Valve, and particularly to its business relationships, as third parties unhappy with its release or afraid of future releases would reduce or end their business relationships with Valve. *Id.* ¶9.

Recognizing these valid reasons for keeping contractual terms confidential, "[c]ourts regularly find that litigants may file under seal contracts with third parties that contain proprietary and confidential business information." *Finisar Corp. v. Nistica, Inc.*, 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015) (citing cases); *see also FTC v. Qualcomm Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (information divulging the terms of confidential contracts, thus harming a contracting party's competitive standing, satisfies the compelling reasons standard); *Nicolosi Distrib., Inc. v. Finishmaster, Inc.*, 2018 WL 10758114, at *2-3 (N.D. Cal. Aug. 28, 2018) (finding compelling reasons to seal contracts containing proprietary and confidential business information that could harm a party or its customers if made publicly available to competitors). Other courts also hold that contract negotiations present compelling reasons to seal because confidential information disclosed in the negotiation may erode a party's competitive advantage in the market or provide a leg up to competitors. *ImprimisRx, LLC v. OSRX, Inc.*, 2023 WL 7029210, at *3 (S.D. Cal. Oct. 24, 2023).

VALVE CORPORATION'S MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 12

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

### 4.   Confidential third-party financial information.

Valve seeks to seal third-party financial information, including unit and dollar sales of third-party games on Steam and revenue share with third parties related to those sales. Schenck Decl. ¶4(b). This information is subject to the confidentiality terms of the various SDAs, which obligate Valve to keep their data confidential, so Valve marked it as AEO under the Protective Order. *Id.* ¶4(d).

Valve seeks to seal this information because its disclosure would hurt Valve's and third parties' competitive standing and cause other harms. Disclosure would:

- Give Valve's and third parties' competitors insight into their business, pricing, marketing, and other strategies, which competitors could use to take unfair competitive advantage;
- Give the third parties' competitors unfair advantage in setting prices and coordinating marketing or other business activities;
- Give the third parties' competitors insight into their current and future decision-making, which Valve understands is often guided by past financial performance.

*Id.* ¶¶7-8. Public release of third-party information that Valve was required under contract to keep confidential would also cause competitive harm to Valve by undermining its business relationships, as described above in Section IV.B.3.

As described above with relation to Valve, financial data like this is routinely sealed, and should be sealed here. *See* Section IV.B.1.

### 5.   Third-party business information and communications.

Valve seeks to seal third-party business information and communications between Valve and third parties who distribute apps on Steam. These documents and communications relate to third parties' marketing and business strategy information, confidential game release and update information, and other information related to Steam Partners' distribution of apps.

VALVE CORPORATION'S MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 13

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Schenck Decl. ¶4(e). These documents and communications are also subject to the confidentiality terms of the various SDAs, and thus Valve is obligated to keep them confidential, and marked them as AEO under the Protective Order. *Id.* ¶4(d).

Valve seeks to seal this information because its disclosure would hurt Valve's and third parties' competitive standing and cause other harms. Disclosure would:

- Give Valve's and the third parties' competitors insight into their business, pricing, marketing, and other strategies, which competitors could use to take unfair competitive advantage;
- Give the third parties' competitors unfair advantage in setting prices and coordinating marketing or other business activities;
- Provide Valve's and the other party's competitors unfair advantage in negotiating contracts with third parties that have contracted with, or could contract with, Valve or the other party.

*Id.* ¶¶7-8. And once again, release of third-party information that Valve was required to keep confidential would harm Valve and compromise its business relationships, as described above in Section B.3.

Courts routinely find that confidential business communications with third parties meet the higher compelling reasons standard for sealing related to a dispositive motion. *See, e.g., Washington v. Franciscan Health Sys.*, 2019 WL 3494382, at *2 (W.D. Wash. Mar. 12, 2019). In *Franciscan Health*, the court found compelling reasons to seal information about third-party healthcare providers that contained their strategic goals, negotiation tactics, beliefs about competition and pricing, and expansion plans because it "constituted business information that could be used to harm Defendants' or third-parties' competitive standing." *Id.*

The same is true here. The Court should seal these documents as requested.

VALVE CORPORATION'S MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 14

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**6.     Personally Identifiable Information.**

Valve seeks to seal PII (*e.g.*, email addresses, phone numbers, online account names) of various individuals, including Valve employees, Plaintiffs, and other third parties. Schenck Decl. ¶4(f). Valve seeks to seal this information to protect the personal privacy and prevent harassment or abuse. *Id.* Plaintiffs do not oppose this portion of Valve's request. Marks-Dias Decl. ¶6. Preventing disclosure of PII is an appropriate reason for sealing. *See Kenny v. Pac. Inv. Mgmt. Co. LLC*, 2018 WL 3328224, at *1 (W.D. Wash. July 6, 2018); *see also* LCR 5.2 (requiring redaction of certain PII).

