THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

IN RE VALVE ANTITRUST LITIGATION

NO. 2:21-CV-00563-JCC

**INTERVENORS JASON BROOKS AND ROBERT AUSTIN MCCUISTION'S MOTION TO INTERVENE**

**NOTED FOR CONSIDERATION: APRIL 19, 2024**

## I. INTRODUCTION

Jason Brooks and Robert Austin McCuistion (Proposed Intervenors) are gamers—they regularly buy video game content through defendant Valve's Steam platform. Proposed Intervenors should be granted permissive leave to intervene for the limited purpose of opposing sealing under Rule 24(b)(2). Proposed Intervenors have First Amendment and common law rights of access to court records and an interest in the documents cited in Plaintiff's Motion for Class Certification (Dkt. No. 203) (the "Class Certification Motion") given that they are consumers who have purchased games on Steam and whose potential claims challenging Valve's anticompetitive commissions were compelled to arbitration by this Court. Proposed Intervenors submit their opposition to Defendants' Motion to Seal (Dkt. No. 198), in lieu of any pleading. *See* Fed. R. Civ. P. 24(c).

## II. STATEMENT OF FACTS

The named plaintiffs in this action have moved to certify a class that includes game developers who paid commissions to Defendants in connection with sale of a game on the

INTERVENORS JASON BROOKS AND ROBERT AUSTIN
MCCUISTION'S MOTION TO INTERVENE - 1
CASE NO. 2:21-CV-00563-JCC

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Steam platform where the game was purchased by consumers based in the United States. Dkt. No. 203. Proposed Intervenors have indirectly paid those commissions through increased prices of games they bought on the Steam platform. Proposed Intervenors have First Amendment and common law rights of access to court records.

Plaintiffs' Class Certification Motion filed in open Court is heavily redacted and Defendants seek to keep the unredacted version of the brief under seal. *See* Dkt. No. 203 (redactions on 20 pages of 30-page brief). In addition, Defendants seek to seal or heavily redact 67 exhibits filed in connection with class certification. *See* Dkt. No. 198 at 2. Responses to the motion to seal are due on the same date this motion is being filed. *See* Dkt. No. 198 (noted for consideration on April 5, 2024).

### III.   ARGUMENT

"Nonparties seeking access to a judicial record in a civil case may do so by seeking permissive intervention under Rule 24(b)(2)." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1100 (9th Cir. 1999); *see* Fed. R. Civ. P. 24. Ordinarily, a court may grant permissive intervention if the movant presents "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). Consistent with the requirements of Rule 24(b), the court must also "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Because Proposed Intervenors seek to intervene only for the limited purpose of opposing sealing court records, Proposed Intervenors need not "demonstrate independent jurisdiction or a common question of law or fact," only that their motion is timely. *Cosgrove v. Nat'l Fire & Marine Ins. Co.*, 770 F. App'x 793, 795 (9th Cir. 2019) (citing Beckman, 966 F.2d at 473); *see Greer v. Cty. of San Diego*, No. 19CV378-JO-DEB, 2023 WL 4479234, at *3 (S.D. Cal. July 10, 2023) ("a party who seeks to intervene solely to unseal filed documents only needs to show timeliness"); *see also* LCR 5(g)(8) ("[a] non-party seeking access to a sealed document may intervene in a case for the purpose of filing a motion to unseal the document.").

INTERVENORS JASON BROOKS AND ROBERT AUSTIN MCCUISTION'S MOTION TO INTERVENE - 2
CASE NO. 2:21-CV-00563-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

In determining whether the motion is timely, a court must consider "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *San Jose Mercury News*, 187 F.3d at 1101. Proposed Intervenors' motion is timely—it is submitted with an opposition to a sealing request on the date such oppositions are due. See *id.* (citing cases to demonstrate that "delays measured in years have been tolerated where an intervenor is pressing the public's right of access to judicial records").

Allowing Proposed Intervenors to intervene for the limited purpose of opposing sealing will not prejudice the parties. Even if it did, once an intervenor asserts "a legitimate, presumptive right to open the court record . . . , the potential burden or inequity to the parties should affect not the right to intervene but, rather, the court's evaluation of the merits of the applicant's motion." *San Jose Mercury News*, 187 F.3d at 1101 (quoting *Public Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 787 (1st Cir. 1988)). Furthermore, the degree of secrecy involved in these proceedings may infringe on the public's presumptive right of access to any hearing on the motion for class certification and ability to understand the reasoning contained in an order granting or denying class certification—allowing the overbroad sealing requested would require the Court to either provide only a cursory discussion of the evidentiary record at class certification or heavily redact its class certification order.

Finally, allowing Proposed Intervenors to intervene will not unduly delay or prejudice the adjudication of the original parties' rights. *See* Fed. R. Civ. P. 24(b)(3). As explained in Proposed Intervenors' opposition to pending sealing motions, Defendants have an existing burden to establish that there are compelling reasons for keeping these court records sealed. "The mere fact that Defendants will need to explain why the relevant records should [be] sealed is not, itself, unduly prejudicial." *Muhaymin v. City of Phoenix*, No. CV-17-04565-PHX-DLR, 2021 WL 5173767, at *1 (D. Ariz. Nov. 3, 2021).

INTERVENORS JASON BROOKS AND ROBERT AUSTIN
MCCUISTION'S MOTION TO INTERVENE - 3
CASE NO. 2:21-CV-00563-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Proposed Intervenors' motion to intervene for the limited purpose of opposing Defendants' request to seal both briefing and exhibits on class certification is timely and should be granted under Rule 24(b)(2).

## IV. CONCLUSION

Because Proposed Intervenors satisfy the requirements for permissive intervention under Rule 24(b), the Court should grant their motion and allow Proposed Intervenors to assert their First Amendment and common law rights of access to court records.

RESPECTFULLY SUBMITTED AND DATED this 1st day of April, 2024.

TERRELL MARSHALL LAW GROUP PLLC

*I certify that this memorandum contains 964 words, in compliance with the Local Civil Rules.*

By: /s/Blythe H. Chandler, WSBA #43387
   Beth E. Terrell, WSBA #26759
   Email: bterrell@terrellmarshall.com
   Blythe H. Chandler, WSBA #43387
   Email: bchandler@terrellmarshall.com
   936 North 34th Street, Suite 300
   Seattle, Washington 98103-8869
   Telephone: (206) 816-6603

   John Roberti, *Pro Hac Vice Forthcoming*
   Email: jroberti@cohengresser.com
   Derek Jackson, *Pro Hac Vice Forthcoming*
   Email: djackson@cohengresser.com
   COHEN & GRESSER LLP
   2001 Pennsylvania Ave, NW, Suite 300
   Washington, DC 20006
   Telephone: (202) 851-2070

INTERVENORS JASON BROOKS AND ROBERT AUSTIN MCCUISTION'S MOTION TO INTERVENE - 4
CASE NO. 2:21-CV-00563-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Jeffrey H. Zaiger, *Pro Hac Vice Forthcoming*
Email: jzaiger@zaigerllc.com
Judd Linden, *Pro Hac Vice Forthcoming*
Email: jlinden@zaigerllc.com
ZAIGER LLC
2187 Atlantic Street, 9th Floor
Stamford, Connecticut 06902
Telephone: (203) 347-7180

*Attorneys for Intervenors*
*Jason Brooks and Robert Austin McCuistion*

---

INTERVENORS JASON BROOKS AND ROBERT AUSTIN
MCCUISTION'S MOTION TO INTERVENE - 5
CASE NO. 2:21-CV-00563-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com