THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

IN RE VALVE ANTITRUST LITIGATION

NO. 2:21-CV-00563-JCC

**INTERVENORS JASON BROOKS AND ROBERT AUSTIN MCCUISTION'S OPPOSITION TO VALVE'S MOTION TO SEAL**

## I.   INTRODUCTION

Defendant Valve Corporation ("Valve") is attempting to cloak evidence of its monopolistic and predatory conduct under a veil of secrecy by moving to seal and redact large swaths of material filed in connection with Plaintiffs' motion for class certification. (*See* Dkt. No. 198) (the "Motion to Seal"). Intervenors Jason Brooks and Robert Austin McCuistion ("Intervenors") respectfully request that this Court deny Valve's Motion to Seal, with the exception of limited categories of documents.[1]  The information that Valve is seeking to shield should be subject to public scrutiny according to the strong policy favoring access to judicial records because it is central to the antitrust claims brought in this suit. Moreover, having access to this information aids members of the stayed putative class of consumers—whose claims were compelled to arbitration by Valve in this action— when assessing their potential claims. As discussed below, Intervenors are among this group of consumers.

Valve's purported interests in support of sealing pale in comparison to this Court and the Ninth Circuit's strong policy favoring public access to judicial records. Most of the documents

---

[1] A chart of the specific exhibits to which Intervenors oppose Valve's request to seal is attached as Exhibit A.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  Valve seeks to seal are over five years old, and are communications between potential business

2  partners, rather than internal documents containing anything resembling trade secrets or other

3  competitively sensitive information. While Valve contends that these documents are

4  competitively sensitive, this contention is supported only with broad, categorical descriptions in

5  an attorney declaration, and not the particularized showings of specific harm supported by

6  affiants with personal knowledge of the subject matter underlying the documents as the law of

7  this Circuit requires.

8      To be clear, Intervenors do not oppose redactions to current, disaggregated financial

9  information or to personally identifiable information ("PII"), but Valve cannot hide materials

10  from public scrutiny simply because they may be embarrassing or support allegations of its

11  anticompetitive conduct. Valve has not, and cannot, meet its burden of establishing

12  "compelling reasons" to file these documents under seal.

13                  **II.        STATEMENT OF FACTS**

14      On April 27, 2021, Plaintiffs, who were PC game consumers and a game publisher, filed

15  their Complaint asserting federal and state antitrust claims against Valve on behalf of a putative

16  class of all persons and entities who purchased or sold games on Valve's Steam Platform. (Dkt.

17  No. 1.)  On October 25, 2021, this Court held that Valve's click-through subscriber agreement

18  compelled the consumer plaintiffs—and by implication other consumers who may have

19  antitrust claims—to arbitrate those claims under the American Arbitration Association

20  Consumer Rules. (Dkt. No. 66.)  Intervenors are among those consumers whose claims were

21  stayed pending arbitration.

22      On February 8, 2024, Plaintiff Wolfire Games filed its Motion for Class Certification. (Dkt.

23  No. 203) (the "Class Certification Motion" in which 20 of 30 pages contain redactions). The Class

24  Certification Motion contains argument—and cites evidence from discovery—relating to Valve's

25  monopolistic and predatory conduct as well as its economic impact. But Valve moves to keep

26  under seal or apply *substantial* redactions to a large volume of materials supporting the Class

27  Certification Motion. In addition to proposing significant redactions to the Class Certification

INTERVENORS JASON BROOKS AND ROBERT AUSTIN
MCCUISTION'S OPPOSITION TO VALVE'S MOTION TO SEAL - 2
CASE NO. 2:21-CV-00563-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   Motion itself, Valve advocates for 67 of the 84 exhibits in connection with the Class

2   Certification Motion remain at least partially under seal—26 of which propose heavy redactions

3   by Valve and 41 of which Valve seeks to seal in their entirety. (Dkt. No. 198 at 2.)

4          While Valve submitted an attorney declaration to support its efforts to seal the vast

5   majority of evidence submitted with the Class Certification Motion (*see* Dkt. No. 200), it has not

6   met (and cannot meet) the burden under Ninth Circuit precedent and this Court's rules to

7   support sealing of *many* of these materials. *See, e.g.,* Local Rule 5(g)(3)(B) ("Evidentiary support

8   from declarations must be provided where necessary.") Valve is seeking to seal documents

9   falling under the following six categories: (1) Valve financial information; (2) Valve's business,

10  decision-making and/or operations; (3) Contracts with third parties regarding Steam

11  distribution and related communications; (4) third-party financial information; (5) Third-party

12  business information and communications; and (6) PII. (*See* Dkt. No. 198 at 4-5.)  Most of the

13  exhibits Valve seeks to seal are based on Valve's business, decision-making and/or operations,

14  contracts with third parties regarding Steam distribution and related communications, or third-

15  party business information and communications. (*See* Dkt. No. 200 ¶ 5.)  Because Valve has not

16  met its burden to seal the majority of material it is seeking to shield, its Motion to Seal should

17  be largely denied.

