THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

IN RE VALVE ANTITRUST LITIGATION

NO. 2:21-CV-00563-JCC

**NON-PARTY APEIROGON GAMES' MOTION TO INTERVENE**

**NOTED FOR CONSIDERATION: APRIL 19, 2024**

## I.    INTRODUCTION

Apeirogon Games (Proposed Intervenor) respectfully requests leave to intervene in this matter for the limited purpose of opposing overbroad sealing requests made primarily by Defendants. Proposed Intervenor is an absent member of the proposed class and should be granted permissive leave to intervene for the limited purpose of opposing sealing under either Rule 24(b)(2) or Rule 24(b)(1)(B). Even if Proposed Intervenor is not an absent member of the proposed class Proposed Intervenor has First Amendment and common law rights of access to court records. Proposed Intervenor submits its opposition to Defendants' Motion to Seal (Dkt. No. 198), in lieu of any pleading. *See* Fed. R. Civ. P. 24(c).

## II.    STATEMENT OF FACTS

The named plaintiffs in this action have moved to certify a class that includes game developers who paid commissions to Defendants in connection with sale of a game on the Steam platform where the game was purchased by consumers based in the United States. Dkt.

NON-PARTY APEIROGON GAMES' MOTION TO INTERVENE - 1
CASE NO. 2:21-CV-00563-JCC

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

No. 203. Proposed Intervenor appears to fall within this proposed class. *See* Declaration of Peter Ryan (Ryan Decl.) ¶ 6. Even if Proposed Intervenor does not fall within the proposed class, Proposed Intervenor has First Amendment and common law rights of access to court records.

Plaintiffs' motion for class certification filed in open Court is heavily redacted and Defendants seek to keep the unredacted version of the brief under seal. *See* Dkt. No. 203 (redactions on 20 pages of 30-page brief). In addition, Defendants seek to seal or heavily redact 67 exhibits filed in connection with class certification. *See* Dkt. No. 198 at 2.

### III.     ARGUMENT AND AUTHORITY

"Nonparties seeking access to a judicial record in a civil case may do so by seeking permissive intervention under Rule 24(b)(2)." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1100 (9th Cir. 1999); *see* Fed. R. Civ. P. 24. Ordinarily, a court may grant permissive intervention if the movant presents "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). Consistent with the requirements of Rule 24(b), the court must also "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Because Proposed Intervenor seeks to intervene only for the limited purpose of opposing sealing court records, Proposed Intervenor need not "demonstrate independent jurisdiction or a common question of law or fact," only that its motion is timely. *Cosgrove v. Nat'l Fire & Marine Ins. Co.*, 770 F. App'x 793, 795 (9th Cir. 2019) (citing Beckman, 966 F.2d at 473); *see Greer v. Cty. of San Diego*, No. 19CV378-JO-DEB, 2023 WL 4479234, at *3 (S.D. Cal. July 10, 2023) ("a party who seeks to intervene solely to unseal filed documents only needs to show timeliness").

In determining whether the motion is timely, a court must consider "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *San Jose Mercury News*, 187 F.3d at 1101. Proposed Intervenor's motion is timely—it is submitted with an opposition to a sealing request before the

NON-PARTY APEIROGON GAMES' MOTION TO INTERVENE - 2
CASE NO. 2:21-CV-00563-JCC

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Court has ruled on the sealing issues. *See id.* (citing cases to demonstrate that "delays measured in years have been tolerated where an intervenor is pressing the public's right of access to judicial records").

Allowing Proposed Intervenor to intervene for the limited purpose of opposing sealing will not prejudice the parties. Even if it did, once an intervenor asserts "a legitimate, presumptive right to open the court record . . . , the potential burden or inequity to the parties should affect not the right to intervene but, rather, the court's evaluation of the merits of the applicant's motion." *San Jose Mercury News*, 187 F.3d at 1101 (quoting *Public Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 787 (1st Cir. 1988)). Furthermore, the degree of secrecy involved in these proceedings may infringe on the public's presumptive right of access to any hearing on the motion for class certification and ability to understand the reasoning contained in an order granting or denying class certification—allowing the overbroad sealing requested would require the Court to either provide only a cursory discussion of the evidentiary record at class certification or heavily redact its class certification order.

Finally, allowing Proposed Intervenor to intervene will not unduly delay or prejudice the adjudication of the original parties' rights. *See* Fed. R. Civ. P. 24(b)(3). As explained in Proposed Intervenor's opposition to pending sealing motions, Defendants have an existing burden to establish that there are compelling reasons for keeping these court records sealed. "The mere fact that Defendants will need to explain why the relevant records should [be] sealed is not, itself, unduly prejudicial." *Muhaymin v. City of Phoenix*, No. CV-17-04565-PHX-DLR, 2021 WL 5173767, at *1 (D. Ariz. Nov. 3, 2021).

Proposed Intervenor's motion to intervene for the limited purpose of opposing Defendants' request to seal both briefing and exhibits on class certification is timely and should be granted under Rule 24(b)(2).

In the alternative, Proposed Intervenor should be granted leave to intervene for the limited purpose of opposing sealing under Rule 24(b)(1)(B), which permits intervention by a person who "has a claim or defense that shares with the main action a common question of law

NON-PARTY APEIROGON GAMES' MOTION TO INTERVENE - 3
CASE NO. 2:21-CV-00563-JCC

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

or fact." Fed. R. Civ. P. 26(b)(1)(B). This standard is met because Proposed Intervenor is a member of the proposed class and has the very claim being pursued on behalf of the proposed class. Moreover, the onerous sealing requested by Defendants would limit Proposed Intervenor's ability to make a fully informed decision about whether to opt out of any class ultimately certified by the Court by shrouding in secrecy much of the evidence on which Plaintiffs rely to show that the requirements of Rule 23 are satisfied.

## IV. CONCLUSION

Because Proposed Intervenor satisfies the requirements for permissive intervention under Rule 24(b), the Court should grant its motion and allow Proposed Intervenor to assert its First Amendment and common law rights of access to court records.

RESPECTFULLY SUBMITTED AND DATED this 3rd day of April, 2024.

TERRELL MARSHALL LAW GROUP PLLC

*I certify that this memorandum contains 1,039 words, in compliance with the Local Civil Rules.*

By: /s/Beth E. Terrell, WSBA #26759
    Beth E. Terrell, WSBA #26759
    Email: bterrell@terrellmarshall.com
    Blythe H. Chandler, WSBA #43387
    Email: bchandler@terrellmarshall.com
    936 N. 34th Street, Suite 300
    Seattle, Washington 98103
    Telephone: (206) 816-6603
    Facsimile: (206) 319-5450

*Attorneys for Intervenor Apeirogon Games*

NON-PARTY APEIROGON GAMES' MOTION TO INTERVENE - 4
CASE NO. 2:21-CV-00563-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com