# EXHIBIT

# A

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | Case No. 2:21-cv-00563-JCC<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT VALVE CORPORATION'S MOTION TO SEAL**<br><br>**NOTE ON MOTION CALENDAR:**<br>**April 5, 2024** |

PLFS' RESP. TO VALVE MOT. TO SEAL
CASE NO. 2:21-CV-00563-JCC

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................................1

II.   LEGAL STANDARD..........................................................................................................2

III.  ARGUMENT......................................................................................................................3

      A.    Plaintiffs Consent, Or Take No Position, As To Certain Materials Valve Seeks To Seal ............................................................................................................3

      B.    Valve's Other Proposed Redactions To Plaintiffs' Motion For Class Certification Are Not Warranted ..................................................................................4

      C.    Valve's Other Proposed Redactions To The Rietveld Report Are Not Warranted..................................................................................................................9

      D.    Valve's Other Requests To Seal Plaintiffs' Class Certification Exhibits Are Not Warranted.................................................................................................10

IV.  CONCLUSION.................................................................................................................11

PLIFFS' RESP. TO VALVE MOT. TO SEAL  
CASE NO. 2:21-CV-00563-JCC

i

QUINN EMANUEL URQUHART & SULLIVAN  
1109 FIRST AVENUE, SUITE 210  
SEATTLE, WASHINGTON 98101  
TEL: (206) 905-7000

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Apple Inc. v. Psystar Corp.*,
    2012 WL 10852 (N.D. Cal. Jan. 3, 2012) .................................................................................5

*Applied Materials, Inc. v. Demaray LLC*,
    2023 WL 4409106 (N.D. Cal. July 7, 2023) ..............................................................................5

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
    966 F.2d 470 (9th Cir. 1992) .....................................................................................................3

*Benanav v. Healthy Paws Pet Ins. LLC*,
    2023 WL 8648962 (W.D. Wash. Dec. 14, 2023) ......................................................................3

*Bernsten v. O'Reilly*,
    307 F. Supp. 3d 161 (S.D.N.Y. 2018) .......................................................................................8

*Brown & Williamson Tobacco Corp. v. F.T.C.*,
    710 F.2d 1165 (6th Cir. 1983) ...................................................................................................6

*Ctr. for Auto Safety v. Chrysler Grp., LLC*,
    809 F.3d 1092 (9th Cir. 2016) ...............................................................................................2, 3

*Dark Catt Studios Holdings, Inc. v. Valve Corp.*,
    2021 WL 4592845 (W.D. Wash. Oct. 6, 2021) .........................................................................7

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
    331 F.3d 1122 (9th Cir. 2003) ...................................................................................................2

*HDT Bio Corp. v. Emcure Pharms., Ltd.*,
    2023 WL 8433121 (W.D. Wash. Dec. 5, 2023) ........................................................................4

*Kamakana v. City & Cnty. of Honolulu*,
    447 F.3d 1172 (9th Cir. 2006) ...............................................................................................2, 6

*Kenny v. Pac. Inv. Mgmt. Co. LLC*,
    2018 WL 3328224 (W.D. Wash. July 6, 2018) .........................................................................5

*Kentucky v. Marathon Petroleum Co. LP*,
    2018 WL 3130945 (W.D. Ky. June 26, 2018) ..........................................................................6

*MasterObjects, Inc. v. Amazon.com, Inc.*,
    2022 WL 4074653 (N.D. Cal. Sept. 5, 2022) ............................................................................7

MOT. FOR CLASS CERT.
CASE NO. 2:21-CV-00563-JCC

ii

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

*Moussouris v. Microsoft Corp.*,
   2018 WL 1159251 (W.D. Wash. Feb. 16, 2018) ................................................................. 3, 8

*Perry v. City & Cnty. of San Francisco*,
   2011 WL 2419868 (9th Cir. Apr. 27, 2011) ............................................................................. 6

*Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*,
   2018 WL 1811471 (E.D. Mich. Apr. 17, 2018) ....................................................................... 6

*Splunk Inc. v. Cribl, Inc.*,
   2024 WL 582712 (N.D. Cal. Feb. 13, 2024) ........................................................................... 7

*Synchronoss Techs., Inc. v. Dropbox Inc.*,
   2018 WL 11414644 (N.D. Cal. Dec. 3, 2018) ......................................................................... 3

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
   2013 WL 4426507 (N.D. Cal. Aug. 14, 2013) ........................................................................ 7

