THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | No. 2:21-cv-00563-JCC<br><br>**VALVE CORPORATION'S REPLY IN SUPPORT OF MOTION TO SEAL**<br><br>NOTE ON MOTION CALENDAR:<br>APRIL 5, 2024 |

## I. INTRODUCTION

Plaintiffs' Class Certification Motion cites more than a thousand pages of competitively sensitive and proprietary information, even though much of it has nothing to do with class certification. This information is not public, and Valve and its business partners have gone to great lengths—including confidentiality agreements, protective orders, and internal security measures—to ensure that it does not become so. Yet, Plaintiffs claim this sensitive financial and business information must be disclosed to the public simply because Plaintiffs submitted it in support of their non-dispositive motion. Moreover, proposed intervenors, rather than

VALVE CORPORATION'S REPLY IN SUPPORT
OF MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 1

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

representing the "public interest," admit they seek this information as free discovery in connection with separate actions they plan to file. These arguments lack merit and do nothing to overcome Valve's strong and detailed support for its Motion to Seal ("Motion").

## II. REPLY ARGUMENT

**1. The Court Should Apply the "Good Cause" Standard**

On class certification, "the primary consideration for the Court is whether the class device is appropriate." *Kautsman v. Carrington Mortgage Servs., LLC*, No. 2:16-cv-01940-JCC, Dkt. 51 at 2 (W.D. Wash. Oct. 2, 2017); *see also* Class Certification Motion, Dkt. 181 at 17 (merits are considered only to the extent they are relevant in determining whether to certify a class).

Because class certification only "tangentially relate[s] to the merits of a case," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), the "vast majority of courts within this circuit" evaluate motions to seal class certification documents using the "good cause" standard. *Lessin v. Ford Motor Co.*, 2024 WL 1164427, at *2 (S.D. Cal. Mar. 18, 2024); *Ramirez v. GEO Grp.*, 2019 WL 6782920, at *3 (S.D. Cal. Dec. 11, 2019); *Weidenhamer v. Expedia, Inc.*, 2015 WL 7157282, at *2 (W.D. Wash. Nov. 13, 2015); *see also Olberg v. Allstate Ins. Co.*, 2021 WL 1208588, at *1 (W.D. Wash. Mar. 31, 2021). In any event, Valve's motion to seal satisfies both standards.

**2. The Court Should Grant Valve's Motion**

    a. <u>Competitively Sensitive Financial and Business Information of Valve and Third Parties Merits Protection</u>

As set forth in Valve's Motion, compelling reasons exist to keep Valve's and third parties' proprietary financial, marketing, promotion, sales, and pricing information, as well as business models and discounting strategies, under seal. Public disclosure of this information

VALVE CORPORATION'S REPLY IN SUPPORT
OF MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 2

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

would cause Valve and third parties substantial competitive harm, as competitors could use this information to gain an advantage in the marketplace by, among other things, developing and marketing rival products, setting prices, modifying marketing activity, or negotiating future contracts. Schenck Decl. ¶¶7-8. Additionally, Valve's and third parties' economic investment in developing and protecting this information would be lost by public revelation. *Id.* ¶7. Courts routinely keep this type of proprietary information under seal. *See, e.g., Clean Crawl, Inc. v. Crawl Space Cleaning Pros, Inc.*, 2019 WL 6829886, at *1 (W.D. Wash. Dec. 13, 2019).

Further, Valve provided notice to third parties whose confidential information (which is protected under Valve's contracts with them)[1] may be disclosed in Plaintiffs' class certification filing. *See* Marks-Dias Decl. ¶3. Several of these third parties informed Valve that they support its Motion (*id.* ¶3-4); some requested that Valve file sworn declarations on their behalf out of concern that public disclosure would cause them competitive harm. *Id.* ¶4. These third parties' reactions to the potential public disclosure of their information are consistent with the sensitive nature of their information and potential harm to their businesses in the highly competitive gaming industry.

