THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE VALVE ANTITRUST LITIGATION

CASE NO. C21-0563-JCC

ORDER

This matter comes before the Court on proposed Intervenors Jason Brooks, Robert Austin McCuistion, and Apeirogon Games' motions to intervene (Dkt. Nos. 208, 212). Having thoroughly considered the briefing and the relevant record, the Court hereby GRANTS the motions for the reasons explained herein.

Plaintiffs Wolfire Games, LLC, Dark Catt Studios Holdings, Inc., and Dark Catt Studios Interactive, LLC recently moved the Court to certify a class of game developers and/or game publishers who paid Defendant for the use or sale of their games on Defendant's game platform. (*See* Dkt. No. 181.) In doing so, Plaintiffs filed under seal unredacted versions of their motion and supporting exhibits, (*see* Dkt. Nos. 181, 182), in accordance with a prior order from this Court. (*See* Dkt. No. 178 at 5.) Defendant then moved to maintain the unredacted filings under seal, based on what it deems to be confidential information included in those filings. (*See* Dkt. No. 198.) That motion will be disposed of through a separate order. This order addresses the

proposed Intervenors' request for leave to intervene in this matter, which they bring solely for purposes of opposing Defendant's motion to seal. (*See* Dkt. Nos. 208, 212.)

Indeed, a person not directly involved in a legal proceeding but whose interest may be impacted by that proceeding may have the opportunity to intervene, either as a matter of right or upon court approval. Fed. R. Civ. P. 24. Most salient in this context, "[n]onparties seeking access to a judicial record in a civil case may do so by seeking permissive intervention under Rule 24(b)(2)." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.—N. Dist. (San Jose)*, 187 F.3d 1096, 1100 (9th Cir. 1999).

Proposed Intervenors Brooks and McCuistion, as gamers and consumers of Defendant's platform, assert an interest in this matter and, correspondingly, the redacted information and sealed documents relating to Plaintiff's motion for class certification. (*See* Dkt. No. 208 at 1–2.) Specifically, they contend that, as game consumers, they have effectively borne the cost of the allegedly inflated commissions paid to Defendant. (*Id.*) And because this Court has previously ruled that their claims must be brought through arbitration, they require access to this information to assist in pursuing their individual claims. (*Id.*) In addition, proposed Intervenor Apeirogon Games, as a game developer, asserts that it is an absent member of the proposed class and requires access to this information in order to assess whether to pursue claims individually, or as a member of the putative class. (*See* Dkt. No. 212 at 1–2.) The parties fail to challenge these contentions through briefs in opposition to the intervention motions. *See* LCR 7(b)(2). Therefore, the Court finds that proposed Intervenors do possess the requisite interest in the information at issue.

Thus, the only issue[1] before the Court is timeliness. In making this assessment, the Court

---

[1] Typically, "[p]ermissive intervention . . . requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). However, a non-party aiming to intervene solely to request the unsealing of a court record is not required to prove separate jurisdiction nor a common question. *See Cosgrove v. Nat'l Fire & Marine Ins. Co.*, 770 F. App'x 793, 795 (9th Cir. 2019).

ORDER
C21-0563-JCC
PAGE - 2

considers three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). And the absence of prejudice supports the determination that the motion is timely. *See, e.g.*, *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1354 (9th Cir. 2013).

Here, proposed Intervenors sought leave to intervene and submitted opposition briefs in lockstep with the parties' briefing on Defendant's motion to seal. Therefore, there can be no prejudice to a party from the motions to intervene. And for that reason, the Court sees no basis to deny Movants' requests.

Accordingly, the motions to intervene (Dkt. Nos. 208, 212) are GRANTED.

DATED this 19th day of April 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE