THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | CASE NO. C21-0563-JCC<br><br>ORDER |

This matter comes before the Court on three motions to seal by non-parties Epic Games, Inc. and Microsoft, Inc., along with Plaintiffs Dark Catt Studios Holdings, Inc. and Dark Catt Studios Interactive, LLC (collectively "movants") (Dkt. Nos. 189, 193, 201). Having thoroughly considered the briefing and the relevant record, the Court hereby GRANTS the motions for the reasons explained herein.

Plaintiffs Wolfire Games, LLC, Dark Catt Studios Holdings, Inc., and Dark Catt Studios Interactive, LLC (collectively "Plaintiffs") recently moved the Court for the certification of a class of game developers and/or game publishers who paid Defendant for the use or sale of the developers/publishers' games on Defendant's game platform. (*See generally* Dkt. No. 181.) That motion, along with various supporting exhibits, included information that the movants now describe as trade secrets, non-public business records, and other confidential information—the dissemination of which would be harmful to movants' businesses. (*See* Dkt. Nos. 189 at 2–3; 192

at 15, 21; 193 at 2; 182-27; 182-48.) This information was produced in accordance with the protective order in this matter (Dkt. No. 95) and was designated for attorneys' eyes only. (*See generally* Dkt. Nos. 196, 197.) In addition, an exhibit to the class certification motion contained what Plaintiffs Dark Catt Studios Holdings, Inc. and Dark Catt Studios Interactive, LLC assert is personally identifiable information, specifically, a gamer's username. (*See* Dkt. Nos. 201 at 2, 182-74 at 3.) Accordingly, the movants ask the Court to maintain all of this information under seal. (*See generally* Dkt. Nos. 189, 193, 201.)

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). As a result, one "seeking to seal a judicial record . . . 'must articulate compelling reasons [to keep a record sealed] supported by specific factual findings.'" *Id.* at 1179 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). However, courts have created an exception to this standard for materials contained in or referenced in a motion only "tangentially related to the merits of the case," which is often true for non-dispositive motions. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). In such an instance, only "good cause" need be demonstrated, rather than "compelling reasons." *Id.*

Here, no party has lodged an opposition to the movants' motions to seal. Therefore, the Court concludes that each have merit, **regardless** of which standard need be applied. *See* LCR 7(b)(2). Accordingly, the motions to seal (Dkt. Nos. 189, 193, 201) are GRANTED. The Clerk is DIRECTED to maintain under seal the portions of Docket Numbers 192, 182-27, 182-48, and 182-74 described in the movants' motions.

//

//

//

ORDER
C21-0563-JCC
PAGE - 2

1 | DATED this 19th day of April 2024.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE