THE HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

IN RE VALVE ANTITRUST LITIGATION

CASE NO. C21-0563-JCC

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Defendant's motion to seal (Dkt. No. 198) and the supporting declaration of Christopher Schenck (Dkt. No. 200). Those submissions categorize the information Defendant seeks to maintain under seal—including that contained within Plaintiffs' motion for class certification (Dkt. No. 181) and the supporting declaration of Alicia Cobb (Dkt. No. 182)—into six categories. (*See* Dkt. No. 198 at 4.) Defendant then explains, in general terms, where each item falls and why it should remain under seal. (*See* Dkt. Nos. 198 at 9–15, 200 at 2–44, 200-2 at 2–38, 200-5 at 2–8.)

As will be explained in the Court's anticipated order disposing of Defendant's motion to seal, given the nature of the sealed material, which goes to the heart of Plaintiffs' allegations and therefore the merits of this case, the Court finds that the compelling reasons (rather than the good

cause) standard applies to Defendant's motion. And given the volume of documents and information Defendant seeks to keep sealed, generic justifications for maintaining these items under seal do not meet this standard. *See, e.g.*, *Splunk Inc. v. Cribl, Inc.*, 2024 WL 582712, slip op. at 1 (N.D. Cal. 2024); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2013 WL 4426507, slip op. at 2 (N.D. Cal. 2013). Perhaps predicting this, Defendant notes in its motion that it can provide the Court with a more detailed justification for maintaining each item at issue under seal, so long as Defendant is given leave to seal that rationale. (*See* Dkt. No. 198 at 3 n.1.) The Court will afford Defendant that opportunity.

Accordingly, Defendant is DIRECTED to file a ***revised supporting declaration*** under seal (no corresponding motion to maintain this document under seal is required), providing the ***specific bases*** for sealing each entry at issue. (*See* Dkt. Nos. 200 at 6–41, 200-2 at 2–38,[1] 200-5 at 28.) This submission need not yet address proposed redactions to the Schwartz Report (Dkt. No. 182-1), nor should it contain argument responding to Plaintiff's contention that references to that report, contained within Plaintiffs' motion for class certification, (*see generally* Dkt. No. 181), need not be redacted.

Defendant's submission is due no later than May 10, 2024. It shall be filed under seal through the Court's CM/ECF system and in native format (*i.e.*, Microsoft Word or Excel) in the Court's orders inbox. Separately, it should be served on Plaintiffs, who will have until May 24, 2024, to file under seal a revised version of Appendix 1 to its opposition brief (Dkt. No. 221). Plaintiffs' submission shall be filed and served in the same manner as Defendant's submission.

In light of this supplementation, should the parties wish to modify the case schedule, (*see* Dkt. No. 176), the Court is amenable to such modification, <u>but only</u> so long as the parties can agree on a revised schedule. If so, they may submit a stipulated motion to do so.

---

[1] In doing so, Defendant should review its submitted tables for accuracy. The Court has discovered some errors, as previously submitted. For example, Docket Number 200-2 at 7 includes a reference to Cobb Exhibit 4. Defendant describes this as a third-party contract and/or a communication regarding such a contract. But Defendant described that exhibit, in Docket Number 200 at 7, as financial information.

MINUTE ORDER
C21-0563-JCC
PAGE - 2

DATED this 23rd day of April 2024.

Ravi Subramanian
Clerk of Court

s/Kathleen Albert
Deputy Clerk