THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | CASE NO. C21-0563-JCC <br><br> ORDER |

This matter comes before the Court on Defendant's motion to seal (Dkt. No. 198). Having thoroughly considered the briefing and the relevant record, the Court GRANTS in part and DENIES in part the motion for the reasons explained herein.

Plaintiffs Wolfire Games, LLC, Dark Catt Studios Holdings, Inc., and Dark Catt Studios Interactive, LLC (collectively "Plaintiffs") moved for the certification of a class of game developers and/or game publishers who paid Defendant for the use or sale of the developers/publishers' games on Defendant's game platform. (*See generally* Dkt. No. 181.) That motion, along with various supporting exhibits, includes information Defendant categorizes as confidential financial information; business, decision-making, operational documents and communications; details regarding certain third-party contracts and related communications; third-party financial information; third-party business information and communications; and/or personally identifiable information. (*See generally* Dkt. No. 198.) Defendant contends the

disclosure of this information would harm either Defendant's or third-parties' competitive standing. (*Id.*) On this basis, Defendant asks to maintain unredacted versions of documents containing this information under seal. (*See generally id.*)

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). As a result, one "seeking to seal a judicial record . . . 'must articulate compelling reasons [to keep a record sealed] supported by specific factual findings.'" *Id.* at 1179 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).[1]

The documents presently before the Court (Dkt. Nos. 181, 182, 182-1–182-84) are voluminous. To provide the parties with timely guidance, so as to allow them to propose redactions to *anticipated* submissions, (*see* Dkt. No. 228) (order establishing a framework for future sealing requests for those submissions), the Court has considered only those redactions and sealing requests associated with Plaintiffs' motion for class certification (Dkt. No. 181) and Professor Joost Rietveld's expert report (Dkt. No. 182-2).

Much of the information Defendant seeks to shield from public view, as contained in these documents, ostensibly, is a generalized description of Defendant's alleged anti-competitive conduct, as provided by Plaintiffs. (*See, e.g.*, Dkt. No. 225-1 at 15–19.) There is no compelling reason to shield such information. *See Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."). Nevertheless, to

---

[1] While courts have created an exception to this standard in certain instances, *see, e.g.*, *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), that exception would not apply here. This is because much of the information Defendant seeks to shield from public view pertains to allegedly anti-competitive business practices—an issue clearly aligned with the merits of the case. Therefore, disclosure of this information is required absent the demonstration of compelling reasons not do so. (*See* Dkt. No. 224 at 1–2) (prior guidance from the Court regarding application of this standard here).

the extent Plaintiffs' allegations are specific and either implicate a third party's business practices or Defendant's alleged competitive (*i.e.*, permissible) business practices, a compelling reason exists for maintaining them under seal. *See, e.g.*, *J.R. Simplot Co. v. Washington Potato Co.*, 2016 WL 11066581, slip op. at 1 (W.D. Wash. 2016). To provide the parties with specific rulings on each item contained in these documents, the Court includes Exhibits A and B to this order. Those exhibits, **which shall be maintained under seal**, are unredacted versions of Plaintiffs' class certification motion and Professor Rietveld's report, with Court-applied highlights. Those highlights represent the material which Defendant has established a compelling reason to maintain under seal.[2] The Court rejects the remaining proposed redactions.

Accordingly, within 14 days of this order, the parties shall meet and confer and file final public redacted versions of Docket Numbers 181 and 182-2 (based on the highlighting provided in Exhibits A and B).[3] In the meantime, the Clerk is DIRECTED to continue to maintain Docket Numbers 181, 182, and 182-1–182-84 under seal. **The Clerk is further DIRECTED to maintain Exhibits A and B to this order under seal** (and provide the parties a copy electronically).

So ORDERED this 30th day of Mary 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] This is as compared to Defendant's proposed voluminous redactions. (*See* Dkt. Nos. 225-1, 225-3.)

[3] The Court will address the proposed redactions and sealing requests for the remaining documents in support of Plaintiffs' class certification motion (Dkt. Nos. 181-3–181-84) by a separate order. If the parties require additional guidance before then, they may so advise by filing a joint status report, and the Court will endeavor to provide such guidance in a timely fashion.