THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | Case No. 2:21-cv-00563-JCC<br><br>**PLAINTIFFS' RESPONSE TO VALVE'S MOTION FOR PARTIAL RECONSIDERATION**<br><br>**NOTE ON MOTION CALENDAR:**<br>**June 12, 2024** |

RESPONSE TO VALVE'S MOT.
FOR PARTIAL RECONSIDERATION
CASE NO. 2:21-CV-00563-JCC

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

## I.   INTRODUCTION

Plaintiffs Wolfire Games, LLC; Dark Catt Studios Holdings, Inc; and Dark Catt Studios Interactive LLC respectfully request this Court **(a)** grant Defendant Valve Corporation's Motion for Reconsideration (Dkt. 243) (the "Motion") as to the revenue-input figures that appear in the fourth and fifth sentences of Cobb Ex. 2 (Joost Report), Page 85, ¶ 172, **(b)** deny the Motion as to the Figure 5 at 26:3-15 or, in the alternative, grant the Motion only as to the key for the chart; and **(c)** deny the Motion as to Plaintiffs' Motion for Class Certification at 29:12 or, in the alternative, at 26:17-21 and 29:1-9. We address each category in sections III.A, III.B, and III.C, *infra*, respectively.

## II.   LEGAL STANDARD

Motions for reconsideration are disfavored. *See Townsley v. Lifewise Assur. Co.*, No. C15-1228-JCC, 2016 U.S. Dist. LEXIS 47926, at *4 (W.D. Wash. Apr. 8, 2016) (quoting L.R.7(h)). The decision whether "to grant or deny a motion for reconsideration is left to the sound discretion of the trial court." *King Cty. v. Viracon, Inc.*, No. 2:19-cv-508-BJR, 2022 U.S. Dist. LEXIS 49940, at *3 (W.D. Wash. Mar. 21, 2022). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." L.R.7(h)(1).

"A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *United States v. Bayley*, No. 3:20-cv-05867-DGE, 2024 U.S. Dist. LEXIS 38636, at *3 (W.D. Wash. Mar. 5, 2024) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmBH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original)).

Where, however, the motion seeks reconsideration to correct a "copyediting error" (*i.e.*, a typo), a court may issue an amended order correcting the error without deciding whether the moving party carried its burden to show manifest error. *See, e.g.*, *Nixon v. Franciscan Health Sys.*, No. C11-5076BHS, 2012 U.S. Dist. LEXIS 44128, at *2 (W.D. Wash. Mar. 29, 2012) (granting in part a motion for reconsideration and issuing an amended order correcting a clerical error – correcting a cite to an improper docket number – without deciding whether the moving party had carried its burden to show manifest error as to the docket number citation). In such instances, the corrected

RESPONSE TO VALVE'S MOT.
FOR PARTIAL RECONSIDERATION
CASE NO. 2:21-cv-00563-JCC

-1-

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

1  error is a clerical one, not one effecting the court's reasoning or application of the relevant law to
2  the facts. *Bayley*, 2024 U.S. Dist. LEXIS 38636, at *3-4.

### III.   ARGUMENT

**A.   The Fourth and Fifth Sentences of Ex. 2 (Joost Report), ¶ 172**

The parties' arguments as to sealing this paragraph (172) are reflected on page 90 of Plaintiffs' Revised Appendix 1 filed under seal on May 24, 2024 (Dkt. 235). Plaintiffs respectfully request that this Court grant the Motion as to the information that Plaintiffs highlighted in green in that entry. Plaintiffs note that this Court ordered similar recent revenue-input figures sealed. *See, e.g.*, Dkts. 236 and 237 (ordering figures and percentages sealed at Mot. for Class Cert. 6:3-4, 6:9, and 6:10-11). Plaintiffs do not object, therefore, to Valve's request to seal the revenue-input figures in the fourth and fifth sentences of Exhibit 2, ¶ 172; indeed, not sealing these sentences may be akin to a copyediting error, similar to the error in *Nixon*, 2012 U.S. Dist. LEXIS 44128.

Not so as to the remainder of the fourth and fifth sentences of Exhibit 2, ¶ 172. Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotation omitted). The party seeking to seal court filings bears the burden of overcoming the presumption of access to court records with "compelling reasons supported by specific factual findings." *Id.* This standard is met when "court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quotation omitted).

Valve has not, and cannot, meet this standard for the remaining portions of the fourth and fifth sentences of Exhibit 2, ¶ 172. As Plaintiffs previously argued, this information is not commercially sensitive. *See, e.g.*, Dkt. 235. Valve neither advances new facts nor legal authority previously unavailable to it as a reason to seal this information. Rather, Valve simply notes that "the fourth and fifth sentences of Paragraph 172 . . . disclose identical 2021 Steam revenue information as similar sentences the Court redacted in three other places . . . ." Motion at 3-4. That is not a reason to seal the full content of the sentences when just the numbers can be sealed. Plaintiffs request that this Court seal the revenue-input figures, but not the remainder of the sentences (*i.e.*, seal the green,

RESPONSE TO VALVE'S MOT.
FOR PARTIAL RECONSIDERATION
CASE NO. 2:21-CV-00563-JCC

-2-

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

1  but not the red). Plaintiffs understand this request to be consistent with the Court's approach in its

2  Order granting in part and denying in part Valve's motion to seal (Dkts. 236 & 237). *See, e.g.*, Dkt.

3  237 at 5:21, 6:4.

