THE HONORABLE JOHN C. COUGHENOUR

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | Civil Action No. 2:21-cv-00563-JCC<br><br>**MOTION TO KEEP NON-PARTY BEST BUY'S HIGHLY CONFIDENTIAL – ATTORNEY'S EYES-ONLY INFORMATION UNDER SEAL**<br><br>**NOTE ON MOTION DOCKET: JULY 11, 2024** |

## I.     RELIEF REQUESTED

Pursuant to Local Rule 5(g) and Orders dated February 16, 2024 (Dkt. # 185) and May 16, 2024 (Dkt. # 228) Non-Party Best Buy Co., Inc. ("Best Buy") moves to keep information related to its confidential sales, revenue, and market share for Best Buy – which is disclosed in the opening expert report of Dr. Steven Schwartz, Ph.D. (Exhibit 1 to the Declaration of Alicia Cobb) (Dkt. # 182-1 – under seal) ("Schwartz Report") in support of Plaintiffs' motion for class certification.

## II.     BACKGROUND

The Schwartz Report was filed under seal on February 8, 2024 (Dkt. # 182-1), and contains information from documents that Best Buy designated as "Highly Confidential – Attorney's Eyes Only" during discovery. *See* Declaration of Benjamin Greenberg ("Greenberg Decl."), ¶ 3.

MOTION TO KEEP NON-PARTY BEST BUY'S
HIGHLY CONFIDENTIAL – ATTORNEY'S EYES-
ONLY INFORMATION UNDER SEAL - 1
2:21-cv-00563-JCC

**Dorsey & Whitney LLP**
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
Phone: (206) 903-8800
Fax: (206) 903-8820

## III. CERTIFICATION

Pursuant to LCR 5(g)(5)(3), Best Buy's counsel certifies that it conferred with Plaintiff's counsel telephonically on March 27, 2024, and separately conferred with Valve's counsel by videoconference the same day, to discuss the continued sealing of Best Buy's confidential sales, revenue, and market share information contained in the Schwartz Report. Greenberg Decl., ¶ 4. Plaintiffs and Valve do not oppose Best Buy's motion. *Id.* ¶ 5. The deadline to move to maintain under seal portions of the Schwartz Report is June 27, 2024. *See* Dkts. # 185, 228, 236. Accordingly, Best Buy now moves to keep under seal specific portions of the Schwartz Report that contain Best Buy's confidential sales, revenue, and market share information.

## IV. ARGUMENT

Parties moving to seal documents must comply with the procedures established by LCR 5(g), which provides that a motion to seal a document must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." LCR 5(g)(3)(B).

### A. Legal Standard

As this Court recently stated in its Order on several motions to seal brought by non-parties Epic Games, Inc. and Microsoft, Inc., along with Plaintiffs Dark Catt Studios Holdings, Inc. and Dark Catt Studios Interactive, LLC (Dkt. # 223):

> Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). As a result, one "seeking to seal a judicial record . . . 'must articulate compelling reasons [to keep a record sealed] supported by specific factual findings.'" *Id.* at 1179 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). However, courts have created an exception to this standard for materials contained in or referenced in a motion only "tangentially related to the merits of the case," which is often true for non-dispositive motions. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). In such an instance, only "good cause" need be demonstrated, rather than "compelling reasons." *Id.*

MOTION TO KEEP NON-PARTY BEST BUY'S
HIGHLY CONFIDENTIAL – ATTORNEY'S EYES-
ONLY INFORMATION UNDER SEAL - 2
2:21-cv-00563-JCC

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

> Here, no party has lodged an opposition to the movants' motions to seal. Therefore, the Court concludes that each have merit, ***regardless*** of which standard need be applied. *See* LCR 7(b)(2).

Dkt. # 223, at 2. Similarly here, Best Buy's motion is unopposed and because the highlighted portions of the Schwartz Expert report reflect Best Buy's confidential sales, revenue, and market share information, compelling reasons and good cause, support keeping that information under seal. Thus, the present motion should be granted under either standard.

