# EXHIBIT 19

# REDACTED

The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | Case No. 2:21-cv-00563-JCC<br><br>**VALVE CORPORATION'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES** |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Valve Corporation ("Valve"), by and through its undersigned counsel, provides its supplemental Responses to Interrogatory Nos. 12 and 14 of Plaintiffs' Second Set of Interrogatories.

**GENERAL OBJECTIONS**

Valve incorporates by reference the General Objections set forth in its Responses and Objections to Plaintiffs' Second Set of Interrogatories dated March 13, 2023 as though fully set forth herein. Valve's supplemental Responses to Interrogatory Nos. 12 and 14 below are made without prejudice to Valve's right to assert further responses or objections should Valve discover additional grounds for such responses or objections.

**CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER**
VALVE'S SUPP. RESP. AND OBJECTIONS TO PLAINTIFFS'
SECOND SET OF INTERROGATORIES (2:21-CV-00563-JCC) - 1

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

## INTERROGATORIES

**INTERROGATORY NO. 12:**

Identify with specificity each instance in the previous seven (7) years in which Valve has rejected a publisher's or a developer's request to release a Game Title through Steam. For each such instance, identify (1) the PC game rejected, (2) the reason(s) Valve provided to the publisher or developer for such rejection, (3) the date of the rejection, (4) any Valve employees materially involved in the decision to reject the request, and (5) any material documents or communications reflecting or evidencing the rejection and the reasons therefor.

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to its General Objections, Valve objects to this Interrogatory as unduly burdensome, overbroad in scope and subject matter, and seeking information that is not relevant to any issues in, or proportional to the needs of, this case because it seeks to have Valve identify "each instance" Valve did not approve a request to distribute a game through Steam, regardless of the reason and without any relation to the claims and defenses in the case. Based on its objections, for purposes of responding to this Interrogatory, Valve will interpret the phrase "rejected a publisher's or a developer's request to release a Game Title through Steam" as limited to rejecting such requests for reasons other than the following, which are irrelevant to the claims asserted against Valve: (i) for reasons related to a Digital Millennium Copyright Act takedown notice or claims, (ii) a copyright or trademark dispute, or (iii) for violation of the content rules and guidelines listed on https://partner.steamgames.com/doc/gettingstarted/onboarding. Valve also objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case insofar as it seeks such information (i) from prior to the launch of Steam Direct on June 13, 2017 (https://steamcommunity.com/games/593110/announcements/detail/1328973169870947116), (ii) from time periods for which data is not kept and would require manual review of records and communications to compile, and (iii) for an unreasonably long period of time extending well beyond any applicable statute of limitations. Based on its objections and available data, insofar as

**CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER**
VALVE'S SUPP. RESP. AND OBJECTIONS TO PLAINTIFFS'
SECOND SET OF INTERROGATORIES (2:21-CV-00563-JCC) - 2

Fox Rothschild LLP
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

Valve provides information in response to this Interrogatory, it will be for the period of June 13, 2017 to the present and will be taken from data reasonably available to Valve in the ordinary course of business. Valve also objects to this Interrogatory as cumulative and/or duplicative of Plaintiffs' Request for Production No. 28, and objects insofar as this Interrogatory seeks information different from or additional to information the parties agreed would be produced in response to Request No. 28. Valve further objects to the phrase "any Valve employees" insofar as it seeks to have Valve disclose information, or identify any attorneys or in-house counsel, which would in effect disclose the substance of privileged information or protected communications, as further described in General Objection No. 7. Based on its objections, Valve is not identifying any attorneys, or consultants or other individuals or entities retained by attorneys or working at their direction in connection with their representation of or provision of legal advice to Valve in response to this Interrogatory. Valve also objects to this Interrogatory's use of the phrase "materially involved in" as vague and ambiguous. For purposes of responding to this Interrogatory, Valve interprets the phrase "materially involved in" to mean that the person took material or meaningful actions regarding rejection of such a request beyond merely sharing or receiving information or performing administrative or ministerial tasks in connection with the rejection. Valve also objects to the phrase "material documents or communications" as vague to the extent it leaves Valve guessing as to what should be considered "material." Valve objects to this Interrogatory to the extent it seeks (i) information, communications, or documents protected from discovery or disclosure by the attorney-client privilege, the work product immunity, and any other applicable privileges, protections or immunities or (ii) confidential commercial information related to or belonging to third parties that is not publicly disclosed in the ordinary course of business, and which Valve is contractually obligated to keep confidential. Valve will not produce information subject to confidentiality agreements or obligations between Valve and third parties, and which is not publicly disclosed in the ordinary course of business, until any required notice has been given and appropriate time provided for a third-party response.

**CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER**
VALVE'S SUPP. RESP. AND OBJECTIONS TO PLAINTIFFS'
SECOND SET OF INTERROGATORIES (2:21-CV-00563-JCC) - 3

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

1  Subject to and without waiving its objections, and excluding attorneys and persons retained
2  by attorneys in connection or working at counsel's direction with their representation of or
3  provision of legal advice to Valve, who are not addressed by Valve's response, Valve responds as
4  follows: Valve launched Steam Direct on June 13, 2017, which allowed Steam Partners to submit
5  games for potential distribution on Steam and subjected those games to a review process, as further
6  described on Steam and in Steamworks documentation. *See, e.g.,* https://steamcommunity.com/
7  games/593110/announcements/detail/1328973169870947116, https://partner.steamgames.com/
8  steamdirect. To the extent such data is reasonably available, Valve will produce a list sufficient
9  to show, for the time period of June 13, 2017 to the present, games that a publisher or developer
10 properly submitted to Valve for consideration through the Steam Direct review process (*see*
11 https://partner.steamgames.com/doc/store/review_process) where Valve declined to allow the
12 game to be distributed through Steam after completing that review for reasons other than the
13 following: (i) for reasons related to a Digital Millennium Copyright Act takedown notice or claims,
14 (ii) a copyright or trademark dispute, or (iii) for violation of the content rules and guidelines listed
15 on   https://partner.steamgames.com/doc/gettingstarted/onboarding.   The   following   Valve
16 employees may have materially participated in one or more of such decisions:



23  As for communications with specific Steam Partners, those may be identified by reviewing
24 Valve's business records produced in this case, and the burden of deriving or ascertaining those
25 answers will be substantially the same for either Plaintiffs or Valve. Accordingly, pursuant to Fed.
26 R. Civ. P. 33(d), Plaintiffs are directed to Valve's business records produced in this case in

**CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER**
VALVE'S SUPP. RESP. AND OBJECTIONS TO PLAINTIFFS'
SECOND SET OF INTERROGATORIES (2:21-CV-00563-JCC) - 4

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

1  connection with Request for Production No. 27, including but not limited to email communications
2  and support tickets.

3  **SUPPLEMENTAL RESPONSE:**  Subject to and without waiving its foregoing
4  objections, Valve identifies the following additional current and former Valve employees who are
5  attorneys and in-house counsel at Valve.  Valve is identifying them in this supplemental response
6  pursuant to agreement among the parties.  By doing so, Valve is not (i) agreeing that in-house
7  counsel or their actions are proper subjects of discovery, (ii) waiving any attorney-client privilege,
8  work product immunity, or other applicable privilege, immunity, or protection, or (iii) representing
9  that the identified in-house counsel were acting in anything other than their legal capacity in taking
10  the actions below.  The following Valve in-house attorneys may have materially participated in
11  one or more of the decisions described in this Interrogatory and Valve's original response:



15  **INTERROGATORY NO. 14:**

16  Your Tenth Affirmative Defense in Your Answer and Affirmative Defenses to
17  Consolidated Amended Class Action Complaint states: "As long as Valve has a valid business
18  reason for the terms it attaches to its Steam Keys, which it does, those terms are not unlawful."
19  (Dkt. # 104.)  Identify each and every "valid business reason for the terms [Valve] attaches to its
20  Steam Keys" and all material documents reflecting, memorializing, or evidencing the same.

21  **RESPONSE TO INTERROGATORY NO. 14:**

22  In addition to its General Objections, Valve objects to this Interrogatory because it
23  impermissibly seeks a legal conclusion concerning the validity of Valve's business reasons for the
24  terms it attaches to its Steam Keys.  Valve also objects to this Interrogatory insofar as it
25  prematurely seeks expert opinion or testimony, which Valve shall provide at the time and in the
26  manner set forth in the case schedule, the Federal Rules of Civil Procedure, and the Western

**CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER**
VALVE'S SUPP. RESP. AND OBJECTIONS TO PLAINTIFFS'
SECOND SET OF INTERROGATORIES (2:21-CV-00563-JCC) - 5

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

District of Washington Local Rules.  Valve further objects to this Interrogatory because it purports to seek information, documents or communications protected from discovery or disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity or grounds for withholding information, or purport to require Valve to provide information from its attorneys.  Valve objects to this Interrogatory's use of the phrase "material documents" as vague to the extent it leaves Valve guessing as to what should be considered "material."

