THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| IN RE VALVE ANTITRUST LITIGATION | CASE NO. C21-0563-JCC |
|---|---|
| | ORDER |

This matter comes before the Court on Defendant's motion to seal (Dkt. No. 294). Having thoroughly considered the briefing and the relevant record, the Court GRANTS in part and DENIES in part the motion as explained herein.

This order disposes of one in a series of sealing motions associated with Plaintiffs' class certification motion. (*See, e.g.*, Dkt. Nos. 189, 193, 198, 201, 223, 227, 228, 236, 253, 258, 307, 308) (motions to seal and resulting orders). The parties, after briefing the instant motion, appear to largely agree on what materials should be sealed and/or redacted. (*See generally* Dkt. Nos. 294, 324, 325, 325-1.) But disputes remain. (*See* Dkt. No. 325-1.) As to those, the Court largely concurs with Defendant's assessment: compelling reasons justify shielding much of these materials from public view.[1] However, the Court does take exception with a few of Defendant's

---

[1] "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*,

proposed redactions and sealing designations. Attached to this order is an exhibit addressing those exceptions. It outlines the permissible redactions only for those materials, as described by Defendant in Updated Appendix 1 (Dkt. No. 325-1). For the materials described in Updated Appendix 1 *not* discussed in the attached sealed exhibit, no public disclosure—other than that Defendant already proposes—is required.

Accordingly, the Court rules as follows:

- It DENIES Defendant's revised request(s) to seal (Dkt. No. 294) for the entries described in Defendant's Updated Appendix 1 (Dkt. No. 325-1), as outlined in the sealed exhibit attached to this order, and
- It GRANTS the revised request(s) to seal (Dkt. No. 294) for all other entries in Defendant's Updated Appendix 1 (Dkt. No. 325-1).

Within 14 days, the parties SHALL meet and confer and file final public redacted versions of the materials at issue in this motion, (*see id.*), in accordance with this order. The Clerk is DIRECTED to maintain the following materials under seal: Docket Numbers 182-1, 229, 230 *et seq.*, 231 *et seq.*, 232, 233 *et seq.*, 242, 298 *et seq.*, 305 *et seq.*, 324, and 325.

So ORDERED this 6th day of August 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). As a result, one "seeking to seal a judicial record . . . 'must articulate compelling reasons [to keep a record sealed] supported by specific factual findings.'" *Id.* at 1179 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003))