THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | No. 2:21-cv-00563-JCC<br><br>**VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL MATERIALS ASSOCIATED WITH PLAINTIFFS' OPPOSITION TO VALVE'S DAUBERT MOTION AND PLAINTIFFS' REPLY IN SUPPORT OF CLASS CERTIFICATION**<br><br>**NOTE ON MOTION CALENDAR: AUGUST 28, 2024** |

### I.  RELIEF REQUESTED

Pursuant to the July 9, 2024 Stipulation and Order (Dkt. 307, 308), the Protective Order (Dkt. 95), and LCR 5(g), Valve brings this motion to maintain under seal certain highly confidential, proprietary, and commercially sensitive information about Valve and third parties. Plaintiffs do not oppose Valve's proposed redactions.

Valve respectfully requests redactions to the following documents (collectively referred to as the "Sealed Documents").

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 1

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

(1) The unredacted version of Plaintiffs' Reply in Support of Motion for Class Certification ("Class Certification Reply") (Dkt. 315);

(2) The unredacted version of the Declaration of Alicia Cobb in Further Support of Plaintiffs' Motion for Class Certification and Appointment of Co-Lead Counsel and in Support of Plaintiffs' Opposition to Valve Corporation's Motion to Exclude Testimony of Steven Schwartz ("Cobb Reply Declaration") (Dkt. 316);

(3) The unredacted versions of these Exhibits to the Cobb Reply Declaration:

- Exhibit 85, Reply Class Certification Expert Report of Dr. Steven Schwartz ("Schwartz Reply Report") (Dkt. 316-1);
- Exhibit 86, Expert Reply Report of Professor Joost Rietveld ("Rietveld Reply Report") (Dkt. 316-2);
- Exhibit 87 (Dkt. 316-3);
- Exhibit 88 (Dkt. 316-4);
- Exhibit 89 (Dkt. 316-5);
- Exhibit 91, Corrected Class Certification Expert Report of Dr. Steven Schwartz ("Corrected Schwartz Report") (Dkt. 316-7);[1]

---

[1] Plaintiffs attached the Corrected Schwartz Report to the Cobb Reply Declaration, Ex. 91, along with an errata reflecting the changes to Table 3 (page 160), Table A.1 (page A10), and Table A2 (Page A11). The Court granted Valve's requested redaction of those Tables in the original report. Dkt. 295 at Appendix A1 (requesting redaction); Dkt. 297-2 at p. 160 Tbl. 3, p. A10 Tbl A.1, p. A11 Tbl. A.2 (highlighting redaction); Dkt. 330 (granting requests to seal not addressed in the Court's sealed exhibit). Valve requests redaction of the changed Tables in the Corrected report on the same basis on which it sought sealing of the original Tables in the prior Schwartz Report. Dkt. 294 at 4, 8 (requesting sealing of financial information); Dkt. 295 at Appendix A1. A highlighted version of Ex. 91 with the corrected tables and Valve's requested redactions (modified by the Court's Order) is attached to the Marks-Dias Declaration for the Court's convenience. Declaration of Blake Marks-Dias in Support of Valve's Motion to Seal Materials Associated with Plaintiffs' Opposition to Valve's Daubert Motion and Plaintiffs' Reply in Support of Class Certification ¶5. Plaintiffs do not object to Valve's request to transfer Valve's redaction requests from the original Schwartz Report to the corrected Schwartz Report. *Id.* ¶19.

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 2

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

- Exhibit 92 (Dkt. 316-8);

(4) The unredacted version of Plaintiffs' Opposition to Defendant Valve Corporation's Motion to Exclude Testimony of Steven Schwartz ("*Daubert* Opposition") (Dkt. 317).

Pursuant to LCR 5(g)(3), Valve also moves to seal material related to third parties in the Schwartz Reply Report and Rietveld Reply Report. Valve seeks this relief to provide third parties an opportunity to show any reason for sealing these materials. Declaration of Blake Marks-Dias in Support of Valve's Motion to Seal Materials Associated with Plaintiffs' Opposition to Valve's Daubert Motion and Plaintiffs' Reply in Support of Class Certification ("Sealing Marks-Dias Decl.") ¶18.

