THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | No. 2:21-cv-00563-JCC<br><br>**DECLARATION OF BLAKE MARKS-DIAS IN SUPPORT OF VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL MATERIALS ASSOCIATED WITH PLAINTIFFS' OPPOSITION TO VALVE'S DAUBERT MOTION AND PLAINTIFFS' REPLY IN SUPPORT OF CLASS CERTIFICATION** |

Blake Marks-Dias states and declares as follows:

1. I am over 18 years of age, I have personal knowledge of the matters stated herein and I am competent to testify to these matters.

2. I am one of the attorneys representing Defendant Valve Corporation ("Valve"), and I make this Declaration in support of Valve Corporation's Motion to Seal.

3. Valve moves to maintain under seal certain highly confidential, proprietary,

DECLARATION OF BLAKE MARKS-DIAS IN SUPPORT OF VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL – 1

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

commercially sensitive, and personally identifiable information ("PII") in documents about Valve and third parties (the "Sealed Documents"). Specifically, Valve requests that the Court find compelling reasons for maintaining the following documents under seal:

(1) The unredacted version of Plaintiffs' Reply in Support of Motion for Class Certification ("Class Certification Reply") (Dkt. 315);

(2) The unredacted version of the Declaration of Alicia Cobb in Further Support of Plaintiffs' Motion for Class Certification and Appointment of Co-Lead Counsel and in Support of Plaintiffs' Opposition to Valve Corporation's Motion to Exclude Testimony of Steven Schwartz ("Cobb Reply Declaration") (Dkt. 316);

(3) The unredacted versions of these Exhibits to the Cobb Reply Declaration:

- Exhibit 85, Reply Class Certification Expert Report of Dr. Steven Schwartz ("Schwartz Reply Report") (Dkt. 316-1);
- Exhibit 86, Expert Reply Report of Professor Joost Rietveld ("Rietveld Reply Report") (Dkt. 316-2);
- Exhibit 87 (Dkt. 316-3);
- Exhibit 88 (Dkt. 316-4);
- Exhibit 89 (Dkt. 316-5);
- Exhibit 91, Corrected Class Certification Expert Report of Dr. Steven Schwartz ("Corrected Schwartz Report") (Dkt. 316-7);
- Exhibit 92 (Dkt. 316-8);

(4) The unredacted version of Plaintiffs' Opposition to Defendant Valve Corporation's Motion to Exclude Testimony of Steven Schwartz ("*Daubert* Opposition") (Dkt. 317).

4. Attached to this declaration are Valve's proposed redactions for the documents

DECLARATION OF BLAKE MARKS-DIAS IN SUPPORT OF
VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL – 2

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

listed in Paragraph 3 **(filed under seal)**. Valve's proposed redactions are highlighted for ease of reference, similar to the Court's highlighting in Dkt. Nos. 237 and 237-1 and in Valve's prior submissions. Valve's proposed redactions are highlighted in yellow, except that Valve's proposed redactions to page 6 of the Daubert Opposition are highlighted in green because Plaintiffs use yellow highlights for emphasis on that page.

5. For the Court's convenience, we are including a highlighted version of Valve's requested redactions to the Corrected Schwartz Report (Exhibit 91) that is consistent with the Court's August 6 Order granting-in-part and denying-in-part Valve's motion to seal the Original Schwartz Report. *See* Dkt. 330.

6. The information Valve seeks to seal in its current Motion to Seal falls into these general categories: (1) Valve financial information and accounting practices; (2) third-party financial information; (3) third-party proprietary business information, including information that implicates or reveals third parties' business, pricing or marketing strategies; (4) Steam Distribution Agreements ("SDAs") between Valve and Steam Partners and communications about them; (5) revenue sharing between Valve and Steam Partners; (6) Valve confidential internal strategy, analysis and information, including information regarding matters not alleged to be anti-competitive, the data Valve collects and how Valve keeps it, and analysis of competitors and competition; (7) personally identifiable information ("PII"); (8) data purchased from third-party data vendors solely for use in this litigation; and (9) calculations of alleged market share and market size. The information Valve seeks to seal may fall under one or more of the above categories.

