THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | No. 2:21-cv-00563-JCC<br><br>**VALVE CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFFS' LOCAL RULE 7(g)(2) SURREPLY MOTION TO STRIKE**<br><br>NOTE ON MOTION CALENDAR: AUGUST 26, 2024 |

The reply arguments Plaintiffs ask the Court to strike are neither new nor based on new facts. Valve and its experts have steadfastly pointed out the economic and common sense problems with Schwartz's failure to (i) account for Steam Keys and (ii) analyze Steam as a two-sided platform. Plaintiffs relied heavily on Schwartz's Reply Report to oppose Valve's *Daubert* Motion, despite the scheduling order not addressing *Daubert* expert disclosures. Professor Langer's Reply Report is an appropriate response.

VALVE CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFFS' LOCAL RULE 7(g)(2) SURREPLY MOTION TO STRIKE
CASE NO. 2:21-cv-00563-JCC – 1

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

### A. Valve's Argument that Schwartz Cannot Ignore Steam Keys is Not New.

Plaintiffs move to strike the section of Valve's *Daubert* Reply Brief calling out Schwartz for ignoring Steam Key revenues, thus making his methodology unreliable. Valve's argument springs directly from Valve's *Daubert* Motion. Dkt. 232 ("Mot.") at 13 ("Schwartz's failure to include revenue from Steam Keys in his calculations makes his methodology of calculating effective revenue share unreliable.").

Plaintiffs' claim (Surreply at 2) that Valve "offers new arguments concerning Plaintiff Wolfire's use of Steam keys" is incorrect. Valve merely restated undisputed facts about the number of Steam Keys Wolfire was given and that Wolfire's customers redeemed, and pointed out, again, that Schwartz's analysis does not account for any revenue publishers realize from sales of those Steam Keys. As reflected by the citations in the *Daubert* Reply, most of those undisputed facts were presented in very similar fashion in Professor Chiou's earlier report on class certification. Chiou Report (Dkt. 233-1) ¶188; *see also id*. ¶¶165-166 & Ex. 5; Langer Opening Report (Dkt. 233-2) ¶98 & Ex. 1, ¶150.[1] Notably, all the facts Plaintiffs claim are "new" concern Wolfire's own Steam Key usage—presumably Wolfire has known those facts all along.

Nothing in the Steam Keys section of Valve's *Daubert* Reply is new. It responds directly to Plaintiffs' *Daubert* Opposition (Dkt. 317) ("Opp."), which accuses Valve of inventing a "made-for-litigation" concept called "effective revenue share" that includes revenue generated by "Steam Key transactions." Opp. 11. And it responds to the *twelve* pages (¶¶173-195, 211-213) of Schwartz's Reply Report ("Schwartz Reply") (Dkt. 316-1, cited throughout

---

[1] The only other fact mentioned is the number of Steam Keys that Wolfire had already been given when the class period started; it is easily derived from the backup materials and data on Steam Key requests that Valve produced with Professor Chiou's report in May 2024.

VALVE CORPORATION'S RESPONSE IN OPPOSITION
TO PLAINTIFFS' LOCAL RULE 7(g)(2) SURREPLY
MOTION TO STRIKE
CASE NO. 2:21-cv-00563-JCC – 2

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Plaintiffs' Opposition) where he doubles down on his previous position that including Steam Key revenues in his calculations is "unnecessary" because they are "irrelevant" to assessing impact and damages. *Id*. § 7.3.1 (sub-heading), ¶179. The Steam Keys section of Valve's *Daubert* Reply makes no new arguments and responds directly to Plaintiffs' Opposition. *See, e.g., ACLU of Nevada v. Las Vegas*, 333 F.3d 1092, 1106 n.14 (9th Cir. 2003) (denying motion to partially strike reply brief because the arguments were "a reasonable response to points made in the ACLU's answering brief")*; Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Research Inst.*, 2020 WL 1548513, at *4 n.9 (N.D. Cal. Mar. 5, 2020) ("Senior-China's arguments are not new. They are a direct response to the arguments in Celgard's opposition.").

### B. Valve's Argument that Schwartz Failed to Properly Analyze Steam as a Two-Sided Platform is Not New.

Plaintiffs next ask the Court to strike the section discussing Schwartz's failure to analyze Steam as a two-sided platform, taking into account charges and features on both sides, as required by *Ohio v. American Express Co.*, 585 U.S. 529 (2018). Again, this argument is not new. Mot. at 6 ("To put it bluntly, per the Supreme Court in *Amex*, Schwartz's one-sided approach is wrong as a matter of law.").

