THE HONORABLE JAMAL N. WHITEHEAD

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
9
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE
10

11
IN RE VALVE ANTITRUST LITIGATION

No. 2:21-cv-00563-JNW
12

**DECLARATION OF BLAKE MARKS-**
13
**DIAS IN SUPPORT OF VALVE**
**CORPORATION'S UNOPPOSED**
14
**MOTION TO SEAL MATERIALS**
**ASSOCIATED WITH VALVE'S REPLY**
15
**IN SUPPORT OF ITS *DAUBERT***
**MOTION**
16

17

18

19
Blake Marks-Dias states and declares as follows:

20
      1.      I am over 18 years of age, I have personal knowledge of the matters stated herein

21
and I am competent to testify to these matters.

22
      2.      I am one of the attorneys representing Defendant Valve Corporation ("Valve"), and

23
I make this Declaration in support of Valve Corporation's Motion to Seal.

24
      3.      Valve moves to maintain under seal certain highly confidential, proprietary,

25

DECL. OF BLAKE MARKS-DIAS IN SUPPORT OF VALVE
CORPORATION'S UNOPPOSED MOTION TO SEAL – 1
CASE NO. 2:21-cv-00563-JNW

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

commercially sensitive, and personally identifiable information ("PII") in documents about Valve and third parties (the "Sealed Documents"). Specifically, Valve requests that the Court find compelling reasons for maintaining the following documents under seal:

      (1)    The unredacted version of Valve's Reply in Support of its Motion to Exclude Testimony of Steven Schwartz, Ph.D. (Dkt. 337);

      (2)    The unredacted version of the Reply Expert Report of Ashley Langer, Ph.D. (Exhibit 34, Dkt. 338-1).

    4.    Attached to this declaration are Valve's proposed redactions for the documents listed in Paragraph 3 **(filed under seal)**. Valve's proposed redactions are highlighted in yellow for ease of reference, similar to the Court's highlighting in Dkt. Nos. 237 and 237-1 and in Valve's prior submissions.

    5.    The information Valve had previously sought to seal in prior motions to seal fall into these general categories: (1) Valve financial information and accounting practices; (2) third-party financial information; (3) third-party proprietary business information, including information that implicates or reveals third parties' business, pricing or marketing strategies; (4) Steam Distribution Agreements ("SDAs") between Valve and Steam Partners and communications about them; (5) revenue sharing between Valve and Steam Partners; (6) Valve confidential internal strategy, analysis and information, including information regarding matters not alleged to be anti-competitive, the data Valve collects and how Valve keeps it, and analysis of competitors and competition; (7) personally identifiable information ("PII"); (8) data purchased from third-party data vendors solely for use in this litigation; and (9) calculations of alleged market share and market size. The information Valve seeks to seal in this Motion to Seal fall under one or more of categories (2), (3), (5), (6), (7), and (9).

    6.    Valve takes care to shield Valve's and third parties' confidential information from

DECL. OF BLAKE MARKS-DIAS IN SUPPORT OF VALVE
CORPORATION'S UNOPPOSED MOTION TO SEAL – 2
CASE NO. 2:21-cv-00563-JNW

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

public disclosure, including the information in the Sealed Documents. The steps that Valve takes to protect this information is described in the sealed May 10, 2024 Declaration of Scott Lynch in support of Valve's Motion to Seal Plaintiffs' Motion for Class Certification and Supporting Exhibits (Dkt. 226) ("May Lynch Decl."), ¶¶ 20–33.

7.      Public disclosure of the information in the Sealed Documents would result in significant competitive and economic harm to Valve and third parties, including Steam Partners and Steam users. *See id.* ¶¶ 34–43, 57–58, 73–102, 105–121.

8.      **Third-Party Financial Information**: Valve seeks to seal portions of documents that contain confidential and proprietary third-party financial information. Consistent with the Court's prior guidance, Valve seeks sealing and redaction of only the numbers and percentages and third-party identifying information (e.g., company and game names) necessary to anonymize such information. The documents and references that contain the information that Valve seeks to seal are attached to my declaration as **Appendix B**.[1]

9.      **Third-Party Proprietary Business Information**: Valve seeks to seal portions of documents that contain third-party proprietary business information, including information that implicates or reveals third-parties' business, pricing or marketing strategies. Consistent with the Court's prior guidance, Valve seeks sealing and redaction of only identifying information necessary to anonymize the third party and protect its confidentiality. The documents and references that contain the information that Valve seeks to seal are attached to my declaration as **Appendix C**.

---

[1] In prior submissions, Valve has categorized the information to be sealed and provided pincites corresponding to Appendices A through I. The Sealed Documents in this motion do not contain confidential information to be sealed that correspond to Valve Financial Information (Appendix A), Steam Partner Contracts and Communication (Appendix D), or Data Purchased from Third Party Vendors (Appendix H). In order to maintain consistency with prior filings, however, Valve omits those categories but maintains the labels on the remaining Appendices.

