HON. JAMAL N. WHITEHEAD

1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | Case No. 2:21-cv-00563-JNW<br><br>**CONSUMER PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT VORYS, SATER, SEYMOUR AND PEASE LLP AS INTERIM LEAD CLASS COUNSEL**<br><br>NOTE ON MOTION CALENDAR:<br>October 25, 2024 |

CONSUMER PLAINTIFFS' MOTION
TO CONSOLIDATE AND APPOINT
LEADERSHIP
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ........................................................................................................... 1

II.  STATEMENT OF FACTS ............................................................................................. 1

III.  LAW AND ARGUMENT .............................................................................................. 2

    A.  This case should be consolidated with the Elliott Plaintiffs' case (Case No. 2:24-cv-01218-JNW) ................................................................................................ 3

    B.  This Court should appoint Vorys as interim lead class counsel ............................ 4

        ii.  Vorys satisfies the Rule 23(g) factors ........................................................ 4

            1.  Vorys has done substantial work to investigate and challenge Valve's conduct ..................................................................... 4

            2.  Vorys has significant experience with complex class actions and problems posed by large technology firms, as well as deep knowledge of antitrust law ............................................. 8

            3.  Vorys will bring extensive human and financial resources to litigate the Consumer Plaintiffs' claims ............................. 10

        ii.  This Court should appoint Vorys to be lead counsel because they filed suit on behalf of the Consumer Plaintiffs over three years before Hagens and Bucher ........................................................ 10

        iii.  Vorys does not have a conflict preventing it from serving as interim lead class counsel ....................................................... 11

V.  CONCLUSION ............................................................................................................. 13

CONSUMER PLAINTIFFS' MOTION
TO CONSOLIDATE AND APPOINT
LEADERSHIP
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

# TABLE OF AUTHORITIES

**Page**

**Cases**

*A Cemal Ekin v. Amazon Servs., LLC*, 2014 U.S. Dist. LEXIS 199367 (W.D. Wash. May 23, 2014) ....................................................................................... 11

*Apple v. Pepper*, 139 S.Ct. 1514, 1524-25 (2019) ........................................................ 12

*Colvin et al. v. Valve Corp.*, 2:21-cv-00801 (C.D. Cal. Filed Jan. 28, 2021) .................... 1, 5, 6, 7

*Cummings v. Connell*, 316 F.3d 886 (9th Cir. 2003) ........................................................ 12

*Elliott et al. v. Valve Corporation* (Case No. 2:24-cv-01218-JNW) .............................. 1, 2, 11, 13

*Granata v. Pratt & Whitney*, No. 3:21-CV-01657 (SVN), 2022 U.S. Dist. LEXIS 43347 (D. Conn. Mar. 11, 2022) ............................................................................ 5

*In re Amazon Return Pol'y Litig.*, 2024 U.S. Dist. LEXIS 30916 (W.D. Wash. Feb. 22, 2024) ................................................................................................ 3, 4

*In re Clearview AI, Inc.*, No. 21 C 0135, 2021 U.S. Dist. LEXIS 44262 (N.D. Ill. Mar. 10, 2021) .................................................................................................. 5

*In re Data Breach Sec. Litig. Against Caesars Ent., Inc.*, 2024 U.S. Dist. LEXIS 104130, (D. Nev. June 12, 2024) ............................................................................ 10

*In re Interest Rate Swaps Antitrust Litig.*, Nos. 16-MD-2704(PAE), 16-MC-2704 (PAE), 2016 U.S. Dist. LEXIS 101959 (S.D.N.Y. Aug. 3, 2016) .................................... 5

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934 (9th Cir. 2015) ........................ 12

*In re Valve Antitrust Litigation*, Case No. 2:21-cv-00563-JNW ..................................... 1, 2, 8, 13

*Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989) ................. 3

*Ohio v. American Express Co.*, 138 S. Ct. 2274 (2018) ....................................................... 11, 12

*Pecznick v. Amazon.com, Inc.*, Nos. 2:22-cv-00743-TL, 2:22-cv-00783-TL, 2022 U.S. Dist. LEXIS 175374 (W.D. Wash. Sept. 27, 2022) ........................................ 3, 4

*US Airways, Inc. v. Sabre Holdings Corp.*, 938 F.3d 43 (2d Cir. 2019) ............................ 12

CONSUMER PLAINTIFFS' MOTION
TO CONSOLIDATE AND APPOINT
LEADERSHIP
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

*White v. Med. Review Inst. of Am., LLC*, 2022 U.S. Dist. LEXIS 132016 (D. Utah

    July 22, 2022)...................................................................................... 11

*Wolfire Games LLC et al. v. Valve Corp.*, 2:21-cv-00563 ....................................... 2

**Rules**

Fed. R. Civ. P. 23 ............................................................................................ 3, 11

Fed. R. Civ. P. 23(g) ............................................................................................. 5

Fed. R. Civ. P. 23(g)(1)(A) .................................................................................... 3

Fed. R. Civ. P. 23(g)(1)(A)(i) ................................................................................ 5

