THE HONORABLE JAMAL N. WHITEHEAD

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | Case No. 2:21-cv-00563-JNW<br><br>***ELLIOTT* PLAINTIFFS' MOTION TO INTERVENE FOR LIMITED PURPOSE OF OPPOSING MOTION TO CONSOLIDATE AND APPOINT INTERIM LEAD CLASS COUNSEL**<br><br>**NOTE FOR MOTION CALENDAR**: November 12, 2024 |

MOTION TO INTERVENE
CASE NO. 2:21-CV-00563-JNW

011258-11/2848499 V1



**TABLE OF CONTENTS**

**Page**

I.   PRELIMINARY STATEMENT ........................................................................................1

II.  LEGAL STANDARD FOR INTERVENTION UNDER RULE 24 ...................................2

III. ARGUMENT.....................................................................................................................3

     A.    Intervenors should be permitted to intervene as a matter of right. .........................3

     B.    Alternatively, permissive intervention by Intervenors is warranted. ......................4

IV. CONCLUSION..................................................................................................................4

MOTION TO INTERVENE - i
CASE NO. 2:21-CV-00563-JNW
011258-11/2848499 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arakaki v. Cayetano*,
 324 F.3d 1078 (9th Cir. 2003) .................................................................................................2

*Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*,
 712 F.3d 1349 (9th Cir. 2013) .................................................................................................2

*Bolooki v. Honda Motor Co. Ltd.*,
 2023 WL 2626990 (C.D. Cal. Jan. 12, 2023) ..........................................................................4

*Cnty. of Orange v. Air Cal.*,
 799 F.2d 535 (9th Cir. 1986) ...................................................................................................2

*Dep't of Fair Emp't & Housing v. Lucent Techs., Inc.*,
 642 F.3d 728 (9th Cir. 2011) ...................................................................................................4

*Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*,
 960 F.3d 603 (9th Cir. 2020) ...................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 24 ................................................................................................................1, 2, 3, 4



## I. PRELIMINARY STATEMENT

Proposed Intervenors John Elliott, Ricardo Camargo, Javier Rovira, and Bradley Smith, the plaintiffs in the related matter of *Elliott v. Valve Corporation*, 2:24-cv-01218-JNW (W.D.Wash.) (the "*Elliott*" action), respectfully request to intervene in the present action for the limited purpose of opposing the pending motion to consolidate and appoint Vorys, Sater, Seymore, and Pease LLP ("Vorys") as interim consumer class counsel, pursuant to Fed. R. Civ. P. 24(a) and (b).

In 2021, a group of game publishers and game consumers filed a class action complaint in this Court, alleging that Valve engages in anticompetitive practices to monopolize personal computer ("PC") gaming markets. Valve moved to compel arbitration of the consumers' claims, relying on the arbitration clause in the Steam Subscriber Agreement ("SSA"). This Court granted Valve's motion, holding that the threshold issue of arbitrability needed to be resolved in arbitration. *See* Dkt. No. 66. As a result, claims brought by game consumers were stayed pending arbitration. *Id*.

After arbitration of the consumer claims was compelled, Vorys was appointed to the executive committee representing *publishers* in this instant case. *See* Dkt. No. 91 at 1 n.1 ("The proposed leadership structure here applies only to the game publisher plaintiffs."); Dkt. No. 92 (court order). Subsequently, Vorys and the rest of the *Wolfire* leadership elected to drop all consumer claims from their operative pleadings. Dkt. Nos. 99 & 127.

While Vorys has been representing publishers only and litigating this action on their behalf, the named plaintiffs in the current *Elliott* action successfully challenged Valve's arbitration provision, obtaining a series of arbitrator rulings deeming it unenforceable. These rulings prompted Valve to drop the arbitration provision from its consumer-facing agreements, Dkt. No. 362, making it possible for consumers to challenge Valve's anticompetitive conduct in federal court. The *Elliott* Plaintiffs' subsequently brought suit on behalf of a national consumer class against Valve in this Court on August 8, 2024. *Elliott*, Dkt. No. 1.

