1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

HON. JAMAL N. WHITEHEAD

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

IN RE VALVE ANTITRUST LITIGATION

Case No. 2:21-cv-00563-JNW

**CONSUMER PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO CONSOLIDATE AND APPOINT VORYS, SATER, SEYMOUR AND PEASE LLP AS INTERIM LEAD CLASS COUNSEL**

NOTE ON MOTION CALENDAR:
October 25, 2024

CONSUMER PLAINTIFFS' REPLY IN
SUPPORT OF MOTION TO CONSOLIDATE
AND APPOINT LEADERSHIP
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

## I.    INTRODUCTION

Vorys, Sater, Seymour and Pease LLP, having vigorously pursued consumer antitrust claims against Valve since January 28, 2021, is most qualified to be appointed interim lead class counsel for consumers against Defendant under Rule 23.  In response, the putative class in *Elliott et al. v. Valve Corp.*, represented by Hagens Berman Sobol Shapiro LLP and Bucher Law PLLC ("Hagens/Bucher") make several arguments to try to persuade this Court to instead appoint them as lead interim class counsel, despite Vorys' development of the legal theory and claims. Hagens/Bucher's arguments are legally and factually flawed, as explained below.  Thus, this Court should grant Vorys and the Consumer Plaintiffs' Motion in its entirety.

## II.    LAW AND ARGUMENT

### A.    Vorys represents a class of consumers alleging antitrust claims.

Hagens/Bucher argue that consolidation is improper because the Consumer Plaintiffs are not part of either of the developer complaints filed on August 26, 2022 (ECF No. 99) and March 23, 2023 (ECF No. 127), arguing that consumer claims were somehow "dropped."  ECF No. 378 at 5.  Notably, they cite no authority for this proposition.  Those complaints were filed ***after*** this Court stayed the Consumer Plaintiffs' claims pending arbitration.  *See* ECF No. 66 at 5.  As such, the Consumer Plaintiffs did not participate in those amended complaints.  *Martinez v. State Farm Mut. Auto. Ins. Co.*, 615 F. Supp. 3d 584, 588 (W.D. Ky. 2022) ("[Plaintiff] had no obligation to amend his complaint while the case was stayed."); *Nitride Semiconductors Co. v. Digi-Key Corp.*, No. 17-cv-4359 (JRT/LIB), 2020 U.S. Dist. LEXIS 262020, at *10–11 (D. Minn Aug. 10, 2020) (same).

Hagens/Bucher would require stayed plaintiffs to continue litigating (and amending)—at the risk of losing claims—if other plaintiffs have active claims, unnecessarily complicating proceedings.  This defeats a stay's purpose.  Stays "postpone," "halt," or "suspend" proceedings. *Black's Law Dictionary* (11th ed. 2019).  Consumer Plaintiffs were not required to amend during the stay.

In short, Vorys did not make "a strategic decision to drop consumer claims."  ECF No. 378

---

CONSUMER PLAINTIFFS' REPLY IN
SUPPORT OF MOTION TO CONSOLIDATE
AND APPOINT LEADERSHIP - 1
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

at 8. If Vorys was dismissing the Consumer Plaintiffs' claims, it would have dismissed under Rule 41. As discussed below, following Valve's preference for arbitration, Vorys continued representing consumers in arbitration throughout the stay, but promptly returned to this Court seeking to lift the stay after Valve amended its Steam Subscriber Agreement ("SSA") removing the mandatory arbitration clause.[1] (Declaration of Kenneth Rubin, ("Rubin Decl.") ¶ 3, filed concurrently herewith); ECF No. 370.

**B.    There is no conflict preventing Vorys from serving as interim lead class counsel.**

Hagens/Bucher argue that Vorys' role as executive committee member for the Developer Plaintiffs precludes it from serving as class counsel for consumers. ECF No. 378 at 6. But consumers and developers have the same theory—Valve's anticompetitive conduct harms both sides of the two-sided Steam platform with every transaction. *Ohio v. Am. Express Co.*, 585 U.S. 529, 546–47 (2018); (Rubin Decl. ¶ 4). As Hagens/Bucher note, this unity of interests is "uncontroversial." ECF No. 378 at 12. Consumers and developers have a shared interest "in maximizing the aggregate amount of class-wide damages." *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 169 F.R.D. 493, 513 (S.D.N.Y. 1996) (certifying class despite conflict allegation regarding "apportionment of the damages as between [stock] purchasers and sellers" because "[s]uch hypothetical conflicts regarding proof of damages are not sufficient to defeat class certification at this stage of the litigation").

