UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | CASE NO. 2:21-cv-00563-JNW<br><br>ORDER |

The Court raises this matter on its own accord. On October 25, 2021, at Valve's request, the Honorable John C. Coughenour compelled Plaintiffs Sean Colvin, Susann Davis, Hope Marchionda, Ryan Lally, Daniel Escobar, William Herbert, and Everett Stephens ("Colvin Plaintiffs")—representatives of the putative consumer class here—to arbitrate their claims against Valve, finding that the arbitration provision in the Steam Subscriber Agreement ("SSA") required them to do so. Dkt. No. 66. Judge Coughenour stayed the Colvin Plaintiffs' claims pending arbitration. *See id.* at 3–5.

On September 27, 2024, Valve filed a status report informing the Court that one arbitrator had dismissed several arbitrations upon a finding that the SSA's arbitration clause was unenforceable. Dkt. No. 362 at 2. Valve reports that because of these dismissals, it has since removed the mandatory arbitration provision from

ORDER - 1

its subscriber agreement. *Id.* at 2–3. It states that it has not challenged the unenforceability of its prior arbitration clause and confirms that it does not intend to do so. *Id.* at 2. Indeed, in related litigation, Valve has argued that all consumer claims must be heard by the district court and cannot be arbitrated. *See* Dkt. No. 1 in *Valve Corp. v. Abbruzzese et al.*, Case No. 2:24-cv-01717-JNW.

Soon after Valve filed its status report, some of the Colvin Plaintiffs—Colvin, Davis, Marchionda, and Stephens—moved to lift the stay. Dkt. No. 370. In their motion, they echoed much of what Valve related in its status report, but they conceded that "[w]hether the changes [to the SSA] can apply retroactively to any dispute commenced by an individual consumer under the previous terms of the SSA is an open question." *Id.* at 2 n.2. They sought to lift the stay as to all named consumer plaintiffs except for Lally, who is now arbitrating his claims against Valve. *Id.* at 1 n.1. This Court struck the Colvin Plaintiff's motion pending resolution of various other motions, Dkt. No. 387, which have now been decided.

Valve has not responded to the motion to lift the stay, but this Court is inclined to lift the stay sua sponte as an exercise of its inherent authority to manage its docket and to expedite resolution of this case. *See Wilmington Tr. Nat'l Assoc. v. Stewart Info. Servs., Corp.*, 2023 WL 349573, at *2 (D. Nev. Jan 19, 2023) (sua sponte lifting stay) (citing *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (expressing the well-established principle that "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases")).

ORDER - 2

If any party objects, they must file a short notice of their objection by December 13, 2024. If the Court receives notice of an objection, it will set a briefing schedule to resolve this issue. Otherwise, the Court will lift the stay as to the Colvin Plaintiffs, except for Lally.

Dated this 10th day of December, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 3