THE HONORABLE JAMAL N. WHITEHEAD

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | No. 2:21-cv-00563-JNW |
| | ***HEPLER* PLAINTIFFS' MOTION TO APPOINT COHEN MILSTEIN SELLERS & TOLL PLLC AS INTERIM LEAD OR CO-LEAD CLASS COUNSEL** |
| This Filing Relates to: | **NOTE ON MOTION CALENDAR:** |
| ALL ACTIONS | January 17, 2025 |

*Hepler* Plaintiffs' Mot. to Appt. Cohen Milstein as Interim Lead Counsel

Page i

Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
(202) 408-4600

1

2

**TABLE OF CONTENTS**

3

I.      INTRODUCTION ................................................................................................ 1

4

II.     BACKGROUND ................................................................................................ 1

5

III.    ARGUMENT ...................................................................................................... 4

6       A.      Legal Standard ...................................................................................... 4

7       B.      The Court Should Appoint Cohen Milstein as Interim Lead Counsel for the
                Proposed Class. ..................................................................................... 6

8               1.      Cohen Milstein Is Independently Familiar with the Facts, Law, and
                        Procedural History of this Case. ............................................... 6

9               2.      Cohen Milstein Has Extensive Experience Litigating Complex
                        Antitrust Class Actions, Including Monopolization Suits, up to and
10                      Through Trial. ............................................................................ 7

11      C.      Cohen Milstein's Appointment as Interim Co-Lead Counsel Would Resolve
                Any Concerns About the Adequacy of the Hagens Berman/Bucher Law Team........ 10

12      IV.     CONCLUSION ................................................................................................ 11

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*In re Amazon Return Pol'y Litig.*,
   No. 2:23-cv-1372-JNW, 2024 WL 729204 (W.D. Wash. Feb. 22, 2024) ...............................4

5

*Napoleon v. Amazon.com, Inc.*,
   No. 2:24-cv-186-BJR, 2024 WL 3652873 (W.D. Wash. Aug. 5, 2024) .............................5, 6

6

7

*Radcliffe v. Hernandez*,
   818 F.3d 537 (9th Cir. 2016) .................................................................5

8

9

*Rodriguez v. W. Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009) ...............................................................5, 10

10

**Other Authorities**

11

Fed. R. Civ. P. 23(g)(1)(A) .....................................................................5, 6, 7

12

*Manual for Complex Litigation* § 21.11 (4th ed. 2004) ............................................4

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*Hepler* Plaintiffs' Mot. to Appt.
Cohen Milstein as Interim Lead
Counsel

Page iii

Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
(202) 408-4600

1    Pursuant to the Court's Order of December 6, 2024 (ECF No. 394), Plaintiffs Connor Hepler

2  and Aaron Lancaster (the "*Hepler* Plaintiffs") respectfully move that the Court appoint Cohen

3  Milstein Sellers & Toll PLLC ("Cohen Milstein") as Interim Lead or Co-Lead Class Counsel,

4  alongside Hagens Berman and Bucher Law, for a proposed class of consumers who purchased

5  personal computer ("PC") games or in-game products from Valve's online store.

6  **I.    INTRODUCTION**

7    As one of the oldest, largest, and most successful firms litigating antitrust class actions on

8  consumers' behalf, Cohen Milstein is especially well suited to lead this case. They will litigate the

9  case with a team of dedicated professionals known throughout the bar as effective litigators and

10  "antitrust nerds" with the intellectual heft to effectively pursue this legally innovative and factually

11  complex monopoly suit. A "firm resume" detailing Cohen Milstein's accomplishment in the antitrust

12  arena and the biographies of the attorneys assigned to this case is attached as Exhibit A to the

13  Declaration of Brent W. Johnson filed herewith.

14    Cohen Milstein also routinely works as co-lead class counsel with Hagens Berman Sobol

15  Shapiro LLP ("Hagens Berman"), a firm that has previously moved to lead the class alongside

16  Bucher Law PLLC ("Bucher Law") in the *Elliott* action. Mot. to Amend, *Elliott v. Valve Corp.* No.

17  2:24-cv-01218-JNW (W.D. Wash. Oct. 2, 2024), ECF No. 25. The Hagens Berman/Bucher Law

