1

2                                    HON. JAMAL N. WHITEHEAD

3

4

5

6

7

8

                       **UNITED STATES DISTRICT COURT**
9              **WESTERN DISTRICT OF WASHINGTON**
                            **AT SEATTLE**
10

11

12  IN RE VALVE ANTITRUST           No. 2:21-cv-00563-JNW
     LITIGATION

13                               **COLVIN PLAINTIFFS' AMENDED**
                              **MOTION TO APPOINT VORYS, SATER,**
14                              **SEYMOUR AND PEASE LLP AS**
    This Filing Relates to:         **INTERIM LEAD CLASS COUNSEL**

15  ALL ACTIONS               NOTE ON MOTION CALENDAR:
                                January 17, 2025
16

17

18

19

20

21

22

23

24

25

26

COLVIN PLAINTIFFS' AMENDED MOTION     VORYS, SATER, SEYMOUR AND PEASE LLP
TO APPOINT LEADERSHIP                  52 East Gay Street
Case No. 2:21-cv-00563-JNW              Columbus, OH  43215
                                   Tel: (614) 464-6400

# TABLE OF CONTENTS

Page(s)

I.    INTRODUCTION ................................................................................................ 1

II.   STATEMENT OF FACTS ................................................................................... 1

III.  LAW AND ARGUMENT ..................................................................................... 2

    A.     This Court should appoint Vorys as interim lead class counsel ............................. 3

        i.    Vorys satisfies the Rule 23(g) factors ........................................................ 3

              1.    Vorys has done substantial work to investigate and challenge Valve's conduct ....................................................................... 3

              2.    Vorys has significant experience with complex class actions and a deep knowledge of antitrust law ................................... 5

              3.    Vorys will bring extensive human and financial resources to litigate the consumers' claims ................................................. 8

        ii.   Vorys filed the first lawsuit and will litigate the consumer plaintiffs' claims efficiently ...................................................... 8

        iii.  Vorys does not have a conflict ...................................................... 9

V.    CONCLUSION ................................................................................................... 12

COLVIN PLAINTIFFS' AMENDED MOTION
TO APPOINT LEADERSHIP
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A Cemal Ekin v. Amazon Servs., LLC*, No. C14-0244-JCC, 2014 U.S. Dist. LEXIS 199367 (W.D. Wash. May 23, 2014)..................................................................8

*Coronavirus Rep. v. Apple Inc.*, No. 21-cv-05567-EMC, 2021 U.S. Dist. LEXIS 249564 (N.D. Cal. Nov. 30, 2021)............................................................. 10

*Cummings v. Connell*, 316 F.3d 886 (9th Cir. 2003) ......................................... 11

*Dietz v. Bouldin*, 579 U.S. 40 (2016) .................................................................. 9

*Granata v. Pratt & Whitney*, No. 3:21-CV-01657 (SVN), 2022 U.S. Dist. LEXIS 43347 (D. Conn. Mar. 11, 2022)................................................................ 5

*Grubhub et al. v. Visa et al.*, Case No. 1:19-cv-07273 (N.D. Ill.) ...................... 6

*In re Amazon Return Pol'y Litig.*, No. 2:23-cv-1372, 2024 U.S. Dist. LEXIS 30916 (W.D. Wash. Feb. 22, 2024) .......................................................... 3, 4

*In re Clearview AI, Inc.*, No. 21 C 0135, 2021 U.S. Dist. LEXIS 44262 (N.D. Ill. Mar. 10, 2021) ........................................................................................ 4

*In re Data Breach Sec. Litig. Against Caesars Ent., Inc.*, No. 2:23-cv-01447-ART-BNW, 2024 U.S. Dist. LEXIS 104130 (D. Nev. June 12, 2024)............................. 8

*In re Interest Rate Swaps Antitrust Litig.*, Nos. 16-MD-2704 (PAE), 16-MC-2704 (PAE), 2016 U.S. Dist. LEXIS 101959 (S.D.N.Y. Aug. 3, 2016)....................... 3, 5

*In re NASDAQ Mkt.-Makers Antitrust Litig.*, 169 F.R.D. 493 (S.D.N.Y. 1996) ........................ 10

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934 (9th Cir. 2015) ...................................... 9

*MacAlister v. Guterma*, 263 F.2d 65 (2d Cir. 1958)........................................... 9

*Melville v. Hop Energy, LLC*, Nos. 21-cv-10406, 23-cv-7318, 2024 U.S. Dist. LEXIS 89469 (S.D.N.Y. May 17, 2024)........................................................ 11

*Michelle v. Arctic Zero, Inc.*, No. 12cv2063-GPC(NLS), 2013 U.S. Dist. LEXIS 30229 (S.D. Cal. Mar. 1, 2013)............................................................. 4

*Ohio v. Am. Express Co.*, 585 U.S. 529 (2018) ............................................... 10

