THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION LITIGATION | Case No. 2:21-cv-00563-JNW |
| | **PLAINTIFFS BRANDON DRAKE'S AND ERIC SAAVEDRA'S MOTION TO APPOINT INTERIM CO-LEAD CONSUMER CLASS COUNSEL AND LIAISON COUNSEL** |
| This Filing Relates to: | **ORAL ARGUMENT REQUESTED** |
| ALL ACTIONS | **NOTE ON MOTION CALENDAR:** |
| | **January 17, 2025** |

MOT. FOR APPOINTMENT
OF CO-LEAD INTERIM
CLASS COUNSEL

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & MCCARTHY L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................. 1

II. BACKGROUND ............................................................................................... 1

III. LEGAL STANDARD ...................................................................................... 2

IV. ARGUMENT .................................................................................................. 3

    A.   *Drake* Counsel Are Best Able to Represent the Interests of the Consumer Class ......... 3

        1.  *Drake* Counsel Have Extensive Antitrust Class Action Litigation Experience and Deep Knowledge of the Applicable Law ................................................................. 3

        2.  *Drake* Counsel Represent a Diverse Group of Antitrust Litigators with a Strong Presence in this District ................................................................................. 5

        3.  *Drake* Counsel Have Extensively Investigated and Strategized to Prosecute the Consumers' Claims ........................................................................................ 6

        4.  *Drake* Counsel Will Devote Significant Resources ................................................. 6

        5.  *Drake* Counsel Have a History of Productive Litigation in Collaboration Among Themselves and with Publisher Co-Lead Counsel, as well as Against Valve's Counsel ........................................................................................................ 7

    B.  *Drake* Counsel Will Vigorously Represent *Only* the Consumer Class .......................... 8

        1.  *Drake* Counsel Do Not Represent Publishers ....................................................... 8

        2.  *Drake* Counsel Are Committed to Litigating Valve's Alleged Monopoly in this Forum Alone .................................................................................................. 10

V. CONCLUSION ................................................................................................ 12

MOT. FOR APPOINTMENT
OF CO-LEAD INTERIM
CLASS COUNSEL

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & MCCARTHY L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

1

2

## TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

3    *Beltran v. Avon Prod., Inc.*,
        867 F. Supp. 2d 1068 (C.D. Cal. 2012)........................................................ 11, 12

4

5    *City of Providence v. AbbVie Inc*,
        2020 WL 6049139 (S.D.N.Y. Oct. 13, 2020)...................................................5

6    *Cochoit v. Schiff Nutrition Int'l, Inc.*,
        326 F.R.D. 631 (C.D. Cal. 2018) ......................................................................12

7

8    *In re Data Breach Security Litig. Against Caesars Entertainment, Inc.*,
        2024 WL 2959279 (D. Nev. June 12, 2024).....................................................5

9

10   *Drake v. Valve Corp.*,
        No. 2:24-cv-01743-JNW ...........................................................................*passim*

11   *Elliott v. Valve Corp.*,
        No. 2:24-cv-01218-JNW ...........................................................................*passim*

12

13   *In re Facebook, Inc. Consumer Priv. User Profile Litig.*,
        MDL No. 2843 (N.D. Cal.).................................................................................5

14

15   *Fund of Funds, Ltd. v. Arthur Andersen & Co.*,
        567 F.2d 225 (2d Cir. 1977) ...........................................................................12

16   *Hepler v. Valve Corp.*,
        No. 2:24-cv-01735-JNW ...................................................................................2

17

18   *In re Insulin Pricing Litig.*,
        MDL No. 3080 (D.N.J.) .....................................................................................5

19

20   *Jabbari, et al. v. Wells Fargo & Co, et al.*,
        No. 15-02159-VC (N.D. Cal.) ...........................................................................5

21   *In re Literary Works in Elec. Databases Copyright Litig.*,
        654 F.3d 242 (2d Cir. 2011) ..............................................................................9

22

23   *Lou v. Ma Lab'ys, Inc*,
        2014 WL 68605 (N.D. Cal. Jan. 8, 2014)..........................................................9

24

25   *In re Mego Fin. Corp. Sec. Litig.*,
        213 F.3d 454 (9th Cir. 2000) .............................................................................8

26   *In re Meta Pixel Healthcare Litig.*,
        2022 WL 18399978 (N.D. Cal. Dec. 21, 2022)..........................................3, 5

27

ii

28

MOT. FOR APPOINTMENT
OF CO-LEAD INTERIM
CLASS COUNSEL

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & MCCARTHY L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

