THE HONORABLE JAMAL N WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | Case No. 2:21-cv-00563-JNW<br><br>**ELLIOTT PLAINTIFFS' AMENDED MOTION TO APPOINT HAGENS BERMAN SOBOL SHAPIRO LLP AND BUCHER LAW PLLC AS INTERIM CO-LEAD CLASS COUNSEL** |
| This Filing Relates to:<br><br>[ALL ACTIONS] | **NOTE FOR MOTION CALENDAR**:<br>January 17, 2025 |

MOTION TO APPOINT LEADERSHIP
Case No. 2:21-cv-00563-JNW
011258-11/2924197 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..............................................................................................................1

II. BACKGROUND ................................................................................................................3

    A. *Elliott* Plaintiffs' arbitrations against Valve make a class action by consumers possible. ...........................................................................................3

    B. Summary of the *Elliott* plaintiffs' claims.............................................................3

    C. Other consolidated cases against Valve................................................................4

III. LEGAL STANDARD.........................................................................................................4

IV. ARGUMENT ......................................................................................................................5

    A. *Elliott* Counsel have undivided loyalties to the consumer class and commit to protect its interests. ..............................................................................5

    B. *Elliott* Counsel have extensive experience in litigating complex antitrust class actions including the types of claims asserted in this action (Fed. R. Civ. P. 23(g)(1)(A)(ii)).................................................................7

        1. Hagens Berman.........................................................................................7

            a. Steve Berman ...............................................................................8

            b. Ben Harrington.............................................................................9

            c. Elaine Byszewski .......................................................................10

            d. Xiaoyi (Kelly) Fan .....................................................................11

        2. Bucher Law..............................................................................................11

    C. *Elliott* Counsel have deep knowledge of the applicable law and led the charge developing the law relevant to this case (Fed. R. Civ. P. 23(g)(1)(A)(iii)). ................................................................................................11

    D. *Elliott* Counsel have the human and financial resources to litigate these claims (Fed. R. Civ. P. 23(g)(1)(A)(vi))......................................................12

V. CONCLUSION.................................................................................................................13

MOTION TO APPOINT LEADERSHIP- i
Case No. 2:21-cv-00563-JNW
011258-11/2924197 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Baker v. Saint-Gobain Performance Plastics Corp.*,
  2016 WL 4028974 (N.D.N.Y. July 27, 2016) ..........................................................................7

*In re Hyundai & Kia Fuel Economy Litig.*,
  926 F.3d 539 (9th Cir. 2019) ................................................................................................10

*McFadden v. Microsoft Corp.*,
  2020 WL 5642822 (W.D. Wash. Sept. 22, 2020) ...............................................................4, 5

**OTHER AUTHORITIES**

7B Charles Alan Wright, et al., FEDERAL PRACTICE AND PROCEDURE § 1802.3
  (3d ed. 2005) ..........................................................................................................................5

Fed. R. Civ. P. 23 ............................................................................................. *passim*



To ensure the effective prosecution of this litigation, Plaintiffs John Elliott, Ricardo Camargo, Javier Rovira, and Bradley Smith (together, the "*Elliott* Plaintiffs") respectfully request the Court appoint the law firm of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and Bucher Law PLLC ("Bucher Law") (together "*Elliott* Counsel") as Interim Co-lead Class Counsel for the proposed Consumer Class.

## I.   INTRODUCTION

In these consolidated proceedings, *Elliott* Counsel are most qualified to represent the proposed Consumer Class and have performed the most impactful work on its behalf. As the Court acknowledged in requesting leadership applications, the consumer case is in the "relatively early stages of litigation" because all consumer claims were stayed in 2021 pending arbitration. *See* ECF No. 394. The reason the consumer case is now proceeding in federal court is because *Elliott* Counsel (and only *Elliott* Counsel) have aggressively pursued arbitrations and mounted successful challenges to Valve's arbitration provision.

