HON. JAMAL N. WHITEHEAD

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION<br><br>This Filing Relates to:<br><br>ALL ACTIONS | No. 2:21-cv-00563-JNW<br><br>**DECLARATION OF KENNETH J. RUBIN IN SUPPORT OF COLVIN PLAINTIFFS' OPPOSITION TO ELLIOTT PLAINTIFFS', HEPLER PLAINTIFFS', AND DRAKE PLAINTIFFS' MOTIONS TO APPOINT INTERIM LEAD CLASS COUNSEL**<br><br>NOTE ON MOTION CALENDAR:<br>January 17, 2025 |

DECL. OF KENNETH J. RUBIN IN SUPPORT OF COLVIN PLAINTIFFS' OPPOSITION TO LEADERSHIP MOTIONS
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-6400

I, Kenneth J. Rubin, declare:

1. I am a partner at Vorys, Sater, Seymour and Pease LLP ("Vorys") and serve as lead counsel for Plaintiffs Sean Colvin, Susann Davis, Hope Marchionda, and Everett Stephens and the putative consumer class plaintiffs ("Colvin Plaintiffs") in the case captioned *In re Valve Antitrust Litigation*, Case No. 2:21-cv-00563-JNW.

2. I respectfully submit this declaration in support of the Colvin Plaintiffs' Opposition to Elliott Plaintiffs', Hepler Plaintiffs', and Drake Plaintiffs' Motions to Appoint Interim Lead Class Counsel. I have been actively involved in this action, am familiar with the proceedings, and have personal knowledge of the matters stated herein.

3. Vorys has become intimately familiar with the complex facts of this case by actively litigating and engaging in extensive discovery on these antitrust claims against Valve for the past four years. Vorys has also gained expertise in cases involving two-sided platforms by litigating antitrust claims against Visa and Mastercard for over a decade. *See Target Corp., et al. v. Visa Inc., et al.*, Case No. 1:13-cv-03477 (S.D.N.Y.); *Grubhub Holdings, Inc., et al. v. Visa Inc., et al.*, Case No. 1:19-cv-07273 (N.D. Ill.).

4. Vorys has been involved with depositions, experts, and written discovery in this case, including Valve's production of more than 2.5 million documents.

5. Vorys will need far less time to conduct discovery and is poised to reach class certification, summary judgment, and trial much faster than any other law firm seeking appointment as interim lead class counsel.

6. Vorys began investigating PMFN claims against Valve in 2019—before the *Frame-Wilson* action was filed.

7. Vorys has worked collaboratively with developer counsel for the past three years in this case. There was initially a leadership fight on the developer side of this litigation, but the law firms, including Vorys, were able to reach a resolution and work well together over the last several years.

DECL. OF KENNETH J. RUBIN IN SUPPORT OF COLVIN PLAINTIFFS' OPPOSITION TO LEADERSHIP MOTIONS - 1
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

8. Vorys has spent more than 6,000 hours litigating and more than 2,000 hours arbitrating antitrust claims on behalf of consumers against Valve over the course of four years. The 6,000 hours that Vorys has dedicated to litigating against Valve relate to the substance of this litigation, including pre-suit investigation and in-case discovery, depositions, and expert-related work.

9. Vorys started working on developing consumer antitrust claims against Valve in 2019, whereas other law firms began doing so years later, only *after* they were alerted to these claims by Vorys' own work.

10. Vorys filed the initial lawsuit against Valve in 2021 and actively prosecuted this case for years—both in this Court and in arbitrations—before other firms attempted to replicate these efforts.

11. Vorys has already contributed substantial resources to this litigation, and will continue to do so.

12. Vorys started a factual investigation into Valve's business practices on the Steam platform around August 2019. During this investigatory period, Vorys spoke with several economists and retained a well-credentialed economist specializing in the main economic issue—platform most-favored-nations clauses—to vet the economic theories at play.

13. Vorys attorneys spent over 1,000 hours reviewing and coding the more than 2.5 million documents produced by Valve in *In re Valve Antitrust Litigation*.

14. Vorys took lead on four depositions in *In re Valve Antitrust Litigation* and assisted interim co-lead class counsel for the developers extensively with the depositions and reports of two experts.

15. Vorys has not used third-party funding to resource its litigation efforts in this case.

16. Vorys has used, and will continue to use, an accurate and detailed timekeeping system in this litigation. This is how Vorys identified that its attorneys spent more than 1,000 hours reviewing and coding documents produced in discovery.

DECL. OF KENNETH J. RUBIN IN SUPPORT
OF COLVIN PLAINTIFFS' OPPOSITION TO
LEADERSHIP MOTIONS - 2
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

17. Vorys has spent more than a decade litigating another two-sided platform antitrust action. Vorys is representing twenty-five large retailer plaintiffs across two cases alleging that Visa and Mastercard prevent competition among banks and charge monopoly prices to merchants in violation of antitrust laws. *Target Corp., et al. v. Visa Inc., et al.*, Case No. 1:13-cv-03477 (S.D.N.Y.); *Grubhub Holdings, Inc., et al. v. Visa Inc., et al.*, Case No. 1:19-cv-07273 (N.D. Ill.). Vorys' clients survived summary judgment and their experts survived *Daubert* challenges, and a trial date has been set in the *Target* matter. Vorys' clients in the *Gruhub* matter are currently waiting for the judge in that matter to set a trial date.

18. The two-sided-platform theory outlined in *Amex* is central to the *Target* and *Grubhub* cases, as well as *In re Valve Antitrust Litigation*. *See generally Ohio v. Am. Express Co.*, 585 U.S. 529 (2018). The substantial work Vorys has done in the *Target* and *GrubHub* litigation demonstrates its wherewithal to lead this case.

19. This Court held that the issue of unconscionability should be determined by an arbitrator and compelled arbitration. ECF 66 at 3, 5. With that directive, Vorys pursued consumer arbitrations to challenge the arbitration clause as unenforceable. In a letter to the American Arbitration Association dated April 19, 2024, Vorys and co-counsel wrote:

> 2. <u>Enforceability of Arbitration Agreement.</u> Individual Claimants request that a Process Arbitrator be appointed to address whether the arbitration clause in the Steam Subscriber Agreement is enforceable. At least one Individual Claimant intends to raise the issue of unconscionability and resulting unenforceability of the arbitration clause, and a decision on this issue will affect each individual Claimant's obligation to arbitrate their disputes with Valve. Thus, it is an appropriate administrative issue for a Process Arbitrator to address. *See* Mass Arbitration Supplementary Rule MA-6(d)(i), (iii), (v), and (f) (August 2023).

20. The arbitrators presiding over the Elliott Plaintiffs' cases simply reached the arbitrability issue before the arbitrators presiding over the Colvin Plaintiffs' arbitrations.

21. Vorys pivoted from litigation to arbitration following this Court's order compelling arbitration in 2021 and continued to vigorously pursue claims through arbitration up until the recent change to Valve's Steam Subscriber Agreement ("SSA") allowed for this litigation to

DECL. OF KENNETH J. RUBIN IN SUPPORT
OF COLVIN PLAINTIFFS' OPPOSITION TO
LEADERSHIP MOTIONS - 3
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-6400

continue.

22. Vorys was involved in consumer arbitrations (with co-counsel) and made over 70,000 demands to Valve on behalf of those clients. It was only following Valve's amendments to the SSA that Vorys ceased involvement in these arbitrations and returned to its original position—pursuing claims on behalf of a class in litigation—so as to avoid any perceived or actual conflict. Those consumers who are choosing to still pursue arbitration continue to be represented by separate counsel.

23. On several occasions Elliott Counsel, Hepler Counsel, and Drake Counsel repeat—sometimes word for word—allegations from the Consolidated Amended Class Action Complaint in *In re Valve Antitrust Litigation* authored by Vorys and co-counsel. *Compare* ECF 34, *with Elliott et al. v. Valve Corp.* ECF 1, *and Hepler et al. v. Valve Corp.* ECF 1, *and Drake et al. v. Valve Corp.* ECF 1. ECF 410-6 contains a chart with several examples of the Elliott Plaintiffs' complaint parroting the exact (or nearly exact) same language used in the *In re Valve Antitrust Litigation* Consolidated Amended Class Action Complaint. Likewise, **Exhibit 1** and **Exhibit 2** attached hereto compare paragraphs from Hepler Plaintiffs' and Drake Plaintiffs' complaints that use substantially similar language to paragraphs in the *In re Valve Antitrust Litigation* Consolidated Amended Class Action Complaint. **Exhibit 1** is a true and accurate comparison of the statements in the Consolidated Amended Class Action Complaint in *In re Valve Antitrust Litigation* (Case No. 2:21-cv-00563-JNW, ECF 34) and in the Class Action Complaint in *Hepler et al. v. Valve Corp.* (Case No. 2:24-cv-01735-JNW, ECF 1). **Exhibit 2** is a true and accurate comparison of the statements in the Consolidated Amended Class Action Complaint in *In re Valve Antitrust Litigation* (Case No. 2:21-cv-00563-JNW, ECF 34) and in the Class Action Complaint in *Drake et al. v. Valve Corp.* (Case No. 2:24-cv-01743-JNW, ECF 1).

24. Attached hereto as **Exhibit 3** is a true and accurate copy of an affidavit submitted to the Supreme Court of the State of New York by Mr. Bucher and the attached "Mass Arbitration Slide Deck" from June 6, 2022. In the affidavit, Mr. Bucher states that he created the Mass

DECL. OF KENNETH J. RUBIN IN SUPPORT
OF COLVIN PLAINTIFFS' OPPOSITION TO
LEADERSHIP MOTIONS - 4
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-6400

Arbitration Slide Deck which "contemplated bringing a mass arbitration against Valve for their anti-competitive pricing restraints." *Zaiger LLC v. Bucher L. PLLC*, Index No. 154124/2023, Doc. No. 31 ¶ 14 (N.Y. Sup. Ct.). The Mass Arbitration Slide Deck—prepared nearly a year and a half after Vorys filed the *Colvin* action—explained Bucher's plan for a "passive" approach to "[m]onitor court dockets for motions to compel class actions to arbitration, *and copycat existing legal theories* with potentially better advertising approach." *Zaiger LLC v. Bucher L. PLLC*, Index No. 154124/2023, Doc. No. 32 at Slide 6 (N.Y. Sup. Ct.) (emphasis added). Additionally, Elliott Counsel piggybacked on this Court's order compelling arbitration to leverage the arbitration fees in an attempt to force Valve into a quick settlement. *Zaiger LLC v. Bucher L. PLLC*, Index No. 154124/2023, Doc. No. 32 at Slide 3 (N.Y. Sup. Ct.) (discussing how to weaponize arbitration to coerce settlement below fee value).

25. This Court cannot apply two separate damages models that each allocate different percentages of damages to consumers and developers—a cohesive damages model must apply.

26. Vorys has always considered a class action to be the appropriate vehicle for pursuing consumer antitrust claims against Valve, and its actions have reflected that. Vorys initially pursued antitrust claims against Valve through a class action on behalf of the Colvin Plaintiffs in 2021 and continued that representation until litigation was stayed pending arbitration. Vorys moved to lift the stay soon after Valve amended the SSA so that this case can proceed as a class action again.

27. Vorys filed a complaint alleging antitrust claims against Valve on January 28, 2021, and continuously represented the Colvin Plaintiffs through the case's transfer to the Western District of Washington, consolidation with the *Wolfire* action, stay pending arbitration, and recently renewed litigation following Valve's removal of the mandatory arbitration clause in the SSA. When this Court stayed the Colvin Plaintiffs' claims in *In re Valve Antitrust Litigation* on October 25, 2021, the operative consumer complaint was found at ECF 34.

I declare under penalty of perjury that the foregoing is true and correct.

DECL. OF KENNETH J. RUBIN IN SUPPORT
OF COLVIN PLAINTIFFS' OPPOSITION TO
LEADERSHIP MOTIONS - 5
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel: (614) 464-6400

1 | Executed on this 10th day of January, 2025, in Columbus, Ohio.

By: /s/ Kenneth J. Rubin

Kenneth J. Rubin

DECL. OF KENNETH J. RUBIN IN SUPPORT
OF COLVIN PLAINTIFFS' OPPOSITION TO
LEADERSHIP MOTIONS - 6
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-6400