THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

IN RE VALVE ANTITRUST LITIGATION

This Filing Relates to:

ALL ACTIONS

Case No. 2:21-cv-00563-JNW

**PLAINTIFFS BRANDON DRAKE'S AND ERIC SAAVEDRA'S RESPONSE IN SUPPORT OF THEIR MOTION TO APPOINT INTERIM CO-LEAD CONSUMER CLASS COUNSEL AND LIAISON COUNSEL**

**NOTE ON MOTION CALENDAR:**

**January 17, 2025**

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & MCCARTHY L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

1

## **TABLE OF CONTENTS**

2   I. INTRODUCTION ............................................................................................................. 1

3   II. ARGUMENT .................................................................................................................. 2

4       A. *Colvin* Counsel Are Not Best Able to Represent the Consumer Class.................................. 2

5           1. *Colvin* Counsel's Publisher Class Co-Counsel Argued that *Colvin* Counsel Cannot
              Represent Publishers and Consumers................................................................................. 2

6           2. Colvin Counsel Have Taken a Disqualifying Position on Overcharge Allocation .......... 4

7           3. *Colvin* Counsel's Work on Behalf of Publishers May Needlessly Delay the Consumer
              Class Case ......................................................................................................................... 7

8           4. The 23(g) Factors Weigh Against Appointing *Colvin* Counsel ....................................... 8

9       B. *Elliott* Counsel Are Not Best Able to Represent the Consumer Class ................................. 9

10          1. *Elliott* Counsel Would Face Adequacy Challenges Due to Their Positional Conflicts.... 9

11          2. Bucher is Subject to Challenges Based on Its Alleged Lack of Professionalism In
              Representing Valve Consumers ....................................................................................... 13

12          3. *Elliott* Counsel Will Face Adequacy Challenges Due to Their Inclusion of Bucher ..... 14

13          4. Litigating *Elliott* Counsel's Adequacy Would Create Delay ........................................ 16

14      C. The Combination of *Hepler* Counsel with *Elliott* Counsel Does Nothing to Resolve
          the Conflict and Adequacy Issues that Doom *Elliott* Counsel's Application. ..................... 17

15  III. CONCLUSION............................................................................................................. 19

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
    240 F.R.D. 56 (E.D.N.Y. 2006) ........................................................................................17

*In re Apple iPhone Antitrust Litig.*,
    11-cv-6714 (N.D. Cal. June 1, 2021) (ECF No. 441) ...........................................................6

*Baker v. Arnold*,
    2004 WL 7340186 (N.D. Cal. May 17, 2004)......................................................................4

*Beltran v. Avon Prods., Inc.*,
    867 F. Supp. 2d 1068 (C.D. Cal. 2012)..............................................................................15

*Benevida Foods, LLC v. Advance Mag. Publishers Inc.*,
    2016 WL 3453342 (S.D.N.Y. June 15, 2016) ..............................................................4, 14

*In re Cal. Micro Devices Sec. Litig.*,
    2001 WL 765146 (N.D. Cal. June 4, 2001).........................................................................8

*Cameron v. Apple, Inc.*,
    19-cv-3075 (N.D. Cal. June 1, 2021) (ECF No. 332) ..........................................................6

*Cameron v. Apple, Inc.*,
    No. 4:19-cv3074 (N.D. Cal. Oct. 10, 2019) (ECF No. 65) ..................................................5

*Canatella v. Krieg, Keller, Sloan, Reilley & Roman LLP*,
    2012 WL 847493 (N.D. Cal. Mar. 13, 2012)...............................................................14, 15

*Creative Montessori Learning Ctrs. v. Ashford Gear LLC*,
    662 F.3d 913 (7th Cir. 2011) .............................................................................................13

*In re Disciplinary Proceeding Against McKean*,
    64 P.3d 1226 (Wash. 2003) (en banc) ...............................................................................12

*Elliott v. Valve Corp.*,
    24-cv-1218 (W.D. Wash.) ........................................................................................*passim*

*Emblaze Ltd. v. Microsoft Corp.*,
    2014 WL 2450776 (N.D. Cal. May 30, 2014)....................................................................15

*Eubank v. Pella Corp.*,
    2019 WL 1227832 (N.D. Ill. Mar. 15, 2019).......................................................................8

*In re Fine Paper Antitrust Litig.*,
    617 F.2d 22 (3d Cir. 1980) ...............................................................................................17

DRAKE PLS.' RESPONSE IN
SUPPORT OF MOT. APPOINT

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & MCCARTHY L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

*Fund of Funds, Ltd. v. Arthur Anderson & Co.*,
    567 F.2d 225 (2d Cir. 1977) ........................................................................... 14, 15

*Giuliano v. Sandisk Corp.*,
    2015 WL 10890654 (N.D. Cal. May 14, 2015) .................................................... 6

*In re Google Dig. Advert. Antitrust Litig.*,
    No. 5:20-cv-3556-BLF (N.D. Cal. Apr. 26, 2021) (ECF No. 133) ........................ 5

*In re Google Play Consumer Antitrust Litig.*,
    No. 3:20-cv-5761 (N.D. Cal. Dec. 16, 2020) ....................................................... 5

*In re Graphics Processing Units Antitrust Litig.*,
    253 F.R.D. 478 (N.D. Cal. 2008) ........................................................................ 6

*Guy v. Convergent Outsourcing, Inc.*,
    2022 WL 17847451 (W.D. Wash. Dec. 21, 2022) .............................................. 16

*Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharm. Indus. Ltd.*,
    529 F. Supp. 3d 385 (E.D. Pa. 2021) ............................................................. 5, 12

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) .......................................................................... 16

*Jama v. GCA Servs. Grp., Inc.*,
    2017 WL 4758722 (W.D. Wash. Oct. 20, 2017) .................................................. 1

*Kayes v. Pac. Lumber Co.*,
    51 F.3d 1449 (9th Cir. 1995) .............................................................................. 4

*Kim v. Allison*,
    87 F.4th 994 (9th Cir. 2023) ............................................................................... 4

*Klein v. Meta Platforms*,
    No. 20-cv-8570 (N.D. Cal. Mar. 18, 2021) (ECF No. 73) ..................................... 5

*Li v. EFT Holdings, Inc.*,
    2015 WL 12681647 (C.D. Cal. July 28, 2015) ..................................................... 4

*In re Literary Works in Elec. Databases Copyright Litig.*,
    654 F.3d 242 (2d Cir. 2011) ................................................................... 2, 5, 6, 17

*In re Meta Pixel Healthcare Litig.*,
    2022 WL 18399978 (N.D. Cal. Dec. 21, 2022) ................................................. 19

*Murray v. Grocery Delivery E-Servs. USA, Inc.*,
    55 F.4th 340 (1st Cir. 2022) ......................................................................... 5, 17

iii

DRAKE PLS.' RESPONSE IN
SUPPORT OF MOT. APPOINT

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & MCCARTHY L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

*Napoleon v. Amazon.com, Inc.*,
    2024 WL 3652873 (W.D. Wash. Aug. 5, 2024) ..................................... 4, 8, 9, 19

*Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*,
    2022 WL 3571995 (N.D. Cal. July 26, 2022) .............................................. 9

*Ohio v. American Express Co.*,
    585 U.S. 529 (2018) ................................................................................. 7

*In re Optical Disk Drive Antitrust Litig.*,
    303 F.R.D. 311 (N.D. Cal. 2014) ............................................................. 6

*In re Polyurethane Foam Antitrust Litig.*,
    314 F.R.D. 226 (N.D. Ohio 2014) ............................................................ 6

*Radcliffe v. Experian Information Solutions, Inc.*,
    715 F.3d 1157 (9th Cir. 2013) ............................................................... 18

*Radcliffe v. Hernandez*,
    818 F.3d 537 (9th Cir. 2016) ................................................................. 18

*Rodriguez v. W. Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ................................................................. 18

*Schumacher v. Inslee*,
    526 F. Supp. 3d 878 (W.D. Wash. 2021) .............................................. 13

*Smallman v. MGM Resorts Int'l*,
    2021 WL 326135 (D. Nev. Feb. 1, 2021) .................................................. 9

*In re Static Random Access Memory (SRAM) Antitrust Litig.*,
    264 F.R.D. 603 (N.D. Cal. 2009) ............................................................. 6

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir 2003) ................................................................. 16

*In re Stubhub Refund Litig.*,
    2020 WL 8669823 (N.D. Cal. Nov. 18, 2020) ......................................... 8

*Sullivan v. Chase Inv. Servs. of Boston, Inc.*,
    79 F.R.D. 246 (N.D. Cal. 1978) .............................................................. 4

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    267 F.R.D. 583 (N.D. Cal. 2010) ............................................................. 6

*US Airways, Inc. v. Sabre Holdings Corp.*,
    2022 WL 874945 (S.D.N.Y. Mar. 24, 2022) ............................................ 7

iv

DRAKE PLS.' RESPONSE IN
SUPPORT OF MOT. APPOINT

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & MCCARTHY L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

*Valenti v. Dfinity USA Rsch. LLC,*
    2023 WL 3331310 (N.D. Cal. May 8, 2023) ........................................................ 13

*Valve Corp. v. Abbruzzese,*
    24-cv-1717 (W.D. Wash.) ....................................................................... *passim*

*Valve Corp. v. Zaiger LLC,*
    No. 23-cv-1819 (W.D. Wash. Nov. 27, 2023) .................................................... 16

*Zarco Supply Co. v. Bonnell,*
    658 So. 2d 151 (Fla. Dist. Ct. App. 1995) ......................................................... 15

**Other Authorities**

Andre Boik & Kenneth S. Corts, *The Effects of Platform Most-Favored-Nation*
    *Clauses on Competition and Entry*, 59 J. L. & ECON. 105, 113–29 (2016) ........................... 16

Fed. R. Civ. P. 23(b)(3) .................................................................. 10, 11, 13

Fed. R. Civ. P. 23(g) ......................................................................... *passim*

*Hi Its Will From Bucher Law*, YouTube,
    https://www.youtube.com/watch?v=3w_PbejgGn8https://www.youtube.com/wa
    tch?v=3w_PbejgGn8 .................................................................... 10

Jonathan B. Baker & Fiona Scott Morton, *Antitrust Enforcement Against Platform*
    *MFNs*, 127 YALE L. J. 2176, 2176 (2018) ....................................................... 16

JOSHUA P. DAVIS & ROSE KOHLES, 2023 ANTITRUST ANNUAL REPORT: CLASS
    ACTIONS IN FEDERAL COURT 38 (2024),
    https://papers.ssrn.com/sol3/papers.cfm?abstract_id=5059771 ................................... 9

1 NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 3:75 (6th ed. 2022) .................................... 6

*Steam Claim Form*, BUCHER LAW PLLC, https://bucher.leverage.law/ (last accessed
    Jan. 10, 2025) .................................................................... 11

DRAKE PLS.' RESPONSE IN
SUPPORT OF MOT. APPOINT

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & McCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

Pursuant to the Court's Order of December 6, 2024 (ECF No. 394), Plaintiffs Brandon Drake and Eric Saavedra hereby file their response in opposition to the motions of Vorys, Sater, Seymour and Pease LLP (collectively, "*Colvin* Counsel") (ECF No. 409); Hagens Berman Sobol Shapiro LLP ("HB") and Bucher Law PLLC ("Bucher") (collectively, "*Elliott* Counsel") (ECF No. 412); and Cohen Milstein Sellers & Toll PLLC ("CMST" or "*Hepler* Counsel") (ECF No. 407) for appointment as interim lead counsel of the Consumer Class.

## I. INTRODUCTION

Four leadership motions seeking to represent the Consumer Class are before the Court. Rule 23(g)(2) provides that, where multiple applicants seek appointment, "the court must appoint the applicant *best* able to represent the interests of the class." (Emphasis added.)

*Drake* Counsel are the applicant best able to represent the interests of the proposed Consumer Class. First, *Drake* Counsel are the *only* applicant that is not subject to significant adequacy challenges under Rule 23(g). Second, *Drake* Counsel include more antitrust class action specialist attorneys—overall and specifically in this District—than any other proposed leadership group. Third, *Drake* Counsel have recovered more in antitrust class actions than any other proposed leadership group.[1] Finally, *Drake* Counsel propose the most diverse lead attorneys for their proposed leadership group.

Critically, and unlike all other applicants, *Drake* Counsel are *not* subject to challenges based on adequacy or conflicts. Every other applicant does or will likely face adequacy obstacles—both from defense counsel at the class certification stage and from objectors challenging any settlement with Valve. *Colvin* Counsel will confront substantive challenges because of their position on the Court-appointed Executive Committee for the certified Publisher Class[2]: their loyalty to the proposed Consumer Class will be divided by their competing incentive

---

[1] *See Jama v. GCA Servs. Grp., Inc.*, 2017 WL 4758722, at *6 (W.D. Wash. Oct. 20, 2017) (selecting lead counsel whose past cases have led to significant plaintiffs' awards, demonstrating that counsel does not put its own interests above those of the class).

[2] *See In re Valve Antitrust Litig.* ("*Valve*"), 21-cv-563 (ECF No. 92 at 3).

1

DRAKE PLS.' RESPONSE IN SUPPORT OF MOT. APPOINT

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & McCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

to maximize the recovery of the Publisher Class, on whose behalf they have already expended thousands of hours. *Elliott* Counsel will have to defend against arguments that they have a disqualifying positional conflict due to their positions that, on the one hand, (1) the Steam Subscriber Agreement ("SSA") is valid and mandates arbitration, and that arbitration leads to better recovery for claimants; and on the other that (2) the SSA is invalid, the arbitration provision is unenforceable, and class action is the superior method of adjudication of this controversy. *Elliott* Counsel will also face challenges to their adequacy due to Bucher Law's alleged conflicts. Finally, *Hepler* Counsel's unilateral proposal to add CMST to the *Elliott* Counsel team reflects a lack of coordination, and the combined slate does nothing to resolve *Elliott* Counsel's conflicts.

Even if these adequacy challenges are ultimately unsuccessful, litigation of these issues will needlessly consume judicial resources, cause delay, and do nothing to further the interests of the proposed Consumer Class. Among the proposed teams before this Court, *Drake* Counsel are therefore best able to represent the proposed Consumer Class.

## II. ARGUMENT

**A.    *Colvin* Counsel Are Not Best Able to Represent the Consumer Class**

       1.      <u>*Colvin* Counsel's Publisher Class Co-Counsel Argued that *Colvin* Counsel Cannot Represent Publishers and Consumers</u>

*Colvin* Counsel currently serve on the Court-appointed Executive Committee for the certified Publisher Class. The Co-Lead counsel under whom *Colvin* Counsel serve in the Publisher case have expressed concern about the proposed concurrent representation of both the certified Publisher Class and the proposed Consumer Class. This is for good reason: *Colvin* Counsel will be unable to zealously protect the interests of two groups seeking slices of a single damages pie. *See In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242, 251 (2d Cir. 2011) (holding that where a settlement "distributes . . . recovery by making 'essential allocation decisions'" among groups with "disparate interests," separate counsel are required (citations omitted)). Appointment of *Colvin* Counsel therefore would not serve the best interests of the

DRAKE PLS.' RESPONSE IN
SUPPORT OF MOT. APPOINT

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & MCCARTHY L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

proposed Consumer Class, but it also might result in a subsequent challenge to *Colvin* Counsel's

adequacy to represent the certified Publisher Class, thereby needlessly prejudicing *both* classes.

These concerns are not new. On July 27, 2021, *Colvin* Counsel—the Vorys firm—filed a

motion to appoint themselves alongside Quinn Emanuel Urquhart & Sullivan LLP ("Quinn") as

interim co-lead counsel for a class containing both publishers and consumers. *Valve*, ECF No. 38.

Lockridge Grindal Nauen PLLP ("Lockridge") and Wilson Sonsini Goodrich & Rosati PC

("Wilson") also filed a class action complaint on behalf of publishers, and challenged Vorys's

leadership. *Id.*, ECF No. 46. In their leadership briefing, Lockridge and Wilson stressed that

"[s]eparate lead counsel are required" for the Publisher Class and the Consumer Class. *See id.*,

ECF No. 46 at 10.

Lockridge and Wilson—who, despite not filing the first case, were later appointed Co-Lead

Counsel for the Publisher Class with Quinn—expressed well-founded concerns about *Colvin*

Counsel's efforts to concurrently represent consumers and publishers. They reasoned that counsel

involved in representing both the Publisher and Consumer Classes would be unable to "zealously

and fairly represent both the Developers and game buyers throughout this litigation to achieve the

best possible outcome and damages award for each class independent of the outcome for the other

class." *Id.* They noted that publishers and consumers have different incentives to develop fact and

expert discovery: while consumers will "seek to show that a large amount of the overcharges

[publishers] paid to Valve would have flowed to them," publishers will seek to develop a factual

record that shows "they would have used the extra revenue to improve their businesses and their

games . . . as well as lower prices." *Id.* at 7. This "divergence" will "carr[y] through nearly every

stage of the litigation—discovery, class certification, experts, and trial." *Id.* at 8. Finally,

Lockridge and Wilson argued that appointing *Colvin* Counsel would raise a host of conflicts issues

at settlement, since "the same lawyers cannot negotiate and allocate a settlement fund among their

game buyer and Developer clients that maximizes both groups' recoveries." *Id.* at 3.

DRAKE PLS.' RESPONSE IN
SUPPORT OF MOT. APPOINT

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & McCARTHY L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

Although the Court deferred ruling on *Colvin* Counsel's motion as "premature" in light of Valve's motion to compel the consumer plaintiffs to arbitration, *id.*, ECF No. 66, it recognized that "whether counsel could adequately and fairly represent the interests of those publishers, if also representing game purchasers (or vice versa)" was a "closer issue," *id.*, ECF No. 63 at 4. Given *Colvin* Counsel's status as a member of the Executive Committee representing the certified Publisher Class, its application to be appointed lead counsel for the proposed Consumer Class puts that "closer issue" at issue once again. While *Colvin* Counsel filed the first complaint against Valve, it signed on to the joint complaint on behalf of both publishers *and* consumers, *id.*, ECF No. 34, and has spent thousands of hours litigating on behalf of *publishers*.[3] The concerns this raises are not in the best interests of the proposed Consumer Class and can easily be avoided by appointing the movant best suited to represent the proposed Consumer Class: *Drake* Counsel.

2.    Colvin Counsel Have Taken a Disqualifying Position on Overcharge Allocation

The conflict that would arise from *Colvin* Counsel's proposed concurrent representation of publishers and consumers involves the proper allocation of Valve's alleged overcharge, an issue that "go[es] to the heart of the litigation." *Kim v. Allison*, 87 F.4th 994, 1000 (9th Cir. 2023).[4] A single pool of damages must ultimately be allocated between the Publisher Class and the Consumer Class, and each of these two groups have an interest in ensuring that they recover their fair share of the pie. *See Baker v. Arnold*, 2004 WL 7340186, at *3 (N.D. Cal. May 17, 2004) ("[I]t

---

[3] *Colvin* Counsel's claim that they were the first to file does not bear on the question of the movants' relative experience and success litigating complex antitrust class actions and is not a *per se* factor favoring appointment under Rule 23(g). "Being the first to the file bears no relationship to the quality of representation a law firm will provide, which is the Court's primary concern." *See Napoleon v. Amazon.com, Inc.*, 2024 WL 3652873, at *3 (W.D. Wash. Aug. 5, 2024).

[4] Moreover, "[t]he responsibility of class counsel to absent class members whose control over their attorneys is limited does not permit even the appearance of divided loyalties of counsel." *Sullivan v. Chase Inv. Servs. of Boston, Inc.*, 79 F.R.D. 246, 258 (N.D. Cal. 1978) (citation omitted). "The 'appearance' of divided loyalties refers to differing and *potentially* conflicting interests and is not limited to instances manifesting such conflict." *Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1465 (9th Cir. 1995) (emphasis in original); *see also Li v. EFT Holdings, Inc.*, 2015 WL 12681647, at *1 (C.D. Cal. July 28, 2015) (finding counsel inadequate due to a conflict where its interests and those of the class *could* be aligned, but were "not necessarily so").

4

DRAKE PLS.' RESPONSE IN
SUPPORT OF MOT. APPOINT

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & MCCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

1   is more than a remote or hypothetical possibility that plaintiffs in the [the parallel action], would

2   seek to prove that the stock was inflated primarily by the underwriters, while plaintiffs in the

3   instant action would seek to prove [the opposite].”); *Murray v. Grocery Delivery E-Servs. USA,*

4   *Inc.*, 55 F.4th 340, 351 (1st Cir. 2022) (vacating class certification where the “relative values” of

5   the different groups’ claims prevented a court from “approv[ing] a proposed apportionment of a

6   common fund”); *In re Literary Works*, 654 F.3d at 251; *Halman Aldubi Provident & Pension*

7   *Funds Ltd. v. Teva Pharm. Indus. Ltd.*, 529 F. Supp. 3d 385, 400 (E.D. Pa. 2021) (collecting cases

8   finding “fundamental conflict[s]” from a firm’s representation of different groups of plaintiffs with

9   divergent incentives). Courts regularly appoint separate counsel for groups of plaintiffs with

10  distinct economic relationships to defendants, including in tech monopoly cases like this one. *See,*

11  *e.g.*, *In re Google Play Consumer Antitrust Litig.*, No. 3:20-cv-5761 (N.D. Cal. Dec. 16, 2020)

12  (ECF Nos. 79, 128) (appointing separate co-lead counsel for app developers and consumers);

13  *Cameron v. Apple, Inc.*, No. 4:19-cv3074 (N.D. Cal. Oct. 10, 2019) (ECF No. 65) (appointing a

14  team of interim lead counsel for app developers distinct from the interim lead counsel team that

15  had been representing consumers).[5]

16      *Colvin* Counsel have indicated that they intend to rely on the Publisher Class economic

17  expert’s damages allocation analysis in its proposed representation of the Consumer Class. *See*

18  *Valve*, ECF Nos. 409 at 11; 379 at 3.  The Publisher plaintiffs’ expert asserted that publishers are

19  entitled to at least 75% of the overcharge resulting from Valve’s anticompetitive conduct. *Id.*, ECF

20  Nos. 374 ¶ 22; 343 ¶ 402. Thus, *Colvin* Counsel would be constrained in their ability to argue that

21  the Consumer Class should recover more than 25% of the overcharge damages. *Colvin* Counsel

22  has already embraced, effectively, a 25% cap on Consumer Class damages because it, claims,

23  doing so “avoids . . . duplicative damages between developers and consumers” and “promot[es]

---

24  [5] *See also*, *In re Google Dig. Advert. Antitrust Litig.*, No. 5:20-cv-3556-BLF (N.D. Cal. Apr. 26,

25  2021) (ECF No. 133) (rejecting bid to be interim lead class counsel for advertisers and publishers);
    *see also id.*, ECF No. 89 (N.D. Cal. Feb. 9, 2021) (ordering separate consolidated complaints for

26  advertising plaintiffs and publisher plaintiffs); *Klein v. Meta Platforms*, No. 20-cv-8570 (N.D. Cal.

27  Mar. 18, 2021) (ECF No. 73) (appointing separate counsel for consumers and advertisers);

28  DRAKE PLS.’ RESPONSE IN
    SUPPORT OF MOT. APPOINT

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & MCCARTHY L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

consistent results in this litigation." *Id.*, ECF No. 409 at 11. Meanwhile, in the Publisher case, Valve's experts used a different methodology to arrive at a 60% pass-through rate—meaning that under Valve's own expert methodology, the Consumer Class may be entitled to 40% of the total overcharge, not the 25% percent *Colvin* Counsel proposes to seek. Appointing *Colvin* Counsel would therefore prevent the Consumer Class from seeking a large swath of damages that Valve's expert analysis suggest they may be entitled to.[6] *Id.*, ECF No. 345 ¶ 114. Put another way, *Colvin* Counsel, in seeking to be appointed lead counsel for the Consumer Class, has already affirmatively stated that it will not seek to maximize the damages recoverable by consumers, even though Valve has opened the door to a larger recovery. That alone should be disqualifying. *See In re Literary Works*, 654 F.3d at 253 (rejecting a proposed class action settlement due to conflicts and asking "how can the value of any subgroup of claims be properly assessed without independent counsel pressing its most compelling case?"); *see also* 1 NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 3:75 (6th ed. 2022) (observing that class counsel cannot represent two groups when "recovery of

---

[6] *Colvin* Counsel argue incorrectly that their prior allocation of overcharge damages is a foregone conclusion. Their expert has not divined the only viable method of allocating the overcharge between publishers and consumers, and class counsel on behalf of the proposed Consumer Class who are motivated to maximize the recovery of the proposed Consumer Class may well present a reliable economic model that results in a larger share of the overcharge being allocated to consumers. Experts can and do disagree on pass-through rates, which are frequently disputed in antitrust class actions like this one. *See, e.g., Giuliano v. Sandisk Corp.*, 2015 WL 10890654, at *9 (N.D. Cal. May 14, 2015); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 601-06 (N.D. Cal. 2010). Beyond defendant-versus-plaintiff damages disputes, different classes of plaintiffs often disagree on expert models. *Compare In re Apple iPhone Antitrust Litig.*, 11-cv-6714 (N.D. Cal. June 1, 2021) (ECF No. 441) (app buyers' motion for class certification estimating but-for commission rates of 10% to 12% and then pass through to purchasers)*, with Cameron v. Apple, Inc.*, 19-cv-3075 (N.D. Cal. June 1, 2021) (ECF No. 332) (estimating app buyers' but-for commission rates of 13% to 14.8%). *See also In re Graphics Processing Units Antitrust Litig.*, 253 F.R.D. 478, 503 (N.D. Cal. 2008) (discussing situation where classes of direct and indirect purchasers, represented by separate counsel, presented their own experts with different pass-through methodologies); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 264 F.R.D. 603, 613 (N.D. Cal. 2009) (same); *In re Optical Disk Drive Antitrust Litig.*, 303 F.R.D. 311, 323 (N.D. Cal. 2014) ("The IPPs offer the expert analyses of Dr. Kenneth Flamm, which is similar, but not identical to that of the DPPs' expert . . . ."); *In re Polyurethane Foam Antitrust Litig.*, 314 F.R.D. 226, 273 (N.D. Ohio 2014) (three groups of plaintiffs used three different experts to arrive at three varying damages calculations).

6

DRAKE PLS.' RESPONSE IN
SUPPORT OF MOT. APPOINT

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & MCCARTHY L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

one set will cut directly into those of another").[7] By developing different case theories and employing different econometric methodologies, counsel with undivided loyalty to the proposed Consumer Class could compellingly advocate for a more generous cut for consumers, unconstrained by any prior litigation positions.[8]

*Drake* plaintiffs have retained Professor Jeffrey W. Stempel[9] to assess the ethical implications of proposed leadership groups for the Consumer Class. Professor Stempel opines that ABA Model Rule of Professional Conduct 1.7 prohibits *Colvin* Counsel from concurrently representing consumers and publishers. Stempel Rep. ¶¶ 20–34. Because *Colvin* Counsel have sought to obtain the highest percentage of the "pool" of overcharge damages for the Publisher Class, they will be materially limited in their ability to zealously seek maximum compensation for the Consumer Class. *Id.* ¶¶ 22, 23, 33, 34. As Professor Stempel has opined, "[t]he same lawyers cannot adequately pursue optimal compensation for the publishers while seeking optimal compensation for the consumers." *Id.* ¶ 34.

3.    *Colvin* Counsel's Work on Behalf of Publishers May Needlessly Delay the Consumer Class Case

*Colvin* Counsel have represented that they amassed "over 6,000 hours" of work on the Executive Committee representing the Publisher Class. *Valve*, ECF No. 409 at 4; *see also id.*, ECF

---

[7] *Colvin* Counsel also overstate the potential efficiency to be gained from their work on the publisher case. While *Colvin* Counsel emphasize the work that their expert has already completed on behalf of the Publisher Class, *id.*, ECF No. 409 at 11, the Consumer Class requires its own expert economic analysis to demonstrate class-wide impact and aggregate damages.

[8] *Colvin* Counsel is incorrect that *Ohio v. American Express Co.* ("*Amex*"), 585 U.S. 529 (2018), absolves them of the potential conflict in concurrently representing publishers and consumers. *See Valve*, ECF No. 409 at 10. *Amex* simply requires that plaintiffs seeking to establish antitrust liability against a two-sided market must show that the platform harmed competition on both sides of the platform. *See Amex*, 585 U.S. at 545–46. *Amex* does *not* cover how to allocate damages between those two platform sides, let alone how that may impact conflicts among class counsel. *See, e.g.*, *US Airways, Inc. v. Sabre Holdings Corp.*, 2022 WL 874945, at *2 (S.D.N.Y. Mar. 24, 2022) (rejecting *Daubert* challenge to damages model of airline seeking overcharges from two-sided ticket transaction platform).

[9] Professor Stempel is a full-time professor at the William S. Boyd School of Law at University of Nevada Las Vegas who has taught and authored legal scholarship about professional responsibility for thirty years. Ex. A ¶ 2. ("Stempel Rep.").

DRAKE PLS.' RESPONSE IN SUPPORT OF MOT. APPOINT

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & MCCARTHY L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

Nos. 373 at 5; 374 ¶ 22. These hours themselves create a conflict of interest with the proposed Consumer Class whom *Calvin* Counsel now also seeks to represent. Both the publishers and the consumers seek to recover from a single pool of overcharge damages. Because *Colvin* Counsel have already devoted thousands of hours litigating on behalf of the Publisher Class, they have a significant incentive to maximize the Publisher Class recovery, and thus their own likely compensation—to the potential detriment of consumers. *See* Stempel Rep. ¶ 25 ("Given the 'thousands' of hours that *Colvin* Counsel have spent litigating the publisher case, *Colvin* Counsel have a strong financial incentive to maximize the publisher class recovery where they have generated significant lodestar.").

Resolving these issues will take time and resources while needlessly undermining the likelihood of success of the proposed Consumer Class. *See Napoleon*, 2024 WL 3652873, at *2 (declining to appoint applicant as lead counsel because of its inefficient "use of resources, of this Court and the parties"). This prejudice and delay may be severe and is entirely avoidable. *See, e.g.*, *Eubank v. Pella Corp.*, 2019 WL 1227832 (N.D. Ill. Mar. 15, 2019) (approving final settlement seven years after initial settlement, which was rejected due to, *inter alia*, "grave conflict of interest" and "ethical embroilment" (753 F.3d 718, 723–24 (7th Cir. 2014))); *In re Cal. Micro Devices Sec. Litig.*, 2001 WL 765146 (N.D. Cal. June 4, 2001) (approving settlement six years after initial settlement, which was rejected in part due to conflicts (168 F.R.D. 257, 260 (N.D. Cal. 1996))). Thus, *Colvin* Counsel's claim that its appointment will promote judicial economy understates a significant risk that it will have the opposite effect. *See Valve*, ECF No. 409 at 9.

4.    The 23(g) Factors Weigh Against Appointing *Colvin* Counsel

*Colvin* Counsel also falls short on the other 23(g) factors. Vorys is best known as a defense firm and does not have a meaningful track record of prosecuting antitrust class actions on behalf of plaintiffs. Nor does their proposed leadership team reflect the diversity of the proposed Consumer Class. Instead, the proposed slate reveals that the firm has not "demonstrated careful attention to creating a diverse team." *See In re Stubhub Refund Litig.*, 2020 WL 8669823, at *1 (N.D. Cal.

DRAKE PLS.' RESPONSE IN SUPPORT OF MOT. APPOINT

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & McCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

Nov. 18, 2020). Courts in this circuit consider age and experience to be essential components of diversity in leadership appointment. *See, e.g.*, *Smallman v. MGM Resorts Int'l*, 2021 WL 326135, at *3 (D. Nev. Feb. 1, 2021) (noting with appreciation a team including first-time lead attorneys and a young partner). Finally, *Colvin* Counsel's application makes no mention of their local counsel's qualifications. Counsel's experience litigating in the district in which the complaint is filed is also relevant to the Rule 23(g) analysis. *See Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*, 2022 WL 3571995, at *5 (N.D. Cal. July 26, 2022). *Colvin* Counsel has no meaningful connection to this District (aside from the pending Publisher case, which creates the conflict and adequacy issues discussed above) and fails to describe its local counsel's qualifications in its leadership motion. *See Valve*, ECF No. 409; *Napoleon*, 2024 WL 3652873, at *2. Under Rule 23(g) and this Court's precedent, these issues weigh against appointing *Colvin* Counsel.[10]

For all of these reasons, *Colvin* Counsel is not the applicant best suited to lead the proposed Consumer Class, and as such should not be appointed lead counsel.

**B.    *Elliott* Counsel Are Not Best Able to Represent the Consumer Class**

1.    *Elliott* Counsel Would Face Adequacy Challenges Due to Their Positional Conflicts

If appointed, *Elliott* Counsel would likely be subject to arguments that they have a disqualifying positional conflict due to their conflicting positions on the enforceability of the SSA's arbitration clause and their contention that that a class action is *not* superior to other available methods for fairly and efficiently adjudicating the controversy.

The stated impetus for *Elliott* Counsel's filing of its August 9, 2024 Complaint was Bucher's successful "motion to *dismiss* the arbitration[s]" of the four named plaintiffs on the

---

[10] Vorys is primarily a defense firm. The "hundreds of millions of dollars in settlements and trial verdicts for thousands of plaintiffs over the years" that Vorys has obtained pales in comparison to the billions of dollars in recoveries that every other proposed leadership group has recovered in the past fourteen years. *See Valve*, ECF No. 410 ¶ 5; JOSHUA P. DAVIS & ROSE KOHLES, 2023 ANTITRUST ANNUAL REPORT: CLASS ACTIONS IN FEDERAL COURT 38 (2024), https://papers.ssrn.com/sol3/papers.cfm?abstract_id=5059771. Vorys's plaintiffs' class action work is not its central focus—defending businesses like "Fortune 500 corporations" is. *Valve,* ECF No. 409 at 6.

DRAKE PLS.' RESPONSE IN SUPPORT OF MOT. APPOINT

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & McCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

ground that "the arbitration provision was unenforceable." *Elliott v. Valve Corp.* ("*Elliott*"), 24-cv-1218 (W.D. Wash.) (ECF No. 1 ¶ 31) (emphasis added). Their complaint further alleged that the arbitration provision in the Original SSA was invalid, and that "[t]his class action is superior to any other method for the fair and efficient adjudication of this legal dispute" due to the "risk of inconsistent or varying adjudications." *Elliott*, ECF No. 1 ¶¶ 12, 176–77. This makes sense: to certify the proposed consumer class pursuant to Rule 23(b)(3), whomever is appointed lead counsel must show, and this Court must find, that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." But Bucher has repeatedly represented to this Court—and in attorney advertising directed to Valve consumers like those that it now seeks to represent as lead counsel—that class actions are *not* a superior method for adjudicating these claims.[11]

Six weeks *after* the filing of the *Elliott* Complaint, on September 28, 2024, and while partnered in this case, Bucher attempted to initiate 42,000 new arbitration claims against Valve under the Original SSA, reflecting a position that the Original SSA and its arbitration clause remained valid—contrary to the position it took in the complaint filed before this Court. *Id.*, ECF No. 35-2. Days later, on October 2, *Elliott* Counsel credited themselves in their initial Consumer Class leadership motion with rendering the Original SSA "unenforceable." *Id.*, ECF No. 25 at 8. Valve's counsel attests in a sworn declaration that on the *same day*, Bucher "argued repeatedly" before an arbitrator that the "SSA amendment was invalid," and that the Original SSA continued to mandate arbitration. *Id.*, ECF No. 35 ¶ 13. In opposing *Elliott* Counsel's initial Consumer Class leadership motion, Valve cited numerous examples of Bucher making inconsistent arguments to

---

[11] *Hi Its Will From Bucher Law,* YouTube, https://www.youtube.com/watch?v=3w_PbejgGn8, at 0:32 ("On average, consumers in arbitration recover hundreds of times more than in a class action."); *Elliott*, ECF No. 27-1 at 2 ("Just because your claim must be brought in arbitration doesn't mean you can't recover, and with the help of Bucher Law PLLC, you will often recover more than you would in a class action proceeding."); *Bucher Law PLLC*, Bucher.leverage.law (last accessed Jan. 10, 2025) (same); *Bucher Law PLLC*, Bucherlawfirm.com (last accessed Jan. 10, 2025) ("While every case is different, successful mass arbitrations typically results in hundreds or thousands of dollars for the claimants, which is much higher than a typical class action.").

10

DRAKE PLS.' RESPONSE IN SUPPORT OF MOT. APPOINT

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & McCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

this effect—after filing the *Elliott* Complaint. *Id.*, ECF Nos. 43-1; 35-5 at 3 ("Valve Corporation has provided no reason for the AAA to give deference to the *arguments* [of *Elliott* plaintiffs] currently before Judge Whitehead over the court *order* issued by Judge Coughenour compelling these claims to arbitration."); 35-7; 35-8; *see also Valve Corp. v. Abbruzzese*, 24-cv-1717 (W.D. Wash.) (ECF No. 25-1) ("None of the claimants before you will be challenging the enforceability of the arbitration clause in Valve's Feb. 2022 SSA, under which they have brought their claims, in their proceedings.").[12] Bucher continues to maintain a "Steam Claim Form" website that advertises arbitration representation services to Steam consumers, signaling that arbitration is the superior method of adjudication.[13]

　　　*Elliott* Counsel has thus created a positional conflict that undermines its ability to certify the consumer class under Rule 23(b)(3) and has made itself subject to an adequacy challenge under Rule 23(g)(1)(B). These challenges are not theoretical: Valve and *Colvin* Counsel have each raised *Elliott* Counsel's inconsistent positions between this action and Bucher's representation of Steam consumers in individual arbitrations. *Elliott*, ECF No. 32 at 9–10 (*Elliott* Counsel's inconsistent positions on arbitration "breach counsel's fiduciary duty to the putative class"); *Valve*, ECF No. 379 at 5 (*Elliott* Counsel's "conflicting strategy" on arbitration is "disqualifying"). Additionally, Bucher's co-counsel in these arbitrations, who are not seeking a leadership position here, has acknowledged that Bucher has taken inconsistent positions between its arbitration and *Elliott* on key facts and law.[14] An arbitrator also noted Bucher's "many inconsistent representations before the Court and this tribunal." *Abbruzzese*, ECF No. 43-1 at 16.

---

[12] *Abbruzzese* is a case recently brought by Valve to enjoin certain arbitrations initiated by Bucher, which adds to the collateral complications inherent in Bucher's involvement in this dispute as part of the *Elliott* Counsel slate. 24-cv-1717 (W.D. Wash. Oct. 18, 2024) (ECF No. 1).

[13] *Steam Claim Form*, BUCHER LAW PLLC, https://bucher.leverage.law/ (last accessed Jan. 10, 2025).

[14] *Elliott*, ECF No. 35 ¶ 16 ("Yeah, I won't deny that Will [Bucher] made those representations on behalf of those clients [in *Elliott*]. But he has not made that argument for these three clients [in arbitration] nor have I. And, you know, black letter law, lawyers are allowed to make different arguments for different clients, and that's – we all do that, you know, for whatever reasons."). As explained below, this is incorrect as a matter of professional responsibility.

DRAKE PLS.' RESPONSE IN
SUPPORT OF MOT. APPOINT

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & MCCARTHY L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

The dispute between Valve and Bucher about the latter's inconsistent positions on the enforceability of the arbitration provision will, if *Elliott* Counsel are appointed to represent the Consumer Class, likely resurface at the class certification stage and again in settlement negotiations or at the settlement approval stage. That dispute is ongoing in separate litigation. Valve recently filed a petition to enjoin certain arbitrations brought by Bucher in *Valve Corp. v. Abbruzzese*, 24-cv-1717 (W.D. Wash.). Bucher purports to represent all but one of the respondents to Valve's petition in the *Abbruzzese* action, ECF No. 38-2, and has been admitted on behalf of several. *Abbruzzese*, ECF Nos. 17; 38-2; 47. Thus, in *Abbruzzese*, Bucher must defend the enforceability of the arbitration provision, but in *Elliott*, Bucher claims it is invalid.

A challenge to *Elliott* Counsel's adequacy based on Bucher's inconsistent positions is not in the best interests of the proposed Consumer Class. *See Halman*, 529 F. Supp. 3d at 400 (holding that potential lead counsel had a conflict of interest because "they would be forced to make an argument that directly contradicts their argument" in a parallel case). Professor Stempel opines that *Elliott* Counsel has positional conflicts that render them inadequate under Rule 23(g). Stempel Rep. ¶¶ 35–48. A positional conflict is one in which a law firm takes two contrasting legal positions, and the position that "serve[s] clients in Case A is detrimental to clients in Case B." *Id.* ¶ 43. This conflict may also violate Model Rule of Professional Conduct 1.7.[15] According to Professor Stempel, *Elliott* Counsel's "oscillating promotion of arbitration and class action [resolution] creates a situation in which the firm's success at one argument undermines its chances for success on the other, thereby disadvantaging one or more clients." *Id.* ¶ 44. According to Professor Stempel, "[c]lass members seeking relief in litigation should be represented by counsel committed to litigation rather than counsel committed (however inconsistently) to arbitration of the same violations and disputes." *Id.* ¶ 55. Given the positional conflict, *Elliott* Counsel's "litigation

---

[15] The relevant Washington Rules of Professional Conduct are aligned with the Model Rules. *See In re Disciplinary Proceeding Against McKean*, 64 P.3d 1226, 1234 (Wash. 2003) (en banc).

DRAKE PLS.' RESPONSE IN SUPPORT OF MOT. APPOINT

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & MCCARTHY L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

strategy and conduct will be subject to constant second-guessing." *See Valenti v. Dfinity USA Rsch. LLC*, 2023 WL 3331310, at *5 (N.D. Cal. May 8, 2023).

These conflicts are disqualifying under Rule 23(g) and appointing *Elliott* Counsel as interim lead class counsel could invite collateral litigation on conflict-of-interest issues that will sap resources, detract from the merits of the proposed Consumer Class's claims, increase the likelihood that the Consumer Class will not be certified, and potentially delay their recovery.[16]

2.  Bucher is Subject to Challenges Based on Its Alleged Lack of Professionalism In Representing Valve Consumers

Bucher is also battling challenges regarding alleged ethical lapses in connection with its parallel arbitration proceedings, which will inevitably manifest in adequacy challenges in the Consumer Class action. Counsel's integrity is of "particular significance" in consumer class cases because consumers often lack the "monetary stake and the sophistication in legal and commercial matters that would motivate and enable them to monitor the efforts of class counsel on their behalf." *Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 917 (7th Cir. 2011). Where counsel has exhibited a "lack of integrity," "a court can have no confidence that [counsel] will act as conscientious fiduciaries of the class" as required. *See Schumacher v. Inslee*, 526 F. Supp. 3d 878, 884 (W.D. Wash. 2021) (quoting *Creative Montessori*, 662 F.3d at 918).

While *Elliott* Counsel claim that they have "operate[d] with the highest levels of professionalism," *Valve*, ECF No. 412 at 7, with respect to Bucher, Valve has introduced substantial evidence to the contrary. A declaration from Valve's counsel in the *Abbruzzese* case states that Bucher failed to inform his clients about the arbitration proceedings or respond to repeated requests from arbitration clients seeking guidance after being served with summonses by Valve. ECF No. 13 ¶¶ 7, 10, 11, 13, 15. According to Valve, "several Respondents (or their

---

[16] *Elliott* Counsel argue that there is no conflict between their position that consumers *may* pursue arbitration and their pursuit of class recovery. *Elliott*, ECF No. 41 at 10–11. But this ignores Bucher's statements about arbitrations being a better mechanism for recovery, which is inconsistent with what *Elliott* Counsel must show under Rule 23(b)(3). Regardless, the uncertainty regarding Bucher's conflicting positions is not in the best interests of the proposed Consumer Class.

DRAKE PLS.' RESPONSE IN
SUPPORT OF MOT. APPOINT

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & MCCARTHY L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

parents) have reached out directly . . . to Valve or its counsel for guidance, either because those Respondents do not understand who their counsel is in the arbitrations or because that firm—Bucher Law PLLC—is not responsive to their inquiries." *Id.*, ECF No. 13 ¶ 3. Bucher also told clients that they must pay additional costs to withdraw their arbitration claims, despite Valve offering to cover these amounts. *Id.*, ECF No. 13 ¶ 34. According to Valve counsel's sworn statements, Bucher also signed multiple minors to arbitration agreements without parental consent. *Id.*, ECF No. 13 ¶¶ 13, 17.

Professor Stempel opines that Bucher's dealings with arbitration clients, as described in Valve counsel's sworn declaration, may violate Model Rules of Professional Conduct 1.2, 1.4, and 1.14, and reflect the type of breaches of ethical standards that weigh against counsel's adequacy. Stempel Rep. ¶¶ 61–63. These potential breaches of the rules of professional conduct, which are the subject of contentious litigation in *Abbruzzese*, are disqualifying under Rule 23(g) when weighed against the applications of counsel not subject to the same concerns.

3.  *Elliott* Counsel Will Face Adequacy Challenges Due to Their Inclusion of Bucher

When two firms have a "substantial relationship," the conflicts of one firm are imputed to the other. *Fund of Funds, Ltd. v. Arthur Anderson & Co.*, 567 F.2d 225, 235 (2d Cir. 1977). Courts assess "the closeness and extensiveness of the relationship between co-counsel, and, most importantly, the likelihood that confidential client information has actually been shared." *Benevida Foods, LLC v. Advance Mag. Publishers Inc.*, 2016 WL 3453342, at *13 (S.D.N.Y. June 15, 2016). Courts also consider whether counsel "associated with the [conflicted] counsel *because* of the [conflicted] counsel's prior relationship with the client." *Canatella v. Krieg, Keller, Sloan, Reilley & Roman LLP*, 2012 WL 847493, at *2 (N.D. Cal. Mar. 13, 2012) (emphasis added) (citing *In re Airport Car Rental Antitrust Litig.*, 470 F. Supp. 495, 505 (N.D. Cal. 1979)). The second firm may be disqualified "even in the absence of a showing that confidences [have] actually been disclosed." *Fund of Funds*, 567 F.2d at 236. This is especially the case in the class action context,

14

DRAKE PLS.' RESPONSE IN SUPPORT OF MOT. APPOINT

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & McCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

where class counsel's "integrity and professionalism" is continually "placed at issue" throughout the litigation. *Beltran v. Avon Prods., Inc.*, 867 F. Supp. 2d 1068, 1084 (C.D. Cal. 2012).

All *Elliott* Counsel would have been "well aware" of Bucher's conflict before jointly filing the *Elliott* complaint, given Bucher's public endorsement of arbitrations and work on numerous parallel arbitrations. *See Emblaze Ltd. v. Microsoft Corp.*, 2014 WL 2450776, at *3 (N.D. Cal. May 30, 2014) (quoting *In re Cal. Canners & Growers*, 74 B.R. 336, 348 (Bankr. N.D. Cal. 1987)). While Bucher's co-counsel states that it does not currently represent any arbitration clients, *Elliott*, ECF No. 42 ¶ 3, *Elliott* Counsel filed and signed a *joint* complaint naming *the same four individuals* as plaintiffs whom Bucher previously represented in arbitration, *id.*, ECF No. 1 ¶ 14. "It is . . . reasonable to assume that the two law firms engaged in fairly extensive discussions about the case and Plaintiff's litigation strategy before filing their complaint . . . ." *Beltran*, 867 F. Supp. 2d at 1084.[17] Each firm that signed the complaint affirmed that it had conducted a reasonable inquiry to ensure that "the factual contentions" of the complaint had "evidentiary support," further indicating that *Elliott* Counsel learned confidential information about the circumstances of its plaintiffs' arbitrations. Stempel Rep. ¶ 52 (quoting Fed. R. Civ. P. 11(b)). Additionally, *Elliott* Counsel *jointly* take credit for invalidating the Original SSA and *jointly* moved for leadership. *E.g.*, *Elliott*, ECF No. 25 at 1 ("Proposed Class Counsel challenged the enforceability of Valve's arbitration provision in a series of individual arbitrations.").

Professor Stempel opines: "HBSS and Bucher are in a co-counsel relationship in which they are effectively a law firm for the purposes of this matter, which in turn means that the inconsistency, conflicts, or adequacy problems of Bucher are imputed to HBSS." Stempel Rep. ¶ 51. He observes that "HBSS chose to associate with Bucher *because* of Bucher's prior representation of the four named *Elliott* Plaintiffs." *Id.*; *see also Canatella*, 2012 WL 847493, at

---

[17] *See also Zarco Supply Co. v. Bonnell*, 658 So. 2d 151, 154 (Fla. Dist. Ct. App. 1995) ("To the extent the two firms worked together to draft the complaint and bring the lawsuit, it appears illogical to assume the two firms have not exchanged confidential information."); *Fund of Funds*, 567 F.2d at 233 (finding significant that it was the conflicted firm which conducted the investigation that ultimately led to the filing of the action).

15

DRAKE PLS.' RESPONSE IN
SUPPORT OF MOT. APPOINT

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & McCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

1   *2. Appointing *Elliott* Counsel to a leadership position would invite needless adequacy challenges

2   that provide no benefit to the Consumer Class and imperil class certification.[18]

3           Lead counsel for the Consumer Class must be able to work collegially with counsel for the

4   Publisher Class and defense counsel. *See Guy v. Convergent Outsourcing, Inc.*, 2022 WL

5   17847451, at *1 (W.D. Wash. Dec. 21, 2022) (emphasizing the importance of healthy and efficient

6   working relationships in appointing lead counsel). While the competing plaintiffs' counsel here can

7   all cite examples of working collegially with each other, as is the norm in the plaintiffs' bar, *Elliott*

8   Counsel's focus on one firm's prior constructive efforts with Valve's counsel ignores Bucher's

9   contentious relationship with the same counsel. In the *Abbruzzese* litigation, Valve recently

10  accused Bucher of engaging in "gamesmanship" in "a transparent attempt to delay . . . proceedings

11  without any legitimate justification," ECF No. 37, and Valve also sued Bucher's former law firm

12  related to the arbitrations, which Bucher helped to initiate, against Valve on behalf of consumers,

13  *see Valve Corp. v. Zaiger LLC*, No. 23-cv-1819 (W.D. Wash. Nov. 27, 2023) (ECF No. 1-3 at 1,

14  65).

15          4.    <u>Litigating *Elliott* Counsel's Adequacy Would Create Delay</u>

16          If appointed, Elliott Counsel's adequacy would be an ongoing issue requiring the Court's

17  attention and would needlessly undermine the claims of the Consumer Class and the likelihood

18  that the class will be certified. First, as Valve's opposition to Elliott Counsel's initial leadership

19  motion makes clear, Elliott, ECF No. 32, Valve will likely challenge Elliott Counsel's adequacy in

20  opposition to class certification. *See, e.g., Staton v. Boeing Co.*, 327 F.3d 938, 958 (9th Cir 2003);

21  *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) ("Examination of potential

22  conflicts of interest has long been an important prerequisite to class certification."). Second, if a

23

24  [18] *Elliott* Counsel incorrectly assert that they "pioneered" the theory of liability in this case. *Valve*,
    ECF No. 412 at 2. In fact, the economic literature on platform most-favored nation clauses

25  predates *Elliott* Counsel's efforts by several years. *See* Jonathan B. Baker & Fiona Scott Morton,

26  *Antitrust Enforcement Against Platform MFNs*, 127 Yale L. J. 2176, 2176 (2018); Andre Boik &
    Kenneth S. Corts, *The Effects of Platform Most-Favored-Nation Clauses on Competition and

27  Entry*, 59 J. L. & Econ. 105, 113–29 (2016).

28

DRAKE PLS.' RESPONSE IN
SUPPORT OF MOT. APPOINT

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & MCCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

settlement is reached, objectors may challenge Elliott Counsel's adequacy when the Court considers whether to certify a settlement class. *See, e.g., Murray*, 55 F.4th at 344–45; *In re Literary Works*, 654 F.3d at 252. And Bucher will continue to take positions in its arbitrations and in *Abbruzzese* that may create additional conflicts. It is the Court's responsibility to "renew its stringent examination of the adequacy of class representation throughout the entire course of the litigation." *In re Fine Paper Antitrust Litig.*, 617 F.2d 22, 27 (3d Cir. 1980) ("[T]he trial court has the continuing duty to monitor the status, as to possible conflict, of the class attorneys to assure that the class is adequately represented."). Finally, although Elliott Counsel argue that their experience in arbitration discovery will give it a leg up, it is unclear whether any of that information may be used in the present action. Yet, that "experience" is precisely what has, in the unique circumstances here, established that Elliott Counsel is not the best applicant to be lead counsel for the Consumer Class.

**C.    The Combination of *Hepler* Counsel with *Elliott* Counsel Does Nothing to Resolve the Conflict and Adequacy Issues that Doom *Elliott* Counsel's Application.**

Notably, *Hepler* Counsel do not seek appointment as sole lead counsel. *See Valve*, ECF No. 407-1. Rather, *Hepler* Counsel took the highly unusual step of independently moving to be appointed co-lead counsel with *Elliott* Counsel, without filing a joint motion with *Elliott* Counsel. *Hepler* Counsel apparently did not coordinate with *Elliott* Counsel prior to filing, even though *Hepler* Counsel intends to co-lead the Consumer Class "alongside" *Elliott* Counsel. For its part, *Elliott* Counsel state that they are "evaluating" *Hepler* Counsel's proposal. ECF 412 at 4, n.2. Coordinating the activities of plaintiffs' counsel is a central responsibility of any class counsel. The Manual for Complex Litigation defines the private ordering approach as being where "the lawyers agree who should be lead class counsel." *See also In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 58 (E.D.N.Y. 2006) (describing private ordering as "achieving a consensus among the various attorneys" (citing Manual Complex Lit. § 21.272 (4th ed.)). *Hepler* Counsel's attempt at private ordering misses the mark because its lack of coordination resulted in

DRAKE PLS.' RESPONSE IN
SUPPORT OF MOT. APPOINT

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & MCCARTHY L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

1   two overlapping leadership motions—one to appoint *Elliott* Counsel alone and another to appoint

2   *Elliott* Counsel and *Hepler* Counsel—that seek inconsistent class counsel structures.

3           *Hepler* Counsel suggests that its bid to appoint itself alongside *Elliott* Counsel as interim

4   co-lead class counsel will somehow resolve a "potential problem with the adequacy of [*Elliott*

5   Counsel's] representations." *Valve*, ECF No. 407 at 10. *Hepler* Counsel's proposal solves nothing,

6   and serves only to emphasize the fact that *Elliott* Counsel suffer from conflicts and will likely be

7   challenged as inadequate.

8           *Hepler* Counsel cite two cases in support of its assertion that their "unquestionable loyalty

9   to the proposed class" somehow neutralizes *Elliott* Counsel's conflict. *Valve*, ECF No. 407 at 5, 10;

10  (citing *Radcliffe v. Hernandez*, 818 F.3d 537 (9th Cir. 2016), and *Rodriguez v. W. Publ'g Corp.*,

11  563 F.3d 948 (9th Cir. 2009)). Neither case stands for this proposition. In fact, *Radcliffe* and

12  *Rodriguez* demonstrate the significant detriment to the class that occurs when class counsel are

13  forced to defend their adequacy. In *Radcliffe* and *Rodriguez*, settlement objectors raised issues

14  concerning adequacy at the district court and appellate levels. *Radcliffe v. Experian Information*

15  *Solutions, Inc.*, 715 F.3d 1157, 1161 (9th Cir. 2013); *Rodriguez*, 563 F.3d at 954. In both cases,

16  class members' recovery was substantially delayed while class counsel litigated their adequacy.[19]

17  *Hepler* Counsel focus solely on the result in these cases while ignoring the years of extra litigation

18  needed to reach them. Regardless, neither case stands for the proposition that simply adding an

19  

20  [19] The *Radcliffe* class experienced an eight-year delay in obtaining settlement relief due to the
     litigation of adequacy issues. The original settlement in *Radcliffe* received final approval from the

21  district court in July 2011. 715 F.3d at 1162. In May 2013, the Ninth Circuit held that the district
     court abused its discretion in approving the settlement because the class was inadequately

22  represented. *Id.* at 1168. On remand, the district court in *Radcliffe* approved a revised settlement in
     April 2018. 2018 WL 1989514 (C.D. Cal. Apr. 6, 2018). Approval of the revised settlement was

23  affirmed by the Ninth Circuit in December 2019, although it reversed and remanded the district

24  court's fee award. 794 F. App'x 605 (9th Cir. 2019). The *Rodriguez* class's recovery was delayed
     by nearly two years. The district court approved an antitrust class action settlement in September

25  2007 despite objectors raising adequacy concerns stemming from a conflict of interest. 2007 WL
     2827379 (C.D. Cal. Sept. 10, 2010). Objectors appealed, and nearly two years later, in April 2009,

26  the Ninth Circuit held that, "despite a disturbing appearance of impropriety," the district court was
     not "required to reject the settlement for inadequate representation." 563 F.3d at 960-61.

27                                                    18

28  DRAKE PLS.' RESPONSE IN          **KELLER ROHRBACK L.L.P.**      **COTCHETT, PITRE & MCCARTHY L.L.P.**
    SUPPORT OF MOT. APPOINT         1201 Third Avenue, Suite 3400     1809 7th Avenue, Suite 1610
                                    Seattle, WA 98101                 Seattle, WA 98101
                                    TELEPHONE: (206) 623-1900         TELEPHONE: (206) 802-1272
                                    FACSIMILE: (206) 623-3384         FACSIMILE: (206) 299-4184

unconflicted law firm to a leadership slate solves conflict and adequacy issues. Any settlement reached by *Hepler* Counsel and *Elliott* Counsel would also likely be embroiled in collateral litigation about adequacy issues.

Lastly, *Hepler* Counsel also falls short on the other 23(g) factors. *Hepler* Counsel add no diversity to *Elliott* Counsel's proposed leadership team, which itself is lacking in diversity. And, like *Colvin* Counsel, *Hepler* Counsel treats its local counsel as an afterthought, failing to mention their qualifications even once in the body of its leadership motion.[20] *See Napoleon*, 2024 WL 3652873, at *2 (faulting a proposed leadership group for "mak[ing] almost no reference at all to its chosen local counsel"). In contrast, *Drake* Counsel's team includes many of Seattle's top antitrust class action litigators, with deep experience in this District, and consists of a diverse slate of attorneys who will be responsible for all aspects of this litigation and help lead the litigation on behalf of the Consumer Class. *See Valve*, ECF No. 411 at 6. As appropriately noted by Judge William Orrick, an experienced jurist who has managed several large MDLs and complex cases: "It matters to me that lawyers from groups that have been historically underrepresented in the legal profession have meaningful opportunities to participate in this type of litigation." *In re Meta Pixel Healthcare Litig.*, 2022 WL 18399978, at *4 (N.D. Cal. Dec. 21, 2022). This Court has the opportunity to increase the relevance of this growing and much-needed trend, and *Drake* Counsel present the most diverse group of attorneys to lead this litigation.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court appoint Berger Montague PC, Cotchett, Pitre & McCarthy LLP, and Keller Rohrback LLP as Interim Co-lead Class Counsel and Cotchett, Pitre & McCarthy LLP as Interim Liaison Class Counsel for consumers in these actions because they are the best applicant pursuant to Rule 23(g).

---

[20] While HBSS maintains its home office in Seattle, its proposed attorney slate includes Mr. Berman and a lone junior associate located here. Other members of its team are located in California. *See Valve*, ECF No. 412 at 8–11.

DRAKE PLS.' RESPONSE IN
SUPPORT OF MOT. APPOINT

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & MCCARTHY L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

DATED: December 20, 2024

Respectfully submitted,

By: */s/ David J. Ko*

David Ko, WSBA No. 38299
Derek W. Loeser, WSBA No. 24274
Ryan McDevitt, WSBA No. 43305
KELLER ROHRBACK LLP
1201 Third Avenue, Suite 3400
Seattle, WA 98101
Phone: (206) 623-1900
dko@kellerrohrback.com
dloeser@kellerrohrback.com
rmcdevitt@kellerrohrback.com

By: */s/ Karin B. Swope*

Karin B. Swope, WSBA No. 24015
Thomas E. Loeser, WSBA No. 38701
Vara Lyons (admitted in NY, WSBA pending)
Ellen J. Wen, WSBA No. 61324
COTCHETT, PITRE & MCCARTHY, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Phone: (206) 802-1272
Fax: (650) 697-0577
kswope@cpmlegal.com
tloeser@cpmlegal.com
vlyons@cpmlegal.com
ewen@cpmlegal.com

By: */s/ Michael Dell'Angelo*

Michael Dell'Angelo (*pro hac vice*)
Candice J. Enders (*pro hac vice*)
Zachary Caplan (*pro hac vice*)
Julia McGrath (*pro hac vice*)
Jeremy Gradwohl (*pro hac vice*)
Sarah Zimmerman (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street
Philadelphia, PA 19103
Phone: (215) 875-3000
mdellangelo@bm.net
cenders@bm.net
zcaplan@bm.net
jmcgrath@bm.net

20

DRAKE PLS.' RESPONSE IN
SUPPORT OF MOT. APPOINT

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & MCCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

jgradwohl@bm.net
szimmerman@bm.net

***Attorneys for Plaintiffs Brandon Drake And
Eric Saavedra***

DRAKE PLS.' RESPONSE IN
SUPPORT OF MOT. APPOINT

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & MCCARTHY L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

1

## **CERTIFICATE OF SERVICE**

2

      I hereby certify that on January 10, 2025 I electronically filed the foregoing with the Clerk

3

of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF

4

recipients.

5

                               */s/ David Ko*
                               David Ko

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22

DRAKE PLS.' RESPONSE IN
SUPPORT OF MOT. APPOINT

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & McCARTHY L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LCR 7 CERTIFICATION**

I certify that this memorandum contains 7,525 words, in compliance with the Local Civil Rules and the Court's December 6, 2024 Order Consolidating Cases and Setting Briefing Schedule (ECF No. 394 at ¶ 2.3).

DATED: January 10, 2025.

*/s/ David Ko*
David Ko

DRAKE PLS.' RESPONSE IN
SUPPORT OF MOT. APPOINT

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & MCCARTHY L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184