## UPDATED EXPERT REPORT OF MERRI BALDWIN

### I.    PURPOSE OF ENGAGEMENT

1.    I have been asked by Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and Bucher Law PLLC, counsel for plaintiffs John Elliott, Ricardo Camargo, Javier Rovira and Bradley Smith, to offer an opinion on two issues that have been raised as part of briefing pending before this Court: 1) whether the concurrent representation of both game publishers and game consumers in this action by Vorys Sater Seymour &Pease LLP (the "Vorys firm") would give rise to a conflict of interest; and 2) whether the concurrent representation of individual arbitration claimants and the proposed consumer class in this action by Bucher Law PLLC would give rise to a conflict of interest on the part of proposed interim co-lead counsel Hagens Berman and Bucher Law.

2.    I submit this updated report to reflect my review of additional materials, including the amended motion filed by the Colvin Plaintiffs [ECF No. 409]; the motion filed by Plaintiffs Drake and Saavedra [ECF No. 411]; and the motion filed by the Hepler Plaintiffs [ECF No. 407.]

3.    I base my opinions on standards of professional conduct including the Rules of Professional Conduct of Washington and the American Bar Association (ABA) Model Rules; case law construing attorney obligations and standards governing lawyers' ethical obligations and duties; and other guidance such as ethics opinions and legal treatises.  My opinions are also based on my experience as a practicing lawyer, my understanding of the applicable rules and standards, and my training.

4.    I am being paid an hourly rate of $800 for my work on this matter.

### II.    QUALIFICATIONS

5.    I am an attorney licensed in California, the District of Columbia and

Washington state.  My practice focuses on issues of attorney liability and conduct, including advising on matters involving legal ethics and professional responsibility, and litigating matters involving legal malpractice and discipline and regulation, as well as complex business litigation. I am outside counsel to a number of law firms, legal services organizations and public interest law firms.  I am a shareholder at Roger Joseph O'Donnell P.C. where I serve as the firm's general counsel and the co-chair of the Attorney Liability and Conduct practice group.

6.      I am a specialist in legal malpractice law as recognized by the California Board of Legal Specialization.  I graduated from Smith College, received my J.D. from the University of California, Berkeley, and was a Fulbright Scholar at the London School of Economics.  I am a member of the California Lawyers Association Legal Ethics Committee and a former chair of the State Bar of California Standing Committee on Professional Responsibility and Conduct.  I served as the President of the Bar Association of San Francisco and Justice and Diversity Center in 2017.  Since 2015, I have been a lecturer at the University of California, Berkeley School of Law, where I teach professional responsibility.  From 2011 to 2015, I taught at Golden Gate University School of Law.  I am a co-editor of The Law of Legal Malpractice, published by the ABA.

7.      I have testified as an expert on legal ethics and the standard of care at deposition and trial as well as arbitration.

8.      I regularly speak on topics involving legal ethics, professional responsibility, lawyer standard of care and related matters, including to professional organizations and at state and national bar association conferences.  A copy of my curriculum vitae is attached as **Exhibit A**.

9.      I have testified as an expert on legal ethics and the standard of care at

deposition and trial as well as arbitration.  A list of all other cases in which I have testified at trial or deposition over the last four years is attached as **Exhibit B**.

III.    **OPINIONS**

10.    I have been asked to provide opinions on the following issues:  1) whether the concurrent representation of both game publishers and game consumers in this action by the Vorys firm would give rise to a conflict of interest; and 2) whether the concurrent representation of individual arbitration claimants and the proposed consumer class in this action by Buchar Law would give rise to a conflict of interest on the part of proposed interim co-lead counsel Hagens Berman and Bucher Law.

11.    The materials I have reviewed in the course of preparing my opinion and on which my opinion is based are listed in **Exhibit C**.  The materials I have reviewed include the briefing submitted in connection with the motions to appoint interim class counsel, including the amended motion filed by the Colvin Plaintiffs [ECF No. 409]; the motion filed by the Drake Plaintiffs [ECF No. 411]; and the motion filed by the Hepler Plaintiffs [ECF No. 407.]  The facts I rely on are set forth in those materials and/or referenced herein.

12.    With regard to the first question, my opinion is that the concurrent representation of both game publishers and game consumers in this action, as proposed by the Vorys firm, would give rise to a conflict of interest pursuant to Rule 1.7 of the ABA Model Rules and the Washington Rules of Professional Conduct.  This opinion is based upon the fact that this situation presents a classic conflict scenario, prohibited by the ethics rules as well as by the law governing class actions:  where two different groups have competing claims to the same set of damages, and the recovery by one class will necessarily mean less for the other.

13.    I am informed and understand that this litigation involves two groups of direct purchasers.  One, the publishers, contend that defendant's anticompetitive conduct allows

Valve to charge the publishers "supracompetitive commissions" on the sale of Valve games. Some part of that overcharge is passed along to consumers. Therefore, some of the overcharge is paid by the publishers, and some portion is paid by the consumers. The damages theory advanced by Vorys is based on the alleged overcharge, and seeks to apportion that pool of damages among the publishers on the one hand and the consumers on the other. In its analysis, Vorys calculates the greater share allocable to the publishers.

14.    The reason this kind of scenario creates a conflict is that lawyers are ethically prohibited by the duty of loyalty from favoring the interests of one client over another client's interests, or, as here, the interests of one group of clients over the interests of another group with competing claims, because in that situation the lawyers may not represent each client with undivided loyalty.

15.    Washington Rule 1.7(a) provides that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interests exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer." A lawyer has a conflict under Rule 1.7 if "there is a significant risk that a lawyer's ability to consider, recommend or carry out an appropriate course of action for the client will be materially limited as a result of the lawyer's other responsibilities or interests." Rule 1.7, Comment [8].

16.    Here, the concurrent representation of the publisher plaintiffs and the consumer plaintiffs by the same law firm would violate Rule 1.7 because, pursuant to the damages model that I understand the Vorys firm has advanced, the two classes of plaintiffs

582128.1

would have directly competing claims to the same, limited set of damages.  Under this theory, the overcharge must be allocated between publishers and consumers based on an estimated rate of "pass-through."  The higher percentage one class obtains, the less that is available for the other.  That is a classic "zero-sum" circumstance, in which a lawyer may not jointly represent the two competing sets of clients under Rule 1.7:  the obligations the firm owes to one set of clients prevents it from fully advocating for the interests of the other, creating a "significant risk of a material limitation" in the representation of both.  This is a clear violation of the duty of loyalty, and thus a conflict of interest, with serious ramifications for the law firm's handling of the matter from establishing the elements of liability (including antitrust impact), class certification, discovery and more.  This is not a speculative conflict, but a reasonably foreseeable conflict that could affect the handling of this litigation as well as allocation of damages.  I am not aware of any similar case in which a court has found adequacy of representation where counsel concurrently represents classes with directly competing claims.

17.    With regard to the second question I have been asked to consider, whether the concurrent representation of individual arbitration claimants and the proposed consumer class in this action by Bucher Law would give rise to a conflict of interest, my opinion is that this situation does not create a material conflict.

18.    I am aware that Defendant has alleged that Bucher Law should not be appointed as co-Lead Counsel because it has an "actual conflict" arising from its simultaneous representation of putative class members in separate arbitration proceedings and its proposed representation of the consumer class members in this action.  *See* Valve Corporation's Response to Plaintiffs' Motion to Appoint Hagens Berman Sobol Shapiro LLP and Bucher Law PLLC as Interim Co-Lead Counsel, [ECF No. 32]; *see also Drake* Plaintiffs' Motion to Appoint Counsel

[ECF No. 411 at 15].  As I understand the argument, the alleged conflict is based on Bucher Law's "continued representation of individual putative class members in thousands of parallel, overlapping arbitrations against Valve."  (*Id.,* p. 2)  Valve and Drake Counsel argue that "Bucher is taking positions in those arbitrations directly contrary to positions Proposed Class Counsel takes here, imperiling Plaintiffs' ability to pursue this action on a class-wide basis."  (*Id.*)

19.     My review of the issues in this matter suggests that this argument misstates both the legal positions taken by Bucher Law and their potential effect here.  Further, in my opinion Bucher Law's representation of consumer plaintiffs in arbitration would not create a "significant risk of a material limitation" in its representation of the consumer class here, sufficient to create a conflict under Rule 1.7.  Further, there is no serious argument that Hagens Berman has a conflict, let alone that proposed interim counsel Cohen Milstein (who would serve alongside the Elliott plaintiffs' counsel) has a conflict.

20.     As a starting point, the mere fact that a lawyer represents clients in different tribunals in which the lawyer may advance inconsistent positions does not give rise to an inherent conflict of interest under Rule 1.7.  For a lawyer in that position to have a conflict of interest, the circumstances must create a significant risk of a material limitation in the representation of one or more clients.

21.     I understand that Bucher Law's position is that its successful challenge to Valve's arbitration provision permits consumers to participate in this class action.  At the same time, Bucher Law argues that having already compelled arbitration under its prior consumer agreements, Valve is precluded by estoppel and other applicable doctrines from unilaterally divesting arbitrators of jurisdiction over pending arbitrations.  That is, while consumers are not *required* to arbitrate, Bucher Law's position is that consumers subject to Valve's prior consumer

agreements can elect to arbitrate. I understand that the proposed class will not include any consumers who elect to resolve their claims through arbitration.

22. The issue of whether Bucher Law's position with respect to arbitrability is correct is a legal determination, which will be made in the appropriate tribunal(s). The immediate question though is whether the fact that Bucher Law represents both plaintiffs in arbitration as well as consumer plaintiffs here creates the significant risk of material limitation that Rule 1.7 addresses.

23. In my opinion, the fact that Bucher Law jointly represents plaintiffs who have chosen to arbitrate claims as well as the proposed consumer class here should not create a conflict under Rule 1.7. The representation of the arbitration plaintiffs does not create any obvious risk of negatively impacting counsel's representation of the class. Valve suggests some possible ways that Bucher Law could be in a position to advantage one set of clients over another, but none of these appears to be more than a hypothetical possibility that exists whenever counsel represents more than one client, rather than an articulation of specific risks present here. *See* ECF No. 32, p. 8. To prove that a conflict of interest exists, it is not enough to allege theoretical possibilities. Rather, the test set forth in Rule 1.7 is a "significant risk of a material limitation." I do not see that test met here.

24. Lastly, I note that the arguments as to Bucher Law's alleged conflicts do not apply to co-counsel Hagens Berman, since Hagens Berman does not represent any plaintiffs in arbitration. Hagens Berman of course have their own ethical obligations to their clients to represent them consistent with ethical obligations including the duty of loyalty. This operates to protect the class clients from any impact of possible conflicts by joint counsel, even if there were such conflicts.

582128.1

25.    That same point is true with respect to proposed interim counsel Cohen Milstein, who propose serving alongside Hagens Berman as counsel for the proposed class and clearly has no conflict.

Dated:  January 10, 2025                     RESPECTFULLY SUBMITTED,

By: _____
     MERRI A. BALDWIN

# EXHIBIT A

**Merri A. Baldwin**                          311 California Street, 10th Floor
San Francisco CA 94104
(415) 956-2828
mbaldwin@rjo.com

---

**LEGAL EXPERIENCE**

**Rogers Joseph O'Donnell PC**
1989-2005; 2012 to present; Shareholder and General Counsel

**Chapman Popik & White LLP**
Of Counsel/Partner 2005-2012

Litigation practice with focus on business litigation and matters concerning attorney liability and conduct including legal malpractice, breach of fiduciary duty, malicious prosecution, sanctions, fee disputes, partnership disputes and motions to disqualify. Advise law firms and attorneys on legal ethics and risk management issues and serve as an expert witness/consultant in the areas of standard of care, ethics and fees. Defend attorneys in disciplinary matters before the State Bar of California. Represent plaintiffs and defendants in business litigation matters in state and federal court including breach of contract, fraud, trade secrets, unfair competition, employment, intellectual property, and government contracts. Certified as a Specialist in Legal Malpractice Law, California Board of Legal Specialization.

**EDUCATION**

**University of California Berkeley School of Law**
J.D. Co-Editor-in-Chief, Berkeley Women's Law Journal

**London School of Economics**
London, England
Fulbright scholar. Graduate work in political sociology

**Smith College**
A.B. *magna cum laude* with high honors
Phi Beta Kappa

**TEACHING**

**University of California, Berkeley School of Law,** Lecturer 2015 to present, teaching Professional Responsibility

**Golden Gate University School of Law**, Adjunct Professor 2011-2014, teaching Professional Responsibility

1

**PROFESSIONAL AFFILIATIONS AND AWARDS**

**State Bar of California, Closing the Justice Gap Working Group** Vice-Chair 2020 to 2022

**California Lawyers Association Ethics Committee** Member 2019 to present

**Association of Professional Responsibility Lawyers** Member, Board of Directors 2022 to present

**State Bar of California Standing Committee on Professional Responsibility and Conduct**, Advisor, 2016-2017; Chair 2015-2016; Member 2011-2017

**Bar Association of San Francisco (BASF)**, President 2017; Board of Directors 2009 – 2012

**American Bar Association, Professional Services Litigation Committee**, Legal Malpractice Subcommittee Co-Chair 2007 – 2022

**Hastings College of the Law,** Mentor, Start-Up Legal Garage 2015

**BASF Outstanding Volunteer in the Public Service Award** 2017 through 2020 for pro bono work in the area of guardianship

**BASF Legal Malpractice Section**, Co-Chair 2011-2014; Executive Committee 2015-2018

**BASF Foundation Board of Directors**, Member 2008 - 2010

**Award of Merit, Bar Association of San Francisco** 2008 for work on the Marriage Fairness Task Force

"**Super Lawyers,**" Northern California 2006 – 2024

**BASF Attorney-Client Fee Dispute Committee**, Arbitrator; Vice-Chair 2003 – 2007

**Bay Area Lawyers for Individual Freedom** Member 1989-present; Co-Chair Judiciary Committee 2001-2004

**SELECTED LECTURES AND PRESENTATIONS**

Keeping Up With the Technologies: The Real Life Ethics Issues of Using Generative AI in Law Practice
    ABA Artificial Intelligence and Robotics National Institute
    Santa Clara, California October 2024

California MCLE Marathon
    Practicing Law Institute, San Francisco, December 2006 - 2024 (annual program)
    Chair 2013-2024

## Selected Lectures and Presentations (cont'd)

Calling Perry Mason: Ethical Issues During Trial
    Association of Professional Responsibility Lawyers Annual Meeting
    Chicago IL August 2024

Ethical Issues for Privacy and Data Security Professionals
    Practicing Law Institute Annual Institute on Privacy and Cybersecurity Law
    San Francisco, California May 2023, Chicago Illinois June 2023

Ethics and Diversity
    Los Angeles County Bar Association Diversity Conference
    April 2023

Facts, Fictions and Future Steps in U.S. Regulatory Reform
    Association of Professional Responsibility Lawyers Midyear Meeting
    New Orleans, Louisiana February 2023

With Great Power Comes Great Responsibility:  Connecting Legal Ethics to IoT
    ABA National Institute on the Internet of Things
    Webinar September 2022

Ethics Update for the IP Lawyer
    PLI Intellectual Property Law Institute 2017-2023

Perils of Fee Sharing With Nonlawyers
    PLI New Law Institute 2020-2024 (Webinar)

Ethical Issues for Privacy and Data Security Professionals
    Practicing Law Institute Annual Institute on Privacy and Cybersecurity Law
    San Francisco, California May 2022

Serving Clients With Diminished Capacity
    Practicing Law Institute April 2022, April 2023 and April 2024(webinar)

IoT:  An Existential Threat to Ethics?
    American Bar Association Internet of Things National Institute September 2020

Show Me the Money:  Ethical Issues in Charging and Collecting Attorney Fees
    California Lawyers Association Annual Meeting September 2020

The New California Rules of Professional Conduct
    Institute for Corporate Counsel, USC Gould School of Law December 2019

Recent Updates in the Law of Lawyering
    PILOT/Legis Annual Conference, November 2019, 2020 and 2022

**Selected Lectures and Presentations (cont'd)**

When are Conflict Waivers Effective and When Are They Not
    California Lawyers Association Annual Meeting
    Monterey California October 11, 2019

Ethical Considerations in the Startup Space
    California Lawyers Association IP Institute, San Jose, CA November 9, 2018

Law and Ethics of Attorney Mistakes
    State Bar of California Statewide Ethics Symposium
    San Francisco CA April 6, 2018

Fifty Shades of Gray:  Exploring IoT Ethical Issues
    ABA Second IoT National Institute, Washington, D.C. May 10, 2017

What You Don't Know But Should About the New Proposed Rules
    State Bar of California Statewide Ethics Symposium
    Los Angeles, California April 21, 2017

Critical Ethics Issues for the IP Lawyer
    Practicing Law Institute's Intellectual Property Law Institute 2016
    San Francisco, California, October 25, 2016

Ethics Update 2016:  Significant Developments in the Law of Lawyering
    State Bar of California Annual Meeting
    San Diego, California, September 30, 2016

The Two-Step Shuffle:  Moving Side to Side or Lateral Movement By Lawyers
    American Bar Association National Conference on Professional Responsibility,
    Philadelphia, PA June 3, 2016

The Connected Lawyer and the Ethics Rules
    Practicing Law Institute, Institute on Privacy and Data Security Law, San Francisco, CA May 16,
    2016; Chicago July 12, 2016

Strength in Numbers:  Ethics in Class and Mass Actions
    State Bar of California Statewide Ethics Symposium April 2016

Legal Malpractice and Professional Ethics:  Recent Developments
    Bar Association of San Francisco, January 22, 2016

Recent Developments in the Law Governing Lawyers
    State Bar of California Annual Meeting, Anaheim, CA October 2015

**Selected Lectures and Presentations (cont'd)**

Contracting Around Ethics
    ABA Professional Responsibility Conference, San Diego 2014

Disruptive Ethics?  Innovative Models of Providing Legal Services
    State Bar of California Statewide Ethics Symposium, April 12, 2014

## BAR AND COURT ADMISSIONS

California
Washington
District of Columbia
United States District Court – Northern, Eastern, Central and Southern Districts of California
United States Court of Appeal – Ninth Circuit
United States Supreme Court

## SELECTED PUBLICATIONS

"Put Your Money Where Your Mouth Is:  Ethical Guidelines for Lawyers Investing in Clients,"
    *California Lawyers Association Business Law News,* Issue 2, 2024 (Summer 2024)

"*Sheppard Mullin* and Beyond: Advance Waivers, Disclosures and Arbitration Agreements",
    *California Litigation*, Vol. 34, no. 2 (2021)(with Amy Bomse)

"Misconduct Has Its Price:  Sanctions Against Attorneys," *California Bar Journal*, State Bar of
    California, September 2016

"When Moving On, First Protect Clients' Interests," *Daily Journal*, December 5, 2014

"Discoverability of Witness Interviews: To What Extent Do the Work Product Doctrine and/or the
    Attorney-Client Privilege Apply?" *Association of Workplace Investigators Journal*, October
    2014, vol. 5, no. 4

"California's MCLE Requirements:  Complying With the Rules and Your Ethical Obligations"
    *California Bar Journal*, State Bar of California, September 2014

"The Jury is Not Your 'Friend'," *Daily Journal*, May 2, 2014

"Risky Business:  Identifying, Preventing and Managing Conflicts of Interest," *The Woman
    Advocate* (ABA) Spring 2014, vol. 19, no. 3

"An Ounce of Prevention:  Managing Disqualification Risks Through Advance Conflict Waivers,"
    *IP Litigator*, March/April 2014

"Lawyers Representing Start-Ups: Managing Ethical Risks and Obligations," *California Bar Journal*, State Bar of California, December 2013

"Discoverability of Witness Interviews: To What Extent Do the Work Product Doctrine and/or the Attorney-Client Privilege Apply," *California Bar Journal*, State Bar of California, February 2013

The Law of Lawyers' Liability
Co-editor; First Chair Press/American Bar Association 2012

Fee Agreement Forms Manual
Consulting Editor, Continuing Education of the Bar (2d Ed. 2006-2018, 2023)

# EXHIBIT B

**MERRI A. BALDWIN EXPERT TESTIMONY SINCE 2020 (DEPOSITION, TRIAL AND ARBITRATION)**

| Year | Retained by: | On behalf of: | Name of Matter | Court or Venue | Task |
|------|-------------|---------------|----------------|----------------|------|
| 2021 | Quinn Emanuel Urquhart & Sullivan | Sanford Michelman and Michelman & Robinson LLP | *TLD Acquisition Co., LLC and Mario Ernst v. Sanford Michelman and Michelman & Robinson LLP* | Los Angeles Superior Court | Deposition |
| 2021 | Keller Anderle LLP | CashCall Inc., J. Paul Reddam and WS Funding LLC | *CashCall Inc., J. Paul Reddam and WS Funding, LLC v. Katten Muchin Rosenman LLP and Claudia Callaway* | Orange County Superior Court | Deposition |
| 2021 | Umberg Zipser | John Park | *John Park v. Law office of Tracey Buck-Walsh and Tracey Buck-Walsh* | Sonoma Superior Court | Deposition and trial testimony |
| 2022 | Lerch Sturmer LLP | McKinley, Conger & Jolley, LLP | *Roberto Davila And John M. O'brien v. Aaron S. Mckinney; Shore and McKinley, Conger & Jolley, LLP* | Sacramento Superior Court | Deposition |
| 2022 | Hodel Wilks LLP | Morgan, Lewis & Bockius LLP | *Solis Capital Partners II, L.P., et al. v. Morgan, Lewis & Bockius, LLP* | Orange County Superior Court | Deposition |
| 2022 | Law Offices of Xavier Lavoipierre and William Paynter | Andy Saberi and Thomas Saberi | *Joseph M. Alioto dba Alioto Law Firm v. Andy Saberi, Thomas Saberi* | San Mateo Superior Court | Deposition |
| 2022 | Quinn Emanuel Urquhart & Sullivan | Quinn Emanuel Urquhart & Sullivan | *Quinn Emanuel Urquhart & Sullivan v. Engstrom, Lipscomb & Lack* | ADR Services – Los Angeles | Arbitration Testimony |
| 2023 | Long & Levit LLP | Orrick, Herrington, Sutcliffe LLP | *Broadband iTV, Inc. v. Orrick, Herrington, Sutcliffe LLP* | San Francisco Superior Court | Deposition |
| 2023 | Hoge Fenton Jones & Appel, Inc. | James Templeton and DeLacey, Riebel & Shindell LLP | *Walker, Hamilton & Koenig, LLP v. James Templeton et al.* | San Francisco Superior Court | Deposition |
| 2023 | Hanson Bridgett LLP | Goyette & Associates, Inc. | *Henley Finance LTD v. Goyette & Associates Inc., et al.* | USDC Eastern District of CA | Deposition |
| 2024 | Long & Levit LLP | Martin Enright and Litman Krooks LLP | *Kenneth Rickel v. Martin Enright and Litman Krooks LLP* | Los Angeles Superior Court | Deposition and Trial Testimony |

| Year | Retained by: | On behalf of: | Name of Matter | Court or Venue | Task |
|------|-------------|---------------|----------------|----------------|------|
| 2024 | Hoge Fenton | Loren Vaccarezza | *Sutter's Place dba Bay 101 v. SJ Bayshore Development; SJ Bayshore v. Vaccarezza* | Santa Clara Superior Court | Deposition<br><br>Trial Testimony |
| 2024 | Altshuler Berzon LLP | Peiffer Wolf | *Levin Simes LLP v . Rachel Abrams; Brian Perkins; Peiffer Wolf Carr Kane Conway & Wise, LLP* | JAMS Arbitration | Arbitration Testimony |

# EXHIBIT C

**Documents Reviewed**
**USDC Western District of Washington Case No.:  2:24-cv-01218-JNW**
*John Elliott, Ricardo Camargo, Javier Rovira and Bradley Smith v. Valve Corporation*

**USDC Western District of Washington Case No.:  2:21-cv-00563-JNW**
*Wolfire Games, LLC, Sean Colvin, Susann Davis, Daniel Escobar, William Herbert, Ryan Lally, Hope Marchionda, Everett Stephens, individually and on behalf of all others similarly situated,*
*IN RE VALVE ANTITRUST LITIGATION*

2021-07-27    Motion for Appointment of Interim Co-Lead Class Counsel –
filed in case 2:21-cv-00563-JCC

2021-07-27    Declaration of David D. Golden in support of the motion to appoint Quinn
Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), Constantine Cannon,
and Vorys, Sater, Seymour and Pease LLP ("Vorys Sater") as Interim Co-Lead
Class Counsel – filed in case 2:21-cv-00563-JCC

2021-07-27    Declaration of Jeffrey Shinder in support of the motion to appoint Quinn
Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), Constantine Cannon,
and Vorys, Sater, Seymour and Pease LLP ("Vorys Sater") as Interim Co-Lead
Class Counsel – filed in case 2:21-cv-00563-JCC

2021-07-27    Declaration of Kenneth Rubin in support of the motion to appoint Quinn
Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), Constantine Cannon,
and Vorys, Sater, Seymour and Pease LLP ("Vorys Sater") as Interim Co-Lead
Class Counsel – filed in case 2:21-cv-00563-JCC

2021-07-27    Declaration of Steig Olson in support of the motion to appoint Quinn Emanuel
Urquhart & Sullivan, LLP ("Quinn Emanuel"), Constantine Cannon, and
Vorys, Sater, Seymour and Pease LLP ("Vorys Sater") as Interim Co-Lead
Class Counsel - filed in case 2:21-cv-00563-JCC

2021-08-13    Dark Catt Plaintiffs' Motion for Appointment of Co-lead Interim Counsel for
Proposed Developer Class - filed in case 2:21-cv-00563-JCC

2021-08-13    Declaration of Joseph Bourne in support of Plaintiffs' Motion for Appointment
of Co-Lead Interim Counsel for Proposed Developer Class – filed in case
2:21-cv-00563-JCC

2021-08-13    Declaration of Kenneth O'Rourke in support of Plaintiffs' Motion for
Appointment of Co-Lead Interim Counsel for Proposed Developer Class –
filed in case 2:21-cv-00563-JCC

**Documents Reviewed**
*USDC Western District of Washington Case No.:  2:24-cv-01218-JNW*
*USDC Western District of Washington Case No.:  2:21-cv-00563-JNW*

2021-08-13    Declaration of Joseph Bruckner in support of Plaintiffs' Motion for Appointment of Co-Lead Interim Counsel for Proposed Developer Class – filed in case 2:21-cv-00563-JCC

2021-09-03    Wolfire Plaintiffs' Reply in support of Motion to Appoint Interim Counsel and Opposition to Dark Catt's Cross- Motion for Appointment of Co-lead Interim Counsel for Proposed Developer Class - filed in case 2:21-cv-00563-JCC

2021-09-17    Dark Catt Plaintiffs' Reply in support of Motion for Appointment of Co-lead Interim Counsel for Proposed Developer Class - filed in case 2:21-cv-00563-JNW

2021-10-05    Order Denying [Wolfire counsel and Dark Catt counsel] motions to be appointed interim co-lead class counsel "in seemingly dueling class actions" (C21-0563-JCC, Dkt. No. 38; C21-0872-JCC, Dkt. No. 27) - filed in case 2:21-cv-00563-JCC

2022-07-22    Motion for Appointment of Interim Co-Lead Class Counsel - filed in case 2:21-cv-00563-JCC

2022-08-12    Order Granting Plaintiffs Wolfire Games, LLC, Dark Catt Studios Holdings, Inc., and Dark Catt Studios Interactive LLC's (collectively "Plaintiffs") unopposed motion to appoint interim lead class counsel - filed in case 2:21-cv-00563-JCC

2024-10-02    Plaintiffs' Motion to Appoint Hagens Berman and Bucher Law as lead counsel - filed in case 2:24-cv-01218-JNW

2024-10-02    Declaration of Steve Berman in support of Plaintiffs' Motion for Appointment of Hagens Berman and Bucher Law as Lead Counsel - filed in case 2:24-cv-01218-JNW

2024-10-02    Declaration of Will Bucher in support of Plaintiffs' Motion for Appointment of Hagens Berman and Bucher Law as Lead Counsel - filed in case 2:24-cv-01218-JNW

2024-10-04    Consumer Plaintiffs' Motion to Consolidate and Appoint Vorys, Sater as Interim Lead Counsel - filed in case 2:24-cv-01218-JNW

2024-10-04    Motion to Consolidate Cases and Appoint Vorys, Sater as Interim Lead Counsel - filed in case 2:21-cv-00563-JNW

579422.2

**Documents Reviewed**

*USDC Western District of Washington Case No.: 2:24-cv-01218-JNW*
*USDC Western District of Washington Case No.: 2:21-cv-00563-JNW*

| | |
|---|---|
| 2024-10-04 | Declaration of Kenneth Rubin in support of Consumer Plaintiffs' Motion to Consolidate and Appoint Vorys, Sater as Interim Lead Counsel – filed in case 2:24-cv-01218-JNW |
| 2024-10-11 | Notice of Motion to Consolidate cases  – filed in 2:24-cv-01218-JNW |
| 2024-10-17 | Valve Corp.'s Opposition to Plaintiffs' Motion to Appoint Hagens Berman and Bucher Law as lead counsel - 2:24-cv-01218-JNW |
| 2024-10-17 | Consumer Plaintiffs' Motion to Intervene - filed in case 2:24-cv-01218-JNW |
| 2024-10-17 | Declaration of Kenneth Rubin in support of Consumer Plaintiffs' Motion to Intervene - filed in case 2:24-cv-01218-JNW |
| 2024-10-17 | Declaration of Andrew Fuchs in support of Consumer Plaintiffs' Motion to Intervene - filed in case 2:24-cv-01218-JNW |
| 2024-10-17 | Consumer Plaintiffs' Opposition to Plaintiffs' Motion to Appoint Hagens Berman and Bucher Law as lead counsel - filed in case 2:24-cv-01218-JNW |
| 2024-10-17 | Declaration of Kenneth Rubin in support of Consumer Plaintiffs' Opposition to Plaintiffs' Motion to Appoint Hagens Berman and Bucher Law – filed in case 2:24-cv-01218-JNW |
| 2024-10-18 | Stipulation and Proposed Order regarding Deadlines to Consumer Plaintiffs' Motion to Consolidate - filed in case 2:21-cv-00563-JNW |
| 2024-10-21 | Elliott Plaintiffs' Opposition to Consumer Plaintiffs' Motion to Consolidate and Appoint Vorys, Sater as Interim Lead Counsel - filed in case 2:21-cv-00563-JNW |
| 2024-10-21 | Response by Defendant Valve Corporation supporting Consumer Plaintiffs' Motion to Consolidate - filed in case 2:21-cv-00563-JNW |
| 2024-12-20 | [407] Hepler Plaintiffs' Motion to Appoint Cohen Milstein as Interim or Lead Counsel |
| 2024-12-20 | [409] Colvin Plaintiffs' [Amended] Motion to Appoint Interim Lead Counsel |
| 2024-12-20 | [411] Plaintiffs' Drake and Saavedra Motion to Appoint Keller and Cotchett as Interim and Liaison Counsel |

**Other Materials**

579422.2

**Documents Reviewed**
*USDC Western District of Washington Case No.: 2:24-cv-01218-JNW*
*USDC Western District of Washington Case No.: 2:21-cv-00563-JNW*


2024-10-21    Letter to Arbitrator John E. Ohashi from Will Bucher of Bucher Law re *25 Individual Claimants v. Valve Corporation d/b/a/ Steam*: Claimant's Objection to Valve's Second Motion to Dismiss for Lack of Jurisdiction

579422.2