HON. JAMAL N. WHITEHEAD

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION<br><br>This Filing Relates to:<br><br>ALL ACTIONS | No. 2:21-cv-00563-JNW<br><br>**COLVIN PLAINTIFFS' REPLY IN SUPPORT OF AMENDED MOTION TO APPOINT VORYS, SATER, SEYMOUR AND PEASE LLP AS INTERIM LEAD CLASS COUNSEL**<br><br>NOTE ON MOTION CALENDAR:<br>January 17, 2025 |

COLVIN PLAINTIFFS' REPLY IN SUPPORT OF AMENDED LEADERSHIP MOTION
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-6400

## TABLE OF CONTENTS

**Page(s)**

I.  INTRODUCTION .................................................................................................. 1

II. LAW AND ARGUMENT ..................................................................................... 2

   A.  Opposition Counsel make unsubstantiated and untrue arguments ........................ 2

      1.  Vorys has continuously advocated for consumers since filing the first complaint in this matter almost exactly four years ago ...................... 2

      2.  Vorys has experienced antitrust and class action attorneys who are qualified to lead this case ........................................................................ 4

   B.  Vorys does not have a conflict in this two-sided platform case ............................ 5

      1.  Consumers and developers have the same theory of liability and damages in this case, so no conflict exists .................................................. 5

      2.  Opposition Counsel make conflict arguments that do not apply to this case ........................................................................................................... 7

      3.  Drake and Elliott Counsel's attempt to manufacture a conflict issue with alleged expert testimony is inappropriate ......................................... 10

III. CONCLUSION ..................................................................................................... 11

COLVIN PLAINTIFFS' REPLY IN SUPPORT OF
AMENDED LEADERSHIP MOTION
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-6400

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975)........................................................................... 5

*California v. ARC Am. Corp.*, 490 U.S. 93 (1989) ......................................................................... 9

*Cameron v. Apple, Inc.*, No. 4:19-cv-3074 (N.D. Cal.) .................................................................. 9

*Donelson v. Providence Health & Servs. - Wash.*, 823 F. Supp. 2d 1179 (E.D. Wash. 2011) ......................................................................................................................................... 10

*Grubhub et al. v. Visa et al.*, No. 1:19-cv-07273 (N.D. Ill.) ........................................................... 4

*In re Apple iPhone Antitrust Litig.*, No. 4:11-cv-6714 (N.D. Cal.) ................................................ 9

*In re Fresh & Process Potatoes Antitrust Litig.*, No. 4:10-MD-2186-BLW (D. Idaho) ................ 4

*In re Google Digital Advert. Antitrust Litig.*, No. 5:20-cv-3556 (N.D. Cal.) ........................... 9, 10

*In re Google Play Consumer Antitrust Litig.*, No. 3:20-cv-5761 (N.D. Cal.) ................................ 9

*In re Google Play Developer Antitrust Litig.*, No. 3:20-cv-5792 (N.D. Cal.) ................................ 9

*In re NASDAQ Mkt.-Makers Antitrust Litig.*, 169 F.R.D. 493 (S.D.N.Y. 1996) ........................... 6

*In re NYSE Specialists Sec. Litig.*, 260 F.R.D. 55 (S.D.N.Y. 2009) .............................................. 6

*In re Oxford Health Plans, Inc. Sec. Litig.*, 191 F.R.D. 369 (S.D.N.Y. 2000) ........................... 5, 6

*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 827 F.3d 223 (2d Cir. 2016).......................................................................................................................... 4

*Klein v. Meta Platforms, Inc.*, No. 3:20-cv-8570 (N.D. Cal.)......................................................... 9

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051 (9th Cir. 2008)......................... 10

*Ohio v. Am. Express Co.*, 585 U.S. 529 (2018) .............................................................................. 5

*Target et al. v. Visa et al.*, No. 1:13-cv-03477 (S.D.N.Y.) ............................................................. 4

*Thompson v. 1-800 Contacts, Inc., et al.*, No. 2:16-cv-01183 (D. Utah)........................................ 4

*US Airways, Inc. v. Sabre Holdings Corp.*, 938 F.3d 43 (2d Cir. 2019) ........................................ 7

*Vogt v. State Farm Life Ins. Co.*, 963 F.3d 753 (8th Cir. 2020) ..................................................... 6

COLVIN PLAINTIFFS' REPLY IN SUPPORT OF
AMENDED LEADERSHIP MOTION
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-6400

**Other Authorities**

1 Newberg and Rubenstein on Class Actions § 3:75 (6th ed. 2022) ................................... 7

1 Newberg and Rubenstein on Class Actions § 3:62 (6th ed. 2022) ................................... 7

Bruce H. Kobayashi & Larry E. Ribstein, *Class Action Lawyers As Lawmakers*, 46 Ariz. L. Rev. 733 (2004) ................................................................................................. 1

**Rules**

Fed. R. Civ. P. 23(g) ........................................................................................................... 1

COLVIN PLAINTIFFS' REPLY IN SUPPORT OF
AMENDED LEADERSHIP MOTION
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-6400

## I.  INTRODUCTION

Hepler Counsel, Drake Counsel, and Elliott Counsel (collectively, "Opposition Counsel") rely on inflammatory, unsubstantiated, and inapposite arguments to oppose Colvin Plaintiffs' Amended Motion to Appoint Vorys, Sater, Seymour and Pease LLP ("Vorys") as Interim Lead Class Counsel.  Many of their arguments are factually incorrect and do not justify denying Vorys' leadership motion, given that Vorys originated this action and satisfies all four factors outlined in Federal Rule of Civil Procedure 23(g).  Indeed, as Elliott Counsel note, appointing "onlookers" as interim lead class counsel "would be enormously unfair, and set a dangerous precedent." ECF 417 at 15.  For years, Opposition Counsel looked on as Vorys advocated for consumers against Valve Corporation ("Valve").  And when these law firms eventually filed their lawsuits, they copied the facts and legal theories developed by Vorys and co-counsel to do so. *See* ECF 410-6 (comparing language used in Elliott Plaintiffs' complaint with the Consolidated Amended Class Action Complaint in *In re Valve Antitrust Litigation* authored by Vorys and co-counsel); 415-1 (same for Hepler Plaintiffs' complaint); 415-2 (same for Drake Plaintiffs' complaint).

Appointing imitator law firms over originating law firms discourages initiative, encourages copycat behavior, and harms putative class members.  *See* Bruce H. Kobayashi & Larry E. Ribstein, *Class Action Lawyers As Lawmakers*, 46 ARIZ. L. REV. 733, 752 (2004) ("Permitting competing class action lawyers to copy complaints . . . can[] lower the quality of class action complaints, thereby increasing litigation costs or reducing class recoveries.").  Thus, the Colvin Plaintiffs respectfully request that this Court grant their Amended Motion to Appoint Vorys, Sater, Seymour and Pease LLP as Interim Lead Class Counsel.

COLVIN PLAINTIFFS' REPLY IN SUPPORT OF
AMENDED LEADERSHIP MOTION - 1
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-6400

## II.    LAW AND ARGUMENT

**A.    Opposition Counsel make unsubstantiated and untrue arguments.**

**1.    Vorys has continuously advocated for consumers since filing the first complaint in this matter almost exactly four years ago.**

Hepler and Elliott Counsel repeatedly (and falsely) accuse Vorys of having "dropped" and "abandoned" consumer claims to represent developers instead.[1] *See* ECF 413 at 2, 3, 4, 9–10; ECF 417 at 5, 14–15, 22. Put simply, these allegations are patently false and put before this Court without verification. Since it began representing the Colvin Plaintiffs more than four years ago, Vorys has zealously advocated for consumer plaintiffs. *See* Declaration of Kenneth J. Rubin ("Rubin Decl.") ¶ 3, filed concurrently herewith. Vorys initiated this lawsuit on behalf of consumers, defended against Valve's motion to compel arbitration, and when this Court compelled arbitration and stayed the consumers' claims, Vorys continued its work on behalf of consumers via arbitration. *Id.* Specifically, following the stay, Vorys and its arbitration co-counsel made over 70,000 settlement demands to Valve on behalf of consumer clients, initiated thousands of arbitration cases on behalf of individual consumers, sought a process arbitrator to decide whether the arbitration clause was unconscionable, and sought to allow the discovery record in the

---

[1] Hepler and Elliott Counsel make repeated misrepresentations of fact. Hepler Counsel incorrectly state: (1) "[a]fter losing this motion to compel arbitration, Vorys then abandoned their consumer clients and, for more than three ensuing years, pursued the interests of their publisher clients alone, up to and through class certification," (2) "Vorys abandoned these clients and signed up to represent a putative class of *only* publishers," (3) "having lost their battle over arbitration, Vorys's response was apparently to let their clients' cases languish and take on a representation adverse to their consumer clients' interests," (4) "Vorys made a strategic decision to pursue a publisher class . . . in order to secure a potentially lucrative position," and (5) ". . . and despite Vorys long ago forgoing their representation of consumers to pursue a publisher action . . . ." ECF 413 at 2, 3, 4, 9, 10. Elliott Counsel incorrectly state: (1) "*Colvin* Counsel dropped consumers from their case to secure a more remunerative role representing publishers, which they have done for more than three years now," (2) "[i]n reality, *Colvin* Counsel abandoned Consumers years ago," (3) "[*Colvin* Counsel] only dropped consumers later to secure appointment as counsel to publishers, and (4) "*Colvin* Counsel *dropped* their consumer plaintiffs once arbitration was compelled and these claims appeared unlikely to generate significant returns for *Colvin* Counsel." ECF 417 at 5, 15, 22. Every single one of these statements is false.

COLVIN PLAINTIFFS' REPLY IN SUPPORT OF
AMENDED LEADERSHIP MOTION - 2
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-6400

developer case to be used in arbitrations.[2]  *Id.*  Shortly after Valve amended the Steam Subscriber Agreement, Vorys resumed litigating on behalf of the Colvin Plaintiffs and the putative consumer class because, unlike Bucher Law, it believes a class action is superior to individual arbitrations in this matter.  *See* ECF 370 (motion to lift stay); ECF 414 at 20 (citing to Mr. Bucher's statements that advertise arbitration as more lucrative than litigation).  In short, Vorys has never stopped representing or advocating for consumers.

Thus, Elliott Counsel's argument that "counsel's loyalty to a class" is measured by "how long counsel have been actively litigating on behalf of the Consumers they seek to lead," actually favors Vorys.  ECF 417 at 22.  Vorys initiated this antitrust litigation against Valve on January 28, 2021, and has actively represented consumers since.  There was never an "abandonment" of the consumers.  Elliott Counsel, on the other hand, began arbitrating in July 2023 and litigating in August 2024, and Hepler and Drake Counsel did not initiate litigation until October 2024.  *Compare Colvin et al. v. Valve Corp.* ECF 1 (filed January 28, 2021), *with Elliott et al. v. Valve Corp.* ECF 1 (filed August 9, 2024), *and Hepler et al. v. Valve Corp.* ECF 1 (filed October 23, 2024), *and Drake et al. v. Valve Corp.* ECF 1 (filed October 24, 2024); ECF 412 at 6 (Elliott Counsel commenced arbitrations on July 12, 2023).  Indeed, it appears that only Bucher Law filed and worked on arbitrations, making Hagens Berman Sobol Shapiro yet another law firm seeking appointment as interim lead class counsel before investing significant time into this case.  *See* ECF 417 at 5, 16; ECF 412-2.  The record is clear that since filing the Colvin action, Vorys has continuously pursued remedies for consumers.[3]

---

[2] The consumers who are choosing to still pursue arbitration continue to be represented by separate counsel.  ECF 415 ¶ 22.

[3] Hepler Counsel also state "[a]pparently only one of Vorys's consumer clients has pursued arbitration, leaving their other four clients in limbo." ECF 413 at 9 n.7.  This speculation as to the nature of Vorys' relationship with its clients and the choices each of them made—or did not make—is improper and incorrect.

| COLVIN PLAINTIFFS' REPLY IN SUPPORT OF AMENDED LEADERSHIP MOTION - 3<br>Case No. 2:21-cv-00563-JNW | VORYS, SATER, SEYMOUR AND PEASE LLP<br>52 East Gay Street<br>Columbus, OH 43215<br>Tel: (614) 464-6400 |
|---|---|

### 2. Vorys has experienced antitrust and class action attorneys who are qualified to lead this case.

Opposition Counsel make unsubstantiated attacks on Vorys' attorneys' experience. *See* ECF 413 at 5, 10–11; ECF 416 at 14–15; ECF 417 at 18. For example, Hepler Counsel claim that "none of Vorys's supporting counsel provides a single example of an antitrust case on which he or she has worked" and that "it does not appear that Vorys employ a single attorney with *any* experience litigating the 'types of claims asserted in this action.'" ECF 413 at 10–11. Similarly, Elliott Counsel claim that "*Colvin* Counsel has not identified any significant experience representing antitrust classes." ECF 417 at 18. Had Hepler or Elliott Counsel read Mr. Rubin's Declaration filed concurrently with Vorys' amended interim lead class counsel motion, they would have known these statements were false. *See generally* ECF 410 ("Vorys is a leader in litigation, including both antitrust and class-action cases like this one. In connection with its litigation work, Vorys has obtained hundreds of millions of dollars in settlements and trial verdicts for thousands of plaintiffs over the years."). More specifically, the Declaration highlights Vorys' extensive work litigating high-stake antitrust claims on behalf of major retailers in the two-sided platform context for almost twelve years in *Target et al. v. Visa et al.* (No. 1:13-cv-03477, S.D.N.Y.) and almost five years in *Grubhub et al. v. Visa et al.* (No. 1:19-cv-07273, N.D. Ill.). ECF 410 ¶¶ 8(a), 9(a), 10(a), 11(a), 16(f), 16(g); *see also* ECF 409 at 10; ECF 414 at 11. Indeed, Vorys (along with co-counsel) identified flaws in the underlying class settlement and succeeded in having it reversed. *See In re Payment Card Interchange Fee and Merch. Disc. Antitrust Litig.*, 827 F.3d 223 (2d Cir. 2016). Vorys also has significant experience representing defendants in antitrust class actions. *See, e.g.*, ECF 410 ¶¶ 8(c), 8(g), 10(b), 11(c) (citing *Thompson v. 1-800 Contacts, Inc., et al.* (No. 2:16-cv-01183, D. Utah) and *In re Fresh & Process Potatoes Antitrust Litig.* (No. 4:10-MD-2186-BLW, D. Idaho)).

Vorys' experience handling plaintiff-and defense-side class action litigation, and successfully objecting to a class settlement, gives it a well-rounded and unique perspective. Vorys' defense-side work does not disqualify it from the interim lead class counsel role. To the contrary,

COLVIN PLAINTIFFS' REPLY IN SUPPORT OF  
AMENDED LEADERSHIP MOTION - 4  
Case No. 2:21-cv-00563-JNW  

VORYS, SATER, SEYMOUR AND PEASE LLP  
52 East Gay Street  
Columbus, OH 43215  
Tel: (614) 464-6400

this experience gives Vorys' attorneys valuable insight into defendants' litigation strategies. Vorys' attorneys are experienced and qualified to lead the putative consumer class in this case. *See also* ECF 409 at 9–12 (discussing Colvin Counsel's experience); ECF 414 at 11 (same).

**B.  Vorys does not have a conflict in this two-sided platform case.**

    **1.  Consumers and developers have the same theory of liability and damages in this case, so no conflict exists.**

Opposition Counsel continue to advance fundamentally flawed conflict arguments. As discussed in previous filings, Vorys does not have a conflict precluding it from serving as interim lead class counsel. ECF 409 at 13–16; ECF 414 at 15–19. Consumers and developers have the same theory of liability in this case: Valve's anticompetitive conduct harms both sides of the two-sided Steam platform with every transaction.[4] *See Ohio v. Am. Express Co.*, 585 U.S. 529, 546–47 (2018). Both sets of Plaintiffs—developers and consumers—need to establish that: (1) Valve has market power in the relevant markets; (2) Valve has engaged in anticompetitive conduct; (3) Valve's anticompetitive conduct led to supracompetitive commissions; and (4) the supracompetitive commissions harmed both consumers and developers.

In 2021, Vorys, along with counsel for developers, brought a consolidated case on behalf of a proposed class of ***all direct purchasers from Valve*** (consumers and developers) because Valve's conduct harms all direct purchasers in the same essential way, at the same time, and for the same reasons. Rubin Decl. ¶ 5. Thus, other law firms' warning that Vorys' representation of consumers and work on the developer executive committee will create adequacy conflicts during later stages of litigation is drastically overstated.[5] *See* ECF 413 at 4; ECF 416 at 7–9; *Blackie v. Barrack*, 524 F.2d 891, 909 (9th Cir. 1975) (rejecting alleged buyer/seller conflict as non-existent or "peripheral" and "substantially outweighed by the class members' common interests"); *In re*

---

[4] Colvin Counsel use the terms developers and publishers interchangeably for purposes of its leadership briefing.

[5] Hepler and Drake Counsel argue that resolving adequacy conflicts will cause delay. ECF 413 at 8 n.5; ECF 416 at 14. So too would appointing a law firm that has litigated this case for four fewer years than Vorys. *See* ECF 409 at 13 (discussing efficiency of appointing Vorys as interim lead class counsel); ECF 414 at 6–8 (same).

COLVIN PLAINTIFFS' REPLY IN SUPPORT OF
AMENDED LEADERSHIP MOTION - 5
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-6400

*Oxford Health Plans, Inc. Sec. Litig.*, 191 F.R.D. 369, 377–78 (S.D.N.Y. 2000) (rejecting the notion that sellers and purchasers have an inherent conflict because that argument has "been widely discredited"); *In re NYSE Specialists Sec. Litig.*, 260 F.R.D. 55, 73 (S.D.N.Y. 2009) (rejecting adequacy challenge because "the mere presence of purchasers and sellers in a given class does not provide a basis for denying class certification").

Consumers' and developers' interests will remain aligned during the damages stage of this litigation because both groups will want to "maximiz[e] the aggregate amount of class-wide damages." *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 169 F.R.D. 493, 513 (S.D.N.Y. 1996) (certifying class despite conflict allegation regarding "apportionment of the damages as between purchasers and sellers" because "[s]uch hypothetical conflicts regarding proof of damages are not sufficient to defeat class certification at this stage of the litigation"). Indeed, as Hepler Counsel note, Vorys has already worked on establishing "maximal total damages attributable to Valve's monopolistic conduct." ECF 413 at 3. There is only one aspect of this case that Opposition Counsel claim consumers and developers may have divergent theories—the method of calculating the pass-through rate. And even this divergence is far from certain. *See* ECF 413 at 4 (noting that consumers could "ultimately agree with the allocation of damages set forth by publishers' experts"). Opposition Counsel have not committed to any damages model on behalf of consumers, let alone one incompatible with Dr. Schwartz's calculations. Thus, any supposed conflict that may arise from Dr. Schwartz's model is merely speculative and does not preclude this Court from appointing Vorys as interim lead class counsel. ECF 409 at 15–16 (explaining how any conflict between consumers and developers is speculative); ECF 414 at 18–19 (same).

Even assuming a dispute over the pass-through rate could arise, this does not create an adequacy concern because consumers and developers share an interest in establishing and maximizing Valve's liability. *Vogt v. State Farm Life Ins. Co.*, 963 F.3d 753, 768 (8th Cir. 2020) ("[E]ven if there are slightly divergent theories that maximize damages for certain members of the class, 'this slight divergence is greatly outweighed by shared interests in establishing [defendant's]

COLVIN PLAINTIFFS' REPLY IN SUPPORT OF
AMENDED LEADERSHIP MOTION - 6
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-6400

liability.'"); 1 NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 3:62 (6th ed. 2022) ("Courts generally reject the argument that an intra-class conflict exists when divergent theories of liability would benefit different groups within the class. Courts have thus rejected challenges to the class representatives' adequacy that were based . . . on different class members desiring different methods of calculating damages[.]"). Vorys can advocate zealously for consumers after having served as executive committee counsel for developers because both sets of plaintiffs have shared interests in proving liability and damages.[6]

### 2. Opposition Counsel make conflict arguments that do not apply to this case.

Opposition Counsel rely on inapposite arguments to try and establish a conflict where none exists.

*First*, Opposition Counsel argue that this case involves one pot of money that consumers and developers must compete for. *See* ECF 413 at 3, 7; ECF 416 at 8, 10, 13, 14; ECF 417 at 8, 10. But this "zero sum" model is inapplicable because this case does not involve a fixed number of total damages, such as a capped settlement fund. 1 NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 3:75 (6th ed. 2022) (noting that "few courts" have "denied a finding of adequacy due to simultaneous representation of multiple sets of litigants," and those denials often involve "limited fund situations"). Consumers and developers will not need to jockey for as much of the pie as they can get to the detriment of the other group. Instead, the total damages Valve must pay in this case encompass all of the developers' damages and all of the consumers' damages. *See US Airways, Inc. v. Sabre Holdings Corp.*, 938 F.3d 43, 59 (2d Cir. 2019).

Dr. Schwartz used reliable methods to apply this two-sided platform economic theory to the evidentiary record in this litigation. *See* ECF 343 at 12–13, 261–86 (Dr. Schwartz discussing materials considered); ECF 343 at 214–23 (Dr. Schwartz applying the two-sided platform damages theory); ECF 391 at 14–15 (this Court concluding that Dr. Schwartz's methods are reliable). Opposition Counsel criticize Dr. Schwartz's damages model because it does not set a high enough

---

[6] Elliott Counsel note that a conflict does not exist when two groups of plaintiffs share the same "theories of impact, liability, and damages." ECF 417 at 19.

COLVIN PLAINTIFFS' REPLY IN SUPPORT OF
AMENDED LEADERSHIP MOTION - 7
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-6400

pass-through rate for their liking. *See* ECF 413 at 3, 7, 9; ECF 416 at 11–13; ECF 417 at 5–6, 8, 10. But economics—as opposed to lawyers—should drive the analysis. These other law firms have not reviewed the evidence, and their arguments are belied by the actual economics of this case.

Given that consumers and developers have the same theory of the case, any expert that Opposition Counsel retains will use substantially similar information to create a damages model. By arguing that they can offer a damages model more favorable to consumers, Opposition Counsel suggest that they will be driving the economics instead of the economists and the evidence. Proffering an unreliable, result-driven model invites challenges and risks rejection. Relatedly, by arguing that Vorys has a conflict due to its involvement with Dr. Schwartz's model, these other law firms insinuate that Vorys could have influenced the pass-through rate and did so in favor of developers.[7] Again, this suggestion is improper and untrue. Nothing about Dr. Schwartz's damages model creates a conflict. Rather, it highlights how consumers and developers will have unified interests at the damages stage.

*Second*, Opposition Counsel duplicate arguments made during a previous leadership fight in this case, but their reliance is misplaced. ECF 413 at 3 n.3, 5, 10; ECF 416 at 8–10; ECF 417 at 8–9. The law firms whose arguments Opposition Counsel now copy, counsel for *Dark Catt*, argued that a conflict existed when the same law firm serves as *lead* counsel for consumers and developers. ECF 46 at 14 (arguing that "[s]eparate lead counsel are required" for consumers and developers). But this argument fails because Vorys does not serve (nor has it ever served) as developers' lead counsel. Instead, Vorys' role as an executive committee member was structured so that it could continue advocating for consumers in arbitration and litigation.[8] Additionally, this

---

[7] Other law firms make conflict arguments based on the assumption that Vorys only represented developers while the Colvin Plaintiffs' claims were stayed pending arbitration. *See, e.g.*, ECF 413 at 3, 7, 8 (arguing that Vorys had "one-sided incentives," such as the incentive to maximize the overcharge attributed to publishers at consumers' expense, because it had "only *publishers*' best interests in mind"). As discussed above, this assumption is wrong.

[8] Since consumers and developers need substantially similar discovery from Valve (because they are pursuing the same theory of the case), Vorys requested filed discovery produced in the developer

COLVIN PLAINTIFFS' REPLY IN SUPPORT OF
AMENDED LEADERSHIP MOTION - 8
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-6400

Court never agreed with *Dark Catt* counsel's arguments, and it permitted Vorys to serve as an executive committee member for the developers in *In re Valve Antitrust Litigation*. ECF 92. In fact, the law firms whose arguments Opposition Counsel rely on ultimately requested to be part of the current leadership structure for developers, and this Court approved that request. ECF 91; ECF 92.

***Third***, Drake and Elliott Counsel cite a handful of cases to allegedly support their argument that consumers and developers need separate counsel in this case.[9] ECF 416 at 11; ECF 417 at 12–13. But those cases do not stand for that proposition. In *In re Google Play Consumer Antitrust Litigation*, *In re Google Play Developer Antitrust Litigation*, *Cameron v. Apple, Inc.*, *In re Apple iPhone Antitrust Litigation*, and *Klein v. Meta Platforms, Inc.*, no law firm requested to be appointed lead counsel for one set of plaintiffs and a member of the executive committee for another set of plaintiffs. *See In re Google Play Consumer Antitrust Litig.*, No. 3:20-cv-5761 (N.D. Cal.), ECF 81, 87, 115, 116, 119, 124 (interim class counsel briefing); *In re Google Play Developer Antitrust Litig.*, No. 3:20-cv-5792 (N.D. Cal.), ECF 55 (same); *Cameron v. Apple, Inc.*, No. 4:19-cv-3074 (N.D. Cal.), ECF 49 (same); *In re Apple iPhone Antitrust Litig.*, No. 4:11-cv-6714 (N.D. Cal.), ECF 27 (same); *Klein v. Meta Platforms, Inc.*, No. 3:20-cv-8570 (N.D. Cal.), ECF 55–63, 439–40 (same). In *In re Google Digital Advertising Antitrust Litigation*, one group of law firms requested to be appointed *lead* counsel for both advertiser and publisher plaintiffs. *In re Google*

---

litigation as discovery in consumer arbitrations. Rubin Decl. ¶ 4 (referencing a letter from Vorys and co-counsel to the American Arbitration Association dated April 19, 2024 that states: "Individual Claimants request that a Process Arbitrator be appointed to determine the appropriate scope of discovery in this matter. Individual Claimants will primarily request access to discovery that Valve has already compiled and produced in related antitrust litigation that Valve is currently a party to pending in the Federal District Court for the Western District of Washington, captioned *Wolfire Games LLC et al v. Valve Corporation*, Case No. 2:21-cv-00563-JJC.").

[9] Elliott Counsel also cite to cases where separate counsel were appointed for direct purchasers and indirect purchasers. ECF 417 at 9. But this case does not involve direct and indirect purchasers, which Elliott Counsel themselves note. ECF 417 at 8 n.1. Instead, both consumers and developers are direct purchasers from the Steam platform. Moreover, indirect purchaser cases arise under some states' antitrust laws, whereas the antitrust claims in this case arise under federal law. *See California v. ARC Am. Corp.*, 490 U.S. 93 (1989).

COLVIN PLAINTIFFS' REPLY IN SUPPORT OF
AMENDED LEADERSHIP MOTION - 9
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-6400

*Digital Advert. Antitrust Litig.*, No. 5:20-cv-3556 (N.D. Cal. Feb. 25, 2021), ECF 102. The court granted this request as to the advertiser plaintiffs, did not address leadership for the publisher plaintiffs, and did not mention—let alone analyze or rely on—any conflict argument in its decision. *In re Google Digital Advert. Antitrust Litig.*, No. 5:20-cv-3556 (N.D. Cal. Apr. 26, 2021), ECF 133.

### 3. Drake and Elliott Counsel's attempt to manufacture a conflict issue with alleged expert testimony is inappropriate.

Drake and Elliott Counsel's use of alleged experts to prop up their conflict arguments is unavailing. *See* ECF 416-1; ECF 417-1. As an initial matter, this self-serving conduct is improper. The qualifications of interim lead class counsel applicants and the ethical implications of proposed leadership groups are not proper subjects for an expert. Instead, these are legal issues for a court to decide. *See Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("[A]n expert witness cannot give an opinion as to her *legal* conclusion, i.e., an opinion on an ultimate issue of law."); *Donelson v. Providence Health & Servs. - Wash.*, 823 F. Supp. 2d 1179, 1193 (E.D. Wash. 2011) ("[An expert] may not testify as to whether the legal standard has been satisfied.").

Second, neither Professor Stempel nor Ms. Baldwin are trained in economic theory, which is the distinguishing and unique feature about this case. Their reports highlight this lack of expertise. Both Professor Stempel's and Ms. Baldwin's conclusions hinge on the assumption that consumers and developers compete for the same pool of funds, which, as discussed above, is incorrect. For example, Professor Stempel asserts that the repayment of overcharges "effectively becomes a finite sum once determined" and that "[t]he damages pursued are not open-ended or subject to expansion." ECF 416-1 ¶ 33. Similarly, Ms. Baldwin claims that "pursuant to the damages model that I understand the Vorys firm has advanced, the two classes of plaintiffs would have directly competing claims to the same, limited set of damages" and that this case "is a classic 'zero-sum' circumstance." ECF 417-1 ¶ 16. But in this two-sided platform case, damages are not

COLVIN PLAINTIFFS' REPLY IN SUPPORT OF AMENDED LEADERSHIP MOTION - 10
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-6400

limited and Valve will pay 100% of consumers' and 100% of developers' damages, regardless of that total.[10]

Vorys has maintained an unwavering commitment to consumers throughout this litigation. Without knowing this full picture, Opposition Counsel jumped to incorrect conclusions, made false accusations, and have tried to manufacture a conflict where none exists. Their arguments are not credible—largely due to their inaccuracy—and do not justify denying Vorys' amended motion to be appointed interim lead class counsel for the putative consumer class in this case.

### III. CONCLUSION

For the foregoing reasons, the Colvin Plaintiffs respectfully request that this Court grant their Amended Motion to Appoint Vorys, Sater, Seymour and Pease LLP as Interim Lead Class Counsel (ECF 409).

DATED: January 17, 2025.

Respectfully submitted,

ROMERO PARK PS
*/s/ H. Troy Romero*
H. Troy Romero, WSBA #19044
1019 W. James St., Ste. 102
Kent, Washington 98032
Tel: (425) 450-5000
tromero@romeropark.com

VORYS, SATER, SEYMOUR AND PEASE LLP

*/s/ Kenneth J. Rubin*
Kenneth J. Rubin *(pro hac vice)*
Timothy B. McGranor *(pro hac vice)*
Douglas R. Matthews *(pro hac vice)*
Kara M. Mundy *(pro hac vice)*
52 East Gay Street
Columbus, OH 43215
Telephone: (614) 464-6400
Fax: (614) 464-6350

---

[10] Similarly, Drake Counsel and Professor Stempel claim that "*Colvin* Counsel have a strong financial incentive to maximize the publisher class recovery where they have generated significant lodestar." ECF 416 at 14 (quoting Stempel Rep. ¶ 25). To the extent that Vorys' lodestar is relevant here, most of Vorys' work as an executive committee member for the developer class is directly applicable to the putative consumer class, as discussed above. Rubin Decl. ¶ 6.

COLVIN PLAINTIFFS' REPLY IN SUPPORT OF
AMENDED LEADERSHIP MOTION - 11
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-6400

Email: kjrubin@vorys.com
tbmcgranor@vorys.com
drmatthews@vorys.com
kmmundy@vorys.com

Thomas N. McCormick *(pro hac vice)*
4675 MacArthur Court
Suite 700
Newport Beach, CA 92660
Telephone/Fax: (949) 526-7903
Email: tnmccormick@vorys.com

*Attorneys for Sean Colvin, Susann Davis, Hope Marchionda, Everett Stephens, and the putative class.*

COLVIN PLAINTIFFS' REPLY IN SUPPORT OF AMENDED LEADERSHIP MOTION - 12
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-6400

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF recipients.

DATED: January 17, 2025.

*/s/ H. Troy Romero*
H. Troy Romero, WSBA #19044

CERTIFICATE OF SERVICE
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-6400

**LCR 7 CERTIFICATION**

I certify that this memorandum contains 4,000 words, in compliance with this Court's Order Consolidating Cases and Setting Briefing Schedule (ECF 394) and the Local Civil Rules.

DATED: January 17, 2025.

> */s/ H. Troy Romero*
> H. Troy Romero, WSBA #19044

LCR-7 CERTIFICATION
Case No. 2:21-cv-00563-JNW

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-6400