THE HONORABLE JAMAL N. WHITEHEAD

## UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | No. 2:21-cv-00563-JNW |
| | *HEPLER* **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO APPOINT COHEN MILSTEIN SELLERS & TOLL PLLC AS INTERIM LEAD OR CO-LEAD CLASS COUNSEL** |
| This Filing Relates to: | |
| ALL ACTIONS | **NOTE ON MOTION CALENDAR:** |
| | January 17, 2025 |

*Hepler* Plaintiffs' Reply in Support of Motion to Appoint Cohen Milstein as Interim Lead Counsel

Page i

Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
(202) 408-4600

Plaintiffs Connor Hepler and Aaron Lancaster (the "*Hepler* Plaintiffs") submit the following reply in support of their Motion to Appoint Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Interim Lead or Co-Lead Class Counsel (ECF No. 407).

## I.    INTRODUCTION

The Court here faces the "gaggle of law firms jockeying to be appointed class counsel" for which "[a]ppointment of interim class counsel is especially appropriate." *In re Amazon Return Pol'y Litig.*, 2024 WL 729204, at *2 (W.D. Wash. Feb. 22, 2024) (JNW) (quotation omitted). Some firms in that gaggle have stretched their dubious positions about others, even adopting the Defendant's arguments, to serve their own chances. *Hepler* Counsel have taken a different tack. By working *collaboratively* with *Elliott* Counsel, *Hepler* Counsel have built a leadership slate that combines two titans of the plaintiffs' antitrust bar with the firm whose innovative arbitration strategy made this case possible—all while providing a simple solution to the conflict arguments brought by competing firms. The "demands and burdens of complex litigation place a premium on attorney professionalism" among class counsel "with an eye toward resolving issues among the group with courtesy and communication." *Id.* at *3. *Hepler* Counsel and *Elliott* Counsel have exhibited precisely such "courtesy and communication," while building the leadership team "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

## II.    ARGUMENT

### A.    The Proposed *Elliott/Hepler* Team Will Best Represent the Consumer Class.

#### 1.    *Hepler* Counsel and *Elliott* Counsel Have Efficiently Coordinated, Despite the *Drake* Plaintiffs' Unsupported Assertions.

As noted previously, Cohen Milstein is one of the oldest, largest, most successful, and best regarded firms in the country when it comes to plaintiffs'-side antitrust class actions, having secured more than $2 billion in antitrust class action settlements in just the past *year*. *See Hepler* Pls.' Mot. to Appoint at 7-8, ECF No. 407; Decl. of Brent Johnson Ex. A, ECF No. 408-1. The firm has a decades-long track record of success working not only alongside Hagens Berman, but with *all three*

---

*Hepler* Plaintiffs' Reply in Support
of Motion to Appoint Cohen
Milstein as Interim Lead Counsel

Page 1

Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
(202) 408-4600

1   of the *Drake* Plaintiffs' counsel. Thus, the *Drake* Plaintiffs' assumption that the *Elliott* and *Hepler*

2   Counsel's separate briefs indicated a lack of "consensus" and "coordination" was as surprising as it

3   was unfounded. *Drake* Pls.' Resp. at 17-18, ECF No. 416. The opposite is true: The *Elliott* Plaintiffs

4   *do* support *Hepler* Counsel's appointment as co-lead *precisely to* "build consensus and fortify the

5   resources the Consumer class can draw upon." *See Elliott* Pls.' Resp. at 1, ECF No. 417.

6          The *Drake* Plaintiffs also accuse *Hepler* Counsel of treating their "local counsel as an

7   afterthought." *Drake* Pls.' Resp. at 19, ECF No. 416. But if *Hepler* and *Elliott* Counsel are

8   appointed, consumers' local counsel would be their co-lead counsel, Steve W. Berman, managing

9   partner of Hagens Berman, whose accomplishments are well known in this Court and whose

10  qualifications the *Elliott* Plaintiffs note.[1] Similarly, they attack *Hepler* Counsel on diversity grounds,

11  as if the team will not expand with the needs of the case. Cohen Milstein has been named among the

12  "Best Law Firms for Female Attorneys" in *Law360*'s 2024 "Glass Ceiling Report" and recognized as

13  a "Ceiling Smasher," with the third-highest proportion of women equity partners among comparably

14  sized firms. It was recently named a finalist for the National Law Journal's "Diversity Initiative

15  Award" for its commitment to diversity and inclusion.

16          **2.      Cohen Milstein Is Unconflicted, and Its Appointment Would Cure Any
               Perceived Conflict in the *Elliott* Plaintiffs' Leadership Team.**

17

18          Both the *Drake* and *Colvin* Plaintiffs attack the adequacy of *Elliott* Counsel with dubious

19  arguments. The *Hepler* Plaintiffs join the *Elliott* Plaintiffs' arguments on those issues. Regardless,

20  neither the *Drake* nor *Colvin* Plaintiffs persuasively contest that appointing Cohen Milstein as

21  interim co-lead counsel would cure any of the issues they raise, real or perceived. Cohen Milstein

22  has never represented any plaintiffs in individual arbitrations against Valve and it has

23

24          [1] The *Hepler* Plaintiffs do not seek the appointment of Corrie Yackulic, who has acted as local
        counsel for the *Hepler* action, as interim liaison counsel for the class, but she would also be

25      unquestionably qualified to serve in that role. Ms. Yackulic is a graduate of Harvard Law School
        who has represented plaintiffs in the Western District of Washington for more than 30 years and

26      secured numerous significant settlements and jury verdicts for plaintiffs.

1    unquestionably undivided loyalties to the proposed consumer class. Binding Ninth Circuit law

2    expressly recognizes that the appointment of such a firm can cure real or perceived questions of

3    adequacy. *See, e.g., Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 961 (9th Cir. 2009) ("[T]he

4    addition of new and impartial counsel can cure a conflict of interest even where previous counsel

5    continues to be involved in the case." (quotation omitted)); *Radcliffe v. Hernandez*, 818 F.3d 537,

6    548-49 (9th Cir. 2016) (noting that class counsel had "neutralize[d] the effect" of its conflict of

7    interest by "associating new counsel").

8            The *Drake* Plaintiffs argue heatedly that neither *Rodriguez* nor *Radcliffe* "stands for [the]

9    proposition" that *Hepler* Counsel's "loyalty to the proposed class somehow neutralizes *Elliott*

10   Counsel's conflict." *Drake* Pls.' Resp. at 18, ECF No. 416; *see also id.* ("*Hepler* Counsel's proposal

11   solves nothing, and serves only to emphasize the fact that *Elliott* Counsel suffer from conflicts and

12   will likely be challenged as inadequate."). But the cases *do* stand for precisely that proposition, as

13   the quotes above demonstrate. Rather than distinguishing either case, the *Drake* Plaintiffs instead

14   fault *Hepler* Plaintiffs for "focus[ing] solely on the result in these cases" and ask the Court to ignore

15   their binding holdings because of "the years of extra litigation needed to reach them." *Id.*

16           Plaintiffs are aware of no precedent suggesting that a trial court should ignore an on-point

17   appellate ruling because that result took time to achieve; the law is quite the contrary. *See, e.g.*, *Hart*

18   *v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001) ("Binding authority … cannot be considered and

19   cast aside; it is not merely evidence of what the law is. Rather, caselaw on point is the law.").

20           The *Drake* Plaintiffs' delay argument is foreclosed by precedent, but it is also fails for three

21   more reasons. First, it assumes that *applying Radcliffe* and *Rodriguez* would entail the same delay as

22   *deciding* them; but obviously, this Court can just apply the cases immediately in its leadership order,

23   and any appeal on the issue is ripe for summary disposition. *See Radcliffe v. Hernandez*, 794 F.

24   App'x 605, 608 (9th Cir. 2019) (disposing of a subsequent conflict argument in three-page summary

25   order because "[t]he *Rodriguez* factors are present here").

26

---

*Hepler* Plaintiffs' Reply in Support
of Motion to Appoint Cohen
Milstein as Interim Lead Counsel

Page 3

Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
(202) 408-4600

1       Second, at its core, the *Drake* Plaintiffs' argument is that just because there could be an

2  appeal, the Court should pick them. This tactic would give even the most dubious potential adequacy

3  objection too much unwarranted power. The *Drake* Plaintiffs observe that "[t]he *Rodriguez* class's

4  recovery was delayed by nearly two years" while objectors appealed based on alleged conflicts of

5  interest. But the Ninth Circuit *rejected* those objectors' arguments—setting forth, in *Rodriguez*, the

6  precise legal principle the *Hepler* Plaintiffs invoke here. If the *possibility* of an appeal were

7  sufficient to render counsel's representation inadequate, any firm could be so disqualified.

8       Third, as *Drake* Counsel know, frivolous objectors frequently target major settlements in

9  antitrust class actions. An appeal in this case, with its millions of class members, seems likely

10  regardless of merit. So appointing *Drake* Counsel would be no safeguard against the possibility of a

11  long appeal.

12       Notably, the *Drake* Plaintiffs' ethics expert does not opine that Cohen Milstein would be

13  inadequate co-lead counsel or address *Radcliffe* and *Rodriguez*. Rather, Prof. Stempel opines only: "I

14  have considered *Hepler*'s proposal, and it has no impact on any of my opinions related to the

15  inadequacy of *Elliott* Counsel." *Drake* Pls.' Resp. Ex. A at 20, ECF No. 416-1. Prof. Stempel offers

16  no explanation for this cryptic assertion. He effectively ignores the true import of the *Elliott/Hepler*

17  proposal, which is that even if, because of conflicts real or imagined, *Elliott* Counsel alone were not

18  the best choice for interim co-lead counsel, the *combined* co-lead team of *Elliott* and *Hepler* Counsel

19  are unquestionably adequate and the best-equipped to lead this case.

20       These threadbare arguments about *Elliott* and *Hepler* Counsel and their well-supported

21  solution to any hint of potential conflict cannot obscure that the *Elliott/Hepler* proposal is the best

22  choice for the class.

23     **B.**    **The *Colvin* Plaintiffs' Opposition Highlights That Conflicts Prevent Their Appointment.**

24       The *Colvin* Plaintiffs rest their argument on the extensive work they have performed on the

25  case on behalf of developers—but it is this very experience that disqualifies them from representing

26

*Hepler* Plaintiffs' Reply in Support
of Motion to Appoint Cohen
Milstein as Interim Lead Counsel

Page 4

Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
(202) 408-4600

consumers. *Colvin* Counsel cite their thousands of hours spent litigating the developer case, including their work on discovery, experts, and class certification. *Colvin* Pls.' Resp. at 3, ECF No. 414. But in all this work, *Colvin* Counsel had a duty of loyalty to the developer class, which had two primary financial interests: (1) maximize overall damages attributable to Valve's anticompetitive conduct *and* (2) maximize the *share* of those damages that were attributed to developers *as opposed to consumers*. Consumers share the first interest with the developer class, but they have the opposite interest when it comes to the second.[2]

One can see this conflict altering *Colvin* Counsel's positions—and forcing strained, motivated reasoning—in real time. The *Colvin* Plaintiffs assert that "[a]t the damages stage in this case, there cannot be multiple, contradictory damages models. For example, this Court cannot apply two separate damages models that each allocate different percentages of damages to consumers and developers—a cohesive damages model must apply." *Colvin* Pls.' Resp. at 12, ECF No. 414.[3] But this is *obviously* wrong—separate classes of plaintiffs put forward inconsistent damages models *often*, because separate classes of plaintiffs often have incompatible interests and disagree on what damages model should be presented to a jury. *See, e.g.*, *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022) (affirming grant of class certification to three different purchaser classes employing three separate damages models); *In re Broiler Chicken Antitrust Litig.*, 2022 WL 1720468 (N.D. Ill. May 27, 2022) (denying defendants' *Daubert* motions and granting class certification to three different purchaser classes employing three separate damages models). This is especially true where, as here, one class is years ahead of the other and the classes must litigate on separate tracks.

---

[2] As explained in the *Hepler* Plaintiffs' opposition, even if *Colvin* Counsel *could have* represented both consumers and developers from the start, bearing their ethical obligations to the *class as a whole*, they cannot do so *now*, after making *years* of irreversible litigation decisions with only their developer clients' interests in mind. *Hepler* Pls.' Resp. at 4-8, ECF No. 413.

[3] The *Colvin* Plaintiffs support this assertion not with caselaw but with the *ipse dixit* of their own counsel. Decl. of Kenneth J. Rubin ¶ 25, ECF No. 415.

---

*Hepler* Plaintiffs' Reply in Support
of Motion to Appoint Cohen
Milstein as Interim Lead Counsel

Page 5

Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
(202) 408-4600

1    Why would the *Colvin* Plaintiffs take such an irrational position, then? The answer is clear:

2    To be appointed Class Counsel, *Colvin* Counsel must convince the Court that no conflict between

3    developer and consumer interests could ever arise. And they must do so without *ever* contradicting a

4    position they have taken—over three years of litigation—on behalf of their developer clients. The

5    knots in which *Colvin* Counsel has already tied itself to make its arguments illustrate why this

6    approach is fundamentally untenable.[4]

7    **III.    CONCLUSION**

8    The Court should appoint Cohen Milstein Sellers & Toll PLLC alongside Hagens Berman

9    and Bucher Law as interim lead or co-lead counsel for the consumer class.

---

[4] The *Colvin* Plaintiffs address the *Hepler* Plaintiffs' proposal only by reiterating their argument that *Elliot* Counsel are inadequate to represent the class. *Colvin* Pls.' Resp. at n.6, ECF No. 414. But as noted above, this misses the point: The addition of Cohen Milstein as interim co-lead counsel would ensure the adequacy of the co-lead team regardless of any actual or imaginary conflict that would affect *Elliott* Counsel alone.

*Hepler* Plaintiffs' Reply in Support
of Motion to Appoint Cohen
Milstein as Interim Lead Counsel

Page 6

Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
(202) 408-4600

DATED this 17th day of January, 2025

/s/ Brent W. Johnson

Brent W. Johnson (*pro hac vice*)
Benjamin D. Brown (*pro hac vice*)
Robert W. Cobbs (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
(202) 408-4600
bbrown@cohenmilstein.com
bjohnson@cohenmilstein.com
rcobbs@cohenmilstein.com

Christopher J. Bateman (*pro hac vice*)
Daniel Gifford (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine St., 14th Floor New York, NY 10005
Tel: (212) 838-7797
Fax: (212) 838-7745
cbateman@cohenmilstein.com
dgifford@cohenmilstein.com

/s/ Corrie Yackulic

Corrie Yackulic (WSBA No. 16063)
CORRIE YACKULIC LAW LLC
110 Prefontaine Place S., Suite 304
Seattle, WA 98104
Tel: (206) 787-1915
corrie@cjylaw.com

*Hepler* Plaintiffs' Reply in Support
of Motion to Appoint Cohen
Milstein as Interim Lead Counsel

Page 7

Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
(202) 408-4600

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF recipients.

Dated:    January 17, 2025              /s/ *Brent W. Johnson*

                                         Brent W. Johnson

1 | **LCR 7 CERTIFICATION**

2

3           I certify that this memorandum contains 1,984 words, in compliance with the Local Civil

4   Rules.

5

6

7

8   Dated:      January 17, 2025                            /s/ *Brent W. Johnson*

9                                                           Brent W. Johnson

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

---

*Hepler* Plaintiffs' Reply in Support
of Motion to Appoint Cohen
Milstein as Interim Lead Counsel                Page 9                Cohen Milstein Sellers & Toll PLLC
                                                                     1100 New York Ave. NW ● Fifth Floor
                                                                     Washington, DC 20005
                                                                     (202) 408-4600