THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION<br><br>This Filing Relates to:<br>ALL ACTIONS | Case No. 2:21-cv-00563-JNW<br><br>**PLAINTIFFS BRANDON DRAKE'S AND ERIC SAAVEDRA'S REPLY IN SUPPORT OF THEIR MOTION TO APPOINT INTERIM CO-LEAD CONSUMER CLASS COUNSEL AND LIAISON COUNSEL**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>NOTE ON MOTION CALENDAR:<br><br>**January 17, 2025** |

DRAKE PLS.' REPLY IN SUPPORT OF MOT. APPOINT

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & MCCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

## **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ........................................................................................................................ 1

    A. *Drake* Counsel Are Best Able to Represent the Consumer Class ......................................... 1

    B. *Colvin* Counsel's Loyalty to the Consumer Class Is Compromised by Its Work on Behalf of the Publisher Class .................................................................................................. 4

    C. Any Leadership Group that Includes *Elliott* Counsel Carries Unique, Unnecessary Risks to the Proposed Consumer Class .................................................................................. 7

III. CONCLUSION .................................................................................................................. 11

i

DRAKE PLS.' REPLY IN
SUPPORT OF MOT. APPOINT

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & MCCARTHY L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*In re AndroGel Antitrust Litig. (No. II)*,
No. 09-MD-2084 (N.D. Ga. Oct. 19, 2011), Dkt. # 475 ........................................3

*In re Apple Device Performance Litig.*
No. 18-MD-2827 (N.D. Cal.)........................................2, 3

*In re: Apple Inc. Smartphone Antitrust Litig.*,
No. 24-md-3113 (D.N.J. Jan. 10, 2025), Dkt. # 61........................................3

*City of Providence v. AbbVie Inc.*,
2020 WL 6049139 (S.D.N.Y. Oct. 13, 2020)........................................2

*In re Corn Derivatives Antitrust Litig.*,
748 F.2d 157 (3d Cir. 1984) ........................................8

*In re Data Breach Sec. Litig. Against Caesars Ent., Inc.*,
2024 WL 2959279 (D. Nev. June 12, 2024)........................................4

*Estuary Transit Dist. et al. v. Hartford Healthcare Corp.*,
No. 24-cv-1051 (D. Conn. Oct. 23, 2024), Dkt. # 85........................................3

*Frame-Wilson v. Amazon.com Inc.*,
No. 20-cv-424 (W.D. Wash.)........................................2

*In re Google Play Consumer Antitrust Litig.*,
No. 3:20-cv-05761 (N.D. Cal.) ........................................2

*Hepler v. Valve Corp.*,
No. 24-cv-1735 (W.D. Wash. Oct. 23, 2024), Dkt. # 1........................................*passim*

*Lou v. Ma Laboratories, Inc.*,
2014 WL 68605 (N.D. Cal. Jan. 8, 2014)........................................6

*Michelle v. Arctic Zero, Inc.*,
2013 WL 791145 (S.D. Cal. Mar. 1, 2013) ........................................4

*Napoleon v. Amazon.com, Inc.*,
2024 WL 3652873 (W.D. Wash. Aug. 5, 2024) ........................................4

*Norton v. Tallahassee Mem'l Hosp.*,
689 F.2d 938 (11th Cir. 1982) ........................................11

*Rodriguez v. W. Publ'g Corp.*,
563 F.3d 948 (9th Cir. 2009) ........................................5, 10

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & MCCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

*Ruderman v. Wash. Nat'l Ins. Co.*,
   263 F.R.D. 670 (S.D. Fla. 2010) ................................................................................... 10

*In re Shale Oil Antitrust Litig.*,
   No. 24-md-3119 (D.N.M. Dec. 20, 2024), Dkt. # 82 ......................................................... 3

*Uschold v. Carriage Servs., Inc.*,
   2020 WL 1466172 (N.D. Cal. Mar. 6, 2020) .................................................................. 10

*Valve Corp. v. Abbruzzese*,
   No. 24-cv-1717 (W.D. Wash.), Dkt. # 13 ........................................................................ 9

**Other Authorities**

Fed. R. Civ. P. 23 ........................................................................................................ *passim*

iii

DRAKE PLS.' REPLY IN
SUPPORT OF MOT. APPOINT

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & MCCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

Plaintiffs Drake and Saavedra file this reply in support of their motion to appoint Berger Montague PC ("Berger"), Cotchett, Pitre & McCarthy LLP ("CPM"), and Keller Rohrback L.L.P. ("KR") ("*Drake* Counsel") as Interim Co-Lead Class Counsel and CPM as Interim Liaison Class Counsel for the proposed class of consumers ("Consumer Class").

## I. INTRODUCTION

Rule 23(g)(2) requires that, where multiple applicants seek appointment, "the court must appoint the applicant *best* able to represent the interests of the class." *Drake* Counsel is that applicant.

## II. ARGUMENT

### A. *Drake* Counsel Are Best Able to Represent the Consumer Class

The adequacy of proposed class counsel is rarely challenged at the leadership application stage. Rather than file responses challenging the adequacy of competing movants, applicants generally highlight their own qualifications in opening briefs only. It is rarer still for a defendant and *all movants* to raise significant conflict and adequacy issues in their leadership papers. This case presents that rare circumstance, and because *Hepler* Counsel has now joined ranks with *Elliott* Counsel, only one movant—*Drake* Counsel—has *not* had their adequacy challenged. Appointing *Drake* Counsel would resolve any adequacy issues, streamline the prosecution of this case and approval of any settlement, and ensure leadership that best protects the interests of the proposed Consumer Class.

No applicant contests *Drake* Counsel's adequacy. That alone distinguishes *Drake* Counsel's leadership application. *Colvin* and *Elliott* Counsel face myriad adequacy challenges under Rule 23(g)(1)(B), none of *Hepler* Counsel can solve. The *Colvin* and *Elliott/Hepler* slates, if appointed, will likely face renewed and additional challenges to their adequacy by Valve at the class certification stage and by objectors if a settlement is reached. Fed. R. Civ. P. 23(d)(1)(B)(iii), (e)(2)(A). The groundwork has already been laid in briefing on the leadership motions in the Publisher case, and in Valve's collateral litigation against members of the *Elliott* Counsel slate. Such challenges would distract from the merits of the Consumer Class's antitrust claims, consume

1

DRAKE PLS.' REPLY IN SUPPORT OF MOT. APPOINT

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & MCCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

time and resources, require the Court's attention, and involve appeals or appointment of new counsel. These unnecessary detours can be avoided by appointing *Drake* Counsel.

No movants credibly question *Drake* Counsel's qualifications.[1] *Hepler* Counsel does not oppose *Drake* Counsel's appointment. *See* Dkt. # 413. *Drake* Counsel are experienced antitrust class action litigators who have recovered more damages for victims of anticompetitive conduct than any other proposed leadership group, including achieving the largest private class action settlement in history. Dkt. # 411 at 3–7. *Drake* Counsel firms employ over 75 experienced antitrust litigators who could serve the Consumer Class. *Drake* Counsel's proposed leadership includes attorneys with significant experience litigating in this District, at firms headquartered here. *Id.* at 5–6. The *Drake* Counsel leadership team is comprised of junior *and* senior attorneys from diverse backgrounds, while *Elliott* Counsel's only nod to diversity is to have allowed a junior female attorney to share oral argument with the firm's founder. Dkt. # 417 at 20. On the issue of diversity, *Hepler* Counsel adds nothing to the *Elliott* Counsel slate. *Drake* Counsel understand that diverse teams with diversity of *leadership* generate better results for clients. Dkt. # 411 at 5–6; *see also City of Providence v. AbbVie Inc.*, 2020 WL 6049139, at *6 (S.D.N.Y. Oct. 13, 2020) ("[T]he intuition underlying the diversity criterion is soundly grounded in the Court's obligation to select counsel who will best represent the interests of the class.").

---

[1] *Elliott* Counsel incorrectly assert that *Drake* Counsel "were not involved in comparable cases involving Apple and Google's app stores." *See* Dkt. # 417 at 14. *Drake* Counsel served on the Executive Committee for *consumers* in *In re Google Play Consumer Antitrust Litigation*, No. 3:20-cv-05761 (N.D. Cal.). *Elliott* Counsel represented developers in the same case, and the two firms were in the trenches together in discovery. CPM was lead counsel in the consumer case *In re Apple Device Performance Litigation* No. 18-MD-2827 (N.D. Cal.). *See* Dkt. # 411-4 at p. 4. Similarly, *Elliott* Counsel touts *Frame-Wilson v. Amazon.com Inc.*, No. 20-cv-424 (W.D. Wash.), as the case that "pioneered the antitrust theory on which this case is proceeding[.]" Dkt. # 417 at 12. But *Drake* Counsel serves on the Plaintiffs' Executive Committee in that case and signed the very complaint that *Elliott* Counsel cite in their response brief. Dkt. #s 417 at 12, 418-3.

2

DRAKE PLS.' REPLY IN
SUPPORT OF MOT. APPOINT

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & MCCARTHY L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

The *only* purported criticism of *Drake* Counsel—un-related to any factor explicitly stated in Rule 23(g)—is that the *Drake* complaint was filed in October 2024.[2] The timing of the filing reflects a steadfast commitment to representing consumers in this Court. *Drake* Counsel began investigating Valve's anticompetitive conduct *two years ago* and have closely monitored the litigation against Valve in this District and abroad. Dkt. # 411-5 ¶ 5. *Drake* Counsel swiftly filed their complaint, recognizing that the proposed Consumer Class would otherwise be left with inadequate options for representation. The timing of *Drake* Counsel's entry to the litigation is a benefit to the proposed Consumer Class, not a detriment.

*Drake* Counsel have the experience and resources to zealously represent the proposed Consumer Class with undivided loyalty. They have routinely represented classes in cases involving antecedent litigation, such as class cases following government or competitor actions. *See, e.g.*, *In re: Apple Inc. Smartphone Antitrust Litig.*, No. 24-md-3113 (D.N.J. Jan. 10, 2025), Dkt. # 61 (coordinating with a government action as interim co-lead for indirect purchasers); *Estuary Transit Dist. et al. v. Hartford Healthcare Corp.*, No. 24-cv-1051 (D. Conn. Oct. 23, 2024), Dkt. # 85 (appointing Berger as co-lead counsel for direct purchasers where competitor and indirect purchaser actions had been pending for two years); *In re Shale Oil Antitrust Litig.*, No. 24-md-3119 (D.N.M. Dec. 20, 2024), Dkt. # 82 at 3 (reflecting Berger's and CPM's efforts to obtain discovery from prior FTC investigation); *In re AndroGel Antitrust Litig. (No. II)*, No. 09-MD-2084 (N.D. Ga. Oct. 19, 2011), Dkt. # 475 (appointing Berger as co-lead in litigation following a prior FTC action); *In re Apple Device Performance Litig.*, No. 18-MD-2827 (N.D. Cal. May 15, 2018), Dkt. # 100 (appointing CPM as co-lead in litigation following state AG investigations); *Hogan v. Amazon.com Inc.*, No. 21-996 (W.D. Wash. Nov. 27, 2023), Dkt. # 61 (appointing CPM co-lead counsel in litigation following prior FTC action). In these cases, among others, *Drake* Counsel make every effort to draw upon prior discovery and avoid duplication of effort.

---

[2] *Hepler* Counsel filed their complaint one day before *Drake* Counsel on October 23, but *Elliott* Counsel do not question their timing. *Hepler v. Valve Corp.*, No. 24-cv-1735 (W.D. Wash. Oct. 23, 2024), Dkt. # 1.

3

DRAKE PLS.' REPLY IN SUPPORT OF MOT. APPOINT

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & MCCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

*Colvin* and *Elliott* Counsel cannot credibly excuse their adequacy issues. Instead, they focus on facts that are not relevant to the Rule 23(g)(2) factors. For instance, *Colvin* Counsel tout their status as first filers, but, particularly in the circumstances of this case, being the first to file "bears no relationship" to being "best" able to represent the interests of the Consumer Class, which is the test. *Napoleon v. Amazon.com, Inc.*, 2024 WL 3652873, at *3 (W.D. Wash. Aug. 5, 2024) ("Where the Court perceives under the prescribed factors that one applicant has an advantage over the other, however, the first-to-file criterion is of little value[.]"); *see also Michelle v. Arctic Zero, Inc.*, 2013 WL 791145, at *2 n.3 (S.D. Cal. Mar. 1, 2013) ("'[F]irst to file' by itself has little to do with who is best qualified to lead the case[.]") (quoting *Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 365 (E.D. Mich. 2006)); *In re Data Breach Sec. Litig. Against Caesars Ent., Inc.*, 2024 WL 2959279, at *6 (D. Nev. June 12, 2024) (being first to file is only relevant "where the Rule 23(g)(1)(A) factors are equal"). Similarly, *Elliott* Counsel's contention that they are responsible for invalidating the arbitration clause, true or not, does not bear on whether they are best able to represent the interests of the proposed Consumer Class. This is particularly true given Bucher's apparent intention to continue pursuing arbitrations.[3] *Drake* Counsel, on the other hand, are focused exclusively on the consumer class action.

**B.     *Colvin* Counsel's Loyalty to the Consumer Class Is Compromised by Its Work on Behalf of the Publisher Class**

*Colvin* Counsel misunderstands the law and the practical reality of class action litigation—reflecting *Colvin* Counsel's lack of experience representing plaintiffs in antitrust class actions.[4]

---

[3] As *Colvin* Counsel argue, "the emphasis that Elliott Counsel place on their arbitration clause challenge is overstated" because "the arbitrators presiding over the Elliott Plaintiffs' cases merely reached the arbitrability issue" before arbitrators presiding over other similar challenges. *See* Dkt. # 414 at 8. Bucher's stated intention to continue pursuing arbitrations and initiate more in the future, is difficult to square with *Elliott* Counsel's argument that Bucher challenged the arbitration clause. Dkt. # 417 at 11.

[4] *Colvin* Counsel misleadingly cite the Court's Order appointing them to the Publisher Class Executive Committee as tacit approval of their dual representation of the Publisher Class and the Consumer Class. Dkt. # 414 at 11 n.5 (citing Dkt. # 92). The unopposed motion there did not mention *Colvin* Counsel's continued representation of consumer plaintiffs, let alone argue that this supported their appointment to the Executive Committee. *See* Dkt. # 91. Rather, their motion

4

DRAKE PLS.' REPLY IN
SUPPORT OF MOT. APPOINT

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & MCCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

*Elliott* Counsel, *Hepler* Counsel, and *Drake* Counsel agree that *Colvin* Counsel is conflicted. *Colvin* Counsel assert that there is no conflict with their concurrent representation of the Publisher Class and the Consumer Class because "this is not a zero-sum case." Dkt. # 414 at 13. But the practical reality is that both the Publisher Class and the Consumer Class are seeking to recover overcharges from Valve. Despite *Colvin* Counsel's assertion that "both consumers and developers will receive 100% of their respective damages," the overcharge attributable to Valve's anticompetitive conduct is finite.[5] *Colvin* Counsel also do not address the fact that the Consumer Class's claims are subject to trebling. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 964 (9th Cir. 2009) (describing treble damages as an "automatic component of the recovery of antitrust damages"); Fed. R. Civ. P. 23(g)(1)(A)(iii) (requiring consideration of "counsel's knowledge of the applicable law").

Next, *Colvin* Counsel incorrectly argue that a "cohesive damages model must apply" to both classes, but they cite no authority in support of this assertion. Dkt. # 414 at 12. Antitrust cases involving distinct classes seeking to recover for the same conduct routinely involve different damages models. Dkt. # 416 at 5–7. The same underlying anticompetitive practices may affect different types of market participants differently. Here, the Publisher Class and proposed Consumer Class are in different procedural postures and will likely have separate trials with separate juries. There is no reason the damages model for both classes should be identical. Consumers should not be bound by the positions of Publisher Class, which reflect advocacy on behalf of the Publisher Class only.

*Colvin* Counsel contend that the proposed Consumer Class should adopt the Publishers Class's allocation of Valve's overcharge. *See* Dkt. # 414 at 11–13. While both Classes share an interest in establishing the size of the overcharge, their interests diverge in determining how much

---

stated, "[t]he proposed leadership structure here applies only to the game publisher plaintiffs." *Id.* at 1, n.1.

[5] *Elliott*, *Hepler*, and *Colvin* Counsel's Publisher Class co-counsel all agree that Valve's resources are not infinite. Dkt. #s 46 at 7–10, 413 at 5–7, 417 at 6–7.

5

DRAKE PLS.' REPLY IN
SUPPORT OF MOT. APPOINT

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & MCCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

publishers pass on to consumers in the form of higher prices. Unsurprisingly, the Publisher Class's allocation of the overcharge favors the Publisher Class—attributing 75-80% of the overcharge to the Publishers and leaving only 20-25% for the Consumer Class. Dkt. # 343 ¶ 402. In the Publisher case, Valve argued that the publishers only suffered 60% of the total overcharge meaning that—according to Valve—the overcharge to consumers may be as high as 40%, significantly above the 25% at which *Colvin* Counsel insist that they will cap the Consumer Class's damages, if appointed. Dkt. #s 345 ¶ 114, 414 at 12 (claiming that, "[a]t the damages stage in this case, there cannot be multiple, contradictory damages models"). Each Class should be represented by separate counsel who are committed to maximizing the recovery from Valve for their respective clients. Professor Jeffrey Stempel, an expert in professional responsibility and ethics, opines that their divergent fact and expert discovery strategies reflect that *Colvin* Counsel's representation of the consumer class would be materially limited. *See* Reply Expert Report of Jeffrey W. Stempel ¶ 7, attached hereto as Ex. A. *Colvin* Counsel's extensive work on behalf of the Publisher Class and their biased views about the proposed Consumer Class's damages prevent them from seeking a maximum recovery for the Consumer Class; as such, they are not best suited to represent the proposed Consumer Class.

*Colvin* Counsel do not address the many technology monopoly cases in which courts have appointed separate counsel for distinct groups of market participants. *See* Dkt. # 414 at 5 & n.5.[6] *Colvin* Counsel also ignore the additional delay that their conflict could cause via repeated adequacy challenges. *See id.* at 7–8. The oppositions filed by the subsequently appointed Co-Lead Counsel on behalf of the certified Publisher Class, *see* Dkt. # 46 at 7–10, and oppositions to *Colvin* Counsel's leadership motion here, *see* Dkt. #s 413, 416, 417, identify these potential challenges to

---

[6] *Colvin* Counsel's attempts to distinguish *Drake* Counsel's authority also fall short. For example, *Colvin* Counsel note that *Lou v. Ma Laboratories, Inc.*, 2014 WL 68605 (N.D. Cal. Jan. 8, 2014), focuses on two classes in two different actions, rather than one. Dkt. # 414 at 12–13. But that is a distinction without a difference because if separate counsel are required to prevent conflicts in separate actions, they are no less necessary for classes in the same litigation.

6

DRAKE PLS.' REPLY IN
SUPPORT OF MOT. APPOINT

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & McCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

their adequacy, whether by Valve at class certification or by objectors to any settlement.[7]

Resolving these adequacy challenges would generate expensive, time-consuming collateral litigation that provides no benefit to the Consumer Class and negates any purported efficiencies that could be gained from *Colvin* Counsel's work on behalf of the Publisher Class.

Thus, *Colvin* Counsel are not best suited to represent the proposed Consumer Class, and their application should be denied.

**C.  Any Leadership Group that Includes *Elliott* Counsel Carries Unique, Unnecessary Risks to the Proposed Consumer Class**

As various filings by *Colvin* Counsel and Valve highlight (and *Hepler* Counsel tacitly concede), the shortcomings of *Elliott* Counsel's application derive from their attempt to pursue class claims while litigating individual arbitrations on behalf of many thousands of consumers. Bucher has not proposed to cease its representation of arbitration clients, but has instead continued to file additional arbitrations. Bucher's continued participation in a mass arbitration effort conflicts with the interests of the proposed Consumer Class because it reduces the membership of the Consumer Class and, potentially, its damages.

Valve's opposition to *Elliott* Counsel's application confirms the likelihood of objections to the adequacy of *Elliott* Counsel's representation, if appointed, at the class certification stage. Dkt. # 416 at 16–17. *Elliott* Counsel's attempt to spin Valve's opposition to its initial leadership motion as a "sign" that they are the "most capable champions," while creative, doesn't address the real conflict at the heart of Valve's opposition: proposed lead counsel with one foot in the class litigation, and the other in individual arbitrations. *See* Dkt. # 417 at 17; Dkt. # 407 at 10 (*Hepler* Counsel acknowledging potential "[c]oncerns [a]bout the [a]dequacy of" *Elliott* Counsel).

*Elliott* Counsel's representation of the proposed Consumer Class would be hampered by inconsistent positions about the validity of the arbitration clause and whether arbitration or

---

[7] *Colvin* Counsel's appointment in this case could also create problems in the Publisher Class case. For example, if the Publisher Class reaches a settlement with Valve, objectors may challenge it based on *Colvin* Counsel's divided loyalties between them and the Consumer Class.

7

DRAKE PLS.' REPLY IN
SUPPORT OF MOT. APPOINT

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & MCCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

litigation provides the best results.[8] Regardless of Bucher's attempts to harmonize its inconsistent statements, filings by Valve and *Colvin* Counsel show Bucher's statements are inconsistent, which heightens the risk that Valve or settlement objectors will argue in later stages of the litigation that those inconsistencies undercut *Elliott* Counsel's adequacy. Dkt. # 416 at 16–17.[9] *Elliott* Counsel claim that "[a]ny consumer that elects to arbitrate would not become part of a certified class, just like in any opt-out" from a class action case. Dkt. # 417 at 15. Yet, opt-out plaintiffs are entitled to their day in court and are frequently represented by separate counsel. *See In re Corn Derivatives Antitrust Litig.*, 748 F.2d 157, 162 (3d Cir. 1984) (disqualifying class counsel who sought to represent an opt-out from an antitrust class action settlement because it would be unfair to permit counsel to use "information about the strengths and weaknesses of the case gained from the joint representation").

Here, *Elliott* Counsel suggest that they should be able to represent the proposed Consumer Class while simultaneously reducing its membership by initiating more arbitrations—essentially, representing opt-outs from their own class. According to Bucher, arbitration will return more damages for claimants than will a class action. Thus, Bucher will favor claimants who chose to arbitrate in seeking to obtain a recovery from Valve's finite resources, and the proposed Consumer Class's damages will be reduced. *Elliott* Counsel's proposal to represent the Consumer Class while pursuing claims in arbitration therefore calls into question *Elliott* Counsel's ability to show the superiority of class litigation under Rule 23.

*Elliott* Counsel also do not meaningfully refute the allegations that Bucher has breached its ethical duties in representing individuals in arbitration, including by failing to keep arbitration

---

[8] *Elliott* Counsel's explanations have been consistently and conspicuously described as "Bucher's positions," and never the positions of *Elliott* Counsel. *See, e.g.*, Dkt. # 41 at 10-12; Dkt. # 417 at 14. Yet Bucher is an essential part of *Elliott* Counsel, particularly because all the plaintiffs on the *Elliott* complaint are Bucher's arbitration clients. Dkt. # 412 at 1.

[9] *Elliott* Counsel's response brief raises more questions than it answers. *Elliott* Counsel theorize that Valve may again embrace arbitration in a future revised SSA. Dkt. # 417 at 19. If Valve did so, there is a risk that Bucher's positions would continue to shift and create further conflicts.

8

DRAKE PLS.' REPLY IN SUPPORT OF MOT. APPOINT

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & MCCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

clients informed, to respond to arbitration clients' communications, and to obtain parental consent before representing minors. Dkt. # 416 at 13–14. *Elliott* Counsel brush off Valve's allegations of serious ethical lapses as mere "mud-slinging." Dkt. # 417 at 17. But Valve's concerns are grounded in detailed facts in a sworn declaration, supported by extrinsic documentation of communications from Bucher's clients, which Bucher has largely failed to refute. *Valve Corp. v. Abbruzzese*, No. 24-cv-1717 (W.D. Wash.), Dkt. # 13 ¶¶ 7–24. *Elliott* Counsel do not squarely address these concerns. Nor do they credibly explain how counsel whose loyalties are divided between arbitration plaintiffs and the proposed Consumer Class are best able to represent the interests of that class. Rather than address Valve's well-documented and serious ethical accusations with candor or contrary evidence, *Elliott* Counsel simply brushes off Valve's sworn recitation of the facts as "unfounded." Dkt. # 417 at 17.

      *Elliott* Counsel's arguments in opposition to *Drake* Counsel's application are also unavailing. *Elliott* Counsel contend that it would be "enormously unfair" for *Drake* Counsel to be "awarded leadership," citing *Elliott* Counsel's challenge to the arbitration clause and the filing of the *Drake* Complaint in October 2024. *Id.* at 11–12. This argument fails because the Rule 23(g)(2) analysis focuses on who is "best able to represent the *class*" (emphasis added)—not vague notions of fairness to competing *counsel*, or of timing generally. Rather, appointing *Elliott* Counsel would be unfair to the proposed Consumer Class because it would saddle the class with counsel beset by serious and self-inflicted conflicts and adequacy issues. Those issues will imperil, or at least likely delay, the Class's ability to maximize a recovery or make any recovery at all. Rule 23(g)(2) is, like *Drake* Counsel, concerned with what is fair to and in the best interests of the proposed Consumer Class.

      *Elliott* Counsel also claim that appointing *Drake* Counsel would disincentivize challenges to arbitration clauses. This argument makes no sense (particularly given that other challenges have been made to Valve's arbitration provision separate from this litigation). That red herring distracts from the root of *Elliott* Counsel's conflict: Bucher pursued and was retained to initiate thousands

9

DRAKE PLS.' REPLY IN SUPPORT OF MOT. APPOINT

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & MCCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

of arbitration demands *after* filing the *Elliott* Complaint, diminishing the potential size of the Consumer Class and its damages.

Finally, the Court should not countenance HB's efforts to separate itself from Bucher's conflicts. HB signed a complaint with Bucher in which Bucher's former arbitration clients are plaintiffs and moved jointly to be appointed Co-Lead Counsel with Bucher.[10] *Elliott* Counsel's response to the argument that HB and Bucher may have shared client confidences falls short: *Elliott* Counsel claim that their position is supported by an "abundance of authority," yet, it provides none. Dkt. # 417 at 18, n. 21. The fact that HB "does not represent any plaintiffs in arbitration" is not dispositive. Dkt. # 417-1 ¶ 24. HB is conflicted because of its "substantial relationship" with Bucher: HB represents Bucher's former arbitration clients, and necessarily learned information about Bucher's arbitration strategy before filing the *Elliott* Complaint. Ex. A ¶ 19. Indeed, HB appears to have associated with Bucher *for the purpose of representing Bucher's former arbitration clients*, and its briefing provides no other reasons. *Id.* ¶ 21. As Professor Stempel opines, "HB's involvement in this case cannot be separated from that of Bucher." *Id.* ¶ 19. When HB adopted Bucher, it adopted its conflicts too.

The cases that *Elliott* Counsel cite to suggest that HB's involvement resolves Bucher's conflicts are unpersuasive. *See* Dkt. # 417 at 18.[11] As *Drake* Counsel has explained, *Rodriguez* does not show that fixing a conflict by adding purportedly neutral counsel is simple, but instead illustrates the years-long delay such a move creates. 563 F.3d at 961. Bucher's presence within *Elliott* Counsel's proposed leadership group creates an "appearance of impropriety" such that *Elliott* Counsel could be the subject of adequacy challenges, a distraction from the merits of the

---

[10] To the extent HB seeks to distance itself from Bucher's arbitration efforts, it should not receive credit for "mak[ing] this consumer class case possible[.]" Dkt. # 417 at 10. *Elliott* Counsel's briefing does not include examples of HB's efforts to advance the ball for consumers' interests in this case. *See id.* at 12.

[11] In the other cases that *Elliott* Counsel cite, the courts found that the original counsel did not have a conflict, rendering the imputation analysis irrelevant. *See Uschold v. Carriage Servs., Inc.*, 2020 WL 1466172, at *15 n.16 (N.D. Cal. Mar. 6, 2020); *Ruderman v. Wash. Nat'l Ins. Co.*, 263 F.R.D. 670, 685 (S.D. Fla. 2010). Here, Bucher's conflict is manifest.

10

DRAKE PLS.' REPLY IN SUPPORT OF MOT. APPOINT

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & MCCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

case that is not in the best interests of the proposed Consumer Class. *See Norton v. Tallahassee Mem'l Hosp.*, 689 F.2d 938, 941 (11th Cir. 1982).[12] This is true whether or not a challenge on the basis of conflicts would ultimately succeed on its merits.

For all of these reasons, *Elliott* Counsel are not best suited to represent the proposed Consumer Class, and their motion should be denied. The *Hepler* motion should likewise be denied because the addition of *Hepler* Counsel to the *Elliott* slate does nothing to solve the issues that doom *Elliott* Counsel's application.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court appoint Berger Montague PC, Cotchett, Pitre & McCarthy LLP, and Keller Rohrback L.L.P. as Interim Co-lead Class Counsel and Cotchett, Pitre & McCarthy LLP as Interim Liaison Class Counsel for consumers in these actions because they are the best applicant pursuant to Rule 23(g).

DATED: January 17, 2025

Respectfully submitted,

By: /s/ David J. Ko
David Ko, WSBA No. 38299
Derek W. Loeser, WSBA No. 24274
Ryan McDevitt, WSBA No. 43305
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
Phone: (206) 623-1900
dko@kellerrohrback.com
dloeser@kellerrohrback.com
rmcdevitt@kellerrohrback.com

---

[12] *Hepler* Counsel seeks to join the *Elliott* Counsel team. According to *Elliott* Counsel, "[t]o the extent that there were any conflict arising from Bucher Law's arbitrations," the inclusion of CMST in the *Elliott* roster "assuages any additional concerns that a conflict may adversely affect the adequacy of representation." Dkt. # 417 at 17–18 (alterations omitted) (quoting *Rodriguez*, 563 F.3d at 961). It does not; CMST's addition does not neutralize *Elliott* Counsel's conflicts any more than HB's participation does. *See also* Dkt. # 416 at 18–19.

11

DRAKE PLS.' REPLY IN SUPPORT OF MOT. APPOINT

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & MCCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

By: */s/ Karin B. Swope*
Karin B. Swope, WSBA No. 24015
Thomas E. Loeser, WSBA No. 38701
Vara Lyons (admitted in NY, WSBA pending)
Ellen J. Wen, WSBA No. 61324
COTCHETT, PITRE & MCCARTHY, LLP
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Phone: (206) 802-1272
Fax: (650) 697-0577
kswope@cpmlegal.com
tloeser@cpmlegal.com
vlyons@cpmlegal.com
ewen@cpmlegal.com

By: */s/ Michael Dell'Angelo*
Michael Dell'Angelo (*pro hac vice*)
Candice J. Enders (*pro hac vice*)
Zachary Caplan (*pro hac vice*)
Julia McGrath (*pro hac vice*)
Jeremy Gradwohl (*pro hac vice*)
Sarah Zimmerman (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street
Philadelphia, PA 19103
Phone: (215) 875-3000
mdellangelo@bm.net
cenders@bm.net
zcaplan@bm.net
jmcgrath@bm.net
jgradwohl@bm.net
szimmerman@bm.net

***Attorneys for Plaintiffs Brandon Drake And Eric Saavedra***

12

DRAKE PLS.' REPLY IN SUPPORT OF MOT. APPOINT

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & MCCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2025 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF recipients.

/s/ David Ko
David Ko

13

DRAKE PLS.' REPLY IN SUPPORT OF MOT. APPOINT

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & MCCARTHY L.L.P.
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184

## LCR 7 CERTIFICATION

I certify that this memorandum contains 4,035 words, in compliance with the Local Civil Rules and the Court's December 6, 2024 Order Consolidating Cases and Setting Briefing Schedule (Dkt. # 394 at ¶ 2.3).

DATED: January 17, 2025.

*/s/ David Ko*
David Ko

14

DRAKE PLS.' REPLY IN SUPPORT OF MOT. APPOINT

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & MCCARTHY L.L.P.**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
TELEPHONE: (206) 802-1272
FACSIMILE: (206) 299-4184