THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | Case No. 2:21-cv-00563-JNW<br><br>**PUBLISHER CLASS PLAINTIFFS' UNOPPOSED MOTION FOR AMENDED CLASS PERIOD, ORDER APPROVING NOTICE OF CLASS CERTIFICATION, AND ENTRY OF NOTICE SCHEDULE**<br><br>NOTING DATE: March 4, 2025 |
| This Document Relates to:<br><br>Publisher Plaintiffs | |

PLS.' MOT. FOR APPROVAL OF CLASS CERT. NOTICE
CASE NO. 2:21-CV-00563-JNW

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...........................................................................................................1

II. LEGAL STANDARD......................................................................................................2

III. ARGUMENT...................................................................................................................3

    A. The Court Should Amend the Class Period to Facilitate Practicable Notice...........3

    B. The Content and Form of the Proposed Notices Use Plain, Easy-to-Understand Language and Contain the Information Required by Rule 23..............4

    C. The Certification Notice Plan Is Tailored to This Class Action and Constitutes the Best Notice Practicable Under the Circumstances..........................4

        1. Direct Emailed Notice to Claimants with Known Email Addresses ...........5

        2. Direct Mailed Notice to Claimants with Known Mailing Addresses ..........6

        3. Media Publication Campaign.......................................................................6

        4. Dedicated Website and Toll-Free Telephone Number ................................7

    D. The Court Should Enter Publisher Plaintiffs' Proposed Notice Schedule ...............7

IV. CONCLUSION................................................................................................................8

PLS.' MOT. FOR APPROVAL OF CLASS CERT. NOTICE
CASE NO. 2:21-CV-00563-JNW

i

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Ansoumana v. Gristede's Operating Corp.*,
   201 F.R.D. 81 (S.D.N.Y. 2001) ................................................................................................ 4

*Briseno v. ConAgra Foods, Inc.*,
   844 F.3d 1121 (9th Cir. 2017) ............................................................................................. 2, 4

*Churchill Vill., L.L.C. v. Gen. Elec.*,
   361 F.3d 566 (9th Cir. 2004) ................................................................................................... 4

*Cruz v. Dollar Tree Stores, Inc.*, No. 3:07-cv-4012, 2009 WL 1974404
   (N.D. Cal. July 2, 2009), *modified in part*, 270 F.R.D. 499 (N.D. Cal. 2010) ........................ 4

*Czuchaj v. Conair Corp.*,
   No. 3:13-cv-01901-BEN-RBB, 2016 WL 4130947 (S.D. Cal. May 13, 2016), *modified*,
   No. 3:13-cv-001901-BEN-RBB, 2016 WL 4272374 (S.D. Cal. Aug. 15, 2016) ...................... 6

*Eisen v. Carlisle & Jacquelin*,
   417 US 156 (1974) ............................................................................................................. 2, 5

*Fraser v. Wal-Mart Stores, Inc.*,
   No. 2:13-cv-00520-TLN-DB, 2016 WL 6208367 (E.D. Cal. Oct. 24, 2016) ............................ 6

*In re China Med. Corp. Sec. Litig.*,
   No. 8:11-cv-01061-JST-ANX, 2013 WL 12126754 (C.D. Cal. May 16, 2013) ........................ 8

*In re Packaged Seafood Prods. Antitrust Litig.*,
   No. 15-md-02670-DMS-MDD, 2023 WL 2487548 (S.D. Cal. Mar. 13, 2023) ......................... 4

*Katz v. Carte Blanche Corp.*,
   496 F.2d 747 (3d Cir. 1974) .................................................................................................... 8

*Kirchner v. Shred-It USA Inc.*,
   No. 2:14-cv-01437-WBS, 2015 WL 1499115 (E.D. Cal. Mar. 31, 2015) ................................. 8

*Maslic v. ISM Vuzem*,
   No. 21-cv-02556-BLF, 2023 WL 8482868 (N.D. Cal. Dec. 7, 2023) ....................................... 7

*Mullins v. Direct Digital, LLC*,
   795 F.3d 654 (7th Cir. 2015) ........................................................................................... 2, 3, 5

*N.D. v. Reykdal*,
   No. 2:22-cv-01621-LK, 2024 WL 4875055 (W.D. Wash. Nov. 22, 2024) ........................... 3, 8

*Peters v. Nat'l R.R. Passenger Corp.*,
   966 F.2d 1483 (D.C. Cir. 1992) ............................................................................................... 2

*Rannis v. Recchia*,
   380 F. App'x 646 (9th Cir. 2010) ............................................................................................. 2

PLS.' MOT. FOR APPROVAL OF CLASS CERT. NOTICE
CASE NO. 2:21-CV-00563-JNW

ii

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

*Sampson v. Knight Transportation, Inc.*,
  2021 WL 2255129 (W.D. Wash. June 3, 2021) ........................................................ 3, 8

*Schwarzschild v. Tse*,
  69 F.3d 293 (9th Cir. 1995) ............................................................................................ 8

*Tuttle v. Audiophile Music Direct, Inc.*,
  No. 22-cv-01081-JLR, 2023 WL 8891575 (W.D. Wash. Dec. 26, 2023) .............................. 3, 8

*Zepeda v. Paypal, Inc.*,
  No. 10-cv-01668-SBA, 2015 WL 6746913 (N.D. Cal. Nov. 5, 2015) ....................................... 7

### Other Authorities

7AA Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and
  Procedure Civil § 1786 at 492–93 (3d ed. 2005) ........................................................ 2

MANUAL FOR COMPLEX LITIGATION FOURTH § 21.311 at 291–92 (4th ed. 2004) ......................... 5

### Rules

Fed. R. Civ. P. 23(c)(2)(B) ................................................................................... 2, 4, 5

Rule 23(b)(3) ..................................................................................................... 2

PLS.' MOT. FOR APPROVAL OF CLASS CERT. NOTICE
CASE NO. 2:21-cv-00563-JNW

iii

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

Pursuant to this Court's November 25, 2024 Order granting Publisher Plaintiffs' motion for class certification (ECF No. 392 at 26) ("Class Certification Order"), Plaintiffs Wolfire Games, LLC, Dark Catt Studios Holdings, Inc., and Dark Catt Studio Interactive LLC and the class they represent respectfully move the Court for an order amending the class definition and period, and approving a plan of notice of the class certification order ("Certification Notice Plan"). In support thereof, Publisher Plaintiffs state as follows:

## I. INTRODUCTION

Personal computer ("PC") game Publisher Plaintiffs seek to hold Defendant Valve Corporation ("Valve") accountable for Valve's alleged price and content parity policies imposed on Publishers because those policies have allegedly harmed competition in the alleged third-party PC platform distribution market and damaged Publishers in the form of, *inter alia,* inflated revenue sharing to Valve as well as higher prices to game buyers.

On November 25, 2024, the Court granted Publisher Plaintiffs' motion for class certification, appointed Plaintiffs Wolfire Games, LLC, Dark Catt Studios Holdings, Inc., and Dark Catt Studio Interactive LLC as class representatives, appointed co-lead class counsel, and certified the following class:

> All persons or entities who, directly or through an agent, paid a commission to Valve in connection with the sale or use of a game on the Steam platform on or after January 28, 2017, and continuing through the present until the effects of its scheme are eliminated (the "Class Period"), and where either (1) the person or entity was based in the United States and its territories or (2) the game was purchased or acquired by a United States-based consumer during the Class Period. Excluded from the Class are (a) Defendant, its parents, subsidiaries, affiliate entities, and employees, and (b) the Court and its personnel.

(ECF No. 392 at 26–27.)

Publisher Plaintiffs now propose an amended class definition and period, and a multi-method notice plan that includes direct-mailed notices, email notices, notices published online, a

PLS.' MOT. FOR APPROVAL OF CLASS CERT. NOTICE
CASE NO. 2:21-cv-00563-JNW

1

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

continuing informational website, and a toll-free telephone line to communicate with class members. As explained below, the Publisher Plaintiffs' proposed notice exceeds the Rule 23 requirements and, therefore, they ask the Court to approve the proposed Certification Notice Plan and grant this motion. Valve does not oppose Publisher Plaintiffs' motion.

## II.     LEGAL STANDARD

After certifying a Rule 23(b)(3) class, Rule 23(c)(2)(B) requires a court to "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The notice rule is designed "to afford members of the class due process which, in the context of the rule 23(b)(3) class action, guarantees them the opportunity to be excluded from the class action and not be bound by any subsequent judgment." *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1486 (D.C. Cir. 1992) (citing *Eisen v. Carlisle & Jacquelin*, 417 US 156, 173–74 (1974)).

Class notice "serves to inform absentees who otherwise might not be aware of the proceeding that their rights are in litigation so that they can take whatever steps they deem appropriate to make certain that their interests are protected." 7AA Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure Civil § 1786 at 492–93 (3d ed. 2005).

"Rule 23 requires only the 'best notice that is *practicable under the circumstances*, including individual notice to all members who can be identified through *reasonable effort*.'" *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1128–29 (9th Cir. 2017) (quoting Fed. R. Civ. P. 23(c)(2)(B)) (emphasis in original). "These requirements are designed to ensure that class notice procedures comply with the demands of due process." *Rannis v. Recchia*, 380 F. App'x 646, 650 (9th Cir. 2010) (citing *Eisen*, 417 US at 173). "The rule does not insist on actual notice to all class members in all cases." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 665 (7th Cir. 2015). In fact, the Rule "recognizes it might be *impossible* to identify some class members for purposes of actual notice." *Id.* (emphasis in original). Similarly, "the Due Process Clause does not require actual, individual notice in all cases." *Briseno*, 844 F.3d at 1129.

PLS.' MOT. FOR APPROVAL OF CLASS CERT. NOTICE
CASE NO. 2:21-cv-00563-JNW

2

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

Notice may be given by "one or more of the following: United States mail, electronic mail, or other appropriate means." Fed. R. Civ. P. 23(c)(2)(B). Other appropriate means include "notice through third parties, paid advertising, and/or posting in places frequented by class members, all without offending due process." *Mullins*, 795 F.3d at 665. The Certification Notice Plan, which utilizes a combination of direct notice to class members and publication or other similar means of notice, is commonly used in class actions like this one. *See, e.g.*, *N.D. v. Reykdal*, No. 2:22-cv-01621-LK, 2024 WL 4875055, at *11 (W.D. Wash. Nov. 22, 2024); *Tuttle v. Audiophile Music Direct, Inc.*, No. 22-cv-01081-JLR, 2023 WL 8891575, at *5 (W.D. Wash. Dec. 26, 2023).

## III. ARGUMENT

### A. The Court Should Amend the Class Period to Facilitate Practicable Notice

Rule 23(c)(1)(C) permits the Court to amend aspects of the certification order—such as the class definition—prior to the entry of final judgment. Currently, the class definition provides that the class period will run through the entry of final judgment in this matter. ECF No. 392 at 26–27 ("persons . . . paid a commission . . . continuing through the present until the effects of its scheme are eliminated (the 'Class Period')"). However, allowing the class period to extend through the entry of a final judgment in this matter presents substantial and practical challenges to providing notice to class members.

Providing ongoing notice to future, unknown class members would be "unmanageable given Rule 23(b)(3)'s notice and opt-out requirements." *Sampson v. Knight Transportation, Inc.*, 2021 WL 2255129, at *2 (W.D. Wash. June 3, 2021) (amending class period definition that ran through the "date of final disposition"). Among other things, a class period that extends through final judgment would provide no way for future class members to consider whether to opt out prior to the Court's decisions on dispositive motions, consistent with one-way intervention principles. The amended proposed end date allows for the orderly administration of notice and also extends the class period for as long as is reasonably practicable. Accordingly, Publisher Plaintiffs request that the Court amend the class definition so that the class period closes on November 25, 2024, the date the Court certified the class. *See e.g.*, *Cruz v. Dollar Tree Stores, Inc.*, No. 3:07-cv-4012, 2009

PLS.' MOT. FOR APPROVAL OF CLASS CERT. NOTICE
CASE NO. 2:21-cv-00563-JNW

3

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

WL 1974404, at *1–2 (N.D. Cal. July 2, 2009) (amending the class period to end on the date of the court's certification order), *modified in part*, 270 F.R.D. 499 (N.D. Cal. 2010); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 85 n.2 (S.D.N.Y. 2001) (same).

### B. The Content and Form of the Proposed Notices Use Plain, Easy-to-Understand Language and Contain the Information Required by Rule 23

Rule 23(c)(2)(B) requires that the notice "clearly and concisely state [specific information] in plain, easily understood language." Fed. R. Civ. P. 23(c)(2)(B). "Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) quotation omitted). District courts have "broad power and discretion vested in them by Rule 23 in determining the parameters of appropriate class notice." *In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-md-02670-DMS-MDD, 2023 WL 2487548, at *2 (S.D. Cal. Mar. 13, 2023) (quotation omitted).

The notices in the Certification Notice Plan meet the requirements of Rule 23(c)(2)(B). The email and postcard notices state: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." *See* Fed. R. Civ. P. 23(c)(2)(B)(i)–(vii); Weisbrot Decl., Exs. B–C. The notices use plain language and are easy to understand. There will also be a toll-free hotline and a website containing the pleadings and orders from the case. Accordingly, the proposed notices provide the best written notice practicable to class members.

### C. The Certification Notice Plan Is Tailored to This Class Action and Constitutes the Best Notice Practicable Under the Circumstances

Where names and addresses of known class members are reasonably available, Rule 23(c)(2)(B) and due process require "individual notice to all members who can be identified through reasonable effort." *Briseno*, 844 F.3d at 1128–29. For class members with identifiable

PLS.' MOT. FOR APPROVAL OF CLASS CERT. NOTICE
CASE NO. 2:21-cv-00563-JNW

4

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

addresses, "individual notice is clearly the 'best notice practicable'" within the meaning of Rule 23(c)(2) and due process case law. *Eisen*, 417 U.S. at 175. If names and addresses cannot be identified through reasonable effort, then courts permit the use of other methods. *Mullins*, 795 F.3d at 665.

As described more specifically above, the Court certified a class of all persons or entities who paid a commission to Valve in connection with the sale or use of a game on the Steam platform during the class period. The target audience for this Certification Notice Plan is, essentially, businesses and individuals that sold games on Steam during that period. The proposed notice plan is designed to provide notice to these class members consistent with the requirements of Rule 23. The Certification Notice Plan is tailored to provide the best notice to class members, using email and mailed notice for class members whose email and mailing addresses can be identified through reasonable effort, supplemented by a media campaign and dedicated website for those class members who cannot be directly notified. *See* MANUAL FOR COMPLEX LITIGATION FOURTH § 21.311 at 291–92 (4th ed. 2004). Valve has maintained and will produce records showing email and mailing addresses, where available, for the class members, and the Certification Notice Plan will provide notice through those means.

### 1. Direct Emailed Notice to Claimants with Known Email Addresses

Notice may be given by one or more methods, including email. Fed. R. Civ. P. 23(c)(2)(B). Under the Certification Notice Plan, Angeion Group LLC, the proposed notice provider, will send an email notice to all class members with known email addresses.[1] Weisbrot Decl., ¶ 16.

Angeion implements certain best practices to increase deliverability and determine how many emails are successfully delivered, and Co-Lead Class Counsel will report to the Court the rate of delivered emails. *Id.* ¶¶ 17–20. The email notice will provide class members with a hyperlink to the case-specific website. Weisbrot Decl., Ex. B. The case website will provide more detailed information, including the Long-Form Notice and case documents. Weisbrot Decl., ¶ 26.

---

[1] Angeion is an experienced provider of class action notices and administration services. Weisbrot Decl., ¶¶ 8–12; https://www.angeiongroup.com/.

### 2.  Direct Mailed Notice to Claimants with Known Mailing Addresses

In addition to the direct email notice described above, Publisher Plaintiffs propose sending a postcard notice to class members with mailing addresses that are reasonably accessible based on records produced by Valve. Weisbrot Decl., ¶ 21, Ex. C. The postcard notice will list the telephone number for the toll-free hotline, as well as the case-specific website. Weisbrot Decl., Ex. C. The postcard notice will also include a QR code that takes class members directly to the dedicated website. *Id.* The postcard notice will be sent to all class members with known mailing addresses by U.S. mail. *Id.* ¶ 21. Angeion will then track mail that the United States Postal Service returns as undeliverable, and where feasible will resend postcard notices using forwarding addresses provided by the United States Postal Service or alternative addresses obtained from third-party information providers. *Id.* ¶ 22.

### 3.  Media Publication Campaign

The Rule requires that "notice [is] given to every 'identifiable' class member along with some other form of notice to the unidentified members." *Id.* (permitting newspaper publication for unidentified members); *see also Czuchaj v. Conair Corp.*, No. 3:13-cv-01901-BEN-RBB, 2016 WL 4130947, at *2 (S.D. Cal. May 13, 2016), *modified*, No. 3:13-cv-001901-BEN-RBB, 2016 WL 4272374 (S.D. Cal. Aug. 15, 2016) (permitting publication in magazines and online banner advertisements for unidentified members). "Individual notice has never been required to be given to every member of every class." *Fraser v. Wal-Mart Stores, Inc.*, No. 2:13-cv-00520-TLN-DB, 2016 WL 6208367, at *2 (E.D. Cal. Oct. 24, 2016).

Angeion will implement a supplemental media campaign that includes posting advertisements on multiple online platforms to provide additional impressions and attempt to reach class members who may not receive direct email or mailed notice. *E.g.*, Weisbrot Decl., Ex. D. The advertisements will run on Facebook, Instagram, LinkedIn, and Reddit. Weisbrot Decl. ¶¶ 23–25.

PLS.' MOT. FOR APPROVAL OF CLASS CERT. NOTICE
CASE NO. 2:21-CV-00563-JNW

6

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

#### 4. Dedicated Website and Toll-Free Telephone Number

Angeion will also create and operate a case-specific website for the class members that gives them access to electronic copies of the Long-Form Notice and case documents. *See* Weisbrot Decl. ¶ 26, Ex. E. Angeion will also establish a toll-free hotline that provides class members with answers to frequently asked questions. *Id.* ¶ 28. The hotline will operate 24 hours a day, seven days a week. *Id.* Class members will have the ability to leave a voicemail with their mailing address so that Angeion can mail them the Long-Form Notice. *Id.* ¶ 29.

### D.  The Court Should Enter Publisher Plaintiffs' Proposed Notice Schedule

As part of their request to the Court to approve the Certification Notice Plan, Publisher Plaintiffs also ask the Court to enter their proposed notice schedule:

| Event | Date |
| --- | --- |
| Valve to Provide Notice Administrator with the Pertinent Contact Information for All Class Members | 21 days after issuance of the Order approving the Certification Notice Plan |
| Publisher Plaintiffs to Provide Notice Administrator and Valve with Class Notice List | 44 days after issuance of the Order approving the Certification Notice Plan |
| Notice Date (direct notice mailed/emailed; commencement of social media/internet notice; activate case website) | 74 days after issuance of the Order approving the Certification Notice Plan |
| Opt-Out Deadline | 134 days after issuance of the Order approving the Certification Notice Plan |
| Publisher Plaintiffs to File with the Court a List of All Persons and Entities Who Timely Requested Exclusion from the Class | 148 days after issuance of the Order approving the Certification Notice Plan |

Publisher Plaintiffs' notice schedule provides the parties and Angeion, the notice administrator, with adequate time to execute the Certification Notice Plan. And importantly, it provides class members with sufficient time—60 days—to opt out of the class. *Zepeda v. Paypal, Inc.*, No. 10-cv-01668-SBA, 2015 WL 6746913, at *8 (N.D. Cal. Nov. 5, 2015) (holding that 60 days provides class members with sufficient time to opt out); *accord Maslic v. ISM Vuzem*, No. 21-cv-02556-BLF, 2023 WL 8482868, at *3 (N.D. Cal. Dec. 7, 2023) (requiring 60 days to opt out); *Kirchner v. Shred-It USA Inc.*, No. 2:14-cv-01437-WBS, 2015 WL 1499115, at *14 (E.D.

Cal. Mar. 31, 2015) (same); *In re China Med. Corp. Sec. Litig.*, No. 8:11-cv-01061-JST-ANX, 2013 WL 12126754, at *9 (C.D. Cal. May 16, 2013) (same).

Last, Publisher Plaintiffs request that the Court defer any ruling on summary judgment until after the notice process is completed—an outcome consistent with the proposed schedule above.

"Rule 23(c)(2) . . . ensure[s] that" class members "receive[] notice of the action well *before* the merits of the case are adjudicated." *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995) (citations omitted). The Rule "was adopted to prevent . . . intervention of a plaintiff in a class action after an adjudication favoring the class had taken place." *Sampson*, 2021 WL 2255129, at *2 (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 759 (3d Cir. 1974)). "[D]istrict courts generally do not grant summary judgment" until the end of the notice period for this reason. *Schwarzschild*, 69 F.3d at 295. In light of one-way intervention principles, Publisher Plaintiffs request that the Court refrain from entering any ruling on summary judgment until after the opt out period has concluded. Publisher Plaintiffs, along with Defendants, agree—subject to the Court's discretion—that summary judgment motions can nevertheless be filed and argued prior to the conclusion of the opt-out period.

## IV. CONCLUSION

Publisher Plaintiffs' Certification Notice Plan exceeds the requirements of Rule 23(c)(2)(B). The Certification Notice Plan provides email notice, direct mail postcard notice, supplemental online media notices designed to notify class members, a case-specific website with the Long-Form Notice and case documents, and a toll-free hotline for class members' inquiries. As noted above, courts in this jurisdiction have held that similar multi-method notice plans satisfy Rule 23(c)(2)(B). *See, e.g.*, *Reykdal*, No. 2:22-cv-01621-LK, 2024 WL 4875055, at *11; *Tuttle*, No. 22-cv-01081-JLR, 2023 WL 8891575, at *5. Publisher Plaintiffs therefore respectfully request that the Court amend the class definition as specified above and enter an order approving the Certification Notice Plan.

PLS.' MOT. FOR APPROVAL OF CLASS CERT. NOTICE
CASE NO. 2:21-CV-00563-JNW

8

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

DATED:     March 4, 2025                    Respectfully submitted,

| *Alicia Cobb* | *Tyre L. Tindall* |
|---|---|
| Alicia Cobb, WSBA #48685<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>1109 First Avenue, Suite 210<br>Seattle, Washington 98101<br>Phone (206) 905-7000<br>Fax (206) 905-7100<br>aliciacobb@quinnemanuel.com<br><br>Steig D. Olson (*pro hac vice*)<br>David LeRay (*pro hac vice*)<br>Nic V. Siebert (*pro hac vice*)<br>Andrew Faisman (*pro hac vice*)<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>51 Madison Avenue<br>New York, New York 10010<br>Phone (212) 849-7231<br>Fax (212) 849-7100<br>steigolson@quinnemanuel.com<br>davidleray@quinnemanuel.com<br>nicolassiebert@quinnemanuel.com<br>andrewfaisman@quinnemanuel.com<br><br>Adam Wolfson (*pro hac vice*)<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>Phone (213) 443-3285<br>Fax (213) 443-3100<br>adamwolfson@quinnemanuel.com<br><br>Ankur Kapoor (*pro hac vice*)<br>Noah Brecker-Redd *(pro hac vice)*<br>CONSTANTINE CANNON LLP<br>6 East 43rd St., 26th Floor<br>New York, NY 10017<br>Phone (212) 350-2700<br>Fax (212) 350-2701<br>akapoor@constantinecannon.com<br>nbrecker-redd@constantinecannon.com | Tyre L. Tindall, WSBA #56357<br>McKinney Wheeler, WSBA #60635<br>WILSON SONSINI GOODRICH &<br>ROSATI P.C.<br>701 Fifth Avenue, Suite 5100<br>Seattle, WA 98104-7036<br>Phone (206) 883-2500<br>Fax (866) 974-7329<br>sjensen@wsgr.com<br>ttindall@wsgr.com<br>mckinney.wheeler@wsgr.com<br><br>Kenneth R. O'Rourke (*pro hac vice*)<br>Jordanne M. Steiner (*pro hac vice*)<br>WILSON SONSINI GOODRICH &<br>ROSATI, P.C.<br>1700 K Street, NW, Suite 500<br>Washington, DC 20006<br>Phone (202) 973-8800<br>Fax (866) 974-7329<br>korourke@wsgr.com<br>jordanne.miller@wsgr.com<br><br>W. Joseph Bruckner (*pro hac vice*)<br>Joseph C. Bourne (*pro hac vice*)<br>Laura M. Matson (*pro hac vice*)<br>LOCKRIDGE GRINDAL NAUEN PLLP<br>100 Washington Avenue S, Suite 2200<br>Minneapolis, MN 55401<br>Phone (612) 339-6900<br>Fax (612) 339-0981<br>wjbruckner@locklaw.com<br>jcbourne@locklaw.com<br>lmmatson@locklaw.com<br><br>Kyle Pozan (*pro hac vice*)<br>LOCKRIDGE GRINDAL NAUEN PLLP<br>1165 N. Clark Street, Suite 700<br>Chicago, IL 60610<br>Phone (312) 205-8968<br>Fax (612) 339-0981<br>kjpozan@locklaw.com<br><br>*Publisher Plaintiff Class Counsel* |

PLS.' MOT. FOR APPROVAL OF CLASS CERT. NOTICE
CASE NO. 2:21-cv-00563-JNW

9

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

DATED: March 4, 2025

*Alicia Cobb*
Alicia Cobb, WSBA #48685

Pls.' Mot. for Approval of Class Cert. Notice
Case No. 2:21-cv-00563-JNW

10

Quinn Emanuel Urquhart & Sullivan
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel: (206) 905-7000