THE HON. JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION<br><br>This filing relates to:<br>ALL ACTIONS | No. 2:21-cv-00563-JNW<br><br>**DECLARATION OF GARY E. MASON IN SUPPORT OF PLAINTIFF RYAN LALLY'S MOTION FOR SANCTIONS** |

I, Gary E. Mason, declare under penalty of perjury that the following statements are true and correct:

1. I am a partner at the law firm of Mason LLP and counsel for Plaintiff Ryan Lally. I submit this declaration in support of Plaintiff Lally's Motion for Sanctions.

2. Class Plaintiff Ryan Lally is part of a larger group of 70,000 individuals (the "Claimants") who each retained Mason LLP to pursue their respective antitrust claims against Valve before AAA after this court stayed the consumer class action for those claims and compelled the consumers to arbitration.

3. Mason LLP verified that the Claimants, including Class Plaintiff Lally, are Steam Subscribers, with valid Steam accounts, who made purchases on the Steam Store. To validate our clients' claims, Mason LLP compared the evidence they provided against the outputs of publicly

Decl. of Gary E. Mason in Supp. of
Mot. for Sanctions
Case No. 2:21-cv-00563-JNW

Mason LLP
5335 Wisconsin Ave. NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290

available web tools that query Steam's subscriber database through an Application Programming Interface (or API).

4. In July 2023, Mason LLP wrote to Valve on behalf of 70,000 Claimants to inform Valve of the nature of the antitrust claims against Valve and the remedy sought. The letter additionally communicated the Claimants' intent to pursue individual arbitrations if the parties were unable to resolve the claims through good-faith negotiations during the 30-day informal dispute resolution period. Attached to the letter was a spreadsheet with each Claimant's name and either or both the username or identification number associated with each Claimant's Steam account.

5. In December of 2023, Mason LLP commenced filing individual arbitrations against Valve with the American Arbitration Association ("AAA") on behalf of Lally and its other consumer clients.

6. By December 23, 2023, Mason LLP had filed 14,911 cases with AAA and, upon AAA's delivery of an invoice in February of 2024, promptly paid filing fees of $1,518,325.00.

7. AAA also sent an invoice to Valve for $1,866,100.00, representing the filing fees on the 14,911 cases. Valve paid those initial fees.

8. During the following months, Mason LLP worked with AAA and Valve to resolve several issues requisite to arbitration, including briefing of Valve's motion to dismiss, which, AAA determined, "can be presented to Merits Arbitrators upon their appointment." *See* Ex. A1 (a true and correct copy of an Email from Meirav Werbel, AAA, to Gary E. Mason & Charles B. Casper (May 14, 2024)).

9. At this same time, AAA also put Valve on notice that AAA would invoice it for fees of $1,400 for each of the 14,911 cases (for a total of $20,876,400) and that these case management fees "must be paid prior to the arbitrator selection process." *Id*.

DECL. OF GARY E. MASON IN SUPP. OF
MOT. FOR SANCTIONS
CASE NO. 2:21-CV-00563-JNW

2

MASON LLP
5335 Wisconsin Ave. NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290

10. In August 2024, Valve suggested outside mediation and requested that the arbitrations be stayed pending mediation. By agreement of the Parties, AAA put all the Mason LLP arbitration cases on administrative hold.

11. On or about September 26, 2024, Valve removed the arbitration provision from its Steam Subscriber Agreement (the "SSA").

12. Mediation was delayed until February 2025, first due to the availability of the JAMS mediator and then due to the wildfires in Los Angeles. The mediation ended in an impasse.

13. On March 24, 2025, after it lifted the hold on the cases, AAA sent Valve an invoice for $20,875,400 (the "Invoice") for additional case management arbitration fees on the 14,911 arbitration claims. These fees were due upon receipt. *See* Ex. A2 (a true and correct copy of the AAA's Invoice issued to Valve for Case Management Fees (March 24, 2025)).

14. Valve refused and continues to refuse to pay the March 24, 2025, Invoice.

15. Generally, other than certain exceptions not applicable here, AAA consumer arbitration cases cannot be assigned to merits arbitrators, or otherwise proceed to the merits, without the payment of arbitration fees. *See e.g.,* Ex. A1, *supra.* (AAA's May 14, 2024, letter indicating case management fees "must be paid prior to the arbitrator selection process").

16. To prevent AAA from closing their individual arbitration cases due to Valve's refusal to pay arbitration fees, the 14,911 Mason LLP claimants took the position AAA should deny Valve's request to close these arbitrations and to instead put these cases in administrative suspense to allow Claimants to seek appropriate relief through the Courts including through the attached Motion for Sanctions.

17. Thus, on May 15, 2025, after considering the position of the parties, AAA indicated that it "will place these cases in abeyance pending a Court's Ruling in accordance with Claimants' request." *See* Ex. A3 (a true and correct copy of AAA's May 15, 2025, email from Cheryl Florio, of AAA, to Gary E. Mason and Mike McTigue, *et al.*).

DECL. OF GARY E. MASON IN SUPP. OF MOT. FOR SANCTIONS
CASE NO. 2:21-CV-00563-JNW

3

MASON LLP
5335 Wisconsin Ave. NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290

I declare under penalty of perjury under the laws of the United States that the above is true and correct to the best of my knowledge.

Executed on June 11, 2025, in Bethesda, Maryland.

_____
Gary E. Mason
**MASON LLP**
5335 Wisconsin Avenue NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290
Email: gmason@masonllp.com

DECL. OF GARY E. MASON IN SUPP. OF
MOT. FOR SANCTIONS
CASE NO. 2:21-CV-00563-JNW

4

**MASON LLP**
5335 Wisconsin Ave. NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290