The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | No. 2:21-CV-00563-JNW<br><br>**DECLARATION OF BLAKE MARKS-DIAS IN SUPPORT OF DEFENDANT VALVE CORPORATION'S OPPOSITION TO PLAINTIFF RYAN LALLY'S MOTION FOR SANCTIONS** |

DECLARATION OF BLAKE MARKS-DIAS IN
SUPPORT OF OPPOSITION TO PLAINTIFF
RYAN LALLY'S MOTION FOR SANCTIONS
(No. 2:21-CV-00563-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

I, Blake Marks-Dias, declare as follows:

1.  I am over 18 years of age, I have personal knowledge of the matters stated herein and I am competent to testify to these matters.

2.  I am one of the attorneys representing Valve Corporation ("Valve") in the above-referenced matter and make this Declaration in opposition to Plaintiff Ryan Lally's Motion for Sanctions ("Motion").

### *The Putative Consumer Class Action*

3.  On June 11, 2021, Lally and six other consumer plaintiffs (collectively, the "Consumer Plaintiffs") and Wolfire Games, LLC, filed an Amended Complaint in this action. (Dkt. 34.) Lally and his co-plaintiffs alleged in the Amended Complaint that this class action was "superior to any other method for the fair and efficient adjudication of this legal dispute." (*Id.* ¶ 314.)

4.  On June 23, 2021, Valve moved to compel the claims of Lally and the other Consumer Plaintiffs to arbitration under the arbitration agreement in the now-superseded Steam Subscriber Agreement ("Superseded SSA"). (Dkt. 35.)

5.  On August 30, 2021, Lally and the other Consumer Plaintiffs filed an opposition to Valve's motion to compel arbitration. In the opposition, Lally and the other Consumer Plaintiffs argued at length that the arbitration agreement in the Superseded SSA was unconscionable and unenforceable. They further asserted that arbitration under the Superseded SSA "would deny" them "the ability to seek and obtain the statutory relief available to [them]." (Dkt. 51 at 1-2, 15-16.)

6.  On October 25, 2021, Judge Coughenour granted Valve's motion to compel arbitration. (Dkt. 66.) The Court did not, however, resolve Lally or the Consumer Plaintiffs' contention that the arbitration agreement in the Superseded SSA was unconscionable and thus unenforceable. The Court explained that, "[a]ccording to the [Superseded SSA], the arbitrator must resolve any 'disputes' regarding 'this agreement' in conformity with AAA rules." (*Id.* at 3.) The

DECLARATION OF BLAKE MARKS-DIAS IN
SUPPORT OF OPPOSITION TO PLAINTIFF
RYAN LALLY'S MOTION FOR SANCTIONS – 1
(No. 2:21-CV-00563-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1  AAA rules, in turn, "give an arbitrator the power to rule on his or her own jurisdiction, including
2  any objections with respect to the existence, scope or validity of the arbitration agreement." (*Id.*
3  (internal quotations and citations omitted).) The Court therefore held that "the question of
4  unconscionability should be determined in arbitration." (*Id.*)

*Mason's 2023 Mass Arbitration Demand Filing*

7.  Over two years later, in December 2023, Mason LLP ("Mason") had submitted a total of 14,992 substantially identical individual demands for arbitration against Valve with the American Arbitration Association ("AAA"), of which 14,911 remain, including Lally's arbitration. Attached as **Exhibit 1** is a true and correct copy of Lally's Demand.

8.  Lally was the only one of the 14,911 claimants who was expressly ordered to arbitration by Judge Coughenour.

9.  Based on Valve's preliminary review, it appears that there are numerous deceased individuals among the 14,911 claimants. It further appears that hundreds of claimants are represented by one or more other law firms pursuing identical claims. Indeed, many claimants among the 14,911 appear to be represented by not one, but two other law firms.

10. On February 22, 2024, the AAA issued an invoice to Valve for $1,866,100 in required non-refundable filing fees for Mason's 14,911 cases. Attached as **Exhibit 2** is a true and correct copy of that invoice.

11. By a letter dated March 26, 2024, the AAA acknowledged receipt of Mason's 14,911 individual demands for arbitration and stated that the parties "met the filing requirements for these cases." Attached as **Exhibit 3** is a true and correct copy of that letter.

12. By a March 26, 2024 email, Mason confirmed to the AAA that "Valve paid the initial [AAA] filing fees which were due [the day before], March 25, 2024." Attached as **Exhibit 4** is a true and correct copy of that email.

13. By a letter dated April 19, 2024, Mason indicated to the AAA that "[a]t least one Individual Claimant intends to raise the issue of unconscionability and resulting unenforceability

DECLARATION OF BLAKE MARKS-DIAS IN
SUPPORT OF OPPOSITION TO PLAINTIFF
RYAN LALLY'S MOTION FOR SANCTIONS – 2
(No. 2:21-CV-00563-JNW)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1  of the arbitration clause" in the Superseded SSA. The letter further stated that a determination by
2  an arbitrator that the arbitration agreement in the Superseded SSA was unenforceable would
3  apply to all claimants. Attached as **Exhibit 5** is a true and correct copy of that letter.

*Valve Amends the Steam Subscriber Agreement to Remove the Arbitration Agreement*

14.     On May 22, 2024, Bucher Law PLLC ("Bucher"), another firm pursuing a mass arbitration against Valve, moved to dismiss arbitrations on behalf of four Bucher claimants with arbitrations pending before Arbitrator Jeffrey H. Dasteel on the ground that the arbitration provision in the then-operative Superseded SSA was unenforceable. On July 8, 2024, Arbitrator Dasteel granted the motions, holding that the arbitration provision in the Superseded SSA was unenforceable and that the four claimants' claims must be adjudicated in court.

15.     On August 9, 2024, Bucher and another law firm, Hagens Berman Sobol Shapiro LLP, filed *Elliott v. Valve Corporation*, No. 2:24-cv-01218 (W.D. Wash. filed Aug. 9, 2024), a putative nationwide class action against Valve, in this Court.

16.     The complaint in *Elliott* named as plaintiffs the four claimants on whose behalf Bucher had sought and obtained orders before Arbitrator Dasteel that the arbitration agreement in the Superseded SSA was unenforceable. The complaint alleged that the named Plaintiffs could pursue claims on behalf of a nationwide class, including all claimants on whose behalf Mason is attempting to prosecute arbitrations, because the named Plaintiffs "won binding decisions from arbitrators rendering Valve's arbitration provision unenforceable." *Complaint* ¶ 13, *Elliott v. Valve Corporation*, No. 2:24-cv-01218 (W.D. Wash. filed Aug. 9, 2024).

17.     On September 26, 2024, in light of Arbitrator Dasteel's ruling and *Elliott*, Valve amended its Steam Subscriber Agreement ("SSA") to remove the arbitration provision. Attached as **Exhibit 6** is a true and correct copy of the current SSA ("Current SSA").

18.     After removing the arbitration agreement from the Steam Subscriber Agreement, Valve refunded the AAA filing fees paid by or on behalf of all Mason claimants.

---

DECLARATION OF BLAKE MARKS-DIAS IN
SUPPORT OF OPPOSITION TO PLAINTIFF
RYAN LALLY'S MOTION FOR SANCTIONS – 3
(No. 2:21-CV-00563-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

19. On October 15, 2024, Gary E. Mason confirmed to Michael W. McTigue Jr., counsel for Valve, that his firm had received "payment from Valve, Inc. in the amount of $1,518,325.00 representing full reimbursement of [his] clients' AAA filing fees to date." Attached as **Exhibit 7** is a true and correct copy of that email.

20. In total, Valve has paid $3,384,425 in AAA filing fees that are non-refundable under AAA rules relating to the arbitrations that Lally's counsel commenced in December 2023 (including Lally's arbitration).

21. On October 18, 2024, Valve petitioned this Court to enjoin the pending arbitrations of 624 Bucher claimants on the ground that under the Current SSA, there is no arbitration agreement between those claimants and Valve. Attached as **Exhibit 8** is a true and correct copy of the petition filed by Valve in this Court in the action captioned *Valve Corp. v. Abbruzzese*, No. 2:24-cv-1717 (W.D. Wash. filed Oct. 18, 2024) ("Petition to Enjoin").

22. After Valve noticed the Current SSA, all six of Mr. Lally's consumer co-plaintiffs promptly requested that the Court lift the stay entered in favor of arbitration of their claims in 2021 and proceed with the putative class action. (Dkt. 370.)

23. Valve did not oppose that request and the Court granted it. (Dkt. 395, 428.)

### *Mason's 2025 Efforts to Pursue Arbitration*

24. In January 2025, Mason and Valve engaged in mediation.

25. On February 5, 2025, Mr. Mason advised the AAA by email that a mediation between Mason and Valve "was unsuccessful," and requested that the AAA "re-commence the arbitration procedures" with respect to the 14,911 demands that Mason had filed in 2023. Attached as **Exhibit 9** is a true and correct copy of that email.

26. By a February 13, 2025 letter, Mr. McTigue asked the AAA to close the arbitrations that Mason had brought against Valve because the Current SSA has no arbitration provision. Attached as **Exhibit 10** is a true and correct copy of that letter.

DECLARATION OF BLAKE MARKS-DIAS IN SUPPORT OF OPPOSITION TO PLAINTIFF RYAN LALLY'S MOTION FOR SANCTIONS – 4 (No. 2:21-CV-00563-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

27. By a March 24, 2025 email, the AAA stated that it declined to close the Mason arbitrations and instead invoiced Valve the arbitrator appointment fees for the 14,911 arbitrations (including Lally's arbitration), "totaling **$20,875,400.00** (or $1,400 per case)" (emphasis in original). Attached as **Exhibit 11** is a true and correct copy of that email.

28. On April 23, 2025, Mr. McTigue advised the AAA that Valve declined to pay the invoice because the Current SSA does not contain an agreement to arbitrate. Valve again requested that the AAA close the arbitrations because it did not have jurisdiction. Attached as **Exhibit 12** is a true and correct copy of that letter.[1]

29. On April 30, 2025, Mason requested that the AAA not close the arbitrations. Mason stated that it was "in the process of identifying a subset of the 14,911 Claimants that intend to proceed with their arbitration claims despite Valve's failure to pay the invoiced Case Management Fees," including "Claimants who never agreed to Valve's revised Steam Subscriber Agreement." Attached as **Exhibit 13** is a true and correct copy of that letter.

30. On May 2, 2025, Mason claimant Pamela Welty brought a putative class action in California state court seeking to compel Valve to pay the same arbitration fees at issue in this Motion. Attached as **Exhibit 14** is the complaint filed in the action captioned *Welty v. Valve Corp.*, No. 1:25-cv-00696-SAB.

31. On May 15, 2025, the AAA e-mailed the parties that "the AAA will place these cases in abeyance pending a Court's Ruling in accordance with Claimants' request." It further stated that "[t]he AAA will proceed with case administration of a subset of cases as referenced in Claimants' letter upon receipt of Claimants' identification of the subset, and Claimants' corresponding advanced payment of Respondent's Case Management Fees for the subset." Attached as **Exhibit 15** is a true and correct copy of that email.

---

[1] As Valve also explained in that letter and in prior correspondence, none of the arbitrations were subject to the California Code of Civil Procedure.

DECLARATION OF BLAKE MARKS-DIAS IN SUPPORT OF OPPOSITION TO PLAINTIFF RYAN LALLY'S MOTION FOR SANCTIONS – 5 (No. 2:21-CV-00563-JNW)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1  32.  To date, Mason has not identified any Claimants who are willing to advance the
2  fees or for whom Mason will advance the fees.

### Lally's 2025 Refusal to Proceed with His Individual Arbitration

3
4  33.  On June 11, 2025, Lally filed this Motion complaining that Valve has refused to
5  arbitrate Lally's claims before the AAA and seeking sanctions on behalf of not only himself but
6  14,910 others. This was an irreconcilable about-face: Mr. Lally had previously strenuously
7  opposed arbitration.

8  34.  By a letter dated June 18, 2025, Mr. McTigue advised the AAA that Valve had
9  reviewed its records and determined that no one had logged into the Steam account identified in
10 Lally's arbitration demand since June 2023—before the Current SSA was introduced—and thus
11 he apparently did not agree to the Current SSA. Accordingly, Valve would agree to arbitrate with
12 Lally. By that same letter, Mr. McTigue requested that the AAA issue "an invoice for the Case
13 Management Fees for Lally's individual arbitration only." Attached as **Exhibit 16** is a true and
14 correct copy of that letter.

15 35.  By a letter dated June 18, 2025, Mr. McTigue advised Mason that Valve agreed to
16 arbitrate Lally's claim and had so informed the AAA. Attached as **Exhibit 17** is a true and correct
17 copy of that letter.

18 36.  By a letter dated June 20, 2025, Mason asked the AAA to deny "Valve's request
19 for AAA to reissue an invoice for Claimant Ryan Lally." Mason's response made it clear that the
20 point of this Motion is not to move Lally's own arbitration forward, but to force Valve to pay $20.8
21 million in fees for claimants who are not before the Court. Attached as **Exhibit 18** is a true and
22 correct copy of that letter and attached as **Exhibit 19** is Valve's response.

23 37.  By email dated June 25, 2025, the AAA informed the parties that it would not issue
24 an invoice for Lally's case and instead that the case would "remain stayed." Attached as **Exhibit
25 20** is a true and correct copy of the email from the AAA.

26

---

DECLARATION OF BLAKE MARKS-DIAS IN
SUPPORT OF OPPOSITION TO PLAINTIFF
RYAN LALLY'S MOTION FOR SANCTIONS – 6
(No. 2:21-CV-00563-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

### *AAA's Disqualification of One Arbitrator*

38. On December 16, 2024, the AAA disqualified Arbitrator Janice Sperow as an arbitrator.

39. Arbitrator Dasteel was thereafter appointed to replace Arbitrator Sperow.

40. By a June 11, 2025 order, Arbitrator Dasteel rejected Arbitrator Sperow's ruling attached in the "Appendix" to Lally's Motion, including that she had "primary jurisdiction to determine whether the subsequent subscriber agreement could retroactively deprive the arbitrator of jurisdiction." By that same order, Arbitrator Dasteel ordered a stay of the Bucher arbitral proceedings before him.

41. As of the date of this declaration, there are twenty arbitrators who have stayed the arbitrations pending before them on account of the Petition to Enjoin.

### *Other Litigations*

42. On December 4, 2023, defendant Zaiger LLC ("Zaiger") filed a motion to dismiss in the United States District Court for the Western District of Washington at Seattle in the action captioned *Valve Corp. v. Zaiger*, No. 2:23-cv-01819-JHC ("*Zaiger*"). That action was assigned to Judge John H. Chun of this District. Attached as **Exhibit 21** is a true and correct copy of that motion to dismiss.

43. On August 20, 2024, Judge John H. Chun granted defendant Zaiger's motion to dismiss in *Zaiger* on the ground that the court lacked personal jurisdiction over Zaiger. The court declined to rule on the merits under Rule 12(b)(6). Attached as **Exhibit 22** is a true and correct copy of that order.

44. On February 6, 2024, counsel for William W. Bucher IV, the principal of Bucher, filed a motion to dismiss or for summary judgment in the Superior Court of Washington for King County in the action captioned *Valve Corp. v. Bucher*, No. 23-2-20447-6 SEA ("*Bucher*"). Attached as **Exhibit 23** is a true and correct copy of that motion to dismiss.

DECLARATION OF BLAKE MARKS-DIAS IN
SUPPORT OF OPPOSITION TO PLAINTIFF
RYAN LALLY'S MOTION FOR SANCTIONS – 7
(No. 2:21-CV-00563-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

45. On March 15, 2024, the Superior Court denied Mr. Bucher's motion to dismiss or for summary judgment in *Bucher*. Attached as **Exhibit 24** is a true and correct copy of the Superior Court's order. The Superior Court's order is on appeal.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 26th day of June, 2025, at Seattle, Washington.

*s/ Blake Marks-Dias*
Blake Marks-Dias

---

DECLARATION OF BLAKE MARKS-DIAS IN
SUPPORT OF OPPOSITION TO PLAINTIFF
RYAN LALLY'S MOTION FOR SANCTIONS – 8
(No. 2:21-CV-00563-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900