# EXHIBIT 5

 

Gary E. Mason                                      Kenneth J. Rubin
gmason@masonllp.com                                kjrubin@vorys.com
(202) 429-2990                                     (614) 464-5692

April 19, 2024

Priscilla Cortez
Manager of ADR Services
American Arbitration Association
International Centre for Dispute Resolution
45 E River Park Place West
Suite 308
Fresno, CA 93720
PriscillaCortez@adr.org

> **Re:    Individual Claimants v. Valve Corporation**
> **Case No. 01-23-0005-8758**

Dear Ms. Cortez:

We write in follow-up to the parties' April 12, 2024, administrative conference call, and the AAA's request for written contentions regarding the issues each party believes should be addressed by a Process Arbitrator to be appointed by the AAA. This correspondence sets forth Individual Claimants' position with respect to this request.

Individual Claimants believe the following administrative issues should be addressed by a Process Arbitrator in advance of any individual adjudications on the merits.

1.    <u>Reimbursement of AAA Filing Fees.</u>  Individual Claimants request that the AAA appoint a Process Arbitrator to address Valve's failure to promptly reimburse Individual Claimants for the fees associated with AAA arbitration. Specifically, the Steam Subscriber Agreement– the contract upon which Valve relies to compel Individual Claimants to arbitration– states that "Valve agrees to **promptly** reimburse [an Individual Claimant's] filing fee and [his or her] share if an of AAA's arbitration costs, including arbitrator compensation" where the Individual Claimant seeks "$10,000 or less." (Emphasis added.)  To date, Valve has not promptly reimbursed Individual Claimants whose demands for arbitration seek $10,000 or less. Individual Claimants believe this is a threshold issue that is uniformly applicable to Individual Claimants and impacts the enforceability of the arbitration clause in the Steam Subcriber Agreement, and that a Process Arbitrator should address this issue in the first instance. *See* Mass Arbitration Supplementary Rule MA-6(d)(ii) (August 2023) (allowing for the "allocation of payment advances on administrative fees, arbitrator compensation, and/or expenses" to be determined by a Process Arbitrator).

2.    <u>Enforceability of Arbitration Agreement.</u>  Individual Claimants request that a Process Arbitrator be appointed to address whether the arbitration clause in the Steam Subscriber Agreement is enforceable.  At least one Individual Claimant intends to raise the issue of unconscionability and resulting unenforceability of the arbitration clause, and a decision on this

Priscilla Cortez
Manager of ADR Services
Page 2
April 19, 2024

issue will affect each individual Claimant's obligation to arbitrate their disputes with Valve. Thus, it is an appropriate administrative issue for a Process Arbitrator to address. *See* Mass Arbitration Supplementary Rule MA-6(d)(i), (iii), (v), and (f) (August 2023).

      3.  <u>Scope of Discovery.</u>  Individual Claimants request that a Process Arbitrator be appointed to determine the appropriate scope of discovery in this matter. Individual Claimants will primarily request access to discovery that Valve has already compiled and produced in related antitrust litigation that Valve is currently a party to pending in the Federal District Court for the Western District of Washington, captioned *Wolfire Games LLC et al v. Valve Corporation*, Case No. 2:21-cv-00563-JJC. The only additional discovery Claimants will seek as a part of the arbitration process is information Respondent has about each of them. This additional discovery will not be burdensome as it is extremely likely that Respondent (a) has already pulled this information, or (b) will pull it as part of defending the arbitrations.

      With respect to Individual Claimants' request for the discovery from the *Wolfire* case, the Vorys firm is one of the plaintiff-side firms in the *Wolfire* case and has access to the discovery pursuant to a protective order entered into in that case. Rule 22 of the AAA's Consumer Arbitration Rules states that an "arbitrator may direct . . . specific documents and other information to be shared between the consumer and business . . . ." The Rule further states that "arbitration must remain a fast and economical process . . . ." The quickest, most economical process for discovery needed to fairly adjudicate these arbitrations is to allow Individual Claimants' attorneys—some of whom already have access to the requested discovery—to use that discovery in the arbitrations subject to the same protective order entered into in the *Wolfire* case. The use of discovery already compiled and produced by Valve in the *Wolfire* case will not result in any discovery burden on Valve in these arbitrations. Moreover, the discovery Individual Claimants seek from the *Wolfire* case is uniformly applicable to each Individual Claimant's case, and thus the issue of the appropriate scope of discovery is an issue that should be addressed by a Process Arbitrator. These are antitrust arbitrations, and each of them focuses on Respondent's conduct. It would be incongruous for one arbitration to allow limited discovery for one Claimant's case, when another arbitration may allow broader discovery. The issue of the scope of discovery with respect to Individual Claimants' arbitrations should be decided uniformly by a Process Arbitrator. *See* Mass Arbitration Supplementary Rule MA-6(d)(v) (allowing the Process Arbitrator to determine "any other administrative issue arising out of the nature of the Mass Arbitration").

      4. <u>The Propriety of Valve's Contemplated Motion to Dismiss.</u>  On the April 12, 2024, administrative conference call, in addition to the issues that Individual Claimants raised set forth above, Valve requested that a Process Arbitrator be appointed to address whether Individual Claimants have complied with the terms of the Steam Subscriber Agreement such that their claims are properly before the AAA for adjudication. Valve suggested that it would raise this issue with a Process Arbitrator through a motion to dismiss. Individual Claimants dispute (1) Valve's contention that they somehow have not complied with the terms of the Steam Subscriber

Priscilla Cortez
Manager of ADR Services
Page 3
April 19, 2024


Agreement, (2) Valve's contention that this dispositive motion is appropriate, either before a Process Arbitrator or otherwise raised, and (3) Valve's contention that this particular dispositive motion is appropriate and raised in good faith given that Valve has already raised and lost this same issue in two other arbitrations within the past several months. (*See* attached AAA decisions.) Pursuant to the doctrine of non-mutual collateral estoppel, Valve should be estopped from once again raising this frivolous argument with the AAA. Finally, Valve's contention that it is appropriate for a Process Arbitrator to decide a motion to dismiss an Individual Claimants' compliance with the Steam Subscriber Agreement is directly in conflict with Valve's opposition to issue No. 2, above.

We appreciate the AAA's time in conducting the administrative conference call on April 12, 2024, and in considering the above issues that were raised on that call. If there is any other information or documentation that would aid the AAA in considering these issues, please let us know and we would be happy to provide it.

Sincerely,

/s/Gary E. Mason          /s/Kenneth J. Rubin
Gary E. Mason              Kenneth J. Rubin


cc:    Victoria Chandler (VictoriaChandler@adr.org)
       Lauren Sheller
       Jeremy Mishkin
       John G. Papianou
       Charles B. Casper
       Benjamin Goldman
       Robert E. Day
       Douglas Matthews
       Timothy B. McGranor
       Kara M. Mundy
       Danielle L. Perry
       Theodore B. Bell



**RULING UPON RESPONDENT'S MOTION TO DISMISS FOR LACK OF AAA JURISDICTION UNDER R-14, TO STRIKE REQUEST FOR INJUNCTIVE RELIEF, AND FOR REIMBURSEMENT OF COSTS**

██████ v. Valve Corporation
Case Number: <u>01-23-0003-8815</u>

According to the Consumer Arbitration Rules of the American Arbitration Association (AAA), Arbitrator David B. Coher hereby denies Respondent's Motion because 1) the Demand does not constitute an improper class or representative action, 2) the Claimant fulfilled the minimal pre-filing requirements of the Steam Subscriber Agreement ("SSA"), and 3) the authority of the arbitration limits the Demand's request for injunctive relief to a permissible scope.

<u>The Demand Does Not Constitute an Improper Class or Representative Action</u>

Respondent alleges that the Claimant's Demand "is one piece of an improper collective action orchestrated by Zaiger LLC" ("Zaiger"), the law firm representing ██████t [the Claimant]. ██████'s participation in such an action, unwitting as it may be, is forbidden by the terms of the dispute resolution clause that he and Valve agreed to." Respondent further alleges that "Claimant's agreement with Valve, the [SSA], bans all forms of collective or representative actions. For this reason alone, ██████'s demand should be dismissed."

Specifically, the SSA provides, in Section 11, that –

> D. Individual Binding Arbitration Only
>
> [Claimant] AND [Respondent] AGREE NOT TO BRING OR PARTICIPATE IN A CLASS OR REPRESENTATIVE ACTION, PRIVATE ATTORNEY GENERAL ACTION, WHISTLE BLOWER ACTION, OR CLASS, COLLECTIVE, OR REPRESENTATIVE ARBITRATION, EVEN IF AAA's RULES WOULD OTHERWISE ALLOW ONE. THE ARBITRATOR MAY AWARD RELIEF ONLY IN FAVOR OF THE INDIVIDUAL PARTY SEEKING RELIEF AND ONLY TO THE EXTENT OF THAT PARTY'S INDIVIDUAL CLAIM. [Claimant] and [Respondent] also agree not to seek to combine any action or arbitration with any other action or arbitration without the consent of all parties to this Agreement and all other actions or arbitrations.



> This Agreement does not permit class, collective, or representative arbitration. A court has exclusive authority to rule on any assertion that it does.

However, the Respondent's arguments are rooted in the alleged intentions or designs of the Claimant's counsel in their representation of other parties concurrent to the representation of the Claimant and not upon the specifics of any claim in the Demand. The Claimant's Demand details a wide swath of alleged unfair competition activity and its alleged impact upon the Claimant. At no point in the Demand itself does the Claimant seek to combine this arbitration with any other action or arbitration.

Respondent's allegations of improper combined representation by Claimant's counsel and an improper 'tying' of claims are rooted in the settlement communications by Claimant's counsel. The SSA does not prohibit this. The SSA prohibits such being raised in the arbitration claims, which has not occurred here. Therefore, the Claimant's claims do not violate Section 11.D. of the SSA.

<u>The Claimant Fulfilled the Minimal Pre-Filing Requirements of the SSA</u>

Respondent seeks to dismiss the claims of the Demand because they are allegedly unripe for arbitration as "█████, through Zaiger, failed to follow the pre-arbitration procedures the clause [of SSA, Section 11.B] requires. So this demand is not only improper; it is unripe." Section 11.B of the SSA requires the parties to "Try to Resolve Dispute Informally First" and specifically,

> [Claimant] and [Respondent] agree to make reasonable, good faith efforts to informally resolve any dispute before initiating arbitration. A party who intends to seek arbitration must first send the other a written notice that describes the nature and basis of the claim or dispute and sets forth the relief sought. If you and Valve do not reach an agreement to resolve that claim or dispute within thirty (30) calendar days after the notice is received, you or Valve may commence an arbitration. Written notice to Valve must be sent via postal mail to: ATTN: Arbitration Notice, Valve Corporation, P.O. Box 1688, Bellevue, WA 98004.

Respondent characterizes this as requiring "Valve and each individual subscriber to engage in a simple, yet clear pre-arbitration dispute resolution process that starts with individualized notice and ends with a good-faith discussion about the



subscriber's specific issues." Unfortunately, Respondent over-reaches with this characterization.

Section 11.B. of the SSA provides for three requirements. First, Respondent alleges that Claimant's pre-filing settlement efforts failed to meet the good faith that Section 11.B requires. However, the allegations of a lack of good faith center around the Claimant's counsel's settlement overtures discussing their numerous similarly situated clients. Therefore, the allegations are not of a lack of good faith but of *a lack of good faith to hold an individualized negotiation or for an individualized settlement*. While Respondent may wish for such individualized negotiations, such is not required by the SSA. (It is worth noting that the SSA does call for individualized action separately in Section 11.D but does not do so here, in Section 11.B.)

The second requirement is that "[a] party who intends to seek arbitration must first send the other a written notice that describes the nature and basis of the claim or dispute and sets forth the relief sought." The parties both acknowledge that this did occur. The Claimant has offered numerous written communications to evidence this point, while the Respondent alleges that the written notices were generalized, not individualized. Again, there is no requirement in Section 11.B. that the notice be individualized.

The third requirement of Section 11.B is that before the arbitration filing, the disputants "do not reach an agreement to resolve that claim or dispute within thirty (30) calendar days after the notice is received …" The parties do not allege that the disputants reached such an agreement within that period.

Therefore, the Demand's claims are ripe for resolution in this arbitration.

<u>The Demand's Request for Injunctive Relief Is Limited to a Permissible Scope</u>

Finally, Respondent moved to strike the Demand's requests for injunctive relief. Specifically, the Demand seeks the issuance of "a permanent injunction pursuant to 15 U.S.C. § 26 and the Washington Consumer Protection Act, preventing Valve from enforcing its PMFNs and other anticompetitive and unlawful acts in violation of the Sherman Act and Washington Consumer Protection Act[.]"

However, as Respondent correctly observes, "[t]he SSA makes clear that this arbitration is strictly between Valve and the individual claimant." Therefore, "[t]he remedy must likewise be individualized. The SSA states, in all caps, 'THE ARBITRATOR



MAY AWARD RELIEF ONLY IN FAVOR OF THE INDIVIDUAL PARTY SEEKING RELIEF AND ONLY TO THE EXTENT OF THAT PARTY'S INDIVIDUAL CLAIM.' [Citing Section 11.D.]"

The authority of this arbitration does not extend to a grant of monetary or injunctive relief beyond the Claimant. Therefore, the Respondent's concern that "[a] permanent injunction that would force a drastic change in Valve's business with 120 million active users plainly exceeds that" is unfounded. Any injunctive relief, if found to be appropriate in an award in this arbitration, would only apply to Respondent's business with the Claimant. While some may consider such an injunction to be an exceedingly narrowly tailored one, such is the limit of the authority of this arbitration.

Finally, there are insufficient grounds to grant Respondent's Motion because Claimant's counsel "presumably included this obviously improper request for injunctive relief to obtain more leverage over Valve, to drive its desired collective settlement." Whatsoever the motivations for the inclusion of the request for injunctive relief, the Demand states a request for relief that may be granted when limited to the individual Claimant and, therefore, the request for injunctive relief may remain in the Demand.

Conclusion

The Respondent's Motion is denied.

February 10, 2024

David B. Coher, Arbitrator                    Date



## ORDER DENYING RESPONDENT'S MOTION TO DISMISS

Case Number: 01-23-0003-8814

████████

-vs-

Valve Corporation

According to the Consumer Arbitration Rules of the American Arbitration Association (AAA), Arbitrator Douglas E. Noll denies Respondent's Motion to Dismiss.

First, Respondent has not established that this claim is improper because it is a class action, whistle blower action or class, collective, or representative arbitration as required by the Steam Subscriber Agreement. This claim is brought by an individual, ████████ on his own behalf and can be decided as such. The fact that there are 71,000 plus claims similar to this waiting in the wings only means that there are 71,000 plus individual claims that, if filed, will have to be prosecuted each individually.

Second, Respondent has not established that Claimant failed to engage in informal discussions before filing the demand for arbitration. The uncontested evidence shows that counsel for Claimant sent a letter to Respondent's counsel inviting a discussion of this claim and the other claims. Respondent failed to show that it accepted such an invitation within 30 days as required by the agreement. Thus, Claimant met the minimal requirement of requesting a discussion, which Respondent untimely refused or ignored.

Finally, Respondent has failed to show how Claimant's demand for injunctive relief will be excessive. Remedial law is clear that any injunction must be issued to prevent irreparable harm to Claimant and Claimant alone. The arbitration agreement between the parties expressly states this primary remedial principle. Thus, an injunction, if warranted, will of necessity have a narrow scope limited to the facts of this arbitration and the scope of harm suffered by this claimant and no other.

The motion is therefore denied.

February 15, 2024
Date

_____
Douglas E Noll, Arbitrator