EXHIBIT 10

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST

NEW YORK, NY 10001-8602

———

TEL: (212) 735-3000

FAX: (212) 735-2000

WWW.SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON D.C.
WILMINGTON
———
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
212-735-3529
DIRECT FAX
917-777-3529
EMAIL ADDRESS
MICHAEL.MCTIGUE@SKADDEN.COM

February 13, 2025

**<u>VIA ELECTRONIC MAIL</u>**

Cheryl Florio
Director of ADR Operations
American Arbitration Association
16 Market Square, 1400 16th Street
Suite 400
Denver, CO 80202
CherylFlorio@adr.org

RE:     *Individual Claimants v. Valve*, Case 01-23-0005-8758

Dear Ms. Florio:

We write on behalf of Respondent Valve Corporation ("Valve") to request that the AAA administratively close the above-referenced consumer arbitration proceedings because the AAA no longer has jurisdiction over the matters.

The original basis for AAA jurisdiction was an arbitration agreement in a now-superseded version of Valve's Steam Subscriber Agreement ("SSA"). But that arbitration agreement was deemed unenforceable in four AAA arbitrations that involved similar underlying claims. Based on those rulings, a class action was filed, which seeks to certify a class that would include all of the claimants in these proceedings ("Claimants").[1] As a result, Valve removed the arbitration agreement from the SSA. The controlling SAA ("Controlling SSA," attached hereto as Ex. 2) now requires that these disputes be resolved exclusively in state or federal court in King County, Washington.

Specifically, the Controlling SSA provides that all disputes and claims between Valve and its customers, including accrued and pending claims, must proceed in court:

---

[1]     *See* Ex. 1 (Complaint, *Elliott v. Valve Corp.*, No. 2:24-cv-01218 (W.D. Wash., filed Aug. 9, 2024)). Plaintiffs allege they could pursue the class action in court because they "won binding decisions from arbitrators rendering Valve's arbitration provision unenforceable." (*Id.* ¶ 13.)

Cheryl Florio, Director of ADR Operations
February 13, 2025
Page 2

> All disputes and claims between you and Valve (including any dispute or claim that arose before the existence of this or any prior agreement) shall be commenced and maintained exclusively in any state or federal court located in King County, Washington, having subject matter jurisdiction. You and Valve hereby consent to the exclusive jurisdiction of such courts and waive any objections as to personal jurisdiction or venue in such courts.

(Ex. 2 § 10.) All of the Claimants have agreed to the Controlling SSA, which requires that these arbitrations be closed.

Claimants will have a full and fair opportunity to have their claims resolved in court. Currently there are four consumer putative class actions pending against Valve in the Western District of Washington, that have now been consolidated, that seek the same or substantially similar relief sought in these arbitrations.[2]

Notably, Vorys Sater Seymour and Pease LLP ("Vorys"), which until very recently was co-counsel for Claimants in these proceedings, is one of the plaintiffs' firms pursuing the class actions and is seeking to be appointed interim class counsel. In fact, on October 4, 2024, while still acting as co-counsel for Claimants in these arbitrations, Vorys filed a motion to lift the stay of the consumer claims in one of the pending class actions, based on the Controlling SSA. In its motion, Vorys represented that the Controlling SSA "now require[s] all disputes and claims . . . to be 'commenced and maintained exclusively in [court],'" including "'any dispute or claim that arose before the existence of this or any prior agreement.'" (Ex. 3 at 2 (Consumer Plaintiffs' Motion to Lift Stay, *In re Valve Antitrust Litig.*, No. 21-cv-00563-JNW (W.D. Wash.), ECF No. 370) (quoting Controlling SSA § 10).) That same day, October 4, 2024, Vorys filed a motion to consolidate the class actions and to be appointed as interim lead counsel for the putative consumer class. (Ex. 4 (Consumer Plaintiffs' Motion to Consolidate and Appoint Vorys, Sater, Seymour and Pease LLP as Interim Lead Class Counsel, *In re Valve Antitrust Litig.*, No. 21-cv-00563-JNW (W.D. Wash.), ECF No. 373).)[3] Vorys did not withdraw from these arbitrations until October 23, 2024. (Ex. 5.)

---

[2]  *See In re Valve Antitrust Litig.*, No. 21-cv-00563-JNW (W.D. Wash., filed April 27, 2021) ("*Wolfire*"); *Elliott v. Valve Corp.*, No. 2:24-cv-01218 (W.D. Wash., filed Aug. 9, 2024) ("*Elliott*"); *Hepler v. Valve Corp.*, No. 2:24-cv-01735 (W.D. Wash., filed Oct. 23, 2024) ("*Hepler*"); *Drake v. Valve Corp.*, 2:24-cv-01743 (W.D. Wash., filed Oct. 24, 2024) ("*Drake*"). On December 6, 2024, the Western District of Washington consolidated the four pending putative class actions under the caption *In re Valve Antitrust Litig.*, No. 21-cv-00563-JNW (W.D. Wash.).

[3]  That filing noted that Vorys had also "filed a motion to lift the litigation stay due to recent changes to Valve's SSA—notably, the SSA no longer contains a mandatory arbitration clause or class action waiver." (Ex. 4 at 6.)

Cheryl Florio, Director of ADR Operations
February 13, 2025
Page 3

Current counsel for Claimants has no legitimate basis to argue that these proceedings should not be closed as they previously requested the appointment of a Process Arbitrator "to address whether the arbitration clause in the Steam Subscriber Agreement is enforceable," asserting that "**a decision on this issue will affect each individual Claimant's obligation to arbitrate their disputes with Valve**." (Ex. 6 at 1-2 (emphasis added).) That issue has now been resolved and as a result Valve has removed the arbitration agreement from the SSA.

To the extent there is any dispute over which version of the SSA applies to Claimants' underlying claims, that is for a court—and not an arbitrator—to decide under the Supreme Court's controlling decision in *Coinbase, Inc. v. Suski*, 602 U.S. 143 (2024).

Please be advised that because there is no arbitration agreement between Valve and Claimants, Valve will not pay any additional fees in connection with these arbitrations.

Valve reserves all rights.

Sincerely,

/s/ Michael W. McTigue Jr.

Michael W. McTigue Jr.

cc:    Victoria Chandler
       All counsel of record

(w/encls.)