# EXHIBIT 12

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
ONE MANHATTAN WEST
NEW YORK, NY 10001-8602

TEL: (212) 735-3000
FAX: (212) 735-2000
WWW.SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON D.C.
WILMINGTON
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
212-735-3529
DIRECT FAX
917-777-3529
EMAIL ADDRESS
MICHAEL.MCTIGUE@SKADDEN.COM

April 23, 2025

**VIA ELECTRONIC MAIL**

Cheryl Florio
Director of ADR Operations
American Arbitration Association
16 Market Square, 1400 16th Street
Suite 400
Denver, CO 80202
CherylFlorio@adr.org

RE: *Individual Claimants v. Valve*, Case 01-23-0005-8758

Dear Ms. Florio:

We write on behalf of Valve regarding the AAA's March 24, 2025 invoice and e-mail regarding the above-referenced arbitrations (attached hereto as Ex. 1).

Claimants' counsel Mason LLP's ("Claimants' Counsel") mass arbitration is divided into two tranches: (a) three mass submissions made in December 2023, totaling 14,911 Claimants (the "December 2023 Submitted Claims"); and (b) another mass submission in April 2024, totaling 5,000 Claimants (the "April 2024 Submitted Claims"). The March 24, 2025 invoice, seeking a payment of $20,875,400 in Case Management Fees, relates to the December 2023 Submitted Claims. For the reasons set forth below, Valve declines to pay the fees and again requests that the AAA close the arbitrations. Furthermore, as explained below, none of these arbitrations are subject to California Code of Civil Procedure ("CCCP") § 1281.98.

## I. The AAA Has No Jurisdiction Over These Matters Because There Is No Arbitration Agreement

As Valve has explained, the sole basis for AAA jurisdiction was an arbitration agreement in a now-superseded version of Valve's Steam Subscriber Agreement ("SSA"). But that arbitration agreement was deemed unenforceable in four AAA arbitrations that involved similar underlying claims. Based on those rulings, a class action was filed, which seeks to certify a class that would include all of the claimants

in these proceedings ("Claimants").[1] As a result, Valve removed the arbitration agreement from the SSA. The controlling SAA ("Controlling SSA," attached hereto as Ex. 3) now requires that these disputes be resolved exclusively in state or federal court in King County, Washington. (Ex. 3 § 10.)

All of the Claimants have agreed to the Controlling SSA, which does not provide any basis for AAA jurisdiction and instead requires that these arbitrations be closed. To the extent there is any dispute over which version of the SSA applies to Claimants' underlying claims, that is for a court—and not an arbitrator—to decide under the Supreme Court's controlling decision in *Coinbase, Inc. v. Suski*, 602 U.S. 143 (2024).

Claimants will have a full and fair opportunity to have their claims resolved in court. Currently there are four consumer putative class actions pending against Valve in the Western District of Washington that have now been consolidated and seek the same or substantially similar relief sought in these arbitrations.[2]

Valve discussed these points at length in its prior letters to the AAA. (*See* Valve's February 13, 2025 letter to the AAA (Ex. 4); Valve's February 19, 2025 letter to the AAA (Ex. 5).) Those prior letters also noted that Vorys Sater Seymour and Pease LLP ("Vorys"), which until recently was co-counsel for Claimants in these proceedings, is one of the plaintiffs' firms pursuing the class actions and is seeking to be appointed interim class counsel. While still counsel for Claimants, Vorys took the position that the Controlling SSA requires all disputes and claims, including accrued claims, to be resolved exclusively in court. (*See* Ex. 4 at 2.)

Accordingly, the AAA has no jurisdiction over these arbitrations, and they should be closed. For the same reasons, Valve, while reserving all rights, declines to pay the Case Management Fees.[3]

---

[1] See Ex. 2 (Complaint, *Elliott v. Valve Corp.*, No. 2:24-cv-01218 (W.D. Wash., filed Aug. 9, 2024)). Plaintiffs allege they could pursue the class action in court because they "won binding decisions from arbitrators rendering Valve's arbitration provision unenforceable." (*Id.* ¶ 13.)

[2] *See In re Valve Antitrust Litig.*, No. 21-cv-00563-JNW (W.D. Wash., filed April 27, 2021) ("*Wolfire"); Elliott v. Valve Corp.*, No. 2:24-cv-01218 (W.D. Wash., filed Aug. 9, 2024) ("*Elliott"); Hepler v. Valve Corp.*, No. 2:24-cv-01735 (W.D. Wash., filed Oct. 23, 2024) ("*Hepler"); Drake v. Valve Corp.*, 2:24-cv-01743 (W.D. Wash., filed Oct. 24, 2024) ("*Drake"*). On December 6, 2024, the Western District of Washington consolidated the four pending putative class actions under the caption *In re Valve Antitrust Litig.*, No. 21-cv-00563-JNW (W.D. Wash.).

[3] Valve previously explained that the AAA should not issue any further invoices in these arbitrations because it did not have jurisdiction. (*See* Ex. 4 at 3; Ex. 5 at 6.)

**II. None Of These Arbitrations Are Subject To California Arbitration Law**

The AAA's March 24, 2025 e-mail accompanying its invoice states: "As some of these arbitrations are subject to California Code of Civil Procedure ('CCCP') Section 1281.98, we are providing the attached invoice in accordance with that statute." The AAA's statement that "some of these arbitrations" are subject to CCCP § 1281.98 is incorrect.

*First*, the Current SSA, which all Claimants have accepted, does not contain an arbitration agreement.

*Second*, if the prior version of the SSA (the "Superseded SSA," attached hereto as Ex. 6) applied, which it does not, that agreement's arbitration clause provides that "[t]he U.S. Federal Arbitration Act applies to this Section 11 as far as your country's laws permit." (Ex. 6 § 11(C).) Where, as in the Superseded SSA, the Federal Arbitration Act (the "FAA") provides the applicable procedural law then CCCP §§ 1281.97-99 do not apply. *See Morales v. Midland Credit Mgmt., Inc.*, No. H050950, 2024 WL 4211151, at *1 (Cal. Ct. App. Sept. 16, 2024) ("The trial court . . . correctly determined that section 1281.98 is inapplicable here, as the arbitration agreement is 'governed by, and enforceable under,' the Federal Arbitration Act"); *Hernandez v. Sohnen Enterprises, Inc.*, No. 21-ST-CV-26283, 102 Cal. App. 5th 222, 242 (Cal. App. May 22, 2024) (holding that CCCP § 1281.97 does not apply where an arbitration provision "refers to procedures contained in the FAA" and does not include any "provision explicitly referring to California law"); *accord Solis v. Sohnen Ents, Inc.*, No. B323296, 2024 WL 2345367, at *8 (Cal. Ct. App. May 23, 2024) ("[I]f parties agree to apply the FAA's procedural provisions, rather than the procedures of the CAA, then the state arbitration procedures do not apply and there is no preemption issue.").

*Third*, even assuming *arguendo* that CCCP §§ 1281.97-99 otherwise applied (which they do not), that law is preempted by the FAA because it purports to impose penalties specific to arbitration agreements.[4] *See Martinez v. Refinitiv, Ltd.*, No. 2:24-CV-05481-JLS-JPR, 2024 WL 5424373, at *3 (C.D. Cal. Nov. 14, 2024) (finding CCCP § 1281.97 preempted because it "makes arbitration agreements unenforceable

---

[4] As the Supreme Court reiterated in *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 650 (2022), the FAA embodies an "equal treatment" principle, which requires courts to treat arbitration agreements in the same manner as they would treat other contracts. CCCP §§ 1281.97 and 1281.98 violate this principle because the "30-day requirement, under sections 1281.97 and 1281.98, is a substantive modification of California contract law with respect to waiver and material breach." *Belyea v. GreenSky, Inc.*, 637 F. Supp. 3d 745, 756 (N.D. Cal. 2022). Accordingly, CCCP § 1281.98 "violates the equal-treatment principle under 9 U.S.C. § 2 because it makes arbitration provisions unenforceable on arbitration-specific grounds." *Id.* S*ee also Ding v. Structure Therapeutics, Inc.*, 755 F. Supp. 3d 1200, 1211 (N.D. Cal. 2024) (holding that CCCP § 1281.98 violates the equal-treatment principle because "Section 1281.98's 30-day requirement modifies California contract law as to waiver and material breach—but only for arbitration agreements.").

on grounds that exist in the arbitration context only"); *Ding*, 755 F. Supp. 3d at 1211 ("California Code of Civil Procedure § 1281.98 violates the equal treatment principle under 9 U.S.C. § 2 because it makes arbitration provisions unenforceable on arbitration-specific grounds."); *Burgos v. Citibank, N.A.*, No. 23-CV-01907-AMO, 2024 WL 3875775, at *5 (N.D. Cal. Aug. 16, 2024) ("[I]n line with other courts in this district, this Court finds that Section 1281.98 is preempted."); *Lee v. Citigroup Corp. Holdings, Inc.*, No. 22-cv-02718-SK, 2023 WL 6132959, at *2 (N.D. Cal. Aug. 29, 2023) (noting that the "reasoning of *Belyea* is correct" with respect to the FAA's preemption of Section CCCP § 1281.97); *Belyea*, 637 F. Supp. 3d at 756 (holding that the FAA preempts CCCP § 1281.97); *see also Solis*, 2024 WL 2345367, at *10; *Hernandez*, 102 Cal. App. 5th at 243.

The AAA should close all arbitrations. Valve reserves all rights against all appropriate parties.

Sincerely,

*/s/ Michael W. McTigue Jr.*

Michael W. McTigue Jr.

cc: All counsel of record

(w/encls.)