# EXHIBIT 14

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Danielle L. Perry (SBN 292120)
5335 Wisconsin Avenue, NW, Suite 644; Washington, D.C. 20015

TELEPHONE NO.: (202) 429-2290   FAX NO. :
EMAIL ADDRESS: dperry@masonllp.com
ATTORNEY FOR *(Name):* Pamela Welty

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF TUOLUMNE**
STREET ADDRESS: 12855 Justice Center Dr.
MAILING ADDRESS:
CITY AND ZIP CODE: Sonora, CA 95370
BRANCH NAME:

FILED
MAY 0 2 2025
Superior Court of California
County of Tuolumne
by: Shelby Parsons Clerk

CASE NAME:
Welty v. Valve

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CV67221 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000) | [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[x] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 1
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: May 1, 2025

Danielle Perry
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**MASON LLP**
Danielle L. Perry (SBN 292120)
Reuben A. Aguirre (SBN 319699)
5335 Wisconsin Avenue, NW, Suite 640
Washington, D.C. 20015
Telephone: 202-429-2290
Email: dperry@masonllp.com
Email: raguirre@masonllp.com

*Counsel for Plaintiff and the Proposed Class*

FILED

MAY 0 2 2025

Superior Court of California
County of Tuolumne
by: **Shelby Parsons** Clerk

IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF TUOLUMNE

PAMELA WELTY, on behalf of herself and all persons similarly situated,

        Plaintiff,

    v.

VALVE CORPORATION,

        Defendant.

Case No.: CV67221

**CLASS ACTION COMPLAINT FOR**
Violation of the California Arbitration Act, California Code of Civil Procedure §§ 1281.97–1281.99

Judge: Hon. Kevin Seibert

## INTRODUCTION

Plaintiff, Pamela Welty, brings this action against Valve Corporation ("Valve"), d/b/a Steam, on behalf of herself and a class of Californian consumers who initiated arbitration claims against Valve prior to September 26, 2024 relating to Valve's anticompetitive Platform Most Favored Nations ("PMFN") provision (the "Class," as defined below; individually, "Class Members") upon personal knowledge as to the facts pertaining to themselves and upon information and belief as to all other matters, and upon the investigation of counsel.

Forced to pay the price of the arbitrations it compelled Plaintiff and similarly situated claimants to pursue, Valve has refused. Perhaps unsurprisingly, it would rather defend itself

against a consumer class action it successfully fought to avoid than pay the arbitrator's $20.8 million invoice now due. California does not allow such gamesmanship around consumers' rights. The Court should sanction Valve as the law provides.

## NATURE OF THE ACTION

1. This action arises out of Valve's refusal and willful failure to timely pay arbitration fees in violation of: (1) the American Arbitration Association's ("AAA") rules and procedures; and (2) the California Arbitration Act, Cal. Code Civ. Proc. §§ 1281.97–1281.99.

2. On October 25, 2021, the Western District of Washington granted Valve's motion to compel arbitration in a consumer class action case arising from Valve's unlawful enforcement of a PMFN provision in violation of the Sherman Antitrust Act and stayed the case. *In re Valve Antitrust Litig.*, No. 2:21-cv-00563-JCC (W.D. Wash. Oct. 25, 2021), ECF No. 66.

3. Pursuant to that order, thousands of affected Valve consumers retained counsel to pursue their individual antitrust claims against Valve before AAA.

4. Plaintiff Welty and over 8,000 Class Members are part of a larger group of 70,000 individuals ("Claimants") that each retained Mason LLP to pursue their respective claims against Valve before AAA.

5. In December of 2023, 14,911 of these Claimants, including Plaintiff Welty and 1,699 other Class Members, filed their individual arbitration claims with AAA.

6. On February 2, 2024, AAA notified counsel for Claimants that they were responsible for their portion of AAA filing fees for the 14,911 cases, amounting to $1,143,325.00. Claimants paid those filing fees.

7. On February 22, 2024, AAA determined that these 14,911 cases, which included Plaintiff Welty and 1,699 other Class Members' cases, met the AAA's administrative filing requirements.

8. Thus, AAA notified Valve at this time that it was responsible for payment of initial filing fees for these 14,911 cases, amounting to $1,866,100.00. Valve paid those filing fees.

9. AAA also notified counsel for Claimants that they were responsible for an administrative fee amounting to $1,143,325.00. Claimants paid those filing fees.

10.    On March 24, 2025, AAA sent Valve an invoice of $20,875,400 for additional case management arbitration fees relating to the 14,911 arbitration claims. Of this invoiced amount, $2,378,600.00 was attributed to the 1,699 arbitrations filed by California Claimants, including Plaintiff Welty. These AAA fees were due upon receipt.

11.    As of the date of this filing, Valve has refused and continues to refuse to pay the March 24, 2025, AAA invoice for these claims, which are more than 30 days overdue.

12.    Valve's refusal to pay its share of the arbitration fees is willful and intended to thwart Plaintiff and the Class Members from proceeding in arbitration.

13.    California has established a fundamental policy to protect its consumer-citizens from gamesmanship like Valve's—especially in cases, like here, where a company refuses to pay arbitration fees to derail arbitration.

14.    Therefore, Plaintiff, on behalf of herself and the members of the Class, brings this action pursuant to Cal. Code Civ. Proc. §§ 1281.97–1281.99 of the California Arbitration Act, seeking sanctions, including but not limited to entry of default against Valve for its refusal to participate in the pending arbitration, attorney's fees and costs, and for all other available relief this Court deems appropriate.

**THE PARTIES**

15.    **Defendant Valve Corporation** is a Washington corporation with a principal place of business at 10400 NE 4th St., Bellevue, Washington, 98004-5174. Valve is a video game developer-turned-merchant that operates Steam, an online digital gaming platform. Steam overwhelmingly dominates the online PC video game sales market throughout the United States and including California.

16.    **Plaintiff Pamela Welty** is a California citizen who resides in Tuolumne County, California. On or about July 21, 2023, Plaintiff Welty provided Valve with notice of her consumer antitrust arbitration claim against Valve. On December 5, 2023, Plaintiff Welty filed her antitrust arbitration claim against Valve with AAA and paid the arbitration filing fee.

CLASS ACTION COMPLAINT

1

## JURISDICTION AND VENUE

2

    17.    This Court has subject matter jurisdiction over the claims asserted herein pursuant

3

to the California Constitution, Article IV Section 10.

4

    18.    This Court has specific personal jurisdiction over Valve as it relates to this

5

controversy. Valve is authorized to conduct, and does conduct, substantial business in California

6

by selling online PC games to California consumers, including Plaintiff and the Class. Valve

7

purposely availed itself of the benefits of doing business in California by selling Steam games to

8

California consumers. This controversy arises out of Valve's refusal to pay arbitration fees in

9

violation of California law relating to individual arbitrations initiated against Valve by a Class of

10

California consumers.   Asserting personal jurisdiction in this case would therefore comport with

11

fair play and substantial justice.

12

    19.    Venue is proper in this Court under California Code of Civil Procedure Sec. 395.

13

## COMMON FACTUAL ALLEGATIONS

14

*Valve Successfully Moved a Federal Court to Compel Arbitration and to Stay a Consumer*

15

*Antitrust Class Action Against Valve in Favor of Arbitration*

16

    20.    On January 28, 2021, Sean Colvin and four other online PC game purchasers filed

17

a consumer class action case against Valve Corporation and others in the U.S. District Court for

18

the Western District of Washington, Case No. 21-cv-00650 (W.D. Wash.), alleging that the

19

consumer plaintiff and the putative consumer class were forced to pay supracompetitive prices for

20

their online PC game purchases in the U.S. because of Valve's unlawful use and enforcement of

21

an anticompetitive PMFN policy, which prevented game developers from selling their games on

22

rival platforms for less than they sold their games on Valve's Steam Platform, thus stifling

23

competition and inflating prices (the "*Colvin*" Class Action).

24

    21.    On April 27, 2021, game developer Wolfire Games LLC, along with two individual

25

game consumers, William Herbert and Daniel Escobar, filed a similar class action antitrust case

26

against Valve, Case No. 21-cv-00563, in the same court (the "*Wolfire*" Class Action).

27

28

22. On May 2, 2021, the *Colvin* and *Wolfire* Class Actions were transferred and consolidated for all purposes into the *Wolfire* case pending in the Western District of Washington. Those plaintiffs subsequently filed a consolidated amended complaint ("CAC") on June 11, 2021.

23. On June 23, 2021, Valve moved to compel the consumer plaintiffs in the consolidated *Wolfire* case to arbitration and to stay both the consumer case and the developer case pending resolution of the claims in arbitration.

24. On October 25, 2021, the court granted Valve's motion to compel arbitration and stayed the consumer plaintiffs' federal class action case pending arbitration but denied Valve's request to stay the game developers' lawsuit.[1]

*Plaintiff Initiates Arbitration*

25. On July 21, 2023, and consistent with Valve's terms of service, which required notice to be provided prior to filing demands for arbitration, Plaintiff's counsel wrote to Valve on behalf of the 70,000 Claimants to inform Valve of the basis of their respective antitrust claims against Valve and their intent to pursue individual arbitrations if the parties were unable to resolve the claims through good-faith negotiation. Plaintiff's counsel provided a spreadsheet attached to the letter identifying each Claimant's name, their Steam ID (an account number), and their Steam username.

26. After months spent attempting to informally resolve all 70,000 Claimants' claims with Valve, Plaintiff's counsel began filing demands for arbitration on a rolling basis. Plaintiff's counsel filed 14,911 consumer demands for arbitration before AAA between December 5, 2023 and December 20, 2023, and another 5,000 on April 24, 2024, for a total of 19,911 claims (the "Filed Claimants").

27. Of the 19,911 Filed Claimants, 2,293 reside in California. The California residents each informed AAA and Valve that they selected California as their AAA arbitration location.

28. AAA confirmed receipt of the Filed Claimants' claims and submitted invoices for AAA filing fees of $1,423,325.00 and $375,000 to the Claimants.

29. Claimants' counsel promptly paid the Filed Claimants' initial filing fees.

---

[1] *See In re Valve Antitrust Litigation*, Case No. 2021-cv-00563 (W.D. Wash.) at ECF 66.

30.     On February 22, 2024, AAA sent an email to the parties informing Valve that "[a]t this time, Valve Corporation is now responsible for payment of the initial filing fees for these 14,911 cases totaling $1,866,100.00" and further informing Valve that "[a]s one or more of these arbitrations is subject to California Code of Civil Procedure sections 1281.97 and 1281.98, payment from the Business must be paid by 30 days from the date of this letter or AAA may close these cases." *See* Ex. A, AAA email, dated February 22, 2024; *see also* Ex. B, Claimants' Invoice, dated February 22, 2024.

31.     Valve paid its initial AAA arbitration fees in accordance with AAA's invoice.

32.     Valve did not object to AAA's application of California law to the arbitration proceedings at that time.

33.     Valve conceded the applicability of Cal. Code Civ. Proc. §§ 1281.97–1281.99 by its course of performance when it proceeded under the terms of this initial invoice—incorporating the California Arbitration Act—without objection.[2]

34.     On May 14, 2024, AAA informed the parties that it would not appoint a process arbitrator for the 14,911 cases. And so, on July 14, 2024, AAA held an administrative conference to allow the parties to further review the options for appointing merits arbitrators for the initial 14,911 claims.

35.     Under AAA rules applicable to these cases, the next step would have been for AAA to invoice Valve an administrative fee of $1,400 per Claimant, or $20,875,000 in total.

*Valve Refuses to Pay the AAA Invoice*

36.     On August 8, 2024, counsel for Valve informed Plaintiff's counsel that it had engaged "additional counsel," who would become Plaintiff's new point of contact and requested a two-week extension to respond to any AAA deadlines.

37.     Shortly thereafter, in August 2024, counsel for Valve proposed that the parties go to outside mediation. Counsel for Plaintiff agreed.

---

[2] But as alleged in further detail below, Valve subsequently refused to pay over $20 million in additional case management arbitration fees invoiced by AAA for these same 14,911 cases, in violation of California law.

38.    On August 20, 2024, the parties informed AAA that they had agreed to pause the arbitrations pending the parties' completion of an outside mediation before Robert A. Meyer of JAMS, scheduled to take place January 14, 2025.

39.    On August 21, 2024, AAA placed the arbitrations on an administrative hold, pending the conclusions of the parties' outside mediation.

40.    The parties proceeded to JAMS mediation on February 4, 2025, which resulted in an impasse.

41.    On February 5, 2025, Plaintiff's counsel notified AAA that the mediation resulted in impasse and thus requested AAA to lift the administrative hold, which AAA did on February 6, 2025.

42.    On March 24, 2025, AAA issued its invoice for case management fees to Valve for the initial 14,911 claims, totaling $20,875,400.00, due upon receipt. *See* Ex. C, AAA email, dated March 24, 2025; *See also*, Ex. D, Valve Invoice, dated March 24, 2025.

43.    AAA also explained that because "AAA has determined that the filing requirements for these cases have been met [by Claimants], any requests [by Valve] to close these matters are properly directed to arbitrators [once they are assigned]." *See* Ex. C.

44.    Along with its March 24, 2025, email, AAA also provided the parties with a spreadsheet indicating, *inter alia*, that 1,699 of the 14,911 arbitration cases invoiced to Valve were filed by California citizens who had chosen California as the locale for their arbitrations. After referring the parties to the tab in a spreadsheet breaking out the California cases, AAA restated (as it previously had done in its February 22, 2024 email) that because this invoice included California cases, the invoice was subject to Cal. Code Civ. Proc. § 1281.98.

45.    More specifically, AAA wrote:

As some of these arbitrations are subject to California Code of Civil Procedure ("CCCP") Section 1281.98, we are providing the attached invoice in accordance with that statute. Payment is due upon receipt and must be paid by 30 days from the Due Date provided on the attached invoice or the AAA will close the parties' case. If the payment deadline falls on a weekend or holiday, payment must be paid by the following business day under CCCP Section 12a. Pursuant to CCCP Section 1281.98, the AAA cannot extend this payment deadline.

CLASS ACTION COMPLAINT

46. But this time, Valve refused to pay the invoice, preventing the arbitrations from proceeding.

47. As of the date of this Complaint, it has been more than 30 days past when payment by Valve was due and Valve has failed to timely pay any of the arbitration fees invoiced by AAA on March 24, 2025, and refused to pay any further AAA arbitration fees, all in violation of California law.

48. Thus, Plaintiff on behalf of herself, and all members of the Class, now comes before the Court seeking all available relief under Cal. Code Civ. Proc. §§ 1281.97–1281.99 including but not limited to entry of default judgment and for all other available relief as set forth herein and which this Court deems fair and just.

**CLASS ACTION ALLEGATIONS**

49. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to California Procedure § 382 and California Civil Code § 1781.

50. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All residents of California who initiated individual consumer arbitration claims against Valve by providing notice of their claims prior to September 26, 2024, relating to Valve's violations of the Sherman Antitrust Act.

> Excluded from the Class are Defendant's officers and directors, and any entity in which Defendant has a controlling interest; and the affiliates, legal representatives, attorneys, successors, heirs, and assigns of Defendant and any current or former employees of Defendant.

51. Plaintiff hereby reserves the right to amend or modify the class definition with greater specificity or division after having had an opportunity to conduct discovery.

52. <u>Numerosity</u>. The Members of the Class are so numerous that joinder of all of them is impracticable. There are believed to be no less than 8,500 Class Members.

53. <u>Commonality</u>. There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

a.    Whether Valve's failure to pay arbitration fees invoiced by AAA relating to Class Members' arbitrations is a violation of Cal. Code Civ. Proc. §§ 1281.97(a)(1) and 1281.98(a)(1);

b.    Whether Valve's refusal to pay arbitration fees invoiced by AAA relating to Class Members' arbitrations is a violation of Cal. Code Civ. Proc. §§ 1281.97(a)(1) and 1281.98(a)(1);

c.    Whether the claims at issue here are based on unwaivable rights created by California statute;

d.    Whether Valve conceded through its course of conduct or otherwise that Cal. Code of Civ. Proc. §§ 1281.97, 1281.98 and 1281.99 apply to Valve's payment of or non-payment of AAA invoices;

e.    Whether Valve waived any argument that Cal. Code Civ. Proc. §§ 1281.97, 1281.98 and 1281.99 do not apply Plaintiff's and the Class Members' arbitration claims;

f.    Whether Plaintiff and Class Members are entitled to a Court order compelling Valve to proceed in arbitration and granting reasonable attorney's fees and costs related to the arbitrations and bringing this action (§§ 1281.97(b)(2) and 1281.98(b)(2));

g.    Whether Plaintiff and Class Members are entitled to a Court order compelling Valve to pay all arbitration fees that Valve is obligated to pay under the AAA rules (§ 1281.98(b)(3));

h.    Whether Valve should face monetary sanctions by the Court, including reasonable expenses, including attorney's fees and costs incurred by Valve's willful failure to pay its arbitration fees invoiced by AAA (§ 1281.99(a)); and

i.    Whether Valve should be sanctioned with entry of default judgments in the underlying cases for Valve's failure to pay its arbitration fees invoiced by AAA (§ 1281.99(b)(2)(B)).

CLASS ACTION COMPLAINT

54.    <u>Typicality</u>. Plaintiff's claims are typical of other Class Members' because Plaintiff initiated arbitrations and Valve has refused to pay arbitration fees relating to those arbitrations.

55.    <u>Adequacy of Representation</u>. Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff's Counsel is competent and experienced in litigating class actions.

56.    <u>Predominance</u>. Valve has engaged in a common course of conduct toward Plaintiff and Class Members by categorically refusing to pay AAA arbitration fees invoiced to Valve. The common issues arising from Defendant's conduct affecting Class Members set out above predominate over any individualized issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

57.    <u>Superiority</u>. A class action is superior to other available methods for the fair and efficient adjudication of this controversy regarding Valve's refusal to pay its arbitration fees. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, which would establish incompatible standards of conduct for Defendant. In contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each Class Member.

58.    Defendant has acted on grounds that apply generally to the Class as a whole so that class certification, injunctive relief, and any corresponding declaratory relief are appropriate on a class-wide basis.

59.    Finally, all Class Members are readily ascertainable. Plaintiff and Class Members have sent Valve written notice of their claims and/or a demand for arbitration.

**<u>COUNT ONE</u>**
Violation of the California Arbitration Act ("CAA")
(Cal. Code Civ. Proc. §§ 1281.87, *et seq*.)

Plaintiff re-alleges and incorporate the above allegations as if fully set forth herein.

60.    Plaintiff and the Class duly initiated arbitration with Valve before the AAA and paid all AAA required fees invoiced to Claimants.

CLASS ACTION COMPLAINT

61.    Plaintiff and the Class each designated California as the location for their AAA arbitrations.

62.    Valve has failed to timely pay, and refuses to pay, AAA arbitration fees invoiced to Valve relating to the arbitrations initiated by Plaintiff and the Class.

63.    On March 24, 2025, AAA issued an invoice to Valve for fees totaling $20,875,400.00, due upon receipt. *See* Ex. D. These fees are overdue and remain unpaid by Valve.

64.    AAA applies California law to arbitrations brought by California residents where "one or more of these arbitrations is subject to California Code of Civil Procedure sections [1281.97 or] 1281.98, payment from the Business must be paid by 30 days from the date of this letter or AAA may close these cases."

65.    The Court should order Valve to pay all arbitration fees invoiced by AAA in connection with the arbitration claims of any Class Member.

66.    The Court should order Valve to pay all invoiced arbitration fees when due for all claims by Class Members.

67.    In the alternative, the Court should find Valve in default on all claims of Class Members in arbitration. Cal. Code Civ. Proc. § 1281.99(b)(2)(B).

68.    Plaintiff and Class Members are entitled to reasonable attorney's fees and costs related to the arbitration. Cal. Code Civ. Proc. § 1281.97(b)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a)    For an order certifying this action as a class action and appointing Plaintiff and her counsel to represent the Class;

b)    For an order rendering a default judgment against Valve on behalf of all Class Members;

c)    In the alternative, for an order compelling Valve to proceed to arbitration and to pay all overdue invoices and all future invoices when due;

d)    For an award of reasonable expenses, including attorney's fees and costs, incurred by Plaintiff and other Class Members because of Valve's refusal to pay AAA fees; and

e)    Such other and further relief as the Court may deem just and proper.

1  Dated: May 2, 2025.

2

3  Respectfully submitted,

4                                          */s/ Danielle L. Perry*
5                                          **MASON LLP**
                                           Danielle L. Perry (SBN 292120)
6                                          Reuben A. Aguirre (SBN 319699)
                                           5335 Wisconsin Avenue, NW, Suite 640
7                                          Washington, D.C. 20015
                                           Telephone: 202-429-2290
8                                          Email: dperry@masonllp.com
9                                          Email: raguirre@masonllp.com

10                                         *Counsel for Plaintiff and the Proposed Class*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



Neil Currie
Vice President
2355 Highway 36 W.
Suite 400
Roseville, MN 55113
Telephone: (612)332-6545
Fax: (612)342-2334

February 2, 2024

Gary E. Mason, Esq.
Mason, LLP
5335 Wisconsin Avenue NorthWest
Suite 640
Washington, DC 20016
Via Email to: gmason@masonllp.com

Case Number: 01-23-0005-8758

Individual Claimants
-vs-
Valve Corporation

Counsel,

This confirms the American Arbitration Association's ("AAA") receipt of 14,911 individual demands for arbitrations alleging claims against Respondent, Valve Corporation filed on December 5, 2023, December 14, 2023, and December 20, 2023.

Upon review of the documents submitted in the above-referenced matters, the AAA has determined that these disputes will be administered in accordance with the AAA's Mass Arbitration Supplementary Rules in conjunction with the Consumer Arbitration Rules. Unless the contracts submitted with these filings provide that the individuals pay less, a non-refundable filing fee in the amount of $125.00 per case is payable in full by the individual Claimant in each of the first 500 cases in a mass arbitration filing, and $75.00 per case in all subsequent cases above and beyond 500 in a mass arbitration filing, under this fee schedule. Claimants' portion of the initial filing fees for these 14,911 cases is $1,143,325.00 as indicated on the attached invoice. Accordingly, we request that Claimants submit payment in the total amount of $1,143,325.00 for their portion of filing fees on or before **March 4, 2024.**

Claimants' aggregate invoice is attached here. Please note that while the AAA accepts payment via check, we are also able to provide a secure AAA Paylink for Claimant counsel's convenient online payment via credit card immediately upon request. Please note a credit card surcharge will apply to payments remitted by credit card. Electronic payment instructions for direct wire transfers and/or ACH payments have also been enclosed for counsel's convenience.

If you have any questions, please email the undersigned and we will be happy to assist you.

Sincerely,
/s/
*Rachel Jacobsen on behalf of*
Victoria Chandler
Director of ADR Operations
Direct Dial: (612)278-5124

Email: VictoriaChandler@adr.org
Fax: (612)342-2334

Enclosures

cc:    Douglas Matthews
        Timothy B. McGranor
        Theodore B. Bell
        Kenneth J. Rubin, Esq.
        Kara M. Mundy, Esq.
        Danielle L. Perry, Esq.

EXHIBIT B

 INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION® 13727 Noel Road Suite 1025 Dallas TX 75240

| Statement Date | Amount Due |
|---|---|
| 02-02-2024 | **$1,143,325.00** |
| 01-23-0005-8758 | |
| 14,911 Individuals v. Valve Corporation | |

# Invoice

Gary E. Mason, Esq.
Mason, LLP
5335 Wisconsin Avenue NorthWest
Suite 640
Washington, DC 20016
Via Email to: gmason@masonllp.com

| Date | Reference Number | Description | Balance | Due Date |
|---|---|---|---|---|
| 2/2/2024 | 02 (01-23-0005-8758) | Claimant Filing Fees<br>**(500 cases X $125.00/case)**<br>**(14,411 cases X $75.00/case)** | **$1,143,325.00** | *March 4, 2024* |

## Payment Options

**Wire Transfer / ACH / EFT**

As information transmitted by the bank is often truncated due to limited space, please email your reference information (Case Number Individuals v. Business) with the date and amount of your wire, to ensure that your payment is credited promptly and correctly to corpfinance@adr.org and LMEEFinance@adr.org.

> **Name of Bank:** Wells Fargo Bank
> **Address:** 150 East 42nd Street, 24th FL., New York, NY 10017, USA
> **Account Name:** AAA/American Arbitration Association
> **Account Number:** 2000017952068
> **ABA/Transit Number:** 121000248

**Reference:**
> **Swift Code/BIC:** WFBIUS6S

> **Note:** Please take steps to ensure that your bank does in fact wire the entire amount to our account. From time to time, certain banks will keep a portion of the wire transfer for their own service fee, leaving a balance due to the AAA/ICDR.

**Paying by Check**

Checks should be made payable to the American Arbitration Association and include the reference number noted above. Please return this page with your payment to:

**American Arbitration Association**
**Attn: Finance Director**
**13727 Noel Road**
**Suite 1025**
**Dallas, TX 75240**

**Corporate Address and Tax ID:** American Arbitration Association, 120 Broadway, 21st Floor, New York, NY 10271, **EIN # 13-0429745**

EXHIBIT C

**Thursday, May 1, 2025 at 2:34:05 PM Eastern Daylight Time**

| | |
|---|---|
| **Subject:** | Individual Claimants v. Valve Corporation - Case 01-23-0005-8758 |
| **Date:** | Monday, March 24, 2025 at 4:17:02 PM Eastern Daylight Time |
| **From:** | AAA Cheryl Florio |
| **To:** | Gary Mason, Theo Bell, Danielle Perry, Mari Gribble, McInerney, Colm P, McTigue Jr., Michael W, Slawe, Meredith C, AAAFiling@valvesoftware.com, Jacob Eisenberg |
| **CC:** | AAA Cheryl Florio |
| **Attachments:** | image656235.png, image442771.png, 2025 03 24 AAA Request for Case Management Fees Valve 14,911 filed by Mason LLP.xlsx, Invoice - 2025-03-24 - Individual Claimants v Valve Corporation.pdf |

Dear Counsel,

This will confirm an Administrative Conference was held on March 20, 2025. Gary Mason and Theodore Bell were present for the Individual Claimants, Michael McTigue and Colm McInerney were present for Respondent Valve Corporation.

We understand Respondents have requested AAA to close these cases, and that Claimants have opposed that request. Inasmuch as AAA has determined the filing requirements for these cases have been met, any requests to close these matters are properly directed to arbitrators.

Regarding the 14,911 cases listed on the attached spreadsheet, at this time we are requesting Respondent's AAA Case Management Fees totaling **$20,875,400.00** (or $1,400 per case). Respondent's invoice is attached here. Please refer to the attached spreadsheet for the individual cases and corresponding locale states.

- As some of these arbitrations are subject to California Code of Civil Procedure ("CCCP") Section 1281.98, we are providing the attached invoice in accordance with that statute. Payment is due upon receipt and must be paid by 30 days from the Due Date provided on the attached invoice or the AAA will close the parties' case. If the payment deadline falls on a weekend or holiday, payment must be paid by the following business day under CCCP Section 12a. Pursuant to CCCP Section 1281.98, the AAA cannot extend this payment deadline.

As discussed during the call with regards to the remaining 5,000 cases, Claimants will submit a statement of issues to be raised to a Process Arbitrator on or before **March 28, 2025** and Respondent will submit a response on or before **April 4, 2025.**

Sincerely,



**AAA Cheryl Florio**
**Director of ADR Operations**

American Arbitration Association
T: 401 431 4779 F: 866 644 0234 E: CherylFlorio@adr.org
16 Market Square 1400 16th Street, Suite 400, Denver, CO 80202
adr.org | icdr.org | aaaicdrfoundation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

EXHIBIT D



| Invoice Date |
|:---:|
| 24-Mar-2025 |
| **Invoice Balance** |
| $20,875,400.00 |
| **Case #** |
| 01-23-0005-8758-2-CF |

Case Manager: Cheryl A Florio
CherylFlorio@adr.org
**Pay PIN**: 12064994
Unless instructed otherwise, invoice balance due upon receipt.

# Invoice

Michael W. McTigue Jr., Jr., Esq.
Skadden, Arps, Slate, Meagher & Form, LLP
One Manhattan West
New York, NY 10001

**Representing:** **Valve Corporation**

Re: Individual Claimants
Vs.
Valve Corporation

| Bill Line Date | Bill Line # | Description | Due Date | Amount |
|---|---|---|---|---|
| 24-Mar-2025 | 14237774 | Case Management Fees | 24-Mar-2025 | $20,875,400.00 |
| | | **Net Due Amount** | | **$20,875,400.00** |

**Corporate Address and Tax ID**: American Arbitration Association, 120 Broadway, 21st Floor, New York, NY 10271, EIN: 13-0429745



| Invoice Date |
| :---: |
| 24-Mar-2025 |
| **Invoice Balance** |
| $20,875,400.00 |
| **Case #** |
| 01-23-0005-8758-2-CF |

Case Manager: Cheryl A Florio
CherylFlorio@adr.org
**Pay PIN**: 12064994
Unless instructed otherwise, invoice balance due upon receipt.

# Payment Options

## Paying by Credit Card or eCheck

To pay with a credit card or eCheck online, go to www.adr.org, click on "*File or Access your Case*" and then select "*Quick Pay an Invoice*" and use this **Pay PIN**: **12064994**. Please note that, beginning October 2022, where permitted by law, a 2.6% processing fee will be assessed on payments made by credit card; all such processing fees are non-refundable, regardless of whether AAA fees or compensation or expense deposits are later refunded in full or in part.  Please note that we no longer accept the American Express card.  There is no processing fee for payments made by echeck or debit cards.

## Wire Transfer

As information transmitted by the bank is often truncated due to limited space, please email your reference information (Case #/Bill Line #/Program #/Party Name)  with the date and amount of your wire, to ensure that your payment is credited promptly and correctly (e.g. 011400021841 P1 or #1234567 P2 or EDU1234). Please email as follows:

For active cases: send to your AAA case representative and corpfinance@adr.org
For new filings (where your case number is not known): send to casefiling@adr.org and corpfinance@adr.org

FOR WIRES / ACH / EFT
      **Name of Bank:** Bank of America
      **Address:** One Bryant Park, 115 W 42nd St, New York, NY 10036, USA
      **Account Name:** American Arbitration Association Inc
      **Account Number:** 483094342498
      **ABA/Transit Number:** 021000322
      **Wire Transit Number:** 026009593
      **Reference:** Case # and Bill Line #/Party Name; or Program # (as applicable)
      **Swift Code/BIC:** BOFAUS3N

Note: Please take steps to ensure that your bank does in fact wire the entire amount to our account. From time to time, certain banks will keep a portion of the wire transfer for their own service fee, leaving a balance due to the AAA/ICDR.

## Paying by Check

Please return this page with your payment made payable to the **American Arbitration Association** (Please indicate the Case # on the check) to:

      Bank of America Lockbox Services
      American Arb Assoc 845299
      1950 N. Stemmons Freeway, Suite 5010
      Dallas, TX 75207