# EXHIBIT 18



5335 Wisconsin Ave. NW, Suite 640, Washington D.C. 20015 | 202.429.2290 | masonllp.com

June 20, 2025

**<u>Via Email</u>**

Cheryl Florio
Director of ADR Operations
American Arbitration Association
16 Market Square
1400 16th Street, Suite 400
Denver, CO 80202
CherylFlorio@adr.org

   **Re: Individual Claimants v. Valve Corporation**
      **Case No. 01-23-0005-8758**

Dear Ms. Florio:

  I write in response to Valve's June 18, 2025, email requesting that AAA improperly issue an individual invoice for Claimant Ryan Lally's arbitration. Ryan Lally is one of the 14,911 Claimants for which AAA has already issued an invoice that Valve has refused to pay. *See* AAA's March 24, 2025, email and attachments. As discussed below, Valve has not been transparent about Lally's role in this case. Valve's request for a separate invoice is improperly motivated, and AAA should deny it.

  As you know, Valve has repeatedly refused to pay any further arbitration fees with respect to the 14,911 Claimants and Valve has repeatedly demanded that AAA close all these files as a result. On the other hand, Claimants have advised AAA that they "are preparing appropriate court filings to compel Valve to pay all arbitration fees required of it to proceed with these arbitrations and all other appropriate relief or sanctions..." *See* Claimants' April 30, 2025, email to AAA. Claimants asked AAA not to close these cases due to Valve's refusal to pay arbitration fees but, instead, to put the files in "administrative suspension (or 'hold')" until a court of appropriate jurisdiction rules on the matter. *Id.* After considering the parties' competing positions, AAA "place[d] these cases in abeyance *pending a Court's Ruling* in accordance with Claimants' request." *See* Cheryl Florio's May 15, 2025, email to the parties. (Emphasis added). Valve now asks AAA to reissue a singular fee invoice for Lally so that it can arbitrate his claim alone.

  Despite its duty of candor to this arbitration tribunal, Valve has failed to disclose to AAA that Lally is one of the original named consumer class action plaintiffs in *In re Valve Antitrust Litigation*, Case No. 2:2021-cv-00563 (W.D. Wash.), the case in which Valve

Letter to Cheryl Florio
June 20, 2025
Page 2

successfully moved the Court to compel this arbitration. Valve also failed to disclose that Lally recently filed a motion for sanctions asking that Court to order Valve to pay the March 24 invoice in its entirety by a certain deadline or sanction Valve if it continues to refuse. *See* Plaintiff Ryan Lally's Motion for Sanctions (Dkt. 467) and the Declaration of Gary E. Mason in Support of Plaintiff Ryan Lally's Motion for Sanctions. (Dkt. 468) from *In re Valve*, *supra*, (June 11, 2025) (both of these filings are attached hereto).[1]

Valve's non-disclosures are part of its broader strategy to undermine this arbitration. If AAA were to issue an individual invoice, and Valve paid it, Valve could argue in response to Lally's Motion for Sanctions that the basis of the motion is moot. Thus, Valve could further delay paying the March 24 invoice. AAA should not enable this maneuver. AAA should maintain the status quo and continue to keep this case in abeyance until a court rules.

As previously stated, counsel for Claimants intend to proceed with some claims for persons who did not consent to the removal of the arbitration provision. But who will go forward is a decision to be made by the Claimants and their counsel, not by Valve. There is nothing in the AAA rules that allows Valve to cherry-pick the fees it owes. As provided for by AAA rules, the claimants who opt to go ahead with their claims will pay respondent's fees.

Valve's request for AAA to reissue an invoice for Claimant Ryan Lally should be denied. AAA should continue to keep this matter on hold pending resolution by the courts.

Sincerely,

Gary E. Mason

---

[1] Another arbitration claimant, Pamela Welty, has filed a putative class action on behalf of Claimants residing in California seeking redress for Valve's violations of the California Arbitration Act, Cal. Code Civ. Proc. §§ 1281.97–1281.99. *See* Class Action Complaint in *Welty v. Valve* Case No. 2:25-cv-00696, Dkt.1-1 (E.D. Cal.) (attached hereto). That case is in the earliest stages, with a scheduling conference set for August 19, 2025.

Letter to Cheryl Florio
June 20, 2025
Page 3

cc: Cheryl Florio Cheryl (Florio@adr.org)
  Michael W. McTigue, Jr.
  Meredith C. Slawe
  Colm McInerney
  Christopher Schneck
  Jessica Painley
  Gavin Skok
  Danielle L. Perry
  Theodore B. Bell