# EXHIBIT 21

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>                    Plaintiff,<br><br>        vs.<br><br>ZAIGER LLC, and JOHN DOE CORPORATION,<br><br>                    Defendants. | No. 2:23-cv-01819-JHC<br><br>**DEFENDANT ZAIGER LLC'S MOTION TO DISMISS**<br><br>**NOTE ON MOTION CALENDAR: DECEMBER 29, 2023**<br><br>**ORAL ARGUMENT REQUESTED** |

DEFENDANT ZAIGER LLC'S MOTION TO DISMISS

CAUSE NO. 2:23-cv-01819

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4879-5198-1973, v. 2

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT AND RELIEF REQUESTED ..................................................... 1

STATEMENT OF FACTS ............................................................................................................ 3

    A.    Valve and Steam ................................................................................................ 3

    B.    The Relevant Provisions of the SSA ................................................................ 3

    C.    The Wolfire Games Lawsuit ............................................................................. 4

    D.    Zaiger Files Five Individual Arbitrations Under the SSA ................................ 5

    E.    Valve Files This Retaliatory Lawsuit ............................................................... 7

ARGUMENT ................................................................................................................................ 9

    I.    The Case Should Be Dismissed for Lack of Personal Jurisdiction ......................... 9

        A.    The Court Lacks General Personal Jurisdiction Over Zaiger .................... 9

        B.    The Court Lacks Specific Personal Jurisdiction Over Zaiger ................... 10

            1.    Internet Advertisements Do Not Confer Specific Personal Jurisdiction ................................................................ 11

            2.    The Initial Cases Are Not on Behalf of Washington Claimants ........................................................................... 12

            3.    Zaiger's Washington Clients Do Not Confer Specific Personal Jurisdiction ................................................. 12

    II.    The Complaint Fails to State a Claim under Fed. Rule Civ. P. 12(b)(6) .............. 13

        A.    Valve Fails to State a Claim for Tortious Interference with the SSA ....... 13

            1.    Attorneys Cannot Tortiously Interfere With Their Clients' Contracts ............................................................... 14

            2.    Valve Fails to Allege a Breach of the SSA ................................. 15

            3.    Valve Does Not Allege an Improper Purpose or Improper Means ............................................................................ 19

        B.    Zaiger Has Not Abused Any Process ........................................................ 20

            1.    Valve Fails to Allege Improper Process, Because Process Alone Is Not an Abuse of Process. ...................... 20

            2.    Valve Fails to Allege Ulterior Purpose or an Object Outside the Scope of AAA Arbitrations .......................... 21

            3.    Valve Fails to Allege Harm ......................................................... 23

CONCLUSION ............................................................................................................................ 23

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

# TABLE OF AUTHORITIES

## Cases

*Abernathy v. Doordash, Inc.*, 438 F. Supp. 3d 1062 (N.D. Cal. 2020) ........................................ 22

*Am. Fam. Mut. Ins. Co. v. Zavala*, 302 F. Supp. 2d 1108 (D. Ariz. 2003) ................................. 14

*American Express Co. v. Italian Colors Restaurant*, 570 U.S. 228 (2013) ................................. 4

*AT&T Corp. v. Walker,* No. C04-5709FDB, 2006 WL 2507137 (W.D. Wash. Aug. 29, 2006) ............................................................................................................................ 14

*AT&T Mobility LLC v. Conception*, 563 U.S. 333 (2011) .............................................................. 4

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064 (9th Cir. 2017) ........................... 10, 12

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .............. 13

*Bellevue Farm Owners Ass'n v. Stevens*, 198 Wn. App. 464 (2017), review denied, 189 Wn.2d 1038 (2017) ...................................................................................................... 20

*Birkenwald Distrib. Co. v. Heublein, Inc.* 55 Wn. App. 1 (1989) ............................................... 20

*Bissonnette v. Highland Park Mkt., Inc.*, No. CV106014088S, 2011 WL 1366866 (Conn. Super. Mar. 16, 2011) ........................................................................................... 20

*Blue Nile, Inc. v. Ideal Diamond Solutions, Inc.¸* 2011 WL 830724 (W. D. Wash. Mar. 1, 2011) ..................................................................................................................... 11

*Blue Star Kitchen, Inc. v. Manuel*, 1:20-CV-3886-CAP, 2021 WL 3423243 (N.D. Ga. Apr. 29, 2021) ....................................................................................................... 12

*Bombardier Inc. v. Mitsubishi Aircraft Corp.*, 383 F. Supp. 3d 1169 (W.D. Wash. 2019) ........................................................................................................................... 19

*Clark v. Baines,* 150 Wash.2d 905 (2004) ............................................................................... 20

*Coto Settlement v. Eisenberg*, 593 F.3d 1031 (9th Cir. 2010) ..................................................... 4

*Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997) .......................................... 11, 12

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ............................................................................ 9

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280 (9th Cir. 1977) ................................ 4

*Epstein v. Wash. Energy Co.*, 83 F.3d 1136 (9th Cir. 1996) ..................................................... 13

Federal Rule of Civil Procedure 12(b)(6) .................................................................................. 4

*Fine v. Town of Westport*, No. FSTCV126013284S, 2014 WL 2696770 (Conn. Super. May 12, 2014) ................................................................................................... 15

*Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597 (9th Cir. 2018) .................. 9

*Hawkins v. King Cnty., Dep't of Rehab. Servs., Div. of Involuntary Treatment Servs.*, 24 Wash. App. 338 (1979) ............................................................................................... 22

*Herman v. Safeco Ins.*, 104 Wn. App. 783 (2001) ........................................................ 14

*Houser v. Redmond*, 91 Wn.2d 36 (1978) .................................................................... 14

*In Re Intuit Free File Litig.*, No. 19-cv-02546 (N.D. Cal. Dec. 17, 2020) (ECF No. 206) ........................................................................................................................... 3

*Johnson v. Venzon,* 2012 WL 3778877 (W.D. Wash. Aug. 30, 2012) ........................ 12

*Kim v. HFZ 11 Beach Street LLC*, 2021 WL 4846552 (N.Y.Sup. Oct. 11, 2021) ....... 15

*Landa v. Brown Chiari, LLP*, 219 A.D.3d 1507 (N.Y. App. Div. 2023) ..................... 21

*Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580 (9th Cir. 2008) ..................................... 13

*Leingang v. Pierce Cnty. Med. Bureau, Inc.*, 131 Wash. 2d 133 (1997) ..................... 19

*Little Rest Twelve, Inc. v. Zajic*, 137 A.D.3d 540 (N.Y. App. Div. 2016).................... 15

*Metcoff v. Lebovics*, No. X06 CV 05 5000521 S, 2008 WL 5481143 (Conn. Super. Nov. 26, 2008), *aff'd*, 123 Conn. App. 512 (Conn. App. 2010).................................. 15

*Morrill v. Scott Financial Co.*, 873 F.3d 1136 (9th Cir. 2017)..................................... 10

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006) .......................................... 9

*Pleas v. Seattle*, 112 Wn.2d 794 (1989)...................................................................... 14

*Rio Props., Inc. v. Rio Intern. Interlink,* 284 F.3d 1007 (9th Cir. 2002) .................... 11

*Ronaldson v. Countryside Manor Condo. Bd. of Managers*, 189 A.D.2d 808 (N.Y. App. Div. 1993) ......................................................................................................... 21

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2003).................. 10

*Scott v. Breeland*, 792 F.2d 925 (9th Cir. 1986) ........................................................... 9

*Sea-Pac Co. v. United Food & Com. Workers Local Union 44*, 103 Wn.2d 800 (1985)........................................................................................................................ 21

*Sipsas v. Vaz*, 50 A.D.3d 878 (N.Y. App. Div. 2008) ................................................. 20

*Uber Tech., Inx. v. American Arb. Assn., Inc.*, 204 A.D.3d 506 (N.Y. App. Div. 2022) ............ 19

*Walden v. Fiore*, 271 U.S. 277 (2014) ....................................................................... 10

*Wallrich v. Samsung Elecs. Am., Inc.*, No. 22 C 5506, 2023 WL 5935024 (N.D. Ill. Sept. 12, 2023).................................................................................................... 3, 22

*Zinni v. Jackson White, PC*, 565 F. App'x 613 (9th Cir. 2014)................................... 14

## Statutes and Court Rules

Rules of Professional Conduct 1.7 .............................................................................. 21

## Secondary Authorities

RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS, §56 (2000)..................................... 15

DEFENDANT ZAIGER LLC'S MOTION TO DISMISS – iii

CAUSE NO. 2:23-cv-01819

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

## PRELIMINARY STATEMENT AND RELIEF REQUESTED[1]

This lawsuit is an affront to our adversarial system. Zaiger LLC ("**Zaiger**") represents tens of thousands of individual consumers pursuing antitrust arbitrations against Valve Corporation ("**Valve**"), a massive, multi-billion-dollar company that dominates the computer gaming industry. Rather than defending those claims on the merits, Valve chose to file this retaliatory lawsuit against opposing counsel to intimidate Zaiger into abandoning its clients' meritorious claims. That won't happen. Representing your clients is not an actionable tort, and Zaiger will not be bullied.

Valve's claims for tortious interference and abuse of process should be dismissed for two independent reasons:

**This Court Lacks Personal Jurisdiction.**  Zaiger is a two-lawyer firm formed in New York with an office in Connecticut. Valve concedes that there is no general jurisdiction against Zaiger in Washington. As for specific jurisdiction, Valve points to its own location in this state as a basis for haling Zaiger across the country. The test for personal jurisdiction, however, involves the *defendant's* connection to the forum state, not the plaintiffs. Zaiger has no connection to Washington, and its clients and their claims are all over the country. Valve also points to Zaiger's internet advertisements to potential clients that may have reached Washington residents. But posts on the internet are not enough to establish jurisdiction as a matter of controlling precedent. Otherwise, routine internet advertising (which can be viewed in all 50 states) would create specific personal jurisdiction in every American forum. The Ninth Circuit rejected this argument years ago. There needs to be "something more" — and there isn't — to establish specific personal

---

[1] Emphasis has been added to, and internal citations, quotations, and brackets omitted from, quoted material throughout this brief except where indicated. "¶_" refers to paragraphs of the Complaint. "Ex." Refers to exhibits attached to the Complaint unless otherwise noted. "**Zaiger Decl.**" refers to the Declaration of Jeffrey H. Zaiger in Support of Defendant Zaiger LLC's Motion to Dismiss ("**MTD**"). "**Kestle Decl.**" refers to the Declaration of Jeffrey T. Kestle in Support of the MTD.

DEFENDANT ZAIGER LLC'S MOTION TO DISMISS – 1

CAUSE NO. 2:23-cv-01819

jurisdiction. None of the five claimants that filed demands for arbitration are Washington residents and any arbitration will be under the auspices of the AAA. So, the arbitrations (the "process" that has allegedly been "abused") do not touch this state. This Court need go no further.

**The Complaint Fails to State a Claim.**  The Complaint is also dismissible for failure to state a claim. Valve sues Zaiger for representing its clients in arbitrations (or potential future arbitrations) that have not been dismissed and are substantially similar to claims that already survived a motion to dismiss in this Court. The claims are not frivolous and Valve's legal theories underlying this lawsuit are wrong under black letter law.

**The Tortious Interference Claim Is Improper.**  Attorneys cannot tortiously interfere with their own clients' contracts. This is because a party cannot interfere with its own contract, and attorneys are agents for their clients. That alone ends the inquiry. Tortious interference also requires a breach of contract. But where is the breach? The Steam Subscriber Agreement ("**SSA**") says that Steam users cannot participate in "class, collective, or representative arbitration." To date, Zaiger has brought five individual arbitrations for five individual clients. That is exactly what the SSA requires. None of Valve's extracontractual arguments as to why the SSA was breached has merit.

**Valve Fails to State a Claim for Abuse of Process.**  Under settled Washington law, starting a legal proceeding, even assuming a malicious motive, is not an abuse of process. Abuse of process must come *after* a claim is filed. Valve challenges Zaiger's clients' demands for arbitration but fails to allege any subsequent tortious or improper conduct by Zaiger. That failure is dispositive.

*     *     *

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

Valve drafted a contract with its customers, the SSA, that mandates individual consumer arbitrations and bars class actions. This was a choice. When its customers sought to bring class claims against it in this Court, Valve moved to compel each customer to individual arbitration. That, too, was a choice. Valve now undoubtedly fears the consequences of those choices. Having been "[h]oist with its own petard,"[2] Valve now faces the prospect of trying (and losing) tens of thousands of individual claims one by one. Its attempt to intimidate opposing counsel by filing a harassing and retaliatory lawsuit is a transparent effort to impede its customers from enforcing their rights. Zaiger's clients have a right to bring their arbitrations, and Zaiger has a right to represent them free of Valve's intimidation tactics.

This case should be dismissed.

## STATEMENT OF FACTS

### A. Valve and Steam

"Valve operates Steam, an online service through which video game makers can sell and distribute their games" and "Steam users . . . can purchase, download, and play those games." ¶10. When individual users create a Steam account they must agree to the "Steam Subscriber Agreement." ¶11.

### B. The Relevant Provisions of the SSA

Three elements of Section 11 of the SSA are relevant to this motion:

- **Arbitration Clause.** "You [the user] and Valve agree to resolve all disputes and claims between us in individual binding arbitration." Compl. Ex. A §11(A). The arbitration is administered by the American Arbitration Association (AAA) and "may be conducted . . . in the county where [the user] lives or at another mutually agreed location." *Id.* §11(C).

---

[2]     *See Wallrich v. Samsung Elecs. Am., Inc.*, No. 22 C 5506, 2023 WL 5935024, at *13 (N.D. Ill. Sept. 12, 2023); *see also In Re Intuit Free File Litig.*, No. 19-cv-02546 (N.D. Cal. Dec. 17, 2020) (ECF No. 206), Transcript of Proceedings at 10 (Judge Breyer finding Intuit was being "hoisted by [its] own petard.").

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

- **Notice and Informal Resolution Period**. The SSA requires users and Valve "to make reasonable, good faith efforts to informally resolve any dispute before initiating arbitration." *Id.* §11(B). To that end, the party intending to commence arbitration "must first send the other a written notice that describes the nature and basis of the claim or dispute and sets forth the relief sought." *Id.* And if the user and Valve "do not reach an agreement to resolve that claim or dispute" within 30 days after the notice, either party may commence arbitration. *Id.*

- **Class Action Waiver**. The user and Valve also "agree not to bring or participate in a class or representative *action* . . . or class, collective, or representative *arbitration*. *Id.* §11(D). And in the mandatory arbitration, "the arbitrator may award relief only in favor of the individual party seeking relief and only to the extent of that party's individual claim." *Id.*[3]

## C.   The *Wolfire Games* Lawsuit

In 2021, video games studio Wolfire Games and seven individual plaintiffs sued Valve for antitrust violations under the Sherman Act and Washington's Consumer Protection Act in the Western District of Washington ("**Wolfire Games Lawsuit**"). The gist of the Wolfire Games Lawsuit is that Valve's Steam platform (among other things) imposed anti-competitive most-favored nations requirements on video game publishers in the PC gaming market which, in turn, resulted in customers overpaying. Kestle Decl. Ex. 1 at 1-2. Zaiger is not involved in the Wolfire Games Lawsuit. Zaiger Decl. ¶6.[4]

---

[3]   Valve, like many large companies, was undoubtedly seeking to insulate liability through click agreements incorporating class action waivers, a tactic endorsed by the Supreme Court's decisions in *AT&T Mobility LLC v. Conception*, 563 U.S. 333 (2011) and *American Express Co. v. Italian Colors Restaurant*, 570 U.S. 228 (2013).

[4]   The Court may properly consider the exhibits to the Complaint and the declarations in support of the MTD under Rule 12(b)(6). "On a motion to dismiss [under Rule 12(b)(6)], we may consider materials incorporated into the complaint or matters of public record. . . We have extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

And under Rule 12(b)(2), the Court "may consider evidence presented in affidavits and declarations in determining personal jurisdiction" *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

DEFENDANT ZAIGER LLC'S MOTION TO DISMISS – 4

CAUSE NO. 2:23-cv-01819

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

In October 2021, the Honorable John C. Coughenour granted Valve's motion to compel AAA arbitration of the individual consumer plaintiffs' claims based on Section 11 of the SSA. Kestle Decl. Ex. 1. At the same time, Judge Coughenour denied Valve's motion to stay the claims brought by Wolfire — on behalf of a putative class of game *publishers* — pending the consumer plaintiffs' arbitrations. *Id.*

In May 2022, Judge Coughenour denied Valve's motion to dismiss Wolfire's antitrust claims, recognizing that "[m]ost-favored nations restraints, such as those allegedly utilized by [Valve], are unlawful if used to further anticompetitive goals," and that Wolfire's claims were "sufficient to plausibly allege unlawful conduct." Kestle Decl., Ex. 2 at 6-7. The Wolfire Games Lawsuit is ongoing.

**D.      Zaiger Files Five Individual Arbitrations Under the SSA**

Zaiger advertised its services on social media and the internet to direct people to its website, www.steamclaims.com. ¶35. Zaiger's website asked prospective clients to input information so Zaiger could evaluate their potential antitrust claims against Valve. ¶¶39-40 & Ex. C. If a prospective client was eligible for antitrust arbitration against Valve, Zaiger sent an engagement letter to formalize the attorney-client relationship. ¶49. Through this process, Zaiger recruited over 50,000 clients who wished to pursue antitrust claims. ¶63.

On March 24, 2023, pursuant to Section 11.B of the SSA, Zaiger and co-counsel sent a letter notifying Valve that it represented clients who had claims against Valve like those previously asserted by the consumer plaintiffs in the Wolfire Games Lawsuit ("**Arbitration Notice**"). Ex. E. In the Arbitration Notice, Zaiger:

(1)      identified its roughly 50,000 clients;

DEFENDANT ZAIGER LLC'S MOTION TO DISMISS – 5
CAUSE NO. 2:23-cv-01819

(2)      invoked Section 11 of the SSA and placed Valve on notice of its clients' intent to arbitrate;

(3)      explained the basis for its clients' claims and, specifically, Valve's violation of the antitrust laws through its use of a Most Favored Nations clause;[5]

(4)      identified the relevant statute Valve breached (the Sherman Act);

(5)      identified the relief sought (money damages and an injunction prohibiting further anticompetitive conduct);

(6)      invited good faith negotiations to resolve the anticipated claims; and

(7)      advised that arbitration would be commenced in 30 days if the claims were not resolved.

Ex. E.

On September 1, 2023 (161 days after the Arbitration Notice), Zaiger filed separate Demands for Arbitration against Valve for five of his clients ("**Initial Cases**"). Zaiger Decl. ¶10 & Ex. 1. None of the five claimants are Washington residents. Zaiger Decl. ¶10.

On October 24, 2023, Valve filed identical answers and motions to dismiss the Initial Cases (in violation of AAA rules). Zaiger Decl. ¶11 & Exs. 2-3. Valve asserted that each of the five claimants breached the SSA by (1) failing to follow the SSA's pre-arbitration procedural requirements, and (2) pursuing a collective or representative action. *Id.* Valve requested dismissal of the demands and an award of its filing fees and attorney's fees. Zaiger Decl. Ex. 3 at 22-23. Valve's motions to dismiss have not been decided. Zaiger Decl. ¶12.

On March 24, 2023, pursuant to § 11.B of the SSA, Mr. Zaiger sent a letter notifying Valve that he represented clients who had claims against Valve like those asserted by the consumer plaintiffs in the Wolfire Games Lawsuit. Complaint, Exh. E. Mr. Zaiger notified Valve that he

---

[5]      The Arbitration Notice specifically pointed to the Wolfire Games Lawsuit, which eliminated any potential ambiguity about the nature of the clients' claims.

DEFENDANT ZAIGER LLC'S MOTION TO DISMISS – 6

CAUSE NO. 2:23-cv-01819

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

intended to arbitrate his clients' individual claims and that he was "prepared to engage in good faith discussions to try to resolve [his] clients' claims before [he] initiate[d] arbitration against [Valve]." *Id.*

**E.    Valve Files This Retaliatory Lawsuit**

While its motions are pending in the arbitrations, Valve simultaneously went on offense against its customers' attorney. Valve asserts two claims:

Tortious Interference with the SSA. Valve alleges that Zaiger intentionally induced its clients to breach the SSA by — on their behalf — not making a "good faith attempt at [1] informal dispute resolution and [2] individualized arbitration." ¶¶78, 80.

As to the former, Valve alleges that Zaiger sent the Arbitration Notice, which was followed by "a number of letters back and forth" between Zaiger and Valve. ¶¶63-64. Despite these letters, Valve alleges that Zaiger would not let its clients participate in informal dispute resolution. ¶51. Valve also complains that the legal ethics "no contact" rules prohibited it from circumventing Zaiger and contacting its clients directly to informally resolve their antitrust claims. ¶52.

As to the latter, Valve alleges that Zaiger's litigation strategy is to recruit tens of thousands of clients (which Zaiger did) and bring arbitrations on behalf of a subset of those clients (the Initial Cases). Zaiger would then use the results of the Initial Cases to negotiate a settlement for its remaining clients. ¶¶60-61, 65. Valve calls this strategy "extort[ion]." ¶74.

Abuse of Process. Valve alleges that Zaiger abused process by filing the Initial Cases to "force Valve to enter early and collective settlement negotiations that would financially benefit" Zaiger. ¶85. Valve alleges without explanation that these anticipated settlements "would be at the

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE ● SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 ● (206) 689-8501 FAX

1  expense of Zaiger's purported[6] clients" and would be an "improper use of the arbitration process."

2  *Id.* ¶86.

3  **F.  Zaiger's Lack of Contacts with the State of Washington**

4       Zaiger is a limited liability company organized and existing under the laws of New York.

5  Its principal place of business is in Connecticut. Zaiger Decl. ¶3. Jeffrey Zaiger is its sole owner

6  and member. *Id.* ¶2. Mr. Zaiger resides in New York and is an attorney licensed to practice in New

7  York, Connecticut, and Massachusetts. *Id.* Zaiger has one other partner, who is licensed to practice

8  in New York and Connecticut. *Id.* ¶5. Neither Mr. Zaiger nor his partner has ever stepped foot in

9  Washington. *Id.* Zaiger does not have offices, facilities, real property, employees, or agents for

10  service in Washington. *Id.* ¶3. None of claimants on whose behalf the Initial Cases were filed is a

11  citizen of Washington. *Id.* ¶10.

12       Zaiger ran internet advertisements through social media to recruit clients to pursue claims

13  against Valve for its antitrust violations committed in connection with its Steam PC gaming

14  platform. *Id.* ¶7. The advertisements did not target specific geographic areas in the United States.

15  *Id.* ¶8. Rather, the advertisements were designed and intended to reach Steam users subject to

16  Valve's arbitration provision with certain demographics (*e.g.*, age and hobbies) located in any of

17  the 50 states (and certain other countries). *Id.* The internet advertisements were the only

18  advertisements Zaiger ran related to Steam. *Id.* ¶9.

19       Zaiger is not involved in any litigation with Washington parties other than Valve and does

20  not otherwise transact business in Washington. *Id.* ¶13.

21

22

23     [6]    Valve does not allege that the attorney-client relationship between Zaiger and its clients is illegitimate. Valve simply uses the word "purported" as a pejorative.

DEFENDANT ZAIGER LLC'S MOTION TO DISMISS – 8
CAUSE NO. 2:23-cv-01819

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

### ARGUMENT

### I.    The Case Should Be Dismissed for Lack of Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) requires dismissal if the Court lacks personal jurisdiction over the defendant. "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). "To make this prima facia showing, a plaintiff can rely on the allegations in its complaint, to the extent that the moving party does not controvert those allegations." *Tatung Co. v. Shu Tze Hsu*, 43 F. Supp. 3d 1036, 1047-48 (C.D. Cal. 2014) (citing *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001)). If the defendant does adduce evidence controverting the allegations, however, the plaintiff must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Id.* (quoting *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986)).

Personal jurisdiction may be either general or specific. *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th Cir. 2018). General jurisdiction is "all-purpose jurisdiction." *Goodyear Dunlop Tires Op., S.A. v. Brown*, 564 U.S. 915, 919 (2011). Specific jurisdiction is "case-linked jurisdiction." *Id.* Here, the Court cannot exercise general or specific jurisdiction over Zaiger.

### A.    The Court Lacks General Personal Jurisdiction Over Zaiger

Valve concedes that Zaiger is a New York entity with a principal place of business in Connecticut. ¶3. It alleges no facts suggesting that Zaiger is "essentially at home" in Washington. *Daimler AG v. Bauman*, 571 U.S. 117, 138-39, n. 19 (2014) (other than in the "exceptional case," a company is ordinarily subject to general jurisdiction *only* where the company is incorporated or

DEFENDANT ZAIGER LLC'S MOTION TO DISMISS – 9
CAUSE NO. 2:23-cv-01819

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

1   has its principal place of business — *i.e.*, where it is "essentially at home"). Zaiger is therefore not

2   subject to general personal jurisdiction in Washington.

3   **B.   The Court Lacks Specific Personal Jurisdiction Over Zaiger**

4       Zaiger is a New York entity located in Connecticut. Its clients reside all over the country.

5   There is only one connection to Washington here: Valve's location. But that does not create

6   specific personal jurisdiction over Zaiger in Washington because "mere injury to a forum resident

7   is not a sufficient connection to the forum" for personal jurisdiction purposes. *Walden v. Fiore*,

8   271 U.S. 277, 290 (2014).

9       Specific personal jurisdiction permits a district court to exercise jurisdiction over a

10   nonresident defendant for conduct that "[c]reates a substantial connection with the forum State."

11   *Id.* at 284. The Ninth Circuit has identified "three requirements for a court to exercise jurisdiction

12   over a nonresident defendant." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068

13   (9th Cir. 2017). *First*, the defendant must have "purposefully direct[ed] [its] activities toward the

14   forum." *Id. Second*, "the claim must be one which arises out of or relates to the defendant's

15   forum-related activities." *Id. Third*, exercising personal jurisdiction over the defendant "must

16   comport with fair play and substantial justice, *i.e.*, it must be reasonable." *Id.* The plaintiff bears

17   the burden of establishing the first two prongs. *Id.*

18       A defendant purposefully directs its conduct toward a forum state when its actions are

19   intended to have an effect within the state. *See Schwarzenegger v. Fred Martin Motor Co.*, 374

20   F.3d 797, 803 (9th Cir. 2003). This occurs if the defendant: "(1) commit[s] an intentional act, (2)

21   expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be

22   suffered in the forum state." *Morrill v. Scott Financial Co.*, 873 F.3d 1136, 1142 (9th Cir. 2017).

23

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

Valve makes three jurisdictional allegations: (1) Zaiger's internet advertisements reached Washington residents; (2) Zaiger has clients in Washington; and (3) Valve is located here. ¶¶7-9. These allegations fail to meet any of the three jurisdictional requirements.

### 1.    *Internet Advertisements Do Not Confer Specific Personal Jurisdiction*

Valve alleges that "Zaiger used social media and internet advertisements to lure Steam users to their website. . . ." ¶38. But "[n]o court has ever held that an Internet advertisement alone is sufficient to subject the advertiser to jurisdiction in the plaintiff's home state." *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997). Instead, there needs to be "something more" to indicate that the defendant purposefully directed his activity in a substantial way to the forum state. *Id.*

"Something more" isn't present here. "Something more" is when, for example, a defendant used generic internet advertisements **and** ran radio and print advertisements in the plaintiff's home state. *See Rio Props., Inc. v. Rio Intern. Interlink¸* 284 F.3d 1007, 1020 (9th Cir. 2002); *see also Blue Nile, Inc. v. Ideal Diamond Solutions, Inc.¸* 2011 WL 830724, at *2 n.4 (W. D. Wash. Mar. 1, 2011) (collecting cases) ("something more" shown by dozens of sales to forum jurisdiction).

Valve alleges only that Zaiger advertised on social media and the internet to bring potential clients to Zaiger's website. Valve makes no specific, nonconclusory allegations about advertisements purposefully directed at Washington. And Zaiger's geographically agnostic advertisements are insufficient for specifical personal jurisdiction. *See, e.g., Cybersell*, 130 F.3d at 419 ("[W]hile there is no question that anyone, anywhere, could access that home page and thereby learn about the services offered, we cannot see how from that fact alone it can be inferred that [Florida company] deliberately directed its merchandising efforts toward Arizona residents.");

DEFENDANT ZAIGER LLC'S MOTION TO DISMISS – 11
CAUSE NO. 2:23-cv-01819

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

*Johnson v. Venzon,* 2012 WL 3778877, at *4 (W.D. Wash. Aug. 30, 2012) (granting motion to dismiss for lack of personal jurisdiction when "Plaintiff has plausibly alleged nothing more than that Defendants used their site to advertise widely. This is not enough."); *see also Blue Star Kitchen, Inc. v. Manuel*, 1:20-CV-3886-CAP, 2021 WL 3423243, at *4 (N.D. Ga. Apr. 29, 2021) (applying *Cybersell*; no specific personal jurisdiction based on social media advertising through Twitter and Instagram).

And even if there were "something more," specific personal jurisdiction would still be lacking because Zaiger's nationwide advertising is not jurisdictionally relevant. <u>Valve's claims do not arise out of Zaiger's advertising</u>. Specific personal jurisdiction requires a "claim. . . which arises out of or relates to the defendant's forum-related activities." *See Axiom Foods, Inc.*, 874 F.3d at 1068. Valve alleges (1) that Zaiger interfered with its clients' contracts by causing them to flout the SSA's arbitration clause and failing to negotiate in good faith; and (2) that Zaiger abused process by filing the five Initial Cases (from non-Washington claimants). In other words, the purported interference with contract and abuse of process came later, ***after*** Zaiger's advertisements and engagements. And none of it had anything to do with Washington.

### 2. *The Initial Cases Are Not on Behalf of Washington Claimants*

The claimants are not from Washington. Zaiger Decl. ¶10. And Valve does not allege any connection between the claimants, their claims, or Zaiger's representation, and the state of Washington.

### 3. *Zaiger's Washington Clients Do Not Confer Specific Personal Jurisdiction*

Zaiger does not dispute that it has clients in Washington. But those clients have not filed demands for arbitration against Valve and could not have breached the SSA. Zaiger Decl. ¶10.

DEFENDANT ZAIGER LLC'S MOTION TO DISMISS – 12

CAUSE NO. 2:23-cv-01819

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

1    Valve is effectively seeking an impermissible advisory opinion that these clients somehow will

2    breach the contractual limitations on arbitration in Section 11 of the SSA that underlie Plaintiff's

3    tortious interference claim. That issue would be for an arbitrator to decide. As to the abuse of

4    process claim, if no process has been commenced, it cannot have been abused. So neither of

5    Valve's claims relate to Washington residents.

6          In sum, other than Valve's location, the tort claims and associated alleged conduct have

7    nothing to do with Washington. There is no personal jurisdiction.

8    **II.**      **The Complaint Fails to State a Claim under Fed. Rule Civ. P. 12(b)(6)**

9          The Complaint's substantive allegations fare no better. "To survive a motion to dismiss for

10   failure to state a claim, the plaintiff must allege 'enough facts to state a claim to relief that is

11   plausible on its face.'"  *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008) (*quoting*

12   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570  (2007)). "Conclusory allegations of law and

13   unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."

14   *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

15        **A.**      **Valve Fails to State a Claim for Tortious Interference with the SSA**

16        To prevail on its tortious interference claim, Valve must plausibly allege facts supporting:

17   (1) the existence of a valid contractual relationship or business expectancy between Valve and

18   Zaiger's clients, (2) Zaiger's knowledge of the relationship, (3) intentional interference by Zaiger

19   that caused breach or termination of the contractual relationship or expectancy, (4) Zaiger

20   interfered for an improper purpose or used improper means, and (5) resultant damages. *Pleas v.*

21

22

23

DEFENDANT ZAIGER LLC'S MOTION TO DISMISS – 13

CAUSE NO. 2:23-cv-01819

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

*Seattle*, 112 Wn.2d 794, 800 (1989).[7] Valve's tortious interference claim faces three insurmountable hurdles.

### 1.   Attorneys Cannot Tortiously Interfere With Their Clients' Contracts

Valve's claim that Zaiger caused its clients to breach the SSA fails because attorneys, as agents for their clients, cannot tortiously interfere with their own clients' contracts. As the Washington Supreme Court explained, "[r]ecovery for tortious interference requires that the interferor be an intermeddling third party; a party to a contract cannot be held liable in tort for interference with that contract . . . ." *Houser v. Redmond*, 91 Wn.2d 36, 39 (1978). The court further held that an agent can only be an "intermeddling third party" when he or she acts outside the scope of his or her agency. *Id.* at 40. And attorneys are agents of their clients. *See Herman v. Safeco Ins.*, 104 Wn. App. 783, 788 n. 3 (2001) ("the relation of an attorney to his client is one of agency").

Together, these principles create the black letter rule that attorneys acting within the scope of their representation cannot tortiously interfere with their clients' contracts. *See, e.g.*, *Am. Fam. Mut. Ins. Co. v. Zavala*, 302 F. Supp. 2d 1108, 1121 (D. Ariz. 2003) ("A client, through his attorney, therefore, cannot tortiously interfere with a contract to which the client is a party."); *Zinni v. Jackson White, PC*, 565 F. App'x 613, 617 (9th Cir. 2014) (same); RESTATEMENT (THIRD) OF

---

[7] It is unclear why Washington law — and not New York or Connecticut law — would apply to this dispute because Washington (other than being Plaintiff's state of residence) bears no relationship to the facts alleged. *AT&T Corp. v. Walker*, No. C04-5709FDB, 2006 WL 2507137, at *1 (W.D. Wash. Aug. 29, 2006) (Washington applies the "'most significant relationship' test to determine what substantive law will be applied"). But Zaiger is a New York law firm with New York lawyers with offices in Connecticut, where it sent all communications referenced in the Complaint. In any event, as demonstrated in the footnotes below, the relevant substantive law — at least for the purposes of this motion — is the same in Washington, New York, and Connecticut. *See id.* ("A choice of law determination is made only if there is an actual conflict between the laws or interests of Washington and the laws or interests of another state."). Zaiger reserves all rights regarding the appropriate choice of law in the event this litigation proceeds (here or elsewhere).

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

THE LAW GOVERNING LAWYERS, §56 (2000) ("A lawyer who advises. . . a client to. . . break a contract. . . is not liable to a nonclient for interference with contract. . . ."). Valve does not allege any conduct by Zaiger exceeding the scope of its agency relationship with its clients. So there is no claim that Zaiger interfered with its clients' contracts.[8]

### 2. Valve Fails to Allege a Breach of the SSA

Tortious interference requires a breach. Valve alleges that Zaiger's clients "unwittingly" breached the SSA "by engaging in prohibited collective/representative arbitration." ¶66. Valve's argument is baseless.

Section 11 of the SSA requires Valve users to resolve all disputes with Valve in "individual binding *arbitration*." SSA §11A. To avoid any doubt, the SSA makes clear that this precludes Valve's users from participating in a "class or representative *action*, private attorney general *action*, whistle blower *action* or class, collective, or representative *arbitration*" against Valve. SSA §11D.

Valve fails to allege that any Zaiger client breached this provision. Rather, Valve concedes, as it must, that there have been five actions filed by Zaiger clients. ¶64. Valve further concedes that those five actions were filed by *five* Zaiger clients. It does not allege that any of those five

---

[8] The rule is the same in New York and Connecticut. *See, e.g.*, *Kim v. HFZ 11 Beach Street LLC*, 2021 WL 4846552, at *14 (N.Y.Sup. Oct. 11, 2021) ("No claim for tortious interference with a contract lies as against a party's attorney where there is no indication that the attorney acted outside the scope of his or her authority as the party's agent."); *Little Rest Twelve, Inc. v. Zajic*, 137 A.D.3d 540, 541 (N.Y. App. Div. 2016) ("Since the third-party complaint does not allege that third-party defendants, as plaintiff's attorneys, acted outside the scope of their authority as plaintiff's agents, it fails to state a cause of action for tortious interference with contract"); *Metcoff v. Lebovics*, No. X06 CV 05 5000521 S, 2008 WL 5481143, at *1–2 (Conn. Super. Nov. 26, 2008), *aff'd*, 123 Conn. App. 512 (Conn. App. 2010) ("[A]n agent acting legitimately within the scope of his authority cannot be held liable for interfering with or inducing his principal to breach a contract between his principal and a third party, because to hold him liable would be, in effect, to hold the corporation liable in tort for breaching its own contract…."); *Fine v. Town of Westport*, No. FSTCV126013284S, 2014 WL 2696770, at *3 (Conn. Super. May 12, 2014) ("a party to a contract cannot tortiously interfere with its own contract").

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

Zaiger clients purports to represent — or seek relief on behalf of — *anyone* other than him or herself. In other words, all of actions that have been filed by Zaiger clients have been individual arbitrations — *i.e.*, exactly what Section 11 requires. The analysis under Section 11 ends there.

Even so, Valve claims that Zaiger's clients "unwittingly" breached the SSA by pointing to things that have nothing to do with initiating a collective or representative action. Valve's arguments are meritless.

***Valve Fails to Allege a Breach of the Informal Resolution Provision.*** Valve alleges that Zaiger's clients breached the SSA because "Zaiger refused, over and over, to allow Valve and its Steam user clients to engage in the informal dispute resolution process called for by the SSA." ¶51. But there is no such "process" called for by the SSA. The SSA requires users and Valve "to make reasonable, good faith efforts to informally resolve any dispute before initiating arbitration." SSA §11(B). The SSA's designation of this step as "informal" belies Valve's allegation that there is any "process" that these discussions are required to follow, or form that they are required to take. Rather, the only requirement is that these discussions be undertaken in "good faith." Valve fails to allege anything in the Complaint that could create a reasonable inference that Zaiger's efforts to informally resolve its clients' disputes with Valve were undertaken in anything but good faith. To the contrary, each notice of dispute that Zaiger sent on behalf of its clients made clear that Zaiger's clients were "prepared to engage in good faith discussions" — and further attached a tolling agreement for the parties to enter into "in furtherance of those discussions." ¶63 & Ex. E. The Complaint does not (because it cannot) allege that Valve accepted Zaiger's offer to engage in good faith discussions or that Valve agreed to enter into the tolling agreement proposed by Zaiger. Valve drafted the SSA and could have included additional pre-arbitration requirements if it wanted

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

1  to (for instance, parties sometimes require pre-suit mediation as a condition precedent to litigation

2  or arbitration). It chose not to.

3   Further, Valve's argument would fail even if the SSA did specify a "process" for informal

4  dispute resolution (it does not). According to Valve, Zaiger prevented its clients from engaging in

5  the informal dispute resolution process by "mak[ing] sure Valve would not affirmatively reach out

6  [to Zaiger's] clients" after Zaiger noticed their claims. ¶53. But even Valve concedes (as it must)

7  that it was prohibited from communicating with Zaiger's clients after Valve received notice of

8  their claims from Zaiger. *See* ¶53 (alleging that "Valve needed no reminding of its ethical duties"

9  not to contact Zaiger's clients). Valve's argument, therefore, is that Zaiger's clients breached the

10 SSA's informal dispute resolution provision s*imply by hiring counsel to represent them* in their

11 claims against Valve. This stunning argument is devoid of merit on its face.

12  Valve may be displeased that Zaiger represents so many of its users bringing antitrust

13 claims. Or that Valve was unable to settle with some or all of those users through Zaiger. But no

14 client is required to settle. And suing Zaiger for allegedly inducing his clients not to negotiate in

15 good faith — even though they followed the SSA's pre-arbitration conditions[9] — approaches the

16 absurd, if not frivolous. Such a theory, if viable, would open the doors to infinite retaliatory

17 lawsuits against the plaintiff's bar.

18  ***Zaiger's Clients Did Not Bring "Class, Collective, or Representative" Arbitration***. By

19 alleging that Zaiger filed five cases for five clients, Valve acknowledges that Zaiger did not bring

20 "class, collective, or representative" arbitration. ¶64. Yet Valve still alleges that Zaiger's clients

21

22

---

[9] Valve does not allege that Zaiger's clients failed to follow any other pre-arbitration requirements of Section 11.B of the SSA. Zaiger's five clients filed arbitrations well after the 30-day notice period. In fact, Valve does not even allege that it responded to the Arbitration Notice within 30 days (it did not).

23

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

are involved in "representative" arbitrations because "Zaiger intends to use these five arbitrations to attempt to drive settlement discussions with Valve for all of Zaiger's clients." ¶65. This theory is baseless.

"[C]lass, collective, or representative" litigation or arbitration has been around for a long time and everybody understands what it means: a case filed by one plaintiff or a handful of plaintiffs on behalf of a large group of similarly situated people than can share in the relief awarded. The next sentence of §11.D of the SSA confirms this: "the arbitrator may award relief only in favor of the individual party seeking relief and only to the extent of that party's individual claim." So, Valve's SSA tells us precisely what "class, collective, or representative" arbitration means: one claimant seeking relief from an arbitrator not only for himself, but for other people, too. Valve has not alleged that the five Zaiger clients in the Initial Cases are seeking relief for anyone else, nor could it. One need only see the caption to understand that these are individual cases. Zaiger Decl. Ex. 1.

What effect the outcome of these cases might have to "drive settlement discussions" (¶¶61, 65) for other future cases is irrelevant. It is not unusual for a victory in one case to inform the settlement posture of future similar (or identical) cases. Ordinary settlement incentives cannot somehow transform the Initial Cases, brought on behalf of individuals seeking individual relief, into class arbitrations. When Valve made a business decision to prevent class litigations or

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

arbitrations, it invited this strategy.[10]   If Valve makes another business decision to settle other

potential claims that Zaiger's clients may pursue in AAA arbitration, that is Valve's prerogative.

### 3.   *Valve Does Not Allege an Improper Purpose or Improper Means*

Valve fails to allege that Zaiger acted with an improper purpose or used improper means. Being a clever plaintiffs' lawyer is not tortious. Valve intended to stack the deck in its own favor, making it economically infeasible for consumers to pursue complicated commercial claims (like the antitrust claims asserted in the Initial Cases). And Zaiger developed a strategy to assert individual claims against Valve for tens of thousands of clients, despite Valve's best efforts to prevent that outcome through its clickwrap agreement. This lawsuit is sour grapes.

"Interference is for an improper purpose if it is wrongful by some measure beyond the interference itself, such as a statute, regulation, recognized rule of common law, or an established standard of trade or profession." *Bombardier Inc. v. Mitsubishi Aircraft Corp.*, 383 F. Supp. 3d 1169, 1188-89 (W.D. Wash. 2019).  Valve does not allege an improper purpose. Creative legal strategy is not a tort, and no court has ever held otherwise. *See Leingang v. Pierce Cnty. Med. Bureau, Inc.*, 131 Wash. 2d 133, 157 (1997) ("Exercising in good faith one's legal interest is not improper interference.").  To the contrary, mass arbitrations have repeatedly been found appropriate, and courts require companies to live up to the implications of individual arbitrations their contracts demand. *See* Point II(B)(2), below.

---

[10]    Courts have held parties that have "preclud[ed] class, collective or representative claims in [their] arbitration agreement with its consumers" to the strategic implications of that "business decision" in nearly identical mass arbitration strategies.  *See, e.g.*, *Uber Tech., Inx. v. American Arb. Assn., Inc.*, 204 A.D.3d 506, 510 (N.Y. App. Div. 2022).  In *Uber*, a New York appellate court rejected Uber's attempt to "avoid paying the arbitration fees associated with 31,000 nearly identical cases," because the "fees are directly attributable to that [business] decision."

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE ● SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 ● (206) 689-8501 FAX

Nor is Zaiger's interest in maximizing recoveries for its clients (and fees for itself), ¶47, improper. *Birkenwald Distrib. Co. v. Heublein, Inc.* 55 Wn. App. 1, 12 (1989) ("asserting one's rights to maximize economic interest does not create an inference of ill will or improper purpose)" If plaintiffs' attorneys could be sued for pursuing profitable case strategies on behalf of their clients, the legal profession (and the ability of claimants to pursue their legitimate rights) would be radically transformed.

### B. Zaiger Has Not Abused Any Process

To state a claim for abuse of process, Valve must plausibly allege facts supporting "(1) an ulterior purpose to accomplish an object not within the proper scope of process, (2) an act not proper in the regular prosecution of proceedings, and (3) harm proximately caused by the abuse of process." *Bellevue Farm Owners Ass'n v. Stevens*, 198 Wn. App. 464, 473 (2017), review denied, 189 Wn.2d 1038 (2017). Valve fails to plausibly allege facts supporting each element.

### 1. Valve Fails to Allege Improper Process, Because Process Alone Is Not an Abuse of Process.

Zaiger begins with the second element of abuse of process because a threshold issue predominates: Valve mixes up its torts. What Valve wants to allege is that Zaiger filed meritless claims for an ulterior purpose. In other words, a malicious prosecution claim. But Valve cannot allege that because malicious prosecution requires a termination of the arbitrations in Valve's favor. *See Clark v. Baines,* 150 Wash.2d 905, 911 (2004).[11] The arbitrations have not concluded, so Valve cannot allege that element.

---

[11] *See Sipsas v. Vaz*, 50 A.D.3d 878, 878–79 (N.Y. App. Div. 2008) (dismissing complaint for malicious prosecution because "prior action was not terminated in the plaintiff's favor"). In Connecticut, a "malicious prosecution" claim based on a prior civil, rather than criminal, case is called claim for "vexatious litigation." That claim also requires that the "vexatious litigation has terminated in its favor." *Bissonnette v. Highland Park Mkt., Inc.*, No. CV106014088S, 2011 WL 1366866, at *1 (Conn. Super. Mar. 16, 2011).

DEFENDANT ZAIGER LLC'S MOTION TO DISMISS – 20

CAUSE NO. 2:23-cv-01819

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

Instead, Valve turns to the next closest tort: abuse of process. But this claim fails for the very simple reason that the only process Valve alleges is the commencement of the Initial Cases. That fundamentally misunderstands the tort of abuse of process. Abuse of process relates to improper litigation conduct *after* starting an action. As the Washington Supreme Court explains, "[t]he mere institution of a legal proceeding even with a malicious motive does not constitute an abuse of process. Thus, there must be an act *after* filing suit using legal process empowered by that suit to accomplish an end not within the purview of the suit." *Sea-Pac Co. v. United Food & Com. Workers Local Union 44*, 103 Wn.2d 800, 806-807 (1985).[12] Valve's abuse of process claim fails because the only process it alleges is the filing of the Initial Cases. Even if those were motivated by an improper purpose, they could not support an abuse of process claim.

### 2. Valve Fails to Allege Ulterior Purpose or an Object Outside the Scope of AAA Arbitrations.

The gist of Valve's ulterior purpose allegations is that Zaiger's alleged actions were designed to "financially benefit [Zaiger]." ¶85. Valve invokes RPC 1.7 and says Zaiger's arbitration strategy is unethical because it poses a significant risk that representation will be materially limited "by a personal interest of the lawyer."

This is where Valve's allegations extend past implausible and border on offensive. Other than pro bono counsel, every lawyer has a financial interest in cases they litigate. That's how lawyers earn a living. But RPC 1.7 does not apply to the hourly rates a lawyer charges or a potential

---

[12] Again, New York and Connecticut law are in accord. *See Ronaldson v. Countryside Manor Condo. Bd. of Managers*, 189 A.D.2d 808, 809 (N.Y. App. Div. 1993) ("The commencement of a legal action has never been held to constitute abuse of process. The process must be improperly used *after it has been issued*."); *Landa v. Brown Chiari, LLP*, 219 A.D.3d 1507, 1508 (N.Y. App. Div. 2023) ("Here, the plaintiff's cause of action for abuse of process is insufficient to state a cause of action because the plaintiff failed to allege that the defendant improperly used process *after* it was issued."); *Passaro-Henry v. Allstate Ins. Co*., No. 3:10-CV-450 JCH, 2010 WL 5174405, at *3–4 (D. Conn. Dec. 15, 2010) ("The requirement of *post-issuance misconduct* is essential to the distinction between abuse of process and vexatious litigation . . . .").

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

1   contingent fee. If it did, every private practice lawyer would commit ethics violations in every case

2   he or she litigates.

3           Valve also fails to allege an object outside the scope of the AAA arbitrations. Valve alleges

4   that Zaiger's "purpose in bringing the arbitration claims. . . was to force Valve to enter into early

5   and collective settlement negotiations. . . ." ¶85. In other words, plaintiffs' lawyers doing their job

6   by securing settlements for their clients without protracted litigation. That's an ***optimal outcome***

7   for Zaiger's clients, not an abuse of process. *See Hawkins v. King Cnty., Dep't of Rehab. Servs.,*

8   *Div. of Involuntary Treatment Servs.*, 24 Wash. App. 338, 341 (1979) (observing that lawyers are

9   ethically bound to advocate zealously [for] his client's interests).

10          Valve focuses heavily on a slide deck filed by a former Zaiger employee in a pending

11  employment dispute that outlines Zaiger's mass arbitration strategy and potential profitability.

12  ¶¶26-35. What Valve does not do, however, is identify any part of the legal strategy Zaiger

13  employed that is illegal or improper.

14          Valve is really complaining about mass arbitration as a general legal strategy, and not

15  conduct specific to Zaiger. But Valve created the procedural mechanism Zaiger and its clients now

16  use against it. To the dismay of defendant corporations, every court that has considered mass

17  arbitration strategies has found them appropriate. *See, e.g.*, *Wallrich v. Samsung Elecs. Am., Inc.*,

18  No. 22 C 5506, 2023 WL 5935024, at *13 (N.D. Ill. Sept. 12, 2023) (granting motion to compel

19  about 50,000 arbitrations and ordering Samsung to pay millions in AAA filing fees; "Samsung

20  was surely thinking about money when it wrote its Terms & Conditions" and "the company may

21  not have expected so many would seek arbitration against it," but "[a]las, Samsung was hoist with

22  its own petard"); *Abernathy v. Doordash, Inc.*, 438 F. Supp. 3d 1062, 1068 (N.D. Cal. 2020)

23  (describing company's refusal to pay fees associated with 5,879 arbitration claims associated with

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

its own-drafted arbitration clause as "hypocrisy" and "irony upon irony"); *Uber Tech*, 204 A.D.3d at 510 (requiring Uber to pay AAA filing fees for mass arbitrations of 31,000 claims because Uber made a business decision to require individual arbitration). What Zaiger is alleged to have done here is no different from the strategies employed in those cases. It is not wrongful because it may be effective.

### 3. Valve Fails to Allege Harm

Valve also fails to allege harm. All Valve alleges is (1) five arbitrations have been commenced against it; and (2) it may have to negotiate settlements. ¶¶84-85. Valve does not allege that any arbitration awards have been entered against it (or how that would be harmful). Valve also does not allege that it has settled any of the claims asserted by Zaiger's clients. So, all it alleges is non-actionable hypothetical future events.

## **CONCLUSION**

The Court lacks personal jurisdiction over Zaiger LLC and Valve has failed to state a claim against Zaiger LLC upon which relief may be granted. The case should be dismissed.

Dated this 4th day of December, 2023.

FORSBERG & UMLAUF, P.S.

By: _____
      Jeffrey T. Kestle, WSBA #29648
      Email:    jkestle@foum.law

**TUTTLE YICK LLP**
Gregory O. Tuttle
*(pro hac vice application anticipated)*
Alex Banzhaf
*(pro hac vice application anticipated)*
352 Seventh Avenue, 14th Floor
New York, New York 10001
(646) 833-0300
*Attorneys for Defendant Zaiger LLC*

DEFENDANT ZAIGER LLC'S MOTION TO DISMISS – 23

CAUSE NO. 2:23-cv-01819

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION, | No. 2:23-cv-01819-JHC |
| Plaintiff, | [PROPOSED] ORDER GRANTING DEFENDANT ZAIGER LLC'S MOTION TO DISMISS |
| vs. | |
| ZAIGER, LLC, and JOHN DOE CORPORATION, | |
| Defendants. | |

This matter came before the Court for consideration on December 29, 2023, on Defendant Zaiger LLC's Motion to Dismiss. The Court reviewed the records and files herein, including:

1.     Defendant Zaiger LLC's Motion to Dismiss.

2.     Declaration of Jeffrey T. Kestle in Support of Defendant Zaiger LLC's Motion to Dismiss, with exhibits.

3.     Declaration of Jeffrey H. Zaiger in Support of Defendant Zaiger LLC's Motion to Dismiss, with exhibits.

4.     _____; and

5.     _____.

Based on the above, the Court ORDERS as follows:

[PROPOSED] ORDER GRANTING DEFENDANT ZAIGER LLC'S MOTION TO DISMISS – 1
CAUSE NO. 2:23-cv-01819

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4856-9472-4501, v. 1

1    Defendant Zaiger LLC's Motion to Dismiss is hereby GRANTED. Plaintiff's claims

2  against Zaiger LLC are dismissed in their entirety, with prejudice.

3    DONE this _____ day of _____, 2022.

4

5                                  _____
                                   Honorable John H. Chun

6

7  **Presented by:**

   FORSBERG & UMLAUF, P.S.

8

9

10 _____
   Jeffrey T. Kestle, WSBA #29648
   Attorneys for Defendant Zaiger LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

[PROPOSED] ORDER GRANTING DEFENDANT ZAIGER LLC'S MOTION TO
DISMISS – 2
CAUSE NO. 2:23-cv-01819

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4856-9472-4501, v. 1