1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE VALVE ANTITRUST LITIGATION

Case No. No. 2:21-cv-00563-JNW

**DECLARATION OF SCOTT LYNCH IN
SUPPORT OF VALVE
CORPORATION'S MOTION TO SEAL
SUMMARY JUDGMENT FILINGS**

I, Scott Lynch, declare and state as follows in support of Valve Corporation's Motion to Seal Summary Judgment Filings, which seeks to seal certain documents and information contained in Valve's Motion for Summary Judgment (Dkt. 453) ("MSJ") and associated declaration and exhibits, Valve's Motion to Exclude Testimony of Steven Schwartz ("Schwartz *Daubert*") (Dkt. 449) and associated declaration and exhibits, and Valve's Motion to Exclude Testimony of Joost Rietveld ("Rietveld *Daubert*") (Dkt. 451) and associated declaration and exhibits. I've been the Chief Operating Officer of Valve since January 2000, and also serve as a Director on Valve Corporation's Board of Directors. I am over the age of 18, competent to testify and have personal knowledge of the facts stated below.

1.      More information about my background and experience is in my sealed declaration—the Declaration of Scott Lynch in Support of Valve Corporation's Motion to Seal Plaintiffs' Motion for Class Certification and Supporting Exhibits (Dkt. 226) ("Sealed Lynch Decl.")—at Paragraphs 2–4.

DECLARATION OF SCOTT LYNCH IN SUPPORT OF VALVE'S
MOTION TO SEAL – CASE NO. 2:21-cv-00563-JNW - 1

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

2.      My sealed declaration was filed under seal because it contained a large amount of confidential information that could be damaging to Valve and others if revealed. This declaration is being filed publicly, so I refer below to my sealed declaration when needed to show the potential harm to Valve and third parties that could arise from disclosure of the information Valve seeks to seal.

3.      As explained in my sealed declaration, Valve is very transparent with certain data related to Steam and makes that information publicly available. *See* Sealed Lynch Decl. ¶¶ 8–18. However, Valve also has a large amount of sensitive, proprietary and confidential information about its business and about third parties that it zealously protects, does not publicly disclose, and that is not publicly known. Such information is discussed throughout my sealed declaration; Paragraphs 24 and 46 contain high-level lists of the types of such information, and Paragraphs 49-54, 60–70, 73–102, and 105–120 provide extensive detail about specific types of documents and data.

4.      The information Valve seeks to seal in its current Motion to Seal falls into these general categories: (1) Valve financial information and accounting practices; (2) third-party financial information; (3) third-party proprietary business information, including information that implicates or reveals third parties' business, pricing or marketing strategies or third parties' use of Steam Keys; (4) Steam Distribution Agreements ("SDAs") between Valve and Steam Partners[1] and communications about them; (5) revenue sharing between Valve and Steam Partners and revenue share rates, as well as information about Valve's changes to revenue share rates; (6) Valve confidential internal strategy, analysis and information, including information regarding matters not alleged to be anti-competitive, the data Valve collects and how Valve keeps it, and analysis of competitors and competition; (7) personally identifiable information ("PII"); (8) data purchased from third-party data vendors solely for use in this litigation; and (9) calculations of alleged market

---

[1] I use the phrase "Steam Partner" herein as shorthand to refer to an entity that has entered into a Steam Distribution Agreement to distribute games on Steam. Steam Partners are typically video game publishers or developers.

DECLARATION OF SCOTT LYNCH IN SUPPORT OF VALVE'S
MOTION TO SEAL – CASE NO. 2:21-cv-00563-JNW - 2

share and market size. I understand the information Valve seeks to seal is referred to in its Motion to Seal as the "Sealed Documents" so I will use that term in this Declaration to refer to the same material.[2]

5.      Valve takes immense care to shield Valve's and third parties' confidential information from public disclosure, including the information in the Sealed Documents. The extensive steps Valve takes to protect this confidential information are described in detail in my sealed declaration. *See* Sealed Lynch Decl. ¶¶ 20–28, 33 (Valve's business and financial information), ¶¶ 29–32 (information about or from third parties).

6.      Public disclosure of the information in the Sealed Documents would result in significant competitive and economic harm to Valve and third parties, including Steam Partners and Steam users, as described in my sealed declaration. Among other things:

- The competitive harm from release of Valve's financial information is established in Paragraphs 34–37 of my sealed declaration;

- Paragraphs 38-43 show the competitive harm to Valve and third parties from release of third parties' financial information;

- My sealed declaration explains how public information about Steam could be combined with confidential Valve or third-party information in the Sealed Documents to reverse engineer additional confidential Valve or Steam Partner information, including current financials (*id.* ¶¶ 35–36);

- The competitive harm to Valve and Steam Partners from release of SDAs and communications about them is established in Paragraphs 57–58 of my sealed declaration;

- Valve and Steam Partners would both suffer competitive harm from the release of documents disclosing third-party proprietary business information like that in the

---

[2]    I also use the term "references" when discussing individual confidential passages or information within the Sealed Documents.

DECLARATION OF SCOTT LYNCH IN SUPPORT OF VALVE'S
MOTION TO SEAL – CASE NO. 2:21-cv-00563-JNW - 3

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Sealed Documents, as shown in Paragraph 71 of my sealed declaration and in specific examples in Paragraphs 73–102;

- Paragraph 103 discusses the competitive harm generally to Valve and Steam Partners from disclosure of internal Valve documents regarding business strategy and Steam-related issues, while Paragraphs 105–120 provide specific examples of harm from release of various types of internal Valve information;

- Harm to Valve employees, third parties, and Steam users from disclosure of PII like that in the Sealed Documents is also shown in my sealed declaration. *Id.* ¶ 121.

7.      In addition to the information from my sealed declaration, below I demonstrate how the release of the Sealed Documents would cause competitive and economic harm to Valve, Steam Partners or others.

**<u>Valve Financial Information</u>**

8.      I understand that Valve seeks to seal portions of documents that contain a high volume of detailed, highly confidential information regarding Steam sales, transactions, revenues, and revenue share, as well as internal Valve accounting, financial, cost and profit information that is not publicly known or disclosed by Valve in the ordinary course of business. For example, Attachment D-1 to the January 27, 2025 Expert Report of Steven Schwartz is titled "Steam P&Ls as produced by Valve, 2003-2021" and contains extensive highly confidential financial information in financial statement form covering nearly 20 years. Other portions of the Sealed Documents disclose Valve financial information in charts (e.g., Steam revenues over time) or narrative form. These disclosures are extensive, widespread, and would be extremely damaging to Valve's competitive position if made public.

9.      Valve is a privately held company with no outside shareholders or lenders. It is not subject to SEC or other public regulatory requirements that would require Valve to publicly disclose its financial data. As described in paragraphs 19–28 of my sealed declaration, Valve takes substantial efforts to protect and keep its financial information confidential. Valve derives

DECLARATION OF SCOTT LYNCH IN SUPPORT OF VALVE'S
MOTION TO SEAL – CASE NO. 2:21-cv-00563-JNW - 4

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

significant value from the confidentiality of its financial information. In particular, disclosure of Valve past or present financial information at any level could harm Valve (and potentially third parties that Valve does business with) in various ways, including competitively. I described those competitive harms in paragraphs 34–37 of my sealed declaration. Essentially, disclosure of the extensive financial data in the Sealed Documents would lay bare Valve's finances for all competitors to see and use against Valve to gain an unfair competitive advantage in all aspects of business, including setting prices, negotiating contracts, competing for customers, and making strategic investments.

10.     I understand the Court previously found compelling reasons to seal identical or similar Valve financial information in the Court's prior sealing orders. *See* Dkts. 236 & 246; *see also, e.g.*, Dkt. 237[3] at 12 (sealing Steam cost and profit information); Dkt. 237-1 at 11 (sealing Steam revenues), 18-19 (sealing historical Valve margin information), 66 (sealing revenue share projections), 69-70 (sealing historical and current Valve revenue information), 90 (sealing current revenue and historical Steam profit information), 115 (sealing Steam revenue information); *see also* Dkts. 336 & 361 (granting Valve's motion to seal, *inter alia*, Valve financial information). The same reasons warrant sealing of Valve financial information in the Sealed Documents.

11.     Accordingly, Valve seeks to seal the documents and references that contain such information, which I understand are identified in Valve's Motion to Seal.

12.     In addition, Valve seeks to seal a subset of its financial information that would disclose Valve's accounting and financial record-keeping practices. Valve is a privately held company and does not prepare financial reporting on a regular cadence in the ordinary course of business. Rather, Valve prepares financial reporting from time to time on an ad hoc basis for a specific purpose. Portions of the Sealed Documents, particularly the Expert Reports of Steven Schwartz and the Expert Report of Hal Schroeder, go into great detail in discussing Valve's accounting practices and financial record-keeping, in a way that would reveal substantial inside

---

[3]     All page references for Dkt. 237 and Dkt. 237-1 are to the ECF page number.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

information to Valve's competitors and the public about how Valve runs its business and its financial condition. Such disclosures would cause the competitive harm shown above from release of financial information, as well as additional competitive harm by disclosing other aspects of Valve's financial strategy and accounting, e.g., particular financial metrics Valve chooses to track or the manner in which it tracks them would give competitors valuable insight into areas of strategic focus for Valve. In addition, disclosure of Valve's accounting and financial record-keeping practices would also substantially increase the risk of a cyber-attack against Valve's systems or facilitate other malicious activity, such as phishing or social engineering.

13.    I understand that, consistent with the Court's prior guidance, where possible Valve seeks sealing and redaction of only specific numbers and percentages necessary to preserve confidentiality of this information.

14.    The same reasons that the Court previously found to seal Valve's financial information apply equally here to disclosures of Valve's accounting and financial record-keeping practices in the Sealed Documents.

**Third-Party Financial Information**

15.    I understand that Valve seeks to seal portions of documents that contain confidential and proprietary third-party financial information. This includes (i) information regarding third parties who distribute their games on Steam, including sales information and revenue share payments; and (ii) information produced by third parties in response to discovery regarding their finances, sales, operations, and internal strategy.

16.    Valve has various types of financial information related to Steam Partners, including information related to Steam Partners' sales and revenue share. *See also* Sealed Lynch Decl. ¶¶ 24, 29. As described in my sealed declaration and above, Valve takes numerous steps to safeguard this information. *See, e.g., id.* at ¶¶ 21–29.

17.    Paragraphs 38-43 of my sealed declaration establish the competitive harm to Valve and third parties from release of third parties' financial information, which among other things

DECLARATION OF SCOTT LYNCH IN SUPPORT OF VALVE'S
MOTION TO SEAL – CASE NO. 2:21-cv-00563-JNW - 6

would injure business relationships between Valve and Steam Partners and negatively impact Steam Partners whose confidential information was revealed by giving an unfair competitive advantage to their competitors.

18.    I understand that the Court previously found compelling reasons to seal similar information. *See* Dkt. 236 at 3 (finding compelling reasons to seal information that "implicate[s] a third party's business practices"); Dkt. 237 at 22 (sealing information about third party's Steam revenues); Dkt. 223 (sealing information produced by third parties Microsoft and Epic); Dkt. 258 (sealing third party's revenues, pricing, and financial trends); Dkt. 259 (sealing information produced by third party Best Buy); *see also* Dkts. 336 & 361 (granting Valve's motions to seal, inter alia, third-party financial information). The same reasons warrant sealing of third-party financial information in the Sealed Documents.

19.    I understand that, consistent with the Court's prior guidance, where possible Valve seeks sealing and redaction of only specific numbers and percentages and third-party identifying information (e.g., company and game names) necessary to anonymize such information.

**Third-Party Proprietary Business Information**

20.    I understand that Valve seeks to seal portions of documents that contain third-party proprietary business information, including information that implicates or reveals third parties' business, pricing or marketing strategies, as well as third parties' use of Steam Keys to distribute and sell their games outside Steam. I understand the Court previously found compelling reasons to seal information that "implicate[s] a third party's business practices" (Dkt. 236 at 3), which references in the Sealed Documents to third-party proprietary business information certainly do.

21.    Public disclosure of this information would cause economic and competitive harm to Valve's Partners and Valve in multiple ways, including by providing competitors of the impacted Steam Partners with unfair insights into their business operations and strategies, which also undermines Valve's existing business relationship with the impacted Steam Partners. Disclosure of any particular Steam Partner's Steam Key activation information would not only

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

disclose that Steam Partner's business strategy, it would also potentially allow calculation of revenue share rates and Valve's payments to third parties when combined with other publicly available information. Many of the same harms to Valve and Steam Partners described in my sealed declaration at paragraphs 38–43, 71, and 73–102 (specific examples) would also occur from release of third-party proprietary business information of the sort in the Sealed Documents.

22.    I understand the Court previously protected the confidentiality of similar third-party information by sealing and redacting certain identifying information (primarily names of third parties and names of games) to anonymize information that would otherwise disclose confidential third-party business practices. Consistent with that approach, I understand that Valve proposes where possible to seal and redact only identifying information necessary to anonymize the third party and protect its confidentiality.

## **Steam Partner Contracts and Related Communications**

23.    I understand that Valve seeks to seal certain SDAs with Steam Partners and communications about them. The SDAs that Valve seeks to seal here disclose specific business terms of Valve's relationship with third parties, including financial terms and other terms for distribution of the third parties' apps on Steam like those described in my sealed declaration. *See* Sealed Lynch Decl. ¶ 55. In addition, the SDAs in the Sealed Documents include confidentiality provisions that require the parties to keep the SDAs and their terms confidential, as well as business information exchanged between them regarding distribution on Steam. *See also* Sealed Lynch Decl. ¶¶ 30-31.

24.    Releasing the SDAs and communications about them in the Sealed Documents could cause significant competitive harm to both parties. For example, Steam Partners would be harmed from disclosure of the business terms they agreed to for distribution of their apps, giving their competitors unfair insight into its business operations and strategies and weakening their ability to negotiate future contracts with others who would know the terms on which the Steam Partner agreed to do business with Valve. Release could also compromise Valve's ability to

DECLARATION OF SCOTT LYNCH IN SUPPORT OF VALVE'S
MOTION TO SEAL – CASE NO. 2:21-cv-00563-JNW - 8

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

negotiate future contracts and disrupt its relationships with Steam Partners who relied on the confidentiality of the terms on which they agreed to do business with Valve. These and other harms from release are described more fully in my sealed declaration. *See* Sealed Lynch Decl. ¶¶ 57–58.

25.     I understand that, consistent with the Court's prior guidance, where possible Valve seeks sealing and redaction of only specific numbers and percentages necessary to preserve confidentiality of this information.

26.     The Court previously found compelling reasons to seal SDAs and communications about them. *See* Dkt. 236 at 3; Dkt. 237 at 11 n. 4 & 31 (sealing third party SDA terms) and 14 (sealing negotiations with third-party regarding SDA term); Dkt. 237-1 at 58 (sealing SDA financial terms); *see also* Dkts. 336 & 361 (granting Valve's motions to seal, inter alia, SDAs and communications about them). The same reasons warrant sealing of SDAs and communications about them in the Sealed Documents.

**Steam Revenue Share Information**

27.     I understand that Valve seeks to seal portions of documents that contain confidential information regarding revenue share rates and splits between Valve and Steam Partners, including Plaintiffs' expert's calculations of Steam Partners' current and but-for effective revenue share rates (which Plaintiffs' expert incorrectly calls "commissions") and other revenue share rate and payment information derived from Valve's confidential financial data and Steam Partners' confidential financial data. I understand that the Court previously found compelling reasons to seal the same calculations by Plaintiffs' expert of effective revenue share rates. *See* Dkt. # 236 at 3; Dkt. # 237-1 at 32; Dkt. # 246 at 1; *see also* Dkts. 336 & 361 (granting Valve's motion to seal, *inter alia*, Steam Revenue Share Information). In addition, Plaintiffs' expert's calculations of current and but-for effective revenue share rates are based on Valve's highly confidential financial information, which I understand the Court also already found compelling reasons to seal. *See, e.g.*, Dkt. # 237-1 at 11, 18, 69.

DECLARATION OF SCOTT LYNCH IN SUPPORT OF VALVE'S
MOTION TO SEAL – CASE NO. 2:21-cv-00563-JNW - 9

28.     Revenue share rates and other revenue share information in the Sealed Documents should be sealed because disclosure would cause significant competitive harm to Valve. For example, revenue share rates and payments could be used to quickly calculate Steam Partners' total sales (which is highly confidential third-party information, as described above) or total Steam sales. Revenue share rates, payments, or similar information could be combined with publicly available information to similarly calculate total sales for Valve or third parties, revealing highly confidential information. In addition, differences between Plaintiffs' expert's calculations of "effective commission" and contractual revenue share rates in Steam Partners' SDAs will create confusion and raise questions by Steam Partners about revenue share, likely damaging Valve's relationships with Steam Partners. These impacts are similar to those I describe in my sealed declaration at paragraphs 60–70 from release of SDA terms. I also give examples in my sealed declaration of other types of harm from release of revenue share information that apply equally here. *See, e.g.*, Sealed Lynch Decl. ¶ 50 (harm to ability to negotiate future contracts), ¶ 51 (example of harm from disclosure of particular revenue share rate).

29.     I understand that Valve also seeks to seal information relating to Steam revenue share changes and Valve's reasoning behind said changes. Like the other revenue share information discussed above, information about changes to Valve's revenue share and its consideration of those changes is kept strictly confidential within the company and would cause competitive harm to Valve if released. Disclosure would cause the harms described above from disclosure of other revenue share information, as well as the types of harm described in my sealed declaration that are specific to disclosure of information about potential revenue share changes. *See* Sealed Lynch Decl. ¶ 54 (establishing harm from disclosure of information regarding 2018 revenue share tier changes), ¶ 96 (establishing harm from disclosure of partner revenue share discussions), ¶ 116 (establishing harm from disclosure of communications detailing consideration of revenue share change).

DECLARATION OF SCOTT LYNCH IN SUPPORT OF VALVE'S
MOTION TO SEAL – CASE NO. 2:21-cv-00563-JNW - 10

30.     I understand that, consistent with the Court's prior guidance, where possible Valve seeks sealing and redaction of only specific numbers and percentages necessary to preserve confidentiality of this information.

31.     I understand that the Court also previously found compelling reasons to seal similar information regarding revenue share as described in Paragraph 30 above. Similar reasons exist to seal information regarding changes to Valve's revenue share in the Sealed Documents.

### Valve Confidential Internal Strategy, Analysis, and Information

32.     I understand that Valve seeks to seal portions of documents that contain Valve's confidential internal strategy, analysis, and information, including (i) matters not alleged to be anti-competitive, (ii) analysis of competition and competitors, and (iii) information disclosing the type of data Valve collects and how Valve keeps it.

33.     Disclosure of the information Valve seeks to seal would give Valve's competitors unfair insight into its business models, current and future decision-making and reasoning, policies, pricing, marketing, and other strategies; reveal how Valve negotiates and structures its business relationships, which would impair Valve's ability to negotiate future contracts; eliminate Valve's significant economic and employee time investment in developing its business models and strategies; and even provide bad actors information that could be used to mount attacks against Valve's network, its business operations, or employees. *See also* Sealed Lynch Decl. ¶ 103 (describing harms from disclosure of internal Valve strategy and analysis). I provided additional details about the harms caused from specific types of internal discussions and analysis in my sealed declaration and refer the Court to those prior statements because repeating them here would reveal highly confidential information. *See* Sealed Lynch Decl. ¶¶ 105–120 (detailing competitive harm caused from disclosure of specific types of internal Valve strategy and analysis information, such as Steam Key requests (105), Steam Partner relationship management (107, 108, 115), competitors and competition (110, 118, 119), communications strategy with Steam Partners and users (113, 117)).

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

34.    In addition, disclosure of the type of data Valve collects and how Valve keeps it would put Valve at competitive risk and risk of attack from bad actors. Valve publicly discloses user-specific data it collects, which any Steam user can access through their Steam account at https://help.steampowered.com/en/accountdata. However, Valve collects additional business, financial, and operational data that it tightly protects and does not publicly disclose. The Sealed Documents disclose specific details about multiple types of business and financial data Valve collects and how such data is stored and used. Disclosure of this information would provide competitors a significant and unfair insight that would allow them to unfairly compete with Valve, e.g., by giving insight into Valve's areas of strategic emphasis or interest. Disclosure would also enable bad actors to develop targeted cyber-attacks against Valve's systems and databases, as well as phishing or social engineering attacks.

35.    I understand the Court previously found compelling reasons to seal confidential information related to "Defendant's alleged competitive (i.e., permissible) business practices" (Dkt. 236 at 3), and also found compelling reasons to seal other types of Valve internal analysis similar to that Valve seeks to seal in the Sealed documents. *See, e.g.,* Dkt. 237 at 29 (sealing internal discussion of Steam changes); Dkt. 237-1 at 63 (sealing internal reasoning regarding use of Steam Keys), 108-09 (sealing internal Valve discussion regarding other game stores); *see also* Dkts. 336 & 361 (granting Valve's motion to seal, *inter alia*, Valve confidential internal analysis, strategy, and information).

36.    Similar reasons exist to seal information in the Sealed Documents that would disclose Valve's highly confidential internal strategy, analysis and information in the three categories above. I understand that, to the greatest extent possible, Valve has attempted to narrow its sealing requests to only that information necessary to prevent disclosure of confidential and damaging internal information.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**Personally Identifiable Information**

37.     I understand that certain of the Sealed Documents contain PII such as names and email addresses of Valve employees, third parties, and Steam users. I also understand that the Court also previously found compelling reasons to seal such information, and that Valve is asking the Court to seal PII in these Sealed Documents as well.

38.     Risks created by disclosure of Valve employee's PII are discussed in Paragraph 121 of my sealed declaration. Similar risks apply to third parties and Steam users whose PII is exposed in public court filings.

39.     Keeping the PII of Valve employees, third parties, and Steam users under seal preserves their privacy and protects them from other potential harm, such as harassment, phishing, and other attacks. Disclosure of such information is unnecessary to understand the substance of these filings but would invade personal privacy and potentially subject individuals to harassment or unwanted public attention.

**Data Purchased from Third Party Data Vendors Solely for Use in this Litigation**

40.     I understand that Valve seeks to seal portions of documents that contain proprietary market and industry information purchased by Valve solely for use in litigation. Valve purchased this information from non-parties Newzoo and Circana. Newzoo and Circana are data vendors whose business is collecting, compiling, and selling their proprietary information. I understand that Newzoo and Circana invest considerable resources in gathering data from sources including company revenues, primary consumer research, and transaction data. I also understand that Newzoo and Circana invest considerable resources in analyzing this data, creating products based on it, and marketing these products, deriving economic value from selling their proprietary information. Public disclosure of this data would hurt its economic value to Newzoo and Circana (because it would now be freely available), thereby causing them economic injury and competitive harm. This Court has already ruled that information that "implicate[s] a third party's business practices" meets the compelling reasons standard for sealing. *See* Dkt. # 236 at 3. Potential public

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

release of Newzoo's and Circana's paid proprietary information at no cost certainly implicates their business practices.

41.    Disclosure of this proprietary data could, furthermore, harm Valve's ongoing business relationships with Newzoo and Circana. Newzoo and Circana agreed to make this data available to Valve for use in this litigation under contract on the condition that Valve oppose any motion to unseal it. Valve is contractually obligated to ask the Court to maintain the confidentiality of this data. At the Court's request, Valve will provide additional detail regarding its contracts with Newzoo and Circana.

42.    I understand that, consistent with the Court's prior guidance, Valve focuses its sealing and redaction requests regarding this category of information to only the confidential information provided by the non-party data vendors.

**Calculations of Alleged Market Share and Size**

43.    I understand that Valve seeks to seal portions of documents that contain information relating to the size of the alleged market and various industry participants' share of that alleged market. I understand the Court previously sealed such information. *See, e.g.,* Dkt. 237 at 11:21; 21:25-26; 27:21-22. The market share and size references in the Sealed Documents contain the same type of information and should be sealed for the same reason.

44.    There would be significant competitive harm to Valve if information regarding alleged market size and share was publicly disclosed. Although none of the market share and size information in the Sealed Documents was calculated or created by Valve, its disclosure would readily allow reverse-engineering of highly confidential Valve sales and financial information, either solely from a combination of market size and percentage share data or when market share or size data points are viewed in conjunction with publicly available information. Moreover, because most or all of the market share and size information in the Sealed Documents is based on information from the third-party vendors discussed above (Newzoo, Circana), its disclosure would cause similar harm to those vendors as from direct release of their information.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

45. I understand that limited redactions consistent with the Court's prior guidance are proposed to address these concerns, which where possible redact only the dollar figures or percentages necessary to keep this type of information confidential.

46. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 7th day of August, 2025 at Bellevue, Washington.

Scott Lynch

Scott Lynch

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900