Hon. Jamal N. Whitehead

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

IN RE: VALVE ANTITRUST LITIGATION

**Case No. 2:21-cv-00563-JNW**

**UBISOFT, INC.'S JOINDER IN VALVE CORPORATION'S MOTION TO SEAL PORTIONS OF SUMMARY JUDGMENT FILINGS THAT CONTAIN UBISOFT, INC.'S CONFIDENTIAL INFORMATION AND UBISOFT'S MOTION TO MAINTAIN SUCH INFORMATION UNDER SEAL**

**NOTE ON MOTION CALENDAR:
August 28, 2025**

1

UBISOFT, INC'S JOINDER IN VALVE'S
MOTION TO SEAL AND UBISOFT'S
MOTION TO SEAL

MURPHY PEARSON BRADLEY & FEENEY
520 PIKE STREET, SUITE 1205
SEATTLE, WA 98101
(206)-219-2008

## I. INTRODUCTION

Pursuant to Local Rule 5(g), the July 2, 2025 Stipulation and Order (Dkt. 477, 478), the July 30, 2025 Stipulation and Order (Dkt. 490, 492), and the Protective Order (Dkt. 95), Ubisoft, Inc. ("Ubisoft") joins in Valve Corporation's ("Valve") Motion to Seal Summary Judgment Filings (Dkt. 501), as far as it relates to materials that have been designated as Highly Confidential – Attorneys' Eyes Only by Ubisoft (the "Ubisoft-designated material") ("Joinder"), *and* Ubisoft hereby moves on its own accord to seal those same materials ("Motion").

Ubisoft's Joinder and Motion are unopposed. Ubisoft's counsel met and conferred with counsel for Plaintiffs and Valve, and all counsel either agreed with Valve's motion as it relates to the Ubisoft-designated material at issue or, in the case of Plaintiff's counsel, agreed to take no position with respect to such Ubisoft-designated materials. Declarations of Nicholas Larson and Stephen S. Smith, attached hereto at ¶ 3.

## II. FACTUAL BACKGROUND

Ubisoft is a third party developer and publisher of interactive games. Declaration of Charles-Thomas Pélissier ¶ 2. Both Valve and plaintiff Wolfire Games, LLC served Ubisoft with third-party subpoenas to produce documents and information. *Id.* Those subpoenas sought Ubisoft's highly sensitive and confidential financial and other business information. *Id.* Ubisoft carefully protects the secrecy of this information in its business. *Id.* Disclosure of this information would provide Ubisoft's present and future competitors with an unfair and uncorrectable strategic business advantage over Ubisoft. *Id.* Competitors would also glean insights into Ubisoft's financial performance across products, which would inform those competitors' strategic planning. *Id.* For these reasons, Ubisoft designated the documents and data it produced in response to the subpoenas as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order prior to producing such materials. *Id.* No party has challenged Ubisoft's designation. Declarations of Nicholas Larson and Stephen S. Smith ¶ 2.

In the chart below, and in the Declaration of Olivier Ernst filed concurrently herewith, Ubisoft identifies the specific portions of the Ubisoft-designated materials that Valve and Ubisoft seek to maintain under seal and explains why (a) it is important that such materials remain confidential and (b) the harm that could result if such materials were publicly disclosed.

2

UBISOFT, INC'S JOINDER IN VALVE'S
MOTION TO SEAL AND UBISOFT'S
MOTION TO SEAL

MURPHY PEARSON BRADLEY & FEENEY
520 PIKE STREET, SUITE 1205
SEATTLE, WA 98101
(206)-219-2008

| Docket No. | Page | Line | Exhibit | Confidentiality Designation | Why Important It Remain Confidential | Harm if Publicly Disclosed |
|---|---|---|---|---|---|---|
| 454.6 Gowrisankaran Rebuttal Merits Report | 53 | 52 | ¶91(b) | Highly confidential | # Commercial sensitivity: internal performance & exposure of competitive advantage<br><br># Negotiation leverage: such figures could be used against Ubisoft in future negotiations<br><br># Protection of Ubisoft distribution strategy: direct business (B2C) vs business with partners (B2B) | # Competitive disadvantage (a competitor could decide to exploit this data to evolve their offerings to gain market share)<br><br># Potential negative impact on business relationships with other partners<br><br># Misinterpretation of the data could generate false news and potential speculation |
| 450.3 & 454.4 Corrected Chiou Opening Merits Report | 6 | 5 | | Highly confidential | # Commercial sensitivity: internal data showing customers' behavior<br><br># Negotiation leverage: such figures could be used against Ubisoft in future negotiations with other partners<br><br># Data Protection on customers' behavior within the PC ecosystem | # Potential negative impact on business relationships with other partners<br><br># Overreaction from Steam users spreading a negative sentiment toward Ubisoft Connect<br><br># Misinterpretation of the data could generate false news and potential speculation |
| 450.3 & 454.4 Corrected Chiou Opening Merits Report | 6 | 5 | | Highly confidential | # Commercial sensitivity: internal data showing customers' behavior<br><br># Negotiation leverage: such figures could be used against Ubisoft in future negotiations with other partners<br><br># Data Protection on customers' behavior within the PC ecosystem | # Potential negative impact on business relationships with other partners<br><br># Overreaction from Steam users spreading a negative sentiment toward Ubisoft Connect<br><br># Misinterpretation of the data could generate false news and potential speculation |
| 450.3 & 454.4 Corrected Chiou Opening Merits Report | 82 | 81 | Exhibit 3 | Highly confidential | # Commercial sensitivity: internal data showing customers' behavior | # Potential negative impact on business relationships with other partners |

3

UBISOFT, INC'S JOINDER IN VALVE'S
MOTION TO SEAL AND UBISOFT'S
MOTION TO SEAL

MURPHY PEARSON BRADLEY & FEENEY
520 PIKE STREET, SUITE 1205
SEATTLE, WA 98101
(206)-219-2008

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | # Negotiation leverage: such figures could be used against Ubisoft in future negotiations with other partners<br><br># Data Protection on customers' behavior within the PC ecosystem | # Overreaction from Steam users spreading a negative sentiment toward Ubisoft Connect<br><br># Misinterpretation of the data could generate false news and potential speculation |
| 450.3 & 454.4 Corrected Chiou Opening Merits Report | 82 | 81 | Exhibit 3 | Highly confidential | # Commercial sensitivity: internal data showing customers' behavior<br><br># Negotiation leverage: such figures could be used against Ubisoft in future negotiations with other partners<br><br># Data Protection on customers' behavior within the PC ecosystem | # Potential negative impact on business relationships with other partners<br><br># Overreaction from Steam users spreading a negative sentiment toward Ubisoft Connect<br><br># Misinterpretation of the data could generate false news and potential speculation |
| 450.3 & 454.4 Corrected Chiou Opening Merits Report | 82–83 | 81–82 | ¶135 | Highly confidential | # Commercial sensitivity: internal performance & exposure of competitive advantage<br><br># Negotiation leverage: such figures could be used against Ubisoft in future negotiations<br><br># Protection of Ubisoft distribution strategy: direct business (B2C) vs business with partners (B2B) | # Competitive disadvantage (a competitor could decide to exploit this data to evolve their offerings to gain market share)<br><br># Potential negative impact on business relationships with other partners<br><br># Misinterpretation of the data could generate false news and potential speculation |
| 450.3 & 454.4 Corrected Chiou Opening Merits Report | 174 | 173 | ¶301 | Highly confidential | # Commercial sensitivity: internal performance & exposure of competitive advantage<br><br># Negotiation leverage: such figures could be used against Ubisoft in future negotiations<br><br># Protection of Ubisoft distribution strategy: direct business (B2C) vs | # Competitive disadvantage (a competitor could decide to exploit this data to evolve their offerings to gain market share)<br><br># Potential negative impact on business relationships with other partners<br><br># Misinterpretation of the data could generate |

4

UBISOFT, INC'S JOINDER IN VALVE'S
MOTION TO SEAL AND UBISOFT'S
MOTION TO SEAL

MURPHY PEARSON BRADLEY & FEENEY
520 PIKE STREET, SUITE 1205
SEATTLE, WA 98101
(206)-219-2008

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | business with partners (B2B) | false news and potential speculation |
| 450.3 & 454.4 Corrected Chiou Opening Merits Report | 174 | 173 | n.533 | Highly confidential | # Sensitive strategic communication including Ubisoft plans and proprietary information<br><br># Confidential business information to be protected from the competition<br><br># Potential violation of existing NDAs | # Overreaction from Steam users spreading a negative sentiment toward Ubisoft Connect<br><br># Potential in damaging business relationships and Ubisoft reputation |
| 450.3 & 454.4 Corrected Chiou Opening Merits Report | 174 | 173 | ¶302 | Highly confidential | # Commercial sensitivity: internal performance & exposure of competitive advantage including specific margins<br><br># Negotiation leverage: such figures could be used against Ubisoft in future negotiations<br><br># Protection of Ubisoft distribution strategy: direct business (B2C) vs business with partners (B2B) | # Competitive disadvantage (a competitor could decide to exploit this data to renegotiate a contract)<br><br># Potential negative impact on business relationships with other partners<br><br># Misinterpretation of the data could generate false news and potential speculation |
| 450.3 & 454.4 Corrected Chiou Opening Merits Report | 174 | 173 | ¶303 | Highly confidential | # Commercial sensitivity: internal data showing customers' behaviour<br><br># Negotiation leverage: such figures could be used against Ubisoft in future negotiations with other partners<br><br># Data Protection on customers' behavior within the PC ecosystem | # Potential negative impact on business relationships with other partners<br><br># Overreaction from Steam users spreading a negative sentiment toward Ubisoft Connect<br><br># Misinterpretation of the data could generate false news and potential speculation |
| 450.3 & 454.4 Corrected Chiou Opening Merits Report | 175 | 174 | Exhibit 17 | Highly confidential | # Commercial sensitivity: internal data showing customers' behavior | # Potential negative impact on business relationships with other partners |

5

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | # Negotiation leverage: such figures could be used against Ubisoft in future negotiations with other partners<br><br># Data Protection on customers' behavior within the PC ecosystem | # Overreaction from Steam users spreading a negative sentiment toward Ubisoft Connect<br><br># Misinterpretation of the data could generate false news and potential speculation |
| 450.3 & 454.4 Corrected Chiou Opening Merits Report | 175 | 174 | Exhibit 17 | Highly confidential | # Commercial sensitivity: internal data showing customers' behavior<br><br># Negotiation leverage: such figures could be used against Ubisoft in future negotiations with other partners<br><br># Data Protection on customers' behavior within the PC ecosystem | # Potential negative impact on business relationships with other partners<br><br># Overreaction from Steam users spreading a negative sentiment toward Ubisoft Connect<br><br># Misinterpretation of the data could generate false news and potential speculation |

Declaration of Olivier Ernst at ¶ 2.

### III. ARGUMENT

### *LEGAL STANDARD*

The strong presumption favoring public access to judicial records is not absolute and can be overcome. *Kamakana v. Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). A party seeking to seal court documents overcomes it by showing the interests and facts warranting sealing, describing the injury from unsealing, and showing why there is no less restrictive alternative. LCR 5(g)(3)(B). Generally, compelling reasons justify sealing court documents if they "'become a vehicle for improper purposes,'" such as releasing proprietary financial, decision-making, strategy, and operations information that would harm litigants' competitive standing. *Raner v. Fun Pimps Ent. LLC*, 2024 WL 1049964, at *2 (W.D. Wash. Mar. 11, 2024) (quoting Kamakana, 447 F.3d at 1179)).

Applying this standard, the Court previously found compelling reasons to seal information similar or identical to many of the disclosures in the sealed Ubisoft-designated material, including disclosures of:

6

UBISOFT, INC'S JOINDER IN VALVE'S
MOTION TO SEAL AND UBISOFT'S
MOTION TO SEAL

MURPHY PEARSON BRADLEY & FEENEY
520 PIKE STREET, SUITE 1205
SEATTLE, WA 98101
(206)-219-2008

- Valve's confidential financial information (Dkt. 237[1] at 9, 14, 27; Dkt. 237-1 at 11, 66, 69–70, 90, 115; Dkt. 246 at 1; Dkt. 336 at 2; Dkt. 361 at 1)
- Confidential third-party business and financial information (Dkt. 237 at 20–22, 31; Dkt. 237-1 at 108–09, 111–12; Dkt. 336 at 2; Dkt. 361 at 1);
- Information that "implicate[s] a third party's business practices" (Dkt. 236 at 3; Dkt. 336 at 2; Dkt. 361 at 1);
- SDAs and related communications (Dkt. 237 at 16–18; Dkt. 237-1 at 102; Dkt. 361 at 1);
- Revenue share information (Dkt. 237-1 at 32; Dkt. 246 at 1; Dkt. 336 at 2; Dkt. 361 at 1);
- Valve's confidential business practices and decision-making (Dkt. 237 at 11 n. 4, 14, 22, 29, 31; Dkt. 237-1 at 18–19, 58–59, 62–63, 101–04, 108-09; Dkt. 361 at 1);
- Personally identifiable information (Dkt. 237 at 14; Dkt. 237-1 at 93, 109); and
- Market share and size information (Dkt. 237 at 11:21; 21:25–26; 27:21–22; Dkt. 361 at 1).

The Ubisoft-designated materials meet the same standard. Ubisoft explains in the Declarations of Charles-Thomas Pélissier and Olivier Ernst that these materials (i) contain Ubisoft's highly sensitive and confidential financial and other business information, (ii) that Ubisoft carefully protects the secrecy of such information, (iii) that disclosure of such information would provide Ubisoft's present and future competitors with an unfair and uncorrectable strategic business advantage over Ubisoft, and (iv) that competitors would also obtain insights into Ubisoft's financial performance across products, which would inform those competitors' strategic planning. Declaration of Charles-Thomas Pélissier at ¶ 2; Declaration of Olivier Ernst at ¶ 2. Therefore, these materials should remain under seal.

### *THE UBISOFT PORTION OF VALVE'S MOTION IS UNOPPOSED*

After Ubisoft's counsel met and conferred with Valve's counsel and plaintiff's counsel, all three parties reached agreement with respect to the Ubisoft-designated materials at issue. Declarations

---

[1] All references to Dkt. 237 and 237-1 are to the ECF page number.

7

UBISOFT, INC'S JOINDER IN VALVE'S
MOTION TO SEAL AND UBISOFT'S
MOTION TO SEAL

MURPHY PEARSON BRADLEY & FEENEY
520 PIKE STREET, SUITE 1205
SEATTLE, WA 98101
(206)-219-2008

1  of Nicholas Larson and Stephen S. Smith ¶ 3. There are 12 references to Ubisoft-designated materials, shown in the chart above. Valve's counsel, plaintiff's counsel and Ubisoft's counsel agreed (or, in plaintiff's case, agreed not to take any position) with respect to 9 of those 12 references, i.e., they could be maintained under seal exactly as Valve originally filed such materials under seal. *Id.* With respect to 3 of the 12 references, plaintiff's counsel requested that Valve and Ubisoft agree to redact slightly less material than what Valve had originally redacted. *Id.* Valve's counsel and Ubisoft's counsel agreed to plaintiff's counsel's request. *Id.* So, in the end, all parties that have any interest in the Ubisoft-designated material have no disagreement about such materials remaining under seal as Valve presents it now, in its current motion. *Id.*

### *THE UBISOFT MATERIALS ARE OF NO PUBLIC INTEREST*

The Ubisoft-designated material is not necessary to aid the public in understanding the parties' position and the judicial process. *See, e.g., Coloplast A/S v. Generic Medical Devices, Inc.*, 2012 WL 3629037, at *1–2 (W.D. Wash. Aug. 22, 2012). Valve has requested only narrow sealing and redactions of the Ubisoft-designated materials Marks-Dias Decl. ¶¶4–5 (Dkt. 502). No public interest justifies disclosure of the Ubisoft-designated materials, which concern only the confidential and proprietary business and financial information of Ubisoft. The public right to access "is reduced when applied to confidential and proprietary business records." *Olberg v. Allstate Ins. Co.*, 2021 WL 1208588, at *1 (W.D. Wash. Mar. 31, 2021) (citation omitted). That is the case here, given that the Ubisoft-designated materials do not affect public health or safety and do not concern public entities or officials.

The specific information at issue is the same confidential and commercially sensitive business information that courts have recognized as having little public value. *See In re Zillow Grp., Inc. S'holder Derivative Litig.*, 2019 WL 3428664, at *2 (W.D. Wash. July 30, 2019); *Amazon*, 2016 WL 4447049, at *2; *Douglas v. Xerox Bus. Servs. LLC*, 2014 WL 12641056, at *1 (W.D. Wash. Apr. 11, 2014); *see also* Dkt. 236. Moreover, the Ubisoft-designated materials is of comparatively little or no use in enhancing the public's understanding of the judicial process. *See, e.g., Richardson v. Mylan, Inc.*, 2011 WL 837148, at *2 (S.D. Cal. Mar. 9, 2011).

Finally, there is no relief short of redacting the Ubisoft-designated material that would

8

UBISOFT, INC'S JOINDER IN VALVE'S  
MOTION TO SEAL AND UBISOFT'S  
MOTION TO SEAL

MURPHY PEARSON BRADLEY & FEENEY  
520 PIKE STREET, SUITE 1205  
SEATTLE, WA 98101  
(206)-219-2008

sufficiently protect Ubisoft from the significant harm of its public disclosure. *See Zunum Aero, Inc. v. Boeing Co.*, 2023 WL 7180636, at *2 (W.D. Wash. Nov. 1, 2023); *Gomo v. NetApp, Inc.*, 2019 WL 1170775, at *2 (N.D. Cal. Mar. 13, 2019).

## *CONCLUSION*

For these reasons, Ubisoft requests that the Court grant Valve's motion and Ubisoft's motion to maintain under seal the Ubisoft-designated material.

### VI.  CERTIFICATION

Pursuant to LCR 5(g)(3)(A), Ubisoft's counsel certifies that they conferred with plaintiffs' counsel and Valve's counsel in good faith by emails dated on July 30, August 6 and August 7, 2025 regarding the need to maintain the Ubisoft-designated materials under seal. Declarations of Nicholas Larson and Stephen S. Smith ¶ 3.  Plaintiff's counsel either agreed with or took no position with respect to Valve's redactions of the Ubisoft-designated materials, as such redactions had been revised at plaintiff's counsel's request.

I certify that this memorandum contains 2396 words, in compliance with the Local Civil Rules.

DATED: August 21, 2025                                  MURPHY PEARSON BRADLEY & FEENEY

By: */s/ Nicholas C. Larson*
      Nicholas C. Larson, WSBA No. 46034

9

UBISOFT, INC'S JOINDER IN VALVE'S
MOTION TO SEAL AND UBISOFT'S
MOTION TO SEAL

MURPHY PEARSON BRADLEY & FEENEY
520 PIKE STREET, SUITE 1205
SEATTLE, WA 98101
(206)-219-2008

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2025 I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

/s/*Autumn R. Ross*
Autumn R. Ross, Paralegal

10

UBISOFT, INC'S JOINDER IN VALVE'S
MOTION TO SEAL AND UBISOFT'S
MOTION TO SEAL

MURPHY PEARSON BRADLEY & FEENEY
520 PIKE STREET, SUITE 1205
SEATTLE, WA 98101
(206)-219-2008