THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | Civil Action No. 2:21-cv-00563-JNW<br><br>EPIC GAMES INC.'S RESPONSE IN SUPPORT OF VALVE CORPORATION'S MOTION TO SEAL |

Pursuant to Local Rule 5(g), Non-Party Epic Games, Inc. ("Epic") respectfully requests that the Court grant (in part) the Motion to Seal Summary Judgment Filings, Dkt. 501, filed by Defendant Valve Corporation ("Valve") to keep information related to Epic's revenues, costs, market share, and business strategies for the Epic Games Store under seal.

Epic's request is limited to the information contained in Exhibit A to the Second Declaration of Kyle Billings, submitted in support of this response. Most of the information Epic seeks to keep sealed includes information that **was already sealed by the Court** when it was used in earlier expert reports. Dkt. 303. Epic takes no position on the other documents and information in Valve's Motion to Seal.

## BACKGROUND

Valve's motion for summary judgment, Dkt. 453, was filed under seal on May 27, 2025. The materials submitted in support of this motion contain information from documents that Epic

EPIC'S RESPONSE TO VALVE'S MOTION TO SEAL – 1
(No. 2:21-cv-00563-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

designated as "Highly Confidential – Attorney's Eyes Only" during discovery. *See* Decl. of Cara Wallace dated August 22, 2025 ("Wallace Decl."), ¶ 3; *see also* Dkt. 138.

Valve filed a motion to seal summary judgment findings, Dkt. 501, on August 7, 2025. After filing that motion, counsel for Valve reached out to Epic and provided a table that included references to confidential Epic information that was used as part of the summary judgment briefing. Wallace Decl. ¶ 4. Epic relied on that table to determine whether any of its confidential information should be kept under seal. *Id.*

Epic now files its response to Valve's motion to seal and requests that portions or the entirety of the following remain under seal:

- Dkt. 450.4, Deposition of Dr. Steven Schwartz ("Schwartz Deposition Excerpt");
- Dkt. 450.9, Epic Games Presentation ("Board Presentation");
- Dkt. 452.5, April 25, 2025 Expert Report of Joost Rietveld ("Rietveld Report");
- Dkt. 454.6, March 26, 2025 Rebuttal Expert Report of Gautam Gowrisankaran ("Gowrisankaran Rebuttal Report"); and
- Dkt. 456.2, May 5, 2025 Corrected Reply Expert Report of Gautam Gowrisankaran ("Gowrisankaran Reply Report").

These documents include (1) survey results from an internal Epic presentation that compares Steam users with Epic Games Store users; (2) confidential content-procurement strategy for Epic Games Store; (3) a confidential internal presentation prepared for the Epic Board of Directors; and (4) deposition testimony discussing the non-public information from the Board Presentation.

Epic requests that this confidential information continue to remain under seal. Counsel for Plaintiffs and Valve do not oppose this request. Wallace Decl., ¶ 5.

## LEGAL STANDARD

Access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).

RESPONSE TO VALVE'S MOTION TO SEAL – 2
(No. 2:21-cv-00563-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Documents that disclose confidential information, such as costs and revenue, that could harm a litigant in the competitive marketplace meet the "compelling reasons" standard and must be sealed. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (recognizing that courts have "refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing"); *Ctr. for Auto Safety*, 809 F.3d at 1097 (same); *J.R. Simplot Co. v. Wash. Potato Co.*, No. C16-1851RSM, 2016 WL 11066581, at *1 (W.D. Wash. Dec. 29, 2016) (compelling reasons supported sealing "confidential financial, pricing, and strategic planning information" because "public disclosure of this information would competitively harm [the litigants'] business and the businesses which they manage"); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (compelling reasons supported sealing redacted, "detailed product-specific financial information" including "costs, sales, profits, and profit margins" since the public disclosure of that information could give the litigants' suppliers "an advantage in contract negotiations, which they could use to extract price increases for their components"); *Wild Fish Conservancy v. Cooke Aquaculture Pac., LLC*, No. C17-1708-JCC, 2019 WL 2616640, at *12 (W.D. Wash. June 26, 2019) (finding compelling reasons to seal documents "that discuss confidential and proprietary information regarding Defendant's business operations"); *Healy v. Milliman, Inc.*, No. C20-1473-JCC, 2022 WL 1061921, at *4 (W.D. Wash. Apr. 8, 2022) (same); *Zunum Aero, Inc. v. Boeing Co.*, No. C21-0896JLR, 2024 WL 492228, at *4 (W.D. Wash. Feb. 8, 2024) (same).

## ARGUMENT

Epic has narrowly tailored its request to cover confidential information that could cause serious harm to Epic if publicly released. Therefore, compelling reasons support keeping that information under seal.

RESPONSE TO VALVE'S MOTION TO SEAL – 3
(No. 2:21-cv-00563-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

A. **Compelling Reasons Support Keeping Survey Results from an Internal Epic Presentation Under Seal.**

Compelling reasons support keeping excerpts of the Gowrisankaran Rebuttal Report and the Rietveld Report, reflected in bold in Rows 2–17 of Exhibit A to the Second Billings Declaration, under seal. *See* Second Decl. of Kyle Billings dated August 21, 2025 ("Second Billings Decl."), ¶ 5, Ex. A, Rows 2–17. Epic does not share this information outside the organization, and does so even within the organization on a need-to-know basis only. *See* Second Billings Decl., ¶ 4.

These report excerpts reference survey results from an internal Epic presentation that compares Steam users with Epic Games Store users. Second Billings Decl., ¶ 5. **The Court already ordered that information from these survey results should remain sealed when it was included in other expert reports.** *Compare* Dkt. 284, ¶ 5 (seeking to seal the same information), *with* Dkt. 303 at 2 (sealing the same information). These survey results are sensitive and confidential, and Epic shares them on a need-to-know basis only. *Id.* Additionally, the survey reveals Epic's business strategies and product decisions. *Id.* If the results from this survey became public, Epic's competitors could use the information to infer Epic's business strategies and product decisions, which could undermine Epic's competitive market position. *Id.*

Thus, compelling reasons support keeping this information sealed. *See J.R. Simplot Co.*, 2016 WL 11066581, at *1 (compelling reasons supported sealing "confidential financial, pricing, and strategic planning information" because "public disclosure of this information would competitively harm [the litigants'] business and the businesses which they manage"); *Kumandan v. Google LLC*, No. 19-cv-04286-BLF, 2022 WL 17971644, at *1 (N.D. Cal. Oct. 17, 2021) (sealing information regarding **business opportunities**, risks, and profits and losses because release of the information would threaten the party's competitive interests) (emphasis added)); *see also Brown v. Brown*, No. CV 13-03318 SI, 2013 WL 12400041, at *1 (N.D. Cal. Dec. 30, 2013) (same); *Apple Inc.*, 727 F.3d at 1225 (same); *Wild Fish Conservancy, LLC*, 2019 WL 2616640 at

RESPONSE TO VALVE'S MOTION TO SEAL – 4
(No. 2:21-cv-00563-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*12 (same); *Healy*, 2022 WL 1061921, at *4 (same); *Zunum Aero, Inc.*, 2024 WL 492228 at *4 (same).

### B. Compelling Reasons Support Keeping Information About Epic's Content-Procurement Strategy for Epic Games Store Under Seal.

Next, portions of the Gowrisankaran Rebuttal Report, reflected in bold in Row 18 of Exhibit A to the Second Billings Declaration, should remain sealed because they contain sensitive and confidential information about Epic's content-procurement strategy for Epic Game Store, as well as the deal structure for certain titles on Epic Games Store. Second Billings Decl., ¶ 6. The disclosure of this information would be harmful to Epic as it would give competitors and potential partners exceptional insight into Epic's strategy and deal terms and undermine Epic's competitive position. Epic does not share this information outside the organization, and does so even within the organization on a need-to-know basis only. *See* Second Billings Decl., ¶ 4.

Thus, compelling reasons also support sealing this information. *See J.R. Simplot Co.*, 2016 WL 11066581 at *1 (compelling reasons supported sealing "confidential financial, pricing, and strategic planning information" because "public disclosure of this information would competitively harm [the litigants'] business and the businesses which they manage"); *see also Brown*, 2013 WL 12400041 at *1 (same); *Apple Inc.*, 727 F.3d at 1225 (same); *Wild Fish Conservancy, LLC*, 2019 WL 2616640 at *12 (same); *Healy*, 2022 WL 1061921 at *4 (same); *Zunum Aero, Inc.*, 2024 WL 492228 at *4 (same).

### C. Compelling Reasons Support Keeping Epic's Internal Presentation Under Seal.

Compelling reasons support keeping under seal the Board Presentation and the Schwartz Deposition Excerpt discussing this presentation, as shown in Rows 19–20 of Exhibit A to the Second Billings Declaration. Billings Decl., ¶¶ 7–8, Ex. A, Rows 19–20. The Board Presentation at issue contains significant sensitive and confidential information, which Epic treats sensitively even within its own organization, and only discloses to a select group of individuals on a need-to-

RESPONSE TO VALVE'S MOTION TO SEAL – 5
(No. 2:21-cv-00563-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  know basis, in this case Epic's Board of Directors. *Id.* ¶ 7. The presentation includes (1)
2  confidential deal terms for titles on the Epic Games Store; (2) confidential third-party information
3  including revenue earned by titles on the Epic Games Store; (3) confidential revenue, market share,
4  and active user information derived from non-public information; and (4) confidential details about
5  Epic's investment strategy for the Epic Games Store. *Id.* The disclosure of any of this information
6  would undermine Epic's competitive position and harm Epic's relationship with the publishers
7  and developers on its store. *Id.*

8  Thus, compelling reasons also support sealing this information. *See J.R. Simplot Co.*, 2016
9  WL 11066581 at *1 (compelling reasons supported sealing "confidential financial, pricing, and
10 strategic planning information" because "public disclosure of this information would
11 competitively harm [the litigants'] business and the businesses which they manage"); *see also*
12 *Brown*, 2013 WL 12400041 at *1 (same); *Apple Inc.*, 727 F.3d at 1225 (same); *Wild Fish*
13 *Conservancy, LLC*, 2019 WL 2616640 at *12 (same); *Healy*, 2022 WL 1061921, at *4 (same);
14 *Zunum Aero, Inc.*, 2024 WL 492228 at *4 (same).

15 Additionally, the Schwartz Deposition Excerpt, as reflected in Row 20 of Exhibit A to the
16 Second Billings Declaration, contains a discussion of the Board Presentation. Billings Decl., ¶ 8.
17 This excerpt contains confidential market share information, the disclosure of which would impact
18 Epic's relationship with potential partners interested in distributing content on the Epic Games
19 Store. *Id.* Therefore, compelling reasons also support keeping this information sealed. *See Golden*
20 *Eye Media USA, Inc. v. Trolley Bags UK Ltd.*, No. 3:18-CV-02109-BEN-LL, 2021 WL 1821376,
21 at *4 (S.D. Cal. Mar. 15, 2021) (compelling reasons supported sealing deposition testimony related
22 to "commercially sensitive facts"); *J.R. Simplot Co.*, 2016 WL 11066581 at *1 (compelling reasons
23 supported sealing "confidential financial, pricing, and strategic planning information" to avoid
24 causing harm).

RESPONSE TO VALVE'S MOTION TO SEAL – 6
(No. 2:21-cv-00563-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## CONCLUSION

For the foregoing reasons, the Court should seal the Epic confidential information as reflected in Exhibit A to the Billings Declaration.

I certify that this memorandum contains 1,714 words, in compliance with the Local Civil Rules.

Dated: August 22, 2025

By: /s/ *Cara Wallace*

Cara Wallace, Bar No. 50111
**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
CWallace@perkinscoie.com

Attorney for Epic Games, Inc.

RESPONSE TO VALVE'S MOTION TO SEAL – 7
(No. 2:21-cv-00563-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000