THE HONORABLE JAMAL N. WHITEHEAD

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | Civil Action No. 2:21-cv-00563-JNW<br><br>MICROSOFT CORPORATION'S RESPONSE IN SUPPORT OF VALVE CORPORATION'S MOTION TO SEAL |

Pursuant to Local Rule 5(g), Non-Party Microsoft Corporation ("Microsoft") respectfully requests that the Court grant (in part) the Motion to Seal Summary Judgment Filings, Dkt. 501, filed by Defendant Valve Corporation ("Valve") to keep information related to Microsoft's confidential cost and revenue information under seal.

Microsoft's request is limited to the information contained in Exhibit A to the Declaration of Adam Fossa, submitted in support of this response. Most of the information Microsoft seeks to keep sealed **was already sealed by the Court** when it was used in earlier expert reports. Dkt. 302. Microsoft takes no position on the other documents and information in Valve's Motion to Seal.

## BACKGROUND

Valve's motion for summary judgment, Dkt. 453, was filed under seal on May 27, 2025. The materials submitted in support of this motion contain information from documents that Microsoft designated as "Highly Confidential – Attorney's Eyes Only" during discovery. *See* Decl. of Cara Wallace dated August 22, 2025 ("Wallace Decl."), ¶ 3; *see also* Dkt. 158.

MICROSOFT'S RESPONSE ISO VALVE'S
MOTION TO SEAL – 1
(No. 2:21-cv-00563-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Valve filed a motion to seal summary judgment findings, Dkt. 501, on August 7, 2025. After filing that motion, counsel for Valve reached out to Microsoft and provided a table that included references to confidential Microsoft information that was used as part of the summary judgment briefing. Wallace Decl. ¶ 4. Microsoft relied on this table to determine whether any of its confidential information should be kept under seal. *Id.*

Microsoft now files its response to Valve's motion to seal and requests that portions of the following remain under seal:

- Dkt. 450.2 & Dkt. 454.2, January 27, 2025 Expert Report of Steven Schwartz ("Schwartz January Report");
- Dkt. 450.13 & Dkt. 454.8 March 7, 2025 Expert Report of Steven Schwartz ("Schwartz March Report");
- Dkt. 450.1 & Dkt. 454.11 April 25, 2025 Expert Report of Steven Schwartz ("Schwartz April Report");
- Dkt. 450.11 Expert Report of Ashley Langer ("Langer Report");
- Dkt. 450.3 & Dkt. 454.4 Expert Report of Lesley Chiou ("Chiou Report"); and
- Dkt. 456.3 May 5, 2025 Corrected Reply Expert Report of Gautam Gowrisankaran ("Gowrisankaran Reply Report").

These documents include (1) deposition testimony of Microsoft employee Adam Fossa that discusses cost estimates for the Microsoft Store; (2) pricing information about Microsoft's token monetization model; (3) non-public financial data regarding Microsoft's third-party gaming revenue; and (4) non-public financial data regarding Microsoft's third-party transaction values.

Microsoft previously filed a motion to seal, and there is substantial overlap between the documents here and the documents covered by that motion. Dkt. 260. The Court granted that motion. Dkt. 302. Microsoft requests that this confidential information continue to remain under seal. Counsel for Plaintiffs and Valve do not oppose this request. Wallace Decl., ¶ 5.

MICROSOFT'S RESPONSE ISO VALVE'S
MOTION TO SEAL – 2
(No. 2:21-cv-00563-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**LEGAL STANDARD**

Access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).

Documents that disclose confidential information, such as costs and revenue, that could harm a litigant in the competitive marketplace meet the "compelling reasons" standard and must be sealed. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (recognizing that courts have "refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing"); *Ctr. for Auto Safety*, 809 F.3d at 1097 (same); *J.R. Simplot Co. v. Wash. Potato Co.*, No. C16-1851RSM, 2016 WL 11066581, at *1 (W.D. Wash. Dec. 29, 2016) (compelling reasons supported sealing "confidential financial, pricing, and strategic planning information" because "public disclosure of this information would competitively harm [the litigants'] business and the businesses which they manage"); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (compelling reasons supported sealing redacted, "detailed product-specific financial information" including "costs, sales, profits, and profit margins" since the public disclosure of that information could give the litigants' suppliers "an advantage in contract negotiations, which they could use to extract price increases for their components"); *Wild Fish Conservancy v. Cooke Aquaculture Pac., LLC*, No. C17-1708-JCC, 2019 WL 2616640, at *12 (W.D. Wash. June 26, 2019) (finding compelling reasons to seal documents "that discuss confidential and proprietary information regarding Defendant's business operations"); *Healy v. Milliman, Inc.*, No. C20-1473-JCC, 2022 WL 1061921, at *4 (W.D. Wash. Apr. 8, 2022) (same); *Zunum Aero, Inc. v. Boeing Co.*, No. C21-0896JLR, 2024 WL 492228, at *4 (W.D. Wash. Feb. 8, 2024) (same).

MICROSOFT'S RESPONSE ISO VALVE'S
MOTION TO SEAL – 3
(No. 2:21-cv-00563-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# ARGUMENT

Microsoft has narrowly tailored its request to cover confidential information regarding Microsoft's costs, revenues, and pricing strategies. Therefore, compelling reasons support keeping that information under seal.

### A. Compelling Reasons Support Keeping Microsoft's Confidential Cost and Revenue Information Disclosed During the Deposition of Adam Fossa Under Seal.

Compelling reasons support keeping selected portions of the Schwartz January Report, the Langer Report, and the Gowrisankaran Reply Report under seal. *See* Decl. of Adam Fossa dated August 20, 2025 ("Second Fossa Decl."), ¶¶ 5, 6, Ex. A, Rows 2–4.

Regarding the Schwartz January Report and the Langer Report, the bolded portions of Rows 2–3 of Ex. A to the Second Fossa Declaration reflect deposition testimony of Adam Fossa from January 29, 2024, that **the Court already ordered sealed when it was included in other expert reports**. *Compare* Dkt. 266, ¶ 4 (seeking to seal the same information) *with* Dkt. 302 (sealing the same information). Those bolded portions include nonpublic estimates of the Microsoft Store's costs and would result in harm if publicly disclosed. Second Fossa Decl., ¶ 5. Microsoft does not share this information outside the Microsoft Store and does so even within the Microsoft Store on a need-to-know basis only. *See id.*, ¶ 4. Additionally, knowledge of these estimated costs, if made available to Microsoft's competitors, could be used to the detriment of Microsoft. *Id.*, ¶ 5. Finally, in the regular course of business, Microsoft does not track its costs according to storefront, thus the elicited testimony is not based on any detailed financial analysis performed by Microsoft such as would exist in an audited financial statement and may not be accurate. *Id.* To the extent that the testimony does not reflect an accurate cost estimate, it may, if disclosed, cause confusion for financial advisors and Microsoft's investors. *Id.* Thus, compelling reasons support keeping this information sealed. *See Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd.*, No. 3:18-CV-02109-BEN-LL, 2021 WL 1821376, at *4 (S.D. Cal. Mar. 15, 2021) (compelling reasons supported sealing deposition testimony related to "commercially sensitive

MICROSOFT'S RESPONSE ISO VALVE'S
MOTION TO SEAL – 4
(No. 2:21-cv-00563-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

facts"); *J.R. Simplot Co.*, 2016 WL 11066581, at *1 (compelling reasons supported sealing "confidential financial, pricing, and strategic planning information" to avoid causing harm).

Regarding the Gowrisankaran Reply Report, the bolded portions of Row 3 of Ex. A to the Second Fossa Declaration also reflect deposition testimony of Adam Fossa from January 29, 2024, and include pricing information about Microsoft's token monetization model. Second Fossa Decl., ¶ 6. Microsoft does not share this information outside the Microsoft Store and does so even within the Microsoft Store on a need-to-know basis only. *See id.*, ¶ 4. If this information was released to the public, it could reveal proprietary aspects of Microsoft's pricing and distribution framework, which competitors could use to reverse engineer Microsoft's commercial terms or undercut its position with key retail partners. *Id.*, ¶ 6. Second, exposing this information could erode game publisher trust and compromise Microsoft's ability to negotiate on favorable terms in future partnerships. Again, compelling reasons support keeping this information sealed. *See Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd.*, No. 3:18-CV-02109-BEN-LL, 2021 WL 1821376, at *4 (S.D. Cal. Mar. 15, 2021) (compelling reasons supported sealing deposition testimony related to "commercially sensitive facts").

**B.   Compelling Reasons Support Keeping Microsoft's Non-Public Gaming Revenue Data Under Seal.**

Next, the information in Attachments E-8, X-4, and X-5 to the Schwartz March Report, as shown in Row 5 of Ex. A to the Fossa Declaration, should remain sealed because it reflects nonpublic information regarding Microsoft's third-party transaction values between 2017 and 2021. *See* Fossa Decl., ¶ 7, Ex. A, Row 5. **The Court already ordered that this information should remain sealed when it was included in other expert reports**. *Compare* Dkt. 266, ¶¶ 6–8 (seeking to seal the same information) *with* Dkt. 302 (sealing the same information). Microsoft does not share this information outside the Microsoft Store and does so even within the Microsoft Store on a need-to-know basis only. *See* Second Fossa Decl., ¶ 4.

MICROSOFT'S RESPONSE ISO VALVE'S
MOTION TO SEAL – 5
(No. 2:21-cv-00563-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1         Attachment E-8 includes information the reflects non-public financial data regarding Microsoft's U.S. and non-U.S. third-party gaming revenue for a five year period. *Id.* Attachment X-4 includes nonpublic financial data regarding Microsoft's first- and third-party U.S. gaming revenue for 2017 through 2023 down to the product level, which includes title-specific performance information about the Microsoft Store's digital and console gaming partners. *Id.*, ¶ 7. Attachment X-5 reflects nonpublic financial data regarding Microsoft's first- and third-party non-U.S. (referred to as rest of world or "ROW") gaming revenue for the same 2017 through 2023 period down to the product level, which includes title-specific performance information about the Microsoft Store's digital and console gaming partners. *Id.*

        Microsoft does not share the information in any of these attachments publicly, and does so even within the Microsoft Store on a need-to-know basis only. *Id*. Outside of the Microsoft Store, Microsoft shares only anonymized and aggregate performance information with its gaming partners. *See id.* If the non-anonymized and non-aggregated title-specific performance information at issue in these Attachments were disclosed, gaming partners could use the information to undercut Microsoft's position in distribution negotiations. *See id.* The gaming revenue information also discloses Microsoft's gaming business strategy, including growth opportunities in certain sectors of the gaming industry and for certain types of gaming products. *See id.* If the revenue information were disclosed, competitors could use the information to identify new opportunities in which they could undercut Microsoft. *See id.* Finally, disclosure of this information could also harm Microsoft's third-party gaming partners themselves, as it includes data relating to the sales of their individual products and could be used by their own competitors or other distributors to their detriment. *See id.*

        Thus, compelling reasons support sealing this information. *See J.R. Simplot Co.*, 2016 WL 11066581, at *1 (compelling reasons supported sealing "confidential financial, pricing, and strategic planning information" because "public disclosure of this information would competitively harm [the litigants'] business and the businesses which they manage"); *see also*

MICROSOFT'S RESPONSE ISO VALVE'S
MOTION TO SEAL – 6
(No. 2:21-cv-00563-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Brown v. Brown*, No. CV 13-03318 SI, 2013 WL 12400041, at *1 (N.D. Cal. Dec. 30, 2013) (same); *Apple Inc.*, 727 F.3d at 1225 (same); *Wild Fish Conservancy, LLC*, 2019 WL 2616640, at *12 (same); *Healy*, 2022 WL 1061921, at *4 (same); *Zunum Aero, Inc.*, 2024 WL 492228, at *4 (same).

      **C.**    **Compelling Reasons Support Keeping Microsoft's Non-Public Financial Data Regarding Third-Party Transaction Values Under Seal.**

Compelling reasons support keeping under seal portions of the Chiou Report and the Schwartz April Report, shown in bold in Rows 6–8 of Ex. A to the Second Fossa Declaration, that discuss Attachment E-1 to the Schwartz March Report. *See* Fossa Decl., ¶ 8, Ex. A Rows 6–8. **The Court already ordered that this information remain sealed when it was included in other expert reports**. *Compare* Dkt. 266, ¶ 5 (seeking to seal the same information) *with* Dkt. 302 (sealing the same information). The bolded portions of Rows 6–8 of Ex. A to the Second Fossa Declaration reflect non-public financial data regarding Microsoft's third-party transaction values for a five year period. Fossa Decl., ¶ 8. Microsoft does not share this information outside the Microsoft store and does so even within the Microsoft store on a need-to-know basis only. *Id.* If the third-party gaming information reflected in Attachment E-1 were publicly disclosed, third-party gaming partners could use it to undercut Microsoft's position in distribution negotiations, particularly with respect to Microsoft's subscription gaming services. *Id.* Disclosure of this information could also harm Microsoft's third-party gaming partners themselves, as it includes data relating to the sales of their individual products and could be used by their own competitors or other distributors to their detriment. *Id.* Thus, compelling reasons support sealing this information. *See Apple Inc.*, 727 F.3d at 1225 (sealing competitively sensitive information that could give litigants' suppliers an advantage in the competitive marketplace); *Wild Fish*

MICROSOFT'S RESPONSE ISO VALVE'S
MOTION TO SEAL – 7
(No. 2:21-cv-00563-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Conservancy*, 2019 WL 2616640, at *12 (finding compelling reasons to seal documents "that discuss confidential and proprietary information regarding Defendant's business operations").

## CONCLUSION

For the foregoing reasons, the Court should seal the Microsoft confidential information as reflected in Exhibit A to the Second Fossa Declaration.

I certify that this memorandum contains 2,094 words, in compliance with the Local Civil Rules.

Dated: August 22, 2025

By: /s/ *Cara Wallace*

Cara Wallace, Bar No. 50111
**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
CWallace@perkinscoie.com

Attorney for Microsoft Corp.

MICROSOFT'S RESPONSE ISO VALVE'S
MOTION TO SEAL – 8
(No. 2:21-cv-00563-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000