HON. JAMAL N. WHITEHEAD

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | Case No. 2:21-cv-00563-JNW <br><br> **PLAINTIFFS' OPPOSITION, IN PART, TO DEFENDANT VALVE CORPORATION'S MOTION TO SEAL** <br><br> NOTE ON MOTION CALENDAR: <br> August 28, 2025 |

PLAINTIFFS' OPPOSITION, IN PART, TO DEFENDANT VALVE CORPORATION'S MOTION TO SEAL
Case No. 2:21-cv-00563-JNW

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
Tel: (206) 905-7000

## I. INTRODUCTION

While Plaintiffs take no position on, or even agree with, certain aspects of Valve's Motion to Seal (the "Motion," Dkt. 501), there are categories of information that Valve seeks to redact where the public's interest in disclosure outweighs Valve's stated confidentiality and privacy concerns. In particular, Plaintiffs oppose Valve's efforts to seal information that is not commercially sensitive information or conceals Valve's anticompetitive conduct, stale information, and information that is already available to the public through prior filings in this matter. Valve's motion should be denied as to these categories.

## II. LEGAL STANDARD

Courts recognize a "'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 (1978). Thus, when considering a sealing request, courts begin with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

As a default rule, the party requesting to seal court filings bears the burden of overcoming this presumption with "'compelling reasons supported by specific factual findings.'" *Kamakana*, 447 F.3d at 1178 (citing *Foltz*, 331 F.3d at 1135). These compelling reasons must "outweigh the general history of access and the public policies favoring disclosure," and must not "'rely[] on hypothesis or conjecture.'" *Id.* at 1178–79 (citation omitted). This standard is met when "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (citation omitted).

PLAINTIFFS' OPPOSITION, IN PART, TO
DEFENDANT VALVE CORPORATION'S
MOTION TO SEAL - 1
Case No. 2:21-cv-00563-JNW

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
Tel: (206) 905-7000

### III. ARGUMENT

#### A. Plaintiffs Agree, or Take No Position, as to Certain Materials Valve Seeks to Seal.

Plaintiffs agree to a subset of Valve's requests, which reflect information that could reasonably be considered competitively sensitive or in instances in which Valve seeks to protect PII. In addition, Plaintiffs take no position as to certain of Valve's other requests. *See* Dkt. 504-27, Chart of Disputed Proposed Redactions (chart reflecting remaining disputes regarding proposed redactions, indicating where Plaintiffs take no position by highlighting in yellow).[1]

#### B. Valve's Other Proposed Redactions Are Not Warranted.

Plaintiffs disagree that certain proposed redactions of Valve's Motion for Summary Judgment filings (Dkts. 449–454) are merited. For these remaining disputed proposed redactions, Valve has failed to provide "compelling reasons sufficient to outweigh the public's interest in disclosure." *Kamakana*, 447 F.3d at 1179.

##### 1. Plaintiffs oppose Valve's proposed redactions which aim to seal information that is not commercially sensitive information or conceal its anticompetitive conduct.

First, some of the remaining disputed proposed redactions to Valve's Motion for Summary Judgment filings appear to be nothing more than an attempt to hide Valve's anticompetitive conduct or are too general to be considered commercially sensitive. For example, Valve seeks to redact a quote from Humble Bundle's Jeffery Rosen where he describes the power dynamic between Valve and Humble Bundle regarding the issuance of Steam Keys. Dkt. 504-14, Rietveld Opening Merits Report, ¶ 40. Notably, Humble Bundle has not itself moved to seal this information. *See* Dkt. 498, Interested Party Humble Bundle, Inc.'s Unopposed Motion to Seal Documents. As another example, Valve seeks to redact an internal email exchange discussing the quality of Valve's services. Dkt. 504-14, Rietveld Opening Merits Report, ¶ 97. These examples,

---

[1] Valve's submitted Chart of Disputed Proposed Redactions represents the remaining disputes after an extensive meet and confer process, but Plaintiffs note a small correction in the chart: there is no remaining dispute to the proposed redactions for Exhibit 2 to the Expert Report of Dr. Chiou. *See* Dkt. 504-4 at 73.

PLAINTIFFS' OPPOSITION, IN PART, TO
DEFENDANT VALVE CORPORATION'S
MOTION TO SEAL - 2
Case No. 2:21-cv-00563-JNW

Quinn Emanuel Urquhart & Sullivan
1109 First Avenue, Suite 210
Seattle, WA 98101
Tel: (206) 905-7000

and other proposed redactions, go to the heart of Plaintiffs' allegations in this matter. *See, e.g.*, Dkt. 68, Second Amended Consolidated Class Action Complaint, ¶¶ 311, 313–317.

And, in "'antitrust' cases, the public's interest is focused not only on the result, but also on the conduct giving rise to the case." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 2018 U.S. Dist. LEXIS 64259, at *12 (E.D. Mich. Apr. 17, 2018) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). "In those cases, 'secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption.'" *Id.* "Thus, '[t]he public has an interest in ascertaining what evidence and records the [] Court ha[s] relied upon in reaching [its] decisions.'" *Id.*; *accord Perry v. City & Cnty. of San Francisco*, 2011 WL 2419868, at *67 (9th Cir. Apr. 27, 2011) ("The public has an interest in ascertaining what evidence and records the District Court . . . relied upon in reaching [its] decisions.") (quoting *Brown & Williamson*, 710 F.2d at 1181).

While, as reflected above, Plaintiffs have agreed to certain redactions of information that can reasonably be considered competitively sensitive (and have taken no position as to certain others), Valve seeks to redact other information that cannot credibly be described as competitively sensitive: it does not, for example, reveal sensitive information regarding Valve's costs or revenues; nor does it reflect proprietary and confidential business strategy. To the contrary, Valve seeks to redact some of its own internal communications or communications to third parties regarding its broadly applicable policies.

And this Court has rejected Valve's efforts to seal similar information in the past. *See* Dkt. 236, Order on Defendant's motion to seal at 2 ("Much of the information Defendant seeks to shield from public view, as contained in these documents, ostensibly, is a generalized description of Defendant's alleged anti-competitive conduct, as provided by Plaintiffs. . . . There is no compelling reason to shield such information.) (citations omitted). That embarrassing documents may negatively affect a company's reputation does not outweigh the presumption of public access. *See, e.g., Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a

PLAINTIFFS' OPPOSITION, IN PART, TO
DEFENDANT VALVE CORPORATION'S
MOTION TO SEAL - 3
Case No. 2:21-cv-00563-JNW

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
Tel: (206) 905-7000

litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."); *Brown & Williamson*, 710 F.2d at 1179 ("Simply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access . . . ."); *Kentucky v. Marathon Petroleum Co. LP*, 2018 U.S. Dist. LEXIS 106176, at *18 (W.D. Ky. June 26, 2018) (indicating documents "that would show that [the defendant] engaged in anticompetitive conduct" is evidence the public would have a substantial interest in knowing).

Here, Valve claims that "disclosure of the information Valve seeks to seal would hurt Valve's competitive standing and cause other harms." Dkt. 501, Mot. to Seal at 12. But the only support Valve provides for this generic statement is a citation to self-serving paragraphs in the Lynch Declarations. *See id.*; Dkt. 503 (Lynch Decl.) ¶¶ 33–34; Dkt. 226 (Sealed Lynch Decl.) ¶¶ 47–54, 71–103. These paragraphs generically assert that disclosure will, for example, "put Valve at competitive risk" and "would impair Valve's ability to negotiate future contracts[,]" Dkt. 503 (Lynch Decl.) ¶ 33, but Valve does not explain with any specificity how the specific information it seeks to redact in its summary judgment filings would have that result. Valve's justifications amount to nothing more than "generic statement[s] that disclosure would 'allow a competitor or other third party to understand or infer information about the inner workings of [its] confidential [business].'" *MasterObjects, Inc. v. Amazon.com, Inc.*, 2022 U.S. Dist. LEXIS 159722, at *14 (N.D. Cal. Sept. 5, 2022). As such, Valve has not met its burden, and this information does not warrant redaction.

**2.    Plaintiffs oppose Valve's proposed redactions that aim to seal stale information.**

Second, Valve seeks to put under seal stale information that dates back years, or even decades. In one example, Valve seeks to redact (Dkt. 504-22 at 45, n. 109) limited information about gaming data from 2000—twenty-five years ago. Even if such information could have been deemed competitively sensitive at the time, it no longer is, especially in the fast-moving gaming

PLAINTIFFS' OPPOSITION, IN PART, TO
DEFENDANT VALVE CORPORATION'S
MOTION TO SEAL - 4
Case No. 2:21-cv-00563-JNW

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
Tel: (206) 905-7000

industry. "[T]here are no compelling reasons to seal stale information." *Applied Materials, Inc. v. Demaray LLC*, 2023 U.S. Dist. LEXIS 117121, at *9 (N.D. Cal. July 7, 2023; *see also Kenny v. Pac. Inv. Mgmt. Co. LLC*, 2018 U.S. Dist. LEXIS 112788, at *6 (W.D. Wash. July 6, 2018) (rejecting defendant's arguments that information that was three or four years old was competitively sensitive, and denying defendant's request to seal the stale information).

      **3.    Plaintiffs oppose Valve's proposed redactions which aim to seal publicly available information.**

Third, and finally, Valve seeks to redact publicly available information or information it did not seek to redact in other filings. As one example, Valve seeks to redact (Dkt. 504-3, Schwartz Opening Merits Report Appendices at A-61, n.3) information related to Valve's data processing that is already in the public domain. *See, e.g.*, Dkt. 348-7, Corrected Class Certification Expert Report of Dr. Schwartz at A-19, n. 19. Similarly, as another example, Valve seeks to redact (Dkt. 504-22, Gowrisankaran Rebuttal Report at 178, n. 536) an excerpt of Erik Johnson's deposition transcript regarding Valve's performance in customer support yet does not propose redacting that portion of the actual Johnson deposition transcript. *See, e.g.,* Dkt. 504-16, Johnson Dep. There is no basis to seal such information. *See, e.g.*, *HDT Bio Corp. v. Emcure Pharms., Ltd.*, 2023 U.S. Dist. LEXIS 216386, at *9–10 (W.D. Wash. Dec. 5, 2023) (rejecting request for sealing where information in declarations and web pages was publicly available); *Apple Inc. v. Psystar Corp.*, 2012 U.S. Dist. LEXIS 148, at *6 (N.D. Cal. Jan. 3, 2012) ("There is no compelling reason to justify sealing the documents if the information is already available to the public."); *see also Williams v. U.S. Bank Nat. Ass'n*, 290 F.R.D. 600, 608–09 (E.D. Cal. 2013) (information defendant had "freely disclosed elsewhere" did not meet standard for sealing).

## IV.    CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that, as detailed herein and in the chart denoting disputed redactions (Dkt. 504-27), the Court grant those portions of Valve's Motion with which Plaintiffs agree and deny those portions of Valve's Motion which Plaintiffs

PLAINTIFFS' OPPOSITION, IN PART, TO
DEFENDANT VALVE CORPORATION'S
MOTION TO SEAL - 5
Case No. 2:21-cv-00563-JNW

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
Tel: (206) 905-7000

1  oppose.

2  DATED: August 22, 2025.

3                                            Respectfully submitted,

*/s/ Matthew Hosen*
Matthew Hosen, WSBA #54855
Alicia Cobb, WSBA #48685
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Phone (206) 905-7000
Fax (206) 905-7100
matthosen@quinnemanuel.com
aliciacobb@quinnemanuel.com

Steig D. Olson (pro hac vice)
David LeRay (pro hac vice)
Nicolas Siebert (pro hac vice)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 5th Avenue
New York, New York 10016
Phone (212) 849-7231
Fax (212) 849-7100
steigolson@quinnemanuel.com
davidleray@quinnemanuel.com
nicolassiebert@quinnemanuel.com

Adam Wolfson (pro hac vice)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Phone (213) 443-3285
Fax (213) 443-3100
adamwolfson@quinnemanuel.com

Ankur Kapoor (pro hac vice)
A. Owen Glist (pro hac vice)
CONSTANTINE CANNON LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
Phone (212) 350-2700
Fax (212) 350-2701
akapoor@constantinecannon.com
oglist@constantinecannon.com

PLAINTIFFS' OPPOSITION, IN PART, TO DEFENDANT VALVE CORPORATION'S MOTION TO SEAL - 6
Case No. 2:21-cv-00563-JNW

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
Tel: (206) 905-7000

Tyre L. Tindall, WSBA #56357
McKinney Wheeler, WSBA #60635
WILSON SONSINI GOODRICH & ROSATI P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104
Phone (206) 883-2500
Fax (866) 974-7329
ttindall@wsgr.com
mckinney.wheeler@wsgr.com

Kenneth R. O'Rourke (pro hac vice)
Jordanne M Steiner (pro hac vice)
WILSON SONSINI GOODRICH & ROSATI, P.C.
1700 K Street, NW, Suite 500
Washington, DC 20006
Phone (202) 973-8800
Fax (202) 973-8899
korourke@wsgr.com
jsteiner@wsgr.com

W. Joseph Bruckner (pro hac vice)
Joseph C. Bourne (pro hac vice)
Laura M Matson (pro hac vice)
Kyle J. Pozan (pro hac vice)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Phone: (612) 339-6900
Fax: (612) 339-0981
wjbruckner@locklaw.com
jcbourne@locklaw.com
lmmatson@locklaw.com
kjpozan@locklaw.com

Kristie A LaSalle (pro hac vice)
LOCKRIDGE GRINDAL NAUEN PLLP
265 Franklin Street, Ste 1702
Boston, Massachusetts 02110
Phone (617) 535-3763
kalasalle@locklaw.com

*Co-Lead Class Counsel*

PLAINTIFFS' OPPOSITION, IN PART, TO DEFENDANT VALVE CORPORATION'S MOTION TO SEAL - 7
Case No. 2:21-cv-00563-JNW

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
Tel: (206) 905-7000

THOMAS N. MCCORMICK (PRO HAC VICE)
VORYS, SATER, SEYMOUR AND PEASE LLP
4675 Macarthur Court
Suite 700
Newport Beach, CA 92660
Telephone: (949) 526-7903
Fax: (949) 526-7901
Email: tnmccormick@vorys.com


Kenneth J. Rubin *(pro hac vice)*
Timothy B. McGranor *(pro hac vice)*
Douglas R. Matthews *(pro hac vice)*
Kara M. Mundy *(pro hac vice)*
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Telephone:  (614) 464-6400
Fax:  (614) 464-6350
Email:  kjrubin@vorys.com
            tbmcgranor@vorys.com
            drmatthews@vorys.com
            kmmundy@vorys.com

*Class Counsel Executive Committee*

PLAINTIFFS' OPPOSITION, IN PART, TO
DEFENDANT VALVE CORPORATION'S
MOTION TO SEAL - 8
Case No. 2:21-cv-00563-JNW

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
Tel: (206) 905-7000

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF recipients.

DATED: August 22, 2025.

*/s/ Matthew Hosen*

PLAINTIFFS' OPPOSITION, IN PART, TO
DEFENDANT VALVE CORPORATION'S
MOTION TO SEAL - 8
Case No. 2:21-cv-00563-JNW

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
Tel: (206) 905-7000

**LCR 7 CERTIFICATION**

I certify that this memorandum contains 1,746 words, in compliance with the Local Civil Rules.

DATED: August 22, 2025.

*/s/ Matthew Hosen*

PLAINTIFFS' OPPOSITION, IN PART, TO DEFENDANT VALVE CORPORATION'S MOTION TO SEAL - 9
Case No. 2:21-cv-00563-JNW

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
Tel: (206) 905-7000