# EXHIBIT 1

| | |
|---|---|
| **From:** | Caroline Li |
| **To:** | Robert W. Cobbs; David Friedman; corrie@cjylaw.com; Benjamin D. Brown; Brent W. Johnson; Nathaniel Regenold; Christopher Bateman; Daniel Gifford; Steve W. Berman; Kelly Fan; Ben Harrington |
| **Cc:** | Rakesh Kilaru; Ralia Polechronis; Keri Arnold; Max Warren; bmarksdias@corrcronin.com; Jessica Rizzo |
| **Subject:** | Re: Valve Consumer Case -- Meet and Confer |
| **Date:** | Monday, August 18, 2025 6:35:05 PM |

Thank you, Rob. Given Plaintiffs' position that you need not amend the complaint in light of our arguments referenced below, we will proceed with filing Valve's motion to dismiss on the as-filed amended complaint.

**Caroline Li** | Associate

**WILKINSON STEKLOFF LLP**

130 W 42nd Street, Floor 24, New York, NY 10036
Direct: (212) 294-8915 | Fax: (202) 847-4005
cli@wilkinsonstekloff.com
wilkinsonstekloff.com

---

**From:** Robert W. Cobbs <rcobbs@cohenmilstein.com>
**Sent:** Monday, August 18, 2025 5:50 PM
**To:** Caroline Li <cli@wilkinsonstekloff.com>; David Friedman <dfriedman@wilkinsonstekloff.com>; corrie@cjylaw.com <corrie@cjylaw.com>; Benjamin D. Brown <bbrown@cohenmilstein.com>; Brent W. Johnson <bjohnson@cohenmilstein.com>; Nathaniel Regenold <nregenold@cohenmilstein.com>; Christopher Bateman <CBateman@cohenmilstein.com>; Daniel Gifford <dgifford@cohenmilstein.com>; Steve W. Berman <steve@hbsslaw.com>; Kelly Fan <kellyf@hbsslaw.com>; Ben Harrington <benh@hbsslaw.com>
**Cc:** Rakesh Kilaru <rkilaru@wilkinsonstekloff.com>; Ralia Polechronis <rpolechronis@wilkinsonstekloff.com>; Keri Arnold <karnold@wilkinsonstekloff.com>; Max Warren <mwarren@wilkinsonstekloff.com>; bmarksdias@corrcronin.com <bmarksdias@corrcronin.com>; Jessica Rizzo <rizzoj@ballardspahr.com>
**Subject:** RE: Valve Consumer Case -- Meet and Confer



Caroline,

My team has drawn my attention to your suggestion below that we needn't do a meet and confer if we don't feel it would be productive; we appreciate your reaching out but don't think they suggest defects in our complaint that need to be cured by amendment. So I think we can skip talking it out, though I'm happy to make myself available if you'd like to confer further. Otherwise, I think you can certify our conference.

Best,

Rob

---

**From:** Robert W. Cobbs
**Sent:** Monday, August 18, 2025 5:01 PM
**To:** Caroline Li <cli@wilkinsonstekloff.com>; David Friedman <dfriedman@wilkinsonstekloff.com>; corrie@cjylaw.com; Benjamin D. Brown <bbrown@cohenmilstein.com>; Brent W. Johnson <bjohnson@cohenmilstein.com>; Nathaniel Regenold <nregenold@cohenmilstein.com>; Christopher Bateman <CBateman@cohenmilstein.com>; Daniel Gifford <dgifford@cohenmilstein.com>; Steve W. Berman <steve@hbsslaw.com>; Kelly Fan <kellyf@hbsslaw.com>; Ben Harrington <benh@hbsslaw.com>
**Cc:** Rakesh Kilaru <rkilaru@wilkinsonstekloff.com>; Ralia Polechronis <rpolechronis@wilkinsonstekloff.com>; Keri Arnold <karnold@wilkinsonstekloff.com>; Max Warren <mwarren@wilkinsonstekloff.com>; bmarksdias@corrcronin.com; Jessica Rizzo <rizzoj@ballardspahr.com>
**Subject:** RE: Valve Consumer Case -- Meet and Confer

Hi Caroline,

Thanks for your patience. I'm available tomorrow before 1 pm or after 4 pm. Let me know what works for you.

Best,

Rob

---

**From:** Caroline Li <cli@wilkinsonstekloff.com>
**Sent:** Monday, August 18, 2025 12:40 PM
**To:** David Friedman <dfriedman@wilkinsonstekloff.com>; corrie@cjylaw.com; Benjamin D. Brown <bbrown@cohenmilstein.com>; Brent W. Johnson <bjohnson@cohenmilstein.com>; Robert W. Cobbs <rcobbs@cohenmilstein.com>; Nathaniel Regenold <nregenold@cohenmilstein.com>; Christopher Bateman <CBateman@cohenmilstein.com>; Daniel Gifford <dgifford@cohenmilstein.com>; Steve W. Berman <steve@hbsslaw.com>; Kelly Fan <kellyf@hbsslaw.com>; Ben Harrington <benh@hbsslaw.com>
**Cc:** Rakesh Kilaru <rkilaru@wilkinsonstekloff.com>; Ralia Polechronis <rpolechronis@wilkinsonstekloff.com>; Keri Arnold <karnold@wilkinsonstekloff.com>; Max Warren <mwarren@wilkinsonstekloff.com>; bmarksdias@corrcronin.com; Jessica Rizzo <rizzoj@ballardspahr.com>
**Subject:** Re: Valve Consumer Case -- Meet and Confer

Counsel,

Given this week's filing deadline for Valve's anticipated motion to dismiss, we'd like to meet and confer as soon as possible so the parties can fulfill their conferral obligations under Judge Whitehead's rules. Please let us know some times that work for you no later than tomorrow at 5pm ET.

Best,
Caroline


**Caroline Li** | Associate
**WILKINSON STEKLOFF LLP**
130 W 42nd Street, Floor 24, New York, NY 10036
Direct: (212) 294-8915 | Fax: (202) 847-4005
cli@wilkinsonstekloff.com
wilkinsonstekloff.com

---

**From:** David Friedman <dfriedman@wilkinsonstekloff.com>
**Sent:** Friday, August 8, 2025 2:25 PM
**To:** corrie@cjylaw.com <corrie@cjylaw.com>; bbrown@cohenmilstein.com <bbrown@cohenmilstein.com>; bjohnson@cohenmilstein.com <bjohnson@cohenmilstein.com>; rcobbs@cohenmilstein.com <rcobbs@cohenmilstein.com>; nregenold@cohenmilstein.com <nregenold@cohenmilstein.com>; cbateman@cohenmilstein.com <cbateman@cohenmilstein.com>; dgifford@cohenmilstein.com <dgifford@cohenmilstein.com>; steve@hbsslaw.com <steve@hbsslaw.com>; kellyf@hbsslaw.com <kellyf@hbsslaw.com>; benh@hbsslaw.com <benh@hbsslaw.com>
**Cc:** Rakesh Kilaru <rkilaru@wilkinsonstekloff.com>; Ralia Polechronis <rpolechronis@wilkinsonstekloff.com>; Keri Arnold <karnold@wilkinsonstekloff.com>; Max Warren <mwarren@wilkinsonstekloff.com>; Caroline Li <cli@wilkinsonstekloff.com>; bmarksdias@corrcronin.com <bmarksdias@corrcronin.com>; Jessica Rizzo <rizzoj@ballardspahr.com>
**Subject:** Valve Consumer Case -- Meet and Confer


Dear counsel,


We currently intend to move to dismiss the consumer plaintiffs' consolidated amended class action complaint on August 22, 2025. But under Section 5.6 of Judge Whitehead's Civil

Chambers Procedures, the parties have a duty to "meet and confer before filing any Rule 12(b) motion to dismiss to determine whether it can be avoided." To help assess whether an amendment might obviate the need for our motion, here is a high-level overview of the two arguments that we are currently considering including in our motion to dismiss:

1. Plaintiffs have not plausibly alleged that they suffered an antitrust injury because Valve's revenue share is not supracompetitive. In *Somers v. Apple, Inc.*, 729 F.3d 953 (9th Cir. 2013), the Ninth Circuit held that a plaintiff cannot plausibly allege that a price was supracompetitive when that price was the same "*before* [the seller] obtained monopoly in the . . . market, and *after* it allegedly acquired monopoly in that market." *Id.* at 964. That holding is controlling here based on your allegations that Valve set its 30% revenue share in 2005—before it had a purported monopoly—and then maintained that revenue share until 2018—when it decreased. *See* CAC ¶¶ 7, 60 n.4.

   In the developer cases, the Wolfire plaintiffs amended their complaint to avoid dismissal on *Somers* grounds by adding allegations that Valve "acquired the World Opponent Network gaming platform in 2001 and shut it down a few years later, forcing gamers onto the Steam Platform, making Steam 'instantly … a must-have platform.'" Dkt. 80 at 7 (citing Dkt. 68 at 16-17). That allegation, however, is simply false: Valve never acquired or owned WON. And in May 2024, Valve submitted a declaration to the Court in connection with the developer class establishing that "Valve never acquired or owned WON." Dkt. 231, Johnson Declaration at ¶ 10. Valve put you on notice of these facts well before you filed the consolidated amended class action complaint, as you can see in the attached email from last year. In addition, your complaint does not include several of the allegations that Judge Coughenour relied on in the developer cases in denying Valve's motions to dismiss, such as the claims that Valve's purported acquisition of WON made Steam "instantly . . . a must-have platform," Dkt. 80 at 7; Valve was always "the market leader for PC game delivery," 21-CV-872, Dkt. 56 at 3; and Valve "[n]ever lacked market power over third-party game distribution," 21-CV-872, Dkt. 70 at 4-5.

2. Plaintiffs also have not plausibly alleged that Valve's revenue share results in higher game prices for consumers (or any other harm to consumer welfare). Your complaint alleges that developers will respond to lower "platform fees" by "lower[ing] their prices to sell more games and earn more revenue." CAC ¶ 200. But this allegation fails to explain why developers wouldn't just keep any savings for themselves. And it ignores that—per the complaint—Valve's policies have actually resulted in pressure to lower game prices, not raise them. *See* CAC ¶¶ 69, 71-72.

Please let us know when you would like to meet and confer, unless you do not believe that is necessary.

Thanks.

**David Friedman** | Counsel
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Flr, Washington, DC 20036
Direct: (202) 847-4043 | Fax: (202) 847-4005
dfriedman@wilkinsonstekloff.com
wilkinsonstekloff.com

*Admitted to practice in California. Not admitted to practice in the District of Columbia; all work supervised directly by an active member of the DC Bar.

The information contained in this communication is confidential, may be attorney-client privileged and constitute protected work product, may constitute inside information, and is intended only for the use of the intended addressee. It is the property of Wilkinson Stekloff LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email and destroy this communication and all copies thereof, including all attachments.