THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | No. 2:21-cv-00563-JNW <br><br> **VALVE CORPORATION'S REPLY IN SUPPORT OF MOTION TO SEAL SUMMARY JUDGMENT FILINGS** <br><br> NOTE ON MOTION CALENDAR: August 28, 2025 |

## INTRODUCTION

Valve presented evidence supporting specific factual findings about the harms likely to be caused by release of the information it seeks to seal, and has tailored the information it seeks to seal based on prior guidance from the Court. These harms outweigh the public's interest in disclosure of this information, including the contested information ("Contested Redactions") Plaintiffs address in their Opposition, In Part, To Defendant Valve Corporations Motion to Seal ("Opposition" or "Opp.").

## ARGUMENT

### I.     The information Valve seeks to seal is not "stale"

Plaintiffs assert that because some of the Contested Redactions protect confidential

VALVE CORPORATION'S REPLY IN SUPPORT OF MOTION TO SEAL SUMMARY JUDGMENT FILINGS
CASE NO. 2:21-cv-00563-JNW – 1

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

information dating from years ago, this information is automatically "stale" and no longer competitively sensitive. But age alone is not determinative and "the disclosure of old business information is not necessarily harmless[.]" *Grand River Enters. Six Nations, Ltd. v. King*, No. 02 CIV 5068(JFK), 2009 WL 222160, at *3 (S.D.N.Y. Jan. 30, 2009). "[O]ld business data may be extrapolated and interpreted to reveal a business' current strategy, strengths, and weaknesses. It would appear that, in the hands of an able and shrewd competitor, old data could indeed be used for competitive purposes." *Gov't Accountability Project v. Food & Drug Admin.*, 206 F. Supp. 3d 420, 443 (D.D.C. 2016) (quoting *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 891 (E.D. Pa. 1981). Valve's many able and shrewd competitors could extrapolate from the older information Plaintiffs call "stale," potentially revealing Valve's current business strategy, strengths, and weaknesses. *See* Dkt. 453 at 3-4, 12 (Valve faces "competition from many sources[,]" including many sophisticated, multibillion dollar companies). As described in Valve COO Scott Lynch's sealed May 10, 2024 declaration, Valve is very transparent with much of its data—a competitor who combined the information Valve makes public with the information Valve here seeks to seal could gain insight into Valve's current operations and strategies. *See* Dkt. 226 ¶¶ 113, 119.

### II. Valve seeks to seal only information unrelated to the challenged conduct, properly defined

Judge Coughenour ruled that a compelling reason existed for sealing information implicating Valve's "competitive (i.e., permissible) business practices[.]" Dkt. 236 at 3. Plaintiffs seem to take the position that, because this is an antitrust case, any document discussing anything relating to "the quality of Valve's services" is "at the heart of" their allegations and must be publicly disclosed. But under this massively overbroad interpretation, nearly all of every company's documents could be construed as lying "at the heart of" an antitrust claim against it. This is certainly true for Valve, where employees constantly work to improve the quality of Valve's services for partners and consumers. Virtually every new idea

VALVE CORPORATION'S REPLY IN SUPPORT OF MOTION
TO SEAL SUMMARY JUDGMENT FILINGS
CASE NO. 2:21-cv-00563-JNW – 2

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

employees seek to implement or problem they seek to solve is based on a desire to improve service quality. Judge Coughenour was clear that Valve may redact documents that would otherwise disclose sensitive information about its permissible, competitive business practices. *Id.* Documents revealing Valve's confidential efforts to analyze and improve service quality for partners and consumers through lawful means are precisely the kinds of documents that warrant sealing.

### III. Information meeting the standard for sealing must be sealed regardless of whether it has been disclosed in a different context

This Court recognized that sealing may be appropriate even for material previously made public elsewhere. *See Wright v. State Farm Fire & Cas. Co.*, No. 2:23-CV-179, 2025 WL 278083, at *1 (W.D. Wash. Jan. 23, 2025). Disclosure of a company's information in a particular context may pose a threat of significant competitive harm, even where disclosure of similar information in a different context may pose little or no threat of harm. But regardless, what matters is whether the information protected by the Contested Redactions meets the standard for sealing, not whether the information protected by the Contested Redactions could possibly be discerned through another source. *Id.*

With respect to the two specific examples Plaintiffs identify in their Opposition (Dkt. 504-3, Schwartz Opening Merits Report Appendices at A-61, n.19 and Dkt. 504-22, Gowrisankaran Rebuttal Report at 178, n.536), Valve concedes that these redactions are no longer necessary. Opp. at 5.

### IV. The Court should seal third-party-designated confidential information unless a third party agrees sealing is unnecessary

Consistent with Local Rule 5(g)(3)(B), Valve moved to seal material implicating information designated confidential by a third party, but it is for the third parties that made such designations to justify sealing of their information. Since Valve filed its Motion to Seal, various third parties have continued to submit their own filings articulating bases for sealing

VALVE CORPORATION'S REPLY IN SUPPORT OF MOTION
TO SEAL SUMMARY JUDGMENT FILINGS
CASE NO. 2:21-cv-00563-JNW – 3

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

their confidential information. Valve defers to those third parties regarding whether and why their confidential information should be sealed.

With respect to the Jeffery Rosen testimony example Plaintiffs identify in their Opposition (Dkt. 504-14, ¶ 40), Valve agrees this redaction is not necessary. Opp. at 2.

### V.  Valve provided sufficiently detailed and specific support for sealing the information protected by the Contested Redactions

Valve does not seek blanket permission to seal everything previously designated Attorneys' Eyes Only, but only exhibits and citations that meet the standard for sealing. The information Valve proposes to seal here falls into the same general categories of information it sought to seal at the class certification phase, when Valve supported sealing with a detailed, 78-page declaration from COO Scott Lynch. *See* Dkt. 226 Mr. Lynch's declaration contains highly detailed descriptions of the competitive harm likely to befall Valve should the type of information protected by the Contested Redactions become public. In addition, Valve provided specific explanations of the harm posed by disclosure of the information protected by the Contested Redactions in a 69-page chart. Courts routinely seal documents where a party provides this level of specificity. *See, e.g., Benanav v. Healthy Paws Pet Ins. LLC*, No. 2023 WL 8648962, at *4 (W.D. Wash. Dec. 14, 2023) (finding sufficiently specific a party's submission that exhibits "reflect competitively sensitive financial information relating to premium pricing and costs, rate elements, profit margins, and business and marketing strategies" and "[a]llowing competitors to see and replicate such pricing and marketing strategies harms [the parties'] competitive advantage.").

### CONCLUSION

For the foregoing reasons, Valve respectfully requests that the Court grant its motion to seal.

VALVE CORPORATION'S REPLY IN SUPPORT OF MOTION
TO SEAL SUMMARY JUDGMENT FILINGS
CASE NO. 2:21-cv-00563-JNW – 4

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

I certify that this memorandum contains 1,022 words, in compliance with the Local Civil Rules.

DATED this 28th day of August, 2025.

        CORR CRONIN LLP

        *s/ Blake Marks-Dias*
        Blake Marks-Dias, WSBA No. 28169
        1015 Second Avenue, Floor 10
        Seattle, WA 98104
        Tel: (206) 625-8600
        Fax: (206) 625-0900
        bmarksdias@corrcronin.com

        Rakesh Kilaru, *Admitted Pro Hac Vice*
        James Rosenthal, *Admitted Pro Hac Vice*
        Max Warren, *Admitted Pro Hac Vice*
        David Friedman, *Admitted Pro Hac Vice*
        WILKINSON STEKLOFF LLP
        2001 M Street NW, 10th Floor
        Washington, DC 20036
        Tel: (202) 847-4000
        Fax: (202) 847-4005
        rkilaru@wilkinsonstekloff.com
        jrosenthal@wilkinsonstekloff.com
        mwarren@wilkinsonstekloff.com
        dfriedman@wilkinsonstekloff.com

        Keri L. Arnold, *Admitted Pro Hac Vice*
        Ralia E. Polechronis, *Admitted Pro Hac Vice*
        Caroline Li, *Admitted Pro Hac Vice*
        WILKINSON STEKLOFF LLP
        130 West 42nd Street, 24th Floor
        New York, New York 10036
        Tel: (212) 294-8910
        Fax: (202) 847-4005
        karnold@wilkinsonstekloff.com
        rpolechronis@wilkinsonstekloff.com
        cli@wilkinsonstekloff.com

VALVE CORPORATION'S REPLY IN SUPPORT OF MOTION TO SEAL SUMMARY JUDGMENT FILINGS
CASE NO. 2:21-cv-00563-JNW – 5

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

|   |   |
|---|---|
| 1 | Jessica M. Rizzo, *Admitted Pro Hac Vice* |
| 2 | BALLARD SPAHR LLP |
|   | 1735 Market Street, Floor 51 |
| 3 | Philadelphia, PA 19103 |
|   | Tel: (215) 665-8500 |
| 4 | Fax: (215) 864-8999 |
|   | rizzoj@ballardspahr.com |

Jessica M. Rizzo, *Admitted Pro Hac Vice*
BALLARD SPAHR LLP
1735 Market Street, Floor 51
Philadelphia, PA 19103
Tel: (215) 665-8500
Fax: (215) 864-8999
rizzoj@ballardspahr.com

Nathan M. Buchter, *Admitted Pro Hac Vice*
FOX ROTHSCHILD LLP
2000 Market Street STE 20TH FL
Philadelphia, PA 19103
Tel: (215) 299-3010
nbuchter@foxrothschild.com

Charles B. Casper, *Admitted Pro Hac Vice*
Robert E. Day, *Admitted Pro Hac Vice*
MONTGOMERY McCRACKEN WALKER & RHOADS LLP
1735 Market Street, 20th Floor
Philadelphia, PA 19103
Tel: (215) 772-1500
ccasper@mmwr.com
rday@mmwr.com

Scott M. Danner, *Admitted Pro Hac Vice*
Priyanka Timblo, *Admitted Pro Hac Vice*
HOLWELL SCHUSTER & GOLDBERG LLP
425 Lexington Avenue
New York, NY 10017
Tel: (646) 837-5151
sdanner@hsgllp.com
ptimblo@hsgllp.com

*Attorneys for Defendant Valve Corporation*

VALVE CORPORATION'S REPLY IN SUPPORT OF MOTION TO SEAL SUMMARY JUDGMENT FILINGS
CASE NO. 2:21-cv-00563-JNW – 6

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900