THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | No. 2:21-cv-00563-JNW<br><br>**VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL SUMMARY JUDGMENT OPPOSITION FILINGS**<br><br>**NOTE ON MOTION CALENDAR:**<br>**September 25, 2025** |

## I. RELIEF REQUESTED

Pursuant to the July 2, 2025 Stipulation and Order (Dkt. 477, 478), the Protective Order (Dkt. 95), and LCR 5(g), Valve brings this motion ("Motion") to maintain under seal certain highly confidential, proprietary, commercially sensitive, and personally identifiable information ("PII") about Valve and third parties in the following documents (referred to as the "Sealed Documents"). A full list of the Sealed Documents appears in the Declaration of Blake Marks-Dias submitted herewith. Plaintiffs either do not oppose or take no position on Valve's proposed redactions.

In addition, pursuant to LCR 5(g)(3), Valve moves to seal material designated under the Protective Order by third parties, including Exhibit 45 to the Cobb Declaration (Dkt. 486) in its

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
SUMMARY JUDGMENT OPPOSITION FILINGS
CASE NO. 2:21-cv-00563-JNW – 1

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

entirety (Dkt. 486.5). Valve understands that at least one third party plans to file its own motion to seal. Much of the third-party material Valve moves to seal was previously ordered sealed by the Court after the third parties moved to seal.

Valve's proposed sealing and redactions closely follow Judge Coughenour's guidance in his prior orders regarding Valve's motions to seal. *See* Dkts. 236, 336 & 361 ("Prior Sealing Orders"). Valve focuses its sealing requests on the type of information previously ordered sealed, including financial information and information that "implicate[s] a third party's business practices or Defendant's alleged competitive (*i.e.*, permissible) business practices." Dkt. 236 at 3. Compelling reasons exist to maintain the Sealed Documents under seal.

## II. BASIS FOR SEALING

In addition to those found in the Prior Sealing Orders, compelling reasons to seal the Sealed Documents are established in:

(1) The previously filed Declaration of Scott Lynch in Support of Valve's August 7, 2025 Motion to Seal[1] ("Lynch Decl.") (Dkt. 503);

(2) The previously filed Declaration of Scott Lynch in Support of Valve's Motion to Seal Plaintiffs' Motion for Class Certification and Supporting Exhibits (Dkt. 226) ("Sealed Lynch Decl."), which was filed under seal and details Valve's extensive efforts to protect Valve's and third parties' confidential financial and business information and establishes the competitive harm from disclosure of such information; and

(3) The Declaration of Blake Marks-Dias in Support of Valve's Motion to Seal ("Sealing Marks-Dias Decl.") filed herewith.

---

[1] Consistent with the presumption favoring public access, detailed information revealing confidential information sought to be sealed or harm from its public disclosure is not being filed under seal in this Motion or the previously submitted Lynch Declaration (Dkt. 503). Where necessary, Valve references the prior Sealed Lynch Decl. for further information. If the Court requires additional information related to anything discussed in this motion or the Lynch Declaration, Valve respectfully requests an opportunity to submit it under seal.

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
SUMMARY JUDGMENT OPPOSITION FILINGS
CASE NO. 2:21-cv-00563-JNW – 2

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Valve's proposed redactions are shown in the highlighted portions of the exhibits to the Sealing Marks-Dias Declaration.

### III. THE INFORMATION VALVE REQUESTS BE SEALED.

The Sealed Documents contain hundreds of disclosures of competitively sensitive business and financial information in these categories:

1. <u>Confidential Valve financial information</u>. This includes highly confidential information regarding Steam sales, revenues, and revenue share, as well as internal Valve accounting, financial, cost and profit information that is not publicly known or disclosed by Valve in the ordinary course of business. Lynch Decl. ¶8. Valve also seeks to seal information that would disclose Valve's private accounting and financial record-keeping practices. *Id.* ¶12. Where possible, Valve seeks sealing and redaction of only the numbers, fields or line items necessary to preserve confidentiality of this information.

2. <u>Confidential third-party business and financial information</u>. This includes (i) information regarding third parties who distribute their games on Steam, including sales and revenue share; and (ii) information produced by third parties in discovery regarding finances, sales, operations, and internal strategy. *Id.* ¶15. Where possible Valve limits its sealing and redaction requests to numbers, percentages, and third-party names and identifying information (e.g., email addresses or domains, etc.) and game names to anonymize such information.

3. <u>Third-party proprietary business information</u>. The Court previously found compelling reasons to seal information that "implicate[s] a third party's business practices." Dkt. 236 at 3. Similarly, Valve seeks sealing of the portions of the Sealed Documents that disclose third-party proprietary business information, including information that implicates or reveals third parties'

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
SUMMARY JUDGMENT OPPOSITION FILINGS
CASE NO. 2:21-cv-00563-JNW – 3

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

business, pricing or marketing strategies. Lynch Decl. ¶20. Following the Prior Sealing Orders, Valve proposes narrow redactions to anonymize this information, mainly by redacting third party names and identifying information and names of games.

4. <u>Contracts with third parties and related communications</u>. Third parties distribute their apps through Steam under contracts called Steam Distribution Agreements ("SDA"). The SDAs and related discussions in the Sealed Documents disclose the specific business terms of Valve's relationship with third parties. Lynch Decl. ¶23. For such materials, Valve seeks sealing of third-party identifying information and portions disclosing the substance of business terms, similar to the Court's prior redactions.

5. <u>Steam Revenue Share Information</u>. This includes sensitive information regarding revenue share rates and splits between Valve and Steam Partners and other revenue share rate and payment information derived from confidential financial data. *Id.* ¶29.

6. <u>Valve's confidential internal strategy, analysis, and information</u>. This includes internal Valve information regarding (i) matters not alleged to be anti-competitive, (ii) analysis of competition and competitors, and (iii) the type of data Valve collects and how Valve keeps it. *Id.* ¶32. As described below, the Court previously found compelling reasons to seal confidential information about "Defendant's alleged competitive (i.e., permissible) business practices" (Dkt. 236 at 3), and sealed other similar Valve internal analysis.

7. <u>Personally Identifiable Information ("PII")</u>. Valve seeks to seal PII (including names, telephone numbers, and email addresses) because it is unnecessary to understand the substance of these filings and disclosure would invade personal

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
SUMMARY JUDGMENT OPPOSITION FILINGS
CASE NO. 2:21-cv-00563-JNW – 4

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

privacy and potentially subject individuals to harassment or harm. Lynch Decl. ¶¶37–39.

8. <u>Market share and size information</u>. Valve seeks to seal information relating to the size of the alleged market and various industry participants' share of that alleged market (Lynch Decl. ¶43), similar or identical to information previously sealed by the Court.

In addition, pursuant to LCR 5(g)(3), Valve moves to seal material designated under the Protective Order by third parties, including Exhibits 14 and 45 to the Cobb Declaration (Dkt. 486) in their entirety (Dkt. 486.14, Dkt. 486.5). Much of the third-party material Valve moves to seal was previously ordered sealed by the Court after the third parties moved to seal. Valve takes no position on whether third-party material introduced for the first time at Summary Judgment merits sealing, but brings this Motion to provide third parties an opportunity to show any reason for sealing these newly-introduced materials. Sealing Marks-Dias Decl. ¶67.

## IV.    ARGUMENT

### A.    Legal Standard

The strong presumption favoring public access to judicial records is not absolute and can be overcome. *Kamakana v. Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). A party seeking to seal court documents overcomes it by showing the interests and facts warranting sealing, describing the injury from unsealing, and showing why there is no less restrictive alternative. LCR 5(g)(3)(B). Generally, compelling reasons justify sealing court documents if they "'become a vehicle for improper purposes,'" such as releasing proprietary financial, decision-making, strategy, and operations information that would harm litigants' competitive standing. *Raner v. Fun Pimps Ent. LLC*, 2024 WL 1049964, at *2 (W.D. Wash. Mar. 11, 2024) (quoting *Kamakana*, 447 F.3d at 1179)).

The Court previously found compelling reasons to seal information similar or identical

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
SUMMARY JUDGMENT OPPOSITION FILINGS
CASE NO. 2:21-cv-00563-JNW – 5

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

to many of the disclosures in the Sealed Documents, including disclosures of:

> (1) Valve's confidential financial information (Dkt. 237[2] at 9, 14, 27; Dkt. 237-1 at 11, 66, 69–70, 90, 115; Dkt. 246 at 1; Dkt. 336 at 2; Dkt. 361 at 1)
>
> (2) Confidential third-party business and financial information (Dkt. 237 at 20–22, 31; Dkt. 237-1 at 108–09, 111–12; Dkt. 336 at 2; Dkt. 361 at 1);
>
> (3) Information that "implicate[s] a third party's business practices" (Dkt. 236 at 3; Dkt. 336 at 2; Dkt. 361 at 1);
>
> (4) SDAs and related communications (Dkt. 237 at 16–18; Dkt. 237-1 at 102; Dkt. 361 at 1);
>
> (5) Revenue share information (Dkt. 237-1 at 32; Dkt. 246 at 1; Dkt. 336 at 2; Dkt. 361 at 1);
>
> (6) Valve's confidential business practices and decision-making (Dkt. 237 at 11 n. 4, 14, 22, 29, 31; Dkt. 237-1 at 18–19, 58–59, 62–63, 101–04, 108-09; Dkt. 361 at 1);
>
> (7) Personally identifiable information (Dkt. 237 at 14; Dkt. 237-1 at 93, 109); and
>
> (8) Market share and size information (Dkt. 237 at 11:21; 21:25–26; 27:21–22; Dkt. 361 at 1).

**B. Valve's Minimal Redactions Align with the Court's Prior Decisions and are Unrelated to the Public Interest.**

Consistent with the Court's Prior Sealing Orders, LCR 5(g), and the Protective Order, Valve seeks to redact or seal only numbers, facts, and other identifying information that is not necessary to aid the public in understanding the parties' position and the judicial process. *See, e.g.*, *Coloplast A/S v. Generic Medical Devices, Inc.*, 2012 WL 3629037, at *1–2 (W.D. Wash. Aug. 22, 2012). Valve is requesting only narrow sealing and redactions where possible.[3]

---

[2] All references to Dkt. 237 and 237-1 are to the ECF page number.

[3] Some of the Sealed Documents should be kept under seal in their entirety because they contain an overwhelming amount of highly confidential information that makes redacting impractical. Sealing

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
SUMMARY JUDGMENT OPPOSITION FILINGS
CASE NO. 2:21-cv-00563-JNW – 6

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Sealing Marks-Dias Decl. ¶¶64. The proposed redactions still allow the substance of these documents and information to be determinable, while protecting Valve's and third parties' legitimate commercial and privacy interests.

No public interest justifies disclosure of the Sealed Documents, which concern only the confidential and proprietary business and financial information of Valve and third parties. The public right to access "is reduced when applied to confidential and proprietary business records." *Olberg v. Allstate Ins. Co.*, 2021 WL 1208588, at *1 (W.D. Wash. Mar. 31, 2021) (citation omitted). That is the case here, where the Sealed Documents do not affect public health or safety and do not concern public entities or officials.

The specific information Valve seeks to seal is the same confidential and commercially sensitive business information that courts have recognized as having little public value. *See In re Zillow Grp., Inc. S'holder Derivative Litig.*, 2019 WL 3428664, at *2 (W.D. Wash. July 30, 2019); *Amazon*, 2016 WL 4447049, at *2; *Douglas v. Xerox Bus. Servs. LLC*, 2014 WL 12641056, at *1 (W.D. Wash. Apr. 11, 2014); *see also* Dkt. 236. Moreover, the information in the Sealed Documents is of comparatively little use in enhancing the public's understanding of the judicial process. *See, e.g.*, *Richardson v. Mylan, Inc.*, 2011 WL 837148, at *2 (S.D. Cal. Mar. 9, 2011).

There is no relief short of redacting the information in the Sealed Documents that would sufficiently protect Valve and third parties from the significant harm of their public disclosure. *See Zunum Aero, Inc. v. Boeing Co.*, 2023 WL 7180636, at *2 (W.D. Wash. Nov. 1, 2023); *Gomo v. NetApp, Inc.*, 2019 WL 1170775, at *2 (N.D. Cal. Mar. 13, 2019).

**C.     Disclosure of the Sealed Documents Will Cause Competitive Harm to Valve and Third Parties**

Valve takes extensive measures to protect each category of information in the Sealed

---

Marks-Dias Decl. ¶65. Less restrictive alternatives are impossible because disclosure would in effect reveal the substance of the confidential information. *Id.* ¶65.

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
SUMMARY JUDGMENT OPPOSITION FILINGS
CASE NO. 2:21-cv-00563-JNW – 7

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Documents. Lynch Decl. ¶9; Sealed Lynch Decl. ¶¶18–33. Disclosure of the information Valve seeks to seal in the Sealed Documents will cause substantial competitive and economic harm to Valve and third parties. Lynch Decl. ¶12; Sealed Lynch Decl. ¶¶34–43, 47, 57–58, 71, 73–103, 105–121. Further detail is provided below, in the Lynch Declaration, and in the Sealed Lynch Declaration.

1.  **Confidential Valve Financial Information.**

The Sealed Documents contain a high volume of Valve's financial information. Lynch Decl. ¶8. The economic and competitive harm to Valve from disclosure of this information is established in the Lynch Decl. ¶¶8–9, 12 and Sealed Lynch Decl. ¶¶34–37, 47. Among other harms, disclosure would give Valve's competitors unfair insight into Valve's business models, pricing, sales, marketing, and other strategies, which could give them unfair advantage in developing rival products, as well as give them insight into its current and future decision-making, which is often guided by past financial performance. *Id.* Valve narrowly tailored its sealing requests and, where possible, seeks only to seal the specific numbers and percentages necessary to preserve confidentiality of its financial information.

The Court previously found compelling reasons to seal identical or similar information. *Supra,* Section IV.A. Valve's sealing requests are consistent with those prior sealing decisions and case law. *Wright v. State Farm Fire and Casualty Company*, 2025, WL 278083, at *2 (W.D. Wash. Jan. 23, 2025) (Whitehead, J.) (recognizing "potential economic harms caused by publications of internal company performance measures and goals" and sealing same); *Raner*, 2024 WL 1049964, at *3 (sealing "expert analysis of the company's revenues, expenses, and profit calculations"); *Clean Crawl, Inc. v. Crawl Space Cleaning Pros, Inc.*, 2020 WL 978267, at *2 (W.D. Wash. Feb. 28, 2020) (sealing "expert report[s] containing business valuation and projections"); *Clean Crawl, Inc. v. Crawl Space Cleaning Pros, Inc.*, 2019 WL 6829886, at *1–2 (W.D. Wash. Dec. 13, 2019) (sealing confidential "historical, present, and projected financial

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
SUMMARY JUDGMENT OPPOSITION FILINGS
CASE NO. 2:21-cv-00563-JNW – 8

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

data"); *Benanav v. Healthy Paws Pet Ins. LLC*, 2023 WL 8648962, at *4 (W.D. Wash. Dec. 14, 2023) (sealing "premium pricing and costs, rate elements, profit margins, and business and marketing strategies"); *FTC v. Amazon.com, Inc.*, 2016 WL 4447049, at *2 (W.D. Wash. Aug. 24, 2016) (sealing financial and business data).

2. **Confidential third-party business and financial information.**

Valve seeks to seal third-party financial information described *supra* and Lynch Decl. ¶¶15–16, including information subject to SDA provisions obligating Valve to keep third party data confidential. Sealed Lynch Decl. ¶¶43, 47, 55–59. Among other harms, disclosure would give Valve's and third parties' competitors insight into their businesses, pricing, marketing, and other strategies, which competitors could use to take unfair competitive advantage, as well as undermine Valve's business relationships with third parties. *Id.*

Valve narrowly tailored its sealing requests to seek sealing only of third-party identifying information (names of third parties and their games, other material necessary to anonymize the information) and where possible only the numbers and percentages necessary to preserve confidentiality. The Court previously found compelling reasons to seal such information and should do so again here. *See, e.g.*, Dkt. 236 at 3 (finding compelling reasons to seal information that "implicate[s] a third party's business practices"); Dkt. 237 at 20–22 (third party's Steam revenues); Dkts. 223 & 258 (sealing information produced by third parties); Dkt. 258 (sealing revenues, pricing, and financial trends); *see also Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1219, 1225 (Fed. Cir. 2013).

3. **Third party proprietary business information.**

The Court previously found compelling reasons to seal information "implicat[ing] a third party's business practices," Dkt. 236 at 3, and redacted certain identifying information (e.g., third party names and games) to anonymize information that would otherwise disclose confidential third party business practices. *See, e.g.*, Dkt. 237 at 14 (sealing third party

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
SUMMARY JUDGMENT OPPOSITION FILINGS
CASE NO. 2:21-cv-00563-JNW – 9

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

identifying information in Steam Key discussion) & 16–18 (sealing information identifying third parties discussing pricing with Valve); Dkt. 237-1 at 58–59 (sealing Valve discussions with third party about free-to-play games), 93 (sealing third party identifying information in Steam Key discussion), 102, 108–09, 112 (sealing third party identifying information in their communications with Valve about non-Steam versions of games).

Valve seeks to seal that same type of information here, including information disclosing third parties' marketing and business strategies, game release information, and other information related to Steam Partners' distribution of apps. Lynch Decl. ¶20. The harm from disclosure of such information is established at Lynch Decl. ¶21 and Sealed Lynch Decl. ¶¶34–37, 43, 47, 58, 103 (competitive harm to Valve and Valve's relationships with Steam Partners), ¶¶38–43, 55–57, 71 (competitive harm to Steam Partners), ¶121 (harm to third parties). Sealing is consistent with other courts that find compelling reasons to seal confidential business communications with third parties. *See, e.g.*, *Washington v. Franciscan Health Sys.*, 2019 WL 3494382, at *2 (W.D. Wash. Mar. 12, 2019) (compelling reasons to seal third party information regarding goals, negotiation tactics, beliefs about competition and pricing, and expansion plans).

Valve narrowly tailored its sealing requests to seek sealing only of third-party identifying information (names, names of games, other material necessary to anonymize the information) and where possible only the numbers and percentages necessary to preserve confidentiality.

4. **Contracts with third parties and related communications.**

The Sealed Documents include SDAs between Valve and third parties and related communications, which disclose the business terms of the parties' relationship and negotiations about them and which are subject to confidentiality agreements between the parties. Lynch Decl. ¶23; Sealed Lynch Decl. ¶¶55–70. Among other harms, disclosure would negatively

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
SUMMARY JUDGMENT OPPOSITION FILINGS
CASE NO. 2:21-cv-00563-JNW – 10

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

impact Valve's and third parties' ability to negotiate contracts, and disclosure would disrupt Valve's business relationships with third parties who rely on confidentiality of the terms on which they agreed to do business with Valve. Lynch Decl. ¶24; Sealed Lynch Decl., ¶¶57–58.

Judge Coughenour already found compelling reasons for sealing SDAs and related communications. Dkt. 237 at 11 n. 4 & 31; 14; Dkt. 237-1 at 62, 102. Similarly, other "[c]ourts regularly find that litigants may file under seal contracts with third parties that contain proprietary and confidential business information." *Finisar Corp. v. Nistica, Inc.*, 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015); *see also Nicolosi Distrib., Inc. v. Finishmaster, Inc.*, 2018 WL 10758114, at *2–3 (N.D. Cal. Aug. 28, 2018); *ImprimisRx, LLC v. OSRX, Inc.*, 2023 WL 7029210, at *3 (S.D. Cal. Oct. 24, 2023).

### 5. Valve's confidential business practices, decision-making, and revenue share information.

The Court previously found compelling reasons to seal information regarding "Defendant's alleged competitive (*i.e.*, permissible) business practices." Dkt. 236 at 3; *see also* Dkt. 237 at 11 n. 4, 14, 22, 29, 31; Dkt. 237-1 at 18–19, 58–59, 62–63, 101–04, 108–09. The Sealed Documents contain additional such information, including Valve's highly confidential and proprietary internal business planning and strategy, decision-making, and pricing information, as well as information disclosing the type of data Valve collects and how Valve keeps it. Lynch Decl. ¶¶32–33. The Court also previously found compelling reasons to seal Valve's highly confidential financial information and revenue share information. Dkt. 237-1 at 11, 18, 69. The Sealed Documents include similar revenue share information.

Disclosure of the information Valve seeks to seal would hurt Valve's competitive standing and cause other harms. *See* Lynch Decl. ¶¶33–34; Sealed Lynch Decl. ¶¶47–54, 71–103. For example, disclosure would give Valve's competitors unfair insight into its business models, decision-making and reasoning, policies, pricing, and other strategies; reveal how Valve negotiates and structures business relationships, impairing Valve's ability to negotiate

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
SUMMARY JUDGMENT OPPOSITION FILINGS
CASE NO. 2:21-cv-00563-JNW – 11

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

future contracts; and provide bad actors information that could be used to mount attacks against Valve's network, its business operations, or employees. *Id.*

Consistent with the Prior Sealing Orders, Valve carefully tailored its sealing and redaction requests to only highly confidential and competitively sensitive business information. Courts regularly find compelling reasons to seal similar proprietary business information in internal documentation and communications. *See, e.g.*, *Burrows v. 3M Company*, 2023 WL 1345429, at *3 (W.D. Wash. Jan. 31, 2023) (sealing confidential business information); *Edifecs*, 2019 WL 5618822, at *2 (same); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (same); *Menzel v. Scholastic, Inc.*, 2019 WL 6896145, at *1 (N.D. Cal. Dec. 18, 2019) (same).

### 6. **Personally Identifiable Information.**

Valve seeks to seal PII (e.g., names and email addresses) of Valve employees, third parties, and Steam users. Lynch Decl. ¶37. Compelling reasons exist to seal court records that may "become a vehicle for improper purposes, such as the use of records to gratify private spite." *Kamakana*, 447 F.3d at 1179. Valve seeks to seal this information to protect personal privacy and prevent harassment or abuse. Lynch Decl. ¶¶38–39; Sealed Lynch Decl. ¶121.

Preventing disclosure of PII is an appropriate reason for sealing, which this Court has repeatedly recognized. *Benshoof v. Admon*, No. 2:23-CV-1392, 2024 WL 3358608, at *1 (W.D. Wash. July 10, 2024) (Whitehead, J.) (grating motion to redact defendant's address from court filings); *Sea Mar Cmty. Health Centers v. Accreditation Council for Graduate Med. Educ.*, No. 2:24-CV-896, 2025 WL 524285, at *1 (W.D. Wash. Feb. 18, 2025) (Whitehead, J.) (granting motion to redact names of individual employees of defendant); *see also* Dkt. 223; LCR 5.2 (requiring redaction of certain PII).

### 7. **Market Share Information.**

The Court previously sealed market share and market size information (*see* Section

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL SUMMARY JUDGMENT OPPOSITION FILINGS
CASE NO. 2:21-cv-00563-JNW – 12

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

IV.A, *supra*). Such information could also reveal or be used to reverse-engineer Valve's highly confidential financial information or information purchased from third-party data vendors for litigation. Lynch Decl. ¶¶43–44. The market share and size references in the Sealed Documents should be sealed for these reasons, consistent with prior sealing of this type of information.

## V.     CERTIFICATION

Pursuant to LCR 5(g)(3)(A), Valve's counsel certify they conferred with Plaintiffs' counsel in good faith by videoconference on August 29, 2025 regarding the need to maintain the Sealed Documents under seal. Sealing Marks-Dias Decl. ¶66. Plaintiffs either concurred with or took no position on Valve's proposed redactions.

## VI.     CONCLUSION

Valve has presented specific factual findings about the harms caused by release of the Sealed Documents that outweigh public disclosure. Valve has also followed the court's orders and narrowly tailored its sealing requests. Plaintiffs either concur with or take no position on all of Valve's proposed redactions. Valve respectfully requests that the Court maintain the Sealed Documents under seal and permit Valve to file the redacted versions of the Sealed Documents for public access.

I certify that this memorandum contains 3,613 words, in compliance with the Local Civil Rules.

DATED this 4th day of September, 2025.

CORR CRONIN LLP

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10
Seattle, WA 98104

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
SUMMARY JUDGMENT OPPOSITION FILINGS
CASE NO. 2:21-cv-00563-JNW – 13

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Tel: (206) 625-8600
Fax: (206) 625-0900
bmarksdias@corrcronin.com

Rakesh Kilaru, *Admitted Pro Hac Vice*
James Rosenthal, *Admitted Pro Hac Vice*
Max Warren, *Admitted Pro Hac Vice*
David Friedman, *Admitted Pro Hac Vice*
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000
Fax: (202) 847-4005
rkilaru@wilkinsonstekloff.com
jrosenthal@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com
dfriedman@wilkinsonstekloff.com

Keri L. Arnold, *Admitted Pro Hac Vice*
Ralia E. Polechronis, *Admitted Pro Hac Vice*
Caroline Li, *Admitted Pro Hac Vice*
WILKINSON STEKLOFF LLP
130 West 42nd Street, 24th Floor
New York, New York 10036
Tel: (212) 294-8910
Fax: (202) 847-4005
karnold@wilkinsonstekloff.com
rpolechronis@wilkinsonstekloff.com
cli@wilkinsonstekloff.com

Jessica M. Rizzo, *Admitted Pro Hac Vice*
BALLARD SPAHR LLP
1735 Market Street, Floor 51
Philadelphia, PA 19103
Tel: (215) 665-8500
Fax: (215) 864-8999
rizzoj@ballardspahr.com

Nathan M. Buchter, *Admitted Pro Hac Vice*
FOX ROTHSCHILD LLP
2000 Market Street STE 20TH FL
Philadelphia, PA 19103
Tel: (215) 299-3010
nbuchter@foxrothschild.com

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
SUMMARY JUDGMENT OPPOSITION FILINGS
CASE NO. 2:21-cv-00563-JNW – 14

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1
2
3
4
5
6

Charles B. Casper, *Admitted Pro Hac Vice*
Robert E. Day, *Admitted Pro Hac Vice*
MONTGOMERY McCRACKEN WALKER
& RHOADS LLP
1735 Market Street, 20th Floor
Philadelphia, PA 19103
Tel: (215) 772-1500
ccasper@mmwr.com
rday@mmwr.com

7
8
9
10
11

Scott M. Danner, *Admitted Pro Hac Vice*
Priyanka Timblo, *Admitted Pro Hac Vice*
HOLWELL SCHUSTER & GOLDBERG LLP
425 Lexington Avenue
New York, NY 10017
Tel: (646) 837-5151
sdanner@hsgllp.com
ptimblo@hsgllp.com

*Attorneys for Defendant Valve Corporation*

12
13
14
15
16
17
18
19
20
21
22
23
24
25

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
SUMMARY JUDGMENT OPPOSITION FILINGS
CASE NO. 2:21-cv-00563-JNW – 15

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900