THE HONORABLE JAMAL N. WHITEHEAD

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

IN RE VALVE ANTITRUST LITIGATION

Civil Action No. 2:21-cv-00563-JNW

MICROSOFT CORPORATION'S RESPONSE IN SUPPORT OF VALVE CORPORATION'S SEPTEMBER 4 MOTION TO SEAL

Pursuant to Local Rule 5(g), Non-Party Microsoft Corporation ("Microsoft") respectfully requests that the Court grant (in part) the Motion to Seal Plaintiffs' opposition to Valve's motion for summary judgment, Dkt. 537, filed by Defendant Valve Corporation ("Valve") to keep information related to Microsoft's confidential cost and revenue information under seal.

Microsoft's request is limited to the information contained in Exhibit PX014 to the Declaration of Alicia Cobb, Dkt. 486-14 ("Exhibit PX014"), which reflects deposition testimony of Adam Fossa on behalf of Microsoft dated January 29, 2024. Microsoft takes no position on the other documents and information in Valve's Motion to Seal.

## BACKGROUND

Plaintiffs filed under seal the Declaration of Alicia Cobb, Dkt. 486, on July 24, 2025. Attached to that exhibit was Exhibit PX014, which contains deposition testimony that contains Microsoft's confidential information.

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Valve filed a motion to seal Plaintiffs' opposition filings, Dkt. 537, on September 4, 2025. Microsoft now responds to that motion and asks that portions of Exhibit PX014, as listed below, remain sealed on the record. Counsel for Plaintiffs and Valve do not oppose this request.

**LEGAL STANDARD**

Access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).

Documents that disclose confidential information, such as costs and revenue, that could harm a litigant in the competitive marketplace meet the "compelling reasons" standard and must be sealed. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (recognizing that courts have "refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing"); *Ctr. for Auto Safety*, 809 F.3d at 1097 (same); *J.R. Simplot Co. v. Wash. Potato Co.*, No. C16-1851RSM, 2016 WL 11066581, at *1 (W.D. Wash. Dec. 29, 2016) (compelling reasons supported sealing "confidential financial, pricing, and strategic planning information" because "public disclosure of this information would competitively harm [the litigants'] business and the businesses which they manage"); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (compelling reasons supported sealing redacted, "detailed product-specific financial information" including "costs, sales, profits, and profit margins" since the public disclosure of that information could give the litigants' suppliers "an advantage in contract negotiations, which they could use to extract price increases for their components"); *Wild Fish Conservancy v. Cooke Aquaculture Pac., LLC*, No. C17-1708-JCC, 2019 WL 2616640, at *12 (W.D. Wash. June 26, 2019) (finding compelling reasons to seal documents "that discuss confidential and proprietary information regarding Defendant's business operations"); *Healy v. Milliman, Inc.*, No. C20-1473-JCC, 2022 WL 1061921, at *4 (W.D. Wash. Apr. 8, 2022) (same); *Zunum Aero, Inc. v. Boeing Co.*, No. C21-0896JLR, 2024 WL 492228, at *4 (W.D. Wash. Feb. 8, 2024) (same).

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## ARGUMENT

### A. Compelling Reasons Support Keeping Microsoft's Confidential Cost and Revenue Information Disclosed During the Deposition of Adam Fossa Under Seal.

Compelling reasons support keeping selected portions of deposition testimony of Adam Fossa from January 29, 2024 under seal. *See* Third Decl. of Adam Fossa dated September 3, 2025 ("Third Fossa Decl."), ¶¶ 4–7.

First, the deposition testimony at lines 12:22–13:23 contains nonpublic estimates of the Microsoft Store's costs and would result in harm if publicly disclosed. Third Fossa Decl., ¶ 5. This excerpt of deposition testimony was also **already ordered sealed by the Court when it was included in other expert reports**. *Compare* Dkt. 266, ¶ 4 (seeking to seal the same information) *with* Dkt. 302 (sealing the same information). Additionally, knowledge of these estimated costs, if made available to Microsoft's competitors, could be used to the detriment of Microsoft. Third Fossa Decl., ¶ 5. Finally, in the regular course of business, Microsoft does not track its costs according to storefront, thus the elicited testimony is not based on any detailed financial analysis performed by Microsoft such as would exist in an audited financial statement and may not be accurate. *Id.* To the extent that the testimony does not reflect an accurate cost estimate, it may, if disclosed, cause confusion for financial advisors and Microsoft's investors. *Id.*

Second, the deposition testimony at lines 14:19–15:17 is also confidential and would result in harm if publicly disclosed. *Id.* ¶ 6. This testimony includes comparisons between the Microsoft Store and its competitors and would undermine Microsoft's relationships with third-party game publishers. *Id.* Specifically, third-party publishers could use this information in negotiations with Microsoft to gain a more favorable bargaining position, harming Microsoft in the competitive market. *Id.*

Third, the deposition testimony at lines 16:20–17:12 is also confidential and would result in harm if publicly disclosed. *Id.* ¶ 7. This testimony reflects non-public information about Microsoft's current pricing strategy for certain games. *Id.* If this information were disclosed, game

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

publishers, game distributors, and other distribution platforms could use it to undercut Microsoft's pricing strategies, thereby putting Microsoft at a competitive disadvantage. *Id.*

Thus, compelling reasons support keeping this information sealed. *See Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd.*, No. 3:18-CV-02109-BEN-LL, 2021 WL 1821376, at *4 (S.D. Cal. Mar. 15, 2021) (compelling reasons supported sealing deposition testimony related to "commercially sensitive facts"); *J.R. Simplot Co.*, 2016 WL 11066581, at *1 (compelling reasons supported sealing "confidential financial, pricing, and strategic planning information" to avoid causing harm).

**CONCLUSION**

For the foregoing reasons, the Court should seal the Microsoft confidential information contained in Exhibit PX014 at Dkt. 486-14.

I certify that this memorandum contains 919 words, in compliance with the Local Civil Rules.

Dated: September 5, 2025

By: /s/ *Cara Wallace*

Cara Wallace, Bar No. 50111
**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
CWallace@perkinscoie.com

Attorney for Microsoft Corp.

MICROSOFT'S RESPONSE ISO VALVE'S MOTION TO SEAL – 4
(No. 2:21-cv-00563-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000