THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | Civil Action No. 2:21-cv-00563-JNW<br><br>EPIC GAMES INC.'S RESPONSE IN SUPPORT OF VALVE CORPORATION'S MOTION TO SEAL |

Pursuant to Local Rule 5(g), Non-Party Epic Games, Inc. ("Epic") respectfully requests that the Court grant (in part) the Motion to Seal Plaintiffs' Opposition to Valve's Motion for Summary Judgment, Dkt. 537, filed by Defendant Valve Corporation ("Valve") to keep information related to Epic's business strategies for the Epic Games Store and employee information under seal.

Epic's request is limited to the information contained in Exhibit PX045 to the Declaration of Alicia Cobb, Dkt. 486-14 ("Exhibit PX045"), which contains Epic's confidential business information and personally identifiable information of Epic employees. Epic takes no position on the other documents and information in Valve's Motion to Seal.

## BACKGROUND

Plaintiffs filed under seal the Declaration of Alicia Cobb, Dkt. 486, on July 24, 2025. Attached to that exhibit was Exhibit PX045, which contains a presentation that contains Epic's confidential information.

EPIC'S RESPONSE TO VALVE'S MOTION TO SEAL – 1
(No. 2:21-cv-00563-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  Valve filed a motion to seal Plaintiffs' opposition filings, Dkt. 537, on September 4, 2025.
2  Epic now responds to that motion and asks that portions of Exhibit PX045, as listed below, remain
3  sealed on the record. Counsel for Plaintiffs and Valve do not oppose this request. Declaration of
4  Cara Wallace dated September 18, 2025 ("Wallace Decl."), ¶ 5.

## LEGAL STANDARD

Access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).

Documents that disclose confidential information that could harm a litigant in the competitive marketplace meet the "compelling reasons" standard and must be sealed. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (recognizing that courts have "refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing"); *Ctr. for Auto Safety*, 809 F.3d at 1097 (same); *J.R. Simplot Co. v. Wash. Potato Co.*, No. C16-1851RSM, 2016 WL 11066581, at *1 (W.D. Wash. Dec. 29, 2016) (compelling reasons supported sealing "confidential financial, pricing, and strategic planning information" because "public disclosure of this information would competitively harm [the litigants'] business and the businesses which they manage"); *Wild Fish Conservancy v. Cooke Aquaculture Pac., LLC*, No. C17-1708-JCC, 2019 WL 2616640, at *12 (W.D. Wash. June 26, 2019) (finding compelling reasons to seal documents "that discuss confidential and proprietary information regarding Defendant's business operations"). Preventing disclosure of PII is also an appropriate reason for sealing. *Sea Mar Cmty. Health Centers v. Accreditation Council for Graduate Med. Educ.*, No. 2:24-CV-896, 2025 WL 524285, at *1 (W.D. Wash. Feb. 18, 2025) (Whitehead, J.) (granting motion to redact names of individual employees of defendant)

RESPONSE TO VALVE'S MOTION TO SEAL – 2
(No. 2:21-cv-00563-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# ARGUMENT

Epic has narrowly tailored its request to cover confidential information that could cause serious harm to Epic if publicly released. Therefore, compelling reasons support keeping that information under seal.

### A. Compelling Reasons Support Keeping Contractual Terms Between Epic and Developers on the Epic Games Store Under Seal.

Compelling reasons support keeping PX045 at pages 26 and 28 (EPIC_VALVE_0000013 at EPIC_VALVE_0000037, 39) under seal. *See* Third Decl. of Kyle Billings dated September 19, 2025 ("Third Billings Decl."), ¶ 5. Epic does not share this information outside the organization, and does so even within the organization on a need-to-know basis only. *See* Third Billings Decl., ¶ 4.

Each of these pages reflect contractual terms between Epic and developers on the Epic Games Store and performance information related to certain titles on the Epic Games Store. *Id.* ¶ 5. Although these terms are from 2018 and 2019, they remain an aspect of Epic's current business strategy. *Id.* If these terms and performance information were publicly disclosed, Epic would be prejudiced in its present-day negotiations with game developers and its ability to negotiate would be negatively impacted. *Id.* For example, game developers would be able to use this information to compare their performance against other titles in negotiations with Epic, which would be to Epic's detriment. *Id.* Competitors could also use this information to make their licensing terms more attractive to game developers, which would also be to Epic's detriment. *Id.*

Thus, compelling reasons support keeping this information sealed. *See J.R. Simplot Co.*, 2016 WL 11066581, at *1 (compelling reasons supported sealing "confidential financial, pricing, and strategic planning information" because "public disclosure of this information would competitively harm [the litigants'] business and the businesses which they manage").

RESPONSE TO VALVE'S MOTION TO SEAL – 3
(No. 2:21-cv-00563-JNW)

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**B.      Compelling Reasons Support Keeping Personally Identifiable Information About Epic's Employees Under Seal.**

Compelling reasons also support keeping PX045 at pages 42–43 (EPIC_VALVE_0000013 at EPIC_VALVE_0000053–54) under seal because these pages contain personally identifiable information ("PII") of Epic employees. Wallace Decl., ¶ 3. Compelling reasons exist to seal court records that may "become a vehicle for improper purposes, such as the use of records to gratify private spite." *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Epic seeks to seal this information to protect the personal privacy of its employees and to prevent harassment or abuse. Wallace Decl. ¶ 4. Given that Epic distributes globally popular games, disclosure of PII increases the risk of player contact outside of Epic's appropriate channels if the names are disclosed.

Preventing disclosure of PII by sealing outweighs the public benefit of disclosure, which this Court has repeatedly recognized. *Sea Mar Cmty. Health Centers v. Accreditation Council for Graduate Med. Educ.*, No. 2:24-CV-896, 2025 WL 524285, at *1 (W.D. Wash. Feb. 18, 2025) (Whitehead, J.) (granting motion to redact names of individual employees of defendant); *see also* Dkt. 353 at 9 (seeking to seal PII of third parties) and Dkt. 361 (granting same).

### CONCLUSION

For the foregoing reasons, the Court should seal the Epic confidential information contained in Exhibit PX045 at pages 26, 28, 42, and 43.

I certify that this memorandum contains 952 words, in compliance with the Local Civil Rules.

Dated: September 19, 2025

By: /s/ *Cara Wallace*
Cara Wallace, Bar No. 50111
**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
CWallace@perkinscoie.com

Attorney for Epic Games, Inc.

RESPONSE TO VALVE'S MOTION TO SEAL – 4
(No. 2:21-cv-00563-JNW)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000