THE HON. JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | No. 2:21-cv-00563-JNW<br><br>**RYAN LALLY'S OPPOSITION TO VALVE'S MOTION TO FILE SUPPLEMENTAL BRIEF (DKT. 542)** |

Ryan Lally respectfully requests that the Court deny Defendant Valve Corporation's ("Valve") Motion for Leave to File Supplemental Brief in Further Opposition to Lally's Motion for Sanctions. ECF No. 542. The 'supplemental brief' Valve proffers is functionally a surreply, proscribed by the civil rules of this Court. *See* Local Rules W.D. Wash LCR 7(g).

Further, the improper surreply seeks to raise a new but meritless issue, long after briefing on Lally's Motion for Sanctions had concluded. Contrary to Valve's late argument, Lally retains standing as both he and Valve remain bound by the Court's October 25, 2021, order compelling arbitration and staying Lally's federal claims (the "Arbitration Order"). Lally therefore maintains

LALLY'S OPP. TO VALVE'S MOT. TO FILE SUPPL. AUTHORITY
CASE NO. 2:21-CV-00563-JNW

1

MASON LLP
5335 Wisconsin Ave. NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290

a concrete interest in seeking Valve's compliance with the Arbitration Order whether through sanctions or otherwise.

Moreover, in *Smith v. Spizzirri*, 144 S. Ct. 1173, 1178 (2024), the Supreme Court of the United States confirmed that a District Court has a supervisory role over parties compelled to arbitrate, as contemplated by § 3 of the Federal Arbitration Act ("FAA"). Even though the recently filed Consolidated Amended Class Action Complaint ("CAC") omits Lally as a Named Plaintiff, he remains a party subject to the Arbitration Order and is aggrieved by Valve's scheme to thwart arbitration. Thus, Lally has standing to seek sanctions for Valve's obstructive conduct contrary to the letter and spirit of the Arbitration Order compelling arbitration.

Finally, if there is any doubt as to Lally's continuing standing to seek sanctions against Valve for its obstructive conduct in arbitration, these concerns can easily be cured by granting Lally leave to intervene under Fed. R. Civ. P. 24 to allow Lally to continue to pursue his fully briefed sanctions motion, pending before the Court.

I.  **FACTUAL AND PROCEDURAL HISTORY**

On October 25, 2021, the Court granted Valve's motion to compel arbitration in part and ordered that the "Claims brought by the Consumer Plaintiffs [including Lally] are STAYED pending arbitration." ECF No. 66, p. 5.

Lally and thousands of other gamers subsequently filed their respective arbitrations claims against Valve with the American Arbitration Association ("AAA") in December of 2023. In response, Valve deployed various strategies to impede arbitration, culminating in Valve's strategic refusal to pay required AAA fees as invoiced by AAA. ECF No. 468, *passim*.

As a direct result of Valve's conduct, on May 15, 2025, AAA placed the affected arbitrations in abeyance specifically to allow the aggrieved claimants, including Lally, to seek judicial relief for Valve's obstructive conduct. *See* ECF No. 468-3, AAA May 15, 2025, email to counsel stating that AAA "will place these cases in abeyance pending a Court's Ruling in accordance with Claimants' request."

LALLY'S OPP. TO VALVE'S MOT.
TO FILE SUPPL. AUTHORITY
CASE NO. 2:21-CV-00563-JNW

2

MASON LLP
5335 Wisconsin Ave. NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290

Lally filed his Motion for Sanctions against Valve with this Court on June 11, 2025. ECF No. 467. The noting date for that motion was July 2, 2025. *Id.*

Valve filed its opposition brief on June 26, 2025. ECF No. 470.

The very next day, on June 27, 2025, consumers Hepler, Lancaster, and Colvin filed their CAC, claiming that Valve's September 26, 2024, updated subscriber agreement no longer mandated arbitration. ECF No. 473, passim, and n.1. Lally, whose claims remain stayed pending arbitration, was omitted from the CAC. *See* CAC, ECF No. 473; *see also* Court's Feb. 19, 2025, Order, ECF No. 428 (lifting the "the stay of this matter [...] as to the named Consumer Plaintiffs, except for Lally.")

Lally filed his Reply in Support his Motion for Sanctions on the motion noting date, July 2, 2025, thus completing briefing on Lally's sanctions motion. ECF No. 475.

Valve waited until September 9, 2025, to file its current Motion for Leave to File a Supplemental Brief—two and a half months after learning Lally was not named in the amended CAC—and more than two months after Lally's Motion for Sanctions was ready for this Court's consideration.

As discussed below, Valve's Motion for Leave is untimely, procedurally improper and ultimately seeks to raise a baseless standing argument that will needlessly multiply these proceedings and delay ruling on Lally's Motion for Sanctions.

II.    ARGUMENT

   A.  **Valve's Motion Is Procedurally Improper.**

Valve's Motion for Leave to file what amounts to a surreply is procedurally improper and should be denied. Local Civil Rule 7(g) governs surreplies in this jurisdiction, which "may only be filed 'to strike material contained in or attached to a reply brief.'" *McIntire v. Hous. Auth. of Snohomish Cnty.,* No. C22-1757-MLP, 2024 WL 1328697, at *1 (W.D. Wash. Mar. 28, 2024). Moreover, the party seeking to strike material from a reply brief "must file a notice of intent to file a surreply as soon after receiving the reply brief as practicable" and the "surreply must be filed

Lally's Opp. to Valve's Mot. to File Suppl. Authority
Case No. 2:21-cv-00563-JNW

3

Mason LLP
5335 Wisconsin Ave. NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290

within five days of the filing of the reply brief, and shall be strictly limited to addressing the request to strike. Extraneous argument *or a surreply filed for any other reason will not be considered*." LCR 7(g)(2) (italics added).

Valve's proposed supplemental brief satisfies none of these conditions. First, Valve does not seek to strike any material facts, or arguments from Lally's Reply Brief, or any other brief. Second, Valve waited two and a half months after Valve received the newly filed CAC and more than two months after Lally filed his Reply Brief on July 2, 2025, to seek leave to file its proposed 'supplemental brief.' Valve's motion further violates LCR 7(g) because Valve seeks to raise an entirely new argument in what is functionally a surreply to Lally's sanctions motion. Courts in this District routinely reject non-compliant surreplies that violate the requirements LCR 7(g). *See, e.g.*, *Hous. Auth. of Snohomish Cnty.*, at *1 (citing the requirements of LCR 7(g) and refusing to allow a surreply that failed to comply with the standards of LCR 7(g)); *GB Int'l v. Crandall*, 403 F. Supp. 3d 927, 931 n. 2 (W.D. Wash. 2019) (same); *Echlin v. Dynamic Collectors, Inc.*, 102 F. Supp. 3d 1179, 1181 n. 1 (W.D. Wash. 2015) (same).

Valve's Motion for Leave to File a Supplemental Brief in Further Opposition to Lally's Motion for Sanctions proffers a surreply and should be denied for failing to meet the requirements of LCR 7(g).

**B.  Lally Has Standing to Seek Sanctions.**

Lally has been, and continues to be, bound by the Court's Arbitration Order compelling Lally to arbitration and staying his claims ever since the Arbitration Order was issued on October 25, 2021.[1] As Lally is still subject to the Court's Arbitration Order compelling arbitration, and as Lally has been, and remains aggrieved by Valve's obstructive conduct, Lally continues to have standing to seek enforcement of the Court's Arbitration Order against Valve, including through Lally's sanctions motion. Simply put, Lally is an aggrieved party with respect to the Arbitration Order, and Lally has suffered actionable and redressable harm due to Valve's obstructive conduct

---

[1] *See* Order at ECF No. 428 (lifting the stay Order for consumer plaintiffs, except for Lally).

in arbitration which has *inter alia* delayed resolution of his claims and increased the cost and expense of arbitrating against Valve.[2] Whether Valve's conduct violates this Court's Arbitration Order is a concrete controversy that Lally has standing to raise, and that the Court clearly can redress through its inherent authority to enforce its own orders and punish parties that defy its authority. *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, *passim* (1991) (detailing the Court's inherent authority to impose sanctions for a wide variety of conduct both before and outside the presence of the court, including disobedience to court orders).

The Court also retains supervisory power over Valve and Lally after compelling arbitration and staying Lally's claims against Valve pending arbitration. As recently noted by the United States Supreme Court, the FAA requires district courts to stay—not dismiss—a party's claims pending arbitration so that the district judge can "play the supervisory role the FAA envisions," *Spizzirri*, 144 S. Ct. at 1178. "Keeping the suit on the court's docket makes good sense in light of this potential ongoing role, and *it avoids costs and complications that might arise if a party were required to bring a new suit and pay a new filing fee to invoke the FAA's procedural protections*." *Id.* (emphasis added). Because the Order compelling Lally to arbitration and staying his case is still in effect, the Court maintains supervisory power over both Lally and Valve.

Valve's reliance on *Habelt v. iRhythm Techs., Inc.*, 83 F.4th 1162, 1164 (9th Cir. 2023), *cert. denied*, 145 S. Ct. 144 (2024) is easily distinguished. First, the issue in *Habelt* was whether a former class plaintiff that was removed from a class action complaint had standing to file an appeal in a case where a class was never certified and dismissed pursuant to Rule 12(b)(6). The Court found that Habelt was not a party and did not have standing to appeal the dismissal as an absent class member where the class was never certified. This issue is far different from the standing issue Valve seeks to raise here: whether a party subject to an order compelling arbitration has standing

---

[2] See *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–561 (1992) (standing generally requires an actual concrete and particularized "injury in fact," that is non-speculative and fairly traceable to the challenged conduct of the defendant, and that will likely be redressed by a favorable decision).

LALLY'S OPP. TO VALVE'S MOT. TO FILE SUPPL. AUTHORITY
CASE NO. 2:21-CV-00563-JNW

5

MASON LLP
5335 Wisconsin Ave. NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290

to enforce the Court's order (or seek sanctions) against the defendant that moved to compel arbitration. Here, Lally is not seeking to appeal a dismissal of an uncertified class action as an absent class member, but instead is seeking to sanction Valve for failing to arbitrate in accordance with the Arbitration Order. Lally's standing to seek sanctions for Valve's conduct thwarting arbitration emanates directly from the Arbitration Order that continues to bind both Lally and Valve, not from Lally's status as a named plaintiff or the status of his claim against Valve that has been, and remains, stayed since 2021.

### C. Intervention Under FRCP 24 Would Eliminate Any Residual Standing Concern.

Should the Court be uncertain about Lally's continued standing to pursue sanctions for Valve's conduct in arbitration, intervention under Rule 24 of the Federal Rules of Civil Procedure would provide an immediate cure. Intervention as of right requires a timely motion wherein the intervenor (1) "claims an interest relating to the property or transaction that is the subject of the action," and; (2) "is so situated where disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Ninth Circuit applies this standard "liberally in favor of potential intervenors" *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (citation omitted).

Lally can meet each element for intervention of right. As for timeliness, if there is any doubt regarding Lally's continuing standing to seek sanctions against Valve, Lally would seek to intervene promptly. Lally also has the requisite protectable interest. Here, the Arbitration Order expressly binds both Lally and Valve, and Lally seeks relief from Valve's obstructive conduct in arbitration. With respect to the impairment prong, Valve's arbitration fee-refusal and other conduct blocking arbitration threatens to nullify Lally's right to that forum. Absent intervention, his interest would remain unprotected and in procedural limbo since Valve's conduct has resulted in both a stay of his claims before both this Court and before the AAA.

LALLY'S OPP. TO VALVE'S MOT.
TO FILE SUPPL. AUTHORITY
CASE NO. 2:21-CV-00563-JNW

6

**MASON LLP**
5335 Wisconsin Ave. NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290

Lally would also be able to establish inadequate representation of Lally's interest by the current CAC plaintiffs, as none of them share Lally's objective to arbitrate against Valve and instead are litigating their class claims in Court. Likewise, on information and belief, none of the other original consumer plaintiffs named in any of the prior class actions complaints, other than Lally, pursued arbitration claims against Valve and most appear to have since voluntarily dismissed their court claims against Valve opting to proceed as absent class members instead. *See e.g.*, ECF Nos. 507, 533 & 445. Simply put, no current or former named consumer plaintiff is able to protect Lally's interest in seeking sanctions for Valve failing to arbitrate, as none are seeking arbitration against Valve pursuant to the Arbitration Order.

Granting Lally leave to intervene as of right here would moot Valve's proposed standing objection and allow the Court to decide Lally's fully briefed sanctions motion without further delay or additional briefing.

### III. CONCLUSION

Because Lally remains subject to (and seeks enforcement of) the Arbitration Order, he continues to have standing to pursue sanctions against Valve for obstructing arbitration. Valve's Motion for Leave to File a Supplemental Brief in Further Opposition to Lally's Sanctions Motion is procedurally defective, substantively lacking, and should be denied. In the alternative, the Court should grant Lally leave to intervene which would moot Valve's standing argument and allow the Court to rule on Lally's sanctions motion without further delays.

DATED this 24th day of September, 2025.

I certify that this memorandum contains 2,289 words, in compliance with the Local Civil Rules.

Respectfully submitted,

By: */s/ Gary E. Mason*
**MASON LLP**
Gary E. Mason (*pro hac vice*)
Theodore B. Bell (*pro hac vice* )

LALLY'S OPP. TO VALVE'S MOT. TO FILE SUPPL. AUTHORITY
CASE NO. 2:21-CV-00563-JNW

7

**MASON LLP**
5335 Wisconsin Ave. NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290

Danielle L. Perry (*pro hac vice*)
Jacob D. Eisenberg (*pro hac vice*)
5335 Wisconsin Avenue NW, Suite 640
Washington, DC 20015
Telephone: (202) 429-2290
Email: gmason@masonllp.com
Email: tbell@masonllp.com
Email: dperry@masonllp.com
Email: jeisenberg@masonllp.com

*/s/ Michael C. Subit*
**FRANK FREED SUBIT & THOMAS LLP**
Michael C. Subit, WSBA No. 29189
Hoge Building
705 Second Avenue, Suite 1200
Seattle, Washington 98104-1729
Telephone: (206) 682-6711
Fax: (206) 682-0401
Email: msubit@frankfreed.com

*Local Counsel for Plaintiff*

LALLY'S OPP. TO VALVE'S MOT. TO FILE SUPPL. AUTHORITY
CASE NO. 2:21-CV-00563-JNW

8

**MASON LLP**
5335 Wisconsin Ave. NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290