THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | No. 2:21-cv-00563-JNW<br><br>**VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL SUMMARY JUDGMENT REPLY FILINGS**<br><br>**NOTE ON MOTION CALENDAR:**<br>October 27, 2025 |

### I.  RELIEF REQUESTED

Pursuant to the July 2, 2025 Stipulation and Order (Dkt. 477, 478), the Protective Order (Dkt. 95), and LCR 5(g), Valve brings this unopposed motion ("Motion") to maintain under seal certain highly confidential, proprietary, and commercially sensitive information about Valve and third parties in the following documents (referred to as the "Sealed Documents"). A full list of the Sealed Documents appears in the Declaration of Blake Marks-Dias submitted herewith. Plaintiffs do not oppose Valve's proposed sealing and redactions.

Valve's proposed sealing and redactions closely follow Judge Coughenour's guidance in his prior orders regarding Valve's motions to seal. *See* Dkts. 236, 336 & 361 ("Prior Sealing Orders"). Valve focuses its sealing requests on the type of information previously ordered

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
SUMMARY JUDGMENT REPLY FILINGS
CASE NO. 2:21-cv-00563-JNW – 1

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

sealed, including financial information and information that "implicate[s] a third party's business practices or Defendant's alleged competitive (*i.e.*, permissible) business practices." Dkt. 236 at 3. Compelling reasons exist to maintain the Sealed Documents under seal.

## II. BASIS FOR SEALING

In addition to those found in the Prior Sealing Orders, compelling reasons to seal the Sealed Documents are established in:

(1) The previously filed Declaration of Scott Lynch in Support of Valve's August 7, 2025 Motion to Seal[1] ("Lynch Decl.") (Dkt. 503);

(2) The previously filed Declaration of Scott Lynch in Support of Valve's Motion to Seal Plaintiffs' Motion for Class Certification and Supporting Exhibits (Dkt. 226) ("Sealed Lynch Decl."), which was filed under seal and details Valve's extensive efforts to protect Valve's and third parties' confidential financial and business information and establishes the competitive harm from disclosure of such information; and

(3) The Declaration of Blake Marks-Dias in Support of Valve's Motion to Seal ("Sealing Marks-Dias Decl.") filed herewith.

Valve's proposed redactions are shown in the highlighted portions of the exhibits to the Sealing Marks-Dias Declaration.

## III. THE INFORMATION VALVE REQUESTS BE SEALED.

The Sealed Documents contain disclosures of competitively sensitive business and financial information in these categories:

1. <u>Confidential Valve financial information</u>. This includes highly confidential

---

[1] Consistent with the presumption favoring public access, detailed information revealing confidential information sought to be sealed or harm from its public disclosure is not being filed under seal in this Motion or the previously submitted Lynch Declaration (Dkt. 503). Where necessary, Valve references the prior Sealed Lynch Decl. for further information. If the Court requires additional information related to anything discussed in this motion or the Lynch Declaration, Valve respectfully requests an opportunity to submit it under seal.

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
SUMMARY JUDGMENT REPLY FILINGS
CASE NO. 2:21-cv-00563-JNW – 2

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

information regarding Steam sales and revenues, as well as internal Valve financial and profit information that is not publicly known or disclosed by Valve in the ordinary course of business. Lynch Decl. ¶8. Where possible, Valve seeks sealing and redaction of only the numbers necessary to preserve confidentiality of this information.

2. <u>Confidential third-party business information</u>. This includes information regarding third parties who distribute their games on Steam. *Id.* ¶15. Where possible Valve limits its sealing and redaction requests to third-party names to anonymize such information. The Court previously found compelling reasons to seal information that "implicate[s] a third party's business practices." Dkt. 236 at 3.

3. <u>Contracts with third parties</u>. Third parties distribute their apps through Steam under contracts called Steam Distribution Agreements ("SDAs"). The SDA in the Sealed Documents discloses the specific business terms of Valve's relationship with third parties. Lynch Decl. ¶23. For this document, Valve seeks sealing of portions disclosing the substance of business terms, similar to the Court's prior redactions.

4. <u>Information purchased from data vendors solely for litigation use</u>. Valve purchased market and industry data from third-party data vendor Circana solely for litigation use. Lynch Decl. ¶40. Circana contractually requires Valve to keep that data confidential to preserve the economic value Circana derives from its secrecy and would suffer economic injury and competitive harm if it were made publicly available for free (*id.* ¶¶40-42), which "implicate[s] a third party's business practices." Dkt. 236 at 3.

5. <u>Market share and size information</u>. Valve seeks to seal information relating to

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
SUMMARY JUDGMENT REPLY FILINGS
CASE NO. 2:21-cv-00563-JNW – 3

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

the size of the alleged market and various industry participants' share of that alleged market (Lynch Decl. ¶43), similar or identical to information previously sealed by the Court.

## IV.   ARGUMENT

### A.   Legal Standard

The strong presumption favoring public access to judicial records is not absolute and can be overcome. *Kamakana v. Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). A party seeking to seal court documents overcomes it by showing the interests and facts warranting sealing, describing the injury from unsealing, and showing why there is no less restrictive alternative. LCR 5(g)(3)(B). Generally, compelling reasons justify sealing court documents if they "'become a vehicle for improper purposes,'" such as releasing proprietary financial, decision-making, strategy, and operations information that would harm litigants' competitive standing. *Raner v. Fun Pimps Ent. LLC*, 2024 WL 1049964, at *2 (W.D. Wash. Mar. 11, 2024) (quoting *Kamakana*, 447 F.3d at 1179)).

The Court previously found compelling reasons to seal information similar or identical to many of the disclosures in the Sealed Documents, including disclosures of:

(1) Valve's confidential financial information (Dkt. 237[2] at 9, 14, 27; Dkt. 237-1 at 11, 66, 69–70, 90, 115; Dkt. 246 at 1; Dkt. 336 at 2; Dkt. 361 at 1)

(2) Confidential third-party business and financial information (Dkt. 237 at 20–22, 31; Dkt. 237-1 at 108–09, 111–12; Dkt. 336 at 2; Dkt. 361 at 1);

(3) Information that "implicate[s] a third party's business practices" (Dkt. 236 at 3; Dkt. 336 at 2; Dkt. 361 at 1);

(4) SDAs and related communications (Dkt. 237 at 16–18; Dkt. 237-1 at 102; Dkt. 361 at 1);

---

[2] All references to Dkt. 237 and 237-1 are to the ECF page number.

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
SUMMARY JUDGMENT REPLY FILINGS
CASE NO. 2:21-cv-00563-JNW – 4

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

(5) Market share and size information (Dkt. 237 at 11:21; 21:25–26; 27:21–22; Dkt. 361 at 1).

**B. Valve's Minimal Redactions Are Unopposed, Align with the Court's Prior Decisions, and are Unrelated to the Public Interest.**

Consistent with the Court's Prior Sealing Orders, LCR 5(g), and the Protective Order, Valve seeks to redact or seal only numbers, facts, and other identifying information that is not necessary to aid the public in understanding the parties' position and the judicial process. *See, e.g.*, *Coloplast A/S v. Generic Medical Devices, Inc.*, 2012 WL 3629037, at *1–2 (W.D. Wash. Aug. 22, 2012). Valve is requesting only narrow sealing and redactions. The proposed redactions still allow the substance of these documents and information to be determinable, while protecting Valve's and third parties' legitimate commercial and privacy interests.

No public interest justifies disclosure of the Sealed Documents, which concern only the confidential and proprietary business and financial information of Valve and third parties. The public right to access "is reduced when applied to confidential and proprietary business records." *Olberg v. Allstate Ins. Co.*, 2021 WL 1208588, at *1 (W.D. Wash. Mar. 31, 2021) (citation omitted). That is the case here, where the Sealed Documents do not affect public health or safety and do not concern public entities or officials.

The specific information Valve seeks to seal is the same confidential and commercially sensitive business information that courts have recognized as having little public value. *See In re Zillow Grp., Inc. S'holder Derivative Litig.*, 2019 WL 3428664, at *2 (W.D. Wash. July 30, 2019); *Amazon*, 2016 WL 4447049, at *2; *Douglas v. Xerox Bus. Servs. LLC*, 2014 WL 12641056, at *1 (W.D. Wash. Apr. 11, 2014); *see also* Dkt. 236. Moreover, the information in the Sealed Documents is of comparatively little use in enhancing the public's understanding of the judicial process. *See, e.g.*, *Richardson v. Mylan, Inc.*, 2011 WL 837148, at *2 (S.D. Cal. Mar. 9, 2011).

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
SUMMARY JUDGMENT REPLY FILINGS
CASE NO. 2:21-cv-00563-JNW – 5

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

There is no relief short of redacting the information in the Sealed Documents that would sufficiently protect Valve and third parties from the significant harm of their public disclosure. *See Zunum Aero, Inc. v. Boeing Co.*, 2023 WL 7180636, at *2 (W.D. Wash. Nov. 1, 2023); *Gomo v. NetApp, Inc.*, 2019 WL 1170775, at *2 (N.D. Cal. Mar. 13, 2019).

C.  **Disclosure of the Sealed Documents Will Cause Competitive Harm to Valve and Third Parties**

Valve takes extensive measures to protect each category of information in the Sealed Documents. Lynch Decl. ¶9; Sealed Lynch Decl. ¶¶18–33. Disclosure of the information Valve seeks to seal in the Sealed Documents will cause substantial competitive and economic harm to Valve and third parties. Lynch Decl. ¶12; Sealed Lynch Decl. ¶¶34–43, 47, 57–58, 71, 73–103, 105–121. Further detail is provided below, in the Lynch Declaration, and in the Sealed Lynch Declaration.

1.  **Confidential Valve Financial Information.**

The Sealed Documents contain highly sensitive Valve's financial information. Lynch Decl. ¶8. The economic and competitive harm to Valve from disclosure of this information is established in the Lynch Decl. ¶¶8–9, 12 and Sealed Lynch Decl. ¶¶34–37, 47. Among other harms, disclosure would give Valve's competitors unfair insight into Valve's business models, pricing, sales, marketing, and other strategies, which could give them unfair advantage in developing rival products, as well as give them insight into its current and future decision-making, which is often guided by past financial performance. *Id.* Valve narrowly tailored its sealing requests and seeks only to seal the specific numbers and percentages necessary to preserve confidentiality of its financial information.

The Court previously found compelling reasons to seal identical or similar information. *Supra,* Section IV.A. Valve's sealing requests are consistent with those prior sealing decisions and case law. *Wright v. State Farm Fire and Casualty Company*, 2025, WL 278083, at *2 (W.D.

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL SUMMARY JUDGMENT REPLY FILINGS
CASE NO. 2:21-cv-00563-JNW – 6

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Wash. Jan. 23, 2025) (Whitehead, J.) (recognizing "potential economic harms caused by publications of internal company performance measures and goals" and sealing same); *Raner*, 2024 WL 1049964, at *3 (sealing "expert analysis of the company's revenues, expenses, and profit calculations"); *Clean Crawl, Inc. v. Crawl Space Cleaning Pros, Inc.*, 2020 WL 978267, at *2 (W.D. Wash. Feb. 28, 2020) (sealing "expert report[s] containing business valuation and projections"); *Clean Crawl, Inc. v. Crawl Space Cleaning Pros, Inc.*, 2019 WL 6829886, at *1–2 (W.D. Wash. Dec. 13, 2019) (sealing confidential "historical, present, and projected financial data"); *Benanav v. Healthy Paws Pet Ins. LLC*, 2023 WL 8648962, at *4 (W.D. Wash. Dec. 14, 2023) (sealing "premium pricing and costs, rate elements, profit margins, and business and marketing strategies"); *FTC v. Amazon.com, Inc.*, 2016 WL 4447049, at *2 (W.D. Wash. Aug. 24, 2016) (sealing financial and business data).

### 2. Confidential third-party business information.

Valve seeks to seal third-party information described *supra* and Lynch Decl. ¶¶15–16, including information subject to SDA provisions obligating Valve to keep partner communications confidential. Sealed Lynch Decl. ¶¶43, 47, 55–59.

Valve narrowly tailored its sealing requests to seek sealing only of third-party names. The Court previously found compelling reasons to seal such information and should do so again here. *See, e.g.*, Dkt. 236 at 3 (finding compelling reasons to seal information that "implicate[s] a third party's business practices"); Dkt. 237 at 14 (sealing third party identifying information in Steam Key discussion) & 16–18 (sealing information identifying third parties discussing pricing with Valve); Dkt. 237-1 at 58–59 (sealing Valve discussions with third party about free-to-play games), 93 (sealing third party identifying information in Steam Key discussion), 102, 108–09, 112 (sealing third party identifying information in their communications with Valve about non-Steam versions of games). *see also Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1219, 1225 (Fed. Cir. 2013).

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
SUMMARY JUDGMENT REPLY FILINGS
CASE NO. 2:21-cv-00563-JNW – 7

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

### 3. **Contracts with third parties and related communications.**

The Sealed Documents include SDAs between Valve and third parties and related communications, which disclose the business terms of the parties' relationship and negotiations about them and which are subject to confidentiality agreements between the parties. Lynch Decl. ¶23; Sealed Lynch Decl. ¶¶55–70. Among other harms, disclosure would negatively impact Valve's and third parties' ability to negotiate contracts, and disclosure would disrupt Valve's business relationships with third parties who rely on confidentiality of the terms on which they agreed to do business with Valve. Lynch Decl. ¶24; Sealed Lynch Decl., ¶¶57–58.

Judge Coughenour already found compelling reasons for sealing SDAs and related communications. Dkt. 237 at 11 n. 4 & 31; 14; Dkt. 237-1 at 62, 102. Similarly, other "[c]ourts regularly find that litigants may file under seal contracts with third parties that contain proprietary and confidential business information." *Finisar Corp. v. Nistica, Inc.*, 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015); *see also Nicolosi Distrib., Inc. v. Finishmaster, Inc.*, 2018 WL 10758114, at *2–3 (N.D. Cal. Aug. 28, 2018); *ImprimisRx, LLC v. OSRX, Inc.*, 2023 WL 7029210, at *3 (S.D. Cal. Oct. 24, 2023).

### 4. **Valve's confidential business practices, decision-making, and revenue share information.**

The Court previously found compelling reasons to seal information regarding "Defendant's alleged competitive (*i.e.*, permissible) business practices." Dkt. 236 at 3; *see also* Dkt. 237 at 11 n. 4, 14, 22, 29, 31; Dkt. 237-1 at 18–19, 58–59, 62–63, 101–04, 108–09. The Court also previously found compelling reasons to seal Valve's highly confidential financial information and revenue share information. Dkt. 237-1 at 11, 18, 69. The Sealed Documents include similar revenue share information.

Disclosure of the information Valve seeks to seal would hurt Valve's competitive standing and cause other harms. *See* Lynch Decl. ¶¶33–34; Sealed Lynch Decl. ¶¶47–54, 71–103. For example, disclosure would give Valve's competitors unfair insight into its business

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
SUMMARY JUDGMENT REPLY FILINGS
CASE NO. 2:21-cv-00563-JNW – 8

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

models, decision-making and reasoning, policies, pricing, and other strategies; reveal how Valve negotiates and structures business relationships, impairing Valve's ability to negotiate future contracts; and provide bad actors information that could be used to mount attacks against Valve's network, its business operations, or employees. *Id.*

Consistent with the Prior Sealing Orders, Valve carefully tailored its sealing and redaction requests to only highly confidential and competitively sensitive business information. Courts regularly find compelling reasons to seal similar proprietary business information in internal documentation and communications. *See, e.g.*, *Burrows v. 3M Company*, 2023 WL 1345429, at *3 (W.D. Wash. Jan. 31, 2023) (sealing confidential business information); *Edifecs*, 2019 WL 5618822, at *2 (same); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (same); *Menzel v. Scholastic, Inc.*, 2019 WL 6896145, at *1 (N.D. Cal. Dec. 18, 2019) (same).

### 5.    Information Purchased from Data Vendors for Litigation Purposes.

Valve purchased industry and market information from third-party data vendor Circana solely for use in this litigation. Lynch Decl. ¶41. The Court previously found compelling reasons to seal information related to market size and share, as well as information related to Valve and third party sales. *See, e.g.*, Dkt. 237 at 11 (market share information), 21 (same), 27 (same); Dkt. 237-1 at 70 (market share and size). Further compelling reasons exist to seal the information Valve purchased from Circana for litigation purposes because this proprietary information is not publicly available; instead, Circana only made it available to Valve under strict confidentiality terms that require Valve to maintain its secrecy. Lynch Decl. ¶41. Circana bases its business on the confidentiality of the data that it collects, analyzes, and sells—free public disclosure of that data would prevent it from selling that data, causing economic and competitive harm and "implicat[ing] a third party's business practices." *Id.* ¶40. Accordingly, compelling reasons justify sealing this information.

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
SUMMARY JUDGMENT REPLY FILINGS
CASE NO. 2:21-cv-00563-JNW – 9

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**6.    Market Share Information.**

The Court previously sealed market share and market size information (*see* Section IV.A, *supra*). Such information could also reveal or be used to reverse-engineer Valve's highly confidential financial information or information purchased from third-party data vendors for litigation. Lynch Decl. ¶¶43–44. The market share and size references in the Sealed Documents should be sealed for these reasons, consistent with prior sealing of this type of information.

## V.    CERTIFICATION

Pursuant to LCR 5(g)(3)(A), Valve's counsel certify they conferred with Plaintiffs' counsel in good faith by email on September 19, 2025 regarding the need to maintain the Sealed Documents under seal. Sealing Marks-Dias Decl. ¶10. Plaintiffs concurred with Valve's proposed redactions.

## VI.    CONCLUSION

Valve has presented specific factual findings about the harms caused by release of the Sealed Documents that outweigh public disclosure. Valve has also followed the court's orders and narrowly tailored its sealing requests. Plaintiffs concur with Valve's proposed redactions. Valve respectfully requests that the Court maintain the Sealed Documents under seal and permit Valve to file the redacted versions of the Sealed Documents for public access.

I certify that this memorandum contains 2,715 words, in compliance with the Local Civil Rules.

DATED this 2nd day of October, 2025.

CORR CRONIN LLP

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10
Seattle, WA 98104

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL SUMMARY JUDGMENT REPLY FILINGS
CASE NO. 2:21-cv-00563-JNW – 10

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

|  |  |
|---|---|
| 1 | Tel: (206) 625-8600 |
| 2 | Fax: (206) 625-0900 |
|   | bmarksdias@corrcronin.com |

3  Rakesh Kilaru, *Admitted Pro Hac Vice*
4  James Rosenthal, *Admitted Pro Hac Vice*
   Max Warren, *Admitted Pro Hac Vice*
5  David Friedman, *Admitted Pro Hac Vice*
   WILKINSON STEKLOFF LLP
6  2001 M Street NW, 10th Floor
   Washington, DC 20036
7  Tel: (202) 847-4000
   Fax: (202) 847-4005
8  rkilaru@wilkinsonstekloff.com
   jrosenthal@wilkinsonstekloff.com
9  mwarren@wilkinsonstekloff.com
10 dfriedman@wilkinsonstekloff.com

11 Keri L. Arnold, *Admitted Pro Hac Vice*
   Ralia E. Polechronis, *Admitted Pro Hac Vice*
12 Caroline Li, *Admitted Pro Hac Vice*
   WILKINSON STEKLOFF LLP
13 130 West 42nd Street, 24th Floor
   New York, New York 10036
14 Tel: (212) 294-8910
15 Fax: (202) 847-4005
   karnold@wilkinsonstekloff.com
16 rpolechronis@wilkinsonstekloff.com
   cli@wilkinsonstekloff.com
17

18 Jessica M. Rizzo, *Admitted Pro Hac Vice*
   BALLARD SPAHR LLP
19 1735 Market Street, Floor 51
   Philadelphia, PA 19103
20 Tel: (215) 665-8500
   Fax: (215) 864-8999
21 rizzoj@ballardspahr.com
22
   Nathan M. Buchter, *Admitted Pro Hac Vice*
23 FOX ROTHSCHILD LLP
   2000 Market Street STE 20TH FL
24 Philadelphia, PA 19103
   Tel: (215) 299-3010
25 nbuchter@foxrothschild.com

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
SUMMARY JUDGMENT REPLY FILINGS
CASE NO. 2:21-cv-00563-JNW – 11

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

|  |  |
|---|---|
| 1 | |
| 2 | Charles B. Casper, *Admitted Pro Hac Vice* |
|   | Robert E. Day, *Admitted Pro Hac Vice* |
| 3 | |
|   | MONTGOMERY McCRACKEN WALKER |
| 4 | & RHOADS LLP |
|   | 1735 Market Street, 20th Floor |
| 5 | Philadelphia, PA 19103 |
|   | Tel: (215) 772-1500 |
| 6 | ccasper@mmwr.com |
|   | rday@mmwr.com |
| 7 | Scott M. Danner, *Admitted Pro Hac Vice* |
|   | Priyanka Timblo, *Admitted Pro Hac Vice* |
| 8 | HOLWELL SCHUSTER & GOLDBERG |
|   | LLP |
| 9 | 425 Lexington Avenue |
|   | New York, NY 10017 |
| 10 | Tel: (646) 837-5151 |
|   | sdanner@hsgllp.com |
| 11 | ptimblo@hsgllp.com |
| 12 | |
|   | *Attorneys for Defendant Valve Corporation* |
| 13 | |

VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL
SUMMARY JUDGMENT REPLY FILINGS
CASE NO. 2:21-cv-00563-JNW – 12

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900