THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE VALVE ANTITRUST LITIGATION

No. 2:21-cv-00563-JNW

**DEFENDANT VALVE CORPORATION'S REPLY IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF STEVEN SCHWARTZ**

**ORAL ARGUMENT REQUESTED**

**FILED UNDER SEAL**

DEFENDANT VALVE CORPORATION'S REPLY ISO
MOTION TO EXCLUDE STEVEN SCHWARTZ
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

**TABLE OF AUTHORITIES**

**Cases**                                                                                                      **Page(s)**

*Comcast Corp. v. Behrend*,
   569 U.S. 27 (2013) ........................................................................................................... 6

*De Coster v. Amazon.com, Inc.*,
   2025 WL 1970287 (W.D. Wash. 2025) ..................................................................... 5, 6

*In re Bextra & Celebrex Mktg. Sales Pracs. & Prod. Liab. Litig.*,
   524 F. Supp. 2d 1166 (N.D. Cal. 2007) .......................................................................... 3

*In re Viagra (Sildenafil Citrate) & Cialis (Tadalafil) Prods. Liab. Litig.*,
   424 F. Supp. 3d 781 (N.D. Cal. 2020) ........................................................................... 3

*Ohio v. American Express*,
   585 U.S. 529 (2018) ..................................................................................................... 1, 5

*Rebel Oil Co. v. Atl. Richfield Co.*,
   51 F.3d 1421 (9th Cir. 1995) ............................................................................................ 2

*Scanlan v. Anheuser-Busch, Inc.*,
   388 F.2d 918 (9th Cir. 1968) ............................................................................................ 6

*Tevra Brands LLC v. Bayer HealthCare LLC*,
   2024 WL 2261946 (N.D. Cal. 2024) ............................................................................... 4

DEFENDANT VALVE CORPORATION'S REPLY ISO
MOTION TO EXCLUDE STEVEN SCHWARTZ - i
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

# INTRODUCTION

Plaintiffs' opposition defends Dr. Schwartz only by mischaracterizing the record, his methods, and his opinions. While Valve stands by all its arguments, this reply focuses on Dr. Schwartz's opinions on market definition and impact. Absent his inadmissible testimony, Plaintiffs have no proof on these essential elements, requiring summary judgment for Valve.

On market definition, Plaintiffs do not dispute any of Valve's methodological criticisms, which highlight the myriad ways Dr. Schwartz cherry-picked evidence and departed from sound scientific principles to try to salvage Plaintiffs' case. Plaintiffs instead raise a series of procedural arguments, but none of them work. The Court did not previously address the critiques Valve raises here because at the class certification stage, Dr. Schwartz did not know whether his market excluded so-called "first-party distribution." He has since decided it does, giving rise to the argument Valve now makes. And while Plaintiffs try to minimize the absurd results of Dr. Schwartz's methodology by claiming they occur only in the consumer side of the market, that argument is squarely contrary to *Ohio v. American Express*, 585 U.S. 529 (2018). An expert must address *both* sides of a two-sided market, and Plaintiffs are now asking the Court to ignore one side to save Dr. Schwartz.

As to impact, while Plaintiffs suggest Dr. Schwartz has multiple models on this central issue, he testified to the contrary. Plaintiffs' only defense of Dr. Schwartz's Platform Competition Model ("PCM")—their primary evidence of impact—is a single opinion allowing a different model to be used by a different expert in a different case. But the relevant question is whether *Dr. Schwartz's* PCM is a reliable model that fits the facts of *this case*. It does not.

# ARGUMENT

## I. DR. SCHWARTZ'S GERRYMANDERED MARKET DEFINITION IS UNTETHERED TO ANY RELIABLE METHODOLOGY

Dr. Schwartz apparently engineered his market to try to save Plaintiffs' case. His market bears little resemblance to the market referenced in the Complaint—the "PC game distribution

DEFENDANT VALVE CORPORATION'S REPLY ISO
MOTION TO EXCLUDE STEVEN SCHWARTZ - 1
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

market." *See, e.g.*, Dkt. 127 (Second Consolidated Am. Class Action Compl. ("SCAC")) ¶¶ 26, 60, 67. That is because discovery exposed that claim as a dead end. Valve's share in such a market[1] averaged roughly ■ percent during the class period, regardless of whether it encompasses all PC game distribution, or the narrower scope this Court referenced at class certification. Dkt. 450-3 (Chiou Corrected Rpt.) ¶¶ 279, 308; *cf.* Dkt. 392 at 17 (referencing the "PC video game digital distribution market"). Dr. Schwartz never disputes those numbers or the unavoidable conclusion that Valve lacks market power in such a market. *See generally* Dkt. 450-1 (Schwartz Rebuttal Rpt.) ¶¶ 86–94 (responding to other market share criticisms but not to these calculations); *Rebel Oil Co. v. Atl. Richfield Co.*, 51 F.3d 1421, 1438 (9th Cir. 1995) ("[N]umerous cases hold that a market share of less than 50 percent is presumptively insufficient to establish market power.").

Instead, Dr. Schwartz now, after class certification, contends that the relevant market is "third-party digital PC game distribution via platforms." *Id.* ¶ 18. By erasing "first-party distribution"—*i.e.*, sales made through a channel owned or operated by a game's publisher—he artificially shrinks the market and thus inflates Valve's alleged share. This artificial shrinkage is no small matter: some of the most popular games ever (*e.g.*, *Fortnite*, *Roblox*, and *Minecraft*) are distributed that way. *See, e.g.*, Dkt. 450-3 (Chiou Corrected Rpt.) ¶ 56.

Plaintiffs do not dispute *any* of the methodological errors Dr. Schwartz committed in order to arrive at this gerrymandered market, including that:

- He cannot name a single expert who has constructed a similar market in a case involving video games, Mot. 4;
- He cannot identify any other industry where the first- versus- third-party distinction would be relevant to market definition, *id.*;
- He has not cited a single document in the record that identifies a market with the same firms and exclusions, *id.* (and the two documents Plaintiffs' counsel have identified in their

---

[1] Valve does not concede that it is appropriate to limit a market to PC game sales, *e.g.*, to exclude console game sales. Dkt. 450-3 (Chiou Corrected Rpt.) ¶¶ 190–267.

DEFENDANT VALVE CORPORATION'S REPLY ISO
MOTION TO EXCLUDE STEVEN SCHWARTZ - 2
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

opposition do not actually endorse the market Dr. Schwartz has set forth, Dkt. 450-9 (EPIC_VALVE_0000364) (defining the market and calculating market shares using a different list of firms than the list Dr. Schwartz creates); Dkt. 456-24 (VALVE_ANT_1568128) (showing a market share estimate in some undefined market));

- He does not know the "context or source" for the documents he uses to calculate his market share; in other words, he has no way to know if the data are reliable or if he is comparing apples and oranges, Mot. 6.

- He ignored data sources that Plaintiffs' *other expert admits are reliable*, Mot. 4; and

- He excluded distributors from his market that are indistinguishable from firms in his market, without any data supporting those decisions, Mot. 5–6.

These are all textbook *Daubert* problems—evidence of an expert who has cherry-picked his inputs and taken internally inconsistent positions because of the outcomes they generate. *See, e.g.*, *In re Viagra (Sildenafil Citrate) & Cialis (Tadalafil) Prods. Liab. Litig.*, 424 F. Supp. 3d 781, 797 (N.D. Cal. 2020); *In re Bextra & Celebrex Mktg. Sales Pracs. & Prod. Liab. Litig.*, 524 F. Supp. 2d 1166, 1176 (N.D. Cal. 2007).

Instead of engaging with these critiques, Plaintiffs offer three superficial responses that fail on the record in this case.

*First*, Plaintiffs wrongly claim that the Court already rejected these arguments. But Valve did not make these specific arguments before, for good reason. Dkt. 232 (Valve's Mot. to Exclude Schwartz) at 3–6, 10–12. Before merits expert discovery, Dr. Schwartz *did not know* whether first-party distribution was in his market. Ex. 1 (Schwartz Class Dep.) 55:24–58:13 (stating that the market could be defined to include or exclude such distribution). Perhaps confirming the point, the Court never mentioned a market for "third-party digital PC game distribution via platforms" in its class certification ruling. Only after the Court issued its class certification decision did Dr. Schwartz clarify his opinion on first-party distribution, leading to Valve's argument now. Dkt. 450-2 (Schwartz Opening Rpt.) ¶¶ 83–95; Ex. 2 (Schwartz Dep.) 22:22–24:8, 90:20–97:9.

DEFENDANT VALVE CORPORATION'S REPLY ISO
MOTION TO EXCLUDE STEVEN SCHWARTZ - 3
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

*Second*, Plaintiffs attempt to rewrite Dr. Schwartz's opinions on market definition as an application of established economic methods, but the methods they invoke in their opposition do not match what Dr. Schwartz actually did. Dr. Schwartz admits that he did *not* conduct a hypothetical monopolist test ("HMT/SSNIP test"), a market definition test accepted by the Merger Guidelines,[2] to determine which distributors are in the market. Dkt. 450-2 (Schwartz Opening Rpt.) ¶ 55; Dkt. 450-3 (Chiou Corrected Rpt.) ¶ 69. Plaintiffs try to spin that concession into a claim that Dr. Schwartz conducted a "qualitative form of the HMT." Opp'n 2. But in the sole decision Plaintiffs cite as endorsing that approach, the expert at issue was a *defense* expert with "no responsibility to put forth a market definition." *Tevra Brands LLC v. Bayer HealthCare LLC*, 2024 WL 2261946, at *2 (N.D. Cal. 2024). Moreover, the expert conducted a market survey and also relied on the types of documentary evidence "that can be used to implement the HMT." *Id.* at *3–6. Here, Dr. Schwartz did nothing of the sort. *See supra* at 2–3.

Plaintiffs' claim that Dr. Schwartz conducted a *Brown Shoe* analysis is similarly inaccurate. Opp'n 2. Dr. Schwartz ignores entirely some *Brown Shoe* factors that do not support his position, such as whether first- and third-party distribution target distinct sets of customers on both sides of the platform, whether they involve unique production facilities, or whether they involve specialized vendors. As to other factors, he picks and chooses his evidence, for example, by ignoring significant evidence that market participants do not view first-party and third-party distribution as separate. *See, e.g.*, Dkt. 450-6 (Schwartz Dep. Ex. 30).

*Third*, in its opening brief, Valve highlighted the absurd results Dr. Schwartz's market definition creates, such as sales of *Call of Duty* moving from outside the market to inside the market based on the closing date of a merger. Ex. 2 (Schwartz Dep.) 90:20–97:9. In response, Plaintiffs try to diminish these results by incredulously claiming they somehow exist only on the consumer side of the platform. *See* Opp'n 4–5. But as Plaintiffs themselves note, *id.* at 5, any

---

[2] U.S. Dep't of Just. & FTC, "Merger Guidelines" at 41–42, Dec. 18, 2023, https://www.justice.gov/d9/2023-12/2023%20Merger%20Guidelines.pdf.

DEFENDANT VALVE CORPORATION'S REPLY ISO
MOTION TO EXCLUDE STEVEN SCHWARTZ - 4
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

reliable evaluation of the relevant market must take into account "both sides" of the platform, *see Ohio v. Am. Express Co.* ("*Amex*"), 585 U.S. 529, 547 (2018). The fact that Dr. Schwartz's model yields absurd results on the consumer side of the platform is a reason to exclude his analysis, not embrace it. *Cf.* Dkt. 450-3 (Chiou Corrected Rpt.) ¶ 154 n.285.

## II. DR. SCHWARTZ HAS NO RELIABLE MODEL OF COMMON IMPACT

Perhaps recognizing that the PCM is a thin reed for establishing the critical issue of antitrust impact, Plaintiffs now belatedly attempt to find support in Dr. Schwartz's damages model and purported yardsticks. Opp'n 8. This effort fails. Dr. Schwartz testified that his damages model "assumes liability," Ex. 2 (Schwartz Dep.) 344:17–22, and impact is a key element of liability. Plaintiffs cannot rewrite Dr. Schwartz's unequivocal testimony to cast his damages model as an alternative impact model. Likewise, Plaintiffs and Dr. Schwartz have never suggested that his superficial comparison to online platforms in other industries such as vacation home rentals, or his one-sided analysis of the Epic Games Store—his claimed "yardstick" and "empirical" approaches—would be enough to establish common impact standing alone. Mot. 10–11.

So to establish common impact, Plaintiffs need the PCM. The Court need not resolve any "battle of the experts" to conclude that the PCM does not satisfy Rule 702. For starters, Plaintiffs do not dispute that the Boik and Corts paper on which Dr. Schwartz's PCM rests sets forth a piece of theory rather than an empirical model. *See* Dkt. 450-11 (Langer Rpt.) ¶ 68; Ex. 3 (Langer Dep.) 67:5–68:2, 71:7–22. The *only* authority Plaintiffs cite in defense of Dr. Schwartz's extrapolation from Boik and Corts is one of the recent decisions in *De Coster v. Amazon.com, Inc.*, 2025 WL 1970287 (W.D. Wash. 2025). But there, the district court accepted an expert's use of a *different* model derived from Boik and Corts and only after concluding that the expert's model, as implemented, reasonably reflected the market at issue in that case. Significant to the court's analysis, the *De Coster* expert applied his model to real-world transactional data from 236 million items. *De Coster*, 2025 WL 1970287, at *5–6. Dr. Schwartz's PCM, by contrast, applies to just one hypothetical game offered on Steam and a hypothetical, unnamed alternative platform. Dkt.

DEFENDANT VALVE CORPORATION'S REPLY ISO
MOTION TO EXCLUDE STEVEN SCHWARTZ - 5
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

450-1 (Schwartz Rebuttal Rpt.) ¶¶ 301–03. Further, the PCM starkly departs from reality. As just one example, the model here predicts that publishers lose money on every game they sell on Steam—a result that Dr. Schwartz admits makes no sense and quite obviously does not match the real world. Dkt. 450-2 (Schwartz Opening Rpt.) ¶¶ 335–37; Ex. 2 (Schwartz Dep.) 267:20–277:24; *Scanlan v. Anheuser-Busch, Inc.*, 388 F.2d 918, 921 (9th Cir. 1968).

The PCM is also fundamentally inconsistent with Plaintiffs' liability theory—a separate flaw not addressed by *De Coster*. Dr. Schwartz's PCM requires perfect price parity across all publishers and all games, enforced without exception. Dkt. 450-13 (Schwartz Suppl. Rpt.), Suppl. Table 4; Dkt. 450-1 (Schwartz Rebuttal Rpt.), Table 3. By contrast, the theory of liability Dr. Schwartz has now set forth—after multiple revisions—is that Valve selectively and imperfectly enforces price parity on a tiny set of publishers. Ex. 2 (Schwartz Dep.) 161:6–163:14, 167:17–172:16**.** The model of impact Plaintiffs proffered to obtain class certification (which is unsupported by facts) thus does not match the liability theory they intend to put forth at trial. That violates *Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013), but it also underscores the broader issue with Dr. Schwartz. Offering flagrantly inconsistent and shifting opinions simply because they support Plaintiffs' then-current arguments at various stages of the case is not sound science—it is impermissibly results-oriented analysis that requires exclusion under *Daubert* and Rule 702.

## CONCLUSION

For the reasons above, and set forth in Valve's opening brief, Valve respectfully requests that the Court exclude Dr. Schwartz's opinions on market definition, antitrust impact, and damages, as well as his accounting opinions.

DEFENDANT VALVE CORPORATION'S REPLY ISO
MOTION TO EXCLUDE STEVEN SCHWARTZ - 6
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

DATED this 25th day of August, 2025.

*I certify that this memorandum contains 2,077 words, in compliance with the Local Civil Rules.*

WILKINSON STEKLOFF LLP

*s/ Rakesh Kilaru*
Rakesh Kilaru, *Admitted Pro Hac Vice*
James Rosenthal, *Admitted Pro Hac Vice*
Max Warren, *Admitted Pro Hac Vice*
David Friedman, *Admitted Pro Hac Vice*
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000
Fax: (202) 847-4005
rkilaru@wilkinsonstekloff.com
jrosenthal@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com
dfriedman@wilkinsonstekloff.com

Keri L. Arnold, *Admitted Pro Hac Vice*
Ralia E. Polechronis, *Admitted Pro Hac Vice*
Caroline Li, *Admitted Pro Hac Vice*
WILKINSON STEKLOFF LLP
130 West 42nd Street, 24th Floor
New York, New York 10036
Tel: (212) 294-8910
Fax: (202) 847-4005
karnold@wilkinsonstekloff.com
rpolechronis@wilkinsonstekloff.com
cli@wilkinsonstekloff.com

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104
Tel: (206) 625-8600
Fax: (206) 625-0900
bmarksdias@corrcronin.com

Jessica M. Rizzo, *Admitted Pro Hac Vice*
BALLARD SPAHR LLP
1735 Market Street, Floor 51
Philadelphia, PA 19103
Tel: (215) 665-8500
Fax: (215) 864-8999
rizzoj@ballardspahr.com

DEFENDANT VALVE CORPORATION'S REPLY ISO
MOTION TO EXCLUDE STEVEN SCHWARTZ - 7
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

<div style="columns:2">

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

</div>

Nathan M. Buchter, *Admitted Pro Hac Vice*
FOX ROTHSCHILD LLP
Two Commerce Square
2001 Market Street, Suite 1700
Philadelphia, PA 19103
Tel: (215) 299-3010
nbuchter@foxrothschild.com

Charles B. Casper, *Admitted Pro Hac Vice*
Robert E. Day, *Admitted Pro Hac Vice*
MONTGOMERY McCRACKEN WALKER &
RHOADS LLP
1735 Market Street, 20th Floor
Philadelphia, PA 19103
Tel: (215) 772-1500
ccasper@mmwr.com
rday@mmwr.com

Scott M. Danner, *Admitted Pro Hac Vice*
Priyanka Timblo, *Admitted Pro Hac Vice*
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue
New York, NY 10017
Tel: (646) 837-5151
sdanner@hsgllp.com
ptimblo@hsgllp.com

*Attorneys for Defendant Valve Corporation*

DEFENDANT VALVE CORPORATION'S REPLY ISO
MOTION TO EXCLUDE STEVEN SCHWARTZ - 8
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005