THE HON. JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | No. 2:21-cv-00563-JNW<br><br>**RYAN LALLY'S REPLY TO VALVE'S SUPPLEMENTAL BRIEF IN FURTHER OPPOSITION TO MOTION FOR SANCTIONS**<br>**(ECF No. 564)**<br><br>NOTE ON MOTION CALENDAR:<br>November 12, 2025 |

Ryan Lally respectfully requests that the Court grant his Motion for Sanctions, notwithstanding the standing issue Defendant Valve Corporation ("Valve") raises in its Supplemental Brief in Further Opposition to Ryan Lally's Motion for Sanctions. ECF No. 564. Valve contends that Ryan Lally no longer has standing in the instant action to seek sanctions against it as the recently filed consumers' Consolidated Amended Class Action Complaint (the "CAC," ECF No. 473), does not name Lally as a Plaintiff. Not so. Lally retains standing because both he and Valve remain bound by the Court's October 25, 2021, Order compelling arbitration (the "Arbitration Order," ECF No. 66) and Lally has suffered concrete harm from Valve's failure

LALLY'S REPLY TO VALVE'S SUPPL.
BR. IN OPP. TO MOT. FOR SANCTIONS
CASE NO. 2:21-CV-00563-JNW

1

MASON LLP
5335 Wisconsin Ave. NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290

to arbitrate. Thus, Lally continues to have standing to seek Valve's compliance with the Arbitration Order through sanctions, or otherwise.

Moreover, in *Smith v. Spizzirri*, 144 S. Ct. 1173, 1178 (2024), the Supreme Court confirmed that a district court that stays an action pending arbitration maintains a supervisory role over the parties compelled to arbitrate as contemplated by § 3 of the Federal Arbitration Act ("FAA"). Thus, even if the CAC omits Lally as a Named Plaintiff, he remains a party subject to the Arbitration Order and is aggrieved by Valve's scheme to thwart arbitration. Lally thus has continued standing to seek sanctions for Valve's obstructive conduct. To the extent any doubt remains as to Lally's continued standing to seek sanctions here, these concerns can easily be cured by granting him leave to intervene under Fed. R. Civ. P. 24.

I. **FACTUAL AND PROCEDURAL HISTORY**

On October 25, 2021, the Court granted Valve's motion to compel arbitration in part and ordered that the "Claims brought by the Consumer Plaintiffs [including Lally] are STAYED pending arbitration." ECF No. 66, p. 5.

Lally and thousands of other gamers subsequently filed their respective arbitrations claims against Valve with the American Arbitration Association ("AAA") in December of 2023. In response, Valve deployed various strategies to impede arbitration, culminating in Valve's strategic refusal to pay required AAA fees as invoiced by AAA. *See* Lally's Motion for Sanctions, ECF No. 467, *passim*.

As a direct result of Valve's conduct, on May 15, 2025, AAA placed the affected arbitrations in abeyance specifically to allow the aggrieved claimants, including Lally, to seek judicial relief for Valve's obstructive conduct. *See* ECF No. 468-3, AAA May 15, 2025, email to counsel stating that AAA "will place these cases in abeyance pending a Court's Ruling in accordance with Claimants' request."

Lally filed his Motion for Sanctions against Valve with this Court on June 11, 2025. ECF No. 467. Valve filed its opposition brief on June 26, 2025. ECF No. 470.

LALLY'S REPLY TO VALVE'S SUPPL. BR. IN OPP. TO MOT. FOR SANCTIONS
CASE NO. 2:21-CV-00563-JNW

2

MASON LLP
5335 Wisconsin Ave. NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290

1    The very next day, on June 27, 2025, proposed consumer class representatives Hepler, Lancaster, and Colvin filed their CAC, claiming that Valve's September 26, 2024, Revised Steam Subscriber Agreement ("SSA") no longer mandated arbitration. CAC, ECF No. 473, *passim* and at 4 n.1. Lally, whose claims remain stayed pending arbitration, was omitted from the CAC. *See* CAC, ECF No. 473; *see also* Court's Feb. 19, 2025, Order, ECF No. 428 (lifting "the stay of this matter [...] as to the named Consumer Plaintiffs, except for Lally.")

Lally filed his Reply in Support of his Motion for Sanctions on the motion noting date, July 2, 2025, thus completing briefing on Lally's sanctions motion. ECF No. 475.

Valve waited until September 9, 2025, to file its Motion for Leave to File a Supplemental Brief—two and a half months after learning Lally was not named in the amended CAC—and more than two months after Lally's Motion for Sanctions was ripe for consideration. ECF No. 542.

## II.    ARGUMENT

### A.    Lally Has Standing to Seek Sanctions.

Lally has been, and continues to be, bound by the Arbitration Order compelling him to arbitration and staying his claims. *See* Order, ECF No. 428 (lifting the stay for consumer plaintiffs, except Lally, because Lally is arbitrating his claims). As Lally and Valve are subject to the Arbitration Order and Lally remains aggrieved by Valve's obstructive conduct, Lally continues to have standing to seek enforcement of the Arbitration Order against Valve, including through his sanctions motion. Valve's obstructive conduct in court-ordered arbitration has caused Lally a redressable injury-in-fact by, *inter alia*, delaying resolution of his claims and increasing the cost and expense of arbitrating against Valve. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (articulating the general standing requirements). Whether Valve's conduct violates the Arbitration Order is a concrete controversy that Lally has standing to raise here, and that the Court can redress through its inherent authority to enforce its own orders and punish parties that defy its authority. *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, *passim* (1991) (detailing the court's inherent authority to impose sanctions for a wide variety of conduct both before and outside the

LALLY'S REPLY TO VALVE'S SUPPL.
BR. IN OPP. TO MOT. FOR SANCTIONS                3
CASE NO. 2:21-CV-00563-JNW

MASON LLP
5335 Wisconsin Ave. NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290

presence of the court, including disobedience to court orders).

Moreover, this Court retained supervisory power over Valve and Lally when it compelled arbitration and stayed Lally's claims. As the U.S. Supreme Court recently held, the FAA requires district courts to stay—not dismiss—a party's claims pending arbitration as that "comports with the supervisory role that the FAA envisions for the courts." *Spizzirri*, 144 S. Ct. at 1178. In fact, "[k]eeping the suit on the court's docket makes good sense in light of this potential ongoing role, and it avoids costs and complications that might arise if a party were required to bring a new suit and pay a new filing fee to invoke the FAA's procedural protections." *Id.* Because the Arbitration Order is still in effect and the arbitration is still pending, this Court's supervisory power over the parties persists.[1] This is especially true here, where AAA has placed the arbitrations in abeyance to allow the claimants, including Lally, to seek judicial relief for Valve's conduct in arbitration. *See* Decl. of Gary E. Mason, ECF No. 468 at 3, ¶¶ 16–17.

Further, Valve's reliance on *Habelt v. iRhythm Techs., Inc.*, 83 F.4th 1162, 1166 (9th Cir. 2023), *cert. denied*, 145 S. Ct. 144 (2024), is misplaced. First, the issue in *Habelt* was whether a former class plaintiff who was removed from a class action complaint had standing to appeal the Rule 12(b)(6) dismissal of a case as an absent class member where a class was never certified. The court there found that the appellant did not have standing to appeal, not only because she was a

---

[1] *See also Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240 (3d Cir. 2013), explaining:

> Indeed, by closing the case—rather than dismissing it—the court maintained an implicit supervisory role over the arbitration. This allowed the parties to return to the same courtroom if problems arose during the arbitration—for example, if the proposed arbitrators were unavailable, one of the parties failed to show up for arbitration, or even, as Freeman alleges, the arbitrator violated 9 U.S.C. § 10(a). To put it another way, the court's order required it to act as a judicial backstop in the event that the arbitration fell apart. This practice is not only permissible but also laudable. When problems arise during arbitration, it often makes sense for the parties to return to a judge who is already familiar with the case.

*Id.* at 248.

LALLY'S REPLY TO VALVE'S SUPPL.
BR. IN OPP. TO MOT. FOR SANCTIONS
CASE NO. 2:21-CV-00563-JNW

4

MASON LLP
5335 Wisconsin Ave. NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290

non-party and thus not bound by any order of the Court, unlike Lally here, but also because she failed to meet any exceptions that would confer standing on her. *See id.* at 1167 (noting "[a] non-party may have standing to appeal when she, (1) ... though not a party, participated in the district court proceedings, and (2) the equities of the case weigh in favor of hearing the appeal.") (cleaned up and citations omitted).

Here Lally has actively participated in these proceedings, Lally and Valve are bound by the Court's Arbitration Order, Lally has been harmed by Valve's refusal to arbitrate, AAA has placed the arbitrations in abeyance to allow Claimants to seek relief for Valve's conduct from the Courts, and the Court here maintains a supervisory role with respect to arbitration. Thus, the issue of standing considered in *Habelt* is far different from the issue of Lally's standing to enforce an order compelling arbitration through sanctions. Lally's standing to seek sanctions flows directly from the Arbitration Order that continues to bind both Lally and Valve, not from Lally's status as a Named Plaintiff or the status of his claim against Valve that has been and remains stayed since 2021.

**B.    Intervention Under FRCP 24 Would Eliminate Any Residual Standing Concern.**

Should the Court be uncertain about Lally's continued standing to pursue sanctions for Valve's conduct in arbitration, intervention under Fed. R. Civ. P. 24 would provide an immediate cure. *See Habelt* at 1167 (confirming non-parties could seek intervention to overcome standing issues). Intervention as of right may be granted on a timely motion where, *inter alia*, the intervenor "claims an interest relating to the property or transaction that is the subject of the action," and "is so situated where disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Ninth Circuit applies this standard "liberally in favor of potential intervenors," and is "guided primarily by practical considerations, not technical distinctions." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (citations and internal quotations omitted).

LALLY'S REPLY TO VALVE'S SUPPL. BR. IN OPP. TO MOT. FOR SANCTIONS
CASE NO. 2:21-CV-00563-JNW

5

MASON LLP
5335 Wisconsin Ave. NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290

Lally can meet each element for intervention of right. As for timeliness, if there is any doubt regarding Lally's continuing standing to seek sanctions against Valve, Lally would seek to intervene promptly. Lally also has the requisite protectable interest. Here, the Arbitration Order expressly binds both Lally and Valve, and Lally seeks relief from Valve's obstructive conduct in arbitration. With respect to impairment, Valve's arbitration fee-refusal and other conduct blocking arbitration threatens to nullify Lally's right to that forum. Absent intervention, his interest would remain unprotected and in procedural limbo since Valve's conduct has resulted in both a stay of his claims before both this Court and before the AAA.

Lally would also be able to establish inadequate representation of Lally's interest by the current CAC plaintiffs, as none of them share Lally's objective to arbitrate against Valve and instead are litigating their class claims in court. Likewise, on information and belief, none of the other original consumer plaintiffs named in any of the prior class actions complaints, other than Lally, pursued arbitration claims against Valve and most appear to have since voluntarily dismissed their court claims against Valve, and proceeding as absent class members instead. *See e.g.*, ECF Nos. 445, 507, and 533. Simply put, no current or former named consumer plaintiff can protect Lally's interest in seeking sanctions for Valve failing to arbitrate, as none are seeking arbitration against Valve pursuant to the Arbitration Order.

Should the Court find that Lally is not entitled to intervention as of right, it should grant him permissive intervention under Fed R. Civ. P. 24(b)(1)(B).

Granting Lally leave to intervene here would moot Valve's proposed standing objection and allow the Court to decide Lally's fully briefed sanctions motion without further delay or additional briefing.

### III. CONCLUSION

Because Lally remains subject to (and seeks enforcement of) the Arbitration Order, he continues to have standing to pursue sanctions against Valve for obstructing arbitration. *Accordingly,* notwithstanding Valve's new standing argument, Lally's Motion for Sanctions should be granted. In the alternative, the Court should grant Lally

LALLY'S REPLY TO VALVE'S SUPPL.
BR. IN OPP. TO MOT. FOR SANCTIONS
CASE NO. 2:21-CV-00563-JNW

6

MASON LLP
5335 Wisconsin Ave. NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290

leave to intervene which would moot Valve's standing argument and allow the Court to rule on Lally's sanctions motion without further delay.

DATED this 12th day of November 2025.

I certify that this memorandum contains 1,940 words, in compliance with the Court's 2,100-word limit. (Order, ECF No. 563).

Respectfully submitted,

By: /s/ Gary E. Mason
**MASON LLP**
Gary E. Mason (*pro hac vice*)
Theodore B. Bell (*pro hac vice* )
Danielle L. Perry (*pro hac vice*)
Jacob D. Eisenberg (*pro hac vice*)
5335 Wisconsin Avenue NW, Suite 640
Washington, DC 20015
Telephone: (202) 429-2290
Email: gmason@masonllp.com
Email: tbell@masonllp.com
Email: dperry@masonllp.com
Email: jeisenberg@masonllp.com


/s/ Michael C. Subit
**FRANK FREED SUBIT & THOMAS LLP**
Michael C. Subit, WSBA No. 29189
Hoge Building
705 Second Avenue, Suite 1200
Seattle, Washington 98104-1729
Telephone: (206) 682-6711
Fax: (206) 682-0401
Email: msubit@frankfreed.com

*Local Counsel for Plaintiff*

LALLY'S REPLY TO VALVE'S SUPPL. BR. IN OPP. TO MOT. FOR SANCTIONS
CASE NO. 2:21-CV-00563-JNW

7

MASON LLP
5335 Wisconsin Ave. NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290