THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE VALVE ANTITRUST LITIGATION

No. 2:21-cv-00563-JNW

**DEFENDANT VALVE CORPORATION'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Valve Corporation respectfully submits this Notice of Supplemental Authority in support of its pending Motion for Summary Judgment, Motion to Exclude the Opinions of Dr. Schwartz, and Motion to Dismiss. (Dkts. 449, 453, 523.)

On November 18, 2025, Judge James E. Boasberg issued the attached opinion in *FTC v. Meta Platforms, Inc.*, --- F. Supp. 3d ----, 2025 WL 3211725 (D.D.C. 2025), rejecting a claim of monopolization against Meta Platforms, Inc., which operates Facebook and Instagram. Specifically, Judge Boasberg concluded that Meta "holds no monopoly in the relevant market" for its social media platforms. *Id.* at *1. Valve briefly highlights two portions of that opinion:

*First*, Judge Boasberg rejected the FTC's argument that "Meta must hold a monopoly because it has long earned profits that exceed its cost of capital." *Id.* at *11. As he explained, "it is always treacherous to try to infer monopoly power from a high rate of return" because there are many reasons "why one firm is more profitable than its rivals: shrewd management, exceptional

DEFENDANT VALVE CORPORATION'S NOTICE OF
SUPPLEMENTAL AUTHORITY - 1
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

efficiency, booming demand, or risky investments that hit big." *Id.* (citation modified). In that case, for instance, Meta's "handsome profits" may have been driven by its "impressive technology" and "risky investments that paid off," as opposed to anticompetitive behavior. *Id.* at *12. That inference was particularly strong because "Meta has never raised its apps' nominal price" while "continuously improv[ing]" its apps by adding "scores of new features." *Id.*

*Second*, Judge Boasberg rejected the FTC's attempts to manufacture a monopoly by defining an artificially narrow market. *Id.* at *37. Judge Boasberg found that the FTC's proposed market did not "ma[k]e sense." *Id.* at *1. In so holding, he relied on evidence of the increasing similarities or "convergence" between products that the FTC attempted to exclude from the market, *id.* at *7, *28–31; industry recognition that the market is broader, *id.* at *31–32; the lack of "unique production facilities," which made it easy for TikTok (and other firms) to quickly enter the market; and overlapping customer bases between products inside and outside the FTC's market, *id.* at *33. With just TikTok included, Facebook's market share was nowhere near the "guideposts" provided by caselaw for monopoly power, which the Supreme Court has suggested requires a market share of at least 75%. *See id.* at *37–38.

A copy of Judge Boasberg's opinion is attached for the Court's convenience.

DATED this 1st day of December, 2025.

WILKINSON STEKLOFF LLP

*s/ Rakesh Kilaru*
Rakesh Kilaru, *Admitted Pro Hac Vice*
James Rosenthal, *Admitted Pro Hac Vice*
Max Warren, *Admitted Pro Hac Vice*
David Friedman, *Admitted Pro Hac Vice*
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000
Fax: (202) 847-4005
rkilaru@wilkinsonstekloff.com
jrosenthal@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com
dfriedman@wilkinsonstekloff.com

DEFENDANT VALVE CORPORATION'S NOTICE OF
SUPPLEMENTAL AUTHORITY - 2
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

|   |   |
|---|---|
| 1 | Keri L. Arnold, *Admitted Pro Hac Vice* |
| 2 | Ralia E. Polechronis, *Admitted Pro Hac Vice* |
|   | Caroline Li, *Admitted Pro Hac Vice* |
| 3 | WILKINSON STEKLOFF LLP |
|   | 130 West 42nd Street, 24th Floor |
| 4 | New York, New York 10036 |
|   | Tel: (212) 294-8910 |
| 5 | Fax: (202) 847-4005 |
|   | karnold@wilkinsonstekloff.com |
| 6 | rpolechronis@wilkinsonstekloff.com |
|   | cli@wilkinsonstekloff.com |

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com

Jessica M. Rizzo, *Admitted Pro Hac Vice*
BALLARD SPAHR LLP
1735 Market Street, Floor 51
Philadelphia, PA 19103
(215) 665-8500 (Phone)
(215) 864-8999 (Fax)
rizzoj@ballardspahr.com

Nathan M. Buchter, *Admitted Pro Hac Vice*
FOX ROTHSCHILD LLP
2000 Market Street STE 20TH FL
Philadelphia, PA 19103
Telephone (215) 299-3010
nbuchter@foxrothschild.com

Charles B. Casper, *Admitted Pro Hac Vice*
Robert E. Day, *Admitted Pro Hac Vice*
MONTGOMERY McCRACKEN WALKER & RHOADS LLP
1735 Market Street, 20th Floor
Philadelphia, PA 19103
Telephone (215) 772-1500
ccasper@mmwr.com
rday@mmwr.com

DEFENDANT VALVE CORPORATION'S NOTICE OF SUPPLEMENTAL AUTHORITY - 3
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

Scott M. Danner, *Admitted Pro Hac Vice*
Priyanka Timblo, *Admitted Pro Hac Vice*
HOLWELL SCHUSTER & GOLDBERG LLP
425 Lexington Avenue
New York, NY 10017
(646) 837-5151 (Phone)
sdanner@hsgllp.com
ptimblo@hsgllp.com

*Attorneys for Defendant Valve Corporation*

DEFENDANT VALVE CORPORATION'S NOTICE OF
SUPPLEMENTAL AUTHORITY - 4
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005