THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | Case No. 2:21-cv-00563-JNW<br><br>**PLAINTIFFS' RESPONSE TO VALVE CORPORATION'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>**NOTE ON MOTION CALENDAR:**<br>**August 25, 2025** |

PLAINTIFFS' RESPONSE TO VALVE CORPORATION'S
NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO. 2:21-CV-00563-JNW

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

Plaintiffs provide the following response to Valve's notice of supplemental authority [Dkt. 571/572]:

**First**, Valve's "additional authority" does not support its summary judgment and *Daubert* motions, because it is a **bench trial** decision, where the court had previously **denied** summary judgment, *see FTC v. Meta*, 775 F. Supp. 3d 16 (D.D.C. 2024), and then held "a lengthy bench trial, hearing from myriad witnesses throughout the industry, as well as from dueling sets of experts." *FTC v. Meta*, 2025 WL 3211725, at *1 (D.D.C. Nov. 18, 2025). The *Meta* decision thus shows that the Court should deny Valve's pending motions and give a jury the same opportunity to weigh the evidence.

**Second**, Valve omits the *Meta* court's observation that "[p]ersistent profits above the cost of capital may indeed suggest monopoly power." *Id.* at *11 (citing, inter alia, *FTC v. Actavis, Inc.*, 570 U.S. 136, 157 (2013)). Profitability evidence was introduced at trial because it is relevant to the monopoly power inquiry; the court, as the trier of fact, simply found "the FTC's story about monopoly profits" unpersuasive because, if it were true, then Meta's recent "shift[] away from friend sharing and toward unconnected video" should have led to lower profits, but the opposite occurred. *Id.* at *12. Here, there is no such inconsistency, *see* Dkt. 484 at 2–4, and the only way to resolve the parties' dispute about the implications of Valve's astronomical and long-lasting profitability is for the jury to weigh each side's evidence and argument.

**Third**, while Valve argues "Judge Boasberg found that the FTC's proposed market did not 'ma[k]e sense[,]'" Dkt. 572 at 3, that was based on the "particulars" of that case, *Meta*, 2025 WL 3211725, at *2, including empirical evidence of substitution from TikTok and YouTube, which contradicted the FTC's proposed market definition. *Id.* at *19–23. Further, in that injunctive relief case, where current market dynamics mattered because the FTC sought an ongoing injunction, the *Meta* court noted that "[t]he landscape that existed only five years ago when the Federal Trade Commission brought this antitrust suit has changed markedly." *Id.* at *1.

Specifically, the *Meta* court remarked, "Facebook and Instagram have significantly transformed over the last several years . . . The Facebook and Instagram that exist today bear

PLAINTIFFS' RESPONSE TO VALVE CORPORATION'S NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO. 2:21-CV-00563-JNW

1

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

little resemblance to the versions that readers might remember from the 2010s." *Id.* at *2, *4. At that time, "both apps primarily showed content from users' friends — you might log on to Facebook and see a friend's post on your wall, then open up Instagram to a feed full of pictures from your friends' weekends." *Id.* at *4. "A majority of Americans' time on Facebook [and Instagram] is now spent watching videos." *Id.* Today, "both apps have shifted to primarily showing Reels," which "are entirely unconnected" from friends' accounts and are "indistinguishable [from] TikTok video[s]." *Id.* at *4, *12. For this reason, the *Meta* court recognized, "While it once might have made sense to partition apps into separate markets of social networking and social media, that wall has since broken down." *Id.* at *1.

The focus in this case is past market dynamics (i.e., during the class period), not the future, and Valve has identified no similar seismic shift in Steam's primary purpose during the class period: it was and remains the distribution of third-party digital PC games, and Valve still has monopoly power in that market. *See* Dkt. 483 at 3–5. Even if Valve had identified a change analogous to competition from TikTok in *Meta*, the fact remains that the only way to determine whether Plaintiffs or Valve are right about market definition is to hold a trial.

***Finally***, while Valve suggests the *Meta* court found a defendant needs 75% market share to have monopoly power, (a) the Ninth Circuit disagrees, *see Image Tech. Servs., Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1206 (9th Cir. 1997) (65% for *prima facie* case of market power, but less may still suffice); and (b) in any event, Valve's share far exceeds 75%. *See* Dkt. 483 at 5.

DATED:     December 2, 2025                    Respectfully submitted,

| /s/ Matthew Hosen | /s/ Tyre L. Tindall |
|---|---|
| Matthew Hosen, WSBA #54855 | Tyre L. Tindall, WSBA #56357 |
| Alicia Cobb, WSBA #48685 | McKinney Wheeler, WSBA #60635 |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | WILSON SONSINI GOODRICH & ROSATI P.C. |
| 1109 First Avenue, Suite 210 | 701 Fifth Avenue, Suite 5100 |
| Seattle, Washington 98101 | Seattle, WA 98104-7036 |
| Phone (206) 905-7000 | Phone (206) 883-2500 |

PLAINTIFFS' RESPONSE TO VALVE CORPORATION'S NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO. 2:21-cv-00563-JNW

2

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

| | | |
|---|---|---|
| 1 | Fax (206) 905-7100 | Fax (866) 974-7329 |
| 2 | matthosen@quinnemanuel.com | ttindall@wsgr.com |
| | aliciacobb@quinnemanuel.com | mckinney.wheeler@wsgr.com |
| 3 | | |
| 4 | Steig D. Olson (*pro hac vice*) | Kenneth R. O'Rourke (*pro hac vice*) |
| | David LeRay (*pro hac vice*) | Jordanne M. Steiner (*pro hac vice*) |
| 5 | Nic V. Siebert (*pro hac vice*) | WILSON SONSINI GOODRICH & |
| | QUINN EMANUEL URQUHART & | ROSATI, P.C. |
| 6 | SULLIVAN, LLP | 1700 K Street, NW, Suite 500 |
| | 295 Fifth Ave | Washington, DC 20006 |
| 7 | New York, New York 10016 | Phone (202) 973-8800 |
| | Phone (212) 849-7000 | Fax (866) 974-7329 |
| 8 | Fax (212) 849-7100 | korourke@wsgr.com |
| | steigolson@quinnemanuel.com | jsteiner@wsgr.com |
| 9 | davidleray@quinnemanuel.com | |
| 10 | nicolassiebert@quinnemanuel.com | W. Joseph Bruckner (*pro hac vice*) |
| | | Joseph C. Bourne (*pro hac vice*) |
| 11 | Adam Wolfson (*pro hac vice*) | Laura M. Matson (*pro hac vice*) |
| | QUINN EMANUEL URQUHART & | LOCKRIDGE GRINDAL NAUEN PLLP |
| 12 | SULLIVAN, LLP | 100 Washington Avenue S, Suite 2200 |
| | 865 S. Figueroa St., 10th Floor | Minneapolis, MN 55401 |
| 13 | Los Angeles, California 90017 | Phone (612) 339-6900 |
| | Phone (213) 443-3285 | Fax (612) 339-0981 |
| 14 | Fax (213) 443-3100 | wjbruckner@locklaw.com |
| 15 | adamwolfson@quinnemanuel.com | jcbourne@locklaw.com |
| | | lmmatson@locklaw.com |
| 16 | Ankur Kapoor (*pro hac vice*) | |
| | Noah Brecker-Redd *(pro hac vice)* | Kyle Pozan (*pro hac vice*) |
| 17 | CONSTANTINE CANNON LLP | LOCKRIDGE GRINDAL NAUEN PLLP |
| 18 | 6 East 43rd St., 26th Floor | 1165 N. Clark Street, Suite 700 |
| | New York, NY 10017 | Chicago, IL 60610 |
| 19 | Phone (212) 350-2700 | Phone (312) 205-8968 |
| | Fax (212) 350-2701 | kjpozan@locklaw.com |
| 20 | akapoor@constantinecannon.com | |
| 21 | nbrecker-redd@constantinecannon.com | Kristie A. LaSalle (*pro hac vice*) |
| | | LOCKRIDGE GRINDAL NAUEN PLLP |
| 22 | | 265 Franklin Street, Suite 1702 |
| | | Boston, MA 02110 |
| 23 | | Phone: (617) 535-3763 |
| | | kalasalle@locklaw.com |
| 24 | | |
| 25 | | *Publisher Plaintiff Class Counsel* |

PLAINTIFFS' RESPONSE TO VALVE CORPORATION'S NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO. 2:21-CV-00563-JNW

3

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF recipients.

DATED: December 2, 2025

/s/ Matthew Hosen
Matthew Hosen, WSBA #54855

PLAINTIFFS' RESPONSE TO VALVE CORPORATION'S NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO. 2:21-CV-00563-JNW

4

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000