UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE VALVE ANTITRUST
LITIGATION,

CASE NO. 2:21-cv-00563-JNW

ORDER GRANTING IN PART
VALVE'S UNOPPOSED MOTION TO
SEAL SUMMARY JUDGMENT
OPPOSITION FILINGS

Defendant Valve's unopposed motion to seal summary judgment opposition filings comes before the Court. Dkt. No. 537. The motion seeks to either seal or redact 60 exhibits.

While showing good cause is sufficient to shield information supporting non-dispositive motions, the burden for sealing information supporting dispositive motions is higher. When a party moves to seal documents attached to dispositive motions, they must overcome the "strong presumption in favor of [public] access" by showing "compelling reasons" to seal. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.2003)). The party moving to seal bears the burden of

ORDER - 1

overcoming this strong presumption. *Id.* "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* Ultimately, the moving party "must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (citation modified).

Additionally, the moving party must comply with Local Civil Rule 5(g)(1), which requires it to "explore all alternatives to filing documents under seal." Under the local rule, the moving party must explain "the legitimate private or public interests that warrant [sealing]," "the injury that will result if the relief sought is not granted," and "why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B)(i)–(iii).

Valve seeks limited redactions to protect its private financial information, private third-party business information, and personal identifying information. Having reviewed the proposed redactions, the Court finds that the sensitive nature of this information and the limited nature of the redactions satisfy the compelling reasons standard. The identified interests outweigh the public's interest in disclosure as to the proposed redactions.  Although the redactions to Dkt. No. 539-

ORDER - 2

57 are more extensive than others, the Court finds on review that the redacted portions consist of competitively sensitive financial and business information warranting protection, and that the remaining unredacted content preserves adequate public access to the substance of the filing.

Valve also moves to seal several entire documents. *See* Dkt. No. 538 at ¶ 65 (listing exhibits). Valve has shown compelling reasons to seal some of them—for instance, those containing private financial information, third-party business strategies, and contract terms that the Court has already found appropriate to seal. However, the Court is not convinced that compelling reasons support sealing various email exchanges in their entirety. While the exchanges include some information that should be redacted, they also seem to include relevant information about Valve's alleged anticompetitive business practices. Dkt. Nos. 539-19 (486.21); 539-20 (486.22); 539-22 (486.24); 539-24 (486.26); 539-28 (486.30); 539-31 (486.33); 539-35 (486.37); 539-37 (486.39). For these documents, Valve has not provided compelling reasons to seal, nor has it made an adequate showing under LCR 5(g). It has not sufficiently explained the specific legitimate interests at play, "the injury that w[ould] result if the relief sought [were] not granted," or why sealing as opposed to redacting is necessary. LCR 5(g)(3)(B)(i)–(iii).

Accordingly, Valve's unopposed motion to seal summary judgment opposition filings is GRANTED in part. Dkt. No. 537. The motion is DENIED in part with leave to renew as to the following documents: Dkt. Nos. 539-19 (486.21); 539-20 (486.22); 539-22 (486.24); 539-24 (486.26); 539-28 (486.30); 539-31 (486.33); 539-35 (486.37); and 539-37 (486.39). Any renewed motion(s) must be filed within

ORDER - 3

TWENTY-ONE (21) days of this order. All sealed documents will remain sealed until otherwise ordered.

Dated this 31st day of March, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 4