THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE VALVE ANTITRUST LITIGATION

No. 2:21-cv-00563-JNW

**VALVE CORPORATION'S RENEWED MOTION TO SEAL SUMMARY JUDGMENT OPPOSITION FILINGS**

**NOTE ON MOTION CALENDAR: MAY 12, 2026**

### I.     RELIEF REQUESTED

Pursuant to the the Court's Order Granting in Part Valve's Unopposed Motion to Seal Summary Judgment Opposition Filings (Dkt. 591), the Protective Order (Dkt. 95), and LCR 5(g), Valve brings this renewed motion ("Motion") to maintain under seal certain highly confidential, proprietary, commercially sensitive, and personally identifiable information ("PII") about Valve and third parties in the documents (referred to as the "Sealed Documents") listed in the Declaration of Blake Marks-Dias in Support of Valve's Motion to Seal filed herewith.

On March 31, 2026, the Court granted in part Valve's Unopposed Motion to Seal Summary Judgment Opposition Filings, finding compelling reasons to seal 52 of the 60

VALVE CORPORATION'S RENEWED MOTION TO SEAL
SUMMARY JUDGMENT OPPOSITION FILINGS
CASE NO. 2:21-cv-00563-JNW – 1

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

documents Valve sought to seal in their entirety or redact. Dkt. 591 at 2-3. The Court also found that, for the eight remaining documents, Valve had not yet provided compelling reasons justifying sealing these documents in their entirety. *Id.* at 3. The Court granted Valve leave to renew its motion to seal with regard to these eight documents. *Id.* This Motion addresses only those eight documents—Dkt. Nos. 539-19 (486.21); 539-20 (486.22); 539-22 (486.24); 539-24 (486.26); 539-28 (486.30); 539-31 (486.33); 539-35 (486.37); and 539-37 (486.39).

Valve continues to believe sealing Dkt. Nos. 539-22 (486.24), 539.31 (486.33), and 539-35 (486.37) in their entirety is warranted, and provides additional justification below. Valve now proposes redacting, rather than sealing in their entirety, Dkt. Nos. 539-19 (486.21); 539-20 (486.22); 539-24 (486.26); 539-28 (486.30); and 539-37 (486.39).

Plaintiffs do not oppose Valve's proposed redactions to Dkt. Nos. 539-19, 539-20, or 539-28. Plaintiffs oppose Valve's sealing proposals regarding Dkt. Nos. 539-22; 539-24; 539-31; 539-35; and 539-37.

Valve's proposed sealing and redactions closely follow the Court's guidance in its prior orders regarding Valve's motions to seal. *See* Dkt. Nos. 236, 336, 361, and 591 ("Prior Sealing Orders"). Valve focuses its sealing requests on the type of information previously ordered sealed, including information that "implicate[s] a third party's business practices or Defendant's alleged competitive (*i.e.*, permissible) business practices." Dkt. 236 at 3. Compelling reasons exist to maintain the Sealed Documents under seal.

## II.    BASIS FOR SEALING

In addition to those found in the Prior Sealing Orders, compelling reasons to seal the Sealed Documents are established in:

(1) The previously filed Declaration of Scott Lynch in Support of Valve's August 7,

VALVE CORPORATION'S RENEWED MOTION TO SEAL
SUMMARY JUDGMENT OPPOSITION FILINGS
CASE NO. 2:21-cv-00563-JNW – 2

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

2025 Motion to Seal[1] ("Lynch Decl.") (Dkt. 503);

(2) The previously filed Declaration of Scott Lynch in Support of Valve's Motion to Seal Plaintiffs' Motion for Class Certification and Supporting Exhibits (Dkt. 226) ("Sealed Lynch Decl."), which was filed under seal and details Valve's extensive efforts to protect Valve's and third parties' confidential business information and establishes the competitive harm from disclosure of such information; and

(3) The Declaration of Blake Marks-Dias in Support of Valve's Motion to Seal ("Sealing Marks-Dias Decl.") filed herewith.

Valve's proposed redactions are shown in the highlighted portions of the exhibits to the Sealing Marks-Dias Declaration.

### III.    THE INFORMATION VALVE REQUESTS BE SEALED.

The Sealed Documents contain many disclosures of competitively sensitive business information in these categories:

1.    Confidential or proprietary third-party business information. This includes information regarding third parties who distribute their games on Steam, including sales. Lynch Decl. ¶ 15. The Court previously found compelling reasons to seal information that "implicate[s] a third party's business practices." Dkt. 236 at 3. Similarly, Valve seeks sealing of the portions of the Sealed Documents that disclose third-party proprietary business information, including information that implicates or reveals third parties' business, pricing or marketing strategies. Lynch Decl. ¶ 20. Where possible, following the prior

---

[1] Consistent with the presumption favoring public access, detailed information revealing confidential information sought to be sealed or harm from its public disclosure is not being filed under seal in this Motion or the concurrently submitted Lynch Declaration. Where necessary, Valve references the prior Sealed Lynch Decl. for further information. If the Court requires additional information related to anything discussed in this motion or the Lynch Declaration, Valve respectfully requests an opportunity to submit it under seal.

VALVE CORPORATION'S RENEWED MOTION TO SEAL
SUMMARY JUDGMENT OPPOSITION FILINGS
CASE NO. 2:21-cv-00563-JNW – 3

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Sealing Orders, Valve limits its sealing and redaction requests to numbers, percentages, and third-party names and game names to anonymize such information.

2.    Contracts with third parties. The contract included in the Sealed Documents discloses the specific, unique business terms of Valve's relationship with a third party, disclosure of which could disrupt Valve's business relationships and impair Valve's ability to negotiate future contracts. Sealed Lynch Decl. ¶¶ 55-70. Disclosure would also reveal the third party's business priorities and distribution contract negotiation points and strategies.

3.    Valve's confidential internal strategy, analysis, and information. This includes internal Valve information regarding (i) matters not alleged to be anti-competitive, (ii) analysis of competition and competitors, and (iii) the type of data Valve collects and how Valve keeps it. *Id.* ¶ 32. As described below, the Court previously found compelling reasons to seal confidential information about "Defendant's alleged competitive (i.e., permissible) business practices" (Dkt. 236 at 3), and sealed other similar Valve internal analysis.

4.    Personally Identifiable Information ("PII"). Valve seeks to seal PII (including names, telephone numbers, and email addresses) because it is unnecessary to understand the substance of these filings and disclosure would invade personal privacy and potentially subject individuals to harm. Lynch Decl. ¶¶ 37–39.

## IV.    ARGUMENT

### A.    Legal Standard

The strong presumption favoring public access to judicial records is not absolute and can be overcome. *Kamakana v. Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). A party seeking to seal court documents overcomes it by showing the interests and facts warranting

VALVE CORPORATION'S RENEWED MOTION TO SEAL
SUMMARY JUDGMENT OPPOSITION FILINGS
CASE NO. 2:21-cv-00563-JNW – 4

sealing, describing the injury from unsealing, and showing why there is no less restrictive alternative. LCR 5(g)(3)(B). Generally, compelling reasons justify sealing court documents if they "'become a vehicle for improper purposes,'" such as releasing proprietary financial, decision-making, strategy, and operations information that would harm litigants' competitive standing. *Raner v. Fun Pimps Ent. LLC*, 2024 WL 1049964, at *2 (W.D. Wash. Mar. 11, 2024) (quoting *Kamakana*, 447 F.3d at 1179)).

The Court previously found compelling reasons to seal information similar or identical to many of the disclosures in the Sealed Documents, including disclosures of:

(1) Confidential information that "implicate[s] a third party's business practices" (Dkt. 236 at 3; Dkt. 237 at 20–22, 31; Dkt. 237-1 at 108–09, 111–12; Dkt. 336 at 2; Dkt. 361 at 1);

(3) Contracts with third parties (Dkt. 237 at 16–18; Dkt. 237-1 at 102; Dkt. 361 at 1);

(4) Valve's confidential business practices and decision-making (Dkt. 237 at 11 n. 4, 14, 22, 29, 31; Dkt. 237-1 at 18–19, 58–59, 62–63, 101–04, 108-09; Dkt. 361 at 1);

(7) Personally identifiable information (Dkt. 237 at 14; Dkt. 237-1 at 93, 109); and

## B. Valve's Minimal Redactions Align with the Court's Prior Decisions and are Unrelated to the Public Interest.

Consistent with the Court's Prior Sealing Orders, LCR 5(g), and the Protective Order, Valve seeks to redact or seal only numbers, facts, and other identifying information that is not necessary to aid the public in understanding the parties' position and the judicial process. *See, e.g.*, *Coloplast A/S v. Generic Medical Devices, Inc.*, 2012 WL 3629037, at *1–2 (W.D. Wash. Aug. 22, 2012). Valve is requesting only narrow sealing and redactions where possible. The proposed redactions still allow the substance of these documents and information to be determinable, while protecting Valve's and third parties' legitimate commercial and privacy interests.

VALVE CORPORATION'S RENEWED MOTION TO SEAL
SUMMARY JUDGMENT OPPOSITION FILINGS
CASE NO. 2:21-cv-00563-JNW – 5

No public interest justifies disclosure of the Sealed Documents, which concern only the confidential and proprietary business information of Valve and third parties. The public right to access "is reduced when applied to confidential and proprietary business records." *Olberg v. Allstate Ins. Co.*, 2021 WL 1208588, at *1 (W.D. Wash. Mar. 31, 2021) (citation omitted). That is the case here, where the Sealed Documents do not affect public health or safety and do not concern public entities or officials.

The specific information Valve seeks to seal is the same confidential and commercially sensitive business information that courts have recognized as having little public value. *See In re Zillow Grp., Inc. S'holder Derivative Litig.*, 2019 WL 3428664, at *2 (W.D. Wash. July 30, 2019); *Amazon*, 2016 WL 4447049, at *2; *Douglas v. Xerox Bus. Servs. LLC*, 2014 WL 12641056, at *1 (W.D. Wash. Apr. 11, 2014); *see also* Dkt. 236. Moreover, the information in the Sealed Documents is of comparatively little use in enhancing the public's understanding of the judicial process. *See, e.g.*, *Richardson v. Mylan, Inc.*, 2011 WL 837148, at *2 (S.D. Cal. Mar. 9, 2011).

There is no relief short of redacting the information in the Sealed Documents that would sufficiently protect Valve and third parties from the significant harm of their public disclosure. *See Zunum Aero, Inc. v. Boeing Co.*, 2023 WL 7180636, at *2 (W.D. Wash. Nov. 1, 2023); *Gomo v. NetApp, Inc.*, 2019 WL 1170775, at *2 (N.D. Cal. Mar. 13, 2019).

**C.** **Disclosure of the Sealed Documents Will Cause Competitive Harm to Valve and Third Parties**

Valve takes extensive measures to protect each category of information in the Sealed Documents. Lynch Decl. ¶ 9; Sealed Lynch Decl. ¶¶ 18–33. Disclosure of the information Valve seeks to seal in the Sealed Documents will cause substantial competitive and economic harm to Valve and third parties. Lynch Decl. ¶ 12; Sealed Lynch Decl. ¶¶ 34–43, 47, 57–58, 71, 73–103, 105–121. Further detail is provided below, in the accompanying Lynch Declaration,

VALVE CORPORATION'S RENEWED MOTION TO SEAL
SUMMARY JUDGMENT OPPOSITION FILINGS
CASE NO. 2:21-cv-00563-JNW – 6

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

and in the Sealed Lynch Declaration.

### 1. Confidential third-party business information.

Valve seeks to seal third-party business information described *supra* and in the Lynch Declaration at ¶¶ 15–16, including information subject to SDA provisions obligating Valve to keep third-party data confidential. Sealed Lynch Decl. ¶¶ 43, 47, 55–59. Among other harms, disclosure would give Valve's and third parties' competitors insight into their businesses, pricing, marketing, and other strategies, which competitors could use to take unfair competitive advantage, as well as undermine Valve's business relationships with third parties. *Id.*

Valve narrowly tailored its sealing requests to seek sealing only of third-party identifying information (names of third parties and their games, other material necessary to anonymize the information) and where possible only the numbers and percentages necessary to preserve confidentiality.

The Court previously found compelling reasons to seal information "implicat[ing] a third party's business practices," Dkt. 236 at 3, and redacted certain identifying information (e.g., third-party names and games) to anonymize information that would otherwise disclose confidential third party business practices. *See, e.g.*, Dkt. 237 at 14 (sealing third-party identifying information in Steam Key discussion) & 16–18 (sealing information identifying third parties discussing pricing with Valve); Dkt. 237-1 at 58–59 (sealing Valve discussions with third party about free-to-play games), 93 (sealing third-party identifying information in Steam Key discussion), 102, 108–09, 112 (sealing third-party identifying information in their communications with Valve about non-Steam versions of games).

Valve seeks to seal that same type of information here, including information disclosing third parties' marketing and business strategies, game release information, and other information related to Steam Partners' distribution of apps. Lynch Decl. ¶ 20. The harm from disclosure of such information is established at Lynch Decl. ¶ 21 and Sealed Lynch Decl. ¶¶

VALVE CORPORATION'S RENEWED MOTION TO SEAL
SUMMARY JUDGMENT OPPOSITION FILINGS
CASE NO. 2:21-cv-00563-JNW – 7

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

34–37, 43, 47, 58, 103 (competitive harm to Valve and Valve's relationships with Steam Partners), ¶¶ 38–43, 55–57, 71 (competitive harm to Steam Partners), ¶ 121 (harm to third parties). Sealing is consistent with other courts that find compelling reasons to seal confidential business communications with third parties. *See, e.g.*, *Washington v. Franciscan Health Sys.*, 2019 WL 3494382, at *2 (W.D. Wash. Mar. 12, 2019) (compelling reasons to seal third-party information regarding goals, negotiation tactics, beliefs about competition and pricing, and expansion plans).

Valve narrowly tailored its sealing requests to seek sealing only of third-party identifying information (names, names of games, other material necessary to anonymize the information) and where possible only the numbers and percentages necessary to preserve confidentiality.

### 2.    Contracts with third parties.

The Sealed Documents include Dkt. 539-31 (486.33), a contract between Valve and a third party, which discloses the business terms of the parties' relationship and the results of their negotiations, information subject to confidentiality agreements between the parties. Sealed Lynch Decl. ¶ 66. Valve again seeks sealing of this one contract in its entirety, consistent with the Court's past decisions to seal contracts containing unique business terms. Dkt. 204-18 (noting same document, filed under seal at Dkt. No. 182-18, sealed in its entirety). Among other harms, disclosure would negatively impact Valve's and third parties' ability to negotiate contracts, and disclosure would disrupt Valve's business relationships with third parties who rely on confidentiality of the terms on which they agreed to do business with Valve. Lynch Decl. ¶ 24; Sealed Lynch Decl., ¶¶ 57–58.

The Court already found compelling reasons for sealing contracts and related communications. Dkt. 237 at 11 n. 4 & 31; 14; Dkt. 237-1 at 62, 102. Similarly, other "[c]ourts regularly find that litigants may file under seal contracts with third parties that contain

VALVE CORPORATION'S RENEWED MOTION TO SEAL
SUMMARY JUDGMENT OPPOSITION FILINGS
CASE NO. 2:21-cv-00563-JNW – 8

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

proprietary and confidential business information." *Finisar Corp. v. Nistica, Inc.*, 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015); *see also Nicolosi Distrib., Inc. v. Finishmaster, Inc.*, 2018 WL 10758114, at *2–3 (N.D. Cal. Aug. 28, 2018); *ImprimisRx, LLC v. OSRX, Inc.*, 2023 WL 7029210, at *3 (S.D. Cal. Oct. 24, 2023).

Dkt. 539-31 should be kept under seal in its entirety. Less restrictive alternatives are impossible because disclosure would in effect reveal the substance of the confidential information.

### 3.    Valve's confidential business practices, decision-making, and revenue share information.

The Court previously found compelling reasons to seal information regarding "Defendant's alleged competitive (*i.e.*, permissible) business practices." Dkt. 236 at 3; *see also* Dkt. 237 at 11 n. 4, 14, 22, 29, 31; Dkt. 237-1 at 18–19, 58–59, 62–63, 101–04, 108–09. The Sealed Documents contain additional such information, including Valve's highly confidential and proprietary internal business planning and strategy, decision-making, and pricing information, as well as information disclosing the type of data Valve collects and how Valve keeps it. Lynch Decl. ¶¶ 32–33. The Court also previously found compelling reasons to seal Valve's highly confidential financial information and revenue share information. Dkt. 237-1 at 11, 18, 69. The Sealed Documents include similar revenue share information.

Disclosure of the information Valve seeks to seal would hurt Valve's competitive standing and cause other harms. *See* Lynch Decl. ¶¶ 33–34; Sealed Lynch Decl. ¶¶ 47–54, 71–103. For example, disclosure would give Valve's competitors unfair insight into its business models, decision-making and reasoning, policies, pricing, and other strategies; reveal how Valve negotiates and structures business relationships, impairing Valve's ability to negotiate future contracts; and provide bad actors information that could be used to mount attacks against Valve's network, its business operations, or employees. *Id.*

Consistent with the Prior Sealing Orders, Valve carefully tailored its sealing and

VALVE CORPORATION'S RENEWED MOTION TO SEAL
SUMMARY JUDGMENT OPPOSITION FILINGS
CASE NO. 2:21-cv-00563-JNW – 9

redaction requests to only highly confidential and competitively sensitive business information. Courts regularly find compelling reasons to seal similar proprietary business information in internal documentation and communications. *See, e.g.*, *Burrows v. 3M Company*, 2023 WL 1345429, at *3 (W.D. Wash. Jan. 31, 2023) (sealing confidential business information); *Edifecs*, 2019 WL 5618822, at *2 (same); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (same); *Menzel v. Scholastic, Inc.*, 2019 WL 6896145, at *1 (N.D. Cal. Dec. 18, 2019) (same).

Dkt. 539-35, which Valve again seeks to seal in its entirety, consists entirely of Valve's confidential internal strategy and analysis. It is a series of emails between Valve employees and high-level executives about Valve's lowering its revenue share in 2018 and its strategy for sharing news of that change with Valve's business partners. There is no relevant information about Valve's alleged anticompetitive business practices in this document. Plaintiffs allege that Valve's revenue share is supracompetitively high, not that Valve somehow acted anticompetitively by lowering its revenue share. No references to Valve's alleged PMFN appear in this document.

Dkt. 539-22, which Valve again seeks to seal in its entirety, consists entirely of Valve's confidential internal strategy and analysis. It summarizes a confidential meeting with a third party, a key business partner of Valve's, and discloses highly sensitive information regarding the third party and Valve's strategies for working with that third party. There is no relevant information about Valve's alleged anticompetitive business practices in this document. No references to Valve's alleged PMFN appear in this document.

Dkt. Nos. 539-22 and Dkt. 539-35 should be kept under seal in their entirety because they contain an overwhelming amount of highly confidential information that makes redacting impractical. Less restrictive alternatives are impossible because disclosure would in effect reveal the substance of the confidential information.

VALVE CORPORATION'S RENEWED MOTION TO SEAL
SUMMARY JUDGMENT OPPOSITION FILINGS
CASE NO. 2:21-cv-00563-JNW – 10

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**4.    Personally Identifiable Information.**

Valve seeks to seal PII (e.g., names and email addresses) of Valve employees and third parties. Lynch Decl. ¶37. Compelling reasons exist to seal court records that may "become a vehicle for improper purposes, such as the use of records to gratify private spite." *Kamakana*, 447 F.3d at 1179. Valve seeks to seal this information to protect personal privacy and prevent harassment or abuse. Lynch Decl. ¶¶38–39; Sealed Lynch Decl. ¶121.

Preventing disclosure of PII is an appropriate reason for sealing, which this Court has repeatedly recognized. *Benshoof v. Admon*, No. 2:23-CV-1392, 2024 WL 3358608, at *1 (W.D. Wash. July 10, 2024) (Whitehead, J.) (grating motion to redact defendant's address from court filings); *Sea Mar Cmty. Health Centers v. Accreditation Council for Graduate Med. Educ.*, No. 2:24-CV-896, 2025 WL 524285, at *1 (W.D. Wash. Feb. 18, 2025) (Whitehead, J.) (granting motion to redact names of individual employees of defendant); *see also* Dkt. 223; LCR 5.2 (requiring redaction of certain PII).

## V.    CERTIFICATION

Pursuant to LCR 5(g)(3)(A), Valve's counsel certify they conferred with Plaintiffs' counsel in good faith via email on April 20, 2026. regarding the need to maintain the Sealed Documents under seal. Sealing Marks-Dias Decl. ¶ 13. Plaintiffs oppose Valve's proposals in part and do not oppose Valve's proposals in part.

## VI.    CONCLUSION

Valve has presented specific factual findings about the harms caused by release of the Sealed Documents that outweigh public disclosure. Valve has also followed the Court's orders and narrowly tailored its sealing requests. Plaintiffs do not oppose Valve's proposed redactions to Dkt. Nos. 539-19, 539-20, or 539-28. Plaintiffs oppose Valve's sealing proposals regarding Dkt. Nos. 539-22; 539-24; 539-31; 539-35; and 539-37. Valve respectfully requests that the Court maintain the Sealed Documents under seal and permit Valve to file the redacted versions

VALVE CORPORATION'S RENEWED MOTION TO SEAL
SUMMARY JUDGMENT OPPOSITION FILINGS
CASE NO. 2:21-cv-00563-JNW – 11

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

of the Sealed Documents for public access.

I certify that this memorandum contains 3,138 words, in compliance with the Local Civil Rules.

DATED this 21st day of April, 2065.

CORR CRONIN LLP

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10
Seattle, WA 98104
Tel: (206) 625-8600
Fax: (206) 625-0900
bmarksdias@corrcronin.com

Rakesh Kilaru, *Admitted Pro Hac Vice*
James Rosenthal, *Admitted Pro Hac Vice*
Max Warren, *Admitted Pro Hac Vice*
David Friedman, *Admitted Pro Hac Vice*
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000
Fax: (202) 847-4005
rkilaru@wilkinsonstekloff.com
jrosenthal@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com
dfriedman@wilkinsonstekloff.com

Keri L. Arnold, *Admitted Pro Hac Vice*
Ralia E. Polechronis, *Admitted Pro Hac Vice*
Caroline Li, *Admitted Pro Hac Vice*
WILKINSON STEKLOFF LLP
130 West 42nd Street, 24th Floor
New York, New York 10036
Tel: (212) 294-8910
Fax: (202) 847-4005
karnold@wilkinsonstekloff.com
rpolechronis@wilkinsonstekloff.com
cli@wilkinsonstekloff.com

VALVE CORPORATION'S RENEWED MOTION TO SEAL
SUMMARY JUDGMENT OPPOSITION FILINGS
CASE NO. 2:21-cv-00563-JNW – 12

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Jessica M. Rizzo, *Admitted Pro Hac Vice*
BALLARD SPAHR LLP
1735 Market Street, Floor 51
Philadelphia, PA 19103
Tel: (215) 665-8500
Fax: (215) 864-8999
rizzoj@ballardspahr.com

*Attorneys for Defendant Valve Corporation*

VALVE CORPORATION'S RENEWED MOTION TO SEAL
SUMMARY JUDGMENT OPPOSITION FILINGS
CASE NO. 2:21-cv-00563-JNW – 13