THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE VALVE ANTITRUST LITIGATION

No. 2:21-cv-00563-JNW

**DEFENDANT VALVE CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CONSOL. AMENDED CLASS ACTION COMPLAINT
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

## PRELIMINARY STATEMENT

Defendant, Valve Corporation ("Valve") hereby answers Plaintiffs' Consolidated Amended Class Action Complaint ((Docket No. 473) the "Complaint" or "CAC") as follows.

All headings included herein are taken from the Complaint and are included only for convenience.  To the extent any headings, tables, figures, or any unnumbered paragraphs in the Complaint contain any allegations, Valve denies those allegations.

The Complaint also contains many purported quotations from a number of sources, some identified, some not. Plaintiffs do not provide copies of the documents from which quotations were taken, which has impaired Valve's ability to confirm or deny the accuracy of the quotations in the Complaint as compared to the original text. Valve, therefore, does not admit the authenticity of any documents from which the quotations were taken and reserves the right to challenge the accuracy of the quotations (either as quoted or in the context of material not quoted). Furthermore, with reference to all quotations, citations to documents, or any such averments that might be offered into evidence, Valve specifically reserves the right to object to any use of such averments or the Complaint as a whole in evidence for any purpose whatsoever.

Finally, many of the allegations in the Complaint are overbroad, vague, or conclusory and include terms that are undefined and are susceptible to different meanings. Accordingly, by way of a general response, all allegations are denied unless specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations that are contained in the averment or in the Complaint as a whole.

Valve reserves the right to amend this answer and affirmative defenses as this case proceeds.

## I.    OVERVIEW OF THE ACTION

1.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore denies them.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CONSOL. AMENDED CLASS ACTION COMPLAINT - 1
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

2. Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that third-party games first became available on Steam in 2005, and that there are more than 100,000 game titles on Steam. Except as otherwise admitted, Valve denies the allegations in paragraph 2.

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that it retains a 30% revenue share on some transactions. Except as otherwise admitted, Valve denies the allegations in paragraph 3.

4. Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 4.

5. Paragraph 5 contains legal conclusions to which no response is required. Moreover, Paragraph 5 purports to contain a quote from a document but provides no citation, limiting Valve's ability to fully and fairly answer the allegation. Valve admits that it is aware of a document or documents that contain the quoted language, but denies that the quotation is complete or accurately reflects the substance and context of the document or documents. Except as otherwise admitted, Valve denies the allegations in paragraph 5.

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that competing platforms offer a variety of different revenue shares and some of those platforms have offered lower revenue shares than Valve. Except as otherwise admitted, Valve denies the remaining allegations in paragraph 6.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that it retains a 30% revenue share on some transactions and that its cost structure is different from those of "brick-and-mortar retailers." Except as otherwise admitted, Valve denies the allegations in paragraph 7.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 8.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CONSOL. AMENDED CLASS ACTION COMPLAINT - 2
No. 2:21-cv-00563-JNW

9.     Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that it faces competition, including from large companies with substantial resources. Except as otherwise admitted, Valve denies the allegations in paragraph 9.

10.    Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that it retains a 30% revenue share on some transactions, including those related to DLC and "in-app purchases." Valve denies that the Steam Wallet was released in 2012. Except as otherwise admitted, Valve denies the allegations in paragraph 10.

11.    Paragraph 11 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 11.

12.    Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that Plaintiffs purport to bring this lawsuit on behalf of themselves and a proposed class of consumers.  Except as otherwise admitted, Valve denies the allegations in paragraph 12 and footnote 1.

## II.    PARTIES

13.    Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 13 and therefore denies them.

14.    Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 14 and therefore denies them.

15.    Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 15 and therefore denies them.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CONSOL. AMENDED CLASS ACTION COMPLAINT - 3
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

16.     Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that it is a corporation organized and existing under the laws of the State of Washington with its principal place of business in Bellevue, Washington, and that it develops games, operates Steam, and designs and arranges for the manufacture of hardware. Valve denies that its headquarters are located at 10900 NE 4th Street, Suite 500, in Bellevue, Washington—its address has changed to 10400 NE 4th Street, Suite 1400, in Bellevue, Washington. Valve lacks knowledge or information sufficient to form a belief as to the truth of allegation that it is "the world's largest PC game distributor." Except as otherwise admitted, Valve denies the allegations in paragraph 16.

III.     **JURISDICTION AND VENUE**

17.     Valve admits that Plaintiffs bring this action under Sections 4 and 16 of the Clayton Act, Sections 1 and 2 of the Sherman Act, and Washington's Consumer Protection Act.  Valve denies the remaining allegations in paragraph 17.

18.     Paragraph 18 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 18.

19.     Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that its headquarters are located in Bellevue, Washington, that it transacts business in the Western District of Washington, that it has transacted with publishers and consumers in the Western District of Washington, and that it has contacts with the Western District of Washington. Valve denies the remaining allegations in paragraph 19.

20.     Paragraph 20 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that it is subject to personal jurisdiction in the Western District of Washington.

21.     Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits venue for this action is proper in this District.

22.    Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that venue for this action is proper in this District.

**IV.    FACTUAL ALLEGATIONS**

**A.    Background**

23.    Valve admits that a video game is an electronic game that can be played on a computing device such as a PC, gaming console, smartphone, or tablet. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23, and therefore denies them.

24.    Valve admits that video games can be played on different types of devices. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24, and therefore denies them.

25.    Valve admits that PC video games may be played on PC devices and that PC games can vary in size, scope, genre and features. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25, and therefore denies them.

26.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore denies them.

27.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and therefore denies them.

28.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore denies them.

29.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and therefore denies them.

30.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore denies them.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CONSOL. AMENDED CLASS ACTION COMPLAINT - 5
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

1.    Valve Establishes Its Dominant Position in Digital PC Game Distribution.

31.    Valve admits the allegations in paragraph 31.

32.    Valve admits that Sierra originally published Half-Life and other PC games. Valve denies the remaining allegations in paragraph 32.

33.    Valve admits that its business changed after Steam's creation in 2003, and that Steam benefited gamers by providing a centralized location to receive software updates. Valve denies the remaining allegations in paragraph 33.

34.    Valve admits that it released Half-Life 2 in November 2004 and required the Steam client to be installed on the user's PC to play that game. Valve further admits that upon release consumers could purchase Half-Life 2 on Steam and from resellers, and could play it on Steam. Valve denies the remaining allegations in paragraph 34.

35.    Valve admits that the quoted words appear in the cited article and respectfully refers the Court to the article for a complete statement of its contents. Valve denies the facts asserted in the quotation. Valve denies the remaining allegations in paragraph 35 and footnote 2.

36.    Valve denies the allegations in paragraph 36.

37.    Valve admits that it has entered into agreements with third parties to distribute their games on Steam and sometimes receives a percentage of revenues as compensation. Valve admits that there are over 50,000 games currently available on Steam, and that the majority of them are third-party games. Valve denies the remaining allegations in paragraph 37.

38.    Valve admits that the quoted words appear in the cited article, and respectfully refers the Court to the article for a complete statement of its contents. Valve lacks knowledge or information sufficient to form a belief as to the truth of the facts asserted in the quotation, and therefore denies them. Valve admits that Valve does not sell on Steam versions of games enabled for other platforms. Valve denies the remaining allegations in paragraph 38 and footnote 3.

39.    Paragraph 39 contains legal conclusions to which no response is required. Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegation

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CONSOL. AMENDED CLASS ACTION COMPLAINT - 6
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

concerning the uncited Forbes' 2005 article's estimate of what Valve "grossed," and therefore denies it. Similarly, Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

40. Paragraph 40 contains legal conclusions to which no response is required. Moreover, Paragraph 40 purports to contain a quote from a document but provides no citation, limiting Valve's ability to fully and fairly answer the allegation. Valve admits that it may be aware of a document or documents that contain the quoted language, but denies that the quotation is complete or accurately reflects the substance and context of the document or documents. Valve also lacks knowledge or information sufficient to form a belief as to the facts asserted in the quoted language, and therefore denies them. Except as otherwise admitted, Valve denies the allegations in paragraph 40.

41. Valve admits that Steam is Valve's largest source of revenue. Valve denies the remaining allegations in paragraph 41.

42. Paragraph 42 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that Video Game Insights reported that Steam generated over $10 billion in gross revenue in 2024 and that Valve's 2024 Steam Year in Review stated that "In December of 2024, we crossed 39 million peak concurrent users for the very first time." Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining facts asserted in paragraph 42, and therefore denies them.

43. Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and therefore denies them.

44. Paragraph 44 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 44.

45. Paragraph 45 purports to contain quotes from documents but provides no citations, limiting Valve's ability to fully and fairly answer the allegation. Valve admits that it may be aware of a document or documents that contain language like the quoted language, but denies that the

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO CONSOL. AMENDED CLASS ACTION COMPLAINT - 7
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

quotations are complete or accurately reflect the substance and context of the document or documents. Valve also lacks knowledge or information sufficient to form a belief as to the facts asserted in the quoted language, and therefore denies them. Except as otherwise admitted, Valve denies the allegations in paragraph 45.

46.     Valve denies the allegations in paragraph 46.

47.     Paragraph 47 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 47.

>    2.     Publishers Must Have Access to Steam and Steam Keys to Meaningfully Participate in the Market.

48.     Valve admits that a Steam Key is an alphanumeric code generated by Valve "that provides access to a game hosted on Steam." Valve denies the remaining allegations in paragraph 48.

49.     Paragraph 49 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that many publishers have requested and received Steam Keys for free from Valve. Valve denies all remaining allegations in paragraph 49.

50.     Valve denies that publishers must request Steam Keys. Valve further denies that all customers enable their games on Steam after obtaining Steam Keys. Valve admits the remaining allegations in paragraph 50.

51.     Valve admits publishers can utilize Steam Keys in the ways identified in paragraph 51, but denies that those are the only ways publishers can utilize Steam Keys. Valve denies all remaining allegations in paragraph 51.

52.     Valve admits that some publishers use Steam Keys to provide review copies and promote their games. Valve lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 52, and therefore denies them.

53.     Valve denies the allegations in paragraph 53.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CONSOL. AMENDED CLASS ACTION COMPLAINT - 8
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

54.    Valve admits that other stores sell access to games through Steam Keys. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54, and therefore denies them.

55.    Valve denies the allegations in paragraph 55.

56.    Paragraph 56 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 56.

**B.    Valve Propagates Its Anticompetitive PMFN Through Its Contracts with Publishers and Associated Rules.**

57.    Valve admits that the quoted words appear on its website, and respectfully refers the Court to the web page for a complete statement of its contents, located at footnote 1 of Valve's Answer.[1] Valve further admits that publishers seeking to publish their games on Steam must create a Steamworks developer account, agree to an SDA, and pay a Steam Direct fee for each game they seek to distribute on Steam. Valve denies the remaining allegations in paragraph 57.

58.    Valve admits that it modified its Steamworks documentation related to Steam Keys in 2018. Valve denies the remaining allegations in paragraph 58.

59.    Valve admits that the quoted words appear on the cited web page and respectfully refers the Court to the web page for a complete statement of its contents, located at footnote 1 of Valve's Answer. Valve admits that Steamworks SDK helps publishers integrate their games for play on Steam and access certain optional features if they choose to do so, and admits that publishers must make their Steam enabled games available for sale on Steam if they choose to sell Steam-enabled versions of those games through any means. Valve further admits that SteamPipe is a Steamworks SDK tool that is required to upload content to Steam. Valve further admits that persons or entities distributing games on Steam in accordance with Valve's terms are often referred

---

[1]    *Steamworks Documentation, Getting Started,* https://partner.steamgames.com/doc/gettingstarted (last accessed Apr. 23, 2026).

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

to as "Steamworks partners" subject to some provisions in the Steamworks Documentation and SDA. Valve denies the remaining allegations in paragraph 59.

60.     Valve admits that, under the SDA, Valve retains a percentage of some sales on Steam, as described in the website cited in footnote 4 of Plaintiffs' Complaint, and that publishers set their own pricing for their games on Steam.  Valve denies the remaining allegations in paragraph 60 and footnote 4.

61.     Paragraph 61 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 61.

62.     Paragraph 62 purports to contain a quote from a document but provides no citation, limiting Valve's ability to fully and fairly answer the allegation. Valve admits that it is aware of a document or documents that contain the quoted language, but denies that the quotation is complete or accurately reflects the substance and context of the document or documents. Except as otherwise admitted, Valve denies the allegations in paragraph 62.

63.     Paragraph 63 purports to contain quotes from documents but provides no citation, limiting Valve's ability to fully and fairly answer the allegation. Valve admits that it is aware of a document or documents that may contain the quoted language, but denies that the quotations are complete or accurately reflect the substance and context of the document or documents. Except as otherwise admitted, Valve denies the allegations in paragraph 63.

64.     Valve admits that the quoted words appear in the cited website post, and respectfully refers the Court to the post located in footnote 2 of Valve's Answer for a complete statement of its contents.[2]  Valve admits that the words were contained in an earlier version of Valve's Steamworks Documentation.  Valve denies the remaining allegations in paragraph 64.

65.     Paragraph 65 contains an image of a document but provides no citation, limiting Valve's ability to fully and fairly answer the allegation. Valve admits that it is aware of a document

---

[2]     Steamworks Documentation, Steam Key Rules and Guidelines, (dated Sept. 1, 2017), https://web.archive.org/web/20170901192842/https://partner.steamgames.com/doc/features/key.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CONSOL. AMENDED CLASS ACTION COMPLAINT - 10
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

or documents that contain the cited language, but denies that Plaintiffs' allegation completely or accurately reflects the substance and context of the document or documents. Except as otherwise admitted, Valve denies the allegations in paragraph 65.

66.    Valve admits that at times Publishers were required to acknowledge the quoted language about Steam Keys before receiving free Steam Keys that Valve creates, and for which Valve receives no revenue share. Valve denies that the quoted language completely or accurately reflects the substance of the underlying source. Valve denies the remaining allegations in paragraph 66.

67.    Valve admits that at times Publishers were required to agree to the quoted language about Steam Keys before receiving free Steam Keys that Valve creates, and for which Valve receives no revenue share. Valve denies that the quoted language completely or accurately reflects the substance of the underlying source, or that it relates to anything other than Steam Keys. Valve denies the remaining allegations in paragraph 67.

68.    Paragraph 68 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 68 purports to contain a quote from a document but provides no citation, limiting Valve's ability to fully and fairly answer the allegation. Valve admits that it is aware of a document or documents that contain the quoted language, but denies that the quotation is complete or accurately reflects the substance and context of the document or documents. Except as otherwise admitted, Valve denies the allegations in paragraph 68.

69.    Paragraph 69 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that Steamworks includes discussion forums where game publishers can interact with Valve employees. Valve further admits that the quoted words appeared in a forum posting, but denies that the quotation is complete or accurately reflects the substance and context of the forum postings. Except as otherwise admitted, Valve denies the allegations in paragraph 69.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO CONSOL. AMENDED CLASS ACTION COMPLAINT - 11
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

70. Paragraph 70 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 70.

71. Valve admits that the quoted words appeared in a forum post but denies that the quotations are complete or accurately reflect the substance and context of the forum posting. Valve denies the remaining allegations in paragraph 71.

72. Paragraph 72 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 72 purports to contain a quote from a document or documents but provides no citations, limiting Valve's ability to fully and fairly answer the allegation. Valve admits that it is aware of a document or documents that contain the quoted language, but denies that the quotations are complete or accurately reflect the substance and context of the document or documents. Except as otherwise admitted, Valve denies the allegations in paragraph 72.

73. Valve denies the allegations in paragraph 73.

74. Paragraph 74 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that the quoted language in paragraph 74 is from Valve's current standard Steam Distribution Agreement (SDA), but denies that the quotation is complete or accurately reflects the substance and context of the document or documents. Valve denies the remaining allegations in paragraph 74.

75. Valve admits that the quoted language in paragraph 75 is language from Valve's current standard Steam Distribution Agreement (SDA) but denies that the quotation is complete or accurately reflects the substance and context of the document or documents. Valve denies the remaining allegations in paragraph 75.

76. Paragraph 76 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 76.

77. Paragraph 77 purports to reference a document but provides no citation, limiting Valve's ability to fully and fairly answer the allegation. Valve admits that it is aware of a document

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO CONSOL. AMENDED CLASS ACTION COMPLAINT - 12
No. 2:21-cv-00563-JNW

or documents that contain the referenced statistic, but denies that it completely or accurately reflects the substance and context of the document or documents. Valve also lacks knowledge or information sufficient to form a belief as to the facts asserted in the referenced statistic, and therefore denies them. Except as otherwise admitted, Valve denies the allegations in paragraph 77.

78.    Paragraph 78 contains legal conclusions to which no response is required. Valve denies the allegations in paragraph 78.

79.    Valve admits that in-game transactions provide publishers with opportunities to provide additional monetized content in their games. Valve denies the remaining allegations in paragraph 79.

80.    Valve admits that it retains a revenue share on some transactions using the Steam Wallet. Valve denies the remaining allegations in paragraph 80.

**C.    Steam Uses Its Control Over Steam Keys To Suppress Competition.**

81.    Paragraph 81 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that Amazon, GameStop, Walmart, Target, Green Man Gaming, Humble Bundle, and GOG are some of the companies that compete against Valve. Valve admits that developers and publishers sell Steam Keys they receive from Valve on competitors' platforms. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 81, and therefore denies them.

82.    Paragraph 82 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies that the alternative stores identified in paragraph 82 do not provide a PC game distribution channel independent of Steam and outside of Valve's control, and denies that these stores do not provide a significant competitive constraint on Valve. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 82, and therefore denies them. Except as otherwise admitted, Valve denies the allegations in paragraph 82.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO CONSOL. AMENDED CLASS ACTION COMPLAINT - 13 No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

83. Valve admits that it sometimes exercises discretion as to when to issue Steam Keys. Valve denies the remaining allegations in paragraph 83.

84. Valve denies the allegations in paragraph 84.

85. Valve admits that from time to time, some persons independent of Valve have attempted to engage in fraudulent or otherwise improper conduct using Steam Keys. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 85, and therefore denies them.

86. Valve admits that a "grey market" for Steam Keys exists. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 86, and therefore denies them.

87. Paragraph 87 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 87.

88. Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88, and therefore denies them.

89. Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89, and therefore denies them.

90. Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the existence of an "issue" and that Humble Bundle "addressed" it in paragraph 90, and therefore denies them. Valve admits the remaining allegations in paragraph 90.

91. Valve denies the allegations in the first two sentences of paragraph 91. Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the last sentence of paragraph 91, and therefore denies it.

92. Valve admits that it eventually terminated the direct integration with Humble Bundle alleged in paragraph 92. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the last sentence of paragraph 92, and therefore denies them.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CONSOL. AMENDED CLASS ACTION COMPLAINT - 14
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

93.    Paragraph 93 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 93.

94.    Paragraph 94 contains legal conclusions to which no response is required. To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94, and therefore denies them.

## V.    RELEVANT MARKETS

### A.    Relevant Product Market

95.    Paragraph 95 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that Plaintiffs allege that the relevant product market is the "digital PC game distribution" market. Valve denies that this constitutes a legally cognizable relevant market and denies the remaining allegations in Paragraph 95.

#### 1.    The Relevant Product Market Is Limited To PC Games.

96.    Valve admits that Plaintiffs define "PC games" as games that are played on a user's personal computer ("PC"). Valve denies that Plaintiffs' definition of "PC games" constitutes a legally cognizable relevant market and denies the remaining allegations in Paragraph 96.

97.    Paragraph 97 contains legal conclusions to which no response is required. To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the compatibility of "PC games" with "game consoles" and consumers' alternative uses for "PCs, consoles, and mobile devices," and therefore denies them. Valve denies the remaining allegations in paragraph 97.

98.    Paragraph 98 contains legal conclusions to which no response is required. To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning "factors driv[ing] consumers' preferences," and therefore denies them. Valve denies the remaining allegations in paragraph 98.

99.    Paragraph 99 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 99.

100.    Valve admits that consumers of PC games have the flexibility to use "console-like controllers," among other features, when playing their games.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 100, and therefore denies them.

101.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101, and therefore denies them.

102.    Valve admits that some games available on Steam are not available on console or on mobile.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 102, and therefore denies them.

103.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103, and therefore denies them.

104.    Paragraph 104 contains legal conclusions to which no response is required. To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104, and therefore denies them.

105.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105, and therefore denies them.

106.    Valve admits that games that allow online multiplayer gaming do not always allow the players on each platform to game together across different hardware systems. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 106, and therefore denies them.

107.    Valve admits that there are more games on Steam than there are on Xbox Series X|S, PlayStation 5, and Nintendo Switch.  Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the last sentence of paragraph 107, and therefore denies it.

108.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108, and therefore denies them.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CONSOL. AMENDED CLASS ACTION COMPLAINT - 16
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

109.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109, and therefore denies them.

110.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110, and therefore denies them.

111.    Paragraph 111 contains legal conclusions to which no response is required. To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111, and therefore denies them.

112.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other digital storefronts, and therefore denies them. Valve denies the remaining allegations in paragraph 112.

113.    Valve admits that the quoted words appear in the document cited at footnote 3 of Valve's Answer and respectfully refers the Court to the document for a complete statement of its contents.[3] Valve denies the remaining allegations in paragraph 113.

114.    Paragraph 114 contains legal conclusions to which no response is required. To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the average size of mobile games and size of "the most basic PC game," and therefore denies them. Valve admits that enhanced graphics and other features may add to a game's data volume. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 114, and therefore denies them.

115.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115, and therefore denies them.

116.    Paragraph 116 contains legal conclusions to which no response is required. To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116, and therefore denies them.

---

[3]    February 18, 2021 Joint Letter Brief Regarding Apple's Subpoena to Non-Party Valve Corporation, Epic Games, Inc. v. Apple, Inc., No. 4:20-cv-05640-YGR (N.D. Cal.), ECF No. 346.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CONSOL. AMENDED CLASS ACTION COMPLAINT - 17
No. 2:21-cv-00563-JNW

117.   Paragraph 117 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 117.

### 2.   Digital PC Game Distribution Is A Relevant Market.

118.   Paragraph 118 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that companies digitally distributing PC games compete to attract both game publishers and consumers to their storefronts. Valve denies the remaining allegations in paragraph 118.

119.   Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119, and therefore denies them.

120.   Paragraph 120 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that it operates Steam.  Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 120, and therefore denies them.

121.   Paragraph 121 contains legal conclusions to which no response is required. To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121, and therefore denies them.

122.   Valve admits that it has competed with brick-and-mortar stores but denies the allegation that it no longer competes with brick-and-mortar stores. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 122, and therefore denies them.

123.   Paragraph 123 contains legal conclusions to which no response is required. To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123, and therefore denies them.

124.   Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124, and therefore denies them.

**B.    The Relevant Geographic Market Is at Least as Broad as the United States.**

125.    Paragraph 125 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that the relevant market is global in scope. However, Valve denies that "digital PC game distribution" constitutes a legally cognizable relevant market and denies the remaining allegations in paragraph 125.

126.    Paragraph 126 purports to contain a quote from a document but provides no citation, limiting Valve's ability to fully and fairly answer the allegation. Valve admits that it is aware of a document or documents that contain the quoted language, but denies that the quotation is complete or accurately reflects the substance and context of the document or documents. Valve admits that its competitors include both American and foreign companies, including but not limited to the companies mentioned, and that the relevant market is global in scope. However, Valve specifically denies that "digital PC game distribution" constitutes a legally cognizable relevant market. Except as otherwise admitted, Valve denies the allegations in paragraph 126.

## VI.    VALVE POSSESSES MONOPOLY POWER AND/OR MARKET POWER IN THE RELEVANT MARKET

**A.    Valve's Steam Platform Dominates Digital PC Game Distribution.**

127.    Valve denies the allegations in paragraph 127.

128.    Paragraph 128 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that in June 2025, it had more than 37 million peak concurrent users, and that there was an afternoon (Eastern Daylight Time) in the same month during which 31 million users were on Steam. Paragraph 128 purports to contain a reference to a tweet by Tim Sweeney but provides no citation, limiting Valve's ability to fully and fairly answer the allegation. Valve also lacks knowledge or information sufficient to form a belief as to the facts asserted in the referenced tweet, and therefore denies them. Except as otherwise admitted, Valve denies the allegations in paragraph 128.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CONSOL. AMENDED CLASS ACTION COMPLAINT - 19
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

129.    Paragraph 129 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 129 purports to contain quotes from documents but provides no citations, limiting Valve's ability to fully and fairly answer the allegation. Valve admits that it is aware of a document or documents that contain the quoted language, but denies that the quotations are complete or accurately reflect the substance and context of the document or documents. Valve also lacks knowledge or information sufficient to form a belief as to the facts asserted in the quoted language, and therefore denies them. Except as otherwise admitted, Valve denies the allegations in this paragraph.

130.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130, and therefore denies them.

131.    Paragraph 131 contains legal conclusions to which no response is required.  To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131, and therefore denies them.

132.    Paragraph 132 contains legal conclusions to which no response is required. To the extent a response is required, Paragraph 132 purports to contain a quote from a document but provides no citation, limiting Valve's ability to fully and fairly answer the allegation. Valve admits that it is aware of a document or documents that contain the quoted language, but denies that the quotation is complete or accurately reflects the substance and context of the document or documents. Valve also lacks knowledge or information sufficient to form a belief as to the facts asserted in the quoted language, and therefore denies them. Except as otherwise admitted, Valve denies the allegations in paragraph 132.

133.    Paragraph 133 purports to contain a quotation but provides no citation, limiting Valve's ability to fully and fairly answer the allegation. Valve admits that it is aware of the quoted language, but denies that the quotation is complete or accurately reflects the substance and context of the document or documents. Valve denies the facts asserted in the quotation. Except as otherwise admitted, Valve denies the allegations in paragraph 133.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CONSOL. AMENDED CLASS ACTION COMPLAINT - 20
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

134.    Paragraph 134 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 134.

**B.      There Are High Barriers to Entry.**

135.    Paragraph 135 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 135.

136.    Valve admits that the quoted words appear in the cited report, and respectfully refers the Court to the report for a complete statement of its contents. Valve denies the facts asserted in the quotation. Except as otherwise admitted, Valve denies the allegations in paragraph 136.

137.    Valve admits that Steam connects gamers to games, other gamers, and publishers and provides value to all of those groups. Paragraph 137 purports to contain a quote from a document but provides no citation, limiting Valve's ability to fully and fairly answer the allegation. Valve admits that it is aware of a document or documents that contain the quoted language, but denies that the quotation is complete or accurately reflects the substance and context of the document or documents. Valve also lacks knowledge or information sufficient to form a belief as to the facts asserted in the quoted language, and therefore denies them. Except as otherwise admitted, Valve denies the allegations in this paragraph.

138.    Valve admits that Steam includes social networking features, communities of game "modders," and an achievement system.  Valve denies the remaining allegations in paragraph 138.

139.    Paragraph 139 contains legal conclusions to which no response is required. To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139, and therefore denies them.

140.    Valve admits that it collects certain data, *e.g.*, as described in the Steam Privacy Policy Agreement, https://store.steampowered.com/privacy_agreement, and that users can see data related to their Steam Account at https://help.steampowered.com/en/accountdata. Paragraph 140 purports to contain a quote from a document but provides no citation, limiting Valve's ability to

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CONSOL. AMENDED CLASS ACTION COMPLAINT - 21
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

fully and fairly answer the allegation. Valve admits that it is aware of a document or documents that contain the quoted language, but denies that the quotation is complete or accurately reflects the substance and context of the document or documents. Valve also lacks knowledge or information sufficient to form a belief as to the facts asserted in the quoted language, and therefore denies them. Except as otherwise admitted, Valve denies the allegations in paragraph 140.

141.    Valve admits that it possesses Steam Key request and redemption data for those publishers who use Steam Keys.  Valve denies the remaining allegations in paragraph 141.

142.    Paragraph 142 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that it can promote its own games on Steam and that it may determine that some games should not be featured to Steam customers.  Valve denies the remaining allegations in paragraph 142.

143.    Paragraph 143 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 143.

**C.    Major, Well-Resourced Rivals Have Been Unable to Compete With Steam.**

144.    Paragraph 144 contains legal conclusions to which no response is required.  To the extent a response is required, Valve admits that major publishers, including Epic Games, EA, Microsoft, Ubisoft, Discord and Humble Publishing have created offerings competitive with Valve's.  Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 144 and therefore denies them.

145.    Valve admits that Fortnite is not available on Steam. Valve admits that Epic offers a 12% revenue share under some circumstances and that Epic has pursued exclusivity deals. Paragraph 145 purports to contain a quote from a document but provides no citation, limiting Valve's ability to fully and fairly answer the allegation. Valve admits that it is aware of a document or documents that contain the quoted language, but denies that the quotation is complete or accurately reflects the substance and context of the document or documents. Valve also lacks knowledge or information sufficient to form a belief as to the facts asserted in the quoted language,

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CONSOL. AMENDED CLASS ACTION COMPLAINT - 22
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

and therefore denies them. Except as otherwise admitted, Valve denies the allegations in paragraph 145.

146.    Valve admits that Epic Games Store offers games and other offerings competitive with those on Steam. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 146, and therefore denies them.

147.    Paragraph 147 purports to contain a quote from the New York Times but provides no citation, limiting Valve's ability to fully and fairly answer the allegation. Valve admits that it is aware of a document or documents that contain the quoted language, but denies that the quotation is complete or accurately reflects the substance and context of the document or documents. Valve also lacks knowledge or information sufficient to form a belief as to the facts asserted in the quoted language, and therefore denies them. Except as otherwise admitted, Valve denies the allegations in paragraph 147.

148.    Valve lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 148, and therefore denies them.

149.    Paragraph 149 purports to contain quotes from various documents but provides no citations, limiting Valve's ability to fully and fairly answer the allegation.  Valve also lacks knowledge or information sufficient to form a belief as to the facts asserted in the quoted language and the remaining allegations in paragraph 149, and therefore denies them.

150.    Valve admits that Epic has stated that it "remains unprofitable" while offering a 12% revenue share.  Valve lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 150, and therefore denies them.

151.    Paragraph 151 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 151.

152.    Paragraph 152 contains legal conclusions to which no response is required. To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152, and therefore denies them.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CONSOL. AMENDED CLASS ACTION COMPLAINT - 23
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

153. Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153, and therefore denies them.

154. Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154, and therefore denies them.

155. Paragraph 155 purports to contain a quote from a document but provides no citation, limiting Valve's ability to fully and fairly answer the allegation. Valve admits that it is aware of a document or documents that contain the quoted language, but denies that the quotation is complete or accurately reflects the substance and context of the document or documents. Valve also lacks knowledge or information sufficient to form a belief as to the facts asserted in the quoted language, and therefore denies them. Except as otherwise admitted, Valve denies the allegations in paragraph 155.

156. Paragraph 156 purports to contain a quote from a document but provides no citation, limiting Valve's ability to fully and fairly answer the allegation. Valve admits that it is aware of a document or documents that contain the quoted language, but denies that the quotation is complete or accurately reflects the substance and context of the document or documents. Valve also lacks knowledge or information sufficient to form a belief as to the facts asserted in the quoted language, and as to the truth of the remaining allegations in paragraph 156, and therefore denies them. Except as otherwise admitted, Valve denies the allegations in paragraph 156.

157. Paragraph 157 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that EA competes with Steam. Paragraph 157 purports to contain a quote from a document but provides no citation, limiting Valve's ability to fully and fairly answer the allegation. Valve admits that it is aware of a document or documents that contain the quoted language, but denies that the quotation is complete or accurately reflects the substance and context of the document or documents. Valve also lacks knowledge or information sufficient to form a belief as to the facts asserted in the quoted language, and therefore denies them. Except as otherwise admitted, Valve denies the allegations in paragraph 157.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CONSOL. AMENDED CLASS ACTION COMPLAINT - 24
No. 2:21-cv-00563-JNW

158. Paragraph 158 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in the first sentence of paragraph 158. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 158, and therefore denies them.

159. Paragraph 159 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that Microsoft offers games and other offerings competitive with those on Steam. However, Paragraph 159 purports to contain a quote from a document but provides no citation, limiting Valve's ability to fully and fairly answer the allegation. Valve lacks knowledge or information sufficient to form a belief as to the truth of the quoted language, and the remaining allegations in paragraph 159, and therefore denies them.

160. Paragraph 160 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits Microsoft sells some of its own titles on the Microsoft Store. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 160, and therefore denies them.

161. Paragraph 161 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegation in the first sentence. Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the second sentence of paragraph 161. Moreover, Paragraph 161 purports to contain a quote from a document but provides no citation, limiting Valve's ability to fully and fairly answer the allegation. Valve also lacks knowledge or information sufficient to form a belief as to the facts asserted in the quoted language, and therefore denies them. Except as otherwise admitted, Valve denies the allegations in paragraph 161.

162. Paragraph 162 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that Ubisoft offers games and other offerings competitive with those on Steam, and publishes the *Assassin's Creed, Tom Clancy's Rainbow Six Siege*, and *Anno* franchises. Valve admits that Ubisoft launched its online store, Uplay, in 2009.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CONSOL. AMENDED CLASS ACTION COMPLAINT - 25
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 162, and therefore denies them.

163. Paragraph 163 purports to contain a quote from a document but provides no citation, limiting Valve's ability to fully and fairly answer the allegation. Valve admits that it is aware of a document or documents that contain the quoted language, but denies that the quotation is complete or accurately reflects the substance and context of the document or documents. Valve also lacks knowledge or information sufficient to form a belief as to the facts asserted in the quoted language, and therefore denies them. Except as otherwise admitted, Valve denies the allegations in paragraph 163.

164. Valve admits that Google offered Stadia as a competitive product. However, Paragraph 164 purports to contain a quote from a document but provides no citation, limiting Valve's ability to fully and fairly answer the allegation. Valve also lacks knowledge or information sufficient to form a belief as to the facts asserted in the quoted language, and therefore denies them. Except as otherwise admitted, Valve denies the allegations in paragraph 164.

165. Paragraph 165 contains legal conclusions to which no response is required. To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165, and therefore denies them.

166. Paragraph 166 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that Discord launched a competitive offering in 2018. Paragraph 166 purports to contain a quote from a document but provides no citation, limiting Valve's ability to fully and fairly answer the allegation. Valve admits that it is aware of a document or documents that contain the quoted language, but denies that the quotation is complete or accurately reflects the substance and context of the document or documents. Valve also lacks knowledge or information sufficient to form a belief as to the facts asserted in the quoted language, and therefore denies them. Except as otherwise admitted, Valve denies the allegations in paragraph

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO CONSOL. AMENDED CLASS ACTION COMPLAINT - 26
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

166. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 166, and therefore denies them.

167. Valve admits Discord announced it had a 10% revenue share. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 167, and therefore denies them.

168. Paragraph 168 purports to contain a quote from Discord but provides no citations, limiting Valve's ability to fully and fairly answer the allegation. Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168, and therefore denies them.

169. Paragraph 169 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 169.

170. Paragraph 170 contains legal conclusions to which no response is required. To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170, and therefore denies them.

171. Paragraph 171 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits it introduced Steam Chat, a feature that provided consumers with social features on Steam. Paragraph 171 purports to contain a quote from a document but provides no citation, limiting Valve's ability to fully and fairly answer the allegation. Valve admits that it is aware of a document or documents that contain the quoted language, but denies that the quotation is complete or accurately reflects the substance and context of the document or documents. Valve also lacks knowledge or information sufficient to form a belief as to the facts asserted in the quoted language, and therefore denies them. Except as otherwise admitted, Valve denies the allegations in paragraph 171.

172. Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172, and therefore denies them.

173. Paragraph 173 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that it maintains a "Steam Workshop" and that Steam Workshop users can create digital goods and modifications that can be sold to other gamers. Valve denies the remaining allegations in paragraph 173.

174. Valve admits that it made some payments to Steam Workshop participants and discussed them. Valve denies the remaining allegations in paragraph 174.

175. Paragraph 175 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 175.

**D.      There is Direct Proof of Valve's Monopoly and/or Market Power.**

176. Paragraph 176 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 176.

177. Paragraph 177 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 177.

178. Paragraph 178 purports to contain a quote from a document but provides no citation, limiting Valve's ability to fully and fairly answer the allegation. Valve admits that it is aware of a document or documents that contain the quoted language, but denies that the quotation is complete or accurately reflects the substance and context of the document or documents. Valve also lacks knowledge or information sufficient to form a belief as to the facts asserted in the quoted language, and therefore denies them. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 178 and footnote 8, and therefore denies them.

179. Paragraph 179 purports to contain a quote from a document but provides no citation, limiting Valve's ability to fully and fairly answer the allegation. Valve admits that it is aware of a document or documents that contain the quoted language, but denies that the quotation is complete or accurately reflects the substance and context of the document or documents. Valve also lacks knowledge or information sufficient to form a belief as to the facts asserted in the quoted

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CONSOL. AMENDED CLASS ACTION COMPLAINT - 28
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

language, and therefore denies them.  Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 179, and therefore denies them.

180.    Valve admits that the quoted words appear in the cited blog post, and respectfully refers the Court to the post for a complete statement of its contents.  Valve lacks knowledge or information sufficient to form a belief as to the truth of the facts asserted in the quotation, and therefore denies them.

181.    Paragraph 181 purports to contain a quote from a document but provides no citation, limiting Valve's ability to fully and fairly answer the allegation. Valve admits that it is aware of a document or documents that contain the quoted language, but denies that the quotation is complete or accurately reflects the substance and context of the document or documents. Except as otherwise admitted, Valve denies the allegations in paragraph 181.

182.    Paragraph 182 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 182.

183.    Paragraph 183 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 183.

## VII.    VALVE HAS UNLAWFULLY RESTRAINED TRADE AND MONOPOLIZED THE DIGITAL PC GAME DISTRIBUTION MARKET

184.    Paragraph 184 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 184.

185.    Paragraph 185 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 185.

186.    Paragraph 186 contains legal conclusions to which no response is required. Paragraph 186 purports to contain a quote from a document but provides no citation, limiting Valve's ability to fully and fairly answer the allegation. Valve admits that it is aware of a document or documents that contain the quoted language, but denies that the quotation is complete or accurately reflects the substance and context of the document or documents.    Valve also lacks

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CONSOL. AMENDED CLASS ACTION COMPLAINT - 29
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

knowledge or information sufficient to form a belief as to the facts asserted in the quoted language, and therefore denies them. Except as otherwise admitted, Valve denies the allegations in paragraph 186.

187.    Paragraph 187 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that the quoted words appear in its Steamworks documentation, and respectfully refers the Court to the post, located at footnote 4 of Valve's Answer,[4] for a complete statement of its contents. Valve denies the remaining allegations in Paragraph 187.

188.    Paragraph 188 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 188.

189.    Paragraph 189 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 189.

190.    Paragraph 190 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 190.

191.    Paragraph 191 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 191.

192.    Paragraph 192 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 192.

193.    Paragraph 193 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 193.

## VIII.    ANTICOMPETITIVE EFFECTS

194.    Paragraph 194 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that customers can buy games directly from Steam and

---

[4]    Steamworks    Documentation,    Pricing,    (last    accessed    May    3,    2026), https://partner.steamgames.com/doc/store/pricing.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CONSOL. AMENDED CLASS ACTION COMPLAINT - 30
No. 2:21-cv-00563-JNW

that Valve retains a revenue share on some sales.  Valve denies the remaining allegations in paragraph 194.

195.    Paragraph 195 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 195.

**A.    Valve's PMFN Prevents Game Publishers From Offering Lower Prices On Other Platforms.**

196.    Paragraph 196 contains legal conclusions to which no response is required.  To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 196, and therefore denies them.

197.    Paragraph 197 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 197.

198.    Paragraph 198 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 198.

199.    Paragraph 199 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 199.

200.    Paragraph 200 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 200.

201.    Paragraph 201 contains legal conclusions to which no response is required.  To the extent a response is required, Valve admits that Deep Silver announced an exclusive with Epic for its new release, Metro Exodus, after having made the game available for pre-sale on Steam.  Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning exclusivity and pricing of Metro Exodus on non-Steam platforms, and therefore denies them. Valve denies the remaining allegations in paragraph 201 and footnote 10.

**B.**    **Because Valve's PMFN Prevents Publishers From Offering Lower Prices On Other Platforms, Competitor Platforms Cannot Break Steam's Monopoly, Harming Consumers.**

202.    Paragraph 202 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 202.

203.    Valve admits that it retains a 30% revenue share on some transactions. Valve admits that its cost structure is different from those of "brick-and-mortar retailers." Valve denies the remaining allegations in paragraph 203.

204.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations about brick-and-mortar retailers' costs or commissions, and therefore denies those allegations in paragraph 204. Valve admits that its cost structure is different from those of "brick-and-mortar retailers." Valve denies the remaining allegations in paragraph 204.

205.    Valve denies the allegations in paragraph 205.

206.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 206, and therefore denies them.

207.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 207, and therefore denies them.

208.    Valve admits that offerings by Epic, Microsoft, Amazon, Discord, Ubisoft, Humble, GOG, and Green Man Gaming, among others, compete with Steam's offerings.  Valve admits that some of these platforms charged a lower revenue share than Steam's and that some have offered exclusive games.  Valve denies the remaining allegations in paragraph 208.

209.    Paragraph 209 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 209.

210.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 210 and footnote 11, and therefore denies them.

211. Paragraph 211 contains legal conclusions to which no response is required. To the extent a response is required, Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 211 and footnote 12, and therefore denies them.

212. Paragraph 212 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 212.

213. Paragraph 213 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 213.

**C.     Valve's PMFN Prevents Competitors From Forcing Down Valve's Commission, Harming Consumers.**

### 1.     Competition Drives Prices Toward Marginal Costs.

214. Paragraph 214 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 214.

215. Paragraph 215 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 215.

### 2.     Valve's Marginal Costs Are Far Below 30%.

216. Valve admits that it retains a 30% revenue share on some transactions. Valve admits that its cost structure is different from those of "brick-and-mortar retailers." Valve denies the remaining allegations in paragraph 216.

217. Valve admits that the quoted words appear in the cited article, and respectfully refers the Court to the article for a complete statement of its contents, which is located at footnote 4 of Valve's Answer.[5] Valve admits the facts asserted in the quotation. Valve denies the remaining allegations in Paragraph 217 and footnote 14.

218. Paragraph 218 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 218.

---

[5]     Valve Corporation, *New Revenue Share Tiers and other updates to the Steam Distribution Agreement* (Nov. 30, 2018), https://steamcommunity.com/groups/steamworks/announcements/detail/1697191267930157838.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO CONSOL. AMENDED CLASS ACTION COMPLAINT - 33
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

219.    Paragraph 219 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 219.

220.    Paragraph 220 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 220.

### D.    Economic Theory and Modeling Support Plaintiffs' Allegations of Consumer Harm.

221.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 221, and therefore denies them.

222.    Valve denies that it enforces a PMFN or that it is a dominant platform.  Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 222 and footnote 15, and therefore denies them.

223.    Paragraph 223 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 223.

### IX.    CLASS ACTION ALLEGATIONS

224.    Valve admits that Plaintiffs purport to bring this action on behalf of themselves and the proposed class defined in paragraph 224.

225.    Paragraph 225 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 225.

226.    Paragraph 226 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 226.

227.    Paragraph 227 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 227.

228.    Paragraph 228 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 228.

229.    Paragraph 229 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 229.

230. Paragraph 230 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 230.

## X. FRAUDULENT CONCEALMENT

231. Paragraph 231 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits it denies the existence of a PMFN. Valve denies the remaining allegations in paragraph 231.

232. Valve admits that the quoted words appear in briefs filed in *Wolfire Games, LLC v. Valve Corp.*, No. 21-cv-0563 (W.D. Wash.). Valve denies that the quotations are complete or accurately reflect the substance and context of the briefs.

233. Paragraph 233 contains legal conclusions to which no response is required. To the extent a response is required, Valve admits that the quoted words appear in briefs filed in *Wolfire Games, LLC v. Valve Corp.*, No. 21-cv-0563 (W.D. Wash.). Valve denies that the quotation is complete or accurately reflects the substance and context of the brief or briefs. Valve denies the remaining allegations in paragraph 233.

234. Paragraph 234 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 234.

## XI. CAUSES OF ACTION

**FIRST CAUSE OF ACTION**

**SHERMAN ACT SECTION 2—MONOPOLIZATION OF THE DIGITAL PC GAME DISTRIBUTION MARKET (15 U.S.C. § 2)**

235. Valve incorporates its answers to the preceding paragraphs as if fully set forth in this paragraph.

236. Paragraph 236 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 236.

237. Paragraph 237 contains legal conclusions to which no response is required. To the extent a response is required, Valve denies the allegations in paragraph 237.

238.   Paragraph 238 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 238.

239.   Paragraph 239 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 239.

## SECOND CAUSE OF ACTION

## SHERMAN ACT SECTION 2—ATTEMPTED MONOPOLIZATION OF THE DIGITAL PC GAME DISTRIBUTION MARKET (15 U.S.C. § 2)

240.   Valve incorporates its answers to the preceding paragraphs as if fully set forth in this paragraph.

241.   Paragraph 241 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 241.

242.   Paragraph 242 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 242.

243.   Paragraph 243 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 243.

244.   Paragraph 244 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 244.

245.   Paragraph 245 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 245.

246.   Paragraph 246 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 246.

## THIRD CAUSE OF ACTION

## SHERMAN ACT SECTION 1—UNREASONABLE RESTRAINTS OF TRADE (15 U.S.C. § 1)

247.   Valve incorporates its answers to the preceding paragraphs as if fully set forth in this paragraph.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO CONSOL. AMENDED CLASS ACTION COMPLAINT - 36
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

248.    Paragraph 248 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 248.

249.    Paragraph 249 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 249.

250.    Paragraph 250 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 250.

251.    Paragraph 251 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 251.

252.    Paragraph 252 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 252.

253.    Paragraph 253 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 253.

## FOURTH CAUSE OF ACTION

### WASHINGTON STATE CONSUMER PROTECTION ACT, RCW 19.86

### (NATIONWIDE CLASS)

254.    Valve incorporates its answers to the preceding paragraphs as if fully set forth in this paragraph.

255.    Paragraph 255 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 255.

256.    Paragraph 256 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 256.

257.    Paragraph 257 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 257.

258.    Paragraph 258 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 258.

259.    Paragraph 259 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in paragraph 259.

**XII.    PRAYER FOR RELIEF**

Valve denies that Plaintiffs are entitled to any relief whatsoever from Valve and further denies the allegations contained in the section of Plaintiffs' Consolidated Amended Class Action Complaint titled "Prayer for Relief."

<b><u>AFFIRMATIVE DEFENSES</u></b>

For its affirmative defenses to Plaintiffs' Consolidated Amended Class Action Complaint, Valve alleges as follows:

<u>FIRST AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to take all necessary, reasonable, and appropriate actions to mitigate their alleged damages, if any.  Plaintiffs, through the exercise of reasonable diligence, could have mitigated their alleged damages by seeking out other distribution channels for their game purchases, including but not limited to the other platforms Plaintiffs identify in the Complaint.  Alternatively, any damages sustained by Plaintiffs, which Valve denies, must be reduced by the amount that such damages would have been reduced had Plaintiffs exercised reasonable diligence in mitigating their damages.

<u>SECOND AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims are barred, in whole or in part, by the applicable four-year statutes of limitations. *See* 15 U.S.C. § 15b and RCW 19.86.120. Plaintiffs' and class members' alleged injuries may, in whole or in part, be attributed to alleged anticompetitive conduct of Valve, which Valve denies, before January 28, 2017. Plaintiffs and class members with such claims may still be within the Complaint's class definition if they made purchases on Steam on or after January 28, 2017, Complaint ¶ 224, yet their claims may be barred in whole or in part because they arise from alleged conduct and events that occurred before January 28, 2017 and therefore may fall outside the applicable limitations periods.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CONSOL. AMENDED CLASS ACTION COMPLAINT - 38
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to injunctive relief as they have an adequate remedy at law.

## FOURTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint may not be properly maintained or certified as a class action, because even if Plaintiffs stated claims for violations of sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, and the Washington Consumer Protection Act, RCW 19.86, the proposed class fails to satisfy the requirements of numerosity, commonality, typicality, and adequacy of representation of Fed. R. Civ. P. 23(a), or the requirements of Fed. R. Civ. P. 23(b).

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, insofar as Valve's freedom to contract would be infringed were the Court to enforce a judgment against it.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Valve's revenue sharing percentage is commensurate with Steam's value to game publishers.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Valve has no duty to deal. As long as Valve has a valid business reason for the terms it attaches to its Steam Keys, which it does, those terms are not unlawful.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they involve trade or commerce with foreign nations to which the Sherman Act, 15 U.S.C. §§ 1, 2, and the Washington Consumer Protection Act, RCW 19.86, do not apply.

## NINTH AFFIRMATIVE DEFENSE

Valve alleges that, without admitting any liability whatsoever, at all times its conduct was reasonable and that its actions were undertaken in good faith to advance legitimate business interests and had the effect of promoting, encouraging, and increasing competition.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CONSOL. AMENDED CLASS ACTION COMPLAINT - 39
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and those of the alleged class are barred to the extent any recovery by Plaintiffs and the alleged class would be duplicative of other recoveries, subjecting Valve to the possibility of multiple recovery; such recovery is barred by the Fifth and Eighth Amendments to the U.S. Constitution.

ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs and the alleged class seek relief on behalf of purported class members who have not suffered any damages, the Complaint and each of its claims for relief violate Defendant's rights to due process under the United States Constitution.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Valve demands a trial by jury of all claims and issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiffs' Consolidated Amended Class Action Complaint, Valve prays for the following relief:

A. An order dismissing Plaintiffs' Consolidated Amended Class Action Complaint against Valve with prejudice;

B. An award of all its attorneys' fees and costs to the extent permitted by law; and

C. For such other and further relief as this Court deems just and equitable.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CONSOL. AMENDED CLASS ACTION COMPLAINT - 40
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005

DATED this 5th day of May, 2026.

WILKINSON STEKLOFF LLP

*s/ Rakesh Kilaru*

Rakesh Kilaru, *Admitted Pro Hac Vice*
James Rosenthal, *Admitted Pro Hac Vice*
Max Warren, *Admitted Pro Hac Vice*
David Friedman, *Admitted Pro Hac Vice*
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000
Fax: (202) 847-4005
rkilaru@wilkinsonstekloff.com
jrosenthal@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com
dfriedman@wilkinsonstekloff.com

Keri L. Arnold, *Admitted Pro Hac Vice*
Ralia E. Polechronis, *Admitted Pro Hac Vice*
Caroline Li, *Admitted Pro Hac Vice*
WILKINSON STEKLOFF LLP
130 West 42nd Street, 24th Floor
New York, New York 10036
Tel: (212) 294-8910
Fax: (202) 847-4005
karnold@wilkinsonstekloff.com
rpolechronis@wilkinsonstekloff.com
cli@wilkinsonstekloff.com

*s/ Blake Marks-Dias*

Blake Marks-Dias, WSBA No. 28169
CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com

Jessica M. Rizzo, *Admitted Pro Hac Vice*
BALLARD SPAHR LLP
1735 Market Street, Floor 51
Philadelphia, PA 19103
(215) 665-8500 (Phone)
(215) 864-8999 (Fax)
rizzoj@ballardspahr.com

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CONSOL. AMENDED CLASS ACTION COMPLAINT - 41
No. 2:21-cv-00563-JNW

Nathan M. Buchter, *Admitted Pro Hac Vice*
FOX ROTHSCHILD LLP
Two Commerce Square
2001 Market Street, Suite 1700
Philadelphia, PA 19103
Tel: (215) 299-3010
nbuchter@foxrothschild.com

Scott M. Danner, *Admitted Pro Hac Vice*
Priyanka Timblo, *Admitted Pro Hac Vice*
HOLWELL SCHUSTER & GOLDBERG LLP
425 Lexington Avenue
New York, NY 10017
(646) 837-5151 (Phone)
sdanner@hsgllp.com
ptimblo@hsgllp.com

*Attorneys for Defendant Valve Corporation*

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
CONSOL. AMENDED CLASS ACTION COMPLAINT - 42
No. 2:21-cv-00563-JNW

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000/Fax: (202) 847-4005