HON. JAMAL N. WHITEHEAD

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | Case No. 2:21-cv-00563-JNW<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT VALVE CORPORATION'S RENEWED MOTION TO SEAL SUMMARY JUDGMENT OPPOSITION FILINGS**<br><br>NOTE ON MOTION CALENDAR:<br>May 12, 2026 |

PLAINTIFFS' RESP. TO DEFENDANT'S
MOT. TO SEAL
Case No. 2:21-cv-00563-JNW

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
Tel: (206) 905-7000

# TABLE OF CONTENTS

I.  INTRODUCTION ...................................................................................................... 1

II.  LEGAL STANDARD ............................................................................................... 2

III.  ARGUMENT ............................................................................................................ 2

    A.  Valve's Renewed Motion Does Not Cure the Defects Identified in the Court's March 31 Order .......................................................................... 2

    B.  Plaintiffs' Opposition Is Narrow and Reasonable ................................... 4

    C.  The Public Interest in Access Is Especially Strong Now That the Case Is Proceeding Toward Trial ........................................................... 4

    D.  Valve Has Not Shown Compelling Reasons to Seal Exhibits 22, 31, and 35 in Their Entirety ........................................................................... 5

        1.  Exhibit 22 ...................................................................................... 5

        2.  Exhibit 31 ...................................................................................... 6

        3.  Exhibit 35 ...................................................................................... 7

    E.  Valve's Proposed Redactions to Exhibits 24 and 37 Improperly Conceal Substantive Merits Evidence ...................................................... 7

IV.  CONCLUSION ......................................................................................................... 8

PLAINTIFFS' RESP. TO DEFENDANT'S
MOT. TO SEAL - i
Case No. 2:21-cv-00563-JNW

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
Tel: (206) 905-7000

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Applied Materials, Inc. v. Demaray LLC*,
 2023 U.S. Dist. LEXIS 117121 (N.D. Cal. July 7, 2023) ...................................................6, 7

*Brown & Williamson Tobacco Corp. v. F.T.C.*,
 710 F.2d 1165 (6th Cir. 1983) .............................................................................................5

*Civ. Beat Law Ctr. for the Pub. Int., Inc. v. Maile*,
 117 F.4th 1200 (9th Cir. 2024) ............................................................................................4

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
 331 F.3d 1122 (9th Cir. 2003) .............................................................................................2

*Forbes Media LLC v. United States*,
 61 F.4th 1072 (9th Cir. 2023) .............................................................................................4

*Joy v. North*,
 692 F.2d 880 (2d Cir. 1982)................................................................................................5

*Kamakana v. City and Cnty. of Honolulu*,
 447 F.3d 1172 (9th Cir. 2006) ....................................................................................1, 2, 4

*Kenny v. Pac. Inv. Mgmt. Co. LLC*,
 2018 U.S. Dist. LEXIS 112788 (W.D. Wash. July 6, 2018) ................................................6, 7

*Lugosch v. Pyramid Co.*,
 435 F.3d 110 (2d Cir. 2006)................................................................................................5

*MasterObjects, Inc. v. Amazon.com, Inc.*,
 2022 U.S. Dist. LEXIS 159722 (N.D. Cal. Sept. 5, 2022) .....................................................4

*Nixon v. Warner Communs., Inc.*,
 435 U.S. 589 (1978).............................................................................................................2

*Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*,
 2018 U.S. Dist. LEXIS 64259 (E.D. Mich. Apr. 17, 2018).....................................................5

*Valley Broad. Co. v. United States Dist. Court*,
 798 F.2d 1289 (9th Cir. 1986) .............................................................................................4

PLAINTIFFS' RESP. TO DEFENDANT'S
MOT. TO SEAL - ii
Case No. 2:21-cv-00563-JNW

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
Tel: (206) 905-7000

## I.    INTRODUCTION

In its renewed motion to seal ("Renewed Motion," Dkt. 596), Defendant Valve Corporation ("Valve") continues trying to seal entire documents or to redact substantive merits evidence, specifically in Dkt. Nos. 539-22 ("Exhibit 22"), 539-24 ("Exhibit 24"), 539-31 ("Exhibit 31"), 539-35 ("Exhibit 35"), and 539-37 ("Exhibit 37").[1]  The Court already denied in part Valve's original motion to seal (Dkt. 537), holding that Valve had not shown compelling reasons to seal these documents in full and observing that the disputed email exchanges "seem to include relevant information about Valve's alleged anticompetitive business practices."  Order, Dkt. 591 at 3. Valve's Renewed Motion does not cure those defects that the Court previously identified, and Valve still has not met its burden under *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and Local Civil Rule ("LCR") 5(g).  The Renewed Motion should be denied.[2]

Valve still has not sufficiently shown what specific legitimate interests are at stake, the injury that would result if its motion were not granted, or why this information should be sealed rather than redacting some portions. And several facts on the other side of the balance outweigh Valve's inadequate showing. The documents at issue are not peripheral business records of little public value; instead, they bear on the merits of Plaintiffs' claims. And the information is stale; much of it dates back to 2013. In the fast-moving market of digital game distribution, Valve's conclusory assertions about present competitive harm from such dated information simply do not hold water.

---

[1] The Exhibits at issue in Valve's Renewed Motion were also filed under seal as Dkt. Nos. 486-21 (Exhibit 19), 486-22 (Exhibit 20), 486-24 (Exhibit 22), 486-26 (Exhibit 24), 486-30 (Exhibit 28) 486-33 (Exhibit 31), , 486-37 (Exhibit 35), and 486-39 (Exhibit 37).

[2] To be clear, the parties' dispute is limited.  Plaintiffs oppose only a narrow subset of Valve's Renewed Motion.  Plaintiffs do not oppose narrowly tailored redactions of genuine personal identifying information ("PII"), employee contact information, or limited third-party information where warranted.  Indeed, Plaintiffs agreed to Valve's proposed redactions to Dkt. Nos. 539-19 ("Exhibit 19"), 539-20 ("Exhibit 20"), and 539-28 ("Exhibit 28"), and agreed in part to a subset of the redactions that Valve proposes to Exhibit 24 and Exhibit 37.  *See* Renewed Mot. at 2.

RESP. TO DEFENDANT'S
MOT. TO SEAL - 1
Case No. 2:21-cv-00563-JNW

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
Tel: (206) 905-7000

Also, the public interest in access is stronger now than when Valve filed its original sealing motion. Since that time, the Court has denied Valve's motion for summary judgment, and this case is proceeding to trial. In that posture, the public's right of access to merits evidence is at its apex. Valve's Renewed Motion should therefore be denied as to its requests to seal Exhibits 22, 31, and 35 in their entirety, and denied as to Valve's request to make substantive redactions in Exhibits 24 and 37. At most, the Court should permit only narrow redactions of true PII, contact information, and limited third-party identifiers.

## II.   LEGAL STANDARD

Courts recognize a "'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana*, 447 F.3d at 1178 (citing *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 (1978). Thus, when considering a sealing request, courts begin with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

As a default rule, the party requesting to seal court filings bears the burden of overcoming this presumption with "'compelling reasons supported by specific factual findings.'" *Kamakana*, 447 F.3d at 1178 (citing *Foltz*, 331 F.3d at 1135). These compelling reasons must "outweigh the general history of access and the public policies favoring disclosure," and must not "'rely[] on hypothesis or conjecture.'" *Id.* at 1178–79 (citation omitted). This standard is met when "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (citation omitted).

## III.   ARGUMENT

### A.   Valve's Renewed Motion Does Not Cure the Defects Identified in the Court's March 31 Order

The Court has already addressed these materials once. In its March 31, 2026, Order, the Court granted Valve's prior motion to seal in part, as to certain other documents; but the Court

RESP. TO DEFENDANT'S
MOT. TO SEAL - 2
Case No. 2:21-cv-00563-JNW

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
Tel: (206) 905-7000

denied the prior motion as to the eight documents now at issue in the Renewed Motion. Order, Dkt. 591. In that Order, the Court held that Valve had not shown compelling reasons to seal these eight documents in their entirety and had not made an adequate showing under LCR 5(g). *Id.* at 3. Specifically, the Court found that Valve had not sufficiently explained the specific legitimate interests at stake with respect to these eight documents, "the injury that w[ould] result if the relief sought [were] not granted," or why sealing rather than redacting was necessary. *Id.* (quoting LCR 5(g)(3)(B)(i)-(iii)).

The Court also observed that the email exchanges reflected in these eight documents "seem to include relevant information about Valve's alleged anticompetitive business practices." *Id.* That finding is significant: the documents at issue are not peripheral business records of little public value. They bear on the merits of Plaintiffs' claims.

Valve's Renewed Motion does not meaningfully cure the deficiencies the Court identified. Valve again relies on broad categorization such as "third-party business information," "contracts with third parties," and "Valve's confidential internal strategy." Renewed Mot. at 3–4. Valve claims that "disclosure of the information Valve seeks to seal would hurt Valve's competitive standing and cause other harms." *Id.* at 9. But the only support Valve provides for this generic statement are citations to self-serving paragraphs in the Lynch Declarations that were previously filed in support of Valve's prior motion to seal. *See id.*; Dkt. 503 (Lynch Decl.) ¶¶ 33–34; Dkt. 226 (Sealed Lynch Decl.) ¶¶ 47–54, 71–103. These paragraphs generically assert that disclosure will, for example, "put Valve at competitive risk" and "would impair Valve's ability to negotiate future contracts." Dkt. 503 (Lynch Decl.) ¶ 33. But, as will be discussed further below, the information that Valve is seeking to redact is stale on its face. Valve offers no concrete evidence that disclosure of this dated, limited information would cause present-day competitive harm, and it is not apparent how a competitor today could meaningfully use years-old material of this kind to gain any unfair advantage over Valve. These insufficient justifications amount to nothing more than "generic statement[s] that disclosure would 'allow a competitor or other third party to

RESP. TO DEFENDANT'S
MOT. TO SEAL - 3
Case No. 2:21-cv-00563-JNW

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
Tel: (206) 905-7000

understand or infer information about the inner workings of [its] confidential [business].'" *MasterObjects, Inc. v. Amazon.com, Inc.*, 2022 U.S. Dist. LEXIS 159722, at *14 (N.D. Cal. Sept. 5, 2022). As such, Valve still has not met its burden.

**B.      Plaintiffs' Opposition Is Narrow and Reasonable**

Plaintiffs' opposition is limited. Plaintiffs do not oppose Valve's proposed redactions for Exhibits 19, 20, and 28. Plaintiffs also agree in part to a limited subset of the redactions Valve proposes in Exhibits 24 and 37, including redactions to true PII and employee contact information. Accordingly, this is not a dispute about whether genuine privacy interests or limited third-party identifiers may be protected. Plaintiffs agree that they may. The dispute between the parties instead concerns Valve's efforts to go beyond that, and to seal entire documents or redact substantive business discussions that bear on issues at the core of this litigation.

Plaintiffs' targeted position also demonstrates that less restrictive alternatives exist. For several of the disputed exhibits, Plaintiffs have proposed narrower redactions that would protect any legitimate confidentiality interests without concealing the substance of the evidence. Valve has not shown why these less restrictive alternatives are insufficient. *See* LCR 5(g).

**C.      The Public Interest in Access Is Especially Strong Now That the Case Is Proceeding Toward Trial**

The public-access interest is stronger now than when Valve filed its original sealing motion in September 2025. Since that time, the Court has denied Valve's motion for summary judgment, *see* Dkt. 592, and the case is proceeding toward trial. In that posture, the public's right of access to merits evidence is at its highest. *See Kamakana*, 447 F.3d at 1179 ("the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'") (quoting *Valley Broad. Co. v. United States Dist. Court*, 798 F.2d 1289, 1294 (9th Cir. 1986)); *see also Civ. Beat Law Ctr. for the Pub. Int., Inc. v. Maile*, 117 F.4th 1200, 1209 (9th Cir. 2024) ("[t]he public generally has presumptive access to judicial opinions, hearings, and court filings") (citing *Forbes*

RESP. TO DEFENDANT'S
MOT. TO SEAL - 4
Case No. 2:21-cv-00563-JNW

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
Tel: (206) 905-7000

*Media LLC v. United States*, 61 F.4th 1072, 1077 (9th Cir. 2023)); *Lugosch v. Pyramid Co.*, 435 F.3d 110, 121 (2d Cir. 2006) ("documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons.") (citing *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

In "'antitrust' cases, the public's interest is focused not only on the result, but also on the conduct giving rise to the case." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 2018 U.S. Dist. LEXIS 64259, at *12 (E.D. Mich. Apr. 17, 2018) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). "In those cases, 'secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption.'" *Id.* "Thus, '[t]he public has an interest in ascertaining what evidence and records the [] Court ha[s] relied upon in reaching [its] decisions.'" *Id.*; *Brown & Williamson*, 710 F.2d at 1181.

That principle applies here. This case concerns alleged anticompetitive conduct by a major digital platform. Communications about revenue share, distribution terms, treatment of publishers, and competition between Steam and rival storefronts are precisely the kinds of materials the public has a strong interest in seeing. Valve cannot use sealing to hide the record from the public before trial.

**D.    Valve Has Not Shown Compelling Reasons to Seal Exhibits 22, 31, and 35 in Their Entirety**

**1.    Exhibit 22**

Valve again seeks to seal Exhibit 22 in full. That request should be denied. Exhibit 22 is an internal 2013 Valve email discussing a meeting with a third party. According to Valve, the document consists entirely of confidential internal strategy and analysis concerning a key business partner. Renewed Mot. at 10. But Valve's own conclusory characterization is not enough. The Court already rejected Valve's prior request to seal this document in full, Order, Dkt. 591 at 3, and Valve still has not shown why narrower redactions would be insufficient.

Exhibit 22 is also stale. It dates to 2013. In a fast-moving market like digital game distribution, Valve cannot rely on conclusory assertions of present competitive harm from

RESP. TO DEFENDANT'S
MOT. TO SEAL - 5
Case No. 2:21-cv-00563-JNW

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
Tel: (206) 905-7000

disclosure of a 13-year-old internal communication. "[T]here are no compelling reasons to seal stale information." *Applied Materials, Inc. v. Demaray LLC*, 2023 U.S. Dist. LEXIS 117121, at *9 (N.D. Cal. July 7, 2023); *see also Kenny v. Pac. Inv. Mgmt. Co. LLC*, 2018 U.S. Dist. LEXIS 112788, at *6 (W.D. Wash. July 6, 2018) (rejecting defendant's arguments that information that was three or four years old was competitively sensitive, and denying defendant's request to seal the stale information).

Plaintiffs propose a narrower approach: redacting limited third-party identifying information and contact information. At bottom, Valve has not shown why Plaintiffs' less restrictive alternative is inadequate. Sealing the entire document is overbroad.

### 2.    Exhibit 31

Valve also seeks to seal Exhibit 31 in full. Exhibit 31 is an SDA between Valve and a third party. Valve argues the agreement contains unique business terms and similar documents were previously filed under seal. Renewed Mot. at 8–9. But prior sealing at an earlier stage does not automatically justify continued sealing now, after summary judgment has been denied. The Court must evaluate the request in light of the current posture of the case and the current public interest in access.

That public interest is substantial. Exhibit 31 bears directly on the terms under which major partners distribute through Steam, the structure of Valve's business relationships, and the contractual framework relevant to Plaintiffs' antitrust claims. As this case proceeds toward trial, the public has a strong interest in understanding those arrangements.

Valve also has not shown why less restrictive alternatives are unavailable. Even if certain provisions warrant protection, that does not justify sealing the entire agreement. Narrow redactions can address any truly sensitive information. Plaintiffs' position is not that every line of the contract must be publicly disclosed without exception; rather, it is that Valve has not justified blanket sealing.

RESP. TO DEFENDANT'S
MOT. TO SEAL - 6
Case No. 2:21-cv-00563-JNW

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
Tel: (206) 905-7000

The Court should therefore deny Valve's request to seal Exhibit 31 in full and require a publicly filed version with only narrowly tailored redactions.

### 3.    Exhibit 35

Valve again seeks to seal Exhibit 35 in full.  That request should also be denied.  Exhibit 35 is an internal 2018 Valve email chain discussing revenue share and SDA terms.  Valve argues that it contains no relevant information about alleged anticompetitive conduct because it does not reference Valve's alleged PMFN.  Renewed Mot. at 9–10.  That argument is too narrow.

Communications about revenue share, SDA terms, and how Valve presents those terms to business partners are central merits evidence in this case.  They bear on pricing, partner treatment, business strategy, competitive pressures, and Valve's understanding of its own market position.  The fact that the document may not use the term "PMFN" does not make it irrelevant to Plaintiffs' antitrust claims.  The Court has already recognized that these email exchanges contain relevant information about Valve's alleged anticompetitive business practices.  *See* Dkt. 591 at 3.

Exhibit 35 is also stale.  Valve has not made a concrete, document-specific showing that disclosure now, eight years later, would cause present competitive harm sufficient to overcome the strong presumption of access.  *See Applied Materials, Inc.*, 2023 U.S. Dist. LEXIS 117121, at *9; *see also Kenny*, 2018 U.S. Dist. LEXIS 112788, at *6.

And again, less restrictive alternatives exist.  Plaintiffs do not oppose redactions to limited third-party identifiers or contact information.  But Valve has not shown that sealing the entire document is necessary.  The Court should deny Valve's request to seal Exhibit 35 in full.

### E.    Valve's Proposed Redactions to Exhibits 24 and 37 Improperly Conceal Substantive Merits Evidence

Finally, Plaintiffs do not oppose redaction of third-party identifiers, third party employee PII, and contact information in Exhibits 24 and 37.  However, Valve asks for more, seeking to also redact the substance of the emails, concealing merits evidence.

Those substantive redactions are improper.  Communications about platform strategy and publisher treatment goes to the heart of Plaintiffs' claims.  Valve cannot overcome the public

RESP. TO DEFENDANT'S
MOT. TO SEAL - 7
Case No. 2:21-cv-00563-JNW

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
Tel: (206) 905-7000

interest in this information with generalized assertions that the material is confidential or commercially sensitive. The Court should therefore permit only narrow redactions for third party identifying information and contact information and deny Valve's request to redact substantive communications.

## IV.    CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that, as detailed herein and in the chart denoting disputed redactions, the Court grant those portions of Valve's Motion with which Plaintiffs agree and deny those portions of Valve's Motion which Plaintiffs oppose.

DATED: May 6, 2026.

Respectfully submitted,


/s/ Alicia Cobb
Alicia Cobb, WSBA #48685
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Phone (206) 905-7000
Fax (206) 905-7100
aliciacobb@quinnemanuel.com

Steig D. Olson (*pro hac vice*)
David LeRay (*pro hac vice*)
Nicolas Siebert (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 5th Avenue
New York, New York 10016
Phone (212) 849-7231
Fax (212) 849-7100
steigolson@quinnemanuel.com
davidleray@quinnemanuel.com
nicolassiebert@quinnemanuel.com

Adam Wolfson (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Phone (213) 443-3285
Fax (213) 443-3100
adamwolfson@quinnemanuel.com

RESP. TO DEFENDANT'S
MOT. TO SEAL - 8
Case No. 2:21-cv-00563-JNW

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
Tel: (206) 905-7000

Ankur Kapoor (*pro hac vice*)
CONSTANTINE CANNON LLP
230 Park Avenue, 17th Floor
New York, NY 10169
Phone (212) 350-2700
Fax (212) 350-2701
akapoor@constantinecannon.com

Tyre L. Tindall, WSBA #56357
McKinney Wheeler, WSBA #60635
WILSON SONSINI GOODRICH & ROSATI P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104
Phone (206) 883-2500
Fax (866) 974-7329
ttindall@wsgr.com
mckinney.wheeler@wsgr.com

Kenneth R. O'Rourke (*pro hac vice*)
Jordanne M Steiner (*pro hac vice*)
WILSON SONSINI GOODRICH &
ROSATI, P.C.
1700 K Street, NW, Fifth Floor
Washington, DC 20006
Phone (202) 973-8800
Fax (202) 973-8899
korourke@wsgr.com
jsteiner@wsgr.com

W. Joseph Bruckner (*pro hac vice*)
Joseph C. Bourne (*pro hac vice*)
Laura M. Matson (*pro hac vice*)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Phone: (612) 339-6900
Fax: (612) 339-0981
wjbruckner@locklaw.com
jcbourne@locklaw.com
lmmatson@locklaw.com

Kyle J. Pozan (*pro hac vice*)
LOCKRIDGE GRINDAL NAUEN PLLP
1165 North Clark Street, Suite 700
Chicago, IL 60610
Phone: (312) 205-8968
kjpozan@locklaw.com

Kristie A LaSalle (*pro hac vice*)
LOCKRIDGE GRINDAL NAUEN PLLP
265 Franklin Street, Ste 1702
Boston, Massachusetts 02110

RESP. TO DEFENDANT'S
MOT. TO SEAL - 9
Case No. 2:21-cv-00563-JNW

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
Tel: (206) 905-7000

Phone (617) 535-3763
kalasalle@locklaw.com

*Co-Lead Class Counsel*

Thomas N. McCormick (*pro hac vice*)
VORYS, SATER, SEYMOUR AND PEASE LLP
4675 Macarthur Court
Suite 700
Newport Beach, CA 92660
Telephone: (949) 526-7903
Fax: (949) 526-7901
Email: tnmccormick@vorys.com

Kenneth J. Rubin *(pro hac vice)*
Timothy B. McGranor *(pro hac vice)*
Douglas R. Matthews *(pro hac vice)*
Kara M. Mundy *(pro hac vice)*
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Telephone:  (614) 464-6400
Fax:  (614) 464-6350
Email:    kjrubin@vorys.com
              tbmcgranor@vorys.com
              drmatthews@vorys.com
              kmmundy@vorys.com

*Class Counsel Executive Committee*

*I hereby certify that this memorandum contains 2,520 words, in compliance with the Local Civil Rules.*

RESP. TO DEFENDANT'S
MOT. TO SEAL - 10
Case No. 2:21-cv-00563-JNW

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
Tel: (206) 905-7000

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF recipients.

DATED: May 6, 2026.

                               */s/ Alicia Cobb*
                               Alicia Cobb

RESP. TO DEFENDANT'S
MOT. TO SEAL - 11
Case No. 2:21-cv-00563-JNW

QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WA 98101
Tel: (206) 905-7000