THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE VALVE ANTITRUST LITIGATION

No. 2:21-cv-00563-JNW

**VALVE CORPORATION'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO SEAL SUMMARY JUDGMENT OPPOSITION FILINGS**

NOTE ON MOTION CALENDAR:
May 12, 2026

## **INTRODUCTION**

In its Renewed Motion to Seal Summary Judgment Opposition Filings ("Renewed Motion"), Valve made significant concessions, proposing limited redactions to five of the eight documents at issue that it previously sought to seal in their entirety. Valve also offered additional context for its renewed request to maintain three of those eight documents under seal in their entirety, as much as it could without disclosing the very information it seeks to seal. Valve made a good faith attempt to further narrow its requests to what is essential to protect itself, its employees, and third parties from harm, but Plaintiffs abruptly decided to do an about-face and object to the sealing of documents they agreed should be sealed just months

VALVE CORPORATION'S REPLY IN SUPPORT OF ITS
RENEWED MOTION TO SEAL SUMMARY JUDGMENT
OPPOSITION FILINGS – 1

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

ago.[1]

Valve has presented evidence supporting specific factual findings regarding the harms likely to be caused by release of the information it seeks to seal. These harms outweigh the public's interest in disclosure of this information. Valve's sealing requests align with prior guidance from the Court, and Valve respectfully requests that the Court grant Valve's Renewed Motion.

## ARGUMENT

### I.    Plaintiffs' Opposition Is Inconsistent, Capricious, and Unreasonable

Plaintiffs assert it is "reasonable" for them to reverse their previous position on sealing because Valve's Motion for Summary Judgment was denied and this case is now bound for trial. Plaintiffs' Response to Valve's Renewed Motion ("Resp.") at 4. That is irrelevant to sealing. Plaintiffs cite no authority supporting their argument and *Kamakana* undermines their position rather than supports it. The *Kamakana* court wrote that "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." *Kamakana v. City and Cnty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal quotations omitted). Plaintiffs suggest that this language supports their assertion that the public's right of access to merits evidence is at its highest when a case is "proceeding toward trial." Resp. at 4. *Kamakana* does not recognize "proceeding toward trial" as a special, distinct case posture. *Kamakana* says that the public has a heightened interest in "the resolution of a dispute on the merits[.]" *Kamakana*, 447 F.3d at 1170. While summary judgment marks the end of some cases, the parties are in a different situation here. As Plaintiffs concede, this dispute will be

---

[1] Specifically, Plaintiffs object to Valve's request to seal Exhibits 22 (Dkt. 486-24), 31 (Dkt. 486-33), and 35 (Dkt. 486-37) in their entirety, as well as Valve's request to redact Exhibits 24 (Dkt. 486-26) and 37 (Dkt. 486-39). Plaintiffs do not oppose Valve's request to redact Exhibits 19 (Dkt. 539-19), 20 (Dkt. 539-20), or 28 (Dkt. 539-28).

VALVE CORPORATION'S REPLY IN SUPPORT OF ITS
RENEWED MOTION TO SEAL SUMMARY JUDGMENT
OPPOSITION FILINGS – 2

resolved at trial. Accordingly, nothing relevant has changed since Plaintiffs represented to the Court that they agreed with the sealing proposals in Valve's original Motion to Seal Summary Judgment Opposition filings.

To the extent the public's interest in access to information about this dispute will be greater at trial, that is an issue to be decided at trial and not on summary judgment. Plaintiffs make no showing that any of the eight documents at issue will play any role in that trial or show they would even be admissible. The fact that the parties are "proceeding towards" a trial to be scheduled at some uncertain time in no way diminishes Valve's interest in preventing harm to itself, its employees, and third parties today. Plaintiffs' capricious about-face on this issue has no support in the law or common sense.

## II.    The Information Valve Seeks to Seal Is Not "Stale"

Plaintiffs assert that, because some of the documents Valve seeks to maintain under seal date from years ago, the information they contain is automatically "stale" and no longer competitively sensitive. But "the disclosure of old business information is not necessarily harmless[.]" *Grand River Enters. Six Nations, Ltd. v. King*, No. 02 CIV 5068(JFK), 2009 WL 222160, at *3 (S.D.N.Y. Jan. 30, 2009). "[O]ld business data may be extrapolated and interpreted to reveal a business' current strategy, strengths, and weaknesses. It would appear that, in the hands of an able and shrewd competitor, old data could indeed be used for competitive purposes." *Gov't Accountability Project v. Food & Drug Admin.*, 206 F. Supp. 3d 420, 443 (D.D.C. 2016) (quoting *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 891 (E.D. Pa. 1981). Valve's many able and shrewd competitors could extrapolate from the older information Plaintiffs call "stale," potentially revealing Valve's current business strategy, strengths, and weaknesses. *See* Dkt. 453 at 3-4, 12 (Valve faces "competition from many sources[,]" including many sophisticated, multibillion dollar companies). Not all information grows stale merely with age, particularly information related

VALVE CORPORATION'S REPLY IN SUPPORT OF ITS
RENEWED MOTION TO SEAL SUMMARY JUDGMENT
OPPOSITION FILINGS – 3

to third parties and candid internal discussions of sensitive ongoing business relationships built up over many years.

### III.    Plaintiffs Mischaracterize Valve's Motion

Plaintiffs argue Valve has not shown sealing is warranted because it "again relies on broad categorization such as 'third-party business information,' 'contracts with third parties,' and 'Valve's confidential internal strategy.'" Resp. at 3. While Valve's Renewed Motion uses *headings* with roughly these titles, beneath these headings, Valve provides significant, specific detail—as much as it is possible to provide in a public filing—regarding the harms likely to be caused by the release of the information it proposes to seal. Plaintiffs claim that Valve's only support for its sealing arguments are "self-serving paragraphs in the Lynch Declarations," then (mis)quote one paragraph from the publicly available Lynch Declaration Valve cites. Valve's Renewed Motion also cited dozens of paragraphs from the 78-page, 122-paragraph Sealed Lynch Declaration, which contains far more information about the anticipated harms of disclosure than any public filing. Plaintiffs mischaracterize Valve's arguments.

### IV.    Valve Has Shown Compelling Reasons to Seal Exhibits 22, 31, and 25 in Their Entirety

#### a.    Exhibit 22

Valve has shown compelling reasons for sealing Exhibit 22 in its entirety. This internal Valve email summarizes a highly confidential meeting with a third party, a significant business partner of Valve's. It discloses highly sensitive information regarding the third party and Valve's strategies for working with them. Plaintiffs generically argue that the eight documents at issue in this motion "bear on the merits of Plaintiffs' claims." Resp. at 3. But they identify nothing in Exhibit 22 that could possibly be construed as evidencing Valve's alleged PMFN. There is no relevant information about Valve's alleged anticompetitive business practices in this document.

VALVE CORPORATION'S REPLY IN SUPPORT OF ITS
RENEWED MOTION TO SEAL SUMMARY JUDGMENT
OPPOSITION FILINGS – 4

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Plaintiffs argue that, in antitrust cases, "the public has an interest in ascertaining what evidence and records the Court has relied upon in reaching its decisions." Resp. at 5 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)) (cleaned up). The Court does not cite Exhibit 22 in its Summary Judgment, Schwartz *Daubert*, Rietveld *Daubert*, or Gowrisankaran *Daubert* opinions.

This document is also not "stale." Several points of discussion between Valve and the third party described in this email remain points of discussion today. Regardless, this email's disclosure could itself damage Valve's relationship with this business partner, who met with Valve in confidence and under the expectation that what it said to Valve would be kept private.

There are also so many clues to the third party's identity in this document that redaction would be both impractical and pointless. Such heavy redactions would be required that it would be impossible for the public to glean anything relevant or significant from a publicly-filed version of this document. The Court should grant Valve's request to seal Exhibit 22 in its entirety.

### b. Exhibit 31

Valve has also shown compelling reasons for sealing Exhibit 31—a contract between itself and a third party—in its entirety. The Court previously sealed an identical exhibit in its entirety. Plaintiffs offer no reason why the Court's summary judgment decision changes the precedent set by the Court's prior sealing orders, which Valve has followed as precisely as possible. Plaintiffs also ignore that Exhibit 31 is not a form contract. It contains several unique, individually-negotiated terms known only to Valve and to the third party. Partially-redacted standard SDAs have been made public in this case, and Plaintiffs have not shown this particular document will provide the public with insight into the "contractual framework relevant to Plaintiffs' antitrust claims" that the standard SDAs cannot. Instead, revealing it

VALVE CORPORATION'S REPLY IN SUPPORT OF ITS
RENEWED MOTION TO SEAL SUMMARY JUDGMENT
OPPOSITION FILINGS – 5

will reveal the business and contract negotiating strategies of the third party and Valve. Valve is also bound by its confidentiality agreement with this third party to use its best efforts to maintain this contract's confidentiality. The Court does not cite Exhibit 31 in its Summary Judgment, Schwartz *Daubert*, Rietveld *Daubert*, or Gowrisankaran *Daubert* opinions. Accordingly, the Court should grant Valve's request to seal Exhibit 31 in its entirety.

### c. **Exhibit 35**

Valve has also shown compelling reasons for sealing Exhibit 35—a series of internal emails about Valve's lowering its revenue share in 2018 in response to competitive pressure. There is no relevant information about Valve's alleged anticompetitive business practices in this document. That Plaintiffs allege Valve's revenue share is too high does not make every document referencing that revenue share "central merits evidence." Nor does Plaintiffs' allegation that Valve acted anticompetitively mean every document showing Valve engaged in vigorous, lawful competition is required to be made public. Plaintiffs simply make no showing of need for public disclosure specific to this document.

The internal analysis in Exhibit 35 is also not "stale." It includes, *inter alia*, anticipated hostile questions from Valve's business partners with which Valve continues to grapple and strategies for disseminating information that Valve continues to use today. Further, the Court does not cite Exhibit 35 in its Summary Judgment, Schwartz *Daubert*, Rietveld *Daubert*, or Gowrisankaran *Daubert* opinions. The Court should grant Valve's request to seal Exhibit 35 in its entirety.

### V. **Valve's Proposed Redactions to Exhibits 24 and 37 Are Appropriate**

Exhibits 24 and 37 are email threads between Valve and third parties. As Valve explained to Plaintiffs, Valve's proposed redactions to Exhibit 24 simply track the redactions proposed by the third party on the email chain when this document was filed at an earlier stage of this litigation. *See* Dkt. 197. The Court has historically been sensitive to the concerns

VALVE CORPORATION'S REPLY IN SUPPORT OF ITS
RENEWED MOTION TO SEAL SUMMARY JUDGMENT
OPPOSITION FILINGS – 6

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

of third parties that produced documents in this case, and Plaintiffs have offered no reason why the Court should change course at this time.

Valve is mystified by Plaintiffs' objection to Valve's proposed redactions to Exhibit 37. Valve here seeks to redact only PII, game titles, place names, and a fraction of a sentence containing additional information unique to the third party on this email chain. Valve previously sought to seal this document in its entirety, and Plaintiffs did not object. The narrow redactions Valve now proposes to this document represent a very significant concession. Plaintiffs assert that "[c]ommunications about platform strategy and publisher treatment goes [*sic*] to the heart of Plaintiffs' claims," but according to Plaintiffs' logic, virtually every email between Valve and a publisher could be seen as a "communication about publisher treatment." Further, courts have specifically recognized that documents disclosing platform "strategy" as the type of documents likely to "'become a vehicle for improper purposes'" if publicly disclosed. *Raner v. Fun Pimps Ent. LLC,* 2024 WL 1049964, at *2 (W.D. Wash. Mar. 11, 2024) (quoting *Kamakana*, 447 F.3d at 1179)). The Court should grant Valve's request to file public versions of Exhibits 24 and 37 with the redactions it proposes.

## CONCLUSION

Valve has presented specific factual findings about the harms caused by release of the Sealed Documents that outweigh public disclosure. Valve has also followed the Court's orders and narrowly tailored its sealing requests. Valve respectfully requests that the Court maintain the Sealed Documents under seal and permit Valve to file the redacted versions of the Sealed Documents for public access.

//

//

//

//

VALVE CORPORATION'S REPLY IN SUPPORT OF ITS
RENEWED MOTION TO SEAL SUMMARY JUDGMENT
OPPOSITION FILINGS – 7

## CERTIFICATION

I certify that this memorandum contains 1,961 words, in compliance with the Local Civil Rules.

DATED this 12th day of May, 2026.

CORR CRONIN LLP

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10
Seattle, WA 98104
Tel: (206) 625-8600
Fax: (206) 625-0900
bmarksdias@corrcronin.com

Rakesh Kilaru, *Admitted Pro Hac Vice*
James Rosenthal, *Admitted Pro Hac Vice*
Max Warren, *Admitted Pro Hac Vice*
David Friedman, *Admitted Pro Hac Vice*
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000
Fax: (202) 847-4005
rkilaru@wilkinsonstekloff.com
jrosenthal@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com
dfriedman@wilkinsonstekloff.com

Keri L. Arnold, *Admitted Pro Hac Vice*
Ralia E. Polechronis, *Admitted Pro Hac Vice*
Caroline Li, *Admitted Pro Hac Vice*
WILKINSON STEKLOFF LLP
130 West 42nd Street, 24th Floor
New York, New York 10036
Tel: (212) 294-8910
Fax: (202) 847-4005
karnold@wilkinsonstekloff.com
rpolechronis@wilkinsonstekloff.com
cli@wilkinsonstekloff.com

VALVE CORPORATION'S REPLY IN SUPPORT OF ITS
RENEWED MOTION TO SEAL SUMMARY JUDGMENT
OPPOSITION FILINGS – 8

Jessica M. Rizzo, *Admitted Pro Hac Vice*
BALLARD SPAHR LLP
1735 Market Street, Floor 51
Philadelphia, PA 19103
Tel: (215) 665-8500
Fax: (215) 864-8999
rizzoj@ballardspahr.com

*Attorneys for Defendant Valve Corporation*

VALVE CORPORATION'S REPLY IN SUPPORT OF ITS
RENEWED MOTION TO SEAL SUMMARY JUDGMENT
OPPOSITION FILINGS – 9