THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | No. 2:21-cv-00563-JNW<br><br>**MOTION FOR CLARIFICATION REGARDING PROTECTIVE ORDER**<br><br>NOTE ON MOTION CALENDAR:<br>June 22, 2026 |

MOTION FOR CLARIFICATION REGARDING
PROTECTIVE ORDER
(No. 2:21-cv-00563-JNW)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Defendant Valve Corporation ("Valve") respectfully seeks the Court's guidance as to its obligations under the Stipulated Protective Order (the "Federal Protective Order") (ECF 95) with respect to production in an arbitration proceeding of documents received in discovery from Plaintiffs and third parties that the producing parties designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" under the Federal Protective Order. An arbitration tribunal ordered Valve to produce such documents to the arbitration claimants' counsel, in what Valve believes are conditions that would violate the Federal Protective Order's plain language.

This litigation was commenced on April 27, 2021, when video game developer Wolfire Games LLC and individual consumer plaintiffs filed a putative class action in this Court asserting antitrust claims against Valve. (ECF 1).[1] On October 25, 2021, this Court compelled the consumer plaintiffs to arbitrate under a now-superseded version of Valve's user agreement with customers, while allowing Wolfire's game developer claims to proceed. *See Wolfire Games, LLC v. Valve Corp.*, 2021 WL 4952220, at *1, *3 (W.D. Wash. Oct. 25, 2021).[2] On August 16, 2022, the Court entered the Federal Protective Order, which governs "the production of confidential, proprietary, or private information for which special protection may be warranted." (Ex. A, at 1.)[3]

The parties then took extensive party and third-party discovery. A total of 29 third parties—many of whom compete with Valve—produced documents in response to third-party discovery subpoenas. The information produced by these third parties included proprietary and confidential sales data, business strategy, and competitor and market discussion and analysis. Nearly all of the

---

[1] On July 22, 2022, this Court consolidated *Wolfire Games, LLC v. Valve Corp.*, No. 2:21-cv-00563-JCC (W.D. Wash. filed Apr. 27, 2021), with a related action, *Dark Catt Studios, et al. v. Valve Corporation*, No. 2:21-cv-00872-JCC (W.D. Wash. filed June 28, 2021), and recaptioned the consolidated action "*In re Valve Antitrust Litigation*."

[2] Valve subsequently removed the arbitration agreement and class action waiver. Valve then commenced an action in this Court to enjoin the arbitrations of those claimants who assented to the modified terms, a group which includes claimants in the Mainland Arbitrations. *See Valve Corp. v. Abbruzzese*, No. 2:24-cv-1717 (W.D. Wash. filed Oct. 18, 2024). Valve has arbitrated where required under protest and a full reservation of rights.

[3] Exhibits have been attached to the Declaration of Blake Marks-Dias, dated May 29, 2026, which is being submitted concurrently herewith.

---

MOTION FOR CLARIFICATION REGARDING
PROTECTIVE ORDER
(No.2:21-cv-00563-JNW) – 1

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

third parties designated the information they produced in third-party discovery as "Confidential" or "Highly Confidential – Attorney's Eyes Only."  When the parties later sought to use information obtained from certain of those third parties in court filings, the third parties appeared and sought sealing, which was granted.[4]  In addition, Plaintiffs Wolfire and Dark Catt also produced numerous documents in discovery they designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only."

Meanwhile, thousands of Valve users commenced arbitrations before the American Arbitration Association.  Twenty-five of those arbitrations were assigned to Arbitrator Richard Mainland.  The Claimants in the Mainland arbitrations sought production of documents received by Valve in discovery in this case, including documents from third parties and Plaintiffs Wolfire and Dark Catt that the producing parties had designated "Confidential" and "Highly Confidential – Attorney's Eyes Only" under the Federal Protective Order.  Valve opposed production, including on the basis that production would violate the Federal Protective Order.[5]  Over Valve's objection, on May 3, 2026, Arbitrator Mainland ordered Valve to produce certain documents Plaintiffs and third parties designated as "Confidential" or "Highly Confidential—Attorney's Eyes Only" under the Federal Protective Order.  (Ex. B, the "May 3 Order" (enforcing certain rulings from an order re production of documents dated September 16, 2024); Ex. C (September Order) (ordering Valve to produce third-party documents protected under the Federal Protective Order).)  Valve believes that it cannot comply with Arbitrator Mainland's May 3 Order without violating the Federal Protective Order:

[4] *See, e.g.*, ECF 223 (order granting Microsoft's motion to seal MSFT_VALVE_0000555, a document designated highly confidential); ECF 258 (order granting Humble Bundle's motion to seal information designated highly confidential and contained in the Schwartz report); ECF 299 (order granting Dark Catt's motion to seal information designated highly confidential and contained in the Schwartz report); ECF 302 (order granting Microsoft's motion to seal information designated highly confidential and contained in the Schwartz report); ECF 303 (order granting Epic Games' motion to seal information designated highly confidential and contained in the Schwartz report).

[5] In other similar arbitrations, the claimants had sought subpoenas from the arbitrators directed to Wolfire and certain third parties.

MOTION FOR CLARIFICATION REGARDING
PROTECTIVE ORDER
(No.2:21-cv-00563-JNW) – 2

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

- Section 4 of the Federal Protective Order permits Valve to disclose documents designated by a producing party as "Confidential" or "Highly Confidential—Attorney's Eyes Only" only to certain categories of persons listed in the Order and under certain conditions related to this litigation itself.  (*See* Ex. A §§ 4.1, 4.2, 4.3.)  Neither condition is met here: Claimants' counsel is not included within this list of authorized recipients.  Further, the conditions of Valve's contemplated production would be related to the Mainland arbitrations—not "for . . . defending . . . or attempting to settle [the consolidated antitrust] litigation," as Section 4.1 of the Federal Protective Order requires.  (*Id.*)

- Section 7, which permits disclosure pursuant to a "subpoena or a court order issued in other litigation" (*id.* § 7), is not implicated here, because Arbitrator Mainland's May 3 Order is neither a subpoena nor a court order, and the arbitrations over which he is presiding are not "litigation[s]."

Indeed, this Court has specifically ordered sealed some of the very information that Arbitrator Mainland ordered Valve to disclose in the May 3 Order.[6]  Even more, several other arbitrators who have considered this issue have agreed with Valve's interpretation.  (Ex. D (Arbitrator Morrill); Ex. E (Arbitrator Gilman).)  Accordingly, Valve does not believe that it can lawfully comply with Arbitrator Mainland's May 3 Order.

More fundamentally, this litigation provided the mechanism for deep discovery into highly sensitive and proprietary business information of the parties and third parties.  This Court imposed protections in the Federal Protective Order that balance the need for such discovery against the risk of harm from disclosure.  Arbitration claimants who believe they need materials from Plaintiffs or third parties who produced information in discovery can seek those materials directly from them, giving the responding party any opportunity to object or seek appropriate limits on production based

---

[6] *See supra* n.4 (explaining that this Court ordered to seal confidential portions of MSFT_VALVE_0000555 and information from the Schwartz report); (Ex. B (May 3 Order) (ordering Valve to produce MSFT_VALVE_0000555 and an unredacted version of the Schwartz report).

MOTION FOR CLARIFICATION REGARDING
PROTECTIVE ORDER
(No.2:21-cv-00563-JNW) – 3

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

on the nature of the arbitral proceeding.  Instead, the arbitration claimants are seeking other parties' information from Valve, thereby doing an end-run around that process.

Accordingly, Valve respectfully requests that the Court (i) confirm Valve's interpretation of the Federal Protective Order and (ii) order any other relief that it may deem just and proper.

DATED: May 29, 2026.

I certify that this memorandum contains 1,142 words, in compliance with the Local Civil Rules.

CORR CRONIN LLP

*s/ Blake Marks-Dias*

Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10
Seattle, Washington 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com

Rakesh Kilaru, *Admitted Pro Hac Vice*
James Rosenthal, *Admitted Pro Hac Vice*
Max Warren, *Admitted Pro Hac Vice*
David Friedman, *Admitted Pro Hac Vice*
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000
Fax: (202) 847-4005
rkilaru@wilkinsonstekloff.com
jrosenthal@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com
dfriedman@wilkinsonstekloff.com

Keri L. Arnold, *Admitted Pro Hac Vice*
Ralia E. Polechronis, *Admitted Pro Hac Vice*
Caroline Li, *Admitted Pro Hac Vice*
WILKINSON STEKLOFF LLP
130 West 42nd Street, 24th Floor
New York, New York 10036
Tel: (212) 294-8910
Fax: (202) 847-4005
karnold@wilkinsonstekloff.com
rpolechronis@wilkinsonstekloff.com
cli@wilkinsonstekloff.com

*Attorneys for Defendant Valve Corporation*

MOTION FOR CLARIFICATION REGARDING
PROTECTIVE ORDER
(No.2:21-cv-00563-JNW) – 4

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900