UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | CASE NO. 2:21-cv-00563-JNW<br><br>ORDER GRANTING IN PART VALVE'S MOTION TO SEAL |

## 1. INTRODUCTION

Defendant Valve's motion to seal summary judgment filings comes before the Court. Dkt. No. 501. Having reviewed the motion, Plaintiffs' response, Dkt. No. 520, the reply, Dkt. No. 534, and all other supporting materials, the Court GRANTS the motion IN PART.

## 2. LEGAL STANDARD

While showing good cause is sufficient to shield information supporting non-dispositive motions, the burden for sealing information supporting dispositive motions is higher. When a party moves to seal documents attached to dispositive motions, it must overcome the "strong presumption in favor of [public] access" by showing "compelling reasons" to seal. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331

ORDER GRANTING IN PART VALVE'S MOTION TO SEAL - 1

F.3d 1122, 1135 (9th Cir. 2003)). The party moving to seal bears the burden of overcoming this strong presumption. *Id*. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. Ultimately, the moving party "must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id*. at 1178–79 (citation modified).

Additionally, the moving party must comply with Local Civil Rule 5(g), which requires it to "explore all alternatives to filing documents under seal." Under the local rule, the moving party must explain "the legitimate private or public interests that warrant sealing," "the injury that will result if the relief sought is not granted," and "why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B)(i)–(iii).

## 3.  DISCUSSION

### 3.1    Valve has not given compelling reasons to seal information provided by Newzoo or Circana.

Valve purchased information from companies Newzoo and Circana to use in this litigation. Valve states that "[t]hese vendors contractually require Valve to

ORDER GRANTING IN PART VALVE'S MOTION TO SEAL - 2

keep that data confidential to preserve the economic value they derive from its secrecy . . . ." Dkt. No. 501 at 5, ¶ 8. That a third party researched and compiled data for Valve is not inherently a compelling reason to seal factual information attached to summary judgment filings. Notably, Valve has identified no case finding otherwise. And Plaintiffs contend that at least some of the information provided by these third parties is publicly available. *See, e.g.,* Dkt. No. 504-35 (sealed) at 4 (asserting information is publicly available at pcgamer.com); *cf. Epic Games, Inc. v. Apple Inc.*, 559 F. Supp. 3d 898, 989 (N.D. Cal. 2021) (quoting an apparently public Newzoo report in opinion), *aff'd in part, rev'd in part and remanded*, 67 F.4th 946 (9th Cir. 2023).

Moreover, while the Court understands that these companies generally derive economic value from the information's secrecy, neither Valve nor the third parties have explained the extent of any harm that Newzoo or Circana may suffer if the information they gathered only for this specific case were made public. *See* LCR 5(g)(3)(B)(iii); *Kamakana*, 447 F.3d at 1179 (court cannot rely on "hypothesis or conjecture" when sealing documents). Without more, Valve has not established compelling reasons for sealing this information that overcome the "strong presumption" of public disclosure. *Kamakana*, 447 F.3d at 1179.

### 3.2    Compelling reasons exist to redact the stipulated information.

After reviewing the proposed redactions, the Court concludes that compelling reasons exist to grant the motion to seal as to documents to which the Parties are in full agreement regarding the redactions. *See* Dkt. No. 501 at 17–21. The Court

further finds that there are compelling reasons to grant the additional stipulated redactions identified by the Parties in certain documents which are not subject to the full agreement, i.e., those redactions highlighted in green in Dkt. No. 504-35. In compliance with LCR 5(g), Valve has gone to great lengths to limit the number of requested redactions. Many of the proposed redactions include private personal identifying information and confidential third-party business information—including internal business strategies and presentations. The proposed redactions also include sensitive numerical data reflecting Valve's business performance and strategies. This is the type of information that could be used by competitors for an improper purpose. Moreover, on review, the Court finds that due to the limited nature of the redactions, the public will face little to no difficulty in understanding the Parties' arguments on summary judgment, or the evidence supporting them. Given the sensitive information at issue and the limited nature of the redactions, the compelling interests identified by Valve outweigh the public's interest in disclosure as to the stipulated proposed redactions.

### 3.3    Rulings on the disputed redactions.

As to the redactions that are not subject to stipulation, i.e., those highlighted in yellow or red in Dkt. No. 504-35, the Court rules as follows:

| # | Redaction Cite (*see* Dkt. No. 504-35) | Ruling |
|---|---|---|
| 1 | Gowrisankaran Rebuttal Report pp. 26-27, ¶ 44 | GRANTED |
| 2 | Gowrisankaran Rebuttal Report p. 27, FN 47 | GRANTED |
| 3 | Gowrisankaran Rebuttal Report p. 27, FN 48 | GRANTED |

ORDER GRANTING IN PART VALVE'S MOTION TO SEAL - 4

| # | Redaction Cite (*see* Dkt. No. 504-35) | Ruling |
|---|---|---|
| 4 | Gowrisankaran Rebuttal Report pp. 43-44, ¶ 69 | DENIED |
| 5 | Gowrisankaran Rebuttal Report p. 43, FN 102 | DENIED |
| 6 | Gowrisankaran Rebuttal Report p. 44, FN 103 | DENIED |
| 7 | Gowrisankaran Rebuttal Report p. 45, FN 109 | DENIED |
| 8 | Gowrisankaran Rebuttal Report pp.58-59, ¶ 101 | DENIED |
| 9 | Gowrisankaran Rebuttal Report p. 59 Ex. 4, Source | DENIED |
| 10 | Gowrisankaran Rebuttal Report pp. 59-60, ¶ 102 | DENIED |
| 11 | Gowrisankaran Rebuttal Report p. 59, FN 150 | DENIED |
| 12 | Gowrisankaran Rebuttal Report p. 59 Ex. 5, Source | DENIED |
| 13 | Gowrisankaran Rebuttal Report pp. 60-61, ¶ 104 | DENIED |
| 14 | Gowrisankaran Rebuttal Report p. 72, FN 214 | DENIED |
| 15 | Gowrisankaran Rebuttal Report p. 79, ¶ 132(a) | GRANTED |
| 16 | Gowrisankaran Rebuttal Report p. 79, FN 234 | GRANTED |
| 17 | Gowrisankaran Rebuttal Report pp. 79-80, FN 235 | GRANTED |
| 18 | Gowrisankaran Rebuttal Report p. 80, ¶ 132(c) | GRANTED |
| 19 | Gowrisankaran Rebuttal Report p. 80, FN 237 | GRANTED |
| 20 | Gowrisankaran Rebuttal Report p. 80, FN 238 | GRANTED |
| 21 | Gowrisankaran Rebuttal Report p. 80, FN 239 | GRANTED |
| 22 | Gowrisankaran Rebuttal Report p. 101, FN 312 | DENIED |
| 23 | Gowrisankaran Rebuttal Report p. 137, FN 400 | GRANTED |
| 24 | Gowrisankaran Rebuttal Report p. 155, FN 457 | GRANTED |
| 25 | Gowrisankaran Rebuttal Report p. 158, ¶ 271 | DENIED |

| # | Redaction Cite (*see* Dkt. No. 504-35) | Ruling |
|---|---|---|
| 26 | Gowrisankaran Rebuttal Report p.158, ¶ 271(b) | GRANTED |
| 27 | Gowrisankaran Rebuttal Report p. 175, ¶ 305 | GRANTED |
| 28 | Gowrisankaran Rebuttal Report p. 175, FN 521 | GRANTED |
| 29 | Gowrisankaran Rebuttal Report p. 175, FN 522 | GRANTED |
| 30 | Gowrisankaran Rebuttal Report p. 175, FN 523 | GRANTED |
| 31 | Gowrisankaran Rebuttal Report p. 177, ¶ 307(b) | GRANTED |
| 32 | Gowrisankaran Rebuttal Report p. 178, FN 536 | GRANTED |
| 33 | Schwartz Opening Merits Report Appendices p. A-61, n. 3 | GRANTED IN PART. The name of the tool used by Valve may remain redacted. |
| 34 | Schwartz Opening Merits Report Appendices p. A-63, n. 4 | GRANTED |
| 35 | Schwartz Opening Merits Report 1/27/2025 p. 71, ¶ (112) | DENIED |
| 36 | Schwartz Opening Merits Report 1/27/2025 p. 107, ¶ (177) | GRANTED |
| 37 | Schwartz Opening Merits Report 1/27/2025 p. 247, ¶ (457) | GRANTED |
| 38 | Schwartz Opening Merits Report 1/27/2025 p. 247-248, ¶ (459) | GRANTED |
| 39 | Schwartz Opening Merits Report 1/27/2025 p. 251, ¶ (466) | GRANTED |
| 40 | Schwartz Opening Merits Report 1/27/2025 p. 253, ¶ (473) | GRANTED |
| 41 | Schwartz Opening Merits Report 1/27/2025 p. 255, ¶ (478) | GRANTED |

| # | Redaction Cite (*see* Dkt. No. 504-35) | Ruling |
|---|---|---|
| 42 | Expert Report of Gowrisankaran 01.27.2025 Pg. 45, FN 131 | DENIED |
| 43 | Rietveld Opening Merits Report 2025.01.27 P. 12, ¶ 22 | DENIED |
| 44 | Rietveld Opening Merits Report 2025.01.27 P. 14, n. 31 | DENIED |
| 45 | Rietveld Opening Merits Report 2025.01.27 P. 15, ¶ 25 | DENIED |
| 46 | Rietveld Opening Merits Report 2025.01.27 P. 25, ¶ 39 | DENIED |
| 47 | Rietveld Opening Merits Report 2025.01.27 P. 23, Figure 3 | DENIED |
| 48 | Rietveld Opening Merits Report 2025.01.27 P. 23–24, ¶ 40 | DENIED |
| 49 | Rietveld Opening Merits Report 2025.01.27 p. 26-27, ¶ 44 | DENIED |
| 50 | Rietveld Opening Merits Report 2025.01.27 p. 58-59, ¶ 97 | DENIED |
| 51 | Schwartz Reply Report 4/25/2025 pp. 62-63, ¶114 | DENIED |
| 52 | Rietveld Rebuttal Report 3/26/2025 p. 7, ¶ 13 | DENIED |
| 53 | Rietveld Rebuttal Report 3/26/2025 p. 9, ¶ 16 | DENIED |
| 54 | Rietveld Rebuttal Report 3/26/2025 p. 9-10, FN 22 | DENIED |
| 55 | Rietveld Rebuttal Report 3/26/2025 p. 59, ¶115, bullet point 2 | DENIED |
| 56 | Rietveld Rebuttal Report 3/26/2025 p. 62, ¶120 | DENIED |
| 57 | Rietveld Rebuttal Report 3/26/2025 p. 86, ¶168 | DENIED |
| 58 | Langer Report p. 19, ¶ 30 | DENIED |
| 59 | Langer Report p. 168 Data | DENIED |

ORDER GRANTING IN PART VALVE'S MOTION TO SEAL - 7

| # | Redaction Cite (*see* Dkt. No. 504-35) | Ruling |
|---|---|---|
| 60 | Langer Report p. 195, n. 506 | DENIED |
| 61 | Langer Report p. 195, n. 507 | DENIED |
| 62 | Langer Report p. 208, ¶ 270 | GRANTED |
| 63 | Langer Report p. 212, n. 557 | GRANTED |
| 64 | Langer Report p. 212, n. 558 | GRANTED |
| 65 | Rietveld Reply Report p.30, n. 104 | DENIED |
| 66 | Rietveld Reply Report p.46, second bullet | DENIED |
| 67 | Rietveld Reply Report p.75-76, ¶131 | DENIED |
| 68 | Rietveld Reply Report p.76, ¶132 | DENIED |
| 69 | Rietveld Reply Report p.76, ¶133 | DENIED |
| 70 | Rietveld Reply Report p.78-79, ¶137 | DENIED |
| 71 | Valve's Mtn. to Excl Rietveld Exhibit 9 Letter from L. Lavery p. 2, ¶¶6, 7 | GRANTED |
| 72 | Valve's Mtn. to Excl Rietveld Exhibit 9 Letter from L. Lavery p. 5, ¶1 | GRANTED |
| 73 | Valve's Mtn. to Excl Rietveld Exhibit 9 Letter from L. Lavery p. 5, ¶2 | GRANTED |
| 74 | Valve's Mtn. to Excl Rietveld Exhibit 9 Letter from L. Lavery pp. 5-6 | GRANTED |
| 75 | Valve's Mtn. to Excl Rietveld Exhibit 9 Letter from L. Lavery p. 6, ¶4 | GRANTED |
| 76 | Valve's Mtn. to Excl Rietveld Exhibit 9 Letter from L. Lavery p. 6, ¶5 | GRANTED |
| 77 | Valve's Mtn. to Excl Rietveld Exhibit 9 Letter from L. Lavery p. 7, ¶1 | GRANTED |
| 78 | Valve's Mtn. to Excl Rietveld Exhibit 9 Letter from L. Lavery Chart - VALVE_ANT_29 88226-29 | GRANTED |

ORDER GRANTING IN PART VALVE'S MOTION TO SEAL - 8

| # | Redaction Cite (*see* Dkt. No. 504-35) | Ruling |
|---|---|---|
| 79 | Valve's Mtn. to Excl Rietveld Exhibit 9 Letter from L. Lavery Chart - VALVE_ANT_29 88231-34 | GRANTED |
| 80 | Valve's Mtn. to Excl Rietveld Exhibit 9 Letter from L. Lavery Chart - VALVE_ANT_29 88235-38 | GRANTED |
| 81 | Expert Report of L. Chiou, p. 20, n. 37 | DENIED |
| 82 | Expert Report of L. Chiou, p. 25, n. 59 | DENIED |
| 83 | Expert Report of L. Chiou, p. 26, n. 62 | GRANTED |
| 84 | Expert Report of L. Chiou, p. 26, n. 63 | DENIED |
| 85 | P. 72, portions of Exhibit 2 | DENIED |
| 86 | Expert Report of L. Chiou, pp. 74–75, ¶ 123 | DENIED |
| 87 | Expert Report of L. Chiou, p. 74, n. 233 | DENIED |
| 88 | Expert Report of L. Chiou, p. 75, n. 235 | DENIED |
| 89 | Expert Report of L. Chiou, p. 76, n. 240 | DENIED |
| 90 | Expert Report of L. Chiou, p. 108 ¶ 198 | DENIED |
| 91 | Expert Report of L. Chiou, pp. 109–10 ¶ 199 | DENIED |
| 92 | Expert Report of L. Chiou, p. 110, n. 334 | DENIED |
| 93 | Expert Report of L. Chiou, p. 115 ¶ 210 | DENIED |
| 94 | Expert Report of L. Chiou, p. 117 ¶ 213 | DENIED |
| 95 | Expert Report of L. Chiou, p. 118 Ex. 10 | DENIED |
| 96 | Expert Report of L. Chiou, p. 125 n. 389 | GRANTED IN PART as to the company name and Bates number. |
| 97 | Expert Report of L. Chiou, p. 125 n. 391 | GRANTED IN PART as to the company name and Bates number. |

ORDER GRANTING IN PART VALVE'S MOTION TO SEAL - 9

| # | Redaction Cite (*see* Dkt. No. 504-35) | Ruling |
|---|---|---|
| 98 | Expert Report of L. Chiou, p. 140 n. 437 | GRANTED |
| 99 | Expert Report of L. Chiou, p. 157 n. 485 | DENIED |
| 100 | Expert Report of L. Chiou, p. 157 n. 485 [sic] | DENIED |
| 101 | Expert Report of L. Chiou, p. 173 n. 533 | DENIED |
| 102 | Expert Report of L. Chiou, p. 173 ¶ 301 | DENIED |
| 103 | Expert Report of L. Chiou, p. 182 ¶ 323 | DENIED |
| 104 | Expert Report of L. Chiou, p. 182 n. 540 | DENIED |
| 105 | Expert Report of L. Chiou, p. 182 n. 541 | DENIED |
| 106 | Expert Report of L. Chiou, p. 182 n. 542 | DENIED |
| 107 | Expert Report of L. Chiou, p. 182 n. 543 | DENIED |
| 108 | Expert Report of L. Chiou, p. 183 ¶ 328 | DENIED |
| 109 | Expert Report of L. Chiou, p. 184 ¶ 329 | DENIED |
| 110 | Expert Report of L. Chiou, p. 184 ¶ 330 (a) | DENIED |
| 111 | Expert Report of L. Chiou, p. 184 n. 545 | DENIED |
| 112 | Expert Report of L. Chiou, p. 184 n. 547 | DENIED |
| 113 | Expert Report of L. Chiou, p. 185 ¶ 330 (b) | DENIED |
| 114 | Expert Report of L. Chiou, p. 185 ¶ 331 | DENIED |
| 115 | Expert Report of L. Chiou, p. 186 ¶ 332 | DENIED |
| 116 | Expert Report of L. Chiou, p. 185 n. 551 | DENIED |
| 117 | Expert Report of L. Chiou, p. 185 n. 552 | DENIED |
| 118 | Expert Report of L. Chiou, p. 186 ¶ 334 | DENIED |
| 119 | Expert Report of L. Chiou, p. 186 n. 555 | DENIED |
| 120 | Expert Report of L. Chiou, p. 187 ¶ 335 | DENIED |

| # | Redaction Cite (*see* Dkt. No. 504-35) | Ruling |
|---|---|---|
| 121 | Expert Report of L. Chiou, p. 187 ¶ 336 | DENIED |
| 122 | Expert Report of L. Chiou, p. 187 ¶ 337 | DENIED |
| 123 | Expert Report of L. Chiou, p. 187 ¶ 338 | DENIED |
| 124 | Expert Report of L. Chiou, p. 187 n. 557 | DENIED |
| 125 | Expert Report of L. Chiou, p. 187 n. 558 | DENIED |
| 126 | Expert Report of L. Chiou, p. 188 ¶ 339 | DENIED |
| 127 | Expert Report of L. Chiou, p. 188 ¶ 340 | DENIED |
| 128 | Expert Report of L. Chiou, pp. 188–89 ¶ 341 | DENIED |
| 129 | Expert Report of L. Chiou, p. 188 n. 560 | DENIED |
| 130 | Expert Report of L. Chiou, p. 188 n. 561 | DENIED |
| 131 | Expert Report of L. Chiou, p. 188 n. 562 | DENIED |
| 132 | Expert Report of L. Chiou, p. 188 n. 563 | DENIED |
| 133 | Expert Report of L. Chiou, p. 188 n. 564 | DENIED |
| 134 | Expert Report of L. Chiou, p. 189 ¶ 342 | DENIED |
| 135 | Expert Report of L. Chiou, p. 189 ¶ 343 | DENIED |
| 136 | Expert Report of L. Chiou, p. 189 ¶ 344 | DENIED |
| 137 | Expert Report of L. Chiou, p. 189 n. 566 | DENIED |
| 138 | Expert Report of L. Chiou, p. 190 ¶ 345 | DENIED |
| 139 | Expert Report of L. Chiou, p. 190 ¶ 346 | DENIED |
| 140 | Expert Report of L. Chiou, p. 190–91 ¶ 347 | DENIED |
| 141 | Expert Report of L. Chiou, p. 190 n. 568 | DENIED |
| 142 | Expert Report of L. Chiou, p. 190 n. 569 | DENIED |
| 143 | Expert Report of L. Chiou, p. 190 n. 570 | DENIED |

| # | Redaction Cite (*see* Dkt. No. 504-35) | Ruling |
|---|---|---|
| 144 | Expert Report of L. Chiou, p. 191 ¶ 348 | DENIED |
| 145 | Expert Report of L. Chiou, p. 191 n. 571 | DENIED |
| 146 | Expert Report of L. Chiou, p. 191 n. 572 | DENIED |
| 147 | Expert Report of L. Chiou, p. 192 ¶ 349 | DENIED |
| 148 | Expert Report of L. Chiou, p. 192 n. 574 | DENIED |
| 149 | Expert Report of L. Chiou, p. 194–95 ¶ 14.1.6 | GRANTED |
| 150 | Expert Report of L. Chiou, p. 195 n. 581 | DENIED |
| 151 | Gowrisankaran Reply Report p. 4, Exhibit list | GRANTED |
| 152 | Gowrisankaran Reply Report p. 28, ¶ 42(a) | GRANTED |
| 153 | Gowrisankaran Reply Report p. 28, FN 56 | GRANTED |
| 154 | Gowrisankaran Reply Report p. 28, FN 57 | GRANTED |
| 155 | Gowrisankaran Reply Report p. 32, FN 65 | GRANTED |
| 156 | Gowrisankaran Reply Report p. 55, FN 161 | GRANTED |
| 157 | Gowrisankaran Reply Report p. 65, ¶ 96 | DENIED |
| 158 | Gowrisankaran Reply Report p. 65, Exhibit 2 | DENIED |
| 159 | Gowrisankaran Reply Report p. 66, ¶ 97 | DENIED |
| 160 | Gowrisankaran Reply Report p. 66, Exhibit 3 | GRANTED |
| 161 | Gowrisankaran Reply Report p. 67, ¶ 98 | GRANTED |
| 162 | Gowrisankaran Reply Report p. 68, ¶ 100 | GRANTED |
| 163 | Gowrisankaran Reply Report p. 69, ¶ 101 | GRANTED |
| 164 | Gowrisankaran Reply Report p. 69, Exhibit 4 | GRANTED |
| 165 | Gowrisankaran Reply Report p. 71, FN 207 | DENIED |
| 166 | Gowrisankaran Reply Report p. 82, Exhibit 5 | DENIED |

ORDER GRANTING IN PART VALVE'S MOTION TO SEAL - 12

| # | Redaction Cite (*see* Dkt. No. 504-35) | Ruling |
|---|---|---|
| 167 | Gowrisankaran Reply Report p. 83, ¶ 119(a) | GRANTED |
| 168 | Gowrisankaran Reply Report p. 83–84, FN 246 | GRANTED |
| 169 | Gowrisankaran Reply Report p. 84, ¶ 119(b) | GRANTED |
| 170 | Gowrisankaran Reply Report p. 86, ¶ 122 | DENIED |
| 171 | Gowrisankaran Reply Report p. 87, Exhibit 6 | GRANTED |
| 172 | Gowrisankaran Reply Report p. 92, ¶ 131 | GRANTED |
| 173 | Gowrisankaran Reply Report p. 94, ¶ 136 | DENIED |
| 174 | Gowrisankaran Reply Report p. 95, ¶ 137 | DENIED |
| 175 | Gowrisankaran Reply Report p. 99, ¶ 144(b) | DENIED |
| 176 | Gowrisankaran Reply Report p. 99, ¶ 144(c) | DENIED |
| 177 | Gowrisankaran Reply Report p. 99, FN 285 | DENIED |
| 178 | Gowrisankaran Reply Report p. 99, FN 287 | DENIED |
| 179 | Gowrisankaran Reply Report p. 102, FN 297 | DENIED |
| 180 | Gowrisankaran Reply Report p. 107, FN 315 | DENIED |
| 181 | Gowrisankaran Reply Report p. 4 of App'x C | GRANTED |
| 182 | Gowrisankaran Reply Report p. 5 of App'x C | GRANTED |

## 4.  CONCLUSION

The Court GRANTS IN PART Valve's motion to seal summary judgment filings consistent with this order. Dkt. No. 501. Valve must file redacted documents that conform to this order within FOURTEEN (14) days of this order.

Dated this 4th day of June, 2026.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING IN PART VALVE'S MOTION TO SEAL - 14