HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | Case No.  2:21-cv-00563-JNW<br><br>AMICI CURIAE'S MOTION FOR LEAVE TO FILE BRIEF IN OPPOSITION TO DEFENDANT VALVE CORPORATION'S MOTION FOR CLARIFICATION<br><br>NOTED ON MOTION CALENDAR: June 29, 2026[1] |

Amici curiae, by and through counsel, respectfully file this motion for leave to file a brief in opposition to Defendant Valve Corporation's ("Valve") motion for clarification. Dkt. 607.

---

[1] Under Local Rules W.D. Wash. LCR 7(o)(2), any response is due within seven days of filing, and amici may not file a reply. Amici therefore note the motion for consideration seven days after filing, when briefing will be complete and the motion ripe for decision.

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

## I. STATEMENT OF IDENTITY AND INTEREST

Amici curiae are twenty-five consumers prosecuting individual arbitrations against Valve. They demanded arbitration after Valve compelled the consumer claims in this action to arbitration. Dkt. 66. Because they are not parties here, this brief refers to them as the "Absent Claimants."

The Absent Claimants have a direct and immediate interest in Valve's Motion for Clarification. Dkt. 607. Valve asks this Court to negate discovery orders entered at the Absent Claimants' request in their arbitrations. The discovery at issue is evidence the Absent Claimants intend to use at hearings scheduled for September 2026. Granting Valve's motion and proposed relief would therefore deprive the Absent Claimants of discovery that Valve has already been ordered to produce.

Yet Valve filed its motion here, where the Absent Claimants are not parties, rather than in *Valve Corp. v. Abbruzzese*, No. 2:24-cv-01717-JNW (W.D. Wash.), where Valve sued them to enjoin their arbitrations and where they appear through counsel. The Absent Claimants thus face the prospect of an order affecting their arbitral rights in this proceeding where they cannot respond as parties or appeal as of right.

No party before the Court shares that interest, and no party responded to Valve's motion. The Absent Claimants will submit the brief to (1) provide the perspective of the consumers whose discovery rights Valve seeks to defeat and (2) assist the Court in assessing its jurisdiction.

AMICI CURIAE'S MOTION FOR LEAVE TO FILE BRIEF IN
OPPOSITION TO DEFENDANT VALVE CORPORATION'S
MOTION FOR CLARIFICATION – Page 2

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

## II. ARGUMENT

### A. The Proposed Brief Will Assist the Court

District courts have broad discretion to permit amicus briefing. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). An amicus performs its traditional role by "supplementing the efforts of counsel" and directing the Court to law that might otherwise escape consideration. *Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982).

The proposed brief will serve that role. Because no party responded to Valve's Motion, no party has addressed the threshold Article III questions, the Federal Arbitration Act's limits on pre-award judicial intervention, the issuing court's limited role in collateral discovery under *Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122 (9th Cir. 2003), or Valve's improper procedural maneuvers.

The Absent Claimants do not seek to intervene, assert claims, or obtain affirmative relief. They seek only to assist the Court in resolving a motion directed at discovery obtained in their arbitrations. Because the proposed brief accompanies this motion, granting leave will neither delay the Court's consideration of Valve's Motion nor prejudice any party.

### B. The Parties' Positions

Amici's counsel provided notice of this motion to counsel of record for all parties. As of filing, no party has stated a position. The parties' positions are therefore

AMICI CURIAE'S MOTION FOR LEAVE TO FILE BRIEF IN
OPPOSITION TO DEFENDANT VALVE CORPORATION'S
MOTION FOR CLARIFICATION – Page 3

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

unknown. The Absent Claimants will promptly notify the Court if any party states a position before the Court rules.

**C.      Request For an Overlength Brief**

The Local Rules ordinarily limits the proposed brief to 2,100 words. The Absent Claimants request 2,100 additional words, for a total of 4,200 words.

The extension is warranted because no party has opposed Valve's Motion and the proposed brief must address several distinct issues bearing on the Court's authority and the proper disposition of the Motion. Those issues include Article III adversity and redressability, the prohibition on advisory opinions, the FAA's limits on mid-arbitration review, *Foltz*, and the text of this Court's protective order. The Claimant Amici have condensed those arguments, but 2,100 words would not permit their fair presentation.

## III. CONCLUSION

For these reasons, Claimants respectfully request that the Court grant them leave to file an amicus brief substantially similar to Exhibit A.

DATED this 22nd day of June, 2026.

BAILEY DUQUETTE P.C.

By: */s William R. Burnside*
William R. Burnside, WSBA #36002
800 Fifth Ave, Suite 101-800
Seattle, Washington 98104
T: 206.353.8021
E: will@baileyduquette.com

*Attorney for Amici*

*I certify that this motion contains less than 4,200 words pursuant to Local Rules W.D. Wash. LCR 7(e)(3).*

AMICI CURIAE'S MOTION FOR LEAVE TO FILE BRIEF IN
OPPOSITION TO DEFENDANT VALVE CORPORATION'S
MOTION FOR CLARIFICATION – Page 4

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a true and correct copy of the foregoing Amici Curiae's Motion For Leave To File Brief In Opposition To Defendant Valve Corporation's Motion For Clarification served upon counsel of record herein via the Court ECF's system.

Dated: June 22, 2026 at Seattle, Washington.

*s/ William R. Burnside*
William Burnside, WSBA No. 36002

AMICI CURIAE'S MOTION FOR LEAVE TO FILE BRIEF IN
OPPOSITION TO DEFENDANT VALVE CORPORATION'S
MOTION FOR CLARIFICATION – Page 5

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869