THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | Case No. 2:21-cv-00563-JNW |
| | **CONSUMER PLAINTIFFS' MOTION TO SET SCHEDULING CONFERENCE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 16(b)** |
| This Filing Relates to: *Consumer Class Action* | **NOTED FOR MOTION CALENDAR**: July 21, 2026 |

MOTION TO SET RULE 16(b)
SCHEDULING CONFERENCE
CASE NO. 2:21-CV-00563-JNW

COHEN MILSTEIN SELLERS & TOLL LLP
1100 NEW YORK AVE NW, SUITE 800
WASHINGTON, D.C. 20005 | 202-408-4600

## I.    INTRODUCTION

Consumer Plaintiffs respectfully move the Court to set a scheduling conference pursuant to Federal Rule of Civil Procedure 16(b). Nearly three months have passed since this Court denied Valve's motion to dismiss the Consolidated Amended Complaint ("CAC"). Order, Dkt. 589. Valve answered the CAC on May 5, 2026, Dkt. 599, yet despite Consumer Plaintiffs' repeated requests, Valve has taken the position that none of the self-ordering of discovery anticipated by Federal Rule of Civil Procedure 26(f) is appropriate at this time.

Consumer Plaintiffs first requested a Rule 26(f) conference with Valve on May 11, 2026. After weeks of delay and excuse, Valve communicated its refusal to confer with Consumer Plaintiffs on June 19, 2026, suggesting it "ma[d]e[] sense to wait" indefinitely to discuss preliminary discovery issues, pending judicial action in *Rockman v. Microsoft Corporation*, Case No. 2:26-cv-01876 (W.D. Wash.)—a separate action filed against a different defendant, alleging different anticompetitive conduct, nearly one year after the CAC was filed in this case. *See* Declaration of Robert W. Cobbs In Support of Consumer Plaintiffs' Motion to Set Scheduling Conference Pursuant to Federal Rule of Civil Procedure 16(b) ("Cobbs Decl."), ¶ 8 & Ex. 1 at 1.

*Rockman*'s filing is not a reason to delay this case. As this Court knows, because of arbitration issues, consumers have been waiting to pursue their case against Valve for over five years. *See* Order, Dkt. 441 at 2 (recounting this case's procedural background); *see also* Order, *Valve Corp. v. Abbruzzese*, Case No. 2:24-cv-01717-JNW (W.D. Wash. May 27, 2026), Dkt. 169 (denying Valve's motion to preliminarily enjoin individual arbitrations). Valve's motion to dismiss has been denied. Valve has answered. This case is ready to proceed to discovery, and delaying the case to wait for *Rockman* would serve only to further delay adjudication of consumers' claims on the merits. Consumer Plaintiffs respectfully request that the Court set a Rule 16(b) scheduling conference at the earliest practicable date. Doing so would unambiguously oblige Valve to participate in a Rule 26(f) conference, as Plaintiffs requested some seven weeks ago, and would allow Consumer Plaintiffs to move forward on behalf of the putative Consumer Class as the Rules require them to do.

MOTION TO SET RULE 16(b)
SCHEDULING CONFERENCE          1
CASE NO. 2:21-CV-00563-JNW

COHEN MILSTEIN SELLERS & TOLL LLP
1100 NEW YORK AVE NW, SUITE 800
WASHINGTON, D.C. 20005 | 202-408-4600

## II.   BACKGROUND

Consumer Plaintiffs initially filed this lawsuit in January 2021, but their claims were stayed pending arbitration pursuant to Valve's Steam Subscriber Agreement ("SSA"). Dkt. 66 at 5. After years of arbitral proceedings, Valve retroactively struck its arbitration provision from the SSA, renewing proceedings in this Court. Dkt. 428. Consumer Plaintiffs filed their CAC on June 27, 2025, alleging that Valve has unlawfully maintained its monopoly over digital PC game distribution by imposing and enforcing a Platform Most Favored Nation clause on PC game publishers, in violation of federal antitrust laws and state consumer protection laws. Dkt. 473. On March 31, 2026, this Court denied Valve's motion to dismiss Consumer Plaintiffs' CAC in its entirety, Dkt. 589, and Valve answered the complaint on May 5, 2026, Dkt. 599.

Promptly thereafter, Consumer Plaintiffs sought to advance this case to discovery. On May 11, 2026, Interim Lead Class Counsel for the Proposed Consumer Class ("Consumer Class Counsel") emailed Valve's counsel requesting availability for a Rule 26(f) conference. *See* Cobbs Decl. ¶ 1 & Ex. 1 at 7-8. But over the next six weeks—and still to this day—Valve's counsel repeatedly put off Consumer Class Counsel's efforts to conduct a Rule 26(f) conference.

Initially, Valve suggested it simply needed additional time to prepare, effectively conceding that a Court order "setting a deadline for a Rule 26(f) conference or for initial disclosures" was unnecessary for the parties to meet. *Id.* ¶¶ 2-4 & Ex. 1 at 5-7. The parties scheduled a conference for June 4, 2026, but Valve canceled the conference "[i]n light of the filing of *Rockman*."[1] Ex. 1 at 3. After more than two weeks of further delay, during which Consumer Class Counsel requested on several occasions that Valve reschedule their 26(f) conference, Valve stated that it would not meet with Consumer Class Counsel to develop a Rule 26(f) discovery plan for this case: "As you saw, the *Rockman* case was just reassigned to Judge Whitehead earlier this week as a related case. Given the substantial overlap in allegations and claims, we think it makes sense to wait on commencing discovery in this case until we hear how Judge Whitehead intends to approach that

---

[1] Notably, in preparation for the scheduled conference, Consumer Class Counsel sent a draft Rule 26(f) statement to Valve's counsel with tentative positions on several issues. Cobbs Decl. ¶ 4 & Ex. 1 at 4. The result is that Valve has been in possession of Consumer Plaintiffs' positions on many issues for weeks but has not been similarly forthcoming.

MOTION TO SET RULE 16(b)
SCHEDULING CONFERENCE                    2
CASE NO. 2:21-CV-00563-JNW

COHEN MILSTEIN SELLERS & TOLL LLP
1100 NEW YORK AVE NW, SUITE 800
WASHINGTON, D.C. 20005 | 202-408-4600

case (and how he wants both cases to proceed)." Cobbs Decl. ¶ 8 & Ex. 1 at 1. Valve's position is, in effect, that its obligation to participate in ordinary, preliminary self-ordering should be held in abeyance pending judicial action in a formally related but substantively separate case against a different defendant.

### III.   ARGUMENT

**A.   Federal Rules 16(b) and 26(f) Anticipate Entry of a Scheduling Order.**

Federal Rule of Civil Procedure 16(b)(2) provides that the Court must issue a scheduling order "as soon as practicable," including "after receiving the parties' report under Rule 26(f); or after consulting with the parties' attorneys . . . at a scheduling conference." Fed. R. Civ. P. 16(b)(1)-(2); *see also* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522 (3d ed. 2026) ("Rule 16 provides an important mechanism for carrying out one of the basic policies of the federal rules—the determination of disputes on their merits rather than on the basis of procedural niceties or tactical advantage."). Rule 26(f) further instructs the *parties* to self-order to streamline key discovery issues for the Court, requiring them to "confer as soon as practicable" to, among other things, "discuss any issues about preserving discoverable information; and develop a proposed discovery plan." Fed. R. Civ. P. 26(f)(1)-(2). While the parties' obligation to confer as soon as practicable is unambiguous, the Rule also sets a clear deadline that the conference must take place "in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1).

Here, nearly three months have elapsed since the Court denied Valve's motion to dismiss, and Consumer Plaintiffs are ready and willing to prosecute this case. At this time, the only thing standing in the way of this case proceeding expeditiously is Valve counsel's refusal to schedule and participate in a Rule 26(f) conference, without which the parties cannot coordinate routine early-discovery litigation or proceed to the substance of written discovery. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ."). Valve's dilatory conduct is inconsistent with the applicable rules and this District's practices. *See* W.D. Wash. Civ. R. 26(f) ("The rule is intended to promote the just, efficient, speedy, and economical determination of every action and proceeding and to promote, wherever possible,

MOTION TO SET RULE 16(b)
SCHEDULING CONFERENCE                3
CASE NO. 2:21-CV-00563-JNW

COHEN MILSTEIN SELLERS & TOLL LLP
1100 NEW YORK AVE NW, SUITE 800
WASHINGTON, D.C. 20005 | 202-408-4600

the prompt resolution of discovery disputes without court intervention. Counsel are expected to cooperate with each other to reasonably limit discovery requests, to facilitate the exchange of discoverable information, and to reduce the costs of discovery.").Although it is routine in complex litigations to depart from the default timeline set forth in Rule 16(b), the principle animating the rule remains—the parties and the Court should move the case toward resolution as expeditiously as is practicable. There is no impediment to scheduling here, and Valve's position is evidence that judicial intervention is needed to move the case toward resolution. The Court should set a Rule 16(b) scheduling conference.[2]

**B.**    ***Rockman* Does Not Warrant Delaying This Action.**

Valve contends that the filing of *Rockman* justifies postponing all scheduling in this case indefinitely. But that argument exaggerates the overlap between this case and *Rockman* and overlooks the tools available to the Court to manage both proceedings without delaying this case a year or more to place this case and *Rockman* on parallel tracks.

*First*, *Rockman* involves a *different defendant* than this case and alleges *different anticompetitive conduct* than that alleged here. Whereas Consumer Plaintiffs allege that Valve has unlawfully exercised its monopoly power to snuff out competition in the digital PC game distribution market, Dkt. 473, the *Rockman* plaintiffs allege that Microsoft unlawfully conspired with non-party Valve to fix the prices of PC games, Complaint, *Rockman*, Case No. 2:26-cv-01876 (W.D. Wash. May 31, 2026), Dkt. 1. Consumer Plaintiffs' case will analyze Valve's control over the entire digital PC game distribution market under the close economic analysis of the rule of reason, while *Rockman* is a horizontal conspiracy case apparently aimed at a single collusive agreement and analyzed under a *per se* rule of liability for price fixing. The elements of proof, discovery needs, and the dispositive motions likely to be raised for each case will be distinct. Valve's

---

[2] In the alternative, the Court may require Valve to participate in a Rule 26(f) conference. *See Frame-Wilson v. Amazon.com, Inc.*, 2022 WL 4240826, at \*2 (W.D. Wash. Aug. 2, 2022) (granting motion to compel Rule 26(f) conference); *Panyanouvong v. Aphay*, 2014 WL 2986507, at \*7-8 (W.D. Wash. July 1, 2014) (compelling attendance at Rule 26(f) conference and awarding attorney's fees).

MOTION TO SET RULE 16(b)
SCHEDULING CONFERENCE                    4
CASE NO. 2:21-CV-00563-JNW

COHEN MILSTEIN SELLERS & TOLL LLP
1100 NEW YORK AVE NW, SUITE 800
WASHINGTON, D.C. 20005 | 202-408-4600

vague argument that the cases are related does not mean they are so intertwined that one must await the other before proceeding to discovery.

*Second*, *Rockman* was filed nearly one year after Consumer Plaintiffs filed the CAC and more than five years after this consumer class action began. *See* Complaint, *Colvin v. Valve Corp.*, Case No. 2:21-cv-00650-JCC (W.D. Wash. Jan. 28, 2021), Dkt. 1. The 18-page *Rockman* complaint will surely draw a motion to dismiss from Microsoft, and it likely will take at least a full year (and probably more) before that case will be in a position to begin discovery—assuming the case is not dismissed. It would be inequitable for Consumer Plaintiffs and the proposed Consumer Class, after waiting half a decade to reach the cusp of discovery, to wait a year or more to proceed because another newly-filed case may one day also reach discovery.

*Third*, even if discovery in the two cases might overlap, efficient mechanisms already exist that would allow the Court to ensure the parties' and judicial resources are not wasted. For example, this Court has already established a framework for sharing discovery from the Publisher Class's case with Consumer Plaintiffs, *see* Joint Stipulation, Dkt. 482, and the same efficient mechanism could be used to address any future discovery needs that arise in *Rockman*. Furthermore, should the *Rockman* plaintiffs ultimately need unique discovery from Valve, they may pursue such third-party discovery in accordance with the applicable rules. *See* Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."). There is no reason to delay discovery in *this* case because Valve speculates it may someday be subject to third-party discovery in *Rockman*.

## IV.    CONCLUSION

For the foregoing reasons, Consumer Plaintiffs respectfully request that the Court set a Rule 16(b) scheduling conference at the earliest practicable date.

MOTION TO SET RULE 16(b)
SCHEDULING CONFERENCE                5
CASE NO. 2:21-CV-00563-JNW

COHEN MILSTEIN SELLERS & TOLL LLP
1100 NEW YORK AVE NW, SUITE 800
WASHINGTON, D.C. 20005 | 202-408-4600

DATED: June 30, 2026

Respectfully submitted,

*/s/ Robert W. Cobbs*

Benjamin D. Brown (*pro hac vice*)
Brent W. Johnson (*pro hac vice*)
Robert W. Cobbs (*pro hac vice*)
Nathaniel D. Regenold (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL LLP
1100 New York Ave. NW, Suite 800
Washington, DC 20005
Tel: (202) 408-4600
bbrown@cohenmilstein.com
bjohnson@cohenmilstein.com
rcobbs@cohenmilstein.com
nregenold@cohenmilstein.com

Christopher J. Bateman (*pro hac vice*)
Daniel Gifford (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL LLP
88 Pine St., 14th Floor
New York, NY 10005
Tel: (212) 838-7797
cbateman@cohenmilstein.com
dgifford@cohenmilstein.com

*Interim Lead Class Counsel for the Proposed Consumer Class*

*/s/ Corrie Yackulic*

Corrie Yackulic (WSBA No. 16063)
CORRIE YACKULIC LAW LLC
110 Prefontaine Place S., Suite 304
Seattle, WA 98104
Tel: (206) 787-1915
corrie@cjylaw.com

*Liaison Counsel for the Proposed Consumer Class*

*/s/ Steve W. Berman*

Steve W. Berman (WSBA No. 12536)

*/s/ Sean R. Matt*

Sean R. Matt (WSBA No. 21972)

*/s/ Xiaoyi Fan*

Xiaoyi Fan (WSBA No. 56703)

MOTION TO SET RULE 16(b)
SCHEDULING CONFERENCE
CASE NO. 2:21-CV-00563-JNW

6

COHEN MILSTEIN SELLERS & TOLL LLP
1100 NEW YORK AVE NW, SUITE 800
WASHINGTON, D.C. 20005 | 202-408-4600

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel: (206) 623-7292
steve@hbsslaw.com
sean@hbsslaw.com
kellyf@hbsslaw.com

Ben M. Harrington (*pro hac vice*)
Roxana Moussavian (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Tel: (510) 725-3034
benh@hbsslaw.com
roxana.moussavian@hbsslaw.com

*Additional Counsel for the Proposed Consumer Class*

MOTION TO SET RULE 16(b)
SCHEDULING CONFERENCE
CASE NO. 2:21-CV-00563-JNW

7

COHEN MILSTEIN SELLERS & TOLL LLP
1100 NEW YORK AVE NW, SUITE 800
WASHINGTON, D.C. 20005 | 202-408-4600

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF recipients.

DATED this 30th day of June 2026.

*/s/ Robert W. Cobbs*
Robert W. Cobbs

**CERTIFICATE OF COMPLIANCE WITH WORD LIMIT**

I hereby certify that this memorandum contains 1,895 words, excluding the caption, signature blocks, and certificate of service, in compliance with the Local Civil Rules.

DATED this 30th day of June 2026.

*/s/ Robert W. Cobbs*
Robert W. Cobbs

MOTION TO SET RULE 16(b)
SCHEDULING CONFERENCE          8
CASE NO. 2:21-CV-00563-JNW

COHEN MILSTEIN SELLERS & TOLL LLP
1100 NEW YORK AVE NW, SUITE 800
WASHINGTON, D.C. 20005 | 202-408-4600