THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE VALVE ANTITRUST LITIGATION

This Filing Relates to:
*Consumer Class Action*

Case No. 2:21-cv-00563-JNW

**DECLARATION OF ROBERT W. COBBS IN SUPPORT OF CONSUMER PLAINTIFFS' MOTION TO SET SCHEDULING CONFERENCE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 16(b)**

**NOTED FOR MOTION CALENDAR**:
July 21, 2026

COBBS DECL. ISO MOT. TO SET
SCHEDULING CONFERENCE
CASE NO. 2:21-CV-00563-JNW

COHEN MILSTEIN SELLERS & TOLL LLP
1100 NEW YORK AVE NW, SUITE 800
WASHINGTON, D.C. 20005 | 202-408-4600

I, ROBERT W. COBBS, declare as follows:

I am an attorney duly licensed to practice law before this Court. I am a member of the District of Columbia Bar and the New York Bar, a partner of Cohen Milstein Sellers & Toll LLP, and Interim Lead Class Counsel for the Proposed Consumer Class ("Consumer Class Counsel") in the above-captioned case. I am admitted *pro hac vice* to practice before this Court and submit this declaration in accordance with Local Rule 7(b)(1) in support of Consumer Plaintiffs' Motion to Set Scheduling Conference Pursuant to Federal Rule of Civil Procedure 16(b). Based on my personal knowledge of the matters stated herein, if called upon, I could and would competently testify to the following:

1.      On May 11, 2026, several days after Valve answered Consumer Plaintiffs' Consolidated Amended Complaint, my colleague, Nathaniel Regenold, wrote to Valve's counsel requesting their availability to conduct a Rule 26(f) conference.

2.      On May 13, 2026, Mr. Regenold followed up with Valve's counsel, noting Consumer Class Counsel's particular wish to discuss Valve's transactional data, namely "how Valve currently stores such data and how quickly it could collect and produce it in a format suitable to [counsel's] needs."

3.      On May 14, 2026, Valve's counsel, Rakesh Kilaru, responded that the Court had not yet issued its standard scheduling order "setting a deadline for a Rule 26(f) conference or for initial disclosures" and that counsel needed additional time to discuss with Valve, representing that they would circle back on scheduling. Mr. Kilaru confirmed that Valve was not taking the position that it would not engage in a Rule 26(f) conference absent the Court issuing its standard scheduling order.

4.      On May 25, 2026, after a follow-up request from Consumer Class Counsel on May 20, the parties agreed to conduct a Rule 26(f) conference on June 4, 2026, at 3 pm ET. On June 1, 2026, in advance of the Rule 26(f) conference and to structure the discussion, Mr. Regenold sent a draft Rule 26(f) statement to Valve's counsel for their review.

5.      On June 2, 2026, less than 48 hours before the scheduled Rule 26(f) conference, Mr. Kilaru wrote to postpone the meeting, citing the recent filing of *Rockman v. Microsoft*. Mr. Regenold responded on June 3, 2026, to acquiesce to the postponement as a professional

courtesy while noting Consumer Class Counsel's belief "that the filing of the *Rockman* case [did not] warrant[] putting off the Rule 26(f) meet and confer or . . . impact the issues to be discussed," requesting that Valve's counsel propose dates and times for a Rule 26(f) conference the following week of June 8.

6.    On June 5, 2026, Mr. Kilaru—Valve's lead counsel—wrote that he would be unavailable the week of June 8 but would circle back with proposed dates and times. I wrote back asking Valve's counsel to recommend times as soon as possible so as not to delay, but Valve's counsel did not respond.

7.    On June 16, 2026, having not heard from Valve's counsel despite their commitment to "circle back," I followed up with Valve's counsel asking for times to conduct the Rule 26(f) conference, noting nearly three months had passed since this Court denied Valve's motion to dismiss.

8.    On the afternoon of June 18, 2026, I again asked Mr. Kilaru to provide times for a Rule 26(f) conference. At 10:52 pm that evening, Mr. Kilaru replied and declined to provide any availability for a Rule 26(f) conference, writing:

> [T]he Rockman case was just reassigned to Judge Whitehead earlier this week as a related case. Given the substantial overlap in allegations and claims, we think it makes sense to wait on commencing discovery in this case until we hear how Judge Whitehead intends to approach that case (and how he wants both cases to proceed). As you know, he typically issues an order when he wants the discovery process to start, and he hasn't done that yet here. So, we think it makes sense to hold off for the time being.

9.    Attached hereto as Exhibit 1 is a true and correct copy of the relevant email correspondence between Consumer Class Counsel and Valve Counsel concerning Consumer Class Counsel's request for a Rule 26(f) conference.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

COBBS DECL. ISO MOT. TO SET
SCHEDULING CONFERENCE                2
CASE NO. 2:21-CV-00563-JNW

COHEN MILSTEIN SELLERS & TOLL LLP
1100 NEW YORK AVE NW, SUITE 800
WASHINGTON, D.C. 20005 | 202-408-4600

Executed this 30th day of June 2020 at Washington, DC.


_/s/ Robert W. Cobbs_
Robert W. Cobbs

COBBS DECL. ISO MOT. TO SET
SCHEDULING CONFERENCE                    3
CASE NO. 2:21-CV-00563-JNW

COHEN MILSTEIN SELLERS & TOLL LLP
1100 NEW YORK AVE NW, SUITE 800
WASHINGTON, D.C. 20005 | 202-408-4600

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF recipients.

DATED this 30th day of June 2026.

*/s/ Robert W. Cobbs*
Robert W. Cobbs

COBBS DECL. ISO MOT. TO SET
SCHEDULING CONFERENCE                    4
CASE NO. 2:21-CV-00563-JNW

COHEN MILSTEIN SELLERS & TOLL LLP
1100 NEW YORK AVE NW, SUITE 800
WASHINGTON, D.C. 20005 | 202-408-4600