Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

IN RE VALVE ANTITRUST LITIGATION,

NO. 2:21-CV-00563-JNW

INTERVENOR VICKI SHOTBOLT CLASS REPRESENTATIVE LIMITED'S MOTION TO INTERVENE FOR LIMITED PURPOSE OF CLARIFYING THE PROTECTIVE ORDER

NOTE ON MOTION CALENDAR: September 4, 2026

**TABLE OF CONTENTS**


I. INTRODUCTION ..... 1

II. PROCEDURAL HISTORY ..... 2

A. Valve's Motion and Subsequent Briefing ..... 2

B. The June 22, 2026 UK case-management conference ..... 3

III. LEGAL STANDARD ..... 5

IV. ARGUMENT ..... 5

A. Intervenor satisfies the requirements for permissive intervention. ..... 5

1. No independent jurisdictional basis is required. ..... 5

2. Intervenor's motion is timely. ..... 6

3. There are common questions of fact. ..... 7

B. The Court should exercise its discretion in favor of granting intervention. ..... 7

C. In the alternative, Intervenor requests leave to file its proposed Cross-Motion as an *amicus* brief. ..... 8

V. CONCLUSION ..... 9




**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

## Federal Cases

*Arakaki v. Cayetano*,
324 F.3d 1078 (9th Cir. 2003) .... 5

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
966 F.2d 470 (9th Cir. 1992) .... 6, 7

*Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*,
712 F.3d 1349 (9th Cir. 2013) .... 5, 8

*Bolooki v. Honda Motor Co. Ltd.*,
No. 2:22-cv-04252-MCS-AFM,
2023 WL 2626990 (C.D. Cal. Jan. 12, 2023) .... 6

*Callahan v. Brookdale Senior Living Comtys.*,
42 F.4th 1013 (9th Cir. 2022) .... 5

*Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc.*,
642 F.3d 728 (9th Cir. 2011) .... 7

*In re Flash Memory Antitrust Litig.*,
No. C 07-0086 SBA,
2007 WL 3119612 (N.D. Cal. Oct. 23, 2007) .... 7

*League of United Latin Am. Citizens v. Wilson*,
131 F.3d 1297 (9th Cir. 1997) .... 6

*Orange County v. Air Cal.*,
799 F.2d 535 (9th Cir. 1986) .... 5

*Rapp v. NaphCare Inc.*,
No. 3:21-cv-05800-DGE,
2024 WL 4644703 (W.D. Wash. Oct. 31, 2024) .... 6, 7, 8

*Spangler v. Pasadena City Bd. of Educ.*,
552 F.2d 1326 (9th Cir. 1977) .... 5

*Van Hoomissen v. Xerox Corp.*,
497 F.2d 180 (9th Cir. 1974) .... 7

## Constitutional Provisions, Statutes and Court Rules

FRCP 24(b) .... 1, 2, 5, 7, 9

FRCP 24(b)(3) .... 6



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

## OTHER AUTHORITIES

Section 47A of the UK Competition Act 1998 .......... 1

*Vicki Shotbolt Class Representative v. Valve Corporation,* 1640/7/7/24 (the "UK Proceeding") .......... 1



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

## I. INTRODUCTION

This Court should grant Proposed Intervenor Vicki Shotbolt Class Representative Limited's ("Intervenor") motion to intervene in the present action (the "US Proceeding") under Federal Rule of Civil Procedure 24(b). Intervenor seeks intervention for the limited purposes of responding to Defendant Valve Corporation's May 29, 2026 Motion for Clarification regarding Protective Order (ECF No. 607, the "Valve Motion"). Intervenor also seeks to clarify the Stipulated Protective Order dated August 16, 2022 (ECF No. 95, the "Protective Order").

Intervenor is the Class Representative in a proceeding before the Competition Appeal Tribunal of the United Kingdom (the "Tribunal"), *Vicki Shotbolt Class Representative v. Valve Corporation,* 1640/7/7/24 (the "UK Proceeding"). The UK Proceeding is an opt-out collective proceeding in which Intervenor asserts standalone competition-law claims under Section 47A of the UK Competition Act 1998, alleging breaches of Section 18 of the Act and, for the period prior to December 31, 2020, Article 102 Treaty on the Functioning of the European Union, against Valve. Pearman Decl. ¶¶ 4, 8. The claims in the UK Proceeding arise from substantially the same conduct underlying the US Proceeding, especially allegations relating to price parity obligations ("PPO"). Pearman Decl. ¶ 18. Given the factual overlap between the cases, the Tribunal ordered Valve to re-produce its own productions from the US Proceeding and may order Valve to re-produce at least some of the discovery produced by Plaintiffs and third parties in the US Proceeding. Pearman Decl. ¶ 12.

The Valve Motion concerns a similar order issued in separate arbitration proceedings under the procedures of the American Arbitration Association ("AAA"). Valve asserts that re-production of documents produced by Plaintiffs and third parties designated as "Confidential" or "Highly Confidential—Attorney's Eyes Only" in the AAA arbitration would fall outside of Section 7 of the Protective Order's safe harbor for productions responsive to "a subpoena or a court order issued in other litigation." Protective Order ¶ 7 (ECF No. 95); Valve Mot., at 2.



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

The Valve Motion does not address productions to foreign courts, but Valve's Proposed Order seeks to block re-productions to the UK Proceeding *sub rosa* by limiting the scope of Section 7 of the Protective Order to "subpoenas and court orders issued by federal and state courts *in the United States*." ECF No. 607-1, at 2 (emphasis added). This proposed limitation is not in Section 7's text, has not previously been briefed, and would impede the Tribunal's ability to order production of documents highly probative to the UK Proceeding if approved. At a June 22, 2026 case-management conference, Valve relied on its outstanding Motion and proposed interpretation of the Protective Order as reasons to delay and ultimately deny disclosure of the third-party materials in the UK Proceeding, and in response to queries from the Tribunal invited Intervenor to seek its own clarification in the US Proceeding. Pearman Decl., Ex. 6 at 59:5–60:23, 62:26–63:2 ("CMC Transcript").

Intervenor now seeks leave to intervene under FRCP 24(b) for the limited purpose of requesting this Court's clarification that the Protective Order does not bar productions in the UK Proceeding made pursuant to orders of the Tribunal, including any anticipated orders for re-production of third-party or Plaintiff materials from the US Proceeding, because they are each a "court order" within Section 7 of the Protective Order. Intervenor's position rests on the plain text of the Protective Order, the presence of similar protections for confidential information in the UK Proceeding, and equitable considerations such as judicial economy and international comity.

## II. PROCEDURAL HISTORY

### A. Valve's Motion and Subsequent Briefing

On May 3, 2026, as part of a parallel arbitration proceeding before the AAA, Arbitrator Richard Mainland ordered Valve to produce certain documents from third parties in the US Proceeding. On May 29, 2026, Valve filed a Motion for Clarification regarding the Protective Order, arguing that the Protective Order prohibits the disclosure of such third-party materials



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

designated as "Confidential" or "Highly Confidential—Attorney's Eyes Only" and seeking the Court to confirm its understanding of its obligations under the Protective Order. Pearman Decl. ¶ 19. The Valve Motion principally argues that counsel in the arbitration is not an authorized recipient within Section 4 of the Protective Order and that Arbitrator Mainland's order is not a "subpoena or a court order issued in other litigation" under Section 7 of the Protective Order. Valve Mot., at 3.

On June 22, 2026, claimants in the AAA arbitration proceedings moved for leave to file a brief of *amici curiae* in opposition to the Valve Motion. ECF No. 674. Valve filed a reply in support of its Motion the same day. ECF No. 675. Valve then filed a response to the AAA arbitration claimants' motion on June 29, 2026. ECF No. 677. Valve did not oppose the AAA arbitration claimants' motion for leave to file an *amicus* brief, but sought to file its own brief opposing the arbitration claimants' position. ECF Nos. 677, 677-1. On July 7, 2026, the Publisher Plaintiffs in the US Proceeding sought leave to file a response brief in opposition to the AAA arbitration claimants' proposed *amicus* brief. ECF Nos. 680, 680-1. The Court has not yet ruled on these motions.

**B. The June 22, 2026 UK case-management conference**

On June 22, 2026, the Tribunal held a case-management conference concerning procedures and timetables for disclosure in the UK Proceeding. Pearman Decl. ¶ 12. At the conference, Valve raised that an order requiring re-productions of materials produced by third parties or Plaintiffs that had been designated "Confidential" or "Highly Confidential – Attorney's Eyes Only" might give rise to inconsistent obligations for Valve under the Protective Order. CMC Tr. 60:5–8. Valve did not argue to the Tribunal that the Protective Order in fact bars such re-productions. To the contrary, Valve acknowledged that it had previously relied on Section 7 of the Protective Order as a reason to obtain a confidentiality order from the Tribunal with comparable protections to the Protective Order, and that it read Section 7 "as appearing to

cover foreign courts", including the Tribunal. *Id.* at 58:20–26, 65:7. However, Valve referenced the uncertainty from its pending Motion as a reason to delay disclosure in the UK Proceeding. *Id.* at 60:1–23. The Tribunal asked Valve's counsel whether Valve could "put in a further submission to the court to say: while you're considering this, please consider the fact that there are proceedings in the United Kingdom. The Tribunal in the United Kingdom has indicated an interest in seeing these documents, and could they rule on that at the same time?" *Id.* at 65:10–13. Valve responded by inviting Intervenor to inform the US Court of these matters and confirmed that it would have no objection to Intervenor seeking clarification. *Id.* at 65:21–22, 67:21–22.

The Tribunal issued an order following the conference ordering Valve to re-produce the documents that Valve produced in the US Proceeding (the "US Valve Documents"). Pearman Decl. ¶ 12; Pearman Decl., Ex. 5 ("June CMC Order") ¶¶ 1–1.1. The June CMC Order directs that documents withheld or redacted in the US Proceeding will remain withheld or redacted in the UK Proceeding, and documents designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" will be protected under a Confidentiality Ring Order, the UK equivalent of a US protective order. *Id.* ¶¶ 2–4. The Confidentiality Ring Order issued by the Tribunal on July 9, 2026 confirmed that documents or information disclosed in the US Proceeding and designated as "Confidential" or "Highly Confidential" are to be designated as Confidential Information in the UK Proceeding and their disclosure limited to only the members identified in the order. Pearman Decl. ¶ 12; Pearman Decl., Ex. 7 (the "UK Confidentiality Order"). Valve was ordered to complete its re-production by July 31, 2026. June CMC Order ¶ 1. Valve produced the US Valve Documents in accordance with the June CMC Order on July 31, 2026. Pearman Decl. ¶ 18. The June CMC Order further ordered Valve to provide the information regarding documents produced by the third parties the US Proceeding by July 31, 2026, in



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

contemplation of forthcoming orders to re-produce third-party materials in the UK Proceeding. Pearman Decl. ¶13; June CMC Order ¶¶ 6–6.3, 8.

As of the date of this filing, Valve has not yet been ordered to produce the third-party materials from the US Proceeding. Pearman Decl. ¶ 15. However, the Tribunal will reconvene for another case-management conference to be listed for the first available date from November 2, to address issues arising from the disclosure of the US Valve Documents, at which point it was contemplated by the Tribunal at the June CMC that it may order Valve to re-produce third-party materials from the US Proceeding. Pearman Decl. ¶ 15; June CMC Order ¶ 7.

## III. LEGAL STANDARD

This Court has broad discretion under FRCP 24(b) to permit third-party intervention. *Orange County v. Air Cal.,* 799 F.2d 535, 539 (9th Cir. 1986). Generally, permissive intervention requires movants to present: "(1) an independent ground for jurisdiction, (2) a timely motion, and (3) a common question of law and fact between the movant's claim or defense and the main action." *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.,* 712 F.3d 1349, 1353 (9th Cir. 2013). If these criteria are met, courts should liberally construe FRCP 24 in favor of intervention. *See Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). The Court may consider other relevant factors in exercising its discretion such as "the nature and extent of the intervenors' interest" and whether "intervention will prolong or unduly delay the litigation." *Callahan v. Brookdale Senior Living Comtys*., 42 F.4th 1013 (9th Cir. 2022) (quoting *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)).

## IV. ARGUMENT

### A. Intervenor satisfies the requirements for permissive intervention.

#### 1. No independent jurisdictional basis is required.

As mentioned, parties are usually required to establish an independent jurisdictional basis to intervene. But that requirement does not apply where a party only asks a court to



CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

exercise power that it already has, such as modifying or challenging a protective order, as opposed to litigating a claim on the merits. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992); *Rapp v. NaphCare Inc.*, No. 3:21-cv-05800-DGE, 2024 WL 4644703, at *2 (W.D. Wash. Oct. 31, 2024). Here, Intervenor seeks to intervene for an even more limited purpose than challenging or modifying a protective order. Instead, Intervenor is merely requesting clarification from the Court concerning the Protective Order, a power it already has. *See Beckman*, 966 F.2d at 473. As such, Intervenor is not seeking to litigate a claim on the merits. *See, e.g.*, *Rapp*, 2024 WL 4644703, at *2. Intervenor thus does not need to show any independent jurisdictional basis for this Court to permit intervention.

**2. Intervenor's motion is timely.**

Timeliness is assessed by three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). Intervenor's motion satisfies those factors.

First, Intervenor acted promptly following the Tribunal's June CMC Order, which ordered Valve to reproduce the US Valve Documents, by retaining US counsel, assessing the appropriate procedure to notify this Court, and draft and file these papers. Pearman Decl. ¶ 26. Intervention is appropriate at this stage in the proceeding, where this Court is considering the Valve Motion.

Second, Intervenor's proposed motion will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). To the contrary, intervention is likely to support judicial efficiency by allowing the Court to consider Intervenor's Cross-Motion together with the Valve Motion, which is still pending. *See, e.g.*, *Bolooki v. Honda Motor Co. Ltd.*, No. 2:22-cv-04252-MCS-AFM, 2023 WL 2626990, at *2 (C.D. Cal. Jan. 12, 2023) (granting intervention would "serve judicial economy and efficiency"



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

where the Court would have the "benefit of fuller briefing"). Permitting intervention would also not unduly delay resolution of the Valve Motion, and the original movant, Valve, has informed the Tribunal that it has no objection to this intervention. *See* CMC Tr. at 62:26–63:2, 65:21–22, 67:21–22. Limited intervention would also head off a separate potential dispute in the UK Proceeding if the Tribunal orders Valve to produce further disclosure from third parties. No party in this action will be prejudiced by the proposed intervention.

**3. There are common questions of fact.**

The requirement for a "common question of law and fact" is "leniently applied" in limited-purpose interventions. *Rapp*, 2024 WL 4644703, at *2. It is satisfied where an intervenor seeks access to "documents prepared for similar litigation involving the same parties." *See id.* (quoting *Beckman*, 966 F.2d at 474). That requirement is amply satisfied here. The claims at issue in the UK Proceeding, especially the allegations regarding Valve's PPO, have substantial factual overlap with the claims in the US Proceeding and are brought against the same defendant, Valve. *See* Pearman Decl. ¶ 18; Pearman Decl., Ex. 2 (the Amended Collective Proceedings Claim Form, or "Claim Form"). Recognizing this, the Tribunal's June CMC Order required Valve to re-produce documents that it produced in the US Proceeding. June CMC Order, ¶¶ 1–1.1. This is a sufficient nexus to satisfy the commonality requirement. *See Rapp*, 2024 WL 4644703, at *2; *see also Beckman*, 966 at 474 ("There is no reason to require such a strong nexus of fact or law when a party seeks to intervene only for the purpose of modifying a protective order").

**B. The Court should exercise its discretion in favor of granting intervention.**

The Court's discretion under FRCP 24(b) to grant "an application for permissive intervention includes discretion to limit intervention to particular issues." *Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 741 (9th Cir. 2011) (quoting *Van Hoomissen v. Xerox Corp.*, 497 F.2d 180, 181 (9th Cir. 1974)); *see also In re Flash Memory Antitrust Litig.*,



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

No. C 07-0086 SBA, 2007 WL 3119612, at *1 (N.D. Cal. Oct. 23, 2007) (granting permissive intervention limited to government agency's interest in limiting discovery while there was a pending parallel criminal proceeding). Courts have approved permissive intervention by non-parties who seek to intervene for the sole purpose of challenging protective orders.[1] *See, e.g.*, *Rapp*, 2024 WL 4644703, at *5; *Blum*, 712 F.3d at 1354 (affirming grant of intervention to modify a protective order).

Permitting limited intervention here would serve the purposes of judicial efficiency and international comity, and it would provide the Court with further information to assist its decision-making process on the Valve Motion. *See* CMC Tr. at 64:25–65:13. Intervenor seeks solely to clarify that the Protective Order does not preclude Valve's ability to re-produce third-party materials in the UK Proceeding. Intervenor's proposed Cross-Motion and the supporting Declaration of Natasha Marie Pearman provide the Court with context for the UK Proceeding, its relationship to the US Proceeding, and the issues in the Protective Order that may affect Valve's forthcoming re-productions. Intervention would also promote international comity by providing clarity for the Tribunal as it sets the course for disclosure in the UK Proceeding. By permitting intervention now, the Court may resolve these potential issues together with Valve's pending Motion, potentially obviating the need for future motion practice on the Protective Order's application to documents re-produced for the UK Proceeding.

**C. In the alternative, Intervenor requests leave to file its proposed Cross-Motion as an *amicus* brief.**

Should the Court deny Intervenor's request for permissive intervention, Intervenor in the alternative respectfully requests leave to file its Cross-Motion as an *amicus* brief under Rule 7(o) of the Local Rules for the Western District of Washington. *See Bush v. Viterna*, 740 F.2d

---

[1] Indeed, the Court has done so in this case. *See, e.g.*, Order, at 1 (Apr. 19, 2024) (ECF No. 222) (granting permissive intervention for limited purpose of opposing Plaintiffs' motion to seal unredacted versions of their motion for class certification and supporting exhibits).



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

350, 359 (5th Cir. 1984) (affirming denial of permissive intervention and explaining that the position of *amicus* was more appropriate where intervenor underlines issues of law already raised by the primary parties). "There are no strict prerequisites to qualify as amici and the Court will allow an amicus brief where, as here, the amicus has unique information that can help the court beyond the help that the lawyers for the parties are able to provide." *Maneman v. Weyerhauser Co.*, No. C24-2050-KKE, 2025 WL 904434, at *1 (W.D. Wash. Mar. 25, 2025). If the Court is inclined to grant leave for Intervenor to participate as *amicus*, Intervenor respectfully requests leave to file its *amicus* brief after the noting date of the Valve Motion. *See* Local Rule 7(o)(3). The Tribunal's case-management order was not issued until the noting date of the Valve Motion, and Intervenor acted promptly to file this motion. *See also* Section IV.A.2, *supra*.

## V. CONCLUSION

For the foregoing reasons, Intervenor respectfully requests that the Court grant permissive intervention under Rule 24(b) for the limited purpose of clarifying the Protective Order and further grant leave to file Intervenor's proposed Cross-Motion for Clarification regarding the Protective Order. In the alternative, Intervenor respectfully requests leave to file its Cross-Motion as an *amicus* brief pursuant to Local Rule 7(o).



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

DATED this 14th day of August, 2026.

/s/ *Ashley D. Burman*
Ashley Burman, WSBA No. 58754
CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
Phone: (206) 622-8020

John McAdams (*pro hac vice* forthcoming)
Divya Vijay (*pro hac vice* forthcoming)
PALLAS PARTNERS (US) LLP
75 Rockefeller Plaza
New York, New York 10019
Telephone: (212) 970-2324
John.McAdams@pallasllp.com
Divya.Vijay@pallasllp.com

*Attorneys for Proposed Intervenor Vicki Shotbolt Class Representative Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of August, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and that all participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

Respectfully submitted: August 14, 2026.

*/s/ Patti Saiden*
Patti Saiden, Legal Assistant



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020