Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

IN RE VALVE ANTITRUST LITIGATION,

NO. 2:21-CV-00563-JNW

INTERVENOR VICKI SHOTBOLT CLASS REPRESENTATIVE LIMITED'S CROSS-MOTION FOR CLARIFICATION REGARDING THE PROTECTIVE ORDER

NOTE ON MOTION CALENDAR: September 4, 2026

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 2

A. The UK Proceeding ..... 2

B. Disclosure in the UK Proceeding ..... 3

C. Valve's Motion for Clarification and Subsequent Proposed Briefing ..... 4

D. This Intervention ..... 5

III. ARGUMENT ..... 6

A. This Court has the power to provide clarification. ..... 6

B. Section 7 of the Protective Order permits compliance with the Tribunal's orders. ..... 6

C. Plaintiffs' arguments do not warrant imposing new limitations on Section 7. ..... 8

D. The Third Party Materials will be afforded similar protections in the UK Proceeding. ..... 10

E. The equities support permitting Third Party Materials to be produced under the Protective Order. ..... 10

IV. CONCLUSION ..... 12




**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

## Federal Cases

*Beckman Indus., Inc. v. Int'l Ins. Co.,*
966 F.2d 470 (9th Cir. 1992),
*cert. denied*, 506 U.S. 868 (1992) .......... 9

*Foltz v. State Farm Mut. Auto. Ins. Co.,*
331 F.3d 1122 (9th Cir. 2003) .......... 10, 11

*ICBC Standard Sec., Inc. v. Luzuriaga,*
217 F. Supp. 3d 733 (S.D.N.Y. 2016) .......... 11

*Idaho Wool Growers Ass'n v. Schafer,*
No. CV 08-394-S-BLW, 2009 WL 3806371
(D. Idaho Nov. 9, 2009) .......... 6

*In re Avandia Marketing, Sales Practices and Products Liability Litigation,*
924 F.3d 662 (3d Cir. 2019) .......... 9

*In re General Motors LLC Ignition Switch Litigation,*
477 F. Supp. 3d 170 (S.D.N.Y. Aug. 10, 2020) .......... 9

*ODS Techs., L.P. v. Magna Entertainment Corp.,*
583 F. Supp. 2d 1141 (C.D. Cal. Oct. 1, 2008) .......... 6

*Pansy v. Borough of Stroudsburg,*
23 F.3d 772 (3d Cir. 1994) .......... 9

*Qualcomm Inc. v. Apple Inc.,*
No. 5:24-mc-90019-EJD,
2024 WL 536355 (N.D. Cal. Feb. 9, 2024) .......... 7

*Royal & Sun All. Ins. Co. of Canada v. Century Int'l Arms, Inc.,*
466 F.3d 88 (2d Cir. 2006) .......... 11

*Thakur v. Trump,*
795 F. Supp. 3d 1168 (N.D. Cal. Aug. 12, 2025) .......... 6

*United States v. W.R. Grace,*
526 F.3d 499 (9th Cir. 2008) (en banc) .......... 6

## Constitutional Provisions, Statutes and Court Rules

28 U.S.C. § 1782 .......... 7



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

## OTHER AUTHORITIES

*About the Tribunal*, Competition Appeal Tribunal, https://www.catribunal.org.uk/about (last accessed Aug. 9, 2026) ................................ 7

*Vicki Shotbolt Class Representative v. Valve Corporation*, 1640/7/7/24 (the “UK Proceeding”) .................................................................... 1



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

## I. INTRODUCTION

Intervenor Vicki Shotbolt Class Representative Limited ("Intervenor") respectfully seeks this Court's clarification that Section 7 of the Stipulated Protective Order (ECF No. 95, the "Protective Order") permits compliance with disclosure orders issued by the United Kingdom Competition Appeal Tribunal ("Tribunal"), a court presiding over a parallel antitrust proceeding against Defendant Valve Corporation ("Valve"). The issue arises because Valve has filed a Motion for Clarification (ECF No. 607, the "Valve Motion") asking this Court to interpret the Protective Order in connection with a separate arbitration proceeding, and the Court's interpretation may affect ongoing discovery proceedings before the Tribunal.

Intervenor is the Class Representative in *Vicki Shotbolt Class Representative Limited v. Valve Corporation*, No. 1640/7/7/24 (the "UK Proceeding"), an opt-out collective proceeding arising from substantially the same conduct underlying this action (the "US Proceeding"). Recognizing the factual overlap between the two proceedings, the Tribunal has ordered Valve to re-produce certain discovery materials from its own productions in this litigation (the "US Valve Documents"), and it may to order Valve to re-produce materials received from third parties and Plaintiffs in the US Proceeding.

The Valve Motion concerns a separate arbitration proceeding under the procedures of the American Arbitration Association ("AAA"), which ordered Valve to re-produce documents produced in this action by Plaintiffs and third parties. Valve contends that compliance with that order would violate the Protective Order because, among other things, arbitration counsel are not authorized recipients under Section 4 and an arbitrator's order is not a "subpoena or court order issued in other litigation" within the meaning of Section 7. The Valve Motion does not discuss foreign courts, but its proposed order requests that this Court clarify that Section 7's scope "is limited to subpoenas and court orders issued by federal and state courts in the United States." ECF No. 607-1 at 2.



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Regardless of how the Court resolves the arbitration-specific issues presented by the Valve Motion, Intervenor seeks clarification that compliance with an order that may be issued by the Tribunal in relation to the re-production of third-party or Plaintiff materials is permitted under the Protective Order. The Tribunal is a specialist court in the UK, and its disclosure orders fall comfortably within Section 7 of the Protective Order's provision permitting compliance with a "court order issued in other litigation." Moreover, the materials would remain protected by a comparable confidentiality regime in the UK Proceeding, minimizing any risk of prejudice. This interpretation is also consistent with Ninth Circuit authority favoring the judicial economy of re-productions in related proceedings.

Intervenor therefore respectfully requests that this Court clarify that the Tribunal's anticipated orders for re-productions of documents received by Valve from third parties and Plaintiffs comply with the Protective Order, regardless of its interpretation with respect to the arbitration proceedings.

## II. FACTUAL BACKGROUND

### A. The UK Proceeding

On June 5, 2024, Intervenor initiated opt-out collective proceedings under Section 47(B) of the UK Competition Act 1998 (the "Competition Act"), on behalf of approximately 14 million UK-based consumers who purchased PC games and/or additional content for such games. Pearman Decl. ¶¶ 4, 7. The claims are standalone claims under Section 47(A) of the Competition Act, alleging breaches of Section 18 of the Act, which prohibits wide parity obligations that restrict competition and, for the period prior to December 31, 2020, Article 102 of the Treaty on the Functioning of the European Union ("TFEU"), which prohibits abuse of dominant market position through unfair purchase or trading conditions. *Id.* ¶ 8; Pearman Decl., Ex. 2 at 3 (The Collective Proceedings Claim Form, or "Claim Form").



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Intervenor alleges that Valve has abused its dominant market position through several anticompetitive practices. Pearman Decl. ¶ 9. First, Valve has imposed Platform Parity Obligations ("PPOs") that prohibit game publishers from selling products through other distribution channels for better terms than the same products available on Steam, Valve's distribution platform. Claim Form, at 6. Second, Valve has restricted its users' ability to purchase additional content for games purchased on Steam through other distribution channels, foreclosing competition in the markets for the sale and distribution of additional content. *Id.* Third, Valve has charged unfair and excessive commissions to game publishers. *Id.* Together, this conduct has increased the prices paid by the class Intervenor represents by an aggregate total of approximately £656 million, including interest. Pearman Decl. ¶ 10. The Tribunal granted Intervenor's application for collective proceedings on January 26, 2026, and a case-management conference took place on June 22, 2026. Pearman Decl. ¶¶ 1–12.

**B. Disclosure in the UK Proceeding**

On June 22, 2026, the Tribunal issued an order following the case-management conference. Pearman Decl. ¶ 12; Pearman Decl., Ex.5 ¶ 1 (the "June CMC Order"). The June CMC Order ordered Valve to re-produce the documents it had previously produced in the US Proceeding by July 31, 2026 (the "US Valve Documents"). Pearman Decl. ¶ 12; June CMC Order ¶ 1. The US Valve Documents withheld or produced subject to redactions in the US Proceeding for reasons of privilege, confidentiality, or data privacy will be treated as privileged or protected in the UK Proceeding and may be withheld or reproduced with the same redactions (as applicable) without further review. June CMC Order ¶¶ 2–3. The Tribunal reserved the right to determine whether only the redactions for privilege or confidentiality are appropriate in the UK Proceeding. *Id*. On July 9, 2026, the Tribunal issued a Confidentiality Ring Order, the UK equivalent of a US protective order, providing that documents or information disclosed in the US Proceeding and designated as "Confidential" or "Highly Confidential" are to be



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

designated as Confidential Information in the UK Proceeding. Pearman Decl. ¶ 12; Pearman Decl., Ex. 7 (the "UK Confidentiality Order") ¶ 5.3.

Further, the June CMC Order required that Valve produce the identities of the third parties who produced material in the US Proceeding, the volume of documents each third party produced, and information as to the categories of documents produced by the third parties (together, the "Schedule of Third Party Materials"). Pearman Decl. ¶ 13; June CMC Order ¶ 6.

Valve produced the US Valve Documents and the Schedule of Third Party Materials in accordance with the Case-Management Order on July 31, 2026. Pearman Decl. ¶¶ 18, 21. As of the date of this filing, Valve has not yet been ordered to produce the third-party materials from the US Proceeding ("Third Party Materials"). Pearman Decl. ¶ 15. However, the Tribunal will reconvene for another case-management conference, to be listed on the first available date from November 2, 2026, to address issues arising from the US Valve Documents, at which point the Tribunal may order Valve to re-produce Third Party Materials from the US Proceeding. June CMC Order ¶ 7.

**C. Valve's Motion for Clarification and Subsequent Proposed Briefing**

On May 3, 2026, as part of a parallel arbitration proceeding before the AAA, Arbitrator Richard Mainland ordered Valve to produce certain documents from third parties in the present action. On May 29, 2026, Valve filed a Motion for Clarification regarding the Protective Order. ECF No. 607. According to Valve, Section 4 of the Protective Order does not permit disclosure to counsel in the arbitration, and the AAA is not a "court" for purposes of compliance with a subpoena or court order under Section 7. *Id.* at 4. For those reasons, Valve argues that compliance with the May 3 order would breach the Protective Order. *Id.* at 3.

After the arbitration claimants moved for leave as *amici curiae* to file a brief in opposition to the Valve Motion, ECF Nos. 674, 674-1, Plaintiffs on July 7, 2026 moved for leave to file a response to the arbitration claimants' proposed brief. ECF Nos. 680, 680-1



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

("Plaintiffs' Response"). Plaintiffs concurred with Valve's argument that the Protective Order did not permit re-production of their confidential materials in the AAA arbitration. Pls.' Resp. at 1. Plaintiffs distinguished arbitration proceedings from "court" proceedings on the basis that third parties may intervene in court proceedings to enforce protective orders, whereas arbitration proceedings are private and largely closed off to outside parties. *Id.* at 2. Plaintiffs further argued that the arbitration claimants had not shown a "compelling need" for the documents, and that permitting re-production would be free-riding on Plaintiffs' efforts. *Id.* at 3–4.

**D. This Intervention**

Similar to Arbitrator Mainland's order, the June CMC Order in the UK Proceeding contemplates that Valve may be ordered to re-produce documents produced by third parties in this action and ordered Valve to provide Intervenor with a list of those documents. Pearman Decl. ¶ 21; June CMC Order ¶¶ 6–7. These documents are highly relevant to the UK Proceeding. Pearman Decl. ¶¶ 22–23.

At the June 22, 2026 case-management conference, Valve informed the Tribunal of the Valve Motion and raised similar concerns that re-production of Third Party Materials in the UK Proceeding might risk Valve breaching the Protective Order. Pearman Decl. ¶ 24; Pearman Decl., Ex. 6, at 56:22–60:8 (the "CMC Transcript"). Valve's counsel invited Intervenor's counsel to file this motion to seek clarification. CMC Tr. at 62:16–63:2 ("So they're well-placed, in my respectful submission, to file an intervention before the US court, pointing out their interest in the outcome of that ruling. We have no objection to that."). The Tribunal indicated that it would welcome assistance from this Court. *Id.* at 65:10–17.

Intervenor thus seeks the Court's confirmation that, regardless of the Court's disposition of the Valve Motion in relation to the AAA arbitration, the Protective Order does not prevent



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Valve from complying with orders of the Tribunal to re-produce Third Party Materials in the UK Proceeding. Pearman Decl. ¶ 25.

## III. ARGUMENT

### A. This Court has the power to provide clarification.

This Court has an "inherent power" to "ensure obedience" with its orders, including protective orders. *ODS Techs., L.P. v. Magna Entertainment Corp.*, 583 F. Supp. 2d 1141, 1143 (C.D. Cal. Oct. 1, 2008) (quoting *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc)). This inherent authority extends to the power to "clarify the meaning of its orders." *Thakur v. Trump*, 795 F. Supp. 3d 1168, 1178 (N.D. Cal. Aug. 12, 2025). This power is properly invoked when there is a genuine ambiguity in the order's language or its practical application. *See, e.g.*, *Idaho Wool Growers Ass'n v. Schafer*, No. CV 08-394-S-BLW, 2009 WL 3806371, at *1 n.2 (D. Idaho Nov. 9, 2009) (clarification motion was proper where it was a "legitimate attempt" to "resolve an[] ambiguity in actually implementing the Court's directives").

The pending Valve Motion asks the Court to interpret Section 7 of the Protective Order in the context of a separate proceeding. That interpretation may affect ongoing disclosure proceedings before the Tribunal. Clarification regarding the application of Section 7 to Tribunal orders is appropriate here because it would assist the parties and the Tribunal in understanding how the Protective Order may affect the scope and timing of disclosure in the UK Proceeding.

### B. Section 7 of the Protective Order permits compliance with the Tribunal's orders.

Section 7 of the Protective Order permits disclosure of confidential or highly confidential materials pursuant to a "subpoena or a court order issued in other litigation." ECF No. 95, § 7. The Tribunal is a "court" under Section 7. The Tribunal is a specialist court that hears cases involving competition or economic-regulatory issues. *See Home*, Competition



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Appeal Tribunal, https://www.catribunal.org.uk/ (last accessed Aug. 9, 2026). The Honorable Mr. Justice Thompsell, who issued the June CMC Order, is a judge of the Chancery Division of the High Court of England and Wales, and all Tribunal orders are appealable to the Court of Appeal. *See About the Tribunal*, Competition Appeal Tribunal, https://www.catribunal.org.uk/about (last accessed Aug. 9, 2026). US courts have recognized the Tribunal as a foreign court warranting assistance from US courts. *See Qualcomm Inc. v. Apple Inc.*, No. 5:24-mc-90019-EJD, 2024 WL 536355, at *2 (N.D. Cal. Feb. 9, 2024) (holding that case before the Tribunal was a "foreign proceeding" sufficient to entitle applicant to discovery in support of foreign proceeding under 28 U.S.C. § 1782). And Valve's counsel expressly agreed at the June 22 case-management conference that the Tribunal is "a United Kingdom court." CMC Tr. at 65:6–7 (". . . the possibility that a foreign court, a United Kingdom court, which this is . . ."). Should the Tribunal order Valve to produce Third Party Materials, it will therefore be pursuant to a "court order" under Section 7 and permitted under the Protective Order.

The Valve Motion asks the Court to find that the AAA arbitration is not a "court" under Section 7, and thus that the AAA's orders do not permit Valve to disclose materials designated under the Protective Order. Valve Mot., at 3–4. That argument would not apply to orders of the Tribunal. The Tribunal is not a private body like the AAA, and its proceedings are "litigations," in contrast to Valve's contention regarding the arbitration. *See id.*; *Qualcomm*, 2024 WL 53655, at *2 ("[T]he Court finds that the discovery is sought for use in foreign proceedings, as Applicant is actively litigating in the U.K. Class Action" before the Tribunal).

While Valve's Motion only concerns arbitration proceedings, its proposed order requests that this Court limit Section 7 to "subpoenas and court orders issued by federal and state courts *in the United States*". ECF No. 607-1, at 2 (emphasis added). At the June 22, 2026 case-management conference in the UK Proceeding, Valve's counsel cited this language in



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

suggesting to the Tribunal that this Court might, in its decision on Valve's Motion, restrict Section 7 to "federal or state courts in the US". CMC Tr. at 60:5–8; *see also id.* at 66:15–18. This interpretation is not in the text of Section 7, and Valve's Motion does not even argue for it. *See* Valve Mot. at 3–4. Valve expressly acknowledged to the Tribunal that it has not presented the issue of Section 7's applicability to orders of the Tribunal to this Court. CMC Tr. at 64:25–65:9 (Tribunal: "In your submission to the US court, you were comparing the order with arbitrations. Did your submission deal with the question of foreign court procedures, or court or Tribunal procedures?" Valve's counsel: "[N]o, we've not raised in a motion before the US court anything about comity and the possibility that a foreign court, a United Kingdom court, which this is, would order disclosure with the protection of the confidentiality ring. That has not been raised before the US court."). Contrary to Valve's proposed limitation, however, Valve's counsel at the June 22 case-management conference conceded that it read Section 7 "as appearing to cover foreign courts," and further acknowledged that it had relied on that understanding in seeking a confidentiality order in the UK Proceeding with similar protections to the Protective Order. CMC Tr. at 58:20–26. This Court should not approve Valve's attempt to stymie disclosure in the UK Proceeding by obtaining a separate substantive restriction on Section 7 *sub rosa*.

### C. Plaintiffs' arguments do not warrant imposing new limitations on Section 7.

Following on the Valve Motion, Plaintiffs' Response provides three additional arguments against permitting Valve to re-produce Plaintiffs' (or third parties') materials in the AAA arbitration. To the extent these arguments apply to Intervenor and the UK Proceeding, they do not support a new restriction on the plain meaning of Section 7.

*First*, Plaintiffs support disqualifying arbitration proceedings from Section 7 because they would lack the right to intervene to enforce a protective order, unlike in "court." *See* Pls.' Resp. at 2. The UK Proceeding is not a private arbitration. The Tribunal is a UK court, with



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

any attendant rights under UK law for third parties to intervene to make submissions regarding the Tribunal's enforcement of the confidentiality ring order.

*Second*, Plaintiffs argue that the arbitration claimants have not demonstrated a "compelling need" for Plaintiffs' documents. *See* Pls.' Resp. at 3–4. But Plaintiffs' cited case law does not require the recipient of a re-production to show a "compelling need" for the documents. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 789 (3d Cir. 1994), addressed the standard for modifying a confidentiality order. Here, Intervenor requests only that the Court clarify the Protective Order, not modify it. Even in the context of modifying a protective order, *Pansy* held that a "compelling need" was *not* required, and it cited Ninth Circuit case law in support of that holding. *See id.* at 789–90 (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475–76 (9th Cir. 1992), *cert. denied*, 506 U.S. 868 (1992)). *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d 662 (3d Cir. 2019), concerned the common law right of access to judicial records. That distinguishable standard requires a party to show a compelling reason to *keep* judicial records sealed, rather than a compelling need for disclosure as Plaintiffs argue. *Id.* at 678. Regardless, Intervenor has a compelling need for the documents, *see supra* at 7, but it is not required to make that showing when acting pursuant to a court order.

*Third*, Plaintiffs argue that the arbitration claimants are free-riding on Plaintiffs' efforts and request that the arbitration claimants contribute to those expenses. Pls.' Resp. at 4. But Plaintiffs do not cite a basis for levying an ad hoc assessment for discovery expenses. In *In re General Motors LLC Ignition Switch Litigation*, 477 F. Supp. 3d 170, 191 (S.D.N.Y. Aug. 10, 2020), the court invoked the "common benefit doctrine" to create a common fund for settlements or recoveries in an MDL, from which the lead plaintiffs' counsel would receive a portion. *Id.* at 174. While there are parallel proceedings here, this is not an MDL, and Intervenor is not aware of any request to create a similar common fund among the different



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

proceedings. Further, Intervenor was not in a position to undertake the same discovery that Plaintiffs conducted due to different disclosure devices available in UK litigation. Finally, the Ninth Circuit in fact "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003).

**D. The Third Party Materials will be afforded similar protections in the UK Proceeding.**

Valve and Plaintiffs have raised concerns that producing third-party materials in other, parallel proceedings raises potential "harm from disclosure" of the "highly sensitive and propriety business information of the parties and third parties." *See* Valve Mot., at 3; Pls.' Resp. at 2. However, re-productions to the UK Proceeding would have comparable protections to the Protective Order. The Tribunal issued a Confidentiality Ring Order (the UK equivalent of a US protective order) on July 9, 2026, and it confirmed that documents or information disclosed in the US Proceeding and designated as "Confidential" or "Highly Confidential" are to be designated as Confidential Information in the UK Proceeding and their disclosure limited to only the members identified in the order. Pearman Decl. ¶ 12; UK Confidentiality Order ¶ 5.3. In addition, the Tribunal has ordered that privilege and confidentiality redactions applied in the US Proceeding will be maintained, reserving Intervenor's ability to challenge any redactions. Pearman Decl., ¶ 12; June CMC Order, ¶ 2. Finally, unlike Valve, Intervenor is not a competitor to Valve or the third parties, and any concerns of third parties in relation to disclosures to competitors do not arise here. Any risk of further dissemination is thus minimal and is not a basis to adopt a narrow reading of Section 7 of the Protective Order.

**E. The equities support permitting Third Party Materials to be produced under the Protective Order.**

Several legal principles and principles of equity underpin Intervenor's interpretation of the Protective Order. The Ninth Circuit "strongly favors access to discovery materials to meet



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

the needs of parties engaged in collateral litigation." *Foltz*, 331 F.3d at 1131. "Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." *Id.* at 1131. Indeed, courts have held that requests to modify protective orders so that collateral litigants are not precluded from obtaining relevant materials should generally be granted, *id.* at 1132, and Intervenor's request for clarification is more modest than that.

Further, while Intervenor will not have a burden to demonstrate need when it has a valid court order in hand, the documents will be highly probative to the UK Proceeding. Valve has already produced a list of the categories produced in the US Proceeding by third parties. Pearman Decl. ¶ 21. This information enables Intervenor to, if appropriate, seek further disclosure from the specific categories that will help further its case. Pearman Decl. ¶¶ 20–23. It would be highly burdensome for Intervenor to duplicate discovery efforts already taken in this proceeding from each of the other 29 parties and third parties in the US Proceeding for vital evidence on the effect of Valve's anti-competitive behavior on other game publishers' pricing, business strategies, and distribution decisions, all of which go to the heart of Intervenor's claims.

Finally, federal courts have held that the principle of international comity "counsels that absent exceptional circumstances, a federal court in the exercise of its discretion should decline to assert jurisdiction and defer to the corresponding interests and laws of foreign tribunal adjudicating related disputes in proceedings involving the same parties over which they have proper jurisdiction." *ICBC Standard Sec., Inc. v. Luzuriaga*, 217 F. Supp. 3d 733 (S.D.N.Y. 2016); *see also Royal & Sun All. Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88, 92 (2d Cir. 2006) (international comity is "the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience"). The Tribunal is a foreign court of the



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

United Kingdom that has requested this Court's assistance. CMC Tr. at 64:25–65:4 (Tribunal discussing distinction between an arbitration proceeding and its expectation that a US Court would extend comity to the Tribunal).

## IV. CONCLUSION

For the foregoing reasons, Intervenor respectfully requests that the Court confirm Intervenor's interpretation of the Protective Order.

DATED this 14th day of August, 2026.

*/s/ Ashley D. Burman*
Ashley Burman, WSBA No. 58754
CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
Phone: (206) 622-8020

John McAdams (*pro hac vice* forthcoming)
Divya Vijay (*pro hac vice* forthcoming)
PALLAS PARTNERS (US) LLP
75 Rockefeller Plaza
New York, New York 10019
Telephone: (212) 970-2324
John.McAdams@pallasllp.com
Divya.Vijay@pallasllp.com

*Attorneys for Proposed Intervenor Vicki Shotbolt Class Representative Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of August, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and that all participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

Respectfully submitted: August 14, 2026.

*/s/ Patti Saiden*
Patti Saiden, Legal Assistant



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020