# EXHIBIT 2

Certified copy from legislation.gov.uk Publishing

STATUTORY INSTRUMENTS

# 2015 No. 1648

# COMPETITION

## The Competition Appeal Tribunal Rules 2015

| | |
|---|---|
| *Made - - - -* | *7th September 2015* |
| *Laid before Parliament* | *8th September 2015* |
| *Coming into force - -* | *1st October 2015* |

CONTENTS

PART 1
INTRODUCTION

1. Citation and commencement 5
2. Interpretation 5
3. Application of Rules 6
4. Governing principles 7
5. The Registrar 8
6. Tribunal address for service 8
7. Tribunal website 8
8. Representation 8

PART 2
APPEALS
COMMENCING APPEAL PROCEEDINGS

9. Time and manner of commencing appeals 9
10. Defective notices of appeal 10
11. Power to strike out 10
12. Amendments to notice of appeal 10
13. Withdrawal of the appeal 11

RESPONSE TO APPEAL PROCEEDINGS

14. Acknowledgment and notification 11
15. Defence 11

INTERVENTION, CONSOLIDATION AND FORUM

16. Intervention 12
17. Consolidation 13
18. Forum 13

CASE MANAGEMENT

19. Directions 14
20. Case management conference etc. 15

Certified copy from legislation.gov.uk Publishing

21. Evidence 16
22. Summoning or citing of witnesses 16
23. Failure to comply with directions 17
INTERIM ORDERS AND MEASURES
24. Power to make interim orders and to take interim measures 17

PART 3
PROCEEDINGS UNDER THE 2002 ACT

25. Time for commencing proceedings for a review under the 2002 Act 19
26. Supplementary provisions concerning reviews 19
27. Expert evidence 19
28. Appeals in relation to penalties under section 114 of the 2002 Act 19

PART 4
CLAIMS UNDER SECTION 47A OF THE 1998 ACT

29. Application of Rules to proceedings in Scotland 20
COMMENCEMENT OF PROCEEDINGS
30. Manner of commencing proceedings under section 47A of the 1998 Act 20
31. Service out of the jurisdiction 21
32. Amendments to claim form 22
RESPONSE TO A CLAIM
33. Acknowledgment, service and notification 22
34. Disputing the Tribunal's jurisdiction 23
35. Defence to a claim 23
36. Reply to defence 24
37. Further pleadings 24
ADDITIONAL PARTIES AND ADDITIONAL CLAIMS
38. Additional parties 24
39. Additional claims 25
40. Powers on receipt of an additional claim 25
SUMMARY DISPOSAL
41. Power to strike out 26
42. Default judgment 26
43. Summary judgment 27
44. Withdrawal of the claim 27
OFFERS TO SETTLE
45. Settlement offers 27
46. Clarification of a Rule 45 Offer 29
47. Withdrawing or changing a Rule 45 Offer 29
48. Costs consequences of acceptance of a Rule 45 Offer 30
49. Costs consequences following judgment 30
INTERVENTION, CONSOLIDATION AND FORUM
50. Intervention 31
51. Consolidation 31
52. Forum 31
CASE MANAGEMENT
53. Directions 31
54. Case management conference etc. 32

Certified copy from legislation.gov.uk Publishing

55. Evidence 33
56. Summoning or citing of witnesses 34
57. Failure to comply with directions 34

FAST-TRACK PROCEDURE

58. Fast-track procedure 34

SECURITY FOR COSTS

59. Security for costs 35

DISCLOSURE

60. Disclosure by parties to the proceedings 36
61. Documents referred to in statements of case etc. 37
62. Disclosure before proceedings start 37
63. Orders for disclosure against a person not a party 38
64. Claim to withhold inspection or disclosure of a document 38
65. Restriction on use of a privileged document inspection of which has been inadvertently allowed 39

INTERIM PAYMENTS

66. Interim payments on claims 39

INJUNCTIONS

67. Injunctions generally 39
68. Interim injunctions 40
69. How to apply for an interim remedy 40
70. Enforcement 40

TRANSFERS

71. Transfer of claims from the Tribunal 40
72. Transfer of claims to the Tribunal 41

PART 5

COLLECTIVE PROCEEDINGS AND COLLECTIVE SETTLEMENTS

73. Scope and interpretation 41
74. General 42

COLLECTIVE PROCEEDINGS

75. Manner of commencing proceedings under section 47B of the 1998 Act 42
76. Response to a collective proceedings claim form 43
77. Determination of the application for a collective proceedings order 45
78. Authorisation of the class representative 45
79. Certification of the claims as eligible for inclusion in collective proceedings 46
80. The collective proceedings order 46
81. Notice of the collective proceedings order 47
82. Opting in and opting out of collective proceedings 47
83. Class records 48
84. Scope of the collective proceedings 48
85. Stay of proceedings and variation or revocation of the collective proceedings order 48
86. Individual settlement by the class representative in opt-in proceedings 49
87. Applications for withdrawal by the class representative 49
88. Case management of the collective proceedings 49
89. Disclosure 49
90. Notices 49
91. Judgments and orders 50
92. Assessment of damages 50

Certified copy from legislation.gov.uk Publishing


93. Distribution of award 50

COLLECTIVE SETTLEMENTS

94. Collective settlement where a collective proceedings order has been made: opt-out collective proceedings 51
95. Collective settlements where a collective proceedings order has been made: opt-in proceedings 53
96. Collective settlements where a collective proceedings order has not been made 53
97. Collective settlement approval order 55

COSTS AND FEES

98. Costs 57

PART 6

GENERAL AND SUPPLEMENTARY

THE HEARING

99. Hearing to be in public 57
100. Quorum 57

CONFIDENTIALITY

101. Requests for confidential treatment 58
102. Subsequent use of documents provided in proceedings 58

DECISION OF THE TRIBUNAL

103. Delivery of the decision 59
104. Costs 59
105. Interest 60
106. Consent orders 60

APPEALS FROM THE TRIBUNAL

107. Permission to appeal 60
108. Decision of the Tribunal on request for permission to appeal 61

REFERENCES TO THE EUROPEAN COURT

109. References to the European Court 61

SUPPLEMENTARY

110. Power of President, chairman and Registrar to exercise powers of Tribunal 61
111. Documents etc. 62
112. Time 64
113. Funding Arrangements 64
114. Irregularities 64
115. General power of the Tribunal 65

PART 7

REFERENCE OF PRICE CONTROL MATTERS TO THE CMA UNDER THE 2003 ACT

116. Reference of price control matters to the CMA 65
117. Determination by the CMA of price control matters 65

PART 8

REVOCATION AND SAVINGS

118. Revocation 65
119. Savings 66

Certified copy from legislation.gov.uk Publishing

PART 9
REVIEW

120. Review 66

Having consulted in accordance with section 15(1) of the Enterprise Act 2002(**a**), the Secretary of State makes the following Rules in exercise of the powers conferred by section 15(1) to (3) of, and Part 2 of Schedule 4 to, that Act and sections 192(3) and (4) and 193(1), (2)(b) and (3) of the Communications Act 2003(**b**).

## PART 1

## INTRODUCTION

### Citation and commencement

**1.** These Rules may be cited as the Competition Appeal Tribunal Rules 2015 and come into force on 1st October 2015.

### Interpretation

**2.**—(1) In these Rules—

"the 1998 Act" means the Competition Act 1998(**c**);

"the 2002 Act" means the Enterprise Act 2002;

"the 2003 Act" means the Communications Act 2003;

"additional claim" has the meaning given in rule 39(1);

"a chairman" means a person who falls within one of the categories of persons specified in section 12(2)(aa) to (ac) or (b) of the 2002 Act (constitution of the Competition Appeal Tribunal)(**d**);

"the chairman" means the chairman of the Tribunal as constituted for particular proceedings;

"class representative" has the meaning given for representative in section 59(1) of the 1998 Act (interpretation)(**e**) or means a representative of a sub-class who is specified in a collective proceedings order;

"CMA" means the Competition and Markets Authority;

"collective proceedings" means proceedings under section 47B(1) of the 1998 Act (collective proceedings before the Tribunal)(**f**);

"collective settlement" means settlement under section 49A (collective settlements: where a collective proceedings order has been made) or 49B (collective settlements: where a collective proceedings order has not been made) of the 1998 Act(**g**);

"collective settlement order" means an order authorising the settlement representative to act in relation to the collective settlement;

---

(**a**) 2002 c. 40; section 15 of, and Schedule 4 to, the Enterprise Act 2002 were amended by paragraphs 20 and 22 to 36 of Schedule 8 to the Consumer Rights Act 2015 (c. 15).
(**b**) 2003 c. 21; section 193 was amended by paragraph 98 of Schedule 6 to the Enterprise and Regulatory Reform Act 2013 (c. 24).
(**c**) 1998 c.41.
(**d**) Section 12(2)(aa)–(ac) were inserted by section 82(1) of the Consumer Rights Act 2015.
(**e**) Section 59(1) was amended by paragraph 15 of Schedule 8 to the Consumer Rights Act 2015.
(**f**) Section 47B was substituted by paragraph 5 of Schedule 8 to the Consumer Rights Act 2015.
(**g**) Section 49A was inserted by paragraph 10 of Schedule 8 to the Consumer Rights Act 2015 and section 49B was inserted by paragraph 11 of Schedule 8 to that Act.

Certified copy from legislation.gov.uk Publishing

"confidentiality ring" means an arrangement set up in accordance with a direction by the Tribunal under which documents are treated as confidential and disclosed only on such terms as the Tribunal thinks fit;

"costs" has the meaning given by rule 104;

"CPR" means the Civil Procedure Rules 1998(**a**);

"damages" means any sum of money (other than costs or expenses) which may be awarded in respect of a claim under section 47A (claims for damages etc.) or 47B (collective proceedings) of the 1998 Act(**b**);

"disclose", in rules 60 to 65, has the meaning given in rule 60;

"document" means anything in which information of any description is recorded, in whatever form; and "copy", in relation to a document, means anything onto which information recorded in the document has been copied, by whatever means and whether directly or indirectly;

"filing", in relation to a document, means sending it to the Registrar in accordance with rule 111(1);

"foreign defendant" means a defendant domiciled outside the United Kingdom;

"infringement decision" has the meaning given by section 47A(6) of the 1998 Act;

"President" means the person appointed to be President of the Tribunal;

"Registrar" means the person appointed to be Registrar of the Tribunal;

"relevant period", in rules 47 to 49, has the meaning given in rule 45(1);

"Rule 45 Offer" in rules 45 to 49, has the meaning given in rule 45(1);

"settlement representative" means a person who is authorised by a collective settlement order to act in relation to a collective settlement;

"specified price control matter" means a price control matter(**c**) specified in rule 116(1);

"statement of truth" means a statement that the party putting forward a document, or in the case of a witness statement, the maker of the witness statement, believes the facts stated in the document or witness statement are true;

"sub-class" means a member of a distinct class of class members, described in the collective proceedings order or a collective settlement order, as the case may be;

"TFEU" means the Treaty on the Functioning of the European Union(**d**);

"Tribunal" means (a) the Competition Appeal Tribunal or (b) in relation to any proceedings, the tribunal as constituted for the purposes of those proceedings, as the context requires; and

"undertaking as to damages" means an undertaking to pay damages which a person sustains as a result of an interim injunction or other interim order and which the Tribunal considers the person in whose favour the injunction or other order is granted should pay.

(2) These Rules are to be applied by the Tribunal and interpreted in accordance with the governing principles set out in rule 4.

**Application of Rules**

**3.** These Rules apply as follows—

(a) Parts 1 and 6 apply to all proceedings before the Tribunal;

(b) Part 2 applies to all proceedings before the Tribunal save as otherwise provided in Parts 3, 4, 5 and 7;

(**a**) S.I. 1998/3132, amended by S.I. 2008/2178, S.I. 2009/3131, S.I. 2009/3390, S.I. 2011/88, S.I. 2014/2948 and S.I. 2014/3299; there are other amending instruments but none is relevant to these Rules.
(**b**) Section 47A was substituted by paragraph 4 of Schedule 8 to the Consumer Rights Act 2015.
(**c**) A "price control matter" is defined in section 193 of the Communications Act 2003 (c. 21).
(**d**) OJ No C83, 30.3.2010, p.47.

Certified copy from legislation.gov.uk Publishing

(c) Part 3 applies to proceedings for a review or an appeal against penalties under the 2002 Act;

(d) Part 4 applies to claims under section 47A of the 1998 Act and, subject to rule 74, to collective proceedings;

(e) Part 5 applies to collective proceedings and collective settlements;

(f) Part 7 applies to appeals under section 192(2) of the 2003 Act(**a**) relating to price control.

**Governing principles**

**4.**—(1) The Tribunal shall seek to ensure that each case is dealt with justly and at proportionate cost.

(2) Dealing with a case justly and at proportionate cost includes, so far as is practicable—

(a) ensuring that the parties are on an equal footing;

(b) saving expense;

(c) dealing with the case in ways which are proportionate—

(i) to the amount of money involved;

(ii) to the importance of the case;

(iii) to the complexity of the issues; and

(iv) to the financial position of each party;

(d) ensuring that it is dealt with expeditiously and fairly;

(e) allotting to it an appropriate share of the Tribunal's resources, while taking into account the need to allot resources to other cases; and

(f) enforcing compliance with these Rules, any practice direction issued under rule 115, and any order or direction of the Tribunal.

(3) Each party's case shall be fully set out in writing as early as possible.

(4) The Tribunal shall actively manage cases.

(5) Active case management includes—

(a) encouraging the parties to co-operate with each other in the conduct of the proceedings;

(b) identification of and concentration on the main issues as early as possible;

(c) fixing a target date for the main hearing as early as possible together with a timetable for the proceedings up to the main hearing, taking into account the nature of the case;

(d) adopting fact-finding procedures that are most effective and appropriate for the case;

(e) planning the structure of the main hearing in advance with a view to avoiding unnecessary oral evidence and argument; and

(f) ensuring that the main hearing is conducted within defined time-limits.

(6) The Tribunal may—

(a) encourage and facilitate the use of an alternative dispute resolution procedure if the Tribunal considers that appropriate;

(b) dispense with the need for the parties to attend any hearing; and

(c) use technology actively to manage cases.

(7) The parties (together with their representatives and any experts) are required to co-operate with the Tribunal to give effect to the principles in this rule.

---

(**a**) 2003 c.21; section 192 was amended by paragraph 28 of Schedule 7 to the Wireless Telegraphy Act 2006 (c. 36) and paragraph 43 of Schedule 15 to the Enterprise and Regulatory Reform Act 2013 (c. 24) and is prospectively amended by section 20 of the Digital Economy Act 2010 (c.24).

Certified copy from legislation.gov.uk Publishing

### The Registrar

**5.**—(1) Any person appointed to be the Registrar under section 12(3) of the 2002 Act (constitution of the Competition Appeal Tribunal) shall—

(a) have a seven year general qualification within the meaning of section 71 of the Courts and Legal Services Act 1990 (qualification for judicial and certain other appointments)(**a**), or

(b) be an advocate or solicitor in Scotland of at least seven years' standing, or

(c) be—

(i) a member of the Bar of Northern Ireland of at least seven years' standing, or

(ii) a solicitor of the Court of Judicature of Northern Ireland of at least seven years' standing.

(2) The Registrar shall act in accordance with the instructions of the President and is, in particular, to be responsible for—

(a) the establishment and maintenance of a register in which all pleadings and supporting documents and all orders and decisions of the Tribunal are to be registered;

(b) the acceptance, transmission, service and custody of documents in accordance with these Rules;

(c) the enforcement of decisions of the Tribunal under paragraphs 4 and 5 of Schedule 4 to the 2002 Act (procedure of the Tribunal)(**b**) and certification for the purposes of paragraph 1A of that Schedule(**c**);

(d) certifying that any order, direction or decision is an order, direction or decision of the Tribunal, the President or a chairman, as the case may be.

(3) Any function of the Registrar may be performed by any member of staff of the Competition Service(**d**) whom the President or Registrar may authorise for the purpose.

### Tribunal address for service

**6.** The address for the filing or service of documents at or on the Tribunal (referred to in these Rules as "the Tribunal address for service") is: The Registrar of the Competition Appeal Tribunal, Victoria House, Bloomsbury Place, London WC1A 2EB or such other address as may be notified on the Tribunal website from time to time.

### Tribunal website

**7.** The location of the Tribunal website is: www.catribunal.org.uk or such other location as may be notified from time to time in such manner as the President may direct.

### Representation

**8.**—(1) In proceedings before the Tribunal, a party may be represented by—

(a) a qualified lawyer having a right of audience before a court in the United Kingdom; or

(b) any other person allowed by the Tribunal to appear on behalf of the party.

(2) A party shall notify the Tribunal where—

---

(**a**) 1990 c. 41; section 71 was amended by paragraphs 4 and 9 of Schedule 6 to the Access to Justice Act 1999 (c. 22), paragraph 4 of Schedule 11 to the Constitutional Reform Act 2005 (c.4) and paragraphs 83 and 94 of Schedule 21 to the Legal Services Act 2007 (c. 29).

(**b**) Paragraphs 4 and 5 of Schedule 4 to the Enterprise Act 2002 were amended by paragraph 25 of Schedule 8 to the Consumer Rights Act 2015.

(**c**) Paragraph 1A of Schedule 4 to the Enterprise Act 2002 was inserted by paragraph 24 of Schedule 8 to the Consumer Rights Act 2015.

(**d**) The Competition Service is a statutory body established under section 13 of the Enterprise Act 2002.

Certified copy from legislation.gov.uk Publishing

(a) the party changes its legal representative;

(b) the party, having conducted the proceedings in person, appoints a legal representative to act on its behalf; or

(c) the party, having conducted the proceedings by a legal representative, intends to act in person.

(3) The notice referred to in paragraph (2) shall state the party's new address for service and be served on—

(a) every other party to the proceedings; and

(b) where paragraph (2)(a) or (c) applies, the former legal representative.

(4) Until service of the notice referred to in paragraph (2), service of any document at the existing address for service is valid.

# PART 2

## APPEALS

### COMMENCING APPEAL PROCEEDINGS

**Time and manner of commencing appeals**

**9.**—(1) An appeal to the Tribunal shall be made by filing a notice of appeal within two months of the date upon which the appellant was notified of the disputed decision or the date of publication of the decision, whichever is the earlier.

(2) The Tribunal may not extend the time limit provided under paragraph (1) unless it is satisfied that the circumstances are exceptional.

(3) The notice of appeal shall state—

(a) the name and address of the appellant;

(b) the name and address of the appellant's legal representative, if any;

(c) an address for service in the United Kingdom;

(d) the name and address of the respondent to the proceedings,

and shall be signed and dated by the appellant, or on its behalf by its duly authorised officer or legal representative.

(4) The notice of appeal shall contain—

(a) a concise statement of the facts;

(b) details of the decision to which the proceedings relate;

(c) observations on the question in which part of the United Kingdom the proceedings of the Tribunal are to be treated as taking place under rule 18;

(d) a summary of the grounds for contesting the decision, identifying in particular—

(i) under which statutory provision the appeal is brought;

(ii) to what extent (if any) the appellant contends that the disputed decision was based on an error of fact or was wrong in law;

(iii) to what extent (if any) the appellant is appealing against the respondent's exercise of its discretion in making the disputed decision;

(e) a succinct presentation of the arguments supporting each of the grounds of appeal;

(f) the relief sought by the appellant, and any directions sought in accordance with rule 19;

(g) a schedule listing all the documents annexed to the notice of appeal; and

(h) a statement identifying the evidence (whether witness statements or other documents annexed to the notice of appeal) the substance of which, so far as the appellant is aware, was not before the maker of the disputed decision.

Certified copy from legislation.gov.uk Publishing

(5) In proceedings under the 2003 Act, the notice of appeal shall include a statement indicating the extent to which the appeal relates to price control or a specified price control matter arises in the appeal.

(6) There shall be annexed to the notice of appeal—

(a) a copy of the disputed decision; and

(b) as far as practicable, a copy of every document (or part of a document) on which the appellant relies, including the written statements of all witnesses of fact and expert witnesses, if any.

(7) Unless the Tribunal otherwise directs, the signed original of the notice of appeal shall be accompanied by ten copies of the notice of appeal and its annexes certified by the appellant or its legal representative as conforming to the original.

### Defective notices of appeal

**10.**—(1) If the Tribunal considers that a notice of appeal does not comply with rule 9, or is materially incomplete, or is unduly prolix or lacking in clarity, the Tribunal may give such directions as may be necessary to ensure that those defects are remedied.

(2) The Tribunal may, if satisfied that the efficient conduct of the proceedings so requires, instruct the Registrar to defer service of the notice of appeal on the respondent until after the directions referred to in paragraph (1) have been complied with.

### Power to strike out

**11.**—(1) The Tribunal may, after giving the parties an opportunity to be heard, strike out an appeal in whole or in part at any stage in the proceedings if—

(a) it considers that the Tribunal has no jurisdiction to hear or determine the appeal;

(b) it considers that the notice of appeal, or part of it, discloses no valid ground of appeal;

(c) it considers that the appellant does not have (or represent those who have) a sufficient interest in the decision in respect of which the appeal is made;

(d) it is satisfied that the appellant has habitually and persistently and without any reasonable ground—

(i) instituted vexatious proceedings, whether against the same person or different persons; or

(ii) made vexatious applications in any proceedings; or

(e) the appellant fails to comply with any rule, practice direction issued under rule 115, or order or direction of the Tribunal.

(2) When the Tribunal strikes out an appeal it may make any consequential order it considers appropriate.

### Amendments to notice of appeal

**12.**—(1) The appellant may amend the notice of appeal only with the permission of the Tribunal.

(2) Where the Tribunal grants permission under paragraph (1) it may do so on such terms as it thinks fit, and may give any further or consequential directions it considers necessary.

(3) In deciding whether to grant permission under paragraph (1), the Tribunal shall take into account all the circumstances including whether the proposed amendment—

(a) involves a substantial change or addition to the appellant's case;

(b) is based on matters of law or fact which have come to light since the appeal was made; or

(c) for any other reason could not practicably have been included in the notice of appeal.

Certified copy from legislation.gov.uk Publishing

**Withdrawal of the appeal**

**13.**—(1) The appellant may withdraw its appeal only with the permission of the Tribunal, or if no Tribunal has been constituted, the President.

(2) Where permission is granted under paragraph (1), the Tribunal or the President, as the case may be, ("the grantor") may—

(a) do so on such terms as the grantor thinks fit;

(b) instruct the Registrar to publish notice of the withdrawal on the Tribunal website or in such other manner as the grantor may direct; and

(c) publish any decision which the grantor would have made had the appeal not been withdrawn.

(3) Where an appeal is withdrawn—

(a) any interim order of the Tribunal, other than an order made in respect of costs, immediately ceases to have effect; and

(b) no fresh appeal may be brought by the appellant in relation to the decision which was the subject of the appeal without the permission of the Tribunal.

RESPONSE TO APPEAL PROCEEDINGS

**Acknowledgment and notification**

**14.**—(1) On receiving a notice of appeal the Registrar shall—

(a) send an acknowledgement of its receipt to the appellant; and

(b) subject to rules 10(2) and 11, send a copy of the notice of appeal to the respondent who made the disputed decision.

(2) Subject to rules 10 and 11, the Registrar shall as soon as practicable upon receipt of a notice of appeal publish a summary on the Tribunal website and in any other manner the President may direct.

(3) The summary referred to in paragraph (2) shall—

(a) state that a notice of appeal has been received;

(b) contain the name and address of the appellant and its legal representative (if any);

(c) specify the disputed decision to which the appeal relates and the person by whom it was made;

(d) specify particulars of the relief sought by the appellant;

(e) contain a summary of the principal grounds relied on; and

(f) contain a statement indicating that any person with sufficient interest may apply to intervene in the proceedings, in accordance with rule 16, within three weeks of publication of the summary or within any other period the President may direct.

**Defence**

**15.**—(1) The respondent shall file a defence in the form required by this rule within six weeks (or such further time as the Tribunal may allow) of the date on which the respondent received a copy of the notice of appeal in accordance with rule 14(1)(b).

(2) The defence shall state—

(a) the name and address of the respondent;

(b) the name and address of the respondent's legal representative, if any;

(c) an address for service in the United Kingdom,

and shall be signed and dated by the respondent, or on its behalf by its duly authorised officer or legal representative.

Certified copy from legislation.gov.uk Publishing

(3) The defence shall contain—

(a) observations on the question in which part of the United Kingdom the proceedings of the Tribunal are to be treated as taking place under rule 18;

(b) a succinct presentation of the arguments of fact and law upon which the respondent will rely;

(c) details of any objection to the admission of evidence put forward by the appellant;

(d) the relief sought by the respondent and any directions sought under rule 19;

(e) a schedule listing all the documents annexed to the defence; and

(f) a statement identifying the evidence (whether witness statements or other documents annexed to the defence) the substance of which, so far as the respondent is aware, was not referred to in the disputed decision or disclosed to the appellant before that decision was made.

(4) In proceedings under the 2003 Act, the defence shall include a statement indicating the extent to which the appeal relates to price control or a specified price control matter arises in the appeal, including (where applicable) a statement in rebuttal of a statement under rule 9(5).

(5) As far as practicable, there shall be annexed to the defence a copy of every document (or part of a document) upon which the respondent relies including the written statements of all witnesses of fact and expert witnesses, if any, but excluding any document (or part of a document) annexed to the notice of appeal.

(6) The signed original of the defence shall be accompanied by ten copies of the defence and its annexes certified by the respondent or its duly authorised officer or legal representative as conforming to the original.

(7) Rules 10(1), 11 (except paragraph (1)(a), (c) and (d)) and 12 apply to a defence as if—

(a) references to "notice of appeal" were references to "defence";

(b) references to "an appeal" or "the appeal" were references to "a defence" or "the defence";

(c) references to "ground of appeal" were references to "ground of defence";

(d) references to "the appellant" were references to "the respondent"; and

(e) in rule 10(1), the reference to rule 9 were a reference to rule 15.

(8) The respondent shall send a copy of the defence and any accompanying documents to each other party at the same time as it files the defence.

## INTERVENTION, CONSOLIDATION AND FORUM

### Intervention

**16.**—(1) Any person with sufficient interest in the outcome may make a request to the Tribunal for permission to intervene in the proceedings.

(2) The request shall be filed within the period referred to in rule 14(3)(f).

(3) The Registrar shall give notice of the request for permission to intervene to all the other parties to the proceedings and invite their observations on that request within a specified period.

(4) A request for permission to intervene shall state—

(a) the title of the proceedings to which that request relates;

(b) the name and address of the person wishing to intervene;

(c) the name and address of its legal representative, if any; and

(d) an address for service in the United Kingdom.

(5) The request shall contain—

(a) a concise statement of the matters in issue in the proceedings which affect the person making the request;

Certified copy from legislation.gov.uk Publishing

(b) the name of any party whose position the person making the request intends to support; and

(c) a succinct presentation of the reasons for making the request.

(6) If the Tribunal is satisfied, having taken into account the observations of the parties, that the intervening party has a sufficient interest, it may permit the intervention on such terms and conditions as it thinks fit.

(7) On granting permission under paragraph (6), the Tribunal may any consequential directions it considers necessary with regard, in particular, to the service on the intervener of the documents lodged with the Registrar, the filing by the intervener of a statement of intervention and, if appropriate, the filing by the principal parties of a response to the statement of intervention and any objections to the admission of evidence put forward by the intervener.

(8) The statement of intervention shall contain—

(a) a succinct presentation of the facts and arguments supporting the intervention;

(b) the relief sought by the intervener;

(c) a schedule listing all the documents annexed to the intervention; and

(d) a statement identifying the evidence (whether witness statements or other documents annexed to the statement of intervention) the substance of which, so far as the intervener is aware, was not before the maker of the disputed decision.

(9) As far as practicable, there shall be annexed to the statement of intervention, a copy of every document (or part of a document) on which the intervener relies including the written statements of witnesses of fact and expert witnesses, if any, but excluding any document (or part of a document) annexed to the notice of appeal or defence.

(10) Rules 10(1), 11 (except paragraph (1)(a), (c) and (d)) and 12 apply to a statement of intervention as if—

(a) references to "notice of appeal" were references to "statement of intervention";

(b) references to "an appeal" or "the appeal" were references to "a statement of intervention" or "the statement of intervention";

(c) references to "ground of appeal" were references to "ground of intervention";

(d) references to "the appellant" were references to "the intervener"; and

(e) in rule 10(1), the reference to rule 9 were a reference to rule 16.

(11) The intervener shall send a copy of the statement of intervention and any accompanying documents to each other party at the same time as it files the statement of intervention.

### Consolidation

**17.**—(1) Where two or more proceedings are pending in respect of the same decision, or which involve the same or similar issues, the Tribunal may, on the request of a party or of its own initiative, order that the proceedings or any particular issue or matter raised in the proceedings be consolidated.

(2) Before making an order under this rule, the Tribunal shall invite the parties to the relevant proceedings to submit their observations.

### Forum

**18.**—(1) The Tribunal, after taking into account the observations of the parties, may at any time determine whether any proceedings, or part of any proceedings, before it are to be treated, for all or for any purpose (including a purpose connected with any appeal from a decision of the Tribunal made in those proceedings) as proceedings in England and Wales, in Scotland or in Northern Ireland.

(2) Despite any determination under paragraph (1), the Tribunal may hold any meeting, case management conference, pre-hearing review or hearing, or give any directions, in such place and

Certified copy from legislation.gov.uk Publishing

in such manner as it thinks fit having regard to the just, expeditious and economical conduct of the proceedings.

(3) In making a determination under paragraph (1), the Tribunal may have regard to all matters which appear to it to be relevant and in particular the part of the United Kingdom where—

(a) any individual party to the proceedings is habitually resident or has its head office or principal place of business;

(b) the majority of the parties are habitually resident or have their head offices or principal places of business;

(c) any agreement, decision or concerted practice to which the proceedings relate was made or implemented or intended to be implemented;

(d) any conduct to which the proceedings relate took place;

(e) in collective proceedings or proceedings concerning a collective settlement, the place where the class representative or settlement representative is habitually resident or has its head office or principal place of business.

(4) Without prejudice to paragraph (3), in making a determination under paragraph (1) for the purposes of a claim under section 47A (claims for damages etc.) or section 47B (collective proceedings) of the 1998 Act(**a**), the Tribunal may have regard to the law which is applicable to the claim.

## CASE MANAGEMENT

### Directions

**19.**—(1) The Tribunal may at any time, on the request of a party or of its own initiative, at a case management conference, pre-hearing review or otherwise, give such directions as are provided for in paragraph (2) or such other directions as it thinks fit to secure that the proceedings are dealt with justly and at proportionate cost.

(2) The Tribunal may give directions—

(a) as to the manner in which the proceedings are to be conducted, including any time limits to be observed in the conduct of the oral hearing;

(b) that the parties file a reply, rejoinder or other additional pleadings or particulars;

(c) for the preparation and exchange of skeleton arguments;

(d) requiring persons to attend and give evidence or to produce documents;

(e) requiring clarification of any matter in dispute or additional information in relation to any such matter;

(f) as to the evidence which may be required or admitted in proceedings before the Tribunal and the extent to which it must be oral or written;

(g) as to the submission in advance of a hearing of any witness statements or expert reports;

(h) as to the examination or cross-examination of witnesses;

(i) for the filing of a list of issues;

(j) for the production of bundles for any hearing;

(k) for the creation of a confidentiality ring;

(l) as to the fixing of time limits with respect to any aspect of the proceedings;

(m) as to the abridgement or extension of any time limits, whether or not expired;

(n) that the whole or part of any proceedings or judgment be stayed either generally or until a specified date or event;

(**a**) 1998 c.41; sections 47A and 47B were substituted by paragraphs 4 and 5 respectively of Schedule 8 to the Consumer Rights Act 2015 (c. 15).

Certified copy from legislation.gov.uk Publishing

(o) to enable a disputed decision to be referred back in whole or in part to the person by whom it was taken;

(p) for the disclosure and the production by a party or third party of documents or classes of documents;

(q) for the appointment and instruction of experts, whether by the Tribunal or by the parties and as to the manner in which expert evidence is to be given;

(r) for the costs management of proceedings, including for the provision of such schedules of incurred and estimated costs as the Tribunal thinks fit;

(s) for the award of costs or expenses, including any allowances payable to persons in connection with their attendance before the Tribunal;

(t) for the hearing of any issues as preliminary issues prior to the main substantive hearing; and

(u) for hearing a person who is not a party where, in any proceedings, it is proposed to make an order or give a direction in relation to that person.

(3) The Tribunal may also, of its own initiative—

(a) put questions to the parties;

(b) invite the parties to make written or oral submissions on certain aspects of the proceedings;

(c) ask the parties or third parties for information or particulars;

(d) ask for documents relating to the case to be produced;

(e) summon the parties' representatives or the parties in person to meetings.

(4) A request by a party for directions shall—

(a) be made in writing as soon as practicable;

(b) be supported by reasons and indicate whether it is agreed or contested by the other parties;

(c) be served on any other party who might be affected by such directions; and

(d) be determined by the Tribunal taking into account the observations of the parties.

**Case management conference etc.**

**20.**—(1) Where it appears to the Tribunal that any proceedings would be facilitated by holding a case management conference or pre-hearing review the Tribunal may, on the request of a party or of its own initiative, give directions for such a conference or review to be held.

(2) Unless the Tribunal otherwise directs, a case management conference is to be held as soon as practicable after the filing of an appeal, whether or not the time for service of the defence has expired.

(3) The purpose of a case management conference or pre-hearing review is—

(a) to ensure the efficient conduct of the proceedings;

(b) to determine the points on which the parties must present further argument or which call for further evidence to be produced;

(c) to set a timetable up to an oral hearing in the proceedings, and, if appropriate, fix a date for that hearing;

(d) to clarify the forms of order sought by the parties, their arguments of fact and law and the points at issue between them;

(e) to hear and determine any submissions in relation to the admission of evidence;

(f) to determine any issues relating to confidentiality;

(g) to ensure that all agreements that can be reached between the parties about the matters in issue and the conduct of the proceedings are made and recorded;

Certified copy from legislation.gov.uk Publishing

(h) to facilitate the settlement of the proceedings.

(4) The Tribunal may authorise the President or a chairman to carry out on its behalf a case management conference, pre-hearing review or any other preparatory measure relating to the organisation or disposal of the proceedings.

**Evidence**

**21.**—(1) The Tribunal may give directions as to—

(a) the provision by the parties of statements of agreed matters;

(b) the issues on which it requires evidence, and the admission or exclusion from the proceedings of particular evidence;

(c) the nature of the evidence which it requires to decide those issues;

(d) whether the parties are permitted to provide expert evidence;

(e) any limit on the number of witnesses whose evidence a party may put forward, whether in relation to a particular issue or generally; and

(f) the way in which evidence is to be placed before the Tribunal.

(2) In deciding whether to admit or exclude evidence, the Tribunal shall have regard to whether it would be just and proportionate to admit or exclude the evidence, including by reference to the following factors—

(a) the statutory provision under which the appeal is brought and the applicable standard of review being applied by the Tribunal;

(b) whether or not the substance of the evidence was available to the respondent before the disputed decision was taken;

(c) where the substance of the evidence was not available to the respondent before the disputed decision was taken, the reason why the party seeking to adduce the evidence had not made it available to the respondent at that time;

(d) the prejudice that may be suffered by one or more parties if the evidence is admitted or excluded;

(e) whether the evidence is necessary for the Tribunal to determine the case.

(3) Unless the Tribunal otherwise directs, no witness of fact or expert witness maybe heard unless the relevant witness statement or expert report has been submitted in advance of the hearing and in accordance with any directions of the Tribunal.

(4) The Tribunal may require any witness to give evidence on oath or affirmation or if in writing by way of affidavit.

(5) The Tribunal may allow a witness to give evidence through a video link or by other means.

(6) The Tribunal may dispense with the need to call a witness to give oral evidence if a witness statement or expert report has been submitted in respect of that witness.

(7) The Tribunal may limit cross-examination of witnesses to any extent or in any manner it considers appropriate.

**Summoning or citing of witnesses**

**22.**—(1) Subject to paragraphs (2) and (3), the Tribunal may, at any time, either of its own initiative or at the request of any party, issue a summons (or in relation to proceedings taking place in Scotland, a citation) in any form authorised by the Tribunal, requiring any person wherever that person may be in the United Kingdom to do one or both of the following—

(a) attend as a witness before the Tribunal, at the time and place set out in the summons or citation;

(b) answer any questions or produce any documents or other material in the possession or under the control of that person which relate to any matter in question in the proceedings.

Certified copy from legislation.gov.uk Publishing

(2) A request by a party for the issue of a summons or citation under this rule shall state with reasons—

(a) upon which facts the witness is to be questioned;

(b) the documents or material required to be produced.

(3) No person may be required to attend in compliance with a summons or citation under this rule unless that person—

(a) has been given at least seven days' notice of the hearing; and

(b) is offered or paid such sum as would be recoverable by that witness in respect of attendance in proceedings before the Senior Courts of England and Wales, the Court of Session or the Court of Judicature of Northern Ireland, as appropriate according to any determination of the Tribunal under rule 18.

(4) The Tribunal may make the summoning or citation of a witness in accordance with paragraph (1) conditional upon the deposit with the Registrar of a sum determined by the Tribunal as sufficient to cover—

(a) the costs of the summons or citation;

(b) the sum referred to in paragraph (3)(b).

(5) The Registrar shall advance the funds necessary in connection with the examination of any witness summoned by the Tribunal of its own initiative.

(6) The Tribunal may direct a party to serve on its behalf a summons issued under this rule and to pay the sum referred to in paragraph (3)(b).

### Failure to comply with directions

**23.**—(1) If any party fails to comply with any direction given in accordance with these Rules, the Tribunal may if it considers that the justice of the case so requires, order that—

(a) the requirements of the direction be waived;

(b) the failure be remedied;

(c) the party be debarred from taking any further part in the proceedings without the permission of the Tribunal;

(d) the party (or its representative) be subject to an order for any costs the Tribunal sees fit.

(2) Before making an order under paragraph (1)(c) or (d), the Tribunal shall give the party (or its representative) the opportunity to make submissions as to why the order should not be made.

## INTERIM ORDERS AND MEASURES

### Power to make interim orders and to take interim measures

**24.**—(1) The Tribunal may make an order on an interim basis—

(a) suspending in whole or part the effect of any decision which is the subject matter of proceedings before it;

(b) in the case of an appeal under section 46 (appealable decisions)(**a**) or 47 (third party appeals)(**b**) of the 1998 Act, varying the conditions or obligations attached to an exemption;

(c) granting any remedy which the Tribunal would have the power to grant in its final decision.

(**a**) Section 46 was amended by paragraph 2 of Schedule 5 to the Enterprise Act 2002 (c. 40), paragraph 26 of Schedule 5 to the Enterprise and Regulatory Reform Act 2013 (c. 24) and by S.I. 2004/1261.

(**b**) Section 47 was substituted by section 17 of the Enterprise Act 2002 and amended by paragraph 27 of Schedule 5 to the Enterprise and Regulatory Reform Act 2013 and S.I. 2004/1261.

Certified copy from legislation.gov.uk Publishing

(2) Without prejudice to the generality of paragraph (1), if the Tribunal considers that it is necessary as a matter of urgency for the purpose of—

(a) preventing significant damage to a particular person or category of person, or

(b) protecting the public interest,

the Tribunal may give such directions as it considers appropriate for that purpose.

(3) The Tribunal shall exercise its power under this rule taking into account all the relevant circumstances, including—

(a) the urgency of the matter;

(b) the effect on the party making the request if the relief sought is not granted;

(c) the effect on competition if the relief is granted; and

(d) the existence and adequacy of any offer of an undertaking as to damages.

(4) Any order or direction under this rule is subject to the Tribunal's further order, direction or final decision.

(5) A party shall apply for an order or a direction under paragraph (1) or (2) by filing a request for interim relief in the form required by paragraph (6).

(6) The request for interim relief shall state—

(a) the subject matter of the proceedings;

(b) in the case of a request for a direction under paragraph (2), the circumstances giving rise to the urgency;

(c) the factual and legal grounds establishing a prima facie case for the granting of interim relief by the Tribunal;

(d) the relief sought;

(e) where no appeal or application has been made in accordance with rule 9 in respect of the decision which is the subject of the request for interim relief, an outline of the information required by rule 9(4).

(7) The request for interim relief shall be verified by a statement of truth, signed and dated by the applicant or on its behalf by its duly authorised officer or legal representative.

(8) On receiving a request for interim relief the Registrar shall send a copy to all the other parties to the proceedings (or where no appeal or application has been made in accordance with rule 9, to the person who made the decision to which the request for interim relief relates) and shall inform them of the date by which they may submit written or oral observations to the Tribunal.

(9) Subject to paragraph (10), an order or direction for interim relief may be made against a person who is not a party to the proceedings, provided that no such order may be made unless that person has been given an opportunity to be heard.

(10) If the urgency of the case so requires, the Tribunal may grant the request for interim relief before the observations of the other parties have been submitted or the person referred to in paragraph (9) has been heard.

Certified copy from legislation.gov.uk Publishing

# PART 3

## PROCEEDINGS UNDER THE 2002 ACT

### Time for commencing proceedings for a review under the 2002 Act

**25.**—(1) An application under section 120(1) of the 2002 Act (**a**) for the review of a decision in connection with a reference or possible reference in relation to a relevant merger situation or a special merger situation shall be made by filing a notice of application within four weeks of the date on which the applicant was notified of the disputed decision, or the date of publication of the decision, whichever is the earlier.

(2) An application under section 179(1) of the 2002 Act(**b**) for review of a decision in connection with a reference or possible reference under Part 4 of that Act (market investigations) shall be made by filing a notice of application within two months of the date on which the applicant was notified of the disputed decision, or the date of publication of the decision, whichever is the earlier.

(3) The Tribunal may not extend the time limit provided under paragraph (1) or (2) unless it is satisfied that the circumstances are exceptional.

### Supplementary provisions concerning reviews

**26.**—(1) In proceedings for a review under section 120 or 179 of the 2002 Act rules 9 to 16 are to be construed and applied as if —

- (a) references to "appeal" were references to "application";
- (b) references to "the notice of appeal" were references to "the notice of application";
- (c) references to the "appellant" were references to the "applicant";
- (d) references to the "grounds of appeal" were references to the "grounds of review"; and
- (e) the words "or expert witnesses" in rule 9(6)(b) were omitted.

(2) In proceedings for a review under section 120 of the 2002 Act, rule 15(1) applies with the substitution of "four weeks" for "six weeks".

(3) The Tribunal's power to strike out an appeal under rule 11 includes a power to strike out an application for review if it considers that the applicant is not a person aggrieved by the decision in respect of which the review is sought.

### Expert evidence

**27.** If the applicant in proceedings for a review under section 120 or section 179 of the 2002 Act wishes to rely upon expert evidence that was not before the decision maker whose decision is the subject of the application, it shall serve with its application for review an application to adduce that evidence, attaching either the statement of expert evidence on which it wishes to rely or a detailed explanation of the nature of the expert evidence that it wishes to adduce.

### Appeals in relation to penalties under section 114 of the 2002 Act

**28.**—(1) An appeal against a penalty brought under section 114 of the 2002 Act (appeals in relation to penalties)(**c**) shall be made by filing a notice of appeal within the period of 28 days starting with—

---

(**a**) 2002 c.40; section 120 was amended by paragraph 22 of Schedule 16 to the Communications Act 2003 (c. 21) and by paragraph 155 of Schedule 5 to the Enterprise and Regulatory Reform Act 2013 (c.24).

(**b**) Section 179 was amended by paragraph 207 of Schedule 5, paragraph 5 of Schedule 11 and paragraph 7 of Schedule 12, to the Enterprise and Regulatory Reform Act 2013.

(**c**) Section 114 was amended by paragraph 148 of Schedule 5 to the Enterprise and Regulatory Reform Act 2013; and section 174D(10) of the Enterprise Act 2002 applies sections 112 to 115 of that Act in relation to a penalty imposed under section 174A(1) or (3) as they apply in relation to a penalty imposed under section 110(1) or (3) of that Act.

Certified copy from legislation.gov.uk Publishing

(a) in the case of an appeal against a penalty imposed under section 110(1) or (3) (enforcement of investigation powers under Part 3) or 174A(1) or (3) (enforcement of investigation powers under Part 4) of the 2002 Act, the day on which a copy of the notice of the penalty was served on the person concerned under section 112(1) of that Act (penalties: main procedural requirements);

(b) in the case of an appeal against a decision on an application under section 112(3) of the 2002 Act, the day on which the person concerned was notified of the decision.

(2) In an appeal against a penalty brought under section 114 of the 2002 Act, rule 15(1) applies with the substitution of "three weeks" for "six weeks".

(3) Rules 14(2) and 16 do not apply to appeals against penalties under section 114 of the 2002 Act.

## PART 4

## CLAIMS UNDER SECTION 47A OF THE 1998 ACT

**Application of Rules to proceedings in Scotland**

**29.** In respect of proceedings in Scotland, references in this Part to "claimant" and "defendant" are to be read respectively as references to "pursuer" and "defender".

### COMMENCEMENT OF PROCEEDINGS

**Manner of commencing proceedings under section 47A of the 1998 Act**

**30.**—(1) A claim under section 47A of the 1998 Act (proceedings before the Tribunal: claims for damages etc.)(**a**) shall be made by filing a claim form.

(2) The claim form shall state—

(a) the full name and address of the claimant;

(b) the full name and address of the claimant's legal representative, if any;

(c) an address for service in the United Kingdom; and

(d) the name and address of the defendant to the proceedings.

(3) The claim form shall contain—

(a) a statement as to whether the claim is in respect of an infringement decision, and if so, whether that decision has become final within the meaning of section 58A of the 1998 Act (infringement decisions)(**b**);

(b) observations on the question in which part of the United Kingdom the proceedings of the Tribunal are to be treated as taking place under rule 18;

(c) a concise statement of the relevant facts, identifying, where applicable, any relevant findings in an infringement decision;

(d) a concise statement of any contentions of law which are relied on;

(e) the relief sought in the proceedings, including (where applicable)—

(i) an estimate of the amount claimed in damages, supported by an explanation of how that amount has been calculated;

(ii) details of any other claim for a sum of money;

(**a**) 1998 c. 41; section 47A was substituted by paragraph 4 of Schedule 8 to the Consumer Rights Act 2015 (c.15).
(**b**) Section 58A was substituted by paragraph 14 of Schedule 8 to the Consumer Rights Act 2015.

Certified copy from legislation.gov.uk Publishing

(iii) in proceedings in England and Wales or Northern Ireland, a statement that the claimant is making a claim for an injunction;

(f) such other matters as may be specified by practice direction.

(4) The contents of the claim form shall be verified by a statement of truth signed and dated by the claimant or on its behalf by its duly authorised officer or legal representative.

(5) There shall be annexed to the claim form—

(a) a copy of any infringement decision referred to in paragraph (3)(a);

(b) copies of any documents referred to in the claim form;

(c) any application for the claim to be subject to the fast-track procedure under rule 58 supported by reasons for the application and cross-referenced to the claim form; and

(d) such other documents or annexes as may be specified by practice direction.

(6) Unless the Tribunal otherwise directs, the signed original of the claim form shall be accompanied by five copies of the form and its annexes certified by the claimant or its legal representative as conforming to the original.

(7) When filing the claim form the claimant shall also indicate the method by which the claimant (or the claimant's representative) proposes to effect service on the defendant and provide any other information with regard to service of the claim form as may be specified by practice direction.

**Service out of the jurisdiction**

**31.**—(1) Where the claim form is to be served on one or more foreign defendants and the permission of the Tribunal is not required for service out of the jurisdiction, the claimant shall file with the claim form a notice verified by a statement of truth signed and dated by the claimant or on its behalf by its duly authorised officer or legal representative, setting out—

(a) the grounds on which the claimant is entitled to serve the claim form out of the jurisdiction; and

(b) any material facts relied on.

(2) Where the permission of the Tribunal is required for service of the claim form on one or more foreign defendants out of the jurisdiction, the claimant shall make an application for permission verified by a statement of truth setting out—

(a) the address of such foreign defendant or, if not known, in what place that defendant is, or is likely, to be found; and

(b) that the claimant believes that the claim against any such foreign defendant has a reasonable prospect of success; and

(c) if under rule 30(3)(b), the claimant contends that the proceedings are to be treated as taking place in England and Wales, which ground set out in paragraph 3.1 of Practice Direction 6B of the CPR is relied on; or

(d) if under rule 30(3)(b), the claimant contends that the proceedings are to be treated as taking place in Scotland, which ground set out in Schedule 8 of the Civil Jurisdiction and Judgments Act 1982(**a**) is relied on; or

(e) if under rule 30(3)(b), the claimant contends that the proceedings are to be treated as taking place in Northern Ireland, which ground set out in rule 1(1) of Order 11 of the Rules of the Court of Judicature (Northern Ireland) 1980(**b**) is relied on; and

(f) any material facts relied on.

(3) Where paragraph (2) applies, the Tribunal shall not give permission for service out of the jurisdiction unless satisfied that the Tribunal is the proper place in which to bring the claim.

---

(**a**) 1982 c. 27; Schedule 8 was substituted by S.I. 2001/3929 and amended by SI 2011/1484.
(**b**) S.R. 1980/346; the Rules of the Supreme Court (Northern Ireland) 1980 were renamed in accordance with paragraph 3 of Schedule 11 to the Constitutional Reform Act 2005 (c.4).

Certified copy from legislation.gov.uk Publishing

**Amendments to claim form**

**32.**—(1) A claim form may only be amended—

(a) with the written consent of all the parties; or

(b) with the permission of the Tribunal.

(2) Where any relevant period of limitation has expired, the Tribunal may permit an amendment—

(a) to add or substitute a new claim, but only if the new claim arises out of the same facts or substantially the same facts as a claim in respect of which the party applying for permission has already claimed a remedy in the proceedings;

(b) to correct a mistake as to the name of a party, but only where the mistake was genuine and not one which would cause reasonable doubt as to the identity of the party in question; or

(c) to alter the capacity in which a party claims, but only if the new capacity is one which that party had when the proceedings started or has since acquired.

RESPONSE TO A CLAIM

**Acknowledgment, service and notification**

**33.**—(1) On receiving a claim the Registrar shall send an acknowledgment of receipt to the claimant and, except where paragraph (2) applies, shall direct that the claimant or its representative serve the claim form on the defendant.

(2) Where service of the claim form outside the jurisdiction requires the permission of the Tribunal in accordance with rule 31, the claim form shall be served on the defendant only if permission is granted.

(3) The Registrar's direction for service under paragraph (1) may specify any matter the Registrar may consider appropriate with regard to the service of the claim form, including—

(a) the time within and the method by which service of the claim form is to be effected;

(b) the documents that are to accompany the claim form, including an acknowledgment of service in the form required by the Tribunal;

(c) the information to be provided to the Registrar by the claimant concerning the date of service and the calculation of the time limit for acknowledging service and filing a defence;

(d) the provision of any other information that may be required by the Registrar (whether by way of certificate of service verified by a statement of truth, witness statement or otherwise) regarding the service of the claim form; and

(e) the time within which any information required by the Registrar is to be provided.

(4) The defendant shall within seven days of receipt of the copy of the claim form file an acknowledgment of service of the claim in the form required by the Tribunal.

(5) Where the claim form is served on a foreign defendant, the period for acknowledging service set out in paragraph (4) is varied so as to accord with the period applicable under Part 6 of the CPR in relation to proceedings in England and Wales or the equivalent provisions in the equivalent procedural rules for Scotland or Northern Ireland in relation to proceedings taking place in Scotland or Northern Ireland respectively.

(6) The Registrar shall, as soon as practicable, notify the claimant of the receipt of an acknowledgment of service from a defendant.

(7) The claimant shall send a copy of the claim form to the CMA at the same time as it is served on the other parties to the claim.

(8) The Registrar shall publish a summary of the claim on the Tribunal website and in any other manner the President may direct.

Certified copy from legislation.gov.uk Publishing

**Disputing the Tribunal's jurisdiction**

**34.**—(1) A defendant who wishes to—

(a) dispute the Tribunal's jurisdiction to hear the claim; or

(b) argue that the Tribunal should not exercise its jurisdiction,

may apply to the Tribunal for an order declaring that it has no such jurisdiction or should not exercise any jurisdiction which it might have.

(2) A defendant who wishes to make such an application shall first file an acknowledgment of service in accordance with rule 33.

(3) A defendant who files an acknowledgment of service does not by doing so lose any right it may have to dispute the Tribunal's jurisdiction and does not need to file a defence before the hearing of its application under this rule.

(4) An application under this rule shall—

(a) be made within 14 days after filing an acknowledgment of service; and

(b) be supported by evidence.

(5) If the defendant—

(a) files an acknowledgment of service; and

(b) does not make an application within the period specified in paragraph (4),

the defendant is to be treated as having accepted that the Tribunal has jurisdiction to hear the claim.

(6) An order containing a declaration that the Tribunal has no jurisdiction or will not exercise its jurisdiction may also make further provision as to the disposal or stay of the proceedings.

(7) If on an application under this rule the Tribunal does not make a declaration under paragraph (6), the Tribunal shall give directions regarding the future conduct of the proceedings.

**Defence to a claim**

**35.**—(1) Subject to rule 34, within 28 days of service of the copy of the claim form the defendant shall file a defence—

(a) setting out in sufficient detail which of the facts and contentions of law in the claim form the defendant admits or denies, on what grounds and on what other facts or contentions of law the defendant relies; and

(b) containing observations on the question in which part of the United Kingdom the proceedings of the Tribunal are to be treated as taking place under rule 18.

(2) The contents of the defence shall be verified by a statement of truth signed and dated by the defendant or on its behalf by its duly authorised officer or legal representative.

(3) As far as practicable, there shall be annexed to the defence a copy of every document referred to in the defence (except where such documents have been annexed to the claim form).

(4) Unless the Tribunal otherwise directs, the signed original of the defence shall be accompanied by five copies of the defence and its annexes certified by the defendant or its legal representative as conforming to the original.

(5) The defendant shall serve a copy of the defence and any accompanying documents on each other party at the same time as it files the defence.

(6) The defendant shall send a copy of the defence to the CMA at the same time as it is served on the other parties to the claim.

(7) Where the claim form is served on a foreign defendant, the period for filing a defence set out in paragraph (1) is varied so as to accord with the period applicable under Part 6 of the CPR in relation to proceedings in England and Wales or the equivalent provisions in the equivalent procedural rules for Scotland or Northern Ireland in relation to proceedings taking place in Scotland or Northern Ireland respectively.

Certified copy from legislation.gov.uk Publishing

### Reply to defence

**36.**—(1) Within 21 days of receipt of the copy of the defence, the claimant may file a reply to the defence.

(2) The contents of the reply shall be verified by a statement of truth signed and dated by the claimant or on its behalf by its duly authorised officer or legal representative.

(3) If the claimant files a reply to the defence, it shall send a copy of the reply and any accompanying documents to each other party at the same time as it files the reply.

(4) The claimant shall send a copy of the reply to the CMA at the same time as it is served on the other parties to the claim.

### Further pleadings

**37.** No further pleadings may be filed without the permission of the Tribunal.

## ADDITIONAL PARTIES AND ADDITIONAL CLAIMS

### Additional parties

**38.**—(1) The Tribunal may grant permission to remove, add or substitute a party in the proceedings.

(2) An application for permission under this rule shall be served on the parties to the proceedings and may be made by—

(a) an existing party; or

(b) a person who wishes to become a party.

(3) The Tribunal may order any person to cease to be a party if it is not desirable for that person to be a party to the proceedings.

(4) Before the expiry of a relevant period of limitation, the Tribunal may order a person to be added as a new party if—

(a) it is desirable to add or substitute the new party so that the Tribunal can resolve the matters in dispute in the proceedings; or

(b) there is an issue involving the new party and an existing party that is connected to the matters in dispute in the proceedings, and it is desirable to add the new party so as to resolve that issue.

(5) Before the expiry of a relevant period of limitation, the Tribunal may order a new party to be substituted for an existing one if—

(a) the existing party's interest or liability has passed to the new party; and

(b) it is desirable to substitute the new party so that the court can resolve the matters in dispute in the proceedings.

(6) After the expiry of a relevant period of limitation, the Tribunal may add or substitute a party only if—

(a) that limitation period was current when the proceedings were started; and

(b) the addition or substitution is necessary.

(7) The addition or substitution of a new party, as the case may be, is necessary for the purpose of paragraph (6)(b) only if the Tribunal is satisfied that—

(a) the new party is to be substituted for a party who was named in the claim form by mistake;

(b) the claim cannot properly be carried on by or against the original party unless the new party is added or substituted as claimant or defendant; or

(c) the original party has died or had a bankruptcy order made against it and its interest or liability has passed to the new party.

Certified copy from legislation.gov.uk Publishing

### Additional claims

**39.**—(1) In this rule and rule 40 an "additional claim" means—

(a) a counterclaim by a defendant against the claimant or against the claimant and some other person;

(b) a claim by a defendant against any person (whether or not already a party) for contribution or indemnity or some other remedy; or

(c) where an additional claim has been made against a person who is not already a party, any claim made by that person against any other person (whether or not already a party).

(2) An additional claim is to be treated as if it were a claim for the purpose of these Rules.

(3) A defendant may make an additional claim under section 47A of the 1998 Act(**a**) (other than a claim for contribution or indemnity falling within paragraph (4))—

(a) without the Tribunal's permission, if it files that claim with its defence; or

(b) at any other time, with the permission of the Tribunal.

(4) A defendant who has filed an acknowledgment of service or a defence, may make an additional claim for a contribution or indemnity against an existing party to the proceedings—

(a) without the Tribunal's permission, if it files that claim with its defence, or, if the additional claim is a claim against a party added to the claim later, within 28 days after that party files its defence; or

(b) at any other time, with the permission of the Tribunal.

### Powers on receipt of an additional claim

**40.**—(1) The Tribunal may—

(a) permit an additional claim to be made;

(b) dismiss an additional claim;

(c) require an additional claim to be dealt with separately from the claim by the claimant against the defendant;

(d) direct that the additional claim is transferred in accordance with rule 71.

(2) The matters to which the Tribunal may have regard in deciding whether to exercise any of its powers under paragraph (1) include—

(a) the connection between the additional claim and the claim made by the claimant against the defendant;

(b) whether the additional claimant is seeking substantially the same remedy which some other party is claiming from it;

(c) whether the additional claimant wants the Tribunal to decide any question connected with the subject matter of the proceedings—

(i) not only between existing parties but also between existing parties and a person not already a party; or

(ii) against an existing party not only in a capacity in which it is already a party but also in some further capacity.

(3) Where the Tribunal exercises any of its powers under paragraph (1), it may make further orders or give further directions as it thinks appropriate.

---

(**a**) 1998 c. 41; section 47A was substituted by paragraph 4 of Schedule 8 to the Consumer Rights Act 2015 (c.15).

Certified copy from legislation.gov.uk Publishing

SUMMARY DISPOSAL

**Power to strike out**

**41.**—(1) The Tribunal may, of its own initiative or on the application of a party, after giving the parties an opportunity to be heard, strike out in whole or in part a claim at any stage of the proceedings if—

(a) it considers that the Tribunal has no jurisdiction to hear or determine the claim;

(b) it considers that there are no reasonable grounds for making the claim;

(c) it is satisfied that the claimant has habitually and persistently and without any reasonable ground—

(i) instituted vexatious proceedings, whether against the same person or different persons; or

(ii) made vexatious applications in any proceedings; or

(d) the claimant fails to comply with any rule, practice direction issued under rule 115, or any order or direction of the Tribunal.

(2) When the Tribunal strikes out a claim it may make any other consequential order it considers appropriate.

**Default judgment**

**42.**—(1) The Tribunal may of its own initiative or on the application of a party give default judgment without a hearing of the claim where—

(a) the defendant has not filed an acknowledgment of service;

(b) the defendant has not filed a defence to the claim or any part of the claim; or

(c) a counterclaim has been made under rule 39 and a defence to the counterclaim has not been filed,

and, in any of those cases, the relevant time for filing has expired.

(2) A default judgment may not be given if the defendant has made an application—

(a) disputing the Tribunal's jurisdiction under rule 34;

(b) to have the claim struck out under rule 41; or

(c) for summary judgment under rule 43,

and that application has not been disposed of.

(3) Where the claim form has been served on the defendant in accordance with the directions of the Registrar, the claimant may not obtain default judgment unless the claimant has complied with any directions concerning proof of service.

(4) A default judgment given under this rule shall be—

(a) such judgment as it appears to the Tribunal that the claimant is entitled to on the claim form;

(b) for an amount to be decided by the Tribunal as to damages, costs and interest or for such other relief to be decided by the Tribunal in accordance with any directions it may give for the determination of those matters.

(5) A default judgment may be given against one of two or more defendants and the claimant may proceed against the other defendants.

(6) The Tribunal may only give a default judgment against one of two or more defendants in accordance with paragraph (5) if it is satisfied that the claim against that defendant can be dealt with separately from the claim against the other defendants.

(7) The Tribunal shall set aside a default judgment if the judgment was wrongly entered because any of the conditions set out in paragraph (1) were not satisfied.

Certified copy from legislation.gov.uk Publishing

(8) In any other case, the Tribunal may set aside or vary a default judgment (and attach any conditions it may think fit) if—

(a) the defendant has a real prospect of defending the claim; or

(b) it appears to the Tribunal that there is some other good reason why—

(i) the judgment should be set aside or varied; or

(ii) the defendant should be allowed to defend the claim;

(9) In considering whether to set aside or vary a default judgment under paragraph (8)(b), the matters to which the Tribunal shall have regard include whether the person seeking to set aside the judgment made an application to do so promptly.

(10) Where—

(a) the claimant claimed a remedy in addition to damages;

(b) the claimant has abandoned its claim for that remedy in order to apply for default judgment; and

(c) the default judgment is set aside,

the abandoned claim is restored when the default judgment is set aside.

**Summary judgment**

**43.**—(1) The Tribunal may of its own initiative or on the application of a party, after giving the parties an opportunity to be heard, give summary judgment against a claimant or defendant on the whole of a claim or on a particular issue if—

(a) it considers that—

(i) the claimant has no real prospect of succeeding on the claim or issue; or

(ii) the defendant has no real prospect of successfully defending the claim or issue; and

(b) there is no other compelling reason why the case or issue should be disposed of at a substantive hearing.

(2) The Tribunal may give any directions it considers appropriate for dealing with an application under this rule.

(3) Upon giving summary judgment, the Tribunal may make any consequential order it considers appropriate.

**Withdrawal of the claim**

**44.**—(1) The claimant may withdraw its claim only—

(a) with the consent of the defendant; or

(b) with the permission of the Tribunal or, if no Tribunal has been constituted, the President.

(2) Where a claim is withdrawn, the Tribunal may make any consequential order it thinks fit.

OFFERS TO SETTLE

**Settlement offers**

**45.**—(1) For the purposes of this rule and rules 46 to 49—

"Rule 45 Offer" means an offer to settle which is made in accordance with this rule; and

"relevant period" means—

(a) in the case of an offer made not less than 21 days before the main substantive hearing of the claim, the period specified under paragraph (3)(c) or such longer period as the parties agree; or

(b) in any other case, the period up to the end of the main substantive hearing of the claim.

Certified copy from legislation.gov.uk Publishing

(2) A Rule 45 Offer may be made at any time, including before the commencement of proceedings.

(3) A Rule 45 Offer shall—

(a) be in writing;

(b) state on its face that it is intended to be a Rule 45 Offer under these Rules;

(c) except where the Rule 45 Offer is made less than 21 days before the start of the substantive hearing of the claim, specify a period of not less than 21 days within which the defendant will be liable for the claimant's costs in accordance with rule 48 if the offer is accepted;

(d) state whether it relates to the whole of the claim, to part of it or to an issue that arises in it and, if so, to which part or issue;

(e) state whether it takes into account any counterclaim; and

(f) where it is made by some, but not all, of a number of defendants, state whether or not it is made in satisfaction of the claim against all defendants.

(4) A Rule 45 Offer which offers to pay or offers to accept a sum of money is to be treated as inclusive of all interest until—

(a) the date on which the period specified under paragraph (3)(c) expires; or

(b) where paragraph (3)(c) does not apply, a date 21 days after the date the Rule 45 Offer was made.

(5) A defendant's offer that includes an offer to pay all or part of the sum at a date later than 14 days following the date of acceptance is not to be treated as a Rule 45 Offer unless the claimant accepts the offer.

(6) A Rule 45 Offer is accepted by serving written notice of acceptance on the offeror.

(7) A Rule 45 Offer may—

(a) be accepted any time before the substantive hearing of the claim, unless it has already been withdrawn;

(b) only be accepted after the substantive hearing of the claim has started with the permission of the Tribunal.

(8) The fact that a Rule 45 Offer has been made shall not be communicated to the members of the Tribunal deciding the case until all questions of liability and the amount of money to be awarded have been agreed between the parties or determined by the Tribunal.

(9) Paragraph (8) does not apply where—

(a) the offeror and offeree agree in writing to that effect; or

(b) although the case has not been decided—

(i) any part of, or issue in, the case has been decided; and

(ii) the Rule 45 Offer relates only to parts or issues that have been decided.

(10) In a case to which paragraph (9)(b)(i) applies, the members of the Tribunal deciding the case may be told whether or not there are Rule 45 Offers other than those referred to in paragraph (9)(b)(ii), but must not be told the terms of any such other offers unless the offeror and offeree agree in writing to that effect.

(11) Where the claimant wishes to accept a Rule 45 Offer made by one or more, but not all, of a number of defendants—

(a) if the claimant alleges that the defendants are jointly and severally liable and the Rule 45 Offer states that it is in satisfaction of the claim against all defendants, the claimant may accept the Rule 45 Offer and the Tribunal shall then direct that the claim against the defendants who did not make the Rule 45 Offer be discontinued;

(b) if the claimant alleges that the defendants are jointly and severally liable and the Rule 45 Offer states that it is in satisfaction of the claim against those defendants making it, the claimant may—

Certified copy from legislation.gov.uk Publishing

(i) serve notice on the defendants making the Rule 45 Offer agreeing not to continue its claims against them in return for payment of the sum offered; and

(ii) continue with the claims against the other defendants;

(c) if the claimant alleges that the defendants are severally but not jointly liable, the claimant may—

(i) accept the Rule 45 Offer; and

(ii) continue with its claims against the other defendants;

(d) if the defendants are sued only jointly or in the alternative, the claimant may accept the Rule 45 Offer if—

(i) the claimant discontinues the claim against those defendants who have not made the Rule 45 Offer; and

(ii) those defendants give written consent to the acceptance of the Rule 45 Offer.

(12) Service of a notice under paragraph (11)(b)(i) is to be treated as acceptance of the Rule 45 Offer for the purposes of rules 47 to 49 and references in those rules to notice of acceptance are to be construed as including a reference to notice under paragraph (11)(b)(i).

(13) A Rule 45 Offer is to be treated as "without prejudice except as to costs".

(14) This rule does not preclude a party from making an offer to settle at any time or by any other means but, if not made in accordance with this rule, it shall not have the consequences specified in rules 48 and 49.

### Clarification of a Rule 45 Offer

**46.**—(1) The offeree may, within seven days of a Rule 45 Offer being made, request the offeror to clarify the offer.

(2) If the offeror does not give the clarification requested under paragraph (1) within seven days of receiving the request, the offeree may, unless the substantive hearing of the claim has started, apply for an order that the offeror do so.

(3) If the Tribunal makes an order under paragraph (2), it shall specify the date when the Rule 45 Offer is to be treated as having been made.

### Withdrawing or changing a Rule 45 Offer

**47.**—(1) A Rule 45 Offer may only be withdrawn, or its terms changed, if the offeree has not previously served notice of acceptance.

(2) The offeror withdraws the offer or changes its terms by serving written notice of the withdrawal or change of terms on the offeree.

(3) Subject to paragraph (1), after the expiry of the relevant period—

(a) the offeror may withdraw the Rule 45 Offer or change its terms without the permission of the Tribunal; or

(b) the Rule 45 Offer may be automatically withdrawn in accordance with its terms.

(4) Where the offeror changes the terms of a Rule 45 Offer to make it more advantageous to the offeree, such improved offer is to be treated, not as the withdrawal of the original Rule 45 Offer, but as the making of a new Rule 45 Offer on improved terms.

(5) Subject to paragraphs (1) and (6), if the offeror serves notice, before the expiry of the relevant period, of withdrawal of the Rule 45 Offer or change of its terms to be less advantageous to the offeree, that notice has effect on the expiry of the relevant period.

(6) If the offeree serves notice of acceptance of the original Rule 45 Offer before expiry of the relevant period but after the offeror has served a notice of withdrawal of that offer or change of its terms to be less advantageous to the offeree, that acceptance has effect unless the Tribunal gives permission for the original Rule 45 Offer to be withdrawn or its terms changed.

(7) The offeror shall apply for such permission—

Certified copy from legislation.gov.uk Publishing

(a) within seven days of the offeree's notice of acceptance; or

(b) if earlier, before the first day of the substantive hearing.

(8) On an application under paragraph (7), the Tribunal may give permission for the original Rule 45 Offer to be withdrawn or its terms changed if satisfied that there has been a change of circumstances since the making of the original Rule 45 Offer and that it is in the interests of justice to give permission.

**Costs consequences of acceptance of a Rule 45 Offer**

**48.**—(1) Subject to paragraphs (4) and (5), where a Rule 45 Offer is accepted within the relevant period, the claimant is entitled to the relevant costs of the proceedings up to the date on which notice of acceptance of the Rule 45 Offer was served on the offeror.

(2) Subject to paragraph (4), where a Rule 45 Offer is accepted after the expiry of the relevant period, unless the parties have agreed the liability for costs or the Tribunal otherwise directs—

(a) the claimant is entitled to the relevant costs of the proceedings up to the date on which the relevant period expired; and

(b) the offeree is liable for the offeror's relevant costs for the period from the date of expiry of the relevant period to the date on which notice of acceptance was served on the offeror.

(3) The relevant costs for the purposes of paragraphs (1) and (2) are the costs related to the proceedings against the defendants making or accepting the Rule 45 Offer, except where rule 45(11)(a) applies when they are the costs of the proceedings against all defendants.

(4) Where—

(a) a Rule 45 Offer made less than 21 days before the start of the substantive hearing of the claim is accepted, or

(b) subject to paragraph (5), a Rule 45 Offer which does not relate to the whole of the claim is accepted at any time,

the Tribunal shall make an order as to costs unless the parties have agreed the liability for costs.

(5) Where—

(a) a defendant's Rule 45 Offer relates to part only of the claim; and

(b) at the time of serving notice of acceptance within the relevant period the claimant abandons the balance of the claim,

the claimant is only entitled to the costs of such part of the claim unless the Tribunal otherwise directs.

**Costs consequences following judgment**

**49.**—(1) This rule applies where a Rule 45 Offer is not accepted and upon judgment being handed down—

(a) a claimant fails to obtain a judgment more advantageous than a defendant's Rule 45 Offer; or

(b) judgment against the defendant is at least as advantageous to the claimant as the proposals contained in a claimant's Rule 45 Offer.

(2) Where paragraph (1)(a) applies, the Tribunal shall, unless it considers it unjust to do so, order that any defendant who made the Rule 45 Offer, either alone or jointly with any other defendant, is entitled to—

(a) costs from the date on which the relevant period expired; and

(b) interest on those costs.

(3) Where paragraph (1)(b) applies, the Tribunal shall, unless it considers it unjust to do so, order that the claimant is entitled to—

Certified copy from legislation.gov.uk Publishing

(a) interest on the whole or part of any sum of money (excluding interest) awarded, at a rate not exceeding 10% above base rate for some or all of the period starting with the date on which the relevant period expired;

(b) costs on the indemnity basis from the date on which the relevant period expired;

(c) interest on those costs at a rate not exceeding 10% above base rate; and

(d) an additional amount to be determined by the Tribunal in accordance with CPR Rule 36.17(4)(d)(**a**).

(4) In considering whether it would be unjust to make the orders referred to in paragraphs (1) and (2), the Tribunal shall take into account all the circumstances of the case including—

(a) the terms of any Rule 45 Offer;

(b) the stage in the proceedings when any Rule 45 Offer was made, including in particular how long before the substantive hearing of the claim started the offer was made;

(c) the information available to the parties to the Rule 45 Offer at the time when the Rule 45 Offer was made;

(d) the conduct of the parties to the Rule 45 Offer with regard to the giving or refusal to give information for the purposes of enabling the Rule 45 Offer to be made or evaluated; and

(e) whether the offer was a genuine attempt to settle the proceedings.

(5) Paragraphs (2) and (3) do not apply to a Rule 45 Offer—

(a) which has been withdrawn;

(b) which has been changed so that its terms are less advantageous to the offeree, where the offeree has beaten the less advantageous offer; or

(c) made less than 21 days before the substantive hearing of the claim, unless the Tribunal has abridged the relevant period.

## INTERVENTION, CONSOLIDATION AND FORUM

### Intervention

**50.**—(1) Rule 16 (except paragraphs (2) and (8) to (10)) applies to claims falling within this Part.

(2) The CMA may submit written observations to the Tribunal on issues relating to the application of Article 101 or 102 of the TFEU or Chapter I or II of Part 1 of the 1998 Act and, with the permission of the Tribunal, submit oral observations to the Tribunal.

### Consolidation

**51.** Rule 17 applies to claims falling within this Part.

### Forum

**52.** Rule 18 applies to claims falling within this Part.

## CASE MANAGEMENT

### Directions

**53.**—(1) The Tribunal may at any time, on the request of a party or of its own initiative, at a case management conference, pre-hearing review or otherwise, give such directions as are

(**a**) Part 36 of the Civil Procedure Rules 1998 (S.I. 1998/3132) was substituted by S.I. 2014/3299.

Certified copy from legislation.gov.uk Publishing

provided for in paragraph (2) or such other directions as it thinks fit to secure that the proceedings are dealt with justly and at proportionate cost.

(2) The Tribunal may give directions—

(a) as to the manner in which the proceedings are to be conducted, including any time limits to be observed in the conduct of the oral hearing;

(b) that the parties file a rejoinder or other additional pleadings or particulars;

(c) for the preparation and exchange of skeleton arguments;

(d) requiring clarification of any matter in dispute or additional information in relation to any such matter;

(e) for the appointment and instruction of experts, whether by the Tribunal or by the parties;

(f) for the filing of a list of issues;

(g) for the production of bundles for any hearing;

(h) for the creation of a confidentiality ring;

(i) as to the fixing of time limits with respect to any aspect of the proceedings;

(j) as to the abridgement or extension of any time limits, whether or not expired;

(k) that the whole or part of any proceedings or judgment be stayed either generally or until a specified date or event;

(l) for the disclosure and the production by a party or third party of documents or classes of documents;

(m) for the costs management of proceedings, including for the provision of such schedules of incurred and estimated costs as the Tribunal thinks fit;

(n) for the award of costs or expenses, including any allowances payable to persons in connection with their attendance before the Tribunal;

(o) for the hearing of any issues as preliminary issues prior to the main substantive hearing; and

(p) for hearing a person who is not a party where, in any proceedings, it is proposed to make an order or give a direction in relation to that person.

(3) The Tribunal may also, of its own initiative—

(a) put questions to the parties;

(b) invite the parties to make written or oral submissions on certain aspects of the proceedings;

(c) ask the parties or third parties for information or particulars;

(d) ask for documents or any papers relating to the case to be produced;

(e) summon the parties' representatives or the parties in person to meetings.

(4) A request by a party for directions shall—

(a) be made in writing as soon as practicable;

(b) be supported by reasons and indicate whether it is agreed or contested by the other parties;

(c) be served on any other party who might be affected by such directions; and

(d) be determined by the Tribunal taking into account the observations of the parties.

**Case management conference etc.**

**54.**—(1) Where it appears to the Tribunal that any proceedings would be facilitated by holding a case management conference or pre-hearing review the Tribunal may, on the request of a party or of its own initiative, give directions for such a conference or review to be held.

Certified copy from legislation.gov.uk Publishing

(2) Unless the Tribunal otherwise directs, a case management conference is to be held as soon as practicable after the service of the reply or the expiry of the time for the filing of the reply if none is served.

(3) The purpose of a first case management conference or pre-hearing review is to give directions for the efficient conduct of the proceedings including—

(a) to set a timetable up to an oral hearing in the proceedings, and if appropriate fix a date for that hearing;

(b) to clarify the forms of order sought by the parties, their arguments of fact and law and the points at issue between them;

(c) to determine any issues relating to confidentiality;

(d) to ensure that all agreements that can be reached between the parties about the matters in issue and the conduct of the proceedings are made and recorded;

(e) to consider any issues relating to disclosure and the provision of a disclosure report and completed Electronic Documents Questionnaire in accordance with rule 60;

(f) to facilitate the settlement of the proceedings; and

(g) to determine whether the parties should be given permission to adduce expert evidence and, if so, to what extent.

(4) Where it appears to the Tribunal that any proceedings would be facilitated by holding a subsequent case management conference, the Tribunal may, on the request of a party or of its own initiative, give directions for such a conference to be held.

(5) The Tribunal may authorise the President or a chairman to carry out on its behalf a case management conference, pre-hearing review or any other preparatory measure relating to the organisation or disposal of the proceedings.

**Evidence**

**55.**—(1) The Tribunal may give directions as to—

(a) the provision by the parties of statements of agreed matters;

(b) the issues on which it requires evidence, and the admission or exclusion from the proceedings of evidence;

(c) the nature of the evidence which it requires to decide those issues;

(d) whether the parties are permitted to provide expert evidence;

(e) any limit on the number of witnesses whose evidence a party may put forward, whether in relation to a particular issue or generally;

(f) the way in which evidence is to be placed before the Tribunal;

(g) the submission in advance of a hearing of any witness statements or expert reports;

(h) the examination or cross-examination of witnesses.

(2) Unless the Tribunal otherwise directs, no witness of fact or expert witness may be heard unless the relevant witness statement or expert report has been submitted in advance of the hearing and in accordance with any directions of the Tribunal under paragraph (1).

(3) The Tribunal may require any witness to give evidence on oath or affirmation or, if in writing, by way of affidavit.

(4) The Tribunal may allow a witness to give evidence through a video link or by other means.

(5) The Tribunal may dispense with the need to call a witness to give oral evidence if a witness statement or expert report has been submitted in respect of that witness.

(6) The Tribunal may limit cross-examination of witnesses to any extent or in any manner it considers appropriate.

Certified copy from legislation.gov.uk Publishing

**Summoning or citing of witnesses**

**56.**—(1) Subject to paragraphs (2) and (3), the Tribunal may, at any time, at the request of any party, issue a summons (or in relation to proceedings taking place in Scotland, a citation) in any form, requiring any person wherever that person may be in the United Kingdom to do one or both of the following—

(a) attend as a witness before the Tribunal, at the time and place set out in the summons or citation;

(b) answer any questions or produce any documents or other material in the possession or under the control of that person which relate to any matter in question in the proceedings.

(2) A request by a party for the issue of a summons or citation under this rule shall state with reasons—

(a) upon which facts the witness is to be questioned; and

(b) the documents or material required to be produced.

(3) No person may be required to attend in compliance with a summons or citation under this rule unless the person—

(a) has been given at least seven days' notice of the hearing; and

(b) is offered or paid such sum as would be recoverable by that witness in respect of attendance in proceedings before the Senior Courts of England and Wales, the Court of Session or the Court of Judicature of Northern Ireland, as appropriate according to any determination of the Tribunal under rule 18.

(4) The Tribunal may make the summoning or citation of a witness in accordance with paragraph (1) conditional upon the deposit with the Registrar of a sum determined by the Tribunal as sufficient to cover—

(a) the costs of the summons or citation;

(b) the sum referred to in paragraph (3)(b).

(5) The Tribunal may direct a party to serve on its behalf a summons issued under this rule and pay the sum referred to in paragraph (3)(b).

**Failure to comply with directions**

**57.**—(1) If any party fails to comply with any direction given in accordance with these Rules, the Tribunal may, if it considers that the justice of the case so requires, order that—

(a) the requirements of the direction be waived;

(b) the failure be remedied;

(c) such party be debarred from taking any further part in the proceedings without the permission of the Tribunal;

(d) such party (or its representative) be subject to an order for any costs the Tribunal sees fit.

(2) Before making an order under paragraph (1)(c) or (d), the Tribunal shall give the party (or its representative) the opportunity to make submissions as to why the order should not be made.

FAST-TRACK PROCEDURE

**Fast-track procedure**

**58.**—(1) The Tribunal may, at any time, either of its own initiative or on the application of a party, make an order that particular proceedings be, or cease to be, subject to the fast-track procedure.

(2) Where the Tribunal has ordered that particular proceedings be subject to the fast-track procedure—

Certified copy from legislation.gov.uk Publishing

(a) the main substantive hearing is to be fixed to commence as soon as practicable and in any event within six months of an order of the Tribunal stating that the particular proceedings are to be subject to the fast-track procedure; and

(b) the amount of recoverable costs is to be capped at a level to be determined by the Tribunal.

(3) In deciding whether to make particular proceedings subject to the fast-track procedure the Tribunal shall take into account all matters it thinks fit, including—

(a) whether one or more of the parties is an individual or a micro, small or medium-sized enterprise within the meaning of Commission Recommendation No. 361 (EC) of 2003 concerning the definition of micro, small and medium-sized enterprises(**a**);

(b) whether the time estimate for the main substantive hearing is three days or less;

(c) the complexity and novelty of the issues involved;

(d) whether any additional claims have been or will be made in accordance with rule 39;

(e) the number of witnesses involved (including expert witnesses, if any);

(f) the scale and nature of the documentary evidence involved;

(g) whether any disclosure is required and, if so, the likely extent of such disclosure; and

(h) the nature of the remedy being sought and, in respect of any claim for damages, the amount of any damages claimed.

SECURITY FOR COSTS

**Security for costs**

**59.**—(1) A defendant to a claim may seek security for its costs of the proceedings.

(2) A request for security for costs shall be supported by written evidence.

(3) Where the Tribunal makes an order for security for costs, it shall—

(a) determine the amount of security; and

(b) direct—

(i) the manner in which, and

(ii) the time within which,

the security must be given.

(4) The Tribunal may make an order for security for costs under this rule if it is satisfied, having regard to all the circumstances of the case, that it is just to make such an order, and—

(a) one or more of the conditions in paragraph (5) or, as the case may be, paragraph (6) applies; or

(b) an enactment permits the Tribunal to require security for costs.

(5) Where a defendant seeks security for costs against the claimant, the conditions are that—

(a) the claimant is—

(i) resident out of the jurisdiction; but

(ii) not resident in a Brussels Contracting State, a State bound by the Lugano Convention or a Regulation State, as defined in section 1(3) of the Civil Jurisdiction and Judgments Act 1982(**b**);

---

(**a**) OJ No L124 20.05.2003 p.36.

(**b**) 1982 c. 27; relevant amendments were made to section 1 by section 2(2) of the Civil Jurisdiction and Judgments Act 1991 (c. 12), S.I. 1989/1346, S.I. 1990/2591, S.I. 2000/1824,S.I. 2007/1655, S.I. 2009/3131, S.I. 2012/1809 and S.I. 2014/2947.

Certified copy from legislation.gov.uk Publishing

(b) the claimant is a company or other body (whether incorporated in or outside the United Kingdom) and there is reason to believe that it will be unable to pay the defendant's costs if ordered to do so;

(c) the claimant has changed its address since the claim was commenced with a view to evading the consequences of the litigation;

(d) the claimant failed to give its address in the claim form, or gave an incorrect address in that form;

(e) the claimant is acting as a nominal claimant, other than under section 47B of the 1998 Act (collective proceedings)(**a**), and there is reason to believe that it will be unable to pay the defendant's costs if ordered to do so;

(f) the claimant has been authorised to act as the class representative in collective proceedings under rule 78 and there is reason to believe that the claimant will be unable to pay the defendant's costs if ordered to do so;

(g) the claimant has taken steps in relation to its assets that would make it difficult to enforce an order for costs against it.

(6) Where a defendant seeks security for costs against someone other than the claimant, the conditions are that the person—

(a) has assigned the right to the claim to the claimant with a view to avoiding the possibility of a costs order being made against the person; or

(b) has contributed or agreed to contribute to the claimant's costs in return for a share of any money or property which the claimant may recover in the proceedings,

and is a person against whom a costs order may be made.

DISCLOSURE

**Disclosure by parties to the proceedings**

**60.**—(1) In this rule, and in rules 61 to 65—

(a) a party discloses a document by stating that the document exists or has existed;

(b) a "disclosure report" means a report verified by a statement of truth, which—

(i) describes briefly what documents exist or may exist that are or may be relevant to the matters in issue in the case;

(ii) describes where and with whom those documents are or may be located;

(iii) in the case of electronic documents, describes how those documents are stored;

(iv) estimates the broad range of costs that could be involved in giving disclosure in the case, including the costs of searching for and disclosing any electronically stored documents; and

(v) states which directions are to be sought regarding disclosure;

(c) an "Electronic Documents Questionnaire" means a questionnaire in the form of the questionnaire in the Schedule to Practice Direction 31B of the CPR.

(2) Subject to paragraph (3) and unless the Tribunal otherwise thinks fit—

(a) at the first case management conference, the Tribunal shall decide whether and when the disclosure report and a completed Electronic Documents Questionnaire should be filed; and

(b) at a subsequent case management conference, the Tribunal shall decide, having regard to the governing principles and the need to limit disclosure to that which is necessary to deal with the case justly, what orders to make in relation to disclosure.

(**a**) 1998 c. 41; section 47B was substituted by paragraph 5 of Schedule 8 to the Consumer Rights Act 2015 (c. 15).

Certified copy from legislation.gov.uk Publishing

(3) The Tribunal may at any point give directions as to how disclosure is to be given, and in particular—

- (a) what searches are to be undertaken, of where, for what, in respect of which time periods and by whom and the extent of any search for electronically stored documents;
- (b) whether lists of documents are required;
- (c) in what format documents are to be disclosed (and whether any identification is required);
- (d) what is required in relation to documents that once existed but no longer exist; and
- (e) whether disclosure is to take place in stages.

(4) A party's duty to disclose documents is limited to documents which are or have been in its control; and for this purpose, a party has or has had a document in its control if—

- (a) the document is or was in its physical possession;
- (b) it has or has had a right to possession of the document; or
- (c) it has or has had a right to inspect or take copies of the document.

(5) A party need not disclose more than one copy of a document, and for that purpose a copy of a document that contains a modification, obliteration or other marking or feature is to be treated as a separate document.

(6) Any duty of disclosure continues until the proceedings are concluded.

(7) If documents to which such a duty extends come to a party's notice at any time during the proceedings, it shall immediately notify every other party.

**Documents referred to in statements of case etc.**

**61.** A party may request disclosure of any document mentioned in—

- (a) a claim form, defence, or reply to a defence;
- (b) a witness statement or affidavit; or
- (c) an expert report, except that any instructions referred to in an expert's report shall not (unless the party serving the report consents) be disclosed without an order of the Tribunal.

**Disclosure before proceedings start**

**62.**—(1) This rule applies where an application is made to the Tribunal for disclosure before proceedings have started.

(2) The application shall be supported by evidence.

(3) The Tribunal may make an order under this rule only where—

- (a) the respondent, or an associated body corporate (as defined in section 256 of the Companies Act 2006(**a**)), is likely to be a party to subsequent proceedings;
- (b) the applicant is also likely to be a party to those proceedings;
- (c) disclosure before proceedings have started is desirable in order to—
  - (i) dispose fairly of the anticipated proceedings;
  - (ii) assist the dispute to be resolved without proceedings; or
  - (iii) save costs; and
- (d) the Tribunal would, if proceedings had started, have ordered disclosure under rule 60.

(4) An order under this rule shall—

- (a) specify the documents or the classes of documents which the respondent shall disclose; and

(**a**) 2006 c.46.

Certified copy from legislation.gov.uk Publishing

(b) require the respondent, when making disclosure, to specify any of those documents—

(i) which are no longer in its control; or

(ii) in respect of which it claims a right or duty to withhold disclosure.

(5) Such an order may—

(a) require the respondent to indicate what has happened to any documents which are no longer in its control; and

(b) specify the time and place for disclosure.

**Orders for disclosure against a person not a party**

**63.**—(1) This rule applies where an application is made to the Tribunal by a party for disclosure by a person who is not a party to the proceedings.

(2) The application shall be supported by evidence.

(3) The Tribunal may make an order under this rule only where—

(a) the documents of which disclosure is sought are likely to support the case of the applicant or adversely affect the case of one of the other parties to the proceedings; and

(b) disclosure is necessary in order to dispose fairly of the claim or to save costs.

(4) An order under this rule shall—

(a) specify the documents or the classes of documents which the respondent must disclose; and

(b) require the respondent, when making disclosure, to specify any of those documents—

(i) which are no longer in its control; or

(ii) in respect of which it claims a right or duty to withhold inspection.

(5) Such an order may—

(a) require the respondent to indicate what has happened to any documents which are no longer in its control; and

(b) specify the time and place for disclosure.

**Claim to withhold inspection or disclosure of a document**

**64.**—(1) A person may apply, without notice, for an order permitting that person to withhold disclosure of a document on the ground that disclosure would damage the public interest.

(2) Unless the Tribunal orders otherwise, an order of the Tribunal under paragraph (1)—

(a) shall not be served on any other person; and

(b) shall not be open to inspection by any person.

(3) A person who wishes to claim a right or a duty to withhold inspection of a document, or part of a document, shall state in writing—

(a) that that person is claiming such a right or duty; and

(b) the grounds on which that person claims that right or duty.

(4) The statement referred to in paragraph (3) shall be made—

(a) in the list in which the document is disclosed; or

(b) if there is no list, to the person wishing to inspect the document.

(5) A party may apply to the Tribunal to decide whether a claim made under paragraph (3) should be upheld.

(6) For the purpose of deciding an application under paragraph (1) or paragraph (5) the Tribunal may—

(a) require the person seeking to withhold disclosure or inspection of a document to produce that document to the Tribunal;

Certified copy from legislation.gov.uk Publishing

(b) invite any person, whether or not a party, to make representations; and

(c) give any directions it considers appropriate.

(7) An application under paragraph (1) or paragraph (5) shall be supported by evidence.

(8) This rule does not affect any rule of law which permits or requires a document to be withheld from disclosure or inspection on the ground that its disclosure or inspection would damage the public interest.

**Restriction on use of a privileged document inspection of which has been inadvertently allowed**

**65.** Where a party inadvertently discloses a privileged document, the party who has seen the document may use it or its contents only with the permission of the Tribunal.

INTERIM PAYMENTS

**Interim payments on claims**

**66.**—(1) An interim payment is an order for payment by the defendant (in one sum or in instalments) on account of any damages or other sum of money (except costs) which the Tribunal may hold the defendant liable to pay.

(2) The claimant may not apply for an order for an interim payment before the end of the period for filing a defence by the defendant against whom the claim is made.

(3) The claimant may make more than one application for an order for an interim payment.

(4) The Tribunal may make an interim payment order if—

(a) the defendant against whom the order is sought has admitted liability to pay damages to the claimant;

(b) the claimant has obtained judgment against that defendant for damages to be assessed or for a sum of money (other than costs) to be assessed; or

(c) it is satisfied that, if the claim were to be heard, the claimant would obtain judgment for a substantial amount of money (other than costs) against that defendant.

(5) The Tribunal shall not order an interim payment of more than a reasonable proportion of the likely amount of the final judgment.

(6) An application for an interim payment shall be supported by evidence and include—

(a) the grounds on which an interim payment is sought; and

(b) any directions necessary in the opinion of the claimant for the determination of the application.

(7) On receiving an application for an interim payment the Registrar shall send a copy to all the other parties to the proceedings and shall inform them of the date by which they may submit written or oral observations to the Tribunal.

INJUNCTIONS

**Injunctions generally**

**67.**—(1) This rule and rules 68 to 70 do not apply to proceedings in Scotland.

(2) The Tribunal may by order (whether interim or final) grant an injunction in all cases in which it appears to the Tribunal to be just and convenient to do so.

(3) Any such order may be made either unconditionally or on such terms and conditions as the Tribunal thinks just.

Certified copy from legislation.gov.uk Publishing

### Interim injunctions

**68.**—(1) An order for an interim injunction may be made at any time, including—

(a) before proceedings are started; and

(b) after judgment has been given.

(2) The Tribunal may grant an interim remedy whether or not there has been a claim for a final remedy of that kind.

(3) The Tribunal may grant an interim injunction before proceedings are started only if—

(a) the matter is urgent; or

(b) it is otherwise necessary to do so in the interests of justice.

(4) Where it grants an interim remedy before proceedings are started, the Tribunal may give directions requiring a claim to be commenced.

(5) In proceedings subject to the fast-track procedure in accordance with rule 58, the Tribunal may grant an interim injunction—

(a) without requiring the applicant to provide an undertaking as to damages; or

(b) subject to a cap on the amount of the undertaking as to damages.

### How to apply for an interim remedy

**69.**—(1) The Tribunal may grant an interim remedy on an application made without notice if it appears to the Tribunal that there are good reasons for not giving notice.

(2) An application for an interim remedy shall be supported by evidence, unless the Tribunal orders otherwise.

(3) The evidence in support of the application shall—

(a) include all material information regarding the applicant's ability to pay under any undertaking as to damages that the Tribunal may require to be given; and

(b) if the application is made without notice, state the reasons why notice has not been given.

### Enforcement

**70.**—(1) After the granting of an injunction by the Tribunal, if a party contends that the party subject to the injunction has failed to comply, the party so contending may apply to the Tribunal for certification of the matter to the High Court in accordance with paragraph 1A of Schedule 4 to the 2002 Act (Tribunal: procedure)(**a**).

(2) Any evidence relied on in an application made under paragraph (1) shall be served on all other parties to the proceedings.

(3) The Tribunal may, after giving the parties an opportunity to be heard, make any directions as it thinks fit for determining whether to certify the matter to the High Court.

## TRANSFERS

### Transfer of claims from the Tribunal

**71.** The Tribunal may, at any stage of the proceedings, on the request of a party or of its own initiative, and after considering any observations of the parties, direct that all or part of a claim made in proceedings brought under section 47A of the 1998 Act (proceedings before the Tribunal: claims for damages etc.)(**b**) be transferred to—

---

(**a**) 2002 c. 40; paragraph 1A of Schedule 4 to the Enterprise Act 2002 was inserted by paragraph 24 of Schedule 8 to the Consumer Rights Act 2015 (c.15).

(**b**) 1998 c. 41; section 47A was substituted by paragraph 4 of Schedule 8 to the Consumer Rights Act 2015.

Certified copy from legislation.gov.uk Publishing

(a) the High Court or the county court in England and Wales or Northern Ireland; or

(b) the Court of Session or the Sheriff Court in Scotland.

**Transfer of claims to the Tribunal**

**72.**—(1) This rule applies where any court has ordered the transfer to the Tribunal of all or part of any proceedings.

(2) The person bringing the claim shall within seven days of the order of the court transferring the claim or such other period directed by that court, file—

(a) a certified copy of the order of the court transferring the claim to the Tribunal;

(b) any pleadings and documents in support of the claim filed with the court in which the claim was begun; and

(c) any directions sought for the further progress of the claim.

(3) As soon as practicable after receipt of the documents referred to in paragraph (2) a case management conference shall be held in accordance with rule 54.

# PART 5

## COLLECTIVE PROCEEDINGS AND COLLECTIVE SETTLEMENTS

**Scope and interpretation**

**73.**—(1) The rules in this Part apply to collective proceedings and collective settlement.

(2) In this Part—

"aggregate award of damages" means an award of damages made by the Tribunal in collective proceedings without undertaking an assessment of the amount of damages recoverable in respect of each represented person;

"class member" means a person falling within the class described in the collective proceedings order, or a collective settlement order, as the case may be;

"collective proceedings order" means an order made by the Tribunal authorising the continuance of collective proceedings;

"collective settlement approval order" means an order of the Tribunal approving a proposed collective settlement;

"common issues" means the same, similar or related issues of fact or law;

"domicile date" means the date specified in a collective proceedings order or collective settlement order for the purposes of determining whether a person is domiciled in the United Kingdom;

"opt-in collective proceedings" has the meaning given in section 47B(10) of the 1998 Act(**a**);

"opt-out collective proceedings" has the meaning given in section 47B(11) of the 1998 Act; "proposed class representative" means a person who proposes to be a class representative by applying to the Tribunal to be a class representative; and

"represented person" means a class member who, in accordance with rule 82—

(a) has opted in to opt-in collective proceedings;

(b) was domiciled in the United Kingdom on the domicile date and has not opted out of opt-out collective proceedings; or

(c) has opted in to opt-out collective proceedings.

---

(**a**) 1998 c. 41; section 47B was substituted by paragraph 5 of Schedule 8 to the Consumer Rights Act 2015 (c. 15).

Certified copy from legislation.gov.uk Publishing

**General**

**74.**—(1) Part 4 of these Rules applies to collective proceedings in accordance with this rule—

(2) References in Part 4 to "claim form" and "claimant" are to be read respectively as "collective proceedings claim form" and "class representative".

(3) The following rules do not apply to collective proceedings—

(a) rule 30 (manner of commencing proceedings under section 47A of the 1998 Act);

(b) rule 33 (acknowledgment, service and notification);

(c) rule 45 (settlement offers);

(d) rule 58 (fast-track procedure);

(e) rule 71 (transfer of claims from the Tribunal);

(f) rule 72 (transfer of claims to the Tribunal).

(4) The following rules apply to collective proceedings with the following modifications—

(a) rule 35 (defence to a claim): the time limit for the filing of the defence in rule 35(1) does not apply;

(b) rule 36 (reply to defence): the time limit for the filing of the reply in rule 36(1) does not apply;

(c) rule 42 (default judgment): default judgment may only be given in collective proceedings after the Tribunal has made a collective proceedings order in accordance with rule 80;

(d) rule 54 (case management conference): references to the first case management conference are to be read as referring to the first case management conference after the Tribunal has made a collective proceedings order in accordance with rule 80;

(e) rule 60 (disclosure by parties to the proceedings): references to the first case management conference are to be read as referring to the first case management conference after the Tribunal has made a collective proceedings order in accordance with rule 80;

(5) Rule 44 (withdrawal) applies to collective proceedings, in accordance with rules 86 (individual settlement by the class representative) and 87 (applications for withdrawal by the class representative);

(6) A collective proceedings order and a collective settlement order may be limited to only some parts or issues in the claims to which it relates.

COLLECTIVE PROCEEDINGS

**Manner of commencing proceedings under section 47B of the 1998 Act**

**75.**—(1) An application to commence collective proceedings shall be made by the proposed class representative filing a collective proceedings claim form.

(2) The collective proceedings claim form shall state—

(a) the full name and address of the proposed class representative;

(b) the full name and address of the proposed class representative's legal representative;

(c) an address for service in the United Kingdom;

(d) the name and address of each defendant to the proceedings;

(e) that the proposed class representative is making an application for a collective proceedings order;

(f) whether the application relates to proposed opt-in collective proceedings or opt-out collective proceedings;

(g) whether the parties have used an alternative dispute resolution procedure; and

(h) that the proposed class representative believes that the claims which it is sought to combine in the collective proceedings have a real prospect of success.

Certified copy from legislation.gov.uk Publishing

(3) The collective proceedings claim form shall contain—

(a) description of the proposed class;

(b) a description of any possible sub-class and how it is proposed that their interests may be represented;

(c) an estimate of the number of class and any sub-class members and the basis for that estimate;

(d) a summary of the basis on which the proposed class representative seeks to be authorised to act in that capacity in accordance with rule 78;

(e) a summary of the basis on which it is contended that the criteria for certification and approval in rule 79 are satisfied;

(f) a statement as to whether the claims are in respect of an infringement decision, and if so whether that decision has become final within the meaning of section 58A of the 1998 Act (infringement decisions)(**a**);

(g) a concise statement of the relevant facts, identifying, where applicable, any relevant findings in an infringement decision;

(h) a concise statement of any contentions of law which are relied on;

(i) the relief sought in the proceedings including—

(i) where applicable, an estimate of the amount claimed in damages, including whether an aggregate award of damages is sought, supported by an explanation of how that amount has been calculated;

(ii) details of any other claim for a sum of money;

(iii) in proceedings in England and Wales or Northern Ireland, whether the proposed class representative is making an application for an injunction;

(j) observations on the question in which part of the United Kingdom the proceedings are to be treated as taking place under rule 18; and

such other matters as may be specified by practice direction.

(4) The contents of the collective proceedings claim form shall be verified by a statement of truth signed and dated by the proposed class representative or on its behalf by its duly authorised officer or legal representative.

(5) There shall be annexed to the collective proceedings claim form—

(a) a copy of any infringement decision referred to in paragraph (4)(f) and any other document referred to in the collective proceedings claim form;

(b) a draft collective proceedings order; and

(c) a draft of the notice referred to in rule 81.

(6) Unless the Tribunal otherwise directs, the signed original of the collective proceedings claim form shall be accompanied by five copies of the form and its annexes certified by the proposed class representative or its legal representative as conforming to the originals.

(7) When filing the collective proceedings claim form, the proposed class representative shall also indicate the method by which it proposes to effect service on the defendant and provide any other information with regard to service of the collective proceedings claim form as may be specified by practice direction.

**Response to a collective proceedings claim form**

**76.**—(1) On receiving a collective proceedings claim form, the Registrar shall send an acknowledgment of receipt to the proposed class representative and, except where paragraph (2)

(**a**) Section 58A was substituted by paragraph 14 of Schedule 8 to the Consumer Rights Act 2015.

Certified copy from legislation.gov.uk Publishing

applies, direct that the proposed class representative serve the collective proceedings claim form on the defendant.

(2) Where service of the collective proceedings claim form outside the jurisdiction requires the permission of the Tribunal in accordance with rule 31, the collective proceedings claim form may be served on the defendant only if permission is granted.

(3) The Registrar's direction for service under paragraph (1) may specify any matter the Registrar may consider appropriate with regard to the service of the collective proceedings claim form, including—

(a) the time within and the method by which service of the collective proceedings claim form is to be effected;

(b) the documents that are to accompany the collective proceedings claim form including the acknowledgment of service in the form required by the Tribunal;

(c) the information to be provided to the Registrar by the proposed class representative concerning the date of service and the calculation of the time limit for acknowledging service; and

(d) the provision of any other information that may be required by the Registrar (whether by way of certificate of service, verified by a statement of truth, witness statement or otherwise) regarding the service of the collective proceedings claim form and;

(e) the time within which any information required by the Registrar is to be provided.

(4) Where the collective proceedings claim form is served on a defendant domiciled in the United Kingdom, the defendant shall within seven days of receipt of the copy of the collective proceedings claim form file an acknowledgment of service of the claim in the form provided by the Registrar.

(5) Where the collective proceedings claim form is served on a foreign defendant, the period for acknowledging service set out in paragraph (4) shall be varied so as to accord with the period applicable under Part 6 of the CPR in relation to proceedings in England and Wales or the equivalent provisions in the equivalent procedural rules for Scotland or Northern Ireland in relation to proceedings taking place in Scotland or Northern Ireland respectively.

(6) The proposed class representative shall send a copy of the collective proceedings claim form to the CMA at the same time as it is served on the other parties to the claim.

(7) The Registrar shall as soon as practicable notify the proposed class representative of the receipt of an acknowledgment of service from the defendant.

(8) The Registrar shall publish a summary of the collective proceedings claim form on the Tribunal website and in any other manner the President may direct.

(9) As soon as practicable, the Tribunal shall hold a case management conference to give directions in relation to the application for a collective proceedings order.

(10) The Tribunal may give directions—

(a) as regards any question concerning service out of the jurisdiction;

(b) as to the time by which the defendant shall respond to the application for a collective proceedings order;

(c) as to the time by which any person with an interest (including any class member) may object to the application for a collective proceedings order or the authorisation of the proposed class representative;

(d) regarding the hearing of the application; or

(e) as to a stay of proceedings while the parties attempt to compromise the proceedings by alternative dispute resolution or other means.

(11) Subject to any directions of the Tribunal, the defendant does not need to file a defence before the hearing of the application for a collective proceedings order.

(12) A defendant who opposes an application for a collective proceedings order does not, by doing so, lose any right that the defendant may have to dispute the Tribunal's jurisdiction.

Certified copy from legislation.gov.uk Publishing

**Determination of the application for a collective proceedings order**

**77.**—(1) The Tribunal may make a collective proceedings order, after hearing the parties, only—

(a) if it considers that the proposed class representative is a person who, if the order were made, the Tribunal could authorise to act as the class representative in those proceedings in accordance with rule 78; and

(b) in respect of claims or specified parts of claims which are eligible for inclusion in collective proceedings in accordance with rule 79.

(2) If the Tribunal makes a collective proceedings order it may attach such conditions to the order or give such directions as it thinks fit, including—

(a) directions for filing and service of the order, pleadings and any other document in relation to the collective proceedings; and

(b) directions regarding any class member who is a child or person who lacks capacity.

**Authorisation of the class representative**

**78.**—(1) The Tribunal may authorise an applicant to act as the class representative—

(a) whether or not the applicant is a class member, but

(b) only if the Tribunal considers that it is just and reasonable for the applicant to act as a class representative in the collective proceedings.

(2) In determining whether it is just and reasonable for the applicant to act as the class representative, the Tribunal shall consider whether that person—

(a) would fairly and adequately act in the interests of the class members;

(b) does not have, in relation to the common issues for the class members, a material interest that is in conflict with the interests of class members;

(c) if there is more than one applicant seeking approval to act as the class representative in respect of the same claims, would be the most suitable;

(d) will be able to pay the defendant's recoverable costs if ordered to do so; and

(e) where an interim injunction is sought, will be able to satisfy any undertaking as to damages required by the Tribunal.

(3) In determining whether the proposed class representative would act fairly and adequately in the interests of the class members for the purposes of paragraph (2)(a), the Tribunal shall take into account all the circumstances, including—

(a) whether the proposed class representative is a member of the class, and if so, its suitability to manage the proceedings;

(b) if the proposed class representative is not a member of the class, whether it is a pre-existing body and the nature and functions of that body;

(c) whether the proposed class representative has prepared a plan for the collective proceedings that satisfactorily includes—

(i) a method for bringing the proceedings on behalf of represented persons and for notifying represented persons of the progress of the proceedings; and

(ii) a procedure for governance and consultation which takes into account the size and nature of the class; and

(iii) any estimate of and details of arrangements as to costs, fees or disbursements which the Tribunal orders that the proposed class representative shall provide.

(4) If the represented persons include a sub-class of persons whose claims raise common issues that are not shared by all the represented persons, the Tribunal may authorise a person who satisfies the criteria for approval in paragraph (1) to act as the class representative for that sub-class.

Certified copy from legislation.gov.uk Publishing

### Certification of the claims as eligible for inclusion in collective proceedings

**79.**—(1) The Tribunal may certify claims as eligible for inclusion in collective proceedings where, having regard to all the circumstances, it is satisfied by the proposed class representative that the claims sought to be included in the collective proceedings—

(a) are brought on behalf of an identifiable class of persons;

(b) raise common issues; and

(c) are suitable to be brought in collective proceedings.

(2) In determining whether the claims are suitable to be brought in collective proceedings for the purposes of paragraph (1)(c), the Tribunal shall take into account all matters it thinks fit, including—

(a) whether collective proceedings are an appropriate means for the fair and efficient resolution of the common issues;

(b) the costs and the benefits of continuing the collective proceedings;

(c) whether any separate proceedings making claims of the same or a similar nature have already been commenced by members of the class;

(d) the size and the nature of the class;

(e) whether it is possible to determine in respect of any person whether that person is or is not a member of the class;

(f) whether the claims are suitable for an aggregate award of damages; and

(g) the availability of alternative dispute resolution and any other means of resolving the dispute, including the availability of redress through voluntary schemes whether approved by the CMA under section 49C of the 1998 Act(**a**) or otherwise.

(3) In determining whether collective proceedings should be opt-in or opt-out proceedings, the Tribunal may take into account all matters it thinks fit, including the following matters additional to those set out in paragraph (2)—

(a) the strength of the claims; and

(b) whether it is practicable for the proceedings to be brought as opt-in collective proceedings, having regard to all the circumstances, including the estimated amount of damages that individual class members may recover.

(4) At the hearing of the application for a collective proceedings order, the Tribunal may hear any application by the defendant—

(a) under rule 41(1), to strike out in whole or part any or all of the claims sought to be included in the collective proceedings; or

(b) under rule 43(1), for summary judgment.

(5) Any member of the proposed class may apply to make submissions either in writing or orally at the hearing of the application for a collective proceedings order.

### The collective proceedings order

**80.**—(1) A collective proceedings order shall authorise the class representative to act as such in continuing the collective proceedings and shall—

(a) state the name and address for service of the class representative or, where there are sub-classes, representatives;

(b) state the name of each defendant;

(c) describe or otherwise identify the class and any sub-classes;

---

(**a**) 1998 c. 41; section 49C of the Competition Act 1998 was inserted by paragraph 12 of Schedule 8 to the Consumer Rights Act 2015 (c.15).

Certified copy from legislation.gov.uk Publishing

(d) describe or otherwise identify the claims certified for inclusion in the collective proceedings;

(e) state the remedy sought;

(f) state whether the collective proceedings are opt-in or opt-out collective proceedings;

(g) specify the domicile date;

(h) specify the time and the manner by which—

(i) in the case of opt-in collective proceedings, a class member may opt in;

(ii) in the case of opt-out collective proceedings, a class member who is domiciled in the United Kingdom on the domicile date may opt out; and

(iii) in the case of opt-out collective proceedings, a class member who is not domiciled in the United Kingdom on the domicile date may opt in;

(i) order the publication of a notice to class members in accordance with rule 81; and

(j) specify the part of the United Kingdom in which the collective proceedings are to be treated as taking place.

(2) In describing or otherwise identifying the class for the purposes of paragraph (1)(c), it is not necessary for the order to name or specify the number of the class members.

**Notice of the collective proceedings order**

**81.**—(1) The class representative shall give notice of the collective proceedings order to class members in a form and manner approved by the Tribunal.

(2) The notice referred to in paragraph (1) shall—

(a) incorporate or have annexed to it the collective proceedings order;

(b) identify each defendant;

(c) contain a summary in easily understood language of the collective proceedings claim form and the common issues;

(d) include a statement explaining that any judgment on the common issues for the class members or any sub-class will bind represented persons in the class, or those within the sub-class;

(e) draw attention to the provisions of the order setting out what a class member is required to do and by what date so as to opt into or opt out of the collective proceedings and

(f) give such other information as the Tribunal directs.

**Opting in and opting out of collective proceedings**

**82.**—(1) A class member may on or before the time and in the manner specified in the collective proceedings order—

(a) in the case of opt-in collective proceedings, opt into the collective proceedings; or

(b) in the case of opt-out collective proceedings, either—

(i) opt out of the collective proceedings; or

(ii) if not domiciled in the United Kingdom at the domicile date, opt into the collective proceedings.

(2) A class member who does not opt in or opt out in accordance with paragraph (1) may not do so without the permission of the Tribunal.

(3) In considering whether to grant permission under paragraph (2), the Tribunal shall consider all of the circumstances, including in particular—

(a) whether the delay was caused by the fault of that class member; and

(b) whether the defendant would suffer substantial prejudice if permission were granted.

Certified copy from legislation.gov.uk Publishing

(4) A class member who has already brought a claim that raises one or more of the common issues set out in the collective proceedings order may not be a represented person unless the class member:

(a) discontinues the claim, or;

(b) for claims brought in England, Wales or Northern Ireland, applies to stay that claim, or;

(c) for claims brought in Scotland, applies to sist that claim before the time specified in the collective proceedings order under rule 80(1)(h) to opt into or out of the collective proceedings.

### Class records

**83.**—(1) After a collective proceedings order has been made, the class representative shall establish a register on which it shall record the names of those class members who, in accordance with rule 82, opt in to or opt out of the collective proceedings.

(2) The class representative shall, on request, make such register available for inspection by the Tribunal and any defendant and by such other person as the Tribunal may direct.

### Scope of the collective proceedings

**84.** A class representative may not in collective proceedings bring different claims or bring claims against different defendants to those specified in the collective proceedings order.

### Stay of proceedings and variation or revocation of the collective proceedings order

**85.**—(1) The Tribunal may at any time, either of its own initiative or on the application of the class representative, a represented person or a defendant, make an order for the variation or revocation of the collective proceedings order, or for the stay or sist of collective proceedings.

(2) In deciding whether to vary or revoke a collective proceedings order, the Tribunal shall take account of all the relevant circumstances, including in particular—

(a) whether the criteria for certification of claims set out in rule 79 still apply or apply in the same way as when the order was made; and

(b) whether the class representative continues to satisfy the criteria for authorisation set out in rule 78 and if not, whether a suitable alternative class representative can be authorised;

(c) whether the Tribunal has granted the class representative permission to withdraw in accordance with rule 87 and it will not be substituted.

(3) If the Tribunal makes an order under paragraph (1), the order may also make further provision including—

(a) that the proceedings should be discontinued in whole or in part or continue between different parties and, for that purpose, the Tribunal may—

(i) order the addition, removal or substitution of parties; or

(ii) order the amendment of the collective proceedings claim form;

(b) that there be substituted as the class representative another person who satisfies the criteria for approval in rule 78;

(c) as regards costs.

(4) If the Tribunal varies the collective proceedings order so as to alter the description or identification of class members, it may also make any other orders that it considers appropriate, including an order relating to the specified time for the purposes of rules 80 and 82.

Certified copy from legislation.gov.uk Publishing

### Individual settlement by the class representative in opt-in proceedings

**86.** If the class representative in opt-in collective proceedings is a member of the class and settles in whole or part its personal claim included within the collective proceedings, it shall promptly give notice of that fact—

(a) to all represented persons; and

(b) to the Tribunal.

### Applications for withdrawal by the class representative

**87.**—(1) A class representative may only withdraw from acting in that capacity in the collective proceedings if the Tribunal gives permission for the withdrawal.

(2) The Tribunal may only give permission for the withdrawal under paragraph (1)—

(a) if it is satisfied that the class representative has given notice of the application to withdraw to represented persons in a form and manner approved by the Tribunal; and

(b) on conditions as to costs, if any, that the Tribunal considers just.

(3) If the Tribunal gives permission for the class representative to withdraw from acting in that capacity and no substitute class representative is approved, the Tribunal may give directions for the future conduct of the proceedings which may include provision that the proceedings should continue as one or more proceedings between different parties or be discontinued.

### Case management of the collective proceedings

**88.**—(1) The Tribunal may, at any time, give any directions it thinks appropriate for the case management of the collective proceedings.

(2) Without limitation to the generality of paragraph (1), such directions may order that—

(a) the common issues for the class be determined together;

(b) the common issues for a sub-class be determined together;

(c) issues that are relevant only to certain represented persons ("individual issues") be determined in further hearings either separately or at the same time;

(d) the class representative give notice in such manner as the Tribunal directs to represented persons of any step taken by the class representative.

(3) If the Tribunal directs that the participation of any represented persons is necessary in order to determine individual issues, the class representative shall give notice of the further hearings to those persons in a form and manner approved by the Tribunal.

### Disclosure

**89.**—(1) In addition to the Tribunal's general powers under these Rules to order disclosure, the Tribunal may order, on any terms it thinks fit, disclosure to be given—

(a) by any party to the collective proceedings to any other party;

(b) by the class representative to any or all represented persons; and

(c) by any represented person to any other represented person (including a person within a different sub-class), the class representative or the defendant.

### Notices

**90.** If a class member or represented person does not receive, or fails to respond to, a notice, this does not affect a step taken, order made or judgment given, in the collective proceedings, unless the Tribunal orders otherwise.

Certified copy from legislation.gov.uk Publishing

### Judgments and orders

**91.**—(1) A judgment or order of the Tribunal made in collective proceedings may specify the sub-class of represented persons or individual represented persons to whom it shall not apply.

(2) The class representative shall give notice of any judgment or order to all represented persons in a form and manner approved by the Tribunal.

(3) Unless ordered otherwise by the Tribunal, the notice referred to in paragraph (2) shall—

(a) incorporate or have annexed to it the judgment or order;

(b) if it relates to a judgment on common issues in favour of represented persons, include a statement in easily understood language—

(i) explaining that represented persons may be entitled to individual remedies;

(ii) stating the steps that shall be taken to claim that remedy; and

(iii) stating the consequences of failing to take those steps;

(c) if it relates to a judgment on common issues against represented persons, include a statement—

(i) informing them that an appeal may be brought only by the class representative; and

(ii) stating the date by which the class representative would have to serve a notice of appeal or application for permission to appeal;

(d) if the Tribunal has specified under paragraph (1) that some represented persons are not bound by the judgment or order, a statement to that effect; and

(e) give such other information as the Tribunal directs.

### Assessment of damages

**92.**—(1) Where the Tribunal makes an aggregate award of damages, it shall give directions for assessment of the amount that may be claimed by individual represented persons out of that award.

(2) Directions given may include—

(a) a method or formula by which such amounts are to be quantified;

(b) provision for making an interim payment before the final amount which a represented person may receive is determined;

(c) the appointment of an independent third party to determine a claim or dispute by any represented person regarding the quantification of the amount which that person will receive, and provision for payment of the costs of that independent third party; and

(d) a requirement that the apportionment of the aggregate award as between represented persons is approved by the Tribunal.

(3) The class representative shall give notice to represented persons, in such manner as the Tribunal directs, of any hearing to determine what directions should be given in accordance with paragraph (1), and any represented person may apply to the Tribunal to make submissions either in writing or orally at that hearing.

### Distribution of award

**93.**—(1) Where the Tribunal makes an award of damages in opt-out collective proceedings, it shall make an order providing for the damages to be paid on behalf of the represented persons to—

(a) the class representative; or

(b) such person other than a represented person as the Tribunal thinks fit.

(2) Where the Tribunal makes an award of damages in opt-in collective proceedings, it may make an order as described in paragraph (1).

Certified copy from legislation.gov.uk Publishing

(3) An order made in collective proceedings in accordance with paragraphs (1) and (2), may specify—

(a) the date by which represented persons shall claim their entitlement to a share of that aggregate award;

(b) the date by which the class representative or person specified in accordance with paragraph (1)(b) shall notify the Tribunal of any undistributed damages which have not been claimed;

(c) any other matters as the Tribunal thinks fit.

(4) Where the Tribunal is notified that there are undistributed damages in accordance with paragraph (3)(b), it may make an order directing that all or part of any undistributed damages is paid to the class representative in respect of all or part of any costs, fees or disbursements incurred by the class representative in connection with the collective proceedings.

(5) In exercising its discretion under paragraph (4), the Tribunal may itself determine the amounts to be paid in respect of costs, fees or disbursements or may direct that any such amounts be determined by a costs judge of the High Court or a taxing officer of the Supreme Court of Northern Ireland or the Auditor of the Court of Session.

(6) Subject to any order made under paragraph (4), the Tribunal shall order that all or part of any undistributed damages is paid to the charity designated in accordance with section 47C(5) of the 1998 Act(**a**) and a copy of that order shall be sent to that charity.

## COLLECTIVE SETTLEMENTS

### Collective settlement where a collective proceedings order has been made: opt-out collective proceedings

**94.**—(1) Where a collective proceedings order has been made and the Tribunal has specified that the proceedings are opt-out collective proceedings, the claims which are the subject of the collective proceedings, may not be settled other than by a collective settlement approval order issued in accordance with this rule.

(2) Any offer to settle by a defendant in the collective proceedings shall be made to the class representative.

(3) An application for a collective settlement approval order shall be made to the Tribunal by—

(a) the class representative; and

(b) the defendant in the collective proceedings, or if there is more than one defendant, such of them as wish to be bound by the proposed collective settlement.

(4) The application referred to in paragraph (3) shall—

(a) provide details of the claims to be settled by the proposed collective settlement;

(b) set out the terms of the proposed collective settlement, including any related provisions as to the payment of costs, fees and disbursements;

(c) contain a statement that the applicants believe that the terms of the proposed settlement are just and reasonable, supported by evidence which may include any report by an independent expert or any opinion of the applicants' legal representatives as to the merits of the collective settlement;

(d) specify how any sums received under the collective settlement are to be paid and distributed;

(e) have annexed to it a draft collective settlement approval order; and

(**a**) 1998 c.41; section 47C of the Competition Act 1889 was inserted by paragraph 6 of Schedule 8 to the Consumer Rights Act 2015 (c. 15).

Certified copy from legislation.gov.uk Publishing

(f) set out the form and manner by which the class representative proposes to give notice of the application to—

(i) represented persons, in a case where it is expected that paragraph (11) will apply; or

(ii) class members, in a case where it is expected that paragraph (12) will apply.

(5) Unless the Tribunal otherwise directs, the signed original of the application for a collective settlement approval order shall be accompanied by five copies of the application and its annexes certified by the class representative or its legal representative as conforming to the original.

(6) On receiving an application for a collective settlement approval order, the Tribunal may give any directions it thinks fit, including—

(a) for the confidential treatment of any part of an application for a collective settlement approval order;

(b) for the giving of or dispensing with the notice referred to in paragraph (4)(f);

(c) for further evidence to be filed on the merits of the proposed collective settlement;

(d) for the hearing of the application.

(7) Any represented person or, in a case where paragraph (12) applies, any class member may apply to make submissions either in writing or orally at the hearing of the application for a collective settlement approval order.

(8) At the hearing of the application, the Tribunal may make a collective settlement approval order where it is satisfied that the terms of the collective settlement are just and reasonable.

(9) In determining whether the terms are just and reasonable, the Tribunal shall take account of all relevant circumstances, including—

(a) the amount and terms of the settlement, including any related provisions as to the payment of costs, fees and disbursements;

(b) the number or estimated number of persons likely to be entitled to a share of the settlement;

(c) the likelihood of judgment being obtained in the collective proceedings for an amount significantly in excess of the amount of the settlement;

(d) the likely duration and cost of the collective proceedings if they proceeded to trial;

(e) any opinion by an independent expert and any legal representative of the applicants;

(f) the views of any represented person in a case to which paragraph (11) applies, or of any class member in a case to which paragraph (12) applies; and

(g) the provisions regarding the disposition of any unclaimed balance of the settlement, but a provision that any unclaimed balance of the settlement amount reverts to the defendants shall not of itself be considered unreasonable.

(10) A collective settlement approval order may specify the time and manner by which—

(a) a represented person or class member, as the case may be, who is domiciled in the United Kingdom on the domicile date may opt out of the collective settlement; and

(b) a represented person or class member, as the case may be, who is not domiciled in the United Kingdom on the domicile date may opt in to the collective settlement.

(11) Where the Tribunal approves the collective settlement after the expiry of the period specified in the collective proceedings order in accordance with rule 80(1)(h)(ii) or (iii) within which persons may opt out or (if not domiciled in the United Kingdom) opt in to the collective proceedings, the collective settlement approval order binds all represented persons except—

(a) a person who opts out of the collective settlement by notifying the class representative in a manner and by a time specified in the collective settlement approval order; and

(b) a person who is not domiciled in the United Kingdom on the domicile date and does not opt in to the collective settlement by notifying the class representative in a manner and by a time specified in the collective settlement approval order.

Certified copy from legislation.gov.uk Publishing

(12) Where the Tribunal approves the collective settlement before the expiry of the period referred to in paragraph (11), the collective settlement approval order binds all class members except—

(a) a person who opts out of the collective settlement by notifying the class representative in a manner and by a time specified in the collective settlement approval order; and

(b) a person who is not domiciled in the United Kingdom on the domicile date and does not opt in to the collective settlement by notifying the class representative in a manner and by a time specified in the collective settlement approval order.

(13) If the Tribunal approves the proposed collective settlement, the class representative shall give notice of the terms of the settlement and its approval, in a form and manner approved by the Tribunal, to the represented persons in a case to which paragraph (11) applies, or to the class members in a case to which paragraph (12) applies, and to any other persons as the Tribunal may direct.

(14) If one or more of the represented persons or class members are to be omitted from the collective settlement, the Tribunal may permit the proceedings to continue as one or more claims between different parties and for that purpose—

(a) order the addition, removal or substitution of parties;

(b) order the amendment of the collective proceedings claim form; or

(c) make any other order that it considers appropriate.

(15) If the Tribunal does not approve the proposed collective settlement, the application for a collective settlement approval order and the terms of the proposed collective settlement may not be relied on at the trial of the collective proceedings, unless all the parties to that application agree in writing.

**Collective settlements where a collective proceedings order has been made: opt-in proceedings**

**95.** Where a collective proceedings order has been made and the Tribunal has specified that the proceedings are opt-in collective proceedings, the class representative may not without the permission of the Tribunal settle those proceedings before the expiry of the time specified in the collective proceedings order as the time by which a class member may without the permission of the Tribunal opt in to those proceedings.

**Collective settlements where a collective proceedings order has not been made**

**96.**—(1) An application for a collective settlement order shall be made to the Tribunal by—

(a) a person who proposes to be the settlement representative in relation to the collective settlement; and

(b) the person who, if collective proceedings were brought in respect of the claims would be a defendant in those proceedings (or where more than one person would be a defendant in those proceedings, such of those persons as wish to be bound by the proposed collective settlement).

(2) The application for a collective settlement order referred to in paragraph (1) shall—

(a) identify the proposed settlement representative;

(b) provide a summary of the basis on which the proposed settlement representative seeks to be authorised to act in that capacity in accordance with paragraphs (9) to (11);

(c) identify the person or persons who would be a defendant or defendants in collective proceedings and who it is proposed will be parties to the collective settlement;

(d) provide a description of the proposed settlement class;

(e) provide an estimate of the number of class members and the basis for that estimate;

(f) provide details of the claims to be settled by the proposed collective settlement;

Certified copy from legislation.gov.uk Publishing

(g) provide a summary of the basis on which the claims, if they had been made in collective proceedings, would satisfy the requirements of rule 79; and

(h) annex—

(i) a draft collective settlement order;

(ii) a draft of the summary referred to in paragraph (5); and

(iii) a draft of the notice referred to in paragraph (15).

(3) Unless the Tribunal otherwise directs, the signed original of the application for a collective settlement order shall be accompanied by five copies of the application and its annexes certified by the proposed settlement representative or its legal representative as conforming to the original.

*Response to an application for a collective settlement order*

(4) On receiving an application for a collective settlement order, the Tribunal may give any directions it thinks fit, including for the hearing of the application.

(5) The Registrar shall publish a summary of the application for a collective settlement order on the Tribunal website.

*Determination of the application for a collective settlement order*

(6) The Tribunal may make a collective settlement order only—

(a) if it considers that the person who proposes to be the settlement representative is a person who, if the order were made, the Tribunal could authorise to act as the settlement representative in relation to the collective settlement in accordance with paragraphs (9) to (11); and

(b) in respect of claims which, if collective proceedings were brought, would be eligible for inclusion in such proceedings in accordance with rule 79.

(7) At the hearing of the application for a collective settlement order, the Tribunal may make—

(a) a collective settlement order; and

(b) any other order or give any other directions as it considers appropriate.

(8) Any member of the proposed settlement class may apply to make submissions either in writing or orally at the hearing of the application for a collective settlement order.

(9) The Tribunal may authorise a person to act as the settlement representative only if it considers that it is just and reasonable.

(10) In determining whether it is just and reasonable for a person to act as the settlement representative, the Tribunal shall consider whether that person—

(a) would fairly and adequately act in the interests of the class members; and

(b) does not have, in relation to the common issues for the class members, a material interest that is in conflict with the interests of the class members.

(11) In determining whether the proposed settlement representative would act fairly and adequately in the interests of the class members for the purposes of paragraph (10)(a), the Tribunal may take into account all the circumstances, including—

(a) whether the proposed settlement representative is a member of the settlement class, and if so, its suitability to manage the settlement;

(b) if the proposed representative is not a member of the settlement class, whether it is a pre-existing body and the nature and functions of that body; and

(c) whether the proposed settlement representative has prepared a plan for the collective settlement that satisfactorily includes—

(i) a method for notifying the class members of the fact and progress of the collective settlement; and

(ii) where the proposed collective settlement involves payment of an aggregate amount, a procedure for determination of claims by class members to be paid out of that amount that takes into account the size and nature of the settlement class.

Certified copy from legislation.gov.uk Publishing

*The collective settlement order*

(12) A collective settlement order shall authorise the settlement representative to continue to act in relation to the collective settlement and shall—

(a) state the name and address of the settlement representative;

(b) state the name of each party to the collective settlement who would be a defendant had collective proceedings been brought;

(c) describe or otherwise identify the settlement class;

(d) describe or otherwise identify the claims to be settled by the collective settlement;

(e) specify the domicile date; and

(f) order the publication of a notice to class members in accordance with paragraph (15).

(13) A collective settlement order may include any other provision the Tribunal considers appropriate.

(14) In describing or otherwise identifying the settlement class for the purposes of paragraph (12)(c), it is not necessary for the order to name or specify the number of the class members.

*Notice of the collective settlement order*

(15) The settlement representative shall give notice of the collective settlement order to class members in a form and manner approved by the Tribunal.

(16) The notice referred to in paragraph (15) shall—

(a) incorporate or have annexed to it the collective settlement order;

(b) contain a summary in easily understood language of the claims to be settled by the collective settlement;

(c) include a statement explaining that the subsequent making of a collective settlement approval order will bind—

(i) a class member domiciled in the United Kingdom on the domicile date who does not opt out of the collective settlement; and

(ii) a class member who is not domiciled in the United Kingdom on the domicile date who opts in to the collective settlement; and

(d) give such other information as the Tribunal directs.

*Variation or revocation of the collective settlement order*

(17) The Tribunal may, either of its own initiative or on the application of a class member or party, make an order for the variation or revocation of the collective settlement order.

**Collective settlement approval order**

**97.**—(1) Where the Tribunal has made a collective settlement order, an application for a collective settlement approval order shall be made to the Tribunal by—

(a) the settlement representative; and

(b) the person who, if collective proceedings were brought in respect of the claims, would be a defendant in those proceedings or, where more than one person would be a defendant in those proceedings, such of those persons as wish to be bound by the proposed collective settlement.

(2) The application referred to in paragraph (1) shall—

(a) provide details of the claims to be settled by the proposed collective settlement;

(b) set out the terms of the proposed collective settlement, including any related provisions as to the payment of costs, fees and disbursements;

(c) contain a statement that the applicants believe that the terms of the proposed settlement are just and reasonable, supported by evidence which may include any report by an independent expert or any opinion of the applicants' legal representatives as to the merits of the collective settlement;

Certified copy from legislation.gov.uk Publishing

(d) specify how any sums received under the collective settlement are to be paid and distributed;

(e) have annexed to it a draft collective settlement approval order; and

(f) set out the form and manner by which the settlement representative proposes to give notice of the application to members of the settlement class.

(3) Unless the Tribunal otherwise directs, the signed original of the application for a collective settlement approval order shall be accompanied by five copies of the order and its annexes certified by the class representative or its legal representative as conforming to the original.

(4) On receiving an application for a collective settlement approval order, the Tribunal may give any directions it thinks fit, including—

(a) for the confidential treatment of any part of an application for a collective settlement approval order;

(b) for the giving of or dispensing with the notice referred to in paragraph (2)(f);

(c) for further evidence to be filed on the merits of the proposed collective settlement; and

(d) for the hearing of the application.

(5) Any member of the proposed settlement class may apply to make submissions in writing or orally at the hearing of the application for a collective settlement approval order.

(6) At the hearing of the application, the Tribunal may make a collective settlement approval order where it is satisfied that terms of the collective settlement are just and reasonable.

(7) In determining whether the terms are just and reasonable, the Tribunal may take account of all relevant circumstances, including—

(a) the amount and terms of the settlement, including any related provisions as to the payment of costs, fees and disbursements;

(b) the number or estimated number of persons likely to be entitled to a share of the settlement;

(c) the likelihood of judgment being obtained if the claims were made in collective proceedings for an amount significantly in excess of the amount of the settlement;

(d) the likely duration and cost of proceedings if the claims were made in collective proceedings which proceeded to trial;

(e) any opinion by an independent expert and any legal representative of the applicants;

(f) the views of any member of the settlement class; and

(g) the provisions regarding the disposition of any unclaimed balance of the settlement, but a provision that any unclaimed balance of the settlement amount reverts to the parties paying or contributing to the settlement amount shall not of itself be considered unreasonable.

(8) A collective settlement approval order may specify the time and manner by which—

(a) a class member who is domiciled in the United Kingdom on the domicile date may opt out of the collective settlement; and

(b) a class member who is not domiciled in the United Kingdom on the domicile date may opt in to the collective settlement.

(9) A collective settlement approval order binds all class members except—

(a) a person who opts out of the collective settlement by notifying the class representative in a manner and by a time specified in the collective settlement approval order; and

(b) a person who is not domiciled in the United Kingdom on the domicile date and does not opt in to the collective settlement by notifying the class representative in a manner and by a time specified in the collective settlement approval order.

(10) If the Tribunal approves the proposed collective settlement, the settlement representative shall give notice of the terms of the settlement and its approval, in a form and manner approved by the Tribunal, to the class members and to any other persons as the Tribunal may direct.

Certified copy from legislation.gov.uk Publishing

(11) An application for a collective settlement approval order may be made at the same time as an application for a collective settlement order.

(12) If the Tribunal does not approve the proposed collective settlement, the application for a collective settlement approval order and the terms of the proposed collective settlement may not be relied on at the trial of the claims that are the subject of the proposed collective settlement, unless all the parties to that application agree in writing.

COSTS AND FEES

**Costs**

**98.**—(1) Subject to paragraph (2), costs may be awarded to or against the class representative, but may not be awarded to or against a represented person who is not the class representative, save that—

(a) if the Tribunal has approved the appointment of a class representative for a sub-class, costs associated with the determination of the common issues for the sub-class may be awarded to or against that person, and not the class representative for the whole class; and

(b) costs associated with the determination of individual issues in accordance with rule 88(2)(c) may be awarded to or against the relevant individual represented persons.

(2) Costs relating to an application made by a class member, whether or not that class member is a represented person under a collective proceedings order, may be awarded to or against that class member.

# PART 6

## GENERAL AND SUPPLEMENTARY

THE HEARING

**Hearing to be in public**

**99.**—(1) Every hearing is to be in public except that a hearing or part of a hearing may be in private if the Tribunal is satisfied that it will be considering information which is, in the opinion of the Tribunal, information of the kind referred to in paragraph 1(2) of Schedule 4 to the 2002 Act.

(2) Where a hearing, or part of it, is to be held in private, the Tribunal may determine who is entitled to attend the hearing or part of it.

**Quorum**

**100.**—(1) If, after the commencement of any hearing, the chairman is unable to continue, the President may appoint either of the remaining two members to chair the Tribunal; and in that case the Tribunal is to consist of the remaining two members for the rest of the proceedings.

(2) If the person appointed under paragraph (1) is not a member of the panel of chairmen, the President may attend the proceedings and advise the remaining members on any questions of law arising, or appoint some other suitably qualified person to do so.

(3) For the purposes of paragraph (2), a person is "suitably qualified" if that person is, or is qualified for appointment as, a member of the panel of chairmen.

(4) If, after the commencement of any hearing, a member of the Tribunal (other than its chairman) is unable to continue, the President may decide that the Tribunal is to consist of the remaining two members for the rest of the proceedings.

(5) Where in accordance with this rule the Tribunal consists of two members, a decision of the Tribunal shall be unanimous.

Certified copy from legislation.gov.uk Publishing

CONFIDENTIALITY

**Requests for confidential treatment**

**101.**—(1) A request for the confidential treatment of any document or part of a document provided in the course of proceedings before the Tribunal shall—

(a) be made in writing indicating the relevant words, figures or passages for which confidentiality is claimed; and

(b) be supported in each case by specific reasons,

and, if so directed by the Registrar, the person making the request shall supply a non-confidential version of the relevant document.

(2) In the event of a dispute as to whether confidential treatment should be accorded, the Tribunal shall decide the matter after hearing the parties and having regard to the need to exclude information of the kind referred to in paragraph 1(2) of Schedule 4 to the 2002 Act.

(3) The Tribunal may direct that documents, or parts of a document, containing confidential information are disclosed within a confidentiality ring.

**Subsequent use of documents provided in proceedings**

**102.**—(1) Subject to paragraphs (2) to (4), a party to whom a document has been provided in the course of proceedings—

(a) by the Tribunal;

(b) by another party; or

(c) in accordance with an order under rule 63,

may use that document only for the purpose of those proceedings.

(2) Except where a document or a part of a document has been provided within a confidentiality ring, the restriction in paragraph (1) does not apply to a document if—

(a) subject to paragraph (5), the document has been read to or by the Tribunal, or referred to, at a hearing which has been held in public;

(b) the Tribunal gives permission; or

(c) the party who produced or disclosed the document and the person to whom the document belongs agree.

(3) Where a document or part of a document has been provided within a confidentiality ring, the restriction in paragraph (1) applies unless the Tribunal gives permission for further use of that document or the information contained in the document or part of a document.

(4) The restriction in paragraph (1) does not prevent the CMA or any statutory body which is the maker of a disputed decision that is remitted to it by the Tribunal from using such documents for the purposes of determining the remitted issue.

(5) The Tribunal may, either of its own initiative or on the application of a party under paragraph (6), make an order restricting or prohibiting the use of any document provided in the course of proceedings, even where the document has been read to or by the Tribunal, or referred to, at a hearing which has been held in public.

(6) An application for such an order may be made—

(a) by a party;

(b) by any person to whom the document belongs; or

(c) by any person who claims that the document contains confidential information relating to them.

Certified copy from legislation.gov.uk Publishing

DECISION OF THE TRIBUNAL

### Delivery of the decision

**103.**—(1) The decision of the Tribunal shall be delivered—

(a) by handing down the decision in public on a date fixed for that purpose;

(b) by publishing the decision on the Tribunal's website; or

(c) in such other manner as may be specified by practice direction.

(2) The Registrar shall send a copy of the document recording the decision to each party and shall enter it on the register.

(3) The decision of the Tribunal is to be treated as having been notified on the date on which a copy of the document recording it is sent to the parties under paragraph (2).

(4) The decision of the Tribunal be published in such manner as the President considers appropriate.

### Costs

**104.**—(1) For the purposes of these rules "costs" means costs and expenses recoverable before the Senior Courts of England and Wales, the Court of Session or the Court of Judicature of Northern Ireland, as appropriate, and include payments in respect of the representation of a party to proceedings under section 47A (claims for damages) or 47B (collective proceedings) of the 1998 Act(**a**), where the representation by a legal representative was provided free of charge.

(2) The Tribunal may at its discretion, subject to rules 48 and 49, at any stage of the proceedings make any order it thinks fit in relation to the payment of costs in respect of the whole or part of the proceedings.

(3) For the purposes of paragraph (2), applications made under rule 62 or 63 are considered to be proceedings of the Tribunal.

(4) In making an order under paragraph (2) and determining the amount of costs, the Tribunal may take account of—

(a) the conduct of all parties in relation to the proceedings;

(b) any schedule of incurred or estimated costs filed by the parties;

(c) whether a party has succeeded on part of its case, even if that party has not been wholly successful;

(d) any admissible offer to settle made by a party which is drawn to the Tribunal's attention, and which is not a Rule 45 Offer to which costs consequences under rules 48 and 49 apply;

(e) whether costs were proportionately and reasonably incurred; and

(f) whether costs are proportionate and reasonable in amount.

(5) The Tribunal may assess the sum to be paid under any order under paragraph (2) or may direct that it be—

(a) assessed by the President, a chairman or the Registrar; or

(b) dealt with by the detailed assessment of a costs officer of the Senior Courts of England and Wales or a taxing officer of the Court of Judicature of Northern Ireland or by the Auditor of the Court of Session, as appropriate.

(6) The power to award costs under paragraphs (1) to (5) includes the power to direct any party to pay to the Tribunal such sum as may be appropriate in reimbursement of any costs incurred by the Tribunal in connection with the summoning or citation of witnesses or the instruction of

---

(**a**) 1998 c.41; sections 47A and 47B were substituted by paragraphs 4 and 5 respectively of Schedule 8 to the Consumer Rights Act 2015 (c. 15).

Certified copy from legislation.gov.uk Publishing

experts on the Tribunal's behalf; and any sum due as a result of such a direction may be recovered by the Tribunal as a civil debt due to the Tribunal.

### Interest

**105.**—(1) If it imposes, confirms or varies any penalty under Part 1 of the 1998 Act, the Tribunal may, in addition, order that interest is to be payable on the amount of any such penalty from such date, not being a date earlier than the date of the notice of appeal, and at such rate, as the Tribunal considers appropriate.

(2) Interest ordered to be paid under paragraph (1) is to form part of the penalty and be recoverable as a civil debt in addition to the amount recoverable under section 36 of the 1998 Act(**a**).

(3) If it makes an award of damages the Tribunal may include in any sum awarded interest on all or any part of the damages in respect of which the award is made, for all or any part of the period between the date when the cause of action arose and—

(a) in the case of any sum paid before the decision making the award, the date of the payment; and

(b) in the case of the sum awarded, the date of that decision.

(4) Unless the Tribunal otherwise directs, the rate of interest ordered to be paid or included in an award in accordance with this rule shall not exceed the rate specified in any Order made under section 44 of the Administration of Justice Act 1970(**b**).

### Consent orders

**106.**—(1) If all the parties agree the terms of an order, the Tribunal may, if it thinks fit, make the order, in which case it shall be identified as having been made by consent.

(2) If the Tribunal considers that a draft consent order may have a significant effect on competition, it may—

(a) require the parties to file a consent order impact statement; and

(b) direct the Registrar to publish a notice on the Tribunal website or in such other manner as the Tribunal may direct.

(3) A consent order impact statement shall provide an explanation of the draft consent order, including an explanation of the circumstances giving rise to the draft order, the relief to be obtained if the order is made and the anticipated effects on competition of that relief.

## APPEALS FROM THE TRIBUNAL

### Permission to appeal

**107.**—(1) A request to the Tribunal for permission to appeal from a decision of the Tribunal shall be made in writing and sent to the Registrar within three weeks of the notification of that decision.

(2) A request for permission to appeal shall be signed and dated by the party or its representative and shall—

(a) state the name and address of the party and of any representative of the party;

(b) identify the Tribunal decision to which the request relates;

(c) state the grounds on which the party intends to rely in its appeal; and

(**a**) 1998 c. 41.
(**b**) 1970 c. 31.

Certified copy from legislation.gov.uk Publishing

(d) state whether the party requests a hearing of its request and any special circumstances relied on.

**Decision of the Tribunal on request for permission to appeal**

**108.**—(1) On receipt of a request for permission to appeal, the Tribunal may decide without a hearing whether or not to grant such permission, unless it considers that special circumstances render a hearing desirable.

(2) The decision of the Tribunal on a request for permission to appeal shall be recorded in writing and the Registrar shall notify the parties of the decision.

REFERENCES TO THE EUROPEAN COURT

**References to the European Court**

**109.**—(1) A reference may be made by the Tribunal of its own initiative at any stage in the proceedings or on application by a party before or at the oral hearing.

(2) A reference shall include a schedule setting out the request for the preliminary ruling of the European Court and the Tribunal may give directions as to the manner and form in which the schedule is to be prepared.

(3) The proceedings in relation to which a reference is made shall, unless the Tribunal otherwise directs, be stayed (or in Scotland, sisted) until the European Court has given a preliminary ruling on the question referred to it.

(4) When a reference has been made, the Registrar shall send a copy of it to the Registrar of the European Court.

(5) In this rule—

"European Court" means the Court of Justice of the European Union;

"reference" means an order referring a question to the European Court for a preliminary ruling under Article 267 of the TFEU(**a**) or as provided for under any agreement to which the European Union or the Member States of the European Union are parties.

SUPPLEMENTARY

**Power of President, chairman and Registrar to exercise powers of Tribunal**

**110.**—(1) Any act required or authorised by these Rules, other than one required or authorised by the following rules—

(a) rules 11 and 26(3) (power to strike out);

(b) rule 13 (withdrawal of the appeal), in the case of a withdrawal during or after the hearing;

(c) rule 41 (power to strike out);

(d) rule 42 (default judgment);

(e) rule 43 (summary judgment);

(f) rule 44 (withdrawal of the claim), in the case of a withdrawal during or after the hearing;

(g) rule 77 (determination of the application for a collective proceedings order);

(h) rule 85 (stay, variation or revocation of the collective proceedings order), in the case of revocation of the collective proceedings order;

(i) rule 87 (applications for withdrawal by the class representative);

(j) rules 94(8) and 97(6) (making of a collective settlement approval order);

(**a**) OJ No C83, 30.3.2010, p.47.

Certified copy from legislation.gov.uk Publishing

(k) rule 96(6) (determination of the application for a collective settlement order);

(l) rule 108 (decision of the Tribunal on request for permission to appeal);

(m) rule 109 (references to the European Court),

may be done by the President or a chairman acting alone.

(2) If so authorised by the President, the Registrar may, subject to paragraph (3) and without prejudice to rule 104(5)—

(a) make any order by consent (except where rule 106(2) applies);

(b) make a direction under rule 9(7);

(c) deal with extensions or abridgments of time limits under rule 19(2)(m), except a request for an extension of time for filing an appeal or application under Part 2 or Part 3 of these Rules;

(d) deal with requests for confidential treatment under rule 101;

(e) exercise the Tribunal's powers in respect of the service of documents under rule 111.

(3) A party may within five days of any decision by the Registrar in accordance with paragraph (2) request in writing that the decision be reviewed by the President, and the President may determine the matter acting alone or refer the matter to a chairman or to the Tribunal.

**Documents etc.**

**111.**—(1) Subject to paragraph (16), any document required to be sent to or served on any person for the purposes of proceedings under these Rules (including documents required to be sent to the Registrar for filing) may be—

(a) delivered personally at the appropriate address;

(b) sent to that person at the appropriate address by first class post;

(c) served through a document exchange or by any other service which provides for delivery on the next business day;

(d) where authorised by the Tribunal, sent to that person by fax or other means of electronic communication; or

(e) sent or served in such other manner as may be specified by practice direction.

(2) Where it appears to the Tribunal that there is a good reason to authorise service by a method or at a place not otherwise permitted by these Rules, the Tribunal may of its own initiative or on the request of a party make an order permitting and specifying an alternative method of service or place, and specifying when the document is to be deemed to be served.

(3) The Tribunal may dispense with service of a document if the interests of justice so require.

(4) A document which is filed, sent to or served on a person in accordance with these Rules is to be treated as if it had been filed, received by or served on that person—

(a) in the case of personal delivery, on the day of delivery;

(b) when sent by first class post, through a document exchange or any other service in accordance with paragraph (1)(c), on the second day after it was posted or left at the document exchange or delivered to or collected by the relevant service provider; and

(c) in the case of a fax or other electronic communication sent on a business day before 5pm, on that day, or in any other case, on the next business day.

(5) If a document (other than a fax or other electronic communication) is filed, sent or served or is treated in accordance with paragraph (4) as having been filed, sent or served at or after 5pm on a business day, or at any time on a Saturday, Sunday or a Bank Holiday, the document is to be treated as having been filed, sent or served on the next business day.

(6) For the purposes of these Rules "business day" means any day except Saturday, Sunday or a Bank Holiday and "Bank Holiday" includes Christmas Day and Good Friday.

Certified copy from legislation.gov.uk Publishing

(7) With regard to an appeal or application made under Part 2 or 3 of these Rules, the appropriate address for a person for the purposes of paragraph (1) is—

(a) in the case of a document directed to the appellant or applicant (or to its representative), the address stated in the notice of appeal or notice of application , or such other address as may be subsequently notified to the Tribunal;

(b) in the case of a document addressed to the respondent, the address stated in the defence, or such other address as may be subsequently notified to the Tribunal;

(c) in the case of an intervener, the address stated in the request to intervene, or such other address as may be subsequently notified to the Tribunal.

(8) With regard to a claim made or collective proceedings brought under Part 4 or 5 of these Rules, the appropriate address for a person for the purposes of paragraph (1) is—

(a) in the case of a document directed to the claimant or the person applying for a collective proceedings order, the address stated in the claim form or the collective proceedings claim form or such other address as may be notified by the Tribunal;

(b) in the case of a claim form to be served on the defendant, subject to paragraph (9), the address of the defendant stated in the claim form or the collective proceedings claim form;

(c) in the case of any other document addressed to the defendant, the address stated in that defendant's acknowledgment of service filed with the Tribunal or such other address as may be subsequently notified to the Tribunal.

(9) Where—

(a) the defendant has given in writing the business address within the jurisdiction of a legal representative as an address at which the defendant may be served with the claim form or collective proceedings claim form; or

(b) a legal representative acting for the defendant has notified the claimant or person applying for a collective proceedings order in writing that the legal representative is instructed by the defendant to accept service of the claim form or collective proceedings claim form on behalf of the defendant at a business address within the jurisdiction,

the claim form or collective proceedings claim form shall be served at the business address of that legal representative.

(10) The appropriate address for the Registrar and Tribunal for the purposes of paragraph (1) is the Tribunal's address for service in accordance with rule 6.

(11) Where the address for service of a party changes, that party shall give notice in writing of the change as soon as it has taken place to the Tribunal and every other party.

(12) Anything required to be sent to or served on a company or other corporation is duly sent or served if it is sent to or served on a person holding a senior position within the company or corporation; and for that purpose, each of the following persons is a person holding a senior position—

(a) in respect of a registered company or corporation, a director, the treasurer, the secretary of the company or corporation, the chief executive or other officer of the company or corporation; and

(b) in respect of a company or corporation which is not registered, in addition to any of the persons set out in paragraph (a), the mayor, the chairman, the president, a town clerk or similar officer of the company or corporation.

(13) Anything required to be sent or delivered to or served on a partnership is duly sent or served if it is sent to or served on any one of the partners for the time being or a person who, at the time of service, has the control or management of the partnership business at its principal place of business.

(14) Where—

(a) a document is to be served by the Tribunal; and

(b) the Tribunal is unable to serve it,

Certified copy from legislation.gov.uk Publishing

the Tribunal shall send a notice of non-service, stating the method attempted, to the other parties to the proceedings.

(15) The Registrar shall, at the request of the Tribunal, or any party, certify the steps taken to serve a document in accordance with this rule, including the date and manner of service.

(16) With regard to a claim form or collective proceedings claim form to be served on a defendant outside the jurisdiction (and subject to rules 31, 33(2) and 76(2)), the claimant or person applying for a collective proceedings order shall serve the claim form or collective proceedings claim form by any method permissible under Part 6 of the CPR in relation to proceedings in England and Wales or the equivalent provisions in the equivalent procedural rules for Scotland or Northern Ireland in relation to proceedings taking place in Scotland or Northern Ireland respectively.

### Time

**112.**—(1) Unless otherwise specified, an act required by the Tribunal, the President, a chairman or the Registrar, or by these Rules, to be done on or by a particular day shall be done before 5pm on that day.

(2) Where a period expressed in days, weeks or months is to be calculated from the moment at which an event occurs or an action takes place, the day during which that event occurs or that action takes place is not to be counted as falling within the period in question.

(3) A period expressed in weeks or months ends with the expiry of whichever day in the last week or month is the same day of the week or falls on the same date in the month, as the day during which the event or action from which the period is to be calculated occurred or took place; and if, in a period expressed in months, the day on which it should expire does not occur in the last month, the period ends with the expiry of the last day of that month.

(4) "Month" means calendar month.

(5) Where the time prescribed for doing any act expires on a Saturday, Sunday or Bank Holiday, the act is in time if done on the next following day which is not a Saturday, Sunday or Bank Holiday.

### Funding Arrangements

**113.** Subject to section 47C(8) of the 1998 Act(**a**) and rule 93(4), the rules on funding arrangements made under Part 2 of the Courts and Legal Services Act 1990(**b**) apply to proceedings before the Tribunal.

### Irregularities

**114.**—(1) Any irregularity resulting from failure to comply with any provision of these Rules before the Tribunal has reached its decision does not of itself render the proceedings void.

(2) Where any such irregularity comes to the attention of the Tribunal, the Tribunal may, and shall if it considers any person may have been prejudiced by the irregularity, give such directions as it thinks just, to cure or waive the irregularity before reaching its decision.

(3) Clerical mistakes in any document recording a direction, order or decision of the Tribunal, the President, a chairman or the Registrar, or errors arising in such a document from an accidental slip or omission, may be corrected by the President, that chairman or the Registrar, as the case may be, by—

(a) sending notification of the amended direction, order or decision, or a copy of the amended document, to each party; and

---

(**a**) 1998 c.41; section 47C of the Competition Act 1889 was inserted by paragraph 6 of Schedule 8 to the Consumer Rights Act 2015 (c. 15).
(**b**) 1990 c. 41.

Certified copy from legislation.gov.uk Publishing

(b) making the necessary amendment to any information published on the Tribunal website in relation to the direction, order or decision.

**General power of the Tribunal**

**115.**—(1) Subject to the provisions of these Rules, the Tribunal may regulate its own procedure.

(2) A power of the Tribunal under these Rules to make an order or direction includes a power to vary or revoke the order or direction.

(3) The President may issue practice directions in relation to the procedures provided for by these Rules.

## PART 7

## REFERENCE OF PRICE CONTROL MATTERS TO THE CMA UNDER THE 2003 ACT

**Reference of price control matters to the CMA**

**116.**—(1) For the purposes of subsection (1) of section 193 of the 2003 Act (reference of price control matters to the CMA)(**a**), there is specified every price control matter falling within subsection (10) of that section which is disputed between the parties and which relates to—

(a) the principles applied in setting the condition which imposes the price control in question,

(b) the methods applied or calculations used or data used in determining that price control, or

(c) what the provisions imposing the price control which are contained in that condition should be (including at what level the price control should be set).

(2) The Tribunal shall refer to the CMA for determination in accordance with section 193 of the 2003 Act and rule 117 every matter which, either upon consideration of any statement provided for in rules 9(5) or 15(4) or in the subsequent course of the appeal, the Tribunal decides is a specified price control matter.

(3) The Tribunal may make a reference to the CMA under paragraph (2) at any time before it delivers its decision.

**Determination by the CMA of price control matters**

**117.**—(1) Subject to any directions given by the Tribunal (which may be given at any time before the CMA has made its determination), the CMA shall determine every price control matter within four months of receipt by it of the reference.

(2) The Tribunal may give directions as to the procedure in accordance with which the CMA is to make its determination.

(3) The Tribunal may give directions under this rule of its own motion or upon the application of the CMA or of any party.

## PART 8

## REVOCATION AND SAVINGS

**Revocation**

**118.** The following Rules are revoked—

(**a**) 2003 c. 21; section 193 was amended by paragraph 98 of Schedule 6 to the Enterprise and Regulatory Reform Act 2013 (c. 24).

Certified copy from legislation.gov.uk Publishing

(a) the Competition Appeal Tribunal Rules 2003(**a**)

(b) the Competition Appeal Tribunal (Amendment and Communications Act Appeals) Rules 2004(**b**).

**Savings**

**119.**—(1) Proceedings commenced before the Tribunal before 1st October 2015 continue to be governed by the Competition Appeal Tribunal Rules 2003 (the "2003 Rules") as if they had not been revoked.

(2) Rule 31(1) to (3) of the 2003 Rules (time limit for making a claim) continues to apply in respect of a claim which falls within paragraph (3) for the purposes of determining the limitation or prescriptive period which would apply in respect of the claim if it were to be made on or after 1st October 2015 in—

(a) proceedings under section 47A of the 1998 Act, or

(b) collective proceedings.

(3) A claim falls within this paragraph if—

(a) it is a claim to which section 47A of the 1998 Act applies; and

(b) the claim arose before 1st October 2015.

(4) Section 47A(7) and (8) of the 1998 Act as they had effect before they were substituted by paragraph 4 of Schedule 8 to the Consumer Rights Act 2015(**c**) continue to apply to the extent necessary for the purposes of paragraph (2).

# PART 9

## REVIEW

**Review**

**120.**—(1) The Secretary of State shall from time to time—

(a) carry out a review of these Rules,

(b) set out the conclusions of the review in a report, and

(c) publish the report.

(2) The report shall in particular—

(a) set out the objectives intended to be achieved by the regulatory system established by these Rules,

(b) assess the extent to which those objectives are achieved, and

(c) assess whether those objectives remain appropriate and, if so, the extent to which they could be achieved with a system that imposes less regulation.

(3) The first report under this rule is to be published before 1st October 2020.

(4) Reports under this rule are afterwards to be published at intervals not exceeding five years.

*Nick Boles*
Minister of State for Skills
7th September 2015 Department for Business, Innovation and Skills

---

(**a**) S.I. 2003/1372; amended by paragraph 5 of Schedule 11 to the Constitutional Reform Act 2005, s 59(5), Sch 11, Pt 3, para 5 SI 2004/2068, S.I. 2011/1043 and S.I. 2012/1809.
(**b**) S.I. 2004/2068, to which there are amendments not relevant to this Instrument.
(**c**) 2015 c. 15.

Certified copy from legislation.gov.uk Publishing

## EXPLANATORY NOTE

*(This note is not part of the Rules)*

These Rules replace the Competition Appeal Tribunal Rules 2003 (S.I. 2003/1372) and the Competition Appeal Tribunal (Amendment and Communications Act Appeals) Rules 2004 (S.I. 2004/2068), which are revoked subject to savings in rule 119.

The Rules prescribe the procedure to be followed before the Competition Appeal Tribunal established by section 12 of the Enterprise Act 2002 (c. 40) in relation to proceedings before the Tribunal including proceedings under the Competition Act 1998 (c. 41), the Enterprise Act 2002 and the Communications Act 2003 (c. 21).

Part 1 of the Rules contains general provisions including definitions, the governing principles in accordance with which the Rules are to be applied and interpreted by the Tribunal and requirements on parties to co-operate.

Part 2 contains general provision governing the procedure for all proceedings before the Tribunal including provision in relation to the commencement of appeal proceedings and the response to an appeal. Part 2 also contains provision on the preparation of cases for hearing, including the Tribunal's case management powers and provisions regarding evidence and witnesses and the Tribunal's powers to make interim orders.

Part 3 makes specific provision in relation to proceedings under the Enterprise Act 2002 for the review by the Tribunal of decisions in connection with mergers and market investigations and for appeals against penalties under that Act.

Part 4 makes provision in relation to proceedings under section 47A of the Competition Act 1998 (private actions claiming damages for breaches of competition law) as substituted by Schedule 8 to the Consumer Rights Act 2015 (c. 15). This Part provides for the commencement of claims, responses to claims and offers to settle. It includes case management powers for the Tribunal, as well as the power to strike out claims, order similar matters to be heard together, and to add or substitute parties. Part 4 also includes rules reflecting the changes to the regime for private actions introduced by the Consumer Rights Act 2015. In particular, it provides for a fast-track procedure for simpler cases, gives the Tribunal the power to grant injunctions and provides for disclosure in private actions, including pre-action disclosure.

Part 5 regulates the procedure for collective actions under section 47B of the Competition Act 1998 as substituted by the Consumer Rights Act 2015 (which involve a case being brought forward on behalf of a group of claimants to obtain compensation for their losses). It also introduces rules relating to opt-out collective proceedings, which sit alongside the existing opt-in regime. In opt-out proceedings eligible consumers or businesses are automatically included in the proceedings unless they actively choose not to be. It also includes procedure for the authorisation of a class representative and for the certification of claims as being eligible for inclusion in collective proceedings. Part 5 also contains provision for collective settlements.

Part 6 contains general and supplementary provision regarding proceedings before the Tribunal, including provision on hearings, decisions and on appeals from decisions of the Tribunal.

Part 7 contains provision in relation to the reference of price control matters to the Competition and Markets Authority under the Communications Act 2003.

Part 8 revokes existing Rules and makes savings and Part 9 provides for the Secretary of State to review the operation and effect of the Rules and publish a report before 1st October 2020 and every five years after that. Following a review it will fall to the Secretary of State to consider whether the Rules should remain as they are, or be revoked or amended. A further instrument would be needed to revoke the Rules or to amend them.

An impact assessment of the impact that these Rules will have on the costs of business, the voluntary sector and the public sector is available from the Consumer and Competition Policy Directorate, Department for Business, Innovation and Skills, 1 Victoria Street, London SW1H

Certified copy from legislation.gov.uk Publishing

0ET and is also published with the Explanatory Memorandum alongside these Rules on www.legislation.gov.uk.