# EXHIBIT 5

**IN THE COMPETITION APPEAL TRIBUNAL**

Case No: 1382/7/7/21

BETWEEN:

**CONSUMERS' ASSOCIATION**

Class Representative

- v -

**QUALCOMM INCORPORATED**

Defendant

# ORDER

**UPON** the Tribunal's Order made by consent on 9 December 2021 establishing a Confidentiality Ring in these proceedings, as amended by the Tribunal's Order made by consent on 3 October 2022 (the "Confidentiality Ring Order")

**AND UPON** the Tribunal's Order made on 13 January 2023 and amended by further Orders made by consent on 17 and 24 February,7 and 8 March 2023 and 6 April 2023 (the "Second CMC Order")

**AND UPON** the application filed on 3 March 2023 by the solicitors for Apple Inc. ("Apple") pursuant to paragraph 12 of the Second CMC Order proposing amendments to the Confidentiality Ring Order

**AND UPON** the Class Representative and the Defendant (the "Parties") to the proceedings (the Proceedings), having agreed with each other and with Apple that documents containing confidential information be subject to the revised confidentiality terms contained in this Order (the "Revised Confidentiality Terms") (the "Revised Confidentiality Order")

**AND UPON** the application of the Class Representative dated 19June 2023, with the consent of the Defendant and Apple, to vary paragraph 2.1.7(a) of the Revised Confidentiality Order

**AND HAVING REGARD TO** the Tribunal's powers under the Competition Appeal Tribunal Rules 2015 (the "Tribunal Rules") (Rules 53(h), 101 and 102)

**AND UPON** the Parties and Apple having agreed to the terms of this Order

**1. IT IS ORDERED BY CONSENT THAT:**

1. The Revised Confidentiality Terms in this Order shall supersede the Confidentiality Terms of the Confidentiality Ring Order in their entirety.

2. **DEFINITIONS**

2.1 For the purpose of these Revised Confidentiality Terms:

2.1.1 **Confidential Information** means Inner Confidentiality Ring Information and Outer Confidentiality Ring Information.

2.1.2 **Class Representative** means Consumers' Association (known as Which?).

2.1.3 **Defendant** means Qualcomm Incorporated.

2.1.4 **Disclosing Party** means the Party or Third Party that disclosed that document.

2.1.5 **Guide** means the Tribunal's 2015 Guide to Proceedings.

2.1.6 **Inner Confidentiality Ring Information** means:

(a) documents provided by a Party, including any part of those documents and any information contained within those documents, cumulatively which:

(i) the Disclosing Party has disclosed, which are sensitive and confidential documents or information: (i) disclosure of which to another Party or third party could significantly harm the legitimate business interests of the persons or undertakings to which it relates and that could not be avoided by less restrictive means; and (ii) is (or is likely to be) accorded confidential treatment pursuant to Rule 99 and/or Rule 101 of the Competition Appeal Tribunal Rules 2015; and

(ii) the Disclosing Party or the Tribunal has designated as Inner

Confidentiality Ring Information in accordance with paragraph 6 below; and

(iii) has not subsequently been re-designated Outer Confidentiality Ring Information or not confidential, either by consent or by order of the Tribunal; and

(b) documents which contain, reproduce, or reflect the content of the documents/information provided under paragraph 2.1.6(a), such as:

(i) working documents created by the receiving Party or its advisers or experts;

(ii) *inter partes* correspondence;

(iii) documents filed at the Tribunal, such as pleadings, witness evidence, expert reports, skeleton arguments, applications and draft orders; and

(iv) transcripts prepared by a third party service provider;

but

(c) the following documents/information will not be Inner Confidentiality Ring Information:

(i) redacted versions of the documents described at paragraph 2.1.6(b) if they have been redacted so that they no longer contain or refer to the content of the documents/information provided under paragraph 2.1.6(a); and

(ii) documents that use Inner Confidentiality Ring Information (for example, to provide an aggregation of Inner Confidentiality Ring Information) but which do not reveal the content of Inner Confidentiality Ring Information.

2.1.7 **Inner Confidentiality Ring Members** are:

(a) those persons listed in Annex A (as amended from time to time pursuant to paragraph 5 below or by an order of the Tribunal) who are external professional advisers of the Parties or in-house legal counsel of the Parties, who have no involvement or reasonably foreseeable

involvement in competitive decision-making on behalf of the Parties in respect of any Third Party, and have provided a copy of their signed undertakings to all Party(ies) and the Tribunal in the form set out in Annex C and (in the case of those persons who are added as Inner Confidentiality Ring Members in accordance with the provisions of paragraph 5 below) where the Proposing Party (as defined below) has complied with paragraph 5.1. In respect of the Class Representative, in-house legal counsel with membership of the Inner Confidentiality Ring shall be limited to three individuals (comprising Charmian Averty, Thomas Clark and Lisa Webb). Any further additions or replacements of in-house legal members of the Inner Confidentiality Ring by the Class Representative shall be subject to the consent of the Parties and any Third Party that has disclosed, or whose documents have been disclosed with notice that they are or contain, Inner Confidentiality Ring Information, such consent not to be unreasonably withheld;

(b) necessary secretarial, business services or other support personnel, including for the avoidance of doubt internal providers of eDisclosure or litigation support services (not including trainee solicitors or paralegals), IT, reprographics staff and clerks, acting under the supervision and/or instructions of the persons identified at paragraph 2.1.7(a) for the purpose of the Proceedings, provided that such personnel have been informed of the confidential nature of the Confidential Information and the terms of Annex C; and

(c) any external eDisclosure or litigation support provider (including transcription service providers) engaged by any Party in connection with these Proceedings to provide eDisclosure or similar services in support of those persons identified at paragraph 2.1.7(a) above, who may have access to Inner Confidentiality Ring Information as a necessary consequence of the provision of the said services, provided that such providers have been informed of the confidential nature of the Confidential Information and the terms of Annex C.

2.1.8 **Outer Confidentiality Ring Information** means:

(a) documents or information provided by a Party, including any part of

those documents and any information contained within those documents which:

(i) the Disclosing Party has disclosed; and

(ii) the Disclosing Party or the Tribunal has designated as Outer Confidentiality Ring Information in accordance with paragraph 6 below; and

(iii) has not subsequently been re-designated Inner Confidentiality Ring Information or not confidential, either by consent or by order of the Tribunal; and

(b) documents which contain, reproduce, or reflect the content of the documents/information provided under paragraph 2.1.8(a), such as:

(i) working documents created by the receiving Party or its advisers or experts;

(ii) *inter partes* correspondence;

(iii) documents filed at the Tribunal, such as pleadings, witness evidence, expert reports, skeleton arguments, applications and draft orders; and

(iv) transcripts prepared by a third party service provider;

but

(c) the following documents/information will not be Outer Confidentiality Ring Information:

(i) redacted versions of the documents described at paragraph 2.1.8(b) above if they have been redacted so that they no longer contain or refer to the content of the documents/information provided under paragraph 2.1.8(a); and

(ii) documents that use Outer Confidentiality Ring Information (for example, to provide an aggregation of Outer Confidentiality Ring Information) but which do not reveal the content of Outer Confidentiality Ring Information..

2.1.9 **Outer Confidentiality Ring Members** are:

(a) Inner Confidentiality Ring Members; and

(b) those persons listed in Annex B, as amended from time to time in accordance with the provisions of paragraph 5 below or by an order of the Tribunal, who have given a signed undertaking in the terms of Annex D, that has been provided to all Parties and (in the case of those persons who are added as Outer Confidentiality Ring Members in accordance with the provisions of paragraph 5 below) where the Proposing Party (as defined below) has complied with paragraph 5.1;

(c) necessary secretarial and other support personnel including for the avoidance of doubt internal providers of eDisclosure or litigation support services (not including trainee solicitors or paralegals), IT, reprographics staff and clerks, acting under the supervision of those persons identified in paragraphs 2.1.9(a) and 2.1.9(b) above for the purpose of the Proceedings, provided that such personnel have been informed of the Confidential Information and the terms of Annex D; and

(d) any external eDisclosure or litigation support provider (including transcription service providers) engaged by any Party for the purpose of the Proceedings to provide eDisclosure or similar services in support of those persons identified in paragraphs 2.1.9(a) and 2.1.9(b) above, who may have access to Outer Confidentiality Ring Information as a necessary consequence of the provision of their services, provided that such provider has been informed of the confidential nature of the Confidential Information and the terms of Annex D.

2.1.10 **Party** means the Class Representative or the Defendant.

3. Third Party means any third party to these Proceedings whose documents have been disclosed as part of these Proceedings.

## 4. CONFIDENTIAL INFORMATION

4.1 Inner Confidentiality Ring Information provided in the context of the Proceedings is to be provided or made available solely to the Inner Confidentiality Ring Members, to be

held by them on the terms set out in Annex C of these Revised Confidentiality Terms, subject to the following paragraphs of these Revised Confidentiality Terms.

4.2 Confidential Information shall exclude information which is already published or generally available to the public or becomes published or generally available to the public, other than through the act or omission of a receiving Party or an Inner or Outer Confidentiality Ring Member.

4.3 Outer Confidentiality Ring Information provided in the context of the Proceedings is to be provided or made available solely to the Outer Confidentiality Ring Members, to be held by them on the terms as set out in:

4.3.1 if the individual is also an Inner Confidentiality Ring Member, Annex C, subject to the following paragraphs of these Revised Confidentiality Terms; or

4.3.2 if the individual is not also an Inner Confidentiality Ring Member, Annex D, subject to the following paragraphs of these Revised Confidentiality Terms.

## 5. DISCLOSURE OF AND INSPECTION OF CONFIDENTIAL INFORMATION

5.1 Disclosure and inspection of any document containing Confidential Information shall be restricted to Inner and Outer Confidentiality Ring Members on the basis that:

5.1.1 the recipient Inner or Outer Confidentiality Ring Member holds the Confidential Information on the terms set out in Annex C or D (as relevant);

5.1.2 any such Confidential Information will be treated by the Inner Confidentiality Ring Member as Inner Confidentiality Ring Information and by the Outer Confidentiality Ring Member as Outer Confidentiality Ring Information and will be used solely for the purpose of the proper conduct of the Proceedings; andno such Inner or Outer Confidentiality Ring Member will, save as expressly provided for by the Revised Confidentiality Terms, discuss, disclose, copy, reproduce or distribute any Confidential Information.

5.2 Provided it is for the purpose of the proper conduct of the Proceedings, nothing in these Revised Confidentiality Terms shall prohibit any Inner or Outer Confidentiality Ring Member from:

5.2.1 making notes or copies of, or preparing reports, submissions or other documents

concerning, containing or reflecting any Confidential Information (which notes, copies, reports, submissions or other documents would themselves be Confidential Information); and

5.2.2 disclosing any Confidential Information to any other person who is an Inner or Outer Confidentiality Ring Member provided that no Confidential Information shall be directly or indirectly disclosed beyond Inner or Outer Confidentiality Ring Members.

5.3 During any hearing, each Party wishing to refer to Confidential Information shall be responsible for indicating to the Tribunal that the document contains Confidential Information.

5.4 In the event of any disclosure of Confidential Information other than as authorised by these Revised Confidentiality Terms (including any unintentional or inadvertent disclosure):

5.4.1 solicitors representing the improperly disclosing Party shall immediately notify the improper recipient(s), the solicitors for all Parties and the representatives of any Third Party (where relevant) to whom the Confidential Information belongs;

5.4.2 the improperly disclosing Party shall use all reasonable endeavours to further prevent unauthorised disclosure including retrieving all copies of the Confidential Information from the improper recipient(s); and

5.5 the improperly disclosing Party shall use all reasonable endeavours to secure the agreement (in writing) of the improper recipient(s) not to further disseminate the Confidential Information in any form.Nothing in these Revised Confidentiality Terms shall prevent or prohibit a receiving Party from disclosing Confidential Information to a person who is not an Inner or Outer Confidentiality Ring Member and/or referring to such documents or information in open Tribunal insofar as any such disclosure has been authorised in writing by the Disclosing Party.

5.6 If at any time any Confidential Information is made the subject of a court disclosure or discovery order (or similar) anywhere in the world, the person upon whom the order is served shall, within a reasonable period and in any event no later than 5 working days from the date of receipt of such an order, give written notice to the Party or Third Party (or the solicitors of the Party or Third Party) to whom the Confidential Information belongs. If the Party or Third Party to whom the Confidential Information belongs does

not take steps to prevent the further disclosure of such Confidential Information within 10 working days of the date on which such written notice was given, the Party against whom the order was made may produce such Confidential Information but shall take all reasonable measures to have the Confidential Information treated in accordance with the Revised Confidentiality Terms. For the avoidance of doubt, this paragraph only applies to a Party who is the recipient of Confidential Information provided in the Proceedings and does not apply to the Disclosing Party.

5.7 For the avoidance of doubt, if a Disclosing Party intends to disclose any document originating from a Third Party (save where the said document or the information contained therein has already been disclosed in the Proceedings or is otherwise in the public domain), before any disclosure is made of that document, the Disclosing Party shall provide the relevant Third Party with reasonable notice of the intended disclosure. The Disclosing Party shall allow 10 working days for the Third Party to respond to any such notice. If the Third Party does not take steps to designate such information as Inner Confidentiality Ring Information within 10 working days of the date on which such written notice was given, the Disclosing Party may produce the document in the Proceedings but shall designate such document as Outer Confidentiality Ring Information.

6. **ADDITION OR REMOVAL OF PERSONS FROM THE INNER OR OUTER CONFIDENTIALITY RING**

6.1 A Party (the **Proposing Party**) seeking to designate an additional person as an Inner or Outer Confidentiality Ring Member must:

6.1.1 seek permission in writing from the other Party (the **Receiving Party**) for the additional person to be designated as an Inner or Outer Confidentiality Ring Member;

6.1.2 when requesting such written permission generally, provide details of that person's name, role, and an explanation of why their designation as an Inner or Outer Confidentiality Ring Member is reasonable and necessary;

6.1.3 when requesting such written permission for external economists, also provide that person's company details and *curriculum vitae;*

6.2 The Receiving Party shall confirm within five (5) clear working days of receipt of the written request referred to in paragraph 5.1 whether they consent to the additional

person being designated as an Inner or Outer Confidentiality Ring Member. Such consent shall not be unreasonably withheld.

6.3 If the Receiving Party does not consent under paragraph 5.2 to the person being designated an Inner or Outer Confidentiality Ring Member, then the Receiving Party must provide written reasons for why permission is refused within five (5) clear working days of receipt of the written request referred to in paragraph 5.1.

6.4 If express consent under paragraph 5.2 is given by the Receiving Party, or the Receiving Party raises no objection in accordance with paragraph 5.3 above within five (5) clear working days of receipt of the written request, the additional person shall be required to sign the undertakings at Annex C or D (as applicable) and provide a copy of the signed undertakings to the Receiving Party and the Tribunal. They will then be designated as an Inner or Outer Confidentiality Ring Member (as applicable).

6.5 If an objection referred to in paragraph 5.3 above is received, the Proposing Party may apply to the Tribunal, provided written notice of such application is given to the other Party. The additional person will become an Inner or Outer Confidentiality Ring Member (as applicable) if the Tribunal so orders. Such additional person shall sign the undertakings at Annex C or D (as applicable) and provide a copy of the signed undertakings to the Receiving Party and the Tribunal.

6.6 If a Party wishes to remove a person as an Inner or Outer Confidentiality Ring Member, that Party shall notify the other Party. The Party must also comply with paragraph 8 (subject to paragraphs 8.2 and 8.3) by requiring the person to be removed from the Inner or Outer Confidentiality Ring to immediately destroy (insofar as technologically feasible) all Confidential Information in their possession. For the avoidance of doubt, a Party may only remove an Inner or Outer Confidentiality Ring Member from their own Party.

6.7 Annex A and B reflect the current list of individuals who are Inner or Outer Confidentiality Ring Members (as relevant), who have provided the information set out in paragraphs 5.1.2 or 5.1.3 (as applicable) and who have signed the undertakings at Annex C or D (as applicable) and provided a copy to all Party(ies) and the Tribunal in accordance with this paragraph.

6.8 The Party(ies) shall keep Annex A and B updated, and shall provide an updated Annex A and B to the Tribunal when additional persons being designated as an Inner or Outer

Confidentiality Ring Member (as appropriate) provide the Tribunal with a copy of signed undertakings in accordance with paragraphs 5.4 or 5.5 and/or when a person is removed as a Permitted Person in accordance with paragraph 5.6. For the avoidance of doubt, there is no requirement to amend this Order when updating the Inner or Outer Confidentiality Ring Members listed in Annex A or B (as applicable).

## 7. DESIGNATION OF CONFIDENTIAL INFORMATION

7.1 Any document containing Inner or Outer Confidentiality Ring Information shall be designated as such by the Party that introduces the document into the Proceedings. The following procedures shall apply:

7.1.1 the Disclosing Party must notify the receiving Party in writing (in compliance with paragraph 7.46 of the Guide) that it is disclosing a document containing Inner or Outer Confidentiality Ring Information, supported by reasons;

7.1.2 a designation of 'not confidential' means that the document does not contain Confidential Information. For the avoidance of doubt, in the event of a designation of not confidential, Rule 102 continues to apply (to the extent it would otherwise have applied);

7.1.3 failure to provide a designation for a document at the time the document is disclosed means the document shall be deemed not to contain Confidential Information;

7.1.4 a Party may alter the designation of a document/information in accordance with paragraph 7.1 of these Revised Confidentiality Terms; and

7.1.5 the designation of any document as containing Confidential Information by a Party may be challenged in accordance with paragraph 7 of these Revised Confidentiality Terms.

7.2 Each Party shall be responsible for labelling and highlighting any Confidential Information in documents disclosed by them in the following ways:

7.2.1 Any bundle index will state which documents contain Confidential Information and identify the Party to which the Confidential Information relates.

7.2.2 The specific text that is Confidential Information in a document will be denoted

by square brackets and highlighted in colour and the top of each page that contains Confidential Information will be clearly labelled with 'CONTAINS AND/OR REFERS TO CONFIDENTIAL INFORMATION', unless the entire document is designated as Confidential Information, in which case, the Disclosing Party will make clear on its face or by using coloured paper/tabs that the entire document is to be treated as Confidential Information.

8. **CHALLENGE TO CONFIDENTIAL DESIGNATION**

8.1 A Party may request that the designation of a document be amended from (i) Inner Confidentiality Ring Information to Outer Confidentiality Ring Information, or (ii) from Outer Confidentiality Ring Information to 'not confidential' as follows:

8.1.1 The requesting Party must provide a written request to the other Party and any relevant Third Party specifying the following:

(a) the relevant document concerned;

(b) the designation the requesting Party considers to be appropriate; and

(c) why it is reasonable and necessary for the designation of the document to be altered.

8.1.2 After receipt of a request under paragraph 7.1 above, the other Party and any relevant Third Party may consent in writing to amend the designation of the document, with such consent not to be unreasonably withheld and, in any event, a response should be provided within 14 clear working days of having initially received the written request referred to a paragraph 7.1.1 above.

8.1.3 In the event that the other Party or relevant Third Party does not respond to the written request referred to at paragraph 7.1.1 above within 14 clear working days of the request being sent, the other Party or relevant Third Party shall be deemed to consent to the amendment to the designation of the relevant document sought by the requesting Party.

8.1.4 Should the consent referred to in paragraph 7.1.2 above not be obtained, the requesting Party may apply to the Tribunal for an order that the relevant document (or parts of it) should be designated as Outer Confidentiality Ring Information or 'not confidential', provided that 5 clear working days' notice is given of that application to the other Party or relevant Third Party. Save for

where there are exceptional reasons that justify a hearing, applications under this paragraph 7.1.4 are to be dealt with on paper. For the avoidance of doubt, the initial confidentiality designation of the document(s) in question shall remain at their initial designation until the Tribunal makes its determination.

8.2 The deadlines in this paragraph 7 may be extended by agreement between the Parties. Consent to a request for an extension shall not be unreasonably withheld.

## 9. COPIES OF CONFIDENTIAL INFORMATION

9.1 The production of further copies of the Confidential Information shall be strictly limited to those required by the Inner or Outer Confidentiality Ring Members to whom they are disclosed.

9.2 Subject to the exceptions in paragraph 8.3 below, each Party and Inner or Outer Confidentiality Ring Member must destroy copies of all documents containing Confidential Information provided pursuant to these Revised Confidentiality Terms (in both hard and soft copy) (insofar as technologically feasible) at the conclusion of Proceedings (including the determination of any appeals), or when that Party or Inner or Outer Confidentiality Ring Member ceases to be involved in the Proceedings (including the determination of any appeals). At such time, that Party shall notify its Inner and Outer Confidentiality Ring Members that they must destroy (insofar as technologically feasible) all Confidential Information in their possession. Each Party shall notify the other Party within two months that the Confidential Information has been destroyed (insofar as technologically feasible) or, if longer than two months is required, the date by which such Confidential Information will be destroyed and confirmation of the same provided to the other Party.

9.3 The obligation in paragraph 8.2 above is subject to the following exceptions:

9.3.1 paragraph 8.2 does not apply to solicitors' or counsel's notes subject to continued compliance with all other Revised Confidentiality Terms;

9.3.2 paragraph 8.2 does not create an obligation to search for transitory or deeply stored soft copies of Confidential Information which may exist but which cannot be recovered without special measures, provided that such documents and/or information will be promptly deleted in the event of the restoration of such copies;

9.3.3 paragraph 8.2 does not apply to a Party's copies of pleadings, evidence, skeleton arguments, transcripts, applications, draft orders, correspondence referred to at trial or in a hearing or submitted in the Proceedings as well as lawyer work product referring to Confidential Information, subject to continued compliance with the terms of this Order in respect of the Confidential Information contained within such documents; and

9.3.4 paragraph 8.2 does not apply to Party in respect of the Confidential Information it provided.

10. **NOTICES**

10.1 Any notice, consent or objection to be given under or in connection with these Revised Confidentiality Terms (each **Notice** for the purposes of this paragraph) shall be in writing.

10.2 Where a Disclosing Party which is a Third Party discloses material in the Proceedings, that Disclosing Party shall provide to the other Parties details of the representatives who may receive any Notice sent to the Disclosing Party for the purposes of this paragraph 9 only.

10.3 Service of a Notice must be effected by email.

10.4 Notices shall be addressed as follows:

10.4.1 Notices for the Class Representative shall be marked for the attention of Hausfeld & Co. LLP and sent to:

Email addresses: nboyle@hausfeld.com,
lrigby@hausfeld.com,
hausfeldqualcomm@hausfeld.com

Reference: NAB/LR/SE/LG L0261.0001

10.4.2 Notices for the Defendant shall be marked for the attention of Norton Rose Fulbright LLP and the Brussels office of Quinn Emanuel Urquhart & Sullivan LLP, and sent to:

Email addresses: mark.simpson@nortonrosefulbright.com,
caroline.thomas@nortonrosefulbright.com,
helen.fairhead@nortonrosefulbright.com,

LonAntitrustNRF-QCom@nortonrosefulbright.com,
miguelrato@quinnemanuel.com,
markenglish@quinnemanuel.com,
quinnqcukca@quinnemanuel.com

Reference: 1001225649/ MSIM/CTHO/HFAI

11. **GENERAL PROVISIONS**

11.1 The Revised Confidentiality Terms are intended to apply until superseded by subsequent order of the Tribunal.

11.2 In the event of any anticipated or actual breach of these Revised Confidentiality Terms, any Party may seek to enforce the Revised Confidentiality Terms.

11.3 These Revised Confidentiality Terms and any Undertakings given in relation to them are governed by and shall be construed in accordance with English law and each Party hereby irrevocably submits to the exclusive jurisdiction of the Courts of England and Wales.

11.4 Nothing in these Terms or the Annexes to these Terms shall prevent or prohibit any Inner Confidentiality Ring Members or Outer Confidentiality Ring Members (as may be extended from time to time) from acting in other proceedings.

11.5 There shall be liberty to apply to vary the terms of this Order, if appropriate.

11.6 The costs of compliance with and of drafting this Order shall be costs in the case save for costs incurred by the Parties or any Third Party in relation to a Third Party's application to enforce the terms of this Order pursuant to paragraph 10.7. Such costs are to be determined as part of that application.

11.7 In the event of any breach, or anticipated breach, of this Order in relation to Confidential Information that belongs to a Third Party, that Third Party shall be entitled to enforce its terms.

12. **STATUS OF PREVIOUSLY DESIGNATED DOCUMENTS AND UNDERTAKINGS**

12.1 Documents designated as containing or constituting Confidential Information by the Confidentiality Ring Order prior to the date of this Order are hereby designated as

containing or constituting Outer Confidentiality Ring Information for the purposes of this Order, as applicable.

12.2 All undertakings given prior to the date of this Order in respect of the Confidentiality Terms pursuant to the Confidentiality Ring Order shall be deemed given in respect of the terms set out in Annex D.

All undertakings given prior to the date of this Order in respect of the Revised Confidentiality Terms pursuant to the Revised Confidentiality Order shall be deemed given in respect of the terms set out in Annex C and D.

**The Hon Mrs Justice Bacon** Made: 21 June 2023
Chair of the Competition Appeal Tribunal Drawn: 22 June 2023

**ANNEX A**

**Inner Ring Confidentiality Members**

**The Class Representative's Inner Ring Confidentiality Members**

*The Class Representative*

Charmian Averty

Lisa Webb

Thomas Clark

*Counsel*

Jon Turner KC

Rob Williams KC (added April 2023)

Michael Armitage

Ciar McAndrew

Antonia Fitzpatrick (added April 2023)

(all of Monckton Chambers)

Daniel Alexander KC (added November 2022)

(of 8 New Square)

David Ivison (added November 2022)

(of 11 South Square)

*Solicitors (Hausfeld & Co. LLP)*

Nicola Boyle

Wessen Jazrawi

Lucy Rigby

Sofie Edwards

Luke Grimes

Jamie Nicolaides (added 3 March 2022)

Lida Tsakyraki (added 7 January 2022)

Abigail Thrasher

Hugh Morrison (added May 2023)

Andreea Melinti (added April 2023)

Til Ewart (added June 2023)

*External economists*

Robin Noble

Avantika Chowdhury

Joseph Bell

Peter Gerrish

Debby Moore

Thomas Nau (added 23 August 2022)

Quirijn Tanghe (added 17 January 2023)

Francesca Arduini (added 17 January 2023)

Emma Zabraniecki (added 17 January 2023)

(all of Oxera Consulting LLP)

**The Defendant's Inner Confidentiality Ring Members**

*The Defendant*

David Greenfield

Kurt Kjelland

Maricela Alberto

Sarah Bennington

Kim Alegado

Janet Sperling

Pam Schieffelin

Frank Qi

Alvaro Ramos

Steven Ejercito

Chris Longman

Thu Hoang

*Counsel*

Daniel Jowell KC

Nicholas Saunders KC

David Bailey

Emma Mockford

Jonathan Scott

Sophie Bird

(all of Brick Court Chambers)

*Lawyers (Quinn Emanuel Urquhart & Sullivan LLP)*

Miguel Rato

Marixenia Davilla

Athena Kontosakou

Hyunseok Doh

Maria Belen Gravano

Suzanne Ter-Minassian

*Solicitors (Norton Rose Fulbright LLP)*

Mark Simpson

Caroline Thomas

Helen Fairhead

Nuala Canavan

Verity Quartermain

Georgia Cairns

Gabrielle Martin

Miranda Malins

Mathew Derrington

Emily Scriven

Shay Vekeria

Hattie FitzGerald

Stephanie Rafferty

Jamie Popplewell

*External economists*

Jorge Padilla

Justin Coombs

Lau Nilausen

Thomas Bowman

Ben Dubowitz

Ying Li

Julie Klein

Mario Polus

Choo Zhixin

(all of Compass Lexecon)

**ANNEX B**

**Outer Confidentiality Ring Members**

**The Class Representative's Outer Confidentiality Ring Members**

*The Class Representative*

Mehraah Morgan

Andrew Pickard (added 5 August 2022)

Rocio Concha (added November 2022)

**The Defendant's Outer Confidentiality Ring Members**

*The Defendant*

Ann Chaplin

Alex Rogers

Fabian Gonell

**ANNEX C**

**UNDERTAKING**

**(TO BE PROVIDED BY INNER CONFIDENTIALITY RING MEMBERS)**

In respect of any Inner Confidentiality Ring Information and/or Outer Confidentiality Ring Information disclosed pursuant to this Order, each Inner Confidentiality Ring Member undertakes that they will comply with the following requirements to the extent applicable. The defined terms in this Order are used in this Annex.

I, [insert name], of [firm, company, or establishment] being [legal or other qualification] and regulated so far as my professional conduct is concerned [by regulatory body, if any] undertake to the Tribunal as follows:

1. I have read a copy of this Order and understand the implications of this Order, the provisions of the Revised Confidentiality Terms, and the giving of these undertakings.

2. I will treat all Confidential Information made available to me for the purpose of the Proceedings as confidential and will use any such Confidential Information only for the purpose of the proper conduct of the Proceedings. My obligations in these undertakings shall apply equally to any documents or information which incorporate Confidential Information (or part thereof) or any information contained therein, as defined in paragraph 2.1.1 of the Revised Confidentiality Terms.

3. Except as expressly contemplated by the Revised Confidentiality Terms, I will not use, disclose, discuss, copy, reproduce or distribute any (i) Inner Confidentiality Ring Information to persons who are not Inner Confidentiality Ring Members, or (ii) Outer Confidentiality Ring Information to persons who are not Outer Confidentiality Ring Members, or authorise, enable or assist any person to do so.

4. Upon ceasing to be an Inner Confidentiality Ring Member, I will promptly destroy (insofar as technologically feasible) all Confidential Information in my possession, in accordance with paragraphs 5.6 and 8.2-8.3 of the Revised Confidentiality Terms.

5. I have read Rule 31.22 of the Civil Procedure Rules and Rules 101 and 102 of the Competition Appeal Tribunal Rules 2015 and am aware of and will comply with the obligations imposed by those Rules.

6. I will take all such steps as may be necessary or expedient on my part to comply with any request made under or pursuant to the Revised Confidentiality Terms.

7. I will otherwise comply with the Revised Confidentiality Terms and/or, as the case may be, take all steps within my power to ensure that the Revised Confidentiality Terms are complied with, including by not disclosing Confidential Information to persons other than relevant Inner or Outer Confidentiality Ring Members, or assisting or enabling any person to do so.

8. The documents containing any Confidential Information will remain in my custody or the custody of another Inner Confidentiality Ring Member at all times and will be held in a manner appropriate to the circumstances so as to prevent unauthorised access.

9. The production of further copies by me of the documents containing Confidential Information shall be limited to that reasonably required for the use of the Inner Confidentiality Ring Members for the purposes of these proceedings only and shall be held in accordance with these undertakings.

10. I will continue to comply with these undertakings after the conclusion of the proceedings (including the determination of any appeals), in respect of any Confidential Information that I do not destroy and continue to hold.

11. Nothing in these undertakings shall prevent or prohibit the owner of the Confidential Information from taking any action in relation to that information, which they would otherwise be entitled to take.

12. Nothing in these undertakings shall prevent or prohibit me from taking any action that is permitted in this Order, or has been authorised in writing by the relevant Disclosing Party, or that I am required to take by applicable law or by a court of competent jurisdiction.

Signed:

Date:

**ANNEX D**

**UNDERTAKING**

**(TO BE PROVIDED BY OUTER CONFIDENTIALITY RING MEMBERS)**

In respect of any Outer Confidentiality Ring Information disclosed pursuant to this Order, each Outer Confidentiality Ring Member undertakes that they will comply with the following requirements to the extent applicable. The defined terms in this Order are used in this Annex.

I, [insert name], of [firm, company, or establishment] being [legal or other qualification] and regulated so far as my professional conduct is concerned [by regulatory body, if any] undertake to the Tribunal as follows:

1. I have read a copy of this Order and understand the implications of this Order, the provisions of the Revised Confidentiality Terms, and the giving of these undertakings.

2. I will treat all Confidential Information made available to me for the purpose of the Proceedings as confidential and will use any such Confidential Information only for the purpose of the proper conduct of the Proceedings. My obligations in these undertakings shall apply equally to any documents or information which incorporate Confidential Information (or part thereof) or any information contained therein, as defined in paragraph 2.1.1 of the Revised Confidentiality Terms.

3. Except as expressly contemplated by the Revised Confidentiality Terms, I will not use, disclose, discuss, copy, reproduce or distribute any Outer Confidentiality Ring Information to persons who are not Outer Confidentiality Ring Members or authorise, enable or assist any person to do so.

4. Upon ceasing to be an Outer Confidentiality Ring Member, I will promptly destroy (insofar as technologically feasible) all Confidential Information in my possession, in accordance with paragraphs 5.6 and 8.2-8.3 of the Revised Confidentiality Terms.

5. I have read Rule 31.22 of the Civil Procedure Rules and Rules 101 and 102 of the Competition Appeal Tribunal Rules 2015 and am aware of and will comply with the obligations imposed by those Rules.

6. I will take all such steps as may be necessary or expedient on my part to comply with any request made under or pursuant to the Revised Confidentiality Terms.

7. I will otherwise comply with the Revised Confidentiality Terms and/or, as the case may be, take all steps within my power to ensure that the Revised Confidentiality Terms are complied with, including by not disclosing Confidential Information to persons other than relevant Outer Confidentiality Ring Members, or assisting or enabling any person to do so.

8. The documents containing any Confidential Information will remain in my custody or the custody of another Outer Confidentiality Ring Member at all times and will be held in a manner appropriate to the circumstances so as to prevent unauthorised access.

9. The production of further copies by me of the documents containing Confidential Information shall be limited to that reasonably required for the use of the Outer Confidentiality Ring Member for the purposes of these proceedings only and shall be held in accordance with these undertakings.

10. I will continue to comply with these undertakings after the conclusion of the proceedings (including the determination of any appeals), in respect of any Confidential Information that I do not destroy and continue to hold.

11. Nothing in these undertakings shall prevent or prohibit the owner of the Confidential Information from taking any action in relation to that information, which they would otherwise be entitled to take.

12. Nothing in these undertakings shall prevent or prohibit me from taking any action that is permitted in this Order, or has been authorised in writing by the relevant Disclosing Party, or that I am required to take by applicable law or by a court of competent jurisdiction.

Signed:

Date: