Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION, | NO. 2:21-CV-00563-JNW<br><br>INTERVENOR VICKI SHOTBOLT CLASS REPRESENTATIVE LIMITED'S REPLY IN SUPPORT OF ITS CROSS-MOTION FOR CLARIFICATION REGARDING THE PROTECTIVE ORD7ER<br><br>NOTE ON MOTION CALENDAR: September 4, 2026<br><br>**ORAL ARGUMENT REQUESTED** |

# TABLE OF CONTENTS


I. PRELIMINARY STATEMENT ..... 1

II. ARGUMENT ..... 2

A. The Court may clarify the applicability of its Protective Order. ..... 2

B. Intervenor's Motion does not ask this Court to compel discovery. ..... 4

C. Any documents produced by Valve in the UK Proceeding will be afforded sufficient confidentiality protections. ..... 5

III. CONCLUSION ..... 7




**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

## Federal Cases

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
966 F.2d 470 (9th Cir. 1992) ........ 2

*Brown v. Google, LLC*,
No. 4:20-CV-3664-YGR,
2023 WL 4336718 (N.D. Cal. May 1, 2023) ........ 4

*In re Morning Song Bird Food Litig.*,
No. 12CV1592 JAH(RBB),
2015 WL 12791471 (S.D. Cal. Feb. 6, 2015) ........ 4

*Intel Corp. v. Advanced Micro Devices, Inc.*,
542 U.S. 241 (2004) ........ 5

*MSP Recovery Claims, Series LLC v. Farmers Ins. Exch.*,
Civ. No. 17-2522, 2018 WL 11468492
(C.D. Cal. Nov. 26, 2018) ........ 3,4

*Pac. Bioscience Lab'ys, Inc. v. Home Skinovations, Inc.*,
No. C15-0689JLR, 2017 WL 1179392
(W.D. Wash. Mar. 30, 2017) ........ 2

*Rapp v. NaphCare Inc.*,
No. 3:21-cv-05800-DGE,
2024 WL 4644703 (W.D. Wash. Oct. 31, 2024) ........ 2

*Thomas v. Anchorage Equal Rts. Comm'n*,
220 F.3d 1134 (9th Cir. 2000) ........ 2

*Tucson v. City of Seattle*,
No. C23-17 MJP, 2024 WL 4290297
(W.D. Wash. Sept. 25, 2024) ........ 3

*Washington v. Trump*,
814 F. Supp. 3d 1173 (W.D. Wash. 2026) ........ 3

## Court Rules

LOCAL CIVIL RULE 7(B)(2) ........ 1

LOCAL CIVIL RULE 7(D)(3) ........ 1

FEDERAL RULE OF CIVIL PROCEDURE 24(B) ........ 7



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Intervenor Vicki Shotbolt Class Representative Limited ("Intervenor"[1]) submits this memorandum of law in reply to the Publisher Plaintiffs' Response to Intervenor's Cross-Motion for Clarification regarding Protective Order, ECF No. 695 ("Pls.' Resp.") and in further support of Intervenor's Motion to Intervene for Limited Purpose of Clarifying the Protective Order, ECF No. 686 (the "Motion to Intervene"), and Proposed Cross-Motion for Clarification regarding the Protective Order, ECF No. 687 ("Cross-Motion").[2]

## I. PRELIMINARY STATEMENT

This Court should grant Intervenor's Cross-Motion. Valve did not file any response to it, and the Publisher Plaintiffs appear to agree with Intervenor that Valve's proposed limitation on Section 7 of the Protective Order to courts "in the United States" is "unsupported." *See* Publisher Pls.' Resp. to Intervenor Vicki Shotbolt's Cross-Mot. for Clarification regarding Protective Order, ECF No. 695 at 4 ("Pls.' Response"); *see also id.* at 1 (agreeing that Valve "provided no argument in favor of that geographic limitation"). Valve's proposed limitation is left without any defenders, and it should not be included in any clarification this Court provides in ruling on Valve's motion. *Cf.* LCR 7(b)(2) ("[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."). The Publisher Plaintiffs, and by default Valve, further do not dispute that discovery orders issued by the UK Competition Appeal Tribunal ("Tribunal") are "court orders" within the meaning of Section 7.

The Publisher Plaintiffs' responses do not alter these central points but are nevertheless unfounded. First, the doctrine against advisory opinions does not apply here because Article III standing is not required to seek clarification of a protective order. Regardless, Intervenor does

[1] For clarity, any capitalized terms have the same definition as in Intervenor's Cross-Motion.

[2] Intervenor's Motion to Intervene remains pending and unopposed. Because Publisher Plaintiffs opposed the Cross-Motion on the merits and the Cross-Motion was noted for consideration under Local Civil Rule 7(d)(3), Intervenor submits this reply in accordance with the applicable briefing schedule. Intervenor respectfully renews its request that the Court grant the Motion to Intervene and thereafter consider the Cross-Motion.



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

not seek an advisory opinion, where the Cross-Motion concerns a live dispute raised by Valve's Motion for Clarification, and Intervenor acted pursuant to the Tribunal's instruction. Second, the Cross-Motion is not seeking to bypass discovery procedures in this case because it is not asking this Court to order any discovery, which the Publisher Plaintiffs acknowledge. Third, the Publisher Plaintiffs' concerns about confidentiality protections in the UK Proceeding exclude important context of a recent Practice Direction issued by the Tribunal addressing confidentiality for third parties, and in any event the Publisher Plaintiffs' stated concerns do not affect the application of Section 7.

## II. ARGUMENT

### A. The Court may clarify the applicability of its Protective Order.

The Publisher Plaintiffs' argument that Intervenor seeks an advisory opinion is inapplicable on this posture. The rule against advisory opinions is grounded in principles of Article III standing. *See* Pls.' Resp. at 3 (citing *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000)). But Article III standing is not required to seek clarification of a protective order. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992) (a permissive intervenor does not need an independent ground for jurisdiction where seeking to modify a protective order); *Rapp v. NaphCare Inc.*, No. 3:21-cv-05800-DGE, 2024 WL 4644703, at *2 (W.D. Wash. Oct. 31, 2024) (same). Thus, to the extent that a motion for clarification "looks like a request for an 'advisory opinion,' it is one that even a federal court can grant." *Pac. Bioscience Lab'ys, Inc. v. Home Skinovations, Inc.*, No. C15-0689JLR, 2017 WL 1179392, at *3 (W.D. Wash. Mar. 30, 2017); *see also id.* ("[C]ourts are always free . . . to clarify inexplicit [orders] in order to avoid unwitting contempts.").

Even if it did apply, however, Intervenor does not seek an advisory opinion. Valve's Motion seeking clarification of the protective order is currently pending. The motion is not hypothetical. Intervenor's ability to successfully prosecute their claims before the Tribunal will



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

be harmed if Valve's motion is granted, and Intervenor seeks to respond to it. That future harm is sufficient to establish injury-in-fact for purposes of Article III standing, which encompasses injury that is actual "or imminent." *Washington v. Trump*, 814 F. Supp. 3d 1173, 1197–98 (W.D. Wash. 2026). While the Tribunal has not yet ordered Valve to produce documents it received from the Publisher Plaintiffs or third parties in this action, it has ordered Valve to produce the identities of the third parties that produced documents in this case, scheduled a further case-management conference for November or December 2026 to address third-party discovery, and instructed Intervenor to seek clarification from this Court to facilitate production of those documents. *See* Declaration of Natasha Marie Pearman In Support Of Vicki Shotbolt Class Representative Limited's Cross-Motion For Clarification Regarding Protective Order, ECF No. 688 ("First Pearman Decl.") ¶¶ 13–16; First Pearman Decl., Ex. 5 (the "June CMC Order"), ¶¶ 6–7; First Pearman Decl., Ex. 6 (the "CMC Transcript") at 65:10–17; *see also Washington*, 814 F. Supp. 3d at 1198 ("[A]n injury is 'actual or imminent' where there is a 'credible threat' that a probabilistic harm will materialize."). A discovery order from the Tribunal is not speculative and is sufficiently imminent to satisfy Article III, to the extent necessary here.

The cases Publisher Plaintiffs cite are inapplicable. First, the court in *Tucson* denied the motion for clarification of a permanent injunction because the movants did not "identify any portion" of the order that would directly affect them and "the reason why such clarification is needed." *Tucson v. City of Seattle*, No. C23-17 MJP, 2024 WL 4290297, at *1 (W.D. Wash. Sept. 25, 2024). As stated above, Intervenors seek to clarify Section 7 of the Protective Order for disclosure in the UK Proceeding, which would be hamstrung by Valve's proposed interpretation.

*MSP Recovery Claims* is also inapposite. The Tribunal has indicated its interest specifically in third-party materials from Valve, *see* Second Declaration of Natasha Marie



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Pearman In Support Of Vicki Shotbolt Class Representative Limited's Reply In Support Of Its Cross-Motion For Clarification Regarding Protective Order ("Second Pearman Decl.") ¶ 9, and the applicability of Section 7 to such disclosure is therefore not theoretical or made "with respect to future discovery that has not even been propounded." *MSP Recovery Claims, Series LLC v. Farmers Ins. Exch.*, Civ. No. 17-2522, 2018 WL 11468492, at *2 (C.D. Cal. Nov. 26, 2018). Valve has already been ordered to provide a list of the categories and volumes of documents it has received from third parties in this action, in addition to those third parties' identities. *See* First Pearman Decl. ¶ 13; June CMC Order ¶ 6.

Similarly, unlike in *Brown v. Google*, where movants asked the court to clarify the tolling of the statute of limitations for hypothetical future litigants, Intervenor's suit in the Tribunal is currently ongoing and directly affected by the outcome of the Court's interpretation of the Protective Order. *Brown v. Google, LLC*, No. 4:20-CV-3664-YGR, 2023 WL 4336718, at *1 (N.D. Cal. May 1, 2023).

In *In re Morning Song Bird*, movants did not offer evidence as to how the confidentiality agreements may affect their ability to interview witnesses, unlike here where Intervenor, Valve, and the Tribunal have all considered the potential impact of the Protective Order on discovery in the UK Proceeding. *In re Morning Song Bird Food Litig.*, No. 12CV1592 JAH(RBB), 2015 WL 12791471, at * 3–4 (S.D. Cal. Feb. 6, 2015).

Finally, the Publisher Plaintiffs do not oppose Intervenor's request in the alternative for leave to file its Cross-Motion as an *amicus* brief. *See* Mot. to Intervene at 8–9. To the extent the Court agrees with the Publisher Plaintiffs' argument, it should grant Intervenor's request in the alternative instead.

**B. Intervenor's Motion does not ask this Court to compel discovery.**

Intervenor's motion is not an effort to bypass discovery procedures for the simple reason that it does not request any discovery. The Publisher Plaintiffs acknowledge this, noting in their



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

response that "Shotbolt does not make such a request" and that "there is no specific discovery request for the Court or Plaintiffs to consider." Pls.' Resp. at 6–7.

Rather, the Cross-Motion seeks clarification of the protective order to facilitate the Tribunal ordering discovery from Valve. It is entirely appropriate for a foreign court to order discovery from a party to a proceeding before it,[3] and the Publisher Plaintiffs do not contend otherwise.

**C. Any documents produced by Valve in the UK Proceeding will be afforded sufficient confidentiality protections.**

As a preliminary matter, the Publisher Plaintiffs do not argue that the Tribunal's discovery orders would not qualify as a "court order" under Section 7 of the Protective Order. They plainly do. The Publisher Plaintiffs' argument regarding the confidentiality protections in the UK Proceeding has no effect where the applicability of Section 7 is not contested.

Further, the Publisher Plaintiffs' argument regarding the UK confidentiality protections appears to be premised on the assumption that Intervenor's Cross-Motion seeks to compel discovery directly. *See* Pls.' Resp. at 6–7 (objecting that Intervenor's "attempt to circumvent foreign discovery processes" raises the Publisher Plaintiffs' concerns). The Armitage Declaration similarly addresses the Tribunal's powers under Rule 63 to order disclosure from non-parties. Declaration of Michael Armitage In Support of Publisher Plaintiffs' Response to Intervenor Vicki Shotbolt's Cross-Motion for Clarification Regarding Protective Order, ECF No. 696 ("Armitage Decl.") ¶¶ 10–13. Again, the Cross-Motion does not seek discovery, and Intervenor is not seeking to compel disclosure from non-parties at this time. Intervenor is seeking disclosure in the UK Proceeding from Valve, the defendant to that proceeding. Second

[3] Indeed, the discretionary factors provided in *Intel*, cited by the Publisher Plaintiffs, acknowledge that a respondent being a party to the foreign proceeding weighs against Section 1782 discovery because discovery may be compelled by the foreign court directly. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 252 (2004)).

Pearman Decl. ¶¶ 4–7. The Publisher Plaintiffs' argument is inapplicable for this additional reason.

The Tribunal's framework in the UK Proceeding will adequately protect the confidentiality of plaintiffs' and third parties' information where appropriate. A Confidentiality Ring Order ("CRO") already restricts access to sensitive information to a limited, identified group of lawyers, client representatives, and advisors. *See* Armitage Decl. ¶ 23. The Publisher Plaintiffs object that no procedure currently allows non-parties to intervene regarding confidentiality designations. Pls.' Resp. at 7–8.

However, Armitage's analysis is incomplete in two important respects. First, his analysis is expressly limited to the terms of the existing CRO. *See* Armitage Decl. ¶ 26 ("I am simply commenting, as I have been asked to do, on the extent to which the *existing* CRO contains provision for non-parties to comment on matters relating to their own confidential information." (emphasis in original)). The existing CRO was drawn up in a context where Valve had only been ordered to disclose Valve's own documents. Were the Tribunal to order Valve to disclose documents in its possession that originated from other parties, the terms of the CRO would be revisited at that stage. Second, Armitage does not consider a Practice Direction issued by the Tribunal recently on August 10, 2026 that addresses confidentiality procedures for non-parties to the UK Proceeding. Specifically, it provides for the Tribunal to engage in a balancing test of the interests of the receiving party against the interests of the disclosing party, expressly including third parties, in preserving the confidentiality of sensitive information. Second Pearman Decl. ¶ 13. The Practice Direction further contemplates notice to be provided to third parties with an opportunity to consent or object. *Id.* ¶ 14. These directions will guide the Tribunal's management of confidentiality issues arising in the UK Proceeding in respect of third parties in the event that the Tribunal orders Valve to disclose such documents. Further, Intervenor has no objection in principle to incorporating these



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

provisions into the confidentiality ring order itself as appropriate. *Id.* ¶¶ 13, 16. As a result, were the Tribunal to order such disclosure, it seems likely that such provisions would be included in an amended CRO. The Publisher Plaintiffs' concerns are not a basis to interpret Section 7 of the Protective Order to exclude Tribunal orders.

## III. CONCLUSION

For the foregoing reasons, Intervenor respectfully requests that the Court grant Intervenor leave to intervene pursuant to Federal Rule of Civil Procedure 24(b) for the limited purpose of cross-moving for clarification and to confirm Intervenor's interpretation of the Protective Order.

DATED this 4th day of September, 2026.

*/s/ Ashley D. Burman*
Ashley Burman, WSBA No. 58754
CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
Phone: (206) 622-8020

John McAdams (*pro hac vice*)
Divya Vijay (*pro hac vice*)
PALLAS PARTNERS (US) LLP
75 Rockefeller Plaza
New York, New York 10019
Telephone: (212) 970-2324
John.McAdams@pallasllp.com
Divya.Vijay@pallasllp.com

*Attorneys for Proposed Intervenor Vicki Shotbolt Class Representative Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of September, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and that all participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

Respectfully submitted: September 4, 2026.

*/s/ Patti Saiden*
Patti Saiden, Legal Assistant



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020