UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | CASE NO. 2:21-cv-00563-JNW<br><br>ORDER |

The Court has received numerous motions and requests related to Valve Corporation's motion to clarify the stipulated protective order in this matter. Twenty-five individual claimants ("Claimants") arbitrating against Valve move to file an amicus brief, the Publisher Plaintiffs and Valve move to respond to that brief, and a class representative in related litigation underway in the United Kingdom moves to intervene for the limited purpose of clarifying the protective order. That class representative, Vicki Shotbolt, also cross-moves for clarification of the same protective order. No Party has opposed Shotbolt's motion to intervene, and the deadline for filing a response to her motion has passed. For the reasons below, the Court GRANTS the Claimant's motion to file an amicus brief, Dkt. No. 674, the

Publisher Plaintiffs' motion to respond, Dkt. No. 680, Valve's request to respond, contained in Dkt. No. 677, and Shotbolt's motion to intervene for a limited purpose, Dkt. No. 686.

This litigation was commenced on April 27, 2021, when video game developer Wolfire Games LLC and individual consumer plaintiffs filed a putative class action in this Court asserting antitrust claims against Valve related to its product Steam. Dkt. No. 1. Valve moved to compel arbitration as to the consumer plaintiffs, as required under its Steam Subscriber Agreement ("SSA"). On October 5, 2021, the Court granted Valve's motion to compel arbitration as to the putative consumer class, staying their claims. Dkt. No. 66.

While the consumer plaintiffs arbitrated, the putative game developer class—which was eventually certified as the Publisher Class—continued litigating. On August 16, 2022, the Court entered the protective order jointly proposed by Valve and the Publisher Class. Dkt. No. 95. The protective order states, "[a] receiving party may use confidential material and Highly Confidential – Attorney's Eyes Only material that is disclosed or produced by anther party or by a non-part in connection with this case only for prosecuting, defending, or attempting to settle this litigation." Dkt. No. 95 ¶ 4.1 (Basic Principles). The order recognizes that covered information may be subpoenaed or ordered produced in other litigation. *See id.* ¶ 7. When that occurs, the order requires the parties to follow certain procedures, but it does not prevent the parties from producing protected documents or information. *See id.*

After thousands of arbitrations were filed against Valve, Valve updated its SSA ("updated SSA") to preclude arbitration and require litigation. The Court lifted the stay on the named consumer plaintiffs' claims, except for those of Ryan Lally, on February 19, 2025. Dkt. No. 428. Thousands of arbitrations remain pending, and Valve requests their termination in other, related litigation, based on the language of the updated SSA.

On May 3, 2026, Arbitrator Richard Mainland—who presides over 25 consumer arbitrations against Valve—ordered Valve to produce materials that Valve says are covered by the 2022 protective order. Dkt. No. 675-1 at 57–60 (Arbitrator's Order on Motions to Compel). Valve refused to produce those documents because, it argues, doing so would violate the 2022 protective order. Then, on May 29, Valve moved to clarify the 2022 protective order. Dkt. No. 607. It asks the Court to find: (1) "that the procedures set forth in Section 7 [of the protective order] for documents designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" is limited to subpoenas and court orders issued by federal and state courts in the United States"; and (2) that "compliance with Arbitrator Mainland's May 3 Order would violate the [2022] Protective Order." Dkt. No. 607-1 at 1–2 (proposed order).

On June 22, 2026, the claimants proceeding before Arbitrator Mainland, requested permission to file an amicus brief opposing Valve's motion for clarification. Dkt. Nos. 674; 674-1 (proposed amicus brief). Valve stipulates to the filing of the amicus brief, as long as the Court considers Valve's response to it. Dkt. Nos. 677 at 2; 677-1 (Valve's proposed response brief). On July 7, 2026, the

Publisher Class requested permission to file its proposed response to the claimant's amicus brief. Dkt. Nos. 680; 680-1 (Publisher Class's proposed response brief).

On August 14, 2026, proposed intervenor Vicki Shotbolt moved to intervene in this matter for the limited purpose of clarifying the protective order. Dkt. No. 686. She also filed a cross-motion for clarification. Dkt. No. 687. Shotbolt is the class representative in parallel class litigation against Valve proceeding before the Competition Appeal Tribunal of the United Kingdom (the "Tribunal"), *Vicki Shotbolt Class Representative v. Valve Corporation*, 1640/7/7/24 ("U.K. Collective Proceeding"). Dkt. No. 686 at 5. No Party has opposed her motion to intervene, and the deadline for filing an opposition has passed.

The Court begins with Claimants' motion for leave to file an amicus brief. The Court has broad discretion to allow amicus participation. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). Courts will typically allow amicus briefs when "the amicus has unique information that can help the court beyond the help that the lawyers for the parties are able to provide." *Wagafe v. Biden*, No. 17-CV-00094-LK, 2022 WL 457983, at *1 (W.D. Wash. Feb. 15, 2022) (quoting *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999). And amicus briefs are "frequently welcome concerning legal issues that have potential ramifications beyond the parties directly involved." *Id.* (citation modified) (*quoting N.G.V. Gaming, Ltd. v. Upstream Point Molate, L.L.C.*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005)).

The Court finds Claimants' amicus brief helpful in explaining the ramifications of Valve's motion for clarification beyond this litigation. Accordingly, the Court will accept the brief. The Court acknowledges that the amicus brief raises issues that the parties have not had an opportunity to address. Accordingly, the Court finds it appropriate to allow the Parties an opportunity to respond, as requested.

Turning to Shotbolt's unopposed motion to intervene. Dkt. No. 686. Rule 24(b)(2) allows intervention in an action "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). "[T]he primary focus of Rule 24(b) is intervention for the purpose of litigating a claim on the merits." *Beckman Indus., Inc. v. Intn'l Ins. Co.*, 966 F.2d 470, 472 (9th Cir. 1992). Nevertheless, Rule 24(b) intervention may also be proper for resolving smaller issues over the course of litigation. *See id.* at 472–73. Indeed, the Ninth Circuit has expressly held that "Rule 24(b) permits limited intervention for the purpose of challenging a protective order." *Id.* at 473.

"Permissive intervention to litigate a claim on the merits under Rule 24(b) requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Id.* However, when a non-party intervenes for a limited purpose like modifying a protective order, no independent basis for jurisdiction is necessary, as the intervenor only asks the Court to exercise jurisdiction it already has over the existing matter. *Id.* Rule 24(b) also instructs the court to consider undue delay and prejudice to the parties. Fed. R. Civ. P. 24(b)(3).

Given Shotbolt moved to intervene while the motion to clarify was pending, and given that no party opposes her intervention, the Court finds that intervention is timely and that no party will be prejudiced by it. *See* LCR 7(b)(2). Based on the information provided in Shotbolt's motion to intervene and supporting declaration, the Court finds that the UK Collective Proceeding involves substantively similar claims, and that discovery covered under the 2022 protective order will likely be relevant in the UK Collective Proceeding. *See* Dkt. No. 668 § 2.

Accordingly, the Court ORDERS:

1. The Court GRANTS the motion to intervene at Dkt. No. 686.
2. The Court GRANTS claimants' motion for leave to file amicus brief. Dkt. No. 674. Claimants shall file their proposed amicus brief, Dkt. No. 674-1, within FORTY-EIGHT (48) HOURS of this Order.
3. The Court GRANTS Publisher Plaintiffs' motion for leave to respond to claimant's amicus brief. Dkt. No. 680. They shall file their proposed response, Dkt. No. 680-1, as soon as practicable after claimants file their amicus brief.
4. The Court GRANTS Valve's request to file a response to the amicus brief, contained in Dkt. No. 677. Valve shall file its proposed response brief, Dkt. No. 677-1, as soon as practicable after claimants file their amicus brief.
5. Valve's motion for clarification, Dkt. No. 607 is RENOTED for September 4, 2026; the Court will consider it with Shotbolt's motion to intervene and cross motion for clarification.

Dated this 21st day of September, 2026.

Jamal N. Whitehead
United States District Judge