HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE VALVE ANTITRUST LITIGATION

Case No. 2:21-cv-00563-JNW

BRIEF OF AMICI CURIAE OPPOSING VALVE'S MOTION FOR CLARIFICATION REGARDING PROTECTIVE ORDER

Amici curiae, by and through counsel, file this brief to respectfully provide the Court with authority and argument in opposition to Defendant Valve Corporation's ("**Valve**") motion for clarification. Dkt. 607.



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

## TABLE OF CONTENTS

I. Statement of Identity and Interest .......... 1

II. Introduction .......... 2

III. Procedural History .......... 4

IV. Argument .......... 5

A. Valve's Motion Presents No Article III Case or Controversy. .......... 5

B. Valve Seeks an Advisory Opinion Forbidden by Article III. .......... 8

C. The Federal Arbitration Act Prohibits Valve's Midstream Appeal of Arbitrator Mainland's Discovery Orders. .......... 10

D. Valve's Motion Is Not a Proper Request for Clarification, and Its Timing and Forum Choice Confirm Its Improper Tactical Purpose. .......... 13

V. Conclusion .......... 16



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

## I. STATEMENT OF IDENTITY AND INTEREST

Amici curiae are twenty-five consumers prosecuting individual arbitrations against Valve. They demanded arbitration after Valve compelled the consumer claims in this action to arbitration. Dkt. 66. Because they are not parties here, this brief refers to them as the "Absent Claimants."

The Absent Claimants have a direct and immediate interest in Valve's Motion for Clarification. Dkt. 607. Valve asks this Court to negate discovery orders entered at the Absent Claimants' request in their arbitrations. The discovery at issue is evidence the Absent Claimants intend to use at hearings scheduled for September 2026. Granting Valve's motion and proposed relief would therefore deprive the Absent Claimants of discovery that Valve has already been ordered to produce.

Yet Valve filed its motion here, where the Absent Claimants are not parties, rather than in *Valve Corp. v. Abbruzzese*, No. 2:24-cv-01717-JNW (W.D. Wash.), where Valve sued them to enjoin their arbitrations and where they appear through counsel. The Absent Claimants thus face the prospect of an order affecting their arbitral rights in this proceeding where they cannot respond as parties or appeal as of right.

No party before the Court shares that interest, and no party responded to Valve's motion. The Absent Claimants submit this brief to provide the perspective


BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

of the consumers whose discovery rights Valve seeks to defeat and to assist the Court in assessing its jurisdiction.

## II. INTRODUCTION

Two days after this Court refused to act "as a super-arbitrator to override the rulings of the forum Valve invoked because Valve now prefers a different one," *Abbruzzese*, Dkt. 169 at 30, Valve returned with a motion seeking substantially the same relief under a different label: a "Motion for Clarification." Dkt. 607. In substance, Valve asks this Court to neutralize discovery orders entered in ongoing arbitrations and to endorse the interpretation of the protective order that Valve presented—and lost—before the arbitrator.

Arbitrator Richard Mainland rejected Valve's contention that this Court's protective order barred production. He ordered production under the protections contemplated by that order: notice to every designating party, an opportunity to object, and production under a parallel protective order. Dkt. 95 ("Protective Order"), ¶ 7 ("Paragraph 7"). No designating party objected. Valve nevertheless did not produce the documents. When Arbitrator Mainland again compelled production, Valve sought relief here on the eve of the deadline.

The motion fails for four independent reasons. First, it presents no Article III case or controversy. No party before this Court opposes Valve's interpretation, threatens sanctions, or seeks enforcement of the Protective Order. Valve's asserted injury is speculative, and the requested ruling would neither bind the Absent Claimants nor alter the arbitral orders.

Second, Valve seeks an advisory opinion. It asks for "guidance" and "confirmation," but no conclusive decree this Court could enter would resolve the operative discovery dispute. At most, Valve would obtain a legal opinion to deploy against nonparties elsewhere.

Third, the Federal Arbitration Act does not permit Valve to appeal an interlocutory discovery ruling in the middle of an arbitration. Judicial review ordinarily occurs before arbitration begins or after a final award, not whenever a party loses a procedural dispute.

Fourth, Valve identifies no ambiguity requiring clarification. Paragraph 7 already addresses compelled disclosure in other proceedings, and Arbitrator Mainland followed it. Valve instead asks the Court to add a substantive prohibition that the Protective Order does not contain. Its delay and choice of forum confirm that it seeks not clarification, but obstruction and a different result.

Beyond these defects, the same conduct addressed in *Abbruzzese* appears here. Valve compelled arbitration, tested the waters, and then sought retroactive judicial relief when the process no longer favored it. There, Valve asked the Court to enjoin the arbitrations based on a later-amended consumer agreement. Here, it asks the Court to undo discovery rulings entered after Valve lost before the arbitrator. In both instances, Valve seeks to rewrite the consequences of arbitration after the fact. The Court should categorically reject this improper litigation tactic.



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

## III. PROCEDURAL HISTORY

On September 7, 2024, Arbitrator Janice Sperow rejected Valve's contention that this Court's Protective Order prohibited production and directed Valve to use Paragraph 7's third-party notice procedure. Ex. A.

Nine days later, Arbitrator Richard Mainland granted the Absent Claimants' motion to compel and reached the same conclusion. Ex. B. He ordered Valve to notify each designating party, cooperate with any objection or other reasonable procedure the party pursued, and advise that production would occur only under a protective order substantially similar to the one entered here. *Id*. at 7–9.

The order gave designating parties until October 20, 2024, to object. Arbitrator Mainland entered the parallel protective order on November 8, 2024. Ex. C. No designating party objected.

Valve nevertheless did not produce the documents. On May 3, 2026, Arbitrator Mainland again ordered production, this time by June 15, 2026, and again rejected Valve's contention that compliance would violate this Court's Protective Order. Ex. D.

On May 29, 2026—17 days before the production deadline—Valve filed its "Motion for Clarification Regarding Protective Order." Dkt. 607. Valve "seeks the Court's guidance as to its obligations" and asks the Court to "confirm" that compliance with Arbitrator Mainland's May 3 order would violate the Protective Order. *Id*.



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

Valve filed its motion here, where the Absent Claimants are not parties, rather than in *Abbruzzese*, where Valve sued them and they appear through counsel. The parties to this case had until June 16, 2026, to respond. None did. Valve thus asks this Court to displace an arbitral discovery ruling at the request of the party that lost, without the parties that obtained the ruling before it.

## IV. ARGUMENT

Valve's motion fails at the threshold and on its own terms. No adverse party is before the Court, no concrete injury supports jurisdiction, and no order entered here would bind the Absent Claimants or alter the arbitral discovery orders. Valve therefore seeks only an advisory opinion—and, worse, one designed to secure the mid-arbitration review the FAA forbids. Nor does Valve identify any ambiguity requiring clarification; it asks the Court to add a substantive prohibition the Protective Order does not contain. Whatever its label, the motion is an unauthorized collateral appeal and should be denied.

### A. Valve's Motion Presents No Article III Case or Controversy.

Valve asks this Court to resolve a dispute that is not between the parties before it. Arbitrator Mainland has twice rejected Valve's position and ordered production subject to protections mirroring this Court's Protective Order. No designating party objected after receiving notice, and no party in this case responded to Valve's motion by the June 16, 2026 deadline. Because the requested clarification would neither bind the Absent Claimants nor alter the arbitrator's



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

production order, Valve has presented no justiciable controversy for this Court to resolve.

Article III limits federal courts to actual cases or controversies. A party seeking federal judicial relief must establish (1) a concrete and particularized injury that is "actual or imminent, not conjectural or hypothetical"; (2) a causal connection between that injury and the challenged conduct, rather than "the independent action of some third party not before the court"; and (3) a likelihood that the requested relief will redress the injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (cleaned up). The same constitutional limitation bars federal courts from adjudicating "friendly", "feigned", or "collusive" disputes. *Flast v. Cohen*, 392 U.S. 83, 100 (1968).

No adverse dispute is before this Court. The Absent Claimants—the only persons opposing Valve's position on production—are not parties here. And no party that is before the Court has asserted a contrary position. The developer plaintiffs did not object after receiving notice in the arbitration, and they did not respond to Valve's motion here. While their silence does not establish collusion, it confirms that the dispute Valve describes is not being litigated between adverse parties in this matter. A justiciable controversy must be "definite and concrete" and must affect "the legal relations of parties having adverse legal interests." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937). Here, no party before the Court contests Valve's requested interpretation, asserts that Valve has violated the Protective Order, or threatens Valve with sanctions. The Court therefore has no "existing


BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

controversy between persons who have arrayed themselves in opposition to each other" to resolve. *Lion Mfg. Corp. v. Kennedy*, 330 F.2d 833, 840 (D.C. Cir. 1964). Valve may consider an advance ruling useful, but Article III does not permit courts to furnish legal opinions outside "the clashing interests and the concrete facts of a true lawsuit." *Id.*

Valve also fails to establish an injury in fact. Its claimed injury is the possibility of sanctions for violating this Court's Protective Order. But that possibility is speculative. Arbitrator Mainland concluded that production is consistent with the order, entered a parallel protective order, and required Valve to follow Paragraph 7's notice procedure. No designating party objected within the prescribed period, and Valve identifies no party that has threatened sanctions or even asserted that compliance would violate the Protective Order. A threatened injury must be "credible, not 'imaginary or speculative.'" *Lopez v. Candaele*, 630 F.3d 775, 786 (9th Cir. 2010). Valve's conjectural fear of future sanctions does not qualify because it lacks credibility.

To the extent Valve feigns injury from the arbitral production order, Valve's requested relief cannot redress that injury. Neither Arbitrator Mainland nor the Absent Claimants are parties here, and a clarification of this Court's Protective Order would neither vacate nor modify the arbitral order. As *Lujan* explains, a district court ruling does not redress an injury when it would not bind the third parties whose conduct causes that injury. 504 U.S. at 569. The Ninth Circuit likewise distinguishes the issuing court's authority over its protective order from

the collateral tribunal's authority over discovery: "Even if the issuing court modifies the protective order, it does not decide whether the collateral litigants will ultimately obtain the discovery materials." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003).

Nor is Valve's alleged injury fairly traceable to any conduct that this motion asks the Court to remedy. Any obligation to produce arises from Arbitrator Mainland's order and the Absent Claimants' discovery request—the independent actions of third parties who are not before this Court. *Lujan*, 504 U.S. at 560–61.

Valve's motion therefore fails at every turn. There is no adverse dispute between the parties before this Court, no actual or imminent threat of sanctions, and no relief this Court can grant that would redress Valve's claimed injury. Those defects leave Valve with no case or controversy, only a request for an advisory opinion.

**B. Valve Seeks an Advisory Opinion Forbidden by Article III.**

Article III forbids federal courts from rendering advisory opinions or deciding questions that cannot affect the rights of the litigants before them. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). A federal judgment must resolve "a real and substantial controversy" through "a decree of a conclusive character," not merely advise "what the law would be upon a hypothetical state of facts." *Id.* (cleaned up). That limitation confines federal courts to questions presented in an adversarial context and in a form capable of judicial resolution. *Massachusetts v. EPA*, 549 U.S. 497, 516 (2007).



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

Valve's motion asks for the very thing Article III prohibits. Valve "respectfully **seeks the Court's guidance** as to its obligations under the Stipulated Protective Order" and asks the Court to "**confirm Valve's interpretation**" of that order. Dkt. 607 at 2, 4 (emphases added). Those formulations accurately describe the relief sought: guidance and confirmation. But neither would conclusively determine the rights of anyone before this Court. The Absent Claimants are not parties here, Arbitrator Mainland is not subject to this Court's jurisdiction, and the requested clarification would not vacate or modify his production order. At most, Valve would obtain a legal opinion that it intends to use against nonparties to further frustrate compelled arbitrations and protect its monopoly pricing practices.

Valve attempts to manufacture a controversy by asserting that it "does not believe that it can lawfully comply with Arbitrator Mainland's May 3 Order." Dkt. 607 at 3. But a party's unilateral belief does not create an Article III controversy. No party in this matter disputes production, threatens sanctions, or requests enforcement of the Protective Order. More importantly, the tribunal confronting the concrete production dispute has already rejected Valve's position: "Valve has argued that Claimants' requested production would require Valve to 'violate' the Protective Order issued in the Federal Action. I disagree." Ex. B at 7. Valve's dissatisfaction with that ruling may explain why it wants a second opinion. It does not create an adverse dispute here.

Valve's claimed hardship thus reduces to this: it must act without a court's blessing for the reading it prefers of an order it drafted. That is "the same hardship



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

experienced by anyone who must act without the guidance of a definitive interpretation of the law." *Seattle Pac. Univ. v. Haas*, 626 F. Supp. 539, 542 (W.D. Wash. 1985). Valve's position is weaker still: it has received a ruling governing the pending production dispute; it simply wants a different answer from a court whose ruling would not bind the Absent Claimants seeking production.

*Lion Manufacturing* squarely rejects that request. An "authoritative advance legal opinion" may be useful to the party seeking it, but "it is not the business of courts to furnish such opinions outside the framework of the clashing interests and the concrete facts of a true lawsuit." 330 F.2d at 840. Valve seeks exactly that: a second, nonbinding legal opinion to deploy in a proceeding involving parties who are absent from this case. That is advice, not adjudication, and Article III gives this Court no power to provide advisory opinions. The request is even more improper because Valve seeks "guidance" in the middle of an ongoing arbitration, where the FAA independently bars the judicial intervention Valve requests.

### C. The Federal Arbitration Act Prohibits Valve's Midstream Appeal of Arbitrator Mainland's Discovery Orders.

The Federal Arbitration Act sharply limits judicial intervention in an ongoing arbitration. A district court's authority ordinarily extends to decisions that "bookend the arbitration itself": determining arbitrability at the beginning and reviewing a final award under 9 U.S.C. §§ 9–11 at the end. *In re Sussex*, 781 F.3d 1065, 1071 (9th Cir. 2015). Once arbitration begins, the court's involvement stops; the FAA does not otherwise authorize intervention before a final award. *Id.*; *accord Blue Cross Blue Shield of Mass. v. BCS Ins. Co.*, 671 F.3d 635, 638 (7th Cir. 2011)



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

("[J]udges must not intervene in pending arbitration to direct arbitrators to resolve an issue one way rather than another. Review comes at the beginning or the end, but not in the middle.")

The Ninth Circuit has therefore held that pre-award judicial review should be entertained, "if at all, only in the most extreme cases." *Aerojet-Gen. Corp. v. Am. Arb. Ass'n*, 478 F.2d 248, 251 (9th Cir. 1973). Allowing an interlocutory appeal from an arbitrator's ruling would frustrate arbitration's purpose by introducing the expense and delay of extended court proceedings. *Id.* Reaffirming *Aerojet-General*, *In re Sussex* observed that the Ninth Circuit had never approved a pre-award intervention of this kind. 781 F.3d at 1072–73.

Valve seeks precisely the mid-arbitration review those binding decisions reject. Arbitrator Mainland's September 16, 2024 and May 3, 2026 orders are discovery rulings issued during ongoing arbitrations, not final awards. In those orders, Arbitrator Mainland considered Valve's argument that the Protective Order barred production, rejected it, and required production subject to Paragraph 7's notice procedure and a parallel protective order. Valve now asks this Court to declare that compliance with the May 3 order would violate the Protective Order. Whatever its caption, the motion asks the Court to countermand the arbitrator's discovery ruling before the arbitrations conclude.

The Ninth Circuit's protective-order cases point in the same direction. *Foltz* preserves a limited role for the court that issued a protective order: that court may determine whether its order bars access to protected materials. 331 F.3d at 1133.

But it does not decide whether collateral litigants will ultimately obtain those materials, and it must "refrain from embroiling itself in the specific discovery disputes applicable only to the collateral suits." *Id.* Instead, "disputes over the ultimate discoverability of specific materials covered by the protective order must be resolved by the collateral courts." *Id.* Valve's proposed order crosses that line; it asks the Court not to interpret the order but to declare unlawful the production the collateral forum has already compelled.

Nor does production threaten any interest the law protects. A producing party's wish to make collateral litigation more burdensome "is not legitimate prejudice," and whatever legitimate interest it retains "in continued secrecy . . . can be accommodated by placing [collateral litigants] under the restrictions . . . contained in the original protective order." *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1428 (10th Cir. 1990). That is exactly what Arbitrator Mainland did, entering a parallel order with the same confidentiality and attorneys'-eyes-only protections. *Compare* Protective Order (Dkt. 95) *with* Ex. C.

Even on its own terms, this is not the hypothetical "extreme case" that *Aerojet-General* left open. Arbitrator Mainland preserved the documents' confidentiality, required notice to every designating party, and afforded those parties an opportunity to object. No designating party did. Valve identifies no severe irreparable injury or manifest injustice that could justify immediate intervention. Its speculative concern about possible sanctions falls far short.

Whether Arbitrator Mainland correctly interpreted the Protective Order is therefore not the question before this Court. Even an asserted legal error would not entitle Valve to immediate judicial correction. The FAA channels judicial review to the end of the arbitration, after a final award and on the limited grounds Congress specified. *In re Sussex*, 781 F.3d at 1071–72. Indeed, *In re Sussex* found clear error when a district court intervened based on its prediction that the eventual award would be vacated for arbitrator partiality. Valve presents a considerably weaker case: an ordinary discovery dispute subject to parallel confidentiality protections.

Valve chose arbitration, lost a discovery dispute there, and now seeks an interlocutory do-over here. A different caption does not change the relief sought. As this Court recently explained, it does not sit "as a super-arbitrator to override the rulings of the forum Valve invoked because Valve now prefers a different one." *Abbruzzese*, Dkt. 169 at 30. The FAA requires Valve to complete the arbitration, not interrupt it with a collateral appeal disguised as a motion for clarification.

### D. Valve's Motion Is Not a Proper Request for Clarification, and Its Timing and Forum Choice Confirm Its Improper Tactical Purpose.

No Federal Rule specifically provides for a "motion for clarification," but courts recognize a narrow power to clarify an order whose meaning is ambiguous. The distinction is critical: clarification may explain what the Court originally decided; it may not alter the order's substantive effect or supply a new decision. *United States v. Philip Morris USA Inc.*, 793 F. Supp. 2d 164, 168–69 (D.D.C. 2011). Rule 60(a) similarly permits clarification only when it remains faithful to the court's



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

original intent and does not "change the operative, substantive terms" of the order. *Garamendi v. Henin*, 683 F.3d 1069, 1077–80 (9th Cir. 2012).

Valve identifies no ambiguity requiring clarification. Paragraph 7 expressly addresses an order issued in other litigation that compels disclosure of protected material. It requires notice to the designating parties and cooperation with any procedures they pursue; it does not categorically prohibit production. Arbitrator Mainland applied that procedure, required notice, entered a parallel protective order, and allowed every designating party to object. None did. Valve nevertheless asks this Court to "clarify" that compliance with the arbitral production order would violate the Protective Order. That would not clarify the existing order. It would add a substantive prohibition the order does not contain and reverse the result produced by its express procedures.

Treating Valve's motion as a request to modify the Protective Order under Rule 26(c) fares no better. Valve has not requested modification, identified changed circumstances, or attempted to establish good cause for replacing Paragraph 7's existing procedure with an absolute bar on production. More fundamentally, Valve asks the Court to use its Protective Order to decide the ultimate discoverability of particular materials in another proceeding—the very inquiry that *Foltz* leaves to the forum overseeing collateral discovery. *See supra* § IV.C.

Valve's choice of forum compounds the problem. Its proposed order expressly targets discovery relief obtained by the Absent Claimants, yet Valve filed the motion in a case in which the Absent Claimants are not parties. As amici, the Absent


BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

Claimants may assist the Court only with its permission; they have no right to control the litigation, initiate proceedings, seek affirmative relief, or appeal an adverse ruling. *See Stanley v. Ayers*, No. 07-cv-04727-EMC, 2021 WL 121191, at *2 (N.D. Cal. Jan. 13, 2021). Valve thus seeks to defeat the benefit of the Absent Claimants' discovery orders in a proceeding where they lack the ordinary procedural rights of parties.

That maneuver echoes conduct this Court recently criticized. When Valve rewrote its consumer agreement, it communicated directly with represented adversaries rather than through their lawyers: "A litigant who wants something from an opposing party who has counsel asks the lawyer. Valve did the opposite." *Abbruzzese*, Dkt. 169 at 22. The procedural setting differs, but the tactic is familiar. A litigant seeking an order that would defeat an adversary's existing rights ordinarily proceeds where that adversary can participate as a party. Valve again did the opposite.

The timing confirms that Valve is not seeking genuine clarification. Arbitrator Mainland first rejected Valve's interpretation and ordered production in September 2024. Valve did not ask this Court to clarify the Protective Order then. It waited more than 20 months, until May 29, 2026—only 17 days before the June 15 production deadline—to seek relief. And it filed here, where the Absent Claimants are not parties, rather than in *Abbruzzese*, where Valve had already sued them and where they appear through counsel. That sequence supports one



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

inference: Valve did not seek clarification when clarification would have been timely; it sought delay when production became imminent.

Nor does any uncertainty remain. Arbitrator Sperow rejected Valve's interpretation in September 2024 and directed Valve to invoke Paragraph 7's notice procedure. Ex. A. Arbitrator Mainland likewise rejected Valve's interpretation, implemented Paragraph 7's safeguards, and ordered production. Ex. B at 7. Valve's motion does not identify a question those rulings left unanswered. It asks this Court to confirm the position that Valve presented and lost.

A motion that identifies no ambiguity, seeks a substantive change, excludes the parties most directly affected, and arrives only when compliance becomes unavoidable is not a good-faith request for clarification. Valve has clarity. What it seeks is delay and a different answer. The Court should reject this procedural maneuver because no rule or authority permits Valve to obtain the substantive relief it seeks under the guise of clarification.

## V. CONCLUSION[1]

Valve's motion presents no case or controversy, seeks an advisory opinion, asks for the mid-arbitration intervention the FAA forbids, and identifies no ambiguity to clarify. For each of these independent reasons, the Court should deny the motion.

---

[1] In compliance with Local Rules W.D. Wash. LCR 7(o)(4) and Fed. R. App. P. 29(a)(4)(E), no party or party's counsel authored this brief or contributed money to fund or submit the brief and no other person contributed money to fund or prepare the brief.

DATED this 23rd day of September, 2026

BAILEY DUQUETTE P.C.

By: *s/ William R. Burnside*
William R. Burnside, WSBA #36002
800 Fifth Ave, Suite 101-800
Seattle, Washington 98104
T: 206.353.8021
E: will@baileyduquette.com

*Attorney for Amici*