THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | Case No. 2:21-cv-00563-JNW<br><br>**PUBLISHER PLAINTIFFS' RESPONSE TO ARBITRATION CLAIMANTS' REQUEST FOR DISCLOSURE OF PLAINTIFFS' PROTECTED MATERIALS** |



QUINN EMANUEL URQUHART & SULLIVAN
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
TEL: (206) 905-7000

## INTRODUCTION

Plaintiffs raise three points in response to Amici's request for access to protected materials from this litigation. *First*, the Protective Order does not permit protected materials produced in this case to be disclosed for use in separate consumer arbitrations. *Second*, the named Plaintiffs' confidential documents, in particular, should not be disclosed because the arbitration claimants have not made any particularized showing that those materials are relevant or necessary for their claims against Valve. *Third*, the arbitration claimants should not be permitted to free ride on Plaintiffs' substantial investment of time, effort, and expense by using Valve employee deposition transcripts and Plaintiffs' experts' reports without making any compelling showing of need and without offering to contribute to the cost and expense incurred by Plaintiffs in generating those materials. For these reasons, any request for wholesale disclosure of protected materials should be denied.

## ARGUMENT

### A. This Court's Protective Order Does Not Permit Disclosure of Protected Materials for Use in the Consumer Arbitrations

The Protective Order indisputably governs all documents, deposition transcripts, interrogatory responses, expert reports, and other materials produced in this litigation and marked Confidential or Highly Confidential. Dkt. No. 95 at 1. The threshold question before the Court is not whether the materials at issue might be useful to the arbitration claimants, but rather whether a party to this litigation may disclose protected materials produced in this case to a non-party for use in a separate arbitration. Plaintiffs agree with Valve that the answer is no.

The Protective Order allows for protected material to be disclosed in other litigation only in response to a subpoena or court order. Dkt. No. 95 at ¶ 7. That makes sense because, in other litigation, the disclosing party's confidential material can be protected by a protective order in the other court, and the disclosing party has the right to intervene and seek redress if its confidential material is disclosed in violation of the other court's protective order. *See In re Coordinated Pretrial Proc. in Petroleum Prods. Antitrust Litig.*, 101 F.R.D. 34, 45 (C.D. Cal. 1984) (holding

that non-parties whose confidential documents are subject to disclosure must be given an opportunity to intervene to protect their confidentiality interests).

The same does not necessarily hold for arbitrations. "Arbitration is a matter of contract and consent . . . ." *See Coinbase, Inc. v. Suski*, 602 U.S. 143, 145 (2024); *see also Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 65 (2019) ("Arbitration is a matter of contract . . . ."). Plaintiffs are not parties to any of the arbitrations at issue or in any of the thousands of other arbitrations initiated by amici's counsel, and Plaintiffs did not contract or otherwise agree to participate in these arbitrations in any way.

Federal courts have recognized that an arbitral protective order is not an adequate substitute for a court-entered protective order with respect to entities that are not parties to the arbitration. *See, e.g., In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637, 2022 WL 2257179, at *6 (N.D. Ill. June 23, 2022). In *In re Broiler Chicken Antitrust Litigation*, the court concluded that "[t]he existence of a protective order in the arbitration does not guarantee any protection or reassurance to [those] who are not parties to the arbitration." *Id*. Accordingly, because Plaintiffs are not parties to the consumer arbitrations and never agreed to arbitrate disputes concerning their confidential information, the arbitration protective order cannot adequately protect Plaintiffs' confidentiality interests or serve as an adequate substitute for this Court's Protective Order. Thus, Plaintiffs should not be forced in any of these arbitrations to disclose or try to protect from disclosure their confidential information that is governed by this Court's Protective Order.

This concern is especially strong with respect to the named Plaintiffs' confidential business materials. Those documents were produced in reliance on this Court's protections and include sensitive commercial information and internal business documents that Plaintiffs had no reason to expect would be distributed to separate arbitration claimants pursuing their own claims against Valve.

### B. The Arbitration Claimants Have Not Shown Any Compelling Need for the Named Plaintiffs' Confidential Documents

A party seeking disclosure of materials protected by a court-entered protective order bears the burden of demonstrating a compelling need for those materials that outweighs the producing party's confidentiality interests. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-789 (3d Cir. 1994). That showing must be made with specificity and on a document-by-document or category-by-category basis. *See In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d 662 (3d Cir. 2019) (requiring document-by-document review and particularized showing).

The arbitration claimants have not made that showing here. They have not explained why they need Wolfire's or Dark Catt's confidential documents (as distinct from Valve's documents) to prosecute consumer claims against Valve. Valve's own documents may be relevant in the consumer arbitrations because Valve is the respondent in those proceedings. But to Plaintiffs' knowledge, none of the arbitration claimants are seeking recovery tied specifically to Wolfire's or Dark Catt's games. Thus, there is no reason why the named Plaintiffs' confidential business documents would be necessary to resolve consumer claims against Valve.

The arbitration claimants appear to seek broad access to all materials produced in this case, without making any document-specific or category-specific showing addressing: (i) what particular materials of Plaintiffs they need; (ii) why those materials are relevant to their claims; (iii) why publicly available materials are insufficient; (iv) why the information cannot be obtained from Valve or other sources in the arbitrations; and (v) why disclosure of those materials would not prejudice Plaintiffs' confidentiality and litigation interests.

The arbitration claimants' failure to show why publicly available materials are not sufficient is especially noteworthy in light of the fact that much of the relevant information in this

case has already been or will soon be publicly filed in connection with class certification and summary judgment briefing.[1]

### C. Plaintiffs' Depositions of Valve Employees and Their Experts' Reports Should Not Be Disclosed Beyond Publicly Filed Materials

Finally, as the Court is aware, Plaintiffs here have expended substantial time, effort, and resources preparing for and taking depositions, developing expert analyses, and litigating this case. The arbitration claimants now seek the benefit of counsel's work product and litigation investment for use in their own proceedings, without making any compelling showing of need and without offering to contribute to the costs required to create those materials. Courts have recognized that it may be inequitable to allow litigants in parallel proceedings to obtain deposition transcripts and expert materials developed at substantial expense by other plaintiffs without appropriate limits or cost-sharing. *See In re Gen. Motors LLC Ignition Switch Litig.*, 477 F. Supp. 3d 170, 191 (S.D.N.Y. 2020) (recognizing that allowing non-MDL plaintiffs to benefit from lead counsel's "work without contribution would be the very definition of a free ride").

As such, if the Court is inclined to authorize any disclosure of deposition transcripts or expert reports, in particular, Plaintiffs respectfully request that the Court require the arbitration claimants to contribute to the substantial cost involved in generating that work product.

## CONCLUSION

For these reasons, the Court should deny amici's request.

[1] In response to Bucher Law's improper subpoena to Wolfire's founder and CEO David Rosen on behalf of other arbitration claimants, Wolfire previously offered, as a practical compromise and not as a concession of entitlement, to provide minimally redacted versions of Mr. Rosen's deposition transcripts on the condition that the arbitration claimants withdraw or refrain from pursuing additional testimony from Mr. Rosen in the arbitrations. The arbitration claimants did not respond to that offer.

DATED: September 23, 2026

Respectfully submitted,

/s/ *Alicia Cobb*

Alicia Cobb, WSBA #48685
Matthew Hosen, WSBA #54855
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Phone (206) 905-7000
Fax (206) 905-7100
aliciacobb@quinnemanuel.com
matthosen@quinnemanuel.com

Steig D. Olson (*pro hac vice*)
David LeRay (*pro hac vice*)
Nic V. Siebert (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016
Phone (212) 849-7000
Fax (212) 849-7100
steigolson@quinnemanuel.com
davidleray@quinnemanuel.com
nicolassiebert@quinnemanuel.com

Adam Wolfson (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Phone: (213) 443-3285
Fax: (213) 443-3100
adamwolfson@quinnemanuel.com

Ankur Kapoor (*pro hac vice*)
Noah Brecker-Redd (*pro hac vice*)
CONSTANTINE LLP
22 Vanderbilt Avenue, 15th Floor
New York, NY 10017
Phone (212) 350-2700
Fax (212) 350-2701
akapoor@constantinellp.com
nbrecker-redd@constantinellp.com

/s/ *Tyre L. Tindall*

Tyre L. Tindall, WSBA #56357
McKinney Wheeler, WSBA #60635
WILSON SONSINI GOODRICH & ROSATI P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Phone (206) 883-2500
Fax (866) 974-7329
ttindall@wsgr.com
mckinney.wheeler@wsgr.com

Kenneth R. O'Rourke (*pro hac vice*)
Jordanne M. Steiner (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
1700 K Street, NW, Suite 500
Washington, DC 20006
Phone (202) 973-8800
Fax (866) 974-7329
korourke@wsgr.com
jsteiner@wsgr.com

W. Joseph Bruckner (*pro hac vice*)
Joseph C. Bourne (*pro hac vice*)
Laura M. Matson (*pro hac vice*)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Phone: (612) 339-6900
Fax: (612) 339-0981
wjbruckner@locklaw.com
jcbourne@locklaw.com
lmmatson@locklaw.com

Kyle Pozan (*pro hac vice*)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
1165 N. Clark Street, Suite 700
Chicago, IL 60610
Phone: (312) 205-8968
kjpozan@locklaw.com

Kristie A. LaSalle (*pro hac vice*)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
265 Franklin Street, Suite 1702
Boston, MA 02110
Phone: (617) 655-6100
kalasalle@locklaw.com

*Publisher Plaintiff Class Counsel*