THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | No. 2:21-cv-00563-JNW<br><br>**RESPONSE TO BRIEF OF AMICI CURIAE OPPOSING VALVE'S MOTION FOR CLARIFICATION REGARDING PROTECTIVE ORDER** |



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## TABLE OF CONTENTS

INTRODUCTION ....................................................................................................2

ARGUMENT ........................................................................................................3

A. Valve's Motion for Clarification Is Not A Midstream Appeal of Arbitrator Mainland's Discovery Order.........................................3

B. Valve's Motion Is A Proper Request For Clarification. ..............................4

C. Article III Does Not Bar Valve's Motion. ..................................................7

CONCLUSION......................................................................................................9



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## INTRODUCTION

On May 3, 2026, AAA Arbitrator Richard Mainland issued an order directing Valve to produce documents received from Plaintiffs and third parties in discovery in this action designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the protective order issued by this Court ("Protective Order") ("Mainland Order"). Valve believes that complying with the Mainland Order would cause Valve to violate the Protective Order. Accordingly, on May 29, 2026, Valve Corporation ("Valve") filed the Motion for Clarification Regarding Protective Order (the "Motion for Clarification"), seeking the Court's guidance as to its obligations under the Protective Order. Specifically, Valve seeks clarification as to whether Section 7 of the Protective Order permits Valve to produce confidential documents produced by Plaintiffs and third parties in this action to claimants in private arbitration, in which neither Plaintiffs nor the third parties who produced documents are parties.[1]

The Motion for Clarification is the appropriate procedural mechanism to obtain such clarification because this is the court that issued and would enforce the Protective Order. Courts in the Ninth Circuit (including this very Court) grant motions for clarification where, as here, a court's order is subject to differing interpretations or where a party is uncertain about the scope of the order or its obligations thereunder. *See, e.g.*, *O.H. v. Secret Harbor*, No. 2:23-cv-60, 2024 WL 664405, at *1 (W.D. Wash. Feb. 16, 2024) (Whitehead, J.) ("[M]otions for clarification are appropriate when parties are uncertain about the scope of a ruling or when the ruling is reasonably susceptible to differing interpretations." (citation omitted)).

Amici curiae, the twenty-five consumers prosecuting individual arbitrations against Valve before Arbitrator Mainland ("*Amici*"), claim to have an interest in the interpretation of the Protective

---

[1] The 25 claimants here are among thousands of arbitration claimants represented by *Amici*'s counsel who have or will seek such documents. We also note that this Court recognized that *Amici's* counsel's "continued representation of individual consumers in arbitration against Valve creates concerns about divided interests." (ECF. No. 441, at 7-9.) This conflict is present here, as *Amici*'s counsel is taking action that does not appear to be in the best interests of the certified and putative classes pending before this Court.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Order.[2] However, they chose not to use Federal Rule of Civil Procedure 24 (permissive intervention) or an *amicus* brief to ask this Court to interpret the Protective Order consistent with their views. Rather, *Amici* ask the Court to *not decide* the merits of the Motion for Clarification on procedural grounds. For the reasons set forth below, each of these arguments is without merit and contrary to well-settled law.

## ARGUMENT

*Amici* raise four procedural arguments in an effort to prevent the Court from granting the Motion for Clarification. First, *Amici* argue that Valve's motion is a midstream appeal of the Mainland Order. Second, *Amici* argue that Valve's motion is not a proper request for clarification. Third, *Amici* argue that Valve's motion presents no Article III case or controversy. Fourth, *Amici* argue that Valve's motion is an advisory opinion forbidden by Article III. None of these arguments have merit for the reasons described below and the Motion for Clarification should be granted. Further, the fact that *Amici* are trying to prevent this Court from deciding the Motion for Clarification is a tacit concession that Valve's interpretation of Section 7 of the Protective Order is correct.[3]

### A. <u>Valve's Motion for Clarification Is Not A Midstream Appeal of Arbitrator Mainland's Discovery Order.</u>

*Amici* argue that Valve's Motion for Clarification is a mid-arbitration review or form of interlocutory appeal of the arbitrator's orders. (Br. at 10-13.) This argument misstates the nature of Valve's motion and the relief that Valve seeks.

Valve does not ask this Court to overturn or change Arbitrator Mainland's decision. The Motion for Clarification only seeks to clarify *Valve's obligations* under the *Protective Order*.

---

[2] *Amici* do not have a direct interest in the interpretation of the Protective Order because they are not parties in this case receiving confidential documents or third-parties producing documents thereunder. Rather, *Amici* hope to use the Protective Order to their advantage by requiring Valve to produce confidential documents of parties and third-parties to this action in the arbitrations. This entire exercise could have been avoided if *Amici* sought documents directly from the parties and third parties whose documents are at issue. Valve has been unnecessarily thrust into an untenable position.

[3] None of the parties or third parties whose documents are being sought in arbitration have opposed Valve's motion or objected to its interpretation of Section 7, implying their agreement with it.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Specifically, Valve seeks to clarify its obligations pursuant to its understanding that the procedure set forth in Section 7 of the Protective Order for disclosing documents designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" is limited to subpoenas and orders issued by courts and does not include arbitral orders. (ECF No. 607-1, Proposed Order at 2.)

Valve's Motion for Clarification is not an appeal of any kind. Nor does the motion request that the Court overturn or interfere with arbitrators' orders or enjoin any arbitrator from enforcing arbitral discovery orders in their tribunals. For this same reason, *Amici's* argument that Valve's motion "asks this Court to countermand the arbitrator's discovery ruling" is inaccurate. (Br. at 11.) Arbitrator Mainland, as with all other arbitrators, will decide whether to enforce the Mainland Order and issue any discovery order, regardless of this Court's opinions or rulings. *Amici* even acknowledge that this Court cannot vacate or modify the Mainland Order. (Br. at 7, 9.)

The authorities that *Amici* cite all involve requests to review and vacate arbitrators' decisions or other inapplicable scenarios, none of which involve a court clarifying its own order. Thus, *Amici*'s authorities are inapposite. *See, e.g., In re Sussex*, 781 F.3d 1065, 1076 (9th Cir. 2015) (granting writ of mandamus in response to district court's mid-arbitration intervention to remove arbitrator for partiality); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133-34 (9th Cir. 2003) (reviewing district court's refusal to modify a protective order to allow access to sealed records); *Blue Cross Blue Shield of Mass., Inc. v. BCS Ins. Co.*, 671 F.3d 635-38 (7th Cir. 2011) (holding that district court could not direct arbitrator to de-consolidate arbitrations); *Aerojet-Gen. Corp. v. Am. Arb. Ass'n*, 478 F.2d 248, 251 (9th Cir. 1973) (holding that a district court can properly consider immediate judicial review of arbitrator's selection of location for the hearing in extreme cases).

**B. Valve's Motion Is A Proper Request For Clarification.**

*Amici* argue that this Court should not consider the Motion for Clarification because there is no ambiguity in the Protective Order. However, *Amici* misstate the legal standard and ignore that there are differing interpretations of the Protective Order.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Consistent with other courts in the Ninth Circuit, this Court has held that "motions for clarification are appropriate when parties are uncertain about the scope of a ruling or when the ruling is reasonably susceptible to differing interpretations." *O.H. v. Secret Harbor*, No. 2:23-cv-60, 2024 WL 664405, at *1 (W.D. Wash. Feb. 16, 2024) (Whitehead, J.) (quoting *N. Alaska Env't Ctr. v. Haaland*, No. 3:20-cv-00187-SLG, 2023 WL 3661998, at *3 (D. Alaska May 25, 2023)); *see also Harvey v. Means*, No. 2:23-cv-1712, 2024 WL 229581, at *2 (W.D. Wash. Jan. 22, 2024) (Whitehead, J.) (granting motion for clarification to require exchange of exhibits within 24 hours); *Yellow Rose Prods., Inc. v. Pandora Media, LLC*, No. 2:22-cv-809-MCS-MAR, 2023 WL 6932560, at *2 (C.D. Cal. Sep. 29, 2023) (granting plaintiffs' motion for clarification of the court's protective order where "both parties have reasonable, yet conflicting interpretations"). Courts in the Ninth Circuit have also granted motions for clarification specifically regarding uncertain interpretations of protective orders. *See, e.g.*, *Disability Rts. Wash. v. Meneses*, No. 3:22-cv-05651-RJB, 2024 WL 278975, at *2-4 (W.D. Wash. Jan. 25, 2024) (granting a motion to clarify a protective order as it pertained to disclosing a nonparty's protected information).[4]

Here, the Protective Order is apparently susceptible to differing interpretations, creating uncertainty about its scope. As set forth in the Motion for Clarification, the plain language of the Protective Order appears to prohibit Valve from producing documents third parties produced in this case and designated Confidential or Highly-Confidential Attorney's Eyes Only under the Protective Order except in certain limited circumstances that do not apply to arbitrations. Neither Plaintiffs nor the third parties whose documents are sought in arbitration opposed Valve's motion or objected to Valve's interpretation, implying their agreement with it. On the other hand, counsel for the proposed

---

[4] *See also United States v. Bowman*, No. 1:19-cr-000158-DCN, 2024 WL 730085, at *1, *4 (D. Idaho Feb. 22, 2024) (granting a motion for clarification as to whether and how the court's protective orders applied to specified conduct going forward); *United States v. Cerna*, No. CR 08-0730 WHA, 2010 WL 1459444, at *5-6 (N.D. Cal. Apr. 9, 2010) (granting a motion "for clarification or modification" of a protective order and clarifying the scope of counsel's obligations under it); *Broussard v. Violet*, 1989 WL 251405, at *1-2 (C.D. Cal. Oct. 11, 1989) (granting a "motion to clarify the protective order" and clarifying that the order "does not prevent any party from disclosing any information or document independently acquired from third-party sources").



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Amici* have urged a contrary interpretation that permits their thousands of arbitration clients to obtain third-parties' confidential documents through Valve. Most arbitrators have not accepted that interpretation. For example, Arbitrators Gilman and Morrill have agreed with Valve. (Exs. 1 and 2.)

Some arbitrators, including Arbitrator Mainland, have accepted *Amici's* counsel's contrary interpretation of the Protective Order. However, even these arbitrators have acknowledged the difficulty of interpreting the Protective Order. For example, Arbitrator Mainland acknowledged that "it's an issue that can go either way." (Ex. 3, October 31, 2024 Tr. at 40:4-5.) Likewise, Arbitrator Jossen recognized that the issue was "very, very, very complex" and that he was "grappling with it" (Ex. 4, May 27, 2026 Conference Tr. at 52:8-16), and even "perplexed" by it (*id.* at 132:21-25), as it was his view that the Protective Order did not "contemplate [the] circumstance [of arbitration]" (*id.* at 75:16-25, 78:6-10.) Even *Amici's* counsel has admitted that Valve's reading of the Protective Order was reasonable, stating: "I'm not saying that Valve Corporation's reading is, you know, unintelligible or makes no sense." (Ex. 3 at 42:2-5.)

Given the Protective Order has been susceptible to differing interpretations, the Motion for Clarification is both appropriate and necessary for Valve to clarify *its obligations* under the Protective Order. *Amici*'s other arguments can be quickly dispatched.

*Amici* argue that Valve's choice of forum robs *Amici* of the "ordinary procedural rights of parties" (Br. at 15), and that they "face the prospect of an order . . . in this proceeding where they cannot respond as parties or appeal as a right" (Br. at 1.) This is just a variation of the flawed argument that the Motion for Clarification is a midstream appeal of the Mainland Order. As set forth *supra*, this Court is the appropriate forum to interpret and clarify *its own order* and *Valve's obligations thereunder*. It is also worthwhile to note that *Amici's* counsel has unambiguously represented to one arbitral tribunal that it was the correct approach to seek guidance from this Court as the Court that issued the Protective Order. When advocating for an order requiring Valve to produce documents that third-parties produced in this case and designated Confidential or Highly-Confidential Attorney's Eyes Only under the Protective Order, *Amici*'s co-counsel said: "But look,



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

if I'm wrong, and you issue the order, Valve has a clear remedy *in front of one tribunal*. *They go back to that exact judge*" who "*signed this protective order*." (Ex. 4 at 92:1-3(emphasis added).)[5]

It is also telling that *Amici* could have sought to intervene in this action for the limited purpose of making their interpretation of the Protective Order known to the Court, which would obviate all or most of their supposed concerns, or used their proposed *amicus* brief for that same purpose. *Amici* chose not to do so.

Finally, *Amici* argue that the timing of Valve's Motion for Clarification demonstrates that it is improper. (Br. at 15.)[6] That is factually inaccurate as Valve made its Motion for Clarification several weeks after Arbitrator Mainland first issued an order that Valve believes would require it to violate the Protective Order. Although *Amici's* counsel has sought these documents in numerous arbitrations, the issue had not previously reached a point where it was necessary to burden this Court with a motion for clarification. In any event, the argument that Valve could have sought clarification earlier is irrelevant because there is an actual need for clarification at the present time.

**C. <u>Article III Does Not Bar Valve's Motion.</u>**

*Amici* make two separate arguments that Article III bars Valve's Motion for Clarification: (1) Valve's motion presents no Article III case or controversy (Br. at 5-8), and (2) Valve seeks an advisory opinion forbidden by Article III (Br. at 8-10). Neither has merit.

**1. Valve's Motion Does Not Lack An Article III Case Or Controversy.**

*Amici* argue that Article III prohibits this Court from clarifying its own order because there is no case or controversy. (Br. at 5-8.) However, tellingly, none of *Amici's* cited cases stand for this

---

[5] *Amici* argue that Valve's Motion for Clarification should have instead been brought in *Valve Corp. v. Abbruzzese*, No. 2:24-cv-01717-JNW (W.D. Wash.), where *Amici* are parties. However, the *Abbruzzese* court bears no relationship to the Protective Order. It cannot clarify an order that it did not enter and parties to the Protective Order and third-parties that produced documents thereunder have not appeared or been involved in *Abbruzzese.*

[6] *Amici* argue that Valve should have brought this motion in September 2024. (Br. at 15-16.) Although wrong, this concedes the presence of a live controversy even two years ago and thus undermines *Amici's* Article III standing arguments.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

proposition.[7] To the contrary, well-settled Ninth Circuit authority squarely permits courts to clarify their own orders where an order is subject to multiple interpretations or where the scope of a party's obligations under the order is unclear. *See supra* at Sec. B. Some courts have addressed and rejected the argument that Article III precludes a party from seeking clarity from the court regarding an order to avoid "unwitting contempts." *See, e.g.*, *Abelyan v. OneWest Bank*, No. CV 09-7163 CAS (AGRx), 2011 WL 2357654, at *1 (C.D. Cal. June 13, 2011) ("[A] person subject to an injunction always has the right to ask the court that is administering it whether it applies to conduct in which the person proposes to engage. If this looks like a request for an 'advisory opinion,' it is one that even a federal court can grant, in order to prevent unwitting contempts." (citation omitted)).[8]

In any event, even if the Article III case or controversy requirements applied in the way *Amici* argue, Valve is not asking the Court for guidance on some hypothetical set of facts or outcomes. Valve presently faces immediate conflicting obligations under both the Mainland Order and this Court's Protective Order. *See supra* at Sec. B. And Valve's concerns about sanctions for violating the Protective Order are not "imaginary or speculative." (Br. at 7.) A party to a protective order is bound to comply with it. Courts in the Ninth Circuit have sanctioned parties for violating protective orders. *See, e.g.*, *Leftenant v. Blackmon*, No. 2:18-CV-01948-EJY, 2022 WL 363841, at *2 (D. Nev. Feb. 7, 2022) (awarding sanctions based on violations of the court's protective order); *Play Visions, Inc. v. Dollar Tree Stores, Inc.*, No. C09-1769 MJP, 2011 WL 2292326, at *6-9 (W.D. Wash. June 8, 2011) (imposing sanctions on the plaintiff and its counsel for discovery misconduct, including an

---

[7] Notably, none of *Amici's* cited cases are decided in the context of a motion for clarification of a court's own order or administration of an injunction, but rather recite the general principles of Article III. For example, *Lion Manufacturing Corp. v. Kennedy*, 330 F.2d 833, 840 (D.C. Cir. 1964), found, unremarkably, that a complaint presented no case or controversy where the plaintiffs alleged only a generalized fear that the Attorney General may enforce a law against them, rather than an actual concrete threat to plaintiffs in particular.

[8] For this very reason, *Amici's* arguments that Valve's requested relief cannot redress any "injury from the arbitral production order" and that there is no "adverse dispute" or adverse parties before the Court (Br. at 6-8), both misstates the law and misconstrues the limited relief that Valve seeks (i.e., clarification of *Valve's obligations* under the Protective Order).



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

undisputed protective-order violation where counsel provided a damages expert with confidential materials without giving the advance notice required by the protective order).[9]

**2. Valve's Motion Is Not An Advisory Opinion Forbidden By Article III.**

*Amici* also argue that Valve's Motion for Clarification is an improper advisory opinion "forbidden by Article III." (Br. at 8-10.) This Article III standard does not apply to motions for clarifications of a court's own order for the reasons discussed *supra*. Courts also acknowledge that, even if a motion for clarification *appears* like an advisory opinion, a federal court *always* has "discretion to clarify" (and in fact *should* clarify) its own orders or injunctions "if a party enters upon transactions which raise doubts as to [its] applicability." *See, e.g., Pac. Bioscience Lab'ys, Inc. v. Home Skinovations, Inc.*, No. C15-0689JLR, 2017 WL 1179392, at *3 (W.D. Wash. Mar. 30, 2017) ("A party 'subject to an injunction always has the right to ask the court that is administering it whether it applies to conduct in which the person proposes to engage[,]'" and "[t]o the extent that such a motion for clarification 'looks like a request for an 'advisory opinion,' it is one that even a federal court can grant, in order to prevent unwitting contempts" (citation omitted)); *see also Abelyan*, 2011 WL 2357654, at *1 (same).[10]

## CONCLUSION

For the reasons set out above, *Amici's* attempt to prevent the Court from clarifying the meaning of Section 7 of the Protective Order and Valve's obligations thereunder should be rejected.

DATED this 24th day of September, 2026.

---

[9] *Amici* imply that no third-parties have objected to their documents being produced in the arbitrations to counsel for the *Amici*. That is false, although unnecessary to further address here.

[10] Even if the Article III standard somehow was relevant, *Amici's* own authority acknowledges that an advisory opinion is "an opinion advising what the law would be upon a hypothetical state of facts." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (citation omitted). There is nothing "hypothetical" about the conflicting obligations Valve presently faces under both the Mainland Order and this Court's Protective Order.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

I certify that this memorandum contains 3,097 words, in compliance with the Local Civil Rules.

CORR CRONIN LLP

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10
Seattle, Washington 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com

Rakesh Kilaru, *Admitted Pro Hac Vice*
James Rosenthal, *Admitted Pro Hac Vice*
Max Warren, *Admitted Pro Hac Vice*
David Friedman, *Admitted Pro Hac Vice*
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000
Fax: (202) 847-4005
rkilaru@wilkinsonstekloff.com
jrosenthal@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com
dfriedman@wilkinsonstekloff.com

Keri L. Arnold, *Admitted Pro Hac Vice*
Ralia E. Polechronis, *Admitted Pro Hac Vice*
Caroline Li, *Admitted Pro Hac Vice*
WILKINSON STEKLOFF LLP
130 West 42nd Street, 24th Floor
New York, New York 10036
Tel: (212) 294-8910
Fax: (202) 847-4005
karnold@wilkinsonstekloff.com
rpolechronis@wilkinsonstekloff.com
cli@wilkinsonstekloff.com

*Attorneys for Defendant Valve Corporation*