EXHIBIT 1

AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

**May 7, 2025 ORDER**

AAA Case Nos. 01-23-0005-7451 & 01-23-0005-7459

Individual Claimants (see case numbers above)
-vs-
Valve Corporation d/b/a Steam

---

This matter comes before the undersigned Arbitrator upon (1) the Motion for Partial Summary Judgment ("Motion") filed by the Individual Claimants and (2) the Request of the Individual Claimants for the production of the FRCP 30(b)(6) deposition taken of Wolfire Games, LLC (the "Wolfire Deposition") in the *In re Valve Antitrust Litigation* pending in the United States District Court for the Western District of Washington as Case. No. 2:21-cv-00563-JCC ("*Wolfire*"). Having considered all submissions, arguments, and authorities by the parties in association with these matters, the Arbitrator hereby rules as follows:

The background in these cases is well known by the parties and has been documented elsewhere. It is not necessary to recount it here, and – given that the hearings are set to begin Monday – it would be counterproductive to write a lengthy order revisiting such matters and explaining all of the Arbitrator's reasoning. Instead, the Arbitrator's rulings are briefly summarized and set forth below.

## I. MOTION FOR PARTIAL SUMMARY JUDGMENT

By their Motion, Claimants asked the Tribunal to make the following findings:

1) That Valve is liable for *per se* violations of the Sherman Act by engaging in and enforcing illegal pricing agreements with its competitors.

2) That Valve is liable for *per se* violations of the Sherman Act by engaging in and enforcing illegal post-and-hold requirements with its competitors.

3) That the statute of limitations for the filing of these claims was tolled by the *Wolfire* class, filed in the Western District of Washington at Seattle on April 27, 2021.

The first two requested findings were addressed and denied by prior Order issued April 28, 2025. At that time, the Arbitrator reserved the third request for further briefing by the Parties. That briefing has now been completed and reviewed. Accordingly, this Order addresses that sole remaining issue, and GRANTS Claimants' request for a tolling finding. Among other reasons justifying the finding that the filing of Claimants' claims was tolled by the filing of *Wolfire*, Valve itself represented this was the case in its lawsuit against Claimants in the United States District Court, Western District of Washington at Seattle, seeking to enjoin their arbitrations. *See* Valve Corporation's Memorandum of Points and Authorities in Support of Petition to Enjoin Arbitrations, Case No. 2:24-cv-1717, filed October 18, 2024 at docket n. 2, United States District Court, Western District of Washington at Seattle. Valve's opposition does not dispute having made this representation (and it is reflected in the public record from that case) nor does it even attempt any explanation or argument to show why Valve should be permitted to take a contrary position now. Moreover, Valve's

representation to the federal court is correct. Under *American Pipe,* tolling applies as of the filing of *Wolfire* on April 27, 2021. *See American Pipe Construction Co. v. Utah*, 414 U.S. 538, 554 (1974).

## II. WOLFIRE DEPOSITION

In the April 30, 2025, prehearing conference held in these matters, Claimants asked to receive a copy of the Wolfire Deposition. The request was untimely, but the Arbitrator requested submissions from the parties, including a copy of the Protective Order from *Wolfire*, to further inform her decision. Upon review of the materials, the Arbitrator has determined that Claimants' belated request is, in part, prejudicial due to the terms of the Protective Order that applies to portions of the Wolfire deposition.

Thus, having reviewed the Protective Order and other submissions by the parties, Claimants' request is GRANTED IN PART and DENIED IN PART. Valve is not required to produce any portions of the Wolfire Deposition that were designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY by Wolfire or any party other than Valve. By May 9, 2025, Valve shall produce the remaining portions of the Wolfire Deposition transcript (*i.e.,* those that have <u>not</u> been designated under the *Wolfire* Protective Order or have <u>only</u> been designated by Valve under the *Wolfire* Protective Order) to Claimants.

## III. CONCLUSION

In summary:

(1) Claimants' Motion for a finding that the statute of limitations for the filing of these claims was tolled by the April 27, 2021 filing of *Wolfire* is GRANTED.

(2) Claimats' request for production of the Wolfire Deposition is GRANTED IN PART and DENIED IN PART as follows:

(a) By May 9, 2025, Valve shall produce any portions of the Wolfire Deposition that either have <u>not</u> been designated under the *Wolfire* Protective Order or have <u>only</u> been designated by Valve under the *Wolfire* Protective Order.

(b) Valve is not required to produce any portions of the Wolfire Deposition that were designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY by Wolfire or any party other than Valve.

**SO ORDERED.**

Dated: May 7, 2025

Arbitrator Signature: Stacey Gilman
Stacey Gilman, Arbitrator