# EXHIBIT 2

**AMERICAN ARBITRATION ASSOCIATION**
**COMMERCIAL ARBITRATION TRIBUNAL**

**STEVEN PRESCOTT AND 24 OTHER INDIVIDUAL CLAIMANTS**
**V.**
**VALVE CORPORATION D/B/A STEAM**
**AAA CASE NO. 01-23-0005-2943**

**ORDER NO. 8**
**ORDER ON CLAIMANT PRESCOTT'S MOTION TO COMPEL PRODUCTION**

This case is one of twenty-five arbitrations against Valve brought under the Mass Arbitration Supplementary Rules effective August 1, 2023, in conjunction with the Consumer Arbitration Rules of the American Arbitration Association (AAA), all with identical or near identical Demands for Arbitration except for particulars of the claimant and the amount of money in dispute, and all assigned to the undersigned Arbitrator. A list of the cases assigned to this Arbitrator is attached as Attachment A.

**PRESCOTT'S MOTION TO COMPEL PRODUCTION**

Claimant Prescott moves for an order compelling Valve to produce "communications, agreements, and data exchanged between Valve and third-party game developers and publishers disclosed in the federal litigation styled *In re Valve Antitrust Litigation*, No. 2:21-cv-00563-JCC (W.D. Wash.), as requested in Claimant's Request for Information Exchange" and states that he is "seeking documents Valve disclosed or relied upon in the In re Valve Antitrust Litigation matter, including communications, agreements, and data exchanged between Valve and third-party game developers and publishers." Respondent Valve takes a narrower view of what is in dispute: "This dispute is not about Valve's own documents or information, nor any confidentiality designations that Valve made. Instead, Claimants are demanding that Valve give them documents produced by third parties in response to third party subpoenas in the *Wolfire* case." Thus, Prescott implies that Valve is refusing to produce all materials designated under the

*Wolfire* protective order, whether produced by Valve or third parties, and Valve claims that it is only documents produced and designated by third parties that it is not producing.

For the reasons discussed below, Prescott's motion is denied in part and granted in part,

**MATERIALS DESIGNATED AS CONFIDENTIAL AND PRODUCED BY THIRD PARTIES**

Materials designated as confidential and produced by third parties in the *Wolfire* litigation and not otherwise available to Valve will be discussed first. A third party producing information, documents, or tangible things ("materials") in the *Wolfire* case may designate them as "Confidential" or "Highly Confidential – Attorney's Eyes Only" under the *Wolfire* Protective Order. ⁋ 5.1. Under ⁋ 4.1, a party may use such designated materials "only for prosecuting, defending, or attempting to settle ***this*** litigation" and may disclose them only to limited categories of individuals, which do not include the Arbitrator or Prescott's counsel here.

The *Wolfire* Protective Order makes a limited exception to these limitations in ⁋ 7 in the case of "subpoenas or court orders in other litigation." "Litigation" generally and as used in the *Wolfire* Protective Order does not include arbitration, and thus it would be a violation of the Protective Order for Valve to produce materials designated as confidential and produced by third parties in the *Wolfire* litigation and not otherwise available to Valve in this arbitration. For that reason, Prescott's motion to compel Valve to produce such materials is denied.

**MATERIALS PRODUCED AND DESIGNATED AS CONFIDENTIAL BY VALVE**

The above discussion applies only to confidential materials produced by a third party in *Wolfire* and not otherwise available to Valve. The Protective Order does not provide a cloak of protection for materials which Valve has in its possession, either its own materials or those of third partes, and designates as confidential under the Protective Order. Valve's submission

implies that it has already produced such materials, but to the extent it has not Prescott's motion to compel Valve to produce such materials is granted.

Prescott's' motion also states that Valve has refused production "based on purported third-party confidentiality obligations, citing its Mutual Nondisclosure Agreements (MNAs)" and that "Valve has refused to produce many of the documents requested, arguing they contain or reflect confidential third-party information protected by its MNAs . . .." Valve has not responded to this assertion, maintaining that the dispute is about documents produced by third parties in response to third party subpoenas in *Wolfire*. To be clear, the ruling above extends to all third party materials in Valve's possession regardless of whether they are subject to NMAs, and regardless of whether they have been designated as confidential under the *Wolfire* Protective Order. The confidentiality of such documents will be protected by the Protective Order in this case.

**SO ORDERED.**

Dated: 20 August, 2025

Robert B. Morrill
Arbitrator

# Attachment A: List Of Cases Assigned to Robert B. Morrill

| Case Number | Claimant |
|---|---|
| AAA Case No. 01-23-0005-2929 | |
| AAA Case No. 01-23-0005-2930 | |
| AAA Case No. 01-23-0005-2931 | |
| AAA Case No. 01-23-0005-2932 | |
| AAA Case No. 01-23-0005-2933 | |
| AAA Case No. 01-23-0005-2934 | |
| AAA Case No. 01-23-0005-2935 | |
| AAA Case No. 01-23-0005-2937 | |
| AAA Case No. 01-23-0005-2938 | |
| AAA Case No. 01-23-0005-2939 | |
| AAA Case No. 01-23-0005-2940 | |
| AAA Case No. 01-23-0005-2941 | |
| AAA Case No. 01-23-0005-2942 | |
| AAA Case No. 01-23-0005-2943 | |
| AAA Case No. 01-23-0005-2944 | |
| AAA Case No. 01-23-0005-2945 | |
| AAA Case No. 01-23-0005-2946 | |
| AAA Case No. 01-23-0005-2947 | |
| AAA Case No. 01-23-0005-2948 | |
| AAA Case No. 01-23-0005-2949 | |
| AAA Case No. 01-23-0005-2950 | |
| AAA Case No. 01-23-0005-2951 | |
| AAA Case No. 01-23-0005-2952 | |
| AAA Case No. 01-23-0005-2953 | |
| AAA Case No. 01-23-0005-2954 | |