UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE VALVE ANTITRUST LITIGATION | CASE NO. 2:21-cv-00563-JNW<br><br>ORDER |

The Court previously permitted Defendant Valve Corporation to file certain documents in redacted form but denied its request to seal eight documents in their entirety, with leave to renew. Valve's renewed motion comes before the Court. Dkt. No. 596. The motion is GRANTED IN PART, as set out below.

## 1. LEGAL STANDARD

When a party moves to seal documents attached to dispositive motions, it must overcome the "strong presumption in favor of [public] access" by showing "compelling reasons" to seal. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The party moving to seal bears the burden of

overcoming this strong presumption. *Id*. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. Ultimately, the moving party "must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id*. at 1178–79 (citation modified).

Additionally, the moving party must comply with Local Civil Rule 5(g), which requires it to "explore all alternatives to filing documents under seal." Under the local rule, the moving party must explain "the legitimate private or public interests that warrant sealing," "the injury that will result if the relief sought is not granted," and "why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B)(i)–(iii).

## 2. DISCUSSION

In its renewed motion, Valve asks to redact (rather than seal) certain email exchanges with third-party game publishers and/or developers. The Court finds compelling reasons to redact those exchanges to remove personal and third-party identifying information. Thus, Valve may file its proposed, redacted versions of the

documents filed under seal at Dkt. Nos. 539-19, 539-20, 539-28, and 539-37.[1] Valve may also redact personal and third-party identifying information from the email exchange filed under seal at Dkt. No. 539-24,[2] which Plaintiffs do not oppose, Dkt. No. 600 at 7. Regarding the rest of that email exchange, however, the Court finds that Valve has not shown compelling reasons to redact it. Valve has not established that any harm is likely to occur if the contents of this email exchange are disclosed. Moreover, the email is relevant to Plaintiffs' theory that Valve has a Platform Most Favored Nations Policy, a central issue in this case. Accordingly, Valve has not shown compelling reasons to adopt the redactions it proposes to the email exchange filed at Dkt. No. 539-24, except as to identifying information.

Turning to the documents that Valve asks to seal in their entirety. The Court finds compelling reasons to seal the email exchange at Dkt. No. 539-22, as it contains a significant amount of information related to a third party's business goals and strategies. However, Valve has not shown compelling reasons to seal its internal email exchange filed at Dkt. No. 539-35. *See also* Dkt. No. 597-7. Those emails do not include sensitive third-party information, confidential financial information, trade secrets, or other confidential proprietary information. Valve is correct that the email thread illustrates how its employees made a marketing decision. While such conversations may generally be private, Valve does not explain

---

[1] The proposed redacted versions of these documents are at Dkt. Nos. 597-1, 597-2, 597-5, and 597-8, respectively.

[2] The proposed redacted version is at Dkt. No. 597-4.

what specific harm will follow if this email exchange is not sealed. *See* LCR 5(g)(3)(B)(ii) (moving party must show "the injury that will result if the relief sought is not granted"). And based on the contents of the email, it is unlikely to give Valve's competitors some unfair advantage if made public. Moreover, the Court rejects Valve's argument that the emails are irrelevant; they are relevant to the 2018 change in Valve's revenue share policy, an issue Valve has repeatedly raised. Accordingly, Valve has failed to show compelling reasons to seal Dkt. No. 539-35 in its entirety. However, Valve may redact personal identifying information contained in that email exchange.

Finally, Valve moves to seal a Steam Distribution Agreement ("SDA") in its entirety. *See* Dkt. No. 539-31; *see also* Dkt. Nos. 597-6; 182-18. Valve implies that the Court has already granted a motion to seal this contract. Dkt. No. 596 at 8. But based on the Court's review of the record, Judge Coughenour did not rule on whether the SDA should remain sealed before this case was transferred. *See* Dkt. No. 223 at 2–3 (explaining that because the documents before the Court were voluminous, the Court's order considered only limited documents, which did not include the SDA filed at Dkt. No. 182-18). Nor has this Court squarely addressed the issue. To support sealing, Valve incorporates paragraphs 57–58 of Scott Lynch's sealed declaration (Dkt. No. 226), in which Lynch discusses the harms that third parties and Valve could face if SDAs are disclosed. The Court agrees that game developers who signed SDAs may potentially be harmed by the disclosure, as it would reveal the terms on which they allowed Valve to distribute their games. But this antitrust case is about those terms. And Plaintiffs, a class of game developers,

opposes the SDA's sealing. Dkt. No. 596 at 2. So that is further reason to redact those terms, not to seal the entire agreement. Accordingly, Valve has not shown compelling reasons to seal the SDA in its entirety.

## 3. CONCLUSION

Accordingly, the Court GRANTS the renewed motion to seal IN PART. Dkt. No. 596. The exhibit at Dkt. No. 539-22 remains SEALED. Within FOURTEEN (14) DAYS of this order, Valve must file its proposed redacted versions of Dkt. Nos. 539-19, 539-20, 539-28, and 539-37, as well as redacted versions of Dkt. Nos. 539-24 and 539-35 that comply with this order.

The Court further DIRECTS the parties to meet and confer about potential redactions to the SDA. Dkt. No. 539-31. Within FOURTEEN (14) DAYS of this order, the Parties must file a proposed redacted version of the SDA under seal with their proposed redactions highlighted. If the Parties do not agree on redactions, they may file separate proposals. The Court will rule on the redactions.

The Clerk is DIRECTED to maintain Dkt. Nos. 539-19, 539-20, 539-22, 539-24, 539-28, 539-31, 539-35, and 539-37 under seal.

Dated this 16th day of October, 2026.

Jamal N. Whitehead
United States District Judge