**C.     Sealing Would Not Harm the Public Interest.**

No public interest reasons justify disclosure of the Sealed Documents, which concern only the confidential and proprietary business and financial information of Valve and third parties. As this Court recognized, the public right to access "is reduced when applied to confidential and proprietary business records." *Olberg* 2021 WL 1208588, at *1 (citation omitted). That is the case here, where the Sealed Documents do not affect public health or safety and do not concern public entities or officials. Instead, they contain only the type of confidential and commercially sensitive business information this Court has recognized has little public value. *See In re Zillow Grp., Inc. S'holder Derivative Litig.*, 2019 WL 3428664, at *2 (W.D. Wash. July 30, 2019) (confidential business information "has little public value aside from the inherent value of allowing complete access to the Court's records"); *Amazon*, 2016 WL 4447049, at *2 ("confidential business information, such as "specific refund rates, revenues, business strategies, and customer service practices" are "sensitive business information to which there is very little public interest."); *Douglas v. Xerox Bus. Servs. LLC*, 2014 WL 12641056, at *1 (W.D. Wash. Apr. 11, 2014) (commercially sensitive business information "has little public value"). Moreover, the information in the Sealed Documents is of

VALVE CORPORATION'S MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 15

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

comparatively little use in enhancing the general public's understanding of the judicial process. *See, e.g., Richardson v. Mylan, Inc.*, 2011 WL 837148, *2 (S.D. Cal. Mar. 9, 2011).

### D. The Sealed Documents Are Narrowly Tailored

Consistent with LR 5(g) and the Protective Order, Valve seeks only to redact or seal material that is specific to confidential business information of Valve or third parties, and which is not necessary to aid the public in understanding the parties' position and the judicial process. *See, e.g., Coloplast A/S v. Generic Medical Devices, Inc.*, 2012 WL 3629037, at *1–2 (W.D. Wash. Aug. 22, 2012).

In preparing the Sealed Documents for public filing, Valve was careful to redact only the portions of the Sealed Documents that contain Valve's and third parties' confidential business strategy, financial information, and partner relationship related information. Marks-Dias Decl. ¶12. However, the remainder of the Sealed Documents should be kept under seal in their entirety because they contain an overwhelming amount of highly confidential and proprietary information, which made redacting impractical. *Id.* ¶13. Less restrictive alternatives would not sufficiently protect Valve's and third parties' interests because disclosure of the issues discussed would in effect reveal the substance of the confidential information. *Id.* ¶14.

There is no relief short of sealing this information that would sufficiently protect Valve and third parties from the significant harm from their public disclosure. *See Zunum Aero, Inc. v. Boeing Co.*, 2023 WL 7180636, at *2 (W.D. Wash. Nov. 1, 2023) (agreeing that attempting to redact an exhibit containing in-depth descriptions of trade secrets was impractical); *Gomo v. NetApp, Inc.*, 2019 WL 1170775, at *2 (N.D. Cal. Mar. 13, 2019) (holding that even with an appropriately narrow sealing request it would not be practicable to redact exhibits rather than sealing them entirely).

VALVE CORPORATION'S MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 16

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## V. CONCLUSION

Valve respectfully requests that the Court order that the Sealed Documents remain under seal. Alternatively, if the Court declines to fully seal Sealed Documents that are requested to be sealed in their entirety, Valve requests leave to prepare substantially redacted versions for public filing, including by redacting PII.

I certify that this memorandum contains 4,150 words, in compliance with the Local Civil Rules.

DATED this 12th day of March, 2024.

/s/ Blake Marks-Dias
Blake Marks-Dias, WSBA No. 28169
Eric A. Lindberg, WSBA No. 43593
CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com
elindberg@corrcronin.com

Kristen Ward Broz (pro hac vice)
FOX ROTHSCHILD LLP
2020 K. St. NW, Ste. 500
Washington, DC 20006
Telephone (202) 794-1220
Fax (202) 461-3102
kbroz@foxrothschild.com

Nathan M Buchter (pro hac vice)
FOX ROTHSCHILD LLP
2000 Market Street STE 20TH FL
Philadelphia, PA 19103
Telephone (215) 299-3010
nbuchter@foxrothschild.com

Charles B. Casper (pro hac vice)
Jessica Rizzo (pro hac vice)
Peter Breslauer (pro hac vice)
Robert E. Day (pro hac vice)
MONTGOMERY McCRACKEN WALKER

VALVE CORPORATION'S MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 17

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

```
                                    & RHOADS LLP
                                    1735 Market Street, 21st Floor
                                    Philadelphia, PA 19103
                                    Telephone (215) 772-1500
                                    ccasper@mmwr.com
                                    jrizzo@mmwr.com
                                    pbreslauer@mmwr.com
                                    rday@mmwr.com


                                    *Attorneys for Defendant Valve Corporation*
```

VALVE CORPORATION'S MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 18

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2024 I caused the foregoing document to be served via ECF on all counsel of record.

*s/ Melinda R. Sullivan*
Melinda R. Sullivan

VALVE CORPORATION'S MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 19

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900