18                              **III.      ARGUMENT**

19  **A.      Valve Must Demonstrate Compelling Reasons to Overcome a Strong Presumption of
20          Public Access to Court Documents**

21         "There is a strong presumption of public access to the court's files."  LCR 5(g). This right

22  is grounded both in common law and the First Amendment. *See, e.g.*, *Nixon v. Warner*

23  *Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Courthouse News Serv. v. Planet*, 750 F.3d 776, 787-

24  78 (9th Cir. 2014); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

25  National class actions weigh particularly strongly in favor of the right to public access. *Dickerson*

26  *v. Novartis Corp.*, No. 1:15-CV-1980-GHW, 2016 WL 9560056, at *2 (S.D.N.Y. Apr. 11, 2016).

27

INTERVENORS JASON BROOKS AND ROBERT AUSTIN
MCCUISTION'S OPPOSITION TO VALVE'S MOTION TO SEAL - 3
CASE NO. 2:21-CV-00563-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    The law of this Circuit requires Valve to provide "compelling reasons" to seal documents

2    in connection with the Class Certification Motion, which is "more than tangentially related to

3    the merits of the case." *Ctr. For Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101-02 (9th

4    Cir. 2016); *see also Adtrader, Inc. v. Google, LLC*, 2020 WL 6391210, at *1 (N.D. Cal. Mar. 24,

5    2020). District courts within the Ninth Circuit have routinely "conclude[ed] that the compelling

6    reasons standard applies to motions to seal documents relating to class certification." *Adtrader*,

7    2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (collecting cases); *Wetzel v. CertainTeed

8    Corp.*, 2019 WL 1236859, at *3 (W.D. Wash. Mar. 18, 2019) ("[S]ince *Chrysler*, district courts

9    that have addressed the issue have regularly found that the compelling reasons standard

10   applies to motions to seal exhibits attached to motions for class certification.").

11        Valve's Motion to Seal advocates for the lower "good cause" standard to apply. (Dkt.

12   No. 198 at 6-7.)  That is wrong. *See Wetzel*, 2019 WL 1236859, at *3.  Under either standard,

13   however, Valve **must** make a "particularized showing that specific prejudice or harm will result

14   if the information is disclosed." *Apple Inc. v. Samsung Electronics Co. Ltd.*, 11-CV-01846 LHK

15   (PSG), 2012 WL 4120541, at *1 (N.D. Cal. Sept. 18, 2020). Courts have generally found that

16   sealing is appropriate only where "confidential business material, marketing strategies, [or]

17   product development plans could result in improper use by business competitors." *Adtrader*,

18   2020 WL 6391210, at *1. Valve has failed to make a particularized showing that the materials it

19   is seeking to shield, if disclosed, would likely result in any competitive harm.

20   **B.    The Public Has a Significant Interest in These Documents that are Relevant to the
21         Merits of the Antitrust Claims against Valve**

22        This case involves claims of anticompetitive conduct impacting *at least* tens of millions

23   of consumers.[2] These tens of millions of consumers have an interest in understanding and

24   assessing the evidence of Valve's anticompetitive conduct by which they are harmed.

25   Moreover, under the current procedural posture, these consumers must vindicate their rights

26

27   [2] As of 2020, Valve reported that the Steam Gaming Platform had 120 million monthly active users (*see* Rich Stanton, *Steam had 120 million monthly users in 2020*, PC Gamer (Jan. 13, 2021), https://www.pcgamer.com/steam-had-120-million-monthly-users-in-2020/.

INTERVENORS JASON BROOKS AND ROBERT AUSTIN
MCCUISTION'S OPPOSITION TO VALVE'S MOTION TO SEAL - 4
CASE NO. 2:21-CV-00563-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  through individual arbitration. (Dkt. No. 66 at 5.)  In assessing whether to file claims, these

2  consumers should have access to the evidence that directly bears on their claims.

3       The evidence submitted in the Class Certification Motion overlaps with evidence that

4  could be used by a consumer in any given arbitration. As Valve stated in its Motion to Compel

5  Arbitration, "[a]rbitrators hearing the Individual [Consumer] Plaintiffs' claims will consider and

6  decide *all* of the underlying questions of liability and damages that Plaintiffs allege are common

7  to the putative class as a whole, including those questions allegedly common to Wolfire Games

8  and the Individual Plaintiffs."  (Dkt. No. 35 at 15.)

9       Valve previously represented to this Court that the claims of consumers overlap with

10  the claims of the developers who filed for class certification. Arguing that Wolfire and the

11  putative class of developer claims should be stayed pending consumer arbitrations, Valve

12  stated:

13  - "Wolfire Games' claims rest on the **same alleged facts and legal arguments** as the claims of the seven Individual [Consumer] Plaintiffs."

14
15  - "All eight [Consumer] Plaintiffs assert identical antitrust causes of action alleging that Valve violated Sherman Act Sections 1 and 2, as well as the CPA.*"*

16
17  - "All Plaintiffs allege that Valve uses the same techniques to restrain trade, control prices, and exclude competition."

18  - "[T]he claims in the Consolidated Complaint are all based on the **same facts and liability theories**, for all plaintiffs and putative class and subclass members."
19

20  - "Plaintiffs allege they are similarly situated to each other and the putative class with respect to important questions of law and fact, such as the definition of the relevant market and Valve's power and conduct within that market."
21

22       (Dkt. No. 35 at 14-15 (emphasis added).)

23       For individual consumers, like Intervenors, who are either actively pursuing or

24  considering filing arbitration demands in the American Arbitration Association, the evidence

25  Valve seeks to hide is of utmost importance in their assessment.

26       The importance of seeing the actual evidence is underscored by the different positions

27  taken in the pleadings in this case. For example, in their Complaint, both the developer and

INTERVENORS JASON BROOKS AND ROBERT AUSTIN
MCCUISTION'S OPPOSITION TO VALVE'S MOTION TO SEAL - 5
CASE NO. 2:21-CV-00563-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  consumer plaintiffs alleged that Valve illegally maintained its monopoly in the PC gaming

2  distribution market by implementing a platform most-favored nations ("**PMFN**") policy and

3  enforcing that policy against game publishers. (Dkt. No. 1 at 3-7, 38-44.) In its motion to

4  dismiss, Valve denied that such a PMFN existed.  (Dkt. No. 74 at 23-24.) In the Class Certification

5  Motion, the Plaintiffs argue that evidence demonstrates that such a PFMN exists. (Dkt. No. 200-

6  1 at 6-13.)  However, in the two sections of the Class Certification Motion directly addressing

7  these points, Valve proposes substantially redacting or filing under seal *all* 38 exhibits

8  supporting that the PMFN is enforced. (*Id.*; Dkt. No. 200 ¶ 5.)

9  　　　While Intervenors do not have access to the underlying documents to assess the validity

10  of Valve's purported justifications for sealing, the evidence is clearly important to Intervenors'

11  potential claims. Notably, one document excerpt that slipped through without redaction in this

12  section of the motion reveals a Microsoft employee asking the critical question: "***does Steam***

13  ***require price parity?***" and an internal response "***Yes – they absolutely do***. . . . Its [sic] not

14  formally listed in documentation in Steamworks, but always addressed in-person."[3] (*See* Dkt.

15  No. 200-1 at 9.)  This evidence seemingly contradicts Valve's claim early in this case that no

16  PMFN exists. As the Class Certification Motion explains: "Many (many) more examples

17  abound."  (*Id.*)  None of these examples warrant shielding from public scrutiny.

18  **C.**　　**Valve Has Failed to Establish Compelling Reasons to File these Documents Under Seal**
19  　　　**that Outweigh the Interest of Disclosure**

20  　　　There is no basis to seal Exhibits 3, 7-11, 17-19, 20-22, 24-26, 28-44, 46-52, 55-66, 75,

21  and 79, all of which Valve purports should be sealed because they contain either third-party

22  business information and communications or contracts with third parties regarding Steam

23  distribution and communications about them. (Dkt. No. 200 ¶ 5.)  Valve justifies the sealing of

24  these documents with broad assertions, stating that these documents "relate to third parties'

25  marketing and business strategy information, confidential game release and update

26

27  　[3] It appears this document was filed under seal, but Valve provides no basis for its sealing and apparently failed to
redact the citation to it from the motion. The cited portions, however, reveal that the entire document should be
unsealed.

INTERVENORS JASON BROOKS AND ROBERT AUSTIN
MCCUISTION'S OPPOSITION TO VALVE'S MOTION TO SEAL - 6
CASE NO. 2:21-CV-00563-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

1  information, and other information related to Steam Partners' distribution of apps" and that

2  disclosure of these documents would somehow "[g]ive Valve and the third parties' competitors

3  insight into their . . . strategies, which competitors could use to take unfair competitive

4  advantage." (Dkt. No. 198 at 13-14.)   The declaration from Valve's attorney provides only

5  vague descriptions to justify the sealing of particular exhibits.  For example, Valve proposes to

6  keep Exhibit 41, a 12-year-old email between Valve and Ubisoft, entirely under seal.  (Dkt. No.

7  200 at 24.)  Valve's sole justification for this is to describe the Exhibit as "[c]ommunications

8  between Valve and third-party partner discussing game promotion, distribution on Steam,

9  discounts and pricing."  (*Id.* at 24-25.)  Valve does not explain how stale discussions about

10  promotions, discounts, and pricing from 2012 are still so competitively sensitive (in 2024) as to

11  require sealing.

12         Valve's representations about these third-party documents do not indicate that they

13  contain anything more than broad and general discussions of business strategy. Valve does not

14  demonstrate that these documents contain the types of specific information that courts have

15  deemed appropriate for sealing, *i.e.* "***specific and detailed*** financial figures, marketing plans,

16  invoices to customers and [trade secret] information. *Illumina, Inc. v. BGI Genomics Co., Ltd.*,

17  2020 WL 9455042, at *2 (N.D. Cal. June 15, 2020) (emphasis added).

18         Additionally, Valve makes no particularized showing as to how disclosure of these

19  documents would cause specific harm. Valve's vague allegations fail to justify the sealing of

20  court records, and fall far short of what is required for sealing in the Ninth Circuit. *See Chrysler*,

21  809 F.3d at 1096-97 (quoting *Kamakana*, 447 F.3d at 1179) ("[A] court may seal records only

22  when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without

23  relying on hypothesis or conjecture.").

24         Likewise, there is no basis for sealing Exhibits 19, 32-33, 53-55, 59, 69-70, or 76-77,

25  because they purportedly contain information relating to Valve's business, decision-making

26  and/or operations. (Dkt. No. 200 ¶ 5.)  Again, Valve attempts to justify the sealing of these

27  documents with broad and vague assertions, stating that they pertain to "Valve's highly

INTERVENORS JASON BROOKS AND ROBERT AUSTIN
MCCUISTION'S OPPOSITION TO VALVE'S MOTION TO SEAL - 7
CASE NO. 2:21-CV-00563-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  confidential and proprietary business planning, decision-making, strategy, operations, and

2  pricing." (Dkt. No. 198 at 10.) Valve's supporting attorney declaration is similarly vague. For

3  example, Valve proposes sealing the entirety of Exhibit 54, describing it only as "[i]nternal Valve

4  communications discussing pricing and international markets issues." (Dkt. No. 200 at 31.)

5  Valve fails to explain how an email from 9 years ago that generally concerns "pricing" and

6  "international markets issues" is so competitively sensitive that it must be entirely withheld

7  from the public.

8      Again, Valve fails to make a particularized showing of how disclosure of these

9  documents will result in specific harm to Valve's competitive standing, instead generally

10  asserting that disclosure will "[g]ive Valve's competitors insight into its business models,

11  current and future decision-making and reasoning . . . and other strategies." (Dkt. No. 198 at

12  10.) Valve notes that this information could "[g]ive Valve's competitors an unfair advantage in

13  developing and marketing rival products." *Id.* These conclusory assertions are insufficient

14  under the Circuit's precedent. *See Boucher v. First Am. Title Ins. Co.*, 2011 WL 13359325, at *2

15  (W.D. Wash. May 5, 2011) (rejecting defendant's argument that information about its computer

16  system is a trade secret or otherwise confidential because defendant's declaration merely

17  stated that "competitors are scrambling to develop their owns systems" but did not "explain

18  how any of this information could be used to a competitor's advantage."). Valve fails to meet its

19  burden to justify sealing these materials.

20  **D.    Aggregated and Derivative Information from Sensitive Financial Information Should be
21        Disclosed**

22      While Intervenors do not object to current or recent sensitive financial information—

23  whether from Valve or Third Parties—being sealed, aggregated or masked data should be

24  unsealed. This is particularly true for any information that is derived from the data which

25  should be unsealed. For example, an economist may use sensitive, disaggregated sales data to

26  calculate market shares. While the underlying sales data may be appropriate to seal, the

27  aggregated calculations of market shares are not.

INTERVENORS JASON BROOKS AND ROBERT AUSTIN
MCCUISTION'S OPPOSITION TO VALVE'S MOTION TO SEAL - 8
CASE NO. 2:21-CV-00563-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    **E.      Personally Identifiable Information Should Be Redacted**

2          Intervenors also do not object to sealing PII. However, the documents containing the PII

3    should be filed in open court with the PII redacted.

4                                    **IV.      CONCLUSION**

5          For these reasons, Valve's request to seal the documents and testimony identified

6    above should be denied.

7          RESPECTFULLY SUBMITTED AND DATED this 1st day of April, 2024.

8                                    TERRELL MARSHALL LAW GROUP PLLC

9
                                    *I certify that this memorandum contains 2,668*
10                                   *words, in compliance with the Local Civil Rules.*

11
                                    By: /s/Blythe H. Chandler, WSBA #43387____
12                                        Beth E. Terrell, WSBA #26759
                                         Email: bterrell@terrellmarshall.com
13                                        Blythe H. Chandler, WSBA #43387
                                         Email: bchandler@terrellmarshall.com
14                                        936 North 34th Street, Suite 300
                                         Seattle, Washington 98103-8869
15                                        Telephone: (206) 816-6603
16
                                         John Roberti, *Pro Hac Vice Forthcoming*
17                                        Email: jroberti@cohengresser.com
                                         Derek Jackson, *Pro Hac Vice Forthcoming*
18                                        Email: djackson@cohengresser.com
                                         COHEN & GRESSER LLP
19                                        2001 Pennsylvania Ave, NW, Suite 300
                                         Washington, DC 20006
20                                        Telephone: (202) 851-2070
21

22

23

24

25

26

27

INTERVENORS JASON BROOKS AND ROBERT AUSTIN
MCCUISTION'S OPPOSITION TO VALVE'S MOTION TO SEAL - 9
CASE NO. 2:21-CV-00563-JCC

1
2
3
4
5

Jeffrey H. Zaiger, *Pro Hac Vice Forthcoming*
Email: jzaiger@zaigerllc.com
Judd Linden, *Pro Hac Vice Forthcoming*
Email: jlinden@zaigerllc.com
ZAIGER LLC
2187 Atlantic Street, 9th Floor
Stamford, Connecticut 06902
Telephone: (203) 347-7180

*Attorneys for Intervenors*
*Jason Brooks and Robert Austin McCuistion*

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**Exhibit A**

**Chart of Intervenors' Positions on Documents Valve Proposes to Redact or Seal**

| Document | Document Description | Valve's Position | Valve's Justification for Sealing | Intervenors' Position |
|---|---|---|---|---|
| Plaintiff's Motion for Class Certification (Dkt. No. 181) | | Redact | The proposed redacted portions of the brief to be sealed reveal the substance or contents of the information in the Exhibits that the parties request the Court seal. | All material for which Valve has failed to establish compelling reasons that it should be sealed should be unredacted in the brief. |
| Cobb Decl. | | Redact | The proposed redacted portions of the Cobb Declaration to be sealed reveal the substance or contents of the information in the Exhibits that the parties request the Court seal. | All material for which Valve has failed to establish compelling reasons that it should be sealed should be unredacted in the declaration. |
| Cobb Ex. 1 | Expert Report of Dr. Steven Schwartz, Ph.D | Sealed Per Stipulation/Order | | Intervenors reserve the right to oppose any motion to seal regarding Dr. Schwartz's expert report after it is filed. |
| Cobb Ex. 2 | Expert Report of Prof. Joost Rietveld, Ph.D | Redact | *See* Dkt. No. 200-5 | Do not Oppose redactions to current |

|  |  |  |  | and disaggregated financial data; Oppose all other redactions |
|---|---|---|---|---|
| Cobb Ex. 3 | Email chain between Valve and Hothead Games Inc., with the subject line [Redacted]," final email dated February 7, 2008, produced at VALVE_ANT_2788022 and introduced as Exhibit 362 to Gabe Newell's deposition | Seal | Third-party business information and communications | Oppose |
| Cobb Ex. 4 | Internal Valve email chain, with the subject line "[Redacted]," final email dated November 7, 2018, produced at VALVE_ANT_0058963 | Redact | Confidential Valve financial information; Personally Identifiable Information | Do not Oppose redactions to current and disaggregated financial data or PII; Oppose all other redactions |
| Cobb Ex. 5 | Excerpts of the Deposition Transcript of Scott Lynch, taken on October 12, 2023 | Redact | Confidential Valve financial information and Valve's business, decision-making, and/or operations | Oppose |
| Cobb Ex. 7 | Valve Steam Distribution Agreement, dated July 15, 2005, produced at VALVE_ANT_0019722 | Seal | Contracts with third parties regarding Steam distribution and communications about them | Oppose |
| Cobb Ex. 8 | Valve Steam Distribution Agreement, dated October 10, 2005, produced at VALVE_ANT_0042738 | Seal | Contracts with third parties regarding Steam distribution and communications about them | Oppose |

| Cobb Ex. 9 | Valve Steam Distribution Agreement, dated October 11, 2005, produced at VALVE_ANT_0038381 | Seal | Contracts with third parties regarding Steam distribution and communications about them | Oppose |
|---|---|---|---|---|
| Cobb Ex. 10 | Valve Steam Distribution Agreement, dated November 14, 2005, produced at VALVE_ANT_0019732 | Seal | Contracts with third parties regarding Steam distribution and communications about them | Oppose |
| Cobb Ex. 11 | Valve Steam Distribution Agreement, dated December 2, 2005, produced at VALVE_ANT_0040316 | Seal | Contracts with third parties regarding Steam distribution and communications about them | Oppose |
| Cobb Ex. 15 | Internal Valve email chain, with the subject line "[Redacted]," final email dated December 4, 2018, produced at VALVE_ANT_0059653 and introduced as Ex. 135 to Scott Lynch's deposition | Redact | Personally Identifiable Information | Do Not Oppose |
| Cobb Ex. 16 | Email chain between Valve and Epic Games, Inc., with the subject line "Hey," final email dated August 18, 2017, produced at VALVE_ANT_1244411 | Redact | Personally Identifiable Information | Do Not Oppose |
| Cobb Ex. 17 | Excerpts of the Deposition Transcript of Thomas Giardino, taken on November 2, 2023 | Redact | Third-party business information and communications | Oppose |
| Cobb Ex. 18 | Valve Steam Distribution Agreement, dated March 8, 2019, produced at VALVE_ANT_2814367 and introduced as Ex. 98 to Kassidy Gerber's Deposition | Seal | Contracts with third parties regarding Steam distribution and communications about them | Oppose |

| Cobb Ex. 19 | Excerpts of the Deposition Transcript of Kassidy Gerber, taken on October 5, 2023 | Redact | Valve's business, decision-making, and/or operations and contracts with third parties governing their business relationship with Valve | Oppose |
|---|---|---|---|---|
| Cobb Ex. 20 | Excerpts of the Deposition Transcript of Christopher Schenck, taken on December 8, 2023 | Redact | Third-party business information and communications and Valve's business, decision-making, and/or operations | Oppose |
| Cobb Ex. 21 | Email chain between Valve and Out of the Park Developments, with the subject line "[Redacted]?," final email dated July 3, 2018, produced at VALVE_ANT_0605087 and introduced as Ex. 186 to Thomas Giardino's deposition | Seal | Third-party business information and communications and Valve's business, decision-making, and/or operations | Oppose |
| Cobb Ex. 22 | Email chain between Valve and Square Enix Europe, with the subject line "[Redacted]," final email dated January 12, 2014, produced at VALVE_ANT_2809963 and introduced as Exhibit 352 to Gabe Newell's deposition | Seal | Third-party business information and communications and contracts with third parties governing their business relationship with Valve | Oppose |
| Cobb Ex. 23 | Email chain between Valve and Electronic Arts Inc., with the subject line "[Redacted]," final email dated September 15, 2015, produced at VALVE_ANT_0190239 and introduced | Redact | Personally Identifiable Information. | Do Not Oppose |

| | as Ex. 188 to Thomas Giardino's deposition | | | |
|---|---|---|---|---|
| Cobb Ex. 24 | Email chain between Valve and Nexon Co., Ltd., with the subject line"[Redacted]," final email dated May 23, 2017, produced at VALVE_ANT_0598921 and introduced as Ex. 55 to DJ Powers's 30(b)(6) deposition | Seal | Third-party business information and communications and Valve's business, decision-making, and/or operations | Oppose |
| Cobb Ex. 25 | Email chain between Valve and CipSoft GmbH, with the subject line "Redacted," final email dated July 9, 2014, produced at VALVE_ANT_0333351 and introduced as Ex. 120 to Augusta Butlin's deposition | Redact | Third-party business information and communications and Valve's business, decision-making, and/or operations; Personally Identifiable Information | Do not Oppose redactions of PII; Oppose all other proposed redactions |
| Cobb Ex. 26 | Internal Valve email chain, with the subject line "[Redacted]," final email dated July 19, 2022, produced at VALVE_ANT_1204851 | Seal | Third-party business information and communications and Valve's business, decision-making, and/or operations | Oppose |
| Cobb Ex. 27 | Internal Microsoft email chain, with the subject line "Steam price parity requirement?" final email dated October 6, 2020, produced at MSFT_VALVE_000000555 | Seal | None | Oppose |
| Cobb Ex. 28 | Email chain between Valve and Brain & Brain, with the subject line "[Redacted]," final email dated October 30, 2018, produced at VALVE_ANT_2602243 | Seal | Third-party business information and communications and Valve's business, decision-making, and/or operations | Oppose |

| Cobb Ex. 29 | Email chain between Valve and Softnyx Co., Ltd., with the subject line "[Redacted]," final email dated January 5, 2015, produced at VALVE_ANT_0116440 and introduced as Ex. 304 to Alden Kroll's Deposition | Seal | Third-party business information and communications and Valve's business, decision-making, and/or operations | Oppose |
| --- | --- | --- | --- | --- |
| Cobb Ex. 30 | Email chain between Valve and HeroCraft Ltd., with the subject line "[Redacted]," final email dated March 14, 2018, produced at VALVE_ANT_0263439 and introduced as Ex. 178 to Thomas Giardino's deposition | Seal | Third-party business information and communications and Valve's business, decision-making, and/or operations | Oppose |
| Cobb Ex. 31 | Email chain between Valve and Supra Games, with the subject line "[Redacted]" final email dated April 19, 2019, produced at VALVE_ANT_0265435 and introduced as Ex. 353 to Gabe Newell's deposition | Seal | Third-party business information and communications, contracts with third parties regarding Steam distribution and communications about them, and Valve's business, decision-making, and/or operations | Oppose |
| Cobb Ex. 32 | Internal Valve email chain, with the subject line "[Redacted]" final email dated July 25, 2018, produced at VALVE_ANT_0605887 and introduced as Ex. 195 to Thomas Giardino's deposition | Seal | Valve's business, decision-making, and/or operations and third-party business information and communications | Oppose |
| Cobb Ex. 33 | Excerpts of the Deposition Transcript of DJ Powers as one of Valve's 30(b)(6) | Redact | Valve's business, decision-making, and/or operations and third-party business | Oppose |

| | representatives, taken on September 29, 2023 | | information and communications | |
|---|---|---|---|---|
| Cobb Ex. 34 | Email chain between Valve and Konami  Digital entertainment Co., Ltd., with the subject line "[Redacted]," final email dated June 28, 2022, produced at VALVE_ANT_1210287 and introduced as Ex. 131 to Augusta Butlin's deposition | Seal | Third-party business information and communications and Valve's business, decision-making, and/or operations | Oppose |
| Cobb Ex. 35 | Internal Valve email chain, with the subject line "[Redacted]" final  email dated August 5, 2014, produced  at VALVE_ANT_2573683  and  introduced as  Ex.  248 to Connor Malone's deposition | Seal | Third-party business information and communications and Valve's business, decision-making, and/or operations | Oppose |
| Cobb Ex. 36 | Email chain between Valve and Warner Bros., with the subject line "[Redacted]," final email dated October 9, 2017, produced at VALVE_ANT_2565882 and introduced as Ex. 107 to Kassidy Gerber's deposition | Redact | Third-party business information and communications and Valve's business, decision-making, and/or operations; Personally Identifiable Information | Do not Oppose redactions of PII; Oppose all other proposed redactions |
| Cobb Ex. 37 | Internal Valve email, with the subject line "[Redacted]," final  email  dated October 12,  2017,  produced  at VALVE_ANT_2557912 and introduced as Ex. 86 to Nathaniel Blue's deposition | Seal | Third-party business information and communications and Valve's business, decision-making, and/or operations | Oppose |

| | | | | |
|---|---|---|---|---|
| Cobb Ex. 38 | Email chain among Valve employees and BetaDwarf Entertainment, with the subject line "[Redacted]" final email dated November 27, 2018, produced at VALVE_ANT_2844936 and introduced as Ex. 385 to Christopher Schenck's deposition | Seal | Third-party business information and communications | Oppose |
| Cobb Ex. 39 | Email chain between Valve and Ubisoft, with the subject line "[Redacted]," final email dated November 30, 2009, produced at VALVE_ANT_2790480 and introduced as Ex. 1 to Jason Ruymen's deposition | Seal | Third-party business information and communications | Oppose |
| Cobb Ex. 40 | Email chain between Valve and Gameloft, with the subject line "[Redacted]," final email dated October 27, 2021, produced at VALVE_ANT_1200520 and introduced as Ex. 196 to Thomas Giardino's deposition | Seal | Contracts with third parties regarding Steam distribution and communications about them | Oppose |
| Cobb Ex. 41 | Email chain between Valve and Ubisoft, with the subject line "[Redacted]," final email dated July 12, 2012, produced at VALVE_ANT_0048944 | Seal | Third-party business information and communications | Oppose |
| Cobb Ex. 42 | Email chain between Valve and Meteoric Games, with the subject line "[Redacted]," final email dated May 12, 2014, produced at VALVE_ANT_1207052 | Redact | Third-party business information and communications; Personally Identifiable Information | Do not Oppose redactions of PII; Oppose all other proposed redactions |

| Cobb Ex. 43 | Email chain among Valve employees and Ubisoft, with the subject line "[Redacted]," final email dated September 26, 2014, produced at VALVE_ANT_2814337 and introduced as Ex. 249 to Connor Malone's deposition | Redact | Third-party business information and communications; Personally Identifiable Information | Do not Oppose redactions of PII; Oppose all other proposed redactions |
|---|---|---|---|---|
| Cobb Ex. 44 | Email chain between Valve and Konami Digital Entertainment Co., Ltd., with the subject line "[Redacted]," final email dated July 24, 2015, produced at VALVE_ANT 0340706 | Seal | Third-party business information and communications | Oppose |
| Cobb Ex. 45 | Internal Valve email chain, with the subject line "[Redacted]," final email dated October 1, 2015, produced at VALVE_ANT_0051718 | Redact | Valve's business, decision-making, and/or operations; Personally Identifiable Information | Do not Oppose redactions of PII; Oppose all other proposed redactions |
| Cobb Ex. 46 | Email chain between Valve and Ubisoft, with the subject line "[Redacted]" dated February 15, 2017, produced at VALVE_ANT_ 1221288 and introduced as Ex. 101 to Kassidy Gerber's deposition | Seal | Third-party business information and communications | Oppose |
| Cobb Ex. 47 | Email chain between [redacted] final email dated May 1, 2020, produced at VALVE_ANT_1198819 and introduced as Ex. 191 to Thomas Giardino's deposition | Seal | Third-party business information and communications | Oppose |
| Cobb Ex. 48 | Email chain between Valve and Microsoft, with the subject line "[Redacted]" final email dated September 18, 2020, produced at | Seal | Third-party business information and communications | Oppose |

| | VALVE_ANT_1193127 and introduced as Ex. 60 to DJ Powers's 30(b)(6) deposition | | | |
|---|---|---|---|---|
| Cobb Ex. 49 | Email chain between Valve and Ubisoft, with the subject line "[Redacted]," final email dated March 6, 2014, produced at VALVE_ANT_0336156 and introduced as Ex. 245 to Connor Malone's deposition | Seal | Third-party business information and communications | Oppose |
| Cobb Ex. 50 | Email chain between Valve and Sega UK, with the subject line "[Redacted]" final email dated November 8, 2017, produced at VALVE ANT 0062254 and introduced as Ex. 9 to Jason Ruymen's deposition | Redact | Third-party business information and communications; Personally Identifiable Information | Do not Oppose redactions of PII; Oppose all other proposed redactions |
| Cobb Ex. 51 | Email chain between Valve and Hinterland Studio, with the subject line "[Redacted]," final email dated January 4, 2021, produced at VALVE_ANT_1193238 | Redact | Third-party business information and communications; Personally Identifiable Information | Do not Oppose redactions of PII; Oppose all other proposed redactions |
| Cobb Ex. 52 | Email chain between Valve and Bohemia Interactive with the subject line "[Redacted]," final email dated July 13, 2012, produced at VALVE_ANT_0372929 And introduced as Ex. 346 to Gabe Newell's deposition | Seal | Third-party business information and communications | Oppose |
| Cobb Ex. 53 | Internal Valve email chain, with the subject line, "[Redacted]" final email dated January 19, 2019, produced at VALVE_ANT_0053488 and | Redact | Vave's business, decision-making and/or operations; Personally Identifiable Information | Do not Oppose redactions of PII; Oppose all other proposed redactions |

| | introduced as Ex. 45 to DJ Powers's deposition | | | |
|---|---|---|---|---|
| Cobb Ex. 54 | Internal Valve email chain, with the subject line "[Redacted]," final email dated February 5, 2015, produced at VALVE_ANT_2768191 and introduced as Ex. 194 to Thomas Giardino's deposition | Seal | Vave's business, decision-making and/or operations | Oppose |
| Cobb Ex. 55 | of an email chain between Valve and VMC Game Labs, with the subject line "[Redacted]," final email dated December 29, 2016, produced at VALVE_ANT_0113865 and introduced as Ex. 305 to Alden Kroll's deposition | Redact | Valve's business, decision-making, and/or operations and third-party business information and communication; Personally Identifiable Information | Do not Oppose redactions of PII; Oppose all other proposed redactions |
| Cobb Ex. 56 | Email chain between Valve and TerraTech, with the subject line "[Redacted]" final email dated May 2, 2018, produced at VALVE_ANT_0262762 | Seal | Third-party business information and communications | Oppose |
| Cobb Ex. 57 | Email chain between Valve and THQ Nordic GmbH, with the subject line "[Redacted]" final email dated October 13, 2020, produced at VALVE_ANT_1220449, | Redact | Third-party business information and communications; Personally Identifiable Information | Do not Oppose redactions of PII; Oppose all other proposed redactions |
| Cobb Ex. 58 | Internal Valve email chain, with the subject line "[Redacted]," final email dated March 15, 2019, produced at VALVE_ANT_0610426 and introduced as Ex. 189 to Thomas Giardino's deposition | Redact | Third-party business information and communications and Valve's business, decision-making, and/or operations; | Do not Oppose redactions of PII; Oppose all other proposed redactions |

|  |  |  | Personally Identifiable Information |  |
|---|---|---|---|---|
| Cobb Ex. 59 | Internal Valve email chain, with the subject line "[Redacted]," final email dated June 15, 2011, produced at VALVE_ANT_2715478 and introduced as Ex. 138 to Scott Lynch's deposition | Redact | Vave's business, decision-making and/or operations; Personally Identifiable Information | Do not Oppose redactions of PII; Oppose all other proposed redactions |
| Cobb Ex. 60 | Internal Valve email chain, with the subject line "[Redacted]," final email dated September 20, 2019, produced at VALVE_ANT_0059430 | Seal | Third-party business information and communications | Oppose |
| Cobb Ex. 61 | Excerpts of the Deposition Transcript of Connor Malone, taken on November 8, 2023 | Redact | Third-party business information and communications and Valve's business, decision-making, and/or operations | Oppose |
| Cobb Ex. 62 | Internal Valve email chain, with the subject line "[Redacted]", final email dated November 18, 2013, produced at VALVE_ANT_1568128 and introduced as Ex. 263 to Connor Malone's deposition | Seal | Third-party business information and communications | Oppose |
| Cobb Ex. 63 | Email chain between Valve and Ubisoft, with the subject line "[Redacted]," final email dated November 7, 2014, produced at VALVE_ANT_0293959 and introduced as Ex. 141 to Scott Lynch's deposition | Seal | Third-party business information and communications | Oppose |

| Cobb Ex. 64 | Email chain between Valve and Ubisoft, followed by an internal Valve email chain, with the subject line "[Redacted]," final email dated November 10, 2014, produced at VALVE_ANT_2715196 and introduced as Ex. 261 to Connor Malone's deposition | Seal | Third-party business information and communications | Oppose |
|---|---|---|---|---|
| Cobb Ex. 65 | Internal Valve email chain, with the subject line "[Redacted]," final email dated October 19, 2018, produced at VALVE_ANT_1747246 and introduced as Ex. 379 to Jane Lo's deposition | Seal | Third-party business information and communications | Oppose |
| Cobb Ex. 66 | Email chain between Ubisoft and Valve, with the subject line "Continuing our conversation," final email dated November 17, 2018, produced at VALVE_ANT_0295988 and introduced as Ex. 143 to Scott Lynch's deposition | Seal | Third-party business information and communications | Oppose |
| Cobb Ex. 69 | Internal Valve email, with the subject line "[Redacted]," final email dated December 1, 2018, produced at VALVE_ANT_0415674 and introduced as Ex. 134 to Scott Lynch's deposition | Seal | Vave's business, decision-making and/or operations | Oppose |
| Cobb Ex. 70 | Internal Valve email, with the subject line "[Redacted]," final email dated February 11, 2019, produced at VALVE_ANT_0471786 | Seal | Vave's business, decision-making and/or operations | Oppose |

| Cobb Ex. 75 | Valve Steam Distribution Agreement, dated August 30, 2019, produced at VALVE_ANT_0000454 and introduced as Ex. 199 to Thomas Giardino's deposition | Redact | Contracts with third parties regarding Steam distribution and communications about them | Oppose |
|---|---|---|---|---|
| Cobb Ex. 76 | Internal Valve email chain, with the subject line "[Redacted]," final email dated August 9, 2018, produced at VALVE_ANT_0060458 and introduced as Ex. 27 to Erik Johnson's deposition | Seal | Vave's business, decision-making and/or operations | Oppose |
| Cobb Ex. 77 | Excerpts of the Deposition Transcript of Chris Boyd, taken on November 17, 2023 | Redact | Vave's business, decision-making and/or operations | Oppose |
| Cobb Ex. 79 | Excerpts of the Deposition Transcript of Scott Lynch | Redact | Confidential Valve financial information, Valve's business, decision-making, and/or operations, and third-party business information and communications | Do not Oppose redactions to current and disaggregated financial data; Oppose all other redactions |