*Wetzel v. CertainTeed Corp.*,
   2019 WL 1236859 (W.D. Wash. Mar. 18, 2019) .................................................................... 3

*Williams v. U.S. Bank Nat. Ass'n*,
   290 F.R.D. 600 (E.D. Cal. 2013) ............................................................................................ 5

## **Other Authorities**

Fed. R. Civ. P. 23(a) ............................................................................................................................ 3

MOT. FOR CLASS CERT.
CASE NO. 2:21-CV-00563-JCC

iii

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

## I. INTRODUCTION

While Plaintiffs take no position on, or even agree with, certain limited aspects of Valve's Motion to Seal (the "Motion," Dkt. 198), Plaintiffs contend there are broad categories of documents and information at issue where the public's interest in disclosure outweighs Valve's stated confidentiality and privacy concerns. With respect to these categories, Plaintiffs respectfully oppose Valve's motion to seal. In particular, Plaintiffs oppose the majority of Valve's efforts to seal portions of Plaintiffs' Class Certification Motion, as Valve's proposed redactions would serve only to obscure Valve's anticompetitive conduct from public scrutiny, rather than protect genuinely sensitive commercial information. Plaintiffs also oppose Valve's request to seal a number of its internal communications that do not reflect commercially sensitive information, and in any event are stale.

Given the large number of requests for sealing and redaction submitted by Valve, for the Court's ease of reference, Plaintiffs have attached Appendix 1, which identifies in chart form:

(1) Each of Valve's requests for sealing or redaction as to Plaintiffs' Class Certification Motion, the Cobb Declaration, and the Exhibits[1] (as reflected in Valve's filings at Dkts. 198-200);

(2) Valve's own description of its bases for those sealing or redaction requests (as reflected in the charts filed by Valve at Dkt. 200 (Schenck Declaration), Dkt. 200-2 (Chart Reflecting Redactions in Memo ISO Class Cert), and Dkt. 200-5 ("Proposed Redactions" for the Rietveld Report); and

(3) Plaintiffs' position as to each request (consent, object, or take no position), and the bases for those positions.

In addition, for the Court's ease of reference Plaintiffs have attached Appendices 2, 3, and 4, which are copies of Plaintiffs' Class Certification Motion (Dkt. 181), the Cobb Declaration (Dkt. 182), and relevant Exhibits (*id.*),[2] all with highlighting indicating the redactions Valve has

---

[1] Valve's Motion, and Plaintiffs' Response and Appendices, do not address Cobb Declaration Exhibit 1 (Expert Report of Steve Schwartz), redactions to which the parties stipulated would be handled in a separate sealing process after the resolution of this Motion. Dkt. 178.

[2] Plaintiffs do not re-submit here all of the Exhibits they submitted under seal with their Class Certification Motion. Rather, Plaintiffs provide here only those Exhibits where the Plaintiffs

PLFFS' RESP. TO VALVE MOT. TO SEAL
CASE NO. 2:21-cv-00563-JCC

1

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

requested, and color-coding indicating Plaintiffs' position as to each (green = Plaintiffs agree, red = Plaintiffs object, and yellow = Plaintiffs take no position).

## II. LEGAL STANDARD

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Thus, when considering a sealing request, courts begin with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

As a default rule, the party seeking to seal court filings bears the burden of overcoming this presumption with "compelling reasons supported by specific factual findings." *Kamakana*, 447 F.3d at 1178. These compelling reasons must "outweigh the general history of access and the public policies favoring disclosure," and must not "rely[] on hypothesis or conjecture." *Id.* at 1178-79. This standard is met when "court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (citation omitted).

For sealing requests related to motions that are only "tangentially related to the underlying cause of action," courts have "carved out an exception," such that courts may apply the "good cause" standard, rather than the "compelling reasons" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097-99 (9th Cir. 2016). Even under the "good cause" standard, the party seeking sealing must show "specific prejudice or harm" for each document it seeks to protect. *Foltz*, 331 F.3d at 1130. "'Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning' are insufficient to establish good cause." *Synchronoss Techs., Inc. v.*

---

oppose one or more redactions Valve has proposed. Plaintiffs do not resubmit here (1) Exhibits which Valve seeks to keep entirely under seal, with which Plaintiffs are in agreement or take no position; or (2) Exhibits which Valve seeks to keep entirely under seal, where Plaintiffs object in full to sealing (except as to redactions for personally identifiable information ("PII")).

PLFFS' RESP. TO VALVE MOT. TO SEAL
CASE NO. 2:21-CV-00563-JCC

2

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

*Dropbox Inc.*, 2018 WL 11414644, at *1 (N.D. Cal. Dec. 3, 2018) (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).

Still, the "compelling reasons" standard remains applicable to "technically nondispositive motions" that "are strongly correlative to the merits of a case." *Chrysler*, 809 F.3d at 1099. Accordingly, the "compelling reasons" standard is often applied to motions for class certification because "the 'rigorous analysis' district courts engage in to determine whether the requirements of Federal Rule of Civil Procedure 23(a) have been satisfied at the class certification stage will '[f]requently . . . entail some overlap with the merits of the plaintiff's underlying claim.'" *Benanav v. Healthy Paws Pet Ins. LLC*, 2023 WL 8648962, at *6 (W.D. Wash. Dec. 14, 2023); *see also Wetzel v. CertainTeed Corp.*, 2019 WL 1236859, at *3 (W.D. Wash. Mar. 18, 2019); *Moussouris v. Microsoft Corp.*, 2018 WL 1159251, at *4 (W.D. Wash. Feb. 16, 2018) (collecting cases).

### III.   ARGUMENT

**A.   Plaintiffs Consent, Or Take No Position, As To Certain Materials Valve Seeks To Seal**

As an initial matter, Plaintiffs consent to a limited subset of Valve's requests, which Plaintiffs agree reflect information that could reasonably be considered competitively sensitive.[3] *See* Appendix 1 (chart reflecting Plaintiffs' positions on Valve's sealing and redaction requests), Appendix 2 (highlighted brief reflecting Plaintiffs' agreement to certain redactions in green), Appendix 3 (highlighted Cobb Declaration reflecting Plaintiffs' agreement to certain redactions in green), Appendix 4 (highlighted Exhibits reflecting Plaintiffs' agreement to certain redactions in green).

In addition, Plaintiffs take no position as to certain of Valve's other requests.[4] *See* Appendix 1 (chart reflecting Plaintiffs' positions on Valve's sealing and redaction requests),

---

[3]   Those requests that Plaintiffs consent to, at least in part, are reflected in the Class Certification Motion (at 6, 8, 12, 15, and 16), in the Cobb Declaration (5:18), and in Exhibit 2 (at 7, 27, 59, 62, 65, 85-86, and 111), and Exhibits 3, 4, 7-11, 15-16, 18, 21-25, 28-31, 34, 36-44, 46-47, 49, 51-52, 55-57, 63-64, 66, 77, and 79.

[4]   Those requests that Plaintiffs take no position on, at least in part, are reflected in the Class Certification Motion (at 5, 7, 8, 10, 11, 12, 14, 15, 16, 21 and 23), in the Cobb Declaration, and in

PLFFS' RESP. TO VALVE MOT. TO SEAL
CASE NO. 2:21-CV-00563-JCC

3

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

Appendix 2 (highlighted brief reflecting Plaintiffs taking no position regarding certain redactions in yellow), Appendix 3 (highlighted Cobb Declaration reflecting Plaintiffs taking no position regarding certain redactions in yellow), Appendix 4 (highlighted Exhibits reflecting Plaintiffs taking no position regarding certain redactions in yellow).

Finally, even where Plaintiffs otherwise oppose sealing or redaction of the Exhibits, Plaintiffs do not object to limited redactions to protect PII, including, for example, redactions to individuals' email addresses.

**B.  Valve's Other Proposed Redactions To Plaintiffs' Motion For Class Certification Are Not Warranted**

Plaintiffs disagree that significant redactions of Plaintiffs' Class Certification Motion (Dkts. 181 and 200-1) are merited.  Under either the "good cause" or "compelling reasons" standard, Plaintiffs object to most of Valve's proposed redactions to Plaintiffs' Motion.[5]  *See* Appendix 1 (chart reflecting where Plaintiffs object to Valve's redaction requests), Appendix 2 (highlighted brief reflecting Plaintiffs' objections in red).

*First*, Valve seeks to redact publicly available information.  As one example Valve seeks to redact (Dkt. 200-2 at 8) certain Steam Key commitments that are in the public domain already.  *See, e.g.,* Dkt. 127 (Plaintiffs' SCAC) at ¶ 196.  There is no basis to seal such information.  *See, e.g.*, *HDT Bio Corp. v. Emcure Pharms., Ltd.*, 2023 WL 8433121, at *3 (W.D. Wash. Dec. 5, 2023) (rejecting request for sealing where information in declarations and web pages was publicly

---

Exhibit 2 (at 27, 105, and 107-08), and Exhibits 3, 7-11, 18, 21-22, 24-25, 27-31, 36-44, 46-52, 55-57, 62-64, and 66.

[5]  Those redactions to which Plaintiffs object are reflected in the Class Certification Motion at 2:14-18; 3:2-6; 5, n.4; 5:20-22; 6:2-3; 6:3-4; 6:8-9; 6:10-11; 6:12-13; 6:13-14; 6:21-7:9; 7:10-11; 7:11-13; 7:14-15; 7:17-25; 8:1-3; 8:11-14; 8:22-26;. 8:27-9:3; 9:1-3; 9:8-10; 9:10-12; 9:12-15; 9:15-16; 9:17-18; 9:18-21; 9:27-10:3; 10:5-6; 10:6-8; 10:13-15; 10:22-26; 10:26-11:1; 11:8-9; 11:9-11; 11:12-13; 11:14-15; 11:15-16; 11:17-18; 11:19-21; 11:22-23; 11:23-26; 11:26-12:2; 12:12-14; 12:15-17; 12:17-18; 12:18-21; 12:24-26; 12:26-27; 13:1-2; 13:2-3; 13:3-5; 13:6-8; 13:8-11; 13:11-12; 13:13-14; 13:15-16; 14:4-6; 14:11-14; 14:25-15:1; 15:15-17; 15:18-19; 16:8-11; 16:11-13; 16:14-15; 16:16-17; 16:17-19; 16:20; 16:21-22; 16:22-24; 21:19-22 (objection in part, and no position in part); 23:18-20; 23:20-22; 26:3-15; 26:17-21; 27:3; 27:25-27; 29:3-6; 29:8-9; and 29:12.

PLFFS' RESP. TO VALVE MOT. TO SEAL
CASE NO. 2:21-CV-00563-JCC

4

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

available); *Apple Inc. v. Psystar Corp.*, 2012 WL 10852, at *2 (N.D. Cal. Jan. 3, 2012) ("There is no compelling reason to justify sealing the documents if the information is already available to the public."); *see also Williams v. U.S. Bank Nat. Ass'n*, 290 F.R.D. 600, 608-09 (E.D. Cal. 2013) (information defendant had "freely disclosed elsewhere" did not meet standard for sealing).

*Second*, Valve seeks to put under seal stale information that dates back years, or even decades. In one example, Valve seeks to redact (Dkt. 200-2 at 18) email correspondence from 2009—about fifteen years ago. Even if such information could have been deemed competitively sensitive way back then, it no longer is, especially in the fast-moving gaming industry. "[T]here are no compelling reasons to seal stale information." *Applied Materials, Inc. v. Demaray LLC*, 2023 WL 4409106, at *2 (N.D. Cal. July 7, 2023); *see also Kenny v. Pac. Inv. Mgmt. Co. LLC*, 2018 WL 3328224, at *2 (W.D. Wash. July 6, 2018) (rejecting defendant's arguments that information that was three or four years old was competitively sensitive, and denying defendant's request to seal the stale information).

*Third*, and finally, rather than protecting sensitive financial or commercial information, many of Valve's proposed redactions to Plaintiffs' Class Certification Motion appear to be nothing more than an attempt to hide Valve's anticompetitive conduct. For example, Valve seeks to put under seal a quote from an internal Valve document expressing a fear that Valve would be harmed by the removal of Valve's anticompetitive practices. Class Cert. Mot. at 2. Valve also seeks to seal internal employee language expressing the extent to which Valve is an extremely profitable company. Class Cert. Mot. at 3. And as a final example, Valve seeks to seal guidance it regularly provided to third parties—often class members—explaining that lower prices on non-Steam platforms are not allowed. Class Cert. Mot. at 2, 3, 8; *see also* Appendices 1-2 (reflecting Valve's proposed redactions and Plaintiffs' positions); Dkt. 200-1 (Valve's proposed redacted brief); Dkt. 200-2 (chart reflecting Valve's justifications for brief redactions).

While, as reflected above, Plaintiffs have agreed to certain limited redactions of information that can reasonably be considered competitively sensitive (and have taken no position as to certain others), the vast majority of what Valve seeks to redact cannot credibly be described

PLFFS' RESP. TO VALVE MOT. TO SEAL
CASE NO. 2:21-cv-00563-JCC

5

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

as competitively sensitive: it does not, for example, reveal sensitive information regarding Valve's costs or revenues; nor does it reflect proprietary and confidential business strategy. To the contrary, many of the redactions Valve seeks to make are to its own communications to *third parties* regarding its *broadly applicable* policies.

Courts routinely reject such efforts to seal information. That embarrassing documents may negatively affect a company's reputation does not outweigh the presumption of public access. *See, e.g.*, *Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."); *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983) ("Simply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access…."); *Kentucky v. Marathon Petroleum Co. LP*, 2018 WL 3130945, at *6 (W.D. Ky. June 26, 2018) (indicating documents "that would show that [the defendant] engaged in anticompetitive conduct" is evidence the public would have a substantial interest in knowing).

And indeed, in "'antitrust' cases, the public's interest is focused not only on the result, but also on the conduct giving rise to the case." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 2018 WL 1811471, at *2 (E.D. Mich. Apr. 17, 2018) (quoting *Brown & Williamson*, 710 F.2d at 1179). "In those cases, 'secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption.'" *Id.* "Thus, '[t]he public has an interest in ascertaining what evidence and records the [] Court ha[s] relied upon in reaching [its] decisions.'" *Id.*; *accord Perry v. City & Cnty. of San Francisco*, 2011 WL 2419868, at *67 (9th Cir. Apr. 27, 2011) ("The public has an interest in ascertaining what evidence and records the District Court . . . relied upon in reaching [its] decisions.") (quoting *Brown & Williamson*, 710 F.2d at 1181).

Here, Valve claims that "Valve and third parties derive significant strategic and economic value from the confidentiality of such information and its public disclosure would cause significant harm to Valve's and third parties' competitive standing." Mot. at 5. But the only support Valve provides for this generic statement is a citation to self-serving paragraphs in the Schenck

PLFFS' RESP. TO VALVE MOT. TO SEAL
CASE NO. 2:21-cv-00563-JCC

6

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

Declaration. *See id.*; Dkt. 200 (Schenck Decl.) ¶¶ 7-9.  Indeed, throughout Valve's Motion, Valve engages in a perfunctory listing of the generic reasons why Valve believes the disclosure of its information will result in competitive harm, each time citing to the same paragraphs in that Declaration.  *See* Mot. at 9-15; Schenck Decl. ¶¶ 7-9.  These paragraphs generically assert that disclosure will, for example, "harm…Valve's competitive standing" and "[n]egatively impact Valve's ability to negotiate future contracts," Mot. at 5, 12, but Valve does not explain with any specificity *how* any particular documents or specific information would have that result.

Valve's justifications amount to nothing more than "generic statement[s] that disclosure would 'allow a competitor or other third party to understand or infer information about the inner workings of [its] confidential [business].'" *MasterObjects, Inc. v. Amazon.com, Inc.*, 2022 WL 4074653, at *4 (N.D. Cal. Sept. 5, 2022).  This justification is "insufficiently broad and generic" because it "does not adequately explain how the material would qualify as a trade secret." *Id.* (rejecting Amazon's request to seal source code information because Amazon failed to "describe with particularity how disclosure of [certain] fact[s] would cause competitive harm"); *see also Splunk Inc. v. Cribl, Inc.*, 2024 WL 582712, at *1 (N.D. Cal. Feb. 13, 2024) ("Vague assertion[s]…untethered to specific passages in the[] documents" are "insufficient justification" to support sealing); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2013 WL 4426507, at *2 (N.D. Cal. Aug. 14, 2013) (party's "broad and generic statements" of competitive harm and security concerns did not meet the compelling reasons standard where party "provide[d] no specific facts or explanation of…what these security concerns are, how it would be hurt competitively and why it expects that this would result from public disclosure of this material"); *Dark Catt Studios Holdings, Inc. v. Valve Corp.*, 2021 WL 4592845, at *1 (W.D. Wash. Oct. 6, 2021) ("The cursory assertion provided by Defendant is not sufficient to establish compelling reasons outweighing the public's interest in access to the Court's files.").

Similarly deficient is Valve's blanket reliance on confidentiality provisions in its agreements with third parties to justify its sealing requests, including requests to seal Valve's own description of its broadly-applicable anticompetitive policies (merely because Valve described

PLFFS' RESP. TO VALVE MOT. TO SEAL
CASE NO. 2:21-CV-00563-JCC

7

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

them in an email to third parties with whom it has a confidentiality agreement). Valve argues that certain information needs to be redacted from the filings because Valve has confidentiality agreements with its publishers and that these agreements justify Valve's request for sealing. Not so.[6] "[B]argained-for confidentiality does not overcome the presumption of access to judicial documents." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) (collecting cases); *see also Moussouris v. Microsoft Corp.*, 2018 WL 1159251, at *8 (W.D. Wash. Feb. 16, 2018) ("The existence of a confidentiality provision, without more, does not constitute good cause, let alone a compelling reason, to seal.") (collecting cases). Valve's confidentiality agreements with its publishers therefore do not justify Valve's broad requests for redaction to Plaintiffs' Class Certification Motion.[7]

In addition to the above legally baseless justifications for redacting information, Valve requests that statements in the Plaintiffs' Motion citing the Expert Report of Steven Schwartz (Cobb Declaration Exhibit 1) remain redacted for the time being and be left to be litigated at a later date. Valve does not provide support for each of those individual statements being competitively sensitive and thus requiring sealing. Instead, Valve seemingly takes the position that simply because the Parties had agreed that redactions to Exhibit 1 itself could be handled after the Court resolves Valve's other requests (so that the Parties would have the benefit of the Court's guidance when proposing redactions to Exhibit 1), *see*, *e.g.*, Dkt. 200-2 at 2 ("The parties will file a motion

---

[6] To be clear, Plaintiffs have taken no position with respect to whether certain Exhibits reflecting Valve's communications with third-party publishers should be sealed. *See* Appendix 1. However, with respect to Plaintiffs' Class Certification Motion itself, Plaintiffs have objected to the many instances in which Valve seeks to redact *its own descriptions* of its broadly-applicable anticompetitive policies because those descriptions appear in emails that were sent to third parties with whom Valve has a confidentiality agreement.

[7] Valve attempts to speak for the parties it has contracted with when it states that third parties may be "unhappy with [the release of information or be] afraid of future releases," and thus "would reduce or end their business relationships with Valve." Dkt. 198 at 12 (citing Schenck Decl. ¶ 9). Nowhere in Valve's Motion or supporting papers does Valve state that it has notified all the third parties at issue of the present Motion to Seal. In any event, the redactions Plaintiffs object to are of *Valve's own statements* of its broadly-applicable anticompetitive policies.

PLFFS' RESP. TO VALVE MOT. TO SEAL
CASE NO. 2:21-cv-00563-JCC

8

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

1  to seal regarding the Schwartz Report."), even portions of the Class Certification Motion that cite
2  to Exhibit 1 should be left redacted indefinitely.  That is contrary to the Parties' agreement and the
3  Court's Order regarding the process for motions to seal, which specifies that Valve must file its
4  motion to seal by March 12, 2024, and that *only* motions to seal the Schwartz Report itself may be
5  filed at a later date.  Dkt. 185 at 3.  While Plaintiffs have agreed to a limited number of such
6  redactions, which Plaintiffs agree reflect information that could be reasonably considered
7  competitively sensitive (such as profit or cost figures), most do not.  They reflect Dr. Schwartz's
8  opinion rather than statements by Valve, and are not commercially sensitive to Valve.

### C.  Valve's Other Proposed Redactions To The Rietveld Report Are Not Warranted

Plaintiffs likewise object, under either the "good cause" or "compelling reason" standard, to Valve's remaining requests to redact information contained in the Expert Report of Joost Rietveld (Cobb Declaration Exhibit 2).[8]  *See* Appendix 1 (chart reflecting where Plaintiffs object to Valve's redaction requests), Appendix 4 (highlighted Exhibit 2, reflecting Plaintiffs' objection in red, consent in green, and taking no position in yellow).

For the same reasons described above with respect to Valve's proposed redactions to Plaintiffs' Class Certification Motion, *supra* III.B, many of Valve's proposed redactions to the Rietveld Report appear to be attempts to conceal Valve's anticompetitive conduct, rather than protecting legitimately sensitive financial or business information.  Additionally, several of Valve's requests relate to publicly available information, but there is no basis to seal such information.  *See supra* III.B.  These are not proper bases on which to shield documents from public view, and Valve has not provided sufficient support for its request, but instead only broad allegations of non-specific harm as detailed in Appendix 1.

---

[8] The redactions to which Plaintiffs object are reflected in Exhibit 2 at pages 7, 14-15, 27, 54-55, 58, 62, 65-66, 85-86, 89, 97-100, 104-05, 107-08, and 111.

PLFFS' RESP. TO VALVE MOT. TO SEAL
CASE NO. 2:21-CV-00563-JCC
9
QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

### D. Valve's Other Requests To Seal Plaintiffs' Class Certification Exhibits Are Not Warranted

Plaintiffs also object, under either the "good cause" or "compelling reasons" standard, to Valve's broad-sweeping requests to keep the remaining Exhibits to Plaintiffs' Class Certification Motion under seal or in redacted form.[9] *See* Appendix 1 (chart reflecting where Plaintiffs object to Valve's sealing or redaction requests), Appendix 4 (highlighted Exhibits where Plaintiffs oppose at least one of Valve's proposed redactions, with green meaning Plaintiffs agree to the redaction, red meaning Plaintiffs object, yellow meaning Plaintiffs take no position).

*First*, Valve's request should be denied in part with respect to Exhibits 20, 33, 45, 53-54, 59-60, 69, 75, and 76, because Valve is seeking to seal information that is already publicly available. As discussed above, *supra* III.B, the sealing of information and materials found in the public domain is not supported by law. For example, Valve argues (Dkt. 200 at 27) for a redaction in Exhibit 45 of a screenshot of Valve's website—a website that was publicly-available—showing the price of XCOM 2 as of February 5, 2016, claiming it reflects "Valve's business, decision making, and/or operations." Dkt. 200 at 27 (requesting sealing of the "entire body of the September 22, 2014, 8:14 AM email"). Valve has waived that justification by making the information available to the public already. Similarly, Valve proposes (Dkt. 200 at 39) to place Exhibit 69 entirely under seal, even though it contains a version of a "Revenue Share Communication" that it publicly posted on the Internet and is available to the public currently.[10] As a final example, Valve seeks (Dkt. 200 at 34-35) to redact a portion of Exhibit 59, which reflects a discussion of things many Valve employees saw "in the press" in 2011. None of this is justified.

---

[9] Plaintiffs object to Valve's requests to keep Exhibits 26, 32, 35, 54, 60, 65, 69-70, and 76 entirely under seal. Plaintiffs also object to Valve's requests to apply broad redactions to Plaintiffs' Exhibits 4, 5, 17, 19-20, 33, 45, 53, 58-59, 61, 75, and 79. However, as reflected above, *supra* n.2, even where Plaintiffs otherwise object to Valve's sealing or redaction requests, Plaintiffs have no objection to redactions for purposes of protecting PII, including individuals' email addresses.

[10] Valve, *New Revenue Share Tiers and other updates to the Steam Distribution Agreement*, available *at* https://steamcommunity.com/groups/steamworks/announcements/detail/1697191267930157838.

PLFFS' RESP. TO VALVE MOT. TO SEAL
CASE NO. 2:21-CV-00563-JCC
10
QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

1    *Second*, Valve seeks to seal or redact Exhibits it claims reflect commercially sensitive business information, at Exhibits 4-5, 17, 19-20, 26, 32-33, 60, 75-76, and 79.  But on their face, many of these documents reflect Valve's descriptions of its own policies or practices that are broadly applied across many third-party publishers—and which, as reflected in other Exhibits, Valve would commonly convey to third-party publishers over email or otherwise.  It strains credulity to claim such discussions are proprietary or competitively sensitive, and Valve's declarations certainly do not explain how the information meets the standard for sealing.  *See supra* III.B.

Plaintiffs likewise oppose sealing of Exhibit 75, the SDA that one of the named Plaintiffs (Dark Catt) itself executed with Valve.  This Court has already recognized that significant portions of Valve's SDAs are publicly available and do not meet the standard for sealing.  *Dark Catt v. Valve*, Case. No. 2:21-cv-00872-JCC, Order, Dkt. No. 53 at 2.  Dark Catt does not support the sealing of this document, and neither does the law.

Finally, even if the information Valve seeks to seal would qualify as competitively sensitive if it had been prepared recently, it no longer qualifies as such due to its age, as reflected in Exhibits 4-5, 17, 20, 32, 35, 45, 53-54, 59-61, 65, 69-70, 76, and 79.  There is no basis for sealing such information.  *See supra* III.B.

## IV.     CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that, as detailed in Appendices 1-4, the Court grant those portions of Valve's Motion with which Plaintiffs agree, and deny those portions of Valve's Motion which Plaintiffs oppose.

PLFFS' RESP. TO VALVE MOT. TO SEAL
CASE NO. 2:21-CV-00563-JCC
11
QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

**LCR 7 CERTIFICATION**

I certify that this memorandum contains 3,985 words, in compliance with the 4,200 word limit set forth in Local Civil Rule 7(e)(2).

DATED: April 1, 2024

*/s/ Alicia Cobb*
Alicia Cobb, WSBA #48685

PLFFS' RESP. TO VALVE MOT. TO SEAL
CASE NO. 2:21-CV-00563-JCC

12

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

| | | |
|---|---|---|
| 1 | DATED:     April 3, 2024 | Respectfully submitted, |
| 2 | */s/ Alicia Cobb* | */s/ Stephanie L. Jensen* |
| 3 | Alicia Cobb, WSBA #48685 | Stephanie L. Jensen, WSBA #42042 |

DATED:     April 3, 2024     Respectfully submitted,

/s/ Alicia Cobb

Alicia Cobb, WSBA #48685
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Phone (206) 905-7000
Fax (206) 905-7100
aliciacobb@quinnemanuel.com

Steig D. Olson (*pro hac vice*)
David LeRay (*pro hac vice*)
Nic V. Siebert (*pro hac vice*)
Andrew Faisman (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue
New York, New York 10010
Phone (212) 849-7231
Fax (212) 849-7100
steigolson@quinnemanuel.com
davidleray@quinnemanuel.com
nicolassiebert@quinnemanuel.com
andrewfaisman@quinnemanuel.com

Adam Wolfson (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Phone (213) 443-3285| Fax (213) 443-3100
adamwolfson@quinnemanuel.com

Charles Stevens (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California St., 22nd Floor
San Francisco, CA 94111
Phone (415) 875-6600
Fax (415) 875-6700
charliestevens@quinnemanuel.com

Ankur Kapoor (*pro hac vice*)
Noah Brecker-Redd *(pro hac vice)*
CONSTANTINE CANNON LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
Phone (212) 350-2700
Fax (212) 350-2701
akapoor@constantinecannon.com
nbrecker-redd@constantinecannon.com

/s/ Stephanie L. Jensen

Stephanie L. Jensen, WSBA #42042
Tyre L. Tindall, WSBA #56357
WILSON SONSINI GOODRICH &
ROSATI P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Phone (206) 883-2500
Fax (866) 974-7329
sjensen@wsgr.com
ttindall@wsgr.com

Kenneth R. O'Rourke (*pro hac vice*)
Allison B. Smith (*pro hac vice*)
WILSON SONSINI GOODRICH &
ROSATI, P.C.
1700 K Street, NW, Suite 500
Washington, DC 20006
Phone (202) 973-8800
Fax (866) 974-7329
korourke@wsgr.com
allison.smith@wsgr.com

W. Joseph Bruckner (*pro hac vice*)
Joseph C. Bourne (*pro hac vice*)
Laura M. Matson (*pro hac vice*)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Phone (612) 339-6900
Fax (612) 339-0981
wjbruckner@locklaw.com
jcbourne@locklaw.com
lmmatson@locklaw.com

Kyle Pozan (*pro hac vice*)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
1165 N. Clark Street, Suite 700
Chicago, IL 60610
Phone (612) 339-6900
Fax (612) 339-0981
kjpozan@locklaw.com

*Interim Co-Lead Counsel*

PLFFS' RESP. TO VALVE MOT. TO SEAL
CASE NO. 2:21-cv-00563-JCC

13

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

J. Wyatt Fore (*pro hac vic*e)
CONSTANTINE CANNON LLP
1001 Pennsylvania Ave., NW, Suite 1300N
Washington, D.C. 20004
Phone (202) 204-4527
Fax (202) 204-3501
wfore@constantinecannon.com

*Interim Co-Lead Counsel*

Kenneth J. Rubin (*pro hac vice*)
Timothy B. McGranor (*pro hac vice*)
Kara M. Mundy (*pro hac vice*)
Douglas R. Matthews (*pro hac vice*)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, Ohio 43215
Phone (614) 464-6400
Fax (614) 719-4796
kjrubin@vorys.com
tbmcgranor@vorys.com
kmmundy@vorys.com
drmatthews@vorys.com

Thomas N. McCormick (*pro hac vice*)
VORYS, SATER, SEYMOUR AND PEASE LLP
4675 MacArthur Court, Suite 700
Newport Beach, California 92660
Phone (949) 526-7903 | Fax (949) 383-2384
tnmccormick@vorys.com

*Executive Committee Member*

PLFFS' RESP. TO VALVE MOT. TO SEAL
CASE NO. 2:21-CV-00563-JCC

14

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

DATED: April 1, 2024

                                     */s/ Alicia Cobb*
                                     Alicia Cobb, WSBA #48685

PLFFS' RESP. TO VALVE MOT. TO SEAL
CASE NO. 2:21-CV-00563-JCC

15

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000