Moreover, contrary to Plaintiffs' position (Resp. at 5), compelling reasons exist to protect historical information, which includes revenue, sales, profits, losses, costs, margins, and other figures derived from the information. *See, e.g., Clean Crawl*, 2019 WL 6829886, at *1 (sealing "historical" financial data); *Houserman v. Comtech TeleComms. Corp.*, 2021 WL 54766, at *3 (W.D. Wash. Jan. 6, 2021) (rejecting argument that information was "stale" and sealing confidential business strategies); *Nat'l Products, Inc. v. Aqua Box Products, LLC*, 2013

---

[1] Valve's basis for moving to seal third-party information is that the information itself is competitively sensitive, not merely (as Plaintiffs suggest) that Valve has contracts with third parties.

VALVE CORPORATION'S REPLY IN SUPPORT
OF MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 3

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

WL 12106901, at *1 (W.D. Wash. Mar. 25, 2013) (sealing financial information over seven years old). Indeed, disclosure of Valve's and third parties' historical confidential information would give their competitors insight into their decision-making, which is often guided by past performance. *See* Schenck Decl. ¶¶7-8.

      b. <u>Valve Provided Highly Detailed Descriptions of its Basis for Sealing and Redaction</u>

Valve provided specific details about each exhibit and proposed redaction in support of its Motion, including a 45-page declaration with charts containing citations to corresponding categories of competitive harm that would result from public disclosure. Courts routinely seal entire exhibits where a party provides this level of specificity. *See, e.g., Benanav v. Healthy Paws Pet Ins. LLC*, No. 2023 WL 8648962, at *4 (W.D. Wash. Dec. 14, 2023) (finding sufficiently specific a party's submission that exhibits "reflect competitively sensitive financial information relating to premium pricing and costs, rate elements, profit margins, and business and marketing strategies" and "[a]llowing competitors to see and replicate such pricing and marketing strategies harms [the parties'] competitive advantage."). Valve does not seek to seal everything that was previously designated Attorneys' Eyes Only, but only exhibits and citations that meet the standard for sealing. *See, e.g.,* Cobb Exhibit 23; Schenck Decl. ¶5 (seeking to seal only PII in communication between Valve and third party where communication about pricing was a general communication to many partners).

Plaintiffs' characterizations of Valve's descriptions as "generic" are flatly contradicted by Valve's papers. Indeed, Valve's Motion and supporting declaration do not suffer from the infirmities in the cases Plaintiffs cited. *See, e.g., Splunk Inc. v. Cribl, Inc.*, 2024 WL 582712, at *1 (N.D. Cal. Feb. 13, 2024) (rejecting motion to seal because underlying documents did not contain commercial information); *MasterObjects, Inc. v. Amazon.com, Inc.*, 2022 WL 4074653,

VALVE CORPORATION'S REPLY IN SUPPORT
OF MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 4

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

at *4, 6 (N.D. Cal. Sept. 5, 2022) (denying motion to seal as "moot" because the information was public); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2013 WL 4426507, at *2 (N.D. Cal. Aug. 14, 2013) (denying motion to seal "internal code names" and "version control system" because Intel did not show competitive harm); Dkt. 53 (no competitive harm where terms at issue are public).[2] To provide any more information about these materials in a public filing would have disclosed the very confidential information Valve seeks to seal.

      c.   <u>The Information Valve Seeks to Seal Has Little Public Value</u>

Plaintiffs mischaracterize the materials that Valve seeks to seal. For example, Plaintiffs' reference to Class Cert. Mot. at 3 is not an "attempt to hide Valve's anticompetitive conduct" (Resp. at 5) but is instead a quotation from a Valve internal email discussing Valve's profits, which readily meets even the compelling reasons standard for sealing. *See, e.g., Clean Crawl*, 2019 WL 6829886, at *1.

Plaintiffs argue in the highly inaccurate Appendix 1,[3] *inter alia*, that the following information is not commercially sensitive: 1) Valve's revenue share rates; 2) Valve's profits and revenues; 3) conclusions that rely on Valve's financial statements and tax returns; 4) confidential agreements with third parties; 5) communications regarding pricing and discounts; and 6) internal discussions about contractual provisions. *See, e.g.,* Appendix 1 at 1; 2; 3; 10;

---

[2] Intervenors' cases are similarly inapt. While Valve's public-facing descriptions do not reveal the specific information subject to Valve's Motion, the underlying documents consist of detailed financial figures, negotiations, and pricing information. *Cf. Illumina, Inc. v. BGI Genomics Co., Ltd.*, 2020 WL 9455042 (N.D. Cal. June 15, 2020) (declining to seal documents consisting of only public information and high-level descriptions); *Boucher v. First Am. Title Ins. Co.*, 2011 WL 13359325, at *2 (W.D. Wash. May 5, 2011) (rejecting motion to seal mere description of the computer system).

[3] Appendix 1 is rife with errors that misquote Valve's position in scores of places. Most egregiously, Plaintiffs misquote <u>all</u> of Valve's positions regarding the 30 proposed redactions to Cobb Exhibit 2. The Court should disregard Appendix 1 and rely on Valve's specific positions as set forth in Dkts. 200; 200-2; 200-5. *See* Marks-Dias Decl. ¶¶5-7.

VALVE CORPORATION'S REPLY IN SUPPORT
OF MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 5

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

14; 22; 33. These materials are not "embarrassing" as Plaintiffs contend, but are precisely the type of competitively sensitive information courts routinely protect, even under the compelling reasons standard. *See, e.g., Raner v. Fun Pimps Ent. LLC*, 2024 WL 1049964, at *2-3 (W.D. Wash. Mar. 11, 2024) (collecting cases).

The cases on which Plaintiffs rely actually *support* sealing the information Valve seeks to protect. *See, e.g., Kentucky v. Marathon Petroleum Co. LP,* 2018 WL 3130945, at *6 (W.D. Ky. June 26, 2018) (sealing pleadings which disclosed "terms, prices, and volume" as competitively sensitive); *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, No. 10-CV-14360, 2018 WL 1811471, at *2 (E.D. Mich. Apr. 17, 2018) (sealing "rate, margin and reimbursement methodology information," including exhibits to class certification motion).

    d.   <u>The Information Valve Seeks to Seal is Not Publicly Available</u>

Plaintiffs argue that much of the information Valve seeks to seal is publicly available. Yet, Plaintiffs do not reveal where in the public domain much of that information purportedly exists. Upon further consideration, Valve withdraws its motion to seal portions of three exhibits, and one reference in the class certification brief (Class Cert. Mot. at 15:15-17, 15:18-19) that arguably contain public information. Marks-Dias Decl. ¶8. Valve disagrees that the remaining references contain public information.

    e.   <u>Sensitive Information in the Class Certification Motion Should be Redacted</u>

Plaintiffs appear to argue that, although the information in many of the Cobb exhibits meets the standard for sealing, the corresponding references to those exhibits in their briefing should not be redacted (Mot. at 1). But, courts in this district routinely redact motions that rely on highly confidential information. *See, e.g., Burrows v. 3M Company*, 2023 WL 1345429, at *3 (W. D. Wash. Jan. 31, 2023) (granting motion to redact portions of filings that quoted and summarized confidential information).

VALVE CORPORATION'S REPLY IN SUPPORT
OF MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 6

**Corr Cronin LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Similarly, Plaintiffs argue that the Court's Stipulated Order to defer consideration of sealing the Schwartz declaration somehow did not extend to corresponding citations in the class certification briefing (Dkt. 184). Yet, any sealing decision regarding the brief that references the Schwartz declaration necessarily will depend upon the subsequent motion to seal. Thus, the Court should defer a decision regarding these references until Valve has filed its motion regarding the Schwartz declaration and corresponding references.[4]

### f. Intervenors Represent Their Own Private Interests, Not the Public Interest

Intervenors' arguments substantially overlap with Plaintiffs' arguments and are therefore unhelpful. Intervenors' briefs can also be rejected since their purported interests are adequately protected by Plaintiffs. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009).

Moreover, the individual consumer Intervenors seek confidential information from this case to use in their own arbitrations against Valve.[5] Dkt. 209. They do not represent the "public" interest but rather their own, pecuniary interests. A nonparty's desire for documents in separate litigation does not strip the documents' protection from public disclosure. Courts repeatedly reject nonparty efforts to end-run around discovery in their own cases. *See, e.g., United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1428 (10th Cir. 1990).

Further, this Court should reject Intervenors' request to unseal "aggregated" or "derivative" information from Valve's sensitive financial information. The Court will readily see why Intervenors failed to provide case law in support, because the weight of authority favors

---

[4] Should the Court prefer Valve to address references to the Schwartz declaration prior to ruling on Valve's Motion, Valve will prepare a submission.

[5] Although the consumer Intervenors have yet to file individual arbitrations, they (a) have threatened to do so as part of a mass arbitration scheme, and (b) are represented by counsel who have filed thousands of such arbitrations.

VALVE CORPORATION'S REPLY IN SUPPORT
OF MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 7

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

sealing this information. *See, e.g., Davis v. Symetra Life Ins. Co.*, 2024 WL 1299616, at *3 (W.D. Wash. Mar. 27, 2024) (sealing documents "derived from confidential and proprietary business information").

### III. CONCLUSION

Although the "good cause" standard applies, Valve has satisfied both it and the "compelling reasons" standards for sealing. Plaintiffs' and Intervenors' self-serving arguments that disclosing Valve's materials would be in the public interest ignores the competitive realities of the gaming industry, and the substantial competitive harm to Valve and third parties that public disclosure would bring about. Valve respectfully requests that the Court grant its Motion. Alternatively, Valve respectfully requests leave to prepare revised versions for public filing, as necessary, to ensure proper redaction of PII and any other material the Court ultimately seals.

I certify that this memorandum contains 2,078 words, in compliance with the Local Civil Rules.

DATED this 5th day of April, 2024.

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
Eric A. Lindberg, WSBA No. 43593
CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, WA  98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com
elindberg@corrcronin.com

Kristen Ward Broz (*pro hac vice*)
FOX ROTHSCHILD LLP
2020 K. St. NW, Ste. 500
Washington, DC 20006
Telephone (202) 794-1220
Fax (202) 461-3102

VALVE CORPORATION'S REPLY IN SUPPORT
OF MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 8

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

| | |
|---|---|
| 1 | kbroz@foxrothschild.com |
| 2 | Nathan M Buchter *(pro hac vice)*<br>FOX ROTHSCHILD LLP |
| 3 | 2000 Market Street STE 20TH FL<br>Philadelphia, PA 19103 |
| 4 | Telephone (215) 299-3010<br>nbuchter@foxrothschild.com |
| 5 | Charles B. Casper *(pro hac vice)* |
| 6 | Jessica Rizzo *(pro hac vice)*<br>Peter Breslauer *(pro hac vice)* |
| 7 | Robert E. Day *(pro hac vice)*<br>MONTGOMERY McCRACKEN WALKER |
| 8 | & RHOADS LLP<br>1735 Market Street, 21st Floor |
| 9 | Philadelphia, PA 19103<br>Telephone (215) 772-1500 |
| 10 | ccasper@mmwr.com<br>jrizzo@mmwr.com |
| 11 | pbreslauer@mmwr.com<br>rday@mmwr.com |
| 12 | *Attorneys for Defendant Valve Corporation* |

VALVE CORPORATION'S REPLY IN SUPPORT
OF MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 9

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2024 I caused the foregoing document to be served via ECF on all counsel of record.

*s/ Monica Dawson*
Monica Dawson

VALVE CORPORATION'S REPLY IN SUPPORT
OF MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 10

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900