4  **B.     Figure 5 in Plaintiffs' Motion for Class Certification at 26:3-15**

5  Valve argues that this information (Figure 5) should be sealed because public disclosure may

6  enable a third party to reverse engineer market share such that "compelling reasons exist to seal the

7  Figure 5 chart . . . in its entirety." *Id.* Valve is wrong for two reasons.

8  *First*, Valve had the opportunity to raise its arguments as to Figure 5 earlier – namely, in its

9  motion to seal, the accompanying declaration, and its revised declaration – and chose not to do so.

10 Dkts. 198, 200, 233, 242. "A motion for reconsideration 'may *not* be used to raise arguments or

11 present evidence for the first time when they could reasonably have been raised earlier in the

12 litigation.'" *Bayley*, 2024 U.S. Dist. LEXIS 38636, at *3 (quoting *Marlyn Nutraceuticals, Inc.*, 571

13 F.3d at 880 (emphasis in original)). This argument, therefore, is not properly before this Court; it

14 was not previously raised.

15 *Second*, Valve's argument lacks merit. Figure 5 does not include a scale, nor does it include

16 any indication of how to interpret the Figure, without which there is no way to perform the reverse

17 engineering Valve raises. Indeed, without a scale or additional information, a third party cannot

18 determine whether the green triangle in the lower right corner of the chart should be interpreted as

19 1, 1.5, 4, 6, etc. Depending on that value, the calculations would be widely different. Plaintiffs,

20 therefore, request that this Court deny Valve's request. Should this Court disagree, Plaintiffs

21 respectfully request that this Court seal only the legend in Figure 5 (*i.e.*, the two text boxes and the

22 explanation of what the circle means vs what the triangle means).

23 **C.     Plaintiffs' Motion for Class Cert. at 29:12 or, Alternatively, at 26:17-21 and 29:1-9**

24 Valve argues that this information should be sealed because that information could be used

25 to reverse engineer Valve's financials. Valve errs for two reasons.

26 *First*, once again, Valve had the opportunity to raise this argument earlier, chose not to do

27 so, and now seeks to raise the argument for the first time in a Motion for Reconsideration. Dkts.

28 200, 233, 242. This argument is not properly before the Court. *See* Section III.B, *supra*.

RESPONSE TO VALVE'S MOT.
FOR PARTIAL RECONSIDERATION
CASE NO. 2:21-CV-00563-JCC
-3-
QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

*Second*, Valve requests the sealing of a mere *description* of Dr. Schwartz's methodology. An expert's general methodology is not the type of information subject to sealing. *See, e.g.*, *ImprimisRx, LLC v. OSRX, Inc.*, No. 21-cv-01305-BAS-DDL, 2024 U.S. Dist. LEXIS 52898, at *8-10 (S.D. Cal. Mar. 25, 2024) (discussing that the "Court previously denied Defendants' request to seal the entirety of the [expert] Report because portions of the report contained non-sensitive information such as the expert's methodology or citations"). Plaintiffs' Motion for Class Certification provides a brief overview of Dr. Schwartz's approach in his expert report; the material Valves seeks to have sealed does not detail or reveal Valve's confidential information such as, for example, figures from the underlying transactional data produced in this case. There is no compelling reason to seal a general description of an expert's methodology. Valve's request to do so undermines the public's "right to inspect and copy public records and documents, including judicial records and documents." *Kamakana*, 447 F.3d at 1178. Plaintiffs, therefore, respectfully request that this Court deny Valve's request.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant in part and deny in part Defendant Valve Corporation's Motion for Reconsideration (Dkt. 243). A proposed Order accompanies this filing.

DATED:   June 12, 2024                     Respectfully submitted,

*/s/ Alicia Cobb*                                         */s/ Stephanie L. Jensen*
Alicia Cobb, WSBA #48685                    Stephanie L. Jensen, WSBA #42042
QUINN EMANUEL URQUHART &          Tyre L. Tindall, WSBA #56357
SULLIVAN, LLP                                       WILSON SONSINI GOODRICH &
1109 First Avenue, Suite 210                    ROSATI P.C.
Seattle, Washington 98101                       701 Fifth Avenue, Suite 5100
Phone (206) 905-7000                              Seattle, WA 98104-7036
Fax (206) 905-7100                                   Phone (206) 883-2500
aliciacobb@quinnemanuel.com              Fax (866) 974-7329
                                                                  sjensen@wsgr.com
                                                                  ttindall@wsgr.com

| | |
|---|---|
| Steig D. Olson (*pro hac vice*)<br>David LeRay (*pro hac vice*)<br>Nic V. Siebert (*pro hac vice*)<br>Andrew Faisman (*pro hac vice*)<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>51 Madison Avenue<br>New York, New York 10010<br>Phone (212) 849-7231<br>Fax (212) 849-7100<br>steigolson@quinnemanuel.com<br>davidleray@quinnemanuel.com<br>nicolassiebert@quinnemanuel.com<br>andrewfaisman@quinnemanuel.com<br><br>Adam Wolfson (*pro hac vice*)<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>Phone (213) 443-3285\| Fax (213) 443-3100<br>adamwolfson@quinnemanuel.com<br><br>Ankur Kapoor (*pro hac vice*)<br>Noah Brecker-Redd (*pro hac vice*)<br>CONSTANTINE CANNON LLP<br>6 East 43rd St., 26th Floor<br>New York, NY 10017<br>Phone (212) 350-2700<br>Fax (212) 350-2701<br>akapoor@constantinecannon.com<br>nbrecker-redd@constantinecannon.com<br><br>J. Wyatt Fore (*pro hac vice*)<br>CONSTANTINE CANNON LLP<br>1001 Pennsylvania Ave., Suite 1300N<br>Washington, D.C. 20004<br>Phone (202) 204-4527<br>Fax (202) 204-3501<br>wfore@constantinecannon.com<br><br>*Interim Co-Lead Counsel*<br><br>Kenneth J. Rubin (*pro hac vice*)<br>Timothy B. McGranor (*pro hac vice*)<br>Kara M. Mundy (*pro hac vice*)<br>Douglas R. Matthews (*pro hac vice*)<br>VORYS, SATER, SEYMOUR AND PEASE LLP<br>52 East Gay Street<br>Columbus, Ohio 43215<br>Phone (614) 464-6400<br>Fax (614) 719-4796<br>kjrubin@vorys.com<br>tbmcgranor@vorys.com<br>kmmundy@vorys.com<br>drmatthews@vorys.com | Kenneth R. O'Rourke (*pro hac vice*)<br>Allison B. Smith (*pro hac vice*)<br>Jordanne M. Steiner (*pro hac vice*)<br>WILSON SONSINI GOODRICH &<br>ROSATI, P.C.<br>1700 K Street, NW, Suite 500<br>Washington, DC 20006<br>Phone (202) 973-8800<br>Fax (866) 974-7329<br>korourke@wsgr.com<br>allison.smith@wsgr.com<br>jordanne.miller@wsgr.com<br><br>W. Joseph Bruckner (*pro hac vice*)<br>Joseph C. Bourne (*pro hac vice*)<br>LOCKRIDGE GRINDAL NAUEN P.L.L.P.<br>100 Washington Avenue S, Suite 2200<br>Minneapolis, MN 55401<br>Phone: (612) 339-6900<br>Fax: (612) 339-0981<br>wjbruckner@locklaw.com<br>jcbourne@locklaw.com<br><br>Kyle Pozan (*pro hac vice*)<br>LOCKRIDGE GRINDAL NAUEN P.L.L.P.<br>1165 N. Clark Street, Suite 700<br>Chicago, IL 60610<br>Phone: (612) 339-6900<br>Fax: (612) 339-0981<br>kjpozan@locklaw.com<br><br>*Interim Co-Lead Counsel* |

RESPONSE TO VALVE'S MOT.
FOR PARTIAL RECONSIDERATION
CASE NO. 2:21-CV-00563-JCC

-5-

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

1  Thomas N. McCormick (*pro hac vice*)
   VORYS, SATER, SEYMOUR AND PEASE LLP
2  4675 MacArthur Court, Suite 700
   Newport Beach, California 92660
3  Phone (949) 526-7903 | Fax (949) 383-2384
   tnmccormick@vorys.com
4
   *Executive Committee Member*
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSE TO VALVE'S MOT. FOR PARTIAL RECONSIDERATION
CASE NO. 2:21-CV-00563-JCC
-6-
QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

**PAGE COUNT CERTIFICATION**

I certify that this memorandum contains no more than four pages of argument, in compliance with the Court's June 6, 2024, Order (Dkt. 244).

DATED: June 12, 2024

/s/ Alicia Cobb
Alicia Cobb, WSBA #48685

RESPONSE TO VALVE'S MOT. FOR PARTIAL RECONSIDERATION
CASE NO. 2:21-CV-00563-JCC
-7-
QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

DATED: June 12, 2024

/s/ Alicia Cobb
Alicia Cobb, WSBA #48685

RESPONSE TO VALVE'S MOT.
FOR PARTIAL RECONSIDERATION
CASE NO. 2:21-CV-00563-JCC

-8-

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000