### B. Best Buy's Confidential Sales, Revenue, and Market Share Information Should Remain Under Seal

Documents that disclose confidential information, such as financial, revenue, or market share information, that could harm a litigant in the competitive marketplace meet this "compelling reasons" standard and must be sealed. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (recognizing that courts have "refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing"); *Ctr. for Auto Safety*, 809 F.3d at 1097 (same); *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, No. 17-CV-894TSZ, 2018 WL 11433938, at *1 (W.D. Wash. Oct. 12, 2018) (sealing market share information because "[t]he Western District of Washington permits retaining under seal nonpublic information regarding litigants'. . . market share data"); *Stone v. Advance Am., Cash Advance Ctrs., Inc.*, No. 08CV1549 WQH WMC, 2011 WL 662972, at *1-3 (S.D. Cal. Feb. 11, 2011) (same); *see also J.R. Simplot Co. v. Wash. Potato Co.*, No. C16-1851RSM, 2016 WL 11066581, at *1 (W.D. Wash. Dec. 29, 2016) (finding compelling reasons to seal a document containing "confidential financial, pricing, and strategic planning information" because "public disclosure of this information would competitively harm [the litigants'] business and the businesses which they manage"); *Wild Fish Conservancy v. Cooke Aquaculture Pac., LLC*, No. C17-1708-JCC, 2019 WL 2616640, at *12 (W.D. Wash. Apr. 8, 2022) (same); *Zunum Aero, Inc. v. Boeing Co.*, No. C21-0896JLR, 2024 WL

MOTION TO KEEP NON-PARTY BEST BUY'S
HIGHLY CONFIDENTIAL – ATTORNEY'S EYES-
ONLY INFORMATION UNDER SEAL - 3
2:21-cv-00563-JCC

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

492228, at *4 (W.D. Wash. Feb. 8, 2024) (same).

Compelling reasons, and thus also good cause, support keeping the highlighted portions of the Schwartz Report sealed. *See* Declaration of Ashley Pierson, Ex. A (showing highlighted information to be kept under seal). The highlighted historical revenue and market share information is derived from Best Buy's non-public information regarding Best Buy's revenues from 2003 to 2023. *See id.*, ¶ 3. If the market share information were disclosed, along with the underlying revenue information upon which it is based, Best Buy's competitors could use it to reverse engineer and calculate Best Buy's historic and current revenue. *See id*. The disclosure of this information could harm Best Buy's position against its competitors. *See id*. Thus, compelling reasons support sealing this information. *See Eko Brands, LLC*, 2018 WL 11433938, at *1 (sealing market share information because "[t]he Western District of Washington permits retaining under seal nonpublic information regarding litigants'. . . market share data"); *Stone*, 2011 WL 662972, at *1-3 (same); *see also J.R. Simplot Co.*, 2016 WL 11066581, at *1 (compelling reasons supported sealing "confidential financial, pricing, and strategic planning information" because "public disclosure of this information would competitively harm [the litigants'] business and the businesses which they manage").

## CONCLUSION

For the foregoing reasons, the Court should seal the highlighted portions of the Schwartz Report.

MOTION TO KEEP NON-PARTY BEST BUY'S HIGHLY CONFIDENTIAL – ATTORNEY'S EYES-ONLY INFORMATION UNDER SEAL - 4
2:21-cv-00563-JCC

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

DATED this 20th day of June, 2024

DORSEY & WHITNEY LLP

/s/ Benjamin D. Greenberg
Benjamin D. Greenberg, WSBA #44120
greenberg.ben@dorsey.com
Marina Lyons, WSBA #49127
lyons.marina@dorsey.com
**Dorsey & Whitney LLP**
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
(206) 903-8800

*Attorneys for Non-Party Best Buy Co., Inc.*

MOTION TO KEEP NON-PARTY BEST BUY'S
HIGHLY CONFIDENTIAL – ATTORNEY'S EYES-
ONLY INFORMATION UNDER SEAL - 5
2:21-cv-00563-JCC

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

# CERTIFICATE OF SERVICE

I certify under penalty of perjury that on June 20, 2024, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice List.

Dated this 20th day of June, 2024.

/s/ Hannah Richter
Hannah Richter, Legal Assistant

MOTION TO KEEP NON-PARTY BEST BUY'S HIGHLY CONFIDENTIAL – ATTORNEY'S EYES-ONLY INFORMATION UNDER SEAL - 6
2:21-cv-00563-JCC

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820