Based on its objections, Valve is not presently responding to this Interrogatory, but invites Plaintiffs to meet and confer.

**SUPPLEMENTAL RESPONSE:**  Subject to and without waiving its foregoing objections, and pursuant to the parties' agreement to narrow the scope and subject matter of this Interrogatory to "business reason for the terms [Valve] attaches to its Steam Keys," Valve provides the following supplemental response:

Valve objects to the request to identify "each and every" valid business reason for the terms it attaches to its Steam Keys, as the request is overly burdensome in that any attempt to provide a comprehensive list of reasons would be misleading and necessarily incomplete. As explained below, Valve's reasons include a desire to frustrate the efforts of fraudsters, whose schemes are perpetually evolving. Valve must exercise constant vigilance and evolve with them—with each new threat that emerges, another "reason" for Valve's Steam Keys terms appears.

A Steam Key is an alphanumeric code granting a license to a particular game available for play on Steam. Valve initially created Steam Keys to allow people who bought Valve games in a box to have access to Steam services. Among other things, Steam allows games to be easily kept up to date, so everyone who plays it has the same version—a must for multiplayer games.

When Steam Partners began to sell games on Steam, Valve gave Steam Keys to those Partners for similar reasons, including to support their sales efforts in brick-and-mortar retailers and allow their customers to use Steam to keep their games up to date. Since Valve does not

**CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER**
VALVE'S SUPP. RESP. AND OBJECTIONS TO PLAINTIFFS'
SECOND SET OF INTERROGATORIES (2:21-CV-00563-JCC) - 6

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

charge for Steam Keys, Steam Partners could keep all of the money they earned from selling Steam Keys.

Valve provides a reasonable number of Steam Keys to Steam Partners in good standing (i.e., in compliance with the terms of the Steam Distribution Agreement and Steam rules and policies) for free. Steam Keys are optional; Steam Partners do not need to use them to distribute their games.

Steam Keys make it convenient for Partners to sell their Steam-enabled games on their own websites or in virtual or brick-and-mortar stores outside of Steam, grant free access to critics and other influencers who may raise the profile of a game by reviewing or promoting it, or to investors or beta testers who help support and improve it. Consumers who obtain Default Release (or standard release) Steam Keys have access to the same free bandwidth, player networks, and features made available to consumers who purchase the same games directly from Steam. These valuable infrastructure and features are decidedly not free for Valve to develop and maintain, so Valve limits the number of Steam Keys it gives away, which discourages free-riding. Most Steam Partners value this free service and refrain from taking unfair advantage of it.

Unfortunately, some Partners use Steam Keys in a way that does not treat Steam customers fairly or gives Steam customers a worse deal than Steam Key purchasers. For example, some Partners request Steam Keys only to offer their Steam-enabled games for sale off of Steam for low prices (or even for free) while consistently charging their customers on Steam considerably more for the same products. Some request an unreasonable number of free Steam Keys compared to the number of the same games they sell on Steam, e.g., requesting tens of thousands of Steam Keys or more, but selling only a few hundred of the same games on Steam. It makes little business sense for Valve to permit third parties to use Steam's technology, infrastructure, features, and operations to disadvantage Steam's customers by making Steam a more expensive place to buy Steam-enabled games. Because permitting such a use of Steam Keys would promote free-riding, make Steam less desirable to customers, and harm Valve's

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

business, Valve limits the number of free Steam Keys it issues, or declines to issue Steam Keys to Partners who use them to put Steam customers at a monetary disadvantage or free-ride on Valve's investment in Steam. For the same reasons, Valve may decline to issue Steam Keys to Partners who use Steam Keys to put Steam customers at a disadvantage by making content for Steam-enabled games available for purchase or download outside of Steam without making comparable content available to Steam customers. *See* https://partner.steamgames.com/doc/features/keys.

Valve also declines to grant requests for Steam Keys when the request suggests fraud.

Valve limits the number and use of Release State Override (or beta package) or Developer Autogrant (or devcomp) Steam Keys so that they are used for the purposes for which they are issued. Valve ordinarily does not issue Steam Keys for free products because they are not needed (as the products can be downloaded on Steam for free) or Steam bundles because Steam Keys can be issued for individual games in the bundle. *See* https://partner.steamgames.com/doc/features/keys.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

**CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER**
VALVE'S SUPP. RESP. AND OBJECTIONS TO PLAINTIFFS'
SECOND SET OF INTERROGATORIES (2:21-CV-00563-JCC) - 8

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

DATED this 5th day of July, 2023.

    *s/ Gavin W. Skok*
Gavin W. Skok, WSBA #29766
FOX ROTHSCHILD LLP
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
Telephone (206) 624-3600
Fax (206) 389-1708
gskok@foxrothschild.com

Kristen Ward Broz
FOX ROTHSCHILD LLP
2020 K. St. NW, Ste. 500
Washington, DC 20006
Telephone (202) 794-1220
Fax (202) 461-3102
kbroz@foxrothschild.com

Nathan M. Buchter
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Telephone (215) 299-3010
nbuchter@foxrothschild.com

Charles B. Casper (*pro hac vice*)
Peter Breslauer (*pro hac vice*)
Robert E. Day (*pro hac vice*)
Jessica Rizzo (*pro hac vice*)
MONTGOMERY McCRACKEN WALKER
& RHOADS LLP
1735 Market Street, 21st Floor
Philadelphia, PA 19103
Telephone (215) 772-1500
ccasper@mmwr.com
pbreslauer@mmwr.com
rday@mmwr.com
jrizzo@mmwr.com

*Attorneys for Defendant Valve Corporation*

**CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER**
VALVE'S SUPP. RESP. AND OBJECTIONS TO PLAINTIFFS'
SECOND SET OF INTERROGATORIES (2:21-CV-00563-JCC) - 9

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

# CERTIFICATE OF SERVICE

I certify that I am a secretary at the law firm of Fox Rothschild LLP in Seattle, Washington. I am a U.S. citizen over the age of eighteen years and not a party to the within cause. On the date shown below, I caused to be served a true and correct copy of the foregoing on counsel of record for all other parties to this action as indicated below:

| **Service List** | |
|---|---|
| Alicia Cobb, WSBA #48685<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>1109 First Avenue, Suite 210<br>Seattle, Washington 98101<br>Telephone (206) 905-7000<br>Fax (206) 905-7100<br>aliciacobb@quinnemanuel.com<br><br>Steig D. Olson (*pro hac vice*)<br>David LeRay (*pro hac vice*)<br>Nicolas Siebert (*pro hac vice*)<br>Shane Seppinni (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>51 Madison Avenue<br>New York, New York 10010<br>Telephone (212) 849-7231<br>Fax (212) 849-7100<br>steigolson@quinnemanuel.com<br>davidleray@quinnemanuel.com<br>nicolassiebert@quinnemanuel.com<br>shaneseppinni@quinnemanuel.com<br><br>Adam Wolfson (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>Telephone (213) 443-3285<br>Fax (213) 443-3100<br>adamwolfson@quinnemanuel.com<br><br>Charles Stevens (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California St., 22nd Floor<br>San Francisco, CA 94111<br>Telephone (415) 875-6600<br>Fax (415) 875-6700<br>charliestevens@quinnemanuel.com<br><br>*Interim Co-Lead Counsel* | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via CM/ECF / Email<br>☐ Via over-night delivery |

**CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER**
VALVE'S SUPP. RESP. AND OBJECTIONS TO PLAINTIFFS'
SECOND SET OF INTERROGATORIES (2:21-CV-00563-JCC) - 10

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

|   |   |
|---|---|
| 1 | David Golden (*pro hac vice*) |
| 2 | Justin Fore (*pro hac vice*)<br>CONSTANTINE CANNON LLP |
| 3 | 1001 Pennsylvania Ave., 22nd Floor<br>Washington, D.C. 20004 |
| 4 | Telephone (202) 204-4527<br>Fax (202) 204-3501 |
| 5 | dgolden@constantinecannon.com<br>wfore@constantinecannon.com |
| 6 | A. Owen Glist (*pro hac vice*) |
| 7 | Ankur Kapoor (*pro hac vice*)<br>Jeffrey I. Shinder (*pro hac vice*) |
| 8 | CONSTANTINE CANNON LLP<br>335 Madison Avenue, 9th Floor |
| 9 | New York, NY 10017<br>Telephone (212) 350-2700 |
| 10 | Fax (212) 350-2701<br>oglist@constantinecannon.com |
| 11 | akapoor@constantinecannon.com<br>jshinder@constantinecannon.com |
| 12 | Stephanie L. Jensen, WSBA #42042 |
| 13 | Tyre L. Tindall, WSBA #56357<br>WILSON SONSINI GOODRICH & ROSATI P.C. |
| 14 | 701 Fifth Avenue, Suite 5100<br>Seattle, WA 98104-7036 |
| 15 | Telephone (206) 883-2500<br>Fax (206) 883-2699 |
| 16 | sjensen@wsgr.com<br>ttindall@wsgr.com |
| 17 | Kenneth R. O'Rourke (*pro hac vice*) |
| 18 | Scott A. Sher (*pro hac vice*)<br>Allison B. Smith (*pro hac vice*) |
| 19 | WILSON SONSINI GOODRICH & ROSATI, P.C.<br>1700 K Street, NW, Suite 500 |
| 20 | Washington, DC 20006<br>Telephone (202) 973-8800 |
| 21 | Fax (202) 973-8899<br>korourke@wsgr.com |
| 22 | ssher@wsgr.com<br>allison.smith@wsgr.com |
| 23 |  |
| 24 |  |
| 25 |  |
| 26 |  |

**CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER**
VALVE'S SUPP. RESP. AND OBJECTIONS TO PLAINTIFFS'
SECOND SET OF INTERROGATORIES (2:21-CV-00563-JCC) - 11

W. Joseph Bruckner (*pro hac vice*)
Joseph C. Bourne (*pro hac vice*)
Kyle J. Pozan (*pro hac vice*)
Leona Bridget Ajavon (*pro hac vice*)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Fax: (612) 339-0981
wjbruckner@locklaw.com
jcbourne@locklaw.com
kjpozan@locklaw.com
lbajavon@locklaw.com

*Interim Co-Lead Counsel*

Kenneth J. Rubin (*pro hac vice*)
Timothy B. McGranor (*pro hac vice*)
Kara M. Mundy (*pro hac vice*)
Douglas R. Matthew (*pro hac vice*)
VORYS, SATER, SEYMOUR AND
  PEASE LLP
52 East Gay Street
Columbus, Ohio 43215
Telephone (614) 464-6400
Fax (614) 719-4796
kjrubin@vorys.com
tbmcgranor@vorys.com
kmmundy@vorys.com
drmatthews@vorys.com

Thomas N. McCormick (*pro hac vice*)
VORYS, SATER, SEYMOUR AND
  PEASE LLP
4675 MacArthur Court, Suite 700
Newport Beach, California 92660
Phone (949) 526-7903 | Fax (949) 383-2384
tnmccormick@vorys.com

*Executive Committee*

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED this 5th day of July, 2023, in Seattle, Washington.

*/s/ Veronica I. Magda*
Veronica I. Magda

**CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER**
VALVE'S SUPP. RESP. AND OBJECTIONS TO PLAINTIFFS'
SECOND SET OF INTERROGATORIES (2:21-CV-00563-JCC) - 12

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

## **VERIFICATION**

I, Scott Lynch, declare as follows:

I am the Chief Operating Officer of Valve Corporation ("Valve") to which Plaintiffs' Second Set of Interrogatories, dated January 27, 2023, are addressed in the lawsuit captioned *In re Valve Antitrust Litigation*, United States District Court Case No. 2:21-cv-00563-JCC (W.D. Wash.), and I am authorized to make this Verification on behalf of Valve. I have read the foregoing interrogatories and Valve's supplemental response thereto, dated July 5, 2023, which represents a corporate response based on information gained through the review of documents and/or assembled by Valve employees through the course of their work or Valve representatives. Further, because the foregoing response represents a corporate response, the matters stated therein are not within the personal knowledge of any single individual, including but not limited to myself. Subject to these limitations, the information contained in the foregoing response is, to the best of Valve's knowledge, true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 9th day of October, 2023, at Bellevue, Washington.

*[signature]*

**CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER**
VALVE'S SUPP RESP. AND OBJECTIONS TO PLAINTIFFS'
SECOND SET OF INTERROGATORIES (2:21-CV-00563-JCC) - 1

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600