Valve's proposed sealing and redactions closely follow this Court's guidance in its Order regarding Valve's Motion to Seal Plaintiffs' Motion for Class Certification (Dkt. 236) ("Class Cert. Sealing Order"). Valve focuses its sealing requests on the type of information previously ordered sealed, including financial information and information that "implicate[s] a third party's business practices or Defendant's alleged competitive (*i.e.*, permissible) business practices." *Id.* at 3. Compelling reasons exist to maintain the Sealed Documents under seal.

Plaintiffs do not oppose Valve's requested relief. Sealing Marks-Dias Decl. ¶19. Valve respectfully requests that the Court grant Valve's unopposed motion.

## II. BASIS FOR SEALING

In addition to those found in the Class Cert. Sealing Order, compelling reasons to seal the Sealed Documents are established in:

(1) The previously filed June 27, 2024 Declaration of Scott Lynch in Support of Valve's Motion to Seal (Dkt. 295) ("June Lynch Decl.");

(2) The previously filed May 10, 2024 Declaration of Scott Lynch in support of Valve's Motion to Seal Plaintiffs' Motion for Class Certification and Supporting Exhibits (Dkt. 226)

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 3

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

("May Lynch Decl."), which was filed under seal and details the confidentiality of the type of Valve and third party confidential financial and business information sought to be sealed here, explains Valve's extensive efforts to protect such information, and establishes the competitive harm from its disclosure; and

(3) The Declaration of Blake Marks-Dias in Support of Valve's Motion to Seal Materials Associated with Plaintiffs' Opposition to Valve's Daubert Motion and Plaintiffs' Reply in Support of Class Certification ("Sealing Marks-Dias Decl.") filed herewith.[2]

Valve's proposed redactions are listed in the Appendices to the Sealing Marks-Dias Declaration and shown in the highlighted portions of the exhibits to the Sealing Marks-Dias Declaration.

**III.  THE INFORMATION VALVE REQUESTS BE SEALED**

The Sealed Documents contain hundreds of disclosures of competitively sensitive business and financial information in these categories:

1. <u>Confidential Valve financial information</u>. This includes highly confidential information regarding Steam sales, revenues, and revenue share, as well as internal Valve accounting, financial, cost and profit information that is not publicly known or disclosed by Valve in the ordinary course of business. June Lynch Decl. ¶¶5, 9–11. Valve also seeks to seal information that would disclose Valve's private accounting and financial record-keeping practices. *Id.* ¶14. Where possible Valve seeks sealing and redaction of only the numbers, fields or line items necessary to preserve confidentiality of this information.

---

[2] Consistent with the presumption favoring public access, detailed information revealing confidential information sought to be sealed or harm from its public disclosure is not being filed under seal in this Motion or the concurrently submitted Sealing Marks-Dias Decl. Where necessary, Valve references the prior (sealed) May Lynch Decl. for further information. If the Court requires additional information related to anything discussed in this motion, Valve respectfully requests an opportunity to submit it under seal.

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 4

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

2. <u>Confidential third-party financial information</u>. This includes information regarding third parties who distribute their games on Steam, including sales and revenue share; and (ii) information produced by third parties in discovery regarding finances, sales, operations, and internal strategy. *Id.* ¶¶16–17. Where possible Valve limits its sealing and redaction requests to numbers, percentages, and third party and game names to anonymize such information.

3. <u>Third-party proprietary business information</u>. The Court previously found compelling reasons to seal information that "implicate[s] a third party's business practices." Dkt. 236 at 3. Similarly, Valve seeks sealing of the portions of the Sealed Documents that disclose third-party proprietary business information, including information that implicates or reveals third parties' business, pricing or marketing strategies, as well as third parties' use of Steam Keys to distribute their games outside Steam. June Lynch Decl. ¶21. Following the Class Cert. Sealing Order, Valve proposes narrow redactions to anonymize this information without impacting its substance, mainly by redacting third party names and names of games.

4. <u>Contracts with third parties and related communications</u>. Third parties distribute their apps through Steam under contracts called Steam Distribution Agreements ("SDA"). The SDAs and related discussions in the Sealed Documents disclose the specific business terms of Valve's relationship with third parties. *Id.* ¶25. For such materials, Valve seeks sealing of third-party identifying information and portions disclosing the substance of business terms, similar to the Court's prior redactions.

5. <u>Steam Revenue Share Information</u>. This includes private information

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 5

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

regarding revenue share rates and splits between Valve and Steam Partners, Plaintiffs' expert's calculations of effective revenue share rates (which Plaintiffs' expert incorrectly calls "commissions"), and other revenue share rate and payment information derived from confidential financial data. *Id.* ¶29.

6. <u>Valve's confidential internal strategy, analysis, and information</u>. This includes internal Valve information regarding (i) matters not alleged to be anti-competitive, (ii) analysis of competition and competitors, and (iii) the type of data Valve collects and how Valve keeps it. *Id.* ¶35. As described below, the Court previously found compelling reasons to seal confidential information about "Defendant's alleged competitive (i.e., permissible) business practices" (Dkt. 236 at 3), and sealed other similar Valve internal analysis. Valve minimized its proposed sealing and redaction of this information to the greatest extent possible.

7. <u>Personally Identifiable Information ("PII")</u>. Valve seeks to seal PII (including names, phone numbers, email addresses, and mailing addresses) because it is unnecessary to understand the substance of these filings, and disclosure would invade personal privacy and potentially subject individuals to harm. Lynch Decl. ¶¶44–45.

8. <u>Information purchased from data vendors solely for litigation use</u>. Valve purchased market and industry data from third-party data vendors (Newzoo, Circana) solely for litigation use. June Lynch Decl. ¶48. These vendors contractually require Valve to keep that data confidential to preserve the economic value they derive from its secrecy and could suffer economic injury and competitive harm if it were made publicly available for free (*id.* ¶¶48–49), which "implicate[s] a third party's business practices." Dkt. 236 at 3.

9. <u>Market share and size information</u>. Valve seeks to seal information relating to
VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 6

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

the size of the alleged market and various industry participants' share of that alleged market (June Lynch Decl. ¶51), similar or identical to information previously sealed by the Court.

## IV. ARGUMENT

### A. Legal Standard

The strong presumption favoring public access to judicial records is not absolute and can be overcome. *Kamakana v. Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). A party seeking to seal court documents overcomes it by showing the interests and facts warranting sealing, describing the injury from unsealing, and showing why there is no less restrictive alternative. LCR 5(g)(3)(B). Generally, compelling reasons justify sealing court documents if they "'become a vehicle for improper purposes,'" such as releasing proprietary financial, decision-making, strategy, and operations information that would harm litigants' competitive standing. *Raner v. Fun Pimps Ent. LLC*, 2024 WL 1049964, at *2 (W.D. Wash. Mar. 11, 2024) (quoting *Kamakana*, 447 F.3d at 1179)).

The Court previously found compelling reasons to seal information similar or identical to many of the disclosures in the Sealed Documents. On August 6, 2024, the Court granted most of Valve's requests to keep confidential financial, business, and third party information under seal, including all of Valve's requests to seal not opposed by Plaintiffs. Dkt. 330 at 1–2 (granting all requests to seal not addressed in the Court's sealed exhibit).

### B. Disclosure of the Sealed Documents Will Cause Competitive Harm to Valve and Third Parties

Valve takes extensive measures to protect each category of information in the Sealed Documents. June Lynch Decl. ¶6; May Lynch Decl. ¶¶18–33. Disclosure of the information Valve seeks to seal in the Sealed Documents will cause substantial competitive and economic harm to Valve and third parties. June Lynch Decl. ¶7; May Lynch Decl. ¶¶34–43, 47, 57–58,

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 7

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

71, 73–103, 105–121. Further detail is provided below, referencing the previously filed Lynch Declarations.

### 1. Confidential Valve Financial Information.

The Sealed Documents contain several statements and disclosures of Valve's financial information. Sealing Marks-Dias Decl. ¶9, Appendix A. The economic and competitive harm to Valve from disclosure of this information is established in the June Lynch Decl. ¶¶9–10 and May Lynch Decl. ¶¶34–37, 47. Among other harms, disclosure would give Valve's competitors unfair insight into Valve's business models, pricing, sales, marketing, and other strategies, which could give them unfair advantage in developing rival products, as well as give them insight into its current and future decision-making, which is often guided by past financial performance. Valve narrowly tailored its sealing requests and, where possible, seeks only to seal the specific numbers and percentages necessary to preserve confidentiality of its financial information.

The Court previously found compelling reasons to seal identical or similar information. *See* Dkt. 330 (granting Valve's motion to seal, which included requests to seal or redact confidential Valve financial information). Valve's sealing requests are consistent with those prior sealing decisions and case law. *Raner*, 2024 WL 1049964, at *3 (sealing "expert analysis of the company's revenues, expenses, and profit calculations"); *Clean Crawl, Inc. v. Crawl Space Cleaning Pros, Inc.*, 2020 WL 978267, at *2 (W.D. Wash. Feb. 28, 2020) (sealing "expert report[s] containing business valuation and projections"); *Clean Crawl, Inc. v. Crawl Space Cleaning Pros, Inc.*, 2019 WL 6829886, at *1–2 (W.D. Wash. Dec. 13, 2019) (sealing confidential "historical, present, and projected financial data"); *Benanav v. Healthy Paws Pet Ins. LLC*, 2023 WL 8648962, at *4 (W.D. Wash. Dec. 14, 2023) (sealing "premium pricing and costs, rate elements, profit margins, and business and marketing strategies"); *FTC v. Amazon.com, Inc.*, 2016 WL 4447049, at *2 (W.D. Wash. Aug. 24, 2016) (sealing financial and

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 8

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

business data).

## 2. Third party proprietary financial and business information.

The Court previously found compelling reasons to seal information "implicat[ing] a third party's business practices," Dkt. 236 at 3, and redacted certain identifying information (e.g., third party names and games) to anonymize information that would otherwise disclose confidential third party business practices. *See, e.g.*, Dkt. 330 (granting Valve's motion to seal, which included requests to seal or redact third party proprietary business information); Dkt. 237 at 14 (sealing third party identifying information in Steam Key discussion) & 16–18 (sealing information identifying third parties discussing pricing with Valve); Dkt. 237-1 at 58–59 (sealing Valve discussions with third party about free-to-play games), 93 (sealing third party identifying information in Steam Key discussion), 102, 108–09, 112 (sealing third party identifying information in their communications with Valve about non-Steam versions of games).

Valve seeks to seal that same type of information here, including information disclosing third parties' marketing and business strategies, game release and update information, and other information related to Steam Partners' distribution of apps. June Lynch Decl. ¶21. The harm from disclosure of such information is established in the previously filed declarations. *See* June Lynch Decl. ¶22; May Lynch Decl. ¶¶34–37, 43, 47, 58, 103 (competitive harm to Valve and Valve's relationships with Steam Partners), ¶¶38–43, 55–57, 71 (competitive harm to Steam Partners), ¶121 (harm to third parties). Sealing is consistent with other courts that find compelling reasons to seal confidential business communications with third parties. *See, e.g.*, *Washington v. Franciscan Health Sys.*, 2019 WL 3494382, at *2 (W.D. Wash. Mar. 12, 2019) (compelling reasons to seal third party information regarding goals, negotiation tactics, beliefs about competition and pricing, and expansion plans).

Valve narrowly tailored its sealing requests to seek sealing only of third-party identifying information (names, names of games, other material necessary to anonymize the

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 9

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

information) and where possible only the numbers and percentages necessary to preserve confidentiality. *See* Sealing Marks-Dias Decl. ¶¶10–11, Appendices B & C. Additionally, as discussed in Valve's Reply in Support of its Motion to Seal its Opposition to Class Certification, Schwartz Report, and Supporting Documents, Valve seeks to redact identifying information—such as deposition dates—that could be used to identify third party witnesses and documents. Dkt. 325 at 6.

### 3. Valve's confidential business practices and decision-making information.

The Court previously found compelling reasons to seal information regarding "Defendant's alleged competitive (*i.e.*, permissible) business practices." Dkt. 330 (granting Valve's motion to seal, which included requests to seal or redact Valve's confidential business practices and decision-making information); Dkt. 236 at 3; *see also* Dkt. 237 at 11 n. 4, 14, 22, 29, 31; Dkt. 237-1 at 18–19, 58–59, 62–63, 101–04, 108–09. The Sealed Documents contain such information, including Valve's highly confidential and proprietary internal business planning and strategy, decision-making, and pricing information, as well as Steam partner contracts and communication, and revenue share information. Sealing Marks-Dias Decl. ¶¶12–14, Appendices D–F.

Disclosure of the information Valve seeks to seal would hurt Valve's competitive standing and cause other harms. *See* June Lynch Decl. ¶¶30, 32, 36–37; May Lynch Decl. ¶¶47–54, 71–103. For example, disclosure would give Valve's competitors unfair insight into its business models, decision-making and reasoning, policies, pricing, and other strategies; reveal how Valve negotiates and structures business relationships, impairing Valve's ability to negotiate future contracts; and provide bad actors information that could be used to mount attacks against Valve's network, its business operations, or employees.

Consistent with the Class Cert. Sealing Order, Valve carefully tailored its sealing and redaction requests to only highly confidential and competitively sensitive business information.

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 10

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Other courts regularly find compelling reasons to seal similar proprietary business information in internal documentation and communications. *See, e.g.*, *Burrows v. 3M Company*, 2023 WL 1345429, at *3 (W.D. Wash. Jan. 31, 2023) (sealing confidential business information); *Edifecs*, 2019 WL 5618822, at *2 (same); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (same); *Menzel v. Scholastic, Inc.*, 2019 WL 6896145, at *1 (N.D. Cal. Dec. 18, 2019) (same).

### 4. **Personally Identifiable Information.**

Valve seeks to seal PII (e.g., names email addresses), including PII of third parties. Sealing Marks-Dias Decl. ¶15, Appendix G. Compelling reasons exist to seal court records that may "become a vehicle for improper purposes, such as the use of records to gratify private spite." *Kamakana*, 447 F.3d at 1179. Valve seeks to seal this information to protect personal privacy and prevent harassment or abuse. Lynch Decl. ¶¶44–45; Sealed Lynch Decl. ¶121. Preventing disclosure of PII is an appropriate reason for sealing, which this Court has already done here. Dkt. 330 (granting Valve's motion to seal, which included requests to seal or redact PII); Dkt. 223; *see also Kenny v. Pac. Inv. Mgmt. Co. LLC*, 2018 WL 3328224, at *1 (W.D. Wash. July 6, 2018); LCR 5.2 (requiring redaction of certain PII).

### 5. **Information Purchased from Data Vendors for Litigation Purposes.**

Valve purchased industry and market information from two third-party data vendors—Newzoo and Circana—solely for use in this litigation. June Lynch Decl. ¶48. The Court previously found compelling reasons to seal information related to market size and share, as well as information related to Valve and third-party sales. *E.g.,* Dkt. 330 (granting Valve's motion to seal, which included requests to seal or redact information purchased from data vendors); Dkt. 237 at 11 (market share information), 21 (same), 27 (same); 237-1 at 70 (market share and size).

Further compelling reasons exist to seal the information Valve purchased from Newzoo

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 11

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

and Circana for litigation purposes because this proprietary information is not publicly available; instead, Newzoo and Circana only made it available to Valve under strict confidentiality terms that require Valve to maintain its secrecy. June Lynch Decl. ¶48. Newzoo and Circana base their businesses on the confidentiality of the data that they collect, analyze, and sell—free public disclosure of that data would prevent them from selling that data, causing economic and competitive harm and "implicat[ing] a third party's business practices." *Id.* ¶49; *see also* Dkt 325 at 6 (requesting sealing of information purchased from third party data vendors). Accordingly, compelling reasons justify sealing this information. Sealing Marks-Dias Decl. ¶16, Appendix H.

6. **Market Share Information.**

The Court previously sealed market share and market size information (*see* Section IV.A, *supra*). Such information could also reveal or be used to reverse-engineer Valve's highly confidential financial information or information purchased from third-party data vendors for litigation. June Lynch Decl. ¶¶51–52. The market share and size references in the Sealed Documents should be sealed for these reasons, consistent with prior sealing of this type of information. Sealing Marks-Dias Decl. ¶17, Appendix I.

C. **Valve's Minimal Redactions Align with the Court's Prior Decisions and are Unrelated to the Public Interest.**

Consistent with the Class Cert. Sealing Order, LCR 5(g), and the Protective Order, Valve seeks only to redact or seal numbers, facts, and other identifying information that is not necessary to aid the public in understanding the parties' position and the judicial process. *See, e.g.*, *Coloplast A/S v. Generic Medical Devices, Inc.*, 2012 WL 3629037, at *1–2 (W.D. Wash. Aug. 22, 2012). Valve is requesting only narrow sealing and redactions. Sealing Marks-Dias Decl. ¶¶9–17. The proposed redactions still allow the substance of these documents and information to be determinable, while protecting Valve's and third parties' legitimate commercial and privacy interests.

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 12

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

No public interest justifies disclosure of the Sealed Documents, which concern only the confidential and proprietary business and financial information of Valve and third parties. As this Court recognized, the public right to access "is reduced when applied to confidential and proprietary business records." *Olberg v. Allstate Ins. Co.*, 2021 WL 1208588, at *1 (W.D. Wash. Mar. 31, 2021) (citation omitted). That is the case here, where the Sealed Documents do not affect public health or safety and do not concern public entities or officials.

The specific information Valve seeks to seal is the same confidential and commercially sensitive business information that this Court has recognized in this case (Dkts. 236, 330) and other context has little public value. *See In re Zillow Grp., Inc. S'holder Derivative Litig.*, 2019 WL 3428664, at *2 (W.D. Wash. July 30, 2019); *Amazon*, 2016 WL 4447049, at *2; *Douglas v. Xerox Bus. Servs. LLC*, 2014 WL 12641056, at *1 (W.D. Wash. Apr. 11, 2014). Moreover, the information in the Sealed Documents is of comparatively little use in enhancing the public's understanding of the judicial process. *See, e.g.*, *Richardson v. Mylan, Inc.*, 2011 WL 837148, at *2 (S.D. Cal. Mar. 9, 2011).

There is no relief short of redacting the information in the Sealed Documents that would sufficiently protect Valve and third parties from the significant harm of their public disclosure. *See Zunum Aero, Inc. v. Boeing Co.*, 2023 WL 7180636, at *2 (W.D. Wash. Nov. 1, 2023); *Gomo v. NetApp, Inc.*, 2019 WL 1170775, at *2 (N.D. Cal. Mar. 13, 2019).

### V.   CERTIFICATION

Pursuant to LCR 5(g)(3)(A), Valve's counsel certify they conferred with Plaintiffs' counsel in good faith by videoconference on August 5, 2024 regarding the need to maintain the Sealed Documents under seal. Sealing Marks-Dias Decl. ¶19. Plaintiffs do not object to any of Valve's sealing requests. *Id*.

CASE NO. 2:21-cv-00563-JCC – 13

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## VI. CONCLUSION

Valve has presented specific factual findings about the harms caused by release of the Sealed Documents that outweigh public disclosure. Valve has also narrowly tailored its sealing requests to comply with the guidance provided in the Class Cert. Sealing Order. Plaintiffs concur with all of Valve's proposed redactions. Valve respectfully requests that the Court maintain the Sealed Documents under seal and permit Valve to file the redacted versions of the Sealed Documents for public access.

I certify that this memorandum contains 3,702 words, in compliance with the Local Civil Rules.

DATED this 7th day of August, 2024.

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
Eric A. Lindberg, WSBA No. 43593
CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com
elindberg@corrcronin.com

Kristen Ward Broz (pro hac vice)
FOX ROTHSCHILD LLP
2020 K. St. NW, Ste. 500
Washington, DC 20006
Telephone (202) 794-1220
Fax (202) 461-3102
kbroz@foxrothschild.com

Nathan M Buchter *(pro hac vice)*
FOX ROTHSCHILD LLP
2000 Market Street STE 20TH FL
Philadelphia, PA 19103
Telephone (215) 299-3010
nbuchter@foxrothschild.com

Charles B. Casper (*pro hac vice*)

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 14

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1
2
3
4
5
6

Jessica Rizzo *(pro hac vice)*
Peter Breslauer *(pro hac vice)*
Robert E. Day *(pro hac vice)*
MONTGOMERY McCRACKEN WALKER
& RHOADS LLP
1735 Market Street, 21st Floor
Philadelphia, PA 19103
Telephone (215) 772-1500
ccasper@mmwr.com
jrizzo@mmwr.com
pbreslauer@mmwr.com
rday@mmwr.com

7

*Attorneys for Defendant Valve Corporation*

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
CASE NO. 2:21-cv-00563-JCC – 15

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900