7. Valve takes care to shield Valve's and third parties' confidential information from public disclosure, including the information in the Sealed Documents. The steps that Valve takes to protect this information is described in the sealed May 10, 2024 Declaration of Scott Lynch in support of Valve's Motion to Seal Plaintiffs' Motion for Class Certification and Supporting Exhibits

DECLARATION OF BLAKE MARKS-DIAS IN SUPPORT OF
VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
– 3

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

(Dkt. 226) ("May Lynch Decl."), ¶¶ 20–33.

8. Public disclosure of the information in the Sealed Documents would result in significant competitive and economic harm to Valve and third parties, including Steam Partners and Steam users. *See id.* ¶¶ 34–43, 57–58, 73–102, 105–121.

9. **Valve Financial Information**: Valve seeks to seal portions of documents that contain detailed, highly confidential information regarding Steam sales, transactions, revenues, and revenue share, as well as internal Valve accounting, financial, cost and profit information that is not publicly known or disclosed by Valve in the ordinary course of business. Consistent with the Court's prior guidance, Valve seeks sealing and redaction of only the numbers and percentages necessary to preserve confidentiality of this information. The documents and references that contain the information that Valve seeks to seal are attached to my declaration as **Appendix A**.

10. **Third-Party Financial Information**: Valve seeks to seal portions of documents that contain confidential and proprietary third-party financial information. Consistent with the Court's prior guidance, Valve seeks sealing and redaction of only the numbers and percentages and third-party identifying information (e.g., company and game names) necessary to anonymize such information. The documents and references that contain the information that Valve seeks to seal are attached to my declaration as **Appendix B**.

11. **Third-Party Proprietary Business Information**: Valve seeks to seal portions of documents that contain third-party proprietary business information, including information that implicates or reveals third-parties' business, pricing or marketing strategies. Consistent with the Court's prior guidance, Valve seeks sealing and redaction of only identifying information necessary to anonymize the third party and protect its confidentiality. The documents and references that contain the information that Valve seeks to seal are attached to my declaration as **Appendix C**.

12. **Steam Partner Contracts and Communication**: Valve seeks to seal portions of

DECLARATION OF BLAKE MARKS-DIAS IN SUPPORT OF
VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL – 4

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

documents that contain specific business terms of Valve's relationship with third parties. Consistent with the Court's prior guidance, Valve seeks sealing and redaction of third-party identifying information and portions disclosing the substance of business terms. The documents and references that contain the information that Valve seeks to seal are attached to my declaration as **Appendix D**.

13. **Steam Revenue Share Information**: Valve seeks to seal portions of documents that contain confidential information regarding revenue share rates and splits between Valve and Steam Partners. Consistent with the Court's prior guidance, Valve seeks sealing and redaction of specific numbers and percentages necessary to preserve confidentiality of this information. The documents and references that contain the information that Valve seeks to seal are attached to my declaration as **Appendix E**.

14. **Valve Confidential Internal Strategy, Analysis, and Information**: Valve seeks to seal portions of documents that contain confidential internal strategy, analysis, and information, including (i) matters not alleged to be anti-competitive, (ii) analysis of competition and competitors, and (iii) information disclosing the type of data Valve collects and how Valve keeps it. Consistent with the Court's prior guidance, Valve has attempted to narrow its sealing requests to only that information necessary to prevent disclosure of confidential and damaging internal information. The documents and references that contain the information that Valve seeks to seal are attached to my declaration as **Appendix F**.

15. **Personally Identifiable Information**: Valve seeks to seal portions of documents that contain PII such as names, phone numbers, email addresses, and mailing addresses, of Valve employees, third parties, and Steam users. The documents and references that contain the PII that Valve seeks to seal are attached to my declaration as **Appendix G**.

16. **Data Purchased From Third Party Vendors**: Valve seeks to seal portions of documents that contain proprietary market and industry information purchased by Valve solely for

DECLARATION OF BLAKE MARKS-DIAS IN SUPPORT OF
VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL – 5

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1  use in litigation. Consistent with the Court's prior guidance, Valve seeks sealing and redaction of
2  only the confidential information provided by the non-party data vendors. The documents and
3  references that contain the information that Valve seeks to seal are attached to my declaration as
4  **Appendix H**.

5        17.    **Calculations of Market Size and Share**: Valve seeks to seal portions of
6  documents that contain information relating to the size of the alleged market and various industry
7  participants' share of that alleged market. Consistent with the Court's prior guidance, Valve seeks
8  sealing and redaction of only the dollar figures or percentages necessary to keep this type of
9  information confidential. The documents and references that contain the information that Valve
10  seeks to seal are attached to my declaration as **Appendix I**.

11        18.    Pursuant to LCR 5(g)(3), Valve is moving to seal material designated under the
12  Protective Order by third parties—including but not limited to information related to third parties in
13  the Schwartz Reply Report. Valve agrees that this material merits sealing and has redacted this
14  information, although third parties may provide additional reasons for keeping the materials under
15  seal in response to Valve's motion. These redactions on behalf of third parties are in Schwartz Reply
16  Report on pages 35–36 and page 78.

17        19.    Valve's counsel conferred with Plaintiffs' counsel by videoconference on August
18  5, 2024 regarding the need to maintain the Sealed Documents under seal. As a result of the meet-
19  and-confer, Plaintiffs have no objection to Valve's proposed redactions to the Sealed Documents.
20  With respect to the Correct Schwartz Report, Exhibit 91, Plaintiffs do not object to Valve's proposed
21  redactions to the errata page and do not object to Valve's request to apply the same redactions to the
22  Corrected Schwartz Report as Valve requested in the original Schwartz Report.

23      I declare under penalty of perjury under the laws of the United States of America that
24  the foregoing is true and correct.

25

DECLARATION OF BLAKE MARKS-DIAS IN SUPPORT OF
VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
– 6

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1 DATED this 7th day of August, 2024 at Seattle, Washington.

*s/ Blake Marks-Dias*
Blake Marks-Dias

DECLARATION OF BLAKE MARKS-DIAS IN SUPPORT OF
VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
– 7

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

# APPENDICES TO THE DECLARATION OF BLAKE MARKS-DIAS IN SUPPORT OF VALVE'S UNOPPOSED MOTION TO SEAL

# Appendix A
# Requested Sealing/Redactions of Valve Financial Information

**Class Certification Reply (Dkt. 315)**
    11:18-19

**Schwartz Reply Report (Dkt. 316-1)**
    p. 78 Table 2
    n.529
    Attachment E-1
    Attachment E-2
    Attachment E-3
    Attachment E-4

**Rietveld Reply Report (Dkt. 316-2)**
    Fig. 2
    ¶ 26

**Cobb Reply Decl. Ex. 87 (Dkt. 316-3)**
    283:7, 9-10

**Corrected Schwartz Report (Dkt. 316-7)**
    Errata p. 909

***Daubert* Opposition (Dkt. 317)**
    11:6, 11

# Appendix B
# Requested Sealing/Redactions of Third-Party Financial Information

**Schwartz Reply Report (Dkt. 316-1)**
    n.294
    n.295
    n.298
    p. 78 Table 2
    ¶ 222

## Appendix C
## Requested Sealing/Redactions of Third-Party Proprietary Business Information (third-party business, pricing & marketing strategy)

**Class Certification Reply (Dkt. 315)**
- 5:19-22
- 6:19
- 8:5-6, 9-11

**Cobb Reply Declaration (Dkt. 316)**
- 2:11-12

**Schwartz Reply Report (Dkt. 316-1)**
- n.16
- n.20
- ¶ 19 & n.22
- ¶ 20 & n.24-27
- ¶ 51
- n.106
- n.122
- ¶ 68
- ¶ 69 & n.130-132
- n.137
- n.144
- n.160
- ¶ 182
- n.398
- n.429
- n.441
- ¶ 215
- ¶ 240
- ¶ 241
- p. 123 Fig. 7
- Attachment B-1
- Attachment E-5

**Rietveld Reply Report (Dkt. 316-2)**
- ¶ 8
- ¶ 14
- ¶ 15
- ¶ 17
- ¶ 18
- ¶ 19
- ¶ 47
- ¶ 49
- ¶ 62 & n.94
- ¶ 67
- ¶ 68

**Cobb Reply Decl. Ex. 87 (Dkt. 316-3)**
- 280:25
- 281:12
- 282:6, 9-13

**Cobb Reply Decl. Ex. 92 (Dkt. 316-8)**
- 223:11, 13-14, 17, 19
- 224:3, 7, 9, 19, 22
- 226:16
- 227:8, 14, 19, 23
- 228:1, 3, 20, 22-23
- 229:6, 15, 18, 23

***Daubert* Opposition (Dkt. 317)**
- 6:1-3, 5

# Appendix D
# Requested Sealing/Redactions of Steam Partner Contracts and Related Communications

**Schwartz Reply Report (Dkt. 316-1)**
    n.36
    n.332

# Appendix E
# Requested Sealing/Redactions of Steam Revenue Share Information

**Schwartz Reply Report (Dkt. 316-1)**
    ¶ 35
    n.106
    Attachment D-3

# Appendix F
## Requested Sealing/Redactions of Valve Confidential Internal Strategy, Analysis, and Information (matters not challenged as anti-competitive)

**Class Certification Reply (Dkt. 315)**
    6:8-9
    12:3

***Daubert* Opposition (Dkt. 317)**
    11:26

**Schwartz Reply Report (Dkt. 316-1)**
    ¶ 35
    Table 1
    ¶ 41 & n.72
    ¶ 42 & n.74-76
    Fig. 2
    ¶ 49 & n.83
    n.106
    n.148
    ¶ 106
    ¶ 182 & n.387
    ¶ 183
    ¶ 192 & n.411
    p. 98 Fig. 5
    ¶ 217
    ¶ 247
    ¶ 250
    Attachment F-1

**Rietveld Reply Report (Dkt. 316-2)**
    ¶ 66
    Fig. 5
    ¶ 68
    Appendix B

**Cobb Reply Decl. Ex. 89 (Dkt. 316-5)**
    225:15-16
    226:2, 7, 12, 19, 22

# Appendix G
# Requested Sealing/Redactions of Personally Identifiable Information

**Cobb Reply Decl. Ex. 90 (Dkt. 316-6)**
    10:6-11, 14
    11:9-11, 16-17, 21-22, 24-25
    12:3, 5-6, 20-21, 25
    13:24-25
    14:13-14, 23

# Appendix H
# Requested Sealing/Redactions of Data Purchased from Third Party Data Vendors Solely for Use in this Litigation

**Schwartz Reply Report (Dkt. 316-1)**                  Appendix C
 ¶ 83 & n.157-158

**Rietveld Reply Report (Dkt. 316-2)**
 n. 41
 ¶ 23 & n.43
 Fig. 1
 ¶ 23
 ¶ 24
 n. 66
 n. 67
 ¶ 52 & n.78
 ¶ 53 & n.79-82
 ¶ 54 & n.83
 Fig. 3
 ¶ 55 & n.84-85
 ¶ 57
 Fig. 4
 ¶ 69
 Fig. 6
 ¶ 70
 ¶ 76
 ¶ 77

# Appendix I
# Requested Sealing/Redactions of Calculations of
# Alleged Market Share and Size

**Schwartz Reply Report (Dkt. 316-1)**
¶ 94 & n.188
¶ 124
¶ 206
¶ 229 & Fig. 6

**Rietveld Reply Report (Dkt. 316-2)**
¶ 16

**Cobb Reply Decl. Ex. 87 (Dkt. 316-3)**
99:22-23
100:5, 19-21, 24-25
101:2-3, 8, 11-12, 16-17, 25
102:2, 6-7, 13
103:9
104:4, 7-10, 14, 17, 25

**Cobb Reply Decl. Ex. 88 (Dkt. 316-4)**
114:8

***Daubert* Opposition (Dkt. 317)**
4:12
10:27