Plaintiffs complain that Valve "offers new arguments concerning Steam Community Market transactions," Surreply at 2, but again Valve merely referred to undisputed, previously known facts about those transactions to bolster its argument that Schwartz should have considered both sides of the two-sided Steam platform. Professor Chiou previously discussed the Community Market as one of many features that only Steam provides, and cited an article referencing Community Market transaction fees. Chiou (Dkt. 233-1) ¶228 (cited in Valve's *Daubert* Reply); *see also id.* n.419, n.700. Schwartz mentioned Community Market fees in his original report—he just didn't account for them in his analysis. *See* Schwartz (Dkt. 182-1) ¶139

VALVE CORPORATION'S RESPONSE IN OPPOSITION
TO PLAINTIFFS' LOCAL RULE 7(g)(2) SURREPLY
MOTION TO STRIKE
CASE NO. 2:21-cv-00563-JCC – 3

**Corr Cronin LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

n.392 ("Steam's service revenue also includes fees earned from sales of virtual items between users. . . ."), ¶44. Community Market fees are not a new concept.

Valve's discussion of Community Market transaction fees was also an appropriate rebuttal to Plaintiffs' and Schwartz's backtracking in response to Valve's *Daubert* motion. In opposition to that motion, Schwartz offered a new opinion (contrary to his initial opinion) that he actually analyzed Steam as two-sided all along. Opp. 1, 3-4; Schwartz Reply (Dkt. 316-1) ¶¶146-152. He did not—as Valve's *Daubert* Reply Brief shows (at 5, 6 n.5), citing Schwartz's own words. Community Market transaction fees are simply an example of the many customer-facing parts of Steam that Schwartz ignored.

Valve's argument is not new, involves no new evidence, and is an appropriate response to Plaintiffs' *Daubert* Opposition and Schwartz's backtracking.

### C. The Langer Reply Report Appropriately Responds to Arguments Plaintiffs and Schwartz Made in Opposition to the *Daubert* Motion.

Plaintiffs seek to exclude the Langer Reply Report because the parties' agreed schedule does not explicitly mention such a report. Surreply at 1. But that schedule also did not explicitly allow Plaintiffs to submit an expert report in support of their *Daubert* opposition. *See* Dkt. 98, 130, 176. While Schwartz's Reply may be titled "Reply Class Certification Expert Report," he and Plaintiffs used it to oppose Valve's *Daubert* motion. Plaintiffs' Opposition cites ***seventy-seven*** paragraphs of the Schwartz Reply.[2] *See* Opp. 4, 5, 6, 12 (*citing* Schwartz Reply ¶¶18-54, 146-152, 214-217, 230-258).

The Langer Reply Report (which presents no new arguments or evidence) is an appropriate response to the Schwartz Reply's opinions that are plainly directed at *Daubert* issues, particularly since Schwartz's Reply deviates from his original report. Expert reports on

---

[2] These 77 paragraphs span almost 40 pages, about double the length of the Langer Reply Report.

VALVE CORPORATION'S RESPONSE IN OPPOSITION
TO PLAINTIFFS' LOCAL RULE 7(g)(2) SURREPLY
MOTION TO STRIKE
CASE NO. 2:21-cv-00563-JCC – 4

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Daubert* issues were not specifically addressed in the schedule, but they were not prohibited either. What's good for the goose is good for the gander. The Langer Reply Report should not be stricken.

I certify that this memorandum contains 1,042 words, in compliance with the Local Civil Rules.

DATED this 26th day of August, 2024.

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
Eric A. Lindberg, WSBA No. 43593
CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, WA  98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com
elindberg@corrcronin.com

Kristen Ward Broz (*pro hac vice*)
FOX ROTHSCHILD LLP
2020 K. St. NW, Ste. 500
Washington, DC 20006
Telephone (202) 794-1220
Fax (202) 461-3102
kbroz@foxrothschild.com

Nathan M. Buchter *(pro hac vice)*
FOX ROTHSCHILD LLP
2000 Market Street STE 20TH FL
Philadelphia, PA 19103
Telephone (215) 299-3010
nbuchter@foxrothschild.com

Charles B. Casper (*pro hac vice*)
Peter Breslauer *(pro hac vice)*
Robert E. Day *(pro hac vice)*
Jessica Rizzo *(pro hac vice)*
MONTGOMERY McCRACKEN WALKER
& RHOADS LLP
1735 Market Street, 21st Floor
Philadelphia, PA 19103

VALVE CORPORATION'S RESPONSE IN OPPOSITION
TO PLAINTIFFS' LOCAL RULE 7(g)(2) SURREPLY
MOTION TO STRIKE
CASE NO. 2:21-cv-00563-JCC – 5

**Corr Cronin LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Telephone (215) 772-1500
ccasper@mmwr.com
pbreslauer@mmwr.com
rday@mmwr.com
jrizzo@mmwr.com

*Attorneys for Defendant Valve Corporation*

VALVE CORPORATION'S RESPONSE IN OPPOSITION
TO PLAINTIFFS' LOCAL RULE 7(g)(2) SURREPLY
MOTION TO STRIKE
CASE NO. 2:21-cv-00563-JCC – 6

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900