DECL. OF BLAKE MARKS-DIAS IN SUPPORT OF VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL – 3 CASE NO. 2:21-cv-00563-JNW

10.     **Steam Revenue Share Information**: Valve seeks to seal portions of documents that contain confidential information regarding revenue share rates and splits between Valve and Steam Partners. Consistent with the Court's prior guidance, Valve seeks sealing and redaction of specific numbers and percentages necessary to preserve confidentiality of this information. The documents and references that contain the information that Valve seeks to seal are attached to my declaration as **Appendix E**.

11.     **Valve Confidential Internal Strategy, Analysis, and Information**: Valve seeks to seal portions of documents that contain confidential internal strategy, analysis, and information, including (i) matters not alleged to be anti-competitive, (ii) analysis of competition and competitors, and (iii) information disclosing the type of data Valve collects and how Valve keeps it. Consistent with the Court's prior guidance, Valve has attempted to narrow its sealing requests to only that information necessary to prevent disclosure of confidential and damaging internal information. The documents and references that contain the information that Valve seeks to seal are attached to my declaration as **Appendix F**.

12.     **Personally Identifiable Information**: Valve seeks to seal portions of documents that contain PII such as names, phone numbers, email addresses, and mailing addresses, of Valve employees, third parties, and Steam users. The documents and references that contain the PII that Valve seeks to seal are attached to my declaration as **Appendix G**.

13.     **Calculations of Market Size and Share**: Valve seeks to seal portions of documents that contain information relating to the size of the alleged market and various industry participants' share of that alleged market. Consistent with the Court's prior guidance, Valve seeks sealing and redaction of only the dollar figures or percentages necessary to keep this type of information confidential. The documents and references that contain the information that Valve seeks to seal are attached to my declaration as **Appendix I**.

DECL. OF BLAKE MARKS-DIAS IN SUPPORT OF VALVE
CORPORATION'S UNOPPOSED MOTION TO SEAL – 4
CASE NO. 2:21-cv-00563-JNW

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1    14.    Valve's counsel conferred with Plaintiffs' counsel by videoconference on

2    September 4, 2024 regarding the need to maintain the Sealed Documents under seal. As a result of

3    the meet-and-confer, Plaintiffs have no objection to Valve's proposed redactions to the Sealed

4    Documents.

5    I declare under penalty of perjury under the laws of the United States of America that

6    the foregoing is true and correct.

7    DATED this 5th day of September, 2024 at Seattle, Washington.

8

9    *s/ Blake Marks-Dias*
     Blake Marks-Dias

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DECL. OF BLAKE MARKS-DIAS IN SUPPORT OF VALVE
CORPORATION'S UNOPPOSED MOTION TO SEAL – 5
CASE NO. 2:21-cv-00563-JNW

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

# APPENDICES TO THE DECLARATION OF BLAKE MARKS-DIAS IN SUPPORT OF VALVE'S UNOPPOSED MOTION TO SEAL

**Appendix A**
**Requested Sealing/Redactions of Valve Financial Information**

No relevant redactions

**Appendix B**
**Requested Sealing/Redactions of Third-Party Financial Information**

**<u>Langer Reply Report (Dkt. 338-1)</u>**
    ¶ 4

# Appendix C
## Requested Sealing/Redactions of Third-Party Proprietary Business Information (third-party business, pricing & marketing strategy)

***Daubert* Reply (Dkt. 337)**
    3:1-8


**Langer Reply Report (Dkt. 338-1)**
    n.2
    ¶ 4
    Exhibit 1
    n.55
    n.61
    ¶ 30
    ¶ 36
    n.73
    Page 22

**Appendix D**
**Requested Sealing/Redactions of Steam Partner Contracts and Related Communications**

No relevant redactions

# Appendix E
## Requested Sealing/Redactions of Steam Revenue Share Information

**_Daubert_ Reply (Dkt. 337)**
    3:7
    4:8-13


**Langer Reply Report (Dkt. 338-1)**
    ¶ 4
    Exhibit 1
    ¶ 36
    n.73

**Appendix F**
**Requested Sealing/Redactions of Valve Confidential Internal Strategy,**
**Analysis, and Information (matters not challenged as anti-competitive)**

**<u>Langer Reply Report (Dkt. 338-1)</u>**

n.48

**Appendix G**
**Requested Sealing/Redactions of Personally Identifiable Information**

<u>**Langer Reply Report (Dkt. 338-1)**</u>
    n.61
    Page 22

**Appendix H**
**Requested Sealing/Redactions of Data Purchased from Third Party Data**
**Vendors Solely for Use in this Litigation**

No relevant redactions

**Appendix I**
**Requested Sealing/Redactions of Calculations of**
**Alleged Market Share and Size**

***Daubert* Reply (Dkt. 337)**

      6:20
      7:1-7

**Langer Reply Report (Dkt. 338-1)**

      n.48
      n.53
      ¶ 28
      n.55