Fed. R. Civ. P. 23(g)(1)(A)(ii) ............................................................................... 9

Fed. R. Civ. P. 23(g)(1)(A)(iii) .............................................................................. 9

Fed. R. Civ. P. 23(g)(1)(A)(iv) ............................................................................ 11

Fed. R. Civ. P. 23(g)(1)(B) .................................................................................. 11

Fed. R. Civ. P. 23(g)(2) ......................................................................................... 3

Fed. R. Civ. P. 23(g)(3) ......................................................................................... 3

Fed. R. Civ. P. 42(a) .......................................................................................... 3, 4

CONSUMER PLAINTIFFS' MOTION
TO CONSOLIDATE AND APPOINT
LEADERSHIP
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

## I.   INTRODUCTION

The Consumer Plaintiffs[1] respectfully request that this Court (1) consolidate *In re Valve Antitrust Litigation* (Case No. 2:21-cv-00563-JNW) and *Elliott et al. v. Valve Corporation* (Case No. 2:24-cv-01218-JNW) and (2) appoint Vorys, Sater, Seymour and Pease LLP ("Vorys") as interim lead class counsel for the Consumer Class.  Given the overlapping nature of these cases, consolidation promotes judicial economy and prevents duplicative litigation.  Appointing Vorys as interim lead counsel for the Consumer Class serves the best interests of the class because Vorys: (1) developed and filed the first Complaint in this litigation, which lays out the substantive allegations against Valve on behalf of consumers; and (2) spent thousands of hours litigating this matter and conducting extensive discovery with Valve.  Over the past nearly five years, Vorys has demonstrated its commitment to this litigation on behalf of consumers, qualifying it for the role of interim lead class counsel here.

## II.   STATEMENT OF FACTS

This Court has previously described the background of this case:

> In January 2021, Vorys Sater Seymour & Pease LLP first brought suit on behalf of gamers in the United States District Court for the Central District of California. *See Colvin, et al. v. Valve Corp.*, C21-0801-VAP-AS (C.D. Cal. 2021). Quinn Emanuel Urquhart & Sullivan LLP and Constantine Cannon LLP were next, filing a complaint in this district on behalf of gamers and game publishers in April 2021. (*See* C21-0563-JCC, ECF 1.) Collectively, counsel sought leave of the Court to consolidate these actions into a single action, which the Court granted on May 20, 2021. (*See* C21-0563-JCC, ECF 29.) Counsel then filed a consolidated amended complaint on June 11, 2021. (C21-0563-JCC, ECF 34.) . . .
>
> Shortly thereafter, on June 28, 2021, Wilson Sonsini Goodrich & Rosati PC and Lockridge Grindal Nauen PLLP filed their own complaint against Valve in this district on behalf of just game publishers (but not consumers), naming Dark Catt Studios Holdings, Inc. as a lead publisher plaintiff. (C21-0872-JCC, Dkt No. 1.)

(ECF 63.)  These actions were eventually consolidated.  (ECF 90.)

On October 25, 2021, this Court stayed the Consumer Plaintiffs' claims pending arbitration

---

[1] The Consumer Plaintiffs include Sean Colvin, Susann Davis, Hope Marchionda, Everett Stephens, and the putative class.  Ryan Lally is not included in this definition, as he filed arbitration proceedings against Valve after this Court's October 2021 Order.  (ECF 66.)

CONSUMER PLAINTIFFS' MOTION
TO CONSOLIDATE AND APPOINT
LEADERSHIP - 1
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

after holding that the Consumer Plaintiffs agreed to a mandatory arbitration clause in Defendant Valve Corporation's ("Valve") Steam Subscriber Agreement ("SSA").  (ECF 66.)

Shortly after this Court issued the stay, the Plaintiffs Wolfire and Dark Catt filed an unopposed motion to appoint interim lead counsel.  (ECF 91.)  On August 12, 2022, after having "thoroughly considered the briefing and relevant record," this Court granted the motion, thereby designating Vorys to serve on the Executive Committee, with Quinn Emanuel, Constantine Cannon, Lockridge Grindal Nauen P.L.L.P, and Wilson Sonsini Goodrich & Rosati, P.C. to serve as Co-Lead Class Counsel for the class of developer plaintiffs.  (ECF 92.)

On August 9, 2024, more than three years after Vorys originally filed suit on behalf of the Consumer Plaintiffs, Hagens Berman Sobol Shapiro LLP and Bucher Law PLLC filed a class action complaint against Valve Corporation on behalf of Plaintiffs John Elliott, Ricardo Camargo, Javier Rovira, and Bradley Smith (collectively, the "Elliott Plaintiffs").  (Case No. 2:24-cv-01218 (W.D. Wash.) ("*Elliott et al.*"), ECF 1.)  The same day, the Elliott Plaintiffs filed a Notice of Related Case, noting that their case is related to this one, *Wolfire Games LLC et al. v. Valve Corp.* (Case No. 2:21-cv-00563).  (*Elliott et al.*, ECF 2.)  On October 2, 2024, Hagens Berman Sobol Shapiro LLP and Bucher Law PLLC (collectively, "Hagens and Bucher") moved for appointment as interim co-lead class counsel.[2]  (*Elliott et al.*, ECF 25.)

On October 4, 2024, Vorys filed a motion to lift the litigation stay due to recent changes to Valve's SSA—notably, the SSA no longer contains a mandatory arbitration clause or class action waiver.  (ECF 366, Ex. A. to ECF 362.)  Vorys now respectfully requests that this Court consolidate *In re Valve Antitrust Litigation* with *Elliott et al. v. Valve Corporation* and appoint Vorys as interim lead class counsel of the consumer class, as both decisions are in the best interests of the class members and judicial economy.

### III.    LAW AND ARGUMENT

Courts may consolidate cases involving "a common question of law or fact."  Fed. R. Civ.

---

[2] Vorys intends to oppose to that motion, consistent with the timing set forth in the Local Rules.

CONSUMER PLAINTIFFS' MOTION
TO CONSOLIDATE AND APPOINT
LEADERSHIP - 2
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

P. 42(a). Courts have "broad discretion under [Rule 42(a)] to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). When deciding whether to consolidate, courts consider "judicial economy, whether consolidation would expedite resolution of the case, whether separate cases may yield inconsistent results, and the potential prejudice to a party opposing consolidation." *Pecznick v. Amazon.com, Inc.*, Nos. 2:22-cv-00743-TL, 2:22-cv-00783-TL, 2022 U.S. Dist. LEXIS 175374, at *10 (W.D. Wash. Sept. 27, 2022).

Federal Rule of Civil Procedure 23 allows this Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). When "more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). To decide which applicant should be selected as class counsel, courts evaluate "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A); *In re Amazon Return Pol'y Litig.*, No. 2:23-cv-1372, 2024 U.S. Dist. LEXIS 30916, at *5 (W.D. Wash. Feb. 22, 2024). All four factors support appointing Vorys as interim lead class counsel, as do the facts that Vorys filed this case three and a half years before Hagens and Bucher and Vorys has developed extensive knowledge of the law, facts, and economics of these cases in the course of its thousands of hours litigating this matter.

## A. This case should be consolidated with the Elliott Plaintiffs' case.

The Consumer Plaintiffs' action and the Elliott Plaintiffs' action qualify for consolidation under Rule 42(a). Not only do they "involve a common question of law or fact," they also "arise from the same or closely related transactions, happenings, or events," as the Elliott Plaintiffs concede. Fed. R. Civ. P. 42(a); (*Elliott et al.*, ECF 2 at 1). The actions involve antitrust claims asserted on behalf of consumer plaintiffs regarding the same anticompetitive conduct against the

CONSUMER PLAINTIFFS' MOTION
TO CONSOLIDATE AND APPOINT
LEADERSHIP - 3
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

same defendant.  Indeed, the Elliott Plaintiffs' August 2024 complaint appears to be modeled after the Consumer Plaintiffs' January 2021 complaint.

Consolidating these actions will further judicial economy, expedite a resolution, prevent duplicative discovery, and reduce the risk of inconsistent results.  *See*, *e.g.*, *Pecznick v. Amazon.com, Inc.*, 2022 U.S. Dist. LEXIS 175374, at *10–12 (consolidating class actions for these reasons when "both cases are against the same defendant, have similar plaintiffs, center around the same core fact . . . and assert causes of action under the [same statute] on behalf of overlapping classes").

Here, all relevant factors weigh in favor of consolidation.  First, judicial economy favors consolidation.  While the *Elliott* class action is in the very early stages, with Valve not yet having even responded to the complaint, this action has been pending since early 2021 and has significantly advanced through extensive deposition practice and written discovery (including the production of more than 2.5 million documents).  Moreover, because of their involvement in the case to date, the Consumer Plaintiffs will be able to proceed expeditiously to class certification. The Consumer Plaintiffs' action and the Elliott Plaintiffs' action should be consolidated to avoid unnecessarily duplicative litigation and the lengthy delay that would result from having a new action start from the very beginning.

**B.    This Court should appoint Vorys as interim lead class counsel.**

**i.    Vorys satisfies the Rule 23(g) factors.**

**1.    Vorys has done substantial work to investigate and challenge Valve's conduct.**

The first factor—"the work counsel has done in identifying or investigating potential claims in the action"—supports appointing Vorys as interim lead class counsel. Fed. R. Civ. P. 23(g)(1)(A)(i).  This factor can be outcome determinative, particularly when all lead counsel applicants have the experience, knowledge, and resources to fairly represent the class, thereby satisfying the other three Rule 23(g) factors. *In re Amazon Return Pol'y Litig.*, 2024 U.S. Dist. LEXIS 30916, at *7 ("Most things being equal, there are two distinguishing factors that give the QE Team the edge here: (1) they have spent substantially more time and resources advancing the

CONSUMER PLAINTIFFS' MOTION
TO CONSOLIDATE AND APPOINT
LEADERSHIP - 4
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

interests of the class, and (2) they filed the []case first."); *In re Clearview AI, Inc.*, No. 21 C 0135, 2021 U.S. Dist. LEXIS 44262, at *2–3 (N.D. Ill. Mar. 10, 2021); *In re Interest Rate Swaps Antitrust Litig.*, Nos. 16-MD-2704(PAE), 16-MC-2704 (PAE), 2016 U.S. Dist. LEXIS 101959, at *27–29 (S.D.N.Y. Aug. 3, 2016).

Vorys, together with the Co-Lead Class Counsel in the developer class, are responsible for originating and efficiently organizing the prosecution of this important antitrust case regarding Valve's dominant Steam platform on behalf of both consumers and video game publishers.  Rule 23(g)(1)(A)(i) thus strongly favors their leadership appointments.  Vorys, with the developer Co-Lead Counsel, have collectively and collaboratively expended significant time integrating the facts, developing the antitrust theories, taking dozens of depositions, and reviewed thousands of pages of documents, prepared expert reports, and briefed class certification.

Additionally, the fact that Vorys was the first to file suit against Valve demonstrates significant work on counsels' behalf.  Vorys' initial lawsuit was not based on a governmental investigation or other antitrust lawsuits against Valve due to its Steam platform.  *See Granata v. Pratt & Whitney*, No. 3:21-CV-01657 (SVN), 2022 U.S. Dist. LEXIS 43347, at *19–20 (D. Conn. Mar. 11, 2022) (appointing counsel who were "first to identify claims" and did not "piggyback[] on an existing government investigation" as interim class counsel).  Rather, Vorys filed the first antitrust action against Valve, *Colvin et al. v. Valve Corp.*, 2:21-cv-00801 (C.D. Cal. Filed Jan. 28, 2021), following 18 months of investigation into Valve's practices on its Steam platform. Declaration of Kenneth J. Rubin ("Rubin Decl.") ¶ 18, filed concurrently herewith.  Vorys spent almost 400 hours investigating this potential litigation, including retaining well-credential economists (specializing in these issues) to assist in evaluating the claims.  *Id*. ¶ 20.  Four years later, Vorys has contributed almost 6,000 hours to date litigating against Valve.  *Id.* ¶ 22.  This includes taking four depositions of Valve witnesses, participating with co-counsel on the affirmative expert team, and working extensively on the document-review team following Valve's document productions.  *Id.*  Indeed, Vorys attorneys spent over 1,000 hours reviewing and coding the more than 2.5 million documents produced by Valve.  *Id*.

CONSUMER PLAINTIFFS' MOTION
TO CONSOLIDATE AND APPOINT
LEADERSHIP - 5
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

By contrast, Hagens and Bucher piggybacked on these efforts and filed a lawsuit modeled off the pending action.  Indeed, in an affidavit submitted to the Supreme Court of the State of New York, Mr. Bucher attached a June 6, 2022 "Mass Arbitration Slide Deck," which "contemplated bringing a mass arbitration against Valve for their anti-competitive pricing restraints." *Zaiger LLC v. Bucher Law PLLC*, William Bucher May 9, 2023 Affidavit, attached as Exhibit 6 to Rubin Decl. Rubin Decl. ¶ 29.  The Mass Arbitration Slide Deck—prepared nearly a year and a half after Vorys filed the *Colvin* action—stated Bucher's intent for a "passive approach" to "[m]onitor court dockets for motions to compel class actions to arbitration, *and copycat existing legal theories* with potentially better advertising approach." *Id.* (emphasis added).

And copycat Hagens and Bucher did.  For example, in the Consumer Plaintiffs' original complaint filed in January 2021, the following chart was included to illustrate how the Steam Most Favored Nation practices prevent price competition:

|  | **Steam** | **Rival Platform** |
|---|---|---|
| Commission % | 30% | 12% |
| Sale $ to Consumer | $10.00 | $10.00 |
| Developer Income | $7.00 | $8.80 |

*Colvin, et al. v. Valve Corp.*, C21-0801-VAP-AS (C.D. Cal. 2021), ECF 1, ¶ 86. In Hagens and Bucher's recently filed complaint, they provided a nearly identical chart:

|  | STEAM | RIVAL PLATFORM |
|---|---|---|
| **Platform Fee** | 30% | 12% |
| **Price to Consumer** | $30.00 | $25.00 |
| **Developer Net Revenue (Price to Consumer – Platform Fee)** | $21.00 | $22.00 |

*Elliott et al.*, ECF 1, ¶ 5.

Similarly, the Consumer Plaintiffs' original complaint included the following chart to show that despite competitors of Steam charging lower commissions on sales, the following games were nevertheless selling for the identical price on Steam and at least one other platform:

CONSUMER PLAINTIFFS' MOTION
TO CONSOLIDATE AND APPOINT
LEADERSHIP - 6
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

| Game Title | Steam Price (30% Commission) | Microsoft Price (15% Commission) | Epic Price (12% Commission) |
|---|---|---|---|
| The Outer Worlds | $59.99 | $59.99 | $59.99 |
| Far Cry | $59.99 | N/S[5] | $59.99 |
| Borderlands 3 | $59.99 | N/S | $59.99 |
| Call of Duty®: Infinite Warfare | $59.99 | $59.99 | N/S |
| Remnant: From the Ashes | $39.99 | N/S | $39.99 |
| Sea of Thieves | $39.99 | $39.99 | N/S |
| Gears 5 | $39.99 | $39.99 | N/S |
| Surviving Mars | $29.99 | $29.99 | $29.99 |
| Amnesia: Rebirth | $29.99 | N/S | $29.99 |
| Oxygen Not Included | $24.99 | N/S | $24.99 |
| Tom Clancy's Rainbow Six Siege | $19.99 | N/S | $19.99 |
| The Red Strings Club | $14.99 | $14.99 | N/S |
| Halo 3 | $9.99 | $9.99 | N/S |

*Colvin, et al. v. Valve Corp.*, C21-0801-VAP-AS (C.D. Cal. 2021), ECF 1, ¶ 82.

Again, Hagens and Bucher mimicked this chart for the same proposition: that due to Valve's PMFN, prices are remarkably consistent across distributors, regardless of each distributor's platform fees.

| Game Title | Price on Steam | Price on Epic Games Store | Price on GameStop |
|---|---|---|---|
| Horizon Forbidden West™ Complete Edition | $59.99 | $59.99 | $59.99 |
| RimWorld | $34.99 | $34.99 | N/A |
| Crosshair X | $7.99 | $7.99 | N/A |
| Red Dead Redemption 2 | $59.99 | $59.99 | $59.99 |
| Final Fantasy VII Remake Intergrade | $69.99 | $69.99 | $69.99 |
| Disco Elysium - The Final Cut | $39.99 | $39.99 | N/A |
| Hades II | $29.99 | $29.99 | N/A |
| The Last of Us™ Part I | $59.99 | $59.99 | $59.99 |
| Pacific Drive | $29.99 | $29.99 | $29.99 |

CONSUMER PLAINTIFFS' MOTION
TO CONSOLIDATE AND APPOINT
LEADERSHIP - 7
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

*Elliott et al.*, ECF 1, ¶ 119.

Finally, Hagens and Bucher include *the exact same* examples the Consumer Plaintiffs utilized in their Second Amended Complaint in strikingly similar language. The Consumer Plaintiffs alleged, in relevant part:

> 221. Wolfire has been subject to Valve's threats to enforce its PMFN. On December 3, 2018, for example, a Steam account manager, Tom Giardino, told Wolfire's owner that it would delist any games available for sale at a lower price elsewhere, whether or not using Steam keys. As a result of Valve's enforcement of its PMFN, Wolfire has not offered its games for a lower price than what appears on Steam with other sellers. Had Wolfire been able to discount its consumer price with other sellers, as discussed below it would have sold more games at a lower price (and a higher profit) for Wolfire. Valve's PMFN blocks Wolfire and other developers from selling their games at the output-maximizing and profit-maximizing price, as dictated by the economic forces of supply and demand.
>
> 222. A Valve employee told another developer that if he "brought a particular other game of [his] to Steam, it would need to be equivalently priced. This was regardless of whether the non-[S]team version use Steam technology[,] [i.e.], a completely standalone version would have to be the same price as the Steam version."

*In re Valve Antitrust Litigation* (Case No. 2:21-cv-00563-JNW), ECF 68, ¶¶ 221–22. Hagens and Bucher parrot these allegations, almost verbatim:

> 102. Additional examples of Valve's PMFN enforcement abound. On December 3, 2018, for example, a Steam account manager, Tom Giardino, reportedly told publisher Wolfire that Steam would delist any games available for sale at a lower price elsewhere, whether or not using Steam keys. A Valve employee told another developer that if he "brought a particular other game of [his] to Steam, it would need to be equivalently priced. This was regardless of whether the non-[S]team version use Steam technology[,] [i.e.], a completely standalone version would have to be the same price as the Steam version."

(*Elliott et al.*, ECF 1, ¶ 102.)

This factor weighs heavily in favor of appointing Vorys as interim lead class counsel.

### 2. Vorys has significant experience with complex class actions and a deep knowledge of antitrust law.

The second and third factors—"counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action," as well as antitrust knowledge—

CONSUMER PLAINTIFFS' MOTION
TO CONSOLIDATE AND APPOINT
LEADERSHIP - 8
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

supports appointing Vorys as interim lead class counsel. Fed. R. Civ. P. 23(g)(1)(A)(ii)–(iii). Vorys has vast experience with and knowledge of antitrust cases generally, antitrust cases involving two-sided technology platforms, and antitrust class actions.

Indeed, Vorys is one of the largest law firms in the country, representing thousands of clients who range from start-up businesses to Fortune 500 corporations, from non-profit organizations to governmental entities and industry trade groups, and to parties embroiled in sprawling, multi-state class action litigation. Rubin Decl. ¶ 3. Particularly relevant to this case, Vorys is a leader in litigation, including both antitrust and class-action cases for both plaintiffs and defendants. *Id.* ¶ 5. In connection with its litigation work, Vorys has obtained hundreds of millions of dollars in settlements and trial verdicts for thousands of plaintiffs over the years. *Id.*

**Kenneth J. Rubin** is a partner with the Vorys' Columbus, Ohio office. *Id.* ¶ 8. He is a member of the Litigation Group, is the Chair of the Antitrust Subgroup, and has tried numerous cases, including as first chair at trial in federal district court in a case regarding commercial litigation and competition issues. *Id.* Mr. Rubin was co-lead counsel for plaintiffs in a multi-plaintiff commercial fraud case against a national insurance company in which the jury returned a verdict in Vorys' clients' favor, and has represented litigants in several class-action cases, both on the defense- and plaintiff-side, achieving substantial class-action settlements on behalf of class members in two cases. *Id.* Mr. Rubin, Mr. Matthews, Mr. McGranor, and Ms. Mundy are part of the Vorys team representing twenty-three major U.S. retailers in two current antitrust cases against Visa and Mastercard pending in both the Northern District of Illinois and the Southern District of New York. *Id.* ¶¶ 8, 9, 10, 11.

**Douglas R. Matthews** is a partner in Vorys' Columbus, Ohio office. *Id.* ¶ 10. He is a member of the Litigation Group, Chair of the Electronic Discovery Subgroup, and has significant experience in complex litigation matters, including class action litigation on behalf of both plaintiffs and defendants. *Id.*. In addition to his trial work in the state and federal courts, Mr. Matthews has appeared before the Sixth Circuit and participated in actions before the Ohio Supreme Court..

CONSUMER PLAINTIFFS' MOTION
TO CONSOLIDATE AND APPOINT
LEADERSHIP - 9
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

**Timothy B. McGranor** is a partner in Vorys' Columbus, Ohio office.  *Id.* ¶ 9.  He is a member of the Litigation Group and has significant experience in complex litigation matters.  *Id.* In addition to his trial work in the state and federal courts, Mr. McGranor has appeared before the courts of appeals in Ohio and the Sixth Circuit, and regularly participates in actions before the Ohio Supreme Court.  *Id.*

**Kara M. Mundy** is a partner in Vorys' Columbus, Ohio office.  *Id.* ¶ 11.  She is a member of the Litigation Group and the Antitrust Subgroup. Ms. Mundy regularly represents litigants in antitrust and other complex disputes.  *Id.*

### 3. Vorys will bring extensive human and financial resources to litigate the Consumer Plaintiffs' claims.

The fourth factor—"the resources that counsel will commit to representing the class"— supports appointing Vorys as interim lead class counsel.  Fed. R. Civ. P. 23(g)(1)(A)(iv).  Vorys has approximately 375 attorneys who are located in ten offices in Ohio, Washington, D.C., Texas, Pennsylvania, California, London, and Berlin, and has a litigation technology department that have already worked to provide support across firms and e-discovery vendors in this litigation.  Rubin Decl. ¶¶ 3, 22.  As discussed above, Vorys has already provided, and will continue to provide, unparalleled resources to prosecute this case against Valve.

### ii. This Court should appoint Vorys to be lead counsel because they filed suit on behalf of the Consumer Plaintiffs over three years before Hagens and Bucher.

Rule 23 permits courts to "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. Rule 23(g)(1)(B).  For example, several courts have used the order in which counsel file the actions as a "tiebreaker" when multiple lead counsel applicants satisfy all four Rule 23 factors.  These courts appoint the first lawyer to file suit as class counsel because "being first to file bears out a proposed team's preparation and commitment to prosecuting the case." *In re Data Breach Sec. Litig. Against Caesars Ent., Inc.*, No. 2:23-cv-01447-ART-BNW, 2024 U.S. Dist. LEXIS 104130, at *20–22 (D. Nev. June 12, 2024) (collecting cases); *White v. Med. Review Inst. of Am., LLC*, No. 2:22cv00082-DAK-DAO,

CONSUMER PLAINTIFFS' MOTION
TO CONSOLIDATE AND APPOINT
LEADERSHIP - 10
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

2022 U.S. Dist. LEXIS 132016, at *8–9 (D. Utah July 22, 2022) (same).

Vorys filed suit on behalf of the Consumer Plaintiffs more than three and a half years before Hagens and Bucher.  (*Compare* Case No. 2:21-cv-00801 (W.D. Wash.) ECF 1 (filed January 28, 2021), *with* Case No. 2:24-cv-01218 (W.D. Wash.) ECF 1 (filed August 9, 2024).)  Courts appointed class counsel based on filing dates in cases with much smaller time discrepancies between the first and second complaints.  *See*, *e.g.*, *A Cemal Ekin v. Amazon Servs., LLC*, No. C14-0244-JCC, 2014 U.S. Dist. LEXIS 199367, at *2–3, *15 (W.D. Wash. May 23, 2014) (first complaint filed February 19, 2014, and second complaint filed March 7, 2014).  Vorys has spent more than three additional years longer preparing and prosecuting this case than Hagens and Bucher, justifying its role as interim lead counsel for the Consumer Plaintiffs.

### iii.      Vorys does not have a conflict.

Hagens and Bucher's motion for appointment as lead counsel suggests that Vorys has some "irreconcilable conflict" because of its involvement in this action as an Executive Committee member for the developers in this action.  (*Elliott et al.*, ECF 25 at 9.)  But this conclusory allegation is unsupported by law, logic, or the facts of this case.

As to the law, counsel and plaintiffs for both sides of a platform in an antitrust lawsuit against a two-sided platform are aligned.  In stark contrast to Hagens and Bucher's argument, the Supreme Court's precedent establishes that publishers and gamers must prove *overall* anticompetitive effects on both sides of Valve's platform, creating a *unity* of interests.  *Ohio v. Am. Express Co.*, 138 S. Ct. 2274, 2287 (2018) (concluding that it is necessary to establish anticompetitive effects on the "two-sided market . . . *as a whole*" to demonstrate anticompetitive harm by a two-sided transaction platform; so merely showing effects on one side of the platform is insufficient to carry the plaintiffs' burden) (emphasis added).

Nor is there a fundamental conflict about damages allocation.  To establish damages in this case, both publishers and gamers will need to prove that, in the but-for world, Valve would have charged *lower* commissions in the absence of its anticompetitive conduct—for illustration, 12%

CONSUMER PLAINTIFFS' MOTION
TO CONSOLIDATE AND APPOINT
LEADERSHIP - 11
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

rather than 30%.  Under *Amex*, plaintiffs will need to present an economic model that reliably analyzes how much publishers would charge gamers absent the overcharge.  *See id.* at 2288.  That is true regardless of who brings the case—an argument that publishers would keep the entire overcharge for themselves with no showing of consumer harm risks running afoul of *Amex*.  *See*, *e.g.*, *US Airways, Inc. v. Sabre Holdings Corp.*, 938 F.3d 43, 57 (2d Cir. 2019);[3] *see also Cummings v. Connell*, 316 F.3d 886, 896 (9th Cir. 2003) (speculative damages conflicts raise no concern about adequacy of representation).

As to the facts, Vorys' conduct over the past four years demonstrates its loyalty to the Consumer Plaintiffs and its diligence in preventing conflicts between its roles in the consumer and developer litigation.  While there is no conflict between representing both developers and consumers, Vorys was not appointed as co-lead counsel in the *Wolfire* litigation specifically to preserve its ability to be lead counsel for consumers if that class action was ever revived.  Rubin Decl. ¶_27.  Vorys' role in shared written discovery, depositions, and motions practice over the last several years have not created a conflict because of the consumers' shared interest with the developers in prosecuting their cases.  The damages structure also prevents a conflict between the consumers and developers.  *Wolfire* Plaintiffs have put forward a damages model that calculates total damages on both sides while avoiding duplicative damages or inconsistent theories.  *Id.* ¶ 28.

Courts are hesitant to make important class action decisions based on "speculative" or "trivial" conflicts—exactly the type Hagens and Bucher have alleged.  *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 942 (9th Cir. 2015); (*Elliott et al.*, ECF 25. at 9) (citing no case law to support its position)).  Vorys does not have a conflict, let alone one that reaches the high bar necessary to prevent it from serving as interim lead counsel for the Consumer Plaintiffs.  *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d at 942 ("Only conflicts that are fundamental to the suit and that go to the heart of the litigation prevent a plaintiff from meeting the Rule

---

[3] Allocating overcharges in this manner does *not* mean plaintiffs would be unable to "recover fully."  As a matter of law, neither publishers nor gamers could keep the full 18% under *Amex* and *Apple v. Pepper*, 139 S. Ct. 1514, 1524–25 (2019), and thus would necessarily need to model allocating some portion of the overcharges to the other "side" of the platform.

CONSUMER PLAINTIFFS' MOTION
TO CONSOLIDATE AND APPOINT
LEADERSHIP - 12
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

23(a)(4) adequacy requirement."). To the contrary, Vorys' involvement in this action as a member of the Executive Committee for the developers in *Wolfire* does not weigh against its appointment, it supports it. The interests of all consumer plaintiffs in getting a fair, expeditious recovery weighs in favor of Vorys' appointment as lead interim class counsel.

## V.    CONCLUSION

For the reasons discussed above, the Consumer Plaintiffs respectfully request that this Court consolidate the Consumer Plaintiffs' case (Case No. 2:21-cv-00563-JNW) with the Elliott Plaintiffs' case (Case No. 2:24-cv-01218-JNW) and appoint Vorys as interim lead class counsel for the Consumer Plaintiffs.

DATED: October 4, 2024.

Respectfully submitted,

ROMERO PARK PS

*/s/ H. Troy Romero*
H. Troy Romero, WSBA #19044
1019 W. James St., Ste. 102
Kent, Washington 98032
Tel: (425) 450-5000
tromero@romeropark.com

VORYS, SATER, SEYMOUR AND PEASE LLP

*/s/ Timothy B. McGranor*
Kenneth J. Rubin *(pro hac vice)*
Timothy B. McGranor *(pro hac vice)*
Douglas R. Matthews *(pro hac vice)*
Kara M. Mundy *(pro hac vice)*
52 East Gay Street
Columbus, OH  43215
Telephone:  (614) 464-6400
Fax:  (614) 464-6350
Email: kjrubin@vorys.com
          tbmcgranor@vorys.com
          drmatthews@vorys.com
          kmmundy@vorys.com

CONSUMER PLAINTIFFS' MOTION
TO CONSOLIDATE AND APPOINT
LEADERSHIP - 13
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

Thomas N. McCormick *(pro hac vice)*
4675 MacArthur Court
Suite 700
Newport Beach, CA  92660
Telephone/Fax:  (949) 526-7903
Email:  tnmccormick@vorys.com

*Attorneys for Sean Colvin, Susann Davis, Hope Marchionda, Everett Stephens, and the putative class.*

CONSUMER PLAINTIFFS' MOTION
TO CONSOLIDATE AND APPOINT
LEADERSHIP - 14
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

1

## **CERTIFICATE OF SERVICE**

2

   I hereby certify that on this day I electronically filed the foregoing with the Clerk of the

3

Court using the CM/ECF system, which will send notification of such filing to all CM/ECF

4

recipients.

5

DATED: October 4, 2024.

6

*/s/ H. Troy Romero*
H. Troy Romero, WSBA #19044

7

1019 W. James St., Ste. 102
Kent, Washington 98032
Tel: (425) 450-5000

8

tromero@romeropark.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

## **LCR 7 CERTIFICATION**

I certify that this memorandum contains 4,145 words, in compliance with the Local Civil Rules.

DATED: October 4, 2024.

*/s/ H. Troy Romero*
H. Troy Romero, WSBA #19044

LCR-7 CERTIFICATION
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

HON. JAMAL N. WHITEHEAD

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

|  |  |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | Case No. 2:21-cv-00563-JNW<br><br>**[PROPOSED] ORDER GRANTING**<br>**CONSUMER PLAINTIFFS' MOTION TO**<br>**CONSOLIDATE AND APPOINT VORYS**<br>**AS INTERIM LEAD CLASS COUNSEL**<br><br>NOTE ON MOTION CALENDAR:<br>October 25, 2024 |

17    Now before the Court is Consumer Plaintiffs' Motion to Consolidate and Appoint Vorys

18 as Interim Lead Class Counsel submitted by counsel for Sean Colvin, Susann Davis, Hope

19 Marchionda, Everett Stephens, individually and on behalf of all others similarly situation.

20    The Court has carefully reviewed the motion and concludes that Case No. 2:21-cv-00563-

21 JNW (*In re Valve Antitrust Litigation*) should be consolidated with Case No. 2:24-cv-01218-JNW

22 (*Elliott et al. v. Valve Corporation*), and that Vorys, Sater, Seymour and Pease LLP should be

23 appointed as interim lead class counsel.  The Court concludes that consolidation and these counsel

24 appointments will aid in achieving efficiency and economy in what is likely to be expensive and

25 complicated litigation, and will enhance fairness to all parties concerned, as well as the proposed

26 class.

[PROPOSED] ORDER GRANTING CONSUMER
PLAINTIFFS' MOTION TO CONSOLIDATE AND
APPOINT LEADERSHIP - 1
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

1    IT IS SO ORDERED.

2   Dated this _____ day of _____, 2024.

3

4                                    _____
                                     Hon. Jamal N. Whitehead
5                                    UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

Presented by:

2

ROMERO PARK PS

3

*/s/ H. Troy Romero*

4

H. Troy Romero, WSBA #19044

5

1019 W. James St., Ste. 102
Kent, Washington 98032

6

Tel: (425) 450-5000
tromero@romeropark.com

7

8

VORYS, SATER, SEYMOUR AND PEASE LLP

9

*/s/ Timothy B. McGranor*

Kenneth J. Rubin *(pro hac vice)*

10

Timothy B. McGranor *(pro hac vice)*
Douglas R. Matthews *(pro hac vice)*

11

Kara M. Mundy *(pro hac vice)*
52 East Gay Street

12

Columbus, OH  43215

13

Telephone:  (614) 464-6400
Fax:  (614) 464-6350

14

Email:   kjrubin@vorys.com

15

tbmcgranor@vorys.com
drmatthews@vorys.com

16

kmmundy@vorys.com

17

Thomas N. McCormick *(pro hac vice)*
4675 MacArthur Court

18

Suite 700

19

Newport Beach, CA  92660
Telephone/Fax:  (949) 526-7903

20

Email:  tnmccormick@vorys.com

21

*Attorneys for Sean Colvin, Susann Davis,*

22

*Hope Marchionda, Everett Stephens,*
*and the putative class.*

23

24

25

26

[PROPOSED] ORDER GRANTING CONSUMER
PLAINTIFFS' MOTION TO CONSOLIDATE AND
APPOINT LEADERSHIP - 3
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400