Despite lacking a case in which consumer claims are asserted, on October 4, 2024, Vorys requested this court to (1) consolidate the *Wolfire* action and *Elliott* action and (2) appoint Vorys

MOTION TO INTERVENE - 1
CASE NO. 2:21-CV-00563-JNW
011258-11/2848499 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

as interim lead class counsel for the consumer class. Consumer plaintiffs in the related *Elliott* action seek to oppose this motion.

Under Fed. R. Civ. P. 24(a), intervention by the *Elliott* Plaintiffs should be permitted for the limited purpose of opposing Vorys' motion because, among other things, the Intervenors' interests are not adequately protected by parties in this case, particularly due to the conflict of interest posed by Vorys, who serves as class counsel for publishers in this action. The disposition of Vorys' motion could impair the Intervenors' ability to pursue their case against Valve and secure relief via counsel without any conflict of interest. Alternatively, the Court should permit the requested limited intervention under Rule 24(b), as all elements of Rule 24(b) intervention are satisfied and granting intervention at this early stage, for the limited purpose requested, would not prejudice any parties' rights in *Wolfire*.

## II.     LEGAL STANDARD FOR INTERVENTION UNDER RULE 24

Federal Rule of Civil Procedure 24 provides for two methods of intervention: intervention by right and permissive intervention. The requirements of Rule 24 "traditionally receives liberal construction in favor of applicants for intervention." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). Courts are guided primarily by practical and equitable considerations. *Id.*

Under Rule 24(a)(2), a nonparty is entitled to intervene as of matter of right when it "(i) timely moves to intervene; (ii) has a significantly protectable interest related to the subject of the action; (iii) may have that interest impaired by the disposition of the action; and (iv) will not be adequately represented by existing parties." *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020).

Alternatively, a court may, in its discretion, grant permissive intervention where the applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Generally, Rule 24(b) allows permissive intervention where the proposed intervenor shows "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1353 (9th Cir. 2013). "Permissive intervention is committed to the broad discretion of the district court." *Cnty. of*

MOTION TO INTERVENE - 2
CASE NO. 2:21-CV-00563-JNW
011258-11/2848499 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

1  *Orange v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986). In exercising its discretion, the court must
2  also "consider whether the intervention will unduly delay or prejudice the adjudication of the
3  original parties' rights." Fed. R. Civ. P. 24(b)(3).

4  The requirements under either provision of Federal Rule of Civil Procedure 24 are readily
5  met. Intervenors should be permitted to intervene for the limited purpose of opposing Vorys'
6  motion to consolidate and appoint Vorys as interim lead class counsel for consumers.

### III.  ARGUMENT

**A.  Intervenors should be permitted to intervene as a matter of right.**

*First*, intervention is timely. Vorys' motion to consolidate and appoint as interim lead class counsel for the consumer class is still pending in this Court. Dkt. No. 373. Proposed Intervenors filed this motion within the time allowed to respond pursuant to local rules. No legally significant proceedings have taken place with respect to Vorys' motion. Dkt. No. 66.

*Second*, Intervenors possess a significant, protectable interest in the outcome of Vorys' motion to consolidate and be appointed lead counsel. If that motion were to be granted, Intervenors' separately filed action would be consolidated with the *Wolfire* action, and Intervenors' chosen counsel would be displaced by Vorys.

*Third*, the Intervenors' interests will be impaired by the disposition of Vorys' motion. Vorys not only seeks to displace the Intervenors' choice of counsel, but its request could also undermine the interests of the consumer class by having conflicted class counsel represent both consumers and game publishers in this case.

Finally, Intervenors' and absent class members' interests are not adequately protected by the existing parties in the *Wolfire* action. There currently is no other consumer case against Valve challenging Valve's anticompetitive conduct. Vorys and the rest of the *Wolfire* leadership chose to drop consumers' claims after arbitration was compelled. Dkts. No. 99 & 127. Vorys, serving as the class counsel of game publisher only, has been actively litigating against Valve and has put forth a damages model that requires allocating one pool of overcharges between publishers and consumers—creating an irreconcilable conflict between publishers and consumers when it comes to assessing the anticompetitive effects of Valve's conduct and measuring damages. The interests

MOTION TO INTERVENE - 3
CASE NO. 2:21-CV-00563-JNW
011258-11/2848499 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

of absent class members are not adequately protected in the *Wolfire* action. Accordingly, the Court should grant this motion and permit intervention.

**B.     Alternatively, permissive intervention by Intervenors is warranted.**

The district court's discretion under Rule 24(b) to grant "an application for permissive intervention includes discretion to limit intervention to particular issues." *Dep't of Fair Emp't & Housing v. Lucent Techs., Inc.*, 642 F.3d 728, 741 (9th Cir. 2011) (quoting *Van Hoomissen v. Xerox Corp.*, 497 F.2d 180, 181 (9th Cir. 1974)). Permissive intervention should be granted where, as here, the *Elliott* plaintiffs seek timely intervention for the limited purpose of opposing Vorys' motion to consolidate and to be appointed as interim lead counsel for consumers.

Intervenors have an independent ground for jurisdiction as they are properly before the Court in *Elliott*. Their filing is timely because the motion that Intervenors intend to oppose is still pending.[1] Additionally, there are common questions of law and fact between the two actions, not limited to the fundamental question presented by Vorys' motion—i.e., who should represent the consumer class. The parties in this action will not suffer any prejudice if intervention is granted, and intervention will ensure that the Court hears all viewpoints, including from members of the consumer class who oppose Vorys' application, before determining which counsel should be appointed to represent the consumer class.

## IV.     CONCLUSION

For the foregoing reasons, Intervenors respectfully request limited intervention for the purpose of opposing Vorys' motion for consolidation and appointment as interim consumer class counsel.

---

[1] *See Bolooki v. Honda Motor Co. Ltd.*, 2023 WL 2626990 (C.D. Cal. Jan. 12, 2023) (granting permissive intervention for plaintiffs seeking to represent an identical class two weeks after the other plaintiffs moved to be appointed as interim class counsel).

MOTION TO INTERVENE - 4
CASE NO. 2:21-CV-00563-JNW
011258-11/2848499 V1



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

| | |
|---|---|
| DATED:  October 21, 2024 | Respectfully submitted, |
| | HAGENS BERMAN SOBOL SHAPIRO LLP |
| | /s/ *Steve W. Berman* <br> Steve W. Berman (WSBA No. 12536) |
| | /s/ *Xiaoyi Fan* <br> Xiaoyi Fan (WSBA No. 56703) <br> 1301 Second Avenue, Suite 2000 <br> Seattle, WA 98101 <br> Telephone: (206) 623-7292 <br> Facsimile: (206) 623-0594 <br> E-mail:      steve@hbsslaw.com <br> E-mail:   kellyf@hbsslaw.com |
| | Ben M. Harrington (*pro hac vice*) <br> HAGENS BERMAN SOBOL SHAPIRO LLP <br> 715 Hearst Avenue, Suite 300 <br> Berkeley, CA  94710 <br> Telephone: (510) 725-3034 <br> Facsimile: (510) 725-3001 fax <br> E-mail:        benh@hbsslaw.com |
| | William Ward Bucher IV (*pro hac vice* pending) <br> BUCHER LAW PLLC <br> 350 Northern Blvd, Ste. 324 -1519 <br> Albany, NY 12204-1000 <br> Telephone: (202) 997-3029 <br> Email: will@bucherlawfirm.com |
| | *Attorneys for Plaintiffs* |



**CERTIFICATE OF COMPLIANCE WITH WORD LIMIT**

I hereby certify that this memorandum contains 1,389 words, excluding the caption, table of contents, table of authorities, signature blocks, and certificate of service, in compliance with the Local Civil Rules.

DATED this 21st day of October, 2024.

> _/s/ Steve W. Berman_
> Steve W. Berman

MOTION TO INTERVENE - 6
CASE NO. 2:21-CV-00563-JNW
011258-11/2848499 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

# CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2024, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

/s/ Steve W. Berman
Steve W. Berman

MOTION TO INTERVENE - 7
CASE NO. 2:21-CV-00563-JNW
011258-11/2848499 V1