To try and establish a conflict where none exists, Hagens/Bucher argue that there is one pot of money to divide between developers and consumers. That is not how two-sided platform cases work, and this is not a "zero sum" case. Valve's anticompetitive conduct has harmed both developers and consumers, and both are entitled to recover 100% of their damages. Thus, economist Dr. Steven Schwartz's February 2024 cohesive damages model in *In re Valve Antitrust Litigation*, shows the overcharge to consumers and developers because the law requires it. "Evaluating both sides of a two-sided transaction platform is . . . necessary to accurately assess

---

[1] If the Motion to Lift the Stay is granted, Vorys intends to promptly file its amended consumer complaint.

CONSUMER PLAINTIFFS' REPLY IN
SUPPORT OF MOTION TO CONSOLIDATE
AND APPOINT LEADERSHIP - 2
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

competition." *Coronavirus Reporter v. Apple Inc*., No. 21-cv-05567-EMC, 2021 U.S. Dist. LEXIS 249564, *37 (N.D. Cal. Nov. 30, 2021) (quoting *US Airways, Inc. v. Sabre Holdings Corp.*, 938 F.3d 43, 59 (2d Cir. 2019)). This is not a conflict.

Schwartz examined the evidentiary record in this litigation and developed a model for Valve's platform based on an informed, rational, economic analysis. ECF No. 343. Schwartz determined what the lower commission to developers would be in the but-for world (ECF No. 343 at 206–28); and how much of the but-for-world commission developers would pass on to consumers in the form of lower prices (developers, not Valve set the consumer price, taking into account Valve's commission) (ECF No. 343 at 218–23, 224–25). This methodology comports with the law's requirements. More importantly, regardless of whether developers are entitled to 100% of the overcharge[2] *or* the overcharge net of the passthrough to consumers, the amount of the consumers' overcharge *is* the amount they would have paid in a world without Valve's competitive restraints. Indeed, Hagens/Bucher's complaint acknowledges that what consumers would have paid in the but-for-world following the developers' price reset is the correct measure of consumer damages. *Elliott*, ECF No. 1 at 7, 35. Schwartz's legally required damages model doesn't establish a conflict. It highlights why there is none.

The opinion of Hagens/Bucher's "expert"—who is neither an economist nor has reviewed any substantive discovery—concluding that there is a "zero-sum" issue is wrong. Whether developers are entitled to 100% of their overcharge or the overcharge net of passthrough, Valve must pay both developers' and consumers' damages, regardless of that total. Moreover, Hagens/Bucher's argument that Schwartz's entire damages model understates consumers' damages—without the benefit of discovery—is belied by the actual economics analyzed by Schwartz. Hagens/Bucher's real argument is that they can convince an economist to come up with

---

[2] *See, e.g.*, *Hanover Shoe, Inc. v. United Shoe Mach. Corp.*, 392 U.S. 481, 494 (1968) ("Our conclusion is that [Plaintiff] proved injury and the amount of its damages for the purposes of its treble-damage suit when it proved that [Defendant] had overcharged it during the damage period and showed the amount of the overcharge; [Defendant] was not entitled to assert a passing-on defense.").

CONSUMER PLAINTIFFS' REPLY IN
SUPPORT OF MOTION TO CONSOLIDATE
AND APPOINT LEADERSHIP - 3
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

a better pass-through for consumers, suggesting they will drive the economics, not the economists.

Even assuming, *arguendo*, that consumers' and developers' interests may eventually conflict at the damages stage, this Court should still appoint Vorys as interim lead class counsel. *See Vogt v. State Farm Life Ins. Co.*, 963 F.3d 753, 768 (8th Cir. 2020) (quoting 1 NEWBERG ON CLASS ACTIONS § 3:62 (5th ed. 2019)) ("Courts have thus rejected challenges to the class representatives' adequacy that were based . . . on different class members desiring different methods of calculating damages[.]").  Any conflict between consumers and developers is speculative and remote—the type of speculative conflict courts refrain from resolving at this stage. *See*, *e.g.*, *Pfaff v. Washington*, No. 07-5280RJB, 2007 U.S. Dist. LEXIS 90257, at *15–16 (W.D. Wash. Nov. 27, 2007); *cf. Soc. Servs. Union, Local 535, etc. v. Cnty. of Santa Clara*, 609 F.2d 944, 948 (9th Cir. 1979).  At this point, consumers' and developers' interests are aligned in establishing liability and damages.

## C.     Vorys' work on this case has and will benefit consumers.

Hagens/Bucher argue that Vorys' work litigating was "all (or at least nearly all)" on behalf of developers.  ECF No. 378 at 13.  This is incorrect.  From 2019 to 2021, Vorys' efforts were solely on behalf of consumers.  (Rubin Decl. ¶ 5.)  Vorys has always represented consumers and has carried out this representation in the appropriate forums.  (*Id.*)  After this Court granted Valve's motion to compel arbitration, holding the issue of arbitrability was for an arbitrator (ECF No. 66), Vorys sought that determination in arbitration.  (Rubin Decl. ¶ 6) (April 19, 2024, letter to the American Arbitration Association: "At least one Individual Claimant intends to raise the issue of unconscionability and resulting unenforceability of the arbitration clause, and a decision on this issue will affect each individual Claimant's obligation to arbitrate their disputes with Valve.").)

As soon as Valve amended the SSA, Vorys moved to lift the stay.  (Rubin Decl. ¶ 7; ECF No. 370.  Vorys, unlike Hagens/Bucher, is not currently representing anyone in arbitration, having returned to this Court to pursue consumers' claims.  (*Id.*)  Vorys attorneys have spent over 6,000 hours litigating and an additional 2,000 hours on arbitration.  (*Id.* ¶ 8.)  As Hagens/Bucher admit, they have spent 4,000 hours "pursuing consumer claims in arbitration," not litigation.  ECF No.

CONSUMER PLAINTIFFS' REPLY IN
SUPPORT OF MOTION TO CONSOLIDATE
AND APPOINT LEADERSHIP - 4
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

378 at 6.  Additionally, Vorys' executive committee work benefits consumers.  (*Id.*)  This is a two-sided platform case where both sides of the platform allege harm from the same conduct.  Vorys' participation in discovery applies directly to consumers' claims, given that consumers and developers have the same legal and factual theories.  (*Id.*)

**D.    Hagens/Bucher copied a significant portion of their Complaint from Vorys and co-counsel's complaints.**

Hagens/Bucher argue they should be interim lead class counsel role their complaint contains one additional tying theory and they defeated Valve's arbitration clause in arbitration.  ECF No. 378 at 14.   But Hagens/Bucher's "additions" do not change the fact that they "repurposed" a significant portion of their Complaint (ECF No. 1, Case No. 2:24-cv-01218-JNW) from Vorys and co-counsel's Consolidated Amended Class Action Complaint in this case (ECF No. 34).  (*See* Rubin Decl. ¶ 9, Ex. A-1 (chart comparing the exact (or almost exact) language used both complaints).)      Thus, Hagens/Bucher are the ones—using their words—who are "opportunistically seek[ing] to seize leadership over the consumer class."  ECF No. 378 at 9–10.

**E.    Hagens/Bucher's inconsistent positions in arbitration and litigation create a conflict.**

Hagens/Bucher also argue that their "aggressive mass-arbitration strategy" supports appointing them as interim lead class counsel.  ECF No. 378 at 9.  The opposite rings true.  This "strategy" involves taking opposite positions in arbitration and litigation, as Valve emphasized in responding to Hagens/Bucher's motion for appointment as lead interim class counsel.  *See Elliott*, ECF No. 32.  For example, Hagens/Bucher argues in pending arbitrations that the current SSA is *invalid* and the prior SSA's mandatory arbitration requirement is enforceable; in this Court, they argue that the current SSA is *valid* and the prior SSA's mandatory arbitration requirement is unenforceable.  *Id.* at 5.  Hagens/Bucher's conflicting strategy is disqualifying.

**F.    Vorys has experience and knowledge directly relevant to the instant case.**

Finally, Hagens/Bucher argue they have "a far more developed track record pursuing successful antitrust litigation in the technology space and generally."  ECF No. 378 at 6.  Vorys disputes that it does not have a successful antitrust litigation record generally or that it should not

CONSUMER PLAINTIFFS' REPLY IN
SUPPORT OF MOTION TO CONSOLIDATE
AND APPOINT LEADERSHIP - 5
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

1   be lead counsel.  Vorys has litigated antitrust claims on behalf of plaintiffs in the two-sided

2   platform context for over a decade.  (Rubin Decl. ¶ 10.)  And Vorys' experience handling plaintiff-

3   and defense-side class action litigation gives it a well-rounded and unique perspective on this case.

4   (*Id.*)[3]

5       Rule 23 focuses on "counsel's knowledge of the applicable law" and "counsel's experience

6   in handling . . . the types of claims asserted in the action."  Fed. R. Civ. P. 23(g)(1)(A)(ii)–(iii).

7   Vorys has been involved *in this case* for over three years, and it has extensive knowledge of the

8   applicable law and significant experience handling the claims asserted here.  (Rubin Decl. ¶ 10.)

9                            **III.    CONCLUSION**

10      This Court should thus consolidate the two cases and appoint Vorys as interim lead class

11  counsel.

12      //

13      //

14      //

---

[3] In their reply in support of their motion to be appointed lead counsel in *Elliott*, Berman/Bucher assert that "In 2020, about a year before Vorys challenged Valve's platform most-favored nation clause (or 'PMFN'), Hagens Berman pioneered the theory that vertical PMFNs can restrict price competition in violation of the Sherman Act."  *Elliott*, ECF No. 41 at 9.  Actually, the economics regarding PMFNs predates this "pioneering" effort by years.  *See* Colvin Compl. at ¶¶ 39–53 (discussing PMFN literature).  And Vorys was investigating these PMFN claims in mid-2019.

CONSUMER PLAINTIFFS' REPLY IN
SUPPORT OF MOTION TO CONSOLIDATE
AND APPOINT LEADERSHIP - 6
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

1  DATED: October 25, 2024.

2                                                    Respectfully submitted,

3                                                    ROMERO PARK PS

4                                                    */s/ H. Troy Romero*
                                                     H. Troy Romero, WSBA #19044
5                                                    1019 W. James St., Ste. 102
                                                     Kent, Washington 98032
6                                                    Tel: (425) 450-5000
                                                     tromero@romeropark.com
7
                                                     VORYS, SATER, SEYMOUR AND PEASE LLP
8
                                                     */s/ Kenneth Rubin*
9                                                    Kenneth J. Rubin *(pro hac vice)*
                                                     Timothy B. McGranor *(pro hac vice)*
10                                                   Douglas R. Matthews *(pro hac vice)*
                                                     Kara M. Mundy *(pro hac vice)*
11                                                   52 East Gay Street
                                                     Columbus, OH  43215
12                                                   Telephone:  (614) 464-6400
                                                     Fax:  (614) 464-6350
13                                                   Email: kjrubin@vorys.com
                                                            tbmcgranor@vorys.com
14                                                          drmatthews@vorys.com
                                                            kmmundy@vorys.com
15
                                                     Thomas N. McCormick *(pro hac vice)*
16                                                   4675 MacArthur Court
                                                     Suite 700
17                                                   Newport Beach, CA  92660
                                                     Telephone/Fax:  (949) 526-7903
18                                                   Email:  tnmccormick@vorys.com

19                                                   *Attorneys for Sean Colvin, Susann Davis, Hope*
                                                     *Marchionda, Everett Stephens, and the putative*
20                                                   *class.*

21

22

23

24

25

26

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that on this day I electronically filed the foregoing with the Clerk of the

3   Court using the CM/ECF system, which will send notification of such filing to all CM/ECF

4   recipients.

5   DATED: October 25, 2024.

6                                          */s/ H. Troy Romero*
                                       H. Troy Romero, WSBA #19044

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

## **LCR 7 CERTIFICATION**

I certify that this memorandum contains 2005 words, in compliance with the Local Civil Rules.

DATED: October 25, 2024.

*/s/ H. Troy Romero*
H. Troy Romero, WSBA #19044

LCR-7 CERTIFICATION
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400