18  team combines Hagens Berman's long history of successful antitrust class actions with Bucher

19  Law's successful advocacy on behalf of PC game consumers against Valve. To the extent the Court

20  believes the factual expertise and demonstrated skill of the Hagens Berman/Bucher Law team is

21  valuable to the class but is concerned about conflicts issues raised in the briefing in the *Elliott*

22  litigation, the Court may address those concerns and ensure the co-lead counsel team's loyalty to the

23  class by appointing Cohen Milstein as independent guardians of the class's interests.

24  **II.    BACKGROUND**

25    The Court is familiar with the procedural history of this case and related cases, and we here

26  recite only what is relevant to the arguments below.

---

*Hepler* Plaintiffs' Mot. to Appt.
Cohen Milstein as Interim Lead
Counsel

Page 1

Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
(202) 408-4600

In January 2021, individual consumer plaintiffs Sean Colvin *et al.* filed a putative class action suit against Defendant Valve Corporation ("Valve"), challenging the most-favored-nations clause Valve imposes on game developers to publish games on its Steam platform as anticompetitive. Compl., *Colvin v. Valve Corp.*, No. 2:21-cv-801 (C.D. Cal. Jan. 28, 2021), ECF No. 1. Shortly thereafter, Wolfire Games, LLC and two further individual plaintiffs filed this suit in this court on similar grounds on behalf of a putative class including both publishers and consumers. Compl., *In re Valve Antitrust Litig.* ("*Wolfire*"),[1] No. 2:21-cv-00563-JNW (W.D. Wash. Apr. 27, 2021), ECF No. 1. The cases were subsequently consolidated, and the *Colvin* and *Wolfire* plaintiffs' counsel jointly filed a consolidated amended complaint and moved for interim leadership of a single publisher-and-consumer class. *See* Order to Consolidate, *Wolfire* (May 20, 2021), ECF No. 29; Am. Compl., *Wolfire* (June 11, 2021), ECF No. 34; Mot. to Appoint Counsel, *Wolfire* (July 27, 2021), ECF No. 38. Meanwhile, a third case, *Dark Catt*, was filed on behalf of publishers *only*. Compl., *Dark Catt Studios Holdings, Inc. v. Valve Corp.*, No. 2:21-cv-872 (W.D. Wash. June 28, 2021), ECF No. 1. The *Dark Catt* plaintiffs intervened in *Wolfire* and challenged *Wolfire* counsel's attempt to simultaneously represent publishers and consumers, citing a number of putative conflicts. *See* Resp. to Mot. to Appoint Counsel, *Wolfire* (Aug. 13, 2021), ECF No. 46.

The Court did not resolve this leadership dispute at that time. Order on Mot. to Appoint Counsel, *Wolfire* (Oct. 5, 2021), ECF No. 63. Rather, over the arguments of *Colvin*'s counsel, the Court found that the arbitration clauses in Valve's consumer terms of use were enforceable, at least as to the authority of the arbitrator to decide the *Colvin* plaintiffs' argument that the clauses were unconscionable, and it stayed claims brought by consumer plaintiffs pending arbitration, allowing publisher claims to proceed. Order on Mot. to Compel Arb., *Wolfire* (Oct. 25, 2021), ECF No. 66. After amending their consolidated complaint, the combined *Colvin*/*Wolfire* counsel team survived a

---

[1] Though related cases have been consolidated into this litigation and recaptioned, to avoid confusion we use *Wolfire* to discuss the procedural history of this case.

*Hepler* Plaintiffs' Mot. to Appt. Cohen Milstein as Interim Lead Counsel

Page 2

Cohen Milstein Sellers & Toll PLLC 1100 New York Ave. NW ● Fifth Floor Washington, DC 20005 (202) 408-4600

1   motion to dismiss concerning exclusively publisher issues. Order on Mot. to Dismiss, *Wolfire* (May
2   6, 2022), ECF No. 80. Thereafter, they consolidated the *Dark Catt* case into *Wolfire*, (Order, *Wolfire*
3   (May 17, 2022), ECF No. 84), and the *Wolfire* and *Dark Catt* plaintiffs' counsel jointly sought
4   appointment as interim co-lead counsel, with *Colvin* counsel serving as an Executive Committee.
5   Mot. to Appoint Counsel, *Wolfire* (July 22, 2022), ECF No. 91. The joint counsel team noted: "The
6   proposed leadership structure applies only to the game publisher plaintiffs." *Id.* at 1 n.1.

7        The Court granted counsel's motion, and the *Wolfire* team, including *Colvin*'s counsel,
8   subsequently filed a new consolidated amended complaint on behalf of a putative class of *only*
9   publishers. Am. Compl., *Wolfire* (Aug. 26, 2022), ECF No. 99; *see also* Second Am. Compl., *Wolfire*
10   (Mar. 3, 2023), ECF No. 127 (operative complaint). No consumer plaintiffs are named as parties in
11   the operative *Wolfire/In re Valve Antitrust Litigation* complaint. *Id.*

12        Meanwhile, a group of approximately 50,000 individual plaintiffs, represented by Bucher
13   Law pursued similar consumer claims in arbitration. *See* Mot. to Appoint at 4-5, *Elliott v. Valve*
14   *Corp.*, No. 2:24-cv-01218-JNW (Oct. 2, 2024), ECF No. 25. In arbitration, Bucher obtained four
15   binding decisions holding that the arbitration clause in Steam's consumer agreements was
16   unenforceable. *Id.* at 5. On the heels of these decisions, consumer plaintiffs John Elliott *et al.* filed
17   suit against Valve in early August 2024, represented by Hagens Berman and Bucher Law. *See*
18   Compl., *Elliott* (Aug. 9, 2024), ECF No. 1. In early October 2024, these decisions and the torrent of
19   arbitrations forced Valve to remove the arbitration clause from its terms of use, mooting the
20   arbitration issue that had prevented consumer plaintiffs from moving forward as a class in this Court.
21   Mot. to Appoint at 5, *Elliott* (Oct. 2, 2024), ECF No. 25.

22        On October 2, the *Elliott* plaintiffs moved to appoint Hagens Berman and Bucher Law as
23   interim co-lead counsel for a class of PC game consumers. Both Valve and *Colvin* counsel opposed
24   the motion, challenging the adequacy of proposed counsel. *See* Resp by Defs.' & Resp. by Interested
25   Parties, *Elliott* (Oct. 17, 2024), ECF Nos. 32, 36. Three of the four *Colvin* plaintiffs also moved to
26   lift the stay on their case and to appoint their counsel as interim lead counsel for the consumer class.

1  *See* Mot. to Lift Stay & Mot. to Consol. Cases, *Wolfire* (Oct. 4, 2024), ECF Nos. 370, 373.

2  On October 23, 2024, Plaintiffs Connor Hepler and Aaron Lancaster filed the instant suit on

3  behalf of a putative class comprised of "All persons and entities who, directly or through an agent,

4  purchased a PC game on the Steam Store or purchased an in-game product from a game distributed

5  on the Steam Store." *See* Compl. ¶ 272, *Hepler v. Valve Corp.*, No. 2:24-cv-01735-JNW (Oct. 23,

6  2024), ECF No. 1.

7  On December 6, 2024, the Court consolidated all related cases, including *Hepler*, into this

8  action and set a briefing schedule for leadership motions. *See* Order, *In re Valve Antitrust Litig.*, No.

9  2:21-cv-00563-JNW, (Dec. 6, 2024), ECF No. 394.

10  **III.    ARGUMENT**

11  **A.    Legal Standard**

12  Federal Rule of Civil Procedure 23(g)(3) provides that a court "may designate interim

13  counsel to act on behalf of a putative class before determining whether to certify the action as a class

14  action." In complex cases such as this one, which involves a class of tens of millions of video game

15  consumers pursuing an unusually complicated monopoly-theory antitrust suit with damages in the

16  billions of dollars, district courts customarily appoint interim class counsel to coordinate the

17  prosecution of the case. *See*, *e.g.*, Order at 3, *In re Valve Antitrust Litig.*, No. 2:21-cv-00563-JNW,

18  ECF No. 92 (Aug. 12, 2022) (Coughlin, J.) (appointing Quinn Emanuel, Constantine Canon,

19  Lockridge, and Wilson Sonsini as Interim Co-Lead Class Counsel for the game developer class and

20  Vorys as an Executive Committee for the game developer class); *In re Amazon Return Pol'y Litig.*,

21  No. 2:23-cv-1372-JNW, 2024 WL 729204, at *2 (W.D. Wash. Feb. 22, 2024) (noting that

22  appointment of interim class counsel is "especially appropriate when there are multiple complaints

23  and a gaggle of law firms jockeying to be appointed class counsel" (quotations omitted)); *see also*

24  *Manual for Complex Litigation* § 21.11 at 246 (4th ed. 2004) (the "Manual") ("[D]esignation of

25  interim counsel clarifies responsibility for protecting the interests of the class during precertification

26  activities, such as making and responding to motions, conducting any necessary discovery, moving

---

*Hepler* Plaintiffs' Mot. to Appt.
Cohen Milstein as Interim Lead
Counsel

Page 4

Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
(202) 408-4600

for class certification, and negotiating settlement.").

When considering the appointment of interim class counsel, courts consider the following criteria: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A); *see also, e.g.*, *Napoleon v. Amazon.com, Inc.*, No. 2:24-cv-186-BJR, 2024 WL 3652873, at *2 (W.D. Wash. Aug. 5, 2024) (applying Rule 23(g) factors to appoint interim class counsel).

Application of these factors strongly supports appointing Cohen Milstein as Interim Lead or Co-Lead Counsel, particularly to the extent the Court wishes to take advantage of the Hagens Berman/Bucher Law team's familiarity with the facts and their demonstrated success on the law but is concerned about conflict arguments raised by other firms seeking leadership. *See, e.g.*, *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 961 (9th Cir. 2009) ("[T]he addition of new and impartial counsel can cure a conflict of interest even where previous counsel continues to be involved in the case." (quoting *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir.1998)); *Radcliffe v. Hernandez*, 818 F.3d 537, 548-49 (9th Cir. 2016) (noting that class counsel had "neutralize[d] the effect" of its conflict of interest by "associating new counsel").

Cohen Milstein is an undisputed plaintiffs'-side antitrust powerhouse, bringing world-class attorneys and indefatigable resources to a litigation that promises to be factually and legally complex, hard fought, and resource intensive. They also have a long history of success as Co-Lead counsel with Hagens Berman and other firms, including the Quinn Emanuel team that leads the game developer suit. Cohen Milstein's appointment to lead the consumer class will ensure the best possible representation for putative class members.

*Hepler* Plaintiffs' Mot. to Appt.
Cohen Milstein as Interim Lead
Counsel

Page 5

Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
(202) 408-4600

**B.    The Court Should Appoint Cohen Milstein as Interim Lead Counsel for the Proposed Class.**

1.    Cohen Milstein Is Independently Familiar with the Facts, Law, and Procedural History of this Case.

The first factor to consider is "the work counsel has done in identifying or investigating potential claims in the action." Fed. R. Civ. P. 23(g)(1)(A)(i). Cohen Milstein attorneys have followed Valve's rise and the course of these litigations for years, and are independently familiar with the relevant facts and law. *See* Johnson Decl. ¶ 3. Before October 2024, arbitration clauses in Steam's Steam Subscriber Agreement ("SSA")) effectively prevented the firm from filing suit on behalf of a consumer class. Within three weeks of Valve's amendment of their SSA to remove the arbitration clause, however, Cohen Milstein filed *Hepler v. Valve Corp.*, No. 2:24-cv-01735-JNW, leveraging Cohen Milstein's extensive pre-suit investigation to take advantage of the change in contract terms.

Cohen Milstein attorneys have for years carefully followed the progress of this litigation on behalf of game developers, the *Colvin* plaintiffs' inability to successfully challenge the SSA's prior arbitration clause, and the progress and eventual success of individual arbitrations led by Bucher Law. *See* Johnson Decl. ¶ 3. If appointed Interim Co-Lead Counsel, they will hit the ground running, with the advantage of familiarity with the facts and legal theory of the case. Indeed, Cohen Milstein's decision not to file a consumer case before October because of Steam's SSA reflects their extensive analysis of the available arguments for invalidating the old arbitration clause. *See Napoleon*, 2024 WL 3652873, at *2 (appointing interim class counsel that had "limit[ed] its plaintiffs' claims" over competing counsel that had brought "claims that so evidently add nothing to the case" and noting that such a decision "is an indication of both keen pre-filing investigation of the governing law and a willingness and ability to litigate this case efficiently" under Rule 23(g)(1)(A)). Cohen Milstein knew such arguments would likely fail and kept their powder dry. Only after Bucher Law, through its innovative mass arbitration strategy, caused Valve to abandon their arbitration clause did a consumer action become viable, and Cohen Milstein filed the *Hepler* action soon

*Hepler* Plaintiffs' Mot. to Appt.
Cohen Milstein as Interim Lead
Counsel

Page 6

Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
(202) 408-4600

thereafter.

### 2. Cohen Milstein Has Extensive Experience Litigating Complex Antitrust Class Actions, Including Monopolization Suits, up to and Through Trial.

Class members should be represented by the counsel that will get them the best results. *See* Fed. R. Civ. P. 23(g)(1)(A)(ii) (a court must consider "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action"; "counsel's knowledge of the applicable law"; and "the resources that counsel will commit to representing the class"). Cohen Milstein has an extensive history of success prosecuting complex antitrust litigations, securing billions of dollars in settlements for consumers, workers, small businesses, pension funds, and others. Unlike many firms, Cohen Milstein has extensive experience with legally complex cases like this one: Just in the last few years, Cohen Milstein secured a $110 million trial verdict (pre-trebling) in *Pacific Steel Group vs. Commercial Metals Co.*, No. 4:20-cv-7683 (N.D. Cal. Nov. 5, 2024), a case with monopolization elements; reached weeks before trial what is believed to be the largest ever labor monopsony settlement with a single defendant in *Le v. Zuffa, Inc.*, No. 2:15-cv-01045 (D. Nev. Oct. 23, 2024), a $375 million settlement on behalf of mixed martial arts competitors (with an average award of *$250,000* per class member after fees and costs); secured more than $997 million in settlements for home sellers alongside injunctive relief expected to save homeowners *billions* in buyer's agent fees in a rule-of-reason conspiracy case against the National Association of Realtors and some of its members (*Moehrl v. Nat'l Ass'n of Realtors*, No. 4:23-cv-00788 (W.D. Mo.) and related cases); settled a complicated financial-industry conspiracy case for $580 million (*Iowa Pub. Servs. Ret. Ass'n v. Bank of Am.*, No. 1:17-cv-06221 (S.D.N.Y. Sept. 4, 2024)); and obtained a $575 million eve-of-trial settlement with Sutter Health in a monopolization suit (*UFCW & Emps. Benefit Tr. v. Sutter Health*, No. CSG 14-538451 (Sup. Ct. Cal. Aug. 27, 2021)). Cohen Milstein also led the trial team in what is believed to be the largest-ever trial verdict in an antitrust conspiracy case, in *In re Urethane Antitrust Litigation*, No. 04-md-1616, (D. Kan.) ($1.06 billion verdict, ultimately recovering $974 million for the class after an appellate victory).

*Hepler* Plaintiffs' Mot. to Appt. Cohen Milstein as Interim Lead Counsel

Page 7

Cohen Milstein Sellers & Toll PLLC 1100 New York Ave. NW ● Fifth Floor Washington, DC 20005 (202) 408-4600

This suit challenges Defendant Valve Corporation's core business model, and there could not be higher stakes for Valve. The *Hepler* Plaintiffs expect Valve to pour resources into its defense, and the consumer class must have the best possible representation. In other cases of comparable size and complexity, Proposed Counsel have reviewed millions of pages of documents, taken well over a hundred depositions, and supervised dozens of attorneys who were not playing a leadership role. For instance, in *In re Broiler Chicken Antitrust Litigation*, the plaintiffs deposed 180 current and former employees of the 18 defendants; many of those depositions were conducted by attorneys at Cohen Milstein and Hagens Berman, who represent one of the indirect purchaser classes. *See* Resp. Mot. Extend Disc. Stay at 1–2, *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-8637 (N.D. Ill. Sept. 24, 2019), ECF No. 3112. Managing such herculean discovery requires a deep bench of lawyers who are intimately familiar with case details and strategy. Cohen Milstein has the talent, experience, and resources to achieve the best results for the class.

Cohen Milstein's team for this litigation includes the following antitrust litigation professionals:

**Brent W. Johnson:** Mr. Johnson is a partner in the firm and the co-chair of the firm's Antitrust Practice Group. Mr. Johnson has served as co-lead counsel and played leadership roles in a number of high-stakes antitrust cases, including *Broiler Chicken*, discussed above (with co-lead counsel Hagens Berman, $184 million in settlements and counting); *Jien v. Perdue Farms, Inc.*, No. 1:19-CV-2521 (D. Md.) (on behalf of poultry workers, with co-lead counsel Hagens Berman, $339 million and counting); *Brown v. JBS USA Food Co.*, No. 1:22-cv-2946 (D. Colo.) (on behalf of beef and pork workers with co-lead counsel Hagens Berman, $203 million and counting); *In re Domestic Drywall Antitrust Litig.*, No. 2:13-md-02437 (E.D. Pa.) ($191 million); and *In re Animation Workers Antitrust Litig.*, No. 14-cv-4062 (N.D. Cal.) (also with Hagens Berman, $169 million, $13,000 per class member *after* attorneys' fees). Mr. Johnson graduated from Duke University *magna cum laude* and Stanford Law School. *See* Johnson Decl. ¶ 9.

**Benjamin D. Brown:** Mr. Brown is the Managing Partner of Cohen Milstein and co-chair of

*Hepler* Plaintiffs' Mot. to Appt.
Cohen Milstein as Interim Lead
Counsel

Page 8

Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
(202) 408-4600

the firm's Antitrust Practice Group. Mr. Brown recently served as trial counsel in *Pacific Steel*, discussed above, securing a $110 million trial verdict; he also served as co-lead counsel in the *Zuffa* case above, obtaining $375 million for mixed martial arts fighters just weeks before trial; the *Moehrl* case that has changed the structure of the nation's realty industry; and many more. Mr. Brown is also one of the nation's leading takings lawyers, having prevailed in bellwether bench trials before the Court of Federal Claims and on appeal in *Ideker Farms, Inc. v. U.S.*, No. 1:14-cv-00183 (Ct. Claims). Mr. Brown graduated Phi Beta Kappa from the University of Wisconsin and *cum laude* from Harvard Law School. *See* Johnson Decl. ¶ 10.

**Robert W. Cobbs:** As a partner in Cohen Milstein's antitrust group, Mr. Cobbs has litigated on co-lead counsel teams of major antitrust class actions including *Iowa Public Employees*, discussed above, a case concerning collusion in the stock lending market among the world's largest investment banks that has so far yielded $580 million in settlements. Johnson Decl. ¶ 11. Recently, Mr. Cobbs also served as "COO" of the plaintiffs' trial team in *Doe v. ExxonMobil Corp.*, No. 1:01-cv-1357 (D.D.C.), a decades-long case concerning Exxon's alleged responsibility for human rights abuses near its Indonesian facilities in the late 1990s. Johnson Decl. ¶ 11. The case settled favorably one week before trial. *Id*. Mr. Cobbs graduated from Amherst College *magna cum laude* and Yale Law School; after law school he clerked with the United States District Court for the Eastern District of Texas and the United States Court of Appeals for the Second Circuit. Johnson Decl. ¶ 11.

**Christopher J. Bateman:** Mr. Bateman is a partner in Cohen Milstein's Antitrust Practice Group, and has served on co-lead counsel teams in *Iowa Public Employees* and several ongoing cases including *Albert v. Global Tel*Link Corp.*, No. 8:20-cv-01936 (D. Md.), a case concerning a conspiracy to inflate prices for prisoners' phone calls; *In re Axon VieVu Antitrust Litig.*, No. 3:23-cv-07182 (D.N.J.), a monopolization case in the body camera market; *In re Da Vinci Surgical Robot Antitrust Litig.*, No. 3:21-cv-03825 (N.D. Cal.); and more. Mr. Bateman graduated *cum laude* from Dartmouth College and *cum laude* from Harvard Law School, and served as a law clerk in the United States District Court for the Southern District of New York. Johnson Decl., ¶ 12.

*Hepler* Plaintiffs' Mot. to Appt.
Cohen Milstein as Interim Lead
Counsel

Page 9

Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
(202) 408-4600

1    **Daniel Gifford:** Mr. Gifford is an associate in the firm's Antitrust Practice Group. He

2    recently served on the co-lead counsel team in several cases discussed above, especially *Zuffa*, where

3    his efforts were critical to the team's trial preparation efforts. He has also served on co-lead counsel

4    teams in *Broiler Chickens, Ideker*, and others. Mr. Gifford graduated from Stanford University and

5    Yale Law School, and served as a law clerk in the United States District Court for the Southern

6    District of New York and the United States Court of Appeals for the Fourth Circuit. Johnson Decl., ¶

7    13.

8        **C.**    **Cohen Milstein's Appointment as Interim Co-Lead Counsel Would Resolve Any**

9                    **Concerns About the Adequacy of the Hagens Berman/Bucher Law Team.**

10          As noted above, the Hagens Berman/Bucher Law team have a compelling argument that their

11    efforts have done more to advance consumer plaintiffs' interests in this litigation than any other

12    proposed lead counsel. *See generally* Pls.' Mot. Appoint Interim Co-Lead Counsel, *Elliott* (Oct. 2,

13    2024), ECF No. 25; Pls.' Reply Supp. Mot. Appoint Interim Co-Lead Counsel, *Elliott* (Oct. 23,

14    2024), ECF No. 41. As Valve admits, it was only due to Bucher Law's successful arbitration strategy

15    that Valve removed the arbitration clause and class action waiver from its terms of service, clearing

16    the way for this litigation to proceed. *See* Status Report at 2-3, *Wolfire* (Sept. 27, 2024), ECF No.

17    362. Without that initiative, no applications for leadership from any firm would be pending before

18    this Court.

19          However, other competitors for co-lead counsel have argued that the Hagens/Bucher team's

20    representation of individuals in arbitration creates potential problems with the adequacy of these

21    firms' representations. *See* Reply Supp. Mot. Consol. and Appoint Interim Lead Counsel at 5, *Wolfire*

22    (Oct. 25, 2024), ECF No. 373. To the extent those arguments concern the Court, appointing Cohen

23    Milstein as Interim Co-Lead Counsel alongside Hagens Berman and Bucher Law would allow the

24    class to receive the benefits of the Hagens/Bucher team's experience with the case and Cohen

25    Milstein's unquestionable loyalty to the proposed class. *See Rodriguez*, 563 F.3d at 961 ("[T]he

26    addition of new and impartial counsel can cure a conflict of interest even where previous counsel

*Hepler* Plaintiffs' Mot. to Appt.
Cohen Milstein as Interim Lead
Counsel

Page 10

Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
(202) 408-4600

1  continues to be involved in the case." (quoting *Linney*, 151 F.3d at 1239 (9th Cir.1998)). It would

2  also add another firm with the resources to successfully prosecute this litigation; indeed, in cases of

3  this magnitude courts typically appoint at least two large plaintiffs'-side firms to ensure well-

4  resourced coverage.

5        Cohen Milstein and Hagens Berman have a long history of successfully pursuing litigation as

6  co-lead counsel. Together the two firms have achieved landmark victories in *Moehrl*, *Broiler*

7  *Chickens*, *Jien*, *Brown*, and *Animation Workers*, discussed above, and innumerable others—on these

8  last three cases alone, recovering more than $650 million for workers against employers who

9  conspired to constrain their compensation. In *In re Electronic Books Antitrust Litig.*, No. 1:11-md-

10  2293 (S.D.N.Y.), the firms obtained more than $560 million in settlements for the reading public.

11        Cohen Milstein also has substantial experience working cooperatively with firms

12  representing the game developers in this case, including Quinn Emanuel (co-lead counsel in *Iowa*

13  *Public Employees*; *In re Interest Rate Swaps Antitrust Litig.*, No. 1:16-md-2704 (S.D.N.Y.); *In re*

14  *Crop Protection Prods. Loyalty Program Antitrust Litig.*, No. 1:22-cv-1128 (M.D.N. Car.); and co-

15  trial counsel in *Pacific Steel*); and Lockridge (working collaboratively on behalf of different classes

16  in *Broiler Chickens* and as co-counsel in several other litigations). Cohen Milstein can be counted on

17  to work collaboratively with any co-lead counsel the Court sees fit to appoint, and with counsel for

18  the game developer class.

19  **IV.**    **CONCLUSION**

20        The Court should appoint Cohen Milstein Sellers & Toll PLLC as Interim Lead or Co-Lead

21  Counsel for the consumer class.

22        DATED this 20th day of December, 2024

23

24

25

26

*Hepler* Plaintiffs' Mot. to Appt.
Cohen Milstein as Interim Lead
Counsel

Page 11

Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
(202) 408-4600

1

2     _/s/ Brent W. Johnson_
      Brent W. Johnson (_pro hac vice_)
3     Benjamin D. Brown (_pro hac vice_)
      Robert W. Cobbs (_pro hac vice_)
4     COHEN MILSTEIN SELLERS & TOLL PLLC
      1100 New York Ave. NW, Fifth Floor
5     Washington, DC 20005
      (202) 408-4600
6     bbrown@cohenmilstein.com
      bjohnson@cohenmilstein.com
7     rcobbs@cohenmilstein.com

8     Christopher J. Bateman (_pro hac vice_)
      Daniel Gifford (_pro hac vice_)
9     COHEN MILSTEIN SELLERS & TOLL PLLC
      88 Pine St., 14th Floor
10    New York, NY 10005
      Tel: (212) 838-7797
11    Fax: (212) 838-7745
      cbateman@cohenmilstein.com
12    dgifford@cohenmilstein.com

13

14    _/s/ Corrie Yackulic_
      Corrie Yackulic (WSBA No. 16063)
15    CORRIE YACKULIC LAW LLC
      110 Prefontaine Place S., Suite 304
16    Seattle, WA 98104
      Tel: (206) 787-1915
17    corrie@cjylaw.com

18

19

20

21

22

23

24

25

26

---

_Hepler_ Plaintiffs' Mot. to Appt.        Page 12        Cohen Milstein Sellers & Toll PLLC
Cohen Milstein as Interim Lead                           1100 New York Ave. NW ● Fifth Floor
Counsel                                                  Washington, DC 20005
                                                         (202) 408-4600

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF recipients.

Dated:  December 20, 2024

/s/ *Brent W. Johnson*

Brent W. Johnson

*Hepler* Plaintiffs' Mot. to Appt.
Cohen Milstein as Interim Lead
Counsel

Page 13

Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
(202) 408-4600

1

**LCR 7 CERTIFICATION**

2

3      I certify that this memorandum contains 3,823 words, in compliance with the Local Civil

4   Rules.

5

6

7   Dated:  December 20, 2024                          /s/ *Brent W. Johnson*

8                                                      Brent W. Johnson

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26