*Pfaff v. Washington*, No. 07-5280RJB, 2007 U.S. Dist. LEXIS 90257 (W.D. Wash. Nov. 27, 2007) .................................................................................. 11

*Target et al. v. Visa et al.*, Case No. 1:13-cv-03477 (S.D.N.Y.) .................................................. 6

COLVIN PLAINTIFFS' AMENDED MOTION
TO APPOINT LEADERSHIP
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

*US Airways, Inc. v. Sabre Holdings Corp.*, 938 F.3d 43 (2d Cir. 2019) ...................................... 10

*White v. Med. Review Inst. of Am., LLC*, No. 2:22cv00082-DAK-DAO, 2022 U.S.
  Dist. LEXIS 132016 (D. Utah July 22, 2022) .............................................................. 8

**Rules**

Fed. R. Civ. P. 23 ........................................................................................................... 1, 2, 8

Fed. R. Civ. P. 23(g) ...................................................................................................... 3, 7, 8

Fed. R. Civ. P. 23(g)(1)(A) ............................................................................................... 3

Fed. R. Civ. P. 23(g)(1)(A)(i) ........................................................................................... 3

Fed. R. Civ. P. 23(g)(1)(A)(ii) .......................................................................................... 5, 6

Fed. R. Civ. P. 23(g)(1)(A)(iii) ......................................................................................... 5, 6

Fed. R. Civ. P. 23(g)(1)(A)(iv) ......................................................................................... 8

Fed. R. Civ. P. 23(g)(1)(B) ............................................................................................... 3

Fed. R. Civ. P. 23(g)(3) .................................................................................................... 2

COLVIN PLAINTIFFS' AMENDED MOTION
TO APPOINT LEADERSHIP
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

## I.     INTRODUCTION

The Colvin Plaintiffs[1] respectfully request that this Court appoint Vorys, Sater, Seymour and Pease LLP ("Vorys") as interim lead class counsel for the putative consumer class in *In re Valve Antitrust Litigation*.  Vorys, having vigorously pursued consumer antitrust claims against Valve Corporation ("Valve") since January 28, 2021, is the most qualified law firm under Federal Rule of Civil Procedure 23 to serve as interim lead class counsel in this case.  Further, appointing Vorys serves the best interests of the class and judicial economy.  Vorys developed the substantive allegations against Valve, filed the first complaint, and has spent thousands of hours litigating this matter to date.  Thus, Vorys has the knowledge and experience to litigate this case accurately and efficiently.  Over the last four years, Vorys has demonstrated commitment to its clients and this litigation, qualifying it for the role of interim lead class counsel.

## II.     STATEMENT OF FACTS

In January 2021, Vorys filed suit on behalf of five named plaintiffs and all others similarly situated pursuing antitrust claims against Valve.  *Sean Colvin et al. v. Valve Corp. et al.* (Case No. 2:21-cv-00801 C.D. Cal.) ECF 1.  In its original complaint on behalf of the consumer plaintiffs, Vorys alleged that Valve operates the dominant platform for video game sales and charges supracompetitive commissions on every sale. *Id.* ¶¶ 62, 67.  These commissions make games more expensive for consumers to buy, while suppressing sales volumes and revenues for game publishers. *Id.* ¶¶ 70, 85.  Thus, when game developers and publishers filed suit against Valve pursuing the same antitrust claims as the Colvin Plaintiffs, this Court consolidated those actions. ECF 29; ECF 90.  Later, this Court appointed four law firms to serve as interim co-lead class counsel for the developer plaintiffs and designated Vorys to serve as an executive committee member.  ECF 92.

On October 25, 2021, this Court stayed the Colvin Plaintiffs' claims pending arbitration

---

[1] The Colvin Plaintiffs include Sean Colvin, Susann Davis, Hope Marchionda, Everett Stephens, and the putative class.  Ryan Lally is not included in this definition, as he filed arbitration proceedings against Valve after this Court's October 2021 Order.  ECF 66.

COLVIN PLAINTIFFS' AMENDED MOTION
TO APPOINT LEADERSHIP - 1
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

after holding that they agreed to a mandatory arbitration clause in Valve's Steam Subscriber Agreement ("SSA").[2]  ECF 66.  On October 4, 2024, Vorys moved to lift the litigation stay due to recent changes in Valve's SSA—notably, the SSA no longer contains a mandatory arbitration clause or class action waiver.  ECF 370; ECF 362-1.  Presently, Vorys is not involved in the arbitrations so as to avoid any perceived and/or actual conflict.  Declaration of Kenneth J. Rubin ("Rubin Decl.") ¶ 25, filed concurrently herewith.

Over the past few months, three other lawsuits were filed on behalf of consumers against Valve alleging the same claims as the Colvin Plaintiffs.  *See Elliott v. Valve Corp.* ECF 1 (filed Aug. 9, 2024); *Hepler v. Valve Corp.* ECF 1 (filed Oct. 23, 2024); *Drake v. Valve Corp.* ECF 1 (filed Oct. 24, 2024).  Due to the similarities between the Colvin, Elliott, Hepler, and Drake cases, this Court consolidated these pending putative consumer class actions.[3]  ECF 394 at 2, 4 ("The plaintiffs in all cases include PC video game consumers, and they allege that Defendant Valve Corp. has used anticompetitive restraints on trade to monopolize the PC game distribution market thereby harming consumers.").

The Colvin Plaintiffs respectfully request that this Court appoint Vorys, Sater, Seymour and Pease LLP as interim lead class counsel in *In re Valve Antitrust Litigation*.

## III.    LAW AND ARGUMENT

Federal Rule of Civil Procedure 23 allows this Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3).  This role is particularly appropriate when multiple law firms have filed similar complaints and all seek appointment as class counsel.  *In re Amazon Return Pol'y Litig.*,

---

[2] At the time of the stay, the operative complaint was the Consolidated Amended Class Action Complaint (ECF 34), which included the Colvin Plaintiffs' antitrust claims against Valve.  The amended complaints filed during the stay did not dismiss the Colvin Plaintiffs' claims.  Indeed, this Court refers to the recently consolidated cases as "pending putative consumer class action cases" and notes that "[t]he plaintiffs in all cases include PC video game consumers."  ECF 394 at 1, 3.

[3] To the extent these law firms move for appointment as interim lead class counsel, those arguments will be addressed more specifically in a consolidated response brief.

COLVIN PLAINTIFFS' AMENDED MOTION                VORYS, SATER, SEYMOUR AND PEASE LLP
TO APPOINT LEADERSHIP - 2                         52 East Gay Street
Case No. 2:21-cv-00563-JNW                         Columbus, OH  43215
                                                   Tel: (614) 464-6400

No. 2:23-cv-1372, 2024 U.S. Dist. LEXIS 30916, at *5–6 (W.D. Wash. Feb. 22, 2024). When appointing interim lead class counsel, courts evaluate "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A); *In re Amazon Return Pol'y Litig.*, 2024 U.S. Dist. LEXIS 30916, at *5. Courts may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). All four factors support appointing Vorys as interim lead class counsel, as does the fact that Vorys filed this case three and a half years before any other law firm.

**A.    This Court should appoint Vorys as interim lead class counsel.**

      **1.    Vorys satisfies the Rule 23(g) factors.**

            **i.    Vorys has done substantial work to investigate and challenge Valve's conduct.**

The first factor—"the work counsel has done in identifying or investigating potential claims in the action"—strongly supports appointing Vorys as interim lead class counsel. Fed. R. Civ. P. 23(g)(1)(A)(i). This factor can be outcome determinative. *See, e.g.*, *In re Amazon Return Pol'y Litig.*, 2024 U.S. Dist. LEXIS 30916, at *7 ("Most things being equal, there are two distinguishing factors that give the QE Team the edge here: (1) they have spent substantially more time and resources advancing the interests of the class, and (2) they filed the []case first."). Courts view initiative favorably and recognize the work that goes into being the first firm to identify claims, conduct an independent investigation, and file a complaint—like Vorys did in this case. *See, e.g.*, *In re Interest Rate Swaps Antitrust Litig.*, Nos. 16-MD-2704 (PAE), 16-MC-2704 (PAE), 2016 U.S. Dist. LEXIS 101959, at *27–28 (S.D.N.Y. Aug. 3, 2016).

Vorys, together with the interim co-lead class counsel in the developer class, is responsible for originating and organizing the prosecution of this important antitrust case against Valve's dominant online gaming platform, Steam. Rubin Decl. ¶ 18. Vorys started developing consumer

COLVIN PLAINTIFFS' AMENDED MOTION
TO APPOINT LEADERSHIP - 3
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

antitrust claims in 2019 by conducting a factual investigation into Valve's business practices on the Steam platform.  *Id.* ¶ 21.   During this investigatory period, Vorys spoke with several economists and retained a well-credentialed economist specializing in these issues to vet the economic theories at play.  *Id.* ¶ 22.   Vorys filed a complaint on January 28, 2021, *years* before other law firms.  *Compare Colvin v. Valve Corp.* ECF 1 (filed Jan. 28, 2021), *with Elliott v. Valve Corp.* ECF 1 (filed Aug. 9, 2024), *and Hepler v. Valve Corp.* ECF 1 (filed Oct. 23, 2024), *and Drake v. Valve Corp.* ECF 1 (filed Oct. 24, 2024).  In its role as executive committee member in *In re Valve Antitrust Litigation*, Vorys attorneys participated in the discovery effort to identify evidence demonstrating Valve's unlawful conduct that harmed (and continues to harm) both consumers and developers, including spending over 1,000 hours reviewing and coding the more than 2.5 million documents produced by Valve, taking four depositions of Valve employees, and assisting with the depositions and reports of two experts.  Rubin Decl. ¶ 28.  To date, Vorys has spent approximately 6,000 hours litigating against Valve.  *Id.* ¶ 29.

The significant work Vorys did as the first law firm to develop and prosecute antitrust claims based on Valve's anticompetitive conduct demonstrates its commitment to the class members and this case.  *See In re Amazon Return Pol'y Litig.*, 2024 U.S. Dist. LEXIS 30916, at *7 (appointing counsel who "spent substantially more time and resources advancing the interests of the class" and filed the first case because it demonstrates their "preparation and commitment to prosecuting the case"); *In re Clearview AI, Inc.*, No. 21 C 0135, 2021 U.S. Dist. LEXIS 44262, at *2–3 (N.D. Ill. Mar. 10, 2021) (appointing counsel who "has taken the lead in aggressively moving this litigation forward" and filed the first of the multidistrict cases); *Michelle v. Arctic Zero, Inc.*, No. 12cv2063-GPC(NLS), 2013 U.S. Dist. LEXIS 30229, at *12–13 (S.D. Cal. Mar. 1, 2013) (appointing counsel who "conducted more research and investigation in developing the case").

By contrast, other law firms piggybacked on Vorys' years of investigation, discovery, and litigation work by filing lawsuits modeled off the pending action.  In recent months, Elliott Counsel, Hepler Counsel, and Drake Counsel filed suit on behalf of a putative class of consumers

COLVIN PLAINTIFFS' AMENDED MOTION
TO APPOINT LEADERSHIP - 4
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

alleging substantially the same claims as the Colvin Plaintiffs.  ECF 394 at 2; Rubin Decl. ¶ 33.

Indeed, the law firms behind these class actions repeated the substance—and in many instances

Elliott Counsel repeated the exact same words—from the Consolidated Amended Class Action

Complaint in *In re Valve Antitrust Litigation* authored by Vorys and co-counsel.  *Compare* ECF

34, *with Elliott v. Valve Corp.* ECF 1, *and Hepler v. Valve Corp.* ECF 1, *and Drake v. Valve Corp.*

ECF 1; *see also* Rubin Decl. ¶ 34 and Exhibit 6 (comparing language in complaints).  This behavior

does not serve the best interests of the class or justify appointing those law firms as interim lead

class counsel, particularly when Vorys, the firm that spent the time and resources laying the

groundwork to bring this class action, is also seeking appointment.  *See Granata v. Pratt &*

*Whitney*, No. 3:21-CV-01657 (SVN), 2022 U.S. Dist. LEXIS 43347, at *19–20 (D. Conn. Mar.

11, 2022) (appointing counsel who were first to identify claims and did not "piggyback[] on an

existing government investigation" as interim class counsel); *In re Interest Rate Swaps Antitrust*

*Litig.*, 2016 U.S. Dist. LEXIS 101959, at *27–28 (appointing counsel because they undertook an

"independent investigation," which involved interviewing witnesses and experts, and "catalyzed

the filing of the later actions").

      For these reasons, the first Rule 23(g) factor strongly favors appointing Vorys as interim

lead class counsel.

> ### ii.    Vorys has significant experience with complex class actions and a deep knowledge of antitrust law.

      The second and third factors—"counsel's experience in handling class actions, other

complex litigation, and the types of claims asserted in the action" and "counsel's knowledge of the

applicable law"—support appointing Vorys as interim lead class counsel.  Fed. R. Civ. P.

23(g)(1)(A)(ii)–(iii).  Vorys has vast experience with and knowledge of antitrust cases involving

two-sided technology platforms, antitrust class actions, and antitrust cases generally.

      Vorys has extensive knowledge of the law, facts, and economics in *this case* from the

thousands of hours it has spent investigating and litigating *these claims*.  Rubin Decl. ¶ 36.  Thus,

COLVIN PLAINTIFFS' AMENDED MOTION
TO APPOINT LEADERSHIP - 5
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

Vorys has "knowledge of the *applicable* law" and "experience handling . . . the *types of claims asserted in the action*." Fed. R. Civ. P. 23(g)(1)(A)(ii)–(iii) (emphasis added). Additionally, Vorys has litigated antitrust claims on behalf of plaintiffs in the two-sided platform context for over a decade. Rubin Decl. ¶ 36. The Vorys attorneys in this case—Mr. Rubin, Mr. Matthews, Mr. McGranor, and Ms. Mundy—are part of the Vorys team representing twenty-three major U.S. retailers in two antitrust cases against Visa and Mastercard. *Id.* ¶¶ 8(a), 9(a), 10(a), 11(a); *Target et al. v. Visa et al.*, Case No. 1:13-cv-03477 (S.D.N.Y.); *Grubhub et al. v. Visa et al.*, Case No. 1:19-cv-07273 (N.D. Ill.). Those lawsuits allege that Visa's and Mastercard's setting of "default" interchange, and their honor-all-cards, anti-steering, and other rules violate Section One of the Sherman Act by preventing competition among issuing banks for merchant acceptance and charging a monopoly price to merchants who accept Visa and Mastercard. Rubin Decl. ¶ 16(f). There, plaintiffs contend that, but for these anti-competitive rules, banks that issue credit and debit cards would compete with each other for merchant acceptance and that such competition would lower merchants' acceptance costs. *Id.* By litigating antitrust claims against two-sided platforms for over a decade and litigating this case for nearly four years, Vorys is distinctly qualified to serve as interim lead class counsel here.

Vorys is one of the largest law firms in the country, representing thousands of clients who range from start-up businesses to Fortune 500 corporations, from non-profit organizations to governmental entities and industry trade groups, and to parties embroiled in sprawling, multi-state class action litigation. *Id.* ¶ 3. Particularly relevant to this case, Vorys is a leader in litigation, including in both antitrust and class-action cases for plaintiffs and defendants. *Id.* ¶ 5. Vorys' experience handling plaintiff- and defense-side class action litigation gives it a well-rounded and unique perspective on this case. *Id.* ¶ 17. In connection with its litigation work, Vorys has obtained hundreds of millions of dollars in settlements and trial verdicts for thousands of plaintiffs over the years. *Id.* ¶ 5.

**Kenneth J. Rubin** is a partner in Vorys' Columbus, Ohio, office. *Id.* ¶ 8. He is a member

COLVIN PLAINTIFFS' AMENDED MOTION
TO APPOINT LEADERSHIP - 6
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

of the Litigation Group, is the Chair of the Antitrust Subgroup, and has tried numerous cases, including as first chair at trial in federal district court in a case regarding commercial litigation and competition issues. *Id.* Mr. Rubin was co-lead counsel for plaintiffs in a multi-plaintiff commercial fraud case against a national insurance company in which the jury returned a verdict in Vorys' clients' favor, and has represented litigants in several class-action cases, both on the plaintiff- and defense-side, achieving substantial class-action settlements on behalf of class members in two cases. *Id.*

**Douglas R. Matthews** is a partner in Vorys' Columbus, Ohio, office. *Id.* ¶ 10. He is a member of the Litigation Group, is the Chair of the Electronic Discovery Subgroup, and has significant experience in complex litigation matters, including antitrust cases and class action litigation on behalf of plaintiffs and defendants. *Id.* In addition to his trial work in the state and federal courts, Mr. Matthews has appeared before the U.S. Court of Appeals for the Sixth Circuit and participated in actions before the Ohio Supreme Court. *Id.*

**Timothy B. McGranor** is a partner in Vorys' Columbus, Ohio, office. *Id.* ¶ 9. He is a member of the Litigation Group, is the Chair of the Appellate Subgroup, and has significant experience in complex litigation matters. *Id.* In addition to his trial work in the state and federal courts, Mr. McGranor has appeared before the courts of appeals in Ohio, the U.S. Courts of Appeals for the Sixth and Ninth Circuits, and regularly participates in actions before the Ohio Supreme Court. *Id.*

**Kara M. Mundy** is a partner in Vorys' Columbus, Ohio, office. *Id.* ¶ 11. She is a member of the Litigation Group and the Antitrust Subgroup, and regularly represents litigants in antitrust and other complex disputes. *Id.*

For these reasons, the second and third Rule 23(g) factors strongly favor appointing Vorys as interim lead class counsel.

COLVIN PLAINTIFFS' AMENDED MOTION
TO APPOINT LEADERSHIP - 7
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-6400

### iii.    Vorys will bring extensive human and financial resources to litigate the consumers' claims.

The fourth factor—"the resources that counsel will commit to representing the class"—supports appointing Vorys as interim lead class counsel.  Fed. R. Civ. P. 23(g)(1)(A)(iv).  Vorys has approximately 375 attorneys who are located in ten offices in Ohio, Washington, D.C., Texas, Pennsylvania, California, London, and Berlin.  Rubin Decl. ¶ 3.  Vorys has a robust litigation technology department, which has already provided support across the firms and e-discovery vendors in *this* litigation.  *Id.* ¶ 37.  As discussed above, Vorys has already contributed, and will continue to contribute, substantial resources to prosecute this case against Valve.  *Id.* ¶ 35.  Thus, the fourth Rule 23(g) factor also favors appointing Vorys as interim lead class counsel.

### 2.    Vorys filed the first lawsuit and will litigate the consumer plaintiffs' claims efficiently.

Rule 23 permits courts to "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).

Several courts have used the order in which counsel file lawsuits as a "tiebreaker" when multiple lead counsel applicants satisfy the Rule 23(g) factors.  "[B]eing first to file bears out a proposed team's preparation and commitment to prosecuting the case."  *In re Data Breach Sec. Litig. Against Caesars Ent., Inc.*, No. 2:23-cv-01447-ART-BNW, 2024 U.S. Dist. LEXIS 104130, at *20–22 (D. Nev. June 12, 2024) (collecting cases); *White v. Med. Review Inst. of Am., LLC*, No. 2:22cv00082-DAK-DAO, 2022 U.S. Dist. LEXIS 132016, at *8–9 (D. Utah July 22, 2022) (same).

Vorys filed suit on behalf of the Colvin Plaintiffs more than three and a half years before other law firms initiated similar suits.  *Compare Colvin v. Valve Corp.* ECF 1 (filed Jan. 28, 2021), *with Elliott v. Valve Corp.* ECF 1 (filed Aug. 9, 2024), *and Hepler v. Valve Corp.* ECF 1 (filed Oct. 23, 2024), *and Drake v. Valve Corp.* ECF 1 (filed Oct. 24, 2024).  Courts have justified interim class counsel appointments based on much smaller time discrepancies than that.  *See, e.g.*, *A Cemal Ekin v. Amazon Servs., LLC*, No. C14-0244-JCC, 2014 U.S. Dist. LEXIS 199367, at *2–3, *15 (W.D. Wash. May 23, 2014) (appointing first law firm to file suit as interim lead class counsel

COLVIN PLAINTIFFS' AMENDED MOTION
TO APPOINT LEADERSHIP - 8
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

where first complaint was filed February 19, 2014, and second complaint was filed March 7, 2014).

Vorys has prosecuted this case for three and a half years longer than Elliott Counsel, Hepler

Counsel, and Drake Counsel, justifying Vorys' appointment as interim lead class counsel.

Additionally, this Court noted the importance of judicial economy, consistent results, and streamlining matters in its consolidation order and the value in "efficient and expedient resolution of cases" in its order addressing the Colvin Plaintiffs' motion to lift the stay. ECF 394 at 3; ECF 395 at 2 (quoting *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016)). Judicial economy and efficiency are likewise important factors to the interim lead class counsel analysis. *See MacAlister v. Guterma*, 263 F.2d 65, 68–69 (2d Cir. 1958) (benefits of appointing lead counsel include eliminating duplication and repetition).

Vorys can proceed expeditiously to class certification if appointed interim lead class counsel. Rubin Decl. ¶ 38. Vorys has been involved with depositions, experts, and written discovery in this case, including Valve's production of more than 2.5 million documents. *Id.* By contrast, the class actions that were recently consolidated with this case are far less developed, with Valve not even having responded to their respective complaints. *Id.* ¶ 39. Thus, appointing any other law firm as interim lead class counsel will create delay and discovery-related issues. Given its familiarity with this case, Vorys will need far less discovery and is poised to reach class certification and trial much faster than other law firms. *Id.* Appointing Vorys as interim lead class counsel avoids the duplicative litigation and lengthy delay that will surely occur if any other law firm were appointed. *Id.* ¶ 40.

### 3.    Vorys does not have a conflict.

In antitrust lawsuits against two-sided platforms, like this one, counsel and plaintiffs for both sides of the platform should be aligned. Vorys' role as an executive committee member for the developers does not conflict with its potential appointment as lead counsel for the consumers, let alone create a conflict so fundamental as to disqualify it from serving as interim lead class counsel. *Cf. In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 942 (9th Cir. 2015) ("Only

COLVIN PLAINTIFFS' AMENDED MOTION
TO APPOINT LEADERSHIP - 9
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

conflicts that are fundamental to the suit and that go to the heart of the litigation prevent a plaintiff from meeting the Rule 23(a)(4) adequacy requirement.").  To the contrary, Vorys' involvement in this action makes it uniquely qualified to prove anticompetitive effects on both sides of the Steam platform, as *Amex* requires.

The Supreme Court's precedent establishes that consumers and developers must prove *overall* anticompetitive effects on both sides of Valve's platform, creating a *unity* of interests.  *See Ohio v. Am. Express Co.*, 585 U.S. 529, 547 (2018) (concluding that plaintiffs must establish anticompetitive effects on the "two-sided market . . . *as a whole*" to show anticompetitive harm by a two-sided transaction platform) (emphasis added).  Here, consumers and developers have the same theory of the case:  Valve's anticompetitive conduct harms both sides of the two-sided Steam platform with every transaction.  Rubin Decl. ¶ 30.  Thus, Vorys' work as a developer executive committee member, which included conducting discovery and working with experts, directly benefits the consumers plaintiffs.  *Id.*

Nor is there a fundamental conflict about damages allocation.  Consumers and developers have a shared interest "in maximizing the aggregate amount of class-wide damages."  *See In re NASDAQ Mkt.-Makers Antitrust Litig.*, 169 F.R.D. 493, 513 (S.D.N.Y. 1996) (certifying class despite conflict allegation regarding "apportionment of the damages as between purchasers and sellers" because "[s]uch hypothetical conflicts regarding proof of damages are not sufficient to defeat class certification at this stage of the litigation").  To do so, class members must evaluate both sides of the two-sided platform to accurately assess competition.  *Coronavirus Rep. v. Apple Inc.*, No. 21-cv-05567-EMC, 2021 U.S. Dist. LEXIS 249564, *37 (N.D. Cal. Nov. 30, 2021) (quoting *US Airways, Inc. v. Sabre Holdings Corp.*, 938 F.3d 43, 57 (2d Cir. 2019)).

To establish damages, developers and consumers may present an economic model that analyzes how (1) in the but-for world (a world without Valve's PFMN), Valve would charge lower commissions and (2) developers would charge consumers less in response to the lower commission fees.  For consumers, this model proves their own harm, and for developers, this model shows

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

anticompetitive impact on the two-sided market as a whole, as required by *Amex*. Thus, developers and consumers need a cohesive damages model, not conflicting ones.

The expert for the putative developer class analyzed damages to both sides of the Steam platform, as the law requires. Economist Dr. Steven Schwartz examined the evidentiary record in this litigation and developed a damages model for Valve's platform based on an informed, rational, economic analysis. *See* ECF 343. Dr. Schwartz determined (1) the lower commission that Valve would charge developers in the but-for world and (2) how much of the but-for-world commission developers would pass on to consumers in the form of lower prices. *Id.* at 214–23. This model avoids inconsistent theories and duplicative damages between developers and consumers, thereby promoting consistent results in this litigation, which this Court highlighted as important in its consolidation order. Rubin Decl. ¶ 31; ECF 394 at 3. Indeed, this Court already concluded that Dr. Schwartz used reliable methods to reach his conclusions, including the calculations most applicable to consumers: the savings from reduced commission fees that developers will pass on to consumers. ECF 391 at 14–15. Vorys contributed to qualifying Dr. Schwartz as an expert, further highlighting Vorys' work, experience, knowledge, and resources in this case. Rubin Decl. ¶ 31.

Even assuming, arguendo, that consumers' and developers' interests may eventually conflict at the damages stage, that conflict is speculative and does not disqualify Vorys from serving as interim lead class counsel. *See, e.g.*, *Pfaff v. Washington*, No. 07-5280RJB, 2007 U.S. Dist. LEXIS 90257, at *15–16 (W.D. Wash. Nov. 27, 2007) (appointing interim class counsel despite allegations of a damages conflict because "[t]he potential conflicts raised by [competing] counsel are speculative and do not warrant separate counsel at this time"); *Melville v. Hop Energy, LLC*, Nos. 21-cv-10406, 23-cv-7318, 2024 U.S. Dist. LEXIS 89469, at *7–8 (S.D.N.Y. May 17, 2024) (appointing interim class counsel despite allegations of a damages conflict because "Defendant present[ed] little evidence of an actual conflict, beyond the fact that both cases involve recovery from the same Defendant"); *cf. Cummings v. Connell*, 316 F.3d 886, 896 (9th Cir. 2003)

COLVIN PLAINTIFFS' AMENDED MOTION
TO APPOINT LEADERSHIP - 11
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

("[T]his circuit does not favor denial of class certification on the basis of speculative conflicts."). Consumers' and developers' interests are aligned in establishing Valve's liability and damages, and any allegation to the contrary is merely a remote conflict that does not justify denying Vorys the interim lead class counsel position.

Vorys' conduct over the past four years demonstrates its loyalty to the Colvin Plaintiffs. As discussed above, Vorys has expended substantial resources prosecuting this case against Valve on behalf of consumers. Additionally, although there is no conflict between representing developers and consumers, Vorys was not appointed co-lead counsel in the developer litigation intentionally to preserve its ability to serve as lead counsel for the consumers if their claims resumed in court. Rubin Decl. ¶ 32.

Vorys does not have a conflict preventing it from serving as interim lead class counsel. Rather, all *In re Valve Antitrust Litigation* plaintiffs have an interest in getting to a fair, expeditious recovery, which supports appointing Vorys as interim lead class counsel, given its knowledge, experience, and commitment to this case.

## V. CONCLUSION

For the foregoing reasons, the Colvin Plaintiffs respectfully request that this Court appoint Vorys, Sater, Seymour and Pease LLP as interim lead class counsel in *In re Valve Antitrust Litigation*.

DATED: December 20, 2024.

Respectfully submitted,

ROMERO PARK PS

*/s/ H. Troy Romero*
H. Troy Romero, WSBA #19044
1019 W. James St., Ste. 102
Kent, Washington 98032
Tel: (425) 450-5000
tromero@romeropark.com

COLVIN PLAINTIFFS' AMENDED MOTION
TO APPOINT LEADERSHIP - 12
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-6400

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

VORYS, SATER, SEYMOUR AND PEASE LLP

*/s/ Kenneth J. Rubin*
Kenneth J. Rubin *(pro hac vice)*
Timothy B. McGranor *(pro hac vice)*
Douglas R. Matthews *(pro hac vice)*
Kara M. Mundy *(pro hac vice)*
52 East Gay Street
Columbus, OH  43215
Telephone:  (614) 464-6400
Fax:  (614) 464-6350
Email: kjrubin@vorys.com
        tbmcgranor@vorys.com
        drmatthews@vorys.com
        kmmundy@vorys.com

Thomas N. McCormick *(pro hac vice)*
4675 MacArthur Court
Suite 700
Newport Beach, CA  92660
Telephone/Fax:  (949) 526-7903
Email:  tnmccormick@vorys.com

*Attorneys for Sean Colvin, Susann Davis, Hope Marchionda, Everett Stephens, and the putative class.*

COLVIN PLAINTIFFS' AMENDED MOTION
TO APPOINT LEADERSHIP - 13
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

1

## **CERTIFICATE OF SERVICE**

2    I hereby certify that on this day I electronically filed the foregoing with the Clerk of the

3 Court using the CM/ECF system, which will send notification of such filing to all CM/ECF

4 recipients.

5 DATED: December 20, 2024.

6                 */s/ H. Troy Romero*

                  H. Troy Romero, WSBA #19044

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-6400

## **LCR 7 CERTIFICATION**

I certify that this memorandum contains 4,199 words, in compliance with the Local Civil Rules.

DATED: December 20, 2024.

*/s/ H. Troy Romero*
H. Troy Romero, WSBA #19044

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

HON. JAMAL N. WHITEHEAD

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | No. 2:21-cv-00563-JNW |
| | **[PROPOSED] ORDER GRANTING COLVIN PLAINTIFFS' AMENDED MOTION TO APPOINT VORYS, SATER, SEYMOUR AND PEASE LLP AS INTERIM LEAD CLASS COUNSEL** |
| This Filing Relates to: | |
| ALL ACTIONS | NOTE ON MOTION CALENDAR: January 17, 2025 |

Now before the Court is Colvin Plaintiffs' Amended Motion to Appoint Vorys, Sater, Seymour and Pease LLP as Interim Lead Class Counsel submitted by counsel for Sean Colvin, Susann Davis, Hope Marchionda, Everett Stephens, individually and on behalf of all others similarly situated.

The Court has carefully reviewed the motion and concludes that Vorys, Sater, Seymour and Pease LLP should be appointed as interim lead class counsel. The Court concludes that this counsel appointment will aid in achieving efficiency and economy in what is likely to be expensive and complicated litigation, and will enhance fairness to all parties concerned, as well as the proposed class.

[PROPOSED] ORDER GRANTING COLVIN
PLAINTIFFS' AMENDED MOTION TO
APPOINT LEADERSHIP - 1
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-6400

1      IT IS SO ORDERED.

2    Dated this _____ day of _____, 2025.

3

4                                          _____
                                           Hon. Jamal N. Whitehead
5                                          UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1  Presented by:

2  ROMERO PARK PS

3  */s/ H. Troy Romero*

4  H. Troy Romero, WSBA #19044
   1019 W. James St., Ste. 102

5  Kent, Washington 98032

6  Tel: (425) 450-5000
   tromero@romeropark.com

7

8  VORYS, SATER, SEYMOUR AND PEASE LLP

9  */s/ Kenneth J. Rubin*
   Kenneth J. Rubin *(pro hac vice)*

10 Timothy B. McGranor *(pro hac vice)*
   Douglas R. Matthews *(pro hac vice)*

11 Kara M. Mundy *(pro hac vice)*
   52 East Gay Street

12 Columbus, OH  43215
   Telephone:  (614) 464-6400

13 Fax:  (614) 464-6350

14 Email:    kjrubin@vorys.com

15          tbmcgranor@vorys.com
            drmatthews@vorys.com

16          kmmundy@vorys.com

17 Thomas N. McCormick *(pro hac vice)*
   4675 MacArthur Court

18 Suite 700
   Newport Beach, CA  92660

19 Telephone/Fax:  (949) 526-7903
   Email:  tnmccormick@vorys.com

20

21 *Attorneys for Sean Colvin, Susann Davis,*
   *Hope Marchionda, Everett Stephens,*

22 *and the putative class.*

23

24

25

26