*Murray v. Grocery Delivery E-Servs. USA, Inc.*,
  55 F.4th 340 (1st Cir. 2022)...................................................................................8

*Napoleon v. Amazon.com, Inc.*,
  2024 WL 3652873 (W.D. Wash. Aug. 5, 2024) ....................................................6

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
  827 F.3d 223 (2d Cir. 2016) ..................................................................................8

*Pecznick v. Amazon.com, Inc.*,
  2022 WL 4483123 (W.D. Wash. Sept. 27, 2022)...............................................2, 3

*Schumacher v. Inslee*,
  526 F. Supp. 3d 878 (W.D. Wash. 2021) .............................................................11

*In re Stubhub Refund Litig.*,
  2020 WL 8669823 (N.D. Cal. Nov. 18, 2020) ......................................................5

*In re Valve Antitrust Litig.*,
  No. 2:21-cv-00563, 2024 WL 4893373 (W.D. Wash. Nov. 26, 2024)...................2

*Valve Corp. v. Abbruzzese*,
  2:24-cv-1717 (W.D. Wash.) .................................................................................11

*Wolfire Games v. Valve Corp.*,
  21-cv-563 (W.D. Wash. June 11, 2021)..................................................... 2, 8, 9, 10

**Other Authorities**

Fed. R. Civ. P. 23(b)(3).............................................................................................. 10, 11

Fed. R. Civ P. 23(g) ....................................................................................................*passim*

1 Newberg and Rubenstein on Class Actions § 3:75 (6th ed. 2022)....................................8

MOT. FOR APPOINTMENT
OF CO-LEAD INTERIM
CLASS COUNSEL

**Keller Rohrback L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**Cotchett, Pitre & McCarthy L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

Plaintiffs Brandon Drake and Eric Saavedra move for the appointment of Berger Montague PC ("Berger"), Cotchett, Pitre & McCarthy LLP ("CPM"), and Keller Rohrback LLP ("KR") (together, "*Drake* Counsel") as Interim Co-Lead Class Counsel and CPM as Interim Liaison Class Counsel for the proposed class of gaming consumers ("Consumer Class").

## I. INTRODUCTION

The Court should appoint *Drake* Counsel as Interim Co-Lead Class Counsel for the Consumer Class because they readily meet the qualifications of Rule 23(g) and maintain uncompromised loyalty to the consumer. *Drake* Counsel are a diverse team of highly experienced antitrust litigators with the resources and know-how to steer this case efficiently to trial. Appointing the *Drake* plaintiffs' proposed leadership team would ensure that the Consumer Class is represented by high-quality, uncompromised antitrust class action counsel that reflect the diverse class that they seek to represent.

Antitrust cases like this one benefit from counsel with the unique combination of skills, experience and know how possessed by *Drake* Counsel. The underlying technology— a PC gaming distribution platform—and the applicable antitrust law, are complex and require counsel with specialized experience. *Drake* counsel includes lawyers with exceptional antitrust class action experience, including against technology companies and, uniquely, with deep technological expertise.

Additionally, *Drake* Counsel can also prosecute consumers' claims unencumbered by collateral issues stemming from the concurrent representations of other potential movants. The divided loyalties of other leadership groups threaten to mire the Consumer Class in needless, time-consuming collateral litigation that would waste judicial resources, could create conflicts, and regardless, distract from the primary goal of vindicating consumers.

## II. BACKGROUND

In June 2021, a proposed class consisting of subclasses of personal computer ("PC") game consumers and game publishers filed a complaint against Valve Corporation ("Valve"),

1

MOT. FOR APPOINTMENT
OF CO-LEAD INTERIM
CLASS COUNSEL

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & MCCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

challenging Valve's monopolization of PC game distribution through its Steam PC gaming platform. *Wolfire Games v. Valve Corp.*, 21-cv-563 (W.D. Wash. June 11, 2021), Am. Compl., ECF No. 34. The consumer's claims were promptly stayed and compelled to arbitration based on the Steam Subscriber Agreement ("Original SSA"). ECF No. 66. The *Wolfire Games* plaintiffs have since litigated the certified Publisher Class's claims. *In re Valve Antitrust Litig.*, No. 2:21-cv-00563, 2024 WL 4893373 (W.D. Wash. Nov. 26, 2024) ("*Valve*").

On August 9, 2024, Bucher Law PLLC ("Bucher") and Hagens Berman Sobol Shapiro LLP ("HB") (together, "*Elliott* Counsel") filed a new consumer class action against Valve, despite the stay.[1] In September 2024, Valve eliminated the arbitration clause in the Steam Subscriber Agreement (the "Updated SSA"). Two additional consumer class action complaints were filed, including *Drake*.[2] Without a briefing schedule, Vorys, Sater, Seymour & Pease LLP ("*Colvin* Counsel") and *Elliott* Counsel filed motions seeking appointment as lead counsel for the Consumer Class.[3] This Court consolidated *Elliott*, *Colvin*, *Hepler*, and *Drake* and set a briefing schedule to provide a "fair opportunity" for additional leadership proposals. ECF Nos. 387, 394.

### III. LEGAL STANDARD

When appointing interim class counsel, a court "must consider: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class." *Pecznick v. Amazon.com, Inc.*, 2022 WL 4483123, at *4-5 (W.D. Wash. Sept. 27, 2022) (quoting FED. R. CIV P. 23(g)(1)(A)). A court also "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(1)(B). When "more than one adequate applicant seeks appointment, the court must

---

[1] *Elliott v. Valve Corp.*, No. 2:24-cv-01218-JNW.
[2] *See Drake v. Valve Corp.*, No. 2:24-cv-01743-JNW; *Hepler v. Valve Corp.*, No. 2:24-cv-01735-JNW.
[3] *See Valve*, ECF No. 373; *Elliott,* ECF No. 25.

MOT. FOR APPOINTMENT
OF CO-LEAD INTERIM
CLASS COUNSEL

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & McCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

appoint the applicant *best able to represent the interests of the class*." Fᴇᴅ. R. Cɪᴠ. P. 23(g)(2) (emphasis added). Counsel who show "care and attention" to the parties and the Court should be appointed, whereas those who engage in misrepresentations should not. *Pecznick*, 2022 WL 4483123, at *5. The diversity of proposed lead counsel is also an important consideration for this Court under Rule 23. *In re Meta Pixel Healthcare Litig.*, 2022 WL 18399978, at *4 (N.D. Cal. Dec. 21, 2022) ("Diversity is also a factor that I weigh carefully, as do my colleagues in this District and across the nation.") (collecting cases).

## IV. ARGUMENT

### A.    *Drake* Counsel Are Best Able to Represent the Interests of the Consumer Class

*Drake* Counsel have the optimal combination of experience and resources to represent the proposed Consumer Class. *Drake* Counsel are a diverse group with a strong presence in Seattle and decades of combined experience successfully litigating complex antitrust class actions in a collaborative and cooperative manner, including some of the largest antitrust cases in history.

1.    *Drake* Counsel Have Extensive Antitrust Class Action Litigation Experience and Deep Knowledge of the Applicable Law

*Drake* Counsel possess significant experience in leading complex class actions, including those that deal with technology and technology companies.[4]

**Berger:** Recognized by *Chambers & Partners* as "[h]ighly distinguished for the strength of its plaintiff-side work acting on monopoly matters and price-fixing, including an impressive track record in complex, high-profile class actions," Berger boasts one of the largest and most experienced plaintiff-side antitrust departments in the country. Dell'Angelo Decl. ¶ 6. It pioneered the antitrust class action and has successfully litigated them since 1970. *Id.* ¶¶ 6–7. Berger's historical success is unmatched and its recent successes as lead or co-lead counsel in antitrust class actions are numerous. *Id.* ¶ 11 (listing cases). Berger has obtained the largest private antitrust class

---

[4] *See* Decl. of Michael Dell'Angelo in Support of Plaintiffs' Mo. to Appoint Interim Co-Lead Consumer Class Couns. and Liaison Couns. ("Dell'Angelo Decl.") & Ex. A; Decl. of Karin B. Swope ("Swope Decl.") & Ex. A; Decl. of David Ko  ("Ko Decl.") & Ex. A.

| MOT. FOR APPOINTMENT OF CO-LEAD INTERIM CLASS COUNSEL | Kᴇʟʟᴇʀ Rᴏʜʀʙᴀᴄᴋ L.L.P.<br>1201 Third Avenue, Suite 3400<br>Seattle, WA 98101<br>TELEPHONE: (206) 623-1900<br>FACSIMILE: (206) 623-3384 | Cᴏᴛᴄʜᴇᴛᴛ, Pɪᴛʀᴇ & McCᴀʀᴛʜʏ L.L.P.<br>1809 7th Avenue, Suite 1610<br>Seattle, WA 98101<br>TELEPHONE: (206) 802-1272<br>FACSIMILE: (206) 299-4184 |

action settlement in history and over $9 billion in aggregate class recoveries from 2009 through 2023 — the most of any such firm during that time. *Id.* ¶ 12. Accordingly, *Chambers & Partners* has ranked Berger as "Band 1" for nationwide plaintiffs' antitrust practices for the past four years. *Id.* ¶ 15. Berger has also won numerous awards for its success in antitrust class litigations, including five American Antitrust Institute ("AAI") "Outstanding Antitrust Litigation Achievement in Private Law Practice" awards in the past two years alone. *Id.* ¶ 14.

*CPM:* CPM has a long track record of winning antitrust cases, having returned billions of dollars to consumers over the last 50-plus years of its antitrust practice. CPM has built a practice and reputation, nationwide in scope, for prosecuting socially just actions. CPM has substantial resources in-house to devote to cases of national magnitude. CPM has served in leadership roles on many complex class actions. *See* Swope Decl. Ex. A.

To this case, CPM brings a diverse team of antitrust litigators and trial attorneys, which is majority female and includes diverse ethnicities. CPM's team will be led by antitrust litigator Karin Swope, co-managing partner of CPM's Seattle office. The team includes Seattle co-managing partner and Thomas E. Loeser, a former federal cyber-prosecutor and antitrust litigator with extensive technology experience, and Vara Lyons and Ellen Wen, who are developing their antitrust class action practices. *Id.*

*KR:* KR is a nationally recognized Seattle based law firm, with 86 attorneys and more than 80 litigation staff in offices throughout the country. KR has successfully litigated antitrust cases on behalf of consumers and businesses who have been harmed by illegal anti-competitive conduct like the claims here. KR attorneys have served as lead counsel and other leadership and prominent roles in the largest and most complex MDLs in the country. In 2022, KR was honored by AAI with an award for Outstanding Antitrust Ligation Achievement in Private Law Practice. KR's diverse and successful practice has also led to prominent awards such as Law 360's 2023 Class Action Group of the Year and Environmental Group of the Year. *See* Ko Decl. at ¶ 4-15, Ex. A.

MOT. FOR APPOINTMENT
OF CO-LEAD INTERIM
CLASS COUNSEL

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & MCCARTHY L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

KR's team will be led by David Ko, a Seattle-based partner with over 15 years of experience who has held leadership positions and co-chaired committees in several large MDLs, including most recently being appointed to the Executive Committee in *In re Insulin Pricing Litig.*, MDL No. 3080 (D.N.J.). David is a member of KR's Diversity Committee and has co-chaired its Diversity Fellowship. He will be joined by Derek Loeser and Ryan McDevitt, both Seattle-based partners at KR. Mr. Loeser has held leadership positions including as Co-Lead Counsel in major cases such as *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, MDL No. 2843 (N.D. Cal.) and *Jabbari, et al. v. Wells Fargo & Co, et al.*, No. 15-02159-VC (N.D. Cal.). Mr. McDevitt has also held leadership positions in consumer and antitrust litigation nationwide, including committees in the *Delta Dental Antitrust* MDL. *See* Ko Decl. ¶¶ 16-22.

        2.     <u>*Drake* Counsel Represent a Diverse Group of Antitrust Litigators with a Strong Presence in this District</u>

*Drake* Counsel tapped a diverse slate of attorneys with a strong local presence to lead this case. "For well over a decade now, the courts have emphasized the importance of diversity in their selection of counsel." *City of Providence v. AbbVie Inc*, 2020 WL 6049139, at *6 (S.D.N.Y. Oct. 13, 2020) (collecting cases). Courts in the Ninth Circuit pay close attention to whether proposed lead counsel are diverse. *See In re Meta Pixel*; *see also In re Stubhub Refund Litig.*, 2020 WL 8669823, at *1 (N.D. Cal. Nov. 18, 2020) (appointing counsel who "demonstrated careful attention to creating a diverse team"); *In re Data Breach Security Litig. Against Caesars Entertainment, Inc.*, 2024 WL 2959279, at *5 (D. Nev. June 12, 2024) ("proposed team's diversity is a factor the Court can consider in appointing interim class counsel.").

        The *Drake* Counsel firms are committed to enhancing diversity in the legal profession and the antitrust bar. Dell'Angelo Decl. ¶ 24, Swope Decl. ¶ 2, Ko Decl. ¶ 8. They routinely staff cases with diverse attorneys and professionals at all levels, including through diversity committees and fellowships, and prioritize providing substantive and meaningful experience to attorneys, especially junior attorneys, in all stages of the case.

MOT. FOR APPOINTMENT
OF CO-LEAD INTERIM
CLASS COUNSEL

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & MCCARTHY L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

*Drake* Counsel will also draw on its strong base of local talent, as they employ many antitrust attorneys based in this District, including attorneys recognized as Seattle's top antitrust class action litigators. *See Napoleon v. Amazon.com, Inc.*, 2024 WL 3652873, at *2 (W.D. Wash. Aug. 5, 2024) (emphasizing the importance of local counsel in appointing lead counsel).

        3.      <u>*Drake* Counsel Have Extensively Investigated and Strategized to Prosecute the Consumers' Claims</u>

Starting nearly two years ago, *Drake* Counsel expended hundreds of hours extensively investigating Valve's alleged monopoly in PC game distribution and in-game transactions and developing potential consumer claims. *Drake* Counsel diligently monitored the Publisher Class's litigation, mindful of who to represent and the appropriate forum. Dell'Angelo Decl. ¶ 5. Recognizing the inherent conflict in representing publishers and consumers, they represent only consumers. From the outset, *Drake* Counsel have been focused on representing consumers and moved to do so at their first opportunity. *Drake* Counsel declined to initiate consumer arbitrations, recognizing class action as the best mechanism to vindicate consumers' interests. *See Napolean*, 2024 WL 3652873, at *2 (appointing counsel whose tactical decision was an indication of "willingness and ability to litigate this case efficiently"). Once Valve removed its arbitration clause in late September 2024, *Drake* Counsel filed their Complaint within weeks. Dell'Angelo Decl. ¶ 5.

        4.      <u>*Drake* Counsel Will Devote Significant Resources</u>

*Drake* Counsel collectively employ hundreds of attorneys and paraprofessionals, including dozens of the nation's top antitrust class action litigators. As with other antitrust class actions, this lawsuit will be resource-intensive. The *Drake* Counsel firms maintain well-established antitrust practices and possess all necessary resources—financially sound, experienced personnel, sophisticated discovery software, robust legal and factual research tools, and access to leading industry and economic experts—to aggressively litigate the Consumer Class's claims. Dell'Angelo Decl. ¶ 23; Swope Decl. ¶ 1-4; Ko Decl. ¶¶ 10-15. *Drake* Counsel commit to advance all legal fees and costs of the litigation without litigation funding. Moreover, *Drake* Counsel will maintain

MOT. FOR APPOINTMENT
OF CO-LEAD INTERIM
CLASS COUNSEL

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & McCARTHY L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

detailed, contemporaneous time records and comprehensive accounting of expenses through a proposed time and expense protocol. Ex. 2.

     5.     <u>*Drake* Counsel Have a History of Productive Litigation in Collaboration Among Themselves and with Publisher Co-Lead Counsel, as well as Against Valve's Counsel</u>

*Drake* Counsel have always sought to work collaboratively with firms in the plaintiff antitrust bar—including those that may seek appointments here—and to work professionally with opposing counsel. Dell'Angelo Decl. ¶ 25. For example, Berger is co-lead counsel with CPM in a shale oil price fixing case, and the firms recently worked together while serving as lead counsel for direct and indirect purchaser classes in a price-fixing matter. *Id.* ¶ 25. Berger has served as co-counsel with KR in antitrust, ERISA, securities, and consumer class actions. *Id.* CPM and KR have worked together as co-counsel on consumer class actions. *Id*.

*Drake* Counsel also have a track record of successful collaboration with the Publisher Class counsel firms. This is important, as the Publisher Class and the Consumer Class will need to coordinate. Berger and Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn") recently obtained $152 million in settlements as co-lead counsel in an antitrust class action. *Id*. ¶ 26. Berger and Lockridge Grindal Nauen PLLP ("Lockridge") are interim co-lead counsel in a monopolization case against Apple, were co-counsel in two antitrust wage-suppression actions that collectively yielded $539 million in settlements, and are co-counsel in an antitrust class action against the UFC. *Id.* ¶ 27. CPM and Lockridge work together regularly, including in cases where CPM and Lockridge represent distinct classes in the same case, as they would here. Attorneys at CPM have served as co-counsel with attorneys at Quinn. Swope Decl. ¶ 7, 11. KR has also significant experience working with and against many of the firms involved in this litigation. Ko Decl. ¶ 23.

*Drake* Counsel also have a track record of litigating constructively, yet zealously, against one of the law firms representing Valve, as Fox Rothschild is currently opposed to Berger and CPM in another case they co-lead. Dell'Angelo Decl. ¶ 28.

MOT. FOR APPOINTMENT
OF CO-LEAD INTERIM
CLASS COUNSEL

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & MCCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

**B.    *Drake* Counsel Will Vigorously Represent *Only* the Consumer Class**

*Drake* Counsel are the applicant best able to represent the interests of the Consumer class because they have no concurrent representations that will delay, distract, waste judicial resources, or multiply the costs of litigating the Consumer Class's claims.

1.    <u>*Drake* Counsel Do Not Represent Publishers</u>

Because the certified Publisher Class and proposed Consumer Class seek to recover portions of a single overcharge from Valve, they require separate representation. *Colvin* Counsel serve on the Publisher Class executive committee and spent "thousands" of hours developing fact and expert discovery on their behalf. *See Valve*, ECF No. 373 at 12. *Drake* Counsel will zealously litigate the Consumers Class claims with undivided allegiance.

*Drake* Counsel respectfully submit that *Colvin* Counsel are not the best applicants to represent the Consumer Class here because of their significant work on behalf of, and financial stake in the outcome of, the certified Publisher Class, which creates a conflict of interest. It is well established that a "conflict between class members regarding the most favorable measure of damages can create a potential conflict of interest between members of the class." *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000); 1 NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 3:75 (6th ed. 2022) (observing class counsel cannot represent two groups when "recovery of one set will cut directly into those of another"); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 827 F.3d 223, 233 (2d Cir. 2016) ("Divided loyalties are rarely divided down the middle."). When an overcharge represents a single pool of damages that must be allocated between the two groups, each of the groups have an interest in ensuring that they recover their fair share of the pie. *See Murray v. Grocery Delivery E-Servs. USA, Inc.*, 55 F.4th 340, 345 (1st Cir. 2022) ("In . . . zero-sum circumstances, a benefit to one group of class members (in the form of a larger portion of the common fund) comes at the detriment of the other class members (who receive a smaller portion as a result).").

MOT. FOR APPOINTMENT
OF CO-LEAD INTERIM
CLASS COUNSEL

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & MCCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

Here, all leadership groups allege Valve overcharged publishers via a supracompetitive commission, of which consumers bear some portion. *Elliott*, ECF No. 25 at 6; *Valve*, ECF No. 373 at 11–12. The more damages allocated to publishers, the less for consumers. Allocating Valve's overcharge requires separate representation so that each group can zealously advocate to maximize their respective recovery.[5]

*Colvin* Counsel cannot stand in the middle and impartially allocate Valve's alleged overcharge down the middle. As a member of the Publisher Class executive committee, *Colvin* Counsel has undoubtedly expended its "thousands" to maximize the overcharge allocated to the Publisher Class, and thus has a significant incentive to maximize their recovery—to the detriment of consumers. This is not conjecture; *Colvin* Counsel already staked out positions in the publisher litigation that would limit their ability to pursue recovery for the Consumer Class.[6]

*Colvin* Counsel is not the best applicant to represent the Consumer Class because of its concurrent representation of the Publisher Class and would create conflict issues that threaten to plague consumers and the Publisher Class though certification, trial, and settlement, including potential objections. *See Lou v. Ma Lab'ys, Inc*, 2014 WL 68605, at *2 (N.D. Cal. Jan. 8, 2014) (denying class certification for lack of adequacy of representation because "[a] class in this case deserves to be championed by its counsel unencumbered by their duties to other clients"); *see also In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242, 253 (2d Cir. 2011) (rejecting proposed class action settlement due to conflicts and asking "how can the value of any subgroup of claims be properly assessed without independent counsel pressing its most compelling

---

[5] *Colvin* Counsel's co-counsel acknowledged this conflict. *See Valve*, ECF No. 46 at 10 ("[C]ounsel cannot zealously and fairly represent both the [publishers] and [consumers] throughout this litigation to achieve the best possible outcome and damages award for each class independent of the outcome for the other class. Separate lead counsel are required.").

[6] The Publisher Class expert report *Colvin* Counsel helped prepare, *Valve*, ECF No. 374 ¶ 22, asserts publishers are entitled to at least 75% of Valve's alleged overcharge, *id.*, ECF No. 343 ¶ 402. *Colvin* Counsel will be hindered—and consumers harmed—by its inability to advocate that consumers may be entitled to more than 25%.

9

MOT. FOR APPOINTMENT
OF CO-LEAD INTERIM
CLASS COUNSEL

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & MCCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

case?"). *Drake* Counsel is bound to publisher-friendly positions and cannot zealously advocate for consumers.

2.  Drake Counsel Are Committed to Litigating Valve's Alleged Monopoly in this Forum Alone

*Drake* Counsel are not party to a retainer agreement to represent any consumer (or any other person or entity) in an arbitration against Valve. Therefore, *Drake* Counsel readily avoid needless distractions and protracted disputes about actual or potential conflicts and adequacy of representation—as required under Rule 23(g). In 2023, *Elliott* Counsel sought to represent Valve consumers in arbitrations pursuant to the Original SSA. *Elliott*, ECF No. 35 ¶ 5. Bucher has conducted a mass video advertising campaign claiming the Original SSA's mandatory arbitration provision was "good news" because "[o]n average, consumers in arbitration recover hundreds of times more than in a class action." *Id.* ¶ 4.[7] *Elliott* Counsel now claim to represent 50,000 consumers in arbitrations against Valve (*Id.*, ECF No. 27 ¶ 3)—while simultaneously defending some of the same consumers against Valve's action to enjoin those arbitrations—which may saddle consumers with significant, unnecessary risks that imperil their recovery.

The distraction that Bucher's representation of Valve consumers in arbitration is not hypothetical—it is the subject of numerous court filings. Valve and *Colvin* Counsel noted that *Elliott* Counsel took inconsistent positions between their pending mass arbitration and the consumer class action they now seek to simultaneously lead. *Elliott*, ECF No. 32 at 9-10; *Wolfire*, ECF No. 379 at 5. *Elliott* Counsel represented—in advertising to Steam consumers and *their own filings with this Court*—that participation as a class member is *inferior* to arbitration. *See Elliott*, ECF Nos. 27-1, 35 ¶ 4. Yet, as class counsel to the Consumer Class, *Elliott* Counsel must establish the exact opposite under Rule 23(b)(3)—"that a class action is superior to other available methods

---

[7] *See* Bucher Law PLLC, *Hi Its Will From Bucher Law,* YOUTUBE (July 12, 2023), https://www.youtube.com/watch?v=3w_PbejgGn8, at 0:32; *Elliott*, ECF No. 27-1 at 2 ("Just because your claim must be brought in arbitration doesn't mean you can't recover, and with the help of Bucher Law PLLC, you will often recover *more than you would in a class action* proceeding") (emphasis added).

MOT. FOR APPOINTMENT OF CO-LEAD INTERIM CLASS COUNSEL

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & McCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

for fairly and efficiently adjudicating the controversy."[8] *Elliott* Counsel also took inconsistent positions on the validity of Steam's Original SSA and Updated SSA—alleging in this Court that the Original SSA is invalid and unenforceable and arguing to arbitrators that the Original SSA remains valid, and the Updated SSA is unenforceable. *Compare id.*, ECF No. 1 ¶¶ 13, 14, 31*, with id.*, ECF Nos. 35 ¶¶ 12–13, 16; *id.*, ECF Nos. 35-1, 35-2, 35-5; *and Valve Corp. v. Abbruzzese*, 2:24-cv-1717 (W.D. Wash.) at ECF Nos. 25-1, 43-1. Bucher now represents respondents that Valve named in its petition to enjoin arbitrations initiated under the Original SSA, *Abbruzzese*, ECF No. 38 ¶ 4, and will presumably argue there that the Original SSA is valid.

Bucher's dealings with its individual arbitration clients indicates that it is not adequate under Rule 23(g)(1) and (4) to serve as consumer class lead counsel and, even if it is, is not "the applicant *best* able to represent the interests of the class" where, as here, "there is more than one adequate applicant seeking appointment." FED. R. CIV. P. 23(g)(1), (2) (emphasis added). For example, Valve contends Bucher entered into retainer agreements with minors without obtaining parental consent, failed to communicate with arbitration clients about the status of their case, and advised clients they would need to remit additional costs to withdraw their representations. *See generally Abbruzzese*, ECF No. 13 ¶¶ 3, 9, 11, 13, 15, 29; *see also id.*, ECF No. 40. These incidents weigh against the *Elliott* Counsel's adequacy. *See Beltran v. Avon Prod., Inc.*, 867 F. Supp. 2d 1068, 1084 (C.D. Cal. 2012) (disqualifying firm over conflicts imputed from co-counsel because the firm "may seek to become class counsel and their integrity and professionalism will once again be placed at issue"); *Schumacher v. Inslee*, 526 F. Supp. 3d 878, 884 (W.D. Wash. 2021) ("When class counsel have demonstrated a lack of integrity, a court can have no confidence that they will act as conscientious fiduciaries of the class.") (citation omitted).

---

[8] *See Elliott*, ECF No. 1 ¶ 176 ("The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendant."); *id.* ¶ 177 ("This class action is superior to any other method for the fair and efficient adjudication of this legal dispute . . . . [I]t is highly impracticable for such Class members to individually attempt to redress the wrongful anticompetitive conduct alleged herein.").

MOT. FOR APPOINTMENT
OF CO-LEAD INTERIM
CLASS COUNSEL

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & McCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

Even if *Elliott* Counsel's inconsistent positions and Bucher's conduct did not render *Elliott* Counsel inadequate, appointing *Elliott* Counsel will invite unnecessary and protracted litigation over these issues that waste judicial resources, distract from the merits, and are not in the best interests of the Consumer Class. *See Cochoit v. Schiff Nutrition Int'l, Inc.*, 326 F.R.D. 631, 636 (C.D. Cal. 2018) (refusing to appoint class counsel because of "conduct and involvement" in a prior litigation created a "distraction" that destroyed adequacy). Indeed, in opposing the *Elliott* Counsel's original leadership motion, Valve made clear it would attack *Elliott* Counsel's adequacy and superiority at class certification. *Elliott*, ECF No. 32 at 5-9.

Appointing *Drake* Counsel would obviate needless disputes, significantly increase efficiency, and ensure that the litigation is solely focused on the merits.[9]

**V. CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court appoint Berger, CPM and KR as Interim Co-Lead Class Counsel and CPM as Interim Liaison Class Counsel for the consumers[10].

DATED: December 20, 2024

Respectfully submitted,

By: */s/ David J. Ko*
David Ko, WSBA No. 38299
Derek W. Loeser, WSBA No. 24274
Ryan McDevitt, WSBA No. 43305

---

[9] Any conflict that precludes Bucher's representation of the Consumer Class is imputed to HB, as the two firms appear to have a "substantial relationship" and likely shared client confidences. *Fund of Funds, Ltd. v. Arthur Andersen & Co.*, 567 F.2d 225, 235-36 (2d Cir. 1977). The two firms filed a joint complaint naming the same four individuals who Bucher represented in arbitration. *Beltran*, 867 F. Supp. 2d at 1084 ("It is . . . reasonable to assume that the two law firms engaged in fairly extensive discussions about the case and Plaintiff's litigation strategy before filing their complaint."). They jointly take credit for invalidating the Original SSA and jointly moved for leadership. *See Elliott*, ECF Nos. 1, 25. Because these actions reflect a sufficiently close relationship such that confidential information was likely shared between them, any conflict in Bucher's representation of individuals in arbitration is imputed to HB.
[10] *See* Proposed Order, Ex. 1

12

MOT. FOR APPOINTMENT OF CO-LEAD INTERIM CLASS COUNSEL

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & MCCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

KELLER ROHRBACK LLP
1201 Third Avenue, Suite 3400
Seattle, WA 98101
Phone: (206) 623-1900
dko@kellerrohrback.com
dloeser@kellerrohrback.com
rmcdevitt@kellerrohrback.com

By: */s/ Karin B. Swope*
Karin B. Swope, WSBA No. 24015
Thomas E. Loeser, WSBA No. 38701
Vara Lyons (admitted in NY, WSBA pending)
Ellen J. Wen, WSBA No. 61324
COTCHETT, PITRE & MCCARTHY, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Phone: (206) 802-1272
Fax: (650) 697-0577
kswope@cpmlegal.com
tloeser@cpmlegal.com
vlyons@cpmlegal.com
ewen@cpmlegal.com

By: */s/ Michael Dell'Angelo*
Michael Dell'Angelo (*pro hac vice*)
Candice J. Enders (*pro hac vice*)
Zachary Caplan (*pro hac vice*)
Julia McGrath (*pro hac vice*)
Jeremy Gradwohl (*pro hac vice*)
Sarah Zimmerman (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street
Philadelphia, PA 19103
Phone: (215) 875-3000
mdellangelo@bm.net
cenders@bm.net
zcaplan@bm.net
jmcgrath@bm.net
jgradwohl@bm.net
szimmerman@bm.net

MOT. FOR APPOINTMENT
OF CO-LEAD INTERIM
CLASS COUNSEL

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & MCCARTHY L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF recipients.

DATED: December 20, 2024.

*/s/ David Ko*
David Ko

MOT. FOR APPOINTMENT
OF CO-LEAD INTERIM
CLASS COUNSEL

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & MCCARTHY L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>LCR 7 CERTIFICATION</u>**

I certify that this memorandum contains 4,197 words, in compliance with the Local Civil Rules.

DATED: December 20, 2024.

*/s/ David Ko*
David Ko

15

MOT. FOR APPOINTMENT
OF CO-LEAD INTERIM
CLASS COUNSEL

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & MCCARTHY L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184