This was a remarkable achievement. Class plaintiffs often cease litigating when arbitration is compelled in consumer cases. The pursuit of individual claims in arbitral proceedings is demanding, particularly in antitrust matters such as this, and without the class-action device, recoveries are inherently limited. But *Elliott* Counsel (specifically Bucher Law) did not relent when arbitration was compelled here. Bucher Law filed arbitration demands for thousands of Valve consumers, including the *Elliott* Plaintiffs, and aggressively challenged the enforceability of Valve's arbitration provision in a series of individual arbitrations. Each of the four *Elliott* Plaintiffs won a binding decision from an arbitrator rendering Valve's arbitration provision unenforceable, either due to lack of notice or because it impermissibly seeks to bar public injunctive relief, or both.

Upon receiving these orders, *Elliott* Counsel promptly filed in this Court a proposed class action on behalf of the *Elliott* Plaintiffs and similarly situated Valve customers. *See Elliott* Compl., ECF 1. Due to *Elliott* Counsel's successful challenge to its arbitration clause, Valve proceeded to withdraw the clause from its consumer-facing agreements entirely—a rare occurrence. In notifying

MOTION TO APPOINT LEADERSHIP- 1
Case No. 2:21-cv-00563-JNW
011258-11/2924197 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

the Court of this development, Valve acknowledged that Bucher Law was the catalyst for its actions:

> [A]n arbitrator ruled that the arbitration agreement in the prior SSA was unenforceable and dismissed arbitrations brought against Valve by John Elliott and three other individuals represented by Bucher Law PLLC ("Bucher Law") . . . . In light of the arbitrator's rulings that the arbitration agreement in the prior SSA is unenforceable, on September 26, 2024, Valve updated the SSA to remove the arbitration agreement and class action waiver."

ECF No. 362 at 2-3.

By successfully challenging Valve's arbitration provision, the *Elliott* Plaintiffs and their counsel have demonstrated their ability to vigorously prosecute this action on behalf of the proposed Consumer Class. Indeed, they have enabled class-wide litigation of these claims. No lawyer would be seeking leadership in this case were it not for *Elliott* Counsel's efforts making class litigation possible. Appointing *Elliott* Counsel as interim co-lead counsel fairly recognizes *Elliott* Counsel's extensive work in filing individual arbitration demands and enabling the Consumer Class action against Valve.

In addition, *Elliott* Counsel are uniquely qualified and best situated to represent the Consumer Class. To begin with, unlike certain counsel anticipated to seek to represent the Consumer Class, *Elliott* Counsel have never represented game developers in these consolidated proceedings. *Elliott* Counsel are thus not undermined by the conflict of interest inherent in that dual representation. *Elliott* Counsel also pioneered the antitrust theory on which all claims in these cases are proceeding—namely, that platform most-favored nations clauses (or PMFNs) can violate the Sherman Act. *See Frame-Wilson v. Amazon.com, Inc.*, No. 2:20-cv-00424 (W.D. Wash.). In terms of resources, *Elliott* Counsel have a deep bench of competition and class action lawyers with an unparalleled track record of prosecuting groundbreaking antitrust litigation in the technology space, including comparable monopolization and tying claims against Apple and Google. *See Cameron v. Apple Inc.*, No. 4:19-03074-YGR (N.D. Cal.) ($100 million settlement); *In re Google Play Store Antitrust Litig.*, No. 3:21-md-02981-JD (N.D. Cal.) ($90 million settlement). *Elliott* Counsel will bring that experience to bear in this matter to achieve maximum recovery for the Consumer Class.

MOTION TO APPOINT LEADERSHIP- 2
Case No. 2:21-cv-00563-JNW
011258-11/2924197 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

## II. BACKGROUND

### A. *Elliott* Plaintiffs' arbitrations against Valve make a class action by consumers possible.

Bucher Law has been representing individual clients in Valve arbitrations since early 2023. *See* Bucher Decl. ¶ 2. Representing more than 50,000 individual claimants, including each named Plaintiff in this matter, Bucher Law attorneys and staff have devoted thousands of hours developing and prosecuting Valve arbitrations, while devoting substantial firm resources to these matters (including more than $650,000 in costs). *See id.* ¶¶ 5-9. As noted above, these efforts have generated groundbreaking results, including four binding decisions deeming Valve's arbitration provision unenforceable. As a result, Valve consumers are authorized to proceed in federal court and seek collective relief through the class action vehicle.

### B. Summary of the *Elliott* plaintiffs' claims.

*Elliott* Counsel have been litigating on behalf of *Elliott* Plaintiffs and other Valve consumers since July 12, 2023. That is when *Elliott* Counsel commenced arbitrations as required by this Court's order. After successfully challenging Valve's ability to enforce the arbitration clause against consumers, *Elliott* Counsel filed its class action complaint against Valve on behalf of game consumers on August 9, 2024, alleging that Valve has used anticompetitive restraints to unlawfully monopolize the market for PC game distribution. *See Elliott*, ECF 1. Specifically, the *Elliott* Plaintiffs allege that consumers who purchased games or in-game products on the Steam Store, which is operated by Valve, paid supracompetitive prices and were harmed by Valve's platform most-favored-nations clause (the "PMFN"). Valve's PMFN prevents any developer that sells a game on Steam from either (a) selling that game on a rival platform for a lower price (price parity), or (b) providing additional game content or enhancements on a rival platform (content parity). The *Elliott* Plaintiffs further allege that Valve has implemented an unlawful product "tie" by mandating use of its payment processing system for in-game purchases, as well as monopolization claims related to that separate payment processing market. *See, e.g., id.* at ¶¶ 61-68; ¶¶ 104-107.

MOTION TO APPOINT LEADERSHIP- 3
Case No. 2:21-cv-00563-JNW
011258-11/2924197 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

**C.     Other consolidated cases against Valve.**

In addition to the *Elliott* action, there are three other related (and now consolidated) cases pending before this Court: (1) *In re Valve Antitrust Litigation* ("*Wolfire Action*")[1]; (2) *Hepler v. Valve Corp.*, Case No. 2:24-cv-01735-JNW (October 23, 2024) ("*Hepler*");[2] and (3) *Drake v. Valve Corp.*, Case No. 2:24-cv-01743-JNW (October 24, 2024) ("*Drake*").

The *Wolfire Action* does not, at this juncture, have any operative claims on behalf of the Consumer Class. Counsel in that action previously sought to represent both developers and consumers, but after the serious conflict of this dual representation was raised (ECF No. 46), counsel in the *Wolfire Action* dropped consumers from their operative pleadings. Counsel in the *Wolfire Action* have since amended their complaint on two separate occasions without reasserting any claims on behalf of consumers. *See* ECF 99 at ¶¶ 27-30; ECF 127 at ¶¶ 27-30. Counsel to the consumer *Colvin* Plaintiffs, who also represent the *Wolfire* developers, have moved to lift the arbitration stay in the *Wolfire* Action, and that motion is currently pending. *See* ECF No. 395.

In October 2024, approximately fifteen months after the *Elliott* Plaintiffs initiated their claims through arbitrations, the *Hepler* and *Drake* actions were filed in this Court asserting comparable claims. By Order dated December 6, 2024, this Court consolidated all four cases for all purposes under the caption *In re Valve Antitrust Litigation*. ECF 394.

### III.     LEGAL STANDARD

Rule 23(g)(3) allows the Court to designate interim class counsel "to act on behalf of a putative class before determining whether to certify a matter as a class action." *McFadden v. Microsoft Corp.*, 2020 WL 5642822, at *1 (W.D. Wash. Sept. 22, 2020). "Factors relevant to the appointment of counsel include: '(i) the work counsel has done in identifying or investigating

---

[1] To avoid confusion, this submission refers to the matter proceeding on behalf of developers Wolfire Games, LLC, Dark Catt Studios Holdings, Inc., and Dark Catt Studio Interactive LLC as the *Wolfire Action*, and the consolidated case now proceeding under the same docket number as *In re Valve Antitrust Litigation*.

[2] *Elliott* Counsel understand that Cohen Milstein Sellers & Toll PLLC, counsel to the *Hepler* Plaintiffs, support *Elliott* Counsel's bid to be appointed Interim Class Counsel, and have requested to be appointed co-lead "alongside Hagens Berman and Bucher Law." ECF 407 at 1. *Elliott* Counsel are evaluating this proposal and will provide their position in an omnibus reply to be submitted in accordance with the Court's briefing schedule.

MOTION TO APPOINT LEADERSHIP- 4
Case No. 2:21-cv-00563-JNW
011258-11/2924197 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.'" *Id.* (quoting Fed. R. Civ. P. 23(g)(1)(A)). In addition to the four "must" factors in Rule 23(g)(1)(A), the Court also "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). No single factor is determinative; instead, a court should appoint counsel after evaluating all relevant considerations and comparing the applicants' relative strengths. *See* Fed. R. Civ. P. 23(g)(1)(A)-(B); 7B Charles Alan Wright, et al., FEDERAL PRACTICE AND PROCEDURE § 1802.3 (3d ed. 2005).

## IV.   ARGUMENT

### A. *Elliott* Counsel have undivided loyalties to the consumer class and commit to protect its interests.

*Elliott* Counsel are not representing game developers in this case and have no interests that are adverse to, conflict with, or are antagonistic to the interests of the Consumer Class. With no conflicts to hold them back, *Elliott* Counsel will make every effort to prosecute this case successfully and maximize recover for consumers.

*Elliott* Counsel have already taken significant steps to identify and investigate Plaintiffs' claims and to advance this litigation. Counsel worked together and filed the instant action on August 9, 2024. The 60-page complaint reflects the firms' extensive pre-filing factual investigation into the PC game market and a careful legal analysis of the anticompetitive effects caused by Valve' PMFN and other monopolization conduct.

Leveraging experience from comparable antitrust litigation against big-tech giants Apple, Google, and Amazon, *Elliott* Counsel developed a critical set of claims that had been overlooked in these consolidated proceedings. Specifically, in addition to asserting monopolization claims related to Valve's dominance of the PC Game Distribution market, *Elliott* Counsel identified a separate antitrust market that Valve monopolizes—that of PC In-Game Payment Processing. *See Elliott*, ECF 1 at ¶¶ 61-68; ¶¶ 104-107. The *Elliott* action accordingly asserts separate Section II

MOTION TO APPOINT LEADERSHIP- 5
Case No. 2:21-cv-00563-JNW
011258-11/2924197 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

monopolization, and Section I tying, claims related to this distinct market. *See id.* ¶¶ 203-223; *id.* ¶¶ 233-245. The *Drake* and *Hepler* actions, filed later, adopt these same legal theories.

With undivided loyalties to consumers, *Elliott* Counsel's complaint also demonstrates how Valve has worked *with* developers to consumers' unique detriment, including by providing pricing incentives not to compete (*id.* ¶¶ 146-148), Steam Keys (*id.* ¶¶ 150-160), and price-coordination (*id.* ¶¶ 161-166). Unsurprisingly, counsel in the *Wolfire Action*, representing developers, have not asserted these allegations. *Elliott* Counsel allege that Valve and its developers have entered into agreements restraining trade in violation of Section I of the Sherman Act. *See id.* ¶¶ 224-245.

The efforts of *Elliott* Counsel—specifically Bucher Law—in consumer arbitrations against Valve illustrates vividly *Elliott* Counsel's ability to achieve results for the Consumer Class. For many years, Valve insulated itself from Consumer Class actions by imposing (through contracts of adhesion) arbitration provisions that prohibited classwide adjudication. This changed only recently, after Bucher Law filed thousands of individual arbitration demands, and successfully challenged Valve's ability to enforce the arbitration provision. As addressed above, *Elliott* Plaintiffs represented by Bucher Law prevailed in these arbitration proceedings, obtaining rulings that the arbitration clauses were not enforceable, and prompting Valve to remove the arbitration provision from its consumer-facing agreements entirely. Bucher Law's vigorous arbitration efforts were thus the driver for all further litigation in this Court on behalf of the Consumer Class. *See id.* ¶¶ 11-14.

Through arbitration proceedings, Bucher Law has also conducted substantial pre-trial discovery, including review and analysis of a massive document set (more than 2 million documents) that Valve was compelled to produce, over objection, in the arbitrations. Bucher Law has also worked extensively with an economic expert to evaluate the restraints at issue in these consolidated proceedings. Bucher law has examined 19 witnesses (including Valve witnesses) in arbitration, put on evidence, and has fully tried 23 arbitrations on the merits. *See id.* ¶ 16. These efforts will allow *Elliott* Counsel to hit the ground running if they are appointed to represent the Consumer Class.

MOTION TO APPOINT LEADERSHIP- 6
Case No. 2:21-cv-00563-JNW
011258-11/2924197 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

While *Elliott* Counsel are committed to maximize recovery for the Consumer Class, *Elliott* Counsel are also mindful that zealous representation need not be hostile, and to this end, *Elliott* Counsel have an extensive track record of working collegially with both Co-Lead Counsel to game developers and Valve. Most recently, *Elliott* Counsel worked extensively with Valve's counsel to achieve a historic settlement that, if finally approved, will transform collegiate athletics and deliver $2.78 billion dollars in past damages and as much as $20 billion in future payments to NCAA athletes, making this the largest antitrust recovery in U.S. history. *See In re College Athlete NIL Litigation*, 4:20-cv-2919 (N.D. Cal.).

*Elliott* Counsel will operate with the highest levels of professionalism, including with defense counsel, to maximize litigation efficiencies and avoid unnecessary burdens on limited judicial resources. *See Baker v. Saint-Gobain Performance Plastics Corp.*, 2016 WL 4028974, at *4 (N.D.N.Y. July 27, 2016) (interim counsel's "ability 'to command the respect of their colleagues and work cooperatively with opposing counsel and the court'" are important considerations) (quoting MANUAL FOR COMPLEX LITIGATION § 10.224 (4th ed. 2004)).

**B.**   ***Elliott*** **Counsel have extensive experience in litigating complex antitrust class actions including the types of claims asserted in this action (Fed. R. Civ. P. 23(g)(1)(A)(ii)).**

Courts have found that proposed class counsel's experience and service as lead counsel in prior cases is particularly persuasive when selecting interim lead counsel. *Elliott* Counsel have a wealth of relevant experience supporting their appointment.

**1.   Hagens Berman**

Hagens Berman is an 80-lawyer firm headquartered in Seattle, with additional U.S. offices in Berkeley, Boston, Chicago, Los Angeles, New York, Phoenix, and San Diego. Since its founding in 1993, Hagens Berman has represented plaintiffs in a broad spectrum of complex antitrust cases. Hagens Berman was named as a 2022 Elite Trial Lawyer – Litigation Firm of the Year in the Antitrust Category by the National Law Journal, as well as Practice Group of the Year—Antitrust by Law 360 for 2023 and 2022, and honoree for Outstanding Antitrust Litigation Achievement in Private Law Practice by the American Antitrust Institute in 2021. *See* Berman

MOTION TO APPOINT LEADERSHIP- 7
Case No. 2:21-cv-00563-JNW
011258-11/2924197 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

Decl. Ex. 1 (firm resume). Hagens Berman has repeatedly taken antitrust matters to verdict and defended the results on appeal, including up to the Supreme Court.

Hagens Berman is committed to encouraging diversity in the practice of law. Berman Decl. ¶ 8. Diversity in class action proceedings rightly has received increased attention in recent years, with many judges seeking to make appointments "that are consistent with the diversity of our society and the justice system." *See id.* Ex. 2. Best practices ask judges to appoint a diverse group, considering gender, race and national origin, age, and sexual orientation, while also being "mindful of creating a team with diversity of experience." *Id.* Ex. 3 at 46. This team is committed to developing opportunities for new attorneys to have meaningful opportunities in court, with appropriate supervision. The attorneys responsible for this litigation will include the founding and managing partner of Hagens Berman, Steve Berman, Ben Harrington, Elaine Byszewski, and Kelly Fan. This team of litigators reflects Hagens Berman's commitment to diversity in terms of gender, race, and experience.

### a. Steve Berman

Mr. Berman, the founder and managing partner of Hagens Berman, has served as lead or co-lead counsel in antitrust, securities, consumer, product liability, and employment class actions and complex litigation throughout the country. Appointing Mr. Berman in a major MDL, Judge Shadur remarked:

> But it must be said that the track record of Hagens Berman and its lead partner Steve Berman is even more impressive, having racked up such accomplishments as a $1.6 billion settlement in the Toyota Unintended Acceleration Litigation and a substantial number of really outstanding big ticket results.
>
> It may be worth mentioning that to this Court's recollection it has had no first-hand judicial experience with . . . the two finalist firms . . . But that is not true of its colleagues in this District of more recent vintage, an email inquiry to whom brought in return some high praise of attorney Berman's skills.[3]

Examples of Mr. Berman's involvement in litigation include:

---

[3] Memorandum Order at 5, *In re Stericycle, Inc., Sterisafe Contract Litig.*, MDL No. 2455, No. 13-cv-5795 (N.D. Ill. Oct. 11, 2013), ECF No. 56 (footnotes omitted).

MOTION TO APPOINT LEADERSHIP- 8
Case No. 2:21-cv-00563-JNW
011258-11/2924197 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

- *In re NCAA Athletic Grant-In-Aid Cap Antitrust Litig.*, No. 4:14-md-02541-CW (N.D. Cal.): Mr. Berman served as the lead trial lawyer on behalf of college athletes, where the court granted injunctive relief on behalf of the class following a bench trial. The injunction was upheld in a 9-0 decision in the Supreme Court. Hagens Berman also recovered settlements totaling $200 million representing over 80 percent of single damages, an extraordinary high result in an antitrust case.

- *In re E-Books Antitrust Litig.*, No. 11-md-02293 (S.D.N.Y.): Mr. Berman acted as co-lead counsel on behalf of a class of purchasers of eBooks who were overcharged for the purchase due to a price-fixing conspiracy between the publishers of eBooks and Apple. This case led to recovery by consumers of $566 million—twice the estimated damages.

- *In re Visa Check/Mastermoney Antitrust Litig.*, No. 96-cv-05238 (E.D.N.Y.): Mr. Berman helped lead this record-breaking antitrust case against credit card giants Visa and MasterCard, which resulted in a $3.05 billion cash settlement and injunctive relief valued at more than $20 billion. At the time it was the largest recovery in an antitrust case in US history.

- *Frame-Wilson v. Amazon.com, Inc.*, No. 2:20-cv-00424 (W.D. Wash.); *De Coster v. Amazon.com, Inc.*, *De Coster v. Amazon.com, Inc.*, No. 2:21-cv-00693 (W.D. Wash.): Mr. Berman co-leads a team of attorneys appointed interim lead counsel to represent consumers against Amazon, alleging that Amazon's PMFN agreements cause consumers to pay higher prices. In resisting class certification Amazon claims if certified, this will be the largest class in US history.

    b.  **Ben Harrington**

Mr. Harrington has experience in all aspects of antitrust class actions, from case development to appeals. His practice focuses on digital markets and "big tech," and he has played a key role in groundbreaking monopolization litigation against Apple and Google. Notable matters include *Cameron v. Apple*, 19-cv-3074 (N.D. Cal), and *In re Google Developer Antitrust*

MOTION TO APPOINT LEADERSHIP- 9
Case No. 2:21-cv-00563-JNW
011258-11/2924197 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

*Litigation*, 20-cv-5792 (N.D. Cal.), which challenged Apple's and Google's dominance of app distribution markets. The *Cameron* matter resulted in a $100 million settlement and injunctive relief for app developers, with Mr. Harrington's team receiving the American Antitrust Institute's 2022 award for Outstanding Antitrust Litigation Achievement. The Google matter resulted in a $90 million settlement and forward-looking injunctive relief (including lower commission rates) for Android app developers. Mr. Harrington is also playing a lead role in ongoing antitrust cases involving the distribution of iPhones and iPads (*Floyd v. Amazon & Apple*, 22-cv-1599 (W.D. Wash)), the digital wallets market (*Affinity v. Apple*, 22-cv-4174 (N.D. Cal.)), and cloud storage services (*Gamboa v. Apple*, 24-cv-1270 (N.D. Cal.)). Through these matters, and others, Mr. Harrington has developed expertise in econometric modelling, platform economics, and the application of the Sherman Act to emergent technology markets. Prior to joining Hagens Berman, Mr. Harrington clerked for the Honorable Harris Hartz, U.S. Court of Appeals, Tenth Circuit, and the Honorable Nina Gershon, U.S. District Court for the Eastern District of New York.

    **c.  Elaine Byszewski**

Ms. Byszewski is a graduate of Harvard Law School and the managing partner of Hagens Berman's Los Angeles office. Ms. Byszewski has litigated many complex class actions on behalf of consumers resulting in multimillion dollar settlements, including cases against Toyota, Ford, AstraZeneca Pharmaceuticals, Berkeley Premium Nutraceuticals, Solvay Pharmaceuticals, Costco, Apple, and KB Homes. Ms. Byszewski has focused her practice on brief writing for firm cases, particularly those involving antitrust violations and consumer fraud. Ms. Byszewski was a critical team member and primary drafter of nearly all briefs in *Edwards v. Nat'l Milk Producers Fed.*, No. 11-cv-04766 (N.D. Cal.), from complaint filing to settlement of $52 million and received the American Antitrust Institute's 2018 award for Outstanding Antitrust Litigation Achievement in Private Law Practice. Ms. Byszewski drafted the petition for *en banc* review in *Hyundai & Kia Fuel Economy Litig.*, No. MDL 13-2424 (C.D. Cal.), which was granted and resulted in affirmance of the nationwide class action settlement in 2019. *See In re Hyundai & Kia Fuel Economy Litig.*, 926 F.3d 539 (9th Cir. 2019). Ms. Byszewski was also a brief writer on the litigation team that settled *In re: Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab.*

MOTION TO APPOINT LEADERSHIP- 10
Case No. 2:21-cv-00563-JNW
011258-11/2924197 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

*Litig.*, No. 8:10-MDL-2151 JVS (C.D. Cal.), for $2 billion and was a finalist for Public Justice's 2014 Trial Lawyer of the Year award.

### d.   Xiaoyi (Kelly) Fan

Kelly Fan is a 2020 graduate of the University of Washington School of Law and works as an associate attorney at Hagens Berman's Seattle office. She is a member of the teams in *Frame-Wilson, et al. v. Amazon.com, Inc.*, No. 2:20-cv-00424 (W.D. Wash.), and *De Coster v. Amazon.com, Inc.*, No. 2:21-cv-00693 (W.D. Wash.), where the Court appointed Hagens Berman as interim co-lead counsel to represent consumers who were allegedly harmed by Amazon's PMFN clauses restricting prices. Ms. Fan has drafted motions and formal discovery responses, reviewed document productions, and assisted with deposition and trial preparations. Prior to joining Hagens Berman, Ms. Fan clerked at the Oregon Court of Appeals.

### 2.   Bucher Law

Bucher Law PLLC is a leading mass arbitration boutique founded by William Bucher, with a focus on consumer arbitrations and antitrust litigation. Under the leadership of Mr. Bucher, Bucher Law PLLC has pioneered groundbreaking legal strategies to challenge Valve's monopolization of the PC gaming market, representing over 50,000 Valve consumers, including the four named *Elliott* Plaintiffs who successfully challenged Valve's arbitration provision. *See* Bucher Decl. ¶ 3. Throughout his career, Mr. Bucher has won over 160 arbitrations. *See id.* Ex. 1. Prior to founding Bucher Law PLLC, Mr. Bucher litigated intellectual property, trademark and other matters at two leading international law firms.

### C.   *Elliott* Counsel have deep knowledge of the applicable law and led the charge developing the law relevant to this case (Fed. R. Civ. P. 23(g)(1)(A)(iii)).

Hagens Berman has deep experience litigating cases, such as this, that concern the anticompetitive effects of PMFN agreements. Indeed in 2020, Hagens Berman developed the theory that PMFNs can restrict price competition in violation of the Sherman Act. *See Frame-Wilson v. Amazon.com, Inc.*, No. 2:20-cv-00424 (W.D. Wash.), and *De Coster v. Amazon.com, Inc.*, No. 2:21-cv-00693 (W.D. Wash.). As co-lead interim counsel to consumers in these actions, Hagens Berman has extensively evaluated the economic implications of PMFNs, including how

MOTION TO APPOINT LEADERSHIP- 11
Case No. 2:21-cv-00563-JNW
011258-11/2924197 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

Amazon's PMFN prevents third-party sellers from offering lower prices off Amazon. The plaintiffs in both *Frame-Wilson* and *De Coster* have overcome multiple rounds of motions to dismiss and plaintiffs in *De Coster* have moved to certify a nationwide class. Berman Decl. ¶ 4.

Moreover, Hagens Berman is at the forefront of a series of cases against major tech companies. For example, acting as lead counsel Hagens Berman recently settled the app developers' claims against both Google and Apple for a total of $190 million in *In re Google Play Store Antitrust Litig.*, No. 3:21-md-02981-JD (N.D. Cal.), and *Cameron v. Apple Inc.*, No. 4:19-03074-YGR (N.D. Cal.). These cases involved anticompetitive restraints that secured Google and Apple monopoly power in in the distribution of apps and in-app products. *See* Berman Decl. ¶¶ 2-3. And today, Steve Berman was appointed to co-lead the *Apple Smartphone Antitrust Litigation* that will proceed in parallel with the DOJ action. *See In Re: Apple Inc. Antitrust Smartphone Litigation*, 2:24-md-03113 (D.N.J.).

While this litigation will pose its own unique challenges, *Elliott* Counsel have the breadth of knowledge, and expertise to vigorously and skillfully represent consumers.

**D.   *Elliott* Counsel have the human and financial resources to litigate these claims (Fed. R. Civ. P. 23(g)(1)(A)(vi)).**

This litigation team has demonstrated its dedication and commitment in the many complex cases discussed above, and counsel will bring the same resources and commitment to ensure a successful outcome of this case. *Elliott* Counsel are well-capitalized and possess some of the largest and most robust investigatory and litigation teams in their field. Hagens Berman consistently advances millions of dollars in litigation costs without third-party funding in matters of comparable size and complexity. Berman Decl. ¶ 6.

*Elliott* Counsel also commit to ensuring cost-effective representation of the Consumer Class. *Elliott* Counsel maintain a robust timekeeping policy to ensure timely and detailed records of all billable time. Time must be contemporaneously tracked by attorneys in time-keeping software, according to time codes that are standard in large antirust cases. *Id.* ¶ 7.

MOTION TO APPOINT LEADERSHIP- 12
Case No. 2:21-cv-00563-JNW
011258-11/2924197 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

## V. CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court appoint Hagens Berman Sobol Shapiro LLP and Bucher Law PLLC as interim co-lead class counsel to represent the proposed Consumer Class in this litigation.

MOTION TO APPOINT LEADERSHIP- 13
Case No. 2:21-cv-00563-JNW
011258-11/2924197 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

DATED: December 20, 2024

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

/s/ *Steve W. Berman*
Steve W. Berman (WSBA No. 12536)

/s/ *Xiaoyi Fan*
Xiaoyi Fan (WSBA No. 56703)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email:  steve@hbsslaw.com
Email:  kellyf@hbsslaw.com

Ben M. Harrington (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3034
Facsimile:  (510) 725-3001
Email: benh@hbsslaw.com

William Ward Bucher IV (*pro hac vice*)
BUCHER LAW PLLC
350 Northern Blvd, Ste. 324-1519
Albany, NY 12204-1000
Telephone: (202) 997-3029
Email: will@bucherlawfirm.com

*Attorneys for Plaintiffs*



**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF recipients.

DATED this 20th day of December, 2024.

           *s/ Steve W. Berman*
           Steve W. Berman

**CERTIFICATE OF COMPLIANCE WITH WORD LIMIT**

I hereby certify that this memorandum contains 4,219 words, excluding the caption, table of contents, table of authorities, signature blocks, and certificate of service, in compliance with the Local Civil Rules.

DATED this 20th day of December, 2024.

           *s/ Steve W. Berman*
           Steve W. Berman

MOTION TO APPOINT LEADERSHIP- 15
Case No. 2:21-cv-00563-JNW
011258-11/2924197 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX